UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

### AFFIDAVIT OF BRETT C. GOVETT

**STATE OF TEXAS**    }
                                } SS
**COUNTY OFDALLAS**    }

    BEFORE ME, a person authorized to take and administer oaths, personally appeared Brett C. Govett who, after being duly sworn, deposes and says:

    1.    I am over the age of 18, and otherwise *sui juris* in all respects. I make this affidavit based upon my personal knowledge.

    2.    I am lead counsel for Defendants in the case styled *GroupChatter, LLC v. AT&T Mobility, LLC and AT&T Services, Inc.*, docketed in the U.S. District Court of the Eastern District of Texas, Case No.: 18-CV-00590-JDK-KNM (the "Texas Action"). The Texas Action is a patent infringement case that has been ongoing since November 09, 2018.

    3.    On March 21, 2019, the Court set the Texas Action for trial to begin on October 19, 2020 (the "Texas Action Trial"). A true and correct copy of the Second Amended Docket Control Order [D.E. 50] is attached hereto as **Exhibit A**.

    4.    I am a lead counsel for Defendant, *Corellium, LLC* in this instant matter in the Southern District of Florida.

5. On October 3, 2019, this Court set the instant matter's trial period to being on October 13, 2020. *See*, Court's Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [D.E. 32].

6. The two trial periods conflict.

7. As a lead counsel in the instant matter, I will be unavailable for the two-week trial period of Texas Action Trial.

8. The current date for the trial on the instant matter would render it impossible for me to fulfill the trial obligations to AT&T Mobility, LLC and AT&T Services, Inc.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
BRETT C. GOVETT, Affiant

Sworn to and subscribed before me this 16th day of October, 2019, by BRETT C. GOVETT, who is personally known to me or who has produced _____ as identification.



MARY C. MULVIHILL
Notary Public, State of Texas
Notary ID 809598-2
My Commission Exp. 03-04-2022

Notary Public

My commission expires: 3-4-2022

# EXHIBIT "A" to Affidavit

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **GROUPCHATTER, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CAUSE NO. 6;18-CV-00590-JDK-KNM |
| | § | |
| **AT&T MOBILITY, LLC AND AT&T** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## SECOND AMENDED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following deadlines are in effect until further order of this Court:

| **3 DAYS after conclusion of Trial** | Parties to file Motion to Seal Trial Exhibits, if they wish to seal any highly confidential exhibits.  **EXHIBITS: See Order Regarding Exhibits below.** |
|---|---|
| **Trial Date**<br>**October 19, 2020**<br><br>**Court designated date – not flexible without good cause - Motion Required** | **9:00 a.m. JURY TRIAL before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas.**<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| **October 19, 2020**<br><br>**Court designated date – not flexible without good cause - Motion Required** | **9:00 a.m. JURY SELECTION before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas.** |
| **October 13, 2020**<br><br>**Court designated date – not flexible without good cause - Motion Required** | **9:00 a.m. PRETRIAL CONFERENCE before Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas.**<br>Discuss trial logistics and voir dire procedure. Resolve any pending motions or objections.<br>Lead trial counsel must attend the pretrial conference. |

| October 6, 2020 | File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
|---|---|
| October 6, 2020 | File Responses to Motions *in Limine*. |
| September 29, 2020 | File Motions *in Limine* and pretrial objections. <br><br> The parties are **ORDERED** to meet and confer to resolve any disputes efore filing any motion *in limine* or objection to pretrial disclosures. |
| September 29, 2020 | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**. <br><br> Parties shall use the pretrial order form on Judge Kernodle's website if trial is set before Judge Kernodle. <br><br> Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| September 22, 2020 | Exchange Objections to Rebuttal Deposition Testimony. |
| September 15, 2020 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.** <br> If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| September 15, 2020 | Exchange Rebuttal Designations and Objections to Deposition Testimony. <br> For rebuttal designations, cross examination line and page numbers to be included. <br> In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| September 1, 2020 | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof. <br> Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |

| June 24, 2020<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. HEARING ON ANY REMAINING DISPOSITIVE MOTIONS (INCLUDING *DAUBERT* MOTIONS) before Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas. |
|---|---|
| February 25, 2020<br><br>Court designated date – not flexible without good cause - Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties</u>.<br><br>**Respond to Amended Pleadings.** |
| February 18, 2020 | Parties to Identify Rebuttal Trial Witnesses. |
| February 11, 2020 | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing).<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| February 13, 2020 | Expert Discovery Deadline. |
| January 28, 2020 | Parties designate rebuttal expert witnesses (non-construction issues), rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| December 31, 2019 | Final Election of Asserted Prior Art. |
| December 19, 2019 | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information. |

| **December 13, 2019** | Fact discovery deadline. |
|---|---|
| **December 3, 2019** | Final Election of Asserted Claims. |
| **November 14, 2019** | Comply with P.R. 3-7. (Opinion of Counsel Defenses) |
| **October 24, 2019**<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* Hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. before Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas. |
| **October 10, 2019** | **P.R. 4-5(d) Chart due**.<br>The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart. |
| **October 3, 2019** | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with one (1) copy of the completed *Markman* briefing in its entirety (opening brief, response, and reply) and exhibits in a three-ring binder appropriately tabbed. All documents SHALL be double-sided and must include the CM/ECF header. These copies shall be delivered to Judge Mitchell's chambers in Texarkana as soon as briefing has completed.<br>If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound with exhibits to the advisor. |
| **September 26, 2019** | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due. |
| **September 12, 2019** | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than joint agreement among the parties.</u><br>Tutorials due. Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s). The parties shall submit |

Page **4** of **8**

| | |
|---|---|
| | one (1) copy of their tutorials to the Court. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor.<br>Preliminary Election of Asserted Prior Art. |
| **September 12, 2019** | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that an agreement could not be reached. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| **August 29, 2019** | Discovery Deadline - Claim Construction Issues.<br>Preliminary Election of Asserted Claims. |
| **August 22, 2019** | **Respond to Amended Pleadings.** |
| **August 8, 2019** | **Amended Pleadings (pre-claim construction) due from all parties, including inequitable conduct allegations**.<br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |
| **August 1, 2019** | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. <u>A maximum of 10 terms will be construed, unless parties have received other instruction from the Court.</u> If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
| **July 11, 2019** | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **July 1, 2019** | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of |

Page 5 of 8

Case 6:18-cv-00059-RSDKM Document 35-1 Filed 06/24/19 Page 6 of 28 PageID #: 870

|  | Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
|---|---|
| **No. of trial days: 7** | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

## Other Limitations

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:
    (i) The fact that there are motions for summary judgment or motions to dismiss pending;
    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) <u>Amendments to the Docket Control Order ("DCO")</u>: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that also <u>lists all remaining dates</u>. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c) <u>Indefiniteness</u>: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their Markman briefing, subject to the local rules' normal page limits.

(d) <u>Motions *in Limine*</u>: Each side is limited to one (1) motion in *limine* addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion in *limine* addressing any agreed issues. The Court views motions in *limine* as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the

prejudice with an appropriate instruction. Rulings on motions in limine do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(e) <u>Exhibits</u>: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Kernodle's website if trial is set before Judge Kernodle. The parties shall use the exhibit list sample form on Judge Mitchell's website if trial is set before Judge Mitchell.

(f) <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(g) <u>Witness Lists</u>: The parties shall use the sample form on Judge Kernodle's website if trial is set before Judge Kernodle. The parties shall use the sample form on Judge Mitchell's website if trial is set before Judge Mitchell.

## ORDER REGARDING EXHIBITS:

A. On the first day of trial, each party is required to have:

(1) One copy of their respective original exhibits on hand. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.

(2) Three hard copies of each party's exhibit list and witness list on hand.

(3) One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B. The parties shall follow the process below to admit exhibits.

(1) *On the first day of trial*, each party shall tender an "offered" list of exhibits it plans to admit into evidence that day which are NOT objected to, and read that list into the record. Parties shall entitle the list "[Plaintiff's/Defendant's] Exhibits Offered on [DATE]." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

(2) *On each subsequent day of trial*, parties shall first read into the record any exhibits that were admitted over objection from the previous day. The parties shall next tender an "offered" list of any additional exhibits NOT objected to that it plans to admit that day, and read that list into the record. The list shall be entitled "[Plaintiff's/Defendant's] Exhibits Offered on [DATE]." Finally, the parties shall tender a separate running list of all previously admitted exhibits throughout the course of trial entitled "[Plaintiff's/Defendant's] Exhibits Previously Admitted through [DATE of the most recently completed trial day]."

(3) <u>At the conclusion of evidence</u>, each party shall read any exhibit that was admitted over objection that day into the record and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits."

C. At the conclusion of evidence, each party shall be responsible for pulling those exhibits admitted at trial, whether used or not, and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:
1) A Final Exhibit List of Exhibits Admitted During Trial in Word format.

2) CD(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
3) A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

So ORDERED and SIGNED this 24th day of June, 2019.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE