# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                    Plaintiff,

    v.

CORELLIUM, LLC,

                    Defendant.

## JOINT MOTION TO EXTEND DISCOVERY MOTION DEADLINE

Plaintiff, Apple Inc. ("Apple") and Defendant Corellium, LLC ("Corellium"), jointly move for an extension of time and, in support of this request, state as follows:

1. On October 9, 2019, Apple served written discovery on Corellium. In particular, Apple served Requests for Production, Requests for Admission, and Interrogatories.

2. On November 18, 2019, Corellium served its responses to the written discovery Apple served on October 9, 2019.

3. On December 5, 2019, counsel for Apple sent a meet-and-confer letter identifying issues in Corellium's responses to Apple's written discovery.

4. On December 20, 2019, the parties had a telephonic meet and confer, during which they discussed a portion of the issues raised in Apple's December 5, 2019 letter.

5. Local Rule 26.1(g)(1) provides the deadline for the filing of motions regarding discovery disputes. As relevant here, the Rule provides that discovery motions are due "within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of

the response or objection to the discovery request that is the subject of the dispute; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials." The Rule further provides that [t]he thirty (30) day period set forth in this rule may be extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order."

6. Thirty days from the date Corellium served its responses is December 18, 2019, which is the initial due date for a motion to compel under Rule 26.1. Seven days beyond that is December 25, 2019. As December 25, 2019 is a federal holiday, December 26, 2019 is the last date by which the Local Rules would appear to allow for the filing of a motion to compel by Apple.

7. During the December 10, 2019 meet and confer between the parties, Counsel for Corellium stated that he believed that the parties were likely to materially clarify and narrow the then-existing disputes through the meet-and-confer process such that the parties had not yet reached the point where Apple would be viewed to have knowledge of a deficiency in Corellium's responses as that term is defined by Local Rule 26.1. As such, Apple represented that it would not move to compel by December 18, 2019 (the date upon which it would have otherwise moved) as Apple believed it was more efficient and effective for the Court if the parties were able to eliminate or narrow their dispute through the meet-and-confer process.

8. During the December 20, 2019 meet and confer, counsel for Corellium continued to indicate that the dispute between the parties regarding Corellium's responses would likely be materially narrowed through continued conferral. The parties also expect that, in light of the parties' discussions during that call, Corellium will amend at least some of the responses it previously provided to Apple, which would restart the timeline for a motion to compel.

9. Nevertheless, in an abundance of caution, should the due date for a motion to

compel be December 26, 2019, the parties hereby request a three-week extension for any motion to compel by Apple to Friday, January 17, 2020. Such an extension will allow the parties to continue conferring and narrowing the scope of the dispute.

**WHEREFORE** Apple and Corellium respectfully requests that the deadline for a motion to compel by Apple addressing Corellium's November 18, 2019 responses to Apple's written discovery be extended to January 17, 2020.

| | |
|---|---|
| Dated: December 26, 2019 | Respectfully Submitted, |
| Kathryn Ruemmler* | *s/ Martin B. Goldberg* |
| *kathryn.ruemmler@lw.com* | |
| Sarang Vijay Damle* | Martin B. Goldberg |
| *sy.damle@lw.com* | Florida Bar No. 0827029 |
| Elana Nightingale Dawson* | *mgoldberg@lashgoldberg.com* |
| *elana.nightingaledawson@lw.com* | *rdiaz@lashgoldberg.com* |
| LATHAM & WATKINS LLP | LASH & GOLDBERG LLP |
| 555 Eleventh Street NW, Suite 1000 | 100 Southeast Second Street |
| Washington, DC 20004 | Miami, FL 33131 |
| (202) 637-2200 / (202) 637-2201 Fax | (305) 347-4040 / (305) 347-4050 Fax |

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.