# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160**

APPLE INC.,

                  Plaintiff,

    v.

CORELLIUM, LLC,

                  Defendant.

## APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CORELLIUM, LLC

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, Apple Inc. ("Apple") submits its First Set of Requests for Production of Documents to Defendant Corellium LLC ("Corellium"). Corellium shall produce each of the Documents requested below within thirty (30) days of service, or such other time as the parties may agree, at the offices of Latham & Watkins LLP, c/o Elana Nightingale Dawson, Esq., 555 Eleventh St. N.W., Suite 1000, Washington, D.C. 20004-1304. Corellium shall timely supplement all responses to the Requests below as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.   "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

2.   "Plaintiff" means Apple.

3.   This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4.   "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5.   The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems.  Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6.   The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7.   "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

8.   "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9.   "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

10. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

11. "dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

12. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.  The scope of this term includes all comments.  To the extent Source Code is maintained in a repository in the ordinary course of business, the scope of this term includes the full repository and not any one version of the repository.

14.  "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

15. "Foreign" means any country except the United States of America.

16. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

17. Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

(a) structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

(b) activity listings of electronic mail receipts and/or transmittals;

(c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS) iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, Source Code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

(e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

(f) any and all data, data compilations, and data analyses.

18. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein; "Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

19. "Identify" means that the following information shall be provided:

a.   When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).

b.   When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.

c.   When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

d.   When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

e.   When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

20. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that

in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

21. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

23. "Any" shall be construed to mean "any and all."

24. "Including" shall be construed to mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

25. The use of the singular term of any word includes the plural and vice versa.

26. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

## **INSTRUCTIONS**

1. The requests herein cover all Documents within Your possession, custody or control, regardless of whether they are currently in Your possession, including, but not limited to, all Documents within the possession, custody, or control of persons acting on Your behalf or at Your instruction.

2.   Pursuant to Federal Rule of Civil Procedure 34(b), You are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Set of Requests.  Such Documents shall be designated as responsive to the particular Request as designated herein.  Documents are to be produced in full and unexpurgated form.

3.   This Set of Requests is continuing so as to require further and supplemental production by You in the event You obtain or discover additional Documents between the time of initial response and the time of hearing or trial.  Fed. R. Civ. P. 26(e).

4.   All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.  All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.).

5.   If any Document covered by this Set of Requests is withheld by reason of a claim of privilege (including work product immunity), You shall furnish a list within 30 days identifying for each withheld Document: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of Document withheld, (3) the general subject matter of the Document, (4) the date of the Documents and (5) such other information as is sufficient to Identify any withheld material, including, where applicable, the author(s) or source(s) of any Document, the addressee(s) and recipient(s) of any Document, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

6.   In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the design, structure, and operation of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show how the Corellium Apple Product downloads one or more iOS firmware files and loads it onto a Virtual Device.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show how the Corellium Apple Product creates one or more copies of an iOS firmware file and loads it onto a Virtual Device.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any modifications the Corellium Apple Product makes to a copy of iOS in order to create or modify a Virtual Device.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents referring to, describing, evidencing, or showing any Security Measures in iOS, iOS Devices, or any other Apple products.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents describing, evidencing, showing, or referring to the actions performed by Corellium, Corellium's users or customers, or the Corellium Apple Product that bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple product.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to the functionality and design of all hardware used by, or in conjunction with, the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and register-transfer level (e.g., Verilog or VHDL) Source Code.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to the functionality and design of all software developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to the functionality and design of all firmware developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to the design and development of the Corellium Apple Product, including but not limited to notebooks, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to the architecture and structure of the Corellium Apple Product, including but not limited to network diagrams, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents comprising or relating to any testing or analysis of the Corellium Apple Product or any associated hardware at any stage (including development, production, and post-production).

**REQUEST FOR PRODUCTION NO. 13:**

All Documents related to any third-party testing, analysis, performance, examination, assessment, and/or evaluation of the Corellium Apple Product or any associated hardware.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to or referring to design or performance specification for the Corellium Apple Product requested or required by Corellium, Corellium's customers, or Corellium's potential customers.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the system architecture of all private installations of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the system architecture of any cloud-based version of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to Identify each Corellium Apple Product, including all internal and external product names used by Corellium or its employees to refer to the Corellium Apple Product, or any components thereof, including as used in communications with Corellium's customers or potential customers.

**REQUEST FOR PRODUCTION NO. 18:**

All user manuals, user guides, instruction manuals, installation manuals, operation manuals, training manuals, frequently asked questions, summaries, or other documentation directed to users or customers of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to any training or instruction in the use of the Corellium Apple Product, whether internal or external, including but not limited to user guides, user manuals, setup guides, troubleshooting references, frequently asked questions, and sales guides.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to Your obtaining any of Apple's products, including but not limited to Your acquisition of one or more dev-fused iPhones.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications relating to Your use, study, evaluation, or analysis of any Apple products, including but not limited to dev-fused iPhones.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents related to Your extracting information from, reverse engineering, deconstructing, or in any way determining, or attempting to extract information from, reverse engineer, deconstruct, or in any way determine, the functionality of any materials or products that originated from or were supplied by Apple, including but not limited to developer's notes and other documents developed in the reverse engineering of iOS Devices.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents related to Your altering, modifying, or otherwise creating any derivative works as a result of reverse engineering Apple products.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents referring to, relating to, or constituting any license, agreement, contract, or covenant (whether written or oral) to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof, or any technology in the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents referring to, relating to, or constituting any compensation (e.g., running royalties, lump sum payments, stock, equity) received or paid under any license, agreement, contract or covenant to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents constituting, referring to, or relating to licenses, sale rights, or use rights granted by Corellium to any Person which refer or relate to the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents constituting, containing, or relating to agreements by or on behalf of any Person, to indemnify or hold harmless for liability arising out of claims or accusations of copyright infringement.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents constituting, containing, or relating to any insurance policies under which an insurance business may be liable to satisfy all or part of any judgment in this Action or to indemnify or reimburse for payments made to satisfy the judgment in this Action, including but not limited to Corellium's agreement with First Community Insurance Company, Business Owners Policy, Policy No. 09 0005813592 6 00.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents referring or relating to any request for, or negotiation of, an indemnification for copyright infringement.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing any of Your intellectual property rights.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing other parties' intellectual property rights, responding to third party licensing offers, or responding to notices of infringement.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to any intellectual property in which Corellium has rights.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to Identify all customers of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications between Corellium and customers, potential customers, or users of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with customers, potential customers, or third parties regarding private installations of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the locations of all private installations of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications with customers, potential customers, or third parties regarding any cloud-based version of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications between Corellium and any Foreign government entity, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications between Corellium and any Foreign Person, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**REQUEST FOR PRODUCTION NO. 40:**

All Communications between Corellium and Azimuth Security, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents constituting, containing, or relating to agreements between Corellium and Azimuth Security.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show the countries to which Corellium has made sales or anticipates making sales of the Corellium Apple Product or licenses thereof.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents referring or relating to sales of the Corellium Apple Product to customers.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify, for each customer of the Corellium Apple Product, the product or license sold, the date of sale, the amount of sale, and the number of units sold.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show the number of sales of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the price of each sale of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show the number of sales of licenses to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show the price of each sale for each license to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show Corellium's gross revenues, total licenses or copies sold, average billed sales price, total costs of goods sold, average costs of goods sold, total gross profit margin, total net profit margins, variable and fixed costs, and allocated costs since the formation of Corellium on a quarterly or more frequent basis.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the amount of money Corellium has spent on research and development of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show Corellium's pricing policies, approaches, and/or strategies for the Corellium Apple Product from the formation of Corellium to present.

**REQUEST FOR PRODUCTION NO. 52:**

All documents comprising or relating to Corellium's business plans, strategic plans, development and sales plans, and forecasts from the formation of Corellium to present.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents relating to revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated).

**REQUEST FOR PRODUCTION NO. 54:**

All marketing, sales, and/or promotional Documents and materials relating to the Corellium Apple Product or iOS virtualization technology, including without limitation webpages, promotional videos, press releases, brochures, conference presentations, conference posters, trade show materials, and all drafts thereof.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents concerning efforts by Corellium or those acting on behalf of Corellium, to sell, license, promote, market, distribute, or otherwise exploit (commercially or otherwise) the Corellium Apple Product or iOS virtualization technology.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents relating to or referring to any presentations by Corellium at any conference.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Tencent Security Conference.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Black Hat USA Conference.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to or referring to Corellium's presentation or other activity at the 2019 Black Hat USA Conference.

**REQUEST FOR PRODUCTION NO. 60:**

All disclosures, including without limitation presentations, Corellium has made or given to third parties about its products or technology.

**REQUEST FOR PRODUCTION NO. 61:**

All analyses of the Corellium Apple Product relative to any other product.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents prepared for, given to, or provided to customers or potential customers of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents given, provided, or shown to investors or potential investors in Corellium.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents comparing or contrasting the Corellium Apple Product with any Apple technology, product, or service, including without limitation any competitive analysis or any comparison of any structure, function, operation, advantage, disadvantage, or capabilities.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents relating to, describing, or concerning this Action, Apple, Apple's copyrights, or Apple's intellectual property.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws in iOS of which Corellium or its employees currently are, or have ever been, aware.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents concerning, referring to, or relating to any activities undertaken by Corellium as a result of this Action.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to each instance where a customer has asked You to replicate any aspect, functionality, method, or process of an Apple product.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents relating to or comprising Communications between Corellium and any investor, potential investor, customer, potential customer, or third party regarding Apple, iOS, this Action, or the anticipation of any copyright litigation.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents comprising or relating to any compliments, complaints, expressions of concern, satisfaction, or dissatisfaction by purchasers, users, potential or actual customers, industry associations or organizations, or government agencies concerning the Corellium Apple Product, including but not limited to any comparisons or contrasts with Apple's products or services.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents relating to Communications, including all Communications, between Corellium and Apple.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents relating to any oral and/or written statement that Corellium's users and/or customers were, are, or may or may not be infringing Apple's copyrighted works.

**REQUEST FOR PRODUCTION NO. 74:**

Documents sufficient to show the time and circumstances under which Corellium first became aware of Apple's copyrights.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to Identify any Person involved in developing, producing, selling, installing, testing, or troubleshooting the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to Identify Corellium's directors and officers.

**REQUEST FOR PRODUCTION NO. 77:**

Corellium's personnel rosters and organizational charts.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show the forms of any confidentiality agreements signed by Corellium employees.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents, including reports, minutes, presentations, and/or memoranda generated for, or as a result of, any Corellium business strategy meetings, conferences, or determinations.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents relating to any offers to acquire Corellium or negotiations regarding any potential acquisition.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents relating to grants Corellium has applied for or received.

**REQUEST FOR PRODUCTION NO. 82:**

Documents sufficient to show the forms of any confidentiality agreements signed by Corellium customers or users.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to show any limits imposed, or attempted to be imposed, by Corellium on access to, or control of, the distribution of its business information.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents referring or relating to any Document preservation and/or Document destruction policies or activities.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents on which You intend to rely at any hearing or at trial in this Action.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents relating to Corellium's affirmative defenses, if any, asserted in this Action.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents produced by any third party in response to any subpoena You serve in this Action.

Dated:  October 9, 2019                    Respectfully submitted,

By:     */s/ Martin B. Goldberg*
        Martin B. Goldberg
        Florida Bar No. 0827029
        *mgoldberg@lashgoldberg.com*
        *rdiaz@lashgoldberg.com*
        LASH & GOLDBERG LLP
        100 Southeast Second Street
        Miami, FL  33131
        (305) 347-4040 / (305) 347-4050 Fax

        Kathryn Ruemmler (*pro hac vice*)
        *kathryn.ruemmler@lw.com*
        Sarang Vijay Damle (*pro hac vice*)
        *sy.damle@lw.com*
        Elana Nightingale Dawson (*pro hac vice*)
        *elana.nightingaledawson@lw.com*
        LATHAM & WATKINS LLP
        555 Eleventh Street NW, Suite 1000
        Washington, DC 20004
        (202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina (*pro hac vice*)
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Attorneys for Plaintiff*
APPLE INC.