# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160

APPLE INC.,

       *Plaintiff*,

   v.

CORELLIUM, LLC,

       *Defendant*.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Corellium, LLC ("Corellium"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby responds to Plaintiff Apple Inc.'s ("Apple") First Set of Request for Production of Documents.

Dated: November 18, 2019

Respectfully submitted,

<u>s/ *Justin Levine*</u>
Jonathan Vine
Florida Bar No. 10966
jonathan.vine@csklegal.com
Justin Levine
justin.levine@csklegal.com
Florida Bar No. 106463
Lizza Constantine
lizza.constantine@csklegal.com
Florida Bar No. 1002945

COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9222
Facsimile: (561) 683-8977

and

- 1 -

Brett Govett, *Pro hac vice*
brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
jackie.baker@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave.
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

*Attorneys for Corellium, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2019, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

 */s/ Justin Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)

andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**CORELLIUM'S OBJECTIONS AND RESPONSES**
**TO APPLE'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show the design, structure, and operation of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this Request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 2:**  Documents sufficient to show how the Corellium Apple Product downloads one or more iOS firmware files and loads it onto a Virtual Device.

> **RESPONSE:** Corellium objects to this Request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 3:**  Documents sufficient to show how the Corellium Apple Product creates one or more copies of an iOS firmware file and loads it onto a Virtual Device.

> **RESPONSE:** Corellium objects to this Request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Moreover, Corellium objects to the extent the request implies that Corellium "copies" an iOS file.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 4:**  Documents sufficient to show any modifications the Corellium Apple Product makes to a copy of iOS in order to create or modify a Virtual Device.

**RESPONSE:** Corellium objects to this Request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 5:** All Documents referring to, describing, evidencing, or showing any Security Measures in iOS, iOS Devices, or any other Apple products.

**RESPONSE:** This Request seeks materials that Apple maintains in its possession, custody, and control.

Notwithstanding the foregoing objections, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 6:** All Documents describing, evidencing, showing, or referring to the actions performed by Corellium, Corellium's users or customers, or the Corellium Apple Product that bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple product.

**RESPONSE:** Corellium objects to the characterization of bypassing a Security Measure in this request. Specifically, Corellium's product enables the identification of vulnerabilities.

Notwithstanding the foregoing objections, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to the functionality and design of all hardware used by, or in conjunction with, the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and register-transfer level (e.g., Verilog or VHDL) Source Code.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business and product. Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if

any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 8:**  All Documents relating to the functionality and design of all software developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

> **RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Moreover, this request is overbroad and not proportional to the needs of this case as it plainly encompasses all of Corellium's software and/or products, which is outside the scope of the allegation alleged in Apple's Complaint.

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 9:**  All Documents relating to the functionality and design of all firmware developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

> **RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business and product.  Moreover, this request is overbroad and not proportional to the needs of this case as it plainly encompasses all of Corellium's software and/or products, which is outside the scope of the allegation alleged in Apple's Complaint.

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 10:**  All Documents relating to the design and development of the Corellium Apple Product, including but not limited to notebooks, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

> **RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 11:**  All Documents relating to the architecture and structure of the Corellium Apple Product, including but not limited to network diagrams, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

> **RESPONSE:**  Corellium objects to this request as it is vague and ambiguous. Specifically, it is unclear what "architecture" entails as it is undefined, and as such, Corellium cannot assert further objections to this request. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 12:**  All Documents comprising or relating to any testing or analysis of the Corellium Apple Product or any associated hardware at any stage (including development, production, and post- production).

> **RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 13:**  All Documents related to any third-party testing, analysis, performance, examination, assessment, and/or evaluation of the Corellium Apple Product or any associated hardware.

> **RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 14:**  All Documents relating to or referring to design or performance specification for the Corellium Apple Product requested or required by Corellium, Corellium's customers, or Corellium's potential customers.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a request is overbroad and not narrowly tailored to the facts and circumstances allegedly giving rise to Apple's lawsuit against Corellium.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show the system architecture of all private installations of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 16:** Documents sufficient to show the system architecture of any cloud-based version of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business.  Moreover, Corellium objects to this request as it is vague and ambiguous. Specifically, it is unclear what "system architecture" entails as it is undefined, and as such, Corellium cannot assert further objections to this request.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to Identify each Corellium Apple Product, including all internal and external product names used by Corellium or its

employees to refer to the Corellium Apple Product, or any components thereof, including as used in communications with Corellium's customers or potential customers.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a request is overbroad and not narrowly tailored to the facts and circumstances allegedly giving rise to Apple's lawsuit against Corellium.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 18:** All user manuals, user guides, instruction manuals, installation manuals, operation manuals, training manuals, frequently asked questions, summaries, or other documentation directed to users or customers of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Moreover, Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a request is overbroad and not narrowly tailored to the facts and circumstances of this case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 19:** All Documents relating to any training or instruction in the use of the Corellium Apple Product, whether internal or external, including but not limited to user guides, user manuals, setup guides, troubleshooting references, frequently asked questions, and sales guides.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if

any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and Communications relating to Your obtaining any of Apple's products, including but not limited to Your acquisition of one or more dev-fused iPhones.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.  Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1].

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and Communications relating to Your use, study, evaluation, or analysis of any Apple products, including but not limited to dev-fused iPhones.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1].

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 22:** All Documents related to Your extracting information from, reverse engineering, deconstructing, or in any way determining, or attempting to extract information from, reverse engineer, deconstruct, or in any way determine, the functionality of any materials or products that originated from or were supplied by Apple, including but not limited to developer's notes and other documents developed in the reverse engineering of iOS Devices.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Moreover, Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 23:** All Documents related to Your altering, modifying, or otherwise creating any derivative works as a result of reverse engineering Apple products.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Moreover, Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 24:** All Documents referring to, relating to, or constituting any license, agreement, contract, or covenant (whether written or oral) to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof, or any technology in the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Moreover, Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1].

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 25:** All Documents referring to, relating to, or constituting any compensation (e.g., running royalties, lump sum payments, stock, equity) received or paid under any license, agreement, contract or covenant to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1].

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 26:** All Documents constituting, referring to, or relating to licenses, sale rights, or use rights granted by Corellium to any Person which refer or relate to the Corellium Apple Product.

**RESPONSE:** Defendant objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Corellium has not licensed its product to any person or entity. Therefore, there are no documents responsive to this request related to licensing.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 27:** All Documents constituting, containing, or relating to agreements by or on behalf of any Person, to indemnify or hold harmless for liability arising out of claims or accusations of copyright infringement.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, and not proportional to the needs of the case. Specifically, this request seeks information unrelated to the "straightforward" allegations in the Complaint. Such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 28:** All Documents constituting, containing, or relating to any insurance policies under which an insurance business may be liable to satisfy all or part of

any judgment in this Action or to indemnify or reimburse for payments made to satisfy the judgment in this Action, including but not limited to Corellium's agreement with First Community Insurance Company, Business Owners Policy, Policy No. 09 0005813592 6 00.

> **RESPONSE:**  Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 29:**  All Documents referring or relating to any request for, or negotiation of, an indemnification for copyright infringement.

> **RESPONSE:**  Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 30:**  All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing any of Your intellectual property rights.

> **RESPONSE:**  Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, and not proportional to the needs of the case.  Specifically, this request seeks information related to aspects of Corellium's business that are unrelated to Apple's "straightforward case" of copyright infringement.  *See* Complaint ¶ 1 [D.E. 1].  Such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 31:**  All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing other parties' intellectual property rights, responding to third party licensing offers, or responding to notices of infringement.

> **RESPONSE:**  Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, and not proportional to the needs of the case.  Specifically, this request seeks information related to aspects of Corellium's business that are unrelated to Apple's "straightforward case" of copyright infringement.  *See* Complaint ¶ 1 [D.E. 1].  Such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.  Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 32:** All Documents relating to any intellectual property in which Corellium has rights.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and all of its intellectual property which is entirely unrelated to the allegations in the Complaint and Apple. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to identify all customers of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Corellium also objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and contracts with third parties who use Corellium's product. Furthermore, identification of Corellium's customers does not go to establishing any element of Apple's claims against Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 34:** All Communications between Corellium and customers, potential customers, or users of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and communications with third parties which is unrelated to the allegations in the Complaint and Apple. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 35:** All Communications with customers, potential customers, or third parties regarding private installations of the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and communications with third parties which is unrelated to the allegations in the Complaint and Apple. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 36:** Documents sufficient to show the locations of all private installations of the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and communications with third parties which is unrelated to the allegations in the Complaint and Apple. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 37:** All Communications with customers, potential customers, or third parties regarding any cloud-based version of the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern

copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 38:** All Communications between Corellium and any Foreign government entity, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 39:** All Communications between Corellium and any Foreign Person, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 40:** All Communications between Corellium and Azimuth Security, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks "all" information and communications between Corellium and one of its customers, which is overbroad on its face and not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 41:** All Documents constituting, containing, or relating to agreements between Corellium and Azimuth Security.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks "all" materials "relating to agreements" between Corellium and one of its customers, which is overbroad and not proportional to the needs of this case. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 42:** Documents sufficient to show the countries to which Corellium has made sales or anticipates making sales of the Corellium Apple Product or licenses thereof.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Corellium's business strategy, including where and its projections and forecast of sales it anticipates are quintessential trade secret materials. Corellium also objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and contracts with third parties which is unrelated to the allegations in the Complaint and

Apple. Furthermore, identification of where Corellium's has made sales or anticipates making sales to customers does not go to establishing any element of Apple's claims against Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 43:**  All Documents referring or relating to sales of the Corellium Apple Product to customers.

**RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 44:**  Documents sufficient to identify, for each customer of the Corellium Apple Product, the product or license sold, the date of sale, the amount of sale, and the number of units sold.

**RESPONSE:**  Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium's customer list a quintessential trade secret material.  Corellium also objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and contracts with third parties which is unrelated to the allegations in the Complaint and Apple.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 45:**  Documents sufficient to show the number of sales of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 46:**  Documents sufficient to show the price of each sale of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Specifically, this request seeks information related to other aspects of Corellium's business, which are irrelevant to Apple's claims.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 47:**  Documents sufficient to show the number of sales of licenses to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Specifically, this request seeks information related to other aspects of Corellium's business, which are irrelevant to Apple's claims.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 48:**  Documents sufficient to show the price of each sale for each license to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium.  Corellium objects

to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Specifically, this request seeks information related to other aspects of Corellium's business, which are irrelevant to Apple's claims.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 49:** Documents sufficient to show Corellium's gross revenues, total licenses or copies sold, average billed sales price, total costs of goods sold, average costs of goods sold, total gross profit margin, total net profit margins, variable and fixed costs, and allocated costs since the formation of Corellium on a quarterly or more frequent basis.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential and/or trade secret information of Corellium. Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 50:** Documents sufficient to show the amount of money Corellium has spent on research and development of the Corellium Apple Product.

**RESPONSE:** Corellium also objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and contracts with third parties which are unrelated to the allegations in the Complaint and Apple.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 51:** Documents sufficient to show Corellium's pricing policies, approaches, and/or strategies for the Corellium Apple Product from the formation of Corellium to present.

**RESPONSE:** Corellium objects to this request as it is harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's business strategy meetings, conferences, and determinations are quintessential trade secret and confidential business information which

is unrelated to Apple's claims in its Complaint. Moreover, Corellium's business plans, its strategic plans, development and sales plans, and forecast since its formation is highly sensitive confidential, proprietary, and trade secret information. Furthermore, none of Corellium's business plans, its strategic plans, development and sales plans, and forecast has anything to do with this lawsuit or Apple's allegation of copyright infringement. The Request is so extraordinarily burdensome it appears designed solely to harass and needlessly increase the cost of this litigation, in violation of Rules 11(a) and 26(b)(1) of the Federal Rules of Civil Procedure. Given the complete lack of relevance of the great majority of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 52:**  All documents comprising or relating to Corellium's business plans, strategic plans, development and sales plans, and forecasts from the formation of Corellium to present.

**RESPONSE:**  Corellium objects to this request as it is harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's business strategy meetings, conferences, and determinations are quintessential trade secret and confidential business information which is unrelated to Apple's claims in its Complaint.  Moreover, Corellium's business plans, its strategic plans, development and sales plans, and forecast since its formation is highly sensitive confidential, proprietary, and trade secret information. Furthermore, none of Corellium's business plans, its strategic plans, development and sales plans, and forecast has anything to do with this lawsuit or Apple's allegation of copyright infringement. The Request is so extraordinarily burdensome it appears designed solely to harass and needlessly increase the cost of this litigation, in violation of Rules 11(a) and 26(b)(1) of the Federal Rules of Civil Procedure. Given the complete lack of relevance of the great majority of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 53:**  All Documents relating to revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated).

> **RESPONSE:**  Corellium objects to this request as it is harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's business strategy meetings, conferences, and determinations are quintessential trade secret and confidential business information. Moreover, Corellium's revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated) are highly sensitive confidential, proprietary, and trade secret information. Furthermore, none of Corellium's business plans, its strategic plans, development and sales plans, and forecast has anything to do with this lawsuit or Apple's allegation of copyright infringement.  The Request is so extraordinarily burdensome it appears designed solely to harass and needlessly increase the cost of this litigation, in violation of Rules 11(a) and 26(b)(1) of the Federal Rules of Civil Procedure. Given the complete lack of relevance of the great majority of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 54:**  All marketing, sales, and/or promotional Documents and materials relating to the Corellium Apple Product or iOS virtualization technology, including without limitation webpages, promotional videos, press releases, brochures, conference presentations, conference posters, trade show materials, and all drafts thereof.

> **RESPONSE:**  Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case.  Specifically, this request seeks information related to other aspects of Corellium's business which are irrelevant to Apple's claims.

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 55:**  All Documents concerning efforts by Corellium or those acting on behalf of Corellium, to sell, license, promote, market, distribute, or otherwise exploit (commercially or otherwise) the Corellium Apple Product or iOS virtualization technology.

> **RESPONSE:**  Corellium objects to this request to the extent it is vague, overbroad in scope and not proportional to the needs of the case.  Specifically, the request is vague as it is

unclear what Apple means by the phrase "otherwise exploit (commercially or other)" and as such, Corellium cannot assert further objections.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 56:** All Documents relating to or referring to any presentations by Corellium at any conference.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and time and not proportional to the needs of the case. Specifically, the request is unlimited in time and scope and essentially requests Corellium to produce every presentation it has every presented at any conference. Such a broad request is not proportional to the needs of this case.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 57:** All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Tencent Security Conference.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad, unduly burdensome, and seeks production of irrelevant materials that are neither calculated to lead to the discovery of admissible evidence nor related to the parties' claims and defenses.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 58:** All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Black Hat USA Conference.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad, unduly burdensome, and seeks production of irrelevant materials that are neither calculated to lead to the discovery of admissible evidence nor related to the parties' claims and defenses.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 59:** All Documents relating to or referring to Corellium's presentation or other activity at the 2019 Black Hat USA Conference.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad, unduly burdensome, and seeks production of irrelevant materials that are neither calculated to lead to the discovery of admissible evidence nor related to the parties' claims and defenses.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 60:** All disclosures, including without limitation presentations, Corellium has made or given to third parties about its products or technology.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and time and not proportional to the needs of the case. Specifically, the request is unlimited in time and scope and essentially seeks Corellium to produce every presentation it has every gave to third parties about its products or technology.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court. In addition, and subject to the foregoing, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 61:** All analyses of the Corellium Apple Product relative to any other product.

**RESPONSE:** Defendant objects to this request on the basis that it is vague, overbroad and seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the term "analyses" is undefined and even assuming Corellium understood what "analyses" Apple was referring to in this request, the request is overbroad as it is not limited to Apple products. Moreover, this Request seeks disclosure of proprietary, confidential and/or trade secret information of Defendant.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 62:** All Documents prepared for, given to, or provided to customers or potential customers of the Corellium Apple Product.

**RESPONSE:** Defendant objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, documents provided to or shown to Corellium's customers, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Moreover, this Request seeks disclosure of proprietary, confidential and/or trade secret information of Defendant.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 63:** All Documents given, provided, or shown to investors or potential investors in Corellium.

> **RESPONSE:** Defendant objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, documents provided to or shown to Corellium's investors, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Moreover, this Request seeks disclosure of proprietary, confidential and/or trade secret information of Defendant. The identities of all potential investors in Corellium, all communications with such potential investors and all materials provided to said potential investors are extremely confidential and commercially sensitive.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 64:** All Documents comparing or contrasting the Corellium Apple Product with any Apple technology, product, or service, including without limitation any competitive analysis or any comparison of any structure, function, operation, advantage, disadvantage, or capabilities.

> **RESPONSE:** Defendant objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents this Request seeks are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Moreover, this Request seeks disclosure of proprietary, confidential and/or trade secret information of Defendant.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 65:** All Documents relating to, describing, or concerning this Action, Apple, Apple's copyrights, or Apple's intellectual property.

> **RESPONSE:** Corellium objects as this Request is overbroad in scope and not proportional to the needs of this case. Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. More particularly, this request is not limited in time or scope and essentially encompasses every document Apple and this Action since the beginning of time. Such a broad request is simply not proportional to the

needs of this case and not narrowly tailored to its issues.  In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

**REQUEST FOR PRODUCTION NO. 66:**  All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of the Corellium Apple Product.

> **RESPONSE:**  Corellium objects as this Request is overbroad in scope and not proportional to the needs of this case. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business and product.  In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, Corellium refers Apple to Corellium's Answer, Affirmative Defenses, and Counterclaims [ECF Nos. 41, 42].

**REQUEST FOR PRODUCTION NO. 67:**  All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws in iOS of which Corellium or its employees currently are, or have ever been, aware.

> **RESPONSE:**  Corellium objects as this Request is overbroad in scope and not proportional to the needs of this case. Moreover, Corellium objects to producing documents regarding bugs, exploits, or vulnerabilities, or other software flaws that it is currently aware of as Apple seeks the disclosure of proprietary, confidential and/or trade secret information of Defendant. In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.
>
> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.  In addition, Corellium refers Apple to Corellium's Answer, Affirmative Defenses, and Counterclaims [ECF Nos. 41, 42].

**REQUEST FOR PRODUCTION NO. 68:**  All Documents concerning, referring to, or relating to any activities undertaken by Corellium as a result of this Action.

> **RESPONSE:**  Corellium objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's mental impressions or other representative concerning its strategy in this litigation.  In addition, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit.

**REQUEST FOR PRODUCTION NO. 69:** All Documents relating to each instance where a customer has asked You to replicate any aspect, functionality, method, or process of an Apple product.

>**RESPONSE:** Corellium objects to this request to the extent it is overbroad in time and scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers regarding every minute inquiry. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

>Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 70:** All Documents relating to or comprising Communications between Corellium and any investor, potential investor, customer, potential customer, or third party regarding Apple, iOS, this Action, or the anticipation of any copyright litigation.

>**RESPONSE:** Defendant objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this request as it seeks proprietary, confidential and/or trade secret information of Corellium. Indeed, the identities of all potential investors in Corellium, all communications with such potential investors and all materials provided to said potential investors are extremely confidential and commercially sensitive. In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

>Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 71:** All Documents comprising or relating to any compliments, complaints, expressions of concern, satisfaction, or dissatisfaction by purchasers, users, potential or actual customers, industry associations or organizations, or government agencies concerning the Corellium Apple Product, including but not limited to any comparisons or contrasts with Apple's products or services.

**RESPONSE:**  Corellium objects to this request to the extent it is overbroad in time and scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 72:** All  Documents  relating  to  Communications, including all Communications, between Corellium and Apple.

**RESPONSE:**  Corellium  objects  that  the  request  for  "all  documents  relating  to Communications" is overbroad and unduly burdensome.  In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 73:** All Documents relating to any oral and/or written statement that Corellium's users and/or customers were, are, or may or may not be infringing Apple's copyrighted works.

**RESPONSE:**  Corellium objects to this request as it is vague and ambiguous and as such, Corellium cannot assert further objections. Specifically, the request is unclear what "copyrighted works" Apple is referring to in this request. Additionally, the request is overbroad as it is unlimited in time and scope.  In addition, Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 74:** Documents  sufficient  to  show  the  time  and circumstances under which Corellium first became aware of Apple's copyrights.

**RESPONSE:**  Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

Without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 75:** Documents sufficient to Identify any Person involved in developing, producing, selling, installing, testing, or troubleshooting the Corellium Apple Product.

**RESPONSE:**  Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 76:** Documents sufficient to Identify Corellium's directors and officers.

**RESPONSE:**  Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, who Corellium's directors and officers are does not go to establishing any element of Apple's claims.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 77:** Corellium's personnel rosters and organizational charts.

**RESPONSE:**  Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, who Corellium's personnel have not subjected themselves to an interrogation or investigation by Apple by virtue of their employment with Corellium. Moreover, Corellium's personnel rosters and organization charts do not go to establishing any element of Apple's claims against Corellium.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if

any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 78:** Documents sufficient to show the forms of any confidentiality agreements signed by Corellium employees.

> **RESPONSE:** Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, whether Corellium's employees have signed a confidentiality agreement is not relevant to establishing any element of Apple's copyrights infringement claims against Corellium.

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 79:** All Documents, including reports, minutes, presentations, and/or memoranda generated for, or as a result of, any Corellium business strategy meetings, conferences, or determinations.

> **RESPONSE:** Corellium objects to this request as it is overbroad harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's minutes, presentations, reports and/or memoranda generated for business strategy meetings and conferences are quintessential trade secret and confidential business information which is unrelated to Apple's claims in its Complaint. Moreover, this request goes to no element of Apple's claims against Corellium. The request is so extraordinarily overbroad it appears designed solely to harass and needlessly increase the cost of this litigation, in violation of Rules 11(a) and 26(b)(1) of the Federal Rules of Civil Procedure. Given the complete lack of relevance of the great majority of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

> Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 80:** All Documents relating to any offers to acquire Corellium or negotiations regarding any potential acquisition.

> **RESPONSE:** Corellium objects to this request as it is overboard, harassing, and not proportional to the needs of this case. Initially, this request is overboard, irrelevant, and not proportional to the needs of the case as it is unrelated to the claims and issues raised in

the Complaint against Corellium. Indeed, if a third-party company offered to acquire Corellium that is entirely irrelevant and goes to no element of Apple's copyright infringement claim.

On January 25, 2018. Corellium and Apple entered into a Confidentiality Agreement for Possible Transaction (the "Non-Disclosure Agreement") to purchase Corellium. Subject to the terms of the Non-Disclosure Agreement and any protective order agreed to by the parties and entered by the Court in this matter, Corellium will produce responsive non-privileged documents regarding its offer and negotiations regarding a potential acquisition by Apple.

**REQUEST FOR PRODUCTION NO. 81:** All Documents relating to grants Corellium has applied for or received.

**RESPONSE:** Corellium objects to this request as it is overboard, harassing, and not proportional to the needs of this case. Initially, this request is overbroad, irrelevant, and not proportional to the needs of the case as it is unrelated to the claims and issues raised in the Complaint against Corellium.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 82:** Documents sufficient to show the forms of any confidentiality agreements signed by Corellium customers or users.

**RESPONSE:** Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, whether Corellium's customers have signed a confidentiality agreement is not relevant to establishing any element of Apple's copyrights infringement claims against Corellium.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 83:** Documents sufficient to show any limits imposed, or attempted to be imposed, by Corellium on access to, or control of, the distribution of its business information.

**RESPONSE:** Corellium objects to this request as it is overboard, vague, and not proportional to the needs of this case. Initially, this request is overbroad and not proportional to the needs of the case as it is unrelated to the claims and issues raised in the Complaint against Corellium. Moreover, the request is vague as it is unclear what Apple means by the phrase "distribution of its business information." Moreover, Corellium

objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business and product.

Notwithstanding the foregoing objections, and without waiving any applicable privilege and protection doctrines, Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 84:** All Documents referring or relating to any Document preservation and/or Document destruction policies or activities.

**RESPONSE:** Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines.

Notwithstanding the foregoing objection and without waiving any applicable privilege and protection doctrines Corellium will produce non-privileged responsive documents, if any, after a confidentiality and protective order is agreed to by the Parties and entered by the Court.

**REQUEST FOR PRODUCTION NO. 85:** All Documents on which You intend to rely at any hearing or at trial in this Action.

**RESPONSE:** Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines. In addition, Corellium objects as this Request is an improper fishing expedition.

**REQUEST FOR PRODUCTION NO. 86:** All Documents relating to Corellium's affirmative defenses, if any, asserted in this Action.

**RESPONSE:** Corellium objects to the extent this Request seeks documents protected by the attorney-client privilege and work-product protection doctrines. In addition, Corellium objects that this Request is an improper fishing expedition.

**REQUEST FOR PRODUCTION NO. 87:** All Documents produced by any third party in response to any subpoena You serve in this Action.

**RESPONSE:** At this time, there are no documents responsive to this request. However, as discovery is ongoing, Corellium expressly reserves the right to amend this response at a later time.