Last UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

| | |
|---|---|
| APPLE INC., <br><br>          Plaintiff, <br><br> v. <br><br> CORELLIUM, LLC, <br><br>          Defendant. | |

**PLAINTIFF APPLE INC.'S MOTION TO FILE
UNDER SEAL APPLE INC.'S MOTION TO COMPEL
DEFENDANT CORELLIUM, LLC TO PROVIDE COMPLETE
RESPONSES TO INTERROGATORIES AND ATTACHED EXHIBITS**

Plaintiff, Apple Inc. ("Apple"), by and through undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of Apple's Motion to Compel Defendant Corellium, LLC to Provide Complete Responses to Interrogatories (the "Motion to Compel") and Exhibit B (Corellium's Responses to Apple's First Set of Interrogatories), Exhibit C (Dec. 5, 2019 Letter from Apple to Corellium), and Exhibit F (Jan. 8, 2020 Letter from Corellium to Apple) to that Motion. In support of this request, Apple states as follows:

1. On December 13, 2019, the Court entered a Stipulated Confidentiality and Protective Order, ECF No. 50 (the "Protective Order"). The Protective Order permits the parties to designate Protected Material pursuant to Protective Order ¶ 7, and further provides that "[a]ny Party is authorized under Rule 5.4 of the Southern District of Florida Local Rules to file under seal with

the Court any brief, document or materials that are designated as Protected Material under this Order." Protective Order ¶ 15(b).

2. On November 18, 2019, Corellium, LLC ("Corellium," and, together with Apple, the "Parties") served its answers to Apple's first set of interrogatories (the "Interrogatory Responses"), which are the subject of the Motion to Compel. As such, the Motion itself references information contained in the Interrogatory Responses as does the Parties' correspondence regarding those Responses, which is contained in Exhibits C and F. Corellium designated the entirety of its Interrogatory Responses as "Confidential – Attorneys' Eyes Only" ("AEO"). As a result, Exhibit B (the Interrogatory Responses), along with the related filings referring thereto (the Motion to Compel, along with Exhibits C and F thereto) contain information that has Corellium's AEO designation.

3. To date, Corellium has not served any updated responses to Apple's first set of interrogatories. Apple anticipates the vast majority of what Corellium designated as AEO in the Interrogatory Responses—including Corellium's objections to the propounded interrogatories—does not qualify for such designation because it does not "contain[] or reflect[] information that is extremely confidential and/or sensitive in nature and . . . likely to cause economic harm or significant competitive disadvantage to the Producing Party." Protective Order ¶ 9(a).

4. On or about December 10, 2019, Apple asked Corellium to de-designate at least the portion of Corellium's Interrogatory Responses that constituted objections, as there was no basis, in Apple's view, for a legal objection to be designated AEO. Corellium stated it would consider this request, but did not thereafter modify its designations.

5. On January 13, 2020, prior to filing the Motion to Compel and this Motion to Seal, Apple notified counsel for Corellium that it intended to file this Motion to Seal and again requested

Corellium's confirmation that it does not consider the objections stated in Corellium's Interrogatory Responses to be Protected Material under the Protective Order. In response, counsel for Corellium confirmed its position that the entirety of its Interrogatory Responses remains designated AEO at present and must be filed under seal at the present time.

6. Apple lacks the ability to independently de-designate any of the information in Corellium's Interrogatory Responses, all of which Corellium designated AEO, even that information which Apple strongly believes does not and cannot possibly constitute extremely confidential or sensitive material.

7. Consistent with the Protective Order and Corellium's standing designations, therefore, Apple therefore moves to file under seal portions of its Motion to Compel, and the entirety of Exhibit B—Corellium's Interrogatory Responses, Exhibit C—Apple's Dec. 5, 2019 letter to Corellium, and Exhibit F—Corellium's Jan. 8, 2020 letter to Apple under seal. Although the Protective Order appears to provide for the filing of such information under seal without an accompanying motion, Apple submits this motion in an abundance of caution. Apple reserves all rights to challenge Corellium's designation of this and other material as AEO.

**WHEREFORE** Apple respectfully requests that, unless and until Corellium's AEO confidentiality designations of Corellium's Interrogatory Responses are removed or rejected, the following documents remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above-referenced Protective Order, as ordered by this Court, or required by law:

   a. Portions of the Motion to Compel designated by Corellium as containing AEO information, a redacted version of which is filed herewith;

   b. Corellium's Interrogatory Responses, dated November 18, 2019, Exhibit B to the

       Motion to Compel;

   c. Letter from Apple counsel to Corellium counsel regarding Corellium's Interrogatory Responses, which contains information designated by Corellium as AEO, dated December 5, 2019, Exhibit C to the Motion to Compel; and

   d. Letter from Corellium counsel to Apple counsel regarding Corellium's Interrogatory Responses, which contains information designated by Corellium as AEO, dated January 8, 2020, Exhibit F to the Motion to Compel.

A proposed order is submitted herewith.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email with counsel for Defendant on January 13, 2020, regarding the relief sought herein. Defendant does not oppose.

Dated: January 13, 2020                                                 Respectfully Submitted,

Kathryn Ruemmler*                                                       *s/ Martin B. Goldberg*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*                                                     Martin B. Goldberg
*sy.damle@lw.com*                                                       Florida Bar No. 0827029
Elana Nightingale Dawson*                                               *mgoldberg@lashgoldberg.com*
*elana.nightingaledawson@lw.com*                                        *rdiaz@lashgoldberg.com*
LATHAM & WATKINS LLP                                                    LASH & GOLDBERG LLP
555 Eleventh Street NW, Suite 1000                                      100 Southeast Second Street
Washington, DC 20004                                                    Miami, FL  33131
(202) 637-2200 / (202) 637-2201 Fax                                     (305) 347-4040 / (305) 347-4050 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.