UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                    Plaintiff,

   v.

CORELLIUM, LLC,

                    Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO COMPEL
DEFENDANT CORELLIUM, LLC TO PROVIDE COMPLETE RESPONSES
TO INTERROGATORIES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Apple Inc. ("Apple"), pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1(g), respectfully moves this Court for an order compelling Defendant Corellium, LLC ("Corellium") to provide complete and accurate responses to Apple's Interrogatories.

## I.      RELEVANT BACKGROUND.

Since this action was filed four months ago, Apple and Corellium have been involved in ongoing discovery. However, despite diligence on Apple's part, it has yet to receive meaningful responses to most of the discovery it has served. Apple brings this motion, together with a companion motion relating to Corellium's deficient responses to Apple's Requests for Production, and its failure to make any meaningful production to date, to compel Corellium to respond fully and adequately to the discovery served in this case.

As relevant to this Motion, on October 9, 2019, Apple propounded its First Set of Interrogatories to Defendant Corellium, LLC (*Ex. A*). On November 18, 2019, Corellium served its Answers to Plaintiff's First Set of Interrogatories (*Ex. B*).[1] On December 5, 2019, counsel for Apple sent a meet-and-confer letter identifying many significant deficiencies in Corellium's responses to Apple's Interrogatories (*Ex. C*). In response to this correspondence, counsel for Apple and for Corellium engaged in a brief telephonic meet and confer on December 10, 2019, during which counsel for Corellium explained that it was unable to meaningfully meet and confer prior to December 20, 2019. Counsel for Corellium further stated that he believed that the Parties were likely to materially clarify and narrow the then-existing disputes through the meet and confer process such that the Parties had not yet reached the point where Apple would be viewed to have knowledge of a deficiency in Corellium's responses as that term is defined by Local Rule 26.1. As such, Apple represented that it would not move to compel by December 18, 2019 (the date upon which it would have otherwise moved) as Apple believed it was more efficient and effective for the Court if the Parties were able to eliminate or narrow their dispute through the meet and confer process. This was memorialized via email on December 12, 2019 (*Ex. D*).

---

[1] Corellium designated all of its responses to Apple's requests—including its objections—as Confidential – Attorneys' Eyes Only ("AEO"). Under that designation, disclosure is limited to the Parties' outside counsel. On January 13, 2020, Corellium confirmed its position that the entirety of its responses is designated AEO and must be filed under seal. As such, Apple has filed a motion to file under seal Corellium's Answers to Plaintiff's First Set of Interrogatories (*Ex. B*) and has redacted information in this motion accordingly.

The Parties then subsequently held a meet and confer telephone conference on December 20, 2019. Corellium's counsel requested that the parties meet and confer at 4:30 p.m. Eastern, despite having a dinner engagement at 6 p.m. As a result, Corellium's counsel was only able to meet and confer concerning *some* of the deficiencies addressed in Apple's December 5, 2019 letter. The telephone conference ended with Corellium's counsel promising to take various issues back to his client, with a representation that Corellium would endeavor to provide some updated responses to the outstanding Interrogatories. Corellium's counsel also acknowledged on the call that it would likely continue to stand on many of its objections as it believed certain information requested was irrelevant and/or proprietary. The Parties then jointly moved the Court to continue Apple's deadline to move to compel further responses to January 17, 2020, in order to allow Corellium time to respond notwithstanding the holiday period. ECF No. 54. The Court granted the motion. ECF No. 55. On January 3, 2020, the Parties again met and conferred regarding, *inter alia*, the issues raised in the December 5, 2019 letter. At that time, Corellium represented that it would revise its discovery responses by January 10, 2020. (*Ex. E*). On January 8, 2020, Corellium sent a letter confirming its position regarding its responses and stating that it would modify some language by January 17, 2020 but would not substantively modify most of its responses. (*Ex. F*).

Thus, despite the Parties' efforts to meet and confer on the issues raised in Apple's December 5, 2019 letter, the Parties have not been able to successfully reach an agreement on several significant issues.[2] Mindful of the case's upcoming deadlines,[3] and because of the centrality of the below issues to this case, Apple moves to compel Corellium to provide complete responses to the outstanding interrogatories.

## II.     CORELLIUM'S DEFICIENT DISCOVERY RESPONSES.

This Motion relates to deficiencies regarding Corellium's interrogatory responses, both general and specific. As an initial matter, almost all of Corellium's responses to the Interrogatories

---

[2] On Monday, January 13, 2020, after being informed Apple intended to file this motion, Corellium stated it would "work to have" amended responses served by "Thursday [Jan. 16] afternoon EST." However, given the tight timetable imposed by the Court's scheduling order, the months of delay to date, Corellium's previous failures to abide by its self-imposed timelines, and Corellium's January 8 statement that it would maintain most of its substantive positions in its amended responses (*Ex. F*), Apple believes it is proper and necessary to bring this motion now.

[3] *See* Modified Scheduling Order (ECF No. 66) at 1 ("Considering the number of requests for extension of time previously filed in this case, the Court cautions the parties that no further extensions will be granted.").

contain ███████████████████████████████████████████████████████

█████████████████████████ Corellium has stated that it will remove or clarify ████████

████████ but despite originally promising to do so by January 10, 2020 (*Ex. E*), Corellium has not done so and has now pushed the date out by which it intends to clarify its responses to January 17, 2020 (*Ex. F*). To the extent that ████████████████ remain in Corellium's amended responses whenever they are eventually served, ████████████ should be removed. Courts in this District have consistently "held that objections [to discovery requests] that fail to sufficiently specify the grounds on which they are based are improper and without merit." *Bouzaglou v. Synchrony Fin.*, No. 19-CV-60118, 2019 WL 3852295, at *1 (S.D. Fla. Aug. 15, 2019); *see also Alhassid v. Bank of Am., N.A.*, No. 14-20484, 2015 WL 1120273, at *2 (S.D. Fla. Mar. 12, 2015) (noting that "a formulaic objection . . . constitutes only a waste of effort and the resources of both the parties and the court" and that "such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered").

Moreover, many of Corellium's responses to Apple's Interrogatories rely on an objection to the request as seeking "█████████████████████████████████████████████████

███████████████████████████████████████████." This is a legally deficient objection, as ████████████████████████████████████████████████████████████████████████████ particularly given the Protective Order in place in this case (ECF No. 50). Corellium must respond to all Interrogatories that are about "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," even if such requests ████████████ ████████████████████████████████. Fed. R. Civ. P. 26(b)(1), 37(d)(2); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986).

To be clear, none of Corellium's objections other than privilege justify its failure to respond, and Apple seeks an order rejecting all other stated objections and compelling responses.

    A. **Corellium's Responses to Interrogatories.**

Corellium ████████████████████████ which generally asks for details of any bugs in iOS of which Corellium has been aware and whether such bugs were reported, ████████████ ████████ This is improper, because Corellium's knowledge of *any* bugs in iOS and whether it reported those bugs is an essential factual element of Corellium's fair use affirmative defense, which claims, *inter alia*, that Corellium's product is fair use in part because it enables the reporting of bugs to Apple for purposes of improving iOS. Further, if Corellium profited in any way from

4

bugs it found as a result of its infringing conduct, such profits would be relevant to determining any "profits of the infringer that are attributable to the infringement"—an element of actual damages under 17 U.S.C. § 504(b).

Corellium ▆▆▆▆▆▆▆▆▆▆ which is related to Corellium's pricing policies ▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ However, this Interrogatory is specifically limited to the Corellium Apple Product, which is squarely at issue in this case. And, as noted, pricing information is related to Corellium's fair use defense and is further relevant to profits received as a result of the infringement, which is an actual element of damages. 17 U.S.C. §§ 107(1), 504(b); *Fox News Network, LLC v. TVEyes, Inc.*, 883 F.3d 169, 178 (2d Cir. 2018) ("The commercial nature of a secondary use weighs against a finding of fair use.").

Corellium ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ These assertions are meritless; as noted above, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ implicated by the Interrogatories, which ask Corellium to identify persons who have sought to become its customers. Moreover, these Interrogatories go to the heart of Corellium's fair use defense, as Apple contends that Corellium does not limit access to its product to good-faith security researchers, but rather sells its product indiscriminately to well-intentioned and ill-intentioned persons alike.

**WHEREFORE**, for the reasons set forth above, Apple respectfully requests that this Court grant its Motion to Compel Corellium to provide complete discovery responses, and grant such other and further relief it deems just and proper.

**I HEREBY CERTIFY**, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues on December 20, 2019 and on January 3, 2020. However, the parties have been unable to resolve the issues described herein.

| | |
|---|---|
| Dated: January 13, 2020 | Respectfully Submitted, |
| | |
| | s/ Martin B. Goldberg |
| Kathryn Ruemmler* | |
| kathryn.ruemmler@lw.com | Martin B. Goldberg |
| Sarang Vijay Damle* | Florida Bar No. 0827029 |
| sy.damle@lw.com | mgoldberg@lashgoldberg.com |
| Elana Nightingale Dawson* | rdiaz@lashgoldberg.com |
| elana.nightingaledawson@lw.com | LASH & GOLDBERG LLP |
| LATHAM & WATKINS LLP | 100 Southeast Second Street |
| 555 Eleventh Street NW, Suite 1000 | Miami, FL  33131 |
| Washington, DC 20004 | (305) 347-4040 / (305) 347-4050 Fax |
| (202) 637-2200 / (202) 637-2201 Fax | |
| | |
| Andrew M. Gass* | |
| andrew.gass@lw.com | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| jessica.stebbinsbina@lw.com | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.