# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

## APPLE INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT CORELLIUM, LLC

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, Apple Inc. ("Apple") submits its First Set of Interrogatories to Defendant Corellium, LLC ("Corellium"). Defendant Corellium shall respond to these Interrogatories in writing and under oath, in accordance with the Definitions and Instructions contained herein, within thirty (30) days of service, or such other time as the parties may agree, pursuant to the Federal Rules of Civil Procedure. Corellium shall timely supplement all responses to the Interrogatories as required by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules. Additionally, as used herein, the terms set forth below shall have the following meanings:

1. "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Persons acting on their behalf or under their control.

2. "Plaintiff" means Apple.

3. This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4. "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5. The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems. Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6. The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7. "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

8.  "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9.  "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

10. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

11. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

13. "Foreign" means any country except the United States of America.

14. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

15. Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

(a) structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

(b) activity listings of electronic mail receipts and/or transmittals;

(c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS) iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

(e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

(f) any and all data, data compilations, and data analyses.

16. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein; "Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

17. "Identify" means that the following information shall be provided:

> (a)  When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).
>
> (b) When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.
>
> (c) When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone

    number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

  (d) When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

  (e) When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

18. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information, Document, or thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

19. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

20. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

21. "Any" shall be construed to mean "any and all."

22. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

23. The use of the singular term of any word includes the plural and vice versa.

24. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

## INSTRUCTIONS

1. The following instructions and previous definitions apply to all Interrogatories.

2. Please answer the following Interrogatories fully.

3. Please include in Your answer information within Your custody or control, or reasonably available to You or any other source from which it may be reasonably secured.

4. Unless otherwise stated in a particular Interrogatory, the time period for the request shall be from the formation of Corellium to the present and continuing into the future.

5. If any part of the following interrogatories cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder.

6. If You object to any portion or aspect of an Interrogatory, please state with specificity the grounds for Your objection, and provide all information responsive to the portion, if any, to which You do not object, pursuant to Rule 33 (b)(4) of the Federal Rules of Civil Procedure.

7. If You assert a claim of privilege (including work product immunity) in objecting to any Interrogatory, or any sub-part thereof, and a full response is not provided on the basis of such assertion, You are directed to respond to any part of the Interrogatory that is not objectionable and furnish the following information with respect to that portion of the Interrogatory as to which the claim of privilege is asserted: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of information or Document withheld, (3) the general subject matter of any Documents or information, (4) the date of any Documents, and (5) such other information as is sufficient to Identify any withheld material, information, or Communication, including, where applicable, the author(s) or source(s) of any document, information, or Communication, the addressee(s) and recipient(s) of any Document, information, or Communication, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

8. These Interrogatories are continuing in nature and You are required to supplement or correct Your responses pursuant to Federal Rule of Civil Procedure 26(e) in the event that additional responsive information or materials are obtained.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each version, release, update, or patch, (including any alpha or beta versions) of the Corellium Apple Product, including for the cloud-based Corellium Apple Product and all private installations of the Corellium Apple Product, with a description of the changes made in each successive version.

**INTERROGATORY NO. 2:**

Separately for each version or installation of the Corellium Apple Product Identified in Interrogatory No. 1, fully describe the functional flow for the Corellium Apple Product, including at least: a) all steps a user takes to set up and access the Corellium Apple Product; b) how the user creates a new Virtual Device; c) how an existing Virtual Device is saved; d) how the user accesses a saved Virtual Device; e) how a user interacts with a Virtual Device created in Corellium Apple Product; and f) how the GUI Elements are determined and displayed to the user.

**INTERROGATORY NO. 3:**

Fully describe the process or processes by which the Corellium Apple Product creates a new Virtual Device, including any steps taken to bypass any Security Measures that would otherwise prevent iOS from being installed on anything other than Apple-manufactured hardware.

**INTERROGATORY NO. 4:**

Fully describe the process by which the Corellium Apple Product was developed, including but not limited to the circumstances under which the idea for the Corellium Apple Product was conceived, the date the development work began, the date the development work

was complete or substantially complete, and all Persons who contributed in any way to the Corellium Apple Product.

**INTERROGATORY NO. 5:**

Describe the complete factual and legal basis for Your contention, if any, that You have not infringed any of Apple's asserted copyrights in this Action, including Identifying all Documents You will rely upon in support of such contention.

**INTERROGATORY NO. 6:**

Identify and fully describe any and all licenses or authorizations that You contend permitted You to create the Corellium Apple Product, including but not limited to describing the Person to whom the license or authorization was granted and the Person who granted it, the scope of the license or authorization, the date and place the license or authorization was granted, for what period of time the license or authorization was granted, under what terms or restrictions the license or authorization was granted, and the consideration that was provided for the license or authorization.

**INTERROGATORY NO. 7:**

Describe in detail any unpatched bugs, exploits, vulnerabilities, or other software flaws in iOS of which Corellium or its employees currently are, or have ever been, aware, and whether Corellium has reported any such bugs, exploits, vulnerabilities, or flaws to Apple.

**INTERROGATORY NO. 8:**

Separately for each version or installation of the Corellium Apple Product Identified in Interrogatory No. 1, describe in detail Your pricing policies, approaches, and/or strategies for the Corellium Apple Product, from the formation of Corellium to the present, including but not

limited to (1) the price(s) at which You have offered the Corellium Apple Product for sale or license; and (2) any discounts or promotions given and the bases therefor.

**INTERROGATORY NO. 9:**

Separately for each version or installation of the Corellium Apple Product Identified in Interrogatory No. 1, state the following information for the Corellium Apple Product and any license of the Corellium Apple Product for each fiscal quarter from the formation of Corellium to present: (1) the Dates of each sale or license, (2) the type of sale or license (e.g., private installation or access to Corellium Apple Product), (3) the customer for each sale or license, (4) the Person(s) billed for each sale or license (whether the same as the customer or different), (5) the address where any private installations occurred, (6) the terms of each sale or license, and (7) the price paid for each sale or license, including whether no monetary amount was paid.

**INTERROGATORY NO. 10:**

Separately for each version or installation of the Corellium Apple Product Identified in Interrogatory No. 1, state the following information for the Corellium Apple Product and any license of the Corellium Apple Product for each fiscal quarter from the formation of Corellium to present: (1) revenue received by Corellium for each sale or license; (2) costs of any goods sold for each private installation of the Corellium Apple Product; (3) standard costs (and any other costs) for Corellium; (4) research and development costs attributable to the Corellium Apple Product; (5) per-sale or per-license profit, and (6) total profit for Corellium from sales of the Corellium Apple Product.

**INTERROGATORY NO. 11:**

Separately for each version or installation of the Corellium Apple Product Identified in Interrogatory No. 1, state Your historical and currently projected revenues, projected costs, and

projected per-sale profits for at least five (5) years into the future for the Corellium Apple Product.

**INTERROGATORY NO. 12:**

Describe Your advertising, promotion, or marketing of the Corellium Apple Product, including the advertising, promotion, or marketing of (1) all features thereof; and (2) all products or services used in conjunction with the Corellium Apple Product. Include the Dates, locations, and description of all conferences at which one or more Corellium LLC employees publicly advertised or discussed the capabilities of the Corellium Apple Product, all paid advertising campaigns, all social media promotion, all advertising agencies used, all purchased media buys, all free media (including but not limited to interviews given by employees or owners of Corellium LLC), and any and all other means of advertising, promoting, or marketing the Corellium Apple Product from inception to the present.

**INTERROGATORY NO. 13:**

Identify the date when Corellium first became aware any of Apple's copyrights alleged in the Action, and describe the circumstances under which Corellium first became aware of Apple's copyrights, including Identifying all Persons and Documents through which Corellium first became aware of Apple's copyrights.

**INTERROGATORY NO. 14:**

Identify all actions Corellium has taken with regard to or in response to Apple's copyrights or in the anticipation of any copyright litigation with Apple, including, but not limited to, any steps taken by Corellium to inform its customers about Apple's copyrights or to obscure information about Apple's copyrights from Corellium's users or customers.

**INTERROGATORY NO. 15:**

Identify all Persons who have requested purchase of, license to, or any other access to, the Corellium Apple Product to whom Corellium has refused to sell, license, or give access.

**INTERROGATORY NO. 16:**

Identify all Foreign Persons, including but not limited to Foreign governments, public and private Foreign agencies, and Foreign companies, who have approached Corellium to learn about the Corellium Apple Product or its capabilities, or who have requested purchase of, license to, or any other access to the Corellium Apple Product, and describe Corellium's interactions and business with each such Person.

**INTERROGATORY NO. 17:**

Identify all Persons who have offered, formally or informally, to purchase or acquire part or all of Corellium's business and describe the circumstances of each offer.

**INTERROGATORY NO. 18:**

Fully describe all factual and legal bases for each affirmative defense asserted, if any, in Your answer to the Complaint.

Dated: October 9, 2019                     Respectfully submitted,

By:     */s/ Martin B. Goldberg*
       Martin B. Goldberg
       Florida Bar No. 0827029
       mgoldberg@lashgoldberg.com
       rdiaz@lashgoldberg.com
       LASH & GOLDBERG LLP
       100 Southeast Second Street
       Miami, FL  33131
       (305) 347-4040 / (305) 347-4050 Fax

Kathryn Ruemmler (*pro hac vice*)
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle (*pro hac vice*)
*sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina (*pro hac vice*)
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Attorneys for Plaintiff*
APPLE INC.