UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-cv-81160-RS

APPLE, INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

## DEFENDANT CORELLIUM, LLC'S, RESPONSE TO PLAINTIFF'S MOTION TO COMPEL TO PROVIDE COMPLETE RESPONSES TO INTERROGATORIES

Defendant, Corellium, LLC ("Corellium") pursuant to Local Rules 7.1 and 26.1 and by and through the undersigned counsel, files this Response to Plaintiff's Motion to Compel Complete Responses to Interrogatories [D.E. 70] ("Motion"), and, in support thereof, states as follows:

I.    **Procedural Background**

On November 18, 2019, Corellium served its Answers to Plaintiff, Apple Inc.'s ("Plaintiff"), First Set of Interrogatories, which consisted of 33 pages of single-spaced answers to Apple's 18 interrogatories. *See* Exhibit B to Plaintiff's Motion. After multiple meet and confer efforts, on January 16, 2020, Corellium served its Amended Answers to Plaintiff's First Set of Interrogatories, this time, consisting of 43 pages of single-spaced answers to Apple's 18 interrogatories. *See*, **Exhibit 1**, filed under seal given material designated as Confidential or Attorney's Eyes Only. Nevertheless, three days prior, Apple filed its Motion on January 13, 2020, despite an agreement that Amendment would be made by January 17, 2020. Apple disputes this. Corellium, in serving its Amended Answers, maintains its position regarding the substantive objections raised in the initial responses to discovery.

II.   **Substantive Background**

Corellium is a small software start-up that has developed valuable and cutting-edge testing and research technology. Apple has filed this lawsuit in an effort to shut Corellium down under the guise of copyright infringement, but not before it gains access to the technology and other significant information about Corellium.

Corellium's product permits users to study third-party software, including but not limited to iOS. Corellium does not provide the iOS software; it only provides a tool that better enables them to study it. Corellium's product uses no code or protected work from Apple. Moreover, the majority of Corellium's code does not relate to enabling the study of iOS in particular, only to enabling the study of third-party software in general. These components of the product do not use iOS and are in no way specific to iOS. As such, these components of the technology are not relevant to Apple's stated claims of copyright infringement of iOS, nor to Apple's claims of access or copy control circumvention of iOS.

Apple is doing everything it can to pry into Corellium's highly confidential and innovative product. However, under federal law, merely bringing a claim for copyright infringement does not provide a plaintiff a license for carte blanche discovery into an entire company's client information, business operations, and most critically, its *highly* confidential and sensitive business products. *See Home Design Servs., Inc. v. David Weekley Homes, LLC*, 2007 WL 9718654, at *5 (M.D. Fla. Mar. 5, 2007) (denying plaintiff's motion to compel as overly broad because plaintiff sought information relating to defendants other copyrights and floor plans when the lawsuit only

related to the alleged infringement of one floor plan, and as such, the discovery requests must be narrowed to the one named design in the lawsuit, not every design the defendant was involved in); *see also*, *CBS Broad. Inc. v. EchoStar Commc'ns Corp.*, 2003 WL 27387392, at *6 (S.D. Fla. Jan. 8, 2003) (denying plaintiff's motion to compel for failure to demonstrate the relevancy of the disputed discovery materials). Corellium's product is the result of years of painstaking research and code writing. If certain information about the product or business were to be turned over to a highly capable company like Apple, Corellium risks losing everything. While it claims copyright infringement, Apple's intent is to use Corellium's technology for its own financial advantage or otherwise to obtain complete control of it. This is ironic because Corellium's product actually exists to make the security of software, iOS included, more robust and secure for the market. It is worth noting that Corellium's product is neither marketed, nor is it even desirable, to Apple's consumers.

In the responses to discovery, Corellium has consistently maintained, as it still does, that much of the information Apple is seeking is, *inter alia*, highly proprietary, confidential and/or trade secret information relating to Corellium's technology or business. Indeed, indicative of Apple's motive in this case, Apple is seeking to obtain the information that would provide it complete access to Corellium's technology as well as Corellium's private business operations, despite the fact that this technology and information is not specific to or related to iOS. In that regard, Apple fails to limit its requests to the information necessary to establish what has been pled: copyright infringement and a violation of the DMCA.

Accordingly, Corellium asks the Court to permit the discovery *only* of what relates directly to the subject of Apple's claims, namely the iOS software, and block from production Corellium's core product and business operations, which have no impact on Apple's efforts to establish its claims.

### III.  Incorporation of Related Response

Corellium incorporates herein the legal arguments contained within from its Response to Plaintiff's Motion to Compel to Produce Responsive Documents and Provide Complete Discovery Responses [D.E. 77].

### IV.  Apple's Objections To Corellium's Discovery Responses

In its Motion to Compel, Apple states that Corellium's responses contained "boilerplate objections with no particular and specific explanation as to why the Interrogatory is objectionable."

3

Corellium maintains that no boilerplate objections were asserted in its Responses to Interrogatories, however, it served its Amended Answers to add further substantive information as well as to clarify its objections. Corellium further explained the origin of its objections and has removed all language that could be seen as a formulaic objection. In the responses below, Corellium will address each Answer to which Plaintiff raised an issue.

### A. Interrogatory 7

Apple contends that Corellium's answer to interrogatory no. 7 is necessary as it relates to 1) Corellium's affirmative defense of fair use, and 2) that reporting knowledge of any bugs in iOS along with profits gained relates to the essential element of damages. These arguments are baseless. As a threshold matter, the information Apple is seeking is proprietary information that Apple would ordinarily have to pay Corellium for. Instead, Apple is using this lawsuit to obtain this information for free.

As it relates to Corellium's affirmative defense of fair use, Apple claims that the requested will show that bugs can be obtained by using the product. First, Corellium has previously submitted bugs to Apple. Thus, to establish that bugs can been found using Corellium's product and subsequently be reported back to Apple, Apple need only look to the bugs that have already been provided. Furthermore, Apple is seeking bugs from entities and individuals other than Corellium, including Chris Wade (Corellium co-founder) in his individual capacity. Such requests are beyond the pleadings and scope of discovery in this case and Apple has not met its burden to establish that it is required or relevant. Even further, the subject interrogatory is inherently seeking information that is not available to Corellium as the bugs that are found by any clients of Corellium are not then given back to Corellium. Corellium gives its clients the ability to find these bugs through their virtualization program but does not require disclosure back to them of what is found.

Moreover, bugs are a form of valuable independent scientific research and critique, and such activity is precisely what fair use was designed to promote. Additionally, Apple cannot argue that any bugs discovered using the product must be reported to Apple in order for such use of the product to constitute fair use. Such an argument would run counter to the principles and definitions set forth by the Copyright Office, including the definition of good-faith security research, and would have dangerous and broad-reaching policy implications.

Finally, as it relates to Apple's argument about damages, Corellium has already provided its revenue, costs of goods sold, R&D costs and net income to Apple. *See* Amended Answer to

4

Interrogatories, **Exhibit 1**, at Nos. 9 & 10.  Discovering the bugs that Corellium or others have chosen not to submit to Apple adds nothing to the damages information that has already been provided to Apple. It is worth noting that Corellium's counterclaim is only about the bugs that have been submitted to Apple, but Apple has not paid for. The counterclaim relates in no way to bugs that have *not* been submitted to Apple, which Apple is seeking through this discovery. Apple is simply trying to obtain the information now to avoid paying for it in the future. Accordingly, the production of the sought-after information is highly improper and Apple's Motion should be denied.

### B. Interrogatory 8[1]

Corellium maintains its objection to this interrogatory as being overbroad in time and scope, along with seeking the disclosure of proprietary, confidential and trade secret information regarding Corellium's business and product. This request seeks information about the pricing policies and business approaches that in no way relates to this claim or the counterclaim of Corellium. *See Acoustic Innovations, Inc. v. Theatermax, LLC*, 2006 WL 8433646, at *1 (S.D. Fla. June 6, 2006) (holding that defendant need not respond to discovery requests relating to the pricing of trade secrets due to plaintiff's failure to demonstrate the information was relevant and necessary to the lawsuit). The reasons for why certain clients paid a specific amount versus others relates purely to the business decisions of Corellium at that time and in relation to each client and the circumstances surrounding that client's purchase. The list of Corellium's clients along with their payments was confidentially provided to Apple's attorneys in Interrogatory 9.

What Apple seeks is information and decisions Corellium made for business purposes only, along with no attempt to narrowly tailor the request to any time period or client. As with interrogatory 7, it is improper for Apple to again request a wholesale of document or information production relative to such confidential information that in no way relate to the claims at issue.  If Apple needs information on a specific client and the relative pricing because it is relevant to the case, Apple may tailor a request for that information or client. But to ask Corellium to have to compile why every individual price was paid by each client, when that information relates in no way to this case, is improper.  This request places a tremendous burden on Corellium to identify all responsive documentation to pricing information, and in turn is purely intended to annoy or

---

[1] *See also* Section VII to Corellium's Response in Opposition to Plaintiff's Motion to Compel Corellium to Produce Responsive Documents and Provide Complete Discovery Responses [D.E. 77].

harass Corellium and all those associated with the company. It should be noted the legal authority cited by Apple in *Fox News Network, LLC v. TVEyes, Inc.,* does not stand for the proposition that the fair use defense asserted by Corellium requires the disclosure of pricing information and profits as protected information, and the information of which that has previously been disclosed to Apple.

### C. Interrogatories 15-17[2]

Corellium objects to the information requested in these interrogatories as Apple is again seeking protected propriety, confidential, and trade secret information by asking for all requests pertaining to any past inquiries from *potential* clients who Corellium rejected. These overbroad in both time and scope requests would constitute a **<u>tremendous</u>** burden on Corellium in identifying thousands of electronic communications relating to the list of clients prospectively interested in Corellium's product.  Apple has expressed that it needs this information to determine that Corellium is selecting "good-natured clients" to grant access to its product. Initially, that has nothing to do with copyright infringement.  Second, Apple has been confidentially provided Corellium's current client list. *See* Amended Answer to Interrogatory, **Exhibit 1**, at No. 9.  Apple can ascertain, as a result of that list, whether Corellium limits the access of its product to good-faith researchers only. Obtaining a list of those whom Corellium has rejected as potential clients or have merely received inquiries from, has no relevance to this claim and only seeks to harass and annoy the Defendant with a tremendously burdensome production request of irrelevant information. Corellium maintains that it has sufficiently answered this interrogatory by providing Apple with a list of its clients in response to previous interrogatory answers.

For the foregoing reasons, Apple's Motion should be denied and Corellium's objections sustained.

---

[2] *See also* Section V to Corellium's Response in Opposition to Plaintiff's Motion to Compel Corellium to Produce Responsive Documents and Provide Complete Discovery Responses [D.E. 77].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: January 21, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　COLE, SCOTT & KISSANE, P.A.
　　　　　　　　　　　　　　　　*Counsel for Defendant CORELLIUM, LLC*
　　　　　　　　　　　　　　　　Esperante Building
　　　　　　　　　　　　　　　　222 Lakeview Avenue, Suite 120
　　　　　　　　　　　　　　　　West Palm Beach, Florida 33401
　　　　　　　　　　　　　　　　Telephone (561) 612-3459
　　　　　　　　　　　　　　　　Facsimile (561) 683-8977
　　　　　　　　　　　　　　　　Primary e-mail: justin.levine@csklegal.com
　　　　　　　　　　　　　　　　Secondary e-mail: lizza.constantine@csklegal.com

By:　*s/ Justin B. Levine*
　　　　JONATHAN VINE
　　　　Florida Bar. No.: 10966
　　　　JUSTIN B. LEVINE
　　　　Florida Bar No.:  106463
　　　　LIZZA C. CONSTANTINE
　　　　Florida Bar No.:  1002945


　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　NORTON ROSE FULBRIGHT
　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　2200 Ross Ave.
　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　Telephone (214) 855-8000
　　　　　　　　　　　　　　　　Facsimile (214) 855-8200
　　　　　　　　　　　　　　　　Brett Govett, *Pro hac vice*
　　　　　　　　　　　　　　　　E-mail: brett.govett@nortonrosefulbright.com
　　　　　　　　　　　　　　　　Robert Greeson, *Pro hac vice*
　　　　　　　　　　　　　　　　E-mail: robert.greeson@ nortonrosefulbright.com
　　　　　　　　　　　　　　　　Jackie Baker, *Pro hac vice*
　　　　　　　　　　　　　　　　E-mail: jackie.baker@nortonrosefulbright.com