UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CORELLIUM TO PRODUCE RESPONSIVE DOCUMENTS AND PROVIDE COMPLETE DISCOVERY RESPONSES**

    Defendant, Corellium, LLC ("Corellium") pursuant to Local Rules 7.1 and 26.1 and by and through the undersigned counsel, files this Response to Plaintiff's Motion to Compel Corellium to Produce Responsive Documents and Provide Complete Discovery Responses [D.E. 68] ("Motion"), and, in support thereof, states as follows:

I. **Incorporation of Related Response**

Corellium incorporates herein the legal arguments and background sections contained within from its Response to Plaintiff's Motion to Compel to Provide Complete Responses to Interrogatories [D.E. 76].

II. **Corellium's Amended Discovery Responses**

On January 17, 2020, Corellium served upon Plaintiff, Corellium's Amended Responses to Plaintiff's First Set of Requests for Production ("Amended Responses"). *See*, **Exhibit 1.** In its Amended Responses, Corellium clarified its objections by providing more specificity as to each objection raised, and further, has removed all language that could be seen as a formulaic objection to provide clarity as to what documents were being produced. Moreover, Corellium had agreed to provide amended responses and withdraw any formulaic objections prior to the Motion. *See* Exhibit E to Plaintiff's Motion. Given Corellium's Amended Responses, Plaintiff's argument relative to formulaic objections is moot.

III. **Corellium's Objections Do Not Contain Boilerplate Objections**

Plaintiff asserts a blanket argument that Corellium's initial responses contained boilerplate objections, further claiming that if such boilerplate objections remain in the Amended Responses that they should be removed without the Court even considering their merits. Plaintiff does not address these objections on their merits, but instead, provides a conclusory argument that they are simply boilerplate objections. Corellium's Amended Responses contain not boilerplate objections.

Plaintiff overlooks that many of the objections are similar in nature because Plaintiff's Requests are similarly improper. The objections asserted by Corellium are not boilerplate and are asserted to protect Corellium from Apple's wholesale efforts to obtain Corellium's sensitive technology and global business operations.

Furthermore, Plaintiff's reliance in *Bouzaglou* and *Alhassid* is misplaced, as in those cases the responses to discovery were simply boilerplate objections followed by an answer to the discovery, and the responses did not provide any specificity as to why a certain objection was overbroad but simply listed the objections. That is not the case in Corellium's Amended Responses. Corellium has specified the reasons as to each objection and has provided the detail to show why certain requests are "overbroad, unduly burdensome, or irrelevant." Indeed, Apple has brought claims for copyright infringement and violation of the DMCA. Many, if not most of Apple's discovery requests simply do not relate to those claims. Apple has already been provided

with the information it needs to establish damages (*if* liability is found) (*see* Corellium's Amended Answer to Apple's Interrogatory Nos. 9 & 10) and cannot seek information relating to the technology or business operations that do not relate to iOS. Corellium has properly asserted its objections and they should be sustained on the merits.

### IV. Proprietary and Trade Secret Objections are not the Same as Confidential Objections

Plaintiff contends that objections containing the language "to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business" are simply deficient because confidentiality is not a basis to withhold documents, particularly given the Parties' Protective Order in place [D.E. 50].

Initially, Corellium has provided Amended Responses removing all language containing "to the extent it seeks," and has provided sufficient detail to each trade secret and proprietary objection. Second, merely because a Confidentiality Protective Order is in place, does not mean that Apple gets a license to request anything within Corellium's business. Third, the release of proprietary and trade secret information[1], such as customers' information, Corellium's technology, Corellium's development, among others—will severely injure Corellium's business and will cause irreparable harm, irrespective of the Protective Order in place, because highly sensitive information will have been shared outside of Corellium. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn,* 191 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2002) ("Plaintiff's customer lists and the information contained therein are trade secrets, since the Court finds that Plaintiff has shown that it has taken reasonable efforts to maintain their secrecy and that they give Plaintiff an advantage over those who do not know of their contents or are unable to use them"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Silcox,* 2001 WL 1200656, at *4–5 (S.D. Fla. Oct. 4, 2001) (Florida law protects customer lists and information from misappropriation and conversion through injunctive relief). Plaintiff has already received Corellium's customer list—anything beyond what has been provided (*see* Corellium's Amended Answer to Apple's Interrogatory Nos. 9 & 10) is

---

[1] As an initial matter, trade secrets are protected under Florida statute § 90.506:

> A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee.

highly confidential and simply not relevant in any way. Lastly, Plaintiff is seeking Corellium's core technology information, Corellium's testing, evaluation and analysis, among other business financial records that are simply not related to the issues in this litigation and far too expansive to be necessary for this case. Indeed, Plaintiff has not made a showing of the needs of such documents and information. *See Plouffe v. GEICO Gen. Ins. Co.*, 2017 WL 7796323, at *4 (S.D. Fla. Aug. 8, 2017) (finding that "when the trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials."). Plaintiff merely claims that the documents requested are relevant to its claims or Corellium's defenses without providing any nexus between the trade secret information they are seeking and the issues in this case. Thus, the proprietary and trade secret objections should be sustained and Corellium's proprietary data protected from Apple.

**V.     Corellium's Objections Relating to "Not Proportional" or "Irrelevant" Should Be Sustained Regarding Requests 14, 18, 24-26, 55, 62 and 64[2]**

Requests 14, 18, and 62 request Corellium to produce all documents "prepared for, given, requested, or provided" to customers or potential customers of the Corellium Apple Product. Corellium has objected to producing documents prepared for customers that are unrelated to the Corellium Apple Product. Besides confidentially providing the names of and certain information about Corellium's customers to Plaintiff's counsel, client information that does not specifically relate to iOS is not necessary to prove any of the elements of Plaintiff's copyright infringement or DMCA claims nor are they related to Corellium's defenses.

Requests 24-26 seek documents relating to, *inter alia*, "any feature, technology, component, or part thereof, or any technology in the Corellium Apple Product" or otherwise licenses that relate to any part of the same. First, Corellium has withdrawn all of its objections to Request No. 26, except to privileged documents. Second, the only matter at issue is the facilitation of the study of iOS, *not* Corellium's core virtualization technology. This discovery is Apple's ongoing efforts to obtain Corellium's core technology. Corellium will produce those records that relate to the facilitation of study and research of iOS, but Apple's continued efforts to obtain Corellium's core hypervisor technology is improper and must be protected. By making these requests, Plaintiff is simply

---

[2] *See also* Section IV.C of Defendant Corellium, LLC's, Response to Plaintiff's Motion to Compel to Provide Complete Responses to Interrogatories [D.E. 76].

attempting to expand its reach and discover information that has no relevancy to this case. Similarly, aspects of licenses and other business records that relate to the facilitation of the study or research of iOS will be produced, but anything relating to Corellium's core technology, is irrelevant and beyond what is implicated in this case. For the same reasons, Corellium's objections to Request 55 should similar be sustained.

## VI. Corellium's Objections to Requests Nos. 34-39, 41, 42 and 82 Should be Sustained

The common theme here is that the filing of this lawsuit does not automatically entitle Plaintiff to receive information regarding Corellium's entire business and core technology. The entire business is not at issue in this case, but rather, an aspect of that business that facilitates the research of iOS. The broader relevancy standard for discovery, as opposed to admissibility, should not be misapplied here to permit a fishing expedition. Fed. R. Civ. P. 26(b)(1); *see also S.E.C. v. BankAtlantic Bancropt, Inc.*, 285 F.R.D. 661, 665 (S.D. Fla. 2012) (citing that "[r]equested discovery *must be relevant*, and it must not impose an undue burden or be unreasonably cumulative, under the standards described in Rule 26(b)(2)(C)."). These requests in particular are fishing expeditions into Corellium's entire business. Specifically because they are requesting the production of: communications between Corellium and its customers, Corellium and foreign governments or foreign person, agreements between Corellium and one of its clients (Azimuth Security), documents to show which countries Corellium anticipates making sales and documents to show the forms of any confidentiality agreements with Corellium's customers. All of this information has *zero relevancy* to any issues of copyright infringement; in particular, any communications Corellium had with its customers have no bearing on any of the elements to prove copyright infringement or to prove a violation of the DMCA. Moreover, the sensitive nature of Corellium's business with its clients should not be produced when those relationships are not at issue here. Accordingly, Corellium's objections to these requests should be sustained.

## VII. Requests Nos. 51-53, 69, 71 and 79 are Harassing and Corellium's Objections Should Be Sustained[3]

There is simply no need for Plaintiff to request information relating to the strategies Corellium has as to its pricing, sales plans, forecasts, financial projections, or sales projections, other than to harass Corellium to provide immaterial, voluminous and irrelevant information.

---

[3] *See also* Section IV.B of Defendant Corellium, LLC's, Response to Plaintiff's Motion to Compel to Provide Complete Responses to Interrogatories [D.E. 76].

5

Corellium has already provided Plaintiff with its actual revenues, profits and expenses, which are *actually needed* for Plaintiff to prove its damages under the law. As it relates to these requests, there is no need for Plaintiff to know the thought processes of Corellium's officers relating to their strategies for pricing or the "how-to's" of running the business, when the claims at issue only relate to iOS. To be clear, the issue in this litigation is the facilitation of research of iOS. Not at issue, is the development of Corellium's core technology nor the rest of its business decisions. If Plaintiff has a relevant inquiry about a certain customer, it should ask that. Otherwise, the global discovery of business matter is improper. For example, Request No. 69 is harassing as it requests production of "documents relating to *each instance* where a customer has asked You to replicate any aspect, functionality, method or process of an Apple product." Initially, this has no connection to iOS. Secondly, the functionality, method, etc. are far too broad and constitute a fishing expedition. If Apple has a specific request, it should ask it. Requests 71 and 79 are similarly improper and to an extent, alarming. In essence, Plaintiff is trying to receive on a silver platter all analyses of its own products by the means of this litigation without establishing the relevancy or necessity of same. Therefore, Corellium's objections to these requests should be sustained.

### VIII.    Corellium Properly Asserted Privileges

Requests Nos. 85 and 86 relate to documents to which Corellium intends to rely at any hearing or at trial and related in any way to Corellium's affirmative defenses. Rule 26(b)(3) protects parties from the disclosure of protected information. Fed. R. Civ. P. 26(b)(3) ("the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories . . ."); *see also U.S. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695 (S.D. Fla. 1990) (explaining that "fact work product consists of 'documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative.'"). The release of documents requested by Plaintiff in these requests will disclose, at minimum, Corellium's attorney's legal theories and mental impressions. Thus, Corellium's privilege objections should be sustained.

For the foregoing reasons, Apple's Motion should be denied and Corellium's objections sustained.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: January 21, 2020                             Respectfully submitted,

                                    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com