UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

## MOTION TO FILE CORELLIUM'S MOTION FOR PROTECTIVE ORDER UNDER SEAL

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of Corellium's Motion for Protective Order ("Motion"), and in support thereof, states as follows:

### BACKGROUND

On December 20, 2019, Plaintiff served upon Corellium its second set of discovery requests including Apple's Second Set of Requests for Production and Apple's Second Set of Requests for Admissions (collectively the "Requests"). The Requests, however, seek information concerning highly-sensitive, irrelevant information. As such, Corellium, pursuant its Motion, requests that this Court protect Corellium from complying with the Requests and to prohibit Apple from seeking future discovery on the topics. Importantly, in the Motion, Corellium provides an explanation as to why Corellium believes the Requests seek highly-sensitive information beyond

the scope of this litigation and why Corellium requires the protection of the Court. Accordingly, due to the highly-sensitive information contained in the Motion, Corellium moves this Court to authorize the filing under seal of Corellium's Motion.

## MEMORANDUM OF LAW

### I.   Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II.   Good Cause Exists for the Court to Seal Corellium's Motion

In this instance, good cause exists for this Court to seal Corellium's Motion. In particular, as explained above, the purpose of the underlying Motion is to protect Corellium from answering specific topics of information sought by Plaintiff in its second round of discovery. To be more specific, in order to justify Corellium's refusal to answer certain discovery topics, Corellium, in its Motion, provides explanation as to why the information necessitates court protection and cannot

be revealed without seal. In the Motion, more detailed is provided, however, any information beyond what has been provided here is highly-sensitive information and must be kept under seal. Accordingly, due to the highly-sensitive nature of the detailed explanation contained in the Motion, this Court must seal the information contained therein.

A proposed order is submitted herewith.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file its Motion for Protective Order under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via phone with counsel for Plaintiff on January 17, 2020, regarding the relief sought herein. Plaintiff informed undersigned that it opposes the Motion and the relief requested herein.

Dated: January 21, 2020                            Respectfully submitted,

          By:  s/ *Justin B. Levine*
              JONATHAN VINE
              Florida Bar No.: 10966
              JUSTIN LEVINE
              Florida Bar No.:  106463
              LIZZA CONSTANTINE
              Florida Bar No.: 1002945

CASE NO.: 9:19-CV-81160-RS

      COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

      *and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on January 21, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

CASE NO.: 9:19-CV-81160-RS

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*