**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANT**
**CORELLIUM, LLC'S MOTION TO FILE CORELLIUM'S**
**MOTION FOR PROTECTIVE ORDER UNDER SEAL**

Plaintiff Apple Inc. ("Apple") by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to File Corellium's Motion for Protective Order Under Seal ("Motion to Seal"). ECF No. 78.

## INTRODUCTION

On December 20, 2019, Apple served Corellium with Apple's Second Set of Requests for Production and Apple's Second Set of Requests for Admission (collectively, "Requests").

On January 21, 2020, Corellium filed its Motion for Protective Order, ECF No. 81, along with its Motion to Seal, ECF No. 78. The Motion for Protective Order alleges that the Requests ask for "highly sensitive information," and seeks a protective order to prevent Apple from pursuing the Requests. ECF No. 78 at 1. Because the Motion for Protective Order itself contains no confidential or highly sensitive information, Apple respectively asks this Court to deny Corellium's Motion to Seal.

**ARGUMENT**

Local Rule 5.4(a) provides that "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). When a party seeks to restrict access to a particular document in the judicial record, such as the Motion for Protective Order, "the common-law right of access standard as it applies to particular documents requires the court to balance competing interests of the parties." *Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). To defeat the common-law right of access, a party must show "good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Advance Local Media*, 918 F.3d at 1169 (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)) (quotations omitted). The existence of "good cause" is "decided by the nature and character of the information in question," *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315), including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Corellium fails to show that the "nature and character of the information in question" establishes good cause. *See Romero*, 480 F.3d at 1246. The Motion to Seal contains only conclusory arguments that the Motion for Protective Order contains highly sensitive information. ECF No. 78 at 2–3. Conclusory statements "do not establish good cause." *Id.* at 1247 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *cf. Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 15 (1986) (noting that even in the criminal context where publicity might deprive the defendant of a fair trial, the "right of access cannot be overcome by [a] conclusory assertion"). And a close reading of the Motion for Protective Order reveals no sensitive information. It is not marked as containing confidential business information

pursuant to the Protective Order already in effect, ECF No. 50, and does not otherwise designate any section of its contents as sensitive or subject to restrictions. Corellium mischaracterizes the Motion for Protective Order as containing a highly sensitive "detailed explanation," but the only information the Motion for Protective Order contains is the fact that Apple made the Requests, that Corellium provides no response to those Requests, and that Corellium makes no admission or denial that any allegedly sensitive information exists.

Additionally, Corellium's objection to Apple's Requests does not demonstrate "good cause" to seal the Motion for Protective Order. *See Romero*, 480 F.3d at 1246. Corellium objects to Apple's Requests as seeking highly sensitive information—but that disagreement is properly the subject of the Motion for Protective Order, and does not require sealing the Motion for Protective Order itself. Corellium's argument, if followed, would require courts to automatically seal any motion for a protective order regarding allegedly sensitive information and thereby ignore the "good cause" requirement that reflects the "balance" of "competing interests of the parties." *Advance Local Media*, 918 F.3d at 1168.

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process," and "establishes a general presumption" in favor of public access, including "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311. Corellium fails to meet the high bar of showing "good cause" to overcome that presumption. *Id.* at 1309.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court deny Corellium's Motion to Seal.

| | |
|---|---|
| Dated: January 24, 2020 | Respectfully Submitted, |
| | *s/ Martin B. Goldberg* |
| Kathryn Ruemmler* | Martin B. Goldberg |
| *kathryn.ruemmler@lw.com* | Florida Bar No. 0827029 |
| Sarang Vijay Damle* | *mgoldberg@lashgoldberg.com* |
| *sy.damle@lw.com* | *rdiaz@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.