UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANTS'** *UNOPPOSED* **MOTION TO FILE UNDER SEAL EXHIBITS 2, 3, AND 4 TO CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROVIDE BETTER AND COMPLETE ANSWERS TO INTERROGATORIES**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of Exhibits 2, 3 and 4 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories ("Motion to Compel"), and in support thereof, states as follows:

## BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On November 8, 2019, Corellium served its First Set of Interrogatories on Apple.

3. On December 19, 2019, Apple served its Responses and Objections to Corellium's First Set of Interrogatories.

4. On January 22, 2020, Apple served its Amended Responses and Objections to Corellium's First Set of Interrogatories.

5. Corellium has drafted and is prepared to file its Motion to Compel. Attached as Exhibit 2, 3, and 4 to the Motion to Compel are documents that have been designated "Confidential – Attorneys' Eyes Only" ("AEO") due to the highly confidential, proprietary, and trade secret information contained in therein.

6. Specifically, Exhibit 2 attached to the Motion to Compel is Apple's Responses and Objections to Corellium's First Set of Interrogatories.

7. Exhibit 3 attached to the Motion to Compel is Apple's Amended Responses and Objections to Corellium's First Set of Interrogatories.

8. Exhibit 4 attached to the Motion to Compel is Apple's Response to Corellium's Deficiency Letter relating to Apple's responses to Corellium's first round of discovery.

9. On January 13, 2020, Plaintiff filed its Motion to Compel Defendant to Produce Responsive Documents and Provide Complete Discovery Responses and Incorporated Memorandum of Law [D.E. 68] ("Motion to Compel").

10. Corellium has designated Exhibits 2, 3, and 4 as "Confidential – Attorneys' Eyes Only" ("AEO")

11. Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File Exhibit 2, 3, and 4 attached to Corellium Motion to Compel under seal.

12. Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal the entirety the Exhibit 2, 3, and 4 of Corellium's Motion to Compel.

CASE NO.: 9:19-CV-81160-RS

**MEMORANDUM OF LAW**

**I.   Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.   Good Cause Exists for the Court to Seal Exhibit 2, 3, and 4**

In this instance, good cause exists for this Court to seal Exhibit 2, 3, and 4 to Corellium's Motion to Compel. In particular, Exhibit 2 is Apple's Responses and Objections to Corellium's First Set of Interrogatories ("Responses"), Exhibit 3 is Apple's Amended Responses and Objections to Corellium's First Set of Interrogatories ("Amended Responses"), and Exhibit 4 is Apple's Response to Corellium's Deficiency Letter relating to Apple's responses to Corellium's first round of discovery ("Response to Corellium's Deficiency Letter"), all of which contain highly-confidential, proprietary, and trade secret information that must be protected from public viewing. As such, Corellium has designated the entirety of Exhibit 2, 3, and 4 as AEO to ensure

its confidentiality is kept. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained in the Apple's Responses, Amended Responses, and Response to Corellium's Deficiency Letter, this Court must seal Exhibit 2, 3, and 4 of Corellium's Motion to Compel.

A proposed order is submitted herewith.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file Exhibit 2, 3, and 4 attached to Corellium's Motion to Compel under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on January 24, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: January 24, 2020                    Respectfully submitted,

                                           By:  s/ *Lizza C. Constantine*
                                                JONATHAN VINE
                                                Florida Bar No.: 10966
                                                JUSTIN LEVINE
                                                Florida Bar No.: 106463
                                                LIZZA CONSTANTINE
                                                Florida Bar No.: 1002945

CASE NO.: 9:19-CV-81160-RS

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

        *and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on January 24, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

CASE NO.: 9:19-CV-81160-RS

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*