**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                          Plaintiff,

      v.

CORELLIUM, LLC,

                    Defendant.

**PLAINTIFF APPLE INC.'S REPLY**
**REGARDING ITS MOTION TO COMPEL**
**DEFENDANT CORELLIUM, LLC TO PRODUCE RESPONSIVE**
**DOCUMENTS AND PROVIDE COMPLETE DISCOVERY RESPONSES**

Corellium does not dispute there is a broad swath of information Apple has requested that Corellium outright refuses to produce.  And while Corellium amended its responses to Apple's Requests for Production just last week (nearly four months after Apple first served the Requests), the problems with its responses remain and, in fact, have worsened.[1]

***Corellium's Amended Responses Are Insufficient.***  Parties are required to give specific objections so that the requesting party knows what the responding party is and is not producing. *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[O]bjections to discovery must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'") (citation omitted).  Corellium's responses still do not provide that certainty.  First, Corellium's amended responses contain numerous *new* objections, all of which are untimely because they were not stated "within the time provided by the Federal Rules of Civil Procedure."  Local R. 26.1(e)(2)(A).[2]  Second, Corellium is still obscuring what, exactly, it will produce.  To take just one example (of many), Corellium suggests it will limit its production in response to RFP No. 24 to what it calls "facilitation of study and research of iOS," and will not produce documents related to the Corellium Apple Product's technology more generally.  ECF No. 77 ("Resp.") at 4–5.  Yet in its amended response to that request, following a litany of objections, it states: "Corellium will produce non-privileged documents responsive to this Request."  ECF No. 77-1 at 15.  Corellium must clarify what it will produce.

***Corellium's Trade Secret/Proprietary Objections Are Meritless.***[3]  Corellium's response and amended answers also demonstrate that Corellium refuses to produce highly relevant and plainly discoverable information.  Apple has alleged that the Corellium Apple Product infringes Apple's copyrights in iOS and related software and images, that Corellium contributes to others' infringement of those works, and that Corellium traffics a tool designed to circumvent access and

---

[1] Corellium has incorporated by reference arguments advanced in its response to Apple's Motion to Compel regarding Apple's Interrogatories (ECF No. 76).  Apple does the same.

[2] Corellium also changed entirely its position on some requests.  For example, Corellium originally agreed to produce documents responsive to RFP No. 25, but now says it will not produce any documents in response.  Also, while Corellium asserts it "remove[d] all language containing 'to the extent it seeks'" from its Amended Responses (Resp. at 3), it has not in fact done so.  *See* ECF No. 77-1 at 4–19, 21–22, 36  (RFP Nos. 1–4, 7–16, 18–19, 22–25, 31–32, 34–36, 41–43, 83).

[3]  In its amended responses, Corellium asserted numerous newly expanded trade secret, confidentiality, and proprietary objections.  *See, e.g.*, ECF No. 77-1 at 4–29, 31–33, 35–37 (RFP Nos. 1–4, 7–16, 18–19, 22–25, 30–32, 34–37, 41–43, 50–53, 55, 57–64, 70, 73, 79, 83).

copy controls that protect those works.  ECF No. 56 ¶¶ 45–77.  Corellium defends itself on technical bases—asserting that its product does not circumvent any Apple controls—and on the grounds of "fair use," asserting that its product constitutes transformative technology and is used for good-faith security research in a way that only modestly competes with Apple.  Corellium now—*after* being served with a motion to compel—objects to producing key information about its technology, customers, business, and financial information that is necessary for Apple's claims and damages, and Corellium's defenses, on the grounds that such information constitutes "trade secrets," is "irrelevant," and is "not proportional."  Such objections are unsupported.

"It is well settled that there is no absolute privilege for trade secrets and similar confidential information."  8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2043 (3d ed.).  Rather, the Federal Rules of Civil Procedure establish a specific mechanism for parties that want to withhold information based on a "trade secret" claim—the seeking of a protective order pursuant to Rule 26(c)(7).  Despite having Apple's First Set of Requests for Production since October, Corellium has not sought a protective order to address any requests therein.  That choice itself is telling.  Nevertheless, Corellium's "trade secret" objection should be analyzed the same way as a motion for a protective order under Rule 26(c)(7).  *See, e.g.*, *Am. Standard Inc. v. Humphrey*, No. 3:06-cv-893-J-32MCR, 2007 WL 1186654, at *2 (M.D. Fla. Apr. 19, 2007).  Under that standard, the party resisting discovery on the basis of a "trade secret" objection must first meet its burden to show "that the information sought is a trade secret and that disclosure may be harmful."  *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001).  To do so, a party must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Am. Standard*, 2007 WL 1186654, at *2.  "Only after such a showing is made does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary."  *Id*. at *3.

Corellium cursorily claims that producing technical, business, and financial information about the Corellium Apple Product—that is, *the product accused* of infringing Apple's copyrights—"will severely injure Corellium's business and will cause irreparable harm" because it constitutes "proprietary and trade secret information."  Resp. at 3.  Corellium provides no evidence supporting this claim.  Nor does Corellium explain how disclosure of such information could possibly be harmful given the Protective Order in this case.  As courts regularly recognize, "any potential harm is obviated by the previously entered Confidentiality Order that limits the use

2

of this information to this litigation and to those who would be privy to it." *OKO Int'l Co. v. Haurex Italy, S.r.l*, No. 12-60405-CIV, 2012 WL 12899041, at *1 (S.D. Fla. Dec. 11, 2012).

Corellium also has not established that documents related to its customers constitute trade secrets. Corellium did not "submit[] an affidavit outlining affirmative steps [it] has taken to keep its customers . . . confidential or identified any non-disclosure agreements it has with its . . . customers." *Coty Inc. v. C Lenu, Inc.*, No. 10-21812-CIV, 2010 WL 5392887, at *3 (S.D. Fla. Dec. 22, 2010). To the contrary, some of its customers have been publicly identified or publicly identified themselves. *See* ECF No. 56 at 13 n.5, 17 n.9. Furthermore, "even assuming, arguendo, that disclosing the customer list reveals trade secret or confidential commercial information," the Protective Order in this case (ECF No. 50) adequately accounts for Corellium's concerns. *OKO Int'l Co.*, 2012 WL 12899041, at *1. And Corellium has already recognized as much, since it already disclosed its customer list pursuant to the protections in that Order. Having done so, Corellium cannot plausibly claim that all documents relating to those same customers are immune from discovery. Corellium's objections to producing customer documents must be overruled. *See Dish Network L.L.C. v. Fraifer*, No. 8:16-CV-2549-T-17TBM, 2017 WL 3701140, at *3 (M.D. Fla. May 24, 2017) ("[D]iscovery related to the manufacturers, suppliers, and sellers or resellers of the [accused product] is relevant to the copyright allegations and defenses and appropriate for discovery in this matter. The claim of trade secret as to these matters is overruled.").

***Corellium's Burden, Proportionality, and Relevance Objections Are Meritless.*[4]** Corellium's argument that Apple's requests constitute burdensome "fishing" is equally unavailing. Where, as here, the sought-after facts relate to the central issues in the case, "a broad search for facts, and indeed 'fishing' for evidence is permitted." *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012). A party asserting a burden objection "must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden." *Zamperla, Inc. v. I.E. Park SrL*, No. 6:13-cv-1807-ORL-37KRS, 2014 WL 12614505, at *2 (M.D. Fla. Nov. 3, 2014) (citation omitted). And the resisting party also "must show that the requested discovery has no possible bearing on the claims and defenses raised in the case." *Lombardi v. NCL (Bahamas) Ltd.*, No. 15-

---

[4] In its amended responses, Corellium asserted numerous newly expanded burden, proportionality, and relevance objections. *See* ECF No. 77-1 at 4–22, 24–36 (RFP Nos. 1–4, 6–16, 18–19, 21–25, 27, 30–32, 34–43, 50–53, 55, 57–65, 67, 69–71, 73, 75, 77–79, and 81–83).

20966-CIV, 2015 WL 12085849, at *1 (S.D. Fla. Dec. 11, 2015).

Information about the Corellium Apple Product is plainly relevant to this action, as is information about Corellium's testing, analysis, and evaluation of the Corellium Apple Product and any associated hardware. The premise of Corellium's relevancy objection is that "the only matter at issue [in this case] is the facilitation of the study of iOS, *not* Corellium's core virtualization technology." Resp. at 4. Not so. Apple has sued Corellium because the Corellium Apple Product—that is, the hardware *and* iOS software that the product impermissibly modifies, copies, and incorporates into itself—infringes Apple's copyrights and the sale of the product violates the DMCA's anti-trafficking provisions. Thus, information about and related to the Corellium Apple Product is squarely relevant to the central issues in this case. *See, e.g.*, *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1153 (9th Cir. 2011) (addressing hardware and software of infringing product that incorporated copyrighted Apple operating system). Corellium has not provided the requisite "detailed affidavits or other evidence" to establish its claim of undue burden, nor explained why a small company that has been in business for just over two years, and has only ███████████ for the Corellium Apple Product, cannot produce information about that product.

Corellium's refusal to produce documents related to, or communications with, those █ customers is equally inapt. Corellium's fair use defense directly puts at issue "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1)). Apple's contributory infringement claim makes directly relevant and proportional the requests for information about the individuals and/or entities that have purchased Corellium's infringing product. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). And communications between Corellium and its customers addressing the trafficking of the Corellium Apple Product are directly relevant to Apple's DMCA anti-trafficking claim. Given that largely undisputed legal framework, the information Apple seeks about Corellium's customers as well as about Azimuth Security, █ ███████████████████████████, is plainly relevant and subject to discovery. *Cf. Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011) ("To determine whether Defendants' use of these images was fair, Plaintiff is entitled to discover the full extent of the alleged use."). Corellium's assertion that, because it provided its customer list in an interrogatory response, it does not have to produce any documents related to its customers is patently meritless. While Rule 33 allows a party to produce

documents in lieu of interrogatory responses, no authority allows a party to answer an interrogatory in lieu of producing responsive documents.  Rather, "[a] party must produce documents in response to a request for production where those documents are 'in the responding party's possession, custody, or control[.]'"  *Dish Network*, 2017 WL 3701140, at \*2 (citing Fed. R. Civ. P. 34(a)).

Corellium's objection to producing its "financial records" and "strategies Corellium has as to its pricing, sales plans, forecasts, financial projections, or sales projections," Resp. at 4–6, likewise lacks merit.  All the requests Corellium targets are either specific to the Corellium Apple Product or to Corellium's actions with respect to its business, which is built on the sale of the Corellium Apple Product.  Corellium's actions are directly relevant both to whether it willfully infringed Apple's copyrighted works and to the amount of damages that are warranted against it. *See, e.g.*, *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851–52 (11th Cir. 1990).  And requests directed to Corellium's business plans and projections are directly relevant to its fair use defense.  *See Barcroft Media, Ltd. v. Coed Media Grp.*, LLC, 297 F. Supp. 3d 339, 353 (S.D.N.Y. 2017) (rejecting fair use defense given, *inter alia*, the defendant's "business model").  For example, in RFP 38, Apple requests "[a]ll communications between Corellium and any Foreign government entity, or any agent thereof, *regarding the Corellium Apple Product or iOS virtualization technology*."  ECF No. 68-1 at 15 (emphasis added.)  Corellium's financial and sales records *for its infringing product* are directly relevant to both its fair use argument—which requires the Court to evaluate the commerciality of Corellium's product and its competition with Apple's own market—and to Apple's damages claims.  *See* 17 U.S.C. § 504(b) (one measure of infringement damages is "any profits of the infringer that are attributable to the infringement").

*Corellium's Baseless Privilege Objection*.  Finally, the Court should order Corellium to produce all documents it intends to rely on at any hearing or at trial, as well as documents related to its affirmative defenses.  Corellium contends that disclosing such documents will convey its counsel's "legal theories and mental impressions." Resp. at 6.  Yet Corellium cites only inapposite case law addressing "documents or tangible things . . . prepared in anticipation of litigation or for trial," *id.* (citing *U.S. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 65 (S.D. Fla. 1990))—something Apple is not seeking.  Apple's requests do not require disclosure of any privileged information, and courts regularly require parties to produce the documents they intend to rely on during litigation.  *See, e.g.*, *Thompson v. Equifax Info. Servs., LLC*, No. 2:18-CV-12495-TGB, 2019 WL 2059123, at \*3 (E.D. Mich. May 9, 2019).  The Court should do so here as well.

Dated: January 24, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

6

## CERTIFICATE OF SERVICE

I, Emily L. Pincow, do hereby certify that on January 24, 2020, I caused a copy of the

foregoing Plaintiff Apple Inc.'s Reply Regarding Its Motion To Compel Defendant Corellium,

LLC to Produce Responsive Documents and Provide Complete Discovery Responses to be

served via email upon:

Brett Govett
Robert Greeson
Jackie Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Jonathan Vine
Justin Levine
Lizza Constantine
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com


*s/ Emily L. Pincow*
Emily Pincow