UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANTS'** *UNOPPOSED* **MOTION TO FILE UNDER SEAL PORTIONS OF CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROVIDE BETTER RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Motion to Compel Plaintiff to Provide Better Responses to Defendant's First Set of Requests for Production ("Motion to Compel") and Exhibits 2, 3 and 4, and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On November 8, 2019, Corellium served its First Set of Request for Production to Apple.

3.  On December 19, 2019, Apple served its Responses and Objections to Corellium's First Set of Request for Production.

4.  On January 22, 2020, Apple served its Amended Responses and Objections to Corellium's First Set of Request for Production ("Amended Responses"). Apple designated the entirety of its Interrogatory Answers as "Confidential" and further designated some portions as Attorneys' Eyes Only ("AEO").

5.  The Motion to Compel contains information Apple designated as Confidential and AEO in its Amended Responses.

6.  On January 27, 2020, Corelium notified counsel for Apple that it intended to file this Motion to Seal. Counsel for Apple does not oppose the relief sought herein.

7.  Consistent with the Protective Order and Apple's confidentiality and AEO's designations, Corellium moves to file under seal portions of its Motion to Compel and Exhibits 2, 3 and 4. Corellium reserves all rights to challenge Apple's designation of this and other material as Confidential and AEO.

## MEMORANDUM OF LAW

### I.  Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate

privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.   Good Cause Exists for the Court to Seal Portions of Corellium's Motion to Compel and Exhibits 2, 3 and 4

In this instance, good cause exists for this Court to seal portions of Corellium's Motion to Compel and Exhibits 2, 3 and 4. In particular, the Motion to Compel contain portions that have been designated by Apple as confidential and AEO. Moreover, Exhibit 2 contains Apple's initial responses to Corellium's Request for Production, Exhibit 3 contains Apple's Amended Responses, and Exhibit 4 contains Apple's response to Corellium's Deficiency Letter. These exhibits have been designated confidential and some portions have been designated as AEO. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential and AEOs designations to Apple's initial responses, Amended Responses and response to Corellium's deficiency letter, this Court must seal portions of Corellium's Motion to Compel and Exhibits 2, 3 and 4.

A proposed order is submitted herewith.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Motion to Compel under seal, and Exhibits 2, 3, and 4, and ordering that the materials remain under seal through the final resolution of this matter,

including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on January 27, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: January 27, 2020                                    Respectfully submitted,

        By:   s/ *Lizza C. Constantine*
              JONATHAN VINE
              Florida Bar No.: 10966
              JUSTIN LEVINE
              Florida Bar No.:  106463
              LIZZA CONSTANTINE
              Florida Bar No.: 1002945

              COLE, SCOTT & KISSANE, P.A.
              *Counsel for Defendant*
              Esperante Building
              222 Lakeview Avenue, Suite 120
              West Palm Beach, Florida 33401
              Telephone (561) 383-9222
              Facsimile (561) 683-8977
              E-mail: jonathan.vine@csklegal.com
              E-mail: justin.levine@csklegal.com
              E-mail: lizza.constantine@csklegal.com


                 *and*

              NORTON ROSE FULBRIGHT
              *Counsel for Defendant*
              2200 Ross Ave.
              Dallas, Texas 75201
              Telephone (214) 855-8000
              Facsimile (214) 855-8200

CASE NO.: 9:19-CV-81160-RS

Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on January 27, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,
Apple Inc.*