UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.
    _____/

## CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROVIDE BETTER AND COMPLETE ANSWERS TO INTERROGATORIES

Defendant CORELLIUM, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1(g), respectfully moves this Court for an order compelling Plaintiff Apple Inc. ("Apple") to properly and fully answer Corellium's First Set of Interrogatories ("Interrogatories") and to overrule Plaintiff's objections, and states as follows:

**FACTUAL BACKGROUND**

On November 8, 2019, Corellium served its First Set of Interrogatories on Apple, which consisted of only twelve Interrogatories. *See* Exhibit 1. On December 19, 2019, Apple served its Responses and Objections to Corellium's First Set of Interrogatories. *See* Exhibit 2. On January 22, 2020, Apple served its Amended Responses and Objections to Corellium's First Set of Interrogatories.[1] *See* Exhibit 3.

In an attempt to resolve the objections contained in Apple's responses without court intervention, Corellium, on several occasions, including December 21, 2019, January 3, 2020, and January 17, 2020 conferred with Apple. Additionally, on January 6, 2020, Corellium served Apple a Deficiency Letter ("Deficiency Letter"), to which Apple responded on January 15, 2020 ("Response to Deficiency Letter"). *See* Exhibit 4. Despite Corellium's attempts to avoid utilizing court resources, the parties have not been able to come to an agreement.

1. **Generic and Boilerplate Objections**

In its Answers, Apple asserts a considerable number of generic and boilerplate objections. *See* Exhibit 3. The Southern District, however, "as well as many other [Courts], disfavor[] 'general objections' that fail to discuss deficiencies in specific discovery requests."[2]

In the instant action, Apple asserts boilerplate and generic objections to nearly every, if not all, of Corellium's Interrogatories. *See* Exhibit 3. Apple contends, however, in its response to Corellium's Deficiency Letter, that "even a cursory review of Apple's discovery responses reveals that Apple's responses do not in fact contain boilerplate objections" *See* Exhibit 4. Apple's statement, however, is not only obviously incorrect but in bad faith as well.

Indeed, Apple objects to Interrogatory Nos. 3, 5, 6, 7, 10, 11, and 12 on various bases, including confidentiality, proprietary information and trade secrets. *See* Exhibit 3. This notwithstanding, Apple fails to provide any explanation whatsoever relating to the privilege including the specific nature of the privilege, the subject matter, or even the parties involved.

---

[1] The Parties, via email on January 15, 2020, agreed to extend Corellium's deadline to file Corellium's discovery motions to compel through Monday, January 27, 2020. *See* Exhibit 6.
[2] *See, e.g., Puccio v. Sclafani,* No. 12–61840, 2013 WL 4068782, at *3 (S.D. Fla. Aug.12, 2013); *see also Chavez v. Merchtil Commercebank, N.A.,* No. 10–23244–CIV, 2011 WL 1135005, at *1 (S.D. Fla. Mar. 28, 2011) (overruling general objections because Plaintiff's general objections failed to satisfy "the requirements of specificity required by Local Rule 26.1(g)(3)(A)").

*Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (citing to S.D. Fla., Local Rule 26.1(G)(3)(b)) ("[g]eneralized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine do not comply with local rule which requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others."). Moreover, in light of the operative Protective Order [D.E. 49], this objection has no merit and any information that is confidential should be designated as such, but ultimately provided.

In addition to Apple's boilerplate objections, Apple further propounds the improperness of its Answers to Interrogatory Nos. 5, 6, 8, and 9 by qualifying its Answers with the statement:

███████████████████████████████████████████████████████████████████████

*See* Exhibit 3. Apple's use of this language, however, is in direct conflict with Apple's statement in its response to Corellium's Deficiency Letter in which it assures it will "remove the 'subject to, as limited by, and without having waiving any of the foregoing' language from its Interrogatory Responses." *See* Exhibit 4.

Lastly, Apple objects to Interrogatory Nos. 3, 7, 8, and 10 on the basis that they are compound and that each should be counted as multiple Interrogatories. *See* Exhibit 3. However, consistent with Federal Rule of Civil Procedure 33, these Interrogatories contains subparts that are counted as one interrogatory. *See* Fed. R. Civ P. 33(a); *see also New river Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at * (S.D. Fla. June 30, 2008) ("construed the term 'discrete subparts' as meaning that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question."). In particular, Interrogatory Nos. 3 and 7 seek information relating to the central issue of reported bugs to Apple and Interrogatory Nos. 8 and 10 seek information relating to the central issue of payments made by Apple to Corellium for bugs.[3] Thus, the Interrogatories contains subparts that should be counted as one interrogatory.

2. **Particularized Objections to Interrogatories**

---

[3] Apple's awareness of reported bugs as well as payments associated with these bugs is relevant to Corellium's affirmative defenses and counterclaims, such as laches and acquiescence.

**Interrogatory Nos. 3 and 7:**

In Apple's Answer to Interrogatory Nos. 3 and 7, Apple indicates that it will provide responsive documents in lieu of an answer. *See* Exhibit 3. However, Apple has not "identif[ied] the records from which the answer may be derived" as required by the Federal Rules of Civil Procedure. *See Spadaro*, 2012 WL 12862641, at *6 ("And moreover, although Federal Rule of Civil Procedure 33(d) does permit a party to answer an interrogatory by identifying the records from which the answer may be derived, the Rule requires that the responding party ***specify the records*** 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'"). Accordingly, Apple's Answers are improper.

**Interrogatory No. 4:**

Apple objects to Interrogatory No. 4 on the basis that it is not proportional to the needs of the case because ███████████████████████████████████████ *See* Exhibit 3. Despite Apple's contention, Apple's awareness of Corellium's employees is relevant to the instant lawsuit. In particular, Apple's awareness of Corellium's employee's products, which would be included in the Interrogatory, is relevant to Corellium's affirmative defenses, such as laches.



. Apple's awareness of Virtual and its technology is relevant to Corellium's affirmative defenses and counterclaims. Accordingly, Apple's objection is improper and must be overruled.

**Interrogatory Nos. 5 and 6:**

Apple objects to Interrogatory Nos. 5 and 6 on the basis that they are overly broad as they request information that is irrelevant to any claims in this case. *See* Exhibit 3. This, however, is simply untrue. Interrogatory No. 5, for example, seeks "why Apple was interested in acquiring Corellium," which is undoubtedly relevant to Corellium's affirmative defenses and counterclaims, such as laches and acquiescence. *Id.* Moreover, Interrogatory No. 6 seeks information pertaining to Apple's opinion of the value of Corellium and its products and services, which again relates to Corellium's affirmative defenses and counterclaims, including restraint on trade. *Id.*

**Interrogatory Nos. 8 and 9:**

Apple objects to Interrogatory Nos. 8 and 9 on the basis that the information requested is ████████████ or ████████████████████████ *See* Exhibit 3. This objection,

however, is improper and not conducive to the discovery process or in the spirit of fair discovery. Indeed, the Southern District, as well as other Florida courts, have found "these objections insufficient to preclude production of the requested information." *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV, 2007 WL 4893477, at *2 (S.D. Fla. Nov. 1, 2007); *see also, Potts v. Ford Motor Company*, No, 04-CV-74, 2005 WL 8163080, at *2 (N.D. Fla. May 26, 2009). Additionally, the assertion that documents are in possession of Defendant is not a valid objection. *See Emergency Servs. 24, Inc. v. Federated Mut. Ins. Co.*, No. 11-60814-CIV, 2011 WL 5360080, at *11 (S.D. Fla. Nov. 4, 2011) (compelling production despite Plaintiff's objection that "Defendant is already in possession of the same.").

Additionally, Apple objects to Interrogatory Nos. 8 and 9 because the definition of "value" is vague and ambiguous. *See* Exhibit 3. Initially, this objection is baseless because Interrogatories Nos. 8 and 9 specifically seek the value that *Apple* places on the bugs. Furthermore, Corellium defines "value" in Interrogatory No. 6, merely two Interrogatories prior to this objection. *Id.*

As it relates to Interrogatory No. 9, Apple notes that ███████████████████████ ███████████████████████████████████████████████████████████████████████████████ █████████████ *Id.* As explained in *Ecometry*, the Southern of Florida found this type of answers lacking a "bona fide effort to respond to the interrogatory." *Ecometry*, 2007 WL 9706934, at *8. Therefore, Apple should supplement its answer to this Interrogatory. Apple further objects to Interrogatory No. 9 because it seeks irrelevant information, arguing that the value of bugs submitted by Corellium's employees in their individual capacity is beyond the scope of this case. *See* Exhibit 3. This, however, is not true. Indeed, the value of bugs submitted by Corellium's employees is relevant to Corellium's affirmative defenses and counterclaims, such as restraint of trade. As such, Apple's objections are improper and must be overruled.

**Interrogatory No. 10:**

Apple additionally objects to Interrogatory No. 10 in that ██████████████████ ████████████████████████████████████████████████████ is irrelevant to this lawsuit. *Id.* This, however, is not true as the total number of bugs and money paid goes directly to Corellium's affirmative defenses and counterclaims. For example, such information is relevant to restraint of trade and unclean hands. As such, Apple's objection must be overruled.

**Interrogatory No. 11:**

Apple objects to this Interrogatory on the grounds that the phrase ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ deems it vague and ambiguous. *Id.* This objection is frivolous on its face because Apple has used the same phrase in its responses to Corellium's production request. As an example, Apple responds to Corellium's Request for Production No. 33 with the following: "Apple does not believe that any person or entity offers virtualization services similar to those provided by Corellium or Corellium's Products." *See* Exhibit 5. It cannot now claim that the phrase deems the Interrogatory vague and ambiguous and then rely on the use of the same phrase.

Apple further objects on the basis that the Interrogatory seeks information that is distortional and irrelevant. *See* Exhibit 3. The requests, however, are relevant and proportional to this action because the reason(s) for which Apple filed this action against Corellium, but not several other virtualization entities will support Corellium's defenses. *See* Affirmative Defenses [D.E. 41]. In particular, it will explain the reasons why Apple does not believe other entities engaging in the same actions as Corellium are infringing its products and further relate to damages.

**Interrogatory No. 12:**

Apple objects to this request on the ground that the phrase ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ renders it vague and ambiguous. *See* Exhibit 3. These terms are used in Apple's Amended Complaint, such that is difficult to understand how these terms render the Interrogatory vague or ambiguous. *See generally* Amended Complaint. Further, these terms are also used in Corellium's Answer on pg. 6, "iEmu, an open-source iOS emulator," and on pg. 7 "launched their first virtualization platform for iOS." *See* Answers [D.E. 41]. These are all terms utilized in the industry from which this case stems and to which Apple is certainly a successful participant.

Moreover, Apple objects on the basis that this Interrogatory seeks information not relevant and not proportional to the needs of the case. *See* Exhibit 3. Corellium has made it clear in its Answer that Apple attempted to acquire Corellium's technology. *See* Answer [D.E. 41]. Apple even responded to Interrogatory 6 that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that as part of the negotiation with Corellium, Corellium provided Apple with access to its technology. *See* Exhibit 3. The information requested in this Interrogatory is crucial and vital information to defend against Apple's claims of infringement as Apple has long been aware of Corellium's technology and even "encouraged its technology." *See* Answer at 12 [D.E. 64].

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone calls with counsel for Plaintiff on December 21, 2019, January 3, 2020, and January 17, 2020, regarding the relief sought herein. Plaintiff objects to the request sought herein.

Dated: January 27, 2020                                       Respectfully submitted,

By:                                                           s/ *Lizza C. Constantine*
                                                                     JONATHAN VINE
                                                                     Florida Bar No.: 10966
                                                                     JUSTIN LEVINE
                                                                     Florida Bar No.: 106463
                                                                     LIZZA CONSTANTINE
                                                                     Florida Bar No.: 1002945

                                                                     COLE, SCOTT & KISSANE, P.A.
                                                                     *Counsel for Defendant*
                                                                     Esperante Building
                                                                     222 Lakeview Avenue, Suite 120
                                                                     West Palm Beach, Florida 33401
                                                                     Telephone (561) 383-9222
                                                                     Facsimile (561) 683-8977
                                                                     E-mail: jonathan.vine@csklegal.com
                                                                     E-mail: justin.levine@csklegal.com
                                                                     E-mail: lizza.constantine@csklegal.com


                                                                               *and*

                                                                     NORTON ROSE FULBRIGHT
                                                                    *Counsel for Defendant*
                                                                    2200 Ross Ave.
                                                                    Dallas, Texas 75201
                                                                    Telephone (214) 855-8000
                                                                    Facsimile (214) 855-8200
                                                                    Brett Govett, *Pro hac vice*
                                                                    E-mail: brett.govett@nortonrosefulbright.com

CASE NO.: 9:19-CV-81160-RS

> Robert Greeson, *Pro hac vice*
> E-mail: robert.greeson@ nortonrosefulbright.com
> Jackie Baker, *Pro hac vice*
> E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on January 27, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)

andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*