# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:19-CV-81160-RS**

| | |
|---|---|
| **APPLE INC.,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § |
| | § |
| **CORELLIUM, LLC,** | § |
| | § |
| *Defendant*. | § |

## DEFENDANT'S FIRST SET OF INTERROGATORIES

TO:  Plaintiff Apple Inc., by and through its counsel of record, Martin B. Goldberg, Lash & Goldberg LLP, 100 Southeast Second Street, Miami, Florida 33131, Kathryn Ruemmler, Sarang Vijay Damle, Elana Nightingale Dawson, Latham & Watkins LLP, 555 Eleventh Street NW, Suite 1000, Washington, DC 20004, Andrew M. Gass, Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111, and Jessica Stebbins Bina, Latham & Watkins LLP, 10250 Constellation Blvd., Suite 1100, Los Angeles, California, 90067.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Corellium, LLC ("Corellium" or "Defendant") serve its First Set of Interrogatories ("Interrogatories") to Plaintiff Apple Inc. ("Apple" or "Plaintiff").  Apple shall serve sworn written responses to Corellium within thirty (30) days of the date of these Interrogatories.  Verified answers responsive to these Interrogatories shall be produced to the law offices of Norton Rose Fulbright US LLP, Attn: Brett C. Govett, Robert L. Greeson, and Jacqueline G. Baker, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201, brett.govett@nortonrosefulbright.com, robert.greeson@nortonrosefulbright.com, and jackie.baker@norton rosefulbright.com.

Dated: November 8, 2019

**NORTON ROSE FULBRIGHT US LLP**
by:  /s/  *Brett C. Govett*
    Brett C. Govett (*Attorney in Charge*)
    brett.govett@nortonrosefulbright.com
    Texas Bar No. 08235900
    Robert L. Greeson
    robert.greeson@nortonrosefulbright.com
    Texas Bar No. 24045979
    Jacqueline G. Baker
    Jackie.baker@nortonrosefulbright.com
    Texas Bar No. 24109609
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

**BERGER SINGERMAN LLP**

    Gavin C. Gaukroger
    Florida Bar No. 76489
    Geoffrey A. Lottenberg
    Florida Bar No. 56240
    ggaukroger@bergersingerman.com
    glottenberg@bergersingerman.com
    drt@bergersingerman.com
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

**COLE, SCOTT AND KISSANE, P.A.**

    S. Jonathan Vine
    Florida Bar No. 10966
    Justin B. Levine
    Florida Bar No. 106463
    Lizza Carola Constantine
    Florida Bar No. 1002945
    justin.levine@csklegal.com
    lizza.constantine@csklegal.com
    jonathan.vine@csklegal.com
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

                **COUNSEL FOR DEFENDANT**
                **CORELLIUM, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that I served the foregoing document through e-mail on the following counsel of record on November 8, 2019:

Martin B. Goldberg
mgoldberg@lashgoldberg.com
Lash & Goldberg LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler
Sarang Vijay Damle
Elana Nightingale Dawson
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

Andrew M. Gass
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111

Jessica Stebbins Bina
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067

                 */s/ Justin B. Levine*
                 Justin B. Levine
                 FBN: 106463

## DEFINITIONS AND INSTRUCTIONS

### I.      Definitions

The following terms shall be given the broadest interpretation allowed under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules and shall have the following meanings:

1. This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC*, No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

2. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

4. "Any" shall be construed to mean "any and all."

5. "Apple," "Plaintiff," "You," and "Your" means Apple Inc. and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, as well as agents or Persons employed by or acting on any of their behalf or otherwise under any of their control.

6. "Communication" or "Communications" means any contact or act by which information or knowledge is transmitted or conveyed between two or more Persons, entities, or a combination thereof and includes, without limitation: (1) written contact, whether by letter, memoranda, e-mail, text message, SMS message, iMessage, telegram, telex, or other written or electronic document or file; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

7. "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 in this Action (ECF No. 1).

8. "Corellium" or "Defendant" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, as well as any agents or Person employed by or acting on any of their behalf or under any of their control. The definition of Corellium includes all of Corellium's employees in their individual capacities, both prior to, during, and after their employment with Corellium, and in their capacity as Corellium employees during their employment.

9. "Corellium's Products" means all products, software and hardware, developed, produced, or sold by Corellium that enable creation of at least one Virtual Device.

10. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

11. "Dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

12. "Document(s)" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and includes, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronic or magnetic data, and any electronic or magnetic data should be produced in its unaltered, native-file format in which such data is ordinarily kept. All documents should be produced without alteration and with any and all exhibits and attachments thereto. A draft or non-identical copy of any document or record is a separate document within the meaning of this term.

13. "Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a. Structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

    b. Activity listings of electronic mail receipts and/or transmittals;

    c. Output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS)

        iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, Source Code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d. Any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

    e. Any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

    f. Any and all data, data compilations, and data analyses.

14. "Foreign" means any country except the United States of America.

15. "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

16. "Identify" means that the following information shall be provided:

    a. When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s);

    b. When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license;

    c. When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

    d. When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (*e.g.*,

        corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

    e.    When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (*e.g.*, telephone conversation, text message, e-mail); and (iv) its content and substance.

17. "Including" shall be construed to mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

18. The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

19. The terms "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems. Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

20. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

21. "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component. The scope of this term includes all comments. To the extent Source Code is maintained in a repository in the ordinary course of business, the scope of this term includes the full repository and not any one version of the repository.

22. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

23. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

24. "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

## II. Instructions

1. Please answer the following Interrogatories fully. You shall respond by answering each of these Interrogatories in writing and under oath.

2. You are required to answer these Interrogatories drawing upon all materials in Your possession, custody or control, including material which you have a right to secure from any other source. You must provide all information in response to an Interrogatory which is known to You, Your agents and representatives or which appears in Your records. You must answer to the best of your ability, even if the most complete answer would require access to materials beyond Your possession, custody or control. If You cannot answer an Interrogatory after conducting a reasonable investigation, You should answer to the extent You can, stating what information You do have, what information You cannot provide, and what efforts You made to obtain the unknown information.

3. If any Interrogatory has subparts, answer each subpart separately and fully, and do not limit Your answer to the Interrogatory as a whole. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder of the Interrogatory, and state whatever information and knowledge You have regarding the unanswered portion.

4. The scope of these Requests for Production is not limited to information that would be admissible as evidence before the Court, but includes information that would reasonably lead to the discovery of admissible evidence.

5. These Interrogatories are continuing in nature and You are required to supplement or correct Your responses pursuant to Federal Rule of Civil Procedure 26(e) in the event that additional responsive information or materials are obtained.

6. In the event You object to any Interrogatory, Your response must: (a) identify with particularity any information falling within any category or item in the demand to which an objection is being made; and (b) set forth clearly the extent of and specific ground for the objection. The objections are to be signed by the attorney making them.

7. If only part of any item or category is objectionable, Your response shall contain a statement of compliance or a representation of inability to comply with respect to the remainder of that item or category.

8. If You claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any portion thereof, You shall set forth in complete detail each and every fact and ground upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

9. References to an entity include a reference to persons employed by that entity, associated in any way with that entity, or otherwise subject to that entity's control (*i.e.*, a request for production seeking "all communications with Company X" includes a request for "all communications with persons employed by Company X, associated in any way with Company X, or otherwise subject to Company X's control").

10. As used in these Requests for Production, defined terms shall have the meaning set forth in the Definitions section above, regardless of whether the defined term is capitalized.

11. The use of the singular term of any word includes the plural and vice versa.

12. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

13. Unless otherwise stated in a particular Interrogatory, the time period for the request shall be from January 1, 2011 to the present and continuing into the future.

14. If you believe that any term or word used in these requests for production is confusing, vague, or ambiguous, you are instructed to use the definition of the term or word as contained in the American Heritage Dictionary. In addition, please note that should you find any of these requests vague, ambiguous, confusing, or otherwise difficult to understand, you should feel free to contact Jackie Baker at (214) 855-8048. She will be happy to further explain the precise nature of the documents sought by any such request.

**CORELLIUM'S FIRST SET OF INTERROGATORIES TO APPLE**

**INTERROGATORY NO. 1:**  Describe the complete factual and legal basis for Your contention that Corellium has infringed on any of Apple's asserted copyrights in this Action, including identifying all documents You will rely upon in support of such contention.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Describe the factual and legal reasons why Apple did not send any cease and desist letters, notices of copyright infringement, or other notices of alleged wrongdoing to Corellium regarding Corellium's products and services prior to filing Your Complaint in this Action.

**RESPONSE:**

**INTERROGATORY NO. 3:**  Describe in detail any bugs, exploits, vulnerabilities or other software flaws in iOS of which Apple or its employees currently are, or have ever been, aware that was submitted by Corellium, Corellium's Employees, or by any person using Corellium's Products.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify the date when Apple first became aware of Corellium or Corellium's products and services and describe the circumstances under which Apple first became aware of Corellium or Corellium's products and services.

    **RESPONSE:**

**INTERROGATORY NO. 5:**  Describe the reasons why Apple was interested in acquiring Corellium.

    **RESPONSE:**

**INTERROGATORY NO. 6:**  Identify Apple's opinion of the value of Corellium and Corellium's products and services.  For the purposes of this Interrogatory, "value" means, without limitation, the monetary amounts Apple considered or contemplated paying for Corellium, Corellium's Products, and Corellium's Employees, including the monetary amounts ascribed by Apple to the non-financial benefits of Corellium, Corellium's Products, and/or Corellium's Employees.

    **RESPONSE:**

**INTERROGATORY NO. 7:**  Identify all of the bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system that Corellium or any of Corellium's Employees (individually or as Corellium's employees) have reported to Apple, including the date and content of each report.

    **RESPONSE:**

**INTERROGATORY NO. 8:**  Identify all of the payments that Apple has made to Corellium or any of Corellium's Employees (individually or as Corellium's employees) as a result of all of the bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system that Corellium or its Employees (individually or as Corellium's employees) have reported to Apple, including whether or not there are any outstanding payments due to Corellium or its Employees (individually or as Corellium's employees) for the reporting of bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system and the reasons for such nonpayment.  Please include in your response why Apple has not paid Corellium for bugs submitted by Corellium along with the value of the bugs submitted by Corellium for which no payment was made by Apple.

    **RESPONSE:**

**INTERROGATORY NO. 9:**  Identify the value, individually and collectively, that Apple places on the bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system that Corellium or any of Corellium's Employees (individually or as Corellium's employees) have reported to Apple, including the date and content of each report.

    **RESPONSE:**

**INTERROGATORY NO. 10:**  Identify:  (a) the total number of bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system that have been reported to Apple whether or not a part of Apple's Bug Bounty Program; and (b) the total amount of money paid to third parties as a result of the reporting of bugs, exploits, vulnerabilities, or other software flaws in the iOS operating system whether or not a part of Apple's Bug Bounty Program.

**RESPONSE:**




**INTERROGATORY NO. 11:**  Describe the legal and factual basis for Apple's decision to file this Action against Corellium but not file any legal actions against the entities that provide similar virtualization services as Corellium including, without limitation, FireEye, VMWare, and Appetize.io.

**RESPONSE:**




**INTERROGATORY NO. 12:** Identify and describe Apple's internal development of hypervisor, emulation, simulation, and virtualization hardware and software, including the names, relevant dates for such development projects, and Apple employees working on such projects.

**RESPONSE:**

## VERIFICATION

STATE OF

COUNTY OF

  BEFORE ME, the undersigned authority, personally appeared _____, who, after being duly cautioned and sworn, deposes and says that he/she has read the above or attached Answers to Defendant's First Set of Interrogatories and that he/she has set his/her hand and seal thereto for the purposes therein expressed.

               ___APPLE INC.___

The foregoing instrument is sworn to and subscribed before me this ____ day of _____, 2019, by _____, who is:

1. _____ Personally known to me.
2. _____ Who has produced following as identification:

          _____
          Printed Name

Given under my hand and official seal
This ___ day _____ of 2019.

My Commission Expires: [Notary Seal]

          _____
          Printed or typed name

          Dated this ____ day of _____, 2019