UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROPERLY RESPOND TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION, PRODUCE RESPONSIVE DOCUMENTS AND TO OVERRULE PLAINTIFF'S OBJECTIONS[1]**

Defendant, CORELLIUM, LLC ("Defendant" or "Corellium"), pursuant to Federal Rule of Civil Procedure 37 and S.D. Local Rules 7.1 and 26.1(e), respectfully moves this Court for an order compelling Plaintiff, APPLE INC. ("Plaintiff" or "Apple") to provide proper responses to Corellium's First Request for Production, produce responsive documents and to overrule Plaintiff's Objections (the "Motion"), and in support thereof, states as follows:[2]

---

[1] The Parties, via email on January 15, 2020, agreed to extend Corellium's deadline to file Corellium's discovery motions to compel through Monday, January 27, 2020, pursuant to Local Rule 26.1(g).

[2] Corellium incorporates herein the legal arguments contained within its Motion to Compel Better and Complete Answers to Interrogatories [D.E. 93] and Motion to Compel Plaintiff to Provide Proper Responses to Defendant's First Request for Admissions [D.E. 100].

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## I. Procedural Background

On November 8, 2019, Corellium served its First Set of Production on Apple ("Production Requests"). *See* Exhibit 1. On December 19, 2019, Apple served its Responses and Objections to Corellium's First Set of Production. *See* Exhibit 2. After multiple meet and confer efforts, on January 22, 2020, Apple served its Amended Responses and Objections to Corellium's First Set of Production ("Amended Responses"). *See* Exhibit 3. Despite the Parties' efforts to avoid discovery motions due to boilerplate objections and formulaic objections, Apple continues to use boilerplate objections, among many other meritless objections in its Amended Responses.

Additionally, Apple has informed that its' ███████████████████████████ but has not provided a date certain as to when production will be completed. *See* Exhibit 4. Therefore, Corellium moves to compel Apple to provide complete responses, overrule objections and produce documents in response to its Production Requests.

## II. Formulaic and Boilerplate Objections are Improper

Parties shall not make nonspecific, boilerplate objections. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides "[w]here an objection is made to [] any document request under FED. R. CIV. P. 34, the objection shall state with specificity all grounds." Indeed, the Southern District of Florida and other district courts have held that such an objection does not survive a response. *See Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008) ("The Parties shall not recite a formulaic objection followed by an answer to the request.") (emphasis added); see also *Mann v. Island Resorts Dev., Inc.*, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009) (holding that "[t]his court cannot logically conclude that the objection survives the answer.") This notwithstanding, all of Apple's Amended Responses continue to use improper boilerplate objections followed by a response to the request. Accordingly, the Plaintiff's numerous assertions of blanket objections are improper and should be overruled.

### a. Overbroad, Unduly Burdensome, Irrelevant[3]

Apple uses the same boilerplate objections without providing any specificity to each objection as required by the rules. *Arroyo v. Infinity Indem. Ins. Co.*, No. 15-20548-CV, 2015 WL

---

[3] Amended Response Nos. 2, 3, 11, 14-23, 29-31, 33-38, 40-44, 48, 52, 56-60, 62, 64, 66, 68, 70, 73-78, 84, 87-92.

11233078, at *5 (S.D. Fla. Aug. 21, 2015). In fact, Apple concedes that it provided a myriad of boilerplate objections because it simply ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[4] In essence, Apple is merely objecting for the mere purpose of preserving its objections—not because there is an applicable objection at issue. Moreover, Apple attempts to excuse its improper boilerplate objections by claiming that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Again, the type of practice where a party objects then responds to the request, creates confusion as to whether the party making the objections is properly responding and whether certain documents are being withheld based on the myriad of objections asserted. It is not clear by Apple's Amended Responses as to what documents will be produced. Thus, these type of objections should be overruled.

      **b. Apple's Assertions that Corellium may Possess Some of the Documents is Improper.**

Next, Apple objects on the basis that some ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."[5] This assertion is not a valid basis upon which to withhold responsive documents. *See Emergency Servs. 24, Inc. v. Federated Mut. Ins. Co.*, No. 11-60814-CIV, 2011 WL 5360080, at *11 (S.D. Fla. Nov. 4, 2011) (compelling production despite Plaintiff's objection that "Defendant is already in possession of the same."). Indeed, Rule 34 requires that the requested party "permit the requesting party or its representative to inspect, copy, test, or sample the [requested] items in the responding party's possession, custody, or control." For clarification, Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Neither Rule limits production to only documents *not* already in the possession of the requesting party. Accordingly, Plaintiff's objection should be overruled.

---

[4] *See* Exhibit 4, pg. 2, Apple's response to Corellium's Deficiency Letter.
[5] Amended Response Nos. 3, 11, 14-15, 29, 31, 41-42, 47, 79, 81-83, and 88.

### c. Apple's Assertions of the Attorney-Client Privilege and the Work-Product Doctrine are Improper.

Apple objects to sixty-five[6] requests based upon alleged attorney client privilege and work product doctrine. These assertions of privilege are meritless in light of Apple's concession that it ████████████████████████████████████████████████████████████████████

████████████████████[7] Moreover, for any documents withheld based upon the grounds of attorney/client privilege or work/product doctrine, and which were generated prior to the commencement of the action, as pursuant to Local Rule 26.1, Apple must provide a sufficient privilege log to allow Corellium the ability to assess the exercise of privilege. Thus, a sufficient privilege log for all privileged documents generated prior to the commencement of the suit must be provided in accordance with the Local Rules.

### d. Apple Improperly Withholds What It Deems ███████████ ████████████████████████████████████

Apple also asserts another boilerplate objection on the basis that certain documents are ████████████████████████████████████████████████████████████████████

████████████████████[8] despite the Protective Order in place [D.E. 50]. Apple has not explained with specificity how any of the objected requests are business, trade secrets, and/or protected economic relationships besides simply listing them as objections. Moreover, confide████ is not a basis for withholding otherwise discoverable and relevant information. Such a practice is improper.

### e. Apple's Objection on the Basis of "Premature" is Improper As Any Currently Possessed Responsive Documents Should Be Produced.

Apple objects to requests 93-96 as prematurely requesting documents. *See* Exhibit 3. These objections are improper because the request is "continuing in nature" and that Apple is required to produce documents currently within its possession, custody, or control and subsequently supplement its response with future documents received. FED. R. CIV. P. 26(e). Accordingly, any

---

[6] Amended Response Nos. 3-28, 30, 32-33, 40-46, 48, 52, 56, 70, 73-82, 84-96, 98 and 99.
[7] *See* Exhibit 4, pg. 2.
[8] Amended Response Nos. 2-4, 7-18, 20-23, 28, 33, 40-46, 48, 52, 56-60, 62, 64, 66, 68, 70, 73-78, 85, 87-92.

currently responsive documents in Plaintiff's possession, custody, or control should be produced and any future realized documents should be supplemented. If Plaintiff currently has no documents responsive to these requests, it should state "None."

### f. Apple's Objections that Certain Requests are "Duplicative" or "Substantially Identical" Should Be Overruled.

Apple objects to requests nos. 4-5, 7-10, 12-13, 41-42, 49-51, 53, 55, 61, 63, 65, 67, 69, 71 and 72 on the grounds that these requests are "duplicative" or "substantially identical" of other requests. "[D]iscovery undoubtedly will overlap" when actions or claims arise from the same facts. *In re Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Products Liab. Litig.*, 598 F. Supp. 2d 1372, 1373 (U.S. Jud. Pan. Mult. Lit. 2009). It is within the Court's discretion to allow parties to employ multiple types of discovery, even if that discovery overlaps.[9] Additionally, "while it is true that the court may limit discovery if it 'is unreasonably cumulative or duplicative, . . . no showing has been made as to why it is less burdensome or more convenient for Defendant rather than Plaintiff." *Coulter*, 2013 WL 6511560, at *3 (emphasis added). Thus, pursuant to this District's precedence, the Court should overrule Apple's objections. Indeed, Apple need only to produce each document once and simply indicate in its responses which documents have already been produced in response to a prior request. *Winfield v. St. Joe Paper Co.*, 1977 WL 15327, at *2 (N.D. Fla. Nov. 10, 1977) ("Defendant objecting that "some questions will duplicate information previously given," but the Court holding "[i]t is the court's view that defendant could more properly have raised these concerns by simply answering the questions and indicating which information has already been given.").

---

[9] *See Bruhl v. Price Waterhousecoopers Int'l*, 2008 WL 2949507, at *5 (S.D. Fla. July 29, 2008) (holding "[f]or the sake of judicial economy, suffice it to say that the cited cases recognize district courts' discretion to restrict one form of discovery at a time, or to allow both simultaneously . . . there is even acknowledgment that one form of discovery can easily overlap the other one.") *see also Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 276069, at *2 (S.D. Fla. Jan. 31, 2008) (holding that "[w]hile there may be some overlap between Plaintiff's tax returns and the instant discovery requests, they likely contain substantively distinctive data, and there is no indication that requesting [ . . . the discovery] is necessarily unduly vexatious to Plaintiff.").

### III. Apple Should Be Compelled to Produce Documents Relating to Apple's Valuation of a Potential Acquisition of Corellium

Apart from raising boilerplate objections, as discussed above, Apple is essentially implying that *it* gets to decide which documents are and are not relevant to for Corellium to litigate its case.[10] This is reiterated by Apple's response that, ▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓[11] Here, documents and communications relating to ▓▓▓▓▓▓▓▓▓▓ are highly relevant to Corellium's affirmative defenses of fair use, laches, and acquiescence, among others. In particular, because this information goes to show that 1) Apple had knowledge of Corellium's technology and had attributed a value to it after analyzing its technology, and 2) Apple knew that Corellium's technology was innovative and transformative as it has acknowledged that no other ▓▓▓▓▓▓▓▓▓▓[12]

### IV. Apple's Language ▓▓▓▓▓▓▓▓▓▓ Should Be Stricken

Apple contends that it has made crystal clear what documents it is producing.[13] Contrary to Apple's statement, Apple uses confusing and uncertain language in its responses by including, ▓▓▓▓▓▓▓▓▓▓ leaving Corellium to wonder if, indeed, Apple is withholding documents. Accordingly, this type of language should be stricken.

---

[10] Amended Response Nos. 3-4, 7-13
[11] Amended Response Nos. 3-4, 7-13, 15, 18, 40-42, 45 and 46.
[12] Amended Response Nos. 34, 35 and 38.
[13] ▓▓▓▓▓▓▓▓▓▓ *See* Exhibit 4.

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone calls with counsel for Plaintiff on December 21, 2019, January 3, 2020, and January 17, 2020, regarding the relief sought herein. Plaintiff opposes the relief sought herein.

Dated: January 27, 2020           Respectfully submitted,

                              By:   s/ *Lizza C. Constantine*
                                    JONATHAN VINE
                                    Florida Bar No.: 10966
                                    JUSTIN LEVINE
                                    Florida Bar No.:  106463
                                    LIZZA CONSTANTINE
                                    Florida Bar No.: 1002945

                                    COLE, SCOTT & KISSANE, P.A.
                                    *Counsel for Defendant*
                                    Esperante Building
                                    222 Lakeview Avenue, Suite 120
                                    West Palm Beach, Florida 33401
                                    Telephone (561) 383-9222
                                    Facsimile (561) 683-8977
                                    E-mail: jonathan.vine@csklegal.com
                                    E-mail: justin.levine@csklegal.com
                                    E-mail: lizza.constantine@csklegal.com


                                           *and*

                                    NORTON ROSE FULBRIGHT
                                    *Counsel for Defendant*
                                    2200 Ross Ave.
                                    Dallas, Texas 75201
                                    Telephone (214) 855-8000
                                    Facsimile (214) 855-8200
                                    Brett Govett, *Pro hac vice*
                                    E-mail: brett.govett@nortonrosefulbright.com

CASE NO.: 9:19-CV-81160-RS

>Robert Greeson, *Pro hac vice*
>E-mail: robert.greeson@ nortonrosefulbright.com
>Jackie Baker, *Pro hac vice*
>E-mail: jackie.baker@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on January 27, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)

andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*