## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:19-CV-81160-RS

| | |
|---|---|
| **APPLE INC.,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| **v.** | § |
| | § |
| **CORELLIUM, LLC,** | § |
| | § |
| *Defendant*. | § |

### <u>DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION</u>

TO:     Plaintiff Apple Inc., by and through its counsel of record, Martin B. Goldberg, Lash & Goldberg LLP, 100 Southeast Second Street, Miami, Florida 33131, Kathryn Ruemmler, Sarang Vijay Damle, Elana Nightingale Dawson, Latham & Watkins LLP, 555 Eleventh Street NW, Suite 1000, Washington, DC 20004, Andrew M. Gass, Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111, and Jessica Stebbins Bina, Latham & Watkins LLP, 10250 Constellation Blvd., Suite 1100, Los Angeles, California, 90067.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Corellium, LLC ("Corellium" or "Defendant") serves its First Set of Requests for Production ("Requests") to Plaintiff Apple Inc. ("Apple" or "Plaintiff").  Apple shall serve written responses and produce the requested items to Corellium within thirty (30) days of the date of these Requests.  Documents, materials, and answers responsive to these Requests shall be produced to the law offices of Norton Rose Fulbright US LLP, Attn: Brett C. Govett, Robert L. Greeson, and Jacqueline G. Baker, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201, brett.govett@nortonrosefulbright.com, robert.greeson@nortonrosefulbright.com, and jackie.baker@norton rosefulbright.com.

Dated:  November 8, 2019

**NORTON ROSE FULBRIGHT US LLP**

by:  /s/  *Brett C. Govett*
     Brett C. Govett (*Attorney in Charge*)
     brett.govett@nortonrosefulbright.com
     Texas Bar No. 08235900
     Robert L. Greeson
     robert.greeson@nortonrosefulbright.com
     Texas Bar No. 24045979
     Jacqueline G. Baker

     Texas Bar No. 24109609
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

**BERGER SINGERMAN LLP**

     Gavin C. Gaukroger
     Florida Bar No. 76489
     Geoffrey A. Lottenberg
     Florida Bar No. 56240
     ggaukroger@bergersingerman.com
     glottenberg@bergersingerman.com
     drt@bergersingerman.com
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

**COLE, SCOTT AND KISSANE, P.A.**

     S. Jonathan Vine
     Florida Bar No. 10966
     Justin B. Levine
     Florida Bar No. 106463
     Lizza Carola Constantine
     Florida Bar No. 1002945
     justin.levine@csklegal.com
     lizza.constantine@csklegal.com
     jonathan.vine@csklegal.com
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

**COUNSEL FOR DEFENDANT**
**CORELLIUM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing document through e-mail on the following counsel of record on November 8, 2019:

Martin B. Goldberg
mgoldberg@lashgoldberg.com
Lash & Goldberg LLP
100 Southeast Second Street
Miami, FL  33131

Kathryn Ruemmler
Sarang Vijay Damle
Elana Nightingale Dawson
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

Andrew M. Gass
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111

Jessica Stebbins Bina
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067

 */s/ Justin B. Levine*
Justin B. Levine
FBN: 106463

## DEFINITIONS AND INSTRUCTIONS

### I.     Definitions

The following terms shall be given the broadest interpretation allowed under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules and shall have the following meanings:

1.     This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC*, No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

2.     "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

3.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

4.     "Any" shall be construed to mean "any and all."

5.     "Apple," "Plaintiff," "You," and "Your" means Apple Inc. and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, as well as agents or Persons employed by or acting on any of their behalf or otherwise under any of their control.

6.     "Communication" or "Communications" means any contact or act by which information or knowledge is transmitted or conveyed between two or more Persons, entities, or a combination thereof and includes, without limitation:  (1) written contact, whether by letter, memoranda, e-mail, text message, SMS message, iMessage, telegram, telex, or other written or electronic document or file; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

7.     "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 in this Action (ECF No. 1).

8.     "Corellium" or "Defendant" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, as well as any agents or Person employed by or acting on any of their behalf or under any of their control.  The definition of Corellium includes all of Corellium's employees in their individual capacities, both prior to, during, and after their employment with Corellium, and in their capacity as Corellium employees during their employment.

9. "Corellium's Products" means all products, software and hardware, developed, produced, or sold by Corellium that enable creation of at least one Virtual Device.

10. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

11. "Dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

12. "Document(s)" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and includes, without limitation, all writings of any kind, including the originals and all non-identical  copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, paper documents of any kind, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings.  The term "Document" expressly includes electronic or magnetic data, and any electronic or magnetic data should be produced in its unaltered, native-file format in which such data is ordinarily kept.  All documents should be produced without alteration and with any and all exhibits and attachments thereto. A draft or non-identical copy of any document or record is a separate document within the meaning of this term.

13. "Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a. Structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

    b. Activity listings of electronic mail receipts and/or transmittals;

    c. Output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS)

iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, Source Code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. Any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

e. Any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

f. Any and all data, data compilations, and data analyses.

14. "Foreign" means any country except the United States of America.

15. "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

16. "Identify" means that the following information shall be provided:

a. When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s);

b. When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license;

c. When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

d. When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (*e.g.*,

corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

e.  When used in reference to any Communication, state:  (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (*e.g.*, telephone conversation, text message, e-mail); and (iv) its content and substance.

17.  "Including" shall be construed to mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

18.  The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

19.  The terms "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems. Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

20.  "Security Measures" means all features of iOS and iOS Devices designed to prevent access to software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

21.  "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component. The scope of this term includes all comments. To the extent Source Code is maintained in a repository in the ordinary course of business, the scope of this term includes the full repository and not any one version of the repository.

22.  "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

23.  "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

24. "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

## II.   Instructions

1. You are required to serve a written response responding separately to each item or category of items by a statement that you will comply with the particular demand for production and related activities, a representation that you lack the ability to comply with the demand for production of a particular item or category of items, or an objection to the particular demand. A statement that you will comply with a particular demand shall state that the production, inspection, and related activity demanded will be allowed either in whole or in part, and that all documents or things in the demanded category that are in your possession, custody, or control to which no objection is made will be included in the production.

2. You are required to produce all of the requested documents in your possession, custody, or control, including, without limitation, documents in the possession, custody, or control of Your employees, accountants, brokers, attorneys, representatives or other agents, and any other person acting on Your behalf.

3. The scope of these Requests for Production is not limited to documents that would be admissible as evidence before the Court, but includes documents that would reasonably lead to the discovery of admissible evidence.

4. Pursuant to Federal Rule of Civil Procedure 34(b), You are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Set of Requests. Such Documents shall be designated as responsive to the particular Request as designated herein. Documents are to be produced in full and unexpurgated form.

5. This Set of Requests is continuing so as to require further and supplemental production by You in the event You obtain or discover additional Documents between the time of initial response and the time of hearing or trial. Fed. R. Civ. P. 26(e).

6. All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals. All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.).

7. All documents that relate or respond, in whole or in part, to any of these Requests for Production or the subject matter thereof shall be produced in their entirety, including all attachments and enclosures. All copies of all such documents (including drafts of such documents) that have handwritten or other notations,

comments, underlining, or marks of any kind also shall be produced in their entirety, without abbreviation or reduction.

8.    In the event You object to any Request for Production, Your response must: (a) identify with particularity any document or tangible thing falling within any category or item in the demand to which an objection is being made; and (b) set forth clearly the extent of and specific ground for the objection.  The objections are to be signed by the attorney making them.

9.    If only part of any item or category is objectionable, Your response shall contain a statement of compliance or a representation of inability to comply with respect to the remainder of that item or category.

10.   In responding to these Requests for Production, You must furnish all available information.  If You cannot respond to the foregoing Requests for Production in full after exercising reasonable diligence to secure the information to do so, You must so state and respond to the extent possible. If You refuse to produce a document on the grounds that the answer or production is unduly burdensome, You must identify the number and nature of documents needed to be searched, the location of the documents, and the estimated number of work hours and costs required to conduct the search.

11.   If You claim any form of privilege, whether based on statute or otherwise, as a ground for not answering a Request for Production, or any portion thereof, you shall provide:

(a)   The nature of the privilege (including work product) being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b)   The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

   i.   For documents:

      1)   The author(s);

      2)   The addressee(s) and other recipient(s);

      3)   Where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other;

      4)   The type of document (e.g., letter or memorandum);

      5)   The general subject matter of the document;

      6)   The date of the document; and

7) Such other information as is sufficient to identify the document.

 ii. For oral communications:

1) The name(s) of any person making the communication;

2) The name(s) of any person(s) present while the communication was made;

3) Where not apparent, the relationship of any person present to any person making the communication;

4) The date and place of communication; and

5) The general subject matter of the communication.

12. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering a Request for Production, or any portion thereof, you shall comply with Federal Rule of Civil Procedure 26(b)(5) and provide a privilege log within thirty (30) days of the date of these Requests.

13. In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

14. Responsive materials shall be bates-labeled in sequential order by page, beginning with the first number following the last number of the producing party's most recent production.

15. As used in these Requests for Production, defined terms shall have the meaning set forth in the Definitions section above, regardless of whether the defined term is capitalized.

16. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

17. The use of the singular term of any word includes the plural and vice versa.

18. Unless otherwise stated in a particular Request for Production, the time period for these Requests shall be from the January 1, 2011 to the present and continuing into the future.

19. If you believe that any term or word used in these requests for production is confusing, vague, or ambiguous, you are instructed to use the definition of the term or word as contained in the American Heritage Dictionary.  In addition, please note

---

that should you find any of these requests vague, ambiguous, confusing, or otherwise difficult to understand, you should feel free to contact Jackie Baker at (214) 855-8048.  She will be happy to further explain the precise nature of the documents sought by any such request.

## <u>CORELLIUM'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>** True and correct copies of all copyright registration certificates, registration applications, and copyright deposits for all of Apple's purportedly copyrighted works at issue in this Action.

   **<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 2:</u>** True and correct copies of all licenses granted to third parties for any copyright at issue in this Action.

   **<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 3:</u>** All documents and communications relating to Corellium or Corellium's Products and services.

   **<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 4:</u>** All documents and communications between Apple and Corellium or Corellium's employees, including, but not limited to: (a) communications between Jason Shirk, Jon Andrews, and Ivan Krstic and Corellium or Corellium's Employees; and (b) any agreements between Apple and Corellium or any of Corellium's employees, drafts of agreements between Apple and Corellium or any of Corellium's employees, and any notes, memoranda, or presentations relating to agreements or drafts of agreements with Corellium or any of Corellium's employees including, without limitation, any non-disclosure or purchase agreements regardless of whether those agreements were ever executed.

   **<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 5:</u>** All documents and communications sufficient to identify the date that Apple first became aware of Corellium and Corellium's Products, including the capabilities and functionalities of such Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications sufficient to identify the date that Apple first became aware that Corellium or Corellium's Products allegedly infringed on any of Apple's copyrights, as alleged in Corellium's Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications between Apple employees relating to Corellium or Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications between Apple and third-parties relating to Corellium or Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications, including drafts, relating to any press-releases or statements intended for consumption by the public or third parties about Corellium or Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications, including drafts, with or relating to members of the press media, including online press media, relating to Corellium or Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All notes, presentations, minutes, and any other documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications relating to Apple's study, evaluation, or analysis of Corellium, Corellium's employees, or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications relating to Apple's attempt(s) to recruit or hire any of Corellium's employees, including, without limitation, Christopher Wade.  This Request relates to Corellium's employees individually both prior to and during their employment with Corellium.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   All documents and communications relating to Apple's attempt(s) to recruit or hire any of Virtual, LLC's ("Virtual") employees, including, without limitation, Christopher Wade.  This Request relates to Virtual's employees individually both prior to and during their employment with Corellium.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications relating to Apple's study, evaluation, or analysis of the valuation of Corellium or Corellium's Products, including any valuation-related analyses conducted by Apple or third parties at Apple's request.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications sufficient to identify the study, evaluation, or analysis of the valuations of Corellium or Corellium's Products performed by Apple or third parties at Apple's request.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications comparing or contrasting Corellium's Products with any Apple technology, product, or service, including without limitation any competitive analysis or any comparison of the any structure, function, operation, advantage, disadvantage, or capabilities.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications relating to "iEmu," a product and/or service created by Christopher Wade.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications relating to the virtualization of the iOS operating system, iOS Devices, and GUI Elements.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications relating to or concerning Apple's attempts to virtualize the iOS operating system on an ARM processor.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications relating to or concerning Apple's attempts to simulate the iOS operating system on an ARM processor.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents and communications relating to or concerning Apple's attempts to emulate the iOS operating system on an ARM processor.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications relating to Apple's view of the purpose and character of Corellium's alleged use of Apple's copyrights.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications relating to Apple's view of the nature of the copyrights that Apple believes Corellium or Corellium's Products are infringing upon.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All documents and communications relating to the benefit, financial or otherwise, received by Apple as a result of Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All documents and communications related to the amount and substantiality of Corellium's purported copyright infringement in relation to Apple's copyrighted works that are at issue in this Action as a whole.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All documents and communications relating to the effect of Corellium's alleged copyright infringement upon the potential market for or value of Apple's copyrights that are at issue in this Action, including, without limitation, any analysis performed by Apple or at Apple's behest of the financial valuation of the effect described by this Request

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All cease and desist letters sent from Apple to Corellium or any of Corellium's employees (either individually or in their capacity as Corellium Employee's) regarding Corellium, any of Corellium's Products, or virtualization software capabilities generally.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All documents and communications relating to cease and desist letters sent from Apple to Corellium regarding Corellium or any of Corellium's Products, regardless of whether such cease and desist letters were in fact sent to Corellium.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All notices of copyright infringement sent to Corellium or any of Corellium's employees (either individually or in their capacity as Corellium Employee's) regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All documents and communications relating to notices of copyright infringement sent to Corellium regarding Corellium or Corellium's Products, regardless of whether such notices were in fact sent to Corellium.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Documents and communications sufficient to identify every person and entity that Apple believes offers virtualization services similar to those provided by Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All cease and desist letters sent by Apple to any of the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All notices of copyright infringement sent to the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All cease and desist letters sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services offered and produced by those entities.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All notices of copyright infringement sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services offered and produced by those entities.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All actions taken by Apple or on Apple's behalf to enforce and protect its copyrights relating to Corellium, Corellium's Products, or any other companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** All visitor logs showing when any of Corellium's employees visited any of Apple's locations, including the time, date, and location of any such visits.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All notes, presentations, minutes, and any other documents and communications relating to meetings between Apple employees relating to Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All notes, presentations, minutes, and other documents and communications relating to meetings between Apple and third parties relating to Corellium or Corellium's Products.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All notes, presentations, minutes, and other documents and communications relating to meetings between Apple, Corellium, or any of Corellium's employees.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All documents referring to, relating to, or constituting any license, agreement, contract, or covenant (written or oral) to which Apple is a party that covers or otherwise relates to Corellium or Corellium's Products or any feature, technology, component, or part thereof.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing Apple's intellectual property rights.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All documents and communications between Apple employees relating to Corellium's employees, individually and collectively.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  All documents and communications between Apple and third-parties relating to Corellium's employees, individually and collectively.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  All documents and communications between Apple and Corellium's employees, individually and collectively.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  All documents and communications relating to Virtual or Virtual's products and services.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  All documents and communications between Apple employees relating to Virtual or Virtual's products and services.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  All documents and communications between Apple and third-parties relating to Virtual or Virtual's products and services.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  All documents and communications between Apple and Virtual or any of Virtual's employees relating to Virtual's products and services.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** All analyses performed by Apple or at Apple's behest relating to Virtual or Virtual's products and services.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** All notes, presentations, minutes, and any other documents and communications relating to meetings between Apple employees relating to Virtual or Virtual's products or services.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** All notes, presentations, minutes, and other documents and communications relating to meetings between Apple and third parties relating to Virtual or Virtual's products or services.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** All notes, presentations, minutes, and other documents and communications relating to meetings between Apple, Virtual, or any of Virtual's employees relating to Virtual's products and services.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** All documents and communications relating to any potential acquisition of Virtual or any of Virtual's products or services by Apple or any entity owned or controlled by Apple.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**  Pictures of the mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**  All documents and communications relating to the mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**  All notes, memoranda, user manuals, user guides, instruction manuals, installation manuals, operation manuals, training manuals, frequently asked questions, summaries, or other documentation that relate to the mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**All documents and communications relating to IPSW.me.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**  All communications with IPSW.me regarding Corellium or Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** All documents and communications relating to FireEye and FireEye's virtualization, emulation, or hypervisor products and services, including, without limitation, Mac VM

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** All communications with FireEye regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** All documents and communications relating to the Apple virtualization, emulation, or hypervisor products and services provided by Appetize.io.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** All communications with Appetize.io regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All documents and communications relating to VMWare and VMWare's virtualization, emulation, or hypervisor products and services, including, without limitation, VMWare Fusion or vSphere Hypervisor.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** All communications with VMWare regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** All documents and communications relating to Oracle and Oracle's  virtualization, emulation, or hypervisor products and services, including, without limitation, Mac VM

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** All communications with Oracle regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** All documents and communications relating to Azimuth Security, or any agent thereof, regarding the iOS operating system, iOS Devices, or GUI Elements.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** All notes, presentations, minutes, and other documents and communications relating to Azimuth Security, or any agent thereof, regarding the iOS operating system, iOS Devices, or GUI Elements.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** All communications with Azimuth Security regarding Corellium or Corellium's Products.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** All documents and communications relating to Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Documents and communications sufficient to identify every bug that Apple has fixed as a result of Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Documents and communications sufficient to identify every bug-related report Apple received from third parties as a result of Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Documents and communications sufficient to identify every payment made by Apple in accordance with Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Documents and communications sufficient to identify every payment made by Apple for the submission of bugs independent of Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Documents and communications sufficient to identify every instance where Apple received a report by a third party relating to Apple's Bug Bounty Program but Apple did not issue a payment for, including those documents and communications sufficient to demonstrate the reasons why a payment was not issued for such reports.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** All documents and communications sufficient to identify every bug reported to Apple by Corellium or Corellium's employees (individually or on behalf of Corellium).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** All documents and communications sufficient to identify the value of the bugs reported to Apple by Corellium and Corellium's employees (individually or on behalf of Corellium).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** All documents and communications sufficient to identify all payments issued to Corellium or Corellium's employees (individually or on behalf of Corellium) related to Apple's Bug Bounty Program.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Documents and communications sufficient to identify every instance where Apple received a report by Corellium or Corellium's employees (individually or on behalf of Corellium) related to Apple's Bug Bounty Program that Apple did not issue a payment for, including those documents and communications sufficient to demonstrate the reasons why a payment was not issued for such reports.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** All documents and communications relating to requests from Apple or any of Apple's employees to Corellium or any of Corellium's employees to locate or fix bugs in Apple's iOS operating system, iOS devices, or GUI Elements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** All documents and communications relating to cease and desist or notices of copyright infringement sent to persons or entities that reported bugs to Apple relating to Apple's Bug Bounty Program, including true and correct copies of any cease and desist letter or notices of copyright infringements themselves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** All documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of Corellium's Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** All documents and communications relating to Corellium's alleged acquisition of dev-fused iPhones.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Documents sufficient to show the locations of all dev-fused iPhones in Apple's possession, custody, or control.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** All documents describing, evidencing, showing, or referring to the actions performed by Corellium, Corellium's users or customers, the Corellium Products, Apple, and Apple's users or customers that allegedly bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple Product.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** All documents relating to the use of jailbroken iOS Devices by third parties for security testing and research of iOS.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** All documents relating to the use of jailbroken iOS Devices by Apple for security testing and research of iOS.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** All documents relating to the possession of Dev-Fused iPhones by third-parties.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**  All documents sufficient to show the location of all Dev-Fused iPhones by third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** All documents and communications on which Apple intends to rely on at any hearing or at trial in this Action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** All documents and communications relating to Apple's claims asserted in this Action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** All documents and communications relating to Corellium's affirmative defenses in this Action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:** All documents and communications supporting Apple's responses to Corellium's Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:** All documents produced by any third party in response to any subpoena Apple serves in this Action.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 98:</u>**  All documents and communications relied upon or reviewed for any answer to any Request for Admission for which the Response is "Admit," in whole or in part.

   **<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 99:</u>**  All documents and communications relied upon or reviewed for any answer to any Request for Admission for which the Response is "Deny."

   **<u>RESPONSE:</u>**