UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

### DEFENDANT'S MOTION TO COMPEL ENTRY AND INSPECTION

Defendant, CORELLIUM, LLC ("Corellium"), by and through undersigned counsel and pursuant Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby files this Motion to Compel Corellium's Entry and Inspection ("Motion"), and in support thereof, states the following:

### BACKGROUND

1. On November 8, 2019, Corellium served upon Plaintiff, Apple Inc. ("Apple"), its Request for Entry and Inspection ("Request"). A copy of the Request is attached hereto as **Exhibit 1**.

2. On December 19, 2019, Apple served upon Corellium its Response and Objections to Corellium's Request ("Response").[1] A copy of the Response is attached hereto as **Exhibit 2**.

---

[1] Corellium notes that this Motion to Compel is being filed beyond 30 days from receiving the Plaintiff's Response. However, during the time of receiving the Response, Corellium was receiving voluminous responses from Plaintiff to its first round of written discovery and was working to respond timely to the same while also working with Plaintiff to address its similarly voluminous discovery and correct any deficiencies raised by Plaintiff. In January, Corellium was further preparing for the January 22, 2020 mediation in the hopes that the matter would resolve. The conferral for the Request for Inspection occurred on January 29, 2020 and Corellium files this Motion two days later. No party will be prejudiced by the court permitting this Motion to be heard. *Kelsey v. Withers*, 718 Fed. Appx. 817, 820 (11th Cir. 2017) ("'District courts have unquestionable authority to control their own dockets,' including "broad discretion in deciding how best to manage the cases before them.")

3.  Corellium's Request is for entry to inspect Apple's testing/development facility for several reasons as explained below.

## MEMORANDUM OF LAW

1. **Apple's Boilerplate and Generic Objections are Improper.**

Here, the entirety of Apple's objections are boilerplate and generic. *See* Apple's Response. The Southern District, "as well as many other [Courts], disfavor[] 'general objections' that fail to discuss deficiencies in specific discovery requests." *See,* e.g. *Puccio v. Sclafani*, No. 12–61840, 2013 WL 4068782, at *3 (S.D. Fla. Aug.12, 2013); *see also Chavez v. Merchtil Commercebank, N.A.*, No. 10–23244–CIV, 2011 WL 1135005, at *1 (S.D. Fla. Mar. 28, 2011) (overruling general objections because plaintiff's general objections failed to satisfy "the requirements of specificity required by Local Rule 26.1(g)(3)(A)"); *Kelley v. FedEx Ground Packages Sys., Inc.*, No. 3:10–cv–01265, 2011 WL 1584764, at *1–2 (S.D.W.Va. Apr.26, 2011) (holding that non-specific general objections "frustrate . . . the purpose of discovery and fail[ ] to comply with the specificity requirements of . . . Rule 34"); *Underwriters v. Federal Express Corp.*, 1988 WL 56747 at *1 (S.D. N.Y. 1988) (explaining that general objections "have been universally held to be impermissible").

In this case, Apple contends that the Request is both "overly broad" and "unduly burdensome" without providing any explanation as to why such objections are supposedly true. *Id.* Therefore, without providing more, Apple's boilerplate objection is both meaningless and without merit. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) (finding that boilerplate objections "which state that a discovery request is 'overly broad, or unduly burdensome' are, by themselves, meaningless, and are without merit").

Moreover, Apple's Response improperly includes a preliminary statement that asserts general objections. *See* Apple's Response. The Southern District, however, has consistently held that preliminary statements asserting general objections do not comply with the requirements of Local Rule 26 of the Southern District of Florida. *See Tselonis v. Billy's Stone Crabs, Inc.*, No. 07-CV-60582, 2007 WL 4199679, at *1 (S.D. Fla. Nov. 26, 2007) (noting "that the preliminary statement of general objections appearing at the beginning of Defendant's Supplemental Response to Plaintiff First Set of Interrogatories does not comply with Local rule 26.1.G, S.D. Fla."); *see*

*also Hilton v. IC System, Inc.*, No. 16-CV-1366, 2017 WL 3118531, at *2 (M.D. Fla. July 21, 2017) (finding that prefacing responses with a "Preliminary Statement" are "generalized, boilerplate reservations and objections," in which case, "[t]he reservations are unnecessary and the objections 'are inadequate and tantamount to not making any objection at all.'"). Therefore, Apple's preliminary statement is improper and should be stricken.

Furthermore, Apple asserts boilerplate and generalized objections relating to privilege and confidentiality. *See generally* Apple's Response. Specifically, Apple objects to Corellium's Request "to the extent it calls for disclosing *confidential* or *proprietary* information pertaining to Apple's business, trade secrets, and/or economic relationships." Importantly, Apple fails to provide any explanation as to the specific nature of the asserted privilege or the why such information is privileged. *Id.* The Southern District, however, just as with preliminary statements, has made clear that "[g]eneralized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine do not comply with local rule which requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (citing to S.D.Fla., Local Rule 26.1(G)(3)(b)). Therefore, Apple's boilerplate objections pertaining to privilege and confidentiality fail to satisfy the requirements of the Local Rules. *Id.*

In summary, Apple's Response to Corellium's Request includes numerous boilerplate and generic objections and assertions of privilege that contain no substance or explanation substantiating the objection or proposed privilege. Therefore, Apple's assertion of boilerplate and generic objections and privileges are without merit and must be overruled.

   **2. Corellium's Request is Relevant.**

Apple objects to Corellium's Request on the basis that the subject matter contained in the Request is not relevant to this litigation. *See* Response. In particular, Apple asserts that "none of the facts alleged in Apple's complaint or in Corellium's affirmative defenses or counterclaims concern Apple's internal development and testing of software or devices." *Id.* This assertion, however, is simply not accurate. In particular, Corellium's Request is entirely relevant to

Corellium's fair use defense, specifically, as it relates to the transformativeness of the resources required to produce and sustain the operation of virtualization technology. Moreover, Corellium's Request is relevant to expose Apple's motivation behind filing this lawsuit. To be clear, it is Corellium's belief that Apple is trying to monopolize the market by impeding scientific progression and innovation as well as curbing competition—and Apple is doing so under the guise of a copyright lawsuit. In this regard, Corellium is entitled to defend the claims raised against it and permitting access to Apple's facility will establish as Apple is not only years behind Corellium in its technology, but Apple is also less efficient as well. Apple's motivation is a question for the jury.

    a. **Corellium's Request is Relevant to Fair Use**

As it relates to a fair use defense in copyright, "[t]he four factors identified by Congress as especially relevant in determining whether the use was fair are: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the substantiality of the portion used in relation to the copyrighted work as a whole; (4) the effect on the potential market for or value of the copyrighted work. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560–61 (1985); 17 U.S.C. § 107.

In regard to the first factor, the purpose and character of the use, "the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579, 114 S. Ct. 1164, 1171, 127 L. Ed. 2d 500 (1994). Indeed, to determine if a work is transformative, courts often rely on the "concept that productive or transformative uses [are] favored over non-productive, merely superseding copies." *Am. Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 12 (S.D.N.Y. 1992) ("In fact, in its next consideration of fair use . . . the Supreme Court reiterated the pertinence of whether the use is productive."); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 561, 105 S. Ct. 2218, 2231, 85 L. Ed. 2d 588 (1985) ("The fact that an article arguably is "news" and therefore a productive use is simply one factor in a fair use analysis.").

In the instant matter, Corellium, and the product it offers, is far more productive and transformative, *inter alia*, in the inputs it requires to produce and sustain its virtualization

technology. Indeed, not only does no other person or entity offer Corellium's technology, but upon information and belief, Apple's "next best option" requires significantly *more* resources to produce a drastically *inferior* result. This notwithstanding, Apple has/is attempting to replicate Corellium's virtualization technology. However, to achieve what are objectively inferior results, upon information and belief, Apple's technology requires significantly more resources and is significantly less efficient to sustain. Specifically, what Corellium produces only necessitates a few employees and a simple network of servers compared to what is believed to be several if not many Apple engineers, significant infrastructure, and a cumbersome development and sustainment process.  Corellium has transformed the required inputs that are necessary to produce and offer its virtualization technology, whereas the only thing overshadowing the inferiority of the performance of Apple's "virtualization" technology is the inefficient nature by which it is attempting to replicate and produce what Corellium has developed.

Accordingly, inspection of Apple's facility is necessary to show the jury, not only how transformative the Corellium product is from anything Apple can provide, but also to show how transformative *the way* Corellium produces its product.  To be more clear, access the Apple's facility will show the amount of manpower, infrastructure, and resources—which is, upon information and belief, far more than Corellium Apple uses in its effort to try and replicate what Corellium has developed. Inspection would allow Corellium to document and show to the jury the difference in both the inputs and the efficient use of those inputs, thereby establishing trasnformitiveness in the producing and offering of the Corellium product as well as its use.

      b. **Corellium's Request is Relevant to Expose Apple's True Motivations Behind This Lawsuit Because Corellium is Entitled to Defend Itself.**

Inspection and documentation of the requested areas of Apple's facility is additionally relevant to establish Apple's true motivations behind this lawsuit. In particular, access will provide confirmation of Apple's inefficient and expansive production efforts of a similar product, relative to that of Corellium, thereby showing that Apple simply wants to stymie the progression of, or defeat entirely, Corellium's technology in the market so as to level the playing field with Apple's inferior capabilities. Apple is doing so under the guise of a copyright lawsuit and, as stated, Corellium is entitled to defend itself. Indeed, exposure of the true differences in the disputed

technologies would assist to demonstrate why Apple's is attempting to monopolize and control the industry.

Accordingly, Corellium's ability to substantiate its defenses to the jury would certainly be prejudiced if it is denied access to inspect "Apple's testing center or laboratory." Therefore, this Court should grant Corellium's Request for Entry and Inspection.

**WHEREFORE**, Corellium, LLC respectfully requests that the Court grant the requested inspection of Plaintiff, Apple Inc.'s testing center and laboratory for the reasons stated herein, and grant any other relief this Court deems proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone call with counsel for Plaintiff, regarding the relief sought herein. Plaintiff opposes the relief sought, thereby necessitating this Motion.

Dated: January 31, 2020                    Respectfully submitted,

By:   s/ *Justin B. Levine*
      JONATHAN VINE
      Florida Bar No.: 10966
      JUSTIN LEVINE
      Florida Bar No.:  106463
      LIZZA CONSTANTINE
      Florida Bar No.: 1002945

      COLE, SCOTT & KISSANE, P.A.
      *Counsel for Defendant*
      Esperante Building
      222 Lakeview Avenue, Suite 120
      West Palm Beach, Florida 33401
      Telephone (561) 383-9222
      Facsimile (561) 683-8977
      E-mail: jonathan.vine@csklegal.com
      E-mail: justin.levine@csklegal.com
      E-mail: lizza.constantine@csklegal.com

CASE NO.: 9:19-CV-81160-RS

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on **January 31, 2020**, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

By:  s/ *Justin B. Levine*
JUSTIN B. LEVINE
FBN: 106463

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP

100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*