UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO FILE CORELLIUM'S
REPLY TO APPLE'S RESPONSE TO CORELLIUM'S
MOTION FOR PROTECTIVE ORDER UNDER SEAL**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal Corellium's Reply to Apple's Response [D.E. 108] ("Response") to Corellium's Motion for Protective Order [D.E. 78] ("Motion"), and in support thereof, states as follows:

**BACKGROUND**

On December 20, 2019, Plaintiff served upon Corellium its second set of discovery requests including Apple's Second Set of Requests for Production and Apple's Second Set of Requests for Admissions (collectively the "Requests"). The Requests, however, seek information concerning highly-sensitive, irrelevant information. As such, Corellium, pursuant its Motion [D.E. 78], requested that this Court protect Corellium from complying with the Requests and to prohibit Apple from seeking future discovery on the topics. Importantly, in the Motion, Corellium provides

explanation as to why Corellium believes the Requests seek highly-sensitive information beyond the scope of this litigation and why Corellium requires the protection of the Court. Accordingly, due to the highly-sensitive information contained in the Motion, Corellium moved this Court to authorize the filing under seal of Corellium's Motion. Specifically, on January 21, 2020, Corellium filed its Motion to Seal Corellium's Motion.

On January 28, 2020, Apple filed its Response [D.E. 108], which was also filed under seal. *See*, Court Order Granting Apple's Motion to File its Response under Seal [D.E. 109]. Corellium has prepared its Reply to Apple's Response, which it will file, redacted [D.E. 114], simultaneously with this motion. Corellium's Reply, as it deals with the same sensitive information contained in Corellium's original Motion, also contains highly-sensitive information that must be kept from the public eye. Accordingly, Corellium moves this Court to authorize the filing under seal of Corellium's Reply.

## MEMORANDUM OF LAW

### I.  Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous

alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.     Good Cause Exists for the Court to Seal Corellium's Motion

In this instance, good cause exists for this Court to seal Corellium's Reply. In particular, as explained above, the purpose of the underlying Motion is to protect Corellium from answering specific topics of information sought by Plaintiff that are intended only to harass and have no relation to the instant case. Corellium, in its Motion, provides explanation as to why the information necessitates court protection and such explanation similarly cannot be revealed. In the Motion, more detail is provided; however, any information beyond what has been provided here is highly-sensitive and must be kept under seal. Corellium's Reply, as it deals with the same highly-sensitive information, also necessitates filing under seal. Accordingly, due to the highly-sensitive nature of the explanation contained in the Reply, as with the Motion, this Court should seal the information contained therein. A proposed order is submitted herewith.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file its Reply to Apple's Response to the Motion under seal and ordering that the materials remain under seal through the final resolution of this matter and beyond, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred with counsel for Plaintiff on January 31, 2020, regarding the relief sought

herein. Plaintiff informed the undersigned that it opposes this motion and the relief requested herein.

Dated: January 31, 2020                              Respectfully submitted,

                                                    By:   s/ *Justin B. Levine*
                                                        JONATHAN VINE
                                                        Florida Bar No.: 10966
                                                        JUSTIN LEVINE
                                                        Florida Bar No.:  106463
                                                        LIZZA CONSTANTINE
                                                        Florida Bar No.: 1002945

                                                        COLE, SCOTT & KISSANE, P.A.
                                                        *Counsel for Defendant*
                                                        Esperante Building
                                                        222 Lakeview Avenue, Suite 120
                                                        West Palm Beach, Florida 33401
                                                        Telephone (561) 383-9222
                                                        Facsimile (561) 683-8977
                                                        E-mail: jonathan.vine@csklegal.com
                                                        E-mail: justin.levine@csklegal.com
                                                        E-mail: lizza.constantine@csklegal.com

                                                              *and*

                                                        NORTON ROSE FULBRIGHT
                                                        *Counsel for Defendant*
                                                        2200 Ross Ave.
                                                        Dallas, Texas 75201
                                                        Telephone (214) 855-8000
                                                        Facsimile (214) 855-8200
                                                        Brett Govett, *Pro hac vice*
                                                        E-mail: brett.govett@nortonrosefulbright.com
                                                        Robert Greeson, *Pro hac vice*
                                                        E-mail: robert.greeson@ nortonrosefulbright.com
                                                        Jackie Baker, *Pro hac vice*
                                                        E-mail: jackie.baker@nortonrosefulbright.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on January 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

By:  /s/ *Justin B. Levine*
     Justin B. Levine

**SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP

5
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*