**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                    Plaintiff,

    v.

CORELLIUM, LLC,

                    Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO FILE UNDER SEAL**
**PORTIONS OF APPLE INC.'S RESPONSE TO DEFENDANT**
**CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROPERLY RESPOND TO**
**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION, PRODUCE**
**RESPONSIVE DOCUMENTS AND TO OVERRULE PLAINTIFF'S OBJECTIONS**

Plaintiff, Apple Inc. ("Apple"), by and through undersigned counsel, pursuant to S.D. Fla.

Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of

portions of Apple's Response to Defendant Corellium, LLC's ("Corellium") Motion to Compel

Plaintiff to Properly Respond to Defendant's First Set of Requests for Production, Produce

Responsive Documents and to Overrule Plaintiff's Objections ("Response") as well as Exhibit B

thereto.  In support of this request, Apple states as follows:

1. On December 13, 2019, the Court entered a Stipulated Confidentiality and Protective

Order, ECF No. 50 ("Protective Order").  The Protective Order permits the parties to designate

Protected Material pursuant to Protective Order ¶ 7, and further provides that "[a]ny Party is

authorized under Rule 5.4 of the Southern District of Florida Local Rules to file under seal with

the Court any brief, document or materials that are designated as Protected Material under this

Order." Protective Order ¶ 15(b).

2. On December 19, 2019, Apple served its responses to Corellium's First Set of Interrogatories, Requests for Production, and Requests for Admission. Apple's responses contained information designated "Confidential" and "Confidential – Attorneys' Eyes Only" ("AEO") under the Protective Order.

3. On January 6, 2020, Corellium sent Apple a letter addressing Apple's responses to Corellium's first set of written discovery requests. That letter contains information from Apple's responses that Apple had designated Confidential. The letter is Exhibit B to Apple's Response to Defendant Corellium's Motion to Compel Plaintiff to Properly Respond to Defendant's First Set of Requests for Production, Produce Responsive Documents and Overrule Plaintiff's Objections.

4. On January 22, 2020, Apple served its first amended responses to Corellium's first set of Requests for Production. ECF No. 103-3.

5. Apple has produced documents responsive to Corellium's requests. Apple's productions contain documents designated "Confidential" and "Confidential – Attorneys' Eyes Only" ("AEO") under the Protective Order.

6. The Response contains descriptions of the content of documents Apple has produced that have been designated by Apple as "Confidential" and AEO under the Protective Order.

7. On February 3, 2020, Apple notified counsel for Corellium that it intended to file this Motion to Seal. Counsel for Corellium stated that Corellium does not oppose the relief sought herein.

8. Consistent with the Protective Order and Apple's standing designations, Apple moves to file under seal portions of its Response.

**WHEREFORE** Apple respectfully requests that, unless and until Apple's confidentiality

designations pursuant to the Protective Order are removed or rejected, portions of the following document remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above-referenced Protective Order, as ordered by this Court, or required by law:

      a. Portions of the Response that contain descriptions of the content of produced documents designated by Apple as AEO or Confidential, a redacted version of which is submitted herewith; and

      b. Exhibit B to the Response.

A proposed order is submitted herewith.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email with counsel for Defendant on February 3, 2020, regarding the relief sought herein. Defendant does not oppose.

Dated: February 3, 2020                                Respectfully Submitted,


Kathryn Ruemmler*                                      /s/ Martin B. Goldberg
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*                                    Martin B. Goldberg
*sy.damle@lw.com*                                      Florida Bar No. 0827029
Elana Nightingale Dawson*                              *mgoldberg@lashgoldberg.com*
*elana.nightingaledawson@lw.com*                       *rdiaz@lashgoldberg.com*
LATHAM & WATKINS LLP                                   Emily L. Pincow
555 Eleventh Street NW, Suite 1000                     Florida Bar. No. 1010370
Washington, DC 20004                                   *epincow@lashgoldberg.com*
(202) 637-2200 / (202) 637-2201 Fax                    LASH & GOLDBERG LLP
                                                       100 Southeast Second Street
Andrew M. Gass*                                        Miami, FL  33131
*andrew.gass@lw.com*                                   (305) 347-4040 / (305) 347-4050 Fax
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax


Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax


*Admitted pro hac vice*


*Attorneys for Plaintiff* APPLE INC.


4