UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

 v.

CORELLIUM, LLC,

      Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROPERLY RESPOND TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION, PRODUCE RESPONSIVE DOCUMENTS AND TO OVERRULE PLAINTIFF'S OBJECTIONS**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to Compel Plaintiff to Properly Respond to Defendant's First Set of Requests for Production.  Apple has provided full responses to Corellium's requests, only denying or limiting certain requests that seek information that is privileged, irrelevant, or very unlikely to lead to the discovery of admissible evidence.  This motion wastes the Court's time and resources, and Apple respectfully requests that it be denied.

### A. Apple Is Producing Documents Responsive To Most Requests.

Of the 99 requests for production Corellium served, Apple objected to producing documents in response to approximately one-third.[1]  For the remaining 63 requests, Apple either *agreed to produce* documents[2] or indicated no responsive documents exist.[3]  Rather than focusing on the legitimate disputes between the parties, or identifying any substantive basis justifying Corellium's position as to the 36 requests where Apple declined to produce, Corellium brings this motion with respect to **95 out of 99** requests.[4]  This approach is unnecessary and wasteful.  The Court should summarily deny this motion with respect to all responses for which Apple has agreed to produce documents as well as for requests where no documents exist: Nos. 3–15, 18–19, 24, 26, 28–35, 40–47, 61, 63, 65, 67, 69–83, 85–86, 88, 93–94, 96, and 98–99.

Furthermore, Corellium's demand that the Court order a date certain for production is unnecessary and premature.  Corellium never asked Apple for such a date.  Rather, the parties mutually agreed to a rolling production, and Apple has made two productions to date, totaling 2,729 pages.  Apple has timely kept its rolling production going and has informed Corellium that it anticipates a large production on February 7, 2020, with substantial completion by February 14, 2020.  Ex. A.  Again, Corellium's scorched-earth approach is unnecessary and wasteful.

### B. Corellium Failed To Confer Regarding Much Of Its Motion.

There are a significant number of disputes Corellium identifies for which its motion should

---

[1] Requests 2, 16, 17, 20–23, 25, 27, 36–38, 48–60, 62, 64, 66, 68, 84, 87, 89–92, 95 (requests which Apple agreed to produce in full or substantial part).

[2] Requests 1, 3–15, 18–19, 24, 26, 29–31, 39–47, 61, 65, 67, 69–83, 85–86, 88, 93–94, 96, 98–99.

[3] Requests 28, 32–35, 63, 97.

[4] The only requests excluded are 1 and 39, which Apple agreed to produce in full, 54, which Apple objected to in full, and 97, to which Apple stated no responsive documents exist.

1

be summarily denied because it failed to comply with its meet and confer obligations. Corellium's motion is the first time Corellium has raised any dispute at all with respect to Requests 45–47, 63, 65, 69, 86, 93. *See* Ex. B at 6–16. Moreover, Corellium's motion adds completely new complaints about Apple's objections that the parties had not previously discussed.[5] This is improper both according to the Order Setting Discovery Procedure in this case and the Local Rules. *See* ECF No. 34 at 1 ("If a discovery dispute arises, the parties must confer either **in person or via telephone** to resolve their discovery disputes before seeking court intervention."); *see also* Local Rule 7.1(a)(3) (requiring movant to make reasonable effort to meet and confer with parties affected by relief sought, and stating that failure to do so "may be cause for the Court to . . . deny the motion and impose on counsel an appropriate sanction"). Corellium's failure to raise these issues previously wastes the resources of this Court and the parties. Corellium's motion should be denied on this basis alone. *See, e.g.*, *Furno v. JPMorgan Chase Bank, N.A.*, No. 18-61921, 2018 WL 6620318, at *2 (S.D. Fla. Nov. 6, 2018) ("denial for violation of Local Rule 7.1(a)(3)" warranted).

### C. Apple's Internal Valuation Of Corellium Has No Bearing On This Action.

Even if the Court considers the substance of Corellium's arguments, they are meritless. Corellium's only particularized request in the motion asks the Court to compel Apple to produce documents regarding Apple's internal valuation of Corellium. ECF No. 103 at 6.[6] As explained Section B, Corellium's motion should be denied outright with respect to Requests 9, 10, 15, 18, 45, and 46 for failing to confer. In any case, Apple's objections with respect to valuation should be sustained. Apple objects to producing only its *internal valuations* of Corellium. Apple has

---

[5] While Corellium has generally asserted concerns about what it labels "boilerplate" objections, Corellium had not previously conferred about the: (1) "in possession of Corellium" objections to Requests 14, 15, and 88; (2) privilege objections to Requests 3–8, 11–23, 26–28, 30, 32-33, 40–44, 48, 52, 56, 70, 73–76, 78–82, 84–85, and 87–92; (3) confidential/proprietary/trade secret objections to RFP Nos 2, 9, 10, 14, 15, 20–23, 28, 33, 43, 44, 48, 52, 56–60, 62, 64, 66, 68, 70, 73–78, 85, and 87–92; (4) duplicative/substantially identical objections to Requests 4–5, 7–10, 12–13, 41–42, 49–51, 53, 55, 61, 67, 71 and 72; or (5) valuation objections to Requests 9, 10, 15, 18.

[6] With respect to the language in its objections, "other highly confidential business analyses," Apple has already explained to Corellium that it included such language out of caution as it has not yet reviewed all responsive documents, but that no documents have actually been withheld on that basis. Apple has also already agreed to provide Corellium with further details in the event any responsive documents are withheld on any basis other than the valuation objection (none have been). *See* ECF No. 103-4 at 5–6. There is thus no need for the Court to strike the language now, prior to the completion of Apple's document review and agreed rolling production.

already agreed to produce all other nonprivileged documents relating to its actions regarding the potential acquisition of Corellium, and it in fact has done so.  For example, Apple has already produced .  All of these documents are directly responsive to Corellium's purported need for evidence regarding Apple's knowledge of Corellium.

But Apple's internal discussions of a potential acquisition value for Corellium do not have any bearing on any asserted claim or defense in this Action.  Corellium argues this information is relevant to its fair use defense, but Apple's internal valuation of Corellium's business has nothing to do with, *e.g.*, whether the purpose and character of the *Corellium Apple Product*'s use of iOS and other copyrighted works supports a fair use defense (and Corellium does not even identify any specific fair use factor).  *See* 17 U.S.C. § 107 (fair use factors).  Nor does it have any relation whatsoever to Corellium's defenses of laches and acquiescence, as these defenses focus on the *acts actually taken* by Apple with respect to Corellium, not an internal valuation never shared with Corellium or anyone else.  ECF No. 64 at 21, 23; *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-CV-81606, 2019 WL 7376779, at *6 (S.D. Fla. Sept. 19, 2019) ("[L]aches denotes passive consent and acquiescence denotes active consent.").

### D. Apple's Objections Are Particularized For Each Response.

The remainder of Corellium's motion does not address information Apple failed to provide, but arguments about the language of Apple's objections.  None are well-taken.

***Overbroad, Burdensome, Irrelevant.***  In a single paragraph, Corellium asserts that nearly half of Apple's responses contain "boilerplate" objections on one or more of three different grounds—breadth, burden, or relevance.  As Apple has explained, that is simply not the case.  Its responses clearly indicate what it is and is not producing, and the grounds for what, if anything, Apple is withholding.  *See, e.g.*, ECF No. 103-3 at 5–6.  Corellium's assertion that certain responses "create[] confusion" as to whether Apple is or is not responding is difficult to believe, given that, of the 52 Requests identified by Corellium, 22 expressly state that Apple will produce responsive documents, three state that no responsive documents exist, and 27 specifically explain why Apple will not produce.  The power of this Court should not be invoked to compel some unspecific action with respect to the already unique responses, more than half of which commit

3

Apple to production. Corellium has filed to meet its burden to support its motion. *See* Local Rule 26.1(g)(2); *Future Media Architects, Inc. v. Ideastream Consumer Prods., LLC*, No. 08-60496-CIV, 2009 WL 10667041, at *32 (S.D. Fla. June 4, 2009) (failure to articulate basis for motion with specificity resulted in "memoranda which were overly general and legally insufficient, placing an undue burden on the Court").

Indeed, even a cursory examination of Apple's responses demonstrates that Corellium's position is meritless. For example, Apple's response to Request 2 states: "The licenses Apple grants to third parties for the copyrights at issue in this Action are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and collecting copies of the same would create a substantial and disproportionate burden on Apple." ECF No. 103-3 at 5. Similarly, Apple's response to Request 15 explains: "Any attempts by Apple to recruit or hire any of Virtual's employees are not relevant . . . Virtual is not a party to this case, and the relationship between Virtual and Apple has no relevance to this case whatsoever." *Id.* at 19. Corellium makes no attempt to address these specific, articulated objections, and its unsupported demand that the Court overrule all objections on these grounds, for over 50 separate responses, should be denied.

***In Possession of Corellium.*** As explained in Section B, Corellium's motion should be rejected with respect to Requests 14, 15, 47, and 88 for failing to confer. In any case, Corellium identifies no dispute here, as *Apple has agreed to produce documents in response to every request* identified by Corellium. To the extent Apple's production is qualified in any way, it is not on the basis of this objection.[7] There is nothing for the Court to compel here.

***Privilege.*** As explained in Section B, this argument should be discarded with respect to Requests 3–8, 11–23, 26-28, 30, 32–33, 40–46, 48, 52, 56, 70, 73–76, 78–82, and 84–93 for failing to confer with respect to these requests. More fundamentally, Corellium cites no authority supporting its outrageous suggestion that a party must know *before reviewing its documents* how many documents it will designate as privileged in order to assert privilege. *See* ECF No. 103 at 4.

---

[7] For example, as Corellium has not disclosed a full list of its own employees, Apple's responses are limited to those persons whom Corellium has identified in its initial disclosures. Similarly, other than with respect to Corellium co-founder Chris Wade, Apple has limited its responses to information relating to Corellium employees in their capacity as such. *See, e.g.*, Requests 4–15, 29, 31, 47, 79, 81–82. Both these limitations are reasonable. Moreover, Apple has confirmed to Corellium that it will search for additional employees if Corellium provides an employee list.

4

Apple has always agreed to timely produce a privilege log s to any claim of privilege, and Corellium thus raises no genuine dispute.

**Confidential, Proprietary, Trade Secret.** As explained in Section B, this argument should be rejected with respect to RFP Nos. 2, 9, 10, 14, 15, 20–23, 28, 33, 43–46, 48, 52, 56–60, 62, 64, 66, 68, 70, 73–78, 85, and 87–92 for failure to confer. In any case, Corellium fails to identify a single request where Apple is withholding documents based on this objection, and Apple has repeatedly informed Corellium that it is not in fact withholding any documents on this basis.[8] Once again, Corellium identifies no genuine dispute needing the Court's relief.

**Premature.** As explained in Section B, this argument should be rejected with respect to Request 93 for failure to confer. Further, there is no dispute with respect to Requests 93, 94, and 96, as Apple agreed to produce responsive documents. With respect to Request 95, Apple objected because the request purports to require *Apple* to determine what documents are relevant to *Corellium*'s twenty-five defenses, most of which are threadbare and vaguely pleaded. *See* 103-3 at 88. Apple is not required to read the mind of its opponent to identify documents. *See Opus Grp., LLC v. Enomatic Srl,* No. 11-23803-CIV, 2012 WL 13134610, at *1 (S.D. Fla. July 25, 2012) (request seeking "all documents that refer or related to any allegation" was "not described with reasonable particularity as required by Rule 34").

**Duplicative.** As explained in Section B, this argument should be rejected for failure to confer, as Corellium never previously raised this issue. Apple's objection, moreover, is proper; Corellium's requests *are* duplicative. However, again, Apple has not refused to produce any documents on this basis, and Corellium identifies no actual dispute.[9]

**"To the extent such documents exist."** This argument should be rejected because it was never previously raised with respect to any request. Moreover, Corellium's claim that it is confused as to what Apple is producing strains credulity. The language clarifies that responsive documents may not exist, but if they do exist, Apple will produce them. This is wholly appropriate.

---

[8] While Corellium discusses the valuation-related documents discussed above, Apple has repeatedly confirmed to Corellium that its basis for withholding those documents is their complete irrelevance to any disputed issue in this action, and not trade secrets.

[9] Of the 22 responses identified by Corellium, Apple has agreed to produce responsive documents with respect to 17 of them. The remainder, Requests 49–51, 53, and 55, were rejected on the basis that the requests seek wholly irrelevant information about a non-party, a basis not challenged by Corellium here. *See* 103-3 at 51–54.

5

| | |
|---|---|
| Dated: February 3, 2020 | Respectfully Submitted, |
| | /s/ Martin B. Goldberg |
| Kathryn Ruemmler* | Martin B. Goldberg |
| *kathryn.ruemmler@lw.com* | Florida Bar No. 0827029 |
| Sarang Vijay Damle* | *mgoldberg@lashgoldberg.com* |
| *sy.damle@lw.com* | *rdiaz@lashgoldberg.com* |
| Elana Nightingale Dawson* | Emily L. Pincow |
| *elana.nightingaledawson@lw.com* | Florida Bar No. 1010370 |
| LATHAM & WATKINS LLP | *epincow@lashgoldberg.com* |
| 555 Eleventh Street NW, Suite 1000 | LASH & GOLDBERG LLP |
| Washington, DC 20004 | 100 Southeast Second Street |
| (202) 637-2200 / (202) 637-2201 Fax | Miami, FL  33131 |
| | (305) 347-4040 / (305) 347-4050 Fax |
| Andrew M. Gass* | |
| *andrew.gass@lw.com* | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.