# EXHIBIT A

**Nightingale Dawson, Elana (DC)**

| | |
|---|---|
| **From:** | Nightingale Dawson, Elana (DC) |
| **Sent:** | Thursday, January 30, 2020 11:54 AM |
| **To:** | Jonathan Vine |
| **Cc:** | brett.govett@nortonrosefulbright.com; jackie.baker@nortonrosefulbright.com; Lizza C. Constantine; Michael Boehringer; Leslie A. Vargo; Martin Goldberg; Emily Pincow; Stebbins Bina, Jessica (CC) |
| **Subject:** | RE: Apple v. Corellium |

Jonathan,

Thank you for the call as well. We agree that we are evaluating what amendments to our existing interrogatory responses are appropriate, and will follow up to inform you what, if any, changes we will make. We likewise agree that you indicated that you did not plan to make any changes to your current positions and discovery responses as it relates to Apple's motions to compel, as well as with respect to Corellium's motion for a protective order.

With respect to production of documents, we represented that we expect to make a substantial production on 2/7, and our final production on 2/14. You did not commit to a date by which your productions will be complete. You represented that you estimated you would complete with your productions in approximately 45 days. We noted that your new timeline was inconsistent with what you last told us, and problematic in light of the deadlines in this case. In early December, after you advised us of the technical difficulties with your document review, you said you expected to complete your production in approximately 4 to 6 weeks. This new estimate pushes the date by which you expect to complete your production beyond the date on which the parties' initial expert reports are due (March 3).

With respect to deposition availability for Apple witnesses, we advised that, in light of your request last week that we identify availability for Apple witnesses in March, we have requested availability from them for March and expect to be able to provide it to you by early next week. We did not indicate that we would get you dates by weeks end. Also, you have not been making request for depositions for the past 6 weeks, and on prior calls with Justin and other Corellium counsel for which you were not present, counsel for Corellium conveyed the expectation that depositions would occur in March.

Finally, with respect to depositions of Corellium and its employees, Apple has made clear throughout the parties' various meet and confer telephone conferences that Apple will need to take depositions of Corellium and certain Corellium employees as well. We further conveyed that we were trying to wait until Corellium had meaningfully completed its production of documents before setting dates for those depositions. With respect to your statement that the Plaintiffs' depositions "must go first," we did not take a position or suggest that one side or the other should or should not go first. Rather, we explained that, given the rapidly impending court deadlines in this case—in particular, the March 3 deadline to exchange expert reports, the April 3 deadline for rebuttal reports, and the April 6 deadline for witness lists—the parties will need to work cooperatively to schedule depositions efficiently, which may require some of Corellium's witnesses being deposed before Apple's, or vice versa. These are the Corellium employees we expect to notice, along with a 30(b)(6) notice for Corellium itself:
- Chris Wade
- Amanda Gorton
- David Wang
- Alexander Hude
- Stanislaw Skowronek
- Stephen Dyer

We continue to remain available to meet and confer on the issues raised in the parties' motions to compel, and we will plan to follow up to coordinate regarding the joint notice that is due to the court on February 6.

Best,
Elana

**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**

555 Eleventh St., NW Suite 1000 | Washington, DC 20004
Tel: 202-637-2303 | Fax: 202-637-2201 | http://www.lw.com

---

**From:** Jonathan Vine <Jonathan.Vine@csklegal.com>
**Sent:** Thursday, January 30, 2020 9:22 AM
**To:** Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>
**Cc:** brett.govett@nortonrosefulbright.com; jackie.baker@nortonrosefulbright.com; Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; Leslie A. Vargo <Leslie.Vargo@csklegal.com>
**Subject:** Apple v. Corellium

Jessica/Elena –

Thank you for the telephone call yesterday regarding the discovery issues set for hearing on February 12, 2020. As it relates to our MTCs, you indicated that you would continue to review the MTCs to determine what, if anything, you would agree to amend in Apple's responses to Defendant's discovery requests. We advised that other than the prior amendments we did not believe it was appropriate to amend any further.

Next, we discussed depositions of Apple's corporate representative as well as current and former employees. We previously had been making request for depositions for the past 6 weeks. Nonetheless, we suggested taking all of the Apple depositions (or at least what we could fit in) during the week of March 16. However, if that week is not acceptable we can also try for the week of March 9. You indicated that you would get us dates by "weeks end". We agreed to provide you with an amended 30(b)(6).

You also indicated, for the first time, that you would like to take the depositions of the Defendant and some if its employees. You indicated that following the call we would get a list of those individuals. Please forward that list so that we can appropriately evaluate the request and coordinate dates. However, the undersigned made it clear that the depositions of the Plaintiffs must go first. You disagreed with this position. We agreed that we can address this issue with the Court on February 12, 2020.

Best regards,

Jonathan Vine



**Jonathan Vine**
*Partner*
Tel: 561-383-9203 | Fax: 561-683-8977
**Jonathan.Vine@csklegal.com**

**Cole, Scott, & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

**Confidentiality Notice:** This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.

3