**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                         Plaintiff,

      v.

CORELLIUM, LLC,

                    Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM'S**
**MOTION TO COMPEL PLAINTIFF TO PROVIDE PROPER RESPONSES**
**TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to Compel Plaintiff to Provide Proper Responses to Defendant's First Request for Admissions ("Mot."). Corellium's motion is misplaced. As with Apple's responses to Corellium's other discovery, Apple has fully complied with its discovery obligations. Accordingly, Apple respectfully asks this Court to deny Corellium's motion, which would add nothing to Apple's responses even if granted in full.

## A.    Apple's Responses Fully Complied With Federal Rule of Civil Procedure 36.

Apple responded to every one of Corellium's 196 requests for admission exactly as Rule 36 requires. For request numbers 1 to 195, Apple either admits, denies, or explains why it cannot admit or deny the request in full, and provides a partial answer, where possible. *See* Fed. R. Civ. P. 36(a)(4). And for request number 196, Apple served a written objection "to the matter requested" in lieu of a substantive response. *See* Fed. R. Civ. 36(a)(3). Corellium has thus received exactly what Rule 36 requires. *See Charleston Labs., Inc. v. Takigiku*, No. 15-81694-CIV, 2016 WL 7479557, at *1 (S.D. Fla. July 8, 2016) (quoting Fed. R. Civ. P. 36(a)(4)) ("[T]he answering party may admit the statement or '[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."); *see id.* (referencing ability to serve written objections under Rule 36).

Notably, Corellium does not argue otherwise. Rather, Corellium argues that Apple was required to admit or deny Corellium's requests without any qualifications or objection. As a threshold matter, it is not clear what Corellium believes it will gain through this motion: it *already has answers* to all but one request, and the qualifying language it takes issue with does not render those answers incomplete or unintelligible. Moreover, Rule 36 itself provides that, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Charleston*, 2016 WL 7479557, at *1 (quoting Fed. R. Civ. P. 36(a)(4)). Responding parties are thus permitted to provide "multifaceted response[s]; a party may partially admit or deny a matter and explain why it has done so, so long as the response reasonably addresses the substance of the request" *Krauser v. Biohorizons, Inc.*, No. 10-80454-CIV, 2011 WL 13116713, at *6 (S.D. Fla. Apr. 14, 2011), *on reconsideration*, No. 10-80454-CIV, 2011 WL 13116714 (S.D. Fla. May 16, 2011). Apple did exactly that.

Corellium, instead, seeks to require Apple to answer its requests in *Corellium*'s language, rather than Apple's. But that is neither required nor appropriate. Corellium's requests in many

instances improperly combined concepts, contained foundational premises, or used ambiguous language which could be misleading if admitted or denied without qualification. Apple therefore appropriately qualified its answers. *See Blake v. Batmasian*, No. 15-CV-81222, 2016 WL 7447240, at *1 (S.D. Fla. June 23, 2016) ("The requests for admission are foundationally flawed in that they assume that Defendants employed Plaintiff, and, in effect, require Defendants to admit that foundational premise.").

Apple's objection and response to request number 117 is illustrative. In that request, Corellium asks Apple to admit that, "[b]etween August 15, 2017, and the date Apple filed this Action against Corellium, Apple and Corellium met to discuss Corellium's products and services." Mot., Ex. 3 at 73. Apple objected on the ground that use of the term "services" renders the request ambiguous. *Id.* Apple then stated: "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" *Id.* Apple's objection makes clear that Apple does not know what Corellium means by the term "services," with respect to a company that sells a technological product and no services that Apple is aware of, which is why Apple did not have sufficient information to fully admit or deny the request. Apple nevertheless made a good faith attempt to answer the request to the extent it could, by ████████████████████████████████████████████████████████████████. Apple's "response reasonably addresses the substance of the request." And that is exactly what Rule 36 and this District's case law require.

In short, despite the objectionable nature of a number of Corellium's requests, Apple provided responses to request numbers 1 to 195 that "reasonably addresse[d] the substance of the request," which is all that was required. *Krauser*, 2011 WL 13116713, at *6. Corellium has received all (and, in fact, more than) it is due under the law. Its motion should therefore be denied.

### B. Apple Properly Refused To Respond To Request 196.

As explained above, Apple refused to respond to just one request out of nearly two hundred: Request 196. Apple's objection to this request was proper. Request 196 states: "The e-mail attached hereto as Exhibit A is a true and correct copy of the e-mail sent from Jessica Stebbins Bina, counsel for Apple and attorney at Latham & Watkins LLP, to Robert Greeson, counsel for Corellium and attorney at Norton Rose Fulbright US LLP, on November 2, 2019." Mot., Ex. 1 at 31. Corellium argues that Apple should have responded to this request because requesting an

admission regarding the genuineness of a document is permissible.  But Apple's objection to this request was not on the basis of the permissibility of addressing genuineness; rather, Apple objected on the grounds that requests regarding communications between outside counsel after litigation is filed are not calculated to lead to the discovery of admissible evidence.  *Id.*  Corellium does not even argue to the contrary in its motion.  *See* Mot. at 6.  Moreover, Apple's position is correct, and its objection should be sustained.  *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 16-CV-81180, 2017 WL 6210835, at \*1–4 (S.D. Fla. Dec. 7, 2017) (denying discovery of post-complaint communications of counsel as not proportionate under Rule 26).

### C.    Corellium Failed To Confer Regarding Much Of The Motion.

Not only does Corellium's motion fail to identify a single deficient substantive response, its motion also improperly seeks relief on a number of issues that Corellium failed to discuss with Apple before bringing to the Court.  *See* L.R. 7.1(a)(3); *see also* ECF No. 34 at 1 ("If a discovery dispute arises, the parties must confer either in person or via telephone to resolve their discovery disputes before seeking court intervention.").  In particular, Corellium's motion takes issue with Apple's objections based on (1) requests for admissions regarding documents not provided with the requests; (2) compound requests; (3) requests for legal conclusions;  and (4) requests seeking information in the possession of Corellium or third parties.  Corellium did not address a single one of these issues in its twenty-one page letter to Apple regarding Apple's discovery responses—a letter that is notably absent from the exhibits Corellium included with its motion.  *See* Ex. A.  Corellium's failure to comply with the Local Rules and this Court's Order (ECF No. 34) alone provides a basis for rejecting Corellium's motion as to these issues.  *See, e.g.*, *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao E Exportacao Ltda.*, No. 08-20738-CIV, 2009 WL 10664826, at \*1–2 (S.D. Fla. Oct. 16, 2009); *see also Alequin v. Darden Rests., Inc.*, 12-CIV-61742, 2013 WL 3939373, at \*9 (S.D. Fla. July 12, 2013) (failure to show a good-faith effort to confer, by itself, may be grounds to deny a motion).  Moreover, as outlined below, Corellium's motion should also be denied on the merits with respect to each point.

***Requests Regarding Documents.***  Approximately one third of Corellium's requests are improper attempts to seek admissions regarding the genuineness of documents.  Rule 36 provides a specific procedure for such requests:  they "must be accompanied by a copy of the document." Fed. R. Civ. P. 36(a)(2).  But instead of following that procedure, Corellium improperly parrots an isolated statement from a document—often with critical words missing—and demands admission.

*See, e.g.*, Mot., Ex. 1 at 18 ("Christopher Wade told Jason Shirk that 'if you have ideas for use cases at Apple' that he would 'love to hear' them on or around July 12, 2017"); *see also* Mot., Ex. 3 at 49–50 (███████████████████████████████████████████████████████
████████████████████████████). That is improper, *K.C.R. v. Cty. of L.A.*, No. CV 13-3806 PSG (SSx), 2014 WL 3433772, at *4 (C.D. Cal. July 14, 2014), and Apple's objections simply state so.

**Compound.** With respect to request numbers 119 and 149, Apple objected to Corellium's improper use of "and/or" and "and," which make the requests unclear with respect to what they are asking. When statements are not written in a "simple declarative fashion," it is "impossible for anyone to answer with a straightforward admission or denial." *See Treister v. PNC Bank*, No. 05-23207-CIV, 2007 WL 521935, at *3 (S.D. Fla. Feb. 15, 2007) ("Request Nos. 89-93 contain numerous sub-part and disjunctive connectors by the use of multiple 'and/or' statements. The Court cannot compel an answer to these requests on a different ground; the form of the requests makes it impossible for anyone to answer with a straightforward admission or denial because it is not written in a simple declarative fashion. The requests are thus improper and need not be answered."). While Apple could have stood on its objection, it nonetheless provided a substantive response to the extent it was able. *See* Ex. Mot., Ex. 3 at 74, 91.

**Legal Conclusion.** Corellium admits that requests for admission cannot ask a party to address legal conclusions. *See* Fed. R. Civ. P. 36(a)(1). But Corellium nevertheless claims that Apple's objection to requests that sought legal conclusions were improper because the requests "do not seek a legal conclusion." Corellium is wrong. Using Corellium's own example, request 91 asks Apple to admit that "[t]he effective date of the Apple-Corellium NDA is January 24, 2018." Mot., Ex. 1 at 19. The effective date of a contract presents a quintessential question of law. *See Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014). These objections were proper; moreover, Apple did not rely on this objection as a basis to refuse to answer any request.

**Public Domain/In Possession of Defendant.** Corellium also complains about Apple's objection to requests that address information that would be more easily obtained from publicly available sources or nonparties. Here, too, Apple's objections serve the important purpose of clarifying that the requests concern information about other parties and thus Apple's ability to respond to them is necessarily limited. For example, request number 17 asks Apple to admit that "IPSW.me makes iOS available to be downloaded by members of the public." Mot., Ex. 1 at 11. Apple's objection to this request simply clarified that, because the request asks about the actions

of a third party, that third party—IPSW-me—is in the best position to address what it does or does not do.  Apple nevertheless answered the request to the best of its ability, based on the information available to it.  *See* Mot., Ex. 3 at 11–12.  Moreover, all of Corellium's cited authorities are inapposite as they address requests for production, not requests for admission—a form of discovery where the responding party's knowledge is of critical import.  Again, Apple's explanatory language is appropriate.

> ### D.      Corellium's Remaining Arguments Are Without Merit.

Finally, Corellium raises two further issues, which (unlike the above) it did raise in the meet and confer process.  But these two are also inapt.

***Objections to Breadth***.  Corellium (again citing inapposite case law addressing requests for production) asserts that Apple should not have objected on the grounds that certain requests were overly broad or sought irrelevant information.  Mot. at 3.  But requests for admission, like all discovery, must comply with Rule 26, and so must pertain to a "matter[] that [is] relevant to either of the parties' claims or defenses."  *Kaminsky v. Nat'l Bureau Collection Corp*., No. 07-61604-CIV, 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008).  Apple properly objected to those requests that do not pertain to any claims or defenses in this case.  *See, e.g.*, Mot., Ex. 3 at 18–19 (seeking admission regarding Apple's legal action against unrelated parties).  Apple nevertheless made a good-faith effort to respond to Corellium's improper requests in an (unsuccessful) effort to avoid having to litigate the propriety of Corellium's requests before the Court.

***Preliminary Statement.***  Finally, notwithstanding Corellium's arguments to the contrary, there is similarly nothing improper about Apple's inclusion of a preliminary statement.  Apple does not incorporate the preliminary statement by reference into its substantive responses, nor does it provide its substantive responses "subject to" its statement.  *Cf. Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV, 2014 WL 11532403, at *3 (S.D. Fla. Feb. 4, 2014) (taking issue with preliminary statement "which indicates that Defendant's responses are given *subject to certain objections*") (emphasis added).  Apple's preliminary statement simply describes the status of Apple's discovery efforts, and its intention not to waive certain objections that could be available to it in the future.  There is nothing wrong with that, and certainly nothing warranting this Court's intervention.

> ### E.      Conclusion.

Apple fully answered 195 of the 196 requests for admission served by Corellium, and properly declined to respond to one.  The Court should deny this pointless motion.

Dated: February 3, 2020

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.