UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                  Plaintiff,

  v.

CORELLIUM, LLC,

                  Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROVIDE BETTER <u>AND COMPLETE ANSWERS TO INTERROGATORIES</u>**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to Compel Better and Complete Answers to Interrogatories. Corellium's motion is misplaced. Apple has provided full responses to the interrogatories, denying responses in only a handful of instances where Corellium's interrogatories seek entirely irrelevant and/or privileged information. Accordingly, Apple respectfully asks this Court to deny Corellium's motion in full.

A.  **Apple Fully Responded To Most Of The Interrogatories, And Properly Objected To The Remainder.**

Of the interrogatories Corellium served, Apple provided responses to seven of them (1, 3, 4, 5, 7, 8, and 9), and objected in full to only five (2, 6, 10, 11, and 12)—only four of which Corellium moves to compel (6, 10, 11, 12). ECF No. 93. Corellium's motion nonetheless devotes substantial energy to interrogatories for which Apple *provided responses*, nitpicking objection language and taking the legally unsupported position that Apple must remove all objections from its responses. This approach wastes the Court's time. Apple's responses to these interrogatories give Corellium precisely the information it sought. The Court can and should deny Corellium's motion outright with respect to interrogatories 1, 3, 4, 5, 7, 8, and 9.

With respect to the remaining interrogatories, Apple properly objected to each. Interrogatories 2 and 11 call for the "legal and factual basis for" Apple's *legal determinations*. Corellium's blatant requests for the legal reasoning and conclusions of counsel is improper. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter."); *see, e.g.*, *Encon Int'l, Inc. v. Garrahan*, No. 11-2137-KGS, 2013 WL 12250907, at *2 (D. Kan. Jan. 16, 2013) (holding interrogatory seeking "the mental impressions or legal conclusions of an attorney" improper). Corellium appears to acknowledge this with respect to Interrogatory 2, as it does not move to compel with respect to it, but *does* move to compel the nearly identical Interrogatory 11. But Interrogatory 11 is even more egregious than 2, in that it facially seeks information protected by the attorney-client privilege and the work-product doctrine regarding not only this action but legal actions not taken with respect to third parties utterly unrelated to this action.[1] Moreover, Apple's decisions not to sue unrelated non-parties over products not at issue

---

[1] Even setting aside the privilege issues, Interrogatory 11 is vastly disproportionate to the needs of the case as it requests information not only about every legal aspect of this case, but also countless

in this action can have no possible relevance to any claim or defense in this Action. The Court should deny Corellium's motion to compel with respect to Interrogatory 11.

Interrogatories 10 and 12 likewise seek information unrelated to this Action or the claims and defenses of any party herein. Interrogatory 10 seeks information regarding the total number of bugs reported to Apple by *any person* participating in its Apple Security Bounty program—even though such persons have no relationship whatsoever to this case—and the total amount of money paid out as the result of such reports. Corellium's counterclaims, however, concern only its claims that Apple failed to pay *Corellium* for specific bugs purportedly submitted *by Corellium*. Nothing about Corellium's claim that Apple breached a contract (or quasi-contract) with Corellium makes information about Apple's separate contracts with third parties discoverable in this Action.

Corellium asserts, without explanation, that this information is somehow relevant to its "restraint of trade and unclean hands" defenses. ECF No. 93 at 5. But third party bug submissions and payments have nothing to do with the *public policy* "interest in free markets, competition, and secure and robust software"—the basis of Corellium's "restraint of trade" defense. ECF No. 64 at 22. They also have nothing to do with Corellium's unclean hands defense, which alleges that "Apple acknowledged and understood Corellium's existence and operations, but failed to seek any legal recourse or otherwise object to Corellium's actions." *Id.* Simply, the actions or rights of third parties have nothing to do with the dispute between Apple and Corellium.

Interrogatory 12 also seeks information that is neither relevant nor proportional to any claim or defense in this case. It seeks descriptions of "Apple's ***internal*** development of hypervisor, emulation, simulation, and virtualization hardware and software." This case involves *Corellium*'s infringement of iOS—Apple's operating system for mobile devices such as the iPhone—and related software that Apple sells to the public. ECF No. 56 ¶ 45. Nothing in this case puts at issue Apple's own internal, highly confidential product development and testing, which have no relevance whatsoever to whether Corellium's product transforms Apple's copyrighted works, or whether the use Corellium makes of those works is otherwise fair. "[N]o controlling case law suggests that the design and manufacturing process for a copyright[ed] work is relevant and must be produced." *Cambria Co., LLC v. Pental Granite & Marble, Inc.*, No. 12-228 (JRT/AJB), 2013

---

potential legal actions not actually taken. *See, e.g.*, *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (holding contention interrogatory seeking bases for all allegations in complaint an "improper use of that discovery tool").

WL 3381033, at *2 (D. Minn. July 8, 2013); *see id.* at *3 (denying motion to compel information related to development and design of copyrighted product). Corellium argues that this information is somehow needed "to defend against Apple's claims of infringement as Apple has long been aware of *Corellium's* technology and even 'encouraged [*Corellium's*] technology.'" ECF No. 93 at 6 (emphasis added). But this argument does not make sense. Corellium does not need discovery into *Apple*'s internal testing and development to demonstrate anything about *Corellium*'s technology. The motion should be denied as to this Interrogatory as well.

Finally, with respect to Interrogatory 6, the information Corellium seeks is again irrelevant. Unlike with respect to Interrogatories 10 and 12, Interrogatory 6 *does* concern Corellium. But it seeks information about Apple's internal opinion of Corellium's acquisition value. Such information does not tend to prove or disprove any disputed fact in this case. It does not bear any possible relevance to the question of whether Corellium's product infringes Apple's copyrighted works or whether Corellium traffics an anti-circumvention tool. And it does not relate in any way, shape, or form to Corellium's counterclaims concerning payments under the Apple Security Bounty Program. Corellium asserts—with no explanation—that the acquisition valuation is somehow relevant to its defense of "restraint on trade." ECF No. 93 at 4. But that defense merely states that "a finding of infringement would be contrary to public policy." ECF No. 64 at 22. Apple's *internal valuation* of Corellium has nothing to do with the *public's* interest in "free markets, competition, and secure and robust software." *Id.* Nor is it relevant to any other claim or defense. The motion should be denied with respect to Interrogatory No. 6 as well.

### B.   Corellium's Remaining Arguments Are Not Well-Taken.

The remainder of Corellium's motion addresses *not* information Apple failed to provide, but instead, manufactured technical arguments about Apple's purportedly boilerplate objections. None is well-taken. Apple provided full substantive responses to the majority of Corellium's interrogatories. Corellium identifies *nothing* problematic with those substantive responses. Instead, it asks that this Court to order Apple to withdraw objections. These requests are meritless.

#### 1.   Apple's Objections Are Particularized For Each Response.

Although Corellium baldly claims that Apple's objections are "boilerplate," in fact each objection contains specific language explaining the exact basis of the objections, and Apple further explained the basis for its objections in its response to Corellium's deficiency letter. *See* ECF No. 93-4 at 12–14. Corellium also complains about allegedly qualifying language in four interrogatory

3

responses. ECF No. 93 at 3. While there is nothing improper about such language, and Corellium cites no authority to that effect, in an effort to streamline the discovery dispute, Apple removed this language. Ex. A at 11–13, 16, 18. Finally, Corellium complains about "compound" objections in response to four interrogatory responses. ECF No. 93 at 3. Apple removed these objections with respect to three of four responses. *See* Ex. A at 7–9, 12–14, 19. However, as to Interrogatory 8, Apple maintains its objection as that interrogatory seeks at least two wholly separate categories of information: (1) payments for bugs submitted to Apple's Security Bounty Program; and (2) non-payments for bugs submitted to the same program (and the reasons why there was no payment). These are separate topics and should be counted as at least two interrogatories, not one.

### 2. Apple Has Provided And Will Provide Identifying Bates Numbers With Respect To Interrogatories 3 and 7.

Apple responded to Interrogatories 3 and 7 by exercising its right to respond with documents pursuant to Rule 33(d). Corellium does not object to this method of response, and Corellium admits that Apple has already agreed to provide documents responsive to these interrogatories. But Corellium asserts that Apple has not identified the documents as required thereunder. This assertion is premature and not well taken. As agreed between the parties, Apple is engaging in a rolling production, and has identified—and will continue to identify—documents specifically responding to these interrogatories as they are produced.

Corellium's other complaints with respect to these responses are likewise inapt. Contrary to Corellium's claims, Apple provided a specific basis for each of its objections. For instance, Apple explained that it could not identify all bugs found using the Corellium Apple Product, as requested, because it did not know all persons who use the Corellium Apple Product, and also because it has no way of determining how a bug was identified. ECF No. 93-3 at 7–8, 12–13. These objections were clear, reasonable, and should be sustained.

### 3. Apple Has Appropriately Answered Interrogatories 4, 5, 8, and 9.

Interrogatory 4 seeks the date and "circumstances under which Apple first became aware of Corellium or Corellium's products and services." Apple answered this interrogatory as follows:

[REDACTED]

*Id.* at 9.

Apple's response thus fully answers the interrogatory. Nonetheless, Corellium takes issue with

Apple's objections. Apple objected that Corellium's definition requires Apple to construe "Corellium" to include "all of Corellium's employees in their individual capacities, both prior to, during, and after their employment with Corellium," *id.* at 3. Apple also objected to this interrogatory to the extent it seeks information regarding Corellium's non-Apple products. *Id.* These objections are appropriate because, absent the objections, the interrogatory would encompass entities and products not at issue in this Action.

The same is true with respect to Interrogatory 5, which sought "the reasons why Apple was interested in acquiring Corellium." Again, Apple answered fully: "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." *Id.* at 10. Apple nonetheless included appropriate objections with respect to the vagueness of the phrase "interested in acquiring" and the possibility that the interrogatory called for privileged information. Apple also (correctly) objected that this Interrogatory calls for information that is not relevant to the subject matter of this litigation. Corellium apparently seeks to have the Court strike these objections, even though the interrogatory was answered in full. This is unnecessary and inappropriate. Apple's answer is complete, and no compulsion is needed to make it so.

The same is true with respect to Interrogatories 8 and 9, which seek information regarding payments and "value" regarding certain bugs, exploits, and vulnerabilities reported to Apple through its Apple Security Bounty Program. Again, Apple provided complete, detailed answers and withheld nothing from its responses. *See* ECF No. 93-4 at 13–14; ECF No. 93-3 at 13–18.

Corellium complains that, in Apple's response to Interrogatory No. 9, Apple notes that two bugs submitted to the Apple Security Bounty Program by Corellium principal Chris Wade *after* this Action was filed "█████████████████████████████████████████████████████████████████." ECF No. 93 at 5. But this is a complete and accurate statement. Apple will timely update its response ████████████████████████████████████████████. Here, it is up to Corellium—not Apple—to assert a basis for its damages for submitted bugs, and Corellium cannot force Apple, through discovery, to modify its regular business practices to help it prove up its damages. *Procaps S.A. v. Patheon, Inc.*, No. 12-24356-CIV, 2015 WL 1608807, at *2 (S.D. Fla. Apr. 10, 2015) ("[A] party is not required to create evidence it does not have and is not required to do independent research in order to acquire information **merely** to answer interrogatories.").

The Court should deny Corellium's motion to compel in full.

5

| | |
|---|---|
| Dated: February 3, 2020 | Respectfully Submitted,<br><br>/s/ Martin B. Goldberg |
| Kathryn Ruemmler*<br>*kathryn.ruemmler@lw.com*<br>Sarang Vijay Damle*<br>*sy.damle@lw.com*<br>Elana Nightingale Dawson*<br>*elana.nightingaledawson@lw.com*<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 / (202) 637-2201 Fax<br><br>Andrew M. Gass*<br>*andrew.gass@lw.com*<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600 / (415) 395-8095 Fax<br><br>Jessica Stebbins Bina*<br>*jessica.stebbinsbina@lw.com*<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>(424) 653-5500 / (424) 653-5501 Fax<br><br>*Admitted pro hac vice | Martin B. Goldberg<br>Florida Bar No. 0827029<br>*mgoldberg@lashgoldberg.com*<br>*rdiaz@lashgoldberg.com*<br>Emily L. Pincow<br>Florida Bar No. 1010370<br>*epincow@lashgoldberg.com*<br>LASH & GOLDBERG LLP<br>100 Southeast Second Street<br>Miami, FL  33131<br>(305) 347-4040 / (305) 347-4050 Fax |

*Attorneys for Plaintiff* APPLE INC.