UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S MOTION TO FILE CORELLIUM'S REPLY TO APPLE'S RESPONSE TO <u>CORELLIUM'S MOTION FOR PROTECTIVE ORDER UNDER SEAL</u>**

Plaintiff Apple Inc. ("Apple") by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to File Corellium's Reply to Apple's Response to Corellium's Motion for Protective Order Under Seal ("Motion to Seal"). ECF No. 113.

### INTRODUCTION

On December 20, 2019, Apple served Corellium with Apple's Second Set of Requests for Production and Apple's Second Set of Requests for Admission (collectively, "Requests").

On January 21, 2020, Corellium filed its Motion for Protective Order. ECF No. 81. On January 28, 2020, Apple filed its Response to the Motion for Protective Order. ECF No. 108. On January 31, 2020, Corellium filed its Reply to Apple's Response to the Motion for Protective Order ("Reply"), ECF No. 114, along with the Motion to Seal, ECF No. 113. The Reply repeats many of the arguments in the Motion for Protective Order, alleges that the Requests ask for "highly-sensitive information," and seeks a protective order to prevent Apple from pursuing the Requests.

ECF No. 113 at 1–2. The Reply should not be sealed for the same reasons the Motion for Protective Order should not be sealed: the Reply itself contains no confidential or highly sensitive information. Apple thus respectfully asks this Court to deny Corellium's Motion to Seal.

## ARGUMENT

Local Rule 5.4(a) provides that, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). When a party seeks to restrict access to a particular document in the judicial record, such as the Reply, "the common-law right of access standard as it applies to particular documents requires the court to balance competing interests of the parties." *Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). To defeat the common-law right of access, a party must show "good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Advance Local Media*, 918 F.3d at 1169 (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)) (quotations omitted). The existence of "good cause" is "decided by the nature and character of the information in question," including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315).

Corellium fails to show that the "nature and character of the information in question" establishes good cause. *See id.* The Motion to Seal contains only conclusory arguments that the Reply contains highly sensitive information that "cannot be revealed." ECF No. 113 at 3. Conclusory statements "do not establish good cause." *Id.* at 1247 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *cf. Press-Enter. Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 15 (1986) (noting that, even in the criminal context where publicity

2

might deprive the defendant of a fair trial, the "right of access cannot be overcome by [a] conclusory assertion"). And the Reply—as with the Motion for Protective Order itself—reveals no sensitive information. Corellium mischaracterizes the Reply as containing a highly sensitive detailed explanation in support of a protective order, but the Reply contains no information beyond the nature of Apple's Requests and Corellium's refusal to respond to them. The Reply provides no responses to those Requests and no admissions or denials that any allegedly sensitive information exists.

Additionally, Corellium's objection to Apple's Requests does not demonstrate "good cause" to seal the Reply. *See Romero*, 480 F.3d at 1246. In the Reply, Corellium objects to Apple's Requests as seeking information that is highly sensitive or beyond the scope of discovery—but that disagreement is properly the subject of the Motion for Protective Order, and does not require sealing the Reply itself. Corellium's argument, if followed, would require courts to automatically seal any brief in support of a motion for a protective order regarding allegedly sensitive information and thereby ignore the "good cause" requirement that reflects the "balance" of "competing interests of the parties." *Advance Local Media*, 918 F.3d at 1168.

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process," and "establish[es] a general presumption" in favor of public access, including "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311. Corellium fails to meet the high bar of showing "good cause" to overcome that presumption. *Id.* at 1310.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court deny Corellium's Motion to Seal.

| | |
|---|---|
| Dated: February 3, 2020 | Respectfully Submitted,<br><br>*s/ Martin B. Goldberg* |
| Kathryn Ruemmler*<br>*kathryn.ruemmler@lw.com*<br>Sarang Vijay Damle*<br>*sy.damle@lw.com*<br>Elana Nightingale Dawson*<br>*elana.nightingaledawson@lw.com*<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 / (202) 637-2201 Fax<br><br>Andrew M. Gass*<br>*andrew.gass@lw.com*<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600 / (415) 395-8095 Fax<br><br>Jessica Stebbins Bina*<br>*jessica.stebbinsbina@lw.com*<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>(424) 653-5500 / (424) 653-5501 Fax<br><br>*Admitted pro hac vice | Martin B. Goldberg<br>Florida Bar No. 0827029<br>*mgoldberg@lashgoldberg.com*<br>*rdiaz@lashgoldberg.com*<br>LASH & GOLDBERG LLP<br>100 Southeast Second Street<br>Miami, FL  33131<br>(305) 347-4040 / (305) 347-4050 Fax |

*Attorneys for Plaintiff* APPLE INC.