UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

## CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF TO PROVIDE BETTER AND COMPLETE ANSWERS TO INTERROGATORIES

Defendant CORELLIUM, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1(g), files this Reply in Support of its Motion to Compel Better and Complete Answers to Interrogatories to Plaintiff, APPLE INC. ("Apple") [D.E. 93].

1. **<u>Apple's Objection and Answer is Improper</u>**

Apple, in its Response, attacks Corellium on the basis that it is "nitpicking" objection language and taking legally unsupported positions to interrogatories that Apple has provided response. *See* Response to Defendant Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories [D.E. 122] ("Response"). While it is true that Apple did provide answers to seven Interrogatories, Nos. 1, 3, 4, 5, 7[1], 8, and 9, Corellium is unable to determine if the answers are complete or if Apple is withholding information due to Apple's improper objections. *See Bouzaglou*, 2019 WL 3852295, at *1; *Alhassid*, 2015 WL 1120273, at *2 ("Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both parties and the court"). Take for example Apple's Answer to Interrogatory No. 5, one of the meritless objections Apple puts forth is that a certain phrase renders the Interrogatory vague and ambiguous. This notwithstanding, Apple proceeds to respond to Interrogatory No. 5, by including the term it deemed vague and ambiguous. *See* Exhibit A to Apple's Response to Corellium's Motion to Compel Better and Complete Answers to Interrogatories [D.E. 122]. This completely defies common sense. If it were true that the phrase cited by Apple was in fact vague and ambiguous, it should render Apple unable to answer the Interrogatory. Instead, Apple supplies a response. Accordingly, Corellium cannot determine if the objection was meritless and in bad faith or if Apple truly does not understand the interrogatory, which would subject the response to inaccuracies. *Id.*; *see also Mann v. Island Resorts Development, Inc.,* 2009 WL 6409113, at *2–3

---

[1] As it relates to identify Bates Numbers with respect to Interrogatories 3 and 7, Corellium withdraws its objection as Apple has supplied identifying Bates Numbers.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

(N.D. Fla. February 21, 2009).[2] Therefore, Corellium is not wasting the Court's time as suggested by Apple, but instead merely trying to understand Apple's Answers to Interrogatories.

### a. Apple's Boilerplate Objections are Improper

As discussed above, it is improper for Apple to provide objections and then answer the interrogatory, as it is unclear if the answer is subject to the objection as well as its scope. *See Bouzaglou*, 2019 WL 3852295, at *1. This logic similarly applies with boilerplate objections. *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008); *See generally Desrosiers v. MAG Industrial Automation Systems, LLC,* 675 F.Supp.2d 598, 602 (D. Md. 2009). Apple, however, insists that its responses are not boilerplate. As Corellium has addressed this issue in all of its Motions to Compel, it will simply direct the Court to Apple's Answer to Interrogatory No. 1, in which Apple generically objects ". . . under the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity.[3] *See* Exhibit A to Apple's Response to Corellium's Motion to Compel Better and Complete Answers to Interrogatories [D.E. 122].

### 2. **Apple Cannot Redefine Corellium's Interrogatories**

While Apple insists that it has answered many of the interrogatories served up; and therefore, Corellium's arguments are unfounded and not well-taken, Apple completely misses the

---

[2] Notably, Apple, in its Deficiency Letter dated December 5, 2019, takes the complete opposite stance it does in its Response, arguing that due to qualify language and objection, then answer, it could not determine "whether Corellium is withholding responsive materials based on the objection, or what material it is withholding if so." Now, Apple argues the opposite.

[3] *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (citing to S.D. Fla., Local Rule 26.1(G)(3)(b)) ("[g]eneralized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine do not comply with local rule which requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others.").

point. *See* Response. The issue Corellium has is not that Apple answered the interrogatories, it is everything that comes before Apple's answers. Included in this problem is that Apple, in its answers to Interrogatory Nos. 4, 7, 8, and 9, changes the definitions for which Corellium specifically provided.[4] For example, Interrogatory No. 4 seeks information pertaining to when "Apple first became aware of Corellium or Corellium's products." *See* Exhibit 1 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories. Yet, despite the specific language of this Interrogatory, Apple changes the definition of Corellium and Corellium's products as defined by Corellium. *Id.* This is completely improper. Apple does not get the right to redefine Corellium's interrogatories and answer only what it deems appropriate. Instead, the proper procedure is to object on the grounds of over breadth without further response, not Apple's attempt at an end-around the Federal Rules of Civil Procedure. Accordingly, Apple must either object to over breadth or answer the Interrogatory with the definitions provided.

### 3. **<u>Interrogatory Nos. 6, 10, 11, and 12 are Relevant</u>**

Apple contends that Interrogatory Nos. 6, 10, 11 and 12 bear no relevance to this litigation; and therefore, Apple need not answer. *See* Exhibit A to Apple's Response to Corellium's Motion to Compel Better and Complete Answers to Interrogatories [D.E. 122]. This is simply incorrect. Interrogatory No. 6 requests information pertaining to Apple's internal opinion of Corellium's acquisition value. *See* Exhibit 1 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories [D.E. 93-1]. The topic of this interrogatory goes directly to the transformative nature of Corellium's product as well as Apple's attempt to restrain trade.

---

[4] Indeed, Corellium specifically included a "Definitions" section to its First Set of Interrogatories. *See* Exhibit 1 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories.

Specifically, the value Apple places of Corellium and its products is indicative of the transformative value inherent in the same. Indeed, if Apple places a very high value on Corellium and its products, which Apple has denied their transformative nature, it would beg the question as to why the value is so high if there is nothing different about the product.

Apple also takes issue with Corellium's explanation to the relevancy of Interrogatory No. 10, which seeks information pertaining to the (1) total number of software bugs reported to Apple and (2) the amount of money paid to third-parties for the same. *See* Exhibit 1 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories [D.E. 93-1]. This information is relevant to Corellium's affirmative defenses and counterclaims such as restraint of trade and unclean hands. In particular, Corellium has the right to establish, through pattern, two things: (1) Apple has paid companies and individuals who provide similar services as Corellium; and therefore, Apple's failure to pay Corellium is direct evidence of it targeting Corellium, and (2) the value of the software bugs through the history of payments. Interrogatory No. 10 is accordingly relevant for Corellium to properly defend itself in this Action.

Apple further takes issue with the relevancy of Interrogatory No. 11, which seeks information pertaining to Apple's factual basis for filing this Action against Corellium and not companies who provide similar virtualization services. This information is relevant to Corellium defense against claims of copyright infringement. In particular, this Action is not about Copyright infringement, but instead is merely a lawsuit directed at taking down Corellium under the guise of copyright infringement. Corellium, however, is entitled to defend against the claims levied against it, and the fact that Apple has not sued other companies doing exactly the same thing as Corellium is critical to Corellium defense, specifically as it relates to the question why.

Lastly, Apple takes issue with the relevancy of Interrogatory No. 12, which seeks information pertaining to "Apple's internal development of hypervisor, emulation, simulation, and virtualization hardware and software." *See* Exhibit 1 to Corellium's Motion to Compel Plaintiff to Provide Better and Complete Answers to Interrogatories [D.E. 93-1]. In particular, Apple argues that its own internal product is not relevant. *See* Exhibit A to Apple's Response to Corellium's Motion to Compel Better and Complete Answers to Interrogatories [D.E. 122]. This, however, is simply untrue. Apple's hardware and software is directly relevant to illustrate the transformative nature inherent in Corellium and its products and why Apple is pursuing this litigation. Specifically, Corellium has not only transformed the services that can be provided, it has redefined what is required to produce and operate its transformative virtualization software, which is exactly the information this Interrogatory seeks.

Accordingly, based on the foregoing, Corellium's Motion to Compel Better and Complete Answers to Interrogatories must be granted.

Dated: February 6, 2020                      Respectfully submitted,


By:                                          s/ *Lizza C. Constantine*
                                             JONATHAN VINE
                                             Florida Bar No.: 10966
                                             JUSTIN LEVINE
                                             Florida Bar No.: 106463
                                             LIZZA CONSTANTINE
                                             Florida Bar No.: 1002945

                                             COLE, SCOTT & KISSANE, P.A.
                                             *Counsel for Defendant*
                                             Esperante Building
                                             222 Lakeview Avenue, Suite 120
                                             West Palm Beach, Florida 33401

6

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

                    Telephone (561) 383-9222
                    Facsimile (561) 683-8977
                    E-mail: jonathan.vine@csklegal.com
                    E-mail: justin.levine@csklegal.com
                    E-mail: lizza.constantine@csklegal.com

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 6, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

**SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com

gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*