**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

       Plaintiff,

v.

CORELLIUM, LLC,

       Defendant.

_____/

**CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION TO**
**COMPEL PLAINTIFF TO PROVIDE PROPER RESPONSES TO**
**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Defendant, Corellium, LLC ("Corellium") pursuant to Local Rules 7.1 and 26.1 and by and through the undersigned counsel, files this Reply in Support of its Motion to Compel Plaintiff, Apple Inc. ("Apple") to Provide Proper Responses to Defendant's First Set of Requests for Admissions [D.E. 100] ("Motion"), and in support thereof, states as follows:

**A.** **Apple's Responses do not comply with Rule 36 and Apple's efforts to convince the Court otherwise are rely on false statements and disingenuous arguments.**

Apple's argument that it complied with Rule 36 is unsubstantiated. Apple employs numerous methods to avoid responding to *any* of the 196 requests with a straightforward response. Every single response contains some lengthy explanation employed by Apple to create uncertainty and ambiguity in its responses.

By way of one example, considering request no. 117, the very request that Apple raises to the Court's attention on page 2 of its Response, Apple argues that the use of the word service is ambiguous because, "Apple's objection makes clear that Apple does not know what Corellium means by the term 'services,' with respect to a company that sells a technological product and no services that Apple is aware of, which is why Apple did not have sufficient information to fully admit or deny the request." Response, at 2. However, a simply review of Apple's First Amended Complaint reveals at least nine paragraphs whereby Apple is discussing or references services by Corellium. *See*, Apple's First Amended Complaint, [D.E. 56], ¶¶21, 43, 50a, 50b, 57, 64, 74, 75, and 76 (*e.g.* ¶57: "On information and belief, when developing, adopting, and marketing *its services **and the Corellium Apple Product***, Corellium was and remains aware that . . . .") (emphasis added). Apple's representation to the Court that it has no idea about services is false and is simply another way that Apple has employed to avoid responding to the requests pursuant to Rule 36.

By way of another example, Apple again avoids providing numerous straightforward responses, as it does in its response to Request No. 2 by objecting to a word as vague, but then immediately thereafter, providing a substantive explanation, often times, using the very word it categorized as vague. Such conduct is not the "stat[ing] in detail why the answering party cannot truthfully admit or deny it" that was contemplated by the limited options for responding under Rule 36. *See Chase v. Nova Se. Univ., Inc.*, 2012 WL 1309238, at *1 (S.D. Fla. Apr. 16, 2012). In Response No. 2, Apple objected to the alleged vague use of the word "encouraged," but then uses that very word in its evasive explanatory language only three sentences later. This type of practice occurs often in Apple's responses.

Apple, indeed, does makes efforts that *appear* as if it is explaining why it cannot respond to a request for admission, either in part or in whole, but a review of Apple's responses reveals that Apple is simply being evasive for every single response. Stated another way, by answering in the manners in which it is, Apple is redefining the requests as it wants to, and answering the

preferred, redefined request, rather than the request that was posed. This is adverse to the intent of Rule 36.

### B. **Apple's Response to Request No. 196**

Apple's objection to Request No. 196 is completely without merit. *See* Exhibit 3 to Motion. In particular, Apple objects on the "grounds that requests regarding communications between outside counsel after litigation is filed are not calculated to lead to the discovery of admissible evidence." *Id.* Despite Apple's contention, the email that Corellium seeks authentication for is relevant to the instant litigation. *See* Exhibit 1 to Motion. In particular, in the subject email, Jessica Stebbins Bina discusses the scope of Corellium's Answer and Counterclaims. *Id.* Accordingly, the statements made by Mrs. Stebbins Bina illustrate the position Apple is taking in regard to the bug bounty program, a program that is undeniably relevant to Corellium's counterclaim of unjust enrichment as well as arguments pertaining to transformation. Therefore, as Request No. 196 is relevant to the instant litigation and Corellium followed the proper procedure in attaching the subject email, Apple's objection must be overruled.

### C. **Apple's argument that Corellium failed to confer is false, disingenuous, and ironically, a failure to confer in and of itself.**

Apple's argument that Corellium failed to confer is entirely disingenuous, and that notwithstanding, Corellium disagrees that it failed to confer. For example, objections pertaining to "(4) requests seeking information in the possession of Corellium or third parties" were first addressed on page 3 of Corellium's deficiency letter (page 4 of the exhibit), attached to Apple's Response as Exhibit A thereto [D.E. 120-1] ("Deficiency Letter"). Moreover, other items were discussed over multiple conferral calls; some were addressed in groups in light of the numerosity of Apple's objections and assertions. The same is true for Apple's conferral about Corellium's objections, which is yet another reason why this argument is entirely disingenuous.

Indeed, the very point of conferral is to narrow issues for the Court. The fact that Apple was aware that these issues were allegedly not conferred about, and instead of email the undersigned and informing of same, Apple holds that information back and then makes this ambush argument—is the definition of bad faith and failing to confer.

In light of this new alleged argument, and given the ongoing obligation to confer, Corellium will initiate another conferral call with Apple relative to the issues Apple claims have not been conferred about.

### D. **Other Specific Objections.**

#### 1. Requests regarding documents

Apple's contention that Corellium is not following procedure by failing to attach documents is baseless. Corellium is not requesting Apple to admit the genuineness of a document, but instead, is simply requesting Apple to admit to certain facts in this case. In particular, as to whether certain statements were made or received by Apple's employees. Requests for admissions based on facts are allowed by the rules and do not require a document to accompany the request. Fed. R. Civ. P. 36(a)(1)(A). Thus, this objection should be overruled.

#### 2. Legal Conclusions

While both Apple and Corellium agree that the Rules of Federal Civil Procedure do not allow a party to request admissions that address a legal conclusion, the Parties disagree as to whether the disputed requests seek legal conclusions. *See* Fed. R. Civ. P. 36(a)(1). Indeed, Apple incorrectly concludes that the effective date of an NDA is a legal conclusion based off the analysis provided by the court in *Feaz. See Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014). The court in *Feaz*, however, contends only that "contract interpretation" is a question of law and provides no guidance as to a request seeking the admission of the effective date of a contract, which in this instance merely seeks Apple to admit or deny the existence of a fact. Indeed, in reference to Request No. 91, all that Corellium seeks is Apple to admit that January 24, 2018 is the date listed in the contract as the "effective date." Corellium is not asking, as suggested by Apple through the case law it cited, the validity of the effective date listed, which would be a question of law, but instead, simply if the effective date listed in the NDA was January 24, 2018, which is merely a question of fact. Accordingly, Corellium is not seeking legal conclusions and its objections regarding the same are meritless and must be overruled.

Moreover, Apple, in its Response, states that "Apple did not rely on this objection [objections on the basis of legal conclusions] as a basis to refuse to answer any request." *See* Response [D.E. 120]. If Apple did not rely on the objection it made, why did Apple waste both the Court's as well as Corellium's time listing language that Apple itself has deemed to have no bearing on the answer? *Id.* This is not only a waste of all parties' time, confusing and misleading, but unquestionably improper. The rules are clear. If Apple has a legitimate objection, it must make the objection and confer with Corellium in an attempt to resolve the disagreement. Fed. R. Civ. P. 36(a)(1); *see also Treister v. PNC Bank*, No. 05-23207-CIV, 2007 WL 521935, at *2 (S.D. Fla.

Feb. 15, 2007) (". . . the request [to admissions] should be answered in simple 'admit' or 'deny' terms without further explanation."); *see also Charleston Laboratories, Inc. v. Takigiku*, 2016 WL 7479557, at *1 (S.D. Fla. July 8, 2016). Otherwise, Apple must simply admit or deny the requested information. *Id.*

3. <u>Public Domain</u>

Apple, in its Response, again insists that not only are objections then responses appropriate, but that they provide clarity as to the response. *See* Response [D.E. 120]. Apple's position not only fails to pass common-sense muster, it is in direct opposition to controlling case law. *Bonachea-Perez v. Ore Seafood, Inc.*, 2011 WL 13223515, at *1 (S.D. Fla. July 29, 2011) (regarding requests for admissions, "[t]he responding party is to either admit or deny….") (citing *Treister v. PNC Bank*, 05-23207-CIV, 2007 WL 521935. The solution, however, is simple. If Apple has a legitimate objection, it must make the objection and confer with Corellium in an attempt to resolve the disagreement. Otherwise, Apple must simply admit or deny the requested information. Accordingly, Apple's objection is without merit and must be removed.

**E.   <u>Corellium's Remaining Arguments</u>**

1. <u>Objections to Breadth</u>

Apple, in its Response, argues that "Corellium (again citing inapposite case law addressing requests for production) asserts that Apple should not have objected on the grounds that certain requests were overly broad or sought irrelevant information." *See* Response [D.E. 120]. Apple, again, completely misses the point. Corellium does not assert, as argued by Apple, that Apple should refrain from objections pertaining to over breadth and irrelevancy. Instead, Corellium simply states that if Apple is to object on these bases, that Apple must comply with the standard in the Southern District and explain why such requests are overly broad and irrelevant. Indeed, merely providing a boilerplate objection using a trigger word such as "irrelevant" without providing anything more does nothing to assist the parties and only causes confusion. *See Steadman v. Specialized Loan Servicing LLC*, 2018 WL 9849604, at *1 (S.D. Fla. April 13, 2018) ("Plaintiff's relevance objections lack any specific explanation and therefore are without merit."). Accordingly, Corellium does not suggest that Apple refrain from using certain objections, but instead, that Apple explain its objections so as to avoid the disagreement and confusion that results. Therefore, without more explanation, Apple's objections must be overruled.

2. Preliminary Statement

Apple admits that its intent in using its Preliminary Statement is to "not [] waive certain objections that could be available to it in the future" which is the main reason why Preliminary Statements are not allowed in responses.[1] *See* Response [D.E. 120]. Apple cannot reserve objections to responses by including a preliminary statement and then contend that because it is not "incorporating the preliminary statement by reference" it has done nothing wrong. Indeed, it is improper for a party to reserve an objection, while at the same time, claim that no objection has been made. It is either one or the other. This notwithstanding that is exactly what Apple is attempting to do. Specifically, Apple's Preliminary Statement expressly reserves the right to future objections as it relates to "authenticity, relevance, materiality, propriety, admissibility, privilege, and *any and all other objections . . .*," (emphasis added). Accordingly, Corellium is confused as to what objections are being reserved by Apple's Preliminary Statement[2], and whether a proper response has been made to the requests due to Apple's Preliminary Statement limiting language including "*Notwithstanding the responses to these Requests*." Therefore, Apple's Preliminary Statement is improper and must be removed.

For the foregoing reasons, Corellium's Motion should be granted and Apple's objections overruled.

Dated: February 6, 2020                Respectfully submitted,


                                       COLE, SCOTT & KISSANE, P.A.
                                       *Counsel for Defendant CORELLIUM, LLC*
                                       Esperante Building
                                       222 Lakeview Avenue, Suite 120
                                       West Palm Beach, Florida 33401
                                       Telephone (561) 612-3459
                                       Facsimile (561) 683-8977
                                       Primary e-mail: justin.levine@csklegal.com
                                       Secondary e-mail: lizza.constantine@csklegal.com

---

[1] *Tselonis v.Billy's Stone Crabs, Inc.*, 2007 WL 4199679, at *1 (S.D. Fla. Nov. 26, 2007) ("The Court first notes that the preliminary statement of general objections appearing at the beginning of Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories [D.E. 72, Ex. E] does not comply with Local Rule 26.1.G, S.D. Fla.").

[2] Federal Rule of Civil Procedure 36(a)(5) states that "[t]he grounds for objecting to a request must be stated."

By:   *s/ Lizza Constantine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

      *and*

      NORTON ROSE FULBRIGHT
      *Counsel for Defendant*
      2200 Ross Ave.
      Dallas, Texas 75201
      Telephone (214) 855-8000
      Facsimile (214) 855-8200
      Brett Govett, *Pro hac vice*
      E-mail: brett.govett@nortonrosefulbright.com
      Robert Greeson, *Pro hac vice*
      E-mail: robert.greeson@ nortonrosefulbright.com
      Jackie Baker, *Pro hac vice*
      E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 6, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX