UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION TO
COMPEL PLAINTIFF TO PROPERLY RESPOND TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION, PRODUCE RESPONSIVE
DOCUMENTS AND TO OVERRULE PLAINTIFF'S OBJECTIONS**

Defendant, Corellium, LLC ("Corellium") pursuant to Local Rules 7.1 and 26.1 and by and through the undersigned counsel, files this Reply in Support of its Motion to Compel Plaintiff, Apple Inc. ("Apple") to Properly Respond to Defendant's First Set of Requests for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections [D.E. 103] ("Motion"), and in support thereof, states as follows:

I.   **Corellium's Reply to Apple's Response.**

    A.  **Documents Are Still Outstanding.**

The large majority of Apple's responsive documents have not been produced. Apple informs that it states that it will produce documents or that none exist, depending on the applicable request. However, as for all of those responses, Apple has qualified each response with a number of baseless objections as discussed in Corellium's Motion. Thus, in light of the objections and assertions still in force and few documents having been produced, Apple's claim to be producing documents is empty. Apple informs that this Court should summarily deny the Motion. However, if no documents exist, then no objections should be asserted. And if documents do exist, then they should have been produced.

    B.  **Apple's Argument That Corellium Failed To Confer Is False, Disingenuous, And Ironically, A Failure To Confer In And Of Itself.**

Apple's argument that Corellium failed to confer is entirely disingenuous, and that notwithstanding, Corellium disagrees that it failed to confer. For example, for footnote 5(1), those objections were first addressed on page 3 of Corellium's deficiency letter (page 4 of the exhibit), attached to Apple's Response in Opposition to Corellium's Motion to Compel Apple to Properly Respond to Corellium's First Set of Requests for Production ("Response") as Exhibit B thereto ("Deficiency Letter"). *See* Response [D.E. 118]. Similarly, the assertions of privileges that Apple claims in footnote 5(2) were also first addressed on page 3 of the Deficiency Letter. *Id*. Moreover, other items were discussed over multiple conferral calls, and some were addressed in groups in light of the numerosity of Apple's objections and assertions. The same is true for Apple's conferral about Corellium's objections, which is yet another reason why this argument is entirely disingenuous.

Indeed, the very point of conferral is to narrow issues for the Court. The fact that Apple was aware that these issues were allegedly not conferred about, and instead of email the undersigned and informing of same, Apple holds that information back and then makes this ambush argument—is the definition of bad faith and failing to confer.

In light of this new alleged argument, and given the ongoing obligation to confer, Corellium will initiate another conferral call with Apple relative to the issues Apple claims have not been conferred about.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

### C. Apple's Valuation Of Apple Is Highly Relevant To Corellium's Defenses.

One item that Apple claims that Corellium failed to confer about (see footnote 5(5) of Apple's Response) relates to Corellium's request for documents regarding Apple's valuation of Corellium. *See* Response [D.E. 118]. Initially, this claim, like the rest of Apple's failure to confer claims is false. On January 3, 2020, Jonathan Vine, counsel for Corellium, specifically discussed this topic with Jessica Stebbins Bina and Elana Nightingale-Dawson, counsel for Apple. It was discussed that this information was relevant because it goes to show transformativeness. Specifically, if Apple has placed a significant value on Corellium, then it shows that Apple deems Corellium's technology different than its own—i.e., transformative. During the conferral, Apple's counsel simply agreed to disagree. In that regard, Apple is fighting awfully hard to withhold this information.

Furthermore, Apple argues in footnote 6 of its Response that Apple already informed Corellium that Apple included the language '"other highly confidential business analyses . . . out of caution as it has not yet reviewed all responsive documents, but that no documents have actually been withheld on that basis." *See* Response [D.E. 118] at fn. 6. Initially, how can Apple make this claim if this issue has not been conferred about? One of these statements is false. Additionally, Corellium informed during the conferral call that if no documents exist, then the proper response is one, and if Apple later discovers that responsive documents *do* exist, then Apple can properly amend its discovery response at that time. Accordingly, Apple's contentions regarding a failure to confer are false and disingenuous.

### D. Apple's Particularized Objections.

#### i. <u>Overbroad, Burdensome, and Irrelevant.</u>

Apple's entire argument under this section misses the point. Corellium's position is that the inclusion of these boilerplate objections creates confusion and uncertainty in Apple's responses. *See Karhu v. Vital Pharmaceuticals, Inc.*, 2014 WL 11532403, at *3 (S.D. Fla. Feb. 4, 2014). Indeed, Apple claims that Corellium's stated position is "difficult to believe, given that, of the 52 Requests . . . 22 expressly state that Apple will produce <u>responsive documents</u> . . . ." (Emphasis added). Again, Apple misses the point. Apple's asserted objections leave it uncertain as to whether Apple will produce *all* responsive documents to each request, not just some. *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008). ("[S]uch practice leaves the Requesting Party uncertain as to whether the

questions has actually been fully answered or whether only a portion of the questions has been answered.") Accordingly, the inclusion of the boilerplate objections leaves Apple room to withhold documents unchecked and that creates uncertainty. *Id.*

###### ii. In Possession of Corellium.

If Apple's objection as to "possession" is not a basis for withholding documents, then it should simply be withdrawn. *See Emergency Servs. 24, Inc. v. Federated Mut. Ins. Co.*, No. 11-60814-CIV, 2011 WL 5360080, at *11 (S.D. Fla. Nov. 4, 2011) (compelling production despite Plaintiff's objection that "Defendant is already in possession of the same."). Indeed, Rule 34 requires that the requested party "permit the requesting party or its representative to inspect, copy, test, or sample the [requested] items in the responding party's possession, custody, or control." For clarification, Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Neither Rule limits production to only documents *not* already in the possession of the requesting party. Accordingly, Apple's objection should be overruled. Objecting for the purpose of objecting is both unnecessary and wasteful.

###### iii. Privilege.

Corellium's position is simple as it relates to Apple's assertions of privilege—and that position is consistent throughout Corellium's Motions to Compel and arguments here—that Apple simply assert the objections and privileges that they know to apply, instead of overwhelming its responses with "catch-all" objections. Should those assertions change or additional objections or assertions of privilege become necessary as Apple discovers new documents, then Apple should then assert those objections or privileges. Any other way, injects uncertainty into the discovery process. *Consumer Electronics Ass'n*, 2008 WL 4327253, at *3.

###### iv. Confidential, Proprietary, and Trade Secret.

Again, if Apple is not withholding documents based on these stated objections, then the objections should be withdrawn. The retention of such objections is simply unnecessary obstacles that confuses and delays discovery.

###### v. Premature.

Apple argues that seeking records that relate to specific occurrences or claims in this case are premature. *See* Response [D.E. 118]. As it relates to claims made by either Apple or Corellium, (Request Nos. 94 and 95), the discovery is hardly premature as those claims have already been made and Apple can produce documents it knows to be responsive and that are in its possession.

As it relates to requests that seek documents that Apply intends to rely upon throughout certain proceedings in this matter, Apple, again, should simply produce documents it knows to be responsive and that are in its possession. As there is an ongoing duty to supplement, Apple should simply abide by that. FED. R. CIV. P. 26(e). Accordingly, Apple's objections as to premature are baseless.

Further, Apple cites to the *Opus Grp.* matter[1] for support of its objection as to prematurity. Initially, the *Opus Grp.* case states nothing about prematurity or timing of discovery requests. This case is in no sense applicable here. Second, the *Opus Grp.* case refers to a request broadly seeking records that "refer or relate" vaguely to every allegation in a complaint. Yes, it is vague to request documents that were produced prior to a complaint, yet somehow refer to that complaint. It is also vague to seek documents where one is forced to determine what relates to all of the allegations in a generic complaint, where frequently, allegations are not always clear that they are allegations. This is distinct from affirmative defenses, as defenses are limited in nature, itemized, and contain specific explanations following each asserted defense. Accordingly, the *Opus Grp.* opinion, as relied on by Apple, is inapplicable.

### vi. Duplicative.

"[W]hile it is true that the court may limit discovery if it 'is <u>unreasonably</u> cumulative or duplicative . . . no showing has been made as to why it is less burdensome or more convenient for Defendant rather than Plaintiff." *Coulter*, 2013 WL 6511560, at *3 (emphasis added); *see also Winfield v. St. Joe Paper Co.*, No. MCA 76-28, 1977 WL 15327, at *2 (N.D. Fla. Nov. 10, 1977) ("Defendant objecting that "some questions will duplicate information previously given," but the Court holding "[i]t is the court's view that defendant could more properly have raised these concerns by simply answering the questions and indicating which information has already been given."). Apple argues that it is not withholding any records on the basis of this objection. If that is the case, then the objection should be withdrawn.

### vii. To The Extent Such Documents Exist.

As has been discussed with Apple, the language "[t]o the extent such documents exist," should be removed. It injects uncertainty into the discovery process and Apple's discovery responses. *Consumer Electronics Ass'n*, 2008 WL 4327253, at *3. Should Apple determine that

---

[1] *Opus Group, LLC v. Enomatic Srl*, 2012 WL 13134610, at *1 (S.D. Fla. July 25, 2012).

responsive documents later exist, then Apple's Discovery Response and production should amended and supplemented, respectively, as is required by the Rules.

For the foregoing reasons, Corellium's Motion should be granted and Apple's objections overruled.

Dated: February 6, 2020                                            Respectfully submitted,

                              COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Lizza Constantine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

**CERTIFICATE OF SERVICE**

CASE NO.: 9:19-CV-81160-RS

IT IS HEREBY CERTIFIED that on February 6, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

**SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*