**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                     Plaintiff,

     v.

CORELLIUM, LLC,

                     Defendant.

## JOINT NOTICE REGARDING DISCOVERY DISPUTES

Plaintiff, APPLE INC. ("Apple") and Defendant, CORELLIUM, LLC ("Corellium"), through their undersigned counsel, pursuant to the Court's January 28, 2020 Order [D.E. 106] ("Order"), hereby file this notice and status report regarding certain ongoing discovery disputes.

## **Apple's Discovery Motions**

1.    Apple currently has the following motions pending before this Court:

   a.   Plaintiff Apple Inc.'s Motion to Compel Defendant Corellium, LLC to Produce Responsive Documents and Provide Complete Discovery Responses.  ECF No. 68.  Corellium's response is at ECF No. 68, and Apple's reply is at ECF No. 77.

   b.   Plaintiff Apple Inc.'s Motion to Compel Defendant Corellium, LLC to Provide Complete Responses to Interrogatories.  ECF No. 70.  Corellium's response is at ECF No. 76, and Apple's reply is at ECF No. 89.

2.    Pursuant to this Court's order, the parties further conferred via telephone regarding the relief sought in those motions on Wednesday, January 29, 2020.  Counsel for Corellium indicated that Corellium would not be withdrawing any of its objections to Apple's discovery requests, would not be producing any additional documents in response to those requests, and would not be further amending any of its discovery responses.

3.    The parties conferred again on Thursday, February 6, 2020, in advance of filing this notice in an attempt to narrow the disputes before this Court.  During this call, counsel for Corellium represented that it will be amending its responses to remove the "notwithstanding" language prefacing some of its responses to Apple's Requests for Production.

4.    The specific discovery disputes with respect to Apple's Requests for Production ("RFPs") that remain are as follows:

| Dispute | Apple's Position | Corellium's Position |
|---|---|---|
| **Proprietary, Confidential, and/or Trade Secret objections.** Corellium objects to numerous RFPs on the basis that the requests seek | Corellium refuses to produce technical and business documents at the heart of this copyright dispute, significantly prejudicing Apple's ability to develop its direct and indirect infringement claims and its anti- | Corellium objects to the production of documents based on proprietary, confidential and trade secrets to documents relating to Corellium's core technology. Corellium's core technology is not at issue in |

| | | |
|---|---|---|
| "proprietary, confidential, and/or trade secret information relating to Corellium's technology or business." After Apple filled its motion, Corellium served amended responses that asserted new and expanded trade secret, confidentiality, and proprietary objections (RFP Nos. 1–4, 7–16, 18–19, 22–25, 30–32, 34–37, 41–43, 50–53, 55, 57–64, 70, 73, 79, 83). | circumvention claim. *See* ECF No. 68 at 4; ECF No. 88 at 1–3. The parties' mutually agreed-to protective order (ECF No. 50) will limit exposure of Corellium's sensitive business and technical information.<br><br>In addition, the objections newly asserted in Corellium's amended responses are waived. ECF No. 88 at 1. | this lawsuit and it is not proportional by any means to any requests for production made by Apple. Apple cannot simply file a lawsuit and under the guise of a copyright claim request Corellium's entire technology, especially when such request has no nexus the issues alleged in this lawsuit. To be clear, only a portion— the Corellium Apple Product (iOS)—is at issue in this lawsuit. Corellium has provided documents responsive to the Corellium Apple Product.<br><br>Furthermore, no new objections have been made, but the same objections were further specified as agreed upon in previous meet and confers with Apple's counsel. |
| **Relevance objections.** Corellium objects to RFP Nos. 14, 18, 24–26, 55, 62, and 64 as irrelevant or not proportional to the case. | These requests concern documents that address the actions of the accused infringer and the product accused of infringing, and are thus central to the case. They are directly relevant to Apple's infringement claims and Corellium's affirmative defenses such as fair use. *See* ECF No. 68 at 4; ECF No. 88 at 4. | Information relating to documents "prepared for, given, requested, or provided" to customers have no relation to any copyright claims or Corellium's affirmative defenses. In fact, Corellium has provided Apple with a list of its customers, profits and revenue, which are necessary for Apple's case. Moreover, Corellium has resolved any issues with request No. 26 as it has withdrawn all of its objections except for privilege. |

2

| | | As it relates to 24 and 25, the objections should stand as it relates to Apple's ongoing efforts to obtain Corellium's core technology that it is not relevant to this case. |
|---|---|---|
| **Overbreadth objections.** Corellium objects to RFP Nos. 34–39, 41, 42, and 82 as overbroad. | These requests concern documents regarding the customers for the Corellium Apple Product and where and how the product is used, all of which is directly relevant to Corellium's fair use defense and to Apple's contributory infringement claim. *See* ECF No. 68 at 4–5; ECF No. 88 at 4–5. | "where and how the product is used" is not an element of Apple's claims nor is it necessary to support Corellium's affirmative defenses or counterclaim. Corellium's objections should be sustained because the subject and content of Corellium's communications with its customers is not necessary, and an overreach, in a copyright infringement claim. |
| **Harassment objections.** Corellium objects to RFP Nos. 51–53, 69, 71, and 79 as irrelevant and harassing. | RFP Nos. 51–53 and 79 seek business information regarding the Corellium Apple Product, including pricing, business plans, and market projections, all of which are relevant to Apple's willful infringement claim, actual damages, and Corellium's fair use defense. RFP Nos. 69 and 71 seek information about customer feedback regarding the Corellium Apple Product, which is directly relevant to Apple's claims of direct and contributory copyright infringement, as well as to Corellium's fair use defense. *See* ECF No. 68 at 5; ECF No. 88 at 4–5. | There is simply no need for Apply to request or receive information relating to the strategies Corellium has as to its pricing, sales plans, forecasts, financial projections, or sales projections, other than to harass Corellium to provide immaterial, and irrelevant information. |
| **Privilege objections.** Corellium objects to RFP | Requests 85 and 86 seek documents Corellium intends to | Documents disclosed in response to these requests will |

3

| | | |
|---|---|---|
| Nos. 85 and 86 as seeking privileged information. | rely on at trial and documents relating to Corellium's affirmative defenses. They do not seek privileged information. *See* ECF No. 68 at 5; ECF No. 88 at 5. | disclose, at minimum, Corellium's attorney's legal theories and mental impressions. |
| **Production "notwithstanding" objections.** Corellium responded to RFP Nos. 8, 9, 11, 16, 40, 42–43, 58, 59, 60, 61, 63, 66, 70, 73, and 83 by stating that it will produce documents "notwithstanding" its objections. | Corellium's responses do not make clear what, exactly, Corellium has agreed to produce. Corellium should be compelled to produce all documents responsive to Apple's requests, or at least clearly specify what it is withholding. *See* ECF No. 68 at 4; ECF No. 88 at 1.<br><br>Once Corellium has removed this language, a dispute will no longer remain. | Corellium will remove the "notwithstanding" language that was inadvertently kept in some responses to Corellium's supplemental responses. |
| **Completion date.** When the motion was filed, Corellium had not committed to any date regarding substantial completion of its production. | This is partially resolved as Corellium has agreed to substantially complete its production of documents it believes are responsive by February 12.<br><br>Apple continues to request that the Court provide a date certain for production of any additional documents ordered to be produced by the Court in response to Apple's motions. | Corellium has provided a date certain as to when it will substantially complete its production. During the Parties' conferral on January 29, 2020, Corellium represented that it will substantially complete production by February 12. Additionally, Corellium's counsel provided an email to Apple's counsel explaining the same date. (Email dated 1/30/2020 sent by Jonathan Vine). |
| **Boilerplate objections.** | Corellium's inclusion of boilerplate objections makes it unclear whether and the extent to which Corellium is withholding documents based on such objections. Corellium's boilerplate objections should be | Corellium does not have "boilerplate objections." Each "overbreath, unduly burdensome, and irrelevant" objection it supported by specific facts and claims to explain how each objection is |

| | | |
|---|---|---|
| | stricken, and it should be ordered to produce all responsive documents about any nonprivileged matter that are relevant to any party's claim or defense and proportional to the needs of the case. *See* ECF No. 68 at 3–4; ECF No. 88 at 1 n.2. | valid. |

5.      The specific discovery disputes with respect to Apple's Interrogatory Motion (ECF No. 70) that remain are as follows:

| Dispute | Apple's Position | Corellium's Position |
|---|---|---|
| **Interrogatory No. 7.** This interrogatory seeks information about iOS bugs known to Corellium and whether such bugs were reported. Corellium objects on the basis that the interrogatory is overbroad in time and scope. | This interrogatory seeks information that is highly relevant to Corellium's fair use and statutory DMCA defenses and Apple's claim for damages. ECF No. 70 at 4–5; ECF No. 89 at 2–3. | Information relating to bugs are not relevant or proportional to Corellium's fair use, other affirmative defenses or Apple's claims. In fact, the information sought as to "any bugs in the iOS" is proprietary information that Apple would ordinarily would have to pay Corellium for. Instead, Apple is using this lawsuit to attain such information for free. |
| **Interrogatory No. 8.** This interrogatory seeks Corellium's pricing policies. Corellium objects on the basis that the interrogatory is overbroad and not related to the claims in the case. | This interrogatory seeks information directly relevant to Apple's claim for contributory infringement, actual and statutory damages, and Corellium's fair use defense, and Corellium fails to show how answering would be unduly burdensome. ECF No. 70 at 5; ECF No. 89 at 3–4. | Corellium's pricing policies do not relate to any of Apple's claims or Corellium's affirmative defenses. Indeed, they are proprietary, confidential and trade secret information. Corellium has provided Corellium's list of clients along with their payments. |
| **Interrogatory No. 14.** | This interrogatory does not | Corellium objects to the this |

| | | |
|---|---|---|
| This interrogatory seeks information Corellium has taken with respect to potential or actual copyright litigation with Apple.  After Apple filed its motion to compel, Corellium amended its responses, adding a new privilege objection to its response to this interrogatory. | seek privileged information.  Rather, it seeks Corellium's *actions* that are not protected by privilege.  *See* ECF No. 89 at 4–5.  Apple addressed this issue in reply because the issue became clear only when Corellium amended its responses *after* Apple initially filed its motion to compel. | request being brought in this joint notice when it was not raised as an issue in Apple's motion to compel. Apple is using this notice to raise new issues not previously brought in its motion. |
| **Interrogatory Nos. 15–17.** These interrogatories seek information about Corellium customers, potential Corellium customers, and entities that have shown interest in acquiring Corellium.  Corellium objects on the basis that these interrogatories seek trade secret, proprietary, and confidential information and violate its customers' right to privacy. | The information sought in these interrogatories is directly relevant to Corellium's fair use defense, and Corellium fails to offer any evidence to support its claim that providing answers within the timespan of Corellium's just-over-two years of existence would be unduly burdensome.  *See* ECF No. 70 at 5; ECF No. 89 at 5. | The objections should be sustained because Corellium has not provided any need to protected proprietary, confidential, and trade secret information. Corellium's potential clients have no bearing in any of the issues in this lawsuit and its request is overbroad. |
| **Boilerplate and generalized objections regarding "disclosure of proprietary, confidential and/or trade secret information relating to Corellium's technology or business."** | How the Corellium Apple Product works and Corellium's business operations are directly relevant to the central issues in this case—the Corellium Apple Product's infringement of Apple's works, Corellium's asserted fair use defense, and Corellium's trafficking of an anti-circumvention tool.  *See* ECF No. 70 at 3–4; ECF No. 89 at 1–2. | Corellium does not have "boilerplate objections." Each "proprietary, confidential, and/or trade secret information" objection it supported by specific facts and claims to explain how each objection is valid. |

6

**Corellium's Discovery Motions**

I.   **Defendants' Motions to Compel Discovery**

   a.   **Motion to Compel Better and Complete Answers to Interrogatories to Plaintiff [D.E. 93]**

Issues Resolved – Apple has withdrawn its "compound" objection to Request Nos. 3, 7, and 10. Apple has also removed the "subject to" or "limited by" language to responses to Request Nos. 5, 6, 8 and 9. Additionally, Apple has provided bates numbers of documents in response to Requests Nos. 3 and 7 in lieu of a narrative response pursuant to Federal Rule of Civil Procedure 33(d).

Items that remain in dispute are the following:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---------|------------------------------------------|------------------|
| "Generic and Boilerplate Objections" | Apple asserts generic boilerplate objections without specifying how the request is "burdensome, overbroad or irrelevant."<br><br>The issues addressed as "boilerplate objections" are in fact Apple's objections including burdensome, overbroad, confidentiality, attorney-client privilege or work product doctrine without any specificity to support its objections. | Corellium did not raise Apple's burden, overbreadth, and relevance objections in its motion to compel and they are therefore waived.<br><br>In any event, Apple either specifically set forth the reasons why it was not responding to the given interrogatory (Nos. 6, 10, 11, 12), or specifically explained why the interrogatory was objectionable, but then provided a response anyway in an attempt to compromise (Nos. 4, 5, 8, 9). |
| "Confidentiality, | Apple generally asserts the objections | For those requests that sought |

| Proprietary Information, trade secrets" Objections | of "confidentiality, proprietary information, trade secrets" without providing any specificity to support its objections. | confidential, proprietary, and trade secret information, Apple either specifically set forth the reasons why it was not responding to the interrogatory (Nos. 6, 10, 12), or Apple provided a complete answer such that there is nothing further Corellium needs (Nos. 3 and 7), as Corellium itself recognizes by saying that the issues with respect to interrogatories 3 and 7 have been resolved. |
|---|---|---|
| **Interrogatory No. 4**<br><br>"not proportional to the needs of the case and relevancy" objections | The information sought is relevant to Corellium's affirmative defenses, such as laches. | Apple specifically explained the reasons why the request is not proportional to the needs of the case with respect to Corellium employees outside their capacity as such.  Apple thus explained that it would respond only with respect to its knowledge of Corellium, LLC. |
| **Interrogatory Nos. 5 and 6**<br><br>"Overly broad and relevancy" objections | The information sought in Interrogatory No. 5 is necessary to and relevant to Corellium's affirmative defenses of laches and acquiescense, among others. As it relates to Interrogatory No. 6, is necessary to Corellium's affirmative defenses and counterclaim, including restraint on trade. Apple claims that it has answered, even after asserting objections. The answer is not clear based on the objections raised. | Apple specifically objected to these interrogatories and explained why they were objectionable.  Apple nevertheless responded to Interrogatory No. 5 in a good-faith effort to minimize the disputes brought before the Court.<br><br>With respect to Interrogatory No. 6, Apple did not provide a response because the requested information—Apple's internal "opinion of the value of Corellium and Corellium's products and services"—has no bearing on any claim or defense |

8

| | | at issue in this matter and is therefore not discoverable. *See* ECF No. 122 at 3. |
|---|---|---|
| **Interrogatory Nos. 8 and 9**<br><br>"in the possession of Corellium" objection<br><br>"Vague and ambiguous" objections<br><br>"compound" | Corellium asserts that "in the possession of Corellium" this is not a valid objection to withhold information.<br><br>Apple objects on the basis of vague and ambiguous and then it responds to the same by using the same language it has objected to.<br><br>Apple objects to Interrogatory No. 8 as compound. It is Corellium's position that the interrogatory contains subparts, however the subparts are counted as one interrogatory because they are related logically and factually to the primary question.<br><br>Apple continues to raise objections and then explain that it has provided a full and complete answer to Interrogatories. That is not the case. It is not clear if Apple is withholding information based on its objections or if it is simply answering. | Apple asserted appropriate, specific objections to these interrogatories, and then provided the definition it would use to respond given the inclusion of vague and ambiguous terms. These specific objections are proper, and Corellium received a full and complete response to the interrogatories.<br><br>Apple appropriately objected to Interrogatory No. 8 as compound because it contains multiple subparts that seek at least two separate categories of information: payments for bugs and reasons for non-payment of bugs. *See* ECF No. 122 at 4. Apple nonetheless fully answered that Interrogatory in an attempt to avoid unnecessary motion practice, but Interrogatory No. 8 and its answers should be counted as two, not one. |
| **Interrogatory Nos. 9, 10 , and 11**<br><br>Relating to "bugs"<br><br>**Interrogatory No. 12** | Interrogatory No. 9 – "still in the adjudication process" answer does not present a "bona fide effort" to answer this request.<br><br>Interrogatory No. 10 – the information sought is relevant to Corellium's affirmative defenses and counterclaims as to the money paid and the number of bugs.<br><br>Interrogatory No. 11 – Apple's | With respect to Interrogatory No. 9, Apple asserted appropriate, specific objections, and then provided the definition it would use to respond given the inclusion of vague and ambiguous terms. These specific objections are proper, and Corellium received a full and complete response to the interrogatory. *See* ECF No. 122 |

| "vague, ambiguous, irrelevant" | objection of vague and ambiguous" to certain language should be overruled because Apple uses the same language in its Complaint and Response to Production Request No. 33. Further, the information sought is relevant to the motivation behind the filing of this lawsuit only against Corellium.<br><br>Interrogatory No. 12 - Apple's objection of vague and ambiguous" to certain language should be overruled because Apple uses the same language in its Complaint. Moreover, the information is crucial and vital to provide a defense since Apple has long been aware of Corellium's technology. | at 1, 4–5.<br><br>With respect to Interrogatory Nos. 10, 11, and 12, Apple did not provide a response to the same but rather specifically explained why the requests were improper and objectionable. These are Apple's positions on each: No. 10 seeks information that is not at issue in this case, *see* ECF No. 122 at 2; No. 11 seeks information that is protected by attorney-client privilege and is disproportionate to the needs of this case, *see* ECF No. 122 at 1–2; and No. 12 seeks highly confidential, proprietary information that has no bearing on any claim or defense, *see* ECF No. 122 at 2–3. |

**b. Motion to Compel Plaintiff to Provide Proper Responses to Defendant's First Request for Admissions [D.E. 100]**

Issues Resolved – None.

Items that remain in dispute are the following:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Compliance with Rule 36.<br><br>"Objections are Waived and Should be | Apple waived its objections by filing an objection and then responding to the request. The Rule clearly outlines that responses to admissions requires parties to *either* admit, deny, explain why it cannot admit or deny, *or* object. See. Fed. R. Civ. P. | For 195 of 196 requests, Apple properly admits, denies, explains why it cannot admit or deny the request in full and, where possible, provides a partial answer, and to the final request, Apple properly objections. |

10

| Stricken" | 36. The Rule does not allow for objections *and* responses. Here, Apple has chosen to disregard the rule and provide in most cases objections and responses, instead of providing a response or objection to the request as required by the Rule. Here, Apple has chosen to disregard the rule and provide in most cases objections and responses, instead of providing a response or objection to the request as required by the Rule. Therefore, while in many responses Apple admits or denies the request, these responses are normally accompanied by lengthy objections to the same. These type of responses create confusion as to whether Apple is objecting or responding. Similarly, Apple raises objections on the grounds of vagueness and ambiguity but then responds to the same. As such, Apple's objections to vagueness and ambiguity remain in dispute. | Where Corellium's requests are vague, unclear, or compound, Apple properly qualifies its answers to make clear what, exactly, it is admitting. *See* ECF No. 120 at 1–2. Such qualifications are entirely proper under Rule 36 and this District's case law. Apple did not waive its clarification language by responding to the requests, nor should Apple be penalized for attempting in good faith to provide Corellium the information it requested despite its vague, unclear, and compound requests. |
| Alleged failure to confer | All the objections addressed in this Motion were included in Corellium's 21-page Deficiency Letter or discussed in previous meet and confers. Indeed, the very point of conferral is to narrow issues for the Court. The fact that Apple was aware that these issues were allegedly not conferred about, and instead of email the undersigned and informing of same, Apple holds that information back and then makes this ambush argument—is the definition of bad faith and failing to | Corellium waived its position in part by failing to confer before filing its motion with respect to a) requests regarding documents not provided with the request as required by Rule 36, b) compound requests, c) requests for legal conclusions, and d) requests seeking information in others' possession. *See* ECF No. 120 at 3. Even if they are considered on the merits, the identified objections and clarifications are proper, and Corellium identifies no genuine |

| | | |
|---|---|---|
| | confer. | dispute as Apple answered each Request. *See* ECF No. 120 at 3–5.  Apple disagrees with Corellium's contention that these issues were previously raised with respect to each response Corellium moved to compel, but remains willing to confer with respect to any disputed point. |
| Preliminary Statement and Boilerplate Objections | The use of a Preliminary Statement with objections and limiting language is not compliant with the Local rules of the Southern District of Florida.<br><br>Apple raised boilerplate objections such as "overbroad, unduly burdensome, and irrelevant," without any specificity to support each objection. | As noted above, Corellium failed to meet and confer regarding a number of these issues and so they should be rejected outright.<br><br>Even if considered, Apple's objections are proper, and Corellium identifies no genuine dispute as Apple answered every Request. *See* ECF No. 120 at 5.<br><br>There is likewise no actual dispute regarding the preliminary statement, which does not limit Apple's answers, but merely explains Apple's discovery efforts and its intention not to waive certain objections available in the future. *See* ECF No. 120 at 5. |
| Vague and Ambiguous Objections | Apple not only raises the objection of vague and ambiguous to certain words, but then follows to respond the request with the same word it had previously objected to. | As noted above, Corellium failed to meet and confer regarding a number of these issues and so they should be rejected outright.<br><br>Even if considered, Apple's objections are proper, and Corellium identifies no genuine dispute as Apple answered every Request. *See* ECF No. 120 at 5.  Moreover, in the overwhelming |

| | | |
|---|---|---|
| | | majority of its responses, Apple provided clarifying language specifically explaining how it construed ambiguous language to clarify its response. |
| "Public Domain Objection" and "In Possession of Defendant" | These type of objections are not permitted in the Southern District of Florida to withhold information. Especially, as it relates to request for admissions. | As noted above, Corellium failed to meet and confer regarding a number of these issues and so they should be rejected outright.<br><br>Even if considered, Apple's objections are proper, and Corellium identifies no genuine dispute as Apple answered every Request. *See* ECF No. 120 at 5. No information has been withheld pursuant to these objections. |
| "Legal Conclusion" Objections | Corellium's Requests Nos. 91, 94, 169, 173-179, 186 do not seek a legal conclusion. Apple has not provided any specificity as to how these requests are seeking such legal conclusion. | As noted above, Corellium failed to meet and confer regarding a number of these issues and so they should be rejected outright.<br><br>Even if considered, Apple's objections are proper, and Corellium identifies no genuine dispute as Apple answered every Request. *See* ECF No. 120 at 5. |
| "Documents Speak for Themselves" and "Compound" Objections | Apple claims that it was properly responded to the request, but prior to responding it was raised objections such as the "document speaks for itself." Rule 36 does not intend for this type of responses to admissions.<br><br>Corellium will amend Requests Nos. 119 and 149 to remove the "compound" nature of the requests. | As noted above, Corellium failed to meet and confer regarding a number of these issues and so they should be rejected outright.<br><br>Even if considered, Apple's objections are proper, and Corellium identifies no genuine dispute as Apple answered every Request. *See* ECF No. 120 at 5. Apple will review Corellium's amended Requests to determine |

13

|  |  | whether it can withdraw the "compound" objections with respect to Requests 119 and 149. |
|---|---|---|
| Request No. 196 | Apple is incorrectly using the incorrect standard for discovery by its use of "not calculated to lead to the discovery of admissible evidence" instead of the broad Rule 26 rule of discovery. | Apple properly objected to this Request because it seeks an admission regarding communications between counsel *after* the commencement of litigation, which is not relevant or proportionate under Rule 26. *See* ECF No. 120 at 2–3. |

 

**c.  Motion to Compel Plaintiff to Properly Respond to Defendant's First Request for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections [D.E. 103]**

<u>Issues Resolved</u> – Apple indicated that it will substantially complete its production of documents by February 14, 2020. Apple has also indicated that it will provide a privilege log by February 28, 2020. Corellium will not address Apple's objections as to attorney-client and work privilege during the Hearing based on Apple's representation that it will provide a privilege log. However, Corellium reserves its rights to raise issues of privilege after it has reviewed Apple's privilege log.

<u>Items that remain in dispute are the following</u>:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| "Objections are Waived and Should be | Apple waived its objections by filing an objection and then responding to the request. | Apple disagrees that it waived timely objections that provided clarity and context for its responses. |

| Stricken" | | |
|---|---|---|
| Formulaic and Boilerplate Objections | Apple uses boilerplate objections without providing any specificity as to why the objection applies or what part of the request is "overbroad, burdensome, or irrelevant." | Corellium identifies no genuine dispute.  Apple's responses clearly indicate what it will and will not, as it is required to do. *See* ECF No. 118 at 3–4. |
| "in possession of Corellium" | Apple asserts that certain documents are in the possession of Defendant and then responds by stating that it will produce such documents. This type of response creates confusion as to whether Apple is withholding documents based on its objection that Corellium is in possession of the documents. | Corellium identifies no genuine dispute.  Apple's responses clearly indicate what it will and will not produce.  *See* ECF No. 118 at 4. |
| "Confidential, proprietary, business, trade secrets and/or economic relationships" Objections | Apple that initiated this Lawsuit and has placed this information at issue, but fails to provide such information under the guise of trade secrets objections. | Corellium identifies no genuine dispute as Apple has made clear to Corellium that Apple is not withholding any documents on this basis at present.  Rather, this objection supports Apple's broader contention that the burden of certain irrelevant requests renders the discovery disproportionate within the meaning of Rule 26. *See* ECF No. 118 at 5. |
| "Premature" | These objections are improper because the request is "continuing in nature" and that Apple is required to produce documents currently within its possession, custody, or control and subsequently supplement its response with future documents received. | With respect to the "premature" objections, Corellium identifies no dispute except with respect to Request 95, which asks *Apple* to determine documents relevant to *Corellium's* twenty-five vaguely pleaded defenses, which is improper.  *See* ECF No. 118 at 5. |
| "Duplicative" and "Substantially | Apple has made no showing as to how this request is duplicative and it | Corellium failed to meet and confer with respect to the |

| | | |
|---|---|---|
| Identical" | creates a unreasonable burden on Apple. | "duplicative" and "substantially identical" objections.  Also, Corellium identifies no genuine dispute.  Apple has not refused production on this basis.  The objections are proper because the Requests are duplicative.  *See* ECF No. 118 at 5. |
| Apple's Valuation of a Potential Acquisition of Corellium | Apple has made the claim that Corellium competes in the same markets as Corellium, while at the same time Apple has objected to produce any documents relating to the analysis and valuation of Apple's potential acquisition of Corellium. The analysis and valuation given to the potential acquisition of Corellium will demonstrate the added value Corellium would have provided Apple. This information is highly relevant and proportionate to the needs of this case. | Apple's *internal* valuation of Corellium has nothing to do with Corellium's fair use, laches, or acquiescence defenses.  Apple has agreed to produce, and has already produced, many other documents regarding the potential acquisition of Corellium.  *See* ECF No. 118 at 2–3. |
| Apple's claim that Corellium has failed to meet and confer. | All the objections addressed in this Motion were included in Corellium's 21-page Deficiency Letter or discussed in previous meet and confers. Indeed, the very point of conferral is to narrow issues for the Court. The fact that Apple was aware that these issues were allegedly not conferred about, and instead of email the undersigned and informing of same, Apple holds that information back and then makes this ambush argument—is the definition of bad faith and failing to confer. | Corellium failed to meet its obligations to confer before filing its motion with respect to the objections noted above as well as with  respect to (a) Request Nos. 45–47, 63, 65, 69, 86, and 93; and (b) numerous other requests with respect to newly raised objections and complaints.  *See* ECF No. 118 at 2 n.5.  These disputes should be rejected.  *See* ECF No. 118 at 1–2.  Apple disagrees with Corellium's contention that these issues were previously raised with respect to each response Corellium moved to compel, but |

16

| | | remains willing to confer with respect to any disputed point. |
|---|---|---|

### d. Motion to Compel Entry and Inspection by Corellium [D.E. 112]

Items that remain in dispute are the following:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Boilerplate and Generic Objections. Apple objects on the grounds of "overly broad" and "unduly burdensome" without providing any specificity to support its objections. | Corellium asserts boilerplate objections without specifying how the request is unduly burdensome or overly broad. It was Apple that initiated this lawsuit and now it objects to Corellium's inspection of testing centers, laboratories, and testing or software and devices that are highly relevant to Apple's claims and Corellium's affirmative defenses. Particularly, Corellium's affirmative defenses of fair use, transformative use and hinder of trade. | The bases for Apple's objections are stated in its response. Corellium requests access to Apple's highly confidential and proprietary internal testing facilities, which have nothing to do with the Parties' claims or defenses in this matter. *See* Resp. at 3–5. |
| Apple's inclusion of a Preliminary Statement | Apple continues to use a Preliminary Statement to respond to all of Corellium's discovery requests. The use of Preliminary Statements that assert general objections do not comply with the requirement of Local Rule 26 of the Southern District of Florida and further create confusion as to any responses made due to limitation language included in such Preliminary Statements. | There is no dispute regarding this statement, as Corellium identifies no impact to Apple's response. *See* Resp. at 5. |
| Privilege and Confidentiality | Apple does not provide any specific information as to how the request for | Corellium identifies no genuine dispute. Apple explained the basis |

17

| | | |
|---|---|---|
| Objections. Apple makes a conclusory objection of "to the extent it calls for disclosing confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships." | inspection will lead to the disclosure of confidential or proprietary information. Moreover, Apple has brought this lawsuit and now is simply avoiding the inspection after making significant claims of competition against Corellium. The Corellium product does not compete with Apple as it provides transformative technology. In order for Corellium to prove that it does not compete with Apple it must inspect Apple's laboratories, internal development center, and testing of software or devices. The inspection is highly relevant to Corellium's affirmative defenses. | for its objections.  *See* Resp. at 5. |
| Apple objects on the basis of Irrelevancy. | Corellium's inspection is highly relevant because it clearly relates to Corellium's transformativeness of the resources required to produce and sustain the operation of virtualization technology. Additionally, it is Corellium's position that Apple is simply attempting to monopolize the market by impeding innovation by means of curving competition (even when Apple does not provide such virtualization technology and Corellium does not compete in the same markets as Apple's products). Moreover, Corellium is entitled to defend itself and find the true motivations behind this lawsuit. In particular, access will provide confirmation about Apple's failure to expand and innovate technology and motivations to initiate this | Corellium's request to inspect "*Apple's* testing of devices for bugs, errors, malware and other software defects as well as the associated hardware" requests highly confidential and proprietary information that has nothing to do with the Parties' claims or defenses in this matter. *See* Resp. at 3–5. <br><br> With respect to Corellium's fair use defense, *Apple's* test setups have no bearing on whether *Corellium's* product is transformative of Apple's publicly available copyrighted works.  *See* Resp. at 4. <br><br> Apple's motive for filing this lawsuit also has no bearing on any claim or defense, nor does Corellium show how its request |

| | lawsuit.<br><br>As such, Corellium is entitled to defend and prove its affirmative defenses against Apple by permitting access to Apple's facility for an inspection. | to inspect Apple's test facilities will somehow otherwise support its claims or defenses. *See* Resp. at 4–5. |
| --- | --- | --- |
| Timeliness of Motion | Corellium does not dispute that the motion was filed beyond 30 days from receiving Apple's Response. However, during the time of receiving the Response, Corellium was receiving voluminous responses from Plaintiff to its first round of written discovery and was working to respond timely to the same while also working with Plaintiff to address its similarly voluminous discovery and correct any deficiencies raised by Plaintiff. In January, Corellium was further preparing for the January 22, 2020 mediation in the hopes that the matter would resolve. The conferral for the Request for Inspection occurred on January 29, 2020 and Corellium filed its Motion two days later. | Corellium failed to raise its dispute within the time period provided by Local Rule 26.1(g). The motion should be denied on this basis. *See* Resp. at 1–2. |
| Apple's claim that Corellium has failed to meet and confer. | Corellium had a meet and confer with Apple relating to Apple's objections to the request for inspection on January 29, 2020. | Corellium failed to meet its obligations to confer regarding all issues raised in this motion. The motion should be denied on this basis. *See* Resp. at 2–3. |

II.   <u>Other Pending Discovery Motions</u>

    a.   **Motion to Seal Corellium's Motion for Protective Order [D.E. 78] and Motion to Seal Corellium's Reply to Apple's Responses to Corellium's Motion for Protective Order [D.E. 113]**

<u>Items that remain in dispute are the following</u>:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Motion for Protective Order contains highly-sensitive information that necessitates protection and must be kept under seal. | The purpose of the Motion for Protective Order is to protect Corellium from answering Plaintiffs' second request of discovery (Production and Admissions Requests) seeking specific topics that will lead to the production of highly-sensitive governmental information that must be kept under seal. | Corellium's Motion for Protective Order contains no sensitive information warranting the high burden of sealing a file from the public record. The only information the Motion contains is the fact that Apple made the Requests, that Corellium provides no response to those Requests, and that Corellium makes no admission or denial that any allegedly sensitive information exists.  ECF No. 85 at 2–3. |

    b.   **Motion for Protective Order [D.E. 81]**

<u>Items that remain in dispute are the following</u>:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Apple's Second Request for Production and Admissions ("Second | Apple's Second Discovery Requests seeks information that is wholly irrelevant because the information sought relates to Corellium's employees and Chris Wade's | Apple's requests seek documents and information related to any contract, arrangement, agreement, understanding, or interaction between Corellium or Chris Wade |

| | | |
|---|---|---|
| Discovery Requests") seeks information and documents that are irrelevant, not proportional to the needs of this case, as well as highly sensitive with serious concerns for national security. | activities outside of Corellium and relates to their personal lives. Neither Corellium's employees nor Chris Wade are defendants in this lawsuit. Moreover, Apple seeks information relating to Chris Wade's alleged work for and provision of information to the United States Government. The information sought is not only irrelevant, but an effort to harass Corellium's employees and co-founder, Chris Wade. Most alarming is Apple's inclination to seeks highly confidential government information.<br><br>Any information beyond what has been provided here is highly-sensitive information and must be kept under seal. Accordingly, due to the highly-sensitive nature of the detailed explanation contained in the Motion, this Court must seal the information contained therein. | and the United States Government regarding the Corellium Apple Product at issue in this action.<br><br>The requests seek targeted and highly relevant discovery because Corellium's answer placed its relationship with the U.S. Government squarely at issue. *See* ECF No. 64 at 12–13. The targeted discovery regarding Mr. Wade's government interactions with respect to the Corellium Apple Product is similarly relevant, because Mr. Wade is the founder of Corellium, and Corellium has directly put at issue Mr. Wade's activities through its Answer and its responses to Apple's discovery requests. *See* ECF No. 108 at 2–4.<br><br>Corellium cannot assert a privilege for "highly sensitive" information belonging to the *government*, and Corellium has failed to support its claim with any evidence whatsoever. *See* ECF No. 108 at 4–5. |

21

Dated: February 6, 2020

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

22

By:   s/ Lizza C. Constantine
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.:  106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

*Attorneys for Defendant* CORELLIUM, LLC.

[+] *Counsel for Corellium LLC has consented to the filing of this document with counsel's electronic signature.*

23