UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                        Plaintiff,

    v.

CORELLIUM, LLC,

                        Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO
<u>DEFENDANT'S MOTION TO COMPEL ENTRY AND INSPECTION</u>**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to Compel Entry and Inspection. Corellium's motion should be denied for at least three independent reasons: (1) it is untimely; (2) Corellium failed to make a good-faith effort to meet and confer regarding the issues raised; and (3) the requested discovery is irrelevant. Accordingly, Apple respectfully asks this Court to deny Corellium's motion.

A.   **Background**

Apple timely responded to Corellium's Request for Inspection on December 19, 2019. ECF No. 112-2 at 3. On Thursday, January 2, 2020, Corellium's counsel emailed Apple to request a call to discuss Apple's discovery responses. Ex. A. In that email, Corellium's counsel requested a telephone call with Apple's counsel immediately, noting that counsel could not "wait until next week to have an initial meet and confer" because Corellium's "deadline to file a motion to compel is quickly approaching." *Id.* The parties then had a telephone conference on Friday, January 3, 2020, during which Corellium raised issues with Apple's responses to Corellium's Requests for Production, Requests for Admission, and Interrogatories. Corellium did *not* raise any issues with, or even mention, Apple's response to Corellium's Request for Inspection.

On Monday, January 6, 2020, Corellium sent Apple a 21-page letter detailing a litany of issues Corellium had with Apple's discovery responses. *See* ECF No. 129-1. Again, Corellium made no mention of Apple's response to Corellium's Request for Inspection.

On January 15, 2020, Corellium wrote to Apple that, "per the option provided by Local Rule 26.1(g)(1)," it was requesting a 7-day extension for its discovery motions, to Monday, January 27. Ex. B. In that email, Corellium also stated that it did "not believe" that it would "be using all of this time," but was asking "in an abundance of caution." *Id.* Apple agreed to this extension. Then, on January 27, 2020, the final day of the extension, Corellium filed three motions to compel, none addressing the Request for Inspection.

Two days *after* that final extended date, on January 29, 2020, Corellium raised its Request for Inspection *for the very first time*. Corellium stated that it intended to file a motion to compel, and asked Apple to confirm that Apple still objected to the Request. Apple confirmed its objection, and also noted the untimeliness of any forthcoming motion to compel. Corellium never explained to Apple its reasons for disagreeing with Apple's objections to the Request, or the basis of its potential motion. Instead, on January 31, 2020—well over a month after Apple served its

1

responses—Corellium filed the instant motion to compel.

### B.     Corellium's Motion Is Untimely.

Local Rule 26.1(g)(1) provides that "[a]ll disputes related to discovery shall be presented to the Court by motion . . . within (30) days from," as relevant here, the "original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute." The Rule provides that the 30-day period may be "extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order." Finally, the Rule states that "[f]ailure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion."

Rule 26.1(g)'s timing requirement "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011). In particular, defining the "specific period within which discovery motions must be filed . . . as 'thirty days' rather than, for example, the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty days." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012).

Corellium admits that its motion is untimely, but tries to excuse that untimeliness by claiming that it was busy both receiving and responding to discovery in this matter, as well as with preparations for the parties' mediation. But Corellium—which is represented by two different law firms—had plenty of time to timely confer and file this motion regarding a *single* Request for Inspection. Corellium has not demonstrated good cause for relief from Rule 26.1(g) here. *See Manno*, 2012 WL 1409532, at *1; *see, e.g., also Higgs v. Costa Crociere S.p.A. Co.*, Case No. 15-60280-CIV-COHN/SELTZER, 2015 WL 5915789, at *3 (S.D. Fla. Oct. 9, 2015); *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 5311233, at *1 (S.D. Fla. Sept. 23, 2013).

### C.     Corellium Failed To Fulfill Its Obligation To Meet And Confer.

Corellium's motion should also be denied because it failed to meaningfully confer "in a good faith effort to resolve by agreement the issues raised in [its] motion" before filing its motion, as is required by Local Rule 7.1(a)(3), Federal Rule of Civil Procedure 37, and this Court's Discovery Order (ECF No. 34). Despite the parties' repeated calls and extensive correspondence

regarding their other discovery disputes, Corellium failed to raise *any* issues with this Request until two days ***after*** its motion to compel was due.[1]  But even then, Corellium did not tell Apple why it disagreed with Apple's objections to the Request.  The only things Corellium told Apple were that it intended to file a motion to compel because it believed the Request was relevant, and it wanted to confirm that Apple continued to maintain its objections.

Such an exchange does not constitute the good-faith conferral required by Local Rule 7.1(a)(3), let alone a discussion of "the available options for resolving the dispute without court intervention," as is required under this Court's order, ECF No. 34 at 1.  *See Mackay v. Dolgencorp, LLC*, No. 14-CV-60447-SCOLA/VALLE, 2014 WL 11776938, at *2 (S.D. Fla. Apr. 24, 2014) ("In order to confer, a movant must have a give-and-take exchange with opposing counsel.") (internal quotation marks omitted).  Indeed, Corellium's motion acknowledges as much:  rather than certify compliance with  Local Rule 7.1(a)(3), *i.e.*, that Corellium's counsel "conferred with all parties . . . *in a good faith effort to resolve the issues raised in the motion and has been unable to do so*," *id.* (emphasis added), as is required, Corellium's counsel simply states that it "conferred via telephone call with counsel for Plaintiff, regarding the relief sought" and that Plaintiff opposed, ECF No. 112 at 6.  Corellium's failure to meaningfully confer provides a separate and independent basis to deny its motion.  *Gonzalez v. Batmasian*, No. 9:16-CV-81696-MIDDLEBROOKS, 2017 WL 698604, at *1 (S.D. Fla. Feb. 17, 2017) ("Because Defendants failed to make good faith efforts to resolve the issues raised by their Motion without Court intervention, the Motion is denied.").

**D.   The Requested Discovery Is Irrelevant.**

The procedural deficiencies with Corellium's motion alone warrant denial; however, Corellium's motion should also be denied because the Request seeks information that is wholly irrelevant to this case, and Corellium has not established otherwise.  *See Atico Int'l USA, Inc. v. Luv n' care, Ltd.*, No. 09-60397-CIV, 2010 WL 11505474, at *4 (S.D. Fla. July 21, 2010) ("""[W]hen relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request.").  Corellium seeks to inspect "Apple's testing of devices for bugs, errors, malware and other software defects as well as the associated hardware."  ECF No. 112-1 at 2.  But Apple's *internal* testing of its own devices—a highly confidential and proprietary

---

[1] Corellium certified that it conferred with Apple via telephone regarding the disputes raised in its timely motions to compel on December 21, 2019, and January 3, and 17, 2020, ECF No. 93 at 7—calls that all occurred after Apple served its objections to Corellium's Request for Inspection.

process—has absolutely nothing to do with the parties' claims or defenses in this action. Thus, the Request is unduly burdensome, and not proportional to the needs of the case.

*Fair Use.* Corellium argues that inspection of Apple's testing facilities is relevant to its fair use defense because such inspection will show "how transformative the Corellium product is from anything Apple can provide." But that misstates the law of fair use. The question of whether an infringing product constitutes "a 'transformative' use, as opposed to a merely superseding use, of the copyrighted work," is by definition focused on the *accused product's* use of the *copyrighted work*. *Peter Letterese & Assocs., Inc. v. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1309, 1310–11 (11th Cir. 2008); *see also Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 96 (2d Cir. 2014) ("[A] transformative work is one that serves a new and different function from the original work."). Corellium's motion reads as if it has been accused of infringing Apple testing and "virtualization technology." *See* ECF No. 112 at 4–5. But that is not the case. Rather, Corellium is accused of infringing iOS, iTunes, and that software's graphical user interfaces (the "GUI Elements")—copyrighted works that Apple licenses to the public. ECF No. 56 ¶¶ 45–47.

The question here as to transformativeness, then, is whether the Corellium Apple Product serves a "new and different function" from iOS, iTunes, and the GUI Elements, ECF No. 56 ¶¶ 13–24. *Authors Guild*, 755 F.3d at 96. That inquiry, by definition, is focused on the *Corellium Apple Product's* use of those copyrighted works, not Apple's development and internal testing of its own products. Apple's internal testing of its own devices—part and parcel of the highly confidential design and manufacturing process for its copyrighted works and future works—has no bearing on whether the Corellium Apple Product is transformative of Apple's *released* and *publicly available* copyrighted works. "[N]o controlling case law suggests that the design and manufacturing process for a copyright work is relevant and must be produced." *Cambria Co., LLC v. Pental Granite & Marble, Inc.*, No. 12-228 (JRT/AJB), 2013 WL 3381033, at *2 (D. Minn. July 8, 2013)).

*Motive.* Corellium goes even further astray when it argues that inspection of Apple's facility is "relevant to establish Apple's true motivations behind this lawsuit." "It is well-established that in ordinary litigation . . . the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery." *T.C. on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, No. 3:17-CV-01098, 2018 WL 3348728, at *13 (M.D. Tenn. July 9, 2018); *Dyber v. Quality King Distribs., Inc.*, No. CV 06-735 (LDW) (AKT), 2006 WL 8424100, at *2 (E.D.N.Y. Dec. 12, 2006) ("[C]ourts have held that a plaintiff's

4

motive in bringing an action, even at the discovery phase, is irrelevant."); *cf. Davis v. Phenix City, Alabama*, No. 3:06-CV544-WHA, 2008 WL 11511788, at *1 (M.D. Ala. Feb. 28, 2008). Corellium does nothing to establish that this case is anything but ordinary litigation where the plaintiff's motivation is irrelevant. While Corellium asserts that inspection of Apple's testing facilities will somehow show that "Apple's [sic] is attempting to monopolize and control the industry," Corellium offers no basis for that assertion. Nor does Corellium explain what industry it thinks is at issue; what claim or defense such purported control is relevant to; or, most importantly, how Apple's internal testing and development of its own products within its own facilities has anything to do with this claim. In reality, Corellium's Request for Inspection is a naked attempt to gain access to Apple's highly proprietary, confidential internal testing facilities, where extremely sensitive product development and design efforts take place, *see* Ex. C, none of which has any relevance to this case.

    E. **Apple's Preliminary Statement And Objections Are Proper.**

  Finally, Corellium recycles the same arguments in this motion that it has advanced in its other motions to compel regarding Apple's preliminary statement and objections. As to the former, contrary to Corellium's claims, Apple's preliminary statement does not contain a single objection, and instead simply recounts the status of Apple's discovery efforts, and its intention not to waive certain objections should they be available in the future. *See* ECF No. 112-2 at 1–2. Nor is Apple's preliminary statement incorporated by reference into, or referred to, in Apple's response to the Request. *See id.* at 2–3. There is thus nothing improper about the preliminary statement. *Cf. Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV-COHN/SELTZER, 2014 WL 11532403, at *3 (S.D. Fla. Feb. 4, 2014) (taking issue with preliminary statement "which indicates that Defendant's responses are given *subject to certain objections*") (emphasis added).

  Apple's objections are entirely appropriate also. Apple specifically explains why the information sought is irrelevant to the claims and defenses in this case, ECF No. 112-2 at 2–3, which is why the Request is—as Apple's objections state—overly broad, unduly burdensome, and not proportional to the needs of the case, *id.* at 2. As for the "to the extent" language that Corellium takes issue with, ECF No. 112 at 3, had this issue been timely raised, Apple would have been happy to remove those three words; however, that phrase does not invalidate Apple's timely and meritorious objections, or warrant the relief requested in Corellium's untimely motion.

  The Court should deny Corellium's motion to compel.

Dated: February 6, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.