UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

## CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ENTRY AND INSPECTION

Defendant, Corellium, LLC ("Corellium") pursuant to Local Rules 7.1 and 26.1 and by and through the undersigned counsel, files this Reply in Support of its Motion to Compel Entry and Inspection [D.E. 112] ("Motion"), and in support thereof, states as follows:

## I. Corellium's Requested Discovery is Relevant

### a. Fair Use

Initially, Corellium, as a matter of law, has a right to defend itself against claims of alleged wrongdoing. *S.E.C. v. Tucker* 130 F.R.D. 461, 463 (S.D. Fla. 1990) ("Defendants have a right to defend."). Included in this right is the ability to propound discovery against those who have alleged the wrongdoing, which is governed by Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26. As it relates to relevancy determinations in discovery, "[t]he scope of discovery under Rule 26(b) is broad: 'parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action.'"*Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007). Accordingly, so long as the discovery falls within the scope of Rule 26, Apple does not get to dictate the terms of Corellium's discovery to define how Corellium opts to defend itself against the claims levied against it.

Apple, in its Response, argues that Corellium misstates the law of fair use because fair use only extends to the accused product's use. *See* Response, at 4. This, however, is incorrect. A transformative analysis encompasses not only the end product, but also involves the process to which was required to produce and provide the resulting work. *See White v. W. Pub. Corp.*, 29 F. Supp. 3d 396, 399 (S.D.N.Y. 2014) (finding that "Lexis's *process* of reviewing, selecting, converting, coding, linking, and identifying the documents 'add[ ] something new, with a further purpose or different character' than the original briefs."). Moreover, "[t]he more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 114 S. Ct. 1164, 1166, 127 L. Ed. 2d 500 (1994). Accordingly, the more aspects of transformation Corellium is able to illustrate, the stronger its fair use defense. *Id.* Therefore, as discussed in Corellium's Motion, in order to properly illustrate the transformative process inherent in *producing* and *sustaining* Corellium's virtualization technology, which includes significant reductions in the amount of manpower, infrastructure, and resources, it requires allowing Corellium access to Apple's facilities to show the distinction between Apple's process and that of Corellium. Therefore, Corellium's Request is directly relevant to its fair use defense.

### b. Motive

Corellium, as discussed above, has a right to defend itself against the allegations levied against it. *S.E.C.,* 130 F.R.D., at 463. Apple has brought this lawsuit on the supposed (primary)

basis of copyright infringement. However, upon information and belief, Apple's true motivation is, instead, (1) driving down the value of Corellium through pressure and cost of litigation as well as the negative publicity attached to being sued, and (2) halting Corellium's progress, which includes its transformative technology. Apple does this under what is believed to be the guise of a copyright lawsuit. Corellium is permitted to investigate and show that Apple's true intent behind this lawsuit is not, in fact, the copyright infringement that it alleges, but is instead a restraint of trade. *See* Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's First Amended Complaint [D.E. 64], at Seventh Affirmative Defense.

Moreover, Apple argues that a plaintiff's motivation is not relevant in an ordinary litigation. This, however, is not an ordinary litigation insofar as Apple is trying to monopolize the market by impeding scientific progression and innovation as well as curbing competition under the guise of a copyright lawsuit. Accordingly, such motivation is directly relevant to Corellium's affirmative defense of restraint of trade.

## II. Apple's Preliminary Statement and Objections are Improper

As Apple correctly highlights in its Response, Corellium takes issue with Apple's preliminary statement and boilerplate responses as it similarly does in its other Motions to Compel [D.E.s 93, 100, and 103].[1] Indeed, Apple's failure to explain its objections exists throughout its discovery responses. Therefore, as this issue has already been addressed, Corellium will simply note that boilerplate objections without further explanation are not only improper, but frustrate the purpose of discovery by creating confusion and uncertainty in Apple's responses and, accordingly, must be removed. *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008); *See generally Desrosiers v. MAG Industrial Automation Systems, LLC,* 675 F.Supp.2d 598, 602 (D. Md. 2009).

As it relates to Apple's preliminary statement, Apple admits that its intent in using its Preliminary Statement is to "not [] waive certain objections that could be available to it in the future" which is the main reason why Preliminary Statements are not allowed in responses.[2] Apple

---

[1] Corellium hereby incorporates the arguments made within its applicable Motions to Compel, D.E.s 93, 100, and 103, respectively, including but not limited to the arguments raised in section I of D.E. 93, section III of D.E. 100, and section II of D.E. 103.

[2] *Tselonis v.Billy's Stone Crabs, Inc.*, 2007 WL 4199679, at *1 (S.D. Fla. Nov. 26, 2007) ("The Court first notes that the preliminary statement of general objections appearing at the beginning of

cannot reserve objections to responses by including a preliminary statement, and then contend that because it is not "incorporating the preliminary statement by reference" it has done nothing wrong. It is improper for a party claim to reserve an objection, while at the same time, claim that no objection has been made. Indeed, that is what Apple is claiming, 1) Apple is not making any objections by including its Preliminary Statement, while at the same time claiming that, 2) its intent in including the Preliminary Statement is to not waive certain objections. Specifically, the Preliminary Statement expressly reserves as to "authenticity, relevance, materiality, propriety, admissibility, privilege, and *any all other objection* . . .," (emphasis added). Corellium is confused as to what objections are being reserved by Apple's Preliminary Statement[3], and whether a proper response has been made to the requests due to Apple's Preliminary Statement limiting language including "*Notwithstanding the responses to these Requests*."

### III. Corellium Has Good Cause for Delay

"Local Rule 26.1(g)(1) provides that '[a]ll motions related to discovery, including but not limited to motions to compel discovery ... shall be filed within thirty (30) days of the occurrence of grounds for the motion.'" S.D. Fla. L.R. 26.1(g)(1); *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61272, 2017 WL 7794274, at *1 (S.D. Fla. July 26, 2017). "'Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.'" *Id.* (emphasis added). Accordingly, "Local Rule 26.1(g)(1) provides the Court with discretion when a discovery motion is filed untimely." *Buja v. Novation Capital, LLC*, No. 15-CV-81002, 2016 WL 9026498, at *2 (S.D. Fla. Dec. 27, 2016). Indeed, "'District courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them." *Kelsey v. Withers*, 718 Fed. Appx. 817, 820 (11th Cir. 2017); *see Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

As demonstrated in Corellium's Motion to Compel Entry and Inspection ("Motion"), Corellium had good cause for delay in filing its Motion beyond thirty (30) days from receiving

---

Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories [D.E. 72, Ex. E] does not comply with Local Rule 26.1.G, S.D. Fla.").

[3] Federal Rule of Civil Procedure 36(a)(5) states that "[t]he grounds for objecting to a request must be stated."

Apple's Response and Objections to Corellium's Request ("Response"). In particular, Plaintiff, Apple Inc. ("Apple") served Corellium its Response on December 19, 2019. (*see motion at exhibit 2*). During the 30 days thereafter, notwithstanding the fact that this time period fell squarely within the holidays, counsel for Corellium was tasked with, *inter alia*, researching and responding to over two-hundred pages of written discovery responses and objections, responding to, conferring on, and correcting any deficiencies in its own voluminous discovery responses in a timely manner, and focusing on and preparing for the January 22, 2020 mediation, in which Corellium had hoped could lead to early resolution. Rather than simply arguing the Motion now, Apple would prefer the parties incur unnecessary costs in Corellium having to reserve the Request for Inspection, only for Apple to raise the same arguments and the parties have to engage in this identical motion practice again in 30 days. Clearly, this is neither prudent nor economical for either the Court or any of the parties.

### a. No Party Will be Prejudiced by the Court Permitting Corellium's Motion to be Heard

It is important to highlight that Local Rule 26.1(g)(1) "was designed to prompt early resolution of discovery disputes and 'to ensure that discovery motions are filed when ripe and not held until shortly before the close discovery or the eve of trial.'" *Poe v. Carnival Corp.*, No. 06-20139-CIV, 2007 WL 211118, at *2 (S.D. Fla. Jan. 23, 2007). Here, Corellium did not file its Motion too early so as to take issue with something that was not yet ripe, nor did it file its Motion shorty before the close of discovery or on the eve of trial.[4] Instead, due to the high volume of activity in a litigation dealing with complex and novel issues, Corellium filed its Motion two days after it was able to confer with Apple regarding the same and only shortly after the passing of thirty days from receiving Apple's Response. Accordingly, even if it were determined that Corellium failed to satisfy the timeliness requirement of Local Rule 26.1(g)(1), neither Party will be prejudiced as a result. Accordingly, the hearing of Corellium's Motion will still promote judicial efficiency as well as preserve the time and resources of this Court, the parties, and the parties' counsel.

---

[4] To be more specific, on January 22, 2020, this Court noticed an order setting for hearing on February 12, 2020 the Parties' various discovery motions. On February 3, 2020, this Court added two motions to be heard at the February 12, 2020 hearing, including Corellium's Motion.

### IV. Corellium Complied with the Meet and Confer Requirements

The conferral requirements of Local Rule 26.1(g)(1), the Federal Rules of Civil Procedure, and this Court's Discovery Order [D.E. 34] require that the Parties confer in good faith *before* filing any discovery motion. This notwithstanding, Apple argues that Corellium did confer, only that "Corellium [supposedly] failed to raise *any* issues with this Request until two days ***after*** its motion to compel was due." Initially, and despite Apple's contention, Corellium did in fact meaningfully confer in good faith. However, if during the first call when the Motion was initially raised, if Apple believed that Corellium's efforts to confer were insufficient, then under the same obligation to confer, Apple should have advised Corellium that Apple did not believe Corellium had sufficiently conferred.  Further, there is also a continuing obligation to confer. Clearly, the conferral continued to *after* the filing of the Motion. If during *that* call, Apple believed that Corellium's conferral efforts were again insufficient, Apple is again under the obligation to inform Corellium of the same. Finally, in light of Corellium's multiple efforts to confer, whether Apple believes they were sufficient or not, unless Apple is willing to modify any of its positions, then its arguments here are moot. Nevertheless, Corellium will continue to confer on this issue until the upcoming hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: February 10, 2020                                    Respectfully submitted,

                                                        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

          *and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com