UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-CV-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART APPLE'S MOTION TO COMPEL DEFENDANT CORELLIUM, LLC TO PROVIDE COMPLETE RESPONSES TO INTERROGATORIES [DEs 70, 74]

THIS CAUSE is before the Court upon Plaintiff, Apple Inc.'s ("Apple") Motion to Compel Defendant Corellium, LLC to Provide Complete Responses to Interrogatories ("Motion") [DEs 70, 74[1]]. This matter was referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. Defendant, Corellium, LLC ("Corellium"), has filed a response [DE 76] to the Motion, and Apple has filed a reply [DE 89]. The Court held a hearing on the Motion on February 12, 2020, and February 13, 2020.

### I.    Preliminary Statement Regarding Discovery Problems in This Case

The fact and expert discovery cut-off date in this case is April 20, 2020. [DE 66]. The trial is set for a two-week calendar beginning on October 13, 2020. [DE 32]. The Court has previously advised the parties that no further extensions will be granted, and the trial date will not be changed. *Id.*

---

[1] Docket Entry 74 is the sealed version of the Motion, and Docket Entry 70 is the public version of the Motion.

Nonetheless, as of today's date, which is approximately 10 weeks before the discovery cut-off date, the parties have not taken a single deposition in this complex copyright case. Moreover, additional document production and discovery responses have been ordered to be produced from both parties on or before February 24, 2020.

Recently, the parties have brought a plethora of discovery motions, responses, and replies to the Court for resolution, as the parties could not—or would not—resolve them among themselves. Over the course of one full day on February 12, 2020, and a half-day on February 13, 2020, the Court dealt with nine pending lengthy discovery motions and several other discovery issues. The Court made certain rulings on the record and now will be entering written orders on the pending motions so the Court's decisions are clear on the docket.

In order to ensure that the parties comply with their discovery obligations, a further discovery hearing is set for February 27, 2020, at 10:00 a.m. The Court again advises the parties that they have 10 weeks to complete all necessary discovery in this case. The bickering should stop, the parties' counsel should cooperate, and the discovery process should be expeditiously concluded. If this does not occur, the parties and their counsel will suffer the attendant consequences. With that being said, the Court now turns to the pending motion.

## II.   Court's Ruling

Upon careful review of Apple's Motion [DEs 70, 74], Corellium's response [DE 76], Apple's reply [DE 89], counsel's argument at the February 12, 2020 discovery hearing, the relevancy and proportionality requirements of Rule 26(b)(1), and the entire docket in this case, and as stated in open court, it is hereby **ORDERED** as follows:

1. Apple's Motion to Compel Defendant Corellium, LLC to Provide Complete

Responses to Interrogatories [DEs 70, 74] is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is denied as to Interrogatories 16 and 17 from Apple's First Set of Interrogatories.

3. The Motion is granted as to Interrogatory 15 from Apple's First Set of Interrogatories. Corellium shall provide Apple with an amended response on or before **February 24, 2020**.

4. The Motion is granted in part and denied in part as to Interrogatories 7, 8, and 14 from Apple's First Set of Interrogatories. Corellium shall file amended responses, as further specified below, on or before **February 24, 2020**.

    a. For Interrogatory 7, Corellium shall state whether Corellium and/or its employees are aware of, or have been aware of since the founding of Corellium in 2017, any unpatched bugs, exploits, vulnerabilities, or other software flaws in iOS found by Corellium or its principals, and whether Corellium has reported any such bugs, exploits, vulnerabilities, or flaws to Apple. If Corellium's response to the question is "yes," Corellium shall state how many unpatched bugs, exploits, vulnerabilities, or other software flaws in iOS Corellium and/or its employees have been found. Corellium is not, however, required to provide the specific nature of the software flaws or bugs. The parties have agreed to confer whether the term "bugs" should be further limited to solely "security bugs" or not. If the parties cannot resolve this issue, the Court will.

3

b. For Interrogatory 8, Corellium shall, for each version or installation of the Corellium Apple Product identified in Interrogatory No. 1, describe in detail its pricing policies and price lists, from the formation of Corellium to the present, including but not limited to (1) the price(s) at which Corellium offered the Corellium Apple Product for sale or license; and (2) any discounts or promotions given and the bases therefor.

c. For Interrogatory 14, Corellium shall identify any steps it has taken to inform its customers about Apple's copyrights or to obscure information about Apple's copyrights from Corellium's users or customers.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of February, 2020.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE