COMPOSITE  EXHIBIT  1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

v.                                                                    **FILED UNDER SEAL**

CORELLIUM, LLC,

      Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S MOTION FOR**
**PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Defendant Corellium, LLC ("Corellium") files this Motion for Protective Order seeking protection from Plaintiff Apple Inc.'s ("Apple") irrelevant and improper discovery requests under Federal Rule of Civil Procedure 26(c).

## INTRODUCTION AND SUMMARY OF ARGUMENT

A protective order should be granted because Apple's entire Second Set of Requests for Production[1] and Request Nos. 66-73 and 83-95 of Apple's Second Set of Requests for Admission[2] (collectively, the "discovery requests") seek information and documents that are wholly irrelevant and well outside the proper scope of discovery ███████████████████████████████ ████████████.

Apple has brought claims against Corellium for alleged copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"). As such, this dispute centers on Apple's alleged copyrighted works, Corellium's alleged use of those works, and the underlying functionality of Corellium's technology. On December 20, 2019, however, Apple served its second set of discovery requests, which ask Corellium to produce documents and admit ██████████████████████████████████████████████████████ ██████████████████████████. This discovery topic is in no way relevant to the underlying claims and facts at issue in this lawsuit. Rather, by requesting discovery on this topic, Apple seeks impermissible access into the private lives of Corellium's founders in what amounts to a blatant attempt to harass, annoy, oppress, and unduly burden Corellium and its co-founders. Moreover, and most importantly, the information and materials sought—regardless

---

[1] Apple Inc.'s Second Set of Requests for Production of Documents to Defendant Corellium, LLC (Nos. 88-89), attached hereto as Exhibit A.

[2] Apple Inc.'s Second Set of Requests for Admission to Defendant Corellium, LLC (Nos. 66-95), attached hereto as Exhibit B.

of whether true or available— ██████████████████████████ ████████████████████. Corellium therefore requests that the Court protect Corellium from complying with these discovery requests and prohibit Apple from seeking any future discovery on this topic.

Specifically, Corellium seeks protection from all Requests included in Apple's Second Set of Requests for Production, which ask Corellium to produce documents related ███████ ████████████████████████████████████████████████████ ████████████████ that concerns Corellium's technology or that otherwise ███████. ████████████████████ relating to" Corellium's technology.[3]

Second, Corellium also seeks protection from Request Nos. 66-73 and 83-95 contained in Apple's Second Set of Requests for Admission, which ask Corellium to admit ██████████████ ████████████████████, and to admit █████████████████████████████ ████████████████████████████████.[4]

Third, Corellium asks that the Court enter an order prohibiting future discovery in this case concerning Corellium's ██████████████████████████████████ ████████████████████████, as this information clearly falls outside the scope of permissible discovery and is intended only to harass, annoy, oppress, and unduly burden Corellium ███████████████.

## ARGUMENT & AUTHORITIES

A court may, for good cause, grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1). In other words,

---

[3] *See* Ex. A.
[4] *See* Ex. B.

there must be a "sound basis or legitimate need to take judicial action."  *See, e.g.*, *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1985).  A district court has "broad discretion when fashioning protective orders."  *Id*. at 357.

### A.   Apple's discovery requests seek irrelevant information and documents that are not within the proper scope of discovery.

The scope of discovery is limited to "nonprivileged matter[s] that [are] **relevant to any party's claim or defense** and **proportional to the needs of the case, considering** the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit[.]"  Fed. R. Civ. P. 26(b)(1) (emphasis added).  While information need not be admissible in evidence to be discoverable, it must be relevant to fall within this scope.  *Id*.  A court must limit the extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

The information and documents requested from Corellium are not relevant or proportional to the needs of the case.  Corellium ████████ ████████ has no possible bearing on Apple's claims against Corellium for copyright infringement and DMCA violations or any other claim in this lawsuit.  Rather, Apple propounded these discovery requests to harass, embarrass, oppress, and unduly burden Corellium ████████.  Such "frivolous" and harassing discovery requests should not be tolerated.[5]

---

[5]   According to L.R. 11.1(c), "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar."  As mandated by Rule 4-3.4(d) of the Rules Regulating The Florida Bar "a lawyer must not . . . make a frivolous discovery request."

**B.      The potential harm occasioned by discovery would far outweigh disclosure.**

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  In *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000), the court applied Rule 403 to grant a protective order in a sexual harassment case because the "[p]laintiff's discovery requests [] inquired into every conceivable office rumor from the State Attorney's Office, with little or no regard for the subject matter of those rumors."  Even assuming the information sought was relevant, the court determined it was "so highly prejudicial" that the court would exclude the evidence under Rule 403 regardless.  *Id*.  Here, Apple should be prohibited from seeking discovery on this topic for the same reason.  Apple's far reaching requests, which are unlikely to produce admissible evidence under Rule 403, but are sure to harass, embarrass, oppress, and unduly burden Corellium ████████████, are the sort of discovery requests that Corellium ██████████ must be protected from.

**C.      The Requests seek highly-sensitive government information.**

As discussed above, while the Requests Corellium seeks protection from are undoubtedly irrelevant and unduly burdensome, the most alarming concern is that the information sought ████████████████████████████████████████████. To be clear, any ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████. Moreover, the concerns and the privacy rights that exist ████████████████ and as such cannot be overcome. Accordingly, due to the fact that Corellium cannot respond to Apple's Requests ████ ████████████████████████████████████, this Court must issue an order protecting Corellium from response and prohibiting Apple from future discovery on

the topic. The undersigned advises that, per the direction of the Court, counsel is willing and able to provide additional assistance and explore alternative options if further corroboration is required.

## CONCLUSION

Corellium respectfully requests that the Court issue a protective order protecting Corellium from Apple's Second Set of Requests for Production and from Request Nos. 66-73 and 83-95 of Apple's Second Set of Requests for Admission, prohibiting the parties from propounding future discovery on this topic, and granting such other relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(A)(3)

On January 17, 2020, counsel for the movant conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion. Plaintiff informed Defendant that it opposes the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

NORTON ROSE FULBRIGHT US LLP
*Counsel for Defendant Corellium*
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200

Brett Govett, *Pro hac vice*
brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
jackie.baker@nortonrosefulbright.com

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Corellium*

Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977

Jonathan Vine
Florida Bar No.: 10966
jonathan.vine@csklegal.com
Justin Levine
Florida Bar No.:  106463
justin.levine@csklegal.com
Lizza Constantine
Florida Bar No.: 1002945
lizza.constantine@csklegal.com

*Attorneys for Defendant, Corellium, LLC*

By:

/s/ *Justin Levine*
Justin Levine

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:19-cv-81160**

APPLE INC.,

         Plaintiff,

   v.

CORELLIUM, LLC,

         Defendant.

**APPLE INC.'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT CORELLIUM, LLC (NOS. 88-89)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, Apple Inc. ("Apple") submits its Second Set of Requests for Production of Documents to Defendant Corellium LLC ("Corellium").  Corellium shall produce each of the Documents requested below within thirty (30) days of service, or such other time as the parties may agree, at the offices of Latham & Watkins LLP, c/o Elana Nightingale Dawson, Esq., 555 Eleventh St. N.W., Suite 1000, Washington, D.C. 20004-1304.  Corellium shall timely supplement all responses to the Requests below as required by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.   "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

2.   "Plaintiff" means Apple.

3.   This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4.   "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5.   The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems.  Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6.   The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7.   "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

8.   "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9.   "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

10. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

11. "dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

12. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.  The scope of this term includes all comments.  To the extent Source Code is maintained in a repository in the ordinary course of business, the scope of this term includes the full repository and not any one version of the repository.

14.  "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

15. "Foreign" means any country except the United States of America.

16. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

17. Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

(a)  structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

(b) activity listings of electronic mail receipts and/or transmittals;

(c)  output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS) iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, Source Code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

(e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

(f) any and all data, data compilations, and data analyses.

18. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein; "Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

19. "Identify" means that the following information shall be provided:

a.   When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).

b.   When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.

c.   When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

d.   When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

e.   When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

20. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that

in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

21. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

23. "Any" shall be construed to mean "any and all."

24. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

25. The use of the singular term of any word includes the plural and vice versa.

26. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

**<u>INSTRUCTIONS</u>**

1.   The requests herein cover all Documents within Your possession, custody or control, regardless of whether they are currently in Your possession, including, but not limited to, all Documents within the possession, custody, or control of persons acting on Your behalf or at Your instruction.

2.   Pursuant to Federal Rule of Civil Procedure 34(b), You are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Set of Requests.  Such Documents shall be designated as responsive to the particular Request as designated herein.  Documents are to be produced in full and unexpurgated form.

3.   This Set of Requests is continuing so as to require further and supplemental production by You in the event You obtain or discover additional Documents between the time of initial response and the time of hearing or trial.  Fed. R. Civ. P. 26(e).

4.   All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.  All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.).

5.   If any Document covered by this Set of Requests is withheld by reason of a claim of privilege (including work product immunity), You shall furnish a list within 30 days identifying for each withheld Document: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of Document withheld, (3) the general subject matter of the Document, (4) the date of the Documents and (5) such other information as is sufficient to Identify any withheld material, including, where applicable, the author(s) or source(s) of any Document, the addressee(s) and recipient(s) of any Document, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

6.   In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 88:**

All Documents related to any contract, arrangement, agreement, understanding, or interaction between Corellium and the United States Government relating to or concerning the Corellium Apple Product.  For purposes of this request, United States Government includes United States Government employees and United States Government agencies.

**REQUEST FOR PRODUCTION NO. 89:**

All ████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████ .

Dated: December 20, 2019

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I, Elana Nightingale Dawson, do hereby certify that on December 20, 2019, I caused a copy

of the foregoing Apple Inc.'s Second Set of Requests for Production to Defendant Corellium,

LLC (Nos. 88-89) to be served via email upon:

Brett Govett
Robert Greeson
Jackie Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Jonathan Vine
Justin Levine
Lizza Constantine
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com

<i><u>s/ Elana Nightingale Dawson</u></i>

Elana Nightingale Dawson

11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160

APPLE INC.,

                Plaintiff,

    v.

CORELLIUM, LLC,

                Defendant.

### APPLE INC.'S SECOND SET OF REQUESTS FOR
### ADMISSION TO DEFENDANT CORELLIUM, LLC (NOS. 66-95)

Pursuant to Federal Rule of Civil Procedure 26 and 36, Plaintiff, Apple Inc. ("Apple") submits its Second Set of Requests for Admission to Defendant Corellium, LLC ("Corellium"). Defendant Corellium shall respond to these Requests for Admission (the "Requests" or, individually, each "Request") in writing, in accordance with the Definitions and Instructions contained herein, within thirty (30) days of service, or such other time as the parties may agree, pursuant to the Federal Rules of Civil Procedure. Corellium shall timely supplement all responses to the Requests as required by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.   "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Persons acting on their behalf or under their control.

2.   "Plaintiff" means Apple.

3.   This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4.   "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5.   The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems.  Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6.   The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7.   The term "iTunes" refers to the iTunes application that Apple pre-installs on its iOS devices.

8.   "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

9.   "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

10. "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

11. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

12. "dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "Foreign" means any country except the United States of America.

15. The use of the singular term of any word includes the plural and vice versa.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

17. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

18. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the request in any way.

## **INSTRUCTIONS**

1.   Pursuant to Federal Rule of Civil Procedure 26(e), Your obligation to respond to these Requests is continuing in nature, such that if after answering or responding You subsequently obtain information that changes the nature of Your response, You shall promptly update Your response.

2.   Each Request shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

3.   In answering the following Requests, You shall furnish all available information, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents, subsidiaries, and Persons otherwise under Your control, who have the best knowledge, not merely information known to one individual based on his or her personal knowledge.  If You cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.

4.   If any objection is made to any Request herein, the objection shall state with particularity the basis therefore, and the Request shall be answered to the extent not objected to.

5.   If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the

substance of the matter; a qualified answer or partial denial of a matter must specify the part admitted and qualify or deny the rest.

6.   If You withhold information on the grounds of privilege (including work product immunity), You are directed to furnish the following information with respect to the information as to which the claim of privilege is asserted: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of information, document, or thing withheld, (3) the general subject matter of any documents or information, (4) the date of any documents, and (5) such other information as is sufficient to identify any withheld material, information, or communication, including, where applicable, the author(s) or source(s) of any document, information, or communication, the addressee(s) and recipient(s) of any document, information, or communication, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

7.   If in response to a Request You do not know all of the facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the Request as You can, and provide such facts as are known to You and any estimates, approximations, or beliefs that You consider reliable.  Any such estimates, approximations, or beliefs should be clearly denoted as such, and the basis for Your belief in their reliability should be explained.

8.   If in answering any of these Requests You encounter any ambiguity in construing the Request or any definitions or instruction relevant to the Request, set forth the matter deemed ambiguous and the construction selected or used in answering the Request.

## REQUESTS FOR ADMISSION

**REQUEST NO. 66:**  Admit that Corellium is a U.S. Government contractor.

**REQUEST NO. 67:**  Admit that Corellium does work directly for a United States federal agency.

**REQUEST NO. 68:**  Admit that Corellium does work directly for the National Security Agency.

**REQUEST NO. 69:**  Admit that Corellium does work directly for the Central Intelligence Agency.

**REQUEST NO. 70:**  Admit that Corellium does work directly for the Federal Bureau of Investigation.

**REQUEST NO. 71:**  Admit that Corellium does work directly for the United States Department of Homeland Security.

**REQUEST NO. 72:**  Admit that Corellium does work directly for the United States Department of Justice.

**REQUEST NO. 73:**  Admit that the Australian Department of Defence is a customer of Corellium.

**REQUEST NO. 74:**  Admit that the United Kingdom Secret Intelligence Service is a customer of Corellium.

**REQUEST NO. 75:**  Admit that Facebook is a customer of Corellium.

**REQUEST NO. 76:**  Admit that LinkedIn is a customer of Corellium.

**REQUEST NO. 77:**  Admit that the National Aeronautics and Space Administration is a customer of Corellium.

**REQUEST NO. 78:**  Admit that Square is a customer of Corellium.

**REQUEST NO. 79:**  Admit that Microsoft is a customer of Corellium.

**REQUEST NO. 80:**  Admit that MacStadium is a customer of Corellium.

**REQUEST NO. 81:**  Admit that Citrix is a customer of Corellium.

**REQUEST NO. 82:**  Admit that Amazon Web Services is a customer of Corellium.

**REQUEST NO. 83:** ██████████████████████████████████████
████████████████████████████████████.

**REQUEST NO. 84:** ██████████████████████████████████████
██████████████████████████████████████.

**REQUEST NO. 85:** ██████████████████████████████████████████
████████████.

**REQUEST NO. 86:** ████████████████████████████████████
████████.

**REQUEST NO. 87:** ██████████████████████████████████████
██████████████████████████.

**REQUEST NO. 88:** ██████████████████████████████████████
██████████████████████████████.

**REQUEST NO. 89:** ████████████████████████████████████████
██████.

**REQUEST NO. 90:** ██████████████████████████████████████.

**REQUEST NO. 91:** ██████████████████████████████████████
████████████████████████████████.

**REQUEST NO. 92:** ██████████████████████████████████████
██████████████████████████████████████.

**REQUEST NO. 93:** ████████████████████████████████

████ .

**REQUEST NO. 94:** ██████████████████████████████████ .

**REQUEST NO. 95:** ████████████████████████████████

██████████████████████████ .


Dated: December 20, 2019                    Respectfully Submitted,


                                            *s/ Martin B. Goldberg*


Kathryn Ruemmler*                           Martin B. Goldberg
*kathryn.ruemmler@lw.com*                   Florida Bar No. 0827029
Sarang Vijay Damle*                         *mgoldberg@lashgoldberg.com*
*sy.damle@lw.com*                           *rdiaz@lashgoldberg.com*
Elana Nightingale Dawson*                   LASH & GOLDBERG LLP
*elana.nightingaledawson@lw.com*            100 Southeast Second Street
LATHAM & WATKINS LLP                        Miami, FL  33131
555 Eleventh Street NW, Suite 1000          (305) 347-4040 / (305) 347-4050 Fax
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*


*Attorneys for Plaintiff* APPLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I, Elana Nightingale Dawson, do hereby certify that on December 20, 2019, I caused a copy of the foregoing Apple Inc.'s Second Set of Requests for Admission to Defendant Corellium, LLC (Nos. 66-95) to be served via email upon:

Brett Govett
Robert Greeson
Jackie Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Jonathan Vine
Justin Levine
Lizza Constantine
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson