# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT
CORELLIUM, LLC'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Apple Inc. ("Apple") by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion for Protective Order ("Motion"). ECF No. 81. Because the Motion for Protective Order fails to support any restrictions on the sought-after discovery, let alone the dramatic restrictions Corellium requests, Apple respectfully asks this Court to deny Corellium's Motion.

## INTRODUCTION

On December 20, 2019, Apple served Corellium with Apple's Second Set of Requests for Production and Apple's Second Set of Requests for Admission (collectively, "Requests"). Corellium's motion takes issue with Request numbers 66–73 and 83–95 of Apple's Second Set of Requests for Admission and the entirety of Apple's Second Set of Requests for Production. The Requests for Admission at issue ask for admissions as to whether Corellium . The Requests for Production ask for documents "related to any contract, arrangement, agreement, understanding, or interaction" between Corellium (Request No. 88) ▇▇▇, related to the Corellium Apple Product at issue in this case.

On January 21, 2020—the same day its responses were due—Corellium filed the instant Motion. Corellium's Motion does not seek protection of any information Corellium gives in response to the Requests, or otherwise seek limitations on them. Rather, it asks the Court to protect Corellium from having to respond to the Requests at all, and to prohibit discovery on these topics altogether, on the grounds that the requested information is "irrelevant," not "proportional to the needs of the case," and "unduly burdensome." ECF No. 81 at 2–4. Corellium did not submit any affidavits in support of its Motion. Nor did it submit any evidence. Instead, Corellium seems to view as self-evident its contention that the Requests are "irrelevant" and "harassing." *See* ECF No. 81 at 3–5. But that view is wrong. Corellium's ▇▇▇ and Corellium's defenses along with Apple's claim for contributory infringement require the Court—and Apple—to fully evaluate Corellium's customers and the uses to which they put Corellium's product. The Requests thus seek fully discoverable information, and Corellium has not come close to meeting its burden to demonstrate otherwise.

# ARGUMENT

"[U]nder Rule 26(c) of the Federal Rules of Civil Procedure a party seeking to avoid disclosure of materials by protective order 'bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury.'" *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2008 WL 4500258, at *3 n.2 (S.D. Fla. Oct. 3, 2008) (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D.Fla. 1985)). As such, before a protective order may issue, "the movant must show good cause why justice requires an order to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing Fed. R. Civ. P. 26(c)). To do so, the movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Arnold v. Wausau Underwriters Ins. Co.*, No. 13-60299-CIV, 2013 WL 5488520, at *2 (S.D. Fla. Sept. 30, 2013) (quoting *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos*, 250 F.R.D. at 698 (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Rather, "courts should only limit discovery 'based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'" *Trinos*, 250 F.R.D. at 698 (quoting *Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 323, 325 (Fed. Cl. 2005)). Corellium has provided no such evidence. In fact, it has offered no evidence at all. Corellium has therefore failed to carry its "heavy burden" to demonstrate that the requested discovery should be prohibited.

***Corellium's Relevance Arguments Are Meritless.*** Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Accordingly, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278

(S.D. Fla. 2008).

Corellium has wholly failed to show that "the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Id.* Rather, Corellium's Answer and affirmative defenses make squarely relevant all of the discovery Corellium is now resisting. Corellium's ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Corellium has thus clearly ████████████████████████████████████, rendering information ███████████████████████████████████████████████████████████████.

Corellium's affirmative defenses likewise put the requested discovery squarely at issue. For example, for its fair use defense, Corellium alleges that "the purpose of Corellium's product is for, *inter alia*, criticism, research, and/or improvement of Apple's alleged copyright-protected material." ECF No. 64 at 21. Given that Corellium has put at issue whether its use of Apple's copyrighted works is fair, Apple "is entitled to discover the full extent of the alleged use." *Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011). Corellium is also attempting to defend itself against Apple's Digital Millennium Copyright Act claims by arguing, *inter alia*, that Corellium's technology "is provided to its users for the purpose of conducting acts of good faith encryption research," and "Corellium developed, produced, and/or employed technological [circumvention] means solely for the purpose of performing acts of security testing." ECF No. 64 at 26–27. These arguments also put directly at issue who Corellium is providing the Corellium Apple Product to, and what those who have received the product are using it for. Finally, Apple's contributory infringement claim is based on the alleged direct infringement by the users of the Corellium Apple Product. ECF No. 56 ¶¶ 65–70; *see also Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) ("This court has stated the well-settled test for a contributory infringer as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'") (quoting *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987)). As such, Apple has a right to discover information regarding who is using the Corellium Apple Product and how the product is being used.

Corellium also argues—with no evidentiary support whatsoever—that the information

sought in the Requests is "so highly prejudicial" that the evidence would be inadmissible under Federal Rule of Evidence 403. ECF No. 81 at 4. As an initial matter, Corellium has provided no explanation for [REDACTED] would be prejudicial in any respect. More importantly, Corellium has conflated *admissibility* with *discoverability*. Contrary to Corellium's contention, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed R. Civ. Proc. 26(b)(1); *see also Safeco Ins. Co. of Am. v. Weissman*, No. 17-62032-CIV, 2018 WL 7046634, at *3 (S.D. Fla. Sept. 5, 2018) ("[A] distinction is drawn between relevance for discovery purposes and admissibility.") (quoting *Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc.*, 2:15-cv-219-FtM-29MRM, 2016 WL 7130939, at *4 (M.D. Fla. July 19, 2016)).[1] The proper time for addressing the admissibility of evidence is at the pre-trial motion stage, after the evidence and its relevance is known fully by both parties, not by seeking a protective order to prevent its discovery altogether.

**Corellium's [REDACTED] Arguments Are Meritless.** The Motion also alleges—again without any evidentiary support whatsoever—that the Requests seek [REDACTED]. ECF No. 81 at 4. The Motion further argues that this raises [REDACTED] associated with handling [REDACTED]" and that "the concerns and the [REDACTED]." *Id.*



Corellium's argument fails for several reasons. As a preliminary matter, even if any responsive information [REDACTED], Corellium cannot assert [REDACTED]

---

[1] Corellium inexplicably relies on the inapposite case of [REDACTED], which addressed discoverability in a sexual discrimination case and merely limited the plaintiff from "pursuing discovery of subject matters not reasonably related to proving the elements of her claims."

4

███████████████████████████████████████████████████████████ Corellium has provided no reason for this Court to forgo ██████ ████████████████████████████████, nor has it explained why the █████████████ ██████ would be ineffective or unavailable here.

Furthermore, Corellium has not put forth any evidence whatsoever even suggesting that the discovery sought is *actually* ███████████ or that the Protective Order this Court already entered (ECF No. 50) would not adequately protect its confidentiality concerns. Apple is not seeking *public* disclosure of any information. To the extent responsive information is considered ███████████████, designation under the existing Protective Order is certainly appropriate. Corellium, however, seeks a very different kind of protective order—one that would prevent *any* discovery on these topics no matter what safeguards the Court puts in place. ECF No. 81 at 5. Information is not protected from discovery simply because █████████████████████████. *See OKO Int'l Co. v. Haurex Italy, S.r.l*, No. 12-60405-CIV, 2012 WL 12899041, at *1 (S.D. Fla. Dec. 11, 2012) (citing *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 1377729, at *3 (D. Kan. June 6, 2002) ("[C]onfidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery.")).

## CONCLUSION

The information sought by the Requests is directly relevant to the case and specifically put at issue by Corellium. Corellium has provided no evidence to support its assertion that the Requests ████████████████████████████████████████████████ ██████, or that the disclosure of such information would oppress or unduly burden Corellium. It has thus wholly failed to meet its burden to demonstrate good cause for the drastic remedy of denying the sought-after discovery altogether. The Court should deny the Motion and order Corellium to respond forthwith to the Requests.

For the foregoing reasons, Apple respectfully requests that this Court deny Corellium's Motion for Protective Order.

5

Dated: January 28, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

## CERTIFICATE OF SERVICE

I, Emily L. Pincow, do hereby certify that on January 28, 2020, I caused a copy of the foregoing Plaintiff Apple Inc.'s Response to Defendant Corellium, LLC Motion for Protective Order to be served via email upon:

Brett Govett
Robert Greeson
Jackie Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Jonathan Vine
Justin Levine
Lizza Constantine
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com

*s/ Emily L. Pincow*
Emily Pincow