# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,

v.                                                                        **FILED UNDER SEAL**

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant Corellium, LLC ("Corellium") files this Reply in Support of its Motion for Protective Order. The Court should grant a protective order because Apple Inc.'s ("Apple") Second Set of Requests for Production[1] and Request Nos. 66-73 and 83-95 of Apple's Second Set of Requests for Admission[2] (collectively, Apple's "discovery requests") seek information and documents that are clearly beyond the scope of proper discovery and intended to harass.

### A. Apple Impermissibly Seeks Irrelevant and ▇▇▇▇▇▇▇▇▇▇

A significant portion of Apple's discovery requests seek irrelevant ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The requested information is not related in any way to Corellium or its technology, which is accused of infringement. By way of example, Apple seeks an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[3] Another Request seeks ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[4]

The foregoing Requests, as well as the remainder of Request Nos. 83-95, in *no way* concern Corellium or its technology. In Apple's Response, it does not explain how such Requests are within the scope of proper discovery. It does not because it cannot. Corellium's business and its technology are relevant in this litigation ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

---

[1] Apple Inc.'s Second Set of Requests for Production of Documents to Defendant Corellium, LLC ("Apple's Second Set of RFPs") (Nos. 88-89).

[2] Apple Inc.'s Second Set of Requests for Admission to Defendant Corellium, LLC ("Apple's Second Set of RFAs") (Nos. 66-95).

[3] Apple's Second Set of RFAs, No. 86.

[4] Apple's Second Set of RFAs, No. 89.

**B.    Apple Does Not And Cannot Show A Legitimate Need For The Requested Documents And Information.**

In its Response, Apple argues that Corellium's pleadings have placed the requested documents and information at issue. This is not true. The portions of Corellium's pleadings raised by Apple merely rebut Apple's allegations that Corellium "allow[s] customers to try 'whatever they want,' without regard to whether such activities are benign or malicious," "makes no effort to ensure its customers are engaged solely in good-faith security research," and "unleash[es] Apple's copyrighted works for the world-at-large to use."[5] In response, Corellium simply explains that its customers include reputable entities, like large commercial institutions ▬▬▬▬▬ ▬▬▬. It is false for Apple to claim that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that have *no connection* to the technology at issue in this case.

It is also incorrect for Apple to suggest that it requests documents and information to "fully evaluate Corellium's customers and the uses to which they put Corellium's product."[6] Apple does ask Corellium to admit that certain commercial ▬▬▬▬▬▬▬▬▬▬▬▬▬ are "customers" of Corellium. With respect to the disputed Requests, however, Apple takes a different approach. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. For example, while Request for Admission No. 75 asks Corellium to "[a]dmit that Facebook is a *customer* of Corellium,"[7] ▬▬▬▬▬▬▬▬▬▬▬

---

[5] Apple's First Amended Complaint, ECF No. 56, ¶¶ 35, 41, 46.

[6] Apple's Response to Corellium's Motion for Protective Order, ECF No. 108, at 1.

[7] Apple's Second Set of RFAs, No. 75 (emphasis added).



Nor do Apple's Requests for Production seek production of customer information. Instead, Request No. 89 cryptically asks for "all documents related to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" Request No. 88 similarly asks ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is not by accident. The way Apple has written these Requests is indicative of its purpose—harassment of Corellium ▬▬▬▬▬▬▬▬▬▬. Apple does not seek customer information through these Requests, rather it seeks information that it knows to ▬▬▬▬ and beyond what is at issue— i.e., the way Corellium's technology works.

Corellium's affirmative defenses, like fair use, do not change the impermissible nature of Apple's discovery requests. Corellium's product operates in the manner described in Corellium's discovery responses and production—irrespective of the end user. Corellium's fair use of iOS remains the same. In addition to discovery provided by Corellium, Apple's experts will have access to Corellium's technology to conduct a full technical review.

## CONCLUSION

Corellium respectfully requests that the Court issue a protective order protecting Corellium from Apple's Second Set of Requests for Production and from Request Nos. 66-73 and 83-95 of

---

[8] Apple's Second Set of RFAs No. 68 (emphasis added).

[9] Apple's Second Set of RFPs, No. 88 (emphasis added).

[10] Apple's Second Set of RFPs, No. 89 (emphasis added).

Apple's Second Set of Requests for Admission, prohibiting the parties from propounding future discovery on this topic, and granting such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> NORTON ROSE FULBRIGHT US LLP
> *Counsel for Defendant Corellium*
> 2200 Ross Ave., Suite 3600
> Dallas, Texas 75201
> Telephone (214) 855-8000
> Facsimile (214) 855-8200
>
> Brett Govett, *Pro hac vice*
> brett.govett@nortonrosefulbright.com
> Robert Greeson, *Pro hac vice*
> robert.greeson@ nortonrosefulbright.com
> Jackie Baker, *Pro hac vice*
> jackie.baker@nortonrosefulbright.com
>
> *and*
>
> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant Corellium*
> Esperante Building
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone (561) 383-9222
> Facsimile (561) 683-8977
>
> Jonathan Vine
> Florida Bar No.: 10966
> jonathan.vine@csklegal.com
> Justin Levine
> Florida Bar No.:  106463
> justin.levine@csklegal.com
> Lizza Constantine
> Florida Bar No.: 1002945

- 5 -

lizza.constantine@csklegal.com

*Attorneys for Defendant, Corellium, LLC*

By: /s/ *Justin B. Levine*
Justin B. Levine