UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-CV-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/



FILED BY _____ D.C.

FEB 14 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART CORELLIUM'S MOTION TO COMPEL PLAINTIFF TO PROPERLY RESPOND TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION, PRODUCE RESPONSIVE DOCUMENTS AND TO OVERRULE PLAINTIFF'S OBJECTIONS [DEs 103, 104]

THIS CAUSE is before the Court upon Defendant, Corellium, LLC's ("Corellium") Motion to Compel Plaintiff to Properly Respond to Defendant's First Request for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections ("Motion") [DEs 103, 104[1]]. This matter was referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. Plaintiff, Apple Inc. ("Apple") has filed a response [DEs 118, 129[2]] to the Motion, and Corellium has filed a reply [DE 132]. The Court held a hearing on the Motion on February 12, 2020, and on February 13, 2020.

The Court incorporates its Preliminary Statement Regarding Discovery Problems in This Case contained in its prior Order at DE 144.

Upon careful review of Corellium's Motion [DEs 103, 104], Apple's response [DEs 118,

---

[1] Docket Entry 104 is the sealed version of the Motion, and Docket Entry 103 is the public version of the Motion.
[2] Docket Entry 105 is the sealed version of the reply, and Docket Entry 88 is the public version of the reply.

129], Corellium's reply [DE 132], and counsel's argument at the February 12, 2020 and February 13, 2020 discovery hearing, pursuant to the relevancy and proportionality requirements of Rule 26(b)(1), and as stated in open court, it is hereby **ORDERED** as follows:

1. Corellium's Motion to Compel Plaintiff to Properly Respond to Defendant's First Request for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections [DEs 103, 104] is **GRANTED IN PART AND DENIED IN PART.**

2. The parties agreed in open court at the February 13, 2020 hearing that Apple should substitute Corellium's definition of the Corellium Apple Product[3], as stated in open court on February 12, 2020, for the phrase "Corellium's Products" any time "Corellium's Products" is written in Corellium's First Set of Requests for Production. Corellium also agreed to strike "all of Corellium's employees in their individual capacities" from the definition of "Corellium" in the Requests for Production. Apple, in turn, agreed to withdraw its objections on that issue.

3. Corellium's Motion is DENIED as to Requests for Production 2, 20-23, 36, 57-59, and 87-92 for the reasons stated in open court.

4. Corellium's Motion is DENIED as to Requests for Production 15, 19, and 48-56. However, on or before **February 24, 2020**, Apple shall produce to Corellium all documents and communications relating to Chris Wade from 2011 on. Since Apple has already produced all such documents from 2014 on, this additional production of documents should not be overly burdensome. However, if the production does turn out to be overly burdensome, Apple may bring the issue before the Court.

---

[3] Corellium's definition of the Corellium Apple Product is that it "includes only those components of the Corellium platform that are responsible for handling iOS."

5. Corellium's Motion is GRANTED as to Requests for Production 4, 7-13, 16, 18, and 40-42. On or before **February 24, 2020**, Apple shall file amended responses to those Requests for Production that make it clearer which documents Apple is withholding and which documents Apple is producing.

6. Corellium's Motion is GRANTED IN PART as to Requests for Production 73-78 and 84. On or before **February 24, 2020**, Apple shall file amended responses to those Requests for Production that make it clearer which documents Apple is withholding and which documents Apple is producing. However, the Court has limited the scope of these Requests for Production to documents related to Chris Wade and Corellium's involvement with Apple's Bug Bounty Program; Apple is not required to produce documents concerning the entirety of Apple's Bug Bounty Program.

7. Corellium's Motion is GRANTED IN PART as to Requests for Production 14 and 45-46. On or before **February 24, 2020**, Apple shall file amended responses to those Requests for Production that make it clearer which documents Apple is withholding and which documents Apple is producing. However, the Court has ruled that Apple's internal discussions regarding the salaries Apple was willing to pay Chris Wade or any other Corellium employees when recruiting them are irrelevant. Apple has also agreed to withdraw its objection that states "to the extent such documents exist in Apple's possession and can be located after a reasonable search."

8. Finally, the parties resolved their dispute regarding several other Requests for Production on their own prior to and during the February 13, 2020 hearing. Per their agreement, on or before **February 24, 2020**, Apple shall file amended responses to

certain Requests for Production.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of February, 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE