**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

**JOINT MOTION TO ADD DATES TO SCHEDULE**

Plaintiff Apple Inc. ("Apple") and Defendant Corellium, LLC ("Corellium," and collectively, the "Parties") respectfully move this Court for an order adding dates for service of a supplemental expert report by Apple and service of a supplemental expert rebuttal report by Corellium in light of a discovery compromise reached by the Parties.

1. Apple propounded its First Set of Requests for Production of Documents ("First Set of RFPs") to Corellium on October 9, 2019. ECF No. 68-1. In its First Set of RFPs, Apple defined the "Corellium Apple Product" to mean "all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device. Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively." *Id.* at 3. Apple defined "Virtual Device" to mean "software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device." *Id.* at 2. And Apple defined "iOS Device" to mean "any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®." *Id.*

2. Corellium served its initial Responses and Objections to Apple's First Set of RFPs on November 18, 2019. ECF No. 68-2. On January 13, 2020, following multiple meet and confers

between the Parties that did not resolve the identified disputes, Apple filed a motion to compel production of documents responsive to its First Set of RFPs.  ECF No. 68.

3. Corellium served amended Reponses and Objections to Apple's First Set of RFPs on January 17, 2020.  ECF No. 77-1.  In its amended responses, Corellium objected to producing documents regarding its "core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case."  *See id.* at 4.

4. On February 12, 2020, the Magistrate Judge held a hearing regarding Apple's motion to compel production of documents responsive to Apple's First Set of RFPs ("Motion to Compel").  *See* Court's Orders Setting Hearing on Pending Discovery Motions, ECF Nos. 83, 106, 115.

5. At the hearing, the Magistrate Judge requested that the parties attempt to reach an agreement on the definition of the "Corellium Apple Product" in Apple's First Set of RFPs. Corellium proposed using the following definition of "Corellium Apple Product": "only those components of the Corellium platform that are responsible for handling iOS."  In the interest of compromise, Apple agreed to proceed with discovery using Corellium's narrower definition of that term, provided that (a) Apple is able to seek broader discovery if Apple and its expert conclude, in good faith, that the discovery provided pursuant to the narrower definition is insufficient, and (b) the Court permits Apple to supplement its expert report within ten days of the production of any additional documents pursuant to a broader definition of the Corellium Apple Product.  Apple further stated that, should it not be permitted to supplement its expert report following the production of further material from Corellium, then it will seek reconsideration of the ruling on its Motion to Compel.  The parties agreed to this approach and further agreed that Corellium would not object to the service of a supplemental expert report from Apple's expert

served ten days after the production of any further documents, and Apple would not object to the service of a rebuttal supplemental expert report from Corellium's expert served ten days after service of a supplemental expert report from Apple's expert.

6. The Magistrate Judge accepted the agreement regarding the narrower term, but made clear that he could not rule on whether Apple would be permitted to submit a supplemental report and that only the District Judge could grant such relief. ECF No. 149 at 2–3.

7. Pursuant to the Parties' agreement during the hearing, the Magistrate Judge ordered Corellium to produce all documents responsive to Apple's First Set of RFPs based on the following definition of the "Corellium Apple Product": "only those components of the Corellium platform that are responsible for handling iOS," and to do so by February 24, 2020. *Id.* at 2. The Magistrate Judge further stated that: "Upon receipt of the additional information, and after its expert advises Apple of his or her interaction with the Corellium Apple Product, Apple will be permitted to seek additional discovery based on a broader definition of the Corellium Apple Product if Apple believes in good faith that Corellium's production based on its narrower definition is insufficient. This must be done in a timely manner and in accordance with the pretrial deadlines in this case." *Id.*

8. The Magistrate Judge further memorialized the Parties' understanding that "Corellium will not object if Apple files a motion requesting 10 days from the date Apple receives any additional production from Corellium to file a supplemental expert report. Apple similarly will not object if Corellium files a motion seeking an additional 10 days to file its expert report or its rebuttal report, if necessary. The parties understand that any requested extension is ultimately subject to approval by the District Judge." *Id.* at 2–3.

9. Finally, the Magistrate Judge stated that he will "re-address any remaining issues regarding Apple's Motion at the February 27, 2020 discovery hearing." *Id.* at 3.

10. The Court's Scheduling Order requires the Parties to exchange expert witness reports on March 3, 2020. ECF No. 66 at 1. Rebuttal expert reports are due on April 3, 2020. *Id.*

11. In light of the above compromise, the Parties jointly request that the Court add a date to the scheduling order allowing Apple to serve a supplemental expert report no more than ten (10) days after any production of documents responsive to a broader definition of "Corellium Apple Product" that occurs after February 24, 2020. The Parties further request that the Court add a date to the scheduling order allowing Corellium to serve a supplemental rebuttal expert report ten (10) days after Apple serves any supplemental expert report, but no later than April 10, 2020.

12. The Parties seek this relief from the Court now because, as counsel for Apple stated during the hearing, should the Court deny this motion, Apple will immediately seek reconsideration of the ruling on its Motion to Compel.

13. A proposed order granting this motion is attached.

WHEREFORE, the Parties respectfully move this Court to enter the attached proposed order, adding dates to the schedule for service of a supplemental expert report by Apple and a supplemental expert rebuttal report by Corellium.

Dated: February 18, 2020                                      Respectfully Submitted,

Kathryn Ruemmler*                                             *s/ Martin B. Goldberg*
*kathryn.ruemmler@lw.com*                                     Martin B. Goldberg
Sarang Vijay Damle*                                           Florida Bar No. 0827029
*sy.damle@lw.com*                                             *mgoldberg@lashgoldberg.com*
Elana Nightingale Dawson*                                     *rdiaz@lashgoldberg.com*
*elana.nightingaledawson@lw.com*                              Emily L. Pincow
LATHAM & WATKINS LLP                                          Florida Bar No. 1010370
555 Eleventh Street NW, Suite 1000                            *epincow@lashgoldberg.com*
Washington, DC 20004                                          *gizquierdo@lashgoldberg.com*
(202) 637-2200 / (202) 637-2201 Fax                           LASH & GOLDBERG LLP
                                                              100 Southeast Second Street
Andrew M. Gass*                                               Miami, FL  33131
*andrew.gass@lw.com*                                          (305) 347-4040 / (305) 347-4050 Fax
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice


*Attorneys for Plaintiff* APPLE INC.

By:  s/ *Justin Levine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.:  106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

*Attorneys for Defendant* CORELLIUM, LLC.