# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160-RS

APPLE INC.,

                         Plaintiff,

      v.

CORELLIUM, LLC,

                         Defendant.

## PLAINTIFF APPLE INC.'S MOTION FOR PROTECTIVE ORDER
## BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c), hereby moves this Court for the entry of a protective order preventing Defendant Corellium, LLC ("Corellium") from taking the deposition of Apple's Senior Vice President of Software Engineering, Craig Federighi, for the reasons that follow.

## INTRODUCTION AND BACKGROUND

The apex doctrine precludes a party from taking the deposition of a senior party executive unless that party demonstrates both that the individual sought to be deposed has unique knowledge, *and* that the deposing party has exhausted alternative means of obtaining the discovery it seeks. Corellium nonetheless seeks to take the deposition of Mr. Federighi, one of Apple's senior executives, *first*, prior to taking any other depositions, and on topics where both Corellium and Apple have identified at least three other Apple employees—all set to be deposed—with relevant knowledge. Corellium maintains this position despite Apple offering to allow Corellium to reserve rights and hold the deposition in abeyance while other discovery is taken. And it has engaged in extreme measures—including attempting personal service on Mr. Federighi despite his clearly falling within the ambit of Rule 30—to harass Mr. Federighi. Because Corellium has yet to exhaust other discovery methods and because Mr. Federighi has no unique knowledge relevant to this action, Corellium's noticed deposition of Mr. Federighi is unnecessary and harassing, and this Court should issue an Order precluding it.

Mr. Federighi is the Senior Vice President of Software Engineering at Apple. Ex. A ¶ 2; Ex. B. Of tens of thousands of Apple employees, he is one of the most senior; one of a small number of individuals profiled as an Executive on the company's website. Ex. B. Mr. Federighi oversees the software development for all Apple products and supervises multiple engineering teams responsible for developing Apple's software and applications. Ex. A ¶ 4. He reports directly to Apple's CEO, Tim Cook. Ex. A ¶ 2; Ex. C.

Consistent with his role as a senior executive of Apple, Mr. Federighi possesses only minimal, non-unique knowledge relating to this action. *See* Ex. A ¶¶ 8–13. Of the over 3,420 documents Apple has produced in this case, Mr. Federighi is a custodian of just 15 that mention Mr. Wade or Corellium, and was involved in no correspondence with Mr. Wade. Apple did not identify him in its initial disclosures as an individual likely to have discoverable information. Ex. D at 3. And while Corellium *did* identify Mr. Federighi, it also identified *seven other Apple employees*—including three employees also identified by Apple—as allegedly knowledgeable

about the exact same topics: "Corellium's defenses to Apple's claims, including Apple's consent, authorization, encouragement, and acknowledgment of Corellium's business purpose, software, uses and potential uses, bugs submitted by Mr. Wade and/or Corellium, and Apple's potential acquisition of Corellium." Ex. E at 4–5; Ex. D at 3.

In January 2020, during the parties' meet and confer process, Apple informed Corellium that it intended to produce four individual Apple witnesses named by Corellium for deposition, as well as a Rule 30(b)(6) witness. Apple's counsel also informed Corellium's counsel that Mr. Federighi did not possess unique knowledge and any potential deposition of him should, at minimum, be deferred until after other discovery was taken so its necessity could be evaluated. In response, on February 4, 2020, Corellium served Apple's outside counsel with a notice that Corellium's counsel intended to depose Mr. Federighi on March 3, 2020. Ex. F at 3; Ex. G.[1] The next day, Corellium sent Apple's outside counsel subpoenas for numerous Apple employees for whom it had already issued Rule 30 notices, including Mr. Federighi, and asked whether counsel would accept service of the subpoenas. Ex. H; Ex. I. Less than 24 hours later, and without awaiting a response, Corellium caused a process server to personally serve a subpoena on a witness for whom Apple had *already confirmed* a deposition date. Counsel for Apple immediately informed Corellium that such personal service was inappropriate, that Apple's outside counsel would accept service of any subpoenas (while noting their lack of necessity), and that Apple expected Corellium to cease making any attempts at personal service. Apple also informed Corellium that it continued to believe a deposition of Mr. Federighi was not necessary, but that Apple could agree to a date in April, should the parties ultimately agree on the need for a deposition. Ex. J at 3. The next day, Friday, February 7, 2020, Apple reiterated that it would accept service for Apple employees, and that it wanted to meet and confer regarding the parties' deposition disputes, which the parties agreed to do on Monday, February 10, 2020. Ex. J at 1–2. Despite the foregoing, on Saturday, February 8, 2020, a process server was stationed outside of Mr. Federighi's house and attempted service at least once. Ex. A ¶ 14.[2]

---

[1] Corellium's counsel re-served the notice for Mr. Federighi on February 5, 2020, to correct a typo.
[2] Corellium asserts this Saturday attempt was due to a failure of their process server to stop service efforts, but Corellium should not have attempted Rule 45 service on Mr. Federighi—an officer of Apple—at all. *See Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387-CIV, 2008 WL 4218107, at *3 (S.D. Fla. Sept. 15, 2008) ("[O]ne may notice a particular officer or agent of the corporation

**ARGUMENT**

Rule 26 protects those from whom discovery is sought from "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). On a showing of good cause, a court may issue an order protecting a party from oppressive discovery, including "forbidding the disclosure or discovery" or "prescribing a discovery method other than the one selected by the party seeking discovery." *Id.* Consistent with Rule 26, "[c]ourts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Brown v. Branch Banking & Tr. Co.*, No. 13-81192-CIV, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014) (internal quotations omitted). Thus, "[t]he party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary." *Noveshen v. Bridgewater Assocs., LP*, No. 13-61535-CIV, 2016 WL 536579, at *1 (S.D. Fla. Feb. 3, 2016). Under this Circuit's precedent, Corellium must therefore establish both that "(1) [Mr. Federighi] has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017). Corellium cannot do so.

**A.      Mr. Federighi Has No Unique Or Direct Knowledge Of Relevant Facts.**

Corellium cannot show that Mr. Federighi has any unique knowledge of facts relevant to this action. To make that showing, Corellium would need to establish that no one else, including the three less senior Apple employees that *Corellium* identified as having knowledge about the same topics as Mr. Federighi, can "adequately testify to the facts at issue." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015). Further, "[a] protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge." *McMahon v. Presidential Airways, Inc.*, No. 6:05-CV-1002, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006); *accord Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV, 2010 WL 1644959, at *1–2 (S.D. Fla. Apr. 22, 2010).

---

via Rule 30(b)(1)."); *Bradley v. Lorillard Tobacco Corp.*, No. 8:13-CV-227-T-30AEP, 2014 WL 12628519, at *3 (M.D. Fla. June 25, 2014) ("Where, as here, an attorney represents a party, service must be made upon the attorney rather than the party[.]") (citing Fed. R. Civ. P. 5(b)(1)).

Mr. Federighi has signed a declaration demonstrating that he has no unique knowledge of facts relevant to this matter that Corellium cannot discover from other Apple employees more closely involved with Apple's evaluation of Corellium's technology. *See* Ex. A ¶¶ 8–13. As Mr. Federighi explains, his knowledge about the matters at issue in this lawsuit—Corellium's infringing product and Corellium's alleged submission of bugs via the Apple Security Bounty Program—is based entirely on either meetings at which other Apple employees were also present or information provided to him by other Apple employees. Ex. A ¶¶ 8–11. This managerial level of knowledge does not establish the unique and direct knowledge that must be present for an apex deposition to occur. *See Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2009 WL 426277, at *3 (S.D. Fla. Feb. 20, 2009) ("[A] second-hand knowledge of [facts] based on his discussions with other [] employees," where at least some of those employees had already been deposed, does not establish unique knowledge.).

Corellium nonetheless contends the deposition is necessary because Mr. Federighi met with Mr. Wade for a one-hour individual meeting in July 2018, late in the acquisition negotiations between the parties, and months after Corellium had demonstrated its technology to Apple and Apple had conducted a technical review. Corellium is mistaken. As Mr. Federighi explains, that short meeting was focused on Mr. Wade's and Mr. Federighi's "personal backgrounds and interests, Apple's culture, and how Mr. Wade might contribute to Apple as a potential hire," Ex. A ¶ 10, none of which has any bearing on the parties' claims or defenses in this action. Moreover, the facts Corellium contends will be established by this deposition—namely, that Apple had knowledge of Corellium's technology in 2018—have already been admitted by Apple, *see* ECF No. 100-3 at 4–6, 8–9, 26–27 (Apple's responses to Request for Admission Nos. 1–3, 9, 40–41), and in any event can be much more readily and thoroughly addressed by other witnesses. *See Tillman*, 2017 WL 679980, at *3 ("[T]here are other, less intrusive depositions that can be conducted by Plaintiff to obtain the information that he is seeking.").

**B.    Corellium Has Not Exhausted Less Intrusive Means Of Discovery.**

Even if Corellium could show that Mr. Federighi might have unique knowledge relevant to this lawsuit (and it cannot), Corellium cannot show that it has exhausted less intrusive means of discovery, such as interrogatories and depositions of other employees, as must be done before any possible deposition of an apex employee. For example:

- Apple has agreed to the depositions of three employees—Ivan Krstić, Jon Andrews, and

Jason Shirk—who are knowledgeable about Corellium, iOS, and Apple products.  Ex. F at 1–2; Ex. K at 1.  Corellium admits that all three have relevant knowledge regarding the same topics as Mr. Federighi.  Ex. E at 4–5.  Corellium has yet to depose any of these employees.

- Apple has agreed to make available a fourth witness, Steve Smith, concerning negotiations with Corellium.  Ex. K at 1.  Corellium has yet to depose Mr. Smith.

- Corellium has issued a deposition subpoena for a fifth person—former Apple employee Chris Betz—who it contends also has knowledge about the same topics as Mr. Federighi.  Ex. L; Ex. E at 4–5.  Corellium has yet to depose Mr. Betz.

- Through its 30(b)(6) deposition notice, Corellium has also requested a deponent who will be able to testify regarding numerous topics related to Apple's knowledge and consideration of Corellium and Chris Wade, which is exactly what Corellium asserts it wants from Mr. Federighi.  *See* Ex. M at 5; Ex. E at 4–5.  Corellium also has yet to take the 30(b)(6) deposition of Apple.

Instead, Corellium demands that it be permitted to depose Mr. Federighi, an apex employee, *before* seeking the same information from any other source.  Such an approach is at odds with this District's precedent.  *See, e.g.*, *Sun Capital*, 310 F.R.D. at 528 ("Twin City has not yet deposed any other lesser-ranking employees in an effort to conduct discovery of the facts at issue.  Therefore, Twin City has not made a showing that the information it seeks cannot be obtained through less burdensome means.").  Indeed, even if Mr. Federighi had some direct knowledge of relevant facts, Corellium still must show that it has exhausted less intrusive means of discovery before deposing him.  *Id.*; *see also, e.g.*, *Hayes Healthcare Servs., LLC v. Meacham*, No. 19-60113-CIV, 2019 WL 7708240, at *2 (S.D. Fla. July 1, 2019) ("[O]ther less intrusive means to obtain the same information exist, specifically, t[h]rough propounding interrogatories and requesting production of documents."); *ADT LLC v. Vivint, Inc.*, No. 17-CV-80432, 2017 WL 5640727, at *2 (S.D. Fla. Aug. 31, 2017) (seeking party should have served responding party "with an interrogatory seeking the identity of the officer responsible" for facts sought before seeking the deposition of an apex employee); *Stelor Prods.*, 2008 WL 4218107, at *4.

## CONCLUSION

Apple respectfully requests that this Court grant this Motion to prevent Corellium from taking the deposition of Mr. Federighi and grant such other relief it deems just and proper.

**I HEREBY CERTIFY**, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred via telephone with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues on February 10, 2020.  However, the parties have been unable to resolve the issues described herein.

5

Dated: February 18, 2020

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*

*Attorneys for Plaintiff* APPLE INC.