# EXHIBIT J

| | |
|---|---|
| **From:** | Stebbins Bina, Jessica (CC) |
| **Sent:** | Friday, February 7, 2020 12:47 PM |
| **To:** | Jonathan Vine; Nightingale Dawson, Elana (DC) |
| **Cc:** | Lizza C. Constantine; brett.govett@nortonrosefulbright.com; jackie.baker@nortonrosefulbright.com; Justin B. Levine; robert.greeson@nortonrosefulbright.com; Michael Boehringer; epincow@lashgoldberg.com; mgoldberg@lashgoldberg.com; Gass, Andrew (Bay Area); Damle, Sy (DC); Leslie A. Vargo |
| **Subject:** | RE: Apple, Inc. vs. Corellium, LLC - Subpoenas and Deposition Notices |

Jonathan,

We will be available to meet and confer Monday morning at 10 or 11 Eastern.  Your history below is not correct.  Moreover, you appear in some instances to be intentionally misrepresenting the record.  I hope that is not the case, so let me again clarify the facts:

In November, Corellium served non-binding deposition notices without dates, requesting that Apple provide dates for witness depositions.  Apple promptly agreed to do so.  I was in the process of obtaining dates for January and February 2020 for those witnesses when I spoke by telephone with Justin Levine in December 2019.  On our call, Justin informed me that Corellium's document production would be significantly delayed due to a vendor mistake.  I informed Justin that Apple would of course also be seeking witness depositions and that was why we needed a date certain for Corellium's production.  Justin stated that he expected to take the depositions Corellium had requested in March 2020, and I agreed that both parties should proceed with depositions in March 2020.   At that point, I ceased attempting to obtain January/February deposition dates, and alerted my client that we would need to find dates in March 2020.  Relying on Mr. Levine's representations that he would continue to act in good faith and would make Corellium witnesses available for deposition around the same time, I did not simultaneously serve legally ineffective notices for Corellium witnesses for months in the future.

Last week, for the first time, you informed me that it was Corellium's position that it would not make any witnesses available for deposition until after all Apple witnesses had been deposed.  I informed you that I did not consider that position reasonable or appropriate, but rather both parties should work together to find mutually available dates.  Then, in an abundance of caution, on January 30, 2020, Apple served deposition notices (the first such notices in this case that comport with FRCP 30) for Corellium witnesses Amanda Gorton (Corellium's CEO), Christopher Wade (Corellium's co-founder and Chief Technical Officer), Steven Dyer (Corellium's Vice President of Sales and Business Development), Stanislaw Skowronek (Corellium's Co-Founder and Chief Architect), and David Wang (Corellium's Co-Founder and Chief of Platform).  It was our understanding that each of these persons was an officer or managing agent of Corellium, LLC, and thus subject to deposition pursuant to the notice procedure under FRCP 30.  Furthermore, pursuant to Corellium's express statement in its initial disclosures that such witnesses should be contacted through counsel for Corellium only, we provided notice to Corellium as its counsel.  If your witnesses are not available on those dates, please promptly provide alternative dates.  Please also let us know immediately (a) any witness whom Corellium believes is *not* subject to the FRCP 30 process and thus needs to be subpoenaed; and (b) whether Corellium is authorized to accept service for such witness.

With respect to your issuance of subpoenas to Apple employees, we maintain that it was inappropriate and unnecessary.  We have <u>always</u> agreed to produce four of the five witnesses you noticed for deposition.  Moreover, we provided dates for three of those four witnesses within the timetable you requested (which you requested for the first time last week), and have informed you that we are working diligently to obtain a date for the fourth.  Moreover, our initial disclosures expressly stated that Messrs. Krstic, Andrews, and Shirk should be contacted through counsel for

Apple.  Nonetheless, despite our repeated and express representation that Apple would make those witnesses available for deposition, and our provision of dates, you opted to subpoena them personally.  You sent us those subpoenas, asking if we would accept service.  Less than 24 hours later, and without waiting for a response, you personally served Mr. Shirk, **despite him already having a confirmed deposition date provided by Apple**.  Such behavior is inappropriate, harassing, and unnecessary.  Please confirm that you will cease any further attempts to individually subpoena Apple employees.

With respect to Mr. Federighi, please be prepared on our call to meet and confer as to the specific reasons Corellium believes his deposition is necessary or appropriate.  As you know, Mr. Federighi is not included on Apple's initial disclosures, and I have repeatedly informed you that he possesses no unique relevant knowledge.  Mr. Federighi is a senior officer within Apple, and Apple's position is that he plainly falls under the apex doctrine and his deposition should be deferred pending the deposition of the other individual witnesses.  If you disagree, we expect you will confer meaningfully regarding the basis for this disagreement, as required under the Federal Rules, the Local Rules, and the Judge Mathewman's standing orders.

We look forward to a productive meet and confer on Monday morning.

Best regards,

**Jessica Stebbins Bina**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5525
Fax: +1.424.653.5501
Email: jessica.stebbinsbina@lw.com
http://www.lw.com

---

**From:** Jonathan Vine <Jonathan.Vine@csklegal.com>
**Sent:** Friday, February 7, 2020 3:38 AM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>
**Cc:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; brett.govett@nortonrosefulbright.com; jackie.baker@nortonrosefulbright.com; Justin B. Levine <Justin.Levine@csklegal.com>; robert.greeson@nortonrosefulbright.com; Michael Boehringer <Michael.Boehringer@csklegal.com>; epincow@lashgoldberg.com; mgoldberg@lashgoldberg.com; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Leslie A. Vargo <Leslie.Vargo@csklegal.com>
**Subject:** Re: Apple, Inc. vs. Corellium, LLC - Subpoenas and Deposition Notices

Elana -

The recitation of the facts below are not accurate. We are approaching significant discovery deadlines.  To be clear, Corellium requested dates for a number of witnesses as far back as November 2019. We received one date for two witnesses. Despite multiple attempts by Corellium to coordinate deposition dates, Apple failed to provide dates for all of the witnesses. Next, w e previously requested whether you would accept service and, of course, once again, no response.  Apple has demonstrated that it will respond and cooperate only when Apple decides it wants to. In this regard, Corellium acted completely appropriate and it was absolutely necessary to serve the non-party witnesses. We are happy to work with you on dates but will not move dates until replacement dates are provided by Apple. As it relates to Krstic, we will re-notice him for the available date, if it has not already been done so.

Next, we have discussed with Apple that Federighi's deposition was necessary for our defense. If Apple feels it needs to file an MPO, please do so immediately so as not to delay his deposition. Apple's failure to file a timely MPO will be subject to a waiver argument. We, of course, reserve the right to seek our fees if the Court denies the MPO.

Lastly, the only party that has acted inappropriate has been Apple. Apple unilaterally set the depositions of certain non-party witnesses without any attempt to coordinate with Corellium's counsel. Such action is unprofessional and not something that is common in South Florida. The dates set do not work for us and therefore cannot confirm that we will make these non-party witnesses available. Nonetheless, we would be happy to schedule mutual agreed upon dates with you - so long as those dates are after the Apple witnesses.

I am unsure of Justin's and Lizza's schedule but I would like to participate in this meet and confer. I can do 2:00 pm PST today or Monday (2/10) morning. Lizza/Justin- please advise of your availability.

Thank you for your anticipated cooperation.

Best regards,

Jonathan Vine

> On Feb 6, 2020, at 10:58 PM, "Elana.NightingaleDawson@lw.com" <Elana.NightingaleDawson@lw.com> wrote:
>
>
> Lizza:
>
> It is not clear to us why Corellium has chosen to subpoena Apple employees who we have agreed to provide for a deposition, and further why Corellium went forward with personal service on at least one (if not more) Apple employee. Doing so was inappropriate and unnecessary. Nevertheless, we are willing to accept service of any subpoenas for Apple employees and expect you to cease making any attempts at personal service.
>
> As we noted yesterday, Mr. Krstic is not available on the noticed date, which is also listed in the subpoena, but he is available on March 19. We are awaiting confirmation regarding Mr. Andrews's availability and will let you know as soon as possible. With respect to Mr. Federighi, we continue to believe he is unnecessary but can agree to a date in April, should the parties agree on the need for his deposition. We continue to reserve our right to move for a protective order, should it become necessary. Finally, we saw that you provided a notice for a deposition of Mr. Betz. As we previously informed you, he is no longer employed at Apple. If you issue a subpoena for him, please provide the requisite notice to us.
>
> Finally, could you confirm that you will make the Corellium employees we noticed for depositions available on the dates noticed or, if there is a conflict, what date you will provide them?
>
> Given the multiple issues touched on above, we believe it would be prudent for us to meet and confer about the deposition schedule in this case. Please let us know when you are available tomorrow (Friday 2/7) or Monday 2/10.
>
> Thanks so much.
> Elana
>
>
> **Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
> Tel: 202-637-2303 | Fax: 202-637-2201

3



**Jonathan Vine**
*Partner*
Tel: 561-383-9203 | Fax: 561-683-8977
**Jonathan.Vine@csklegal.com**

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

*The Florida Law Firm*

**www.csklegal.com**



---

**From:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>
**Sent:** Wednesday, February 5, 2020 3:32 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>
**Cc:** brett.govett@nortonrosefulbright.com; jackie.baker@nortonrosefulbright.com; Justin B. Levine <Justin.Levine@csklegal.com>; robert.greeson@nortonrosefulbright.com; Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; epincow@lashgoldberg.com; mgoldberg@lashgoldberg.com; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>
**Subject:** Apple, Inc. vs. Corellium, LLC - Subpoenas and Deposition Notices

Counsel,

Please advise if you will accept service for the following individuals (subpoenas attached):

-Craig Federighi
-Jason Shirk
-Ivan Krstic
-Jon Andrews
-Steve Smith

Additionally, please see attached updated notice of deposition for Jason Shirk (updating place of deposition) and a notice of deposition for Chris Betz.

Best Regards,



<image001.jpg>    <image004.jpg>   **Lizza C. Constantine**
                                   *Associate*
*The Florida Law Firm*             Tel: 561-612-3476 | Fax: 561-683-8977
                                   **Lizza.Constantine@csklegal.com**

4

**www.csklegal.com**                    **Cole, Scott & Kissane P.A.**
                                         222 Lakeview Avenue, Suite 120
                                         West Palm Beach, Florida 33401

<image002.png>

**Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.**

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.