UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-CV-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.
_____/

## DEFENDANT CORELLIUM'S MOTION FOR ENLARGEMENT OF PAGE LIMIT FOR DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF APPLE INC.'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF CRAIG FEDERIGHI AND INCORPORATED MEMORANDUM OF LAW

Defendant, CORELLIUM, LLC ("Corellium"), by and through the undersigned counsel, and pursuant to Local Rules 7.1 and 26.1 respectfully moves the Court for leave to enlarge the page limit imposed by the Court's Order Setting Discovery Procedure [D.E. 34] by three (3) pages, and in support thereof, states as follows:

1. On October 4, 2019, this Court issued an Order Setting Discovery Procedure wherein it promulgated a five (5) page limit for all discovery motions filed in the above-captioned case. [D.E. 34].

2. On February 18, 2020, Plaintiff, APPLE INC. ("Apple"), filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law [D.E. 158] ("Motion").

3. Corellium currently seeks to submit to the Court its Response in Opposition to Plaintiff Apple's Motion ("Response"). Corellium's Response is currently due this coming Monday, February 24, 2020.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

4.      While Corellium has made every effort to condense the issues and succinctly explain in five pages the dispute in its Response, it has become clear that Corellium needs additional pages to provide the Court with the argument and factual information the Court needs to make a proper determination on the issues.  Accordingly, Corellium respectfully submits that the relief sought in this instant motion requesting an enlargement of the Court's five-page limit on discovery motions is necessary to fully set out the bases upon which the Court should deny Apple's Motion.

5.      Corellium's Response presents two brief legal arguments as to why the Court should deny Apple's Motion, and it briefly summarizes the apex doctrine, its purpose, and its proper application. Each of the foregoing items Corellium believes are pertinent and necessary for the Court's consideration when ruling on Apple's Motion. However, Corellium must also provide the several factual bases showing Mr. Federighi's material personal involvement with the underlying facts from which this case stems, including why the Affidavit he supplied fails to show the entire story. Indeed, if Mr. Federighi is so busy and managing so many employees to be bothered with a deposition, then why would he take time out of his busy day to attend a supposedly meaningless and inconsequential one-on-one meeting with Corellium, just to chat pleasantries? Indeed, Corellium flew across the country for this allegedly inconsequential meeting and prepared heavily for it.  The fact is, this meeting, as well as Mr. Federighi's decision-making about, and involvement with, the underlying facts, is anything but inconsequential.  Corellium intends to present some of the evidence to the Court reflecting Mr. Federighi's involvement, but five pages has shown to be too restrictive, even after Corellium's internal efforts to trim the draft Response.

6.      Corellium is fully cognizant of the latitude it is seeking in light of the page-limit instructed by the Court's Order Setting Discovery Procedure.  However, an enlargement of the

Court's five page-limit for discovery motions is warranted so that Corellium may accurately and comprehensively depict the facts and issues, as well as applicable law relevant to Corellium's Response.

7.  Accordingly, Corellium requests this Court to grant this instant motion to enlarge the page limit by three pages for Corellium's Response so that the Court may receive and take into consideration all pertinent information necessary to make a sound judgment on Apple's Motion.

**WHEREFORE**, Defendant Corellium, LLC respectfully requests the Court enter the proposed Order, attached hereto as **Exhibit 1**, permitting the three enlarged pages for Corellium's Response in Opposition to Plaintiff Apple's Motion as requested herein, and grant any further relief this Court deems proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred via telephone call with counsel for the Plaintiff on February 21, 2020, however, counsel for the Plaintiff advised that they do not take a position on the relief sought. It was discussed that if Plaintiff needs a reciprocal enlargement in preparing its anticipated Reply, the undersigned would not oppose.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: February 21, 2020                           Respectfully submitted,

                                        COLE, SCOTT & KISSANE, P.A.
                                        *Counsel for Defendant CORELLIUM, LLC*
                                        Esperante Building
                                        222 Lakeview Avenue, Suite 120

>West Palm Beach, Florida 33401
>Telephone (561) 612-3459
>Facsimile (561) 683-8977
>Primary e-mail: justin.levine@csklegal.com
>Secondary e-mail: lizza.constantine@csklegal.com
>
>By: *s/ Justin B. Levine*
>JONATHAN VINE
>Florida Bar. No.: 10966
>JUSTIN B. LEVINE
>Florida Bar No.: 106463
>LIZZA C. CONSTANTINE
>Florida Bar No.: 1002945
>
>   *and*
>
>NORTON ROSE FULBRIGHT
>*Counsel for Defendant*
>2200 Ross Ave.
>Dallas, Texas 75201
>Telephone (214) 855-8000
>Facsimile (214) 855-8200
>Brett Govett, *Pro hac vice*
>E-mail: brett.govett@nortonrosefulbright.com
>Robert Greeson, *Pro hac vice*
>E-mail: robert.greeson@ nortonrosefulbright.com
>Jackie Baker, *Pro hac vice*
>E-mail: jackie.baker@nortonrosefulbright.com