UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**UNOPPOSED MOTION TO FILE EXHIBIT 1 TO CORELLIUM'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER TO ANSWER INTERROGATORY AND PRODUCE DOCUMENTS**

    Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of Exhibit 1 to Corellium's Motion for Reconsideration of the Court's Order to Answer Interrogatory and Produce Documents ("Motion"), and in support thereof, states as follows:

## BACKGROUND

    1.    On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

    2.    On February 12, 2020, the Court issued two Orders, which included compelling Corellium to answer Interrogatory No. 15 as well as compelling Corellium to respond to the Requests pertaining to potential/denied customers. The Court, however, expressed on the record

that if Corellium provided documents to support its claim of extreme burden, the Court would reconsider its Orders.

3. Corellium has prepared its Motion in response.

4. Attached as Exhibit 1 to Corellium's Motion is Corellium's Notice of Serving Amended Answers to Plaintiff's First Set of Interrogatories ("Amended Answers").

5. Corellium's Amended Answers have been designed "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential" due to the highly confidential, proprietary, and trade secret information contained in therein.

1. Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File Exhibit 1 to Corellium's Motion for Reconsideration of the Court's Order to Answer Interrogatory and Produce Documents under seal.

2. Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal the entirety the Amended Answers, which are attached to Corellium's Motion as Exhibit 1.

## MEMORANDUM OF LAW

### I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate

privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.     Good Cause Exists for the Court to Seal Exhibit 1

In this instance, good cause exists to for this Court to seal Exhibit 1 to Corellium's Response. In particular, Exhibit 1 is Corellium's Amended Answers, which contain highly-confidential, proprietary, and trade secret information that must be protected from public viewing. As such, Corellium has designated the portions of Exhibit 1 as AEO as well as Confidential to ensure its confidentiality is kept. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained in the Amended Answers, this Court must seal the information contained in Exhibit 1 to Corellium's Response.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file Exhibit 1 to Corellium's Motion for Reconsideration of the Court's Order to Answer Interrogatory and Produce Documents under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone calls with counsel for Plaintiff on January 21, 2020, regarding the relief sought herein, as well as via email on January 21, 2020. Plaintiff opposes the Motion and the relief requested herein.

Dated: January 21, 2020  Respectfully submitted,

By: s/ *Justin B. Levine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com

CASE NO.: 9:19-CV-81160-RS

Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on January 21, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP

CASE NO.: 9:19-CV-81160-RS

505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*