UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER TO ANSWER
INTERROGATORY AND PRODUCUCE DOCUMENTS**

    Defendant, Corellium, LLC ("Corellium"), pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1, hereby moves this Court for the entry of an order reconsidering its February 12, 2020 Order granting in part Apple's Motion to Compel Corellium to Provide Complete Response to Interrogatories [D.E. 144], specifically as it relates to Interrogatory No. 15 as well as its Order granting in part Apple's Motion to Compel Corellium to Produce Responsive Documents and Provide Complete Discovery Responses [D.E. 149], specifically as it relates to Request Nos. 14, 34, 35, 37, 62, 70, and 71 pertaining to potential customers, and states as follows:

## BACKGROUND

1. On October 9, 2019, Apple Inc. ("Apple") served Corellium Apple's First Set of Interrogatories ("Interrogatories") as well as Apple's First Set of Requests for Production ("Requests" and collectively with Interrogatories "Discovery Requests").

2. On January 16, 2020, Corellium served Apple its Amended Answers to Apple's First Set of Interrogatories ("Amended Answers"). *See* Amended Answers, attached as **Exhibit 1**.

3. On January 17, 2020, Corellium served Apple its Amended Responses to Apple's First Set of Requests for Production ("Amended Responses"). *See*, Amended Responses, attached as **Exhibit 2**.

4. Included in Apple's Discovery Requests are requests seeking information or documents pertaining to potential customers of Corellium. *Id.* In its Amended Answers and Amended Responses, Corellium asserted objections on the bases of overbreadth and disproportionality of any Interrogatory or Request seeking information pertaining to potential or denied customers of Corellium. *See* **Exhibit 1**, at Interrogatory No. 15, and **Exhibit 2**, at Request Nos. 14, 34, 35, 37, 62, 70 and 71.

5. Specifically, Interrogatory No. 15 asks Corellium to "[i]dentify all Persons who have requested purchase of, license to, or any other access to, the Corellium Apple Product to whom Corellium has refused to sell, license, or give access." *See* **Exhibit 1**.

6. Additionally, Request Nos. 14, 34, 35, 37, 62, 70, and 71 all seeks documents relating to potential customers of Corellium. *See* **Exhibit 2**.

7. On January 13, 2020, Apple filed its Motion to Compel Corellium to Provide Complete Responses to Interrogatories and Incorporated Memorandum of Law [D.E. 70] ("Motion to Compel Interrogatories"). *See* Motion to Compel Interrogatories, attached as **Exhibit 3**. Apple also filed its Motion to Compel Corellium to Produce Responsive Documents and Provide Complete Discovery Responses and Incorporated Memorandum of Law [D.E. 68] ("Motion to Compel Production"). *See* Motion to Compel Production, attached as **Exhibit 4**.

8. Included in both of Apple's Motions to Compel were requests that the Court compel Corellium to produce as well as respond to questions pertaining to potential or denied customers of Corellium. *See* **Exhibit 3** at pg. 4 and **Exhibit 4** at pgs. 4-5. Specifically, Apple argued that such information goes to the heart of Corellium's fair use defense. *Id.*

9. On January 20, 2020, Corellium filed its Response to Apple's Motion to Compel Interrogatories [D.E. 76]. On January 21, 2020, Corellium filed its Response to Apple's Motion to Compel Production [D.E. 77].

10. Corellium, in both of its Responses to Apple's Motions to Compel, maintained its position that seeking information pertaining to potential or denied customers is overbroad and disproportional to the case and as such, would place a tremendous and unjustified burden on Corellium. [D.E. 76 and 77].

11. On January 25, 2020, Apple filed its Reply in support of its Motion to Compel Production [D.E. 88] as well as its Reply in support of its Motion to Compel Interrogatories [D.E. 89].

12. On February 12, 2020, the Court held a discovery hearing, which addressed the arguments made in Apple's Motions to Compel. *See* Hearing Transcript, attached as **Exhibit 5**, at pg. 85. The Court, in response, issued two Orders, which included compelling Corellium to answer Interrogatory No. 15 as well as compelling Corellium to respond to the Requests pertaining to potential/denied customers. *Id.* The Court, however, expressed on the record that if Corellium provided documents to support its claim of extreme burden, the Court would reconsider its Orders. *Id.*

13. Corellium submits the Declaration of Amanda Gorton, Corellium Chief Executive Officer who deals directly with sales and potential customers. *See* Declaration of Amanda Gorton, **Exhibit 6**.

## LEGAL MEMORANDUM

### I. Legal Standard

While an order compelling discovery is not an appealable final judgement, such an interlocutory order is subject to reconsideration under Federal Rule of Civil Procedure 59(e). *See The Porto Venezia Condominium Association, Inc. v. WB Fort Lauderdale, LLC*, 926 F.Supp.2d 1330 at 1332 (S.D. Fla. 2013). A rule 59(e) motion for reconsideration of an order may be granted on the grounds of newly discovered evidence or manifest errors of law or fact. *Id.* Indeed, reconsideration is appropriate to correct clear error or a manifest injustice. *Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1257 (S.D. Fla. 2014); *Alexandra H. v. Oxford Health Ins., Inc.*, No. 11-23948-CIV, 2013 WL 4002883, at *2 (S.D. Fla. Aug. 6, 2013).

## II. Producing and Supplying Answers Relative to Potential or Denied Customers Would Place a Tremendous Burden on Corellium.

"Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation. FED. R. CIV. P. 26(b)(1). The term 'relevant' in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000). "The scope of discovery, though, is not without limits. 'Discovery of matter 'not reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id*. "Courts have long held that, [w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Indeed, discovery may be limited if "the burden or expense of the proposed discovery outweighs its likely benefit . . ." FED.R.CIV.P. 26(b)(2).

In the instant action, Apple has requested documents as well as asked interrogatory questions pertaining to potential or denied customers of Corellium. *See* **Exhibits 1 and 2**, respectively. Specifically, Interrogatory No. 15 as well as Request Nos. 14, 34, 35, 37, 62, 70, and 71 seek such information. *Id.* Corellium, however, objects to this information sought by Apple as it is overbroad in both time and space and disproportional to the needs of the case. Indeed, producing documents and answering corresponding interrogatories regarding potential or denied customers would place a *tremendous* burden on Corellium in identifying thousands of electronic communications relating to the list of prospectively interested persons or entities in Corellium's product. *See* **Exhibit 6** at ¶¶ 9–10. Apple has expressed that it needs this information to determine that Corellium is selecting "good-natured clients" to grant access to its product. Initially, that has nothing to do with copyright infringement. Second, Apple has been confidentially provided Corellium's current client list. *See* **Exhibit 1**, at pg. 9. Apple can ascertain, as a result of *that* list, whether Corellium limits the access of its product to good-faith researchers only. Obtaining a list of those whom Corellium merely received inquiries from or has otherwise rejected to accept as clients, has no relevance to this case and only seeks to harass and annoy Corellium with a tremendously burdensome production request of irrelevant information.

Additionally, Apple argues that Corellium has failed to substantiate its claims by providing evidence of the tremendous burden the above-mentioned discovery requests and interrogatories would place on Corellium. *See* **Exhibit 5** at pg. 85. The Court agreed. *Id.* Importantly, however, the Court was clear that if Corellium could produce additional evidence, such as an affidavit, it would reconsider its position. *Id.*

In response, Corellium submits the Declaration of Amanda Gorton, Corellium's Chief Executive Officer, who deals directly with sales and potential/denied customers. Within her Declaration, Ms. Gorton confirms that responding to Apple's discovery relating to potential or denied customers would place a tremendous, and unjustified, burden on Corellium. Indeed, Ms. Gorton confirms that there are likely more than 10,000 inquiries relative to these discovery requests, none of which have any bearing on the instant case because none of them are customers. Specifically, while Apple argues Corellium's potential or denied customers "go to the heart of fair use," Apple is just stretching for an argument. The information sought by Apple does not further the case as "potential" or "denied" customers were never sold any product, which is a requisite of copyright infringement. Moreover, potential customers do not affect damage calculations, as the alleged infringing product was *never* purchased. Accordingly, the immense burden placed on Corellium to sift through thousands of inquires is not overcome by the very little amount of relevant, if any, information Apple may acquire from those who are *not* customers. *NITV, LLC v. Hughes*, No. 06-81027-CIV, 2007 WL 9701815, at *1 (S.D. Fla. Nov. 28, 2007) (Holding that the objecting party had met its burden of demonstrating that document requests that sought the names of customers or potential customers were unreasonable, considering the nature of the action, and the limited benefit the requesting party would derive from disclosure). Therefore, Corellium requests that this Court reconsider is order compelling Corellium to answer Interrogatory No. 15 as well as produce documents relative to Request Nos. 14, 34, 35, 37, 62, 70, 71.

**WHEREFORE**, Defendant Corellium, LLC respectfully requests the Court, upon reconsideration of its prior rulings as discussed herein, enter an Order denying Plaintiffs Motions to Compel [D.E.'s 68 and 70] compelling Corellium to produce documents and information on inquiries received from potential customers (Interrogatory No. 15 and Requests for Production 14, 34, 35, 37, 62, 70, and 71), and grant any further relief this Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred via telephone call with counsel for the Plaintiff on February 21, 2020, however, counsel for the Plaintiff advised that they oppose the relief sought.

Dated: February 21, 2020                                  Respectfully submitted,

                          COLE, SCOTT & KISSANE, P.A.
                          *Counsel for Defendant CORELLIUM, LLC*
                          Esperante Building
                          222 Lakeview Avenue, Suite 120
                          West Palm Beach, Florida 33401
                          Telephone (561) 612-3459
                          Facsimile (561) 683-8977
                          Primary e-mail: justin.levine@csklegal.com
                          Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.: 106463
     LIZZA C. CONSTANTINE
     Florida Bar No.: 1002945
     MICHAEL A. BOEHRINGER
     Florida Bar No.: 1018486


                 *and*

     NORTON ROSE FULBRIGHT
     *Counsel for Defendant*
     2200 Ross Ave.
     Dallas, Texas 75201
     Telephone (214) 855-8000
     Facsimile (214) 855-8200

CASE NO.: 9:19-CV-81160-RS

    Brett Govett, *Pro hac vice*
    E-mail: brett.govett@nortonrosefulbright.com
    Robert Greeson, *Pro hac vice*
    E-mail: robert.greeson@ nortonrosefulbright.com
    Jackie Baker, *Pro hac vice*
    E-mail: jackie.baker@nortonrosefulbright.com