# EXHIBIT 4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO COMPEL DEFENDANT CORELLIUM, LLC TO PRODUCE RESPONSIVE DOCUMENTS AND PROVIDE COMPLETE DISCOVERY RESPONSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Apple Inc. ("Apple" or "Plaintiff"), pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1(g), respectfully moves this Court for an order compelling Defendant Corellium, LLC ("Corellium," and together with Apple, the "Parties") to provide more complete and accurate responses to Apple's Requests for Production, begin substantial production of documents forthwith, and complete such production no later than February 10, 2020.

## I. RELEVANT BACKGROUND.

Since this action was filed four months ago, discovery between the Parties has been ongoing. However, despite diligence on Apple's part, it has yet to receive meaningful responses to most of the discovery it has served. Apple brings this motion, together with a companion motion to compel Corellium to respond fully and adequately to the discovery served in this case.

Apple propounded its First Set of Requests for Production of Documents to Defendant Corellium, LLC on October 9, 2019 (*Ex. A*). On November 18, 2019, Corellium served its Responses and Objections to the same (*Ex. B*). On December 5, 2019, Apple sent a meet-and-confer letter to Corellium identifying many significant deficiencies in its Responses (*Ex. C*). In response, Apple and Corellium engaged in a brief telephonic meet and confer on December 10, 2019, during which counsel for Corellium explained that it was unable to meaningfully meet and confer prior to December 20, 2019. The Parties subsequently held a meet and confer telephone conference on December 20, 2019. Corellium's counsel requested that the parties meet and confer at 4:30 p.m., despite having a dinner engagement at 6 p.m. As a result, Corellium's counsel was only able to meet and confer concerning *some* of the deficiencies addressed in Apple's December 5, 2019 letter. Corellium's counsel promised to take various issues back to his client, and represented that Corellium would endeavor to provide updated responses to the outstanding Requests. Corellium's counsel also acknowledged that it would likely continue to stand on many of its objections as it believed certain information requested was irrelevant and/or proprietary. The Parties jointly moved the Court to continue Apple's deadline to move to compel further responses to January 17, 2020, which the Court granted. ECF Nos. 54, 55. On January 3, 2020, the Parties again met and conferred regarding Corellium's discovery responses and anticipated production, as well as other matters. At that time, Apple understood that Corellium represented that it would revise its discovery responses by January 10, 2020 (something Corellium now disputes), and sent a confirming email stating the same, to which Corellium did not respond. (*Ex. D*). On January 8, 2020, Corellium sent a letter confirming its position that it would modify some language in its

2

responses by January 17, 2020, but would not substantively modify most of its responses (*Ex. E*).

The Parties have also been conferring regarding Corellium's failure to complete any meaningful production to date. Although Corellium agreed to begin a rolling production on November 18, 2019, and complete its production by December 9, 2019, Corellium made its first production on November 27, 2019. That limited production, an 80-page PDF document that consisted largely of emails between Corellium and Apple employees, contained no metadata and was therefore deficient. The evening of December 9, 2019, the date Corellium committed to completing production, Corellium informed Apple, for the first time, that it had technical difficulties with its discovery vendor and, as a result, it was unsure of when it could make any production. Corellium made its first non-deficient production of documents on January 10, 2020, when it served 265 documents, comprised largely of emails on which Apple personnel are included and documents from Apple itself. As of today, more than three months after being served with Apple's requests, Corellium has failed to commit to any date regarding substantial completion of its production.[1] Mindful of the case's upcoming deadlines,[2] Apple moves to compel Corellium to provide complete responses and produce documents in response to its Requests.

## II.    CORELLIUM'S DEFICIENT DISCOVERY RESPONSES.

As an initial matter, almost all of Corellium's responses to the Requests for Production contain at least one boilerplate objection without any explanation as to why the Request is objectionable. Corellium has stated that it will remove or clarify these boilerplate objections, but Corellium has not done so and has now stated it will not clarify its responses until January 17, 2020. To the extent that boilerplate objections remain in Corellium's amended responses whenever they are eventually served, such objections should be removed. Courts in this District have consistently "held that objections [to discovery requests] that fail to sufficiently specify the grounds on which they are based are improper and without merit." *Bouzaglou v. Synchrony Fin.*,

---

[1] On Monday, January 13, 2020, after being informed Apple intended to file this motion, Corellium stated it would "work to have" amended responses served by "Thursday [Jan. 16] afternoon EST." However, given the tight timetable imposed by the Court's scheduling order, the months of delay to date, Corellium's previous failures to abide by its self-imposed timelines, and Corellium's January 8 statement that it would maintain most of its substantive positions in its amended responses (*Ex. E*), Apple believes it is proper and necessary to bring this motion now.

[2] *See* Modified Scheduling Order (ECF No. 66) at 1 ("Considering the number of requests for extension of time previously filed in this case, the Court cautions the parties that no further extensions will be granted.")

2019 WL 3852295, at *1 (S.D. Fla. Aug. 15, 2019); *see also Alhassid v. Bank of Am., N.A.*, 2015 WL 1120273, at *2 (S.D. Fla. Mar. 12, 2015). To be clear, none of Corellium's objections other than privilege justify its failure to respond, and Apple seeks an order rejecting all other stated objections and compelling responses.

In addition, many of Corellium's responses to Apple's Requests for Production rely on an objection to the request "to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business." This is a legally deficient objection, as confidentiality is not a basis for refusing to provide otherwise discoverable information, particularly given the Protective Order in place in this case (ECF No. 50). Corellium must respond to all Requests that are about "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," even if such Requests encompass proprietary, confidential, and/or trade secret information. Fed. R. Civ. P. 26(b)(1), 37(d)(2); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986).

A.   **Corellium's Responses to Requests for Production.**

Corellium objects to Requests 8, 9, 11, 16, 40, 42–43, 58, 59, 60, 61, 63, 66, 70, 73, and 83 on various bases, including claims of confidentiality. Yet Corellium also states that it will provide documents responsive to these Requests, "notwithstanding" its objections. It is thus unclear what materials Corellium intends to withhold and on what basis. And, as noted above, parties cannot withhold relevant information on the basis of confidentiality.

Corellium also objects to Requests 14, 18, 24–26, 55, 62, and 64 as "not relevant to any party's claim or defense nor proportionate to the needs of the case" because they are "not relevant or proportional to proving Apple's 'straightforward case' of copyright infringement." These Requests ask for documents that are plainly relevant to the central issues in this case because they concern the actions of the accused infringer and the product accused of infringing. Moreover, Corellium's activities and the accused product are central to Corellium's own affirmative defenses. Corellium should respond to all these Requests in full, withholding only privileged documents subject to an appropriate privilege log.

Corellium objects to Requests 34–39, 41, 42, and 82 as "a fishing expedition into Corellium's entire business," "not tailored to the issues in this case," and "extraordinarily broad." However, by raising a fair use defense, Corellium has put at issue the purpose of Corellium's product. The factors that establish that defense include "the purpose and character of the use,

4

including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1); *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1261 (11th Cir. 2014). As such, information about the customers for Corellium's Apple Product and where and how it is used are directly implicated in this litigation. In addition, because of Apple's contributory infringement claim, information about the individuals and/or entities that have purchased Corellium's infringing product is both relevant and proportional to the needs of the case. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

Corellium objects to Requests 51–53 as "harassing, immaterial, irrelevant, and not proportional to the needs of the case," "a fishing expedition," and "designed solely to harass and needlessly increase the costs of this litigation." However, the requested information is related to actual damages for copyright infringement under 17 U.S.C. § 504(b), and information regarding sales is also relevant to Corellium's fair use defense. *Fox News Network, LLC v. TVEyes, Inc.*, 883 F.3d 169, 178 (2d Cir. 2018) ("The commercial nature of a secondary use weighs against a finding of fair use."). Corellium also objects to Requests 69, 71, and 79 as "designed solely to harass and needlessly increase the cost of this litigation." However, the Requests address Corellium's actions along with the product that are at issue in this litigation, and thus relate directly to Apple's claims and Corellium's defenses. Corellium also objects to these Requests as irrelevant but provides no explanation as to why they lack relevance. These objections are therefore waived. *Bouzaglou*, 2019 WL 3852295, at *1–2; *Alhassid*, 2015 WL 1120273, at *2.

Corellium objects to Requests 85 and 86 as improperly seeking privileged information. However, these Requests merely seek documents Corellium intends to rely upon at trial and documents relating to Corellium's affirmative defenses. Such Requests are wholly proper. *See Redfish Key Villas Condo. Ass'n v. Amerisure Ins. Co.*, 2014 WL 1333202, at *5 (M.D. Fla. Apr. 3, 2014); *Womack v. Dolgencorp., Inc.*, 2008 WL 11377663, at *6 (N.D. Ala. June 16, 2008).

**WHEREFORE**, for the reasons set forth above, Apple respectfully requests that this Court compel Corellium to provide complete discovery responses and complete production of responsive documents by February 10, 2020, and grant such other and further relief it deems just and proper.

**I HEREBY CERTIFY**, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues on December 20, 2019 and January 3, 2020. However, the parties have been unable to resolve the issues described herein.

Dated: January 13, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.