**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

     Plaintiff,

v.

CORELLIUM, LLC,

     Defendant.

_____/

**MOTION TO FILE PORTIONS OF EXHIBIT 3 AND OTHER EXHIBITS TO
CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF APPLE INC.'S
MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S
APEX EMPLOYEE UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil

Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern

District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative

Procedures, respectfully moves this Court for an order authorizing the filing under seal portions of

Exhibit 3 and Exhibits 4 to 16 under seal to Corellium's Response in Opposition to Plaintiff Apple

Inc.'s ("Apple") Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee

and Incorporated Memorandum of Law ("Response"), and in support thereof, states as follows:

**BACKGROUND**

1.     On December 13, 2019, this Court entered a Stipulated Confidentiality and

Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the

parties to designate Protected Material pursuant to Protective Order ¶ 7.

CASE NO.: 9:19-CV-81160-RS

2.      On February 18, 2020, Apple filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law [D.E. 158] ("Motion for Protective Order").

3.      Corellium has prepared its Response.

4.      Exhibit 3 to Corellium's Response is a Slide Deck that was prepared and displayed for Craig Federighi during a one-on-one meeting between Craig Federighi and Chris Wade on July 24, 2018.

5.      The Slide Deck contains highly confidential, proprietary, and trade secret information.

6.      Exhibits 4 to 16 are confidential communications between Corellium and Apple.

7.      Counsel for Apple has informed counsel for Corellium that Apple does take a position as it relates to Corellium's Motion to File Portions of Exhibit 3 or Exhibits 5-16 under seal to Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law and counsel for Apple has informed counsel for Corellium that it does not oppose the filing of Exhibit 4 under seal.

8.      Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal portions of Exhibit 3, and to file under seal Exhibits 4-16.

## MEMORANDUM OF LAW

### I.      Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R.

2

5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.   <u>Good Cause Exists for the Court to Seal Portion of Exhibit 3 and to Seal Exhibits 4-16</u>

In this instance, good cause exists to for this Court to seal portions of Exhibit 3 to Corellium's Response. In particular, Exhibit 3 is a Slide Deck of information that was presented to Craig Federighi by Chris Wade during the July 24, 2018 meeting. As such, the Slide Deck contains highly confidential, proprietary, and trade secret information. Moreover, Corellium has designated the portions of Exhibit 3 it wishes to seal as AEO as well as Confidential to ensure its confidentiality is kept. Additionally, Exhibits 4-16 contain confidential communications bvetween the Parties and Exhibit 4 contains Apple's answers to Corellium's Interrogatories that have been marked confidential and attorney's eyes only. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained in Exhibits 3-16, this Court must

seal the information contained in portions of Exhibit 3, and seal Exhibits 4-16 to Corellium's Response.

## **CONCLUSION**

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Exhibit 3 and seal exhibits 4-16 to Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone call with counsel for Plaintiff on February 24, 2020, regarding the relief sought herein, as well as via email on February 24, 2020. Plaintiff opposes the Motion and the relief requested herein.

Dated: February 24, 2020                          Respectfully submitted,


                                              By:   s/ *Justin B. Levine*
                                                    JONATHAN VINE
                                                    Florida Bar No.: 10966
                                                    JUSTIN LEVINE
                                                    Florida Bar No.:  106463
                                                    LIZZA CONSTANTINE
                                                    Florida Bar No.: 1002945
                                                    COLE, SCOTT & KISSANE, P.A.
                                                    *Counsel for Defendant*
                                                    Esperante Building
                                                    222 Lakeview Avenue, Suite 120

CASE NO.: 9:19-CV-81160-RS

West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 24, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX