UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO SUSTAIN OBJECTION TO DISCLOSURE
OF DESIGNATED MATERIAL PURSUANT TO PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, and pursuant to the procedure set forth in the Protective Order governing this case, *see* ECF No. 50 ¶ 12, hereby moves this Court for an order sustaining Apple's objection to the disclosure of material designated as Confidential under the Protective Order, for the reasons that follow.

### INTRODUCTION AND BACKGROUND

Corellium, LLC ("Corellium") wants its founder and Chief Technology Officer ("CTO"), Chris Wade, to be able to see confidential material Apple has produced in this litigation ("Protected Material"), despite not complying with the Protective Order with respect to Mr. Wade's review of such material. Because Corellium refuses to comply with the Protective Order, the Court should sustain Apple's objection to the disclosure of confidential materials to Mr. Wade.

The Protective Order that governs this case, which the Parties agreed to and jointly submitted to this Court for approval, *see* ECF Nos. 49, 49-1, sets forth the parameters that govern who can view confidential material produced by a "Producing Party" during discovery. ECF No. 50. In order for Mr. Wade to view confidential materials produced by Apple, Corellium must first "provide the Producing Party [Apple] with written notice that include . . . an identification of all [Mr. Wade's] past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by [Mr. Wade], including but not limited to an identification of any individual or entity with or for whom [Mr. Wade] is employed or to whom [Mr. Wade] provides consulting services relating to the design, development, operation, or patenting of virtualization, encryption or data protection, or system, application or network security technologies, or relating to the acquisition of intellectual property assets relating to virtualization, encryption or data protection, or system, application or network security technologies." *Id.* ¶ 12(a)(iv). In addition, Corellium is required to provide "such other information regarding [Mr. Wade's] professional activities reasonably requested by [Apple] for it to evaluate whether good cause exists to object to the disclosure of Protected Material[.]" *Id.* ¶ 12.

Corellium has vigorously enforced its own rights under the Protective Order. For instance, when Apple sought to provide materials to its own in-house counsel, Corellium not only insisted on reviewing a complete *curriculum vitae* ("CV"), but also sent several follow up questions.

When it comes to its own representative, Mr. Wade, however, Corellium refuses to follow the Protective Order. On February 5, 2020, Corellium provided notice to Apple that it wanted to disclose Apple's confidential discovery materials to its CEO, Amanda Gorton, and to Mr. Wade.

1

While Corellium allowed Apple to view Ms. Gorton's full CV promptly, and Apple timely approved her review of confidential materials,  However, that CV is woefully incomplete. For "consulting relationships," it states only, Ex. A. This fails to comply with the Protective Order because Apple timely objected to this inadequate disclosure, but Corellium refused to provide even the smallest amount of additional information, even to Apple's outside counsel, necessary to evaluate this consulting relationship and its effect on the disclosure of confidential information. Because Corellium refuses to comply with the Protective Order, Apple cannot fairly evaluate whether its confidential information should be disclosed to Mr. Wade, and thus objects to Mr. Wade reviewing the same.

## ARGUMENT

Apple produced a substantial amount of confidential information in reliance on the Protective Order in place in this case, with the understanding and expectation that the information would not be disclosed absent Apple's timely review and consent. In this case involving sensitive technology, where Corellium alleges it is a competitor of Apple, Apple must exercise especial care to protect its confidential information. The Protective Order protects this need by requiring that a person to whom disclosure is sought provide basic information about his or her relationships so that each party can evaluate whether disclosure to that person is appropriate. To make an informed decision, however, the Producing Party must be given the information required by the Protective Order, including information about all past and current employment and consulting relationships. Such information allows the Producing Party to check for potential conflicts with any entities the person may be consulting for or employed by, and to assess the risks that come with the disclosure

of confidential information to that person given the other entities to which he or she is obligated.

Apple is not seeking to prohibit all Corellium employees from reviewing its confidential information. Indeed, it has permitted disclosure to Ms. Gorton after review of her CV. And it has since permitted Stanislaw Skowronek, an engineer who is the Head of Hypervisor at Corellium, and for whom Corellium did provide the information required by the Protective Order, to view its confidential material as well. But Corellium refuses to comply with the Protective Order's disclosure provisions with respect to Mr. Wade, failing to provide Apple with the basic information Apple needs to assess whether disclosure is appropriate. The Protective Order requires that such information be disclosed not only in the specific requirements governing employment and consulting relationships, ECF No. 50 ¶ 12(a)(iv), but also in the further requirement that the Receiving Party provide "such other information regarding the [person's] professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material[.]" *Id.* ¶ 12.

Because Corellium refuses to provide the details regarding Mr. Wade's consulting relationships, as is required under the Protective Order, Apple's objection to the disclosure of confidential information to Mr. Wade should be sustained. Corellium will not be prejudiced by such a ruling because Corellium's CEO and its Head of Hypervisor already have access to the material Apple has designated confidential. Overruling the objection, in contrast, would pose a significant risk of prejudice to Apple because it would result in Apple's confidential material being shown to a person ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

To be clear, Apple is *not* seeking to compel Mr. Wade to disclose ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓, by this motion, in discovery, or otherwise. Rather, it seeks only to have this Court declare that *Apple's* confidential information may not be shared with a representative of a party that has not followed the Protective Order procedures.

## CONCLUSION

Apple respectfully requests that this Court sustain its objection to the disclosure of information Apple has designated as Confidential to Chris Wade and grant such other relief it deems just and proper.

**I HEREBY CERTIFY**, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred via telephone with all parties or non-parties who may be affected by the relief sought in

3

this Motion in a good faith effort to resolve the issues on February 18, 2020. However, the parties have been unable to resolve the issues described herein.

| | |
|---|---|
| Dated: February 24, 2020 | Respectfully Submitted, |
| | */s/ Martin B. Goldberg* |
| Kathryn Ruemmler\* | Martin B. Goldberg |
| *kathryn.ruemmler@lw.com* | Florida Bar No. 0827029 |
| Sarang Vijay Damle\* | *mgoldberg@lashgoldberg.com* |
| *sy.damle@lw.com* | *rdiaz@lashgoldberg.com* |
| Elana Nightingale Dawson\* | Emily L. Pincow |
| *elana.nightingaledawson@lw.com* | Florida Bar No. 1010370 |
| LATHAM & WATKINS LLP | *epincow@lashgoldberg.com* |
| 555 Eleventh Street NW, Suite 1000 | LASH & GOLDBERG LLP |
| Washington, DC 20004 | 100 Southeast Second Street |
| (202) 637-2200 / (202) 637-2201 Fax | Miami, FL 33131 |
| | (305) 347-4040 / (305) 347-4050 Fax |
| Andrew M. Gass\* | |
| *andrew.gass@lw.com* | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina\* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |

\**Admitted pro hac vice*

*Attorneys for Plaintiff* APPLE INC.

## CERTIFICATE OF SERVICE

I, Elana Nightingale Dawson, do hereby certify that on February 24, 2020, I caused a copy of the foregoing Plaintiff Apple Inc.'s Motion to Sustain Objection to Disclosure of Designated Material Pursuant to Protective Order and Incorporated Memorandum of Law to be served via email upon:

Brett C. Govett
Robert Greeson
Jacqueline G. Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

David L. Hecht
Maxim Price
Melody L. McGowin
Minyao Wang
Yi Wen Wu
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Ave 45th Floor
New York, NY 10172
dhecht@piercebainbridge.com
mprice@piercebainbridge.com
mmcgowin@piercebainbridge.com
mwang@piercebainbridge.com
wwu@piercebainbridge.com

S. Jonathan Vine
Justin B. Levine
Lizza C. Constantine
Michael Alexander Boehringer
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com
michael.boehringer@csklegal.com

Gavin Cunningham Gaukroger
BERGER SINGERMAN LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
ggaukroger@bergersingerman.com

                                      *s/ Elana Nightingale Dawson*
                                      Elana Nightingale Dawson