UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**AMENDED MOTION TO FILE PORTIONS OF EXHIBIT 3 AND OTHER EXHIBITS TO CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF APPLE INC.'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE UNDER SEAL**

    Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal portions of Exhibit 3 and Exhibits 4 through 16 under seal to Corellium's Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law ("Response"), and in support thereof, states as follows:

**BACKGROUND**

    1.    On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On February 18, 2020, Apple filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law [D.E. 158] ("Motion for Protective Order").

3. Corellium has prepared its Response.

4. Exhibit 3 to Corellium's Response is a Slide Deck that was prepared and displayed for Craig Federighi during a one-on-one meeting between Craig Federighi and Chris Wade on July 24, 2018.

5. The Slide Deck contains highly confidential, proprietary, and trade secret information.

6. Exhibit 4 is Apple's Amended Responses and Objections to Corellium, LLC's First Set of Requests for Admission ("Amended Responses"), which have been deemed "Confidential" by Apple due to the confidential information contained therein.

7. Exhibits 5 through 16 and portions of Exhibit 18 contain confidential communications between Corellium and Apple as well as Corellium's confidential internal notes.

8. Counsel for Apple has informed counsel for Corellium that Apple does not take a position as it relates to Corellium's Motion to File Portions of Exhibit 3 or Exhibits 5, 6, 13, 16 and portions of Exhibit 18 under seal to Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law. Counsel for Apple has informed counsel for Corellium that it does not oppose the filing of Exhibit 4, 7–12, 14, and 15 under seal.

9. Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal portions of Exhibit 3 and 18, and to file under seal Exhibits 4–16.

CASE NO.: 9:19-CV-81160-RS

**MEMORANDUM OF LAW**

**I.     Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.    Good Cause Exists for the Court to Seal Portion of Exhibit 3 and 18 and to Seal Exhibits 4-16**

In this instance, good cause exists to for this Court to seal portions of Exhibit 3 and 18 as well as Exhibits 4–16 to Corellium's Response. In particular, Exhibit 3 is a Slide Deck of information that was presented to Craig Federighi by Chris Wade during the July 24, 2018 meeting. As such, the Slide Deck contains highly confidential, proprietary, and trade secret information. Moreover, Corellium has designated the portions of Exhibit 3 it wishes to seal as AEO as well as Confidential to ensure its confidentiality is kept. Exhibit 4 contains Apple's Amended Answers, which have been marked "Confidential" due to the nature of the information contained therein.

Additionally, Exhibits 5–16 and portions of Exhibit 18 contain confidential communications between Corellium and Apple as well as Corellium's confidential internal notes. These communications and documents also have been designated "Confidential." Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained in Exhibits 3–16 and 18, this Court must seal the information contained in portions of Exhibit 3 and 18, and Exhibits 4–16 to Corellium's Response.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Exhibit 3 and 18, and seal exhibits 4–16 to Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone call with counsel for Plaintiff on February 24, 2020, regarding the relief sought herein, as well as via email on February 24, 2020. Plaintiff does not oppose the Motion and the filing of Exhibit 4, 7–12, 14, and 15 under seal. Plaintiff does not take a position as it relates to Corellium's Motion to File Portions of Exhibit 3 or Exhibits 5, 6, 13, 16 and portions of Exhibit 18 under seal.

CASE NO.: 9:19-CV-81160-RS

Dated: February 24, 2020              Respectfully submitted,

           By: s/ *Lizza C. Constantine*
             JONATHAN VINE
             Florida Bar No.: 10966
             JUSTIN LEVINE
             Florida Bar No.:  106463
             LIZZA CONSTANTINE
             Florida Bar No.: 1002945

             COLE, SCOTT & KISSANE, P.A.
             *Counsel for Defendant*
             Esperante Building
             222 Lakeview Avenue, Suite 120
             West Palm Beach, Florida 33401
             Telephone (561) 383-9222
             Facsimile (561) 683-8977
             E-mail: jonathan.vine@csklegal.com
             E-mail: justin.levine@csklegal.com
             E-mail: lizza.constantine@csklegal.com

             *and*

             NORTON ROSE FULBRIGHT
             *Counsel for Defendant*
             2200 Ross Ave.
             Dallas, Texas 75201
             Telephone (214) 855-8000
             Facsimile (214) 855-8200
             Brett Govett, *Pro hac vice*
             E-mail: brett.govett@nortonrosefulbright.com
             Robert Greeson, *Pro hac vice*
             E-mail: robert.greeson@ nortonrosefulbright.com
             Jackie Baker, *Pro hac vice*
             E-mail: jackie.baker@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

   IT IS HEREBY CERTIFIED that on February 24, 2020, the foregoing document was filed

electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing

document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

CASE NO.: 9:19-CV-81160-RS

*Attorneys for Plaintiff,*
*Apple Inc.*