UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-81160-RS

APPLE INC.,

       Plaintiff,

v.

CORELLIUM, LLC,

       Defendant.
_____/

**NON-PARTY L3HARRIS TECHNOLOGIES, INC.'S MOTION TO QUASH
PLAINTIFF'S SUBPOENAS TO PRODUCE DOCUMENTS AND FOR DEPOSITION**

Non-party L3Harris Technologies, Inc. ("L3Harris") in accordance with Federal Rules of Civil Procedure 45(c), 45(d)(3), and 26(c), requests that the Court enter an order quashing the two subpoenas issued by Plaintiff Apple Inc. ("Plaintiff"), and protect L3Harris from the concerns described below.

**I. BACKGROUND**

L3Harris and its subsidiaries engage in highly-sensitive businesses that present significant national security concerns while working with domestic and international governmental agencies. L3Harris' work with the governmental agencies is highly-sensitive and encompasses how agencies engage in law enforcement, gauge risk, and assess capabilities of investigations. A small portion of L3Harris' business, through its subsidiary Azimuth Security, LLC, includes reselling Corellium products.

On February 11, 2020, Plaintiff served two subpoenas on L3Harris, both of which are attached as **Composite Exhibit A**. One subpoena is for the production of documents ("Document Subpoena"), and one subpoena is for a deposition ("Deposition Subpoena") (collectively,

"Subpoenas"). The Document Subpoena includes eight overbroad requests. Request Nos. 1 through 6 seek to discover L3Harris' trade secrets. The remaining two requests seek the identity of L3Harris' employees, but revealing their identities would undermine the work performed by L3Harris, which itself is highly-sensitive because it includes supporting national security endeavors. The Document Subpoena provided February 25, 2020, as the date to comply.

Similarly, the Deposition Subpoena includes seven overbroad topics. Topics 1 through 3, 5, and 6 seek to depose L3Harris' regarding its trade secrets. And, again, topics 4 and 7 seek the identity of L3Harris' employees, which, as noted above, is in and of itself highly-sensitive and a matter of national security.

After being served with the Subpoenas, in-house counsel for L3Harris communicated with counsel for Plaintiff regarding the scope of the Subpoenas, and Plaintiff's counsel confirmed that Plaintiff wants to discover L3Harris' customers lists and those of its subsidiaries, and Plaintiff would not limit the scope of the facially-overbroad Subpoenas. This information is their trade secrets as well as highly-sensitive information that is confidential. Notably, L3Harris does not have the contractual relationships with customers that are of interest to Plaintiff, rather Azimuth Security, LLC and its affiliates in the United Kingdom have the relevant customer relationships. In-house counsel for L3Harris requested an extension to respond to the Document Subpoena, but, despite Plaintiff's knowledge of the highly-sensitive nature of L3Harris' work, Plaintiff's counsel insisted that L3Harris produce its agreement with Corellium, LLC by February 25, 2020, and would only allow L3Harris an extra three days to produce all responsive documents. As described below, the Subpoenas must be quashed for technical deficiencies and for trade secret, confidentiality, and privilege concerns.

II.    ARGUMENT

The Subpoenas must be quashed as a matter of law. First, the Subpoenas violate Rule 45's geographical limits. Second, the Subpoenas improperly seek L3Harris' trade secrets and confidential information. Finally, the Subpoenas seek privileged documents and communications that are protected from disclosure.

**A. The Subpoenas Fail to Comply with Rule 45(c)'s Geographical Limits.**

The Subpoenas violate the geographical limits imposed by Rule 45(c) and must be quashed. Rule 45 governs discovery upon non-parties by subpoena. Fed. R. Civ. P. 45. Regarding a subpoena for deposition, Rule 45(c)(1) provides as follows:

> (c) PLACE OF COMPLIANCE.
> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Regarding the production of documents, a "subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ." Fed. R. Civ. P. 45(c)(2). The Subpoenas are directed to L3Harris, which is a corporation with its principal place of business in Melbourne, Florida[1]. Specifically, the Subpoenas are directed to L3Harris at 1025 W. NASA Blvd, Melbourne, FL 32119. The Subpoena, however, directs compliance in Fort Lauderdale, Florida. Specifically, 2500 Weston Road, Suite 220, Fort Lauderdale, FL 33331. *See* Comp. Ex. A. A simple calculation using Google Maps demonstrates

---

[1] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=L3HARRISTECHNOLOGIES%208269662&aggregateId=forp-826966-ff930bd1-ffa0-4467-ac0f-cfbab373f931&searchTerm=l3harris&listNameOrder=L3HARRISFOUNDATION%20N180000070681

that Melbourne, Florida is over 160 miles away from Fort Lauderdale, Florida. Thus, the subpoena violates Rule 45(c), which requires compliance within 100 miles of where the person resides, is employed, or regularly transacts business in person. For this reason alone, the Subpoenas must be quashed. Fed. R. Civ. P. 45(c); *Merlin Petroleum Co. v. Sarabia*, 2016 WL 9244728, at *1-2 (M.D. Fla. Aug. 4, 2016) (quashing a subpoena directed to a corporation and which instructed compliance beyond 100 miles from the corporation's location).

### B. The Subpoenas Improperly Seek L3Harris' Trade Secrets[2].

Because Plaintiff's Subpoenas include requests for documents and topics for deposition that seek the disclosure of L3Harris' trade secrets, the Subpoenas must be quashed. Rule 45(d)(3)(A) provides, on timely motion, the district court where compliance is required, must quash or modify the subpoena if it requires disclosure of privileged or other protected matter, and no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). Furthermore, Rule 45(d)(3)(B) authorizes a district court to quash or modify a subpoena if it requires disclosure of a trade secret or other confidential information. Fed. R. Civ. P. 45(d)(3)(B)(i). Alternatively, the district court may, instead of quashing or modifying the subpoena, order appearance or production under specified conditions if the serving party shows substantial need for the testimony and material that cannot otherwise be obtained without undue hardship and ensures the subpoenaed party will be reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C).

In determining whether the Subpoenas are due to be quashed, the district court must balance Plaintiff's need for discovery against the burden imposed on L3Harris, and L3Harris' interest in keeping the requested information confidential. *Farnsworth v. The Procter & Gamble*

---

[2] This Motion is Supported by a Declaration, and to protect the identity of the declarant who provides services of a sensitive nature to various national governmental entities, L3Harris intends to request permission to file the Declaration under seal.

*Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  Notably, the status of the subpoenaed party as a nonparty is a factor that weighs against disclosure.  *Fadalla v. Life Auto Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) (citing *American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

L3Harris objects to the Requests because if L3Harris complied, L3Harris would be forced to produce its confidential business information, as well as confidential information about its customers.  L3Harris has contractual arrangements with the relevant customers that prohibit the release of certain information and documents.  Most importantly, L3Harris is even prohibited from revealing the name of its customers.  Thus, L3Harris' compliance with the Subpoenas would force L3Harris to violate its agreements with its customers and would generally be detrimental to L3Harris' business relationships.  Moreover, L3Harris' customers are domestic and foreign agencies of national governments, and the disclosure of their identities implicates national security concerns.  In almost all cases, the customers are procuring Corellium products critical to their security needs.  And, because of the nature of L3Harris' relevant customers, revealing the confidential nature of the relationships could destroy the trust required for such business relationships and L3Harris' business will be significantly harmed.  Disclosure would also identify those that do not procure Corellium products which can be useful to bad actors. Additionally, L3Harris has many competitors throughout the world, some of who would intend to use L3Harris' trade secrets and confidential information to thwart the national security efforts of L3Harris and the domestic and foreign governmental agencies.  To be blunt, allowing certain information to get into the wrong hands could significantly compromise the security interests of its customers involved in national security and law enforcement.

Under Florida law, trade secrets are defined as follows:

> information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

§ 688.002(4)(a) & (b), Fla. Stat. (2019).

Plaintiff seeks information from L3Harris that requires L3Harris to disclose the identity of its customers and the identity of its employees. L3Harris derives economic value from this type of information and has made reasonable efforts to maintain the confidentiality of such information through its agreements not to disclose those customers. *See Jetsmarter, Inc. v. Benson*, 2018 WL 2709864 at *4 (S.D. Fla. Apr. 6, 2018) (Seltzer, Mag. Jud.) ("Generally, Florida law considers a business's customer lists and the information contained therein to be trade secrets subject to protection if that information is compiled from non-public information and is kept confidential by the business.") (citations omitted) (Rep. and Rec. adopted at 2018 WL 2688774); *Fadalla,* 258 F.R.D. at 506 (finding that information sought, including customer lists, fall within the trade secret definition); *Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.*, 216 F.R.D. 533, 536 (M.D. Fla. 2003) (stating Florida courts have held customer lists are trade secrets) (citations omitted); *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Dunn*, 191 F.Supp.2d 1346, 1351 (M.D. Fla. 2002) (stating customer lists which are confidential, and information contained within the customer lists are trade secrets); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty*, 808 F. Supp. 1555, 1558 (S.D. Fla. 1992) (concluding customer list was a trade secret because Plaintiff took measures to ensure the list's confidentiality). Also, L3Harris has made significant attempts to protect the identity of its employees to avoid security concerns.

Forcing L3Harris to disclose its customer lists, the identity of its employees, and any other confidential information would be harmful because national security interests could be

compromised, L3Harris' business will be harmed because it depends on confidentiality.

### C. The Subpoenas Improperly Seek L3Harris' Privileged Materials.

The overbroad requests within the Subpoenas likely encompass privileged materials and must be quashed. Rule 45(e)(2) provides that when a person withholds subpoenaed information pursuant to a privilege, the person must (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2). Here, the Document Subpoena's Request No. 1 seeks "All Documents and Communications relating to Corellium." L3Harris, through its subsidiary, had privileged communications with its attorneys related to the negotiations of its contract with Corellium. Furthermore, the Document Subpoena's Request No. 2 seeks, "All Documents relating to . . ." and Request Nos. 3 through 6 all begin with the language, "All Documents and Communications relating to . . ." Plaintiff's inclusion of the words "relating to" independently makes the requests overbroad, vague, and ambiguous. *Great Lakes Transp. Holding, LLC v. Yellow Cab Serv. Corp. of Fla. Inc.*, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). L3Harris has to assume, because of the language within the Document Subpoena, that Plaintiff is seeking documents and communications that are protected by the attorney-client privilege and the work-product doctrine. Moreover, the nature of the work done by L3Harris for these customers is highly sensitive. They assist government clients in matters of national security and law enforcement. Protecting the identity of clients is paramount to deprive those who could pose a threat from knowing what resources are available or deployed to a given governmental entity. The state secret privilege and other protections relating to national security may be implicated. As a result, L3Harris seeks a protective order from producing documents that include the contractual negotiations with counsel,

other communications with counsel and sensitive information that would identify customers supporting national security and law enforcement of various national governments.

## CONCLUSION

For the reasons set forth above, L3Harris requests that the Court enter an Order granting this motion and quashing the Subpoenas issued by Plaintiff, and granting such other and further relief as the Court deems just and proper.

Dated: February 25, 2020

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Attorneys for L3Harris Technologies, Inc.*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By**:** *s/Benjamin Taormina*
Adolfo E. Jimenez (FBN: 869295)
Adolfo.jimenez@hklaw.com
Benjamin A. Taormina (FBN: 106731)
Benjamin.taormina@hklaw.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3), L3Harris' undersigned counsel certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

*s/Benjamin Taormina*

## CERTIFICATE OF SERVICE

I certify that on February 25, 2020, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

9

*s/ Benjamin Taormina*