UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                     Plaintiff,

v.

CORELLIUM, LLC,

                     Defendant.

**JOINT NOTICE REGARDING DISCOVERY DISPUTES**

Plaintiff, APPLE INC. ("Apple") and Defendant, CORELLIUM, LLC ("Corellium"), through their undersigned counsel, pursuant to the Court's January 28, 2020 Order (ECF No. 106) ("Order"), hereby file this notice and status report regarding certain ongoing discovery disputes.

The parties further conferred via telephone regarding the parties' outstanding discovery disputes on Tuesday, February 26, 2020. The parties conferred again on Wednesday, February 27, 2020, in advance of filing this notice in an attempt to narrow the disputes before this Court.

The below notice contains the discovery disputes which remain.

### Apple's Pending Discovery Motions

1. Apple currently has the following motions pending before this Court:

   a. Plaintiff Apple Inc.'s Motion for a Protective Order Barring Deposition of Plaintiff's Apex Employee Craig Federighi. ECF No. 158. Corellium has filed an opposition, ECF No. 175, and Apple will file a reply today, February 26. The Parties' positions are set forth in their respective papers.

   b. Plaintiff Apple Inc.'s Motion to Sustain Objection to Disclosure of Designated Materials, in order to prevent access by Corellium founder Chris Wade. ECF No. 177. Corellium's opposition is due today, February 26. Apple's position is set forth in its Motion, and it expects Corellium's position will be set forth in its opposition.

### Corellium's Pending Discovery Motions

2. Corellium currently has the following motions pending before this Court:

   a. Motion to Seal Corellium's Exhibit 1 to Corellium's Motion for Reconsideration [D.E. 171]. Items that remain in dispute are the following:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Exhibit 1 to Corellium's Motion for Reconsideration – Corellium's Answers to Apple's Interrogatories | The Answer to Interrogatories contain confidential information and Attorney's eyes only material that must be kept under seal. | Apple takes no position as the material Corellium seeks to seal is Corellium material that Corellium claims is confidential. |

a. Motion for Reconsideration [D.E. 172]. Items that remain in dispute are the following:

| Dispute | Corellium's Position on Pending Disputes | Apple's Position |
|---|---|---|
| Documents relating to Corellium's potential customers are not relevant to the claims in this case and the benefit of producing responsive documents is outweighed by the burden it will place on Corellium. | Document relating to Corellium's potential customers are not relevant or proportionate to this case (copyright infringement). Moreover, supplying answers relative to potential or denied customers would place a tremendous burden on Corellium. Corellium's CEO has filed a declaration explaining the amount of documents that could be responsive to this request. The declaration shows that the burden is highly outweighed by any benefit of producing responsive documents. Fed. R. Civ. P. 26(b)(2) | Corellium has not met the high standard for reconsideration, and all responsive documents should be produced. Apple's full position is reflected in its opposition brief, which is being filed today (2/26/2020). |

**Outstanding Disputes from Apple's Prior Discovery Motions**

3. **Privilege Log:** The Parties agree that Apple will serve its privilege log by Friday, February 28, 2020. Corellium has represented that it will serve a revised privilege log by Friday, February 28, 2020 as well. To the extent Corellium continues to withhold documents on the basis of trade secrets and include them on its privilege log, Apple objects as trade secret and confidentiality is not a basis for withholding and including on a privilege log, which is specific to documents withheld for attorney-client and related privileges.

4. The specific discovery disputes with respect to Apple's Requests for Production ("RFPs") Motion (ECF No. 68) that remain are as follows. Corellium's Second Amended Answers to Plaintiff's First Set of Requests for Production are attached as Exhibit A.

| Dispute | Apple's Position | Corellium's Position |
|---|---|---|
| **Corellium's Potential Customers.**<br><br>RFP Nos. 14, 34, 35, 37, 62, 70, and 71.<br><br>*See also* Interrogatory No. 15, below. | Corellium refuses to produce documents and communications related to inquiries from potential customers. This dispute is coextensive with Corellium's pending motion for reconsideration, which will be fully briefed before the hearing. | Corellium's position as to Interrogatory No. 15 and similar requests for production is going to be addressed in its Motion for Reconsideration. |
| **Trade Secret Objection / Relevance & Burden Objection.**<br><br>RFP Nos. 1, 4, 5, 7–11, 12–16, 18–19, 22, 23, 24, 25, 30, 31, 32, 34, 35, 37, 40, 41–43, 50, 52–53, 55, 57–61, 62, 63, 64, 69, 70, 73, 79, 82, 83<br><br>The subject matter of these requests include:<br><br>• The Corellium Apple Product, including its design, architecture, and functioning<br><br>• Corellium's customers and resellers, including contracts with customers, requests by customers relating to Apple, and documents provided to customers | Corellium is continuing to withhold documents based on its claim that the documents constitute trade secrets and thus are not subject to production in this case. In some instances, Corellium has asserted a trade secret objection but also said that it will respond to the request, making it unclear what, if anything, Corellium is withholding. In other instances, Corellium has refused to respond entirely on the basis of its trade secret objection notwithstanding this Court's ruling that the subject of the requests are plainly relevant and appropriate, and Corellium needed to respond accordingly. Finally, Corellium has done nothing to substantiate its trade secret objection—it has introduced no evidence regarding how the information it claims is secret is maintained or protected, nor has it provided evidence regarding why disclosure pursuant to the governing protective order is insufficient.<br><br>Apple timely moved on these Requests, and believes they were included in the Court's | RFP 14: This request was not addressed during the hearing.<br><br>Communications with customers: The production request does contain such responsive documents.<br><br>RFP Nos. 41, 69 and 82 were not raised at the hearing.<br><br>RFP Nos. 52, 73, 79. This documents are trade secrets that the Court stated that it will not allow Apple to receive as it is overbroad and not relevant to this case. These requests were not addressed at the hearing. |

| | | |
|---|---|---|
| • Corellium's financial information related to the Corellium Apple Product, including sales figures, pricing, and business plans<br><br>• Corellium's efforts to conceal its infringing activity | preliminary rulings on the record. | |
| **Corellium Apple Product.**<br><br>All RFPs where Corellium limited its production based on the proposed compromise definition of the Corellium Apple Product. | With respect to RFP Nos. 9, 12–15, 19, 23, 35, 36–42, 61–64, 69 Corellium continues to refuse to produce any documents addressing Corellium firmware; Corellium product testing; Corellium system architecture for private installations; documents related to user manuals for the Corellium Apple Product; documents about Corellium "altering, modifying or otherwise creating any derivative works" of Apple products, and internal documents comparing or contrasting the Corellium Apple Product with Apple's own products. To the extent this refusal is based on the narrow definition of the Corellium Apple Product that the parties agreed to conditionally proceed with, that definition has proved inadequate as the documents Corellium has produced appear, based on Apple's initial review, insufficient for Apple's expert to evaluate what Corellium is doing | The Parties agreed to this definition on the record. Apple does not need information relating to other Corellium's Products when they are not at issue in this litigation.<br><br>Corellium has complied with the Court ruling. In particular, the Court was clear that it will not allow Apple "to get into Corellium's other business" Transcript pg. 99. Moreover, the responses were limited to the Corelium Apple Product. Corellium was properly responded. "So I'm going to grant the motion to compel 1 through 4 with the proviso that it deals with the Corellium Apple product and Apple's proprietary firmware." Trasncript. Pg. 99.<br><br>RFP 23: This request was properly responded to.<br><br>RFP 64: This Request was not |

| | | |
|---|---|---|
| | and exactly how it is engaging in the infringing conduct at issue in this case.<br><br>In addition, the Corellium Apple Product definition is used in numerous requests that are not specific to the technical components of Corellium's product about which Corellium expressed concern. To the extent any non-technical documents are being withheld based on the narrow definition, such as documents related to profits, expenses, revenues, customers, and resellers, Corellium's limited production is not sufficient and Corellium should respond based on the actual, complete product it markets and sells.<br><br>Apple timely moved on these Requests, and believes they were included in the Court's preliminary rulings on the record.<br><br>In addition, as part of the compromise regarding the definition of the Corellium Apple Product, Corellium agreed to provide Apple with credentials to the Corellium Apple Product. ███████████ or as described to this Court. Specifically, in order to use the version of the Corellium Apple Product provided by Corellium, a user must upload a copy of Apple's operating system before | addressed during the hearing. |

| | | |
|---|---|---|
| | they can begin to use Corellium's product. This is different from previous demonstrations Corellium provided of its product, and is inconsistent with its own description Corellium's response to Interrogatory 2; for instance ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Apple cannot tell whether Corellium has restricted the access or permissions Apple's counsel and expert have to the website, or whether Corellium's user interface and product has changed since service of its discovery responses. To the extent that Corellium has restricted its access, it must provide unrestricted access immediately. To the extent Corellium has changed its operation, Apple needs access to prior versions as well as discovery regarding all changes to Corellium software functionality with respect to the Corellium Apple Product. | |
| **Interrogatory Responses In Lieu of Document Production.**<br><br>RFP Nos. 25, 45–49, 53, 75, 76. | RFP 25 seeks relevant information as it requests documents relating to compensation Corellium has received for the infringing product—the Corellium Apple Product. Corellium's statement that it has provided a list of customers and the prices they paid in its interrogatory responses does not absolve it of its responsibility to produce responsive documents to Apple's | RFP 25: This request was not addressed with the Court.<br><br>RFPs 45–49: This request was not addressed with the Court. |

| | | |
|---|---|---|
| | Request for Production. Furthermore, to the extent Corellium is withholding documents on the basis that the narrower definition of the Corellium Apple Product does not merit production, the narrower definition is insufficient to provide Apple with the information needed for this lawsuit, all of which is directly relevant to Apple's claims and none of which implicate Corellium's concern about the disclosure of its technology.<br><br>RFP Nos. 45–49 all relate to documents relating to Corellium's sales of the Corellium Apple Product and the money made from those sales. Corellium's interrogatory responses do not constitute "documents sufficient to show" the information requested; Corellium must produce actual documents from its possession, custody, or control sufficient to demonstrate the requested information.<br><br>For RFP 53, Corellium has narrowed the scope of what it agreed to produce to just documents relating to Corellium's "actual revenue." The Request, however, is directed at Corellium's "revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated)," all of which are directly relevant both to Corellium's fair use defense and to Apple's claim for damages. | |

| | | |
|---|---|---|
| | In addition, Corellium refers Apple to its interrogatory responses, which is not a substitute for production.<br><br>For RFP 75, Corellium refuses to produce documents sufficient to identify any person involved in developing, producing, selling, installing, testing, or troubleshooting the Corellium Apple Product, claiming, *inter alia*, that its interrogatory responses, initial disclosures, and the email counsel sent with a list of Corellium employees is sufficient. It is not. The Request seeks relevant information, and Corellium is obligated to *produce documents* responsive to the request.<br><br>Apple timely moved on these Requests, and believes they were included in the Court's preliminary rulings on the record. | |
| **Relevance / Burden Objection.**<br>RFP Nos. 27, 29, 78, 81. | RFP No. 27 covers documents related to Corellium's customers—specifically, indemnification agreements that address claims or accusations of copyright infringement—which are directly relevant to the claims at issue in this case. Corellium does agree to produce documents in response to RFP 29, which addresses documents referring to or relating to indemnification agreements, so Corellium plainly recognizes their relevance and should likewise produce any actual agreements, as requested in RFP No. 27. | These requests were not addressed at the hearing and Corellium did not have to make any changes to those responses. |

9

|   |   |   |
|---|---|---|
|   | RFP 78 requests confidentiality agreements signed by Corellium employees, which is relevant to whether Corellium is trying to limit what its employees can say or do about its infringement of Apple's copyrights or DMCA violation.<br><br>RFP 81 requests documents related to grants Corellium has applied for or received, which will show both moneys Corellium has received, which relates to damages, and how Corellium is using the Corellium Apple Product to obtain funding.<br><br>Apple timely moved on these Requests, and believes they were included in the Court's preliminary rulings on the record. |   |

5. The specific discovery disputes with respect to Apple's Interrogatory Motion (ECF No. 70) that remain are as follows. Corellium's Second Amended Answers to Plaintiff's First Set of Interrogatories are attached as Exhibit B.

| Dispute | Apple's Position | Corellium's Position |
|---|---|---|
| **Interrogatory No. 7.** This interrogatory seeks information about iOS bugs known to Corellium and whether such bugs were reported. Corellium objects on the basis that the interrogatory is overbroad in time and scope. | Corellium has not fully answered this Interrogatory, which asked about all bugs, not just those that would qualify for payment under the Apple Security Bounty Program. Despite the Court's order, Corellium has not met and conferred with Apple regarding its definition of bugs or the scope of bugs responsive to this request. This new disclosure of three | We disagree with the interpretation that Apple was requesting information about "all bugs." Ms. Bina clearly explained during the hearing that the request was related only to bugs that were not submitted to the Apple Bounty program. "We're asking for bugs that were not to your knowledge submitted to the program." See Transcript pg. 15. |

| | | |
|---|---|---|
| | unnamed bugs raises serious concerns to Apple about the nature of the bugs and how they were used by Corellium and Corellium's customers, even if they have since been patched.  Corellium should be required to disclose any other additional bugs it is aware of, and Apple should be permitted to take supplemental discovery regarding Corellium's use of the three newly-disclosed bugs never reported to Apple. | Additionally, Corellium comported with the Court's ruling by explaining that it is aware of three bugs without necessitating to name them as provided by the Court. "Additionally, Corellium will answer whether they are aware of any unpatched bugs, exploits, vulnerabilities or other software flaws in iOS, without having to describe what they are." *See* Transcript pg. 77. It is Corellium's position that it has fully answered Interrogatory No. 7. |
| **Interrogatory No. 8.**  This interrogatory seeks Corellium's pricing policies. Corellium objects on the basis that the interrogatory is overbroad and not related to the claims in the case. | Corellium has represented that it will provide Bates numbers for the documents it has produced in lieu of a narrative response on Wednesday, February 26, 2020.  Once that has occurred, and Apple is able to confirm that the documents address the interrogatory, this dispute will be resolved. | Corellium will provide responsive Bates numbers. |
| **Interrogatory Nos. 15.**  This interrogatory seeks information about persons who have inquired about the Corellium Apple Product to whom Corellium has refused to sell, license, or give access. | Corellium refuses to provide a response addressing persons to whom it has refused to sell its product.  This dispute is coextensive with Corellium's pending motion for reconsideration, which will be fully briefed before the hearing. | Corellium's position as to Interrogatory No. 15 and similar requests for production is going to be addressed in its Motion for Reconsideration. |

**Outstanding Disputes from Corellium's Prior Discovery Motions**

11

a. **Motion to Compel Better and Complete Answers to Interrogatories to Plaintiff [D.E. 93]**

No issues remain at dispute.

b. **Motion to Compel Plaintiff to Provide Proper Responses to Defendant's First Request for Admissions [D.E. 100]**

No issues remain at dispute.

c. **Motion to Compel Plaintiff to Properly Respond to Defendant's First Request for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections [D.E. 103]**

<u>Items that remain in dispute are the following</u>:

Apple's Second Amended Responses and Objections to Corellium, LLC's First Set of Requests for Production are attached as Exhibit C.

| **Dispute** | **Corellium's Position on Pending Disputes** | **Apple's Position** |
|---|---|---|
| "Objections are Waived and Should be Stricken" | Apple waived its objections by filing an objection and then responding to the request. We will provide the requests at issue.<br><br>The following Requests Apple objects then responds (excluding the requests that simply object privilege then responds):<br><br>4, 26, 43, 44, 55, 61, 63, 65, 67, 69, 70, 73-78, 80, 88, 94, 96, 98, 99<br><br>Request nos. 73-78 – required a better response. *See* Transcript pgs. 283-84.<br><br>"And I want Apple to do a better response to the request for production." *See* Transcript pg. 292. | The Court denied or narrowed Corellium's Motion to Compel regarding Requests for Production 15, 19, 55, 73, 74, 75, 76, 77, 78, and 80. ECF No. 152. Accordingly, Apple did not remove its objections or otherwise edit those responses.<br><br>Apple's records reflect that Corellium never moved to compel on Requests for Production 26, 80, 94, 96, 98, 99. Accordingly, Apple did not remove its objections or otherwise edit those responses.<br><br>For Request for Production 4, Apple only left a privilege objection in, which is proper.<br><br>The Court did not expressly address the remaining RFPs at the February 12, 2020 conference. |

| | | |
|---|---|---|
| | | Apple stands on its objections to 43, 44, and 70. |
| Formulaic and Boilerplate Objections | Apple, in Request Nos. 33-38, 43, 44, 62, 64, 66, 68, 73-78 use boilerplate objections without providing any specificity as to why the objection applies or what part of the request is "overbroad, burdensome, or irrelevant."<br><br>Request nos. 73-78 – required a better response. *See* Transcript pgs. 283-84.<br><br>"And I want Apple to do a better response to the request for production." *See* Transcript pg. 292. | The Court denied or narrowed Corellium's Motion to Compel regarding Requests for Production 19, 20, 21, 22, 36, 56, 57, 58, 59, 73, 74, 75, 76, 77, 78, 87, 88, 89, 90, 91, and 92. ECF No. 152. Accordingly, Apple did not remove its objections or otherwise edit those responses.<br><br>Apple understood its objections to Requests for Production 37, 38, 62, 64, 66, and 68 to have been sustained because they dealt with the same subject matter the Court denied with respect to Corellium's other motions to compel.<br><br>The Court did not expressly address the remaining RFPs at the February 12, 2020 conference. Apple stands on its objections to 33, 34, 35, 43, 44. |

Dated: February 26, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

By: <u>s/ *Lizza Constantine*</u>
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.:  106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

 and

NORTON ROSE FULBRIGHT
*Counsel for Defendant*
2200 Ross Ave.
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200
Brett Govett, *Pro hac vice*
E-mail: brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
E-mail: robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
E-mail: jackie.baker@nortonrosefulbright.com

*Attorneys for Defendant* CORELLIUM, LLC.