# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:19-CV-81160-RS**

APPLE INC.,

Plaintiff,

v.

CORELLIUM, LLC,

Defendant.

**APPLE INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO**
**CORELLIUM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc.

("Apple") hereby provides its second amended responses and objections to Defendant Corellium,

LLC's ("Corellium") First Set of Requests for Production (Nos. 1– 99) ("Requests").

**DEFINITIONS**

**All**: Apple objects to the definition of "all" as overbroad, unduly burdensome, and not

proportional to the needs of the case.  Apple will conduct a reasonable search for documents that

are responsive to appropriate requests and are within Apple's possession, custody, or control, if

any, but cannot, and does not, represent that it can locate and produce "all" documents in

response to the requests herein.

**Apple**: Apple objects to the definition of "Apple" to include "agents or Persons

employed by or acting" on Apple's behalf or under Apple's control is overly broad, unduly

burdensome and not proportional to the needs of this case.  Apple will produce documents based

on a reasonable search for documents, but cannot, and does not, represent that it can or will search the documents of every person who fits Corellium's definition of Apple.

**Corellium**: Apple objects to the definition of "Corellium" to include "all of Corellium's employees in their individual capacities, both prior to, during, and after their employment with Corellium, and in their capacity as Corellium employees during their employment" as vague and ambiguous.  Apple will use the definition imposed by the Court's discovery orders, namely, Corellium's officers, directors or employees acting in the scope of their employment, and not in their individual capacities.

**Corellium's Products**: Apple objects to the definition of "Corellium's Products to mean "all products, software and hardware" "developed, produced, or sold by Corellium that enable creation of at least one Virtual Device" as vague and ambiguous.  Corellium has not defined at what point in time "all products, software and hardware" should be measured from, nor has it provided an accounting of what constitutes "all products, software and hardware."  In accordance with the Court's discovery orders, Apple construes "Corellium's Products" to be synonymous to "the Corellium Apple Product" and to include only those components of the Corellium platform that are responsible for handling iOS.

**iOS**: Apple objects to the definition of "iOS" and "iOS operating system" to mean "Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS® watchOS®, and tvOS® operating systems," as overly broad, unduly burdensome, and not proportional to the needs of this case.  Apple will base its response to these Requests with respect to Apple's iOS mobile operating system only.

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO.  1

True and correct copies of all copyright registration certificates, registration applications, and copyright deposits for all of Apple's purportedly copyrighted works at issue in this Action.

**Response**:

Apple will produce all relevant, non-privileged copyright registration certificates and registration applications.

## REQUEST FOR PRODUCTION NO.  2

True and correct copies of all licenses granted to third parties for any copyright at issue in this Action.

**Response**:

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are not relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Apple further objects because the Request is not proportional to the needs of the case.  The licenses Apple grants to third parties for the copyrights at issue in this Action are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and collecting copies of the same would create a substantial and disproportionate burden on Apple.  Apple further objects to this Request because the licenses the Request seeks constitute confidential or proprietary information pertaining to Apple's

3

business, trade secrets, and/or economic relationships.  Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  3

All documents and communications relating to Corellium or Corellium's Products and services.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce relevant, non-privileged documents and communications relating to Corellium or Corellium's Products and services.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Consistent with the Court's discovery rulings, Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## REQUEST FOR PRODUCTION NO.  4:

All documents and communications between Apple and Corellium or Corellium's employees, including, but not limited to: (a) communications between Jason Shirk, Jon Andrews, and Ivan Krstic and Corellium or Corellium's Employees; and (b) any agreements between Apple and Corellium or any of Corellium's employees, drafts of agreements between Apple and Corellium or any of Corellium's employees, and any notes, memoranda, or presentations relating to agreements or drafts of agreements with Corellium or any of Corellium's employees

4

including, without limitation, any non-disclosure or purchase agreements regardless of whether those agreements were ever executed.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.  In particular, Apple objects to the Request for "drafts of agreements between Apple and Corellium or any of Corellium's employees, and any notes, memoranda, or presentations relating to agreements or drafts of agreements with Corellium or any of Corellium's employees including, without limitation, any non-disclosure or purchase agreements regardless of whether those agreements were ever executed," to the extent such materials constitute privileged information.  Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications between Apple and Corellium or Corellium's employees, and any agreements between Apple and Corellium or any of Corellium's employees.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## REQUEST FOR PRODUCTION NO.  5:

All documents and communications sufficient to identify the date that Apple first became aware of Corellium and Corellium's Products, including the capabilities and functionalities of such Products.

**Response:**

Apple  objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce relevant, non-privileged documents and communications sufficient to identify the date Apple became aware of Corellium and Corellium's Products.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications sufficient to identify the date that Apple first became aware that Corellium or Corellium's Products allegedly infringed on any of Apple's copyrights, as alleged in Corellium's Complaint.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

If and to the extent such non-privileged documents and communications exist in Apple's possession, Apple will produce relevant, non-privileged documents and communications sufficient to identify the date Apple became aware that Corellium infringed Apple's copyrights at issue in this case.

## REQUEST FOR PRODUCTION NO. 7:

All documents and communications between Apple employees relating to Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications between Apple employees relating to Corellium or Corellium's Products and services. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020. Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## REQUEST FOR PRODUCTION NO. 8:

All documents and communications between Apple and third-parties relating to Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications between Apple and third parties relating to Corellium, to the extent such documents exist in Apple's possession and can be located after a reasonable search.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

<u>**REQUEST FOR PRODUCTION NO. 9:**</u>

All documents and communications, including drafts, relating to any press-releases or statements intended for consumption by the public or third parties about Corellium or Corellium's Products.

<u>**Response:**</u>

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

<u>**REQUEST FOR PRODUCTION NO. 10:**</u>

All documents and communications, including drafts, with or relating to members of the press media, including online press media, relating to Corellium or Corellium's Products.

8

**<u>Response:</u>**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

<u>**REQUEST FOR PRODUCTION NO.  11:**</u>

All documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple.

**<u>Response:</u>**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-privileged documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple that describe or comment on Corellium's Products or technology, and will produce communications with Corellium and its employees.

Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## **REQUEST FOR PRODUCTION NO.  12:**

All notes, presentations, minutes, and any other documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-privileged notes, presentations, minutes, and any other documents and communications relating to any potential acquisition of Corellium by Apple or any entities owned or controlled by Apple, to the extent such documents describe or comment on Corellium's Products or technology.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## **REQUEST FOR PRODUCTION NO.  13:**

All documents and communications relating to Apple's study, evaluation, or analysis of Corellium, Corellium's employees, or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications relating to Apple's study, evaluation, or analysis of Corellium or Corellium's Products, as it relates to Corellium's Product or technology.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

## REQUEST FOR PRODUCTION NO.  14:

All documents and communications relating to Apple's attempt(s) to recruit or hire any of Corellium's employees, including, without limitation, Christopher Wade.  This Request relates to Corellium's employees individually both prior to and during their employment with Corellium.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

11

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications relating to any attempts to recruit or hire Christopher Wade, at any time, or of other Corellium employees as of 2017. Apple will not produce any internal Apple discussions regarding the salaries Apple was willing to pay Chris Wade or other Corellium employees. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

## REQUEST FOR PRODUCTION NO.  15:

All documents and communications relating to Apple's attempt(s) to recruit or hire any of Virtual, LLC's ("Virtual") employees, including, without limitation, Christopher Wade. This Request relates to Virtual's employees individually both prior to and during their employment with Corellium.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, unlimited in time, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Any attempts by Apple to recruit or hire any of Virtual's employees are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims

listed in its Answer, and the request is not proportional to the needs of the case.  Virtual is not a

party to this case, and the relationship between Virtual and Apple has no relevance to this case

whatsoever.

Apple further objects to this Request on the ground that Corellium has not provided the

identity of Virtual's employees, making it impossible for Apple to ensure that it has identified all

Virtual employees.

Apple will produce all relevant, non-privileged documents and communications relating

to any attempts to recruit or hire Christopher Wade.  Apple will produce responsive documents

relating to Christopher Wade dating back to 2011.  Any documents withheld for privilege will be

identified on Apple's privilege log forthcoming on February 28, 2020.  For the avoidance of

doubt, Apple will not produce documents that relate to Virtual or the relationship between

Virtual and Apple, which are not relevant to the matters at issue in this case.  Apple will also not

produce any documents relating to Apple's internal valuation of Virtual.

## **REQUEST FOR PRODUCTION NO.  16:**

All documents and communications relating to Apple's study, evaluation, or analysis of

the valuation of Corellium or Corellium's Products, including any valuation-related analyses

conducted by Apple or third parties at Apple's request.

**Response:**

Apple objects to this Request to the extent the information or documents requested are

protected by attorney-client privilege, the work-product doctrine, or any other available privilege

under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-

discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Apple's "study, evaluation, or analysis of the valuation of Corellium or Corellium's Products" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request as such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, documents relating to Apple's evaluation of the valuation of a potential acquisition contain confidential and proprietary business information.

Apple will not produce documents in response to this Request.

### **REQUEST FOR PRODUCTION NO.  17:**

All documents and communications sufficient to identify the study, evaluation, or analysis of the valuations of Corellium or Corellium's Products performed by Apple or third parties at Apple's request.

**Response:**

Consistent with the Court's order regarding Apple's internal valuation of Corellium, Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  18:**

All documents and communications comparing or contrasting Corellium's Products with any Apple technology, product, or service, including without limitation any competitive analysis or any comparison of the any structure, function, operation, advantage, disadvantage, or capabilities.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications comparing or contrasting Corellium's Products with any Apple technology, product, or service.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

**REQUEST FOR PRODUCTION NO.  19:**

All documents and communications relating to "iEmu," a product and/or service created by Christopher Wade.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  The request for "all documents and communications" is not limited to those that are relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Pursuant to the Court's Order (ECF No. 152), Apple will produce responsive documents relating to Christopher Wade dating back to 2011.  Apple will not produce any other documents in response to this request.

**REQUEST FOR PRODUCTION NO.  20:**

All documents and communications relating to the virtualization of the iOS operating system, iOS Devices, and GUI Elements.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

16

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Documents and communications relating to the virtualization of the iOS operating system, iOS Devices, and GUI Elements" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents and communications are confidential and proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to or concerning Apple's attempts to virtualize the iOS operating system on an ARM processor.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Documents and communications relating to or concerning Apple's attempts to virtualize the iOS operating system on an ARM processor" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents and communications are confidential and proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  22:**

All documents and communications relating to or concerning Apple's attempts to simulate the iOS operating system on an ARM processor.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

18

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Documents and communications relating to or concerning Apple's attempts to simulate the iOS operating system on an ARM processor" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents and communications are confidential and proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  23:**

All documents and communications relating to or concerning Apple's attempts to emulate the iOS operating system on an ARM processor.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

19

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents and communications relating to or concerning Apple's attempts to emulate the iOS operating system on an ARM processor" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents and communications are confidential and proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  24:

All documents and communications relating to Apple's view of the purpose and character of Corellium's alleged use of Apple's copyrights.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce all relevant, non-privileged documents and communications relating

to Apple's view of the purpose and character of Corellium's use of the Apple copyrighted works at issue in this case.  Any documents withheld for privilege will be documented on Apple's forthcoming privilege log.

## REQUEST FOR PRODUCTION NO.  25:

All documents and communications relating to Apple's view of the nature of the copyrights that Apple believes Corellium or Corellium's Products are infringing upon.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple further objects to this request as vague and unintelligible with regard to the "nature of the copyrights that Apple believes Corellium or Corellium's Products are infringing upon."  A copyright is a legal right whose "nature" is defined under United States and international law, including the 1976 Copyright Act, as amended from time to time, and the case law interpreting the same.  Apple will meet and confer with Corellium regarding this Request in an attempt to seek clarity as to what Corellium actually seeks.  At this time, Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  26:

All documents and communications relating to the benefit, financial or otherwise, received by Apple as a result of Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple construes the phrase "benefit, financial or otherwise"  to mean "financial, commercial, technical, or reputational benefit to Apple."

Apple will produce all relevant, non-privileged documents and communications relating to the benefit, if any, that Apple has received as a result of Corellium or Corellium's Products. Any documents withheld on the basis of privilege will be documented on Apple's forthcoming privilege log.

**REQUEST FOR PRODUCTION NO.  27:**

All documents and communications related to the amount and substantiality of Corellium's purported copyright infringement in relation to Apple's copyrighted works that are at issue in this Action as a whole.

**Response:**

Apple objects to this Request as calling for a legal conclusion, and calling for information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 28:

All documents and communications relating to the effect of Corellium's alleged copyright infringement upon the potential market for or value of Apple's copyrights that are at issue in this Action, including, without limitation, any analysis performed by Apple or at Apple's behest of the financial valuation of the effect described by this Request.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request. Apple expressly reserves the right to amend this response, and all others, at a later time.

## REQUEST FOR PRODUCTION NO. 29:

All cease and desist letters sent from Apple to Corellium or any of Corellium's employees (either individually or in their capacity as Corellium Employee's) regarding Corellium, any of Corellium's Products, or virtualization software capabilities generally.

**Response:**

To the extent the Request seeks communications concerning products or virtualization software capabilities not at issue in this action, Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither

relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

<u>**REQUEST FOR PRODUCTION NO.  30:**</u>

All documents and communications relating to cease and desist letters sent from Apple to Corellium regarding Corellium or any of Corellium's Products, regardless of whether such cease and desist letters were in fact sent to Corellium.

<u>**Response:**</u>

Apple objects to this Request as it appears to call entirely for information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Furthermore, to the extent the Request seeks communications concerning products or virtualization software capabilities not at issue in this action, Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking

information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

## **REQUEST FOR PRODUCTION NO.  31:**

All notices of copyright infringement sent to Corellium or any of Corellium's employees (either individually or in their capacity as Corellium Employee's) regarding Corellium or Corellium's Products.

**Response:**

To the extent the Request seeks communications concerning products or virtualization software capabilities not at issue in this action, Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  In addition, the Request is overly broad, unduly burdensome, and seeking irrelevant information to the extent it seeks notices sent to Corellium employees in their individual capacities.  Any notices sent to Corellium employees in their individual capacity, either before or after they were employed at Corellium are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

## REQUEST FOR PRODUCTION NO. 32:

All documents and communications relating to notices of copyright infringement sent to Corellium regarding Corellium or Corellium's Products, regardless of whether such notices were in fact sent to Corellium.

**Response:**

Apple objects to this Request as it appears to call entirely for information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

## REQUEST FOR PRODUCTION NO. 33:

Documents and communications sufficient to identify every person and entity that Apple believes offers virtualization services similar to those provided by Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request on the ground that the phrase "virtualization services similar to those provided by Corellium or Corellium's Products" renders it vague and ambiguous.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Documents and communications sufficient to identify every person and entity that Apple believes offers virtualization services similar to those provided by Corellium or Corellium's Products" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer.

Apple does not believe that any person or entity offers virtualization services similar to those provided by Corellium or Corellium's Products. Accordingly, Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 34:

All cease and desist letters sent by Apple to any of the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

**Response:**

Apple objects to this Request on the ground that the phrase "virtualization services similar to those provided by Corellium or Corellium's Products" renders it vague and ambiguous.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Cease and desist letters sent by Apple to any of the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple does not believe that any person or entity offers virtualization services similar to those provided by Corellium or Corellium's Products. Accordingly, Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 35:

All notices of copyright infringement sent to the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

**Response:**

Apple objects to this Request on the ground that the phrase "virtualization services similar to those provided by Corellium or Corellium's Products" renders it vague and ambiguous.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Notices of copyright infringement sent to the companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple does not believe that any person or entity offers virtualization services similar to those provided by Corellium or Corellium's Products. Accordingly, Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 36:

All cease and desist letters sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services offered and produced by those entities.

**Response:**

Apple objects to this Request on the ground that the phrase "virtualization services similar to those provided by Corellium or Corellium's Products" renders it vague and ambiguous.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Cease and desist letters sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All notices of copyright infringement sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services offered and produced by those entities.

**Response:**

Apple objects to this Request on the ground that the phrase "virtualization services similar to those provided by Corellium or Corellium's Products" renders it vague and ambiguous.

30

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Notices of copyright infringement sent by Apple to FireEye, VMWare, Appetize.io, or Oracle regarding the Apple virtualization products and services" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  38:

All actions taken by Apple or on Apple's behalf to enforce and protect its copyrights relating to Corellium, Corellium's Products, or any other companies that Apple believes offer virtualization services similar to those provided by Corellium or Corellium's Products.

**Response:**

Apple objects to this Request on the ground that its request for production of "all actions taken by Apple or on Apple's behalf" renders it vague and ambiguous.  Federal Rule of Civil Procedure 34(a)(1) limits a party's request for production to "any designated documents or electronically stored information" or "any designated tangible things." The Rule does not authorize requests for production of "actions."

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the

31

discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Actions taken by Apple or on Apple's behalf to enforce and protect its copyrights" relating to companies other than Corellium are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Furthermore, as also stated above, Apple does not believe that any person or entity offers virtualization services similar to those provided by Corellium or Corellium's Products.

Apple will not produce documents in response to this Request. Apple notes, however, that responsive, non-privileged documents relating to Corellium, Corellium's Products, and Apple's interactions therewith are being produced in response to other Requests.

## REQUEST FOR PRODUCTION NO.  39:

All visitor logs showing when any of Corellium's employees visited any of Apple's locations, including the time, date, and location of any such visits.

**Response:**

Apple will produce relevant portions of any non-privileged visitor logs, or other documents sufficient to show when Corellium's employees visited Apple.

## REQUEST FOR PRODUCTION NO.  40:

All notes, presentations, minutes, and any other documents and communications relating to meetings between Apple employees relating to Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege

under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-

discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-

privileged documents and communications between Apple's employees relating to Corellium or

Corellium's Products and services.Any documents withheld for privilege will be identified on

Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that

relate to Apple's internal valuation of Corellium.

### REQUEST FOR PRODUCTION NO.  41:

All notes, presentations, minutes, and other documents and communications relating to

meetings between Apple and third parties relating to Corellium or Corellium's Products.

**Response:**

Apple objects to this Request to the extent the information or documents requested are

protected by attorney-client privilege, the work-product doctrine, or any other available privilege

under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-

discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-

privileged documents and communications between Apple and third parties relating to Corellium

or Corellium's Products and services.  Any documents withheld for privilege will be identified

on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents

that relate to Apple's internal valuation of Corellium.

### REQUEST FOR PRODUCTION NO.  42:

All notes, presentations, minutes, and other documents and communications relating to meetings between Apple, Corellium, or any of Corellium's employees.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-privileged documents and communications relating to meetings between Apple and Corellium, or any Corellium employees including Chris Wade. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce documents that relate to Apple's internal valuation of Corellium.

**REQUEST FOR PRODUCTION NO.  43:**

All documents referring to, relating to, or constituting any license, agreement, contract, or covenant (written or oral) to which Apple is a party that covers or otherwise relates to Corellium or Corellium's Products or any feature, technology, component, or part thereof.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request on the ground that the phrase "or any feature, technology, component, or part thereof" renders it vague and ambiguous.  For example, it is not clear whether Corellium intends to include any licenses related to all types of technology that is in any way related to Corellium's Products.  To the extent that is what is meant, Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  For example, "[d]ocuments referring to, relating to, or constituting any license, agreement, contract, or covenant (written or oral) to which Apple is a party" that covers technology or a component that also happens to be a part of Corellium's product is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will produce all relevant, non-privileged documents relating to any agreements to which Apple is a party that describe, incorporate, or refer to Corellium or Corellium's product.

## REQUEST FOR PRODUCTION NO.  44:

All documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing Apple's intellectual property rights.

**<u>Response:</u>**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing Apple's intellectual property rights" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will produce relevant, non-privileged policies, guidelines, or documents evidencing procedures regarding licensing its intellectual property rights with respect to iOS. For the avoidance of doubt, Apple will not produce any documents dated before January 1, 2017.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications between Apple employees relating to Corellium's employees, individually and collectively.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications between Apple employees related to Corellium's employees (during the time of their employment at Corellium). Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020. Apple will not produce communications relating to the valuation of Corellium or potential salaries for Corellium employees considered for employment within Apple.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications between Apple and third-parties relating to Corellium's employees, individually and collectively.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications between Apple employees and third parties related to Corellium's employees (during the time of their employment at Corellium).  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.  Apple will not produce communications relating to the valuation of Corellium or potential salaries for Corellium employees considered for employment within Apple.

**REQUEST FOR PRODUCTION NO.  47:**

All documents and communications between Apple and Corellium's employees, individually and collectively.

**Response:**

Apple will produce all relevant, non-privileged documents and communications between Apple and Corellium's employees, during the time of their employment at Corellium. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

**REQUEST FOR PRODUCTION NO.  48:**

All documents and communications relating to Virtual or Virtual's products and services.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Virtual is not a party to this case, and the relationship between Virtual and Apple has no relevance to this case whatsoever. Moreover, the request seeks to require Apple to search through years of records going back to 2014, despite Corellium existing only from 2017, and is thus not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  Specifically, Apple objects to any request for Apple's internal valuation of Virtual.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  49:**

All documents and communications between Apple employees relating to Virtual or Virtual's products and services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.  For the reasons stated therein, Apple will not produce documents in response to this

Request.

## **REQUEST FOR PRODUCTION NO. 50:**

All documents and communications between Apple and third-parties relating to Virtual or Virtual's products and services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request. For the reasons stated therein, Apple will not produce documents in response to this Request.

## **REQUEST FOR PRODUCTION NO. 51:**

All documents and communications between Apple and Virtual or any of Virtual's employees relating to Virtual's products and services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request. Pursuant to the Court's Order (ECF No. 152), Apple will produce responsive documents relating to Christopher Wade dating back to 2011. Apple will not produce any documents relating to Apple's internal valuation of Virtual. Apple will not produce any other documents in response to this request.

## **REQUEST FOR PRODUCTION NO. 52:**

All analyses performed by Apple or at Apple's behest relating to Virtual or Virtual's products and services.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Virtual is not a party to this case, and the relationship between Virtual and Apple has no relevance to this case whatsoever. Moreover, the request seeks to require Apple to search through years of records going back to 2014, despite Corellium existing only from 2017, and is thus not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  Specifically, Apple objects to any request for Apple's internal valuation of Virtual.

 Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  53:

All notes, presentations, minutes, and any other documents and communications relating to meetings between Apple employees relating to Virtual or Virtual's products or services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.  For the reasons stated therein, Apple will not produce documents in response to this Request.

<u>**REQUEST FOR PRODUCTION NO.  54:**</u>

All notes, presentations, minutes, and other documents and communications relating to meetings between Apple and third parties relating to Virtual or Virtual's products or services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.  For the reasons stated therein, Apple will not produce documents in response to this Request.

<u>**REQUEST FOR PRODUCTION NO.  55:**</u>

All notes, presentations, minutes, and other documents and communications relating to meetings between Apple, Virtual, or any of Virtual's employees relating to Virtual's products and services.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 48, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.  Pursuant to the Court's Order (ECF No. 152), Apple will produce responsive documents relating to Christopher Wade dating back to 2011.  Apple will not produce any

documents relating to Apple's internal valuation of Virtual.  Apple will not produce any other documents in response to this request.

## REQUEST FOR PRODUCTION NO. 56:

All documents and communications relating to any potential acquisition of Virtual or any of Virtual's products or services by Apple or any entity owned or controlled by Apple.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  For example, Apple's documents and communications relating to the potential value of Virtual are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic

relationships.  Specifically, Apple objects to any request for Apple's internal valuation of Virtual.

Apple will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO.  57:

Pictures of the mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Information regarding any "mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer.

Apple also objects to this Request as it calls for documents containing confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships, despite such material having no relevance to this case.  Thus, the Request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

## **REQUEST FOR PRODUCTION NO. 58:**

All documents and communications relating to the mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. Information regarding any "mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer.

Apple also objects to this Request as it calls for documents containing confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships, despite such material having no relevance to this case. Thus, the Request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

## **REQUEST FOR PRODUCTION NO. 59:**

All notes, memoranda, user manuals, user guides, instruction manuals, installation manuals, operation manuals, training manuals, frequently asked questions, summaries, or other documentation that relate to the mobile device lab, including iPhone testing racks, maintained by

Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Information regarding any "mobile device lab, including iPhone testing racks, maintained by Apple or third-parties that contract with Apple and maintain mobile device labs with iPhone testing racks" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer.

Apple also objects to this Request as it calls for documents containing confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships, despite such material having no relevance to this case.  Thus, the Request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  60:**

All documents and communications relating to IPSW.me.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the

discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. IPSW.me is a website enabling linking to Apple products and enabling authorized Apple users to download products from Apple's servers. The mere fact that Corellium accesses IPSW.me to unlawfully access and copy Apple works is not sufficient to render every communication related to IPSW.me relevant to the claims of direct and contributory copyright infringement listed in the Complaint, or to Corellium's affirmative defenses and counterclaims listed in its Answer. The Request is thus not proportional to the needs of the case as it would require a tremendous burden for information that has little or no relevance to the case.

Apple will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 61:

All communications with IPSW.me regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

Apple will produce all relevant, non-privileged documents and communications with IPSW.me regarding Corellium or Corellium's Products.

### REQUEST FOR PRODUCTION NO. 62:

All documents and communications relating to FireEye and FireEye's virtualization, emulation, or hypervisor products and services, including, without limitation, Mac VM.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any

party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Information regarding FireEye is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  63:

All communications with FireEye regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

After a reasonable search, Apple responds as follows: Apple does not believe that there are any relevant, non-privileged documents and communications in Apple's possession that are responsive to this Request.  Apple expressly reserves the right to amend this response, and all others, at a later time.

## REQUEST FOR PRODUCTION NO.  64:

All documents and communications relating to the Apple virtualization, emulation, or hypervisor products and services provided by Appetize.io.

48

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Information regarding Appetize.io is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  65:**

All communications with Appetize.io regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

Apple will produce all relevant, non-privileged communications between Apple and Appetize.io related to Corellium or Corellium's Products, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## **REQUEST FOR PRODUCTION NO. 66:**

All documents and communications relating to VMWare and VMWare's virtualization, emulation, or hypervisor products and services, including, without limitation, VMWare Fusion or vSphere Hypervisor.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Information regarding VMWare is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

## **REQUEST FOR PRODUCTION NO. 67:**

All communications with VMWare regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

Apple will produce all relevant, non-privileged communications between Apple and VM

Ware related to Corellium or Corellium's Products, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 68:

All documents and communications relating to Oracle and Oracle's virtualization, emulation, or hypervisor products and services, including, without limitation, Mac VM.

**Response:**

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. Information regarding Oracle is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.

Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 69:

All communications with Oracle regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

Apple will produce all relevant, non-privileged communications between Apple and Oracle related to Corellium or Corellium's Products, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 70:

All documents and communications relating to Azimuth Security, or any agent thereof, regarding the iOS operating system, iOS Devices, or GUI Elements.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple further objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  Documents and communications relating to Azimuth Security are relevant to this matter only insofar as they relate to Corellium or Corellium's Product, in which case they will be produced in response to Request No. 3 and similar requests.  The Request seeks documents and communications that are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, any documents related to an economic relationship between Apple and a third party would constitute confidential or proprietary information.

Apple will produce all relevant, non-privileged documents and communications relating to Azimuth Security if they also relate to Corellium or Corellium's Product, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO.  71:

All notes, presentations, minutes, and other documents and communications relating to Azimuth Security, or any agent thereof, regarding the iOS operating system, iOS Devices, or GUI Elements.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 70, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

### REQUEST FOR PRODUCTION NO.  72:

All communications with Azimuth Security regarding Corellium or Corellium's Products.

**Response:**

Apple objects to this Request as entirely duplicative of, and subsumed by, Request No. 3, and refers Corellium to, and hereby incorporates, its responses and objections to that Request.

Apple will produce all relevant, non-privileged communications between Apple and Azimuth Security related to Corellium or Corellium's Products, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## **REQUEST FOR PRODUCTION NO. 73:**

All documents and communications relating to Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  The vast majority of "documents and communications relating to Apple's Bug Bounty Program" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, communication with participants in the bug bounty program regarding submitted bugs contain confidential and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-

privileged documents and communications relating to Corellium's or Chris Wade's participation

or involvement in Apple's Security Bounty Program.  Apple will not produce any other

documents in response to this Request.  Any documents withheld for privilege will be identified

on Apple's privilege log forthcoming on February 28, 2020.

### **REQUEST FOR PRODUCTION NO.  74:**

Documents and communications sufficient to identify every bug that Apple has fixed as a

result of Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are

protected by attorney-client privilege, the work-product doctrine, or any other available privilege

under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-

discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the

discovery of information or documents that are neither relevant to a claim or defense of any

party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery

of admissible evidence, and as seeking information of which the burden and expense of

discovering overwhelmingly outweighs its likely benefit.  "[E]very bug that Apple has fixed as a

result of Apple's Bug Bounty Program" is not relevant to Apple's claims of direct and

contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses

and counterclaims listed in its Answer, and the request is not proportional to the needs of the

case.

Apple also objects to this Request to the extent that such documents contain confidential

or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships. For example, documents about the bugs Apple has fixed contain confidential and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications to identify every bug submitted by Corellium or Chris Wade that Apple has fixed as a result of Apple's Security Bounty Program. Apple will not produce other documents in response to this Request. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

### REQUEST FOR PRODUCTION NO. 75:

Documents and communications sufficient to identify every bug-related report Apple received from third parties as a result of Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "[E]very bug-related report Apple received from third parties as a result of Apple's Bug Bounty Program" is not relevant to Apple's

56

claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships. For example, documents about the bugs submitted to Apple contain confidential and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-privileged documents and communications sufficient to identify every bug-related report Apple received from Chris Wade or a Corellium employee as a result of Apple's Bug Bounty Program. Apple will not produce other documents in response to this Request. Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

### REQUEST FOR PRODUCTION NO. 76:

Documents and communications sufficient to identify every payment made by Apple in accordance with Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any

party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "[E]very payment made by Apple in accordance with Apple's Bug Bounty Program" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, documentation about payments made for bugs submitted to Apple contain confidential and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications to identify every payment made by Apple to Chris Wade or Corellium in accordance with Apple's Security Bounty Program.  Apple will not produce other documents in response to this Request.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

## REQUEST FOR PRODUCTION NO.  77:

Documents and communications sufficient to identify every payment made by Apple for the submission of bugs independent of Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "[E]very payment made by Apple for the submission of bugs independent of Apple's Bug Bounty Program" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, documentation about payments made for bugs submitted to Apple contain confidential and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce all relevant, non-privileged documents and communications to identify every payment made by Apple to Chris Wade or a Corellium employee independent of Apple's Security Bounty Program, to the extent such documents exist in Apple's possession and can be located after a reasonable search Apple will not produce other documents in response to this Request.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

**REQUEST FOR PRODUCTION NO.  78:**

Documents and communications sufficient to identify every instance where Apple received a report by a third party relating to Apple's Bug Bounty Program but Apple did not issue a payment for, including those documents and communications sufficient to demonstrate the reasons why a payment was not issued for such reports.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "[E]very instance where Apple received a report by a third party relating to Apple's Bug Bounty Program but Apple did not issue a payment for, including those documents and communications sufficient to demonstrate the reasons why a payment was not issued for such reports" is not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple also objects to this Request to the extent that such documents contain confidential

60

or proprietary information pertaining to Apple's business, trade secrets, and/or economic

relationships.  For example, documentation about bugs submitted to Apple contain confidential

and proprietary information relating to Apple's business.

Consistent with the Court's Order (ECF No. 152), Apple will produce relevant, non-

privileged documents and communications sufficient to identify every instance where Apple

received a report of a bug from Chris Wade or a Corellium employee but Apple did not issue a

payment for the bug, including those documents and communications sufficient to demonstrate

the reasons why a payment was not issued for such reports payment made by Apple.  Apple will

not produce other documents in response to this Request.  Any documents withheld for privilege

will be identified on Apple's privilege log forthcoming on February 28, 2020.

## REQUEST FOR PRODUCTION NO.  79:

All documents and communications sufficient to identify every bug reported to Apple by

Corellium or Corellium's employees (individually or on behalf of Corellium).

**Response:**

Apple objects to this Request to the extent the information or documents requested are

protected by attorney-client privilege, the work-product doctrine, or any other available privilege

under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-

discoverable documents that are inadvertently produced.

Apple will produce relevant, non-privileged documents and communications sufficient to

identify every bug reported to Apple by Chris Wade, Corellium or Corellium's employees.

Apple will not produce other documents in response to this Request.  Any documents withheld

for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

## REQUEST FOR PRODUCTION NO.  80:

All documents and communications sufficient to identify the value of the bugs reported to Apple by Corellium and Corellium's employees (individually or on behalf of Corellium).

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, vague, and ambiguous because the term "value" is undefined and could have many meanings, as Corellium recognizes by providing a definition for this term in its Interrogatories.  As such, Apple will respond based on the definition of "value" as meaning "monetary payout amount a submitted bug was eligible for when paid."

Apple will produce relevant, non-privileged documents and communications sufficient to identify the value of the bugs reported to Apple by Corellium and Corellium's employees.

## REQUEST FOR PRODUCTION NO.  81:

All documents and communications sufficient to identify all payments issued to Corellium or Corellium's employees (individually or on behalf of Corellium) related to Apple's Bug Bounty Program.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce relevant, non-privileged documents and communications sufficient to identify all payments issued to Corellium or Corellium's employees related to Apple's Security Bounty Program.

<u>**REQUEST FOR PRODUCTION NO. 82:**</u>

Documents and communications sufficient to identify every instance where Apple received a report by Corellium or Corellium's employees (individually or on behalf of Corellium) related to Apple's Bug Bounty Program that Apple did not issue a payment for, including those documents and communications sufficient to demonstrate the reasons why a payment was not issued for such reports.

<u>**Response:**</u>

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce all relevant, non-privileged documents and communications sufficient to identify every instance where Apple received a report by Corellium or Corellium's employees related to Apple's Security Bounty Program that Apple did not issue a payment for.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and communications relating to requests from Apple or any of Apple's employees to Corellium or any of Corellium's employees to locate or fix bugs in Apple's iOS operating system, iOS devices, or GUI Elements.

**Response:**

Apple will produce relevant, non-privileged documents and communications sufficient to identify requests from Apple or any of Apple's employees to Corellium or any of Corellium's employees to locate or fix bugs in Apple's iOS operating system, iOS devices, or GUI Elements, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and communications relating to cease and desist or notices of copyright infringement sent to persons or entities that reported bugs to Apple relating to Apple's Bug Bounty Program, including true and correct copies of any cease and desist letter or notices of copyright infringements themselves.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Consistent with the Court's Order (ECF No. 152), and to the extent they exist, Apple will produce any issued cease and desist letters or notices of copyright infringement, and any non-

64

privileged communications relating to those issued letters or notices, which regard Chris Wade or Corellium's involvement with Apple's Security Bounty Program.  Apple will not produce other documents in response to this Request.  Any documents withheld for privilege will be identified on Apple's privilege log forthcoming on February 28, 2020.

<u>**REQUEST FOR PRODUCTION NO.  85:**</u>

All documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of Corellium's Products.

<u>**Response:**</u>

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.  Apple objects to this Request on the ground that the phrase "concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws" is overbroad and unduly burdensome.

Apple further objects to this Request as vague and ambiguous with regard to the phrase "as a result of use of Corellium's products."  Apple will construe the phrase to mean instances where a bug, exploit, vulnerability, or software law was reported to Apple by someone who specifically acknowledged Corellium.

Apple will produce all relevant, non-privileged documents relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of Corellium's Products, to the extent that Apple is able to determine such a list based on the information

reasonably available to it.

## REQUEST FOR PRODUCTION NO.  86:

All documents and communications relating to Corellium's alleged acquisition of dev-fused iPhones.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will produce all relevant, non-privileged documents and communications relating to Corellium's acquisition of dev-fused iPhones, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO.  87:

Documents sufficient to show the locations of all dev-fused iPhones in Apple's possession, custody, or control.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents sufficient to show the locations of all dev-fused iPhones in Apple's possession, custody, or control" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  The location of dev-fused iPhones is confidential and carefully protected to prevent misuse of the technology.

Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  88:

All documents describing, evidencing, showing, or referring to the actions performed by Corellium, Corellium's users or customers, the Corellium Products, Apple, and Apple's users or customers that allegedly bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple Product.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any

such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple also objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "[D]ocuments describing, evidencing, showing, or referring to the actions performed by . . . Apple, and Apple's users or customers that allegedly bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple Product" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request to the extent that it seeks to impose an obligation on Apple to discover and disclose information that is as easily obtained by parties other than Apple, on the grounds that such discovery is overly broad and unduly burdensome.  For example, information related to "actions performed by Corellium, Corellium's users or customers" can be obtained from Corellium, its users, and its customers.  This is specifically the case in that Corellium has refused to allow any Apple personnel to know its customers, even inside counsel, and thus Apple is necessarily limited in its ability to search for this information.

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  For example, documents relating to the actions of Apple and Apple users contain confidential and proprietary business information.

68

Apple will produce all relevant, non-privileged documents relating to the actions performed by Corellium or Corellium's users or customers that bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple Product, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO.  89:**

All documents relating to the use of jailbroken iOS Devices by third parties for security testing and research of iOS.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  Internal Apple documents relating to security testing and research contain confidential and proprietary information, and some third-party security information is also submitted on a highly confidential basis.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents relating to the use of

jailbroken iOS Devices by third parties" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  90:**

All documents relating to the use of jailbroken iOS Devices by Apple for security testing and research of iOS.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents relating to the use of jailbroken iOS Devices by Apple" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

70

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships. Internal Apple documents relating to security testing and research contain confidential and proprietary information.

Apple will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 91:

All documents relating to the possession of Dev- Fused iPhones by third-parties.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit. "Documents relating to the possession of Dev-Fused iPhones by third-parties" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

71

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  The location of dev-fused iPhones is confidential and carefully protected to prevent misuse of the technology.

Apple will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO.  92:**

All documents sufficient to show the location of all Dev-Fused iPhones by third-parties.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple objects to this Request as overly broad, unduly burdensome, and seeking the discovery of information or documents that are neither relevant to a claim or defense of any party, nor to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and as seeking information of which the burden and expense of discovering overwhelmingly outweighs its likely benefit.  "Documents sufficient to show the location of all Dev-Fused iPhones by third-parties" are not relevant to Apple's claims of direct and contributory copyright infringement listed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in its Answer, and the request is not proportional to the needs of the case.

Apple further objects to this Request because any such documents contain confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships.  The location of dev-fused iPhones is confidential and carefully protected to prevent misuse of the technology.

Apple will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO.  93:

All documents and communications on which Apple intends to rely on at any hearing or at trial in this Action.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as it learns more information as the case progresses.

Apple will produce all relevant, non-privileged documents and communications on which Apple intends to rely on at any hearing or at trial in this Action, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO.  94:

All documents and communications relating to Apple's claims asserted in this Action.

**Response:**

Apple objects to this Request to the extent the information or documents requested are

protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as it learns more information as the case progresses.

Apple further objects to this request as not describing the category of document to be produced with reasonable particularity as required by the Federal Rules.  Apple will of course produce all relevant, non-privileged documents and communications on which Apple intends to rely on at any hearing or at trial in this Action, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO.  95:**

All documents and communications relating to Corellium's affirmative defenses in this Action.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as it learns more information as the case progresses.

Apple further objects to this request as not describing the category of document to be produced with reasonable particularity as required by the Federal Rules.  While Apple will of course endeavor to produce all documents that it views as relevant to proving or disproving Corellium's affirmative defense, it cannot determine which documents *Corellium* might view as important to its affirmative defenses.  At this time, Apple will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO.  96:

All documents and communications supporting Apple's responses to Corellium's Interrogatories.

**Response:**

Apple objects to this Request to the extent the information or documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection.  Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple further objects to this request as not describing the category of document to be produced with reasonable particularity as required by the Federal Rules.  While Apple will of course endeavor to produce all documents that it views as supporting its responses to Corellium's interrogatories, this is not a proper Request for production.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as it learns more information as the case progresses.

Apple will produce relevant, non-privileged documents and communications supporting Apple's responses to Corellium's Interrogatories, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO.  97:

All documents produced by any third party in response to any subpoena Apple serves in this Action.

**Response:**

At this time, there are no documents responsive to this request.  Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as the case progresses.

## REQUEST FOR PRODUCTION NO.  98:

All documents and communications relied upon or reviewed for any answer to any Request for Admission for which the Response is "Admit," in whole or in part.

**Response:**

Apple objects to this Request as written as it calls for information or documents protected by the attorney-client privilege, the work-product doctrine, and similar privileges.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will construe this Request to call for documents and communications supporting its Admissions in response to Corellium's Request for Admission.

Apple further objects to this request as not describing the category of document to be produced with reasonable particularity as required by the Federal Rules.  While Apple will of

course endeavor to produce all documents that it views as supporting its Admissions, this is not a proper Request for production.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement this Response and its related production as it learns more information as the case progresses.

Apple will produce relevant, non-privileged documents and communications supporting Apple's Admissions in response to Corellium's Request for Admission, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO.  99:**

All documents and communications relied upon or reviewed for any answer to any Request for Admission for which the Response is "Deny."

**Response:**

Apple objects to this Request as written as it calls for information or documents protected by the attorney-client privilege, the work-product doctrine, and similar privileges.  Any inadvertent production by Apple shall not constitute a waiver of any such privilege or protection. Apple reserves the right to request the return of such non-discoverable documents that are inadvertently produced.

Apple will construe this Request to call for documents and communications supporting its Denials in response to Corellium's Request for Admission.

Apple further objects to this request as not describing the category of document to be produced with reasonable particularity as required by the Federal Rules.  While Apple will of course endeavor to produce all documents that it views as supporting its Admissions, this is not a proper Request for production.

Apple will exercise its right under the Federal Rules of Civil Procedure to supplement

this Response and its related production as it learns more information as the case progresses.

Apple will produce relevant, non-privileged documents and communications supporting Apple's Denials in response to Corellium's Request for Admission, to the extent such documents exist in Apple's possession and can be located after a reasonable search.

Dated: February 24, 2020                                   Respectfully Submitted,


Kathryn Ruemmler*                                          _s/ Martin B. Goldberg_
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*                                        Martin B. Goldberg
*sy.damle@lw.com*                                          Florida Bar No. 0827029
Elana Nightingale Dawson*                                  *mgoldberg@lashgoldberg.com*
*elana.nightingaledawson@lw.com*                           *rdiaz@lashgoldberg.com*
LATHAM & WATKINS LLP                                       LASH & GOLDBERG LLP
555 Eleventh Street NW, Suite 1000                         100 Southeast Second Street
Washington, DC 20004                                       Miami, FL  33131
(202) 637-2200 / (202) 637-2201 Fax                        (305) 347-4040 / (305) 347-4050 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*


*Attorneys for Plaintiff* APPLE INC.

## **CERTIFICATE OF SERVICE**

I, Elana Nightingale Dawson, do hereby certify that on February 24, 2020, I caused a copy of the foregoing Apple Inc.'s Second Amended Responses and Objections to Corellium, LLC's First Set of Requests for Production to be served via email upon:

Brett C. Govett
Robert Greeson
Jacqueline G. Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

David L. Hecht
Maxim Price
Melody L. McGowin
Minyao Wang
Yi Wen Wu
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Ave 45th Floor
New York, NY 10172
dhecht@piercebainbridge.com
mprice@piercebainbridge.com
mmcgowin@piercebainbridge.com
mwang@piercebainbridge.com
wwu@piercebainbridge.com

S. Jonathan Vine
Justin B. Levine
Lizza C. Constantine
Michael Alexander Boehringer
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com
michael.boehringer@csklegal.com

Gavin Cunningham Gaukroger
BERGER SINGERMAN LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
ggaukroger@bergersingerman.com

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson

79