# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

## PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S MOTION FOR RECONSIDERATION

Plaintiff Apple Inc. ("Apple") submits this opposition to Defendant Corellium, LLC's ("Corellium") motion for reconsideration regarding potential customer discovery (ECF No. 172).

## I. PROCEDURAL & FACTUAL BACKGROUND

At the parties' discovery hearing not quite two weeks ago, the Court granted Apple's motion to compel Corellium to produce information regarding its potential customers, including communications therewith. ECF No. 144,.ECF No. 149. The Court accepted Apple's argument that such information was relevant to, amongst other matters, Corellium's fair use defense. Ex. 1, 2/12/2020 Transcript, at 22-23, 61-62, 83-85. Indeed, one of the core disputes in this case is whether, as Apple claims, Corellium simply sells its product to anyone willing to pay, including malicious users, and without meaningful controls, *see, e.g.*, First Am. Compl., ECF No. 56 ¶¶ 34, 36-37, 39, 41-42, 46, or whether, as Corellium claims, it "does not license its platform to [just] anyone," but rather limits its users to "well-respected financial institutions, government agencies, and security researchers," Answer, ECF No. 64 at 12. The only way to prove or disprove this point is to learn not only who Corellium's *customers* are,[1] but also who sought to be a customer of Corellium but was refused. On February 13, 2020, this Court agreed, and required Corellium to respond to Interrogatory No. 15, which reads "[i]dentify all Persons who have requested purchase of, license to, or any other access to, the Corellium Apple Product to whom Corellium has refused to sell, license, or give access," ECF No. 144 ¶ 3 (granting Apple's Motion to Compel), as well as produce responsive documents relating to such persons, with respect to Apple's Requests for Production 14, 34, 35, 37, 62, 70, and 71. *See* ECF No. 149.

At the February 12, 2020 hearing, Corellium's counsel argued that providing discovery on potential customers would be burdensome, because "my understanding is that there have been tens of thousands of requests," and often "Corellium ignores the email[s]." Ex. 1 at 57-58. The Court nonetheless granted Apple's Motion to Compel, concluding that "I do not believe Corellium has established sufficiently undue burdensomeness." *Id.* at 83. The Court noted Corellium had

---

[1] Of note, Corellium claims in its discovery responses that [REDACTED] ECF No. 188-2, 2/24/2020 Am. Response to Apple Interrogatory No. 9. But in its opposition to Apple's motion for a protective order regarding the deposition of Craig Federighi, Corellium submits an exhibit [REDACTED]. ECF No. 175-3 at 16. Even if its records are incomplete, Corellium should, at minimum, be required to produce the records it has.

presented no facts related to burden other than attorney argument. *Id.* at 85-86. Almost immediately after the Court issued its order, Corellium sought reconsideration on the grounds of undue burden, and the opportunity to re-present the issue of burden to the Court. *Id.* at 85. The Court responded that "Corellium should have already done this if it was burdensome . . . it's not just enough to say, 'It's burdensomeness'; you have to do an affidavit." *Id.* at 85:10-14. The Court then urged Corellium to meet and confer with opposing counsel before seeking any further relief, adding that it would consider a motion "if there was proper conferral and if the Court felt that it was the fair and appropriate thing to do." *Id.* at 85:15-22.

Corellium filed the instant motion for reconsideration nine days later. ECF No. 172. Corellium did not, however, meaningfully confer in an attempt to resolve this matter informally. Rather, Corellium's counsel informed Apple's counsel of the motion the day before it was filed, requesting a meet-and-confer the next day. Ex. 2, Nightingale Dawson Decl. ¶ 3. Rather than attempt to find a compromise, Corellium informed counsel it was going to stand on its claim of burden and was not interested in finding a middle ground that would satisfy the Court's stated concerns or Apple's discovery needs. *Id.* ¶ 4. Indeed, on that call, Corellium did not disclose the scope of its searches, did not provide any further details regarding burden, and did not propose any narrowing compromises with Apple. *Id*. ¶ 4. Corellium stated its aim was to avoid production entirely. *Id*.

Corellium's motion attaches a two-page Declaration of Amanda Gorton. ECF No. 172-6. The sole statement related to burden contained in the Gorton Declaration is that "there are likely more than ten thousand (10,000) inquiries relative to these discovery requests" about potential customers. ECF No. 172-6 ¶ 9. This is, of course, the same "fact" cited by counsel at the February 12, 2020 hearing. *See* Ex. 1 at 57-58. And it is, of course, still not an actual fact, as it is qualified by the word "likely" and unsupported by any description of efforts actually made by Corellium or its counsel to identify potentially responsive documents. ECF No. 172-6 ¶ 9.

## II. CORELLIUM DOES NOT MEET THE HEIGHTENED BURDEN FOR RECONSIDERATION.

"A motion for reconsideration should raise new issues, not merely address issues litigated previously." *FTC v. Dluca*, No. 18-cv-60379, 2018 WL 6978624, at *1 (S.D. Fla. Oct. 23, 2018). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* Corellium's motion correctly cites the Rule 59(e) standard applicable to

2

a motion for reconsideration. ECF No. 172 at 3. However, Corellium fails to articulate any "new evidence," "clear error," or "manifest injustice" sufficient to qualify for reconsideration.

Corellium's only asserted basis for reconsideration is "additional evidence." ECF No. 172 at 5. But "additional" is not synonymous with "new." The only "additional" fact Corellium provides in support of reconsideration is the Gorton Declaration statement that "there are likely more than ten thousand (10,000) inquiries" from potential customers. ECF No. 172-6 ¶ 9. This sentence, which Corellium could have presented in affidavit form as part of its original discovery briefing, and which Corellium's attorney knew and asserted at the February 12 motion to compel hearing, "does not provide a basis for this Court to reconsider its decision." *See e.g.*, *Duval v. Law Office of Andreu, Palma & Andreu*, No. 09-cv-22636, 2010 WL 2293138, at *2 (S.D. Fla. June 8, 2010). Defendant's repackaging of old assertions "fails to present any new evidence worthy of the Court's reconsideration." *Dluca*, 2018 WL 6978624, at *1. Corellium's motion for reconsideration should be denied on this basis alone.

### III.   CORELLIUM FAILED TO MEANINGFULLY CONFER.

As noted above, both this Court's instructions (Ex. 1 at 85) and the Local Rules of this District required Corellium to meaningfully meet and confer before coming back to the Court for relief. Local Rule 7.1(a)(3). The Court's standard Discovery Order also instructs counsel to "discuss the available options for resolving the dispute without court intervention and make a concerted, good faith effort to arrive at a mutually acceptable resolution." ECF No. 34 ¶ 1. Corellium failed to do so, waiting until the day it filed this motion for reconsideration to even attempt to discuss the matter with Apple's counsel, and then refusing to propose or discuss any possible narrowing compromises. Ex. 2 ¶¶ 3-4. While Apple remains willing to discuss pragmatic efforts to reduce any genuine burden while still obtaining this critically important discovery, this Court is under no obligation to assist a party who lost a discovery motion yet still refuses to "discuss the available options" for narrowing with opposing counsel. ECF No. 34 ¶ 1. Corellium's motion for reconsideration should be denied on this basis as well.

### IV.   CORELLIUM FAILS TO ARTICULATE AN UNDUE BURDEN.

Corellium's motion fails as a matter of black-letter-law under the standard for reconsideration. But even if considered under the Rule 26(c) standard for a timely filed motion for protective order (which Corellium never filed), Corellium fails to demonstrate good cause. Contrary to Corellium's assertions, the sought-after discovery is highly relevant, central both to

3

Apple's allegation that Corellium is indiscriminately selling Apple's copyrighted works to the highest bidder, including for potentially malicious uses, and to Corellium's defense that it engages only in laudatory, socially productive research. *See supra* at 1; ECF No. 56 ¶¶ 4-5, 7, 25-28, 34, 36-37, 39, 41-42, 46; ECF No. 64 at 1-14.  And Corellium's belated affidavit wholly fails to articulate good cause as to why producing potential customer information would impose an undue burden or expense.  Instead, Ms. Gorton's affidavit relies on conclusory and blustering adjectives devoid of detail. *See* ECF No. 172-6 ¶ 9 ("tremendous undertaking"); *id.* ("disproportional to the case"); *id.* ¶ 10 ("extremely time-consuming").  Such "conclusory objections of . . . undue burden are insufficiently specific to amount to good cause to enter a protective order." *Nowak v. Lexington Ins. Co.*, No. 05-cv-21682, 2006 WL 3613766, at *5 (S.D. Fla. June 12, 2006) (rejecting motion for protective order where defendants contended that search of all global lawsuits filed against it over six years would be unduly burdensome).

       The only specific fact Corellium does proffer is that "there are likely more than ten thousand (10,000) inquiries relative to these discovery requests" about potential customers.  ECF No. 172-6 ¶ 9.  Notably, however, Ms. Gorton's declaration fails to describe any efforts by Corellium or its attorneys to locate responsive documents, or any factual basis for the "10,000" figure she believes is "likely." *Id.*  Corellium does not describe its data sources, potential custodians, search processes, search terms, hit counts, scope and nature of sample false positives, document review and processing times, projected production volume, projected production costs, or other such common metrics.  Corellium's refusal to provide anything except a "likely" estimate of 10,000 inquiries—with no support for that figure whatsoever—fails to meet its burden.  *See, e.g., In re Furstenberg Fin. SAS*, No. 16-cv-60266, 2017 WL 6560357, at *6–7 (S.D. Fla. Oct. 31, 2017) (faulting discovery respondent for repeatedly failing to articulate details of searches, hit counts, and the ilk).  "By refusing to provide meaningful details about its search processes, the Court is not in a position to dispel any concerns" Apple or the Court might have regarding Corellium's production.  *See In re Furstenberg Fin. SAS*, 2017 WL 6560357, at *6.

       Moreover, even if accurate, the assertion of 10,000 potential customer inquiries, standing alone, is meaningless in assessing Corellium's burden.  Corellium does not explain how potential customer inquiries are received, how Corellium processes or stores them, or which Corellium systems or custodians interact with them.  Nor does Corellium describe inquiries' typical format or size.  If, for example, most potential customer inquiries flow as brief email messages to the

4

single "sales@corellium.com" inbox listed on Corellium's homepage, collection and production of 10,000 messages would likely comprise a single PST file of under one gigabyte—hardly burdensome. Moreover, even if more vigorous efforts were required, Corellium has retained the services of *four* highly-qualified law firms in this high-stakes, complex intellectual property case. In fact, Apple has *produced* more than 30,000 pages of documents in response to Corellium's requests for production, and *reviewed* an order of magnitude beyond that. Ex. 2 ¶ 5. Requiring Corellium to conduct a similar review of its own files, in response to discovery that has been pending since *October*, does not constitute an "undue" burden. *See, e.g.*, *Quail Cruises Ship Mgmt. Ltd. v. Agencia De Viagens CVC Tur Limitada*, No. 09-cv-23248, 2012 WL 12949753, at *2 (S.D. Fla. Feb. 14, 2012) (rejecting defendants' argument of "undue burden or cost" in part because defendants failed to substantiate a claimed $100,000 discovery expense).

Corellium's citation to *NITV, LLC v. Hughes*, No. 06-cv-81027, 2007 WL 9701815, at *1 (S.D. Fla. Nov. 28, 2007) is inapt. There, the Court denied the defendant's request to obtain the complete advertising, marketing, and customer lists of a direct competitor in a trade secret misappropriation action. *NITV*, 2007 WL 9701815, at *2. The Court's particular concern was that "armed with such [a] list," the allegedly misappropriating party "would be able to immediately solicit [the other's] customers." *Id.* By contrast, Corellium's motion for reconsideration only asserts that their customer inquiry volume may render search and production burdensome. ECF No. 172 at 5. Even if Corellium had some competitive concerns about customer inquiries it "ignore[d]" (*see* Ex. 1 at 57-58), it could mitigate those concerns through the existing protective order. *See* ECF No. 50.

Finally, many of the potential customer documents Apple seeks should have already been captured based on broader searches related to the Corellium Apple Product. *See, e.g.*, ECF No. 188-1, 2/24/2020 Am. Responses to Apple's RFPs 17, 34-35, 37, 85-86. Apple fears that Corellium's assertion that there are tens of thousands of unreviewed documents means that not only these documents, but also potentially scores of other responsive materials, are missing from Corellium's production. The Court should require Corellium to produce all responsive documents forthwith.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court deny Corellium's Motion for Reconsideration (ECF No. 172).

| | |
|---|---|
| Dated: February 26, 2020 | Respectfully Submitted, |
| | *s/ Martin B. Goldberg* |
| Kathryn Ruemmler* | |
| *kathryn.ruemmler@lw.com* | Martin B. Goldberg |
| Sarang Vijay Damle* | Florida Bar No. 0827029 |
| *sy.damle@lw.com* | *mgoldberg@lashgoldberg.com* |
| Elana Nightingale Dawson* | *rdiaz@lashgoldberg.com* |
| *elana.nightingaledawson@lw.com* | LASH & GOLDBERG LLP |
| LATHAM & WATKINS LLP | 100 Southeast Second Street |
| 555 Eleventh Street NW, Suite 1000 | Miami, FL 33131 |
| Washington, DC 20004 | (305) 347-4040 / (305) 347-4050 Fax |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.