UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO FILE UNDER SEAL
EXHIBITS B AND C TO PLAINTIFF APPLE INC.'S REPLY
IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER BARRING DEPOSITION OF PLAINTIFF'S
APEX EMPLOYEE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Apple Inc. ("Apple"), by and through undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of Exhibits B and C to Plaintiff Apple Inc.'s Reply In Support Of Its Motion For Protective Order Barring Deposition Of Plaintiff's Apex Employee ("Reply"). In support of this request, Apple states as follows:

1. On December 13, 2019, the Court entered a Stipulated Confidentiality and Protective Order, ECF No. 50 ("Protective Order"). The Protective Order permits the parties to designate Protected Material pursuant to Protective Order ¶ 7, and further provides that "[a]ny Party is authorized under Rule 5.4 of the Southern District of Florida Local Rules to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order." Protective Order ¶ 15(b).

2.      Exhibits B and C to Plaintiff Apple Inc.'s Reply in Support of its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee are documents that Corellium provided to Apple prior to this litigation. At the time Corellium provided the documents to Apple, Corellium affixed a "Highly Confidential and Proprietary" label on the first page Exhibit B and a "Confidential and Proprietary" label on the first page of Exhibit C.

3.      Exhibit 3 to Corellium's response to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee, which Corellium sought to file under seal, ECF No. 179, is a substantially similar document, ECF No. 175-3. The Court granted Corellium's motion to seal. ECF No. 182.

4.      Pursuant to the Parties' discussion before the Court regarding the review of sealed materials prior to filing, at 4:52pm ET on Wednesday, February 26, 2020, Apple sent Exhibits B and C to Corellium's counsel, requesting Corellium's position regarding whether Exhibits B and C contained confidential information and, if so, what Corellium's position would be regarding a motion to seal the Exhibits or portions thereof.

5.      As of 6:15pm on Wednesday, February 26, 2020, Corellium's counsel had not responded. In light of the hearing set to address Apple's Motion for Protective Order, Apple proceeded with the filing of its Reply and, given the representations on the covers of Exhibits B and C, filed fully redacted versions of both exhibits.

6.      Consistent with the Protective Order and Corellium's prior representations regarding Exhibits B and C, Apple moves to file under seal Exhibits B and C. Apple reserves all rights to challenge Corellium's designation of this and other material as AEO.

7.      Once Corellium has confirmed what content, if any, of Exhibits B and C may be filed publicly, Apple will seek to refile the exhibits in partially redacted form.

**WHEREFORE** Apple respectfully requests that, unless and until Corellium's representations regarding the confidentiality of Exhibits A and B change or are rejected, the following documents remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above-referenced Protective Order, as ordered by this Court, or required by law:

a. Plaintiff Apple Inc.'s Reply in Support of its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee

A proposed order is submitted herewith.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff attempted to confer via email with counsel for Defendant on February 26, 2020 by sending Exhibits B and C to counsel for Defendant and seeking counsel for Defendant's position regarding the sealing of the Exhibits. As of 7:15pm ET on February 26, 2020, counsel for Defendant had not responded regarding its position as to the relief sought herein.

Dated: February 26, 2020 　　　　　　　　　Respectfully Submitted,

Kathryn Ruemmler* 　　　　　　　　　　　*/s/ Martin B. Goldberg*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle* 　　　　　　　　　　Martin B. Goldberg
*sy.damle@lw.com* 　　　　　　　　　　　 Florida Bar No. 0827029
Elana Nightingale Dawson* 　　　　　　　 *mgoldberg@lashgoldberg.com*
*elana.nightingaledawson@lw.com* 　　　　 *rdiaz@lashgoldberg.com*
LATHAM & WATKINS LLP 　　　　　　　Emily L. Pincow
555 Eleventh Street NW, Suite 1000 　　　　Florida Bar. No. 1010370
Washington, DC 20004 　　　　　　　　　*epincow@lashgoldberg.com*
(202) 637-2200 / (202) 637-2201 Fax 　　　　LASH & GOLDBERG LLP
　　　　　　　　　　　　　　　　　　　100 Southeast Second Street
Andrew M. Gass* 　　　　　　　　　　　 Miami, FL  33131
*andrew.gass@lw.com* 　　　　　　　　　 (305) 347-4040 / (305) 347-4050 Fax
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.