UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

v.                                                                **FILED UNDER SEAL**

CORELLIUM, LLC,

      Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S MOTION FOR**
**PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Defendant Corellium, LLC ("Corellium") files this Motion for Protective Order seeking protection from Plaintiff Apple Inc.'s ("Apple") irrelevant and improper discovery requests under Federal Rule of Civil Procedure 26(c).

## **INTRODUCTION AND SUMMARY OF ARGUMENT**

A protective order should be granted because Apple's entire Second Set of Requests for Production[1] and Request Nos. 66-73 and 83-95 of Apple's Second Set of Requests for Admission[2] (collectively, the "discovery requests") seek information and documents that are wholly irrelevant and well outside the proper scope of discovery ███████████████████████████ ██████████████.

Apple has brought claims against Corellium for alleged copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"). As such, this dispute centers on Apple's alleged copyrighted works, Corellium's alleged use of those works, and the underlying functionality of Corellium's technology. On December 20, 2019, however, Apple served its second set of discovery requests, which ask Corellium to produce documents and admit ████████████████████████████████████████████████████████ ███████████████████████████████████. This discovery topic is in no way relevant to the underlying claims and facts at issue in this lawsuit. Rather, by requesting discovery on this topic, Apple seeks impermissible access into the private lives of Corellium's founders in what amounts to a blatant attempt to harass, annoy, oppress, and unduly burden Corellium and its co-founders. Moreover, and most importantly, the information and materials sought—regardless

---

[1] Apple Inc.'s Second Set of Requests for Production of Documents to Defendant Corellium, LLC (Nos. 88-89), attached hereto as Exhibit A.

[2] Apple Inc.'s Second Set of Requests for Admission to Defendant Corellium, LLC (Nos. 66-95), attached hereto as Exhibit B.

of whether true or available— ███████████████████████████████████████

███████████████████████████. Corellium therefore requests that the Court protect

Corellium from complying with these discovery requests and prohibit Apple from seeking any

future discovery on this topic.

    Specifically, Corellium seeks protection from all Requests included in Apple's Second Set

of Requests for Production, which ask Corellium to produce documents related ████████████

█████████████████████████████████████████████████████████████████████

███████████████████ that concerns Corellium's technology or that otherwise ████████.

██████████████████████████ relating to" Corellium's technology.[3]

    Second, Corellium also seeks protection from Request Nos. 66-73 and 83-95 contained in

Apple's Second Set of Requests for Admission, which ask Corellium to admit ████████████████

████████████████████████, and to admit ████████████████████████████████████

██████████████████████████████████████.[4]

    Third, Corellium asks that the Court enter an order prohibiting future discovery in this case

concerning Corellium's ██████████████████████████████████████████████████████

█████████████████████████████, as this information clearly falls outside the scope of

permissible discovery and is intended only to harass, annoy, oppress, and unduly burden Corellium

████████████████.

## ARGUMENT & AUTHORITIES

    A court may, for good cause, grant a protective order "to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure

or discovery" or "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1). In other words,

---

[3] *See* Ex. A.
[4] *See* Ex. B.

there must be a "sound basis or legitimate need to take judicial action."  *See, e.g.*, *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1985).  A district court has "broad discretion when fashioning protective orders."  *Id.* at 357.

      **A.**      <u>**Apple's discovery requests seek irrelevant information and documents that are not within the proper scope of discovery.**</u>

The scope of discovery is limited to "nonprivileged matter[s] that [are] **relevant to any party's claim or defense** and **proportional to the needs of the case, considering** the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit[.]"  Fed. R. Civ. P. 26(b)(1) (emphasis added).  While information need not be admissible in evidence to be discoverable, it must be relevant to fall within this scope.  *Id.*  A court must limit the extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

The information and documents requested from Corellium are not relevant or proportional to the needs of the case.  Corellium ███████████████████████████████████████████ ███████████████████████████████████████████████████████ has no possible bearing on Apple's claims against Corellium for copyright infringement and DMCA violations or any other claim in this lawsuit.  Rather, Apple propounded these discovery requests to harass, embarrass, oppress, and unduly burden Corellium ████████████.  Such "frivolous" and harassing discovery requests should not be tolerated.[5]

---

[5]   According to L.R. 11.1(c), "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar."  As mandated by Rule 4-3.4(d) of the Rules Regulating The Florida Bar "a lawyer must not . . . make a frivolous discovery request."

**B.**     <u>**The potential harm occasioned by discovery would far outweigh disclosure.**</u>

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." In *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000), the court applied Rule 403 to grant a protective order in a sexual harassment case because the "[p]laintiff's discovery requests [] inquired into every conceivable office rumor from the State Attorney's Office, with little or no regard for the subject matter of those rumors." Even assuming the information sought was relevant, the court determined it was "so highly prejudicial" that the court would exclude the evidence under Rule 403 regardless. *Id.* Here, Apple should be prohibited from seeking discovery on this topic for the same reason. Apple's far reaching requests, which are unlikely to produce admissible evidence under Rule 403, but are sure to harass, embarrass, oppress, and unduly burden Corellium ██████████, are the sort of discovery requests that Corellium ███████████ must be protected from.

**C.**     <u>**The Requests seek highly-sensitive government information.**</u>

As discussed above, while the Requests Corellium seeks protection from are undoubtedly irrelevant and unduly burdensome, the most alarming concern is that the information sought ████████████████████████████████████████████████. To be clear, any ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████. Moreover, the concerns and the privacy rights that exist ████████████████████ and as such cannot be overcome. Accordingly, due to the fact that Corellium cannot respond to Apple's Requests ██████████ ████████████████████████████████████████, this Court must issue an order protecting Corellium from response and prohibiting Apple from future discovery on

the topic. The undersigned advises that, per the direction of the Court, counsel is willing and able to provide additional assistance and explore alternative options if further corroboration is required.

## CONCLUSION

Corellium respectfully requests that the Court issue a protective order protecting Corellium from Apple's Second Set of Requests for Production and from Request Nos. 66-73 and 83-95 of Apple's Second Set of Requests for Admission, prohibiting the parties from propounding future discovery on this topic, and granting such other relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE UNDER L.R. 7.1(A)(3)

On January 17, 2020, counsel for the movant conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion. Plaintiff informed Defendant that it opposes the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

NORTON ROSE FULBRIGHT US LLP
*Counsel for Defendant Corellium*
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone (214) 855-8000
Facsimile (214) 855-8200

Brett Govett, *Pro hac vice*
brett.govett@nortonrosefulbright.com
Robert Greeson, *Pro hac vice*
robert.greeson@ nortonrosefulbright.com
Jackie Baker, *Pro hac vice*
jackie.baker@nortonrosefulbright.com

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Corellium*

Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977

Jonathan Vine
Florida Bar No.: 10966
jonathan.vine@csklegal.com
Justin Levine
Florida Bar No.:  106463
justin.levine@csklegal.com
Lizza Constantine
Florida Bar No.: 1002945
lizza.constantine@csklegal.com

*Attorneys for Defendant, Corellium, LLC*

By:

/s/ *Justin Levine*
Justin Levine