UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

**APPLE INC.'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT CORELLIUM, LLC (NOS. 88-89)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, Apple Inc. ("Apple") submits its Second Set of Requests for Production of Documents to Defendant Corellium LLC ("Corellium"). Corellium shall produce each of the Documents requested below within thirty (30) days of service, or such other time as the parties may agree, at the offices of Latham & Watkins LLP, c/o Elana Nightingale Dawson, Esq., 555 Eleventh St. N.W., Suite 1000, Washington, D.C. 20004-1304. Corellium shall timely supplement all responses to the Requests below as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules. Additionally, as used herein, the terms set forth below shall have the following meanings:

1. "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

2. "Plaintiff" means Apple.

3. This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4. "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5. The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems. Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6. The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7. "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

8. "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device. Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9. "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

10. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

11. "dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

12. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component. The scope of this term includes all comments. To the extent Source Code is maintained in a repository in the ordinary course of business, the scope of this term includes the full repository and not any one version of the repository.

14. "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

15. "Foreign" means any country except the United States of America.

16. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

17. Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    (a) structured and unstructured data, as those terms are defined in the Sedona Conference Glossary, www.thesedonaconference.org/publications;

    (b) activity listings of electronic mail receipts and/or transmittals;

    (c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS) iMessages, Blackberry Messenger (BBM), AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, Source Code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (e.g. Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein;

(e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites; and

(f) any and all data, data compilations, and data analyses.

18. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 34 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein; "Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

19. "Identify" means that the following information shall be provided:

    a.   When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).

    b.   When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.

    c.   When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

    d.   When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

    e.   When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

20. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that

in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

21. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

23. "Any" shall be construed to mean "any and all."

24. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

25. The use of the singular term of any word includes the plural and vice versa.

26. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

## INSTRUCTIONS

1.  The requests herein cover all Documents within Your possession, custody or control, regardless of whether they are currently in Your possession, including, but not limited to, all Documents within the possession, custody, or control of persons acting on Your behalf or at Your instruction.

2. Pursuant to Federal Rule of Civil Procedure 34(b), You are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Set of Requests. Such Documents shall be designated as responsive to the particular Request as designated herein. Documents are to be produced in full and unexpurgated form.

3. This Set of Requests is continuing so as to require further and supplemental production by You in the event You obtain or discover additional Documents between the time of initial response and the time of hearing or trial. Fed. R. Civ. P. 26(e).

4. All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals. All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.).

5. If any Document covered by this Set of Requests is withheld by reason of a claim of privilege (including work product immunity), You shall furnish a list within 30 days identifying for each withheld Document: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of Document withheld, (3) the general subject matter of the Document, (4) the date of the Documents and (5) such other information as is sufficient to Identify any withheld material, including, where applicable, the author(s) or source(s) of any Document, the addressee(s) and recipient(s) of any Document, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

6. In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 88:**

All Documents related to any contract, arrangement, agreement, understanding, or interaction between Corellium and the United States Government relating to or concerning the Corellium Apple Product. For purposes of this request, United States Government includes United States Government employees and United States Government agencies.

**REQUEST FOR PRODUCTION NO. 89:**

All ███████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
█████████████████.

| | |
|---|---|
| Dated: December 20, 2019 | Respectfully Submitted, |
| | *s/ Martin B. Goldberg* |
| Kathryn Ruemmler* | Martin B. Goldberg |
| *kathryn.ruemmler@lw.com* | Florida Bar No. 0827029 |
| Sarang Vijay Damle* | *mgoldberg@lashgoldberg.com* |
| *sy.damle@lw.com* | *rdiaz@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |
| | |
| Andrew M. Gass* | |
| *andrew.gass@lw.com* | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |

*Admitted pro hac vice*

*Attorneys for Plaintiff* APPLE INC.

## **CERTIFICATE OF SERVICE**

I, Elana Nightingale Dawson, do hereby certify that on December 20, 2019, I caused a copy of the foregoing Apple Inc.'s Second Set of Requests for Production to Defendant Corellium, LLC (Nos. 88-89) to be served via email upon:

Brett Govett
Robert Greeson
Jackie Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Jonathan Vine
Justin Levine
Lizza Constantine
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson