UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-CV-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

FILED BY ____ D.C.

MAR 02 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART APPLE'S MOTION TO COMPEL [DE 68] AND PROVIDING FURTHER DISCOVERY RULINGS AFTER FEBRUARY 27, 2020 DISCOVERY HEARING

THIS CAUSE is before the Court upon Plaintiff Apple Inc.'s ("Apple") Motion to Compel Defendant Corellium, LLC to Produce Responsive Documents and Provide Complete Discovery Responses [DE 68] and upon other discovery disputes briefed by the parties in their Joint Notice Regarding Discovery Disputes [DEs 188, 193[1]] and discussed at the February 27, 2020 discovery hearing. These matters were referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32.

The Court has entered numerous discovery orders and has held previous discovery hearings in this case. The parties continue to battle over discovery issues in this case. On February 27, 2020, the Court heard argument from the parties on the discovery disputes that remained after the Court entered its prior discovery orders and after the parties amended their discovery responses in compliance with those orders. Upon careful review of its prior orders, the

---

[1] Docket Entry 193 is the sealed version of the Joint Notice Regarding Discovery Disputes.

1

entire docket in this case, the relevancy and proportionality requirements of Rule 26(b)(1), and counsel's arguments at the February 27, 2020 discovery hearing, and as stated in open court, it is hereby **ORDERED** as follows:

1. Corellium is directed to provide Apple with the code, in a native and usable format, for the prior and current versions of the Apple patches on or before **February 28, 2020**.

2. The parties are also directed to confer and determine a method for Apple's expert to obtain the credentials to interact with the Corellium Apple Product as if the expert were a customer of both the current and the prior version of the Corellium Apple Product. The parties shall undertake this conferral as quickly as possible. Apple's expert needs sufficient time to examine the code, test the Corellium Apple Product, and draft an affidavit as to whether the information provided by Corellium is sufficient or not. Both Apple's and Corellium's experts shall submit affidavits on or before **noon on March 15, 2020**, stating their respective positions and rationale as to whether Apple requires additional discovery on Corellium's hypervisor.

3. At the February 27, 2020 hearing, the Court considered the parties' proposed competing definitions of the Corellium Apple Product, and the Court ruled that the definition for discovery purposes of the Corellium Apple Product shall be as follows: "All products developed, offered for sale, or sold by Corellium that create virtual versions of iOS-operated devices. This definition does not include Corellium products that are based on other mobile operating systems. **The Court will rule at a later date whether this definition includes the hypervisor platform included in the**

<u>**Corellium Apple Product sold by Corellium to the extent it relates to iOS.**</u>" The Court explicitly explained that it is not requiring Corellium to produce the hypervisor source code at this time. Rather, the Court will make a determination about any hypervisor-related production after reviewing the parties' expert affidavits, as discussed in Paragraph 2 above.

4. Apple's Motion to Compel Defendant Corellium, LLC to Produce Responsive Documents and Provide Complete Discovery Responses [DE 68] is **GRANTED IN PART AND DENIED IN PART**. The parties, after further conferral in court and over lunch, reached an agreement about many of the Requests for Production. Their agreement was read into the record at the February 27, 2020 hearing. The parties shall comply with that agreement. Apple reserved its rights to re-argue its position on the Requests for Production if the Court later finalizes its definition of the Corellium Apple Product so as to include the hypervisor platform. The Court also heard argument and ruled on Requests for Production 40, 41, 52, and 78.

    a. Corellium agreed to apply the Court's definition of the Corellium Apple Product and then amend its discovery responses, to the extent necessary, and produce all responsive, non-privileged documents for Requests for Production 1, 3, 7, 8, 9, 32, 45, 46, 47, 48, 49, 50, 52, 61, 63, 64, 71, 75, 83. This shall be completed on or before **March 9, 2020**.

    b. Corellium agreed to amend its discovery responses, to the extent necessary, and produce all responsive, non-privileged documents related to iOS for Requests for Production 12 and 13. This shall be completed on or before

**March 9, 2020**.

c. Corellium agreed to amend its discovery responses to Requests for Production 15, 18, 19, 36, 42, and 55 because it has already produced all responsive, non-privileged documents based on the Court's definition of the Corellium Apple Product. This shall be completed on or before **March 9, 2020**.

d. For Requests for Production 20 and 21, Apple agreed to limit the request to iPhones used for testing, ipsw.me files, and any other Apple products used in the creating, development or testing of the Corellium Apple Product as defined by the Court. The narrowed scope of the Requests excludes personal devices. Corellium agreed to amend its discovery responses and produce all responsive, non-privileged documents to the narrowed version of the Request. This shall be completed on or before **March 9, 2020**.

e. Subject to a possible meet and confer, Corellium agreed to apply the Court's definition of the Corellium Apple Product and then amend its discovery responses, to the extent necessary, and produce all responsive, non-privileged documents for Requests for Production 25, 27, and 30. This shall be completed on or before **March 9, 2020**.

f. Apple withdrew its Motion to Compel with regard to Requests for Production 38 and 39.

g. The parties agreed to further meet and confer on Requests for Production 31, 73, and 82. If the parties cannot agree on these Requests, they may raise these three Requests for Production again at the March 16, 2020 hearing.

4

h. For Request for Production 69, Corellium agreed to apply the Court's definition of the Corellium Apple Product and then amend its discovery response and produce documents regarding Corellium's customers (including trial customers) and affirmatively rejected customers. This shall be completed on or before **March 9, 2020**.

i. For Request for Production 70, Apple agreed to narrow the Request to the Court's definition of the Corellium Apple Product or this action. Corellium agreed to amend its discovery response and produce documents relating to customers (including trial customers) and affirmatively rejected customers. Corellium is not required to produce documents relating to investors or potential investors. This shall be completed on or before **March 9, 2020**.

j. The Court RESERVES RULING on Request for Production 40 and will hear argument on the Request at the March 16, 2020 hearing. The parties shall further confer in an effort to resolve this dispute.

k. The Court GRANTS Apple's Motion to Compel as to Request for Production 41. Corellium is required to amend its response and to produce the sales agreement between Corellium and Azimuth Security on or before **March 9, 2020**. The Court RESERVES RULING on whether Corellium is required to produce its reseller agreement with Azimuth Security. The Court will hear argument on this issue at the March 16, 2020 hearing.

l. For Request for Production 52, Apple agreed to remove the strategic plans portion of the Request and limit the scope of the request to the Corellium

      Apple Product as defined by the Court. The Court GRANTS IN PART AND DENIES IN PART Apple's Motion to Compel as to the remainder of the Request. On or before **March 9, 2020**, Corellium is required amend its response and to produce all documents comprising or relating to Corellium's development and sales plans and forecasts from the formation of Corellium to the present.

    m. For Request for Production 78, on or before **March 3, 2020**, Corellium shall submit its form nondisclosure agreement used for employees for *in camera* review by the undersigned. Corellium shall provide the nondisclosure agreement and an accompanying cover letter to the undersigned's chambers. Corellium shall send Apple a copy of the cover letter. Upon review of the nondisclosure agreement, the Court will determine the relevancy and proportionality of the agreement and whether the agreement should be produced.

5. Corellium provided Apple with amended interrogatory responses in compliance with the Court's Order Granting in Part and Denying in Part Apple's Motion to Compel Defendant Corellium, LLC to Provide Complete Responses to Interrogatories [DE 144]. At the February 27, 2020 hearing, the Court made the following rulings about the amended responses.

    a. For Interrogatory 7, on or before **March 9, 2020**, Corellium shall provide to Apple a revised response to include all bugs, not just those under the parameters of the Apple Bug Bounty Program. *See* DE 144, p. 3., para. 4(a).

    b. For Interrogatory 8, Corellium was directed to provide Bates stamp numbers by the end of the day on **February 27, 2020**.

6. Apple provided Corellium with amended request for production responses in compliance with the Court's Order Granting in Part and Denying in Part Corellium's Motion to Compel Plaintiff to Properly Respond to Defendant's First Request for Production, Produce Responsive Documents and to Overrule Plaintiff's Objections [DE 152]. At the February 27, 2020 hearing, Corellium argued that Apple's amended response to Request for Production 88 was still deficient. The Court ruled that Apple shall produce, to the extent it has not already done so, all security guidelines, end user license agreements, Apple Bug Bounty guidelines, developer agreements, and guidelines for bypassing the security measures in iOS and any other Apple products. Apple is not required to produce documents regarding actions performed by Apple or Apple's users or customers. This shall be completed on or before **March 9, 2020**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of March, 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE