# EXHIBIT 2

**LATHAM & WATKINS LLP**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 11, 2020

**VIA PERSONAL SERVICE**

Azimuth Security, LLC
c/o CT Corporation System (Registered Agent)
1200 S. Pine Island Dr.
Plantation, FL 33324

    Re: *Apple Inc. v. Corellium, LLC*, 9:19-cv-81160-RS (S.D. Fla.)

Dear Representative of Azimuth Security, LLC:

   I am an attorney for Apple, Inc.  As indicated in the enclosed subpoenas, Apple seeks the production of documents in the possession, custody, or control of Azimuth Security, LLC related to the above-referenced litigation, as well as testimony at deposition.  As indicated in the subpoena, production is called for by February 25, 2020 and the deposition is scheduled for March 6, 2020.  However, if those dates are inconvenient, we would be happy to discuss timing and any other issues arising in connection with these subpoenas.  I have also enclosed a copy of the governing protective order in this case.

   Please do not hesitate to reach out with any questions regarding the subpoenas or otherwise.  You can reach me at (202) 637-2303.  I look forward to hearing from you.

       Best regards,

       Elana Nightingale Dawson
       of LATHAM & WATKINS LLP

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 9:19-cv-81160-RS |
| CORELLIUM, LLC, | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Azimuth Security, LLC

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Ben Bistricer, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022-4834 | Date and Time: 02/25/2020 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2020

| _CLERK OF COURT_ | OR | _Elana Nightingale Dawson_ |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Apple, Inc.
, who issues or requests this subpoena, are:

Elana Nightingale Dawson, LATHAM & WATKINS LLP
555 11th St., NW, Suite 1000, Washington, D.C. 20004, elana.nightingaledawson@lw.com, 202-637-2303

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _9:19-cv-81160-RS_

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**
**TO DOCUMENT SUBPOENA**

**DEFINITIONS**

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.   "Plaintiff" means Apple Inc.

2.   "Corellium" and "Defendant" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

3.   "You" and "Your" means Azimuth Security, LLC, and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

4.   This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

5.   The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems.  Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6.   The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7.   "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

1

8.   "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9.   "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

11.  "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

12. Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure.

13. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 45 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein;

"Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

14. "Identify" means that the following information shall be provided:

    a.  When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).

    b.  When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.

    c.  When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

    d.  When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

    e.   When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

15. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

16. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

18. "Any" shall be construed to mean "any and all."

19. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

20. The use of the singular term of any word includes the plural and vice versa.

21. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

## INSTRUCTIONS

1.   The requests herein cover all Documents within Your possession, custody or control, regardless of whether they are currently in Your possession, including, but not limited to, all Documents within the possession, custody, or control of persons acting on Your behalf or at Your instruction.

2.   Pursuant to Federal Rule of Civil Procedure 45(e), You are instructed to produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Set of Requests.  Such Documents shall be designated as responsive to the particular Request as designated herein.  Documents are to be produced in full and unexpurgated form.

3.   All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.  All electronic Documents shall be produced in a commonly readable and searchable electronic form and shall include all metadata (*i.e.*, information describing how, when, and by or to whom the electronic Document was collected, created, accessed, modified, formatted, distributed, etc.).

4.   If any Document covered by this Set of Requests is withheld by reason of a claim of privilege (including work product immunity), You shall furnish a list within 14 days identifying for each withheld Document: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of Document withheld, (3) the general subject matter of the Document, (4) the date of the Documents and (5) such other information as is sufficient to Identify any withheld material, including, where applicable, the author(s) or source(s) of any

Document, the addressee(s) and recipient(s) of any Document, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

     5.   In the event that any Document called for by this Set of Requests has been destroyed, lost, discarded, or otherwise disposed of, any such Document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person who disposed of the Document.

## **DOCUMENTS TO BE PRODUCED**

### **REQUEST FOR PRODUCTION NO. 1:**

     All Documents and Communications relating to Corellium.

### **REQUEST FOR PRODUCTION NO. 2:**

     All Documents relating to Your use of the Corellium Apple Product, including the nature of Your use of the Corellium Apple Product, the length of Your use of the Corellium Apple Product, and any payments made to Corellium in exchange for use of the Corellium Apple Product.

### **REQUEST FOR PRODUCTION NO. 3:**

     All Documents and Communications relating to Your sale or resale of the Corellium Apple Product to third parties, including Documents sufficient to identify all customers who purchased (or who You otherwise provided access) to any feature, technology, component, or part of Corellium Apple Product from You, and all Communications with such customers.

### **REQUEST FOR PRODUCTION NO. 4:**

     All Documents and Communications relating to Christopher Wade.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to, or constituting any license, agreement, contract, or covenant (whether written or oral) to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof, or any technology in the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to any license, agreement, contract, or covenant (whether written or oral) to which You are a part that covers or otherwise relates to reselling or otherwise providing access to any feature, technology, component, or part of Corellium's products.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify Your employees who use the Corellium Apple Product in the course of their employment.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify any communications by You or any of Your employees to Apple based on the use of the Corellium Apple Product.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| APPLE, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   9:19-cv-81160-RS |
| CORELLIUM, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Azimuth Security, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022-4834 | Date and Time:<br>03/06/2020 9:00 am |
|---|---|

The deposition will be recorded by this method:   LiveNote or other ther stenographic and/or videographic means

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2/10/2020

| *CLERK OF COURT* | |
|---|---|
| | OR *Elana Nightingale Dawson* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Apple, Inc.
                                                                                                    , who issues or requests this subpoena, are:

Elana Nightingale Dawson, LATHAM & WATKINS LLP
555 11th St., NW, Suite 1000, Washington, D.C. 20004, elana.nightingaledawson@lw.com, 202-637-2303

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   9:19-cv-81160-RS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**
**TO SUBPOENA FOR TESTIMONY AT A DEPOSITION**

**DEFINITIONS**

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.   "Plaintiff" means Apple Inc.

2.   "Corellium" and "Defendant" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

3.   "You" and "Your" means Azimuth Security, LLC, and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Person acting on their behalf or under their control.

4.   This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

5.   The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems.  Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6.   The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7.   "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

8.   "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device.  Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

9.   "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Communication(s)" or "Communicated" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, text messages, voice messages, faxes, notations, telegrams, advertisements, interviews, conferences, presentation, and all other Document(s).

11.  "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

12. Electronically Stored Information," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure.

13. "Document" means all documents, ESI, and tangible things in the broadest sense under Federal Rules of Civil Procedure 45 and Federal Rules of Evidence 1001, and means anything that can be read, viewed, heard, or otherwise understood.  Subject to and in accordance with the Instructions *infra*, "Document" shall not be limited in any way with respect to medium, embodiment, or process of creation, generation, or reproduction; "Document" shall include, without limitation, all preliminary, intermediate, and final versions thereof, as well as any notations, comment, and marginalia (handwritten or otherwise) appearing thereon or therein;

2

"Document" shall include originals (or high quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.  Any Document bearing on any sheet or side thereof, any marks, including, without limitation, initials, notations, comments, or marginalia of any character which are not part of the original text or reproduction thereof, shall be considered a separate Document.

14. "Identify" means that the following information shall be provided:

a.   When used in reference to a Document, state the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; (iv) authors(s), addressee(s) and recipient(s); and (v) any applicable Bates number(s).

b.   When used in reference to a product, state: (i) the product's external and internal product names and numbers; (ii) the date range the product was developed; and (iii) the date range the product was available for sale or license.

c.   When used in reference to any natural person, state: (i) the person's full name; (ii) last known home address; (iii) last known business address and telephone number; (iv) last known title or occupation; (v) last known employer; and (vi) if applicable, his or her connection to the subject matter of the request.

d.   When used in reference to any legal entity, such as a corporation, company, or person other than a natural person, state: (i) the entity's name; (ii) the place of incorporation or organization; (iii) the last known address and phone number for its principal place of business; (iv) the type of entity (e.g., corporation, partnership, trust); (v) the entity's registered agent; and (vi) the nature of the business conducted by the entity.

   e.   When used in reference to any Communication, state: (i) its date and place; (ii) the Person(s) who participated in it, were present during any part of it, or have knowledge about it; (iii) its form (e.g., telephone conversation, text message, email) and (iv) its content and substance.

15. "Relating to," "related to," "referring to," "regarding," or "with respect to," when referring to any given subject matter, means without limitation any information or Document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

16. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

18. "Any" shall be construed to mean "any and all."

19. "Including" shall be construed to mean "including without limitation."  "Including" is used to emphasize certain examples and should not be construed as limiting the Interrogatory in any way.

20. The use of the singular term of any word includes the plural and vice versa.

21. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

## <u>LIST OF TOPICS</u>

1. Corellium and the Corellium Apple Product.

2. Your use of the Corellium Apple Product.

3. Your sale or resale of the Corellium Apple Product to third parties.

4. Your knowledge of and communications with Christopher Wade.

5. Any agreement to which You are a part that relates to the Corellium Apple Product or any of its technology.

6. Any agreement to which You are a part that relates to reselling or otherwise providing access to any feature, technology, component, or part of Corellium's products.

7. The identity and role of Your employees who use the Corellium Apple Product in the course of their employment.

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.



FILED BY _____ D.C.

DEC 13 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### AGREED PROTECTIVE ORDER
### REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Apple Inc. ("Plaintiff" or "Apple") and Defendant Corellium, LLC ("Defendant" or "Corellium") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.     **PURPOSES AND LIMITATIONS**

    (a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever, including any commercial purpose.

AGREED PROTECTIVE ORDER – PAGE 1

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or

AGREED PROTECTIVE ORDER – PAGE 2

publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

**AGREED PROTECTIVE ORDER – PAGE 3**

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     Secure Storage, No Export.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

**AGREED PROTECTIVE ORDER – PAGE 4**

(c)  <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)  <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.  **DESIGNATING PROTECTED MATERIAL**

(a)  <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)  <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files

**AGREED PROTECTIVE ORDER – PAGE 5**

being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript

of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

      8.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A     Producing     Party     may     designate     Discovery     Material     as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport

**AGREED PROTECTIVE ORDER – PAGE 8**

them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

AGREED PROTECTIVE ORDER – PAGE 9

designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v.  United States*, 730 F.2d 1465, 1468 n.3 (Fed.  Cir.  1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

**AGREED PROTECTIVE ORDER – PAGE 10**

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

10.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

**AGREED PROTECTIVE ORDER – PAGE 11**

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)    Any other person with the prior written consent of the Producing Party.

**AGREED PROTECTIVE ORDER – PAGE 12**

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Apple shall be made available for inspection in electronic format at the Washington, D.C. office of its outside counsel, Latham & Watkins LLP, or any other location reasonably designated by Apple. Any Source Code that is produced by Corellium will be made available for inspection at the West Palm Beach, Florida office of its outside counsel, Cole, Scott & Kissane, P.A., or any other location reasonably designated by Corellium. Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days notice. The Receiving Party shall provide seven (7) days notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install

**AGREED PROTECTIVE ORDER – PAGE 13**

tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)  In addition to the Source Code Computer, the Producing Party shall make available a Notetaking Computer for purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to the Source Code. The Receiving Party's outside counsel and/or experts may not copy the Source Code into the notes. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing of notes taken on the Notetaking Computer.

(iv)  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no

**AGREED PROTECTIVE ORDER – PAGE 14**

unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  The Receiving Party may print no more than ten (10) pages of a continuous block of Source Code.  The Receiving Party may print out no more than 100 pages total.  Any printed portion exceeding the continuous or total page limits shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for additional printed pages of Source Code.  The limits on continuous and total pages of printed Source Code may be increased only:  (i) by agreement of the Parties or (ii) on a showing of good cause and subsequent order from the Court.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages

**AGREED PROTECTIVE ORDER – PAGE 15**

printed by the Receiving Party. Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart. The Receiving Party shall provide and maintain the log in the Source Code Review Room, and the Receiving Party shall leave the completed log in the Source Code Review Room. The Receiving Party shall be entitled to a copy of the log upon five (5) days advance notice to the Producing Party.

(vii)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source

**AGREED PROTECTIVE ORDER – PAGE 16**

Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

**AGREED PROTECTIVE ORDER – PAGE 17**

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xi)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party

reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a) Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

**AGREED PROTECTIVE ORDER – PAGE 19**

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of virtualization, encryption or data protection, or system, application or network security technologies, or relating to the acquisition of intellectual property assets relating to virtualization, encryption or data protection, or system, application or network security technologies;

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or

**AGREED PROTECTIVE ORDER – PAGE 20**

patenting of virtualization, encryption or data protection, or system, application or network security technologies, or the acquisition of intellectual property assets relating to virtualization, encryption or data protection, or system, application or network security technologies.

(b)  Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have ten (10) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)  Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)  An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good

**AGREED PROTECTIVE ORDER – PAGE 21**

cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

**AGREED PROTECTIVE ORDER – PAGE 22**

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14.   SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 15.   FILING PROTECTED MATERIAL

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Rule 5.4 of the Southern District of Florida Local Rules to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

17.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7)

**AGREED PROTECTIVE ORDER – PAGE 24**

days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth herein.

### 18.     <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall

**AGREED PROTECTIVE ORDER – PAGE 25**

immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.    **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Absent good cause, drafts of reports of testifying experts, regardless of the form in which the draft is recorded, and reports, including drafts, of consulting experts, shall not be discoverable.

**AGREED PROTECTIVE ORDER – PAGE 26**

(b)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes or outlines for the drafting reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(c)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case or that is otherwise discoverable under Rule 26(b)(4)(D).

(d)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(e)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(d) shall be treated as attorney-work product for the purposes of this litigation and Order.

(f)     Nothing in this Protective Order, including Paragraphs 20(a)–(e), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties

AGREED PROTECTIVE ORDER – PAGE 27

do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**AGREED PROTECTIVE ORDER – PAGE 28**

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Southern District of Florida is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of Florida.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of Florida, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of Florida, or the Court's own orders.

**SO ORDERED.**

12/13/2019

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

**AGREED PROTECTIVE ORDER – PAGE 29**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in *Apple Inc. v. Corellium, LLC*, United States District

Court, Southern District of Florida, Civil Action No. 9:19-cv-81160-RS.  Having read and

understood the terms of the Order, I agree to be bound by the terms of the Order and consent

to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the

Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 9:19-CV
-81160-RS

Apple Inc.

*Plaintiff*

vs

Corellium, LLC.

*Defendant*

## AFFIDAVIT OF SERVICE

State of Florida }
County of Broward }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in the state of Florida,

That on **02/11/2020** at **3:55 PM** at **1200 S. Pine Island Road, Plantation, FL 33324**

deponent served a(n) **Letter dated February 11, 2020, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Attachment A, Subpoena to Testify at a Deposition in a Civil Action with Attachment A, and Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials**

on **Azimuth Security, LLC c/o CT Corporation System** , Registered Agent,

by delivering thereat a true copy to **Tonya Mock** personally, authorized to accept service thereof.

Description of Person Served:
Gender: Female
Skin:  Black
Hair: Black
Age: 36 - 50 Yrs.
Height: 5' 4" - 5' 8"
Weight:100-130 Lbs.
Other:

At the time of said service, deponent paid (tendered) in advance **$45.50** the authorized traveling expenses and one day's witness fee.

Sworn to before me this
12th day of February, 2020

_____
NOTARY PUBLIC

LYNN REICH
Notary Public - State of Florida
Commission # GG 255266
My Comm. Expires Sep 4, 2022
Bonded through National Notary Assn.

_____
Chris Yeoman

Serving By Irving, Inc. | 233 Broadway, Suite 2201 | New York, NY 10279
New York City Dept. of Consumer Affairs License No. 0761160