# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

             Plaintiff,

v.

CORELLIUM, LLC,

             Defendant.

**DECLARATION OF ELANA NIGHTINGALE DAWSON**
**IN SUPPORT OF PLAINTIFF APPLE INC.'S OPPOSITION**
**TO NON-PARTY L3HARRIS TECHNOLOGY, INC.'S MOTION TO QUASH**

1. My name is Elana Nightingale Dawson. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am an attorney at Latham & Watkins LLP and counsel for Apple Inc. ("Apple") in this matter. I handled the communications with counsel for L3Harris Technologies, Inc. ("L3Harris") related to Apple's Rule 45 document and deposition subpoenas to L3Harris.

3. On February 11, 2020 Apple effected service of Rule 45 deposition and document subpoenas on L3Harris. The same day, Apple also effected service of Rule 45 deposition and document subpoenas on Azimuth Security.

4. On Monday, February 17, 2020, in-house counsel for L3Harris, Angel Gerdzhikov, left me a voicemail message in order to discuss the subpoenas to L3Harris.

5. On Tuesday, February 18, 2020, I spoke with Mr. Gerdzhikov regarding the subpoenas to L3Harris and we agreed to speak again on Friday, February 21, 2020.

6. On Friday, February 21, 2020, Mr. Gerdzhikov and I discussed what L3Harris could produce in response to the document subpoena. Mr. Gerdzhikov raised concerns about disclosing the identity of L3Harris's customers, but agreed to continue investigating what L3Harris

1

could agree to produce. We agreed to speak again on Monday, February 24, 2020, regarding L3Harris's responses to the subpoenas.

7. On Monday, February 24, 2020, Mr. Gerdzhikov and I had another telephonic meet-and-confer regarding Apple's subpoenas. On the call, Mr. Gerdzhikov informed me that L3Harris would produce its reseller agreement with Corellium, communications with Corellium about that agreement (with information related to L3Harris's customers redacted), and royalties and sales figures reported back to Corellium. Mr. Gerdzhikov informed me that he was gathering these documents as we spoke, and we agreed that L3Harris would endeavor to produce the reseller agreement by Wednesday, February 26, 2020, and would produce the remaining documents that L3Harris had agreed to produce by Friday, February 28, 2020. During the same telephone call, Mr. Gerdzhikov further informed me that he could not commit to a production of information related to L3Harris's customers for the Corellium Apple Product because of sensitivities surrounding the identities of those customers. I reiterated Apple's position that documents related to L3Harris's customers are necessary and that Apple continues to expect their production in response to the document subpoena.

8. Exhibit A to this declaration is a true and copy of my email to Mr. Gerdzhikov on the evening of February 24, 2020, memorializing the terms of our agreement.

9. In total, Mr. Gerdzhikov and I spoke on the telephone regarding Apple's subpoenas to L3Harris on three separate occasions. During those telephone calls, Mr. Gerdzhkov never objected to the place of compliance designated in the document subpoena. He never raised trade secret or confidentiality objections to anything other than information related to L3Harris's customers. And he never questioned the relevance of the information sought in the subpoenas. In addition, during those telephone calls, I specifically asked Mr. Gerdzhikov what entity or entities he represented, and he only mentioned L3Harris. Mr. Gerdzhikov never mentioned Azimuth Security.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2020  
in Washington, D.C.

_____  
Elana Nightingale Dawson  
Latham & Watkins LLP  
*Attorney for Plaintiff* APPLE INC.

2

# EXHIBIT A

| | |
|---|---|
| **From:** | Nightingale Dawson, Elana (DC) |
| **Sent:** | Monday, February 24, 2020 7:18 PM |
| **To:** | Angel.gerdzhikov@l3harris.com |
| **Cc:** | Stebbins Bina, Jessica (CC) |
| **Subject:** | Apple Inc. v. Corellium, LLC Subpoena |

Angel,

Thanks again for chatting this morning. I wanted to recap where things stand based on our discussion and confirm Apple's position with respect to the outstanding issues.

First, we agreed that you will produce the reseller agreement that L3Harris Technologies has with Corellium, LLC, by Wednesday, February 26, 2020, and that you will produce documents and communications related to that agreement that do not relate to L3Harris's customers, including document showing the volume of sales, the dollar amount of sales, and communications with Corellium, by Friday, February 28, 2020.

Second, with respect to the remaining aspects of the document subpoena, Apple continues to expect L3Harris's full compliance with the document subpoena, including with respect to the entities to which L3Harris has sold Corellium's product.

Finally, we have not yet discussed the deposition subpoena in this case, which we need to address as well, as Apple also expects compliance with that subpoena.

I look forward to talking to you again shortly.

Thanks so much.
Elana


**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
555 Eleventh St., NW Suite 1000 | Washington, DC 20004
Tel: 202-637-2303 | Fax: 202-637-2201 | http://www.lw.com