# EXHIBIT 6

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                       WEST PALM BEACH DIVISION
                      CASE NO. 19-81160-CIVIL-SMITH
 3

 4   APPLE, INC.,                        West Palm Beach, Florida

 5              Plaintiff,               February 12, 2020
                                              -and-
 6        vs.                            February 13, 2020

 7   CORELLIUM, LLC,

 8              Defendant.               Pages 1 to 368
     _____
 9

10                           MOTION HEARING
           BEFORE THE HONORABLE WILLIAM MATTHEWMAN,
11              UNITED STATES MAGISTRATE JUDGE
          (TRANSCRIBED FROM THE DIGITAL AUDIO RECORDING)
12
     APPEARANCES:
13

14   FOR THE PLAINTIFF:       JESSICA STEBBINS BINA, ESQ.
                              LATHAM & WATKINS, LLP
15                            10250 Constellation Boulevard
                              Suite 1100
16                            Los Angeles, California 90067

17
                              ELANA NIGHTINGALE DAWSON, ESQ.
18                            LATHAM & WATKINS, LLP
                              555 Eleventh Street, Northwest
19                            Suite 100
                              Washington, DC 20004
20

21                            EMILY PINCOW, ESQ.
                              LASH & GOLDBERG, LLP
22                            100 Southeast Second Street
                              Suite 1200
23                            Miami, Florida 33131

24

25
```

1          MR. LEVINE:  It's framed by the pleadings.
2          THE COURT:  So what I'm trying to understand is if --
3    let's assume that a Federal Government agency or employee has
4    the Corellium Apple product and you're calling it not a sale
5    and not commercialization.
6          Isn't the other side entitled to look at that and see
7    if it is sale or commercialization?  Or do they just have to
8    accept your word it isn't?
9          MR. VINE:  I think we're talking about apples and
10   oranges, because I think, your Honor, the way it was just
11   framed, that would make, you know, a little -- you know, it
12   would make sense.
13         But that's not what's happening.
14         We sell the product to specific people.  And that's all
15   we do.  We don't just give the product out for free in that --
16   in that sense.  We sell the product.
17         And, more importantly, the product at issue is under --
18   the issue that we're dealing with is a copyright infringement.
19   So what are the elements of copyright versus fair use?  None of
20   the issues as it relates to any interactions with the Federal
21   Government --
22         THE COURT:  Are you concerned that you've sold it to
23   somebody who has given it to the US Government?  Is that the
24   concern?
25         MR. VINE:  No.  We have overriding concerns that we

```
 1   tried to with the stipulation -- tried to address without --
 2   not coming in here.  But there's national security concerns
 3   that --
 4           THE COURT:  So why doesn't the Federal Government come
 5   in here to raise concerns?
 6           MR. VINE:  I --
 7           Do you want -- you can address that point.
 8           MR. LEVINE:  Yeah.
 9           So actually, your Honor, we're trying to resolve it
10   here.  If not, then maybe the case.
11           THE COURT:  Well, I mean, usually, when the Federal
12   Government has a national security concern, they're not shy
13   about coming into court and asserting it.
14           MR. VINE:  But I really want to veer away from that
15   issue because, frankly, we don't need to get to that point
16   because, while I understand Rule 26.1 allows obviously some
17   broad discovery, there's also limitations.  And there's case
18   law.  And the Southern District is very clear on these
19   limitations.
20           By us agreeing to the core of what they need for their
21   elements to prove their case or disprove or -- any of our
22   affirmative defenses, by us responding by our proposal, that's
23   exactly what they need.
24           It's not -- it's not me just saying:  Trust me.
25   It's -- no.  It's me saying:  We don't have any contracts or
```

1    agreements that would go to any damages issues.  We don't have
2    any contracts, agreements or documents that would go to our
3    fair use defense.  We don't have any contracts, agreements that
4    would go to our acquiescence defense, obviously, with the
5    federal -- you know, with the Federal Government.  That's what
6    it would apply to.
7            But just to have it as a broad stroke -- in fact, the
8    way it's phrased, many judges have actually rejected it.  When
9    it says -- anything that says "all."  There's tons of case law
10   that says that that's completely improper.
11           And we did object --
12           THE COURT:  You know, "any and all" is completely
13   improper.
14           MR. VINE:  Right.
15           THE COURT:  "All" may be, depending on the context.
16           MR. VINE:  Certainly in this case.
17           But our proposal on the limitation, I think, is fair
18   and reasonable.
19           THE COURT:  I'm just trying to understand what the
20   fight is about here.  Is it just -- are we just talking about
21   semantics and positions that are being staked out?  Or is there
22   something that means anything here?
23           MR. VINE:  So I think it's -- to be candid, it's
24   probably a little of both.
25           My biggest concern --

```
 1  soon as we get them all done.
 2          And then just keep in mind we need to be back here --
 3  we need to have all this production done by the 24th and then
 4  we'll be back here on the 27th at 10:00 a.m.  All right?
 5          MR. LEVINE:  Thank you, your Honor.
 6          MS. STEBBINS BINA:  Your Honor, thank you.
 7          THE COURT:  Have a good day.
 8          MS. STEBBINS BINA:  Thank you.
 9          THE COURT:  Court's in recess.
10          (Proceedings concluded.)
11
12
13
                    C E R T I F I C A T E
14
15       I hereby certify that the foregoing is an
16  accurate transcription of the proceedings in the
17  above-entitled matter to the best of my ability.
18
19
    _____        /s/Lisa Edwards
20      DATE            LISA EDWARDS, RDR, CRR
                        (305) 439-7168
21                      Reporterlisaedwards@gmail.com
22
23
24
25
```