

ESPERANTE BUILDING
222 LAKEVIEW AVENUE, SUITE 120
WEST PALM BEACH, FLORIDA 33401

TELEPHONE (561) 383-9200
FACSIMILE (561) 683-8977
DIRECT LINE (561) 612-3459

justin.levine@csklegal.com

March 8, 2020

**VIA E-MAIL:** Jessica.StebbinsBina@lw.com

Jessica Stebbins Bina
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel.: (424) 653-5525

Re:  Case Name:   **Apple Inc. v. Corellium, LLC**
     Case Number: 19-CV-81160

Dear Jessica:

We are in receipt of Plaintiff's, Apple Inc. ("Apple" or "Plaintiff"), Responses to Defendant's, Corellium, LLC ("Corellium" or "Defendant"), Second Set of Discovery Requests. A review of the Plaintiff's Responses reveals that several of the individual responses to the individual requests are deficient. This correspondence serves as Defendant's good faith effort to resolve the below deficiencies without the need for court intervention. Accordingly, following your review of this letter, please either cure said deficiencies or provide a time to discuss said deficiencies in the next day. Corellium reserves all rights to address these and other deficiencies at the appropriate time.

### I.  Request for Production

Initially, Apple has stated in response to Request No. 108 that it will produce responsive documents. Please identify when these documents will be produced.

**Request for Production Nos. 100, 101, 102, 103, 104, and 105**

Apple has repeated, in its response to Request Nos. 100, 101, 102, 103, 104, and 105, that it will not be seeking damages for any loss of revenue or profits by Apple, and thus, Apple will not be producing the requested records to the Requests. In light of Apple's stated position, Corellium agrees to narrow these Requests to seeking only the requested financial records that relate to or reflect Apple incurring any financial damage from the Corellium product or any other issue alleged in this case. If, after this narrowing, Apple still maintains its position, Corellium requests a stipulation with Apple that may be read to the jury that Apple has not incurred any financial harm in connection with the Corellium product or any other issue alleged in this case. Absent, a stipulation, Corellium will seek an adverse inference in the Court's consideration as to whether Apple has incurred any financial harm as it relates to this case.

Cole, Scott & Kissane
www.csklegal.com

Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa | Bonita Springs | Naples | Pensacola | Fort Myers | Key West

Jessica Stebbins Bina, Esq.
March 8, 2020
Page 2

**Request for Production 106 and 107**

The Court denied Corellium's discovery as to Apple's internal developments due to Apple's counsel representation to the Court that Apple did not have an emulation, simulation or virtualization product. However, Apple answered Corellium's Interrogatory No. 18 by providing a list of programs that do, in fact, have an aspect of "simulation" and "virtualization." In particular, as it relates to the Apple Developer Program and the software product called Xcode. All documents that relate to the development of simulation, emulation and virtualization of the iOS are relevant in this case as they apply directly to Corellium's affirmative defenses, specifically Corellium's fair use defense. Apple made the representation on the record that no such product existed and for that reason, the Court denied Corellium's previous requests. Now, Apple has conceded that those products, do in fact, relate to emulation, simulation or virtualization.

Moreover, Apple objects on the basis of burdensome without providing any specificity as to how the production of these documents would be burdensome or expensive. Lastly, Apple raises a boilerplate objection of "confidential, proprietary, trade secret and/or economic relationships" without any explanation as to how this request is proprietary, trade secret and/or economic relationship. Apple should not withhold any documents based on confidentiality as the Parties have an agreed PO in place [D.E. 50].

**Request for Production 108**

This Request seeks documents that relate to Corellium's affirmative defense of Fair Use. Apple asserts that it will not produce the requested documents because it is Corellium that "bears the burden of establishing" the defense. However, this Request is seeking documents to do just that. Merely because one has a burden, does not preclude the requested party from producing documents. Further, Apple again self-limits itself to producing only documents that are reasonably available to it. However, notwithstanding the Court's prior admonishment of this conduct, per the Rules, Apple is obligated to produce known items in the responding party's possession, custody, or control. FRCP 34(a)(1). But stating that it will produce some documents, while maintaining the stated objections, Apple is responding, subject to formulaic objections, another action that the Court as already admonished.

## II.    Interrogatories

As an initial matter, Apple submitted an unsworn and unverified answer to Corellium's interrogatories. Federal Rule of Civil Procedure 33(b)(5) requires "the person who makes the answers must sign them, and the attorney who objects must sign any objections." Further, it is not clear whether an agent of Apple answered the interrogatories as required by the Rules of Civil procedure. Fed. R. Civ. P. 33(a); *see also Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 09-CV-267, 2011 WL 13137384, at *1 (M.D. Fla. Sept. 23, 2011) ("Rule 33(a) expressly provides that interrogatories directed to a corporate party may be answered by any officer or agent who

Jessica Stebbins Bina, Esq.
March 8, 2020
Page 3

shall furnish such information as is available to the party."). Apple must provide sworn and verified answers to Interrogatories. Please identify when this will happen.

**Interrogatory 13**

Apple is self-limiting its answer to this Interrogatory. Apple responds with the limitation of whether it has accessed Corellium employee iCloud accounts "to gain an advantage therein." That was not the request and the Court has already admonished self-limitation. Accordingly, please amend to provide a straight forward response.

**Interrogatory 14**

Apple is self-limiting its answer to this Interrogatory. Corellium requested Apple to ▮▮▮▮ In its answer to this Interrogatory, Apple responds ▮▮▮▮ This answer does not show that Apple has attempted to locate the answer in good faith, when in fact leads Corellium to believe that there was more than one Apple employee that provided this direction to Christopher Wade that Apple is not disclosing. The interrogatory requires the identification of each Apple employee not at least one of the people that provided such direction. Further, Apple makes the statement that ▮▮▮▮ as an effort of an answer. It does not appear that Apple has made a bona fide effort to answer this Interrogatory. *See Ecometry Corp. v. Profit Center Software, Inc.*, No. 06-80083-CIV, 2007 WL 9706934, at *8 (S.D. Fla. March 15, 2007) (finding that Plaintiff did not make a "bona fide effort to respond to the interrogatory" when answered interrogatory by "Plaintiff has not yet determined its damages claims.").

**Interrogatory 15**

In response to Interrogatory 15, Apple states that "every Apple authorized use of iOS is a 'commercial use.'" This answer fails to answer the Interrogatory, which clearly asks Apple to "[i]dentify every intended commercial use of iOS." Apple's answer fails to identify even a single intended use. Accordingly, Apple should amend its answer by identifying every intended commercial use of iOS.

**Interrogatory 16**

In response to Interrogatory 16, Apple provides not a response, but rather, examples of "security approaches" which "*may* be considered technological protection measures." (Emphasis added). The Interrogatory seeks items that *are* technological protection measures, not items that *may* be—the way that Apple has answered this request leaves the answer open-ended and Corellium uncertain as to whether the question has actually been fully answered. A practice that

Jessica Stebbins Bina, Esq.
March 8, 2020
Page 4

has been frowned upon in the Southern District. *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

**Interrogatory 18**

Apple objects on numerous grounds including the Court making other rulings, relevancy, and calling for proprietary information. Further, Apple also asserts objections but then, while maintaining its objections, sets forth an answer. Initially, the Court has not ruled that Corellium cannot learn of other Apple products that are similar to the Corellium product. Next, Apple has already made other similar products relevant, as stated above in its answer to this interrogatory (No. 18) and in its Amended Complaint, including Apple Developer Program (para. 21), Xcode (para. 22), and the iOS Security Research Device Program (para. 23). Apple has made clear that the Corellium Apple Product imposes upon these Apple products and thus, it is relevant for Corellium to know exactly what products Apple believes Corellium to be imposing upon. In that regard, Corellium has recently learned that Apple intends to cancel the iOS Security Research Device Program, which it made a significant deal about at the beginning of this lawsuit. Next, the interrogatory in question merely asks Apple to describe each product, the description of which can be deemed confidential. At no point was it asked to provide any technical or other similar information. This is similar to the Court requiring Corellium to identify which and the number of bugs it is aware of, without disclosing further specifics. Finally, the Court has already ruled that objecting, but then providing a response subject to those objections is improper. Accordingly, please withdraw your objections and provide a fully responsive answer.

As discussed above, Apple's responses to Corellium's Request for Production and Interrogatories are deficient. Please identify a time to meet and confer via telephone should you have any questions regarding this correspondence. Please let us know when Apple is available to meet and confer to resolve these deficiencies.

Corellium reserves all rights and remedies with respect to the deficiencies identified herein as well as with respect to any others that remain in Apple's responses to Corellium's Second Set of Discovery.

Sincerely,

*/s/ Justin B. Levine*

Justin B. Levine

Cc: David Hecht