UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S UNOPPOSED MOTION TO FILE PORTIONS OF THE DECLARATION OF PROFESSOR JAMES OLIVIER UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of the Declaration of Professor James Olivier ("Motion"), and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. The appropriate definition for the Corellium Apple Product has been a topic of debate throughout discovery.

3. During the February 12–13 Discovery Hearing, the Parties came to an agreed definition for the Corellium Apple Product. *See* February 12–13 Hearing Transcript, 123: 2–4.

4.     However, during the following February 27, 2020 Discovery Hearing, the Court modified the definition for the Corellium Apple Product. While the Court modified the Corellium Apple Product definition, it acknowledged that it would reconsider the scope of the definition if Corellium produced evidence, such as a declaration, that could attest to the fact that certain components of the Corellium Apple Product function independent of any iOS or Apple product/copyright.

5.     In response, Corellium has prepared a Declaration of one of its Expert, James Olivier ("Declaration"). Included in this Declaration is highly confidential, proprietary information concerning the operation and function of the Corellium Apple Product, in particular, its hypervisor.

6.     Due to the highly confidential, proprietary, and trade secret information contained therein, the Declaration has been designated "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential."

7.     Additionally, Corellium prepared a document addressing the technical aspects of the Corellium Product for Apple's Expert. Corellium has designated this image as Confidential under the Protective Order.

8.     Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File the Declaration of Professor James Olivier under seal.

9.     Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal the Declaration of Professor James Olivier.

10.    A proposed order is submitted herewith.

CASE NO.: 9:19-CV-81160-RS

## MEMORANDUM OF LAW

### I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II. Good Cause Exists for the Court to Seal the Declaration of Professor James Olivier

In this instance, good cause exists to for this Court to seal the Declaration of Professor James Olivier, which contains highly-confidential, proprietary, and trade secret information that must be protected from public viewing. In particular, the Declaration includes highly confidential, proprietary, and trade secret information concerning the operation and function of the Corellium Apple Product, in particular, its hypervisor. As such, Corellium has designated the Declaration as AEO as well as Confidential to ensure its confidentiality is kept. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach.

Therefore, due to the confidential, proprietary, and trade secret information contained in the Declaration, this Court must seal the information contained in the Declaration.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file the Declaration of Professor James Olivier under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on March 14, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: March 15, 2020     Respectfully submitted,

By: s/ *Justin B. Levine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com

CASE NO.: 9:19-CV-81160-RS

E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

PIERCE BAINBRIDGE BECK PRICE & HETCH, LLP
*Counsel for Defendant*
277 Park Avenue, 45th Floor
New York, NY 10172
Telephone (646) 779-5315
Facsimile (646) 968-4125
David Hecht, *Pro hac vice*
E-mail: dhecht@nortonrosefulbright.com
Maxim Price, *Pro hac vice*
E-mail: mprice@piercebainbridge.com
Melody McGowin, *Pro hac vice*
E-mail: mmcgowin@pierbainbridge.com
Wen Wu, *Pro hac vice*
E-mail: wwu@pierbainbridge.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@pierbainbridge.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on March 15, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com

gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*