# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> CORELLIUM, LLC, <br><br> Defendant. | |

### MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES DUE TO COVID-19

Plaintiff Apple Inc. ("Apple") respectfully moves this Court for an order extending the discovery cutoff and the deadline for dispositive motions by four weeks each, in light of the global pandemic COVID-19. Specifically, Apple seeks to move the following deadlines:

| Deadline | Current | Proposed |
|---|---|---|
| Rebuttal expert reports | 4/3/2020 | 5/1/2020 |
| Exchange of trial witnesses | 4/6/2020 | 5/4/2020 |
| Fact Discovery cutoff | 4/20/2020 | 5/18/2020 |
| Expert Discovery cutoff | 4/20/2020 | 5/18/2020 |
| Dispositive motions, including Daubert and summary judgment motions | 5/11/2020 | 6/8/2020 |

Apple does not propose altering the pretrial deadlines or trial, including, but not limited to, the August 17, 2020 deadline for deposition designations and counter designations and to file pretrial motions, including motions *in limine*; the September 11, 2020 deadline to file the joint

pretrial stipulation; or the scheduled trial for the week of October 13, 2020. The Court has previously granted continuances of some of these deadlines at ECF Nos. 45 and 159.

In support of this motion, Apple states as follows:

1. Apple has been diligently pursuing discovery in this case. It has produced over 44,000 pages of documents, processed and reviewed over 25,000 pages of documents produced by Corellium, and served responses to 109 requests for production, 250 requests for admission, and 18 interrogatories. It has produced three expert reports, begun inspecting the Corellium Apple Product on-site at Corellium's offices, and attended three discovery hearings before Judge Matthewman.

2. Apple is presently preparing for depositions, including those of five Apple employees, five Corellium employees, two third parties, and seven experts, all scheduled to take place between today and the present discovery cutoff of April 20, 2020.

3. Unfortunately, global events have made it impossible for Apple to meet these deadlines. On March 13, 2020, President Trump declared a national emergency due to the COVID 19 pandemic. The White House has identified Santa Clara County—where Apple is headquartered and where five witnesses scheduled for deposition reside—as one of two regions in the United States having "widespread transmission of coronavirus disease 2019 (COVID-19)."[1] The City of Miami has also declared a state of emergency,[2] and the Southern District of Florida has issued an Order suspending jury trials and authorizing the individual judges of this District to exercise their discretion to continue deadlines in responses to the outbreak.[3] The situation is rapidly changing—there are multiple reports of new infections on a daily basis, and regular changes to travel restrictions. Public schools across the country—not only in Santa Clara County but also in Los Angeles County, Washington, D.C., and the State of Florida—are closed until at least the end of March, and likely beyond.

4. A very significant new government-mandated restriction in response to the pandemic was issued today, March 16, 2020. As of 1 p.m. Pacific time, all residents of Santa Clara County and

---

[1] https://www.whitehouse.gov/briefings-statements/white-house-coronavirus-task-force-announces-community-mitigation-strategies-seattle-santa-clara/

[2] http://www.miamidade.gov/global/initiatives/coronavirus/home.page

[3] https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-18.pdf

several other Northern California counties have been ordered to "shelter in place," until April 7, 2020, leaving their homes only for essential reasons, such as to go the hospital or pharmacy. *See* https://www.sccgov.org/sites/phd/DiseaseInformation/novel-coronavirus/Pages/order-health-officer-031620.aspx. All non-essential businesses, including Apple, have been ordered closed. Several Apple witnesses set to be deposed in the coming weeks are subject to this shelter-in-place order, as are Apple in-house counsel and support staff.

5. Apple's primary counsel in this case, Latham and Watkins, LLP, have been similarly affected:

   a. Partner Andrew Gass is a resident of San Francisco County, California, and works at Latham's San Francisco office. Mr. Gass is likewise subject to the "shelter-in-place" directive, which affects six Northern California counties, and the San Francisco office has been ordered closed by authorities. *See* https://www.sfdph.org/dph/alerts/files/HealthOrderC19-07-%20Shelter-in-Place.pdf. In addition, Mr. Gass's wife is a physician and frontline medical provider in the San Francisco Bay area, intimately involved in the COVID-19 response and care for the Stanford Medical Center's Intensive Care Unit. His children's school has been ordered closed, and he is likely to be the sole person able to care for them (two boys aged 3 and 6) in the coming weeks.

   b. Partner Gabriel Gross is a resident of San Mateo County, California, and works at Latham's Silicon Valley office. Mr. Gross is likewise subject to the "shelter-in-place" directive, and the Silicon Valley office has been ordered closed by authorities. *See* https://www.smcgov.org/press-release/march-16-2020-seven-bay-area-jurisdictions-order-residents-stay-home. In addition, Mr. Gross lives with a medically vulnerable family member, and has been ordered by his family physicians to limit contact and travel during the pendency of the COVID-19 outbreak. Mr. Gross's children's school also has been ordered closed, and he is likely to be the sole person who is not medically vulnerable able to care for them in the coming weeks.

   c. Partner Jessica Stebbins Bina is a resident of Los Angeles County, California, and works at Latham's Century City office. The Century City office remains accessible, but essentially all staff have been directed to work remotely and the

        office may be ordered closed at any moment. In the City of Los Angeles, the mayor has ordered closed a number of businesses and public gathering spots, including restaurants, pubs, bars, gyms, and all places of entertainment. Ms. Bina's children's preschool has been closed, and her children (age 2 and 4) are at home. In addition, she and her husband must assist her husband's parents, who—under directive of California Governor Gavin Newsom—are not to leave their home because they are over 65 years old.

d. Partner Sarang Damle is a resident of Washington, D.C., and works at Latham's Washington, D.C., office. The Washington, D.C., office remains accessible, but essentially all staff have been directed to work remotely and the office may be ordered closed at any moment. Mr. Damle's children's school is closed, and they are at home.

e. Counsel Elana Nightingale Dawson is a resident of Montgomery County, Maryland, and works at Latham's Washington, D.C., office. In addition to the restrictions noted above with respect to Mr. Damle, Ms. Nightingale Dawson's children's school is closed, and they are at home.

f. Other members of the Latham team, including associates, paralegals, and support staff, are similarly affected. While everyone is attempting to do as much as possible remotely, some associates and support staff have to care for elderly relatives at risk of COVID-19. Others are not able to view or discuss confidential materials in their home due to their spouses/partners likewise being ordered to remain at home. Others are caring for young children whose schools or daycares have been closed. These are substantial and material impositions on these persons' ability to work on matters at issue in this case.

6. In addition to the restrictions on Apple employees and counsel discussed above, Apple's retained experts also face significant restrictions. Dr. Jason Nieh, Apple's retained technical expert, works for Columbia University, and has been informed by his employer that he may not travel. This will impede his ability to conduct in-person reviews of Corellium source code and Apple source code that are planned for the coming weeks, and that are necessary to his preparation of a rebuttal expert report currently due April 3, 2020. Such source code must generally be reviewed on-site, in secure locations, due to its highly confidential and proprietary nature. In

4

addition, Dr. Michael Siegel, another of Apple's retained experts, is not able to travel. This will impair his ability to attend a deposition.

7. Courts around the country have recognized the extraordinary situation the world is in right now. The United States Supreme Court has canceled oral arguments through March, and multiple jurisdictions, including, for example, the Second Circuit Court of Appeal, the Georgia Court of Appeals, the Northern District of Illinois, and many others have issued orders staying or continuing all deadlines for periods of three to four weeks.

8. Apple has diligently considered whether it would be possible to complete discovery using remote access tools, video depositions, and similar efforts. However, Apple has been forced to conclude that the substantial personal disruption—including large numbers of witnesses and counsel essentially under quarantine and engaged in caretaking of others—make it impossible to effectively complete all discovery by the current pending deadlines. Apple will continue to move forward with discovery and will accomplish whatever other discovery they can within the limitations imposed upon them by the current outbreak. It is Apple's hope and expectation that any delay caused in the completion of discovery in this matter will be minimal. Accordingly, Apple respectively requests the Court grant a four-week continuance of the deadlines outlined above.

WHEREFORE, Apple respectfully moves this Court to enter the attached proposed order, extending the discovery and motion schedule in light of the global pandemic COVID-19.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email and telephone with counsel for Defendant on March 15, 2020, with follow-up by email on March 16, 2020, regarding the relief sought herein. Corellium's counsel opposes the relief requested by Apple and mandated that we cut and paste their position in our motion, which is set forth below:[4]

> Corellium's position is that the depositions should go forward absent sickness or other extenuating circumstances. We are always happy to accommodate a

---

[4] The parties had a discovery hearing today before Judge Matthewman, but the matters of continuances and deposition scheduling were not discussed.

circumstance that warrants a rescheduling of a deposition. However, having to work from home should not delay this case. The Court clearly did not want to address this issue today, otherwise it would have. We think that makes the Court's perspective on this issue very clear. Accordingly, we believe the parties should work together to continue to advance the discovery in this case. Should the postponement of any depositions impact expert deadlines, we would agree to a brief extension relative to the experts.

For the reasons outlined above, Apple does not believe it is able to proceed with near-daily video depositions while its personnel and counsel (and their staff) are under shelter-in-place orders and similar restrictions, and thus files this motion.

| | |
|---|---|
| Dated: March 16, 2020 | Respectfully Submitted, |
| Kathryn Ruemmler* | *s/ Martin B. Goldberg* |
| *kathryn.ruemmler@lw.com* | Martin B. Goldberg |
| Sarang Vijay Damle* | Florida Bar No. 0827029 |
| *sy.damle@lw.com* | *mgoldberg@lashgoldberg.com* |
| Elana Nightingale Dawson* | *rdiaz@lashgoldberg.com* |
| *elana.nightingaledawson@lw.com* | Emily L. Pincow |
| LATHAM & WATKINS LLP | Florida Bar No. 1010370 |
| 555 Eleventh Street NW, Suite 1000 | *epincow@lashgoldberg.com* |
| Washington, DC 20004 | *gizquierdo@lashgoldberg.com* |
| (202) 637-2200 / (202) 637-2201 Fax | LASH & GOLDBERG LLP |
| | 100 Southeast Second Street |
| Andrew M. Gass* | Miami, FL 33131 |
| *andrew.gass@lw.com* | (305) 347-4040 / (305) 347-4050 Fax |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.