UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-81160-Smith/Matthewman

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY L3 HARRIS TECHNOLOGY, INC.'S MOTION TO QUASH [DE 184]

**THIS CAUSE** comes before the Court upon Non-party L3Harris Technologies, Inc.'s ("L3Harris") Motion to Quash Plaintiff's Subpoenas to Produce Documents and for Deposition ("Motion") [DE 184]. This matter was referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. L3Harris also filed a sealed Declaration [DE 203] in support of the Motion. Defendant, Corellium LLC ("Corellium"), filed a Notice to Join the Motion [DE 218]. Then Plaintiff, Apple Inc. ("Apple") filed a response [DE 220, 222[1]] to the Motion, and L3Harris filed a reply [DE 223]. The parties and L3Harris also filed a Joint Notice [DEs 224, 227[2]] as ordered by the Court. The Court held a lengthy hearing on the Motion on March 17, 2020. The matter is now ripe for review.

        **I.**     **Agreements Reached by Apple and L3Harris**

L3Harris and Apple came to certain agreements prior to the hearing. First, they agreed that

---

[1] Docket Entry 220 is the public, redacted version of the response, and Docket Entry 222 is the sealed version.
[2] Docket Entry 224 is the public, redacted version of the Joint Notice, and Docket Entry 227 is the sealed version.

1

the Motion should be treated as if it were filed by both L3Harris and Azimuth Security, LLC, and that the Order on the Motion will apply to both entities.[3] Second, L3Harris agreed to withdraw its geographical objection. Third, Apple agreed to withdraw its argument that Azimuth has not responded to the subpoena. Fourth, L3Harris agreed to search for documents from both L3Harris and Azimuth. Fifth, if the Court mandates that depositions be taken, L3Harris and Azimuth have represented that they will comply. Sixth, for Topic No. 4 of the deposition subpoena, which seeks communications between Azimuth and Chris Wade, Apple agreed to limit the scope of the request to a time period of September 2017 to the present and to communications regarding the Corellium Apple Product as currently defined by the Court; L3Harris agreed to search for responsive documents to the narrowed request and to produce them. Finally, in the Joint Notice [DE 224, p. 1], L3Harris agreed to produce certain categories of documents, including the reseller agreement between Azimuth and Corellium, evidence of Azimuth's transactions with Corellium regarding the Corellium Apple Product, communications between Corellium and Azimuth related to the sales of the Corellium Apple Product and the Corellium Apple Product's direct delivery, documents reflecting the value of sales of by Azimuth of the Corellium Apple Product, and a description of Azimuth's customers to whom it sold the Corellium Apple Product without specifically identifying the governmental entities. The Court appreciates the agreements and the cooperation of counsel for Apple and the non-parties. Apple and L3Harris are directed to comply with these agreements as an order of the Court.

## II.   **Specific Issues**

The remaining issues to be decided by the Court are (1) whether Azimuth can redact its

---

[3] Azimuth is a subsidiary of L3Harris.

employees names from certain documents that are responsive to the subpoena; (2) whether Azimuth should be required to provide Apple with the names of the two government agencies to whom it re-sold the Corellium Apple Product; (3) whether Azimuth should be required to produce its communications with the two customers regarding the Corellium Apple Product; (4) whether Azimuth should be required to produce its agreements with the two customers; (5) the necessity of the taking the deposition of Azimuth and/or L3Harris; and (6) whether Azimuth and L3Harris should be required to produce communications between themselves and Corellium regarding the Corellium Apple Product. The Court will consider each issue in turn.

### (a) The Names of Azimuth's Employees

Apple seeks the identifies of Azimuth employees who were involved in using or reselling the Corellium Apple Product. L3Harris seeks to redact the identities of Azimuth employees from otherwise responsive documents. L3Harris denies that any Azimuth employees previously used or currently use the Corellium Apple Product and asserts that their identities are, therefore, irrelevant. L3Harris also contends that Azimuth's employees' identities need to be protected because of the sensitive nature of their work.

The Court finds that, at this point, the identities of the Azimuth employees need not be produced and can be redacted. It appears that Azimuth only resold the Corellium Apple Product to two customers—government agencies of two different countries. Apple has not made a sufficient showing of relevancy or need for the identities of the Azimuth employees who used or resold the Corellium Apple Product, especially since Apple is going to be provided with redacted versions of the communications it seeks and other requested documents. The Court also notes the sensitive area in which the employees work and is concerned that their safety could be compromised if their identities are disclosed. This ruling is without prejudice to Apple seeking the

identities of the employees if it has a good-faith basis to do so after receiving production from L3Harris and after conducting initial depositions.

### (b) The Identities of Azimuth's Customers

Counsel for L3Harris stated in open court that Azimuth resold the Apple Corellium Product to only two customers and that those two customers are government agencies in two different "Five Eyes (FVEY)" countries[4]. Apple argues that it needs to know the specific identities of the two customers because this information is relevant to Corellium's fair use defense. Corellium alleges in its affirmative defenses the claim of "fair use" that it is providing the Corellium Apple Product to certain government agencies for the betterment of society. Apple wants to test the assertions made in Corellium's affirmative defenses. Apple also asserts that the identity of the customers is relevant to its contributory infringement claim against Corellium. According to Apple, knowing that the customers are two agencies of FVEY countries is not enough because Apple wants to know if either agency is an agency of the United States and because there are differences in government security and privacy concerns amongst the five countries.

L3Harris contends that the identity of the two customers is a protected trade secret, that Apple has not met its burden under the three-step trade secret inquiry, that Azimuth and L3Harris are non-parties to this case, and that the existing Protective Order in the case is not sufficient since not even Apple's counsel should be made privy to the customers' identities.

Corellium stated in open court that it is not aware of the identities of Azimuth's customers and that it plans to prove its fair use defense without that information. However, Corellium is planning on pursing its affirmative defenses and arguing that it only sells to good actors, such as

---

[4] The FVEY countries are Australia, the United Kingdom, New Zealand, Canada, and the United States.

government agencies, which further the public good.

During the hearing, the Court requested that L3Harris determine if it is willing to disclose the two specific countries where the customer agencies are located. On March 17, 2020, L3Harris filed its Notice [DE 246], and stated that it agrees to identify the two countries in which its customer agencies are located.

The relevant law on this issue is as follows. Federal Rule of Civil Procedure 45(d)(3)(A) states that, on timely motion, the court shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception for waiver applies. Fed.R.Civ.P. 45(d)(3)(A)(iii). Rule 45(d)(3)(B) permits a court to quash or modify a subpoena if the subpoena requires disclosure of a trade secret. Fed.R.Civ.P. 45(d)(3)(B)(i). The court may alternatively order production of the requested information only upon specified conditions; before doing this, however, the court must first determine that the serving party has shown a substantial need for the testimony or material that cannot be otherwise met without undue hardship and that the person to whom the subpoena is addressed will be reasonably compensated. Fed.R.Civ.P. 45(d)(3)(B)(i) and (ii).

"The burden of proof in demonstrating that compliance with the subpoenas requires the disclosure of privileged or protected information or that compliance presents an undue burden lies with the moving party....." *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007), *on reconsideration in part*, No. 3:07-MC-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004)). The court must balance the need for discovery of the party who issued the subpoena against the burden imposed upon the subpoenaed party, along with their interest in keeping the requested information confidential. *Id.* (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th

Cir.1985). "The status of a person as a non-party is a factor that weighs against disclosure." *Id.* (citing *American Electric Power Co. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

The Court has considered all of the relevant papers, all counsel's argument at the March 16, 2020 hearing, and L3Harris' agreement to provide the names of two countries. The Court has also carefully balanced the interests of the respective parties and the non-parties. While the Court does agree that Corellium should not be permitted to put at issue the general identity of its customers and resale customers in its fair use defense and then object to the production of that information to Apple, the issue here is that Apple is seeking the information from a non-party (and not directly from Corellium). Based on the relevant case law, the Court finds that L3Harris' agreement to provide the identity of the two countries is sufficient. Apple has not met its burden to obtain the identity of the two government agencies in those two countries at this juncture.

### (c) Azimuth's Communications with Customers

The Court finds that Azimuth's communications with its customers specifically regarding the Corellium Apple Product are relevant and should be produced to Apple. However, in light of the Court's ruling above, L3Harris may redact the names of its customers and employees in those communications.

### (d) Azimuth's Agreements with Customers

Apple acknowledged at the March 17, 2020 hearing that it is not seeking broad contracts between Azimuth and its two foreign agency customers. Apple is only seeking contracts between Azimuth and two customers regarding the resale and use of the Corellium Apple Product. The Court hereby requires L3Harris to produce only the portions of the contracts for the two customers that discuss resale of the Corellium Apple Product and restrictions and permissions on the customers' use of the Corellium Apple Product. The Court shall permit L3Harris to redact the

names of the customers and employees.

### (e) Depositions

In the March 11, 2020 Joint Notice, Apple stated that "[o]nce documents have been produced, Apple is open to conferring regarding if the deposition is necessary and, if so, whether the scope of any such deposition can be narrowed." The Court directs L3Harris and Apple to confer after the production of documents to discuss whether the depositions of L3Harris and/or Azimuth are necessary. If Apple still seeks any deposition after that conferral, the parties shall confer in an effort to agree on the deposition and narrow the scope of any such deposition. The Court will rule on the necessity and scope of a deposition if the parties cannot agree.

### (f) Communications Between L3Harris, Azimuth and Corellium

L3Harris has agreed to produce communications between Azimuth or L3Harris and Corellium regarding the Corellium Apple Product. However, L3Harris seeks to redact the identity of Azimuth employees from those communications. The Court shall permit L3Harris to make those redactions.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Non-party L3Harris Technologies, Inc.'s Motion to Quash Plaintiff's Subpoenas to Produce Documents and for Deposition [DE 184] is **GRANTED IN PART AND DENIED IN PART**, as further explained in this Order.

2. L3Harris shall produce to Apple/Corellium the documents and information required by this Order and those documents and information it has agreed to produce on or before **March 30, 2020.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of March, 2020.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge