**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**DECLARATION OF GABRIEL S. GROSS**
**IN SUPPORT OF JOINT MOTION TO EXTEND TWO DISCOVERY DEADLINES**

1. My name is Gabriel S. Gross. I am over the age of 18. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am a partner at Latham & Watkins LLP and counsel for Apple Inc. in this matter.

3. My team and I received and reviewed Magistrate Judge Matthewman's Omnibus Order Providing Discovery Rulings (ECF No. 249, the "Omnibus Order") on Friday, March 20, 2020. That order requires Corellium to produce a significant amount of discovery by March 31, which I understand will include at least the source code for one dozen or more versions of a particular Corellium software product; a working version of that product itself and the required hardware; and potentially hundreds or thousands of previously withheld documents.

4. On Sunday, March 22, 2020, I wrote counsel for Corellium to discuss the impact of the Omnibus Order on upcoming depositions and discovery in this action, including depositions scheduled this week. A true and correct copy of my letter to Corellium's counsel Mr. Vine is

1

attached as **Exhibit A**.

5.  That same day my associate, Elana Nightingale Dawson, and I conferred by phone with Corellium's counsel Mr. Vine and his colleagues to discuss the issues I raised in my letter and the necessary next steps in discovery.

6.  Counsel for the parties memorialized their discussion and points of agreement by email, a true and correct copy of which is attached as **Exhibit B**.

7.  On Monday, March 23, 2020, the parties concluded that, in light of practical and logistical challenges presented by the significant amount of discovery the Omnibus Order compels Corellium to produce, and in view of other practical challenges, it is necessary to extend at least the deadline for rebuttal expert reports from April 3, 2020 to April 13, 2020 and the deadline for the close of expert discovery from April 20, 2020 to April 27, 2020.  The parties also agreed to postpone the depositions of at least three Corellium witnesses with technical knowledge until sometime between April 1 and 20, 2020, by which point I expect Corellium to have provided the recently ordered discovery.

8.  Apple, its counsel, and its expert witnesses need sufficient time (which they would not have under the current schedule) to review the significant amount of discovery Corellium has been compelled to produce, in order to fairly and fully question Corellium's witnesses at deposition about such matters, and to allow Apple's expert witnesses to form their opinions and complete their reports.

9.  Apple and its counsel have worked diligently to adhere to the case schedule in this action despite challenges presented by the COVID-19 pandemic and, more recently, by the discovery tasks Corellium must complete to comply with the Omnibus Order.  The parties have begun taking and defending depositions remotely through videoconference technology (three have

been completed over the past week and two more are taking place later this week), and the parties' counsel recently cooperated by meeting and conferring and attempting to reach agreement where possible over necessary adjustments to deadlines in view of recent events. Counsel also are exploring and discussing potentially engaging in other discovery activities remotely, through technological measures.

10. From my perspective as Apple's counsel and a partner managing the outside counsel team, other factors beyond the parties' control also necessitate the modest extension of the two deadlines the parties have requested. In particular, the COVID-19 pandemic has gravely impacted individual attorneys on my team, their families, my client Apple, its personnel, and at least one expert witness working on this case, some more seriously than others.

11. I am providing portions of this declaration under seal to protect the privacy of those on my team who are being impacted by this crisis in personal ways that may have an effect on this action, while sharing with the Court the hardship that Apple's and Latham's team members are facing under the current schedule.

12. Apple is headquartered in Santa Clara County, California where all non-essential businesses—including Apple—have been ordered to "cease all activities at facilities located within the County except for Minimum Basic Operations."[1] In addition, residents of California—including almost all of the Apple employees involved in this case—are now required to "stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors."[2]

---

[1] https://www.sccgov.org/sites/phd/DiseaseInformation/novel-coronavirus/Pages/order-health-officer-031620.aspx.

[2] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf.

13. Just as Apple employees have been impacted by the state, local, and federal directives responding to the COVID-19 pandemic, Apple's primary counsel at my law firm have been restricted and affected, resulting in considerable hardship in adhering to deadlines in this action, several examples of which I describe below.

   a. I typically work out of Latham's offices in Silicon Valley and San Francisco. I am subject to the California "shelter-in-place" directive, and my Bay Area offices have been ordered closed by authorities. I also live with a medically vulnerable family member, ███████████████████████████████████████. We have been ordered by our family physicians to limit contact and travel during the pendency of the COVID-19 outbreak. My two sons' school has been ordered closed, and I am the sole person who is not medically vulnerable able to care for them in the coming weeks.

   b. My associate **Holly Victorson** is a resident of Virginia, and works out of Latham's Washington, D.C. office. Ms. Victorson, with a degree in computer engineering, is an essential member of Apple's outside counsel team and has engaged heavily in the investigation of Corellium's technology that is alleged to infringe Apple's copyrights. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ms. Victorson lives at home with her husband and 1-year-old daughter, whose daycare is closed and who thus must be cared for

at home, as well as another family member who is a member of multiple high-risk groups.

c. My partner **Andrew Gass** works out of Latham's San Francisco office. Mr. Gass is likewise subject to the California "shelter-in-place" directive. Mr. Gass has advised me that his wife is a physician and front-line medical provider, intimately involved in the COVID-19 response and care for the Stanford Medical Center's Intensive Care Unit. Mr. Gass has also advised me that ███████████████. His children's school has been ordered closed, and in light of his wife's critical duties as an ICU doctor ████████████, Mr. Gass may be the sole person able to care for them (two boys aged 3 and 6) in the coming weeks.

d. My partner **Jessica Stebbins Bina** works out of Latham's Century City office. In compliance with Los Angeles County's and California's "shelter-in-place" directives, the Century City office is closed and she too is subject to those directives. Ms. Bina has advised me that her children's preschool has been closed, her children (aged 2 and 4) are at home as a result, and ████████████████████. In addition, she and her husband must assist her husband's parents, who—under directive of the California Governor—are not to leave their home because they are over 65 years old.

e. In addition to the restrictions on Apple employees and counsel discussed above, Apple's retained experts also face significant restrictions. **Dr. Jason Nieh**, Apple's technical expert witness, works for Columbia University, and has advised me that he was instructed by his employer that he may not travel. In addition, the Governor of New York has issued an order requiring that all employees of non-essential

5

businesses and not-for-profit entities work from home.[3] This will prevent Dr. Nieh from conducting any required in-person reviews of Corellium source code or Apple source code that are planned for the coming weeks, and that are necessary to his preparation of a rebuttal expert report currently due April 3, 2020. Such source code must generally be reviewed on-site, in secure locations, due to its highly confidential and proprietary nature. Although the parties are exploring potential vehicles that may allow for remotely accessing and reviewing source code, they have not completed their negotiations or reached an agreement. ███

███

███

███

f. Other members of the Latham team, including associates, paralegals, and support staff, are similarly affected. While everyone is attempting to do as much as possible remotely, some associates and support staff have to care for elderly relatives at risk of COVID-19. Others are not able to view or discuss confidential materials in their home due to their spouses/partners likewise being ordered to remain at home. Others are caring for young children whose schools or daycares have been closed. These are substantial and material impositions on these persons' ability to work on matters at issue in this case and have caused additional hardship to that created by the global pandemic.

---

[3] https://www.governor.ny.gov/news/no-2028-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency.

14. The parties, through conferral and compromise, have agreed to modest extensions of two discovery deadlines, which I believe will help mitigate the hardship felt by all involved as a result of the COVID-19 pandemic and in light of the significant discovery obligations required by the Omnibus Order. These two specific deadlines do not impact the dates relevant to the Court, namely the deadlines for dispositive and *Daubert* motions and the trial date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2020
in Hillsborough, California

_____
Gabriel S. Gross

# EXHIBIT A

**Gabriel S. Gross**
Direct Dial: +1.650.463.2628
gabe.gross@lw.com

# LATHAM&WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 22, 2020

**VIA EMAIL**

Jonathan Vine
Cole, Scott & Kissane, P.A.
Esparante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
*jonathan.vine@csklegal.com*

Re:   *Apple Inc. v. Corellium, LLC*, No. 19-cv-81160 (S.D. Fla.)

Dear Jonathan:

On Friday, the Court ordered Corellium to produce by March 31 a large volume of materials and information that up until now, Corellium has withheld in discovery. ECF No. 249. I write because this necessarily will have an impact on upcoming depositions and expert discovery, in particular depositions scheduled before the deadline for Corellium to comply.

Apple is entitled to and intends to depose Corellium's witnesses about the documents, source code, and other materials the Court has ordered Corellium to produce. Indeed, Apple would be unfairly prejudiced if it were denied a fair opportunity to question witnesses on these materials because Corellium has been "overly restrictive and stubbornly recalcitrant" in withholding them. *Id.* at 4 (also reaching "the inescapable conclusion that Apple has not yet had a full and complete opportunity to examine the CAP [Corellium Apple Product] at issue in this case").[1] Similarly, Apple's expert witnesses will need to review the materials Corellium has been compelled to produce (and any related witness testimony) as they are likely to affect their opinions and reports.

The Court has ordered Corellium to produce (a) "all source code for the 12-16 prior versions or minor changes" to the CAP; (b) "the native source code files for all versions of the CAP," without replacing, redacting, editing, or deleting any code, via "GitHub, Bitbucket, or another agreed-to software repository actually used by software developers"; (c) all "technical documentation regarding the CAP;" (d) "an on-premises version of the CAP"; and (e) "the CAP" itself, including "access to all parts of the hypervisor." *Id.* at 2-9. The Court also expanded the definition

---

[1] *See also id.* at 5-6 (finding Corellium "to date has not provided Apple with sufficient information to fully and effectively evaluate the CAP for purposes of this litigation" and noting that "the Court is becoming increasingly concerned that Corellium is trying to obfuscate the discovery issues or possibly 'hide the ball' regarding the CAP").

**LATHAM&WATKINS**LLP

of the "CAP" for discovery purposes to: "[a]ll products developed, offered for sale, or sold by Corellium that create virtual versions of iOS-operated devices," including "the hypervisor." The Court further ordered Corellium to produce "any additional documents that are responsive to Apple's Request for Productions in light of the Court's expanded definition of the Corellium Apple Product." *Id.* at 8-10. Finally, the Court ordered Corellium to produce the documents on its privilege log that "are not subject to any legitimate privilege," which amounts to thousands of documents. *Id.* at 10.

To comply with this order, Corellium will need to produce a significant number of source code files, make them available for Apple's counsel and expert to fully review on a proper source code review platform, produce many previously withheld technical and other documents, and provide a working on-premises product, all by March 31. We trust Corellium will fully and timely comply with the order and will promptly let us know, and seek relief from the Court if necessary, if any prevailing public health requirements impede full compliance. Likewise, we and Apple's experts will work diligently to review these materials as quickly as possible, given the circumstances, once we have them.

Given the fast-approaching April 20 deadline for the close of discovery, however, Apple has little choice but to proceed with the upcoming depositions of Corellium's witnesses as scheduled, and to leave those depositions open so they can be continued at later dates once Corellium has complied with the Court's order and Apple's counsel and experts have reviewed the yet-to-be-produced discovery materials. This is likely to impact at least the depositions of Messrs. Wang, Skowronek, Dyer, Wade, and Ms. Gorton. As just one example, there is no longer any reason to have Corellium make available at Mr. Wang's deposition tomorrow the deficient and altered amount of source code it had produced on the Everlaw platform, now that Corellium has been ordered to produce a far greater amount of its unaltered source code, including hypervisor code, via a more suitable software review platform. Rather, we anticipate needing to question Mr. Wang about those topics once we have had sufficient opportunity to review those new materials.

While we would rather depose Corellium's witnesses just once, and only after Corellium has complied with the Court's order and its other discovery obligations, the case schedule—including the deadlines for rebuttal expert reports and for the close of discovery—leaves us little choice but to proceed as we describe above. That said, we should meet and confer regarding any potential adjustments to the case schedule that could make things more workable and efficient, particularly in light of the logistical challenges posed by the growing coronavirus pandemic, Corellium's upcoming document and source code production, and how these events may impact other case-related plans like for on-site source code reviews, on-premises product installation, and expert report deadlines. For example, given the many legal and employer-mandated restrictions on travel that are currently affecting a number of the people involved in this case, we anticipate that both sides will need some accommodations to facilitate meaningful inspections and review of source code. We also think it would be more sensible and efficient to extend the discovery period and sequence the remaining discovery to (1) allow Corellium to complete its production of discoverable documents and source code and otherwise comply with the Court's order by March 31, then (2) schedule the relevant Corellium fact witnesses to be deposed (just one time), and then (3) complete the expert reports and expert witness depositions.

**LATHAM&WATKINS**LLP

  Of course, if either side needs relief from any court-ordered deadlines or other restrictions, we would like to attempt to avoid disputes and reach a stipulation in advance, rather than resolving such issues through unnecessarily contested motions. Given the rapidly changing situation about the pandemic that is affecting all of us, we aim to be as flexible and efficient as possible in keeping the case moving forward. Please let me know when you are free to meet and confer. You should feel free to call me directly, any time, to discuss any of this.

               Very truly yours,

               Gabriel S. Gross
               of LATHAM & WATKINS LLP

cc:  Justin Levine
    Lizza Constantine
    Martin Goldberg
    Emily Pincow

# EXHIBIT B

| | |
|---|---|
| **From:** | Jonathan Vine <Jonathan.Vine@csklegal.com> |
| **Sent:** | Sunday, March 22, 2020 2:38 PM |
| **To:** | Gross, Gabriel (Bay Area) |
| **Cc:** | Nightingale Dawson, Elana (DC); Justin B. Levine; Lizza C. Constantine; Michael Boehringer; ggaukroger@bergersingerman.com; dhecht@piercebainbridge.com; mprice@piercebainbridge.com; mmcgowin@piercebainbridge.com; mwang@piercebainbridge.com; wwu@piercebainbridge.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC); Gass, Andrew (Bay Area); Damle, Sy (DC); Homer, Carolyn (DC); #C-M APPLE - CORELLIUM - CASE TEAM - LW TEAM |
| **Subject:** | Re: Apple Inc. v. Corellium, LLC - Letter |

I would add that we are prepared to go forward with all depositions but that you prefer to hold off until after March 31 and compliance with the ordered production. I also would add that we have given you a proposed schedule to fall within the current discovery deadline of April 20.  You indicated you would be providing a counter proposal. We look forward to receiving same.


On Mar 22, 2020, at 5:23 PM, "Gabe.Gross@lw.com" <Gabe.Gross@lw.com> wrote:

**[CAUTION: EXTERNAL EMAIL]**

Jonathan and team -

Thank you for your time on our call.  I write to follow up on my letter from earlier today and our call, and to summarize what I understand to be our points of agreement and next steps.

First, you reiterated that you intend to move for reconsideration of and/or appeal the Court's order compelling Corellium to produce source code, the hypervisor, and Corellium's on-premises product.  You also noted that you do not intend to move for reconsideration of or appeal the Court's order with respect to producing non-privileged documents listed on Corellium's privilege log. Apple expects Corellium to comply with all aspects of the order.

With respect to Mr. Wang's deposition that was scheduled for tomorrow morning, you offered to proceed with it but would not agree to allow us to continue deposing him after Corellium has complied with the Court's order so we could question him on the materials Corellium has been ordered to produce.  I explained that we could not accept that offer, since Apple's counsel and experts will need to review the recently ordered discovery before completing Mr. Wang's deposition.  In view of that impasse, we agreed to postpone Mr. Wang's deposition to a date to be determined after Corellium has complied with the Court's order.  You offered to make Mr. Wang available between March 31 and April 20 for a deposition.

With respect to the other upcoming depositions and deadlines in this case, we agreed that Apple will propose a revised schedule that Corellium will consider in the hopes that we can amicably resolve the scheduling challenges the parties are currently facing.  We are working on that now.  We understood you to generally agree that in light of the recently ordered production of source code and other

1

technical material, it makes sense to postpone the depositions of at least Messrs. Wang, Skowronek, and Wade until after any such production, as they have relevant technical knowledge. I explained that in light of the Court also ordering Corellium to produce all non-privileged documents it has withheld and itemized on its privilege log, we also will need to postpone Mr. Dyer's and Ms. Gorton's depositions until after Corellium's compliance as well.

Finally, you raised some concerns related to how the Court has defined the Corellium Apple Product and ordered the production of source code for prior versions of the Corellium Apple Product.  We understand that you will send us something in writing, like a draft stipulation or declaration on these issues, and we will consider whatever you send over. Please let us know if anything in this email does not accurately reflect our discussion.

Yours,

Gabe

**Gabriel S. Gross**

**LATHAM & WATKINS** LLP
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.463.2628 | M: +1.650.868.4223



*The Florida Law Firm*

**www.csklegal.com**



**Jonathan Vine**
*Partner*
Tel: 561-383-9203 | Fax: 561-683-8977
**Jonathan.Vine@csklegal.com**

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

---

**From:** Jonathan Vine <Jonathan.Vine@csklegal.com>
**Sent:** Sunday, March 22, 2020 12:19 PM
**To:** Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>
**Cc:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Justin B. Levine <Justin.Levine@csklegal.com>; Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; ggaukroger@bergersingerman.com; dhecht@piercebainbridge.com; mprice@piercebainbridge.com; mmcgowin@piercebainbridge.com; mwang@piercebainbridge.com; wwu@piercebainbridge.com; mgoldberg@lashgoldberg.com;

2

epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>
**Subject:** Re: Apple Inc. v. Corellium, LLC - Letter

Yes.  Thanks.

On Mar 22, 2020, at 3:18 PM, "Gabe.Gross@lw.com" <Gabe.Gross@lw.com> wrote:

**[CAUTION: EXTERNAL EMAIL]**

Assuming you mean eastern time, so in 15 minutes, yes I can make that work. Let's use this dial-in; my colleague Elana in Washington will join me. 1.877.205.3155, 100608#.

Gabe

<image001.jpg>   <image003.jpg>   **Jonathan Vine**
*Partner*
Tel: 561-383-9203 | Fax: 561-683-8977
**Jonathan.Vine@csklegal.com**

*The Florida Law Firm*

**www.csklegal.com**

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

<image002.png>

<image004.jpg>

<image005.jpg>

<image006.jpg>

<image007.jpg>

**From:** Jonathan Vine <Jonathan.Vine@csklegal.com>
**Sent:** Sunday, March 22, 2020 12:16 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>
**Cc:** Justin B. Levine <Justin.Levine@csklegal.com>; Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; ggaukroger@bergersingerman.com; dhecht@piercebainbridge.com; mprice@piercebainbridge.com;

mmcgowin@piercebainbridge.com; mwang@piercebainbridge.com; wwu@piercebainbridge.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>
**Subject:** Re: Apple Inc. v. Corellium, LLC - Letter

Are you free 3:30 pm - 4:00 pm?

On Mar 22, 2020, at 2:46 PM, "Elana.NightingaleDawson@lw.com" <Elana.NightingaleDawson@lw.com> wrote:

**[CAUTION: EXTERNAL EMAIL]**

Counsel,

Please see the attached.

Thank you.
Elana

**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
555 Eleventh St., NW Suite 1000 | Washington, DC 20004
Tel: 202-637-2303 | Fax: 202-637-2201 | http://www.lw.com

<image001.jpg>

*The Florida Law Firm*

**www.csklegal.com**

<image002.png>

<image004.jpg>  **Jonathan Vine**
*Partner*
Tel: 561-383-9203 | Fax: 561-683-8977
**Jonathan.Vine@csklegal.com**

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

<image005.jpg>

<image006.jpg>

<image007.jpg>

<image008.jpg>

4

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
<2020.03.22 G. Gross ltr to J. Vine .pdf>

**Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.**