UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *EXPEDITED MOTION* TO STAY PARTIAL COMPLIANCE WITH THE MAGISTRATE JUDGE'S MARCH 20, 2020 OMNIBUS ORDER PROVIDING DISCOVERY RULINGS AFTER MARCH 16, 2020 DISCOVERY HEARING, OR, IN ALTERNATIVE, MOTION FOR EXTENSION OF TIME**

    Defendant, CORELLIUM, LLC, ("Corellium"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, 28 U.S.C. 636(b)(1)(A), and Local Rules 4(a)(1) and 7.1 of the Southern District of Florida, respectfully moves this Honorable District Court, on an *Expedited* basis (Local Rule 7.1(d)(2)), for entry of an Order staying Partial Compliance with the Honorable Magistrate Judge's March 20, 2020 Omnibus Order Providing Discovery Rulings After March 16, 2020 Discovery Hearing, or, in the alternative, for Extension of Time, and states as follows:

    1.    This case arises out of a claim by Apple Inc. against Corellium, LLC, for copyright infringement, trafficking and profiting from technology that enables such infringement in violation of the Digital Millennium Copyright Act. (D.E. 56, First Amended Complaint, ¶2). As the Court is aware, the alleged infringement relates solely to Apple's iOS operating system. (D.E. 56, First Amended Complaint, ¶¶25-48).

2. The Court recently heard extensive argument on various discovery motions during hearings that occurred on February 12-13, February 27 and March 16, 2020. After the March 16 hearing, the Court entered an Omnibus Order Providing Discovery Rulings After March 16, 2020 Discovery Hearing. (D.E. 249). In the Omnibus Order, the Court ordered Corellium to do the following:

   a. "produce to Apple all of the source code for the 12-16 prior versions or minor changes." (¶1);

   b. provide "the native source files for all versions of the CAP [Corellium Apple Product] as the Court" defined in the Order.[1] (¶3a);

   c. produce "the source code via GitHub, Bitbucket or another agreed-to software repository actually used by software developers." (with Apple to pay any additional costs or expenses of production) (¶3b);

   d. "produce all technical documents that will permit Apple's expert to fully evaluate whether and, if so, how, the CAP copies, modifies, or displays Apple's copyrighted works and/or circumvents all of Apple-implemented technical measures." (¶3c);

   e. provide "the on-site CAP for discovery purposes to Apple so that Apple's expert can view and evaluate it fully outside the presence of Corellium and its counsel." Corellium shall also produce "an on-premises version of the CAP to Apple rather than host the CAP at Corellium for Apple's expert's inspection." (¶3d);

   f. produce "the CAP … and provide access to all parts of the hypervisor that connect the underlying resources to the other functions in the CAP." (¶3e);

---

[1] The definition is as follows: "All products developed, offered for sale, or sold by Corellium that create virtual versions of IOS-operated devices. This definition includes the hypervisor, which appears to be a core component of, and the foundation of, the Corellium Apple Product, as well as all source code. This definition includes the hypervisor code which is allegedly involved in copying, displaying or masking modifications of iOS. The Court finds that due to the infringement, circumvention and other issues asserted in this case, including Apple's claims and Corellium's defenses, the entire hypervisor is relevant and proportional and must be produced. This definition shall govern all discovery in this case." (¶3e).

    g. remove any documents that are that are not subject to any legitimate privilege from its privilege log, and produce the documents where the privilege was removed to Apple. (¶4); and,

    h. "produce the additional documents specified in this Order in light of the Court's new definition of the CAP, as well as any additional documents removed from Corellium's privilege log after they carefully review it . . . and any additional documents that are responsive to Apple's Requests for Production in light of the Court's expanded definition of the Corellium Apple Product." (¶5).

3. As the Court is aware, Corellium, through counsel, represented on numerous occasions that it would comply with all discovery related to the allegations of the First Amended Complaint, namely the alleged infringement of Apple's iOS operating system. (For example, see February 12-13, Hearing Transcript, p. 33 "we concede that the aspects that relate to iOS are subject to discovery." Also, for further example, pp. 34-36).

4. Corellium will also fully complying with the portions of the Court's Order set forth in paragraphs A, B, C, D, G, and H, identified above, and will comply with the March 31, 2020 due date set forth in the Order.

5. However, as the Court is aware, Corellium has severe concerns that compliance with paragraphs E and F compels it to produce trade secret information which will cause it irreparable harm as well as forces Corellium in incur severe lost cost and expense. Therefore, it is Corellium's intention to seek modification of or clarification of the Court's Order or, in the alternative, to seek additional protections related to the burden to be incurred and/or production of this information.

6. As a result of the above, and the Court's March 20, 2020 Omnibus Order, Corellium seeks a limited stay of the Court's March 20, 2020 Order relating to paragraphs E and F that will

be the subject of Corellium's *Certified* Motion For Partial Reconsideration Of The Court's Omnibus Order, which will be filed on March 28, 2020.

7. The Court has authority to control discovery in order to avoid undue burden or expense upon the parties. *See, e.g., Dynamic Image Technologies, Inc. v. United States,* 221 F.3d 34, 38 (1st Cir. 2000) (trial courts are given broad discretion to control discovery process where "the question is whether to permit discovery before deciding jurisdictional issues."). The authority of the Court to control discovery is set forth in Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) provides as follows in pertinent part:

> Upon motion by a party ... and for good cause shown... the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Fed. R. Civ. P. 26(c).

8. Where good cause and reasonableness exist, a stay of discovery by the court is warranted. *See Varga v. Palm Beach Capital Management, LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1, (S.D. Fla. Sept. 3, 2010) (*citing Bocciolone v. Solowky*, No. 08-20200, 2008 WL 2906719, at *2, (S.D. Fla. July 24, 2008)) (A stay of discovery is appropriate where the movant shows "good cause and reasonableness"). A stay is the proper vehicle to avoid a waste of judicial resources. *Allstate Ins. Co. v. Titusville Total Health Care*, 848 So.2d 1166 (Fla. 5th DCA 2003); *Laurence v. Soler*, 706 So.2d 896 (Fla. 3d DCA 1998).

9. The moving party bears the burden of showing good cause and reasonableness. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla.1997)). "[T]he Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need

for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Id.*

10. Corellium is aware of the discovery deadline of April 20, 2020. Both parties have been working extremely hard to comply with the Court's Discovery deadlines in this unique and complex case. Thus, Corellium only seeks a limited stay of the March 20, 2020 Order with respect to the discovery requests that will be the subject of Corellium's *Certified* Motion For Partial Reconsideration Of The Court's Omnibus Order (paragraphs E and F above). If Corellium is compelled to produce this information, its business could be ruined, or at the very least, incur significant irreversible damage. For these reasons, Corellium requests that this Court grant its Motion for Stay pending resolution of its Motion for Partial Reconsideration and Clarification of the Court's March 20, 2020 Order.

## **MOTION FOR EXTENSION**

In the alternative, if the Court will not grant a stay, or denies reconsideration, Corellium requests that the Court extend the time to respond to paragraphs E and F above for the reasons set forth below.

1. First, it takes about 10 business days to have the parts ordered and assembled by Corellium—so compliance with the Order is an impossibility from a pure logistics standpoint.

2. Second, there are significant costs involved. The small costs start with the manpower necessary to set up the server within 10 days, as well as the cost for the parts, which are in the thousands of dollars in parts and labor.

3. Third, if Corellium is compelled to provide one of its servers to Apple's expert for inspection, Corellium will lose significant revenue due to the loss of use of one of its servers in

stock. There is only a very limited number of these servers left in Corellium's stock and the servers are no longer manufactured. To ship a server to Apple would constitute a loss of a sale, which would be an immediate and significant loss of revenue. Apple's response is that it will simply return the server when the inspection is complete, however, the server will be of limited use to Corellium as Corellium cannot ship a server that has been previously used or tampered with by Apple (a very capable tech company) in a legal proceeding that Apple was the plaintiff.

4. Fourth, Corellium has provided a proposed middle ground to Apple where Corellium can provide the "On Premises" version of the CAP via remote desktop. Specifically, as it will be more fully explained in section II of the Legal Memorandum of its *Certified* Motion For Partial Reconsideration Of The Court's Omnibus Order, Corellium has suggested to Apple that its expert can perform the required inspection in full compliance with this Court's Order via Remote Desktop access. Apple's counsel has responded and the Parties are working to come to a compromise.

5. Corellium requests this District Court for an *Expedited* ruling on the instant Motions contained herein, pursuant to Local Rule 7.1(d)(2) because pursuant to the Omnibus Order, Corellium has until March 31, 2020 to comply with that Order. Shortly hereafter (March 28, 2020), Corellium will be filing its *Certified* Motion For Partial Reconsideration Of The Court's Omnibus Order, which seeks to prevent the disclosure of highly proprietary materials and lays out in great detail the necessity for these instant motions for Stay/Extension. Should Corellium not have a ruling on this instant Motion to Stay, or in the alternative, for Extension of Time, Corellium will be forced to produce highly proprietary material that Corellium believes is highly improper to be deemed discoverable in this case. Moreover, Corellium asserts that it is not logistically possible

to comply with other portions of the Omnibus Order by the date provided for—March 31, 2020. This too, will be laid out in significant detail in Corellium's *Certified* Motion For Partial Reconsideration Of The Court's Omnibus Order, filed contemporaneously herewith.

**WHEREFORE**, for the reasons set forth above, Corellium, LLC respectfully moves this Court for entry of an Order staying Partial Compliance with the Magistrate Judge's March 20, 2020 Omnibus Order Providing Discovery Rulings After March 16, 2020 Discovery Hearing, or, in the alternative, for Extension of Time, and grant such other and further relief it deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), prior to the filing of the instant Motion the undersigned counsel verifies that counsel for Defendant conferred via telephone call with counsel for Plaintiff on March 27, 2020, regarding the relief sought herein. Plaintiff opposes the relief sought herein, but counsel for each Party will look over the weekend to see if there is any possible grounds for a mutually agreeable extended timeframe.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

DATED: March 27, 2020                Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401

    Telephone (561) 612-3459
    Facsimile (561) 683-8977
    Primary e-mail: justin.levine@csklegal.com
    Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
    JONATHAN VINE
    Florida Bar. No.: 10966
    JUSTIN B. LEVINE
    Florida Bar No.:  106463
    LIZZA C. CONSTANTINE
    Florida Bar No.:  1002945

    *and*

PIERCE BAINBRIDGE BECK PRICE & HETCH, LLP
*Counsel for Defendant*
277 Park Avenue, 45th Floor
New York, NY 10172
Telephone (646) 779-5315
Facsimile (646) 968-4125
David Hecht, *Pro hac vice*
E-mail: dhecht@nortonrosefulbright.com
Maxim Price, *Pro hac vice*
E-mail: mprice@piercebainbridge.com
Melody McGowin, *Pro hac vice*
E-mail: mmcgowin@pierbainbridge.com
Wen Wu, *Pro hac vice*
E-mail: wwu@pierbainbridge.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@pierbainbridge.com