**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-CV-81160-RS**

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.
_____/

**DECLARATION OF MANUEL DELGADO IN SUPPORT**
**CORELLIUM'S *CERTIFIED* MOTION FOR PARTIAL**
**RECONSIDERATION OF THE COURT'S OMNIBUS ORDER**

    1.    My name is Manuel Delgado. and I am over the age of 18, and otherwise *sui juris* in all respects. I make this declaration based upon my personal knowledge.

    2.    I am the Litigation Support Manager at the law firm of Cole, Scott & Kissane, P.A., which represents Defendant, Corellium, LLC ("Corellium") in the above-captioned matter.

    3.    I am a software engineer with a Bachelor's degree in software development and information systems technology.

    4.    Corellium produced its source code, in native format, which was processed and uploaded via the Everlaw repository.

    5.    Corellium's source code was provided in its original native form, which included metadata identifying original file path/directories.

    6.    Corellium also provided source code that addressed old and new versions of the product. This was also provided in its native format, and was uploaded and processed into the Everlaw repository.

EXHIBIT 1

7. Prior to March 12, 2020, I was advised to review the Protective Order [D.E. 50] to prepare the technology aspect of the inspection by Apple's expert of Corellium's Source Code.

8. I reviewed, among other sections, paragraph 11(c)(i) which identified that all source code was to be made available in a secured room, with access ports disabled, and the producing party would provide sufficient tools for viewing and searching.

9. I also reviewed paragraph 11(c) regarding additional software. I understood that Receiving Party's (Apple) outside counsel or experts may request that commercially available software tools for viewing and searching code be installed on the secured computer provided however: (a) Receiving Party (Apple) possess an appropriate license to such software tools; (b) The Producing Party (Corellium) approves such software tools, and (c) Such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all the protections herein.

10. Furthermore, reviewing paragraph 11(c) identified that Receiving Party (Apple) must provide the producing party with the CD or DVD containing licensed software tools at least 21 days in advance.

11. I never received a request from Apple's attorneys or Expert to load software such as Note Pad ++, or any other software to assist with their review prior to the Source Code inspection on March 12, 2020. I also never received any notification from Apple with regard to having the source code uploaded to an internet based platform such as Github prior to the Source Code inspection.

12. I never received any software or licenses from Apple's attorney or Expert to load unto the secure computer to review Corellium's source code prior to the inspection that took place on March 12, 2020.

13. Everlaw provides the ability to review native files, search through the source code, and run comparisons through visualization, which will address exact duplicates, or near duplicates of code.

14. Prior to the Source Code inspection, Cole Scott & Kissane, P.A.'s IT department provided the required computers with protocols not to allow internet access and block out any other programs other than the Everlaw repository and its tools on the viewing computer, and Mocrosoft Word for the note taking computer. All ports on both computers were blocked pursuant to the Protective Order.

15. I met with Dr. Nieh, Apple's expert on March 12, 2020 and instructed him on how to search through Everlaw, how to use the visualization tool, and how to view the source code in the native form, including identifying pertinent metadata and file path/directories. This information had been previously produced to Apple's counsel in the same format.

16. I was asked by Dr. Nieh if we had provided these file paths to Apple's attorneys when we produced the Source Code to Apple's attorneys. I responded in the affirmative and said that all metadata including file paths were provided in the .dat file that was part of the production to Apple's attorneys.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27 day of March, 2020.

> */s/ Manuel Delgado*
> Manuel Delgado,
> Litigation Support Manager