UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-CV-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

FILED BY _____ D.C.

MAR 20 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS ORDER PROVIDING DISCOVERY RULINGS AFTER MARCH 16, 2020 DISCOVERY HEARING

THIS CAUSE is before the Court upon the numerous discovery disputes briefed by the parties in their 26-page Joint Notice [DE 227], including their 12-page Exhibit A [DE 227-1] and 5-page letter [DE 227-2], Regarding L3Harris Technologies, Inc.'s Motion to Quash and Outstanding Discovery Disputes Between Apple and Corellium [DEs 224, 227[1]]. Some of these disputes were discussed at the March 16, 2020 discovery hearing. As to issues not discussed at the March 16, 2020 hearing, the Court will rely on its knowledge of this case from the prior lengthy discovery hearings held in this case and the parties' papers and filings. All of these matters were referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. The Court is ruling on all outstanding discovery issues in this Order and requires good faith, full compliance with this Order. Failure to comply by any party or counsel may result in

---

[1] Docket Entry 193 is the sealed version of the Joint Notice Regarding Discovery Disputes. Additionally, the Court notes that it ruled earlier this week on L3 Harris Technologies' Motion to Quash per its Order entered at DE 247. Thus, the Court will not be addressing that motion to quash in this discovery order.

1

EXHIBIT 2

Case 9:19-cv-81160-RS Document 255-2 Entered on FLSD Docket 03/28/2020 Page 2 of 13
Case 9:19-cv-81160-RS Document 249 Entered on FLSD Docket 03/20/2020 Page 2 of 13

appropriate sanctions pursuant to Fed.R.Civ.P. 37(b), including but not limited to, an award of costs and attorneys' fees against the offending party and/or its counsel.

As noted above, the Court has entered numerous discovery orders and has held previous lengthy discovery hearings in this case. The parties continue to battle and bicker over constant, never-ending discovery disputes in this case. Unfortunately, the parties and their counsel have made the discovery process in this case much more complicated and time consuming than necessary. The Court intends to put an end to the discovery bickering now.

On March 16, 2020, the Court heard argument from the parties' counsel on some of the pending discovery disputes that remained after the Court entered its prior discovery orders and after the parties amended their discovery responses in compliance with those orders. The Court has determined that no further oral argument will be necessary or productive as to the pending discovery issues and shall rely on all filings contained in the docket and all prior argument in issuing the rulings contained in this Order.

Upon careful review of its prior orders, the entire docket in this case, the relevancy and proportionality requirements of Rule 26(b)(1), and counsel's arguments at the March 16, 2020 discovery hearing and at prior discovery hearings held in this case, it is hereby **ORDERED** as follows:

1. Plaintiff Apple Inc. ("Apple") has asserted that its expert needs the source code for the 12-16 prior versions of the Corellium Apple Product ("CAP")[2]. Corellium argues that the 12-16 prior versions are, in effect, minor changes made to the CAP. The

---

[2] These 12-16 versions do not include the prior version of the Corellium Apple Product that was in existence at the initiation of this lawsuit. As discussed later in this Order, that prior version must also be produced if production has not already occurred.

2

EXHIBIT 2

parties have been unable to reach a stipulation on this issue. Whether they are termed prior versions or minor changes, the Court hereby **ORDERS** that Defendant Corellium, LLC ("Corellium") shall produce to Apple all of the source code for the 12-16 prior versions or minor changes on or before **March 31, 2020**.

2. The Court has very carefully reviewed the entire docket and, specifically, the sealed versions of the parties' competing expert Declarations [DEs 239, 243] to determine the pending issues in this case. These pending issues include but are not limited to: (1) whether all of the source code for the current version of the CAP, and for the prior version of the CAP that was in existence at the initiation of this lawsuit, have been produced by Corellium to Apple; (2) whether the code for the hypervisor should be produced by Corellium to Apple; (3) whether all required documents, including all necessary technological documents, have been produced by Corellium to Apple; (4) whether the interim definition of the CAP is sufficient for discovery purposes or should be modified; and (5) whether Corellium's production of the CAP via the Everlaw interface is sufficient for discovery purposes.

3. In this regard, the Court first needs to address the competing Declarations of Plaintiff Apple's expert, Jason Nieh [DE 239] and Defendant Corellium's expert, James Olivier [DE 240]. The Court has read each Declaration and the attachments several times, in conjunction with counsels' arguments and the other papers and documents filed by the parties in this case, in an effort to determine what pending discovery in this case is relevant and proportional pursuant to Fed.R.Civ.P. 26(b)(1) and other applicable rules and law. Although the Court accepts portions of both experts'

3

EXHIBIT 2

Declarations, the Court finds Jason Nieh's Declaration to be more factual, precise, explanatory, and helpful to the Court's decision-making process. Mr. Nieh's 20-page Declaration relies primarily on facts and information, whereas Mr. Olivier's 6-page Declaration is, in large part, conclusory and argumentative. Mr. Olivier's Declaration is also overly simplistic and somewhat dismissive of the complex issues in this case. Moreover, a careful review of the competing Declarations together with all the filings in this case leads this Court to the inescapable conclusion that Apple has not yet had a full and complete opportunity to examine the CAP at issue in this case. Additionally, the experts' competing Declarations and the parties' competing positions make it abundantly clear to this Court that the parties have wholly divergent views of what constitutes relevant and proportional discovery in this case. While Apple has clearly contributed to the ongoing discovery problems in this case, the Court finds that Corellium's discovery production has been inadequate, and that Corellium's discovery positions have, in part, been overly restrictive and stubbornly recalcitrant. Accordingly, the Court **ORDERS** that the following discovery SHALL be produced by Corellium to Apple:

    a. With regard to the source code for the current and prior version of the CAP, the Court finds that, while the Court did initially, on an interim basis, limit the definition of the CAP for discovery purposes, the Court did not authorize Corellium to pick and choose its redactions or make alterations to the source code so as to render production of the source code less fulsome to Apple's expert. Corellium is therefore required to provide, on or before **March 31,**

4

EXHIBIT 2

**2020**, the native source code files for the all versions of the CAP as the Court defines later in this Order. Corellium shall not be permitted to replace segments of non-iOS information of the source code with "redacted" comments. Corellium shall not edit or delete any code, and there shall not be any alterations of the native source code produced to Apple by Corellium.

b. The Court notes that Corellium has produced certain of the source code to Apple through the Everlaw interface, which is an electronic discovery platform used by Corellium's counsel. According to Apple, that platform is insufficient in many respects and does not allow ready comparison. Apple requests that all source code be produced in a software repository of the type actually utilized by software developers, such as GitHub or Bitbucket. Corellium argues that the Everlaw platform is compliant with its discovery obligations and sufficient for Apple to obtain and review the discovery produced by Corellium. After carefully considering the parties' positions, the Court hereby **ORDERS** that Corellium shall produce, on or before **March 31, 2020**, the source code via GitHub, Bitbucket or another agreed-to software repository actually used by software developers, and, further, that Apple shall pay any additional costs or expenses of production pertaining to such software repository. If the parties cannot agree on the software repository to use, the Court shall pick the software repository once it is advised that no agreement has been reached.

c. The Court finds that Corellium's technical production to date has not provided

Apple with sufficient information to fully and effectively evaluate the CAP for purposes of this litigation. Corellium has provided limited source code which contained unnecessary and improper redactions and alterations. Corellium has not provided a complete set of source code and other technical information and documents to Apple which would permit Apple's expert to fully determine how the CAP functions and operates. In this regard, the Court is becoming increasingly concerned that Corellium is trying to obfuscate the discovery issues or possibly "hide the ball" regarding the CAP. Corellium has improperly refused to make relevant and proportional discovery available to Apple under the guise of labelling certain items as "non-iOS" functions or not relevant to the CAP at issue in this lawsuit. Corellium's interpretation of the CAP is far too narrow and restrictive and fails to fully comply with this Court's Orders and its discovery obligations. Accordingly, the Court **ORDERS** that Corellium shall produce all technical documents that will permit Apple's expert to fully evaluate whether and, if so, how, the CAP copies, modifies, or displays Apple's copyrighted works and/or circumvents all of Apple-implemented technical measures. The Court is cognizant of the argument of Corellium's counsel that the CAP does not engage in such conduct, but that is an argument that Corellium can make at summary judgment or trial. Corellium's counsel cannot dogmatically state during the discovery process that the CAP does not, for example, copy, modify or display Apple's copyrighted products and therefore no discovery can be

pursued by Apple into that allegation. That issue is precisely one of the key disputes in this case, and Apple is entitled to full discovery on that issue. Corellium, as ordered previously, shall provide all code and technical documentation regarding the CAP as defined later in this Order on or before **March 31, 2020.**

d. After hearing the arguments of counsel and reviewing the experts' Declarations in this case, the Court finds that the on-site inspection of the CAP by expert Nieh was inadequate for discovery purposes. It appears clear to the Court that this inspection was unnecessarily restricted by Corellium and its counsel. Mr. Nieh was not able to fully evaluate the capabilities of the CAP, and he was not able to view and evaluate the CAP outside the presence of Corellium and its counsel. In sum, the on-site inspection afforded Mr. Nieh was insufficient for discovery purposes. The Court further finds that it makes no sense, especially under the discovery time constraints of this case, to require Apple's expert to travel once again to Corellium's location and be forced to view the CAP in the presence of Corellium and Corellium's counsel when Corellium can readily produce the on-premises CAP for discovery purposes just as it provides such product to its customers. Therefore, Corellium is **ORDERED** to provide, on or before **March 31, 2020,** the on-site CAP for discovery purposes to Apple so that Apple's expert can view and evaluate it fully outside the presence of Corellium and its counsel. Corellium shall produce on or before March 31, 2020 an on-premises version

7

EXHIBIT 2

of the CAP to Apple rather than host the CAP at Corellium for Apple's expert's inspection.

e. The Court has carefully heard from the parties via their filings, the parties' counsel, and the parties' respective experts as to the proper definition of the Corellium Apple Product for discovery purposes and whether that definition should or should not include the hypervisor. The Court finds that its interim definition of the CAP, which the Court initially utilized to get the discovery process moving in light of the parties' numerous discovery battles, must be revised and expanded. The Court finds that the hypervisor appears to be an integral part and parcel of the Corellium Apple Product. Corellium's hypervisor appears to manage virtual devices and is central to the CAP. The hypervisor is arguably a specialized piece of system software that creates and manages one or more virtual machines. Viewed from the perspective of an individual operating system on a virtual machine, the so-called hardware it interacts with appears to be the hypervisor software. The Court finds that discovery is required to be produced by Corellium which fully demonstrates the operation of the hypervisor as it is central to the issues in this case and determinative of whether a copyright or DMCA violation has occurred as alleged in the Complaint. Such discovery is also relevant to Corellium's affirmative defenses. Accordingly, the following definition shall now govern discovery in this case: **"All products developed, offered for sale, or sold by Corellium that create virtual versions of iOS-operated devices. This**

8

EXHIBIT 2

**definition includes the hypervisor, which appears to be a core component of, and the foundation of, the Corellium Apple Product, as well as all source code. This definition includes the hypervisor code which is allegedly involved in copying, displaying or making modifications of iOS. The Court finds that due to the infringement, circumvention and other issues asserted in this case, including Apple's claims and Corellium's defenses, the entire hypervisor is relevant and proportional and must be produced. This definition shall govern all discovery in this case."** Corellium shall produce to Apple, on or before **March 31, 2020**, the CAP as defined above and shall provide access to all parts of the hypervisor that connect the underlying resources to the other functions in the CAP. The Court notes that Corellium has objected to such production on trade secret and other grounds, which arguments the Court has very carefully considered. However, in light of the claims and defenses asserted in this case, the Agreed Protective Order in this case [DE 50], and the fact that the Court hereby initially restricts production of the CAP as defined above to attorney's eyes only and to Plaintiff's expert Mr. Nieh, Defendant's arguments fail.

4. Apple argues in the Joint Notice that Corellium's privilege log is insufficient. [DE 224, pp. 10-11]. The Court has reviewed the parties' arguments and finds that Corellium's privilege log does, in fact, appear to be over-inclusive and to include improper privileges and descriptions. Therefore, on or before **March 31, 2020**, Corellium is **ORDERED** to review its privilege log, remove any documents that are

9

EXHIBIT 2

not subject to any legitimate privilege and then produce them to Apple, ensure that its privilege log fully complies with the Local Rules, and provide Apple with an amended privilege log. If necessary, at a future date, the Court will review the privilege log and withheld documents *in camera,* to determine if it sufficiently complies with the Local Rules. If the Court finds that either party is taking unreasonable positions as to Corellium's privilege log and the documents contained therein, the Court shall consider the imposition of sanctions against the offending party and counsel. The parties are expected to confer in good faith on the privilege log issue and cooperate in this effort.

5. Apple argues in the Joint Notice that Corellium's document production is deficient. [DE 224, p. 10-12]. Corellium contends that documents are not missing from its production. *Id.* at pp. 12-14. The Court has previously addressed this issue in this Order and requires Corellium to produce the additional documents specified in this Order in light of the Court's new definition of the CAP, as well as any additional documents removed from Corellium's privilege log after they carefully review it, on or before **March 31, 2020**. Corellium is also required to produce on or before **March 31, 2020**, any additional documents that are responsive to Apple's Request for Productions in light of the Court's expanded definition of the Corellium Apple Product.

6. With regard to Apple's discovery responses served on March 2, 2020, Apple has already agreed to change the language in certain responses. The Court expects Apple to revise its discovery responses to fully and completely answer the discovery

10

EXHIBIT 2

requests propounded by Corellium. Apple shall comply and fully and in good faith provide revised discovery responses in accordance with this Court's orders and its discovery obligations. This shall be done on or before **March 31, 2020**.

7. With regard to Corellium's Response to Apple's 30(b)(6) Objections, the parties shall continue to confer in good faith in an effort to resolve those issues in light of this Order and the Court's direction. Many of the issues raised by the parties as to the 30(b)(6) deposition and objections are resolved by this Order and the Court's new definition of the CAP which shall also apply to all depositions taken in this case, including 30(b)(6) depositions and all other discovery. If the parties fail to agree and have a remaining dispute as to the 30(b)(6) depositions and objections, the Court shall promptly rule on the dispute once it is notified of the dispute. However, the Court is growing increasingly frustrated by the parties' never-ending discovery disputes and will impose sanctions as the Court deems necessary if meritless discovery positions are taken by either party or counsel.

8. With regard to the depositions that have not yet been conducted, the parties are directed to take all depositions in compliance with the Federal Rules of Civil Procedure and the Local Rules. The parties are also expected to behave cooperatively, especially given the current COVID-19 situation. The parties shall confer and cooperate in good faith to lessen the deposition problems at issue due to the COVID-19 issues by attempting to agree on remote video depositions and other technological procedures or advancements to properly, efficiently, and cooperatively conclude the discovery and deposition process in this case. Again, the parties are not

11

EXHIBIT 2

Case 9:19-cv-81160-RS Document 249 Entered on FLSD Docket 03/20/2020 Page 12 of 13

to bicker and argue over these deposition procedures but shall work together cooperatively in a real effort to promote, and not stifle, effective deposition discovery in this case. Both parties in this case are technologically advanced companies and should have no problem working out their deposition issues. If they cannot do so, they can seek further timely relief from the Court, and the Court shall decide the disputed issues for them, but it is fully expected that additional Court intervention shall not be necessary.

9. If the Court later determines that either Apple or Corellium have improperly withheld discovery, have sought discovery in bad faith, have taken unreasonable discovery positions, or have violated the letter and spirit of this Court's Orders and the discovery rules, the Court shall not hesitate to impose sanctions against the offending party and its counsel as deemed appropriate.

10. The Court would normally set an additional discovery hearing in this case as it has done several times previously to determine the progress of the parties during this contentious discovery process. However, the Court sees no necessity for a further discovery hearing on the pending issues at this time as the parties are expected to fully comply with this Order which has resolved all outstanding discovery disputes. In the event the Court determines that a future discovery hearing is needed based on any further discovery disputes, the Court will schedule one if it can be done prior to the discovery cut-off date in this case. Alternatively, the Court will rule on the papers if the Court deems it unnecessary or unproductive to set a further hearing.

EXHIBIT 2

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of March, 2020.

/s/ William Matthewman
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

13

EXHIBIT 2