UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE PORTIONS OF CORELLIUM'S *EXPEDITED CERTIFIED* MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S OMNIBUS ORDER PROVIDING DISCOVERY RULINGS AFTER THE MARCH 16, 2020 DISCOVERY HEARING UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's *Expedited Certified* Motion for Partial Reconsideration of the Court's Omnibus Order Providing Discovery Rulings After the March 16, 2020 Discover Hearing ("*Certified* Motion for Reconsideration"), and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.	On March 16, 2020, the Court held its Third Discovery Hearing to address the outstanding discovery disputes between the Parties.

3.	On March 20, 2020, the Court entered an Omnibus Order based on the Third Discovery Hearing and issues not discussed during the Hearing ("Omnibus Order") [D.E. 249].

4.	*Inter alia*, the Omnibus Order requires Corellium to produce an "On-Premises" version of the Corellium Apple Product to Apple as well as to all of Corellium's hypervisor source code and related materials. *See* Omnibus Order, ¶¶ 3(d), 3(e).

5.	In response, Corellium has prepared its *Certified* Motion for Reconsideration, which provides additional information as to why the Court's Omnibus Order necessitates reconsideration to prevent manifest injustice.

6.	Specifically, the *Certified* Motion for Reconsideration contains highly-proprietary, confidential, trade secret, and attorneys-eyes-only information pertaining to specific figures, expenses, and details about Corellium's business in connection with the argument relative to the Court's Omnibus Order.

7.	A redacted version of Corellium's *Certified* Motion for Reconsideration has been filed earlier today as Docket Entry 255.

8.	Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File portions of its *Certified* Motion for Reconsideration Under Seal.

9.	Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file portions of its Motion under seal.

**MEMORANDUM OF LAW**

I.	**Legal Standard.**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

II. **Good Cause Exists for the Court to Seal Portions of Corellium's *Certified* Motion for Reconsideration.**

In this instance, good cause exists for this Court to seal portions of Corellium's Motion. In particular, the Motion details highly-proprietary, confidential, trade secret, and attorneys-eyes-only information pertaining to specific figures, expenses, and details about Corellium's business in connection with the argument relative to the Court's Omnibus Order. To be more specific, the Motion contains very specific and highly-proprietary and trade secret information regarding Corellium's servers, expenses, and business revenues, and as such, is protected under the Protective Order. Accordingly, the same precautions are requested of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and

trade secret information contained therein, Corellium requests this Court's leave to file portions of its *Certified* Motion for Reconsideration under seal.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's *Certified* Motion for Partial Reconsideration of the Court's Omnibus Order Providing Discovery Rulings After the March 16, 2020 Discover Hearing under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on March 28, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: March 28, 2020                                    Respectfully submitted,

                                    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966

CASE NO.: 9:19-CV-81160-RS

JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

*and*

PIERCE BAINBRIDGE BECK PRICE & HETCH, LLP
*Counsel for Defendant*
277 Park Avenue, 45th Floor
New York, NY 10172
Telephone (646) 779-5315
Facsimile (646) 968-4125
David Hecht, *Pro hac vice*
E-mail: dhecht@nortonrosefulbright.com
Maxim Price, *Pro hac vice*
E-mail: mprice@piercebainbridge.com
Melody McGowin, *Pro hac vice*
E-mail: mmcgowin@pierbainbridge.com
Wen Wu, *Pro hac vice*
E-mail: wwu@pierbainbridge.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@pierbainbridge.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on March 28, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

CASE NO.: 9:19-CV-81160-RS

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*