**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160**

APPLE INC.,

        Plaintiff,

  v.

CORELLIUM, LLC,

        Defendant.

**APPLE INC.'S OPPOSITION TO CORELLIUM'S EXPEDITED
MOTION TO STAY PARTIAL COMPLIANCE WITH THE MAGISTRATE
JUDGE'S MARCH 20, 2020 OMNIBUS ORDER PROVIDING
DISCOVERY RULINGS AFTER MARCH 16, 2020 DISCOVERY HEARING,
<u>OR, IN ALTERNATIVE, MOTION FOR EXTENSION OF TIME</u>**

Corellium seeks expedited permission to put off compliance with a court order that "requires good faith, full compliance" by Tuesday, March 31, 2020. ECF No. 249 at 1. Discovery is rapidly coming to a close, yet Corellium seeks to avoid a court order compelling it to (a) provide Apple with an "on-premises version" of the Corellium Apple Product which Corellium sells to its customers, and (b) to produce source code and documentation related to the hypervisor, which is a central technological component of the Corellium Apple Product.[1] *Id.* at 3–9, ¶ 3.

Corellium does not seek a routine discovery extension backed by "good cause." Rather, it seeks to stay a *court order*, and thus must demonstrate a likelihood of success on the merits of its effort to overturn that order, irreparable injury, an absence of prejudice to Apple, and that the stay is in the public interest. Corellium cannot meet that standard, and does not even try. It has presented no evidence whatsoever—no declarations, no exhibits, nothing—in support of its stay motion, which it filed on a Friday night at midnight, a full week after the Court's Order. Corellium's months-long failure to prepare to comply with discovery warrants neither expedited review nor an extension of time from the Court. The Court should deny Corellium's motion.

I.  **Corellium Cannot Satisfy the High Standard to Stay a Discovery Order.**

As a threshold matter, Corellium's motion applies the wrong legal standard. Corellium contends that if it can show "good cause and reasonableness," a brief stay of discovery is warranted. ECF No. 253 at 4–5, ¶¶ 7–9. But Corellium does not seek a routine stay of discovery. Instead, Corellium seeks to stay the enforcement of a court order compelling it to provide discovery it has been resisting for six months. Stays of discovery *orders* are different than stays of discovery. In order to stay a discovery order while it is on objection or appeal to the district court,[2] Corellium

---

[1] Apple has been negotiating with Corellium since before Corellium filed its motions for a stay and for reconsideration to explore a possible compromise that would minimize the burden Corellium claims it would suffer from complying with the Order and producing to Apple the on-premises version of the product. Those talks are ongoing. If the parties reach a compromise, they will notify the Court and Apple expects Corellium to withdraw its motion as it relates to that aspect of the Court's order. Any compromise will not moot Corellium's stay motion or its reconsideration motion, however, as Apple requires and expects full, timely compliance with the Court's order that Corellium provide discovery regarding the hypervisor.

[2] Corellium's motion to stay should be resolved by Judge Matthewman. *See, e.g.*, *Montgomery*, 2015 WL 5167628, at *2; ECF No. 32 at 2 (referring all non-dispositive pretrial motions to Judge Matthewman); S.D. Fl. Civ. L.R. 7.1(b)(3). To the extent Corellium seeks partial reconsideration of the Omnibus Order (ECF No. 249), that motion also should have been directed to Judge Matthewman. Because Corellium directed its motion to Judge Smith, *see* ECF No. 255, Apple construes the motion for reconsideration to be an objection to and appeal of the Omnibus Order.

must show (1) a likelihood of success on the merits, (2) irreparable injury to Corellium absent a stay, (3) lack of substantial prejudice to Apple, and (4) that the stay would serve the public interest. *Montgomery v. Risen*, No. 15-cv-20782, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015) (collecting cases).  As a result, "federal courts often deny motions to stay a magistrate judge's discovery orders." *Id.*  Corellium cannot satisfy that standard, and its motion should be denied.[3]  Corellium's alternative request to extend its time for compliance until after resolution of the Court's order on reconsideration should likewise be denied:  that extension would afford exactly the same relief as the requested stay, and should be evaluated under the same standard.

### A. Corellium Cannot Demonstrate a Likelihood of Success on the Merits of Its Motion to Overturn the Court's Omnibus Discovery Order.

A district court judge may set aside a magistrate judge's order only if that order "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Fl. Magistrate Judge Local Rule 4(a)(1).  The "clearly erroneous" standard is "a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-cv-61357, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012) (internal citation omitted).  "The district court may not undo the magistrate judge's determination 'simply because it is convinced that it would have decided the case differently.'" *See id.* (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005)).

Corellium admits that Magistrate Judge Matthewman's March 20, 2020 Omnibus Discovery Order (ECF No. 249) was the result of "extensive argument on various discovery motions during hearings that occurred on February 12-13, February 27 and March 16, 2020." *See* ECF No. 253 at 2, ¶ 2.  As reflected in its reasoned, 13-page Order, the Court explains that it based its determinations on "the parties' papers and filings" as well as the Court's "prior orders, the entire docket in this case, the relevancy and proportionality requirements of Rule 26(b)(1), and counsel's arguments at [all] prior discovery hearings."  ECF No. 249 at 1–2.  The Court "carefully reviewed . . . the parties' competing expert Declarations" and made factual and credibility determinations. *Id.* at 3–4, ¶¶ 2–3.  The Court "very carefully considered" Corellium's trade secret objections, but rejected them in light of the existing Protective Order that rigorously protects the parties'

---

[3] None of Corellium's cited cases addresses a motion for reconsideration or stay of an already-issued discovery order; rather, most considered stays in light of pending dispositive motions, and the remainder are state court opinions which considered stays in light of parallel proceedings.

confidential information, and in view of Apple's need for full and fair discovery in the case. ECF No. 249 at 9, ¶ 3(e). In compelling Corellium to provide this discovery, the Court concluded that "Corellium's discovery positions have, in part, been overly restrictive and stubbornly recalcitrant." ECF No. 249 at 4, ¶ 3. Nonetheless, and despite the Court's well-supported analysis, Corellium now seeks to stay the order because it "force[s]" Corellium "to produce highly proprietary material that Corellium believes is highly improper to be deemed discoverable in this case." ECF No. 253 at 6, ¶ 5. The Court already rejected this argument. Corellium does not come close to establishing clear error or a decision contrary to law, as required in this posture. Fed. R. Civ. P. 72(a). Simply repeating a failed discovery objection does not make one likely to succeed on a motion for reconsideration. *See, e.g.*, *Montgomery*, 2015 WL 5167628, at *3 (denying stay of discovery order where party sought to re-assert rejected relevance theory).[4] The stay should be denied.

> **B. A Stay Would Severely Prejudice Apple.**

A central issue in this suit is whether and how Corellium's Apple Product ("CAP") makes unauthorized copies of and modifications to Apple's iOS operating system and graphical user interface elements, in violation of Apple's copyrights. Fact discovery closes in three weeks, and the Court just reached "the inescapable conclusion that Apple has not yet had a full and complete opportunity to examine the CAP at issue in this case." ECF No. 249 at 4, ¶ 3. The discovery to which Apple is entitled includes both the on-premises version of the Corellium Apple Product provided to customers *and* the source code for its hypervisor. The Court has found that the hypervisor is "an integral part and parcel of the Corellium Apple Product," and that Apple's expert is entitled to "view and evaluate [the on-premises Corellium Apple Product] outside the presence of Corellium and its counsel." *Id.* at 7, ¶ 3(d). Corellium itself acknowledges the ripple effect that complying with the order has on the rest of discovery, and agreed to postpone depositions of its technical employees until after the March 31 deadline for compliance, because it "recognize[d] that Apple and its counsel and expert witnesses will need sufficient time to review the materials produced pursuant to the Omnibus Order prior to the depositions of certain Corellium witnesses, before rebuttal expert reports are due, and before the expert witnesses are deposed." ECF No. 251 at 3, ¶ 4. An indefinite stay of compliance with the Court's discovery order will unfairly and

---

[4] Corellium has also filed a 20-page Expedited Certified Motion for Partial Reconsideration. ECF No. 255. Apple will file a separate opposition (ECF No. 257), which it incorporates by reference.

indisputably prejudice Apple's ability to investigate and develop its case and prepare for trial. It will also make adhering to the Court's scheduling order impossible.

Amidst a global pandemic where Apple's employees and counsel are operating under shelter-in-place orders, Apple is diligently working to comply with the case schedule. *See* ECF No. 251-1 (Declaration of Gabriel Gross).[5] But Apple's ability to complete discovery depends on Corellium's timely compliance with the Court's order. An indefinite stay of Corellium's technical productions would not afford Apple's counsel and expert sufficient time to evaluate the Corellium Apple Product, examine the source code, depose Corellium's engineers, prepare supplemental expert reports, and sit for expert depositions. *See, e.g.*, *Montgomery*, 2015 WL 5167628 at *3 (denying stay of software production pending reconsideration of discovery order due to limited weeks left in discovery schedule).

### C. Corellium Cannot Demonstrate Irreparable Injury Absent a Stay.

Corellium's stay motion is unsupported by *any* declarations or other evidence, much less evidence showing irreparable injury. It instead relies on conclusory assertions to advance two theories about the injuries Corellium might suffer if it actually complied with the Court's discovery order. First, Corellium contends that providing Apple with an on-premises version of its product and producing source code for the hypervisor will "compel[] it to produce trade secret information which will cause it irreparable harm" and potentially "ruin[]" its business. ECF No. 253 at 3, 5, ¶¶ 5, 10. According to Corellium, the risk of ruin arises because "Corellium will be forced to produce highly proprietary material" to Apple, and Apple may "tamper[] with" it. *Id.* at 5, 6, ¶¶ 3, 5; *see also* ECF No. 255 at 16–17 (claimin that Apple and Dr. Nieh are pursuing Corellium's technology for selfish advantages and allowing the discovery would be an "irreversible mistake").

Corellium risks no irreparable harm from complying with its discovery obligations because the Court has entered a Protective Order designed to safeguard the parties' confidential and trade secret information. ECF No. 50. *See, e.g.*, *Plouffe v. GEICO Gen. Ins. Co.*, No. 16-cv-25145, 2017 WL 7796323, at *3, *6 (S.D. Fla. Aug. 8, 2017) (rejecting argument that disclosure of trade

---

[5] Apple has taken two depositions and defended three in the past ten days, and in the sixteen business days remaining for fact discovery, it is preparing to defend at least four fact depositions and take five others, including three Corellium witnesses that have already been postponed due to Corellium's failure to produce source code and other technical information. *See* Declaration of Elana Nightingale Dawson at ¶¶ 3–4. Apple is preparing rebuttal expert reports and the parties then need to take and defend seven expert depositions by April 27, 2020. *Id.* ¶ 5.

secrets pursuant to a protective order would "severely injure [the] business and cause irreparable harm"). Corellium has previously raised its trade secret objections before the Court, *e.g.* Ex. A (3/16/2020 Hr'g Tr. at 106–12), and the Court rejected them. ECF No. 249 at 9, ¶ 3(e). The Protective Order preemptively addresses the very type of concern Corellium now re-raises. For example, it limits the disclosure of discoverable source code to Apple's outside counsel and outside expert (a professor at Columbia University and not a competitor to Corellium), and places strict restrictions on how that source code may be used. ECF No. 50 at 11–12, ¶ 10. Corellium offers ***no basis whatsoever*** to support its supposition that Apple's attorneys or expert would violate the Protective Order, and, in any event, it could have full recourse by seeking to enforce it if necessary.

Corellium also "asserts that it is not logistically possible to comply" with the on-premises production by March 31, 2020, asserting various cost-based and logistical concerns. ECF 253 at 5-7, ¶¶ 1–3, 5. But these the type of ordinary expenses and tasks that litigants routinely bear in the discovery process. Moreover, the "money, time and energy necessarily expended in the absence of a stay" are not irreparable. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations omitted); *accord Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-cv-20601, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020).

### D. A Stay Would Not Serve the Public Interest.

The public interest in resolution of judicial disputes is "injured," not aided, "by adding to the delay" of compliance with a court order. *See, e.g.*, *Presley v. United States*, No. 9:18-cv-80649, 2018 WL 8514481, at *1 (S.D. Fla. Nov. 6, 2018) (rejecting stay pending certiorari). The timing predicament Corellium now encounters is a crisis of its own making. Apple has requested access to hypervisor documentation and source code related to the on-premises product Corellium markets and sells since October 2019. Corellium has consistently refused and frustrated that access. In the face of a March 31, 2020 compliance deadline, Corellium belatedly requests expedited permission to delay even beginning to make production efforts. Corellium has made no showing that delaying compliance with the Omnibus Order could be in the public interest. To the contrary, granting a stay here would reward Corellium for its dilatory conduct in discovery, excuse its failure to prepare—for months—for compliance with a foreseeable court order, and encourage Corellium's tactic of re-litigating issues on which it has been fully heard and lost. The public interest is not served by tolerating Corellium's continued delays.

Dated: March 29, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*
Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.