## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-81160-RS

APPLE INC.,

       Plaintiff,

v.

CORELLIUM, LLC,

       Defendant.

_____/

### NON-PARTIES L3HARRIS TECHNOLOGIES, INC.'S AND AZIMUTH SECURITY, LLC'S MOTION FOR TWO-DAY EXTENSION TO PRODUCE DOCUMENTS IN COMPLIANCE WITH THIS COURT'S MARCH 17, 2020 ORDER [DE 247]

Non-party L3Harris Technologies, Inc. ("L3Harris") and Azimuth Security, LLC ("Azimuth") (collectively, "Non-Parties") respectfully request that this Court enter an order granting the Non-Parties two additional days to comply with this Court's Order Granting in Part and Denying in Part Non-Party L3Harris Technology, Inc.'s Motion to Quash [DE 247].  In supported, the Non-Parties state as follows:

1.      On March 17, 2020, this Court entered its Order Granting in Part and Denying in Part Non-Party L3Harris Technology, Inc.'s Motion to Quash [DE 247] ("Order").

2.      The Court entered the Order after agreements between Apple, Inc. and the Non-Parties as well as a lengthy telephonic hearing, on March 16, 2020, in which the Court patiently heard arguments from all participants.

3.      In part, the Court ordered that "L3Harris shall produce to Apple/Corellium the documents and information required by this Order and those documents and information it has agreed to produce on or before **March 30, 2020**." [DE 247 at 7].

4.     Also relevant to this Motion was the Court's pronouncement in the Order, "The Court directs L3Harris and Apple to confer after the production of documents to discuss whether the depositions of L3Harris and/or Azimuth are necessary." *Id.*

5.     In accordance with the Order, the Non-Parties have been working diligently to collect, review, and finalize for production of the documents ordered to be produced as well as those the Non-Parties agreed to produce.

6.     The Non-Parties' representative most involved with assisting the Non-Parties in their effort to comply with the Order is located in Australia.  And the 15-hour time difference between Australia and Florida has made it more difficult to finalize the production.

7.     Furthermore, because of the sensitive nature of the documents being produced, the Non-Parties' representative has requested a final review and approval of the final production set.

8.     Because of the inefficiency caused by the time difference, the Non-Parties request two extra days to finalize and produce all responsive documents pursuant to this Order. Consequently, the new deadline the Non-Parties are requesting is Wednesday, April 1, 2020.  The two extra days will allow the Non-Parties to provide final authorization for the production of the documents and will allow undersigned counsel's eDiscovery Project Manager sufficient time to process and produce the documents.

9.     The Non-Parties are not requesting the extra two days for the purpose of delay because they are fully aware of the time constraints imposed on the parties as well as the extremely busy docket of this Court.  The Non-Parties are solely requesting the extra two days to thoroughly review and prepare the production set.

10.     In accordance with Local Rule 7.1(a)(3), undersigned counsel discussed a three-day extension with both counsel for Corellium and Apple, Inc.  Counsel for Corellium did not

object to the request.  Counsel for Apple stated that Apple could only agree to the three-day extension if Azimuth agreed to a deposition.  The Order, however, provided, "The Court directs L3Harris and Apple to confer **after** the production of documents to discuss whether the depositions of L3Harris and/or Azimuth are necessary."  [DE 247 at 7].  Because the Non-Parties have not produced the documents yet, the Non-Parties believed that the discussion regarding a deposition of Azimuth was premature until Apple reviewed the documents, but Apple would not agree.

11.    The Non-Parties further internally discussed logistics and determined that it could and would produce all responsive documents as contemplated by the Order within two days, which is why the Non-Parties are only requesting two additional days.

WHEREFORE, the Non-Parties respectfully request a two-day extension to comply with this Order [DE 247], for such further relief as the Court deems just and proper.

Dated:  March 30, 2020                       Respectfully submitted,

                                             **HOLLAND & KNIGHT LLP**
                                             *Attorneys for L3Harris Technologies, Inc.*
                                             701 Brickell Avenue, Suite 3300
                                             Miami, Florida 33131
                                             Tel: (305) 374-8500
                                             Fax: (305) 789-7799

                                             By**:** *s/Benjamin Taormina*
                                             Adolfo E. Jimenez (FBN: 869295)
                                             Adolfo.jimenez@hklaw.com
                                             Benjamin A. Taormina (FBN: 106731)
                                             Benjamin.taormina@hklaw.com

### CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3), L3Harris' undersigned counsel certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so with Apple, Inc. but Corellium, LLC agreed to the relief sought.

_s/Benjamin Taormina_

## CERTIFICATE OF SERVICE

I certify that on March 30, 2020, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

_s/ Benjamin Taormina_