# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                        Plaintiff,

   v.

CORELLIUM, LLC,

                        Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO NON-PARTIES L3HARRIS TECHNOLOGIES, INC.'S AND AZIMUTH SECURITY, LLC'S MOTION FOR TWO-DAY EXTENSION TO PRODUCE DOCUMENTS IN COMPLIANCE WITH THIS COURT'S MARCH 17, 2020 ORDER [DE 247]**

Plaintiff Apple Inc. ("Apple") respectfully submits this opposition to Non-Parties L3Harris Technologies, Inc.'s and Azimuth Security, LLC's Motion For Two-Day Extension To Produce Documents In Compliance With This Court's March 17, 2020 Order [DE 247]. In support of this opposition, Apple states as follows:

1. There are fifteen business days left before the close of fact discovery in this case. ECF No. 66.

2. Apple served subpoenas on third parties Azimuth Security, LLC ("Azimuth") and its parent company, L3Harris Technologies, Inc. ("L3Harris") on February 11, 2020—forty-seven days ago. After a hearing on March 16, 2020, the Court ordered L3Harris and Azimuth to produce responsive documents no later than today, March 30, 2020. ECF No. 247 at 7. The Court further ordered L3Harris and Apple to confer after the production of documents regarding whether a deposition of an L3Harris and/or Azimuth witness is necessary. *Id.* at 7.

3. Today, the day production was due, L3Harris and Azimuth suddenly requested an extension of time until April 2, 2020, claiming they were not able to produce any documents today and would need until Thursday, April 2, 2020 to do so. E. Nightingale Dawson Decl. ¶¶ 3, 4. L3Harris and Azimuth stated that they intend to produce approximately 1,000 pages of documents on Thursday. *Id.* ¶ 5.

4. Despite the burden placed on Apple in a delayed production, Apple agreed to the requested extension, subject to only one condition—that the parties not defer meeting and conferring regarding a deposition and instead begin that process today. *Id.* ¶ 6. Apple explained that, since the March 16, 2020 hearing, Apple has become aware of hundreds of communications between Corellium and Azimuth, and has also learned that Azimuth's co-founder had a Corellium

email address (@corellium.com). *Id.* Apple further explained that, in light of what Apple has learned during discovery, it believes a deposition of an Azimuth designee will be necessary. *Id.*

5. L3Harris and Azimuth, however, refused to confer regarding a deposition, instead taking the unreasonable position that—notwithstanding the imminent fact discovery cutoff—they could not do so until after they had produced and Apple had reviewed, more than 1,000 pages of materials later in the week. *Id.* ¶ 7. Rather than confer regarding a possible deposition, L3Harris and Azimuth instead filed this motion to extend time. *Id.* To be clear, Apple did not condition the requested extension on L3Harris and Azimuth immediately committing to a date for a deposition, as L3Harris and Azimuth suggest, only that they begin meeting and conferring regarding Apple's position that a deposition is necessary.

6. Apple is between a rock and a hard place. Azimuth and L3Harris have had 47 days to gather and produce the documents due today. If Apple cannot even begin to negotiate a deposition until after Azimuth and L3Harris produce documents at the end of this week, its chance of obtaining a much-needed deposition from Azimuth will be materially limited by the timing of this case. Apple would not, in that instance, be able to seek any relief regarding a deposition until next week at the earliest, leaving it fewer than ten business days before the close of fact discovery to obtain, schedule, and take a deposition of Azimuth.

7. Accordingly, Apple asks that the Court either deny L3Harris and Azimuth's motion to delay production, or, in the alternative, order Azimuth to confer immediately regarding the scheduling of a witness for deposition.

Dated: March 30, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.