UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**JOINT NOTICE REGARDING FURTHER CONFERRAL EFFORTS**

Plaintiff Apple Inc. and Defendant Corellium, LLC, by and through their undersigned counsel, hereby jointly provide the Court with the following notice regarding their further conferral efforts pursuant to the Court's March 31, 2020 Order (ECF No. 274):

1. The Court's March 20, 2020 Omnibus Order Providing Discovery Rulings After March 16, 2020 Discovery Hearing (ECF No. 249, the "Omnibus Order"), among other things, requires, *inter alia*, Corellium to provide certain discovery related to its Corellium Apple Product, or "CAP." (*Id.* at 4-10.) Since the issuance of the Omnibus Order, the parties have been meeting and conferring regarding the Omnibus Order's impact on discovery, on the case schedule, and on potential compromises regarding the discovery of Corellium's on-premises CAP and source code.

2. On Sunday, March 22, 2020, counsel for Apple wrote counsel for Corellium to discuss the impact of the Omnibus Order, and the discovery Corellium was ordered to produce, on upcoming depositions and discovery in this action, including on the depositions of Corellium witnesses. Later that day, counsel met and conferred by phone to discuss the issues raised in Apple's counsel's letter and the next steps in discovery. The parties memorialized their discussion and a number of points of agreement by email later that day.

3. On Monday, March 23, 2020, the parties concluded that it had become necessary to extend at least the deadline for rebuttal expert reports from April 3, 2020 to April 13, 2020 and the deadline for the close of expert discovery from April 20, 2020 to April 27, 2020. The parties also agreed to postpone the depositions of at least three Corellium witnesses with technical knowledge and knowledge of the discovery materials that the Omnibus Order requires Corellium to produce, until sometime between April 1 and 20, 2020.

4. On March 24, 2020, Apple filed the parties' Joint Motion for Extension of Time of Discovery Cutoff Deadline and Supporting Memorandum of Law, which sought to extend two specific discovery-related deadlines. (ECF No. 251.) The Court granted the parties' Motion on March 25, 2020. (ECF No. 252.)

5. On March 27, 2020, Corellium filed an Expedited Motion to Stay Partial Compliance with the Omnibus Order. (ECF No. 253.) The next day, March 28, 2020, Corellium filed an Expedited Motion for Reconsideration. (ECF No. 255.) Apple opposed both motions on March 29, 2020 and March 30, 2020, respectively. (ECF Nos. 258, 260.)

6. From March 22, 2020 through today, the parties have been negotiating nearly daily, in writing and by phone, regarding potential compromises with respect two discrete issues, namely:

1

(1) how Corellium would make its on-premises version of the CAP available to Apple in discovery, and (2) how Corellium would make its source code available to Apple in discovery.

7. On March 31, 2020, the Court denied Corellium's Expedited Motion to Stay but granted Corellium "a brief extension of time until Thursday, April 2, 2020 for compliance with the Court's March 20, 2020 Order." (ECF No. 274.) The Court required the parties to "file a further Joint Notice on or before Thursday, April 2, 2020 at 4:00 p.m. addressing their further conferral efforts and any agreements reached," along with "the effect of any agreements they may reach on any of their pending motions." (*Id.*)

8. The parties continue to meet and confer over their two potential points of compromise and held multiple conferral conversations and exchanged numerous lengthy emails. On March 31, 2020, Apple provided Corellium a draft stipulation and proposed order ("Stipulation") that generally reflected a potential compromise on proceeding with discovery of Corellium's on-premises CAP and its source code, consistent with the parties' extensive conferral efforts. On April 1, 2020, Corellium provided Apple with its proposed revisions to the Stipulation and a draft declaration to accompany the Stipulation. On April 2, 2020, Apple provided another revised draft and the parties conferred telephonically multiple times to discuss it.

9. The Parties believe they are close to a final agreement.

10. The parties expect that if they can reach agreement, their stipulation will address two discrete discovery issues, but will not resolve all of the issues raised by Corellium's pending motion for reconsideration of the Omnibus Order.

11. First, the parties hope to agree that Corellium will allow Apple's counsel and expert to remotely access the on-premises version of the CAP, rather than requiring Corellium to provide a physical product to Apple. The parties' stipulation, currently still being negotiated, would dictate the technical and practical requirements to enable such remote review.

12. Second, the parties hope to agree that Corellium will provide Apple with the ability to remotely access the source code without requiring Apple to travel as would otherwise be required. The parties' stipulation, currently still being negotiated, would dictate the technical and practical requirements to enable such remote review.

13. The parties hope that their stipulation will result in providing the Court with a proposed order that will moot, without prejudice, solely the portions of Corellium's March 28, 2020 Motion for Reconsideration that relate to the on-premises version of the CAP, and will enable

2

to parties to proceed with remotely reviewing Corellium's source code through a process that differs from the one contemplated by the Protective Order (ECF No. 50).

14. The parties' potential compromise will not moot portions of Corellium's pending motion for reconsideration related to the hypervisor, and it will not moot other discovery disputes between the parties over which their counsel continue to meet and confer.

15. As of the time of this filing, the parties are continuing to meet and confer in an effort to finalize the draft stipulation and proposed order and are hopeful to finalize and submit it to the Court within approximately one business day.

Dated: April 2, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*
Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

4

By: s/ *Justin Levine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Avenue, 45th Floor
New York, NY 10172
Telephone (646) 779-5315
Facsimile (646) 968-4125
David Hecht, *Pro hac vice*
E-mail: dhecht@nortonrosefulbright.com
Maxim Price, *Pro hac vice*
E-mail: mprice@piercebainbridge.com
Melody McGowin, *Pro hac vice*
E-mail: mmcgowin@pierbainbridge.com
Wen Wu, *Pro hac vice*
E-mail: wwu@pierbainbridge.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@pierbainbridge.com

*Attorneys for Defendant* CORELLIUM, LLC.

5