# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160

APPLE INC.,

          Plaintiff,

   v.

CORELLIUM, LLC,

          Defendant.

### STIPULATION AND [PROPOSED] ORDER REGARDING
### CORELLIUM'S COMPLIANCE WITH OMNIBUS ORDER

Plaintiff Apple Inc. and Defendant Corellium, LLC respectfully and jointly request that the Court enter this stipulated [proposed] order reflecting their agreement regarding certain aspects of Corellium's compliance with the Court's Omnibus Order Providing Discovery Rulings After March 16, 2020 Discovery Hearing.  (Omnibus Order, ECF No. 249.)

WHEREAS, the Court on March 20, 2020 issued its Omnibus Order compelling, *inter alia*, Corellium to provide to Apple certain discovery by March 31, 2020, which includes discovery related to both the on-premises and cloud-based versions of the Corellium Apple Product, or "CAP" (as defined in the Omnibus Order), Corellium's hypervisor, and "documents that will permit Apple's expert to fully evaluate whether and, if so, how the CAP copies, modifies, or displays Apple's copyrighted works and/or circumvents all of Apple-implemented technical measures" (*id.* at 4-9);

WHEREAS, the Court has granted Corellium "a brief extension of time until Thursday, April 2, 2020 for compliance" with the Omnibus Order (Order, ECF No. 274);

WHEREAS, Corellium contends it would suffer undue burden if it has to comply with certain portions of the Omnibus Order, including paragraph 3.d. insofar as it orders Corellium to provide to Apple "the on-premises CAP for discovery purposes just as it provides such product to its customers," and for this reason among others has moved the Court for "partial reconsideration" of the Omnibus Order (Motion, ECF No. 255);

WHEREAS, Apple disputes Corellium's claims of burden, disputes that Corellium is entitled to any relief from the Omnibus Order, and opposes Corellium's motion (Opposition, ECF No. 260);

WHEREAS, the COVID-19 pandemic has created legal and practical restrictions on the parties', their counsel's, and their experts' ability to travel and work in regular places of business, which have impeded the in-person or on-site review of Corellium's products and source code;

WHEREAS, notwithstanding the parties' disputes, they have met and conferred at length since March 22, 2020 and reached a compromise over (1) Corellium's compliance with paragraph 3.d. of the Omnibus Order that would allow Apple's counsel and expert witness *remote* access to, rather than a *physical* production of, a fully functioning version of Corellium's on-premises version of the CAP, and (2) enabling Apple's counsel and expert witness to remotely review and inspect Corellium's source code, rather than inspecting it in-person as otherwise governed and contemplated by the Court's Protective Order (ECF No. 50);

WHEREAS, the parties' stipulation renders moot, without prejudice as discussed further below, the portion of Corellium's pending reconsideration motion as it relates to discovery into the on-premises version of the Corellium Apple Product as required by the Omnibus Order, narrowing the issues for the Court to resolve, and the parties believe the reasonable

accommodations reflected below also are necessary to enable the effective discovery of source code in light of the practical restraints created by the COVID-19 pandemic;

NOW, THEREFORE, it is hereby STIPULATED AND AGREED by the parties that they shall comply with the following ORDER, which they respectfully and jointly request be entered by the Court:

## I.   REMOTE ACCESS TO THE ON-PREMISES VERSION OF THE CORELLIUM APPLE PRODUCT

The Court previously ruled that "Corellium is ORDERED to provide, on or before March 31, 2020, the on-site CAP for discovery purposes to Apple so that Apple's expert can view and evaluate it fully outside the presence of Corellium and its counsel.  Corellium shall produce on or before March 31, 2020 an on-premises version of the CAP to Apple rather than host the CAP at Corellium for Apple's expert's inspection," which deadline the Court has extended to April 2, 2020.  (Omnibus Order, ECF No. 249 ¶ 3.d., Order, ECF No. 274.)  Corellium claims it would be unduly burdensome and impossible for it to comply with paragraph 3.d. of the Omnibus Order; Apple disputes Corellium's claims of undue burden and that Corellium is entitled to any relief from the Omnibus Order.  Nevertheless, the parties have negotiated a compromise with intent of alleviating the alleged burden on Corellium while also ensuring that Apple receives the equivalent of the discovery into the on-premises version of the CAP required by the Omnibus Order in light of restrictions the parties and their representatives are facing relating in part to the COVID-19 pandemic. The Court therefore ORDERS AS FOLLOWS:

A.   The portion of Corellium's motion seeking to reconsider paragraph 3.d. and any other portion of the Omnibus Order that requires it to provide Apple with an on-premises version of the CAP (*see, e.g.*, Motion, ECF No. 255 at 10–13), is hereby DENIED as moot without

prejudice, and the two sentences of paragraph 3.d. of the Omnibus Order quoted above are provisionally VACATED in view of the following.

      B.      By no later than April 3, 2020, Corellium shall provide Apple with credentials that enable Apple's expert witness and its counsel to remotely access from their own chosen computers a dedicated server onto which Corellium has installed the complete on-premises version of the CAP, and onto which Corellium shall have pre-loaded the IPSW files Apple has produced in discovery. The credentials provided to Apple will enable full administrator access and privileges to the on-premises version of the CAP, as a customer would have them. The remote access shall provide the full functionality that Corellium provides to the customers of its on-premises version of the product. Remote access will be provided through a commercially available remote desktop software, such as TeamViewer or the built-in Mac OS native remote desktop.

      C.      At least 24 hours before enabling Apple's remote access to the on-premises version of the CAP, Corellium shall ensure it has completed providing discovery to Apple of all documents regarding the on-premises version of the CAP, including any user manuals, internal product documentation, Wiki pages, GitLab documentation, and other related documentation.

      D.      Corellium shall cooperate and ensure that the remote access system is functioning properly and that the on-premises version of the CAP is fully operational and working properly at the outset of Apple's review of it, and Corellium shall take reasonable steps to ensure that it remains fully functional for Apple's use and review. Corellium shall not be obligated to fix any problems created or caused by Apple or its representatives at Corellium's own expense, but shall provide reasonable tech support for hardware, connectivity, and other aspects of the on-premises CAP that are within Corellium's (and not Apple's or its representatives') control, to ensure that effective remote access remains available to Apple.

E.      Corellium shall not in any way alter, change, modify, or otherwise tamper with the on-premises version of the CAP that it makes available for Apple's review during the specified time periods as contemplated by paragraph G below, except as needed to enable or maintain Apple's remote access to the on-premises version of the CAP and unless otherwise agreed to in writing by the parties.

F.      Corellium and its representatives and attorneys are hereby ORDERED not to monitor, observe, or otherwise track Apple's review, inspection, or use of the on-premises CAP in any way.  Upon Apple's request, Corellium shall provide a sworn declaration from an officer or director confirming that aside from any required technical assistance provided pursuant to this Order, Corellium and its representatives and attorneys have not monitored, observed, or otherwise tracked in any way Apple's review of the on-premises version of the CAP.

G.      Corellium shall maintain and ensure Apple's continuous remote access to the on-premises version of the CAP at least through the filing of Reply briefs in connection with dispositive and *Daubert* motions.  After that point, Corellium may remove remote access, but Corellium is ORDERED that, upon Apple's written request to Corellium for resumed remote access to the on-premises version of the CAP for a reason(s) directly related to this litigation, Corellium shall re-enable remote access to the on-premises version of the CAP within 48 hours of such request.

H.      Within one (1) business day of the entry of this order, Corellium shall file with the Court a sworn declaration by an officer or director with relevant knowledge describing in detail any changes that Corellium made to the on-premises version of the CAP for the sole purposes of making that product remotely accessible to Apple's expert and outside counsel, and confirming that with the exception of such changes, the on-premises version of the CAP it is making available

to Apple is otherwise exactly the same as the on-premises version of the CAP it has delivered to actual Corellium customers.

      I.     Within one (1) business day of the entry of this order, Apple shall provide Corellium with IP addresses or blocks of IP addresses for Apple's expert witness and outside counsel so that Corellium may "whitelist" them for purposes of enabling remote access to the on-premises version of the CAP, and Apple shall update this information if and as needed.

      J.     Apple shall presumptively treat any information received through its remote access to the on-premises version of CAP as Corellium Attorneys' Eyes Only information under the Protective Order.  Any screenshots or other output of the on-premises version of the CAP Apple generates during its review will be presumptively designated Corellium Attorneys' Eyes Only under the Protective Order.  Apple retains all rights to challenge the confidentiality designations of any such material.

      K.     This Order is without prejudice to Apple's right to seek further relief, including to enforce the Omnibus Order as originally written or to seek any necessary modifications to the case schedule, and without prejudice to Corellium's right to seek further relief, including to seek a protective order, relief from the Omnibus Order, or cost-shifting.

## II.     REMOTE ACCESS TO CORELLIUM'S SOURCE CODE

      The Omnibus Order requires Corellium to produce to Apple "all of the source code for the 12-16 prior versions or minor changes" to the CAP (Omnibus Order, ECF No. 249 ¶ 1), "the native source code files for [] all versions of the CAP" via an appropriate "software repository" (*id.* ¶ 3.a.-b.), and "all code and technical documentation regarding the CAP."  (*Id.* ¶ 3.c.)  The Court has extended the date for compliance to April 2, 2020.  (Order, ECF No. 274.)

      The Court also entered a Protective Order that dictates certain procedures for and restrictions on the *in-person* review of source code during discovery.  (*See* Agreed Protective

Order, ECF No. 50 at ¶ 11.)  The parties have agreed to certain unique accommodations in light the COVID-19 pandemic that were not contemplated by the Protective Order, that are tailored to the specific needs of this case and intended to permit Apple's inspection and review of Corellium's source code to proceed securely and *remotely*.  The Court hereby ORDERS as follows:

A.    Corellium shall provide Apple ██████████████████████████████ ███████████████████████████████ all the source code ordered to be produced by the Omnibus Order █████████████████████████████ ███████████████████. Corellium may ████████████████████████ ████████████████████████████ shall not disable any functionality that would limit or impede Apple's remote review and inspection of Corellium's source code.  On the day this proposed order is filed with the Court, Corellium shall ████████████ ██████████████ to addresses as specified by Apple. If this proposed order is filed after 5 p.m. EST with the Court, ██████████████████████████.



C.    Within one (1) business day of this Order, Apple will identify to Corellium in writing all persons who Apple expects will remotely view Corellium's source code on behalf of Apple, in accordance with the Protective Order (ECF No. 50, ¶ 10.c.).  For the remainder of the

discovery period, any additional viewing parties will be identified at least three (3) days in advance of the first time such person reviews Corellium's source code.

D.    The Court recognizes that there is very limited time remaining in the schedule and many depositions and expert reports to complete. ████████████████████████ ████████████████████████████████████████████ ████████████████████████████

E.    For any review of source code on or after April 21, 2020, Apple will provide 24 hours' advance notice to Corellium of its intent to review Corellium's source code.  Corellium shall enable access at Apple's request.   If and when legal and other practical restrictions arising from the COVID-19 pandemic are lessened or eased over the course of this action, the parties agree to meet and confer for the purpose of exploring whether the provisions of this order permitting the remote review of source code may be vacated and the relevant terms of the Protective Order reinstated.

F.    Apple shall maintain an electronic "source code log," which will track, for each person viewing the remote source code, 1) the date of any review, 2) the "sign in" time for the review, and 3) the "sign out" time for the review.  Apple will provide this electronic source code log within one (1) business day upon Corellium's request, no more than once per week.

G.    For visual monitoring purposes, Apple will provide Corellium's counsel with access to a live remote video (but not audio) stream of all viewer(s) during their actual remote review of Corellium's source code.  This will be provided through commercially available, Internet-based videoconferencing or streaming software (*e.g.*, Zoom) and reasonably available camera equipment (*e.g.*, a cellular phone or laptop camera).  The camera will be set up to show, to the extent possible, all persons in the room and/or viewing the monitor, all of whom must have

been previously identified to Corellium and are authorized to view source code under the Protective Order.  The camera will be set up, to the extent reasonably possible, to see the viewing person(s)'s hands while working at or viewing the computer, but not their key strokes and will not monitor screens (*e.g.*, a side view from several feet away).  The video stream will only be active during periods of actual source code review and will be disabled at all other times.  Such visual monitoring is to occur live, and Corellium shall not record or preserve in any way any visual monitoring of Apple's review of source code.

H.     The Court finds that Corellium presumably will have control of the entire remote access system (as it is providing Apple with █████████████████████████ ██████████████████████████████████████████).  Therefore, aside from the permitted visual monitoring described above, Corellium and its representatives and attorneys are hereby ORDERED not to monitor, observe, or otherwise track Apple's review of Corellium's source code in any way.  Upon Apple's request, Corellium shall provide a sworn declaration from an officer or director confirming that aside from the permitted visual monitoring, Corellium and its representatives and attorneys have not monitored, observed, or otherwise tracked in any way Apple's review of the source code.

I.     If Apple wishes to print source code, it will identify such pages by identifying to Corellium the source code file name and line numbers that it wishes to have printed.  In light of the very limited time remaining in the schedule for discovery, within one (1) business day of such written notification, Corellium will then print and Bates number these sections, and provide one (1) copy of such pages to Apple. All printing limitations stated within the Protective Order shall apply.

J.      Notwithstanding the specific accommodations ordered herein, to the extent possible and practicable, all other protections for source code in the Protective Order shall be followed. The parties shall cooperate in good faith to address and resolve any disputes that arise during the course of implementing these modified procedures.

K.      This Order is without prejudice to Apple's right to seek further relief, including to seek any necessary modifications to the case schedule, and without prejudice to Corellium's right to seek further relief, including to seek a protective order, relief from the Omnibus Order, or cost-shifting.

**IT IS SO STIPULATED:**

Dated: April 3, 2020

Respectfully Submitted,

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

<u>*s/ Martin B. Goldberg*</u>
Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

By:  s/ *Justin Levine*

JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.:  106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

    *and*

DAVID L. HECHT (admitted *pro hac vice*)
MINYAO WANG (admitted *pro hac vice*)

HECHT PARTNERS LLP
20 West 23rd Street Fifth Floor
New York, NY 10010
Telephone: (212) 851-6821
E-mail: dhecht@hechtpartnersllp.com
E-mail: mwang@hechtpartnersllp.com

*Attorneys for Defendant* CORELLIUM, LLC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED** in Fort Lauderdale, Florida,

this __ day of April, 2020.

_____

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**