UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.
_____/

**CORELLIUM'S RESPONSE TO APPLE INC.'S NOTICE OF OBJECTION TO COREELIUM'S REPLY TO APPLE'S RESPONSE TO CORELLIUM'S NOTICE OF PARTIAL COMPLIANCE WITH THE OMNIBUS ORDER DATED MARCH 20, 2020**

    Defendant, Corellium, LLC ("Corellium") by and through the undersigned counsel, files this Reply to Apple Inc.'s ("Apple") Response to Corellium's Notice of Partial Compliance with the Omnibus Order Dated March 20, 2020 [D.E. 280] ("Response"), and in support thereof, states as follows:

    1.    Corellium filed a Motion for Partial Reconsideration [D.E. 259] regarding the Court's Omnibus Order ("Motion"), which holds that Corellium's hypervisor technology be provided to Apple. Subsequently, Apple filed a Response in Opposition to the Motion [D.E. 260] that argues that the inclusion of source code for the hypervisor was relevant and proportional.

    2.    On April 3, 2020, Corellium filed its Reply in Support of its Motion [D.E. 292] ("Reply") disputing Apple's contentions.  Additionally, Corellium attached a declaration from Corellium's Chief Technology Officer, Chris Wade in support of the Reply [D.E. 292-1] ("Declaration").

3. In the Declaration, and to rebut Apple's assertions in its Response, Mr. Wade reviewed and explained the CORESEC Architecture to explain the "hypervisor" component and the general functionality of the components of Corellium's product.

4. On April 4, 2020, Apple filed its Notice of Objection to Corellium's Reply [D.E. 293] ("Notice"). Corellium responds to Apple's Notice.

5. In its Notice, Apple objects to Corellium's Reply because it purports to rely on new information such as the Declaration that "(a) has always been available to Corellium during this lawsuit, including when it filed its underlying Motion; (b) was not provided by Corellium with that Motion; and (c) is not offered to rebut anything in Apple's opposition to that motion."

6. Despite Apple objection, the Declaration did not provide new information, only further explanation, and was offered to rebut Apple's Response.

7. While new information is not allowed under Local Rule 7.1(c), the rule "does not prohibit the addition of affidavits and declarations accompanying a reply memorandum*." Intra-Lock Int'l, Inc. v. Choukroun*, 2015 WL 1268278, at *1 (S.D. Fla. Mar. 19, 2015). Reply evidence can thus "may contain facts not previously mentioned in the opening brief, as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues." *Id. quoting Giglio Sub s.n.c. v. Carnival Corp.*, 2012 WL 4477504, at *2 (S.D.Fla. Sept. 26, 2012) *aff'd*, 523 F. App'x 651 (11th Cir.2013).

8. The Declaration is a line-by-line explanation of the technology at issue in the Motion. It was not new information but a more detailed explanation of information previously provided to both Apple and the Court. In fact, the diagram that serves as the basis for Mr. Wade's Declaration was previously provided to the Court before the last discovery hearing, on March 15, 2020, by Apple, via Dr. Nieh's previous declaration [D.E. 233, ¶20].

9. The Declaration of Mr. Wade was necessary, because it is clear from Apple's Response that it is conflating the technology which would further muddy the facts about the hypervisor technology and how it interacts with other components of the system.

10. Moreover, the Declaration rebuts Apple's Response to the Motion because it specifically attacks Apple's assertion that Corellium should provide the hypervisor source code on the basis that it is relevant and proportional. The Declaration shows, line-by-line, that it is not.

11. Furthermore, as it relates to Apple's argument that this information was not previously presented, Chris Wade was in attendance at the last discovery hearing for the very purpose, *inter alia*, of providing this information—the specifics as to the functionality of the hypervisor. However, due to time constraints, the Court was unable to hear from Mr. Wade.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 7, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

Dated: April 7, 2020          Respectfully submitted,

          COLE, SCOTT & KISSANE, P.A.
          *Counsel for Defendant CORELLIUM, LLC*
          Esperante Building
          222 Lakeview Avenue, Suite 120
          West Palm Beach, Florida 33401
          Telephone (561) 612-3459
          Facsimile (561) 683-8977


                Primary e-mail:
                Primary e-mail: justin.levine@csklegal.com
                Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945

                *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000 San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

Marc R. Lewis (*pro hac vice pending*)
mlewis@lewisllewellyn.com
LEWIS AND LLEWELLYN LLP
601 Montgomery St., Ste. 2000
San Francisco, CA 94111

*Attorneys for Plaintiff, Apple Inc.*