UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM'S *UNOPPOSED* MOTION FOR ENLARGEMENT OF PAGE LIMIT FOR CORELLIUM'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CORELLIUM, LLC ("Corellium"), by and through the undersigned counsel, and pursuant to Local Rules 7.1 respectfully moves the Court for leave to enlarge the page limit imposed by the Court's Order Setting Discovery Procedure [D.E. 34] by five (5) pages for Corellium's Supplemental Brief in Further Support of its Response in Opposition to Plaintiff's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee ("Supplemental Brief"). In support thereof, Corellium states as follows:

    1.    On October 4, 2019, this Court issued an Order Setting Discovery Procedure wherein it promulgated a five-page limit for all discovery motions filed in the above-captioned case. [D.E. 34].

    2.    On February 18, 2020, Plaintiff, APPLE INC. ("Apple"), filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law [D.E. 158] ("Motion").

    3.    On February 24, 2020, Corellium filed its Response in Opposition to Plaintiff's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 175] ("Response").

4. On February 26, 2020, Apple filed its Reply in Support of its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 195] ("Reply").

5. On February 28 2020, this Court issued an order reserving ruling on Plaintiff's Motion [D.E. 208] ("Order"). The Order stated that

> [t]he Court RESERVES RULING on Apple's Motion [DE 158] at this time. Corellium is scheduled to take depositions of other Apple employees between March 17, 2020, and April 3, 2020. The Court will permit the parties to address the issue of whether Mr. Federighi's deposition should be taken, and, if so, the scope and topics of the deposition after Corellium has taken the depositions of other Apple employees. The Court will enter a further order as to whether Mr. Federighi shall have to sit for a deposition in this case after receiving further information from the parties.

*Id*. at ¶ 2.

6. While Corellium has made every effort to condense the issues and succinctly explain in five pages the dispute in its Supplemental Brief, it has become clear that Corellium needs additional pages to provide the Court with the argument and factual information the Court needs to make a proper determination on the issues. Accordingly, Corellium respectfully submits that the relief sought in this instant motion requesting an enlargement of the Court's five-page limit on discovery motions is necessary to fully set out the bases upon which the Court should deny Apple's Motion.

7. Corellium has taken the deposition of other Apple employees since the parties' prior briefing. Specifically, Corellium has deposed the following Apple (or former) employees:

    a. Jon Andrews, Vice President of Core OS Software Engineering

    b. Sebastien Marineau, Vice President of Core OS

    c. Jason Shirk, Former Manager for Security and Privacy Concerns

    d. Ivan Krstic, Head of Security Engineering and Architecture

    e. Steve Smith, Director

  f. Chris Betz, Former Head of Security Engineering and Architecture

8. In order to adequately address the arguments and issues implicated by Apple's Motion and Corellium's Response, along with the testimony provided by Apple's employees and relevant facts that have developed since the parties' prior briefing, Corellium respectfully submits that an additional five pages for its supplemental brief are necessary. Corellium must provide the several factual bases showing Mr. Federighi's material personal involvement with the underlying facts from which this case stems, which includes information not provided and not known by any of Apple's employees who have been deposed. The fact is that Mr. Federighi was personally involved and was the decision-maker about the underlying facts of this case. Corellium intends to present some of the evidence to the Court reflecting Mr. Federighi's personal involvement, but five pages has shown to be too restrictive, even after Corellium's efforts to trim the draft Supplemental Brief.

9. Corellium is fully cognizant of the latitude is seeking in light of the page-limit instructed by the Court's Order Setting Discovery procedure. However, an enlargement of the Court's five page-limit for discovery motions is warranted so that Corellium may accurately and comprehensively depict the facts and issues, as well as applicable law relevant to Corellium's Supplemental Brief.

10. Apple has represented to Apple that it, too, intends to seek a five-page enlargement of pages permitted for its supplemental brief. Corellium does not oppose Apple's request, and Apple has represented that it does not oppose Corellium's request.

11. Accordingly, Corellium requests this Court to grant this instant motion to enlarge the page limit by five pages for Corellium's Supplemental Brief so that the Court may receive and take into consideration all pertinent information necessary to make a sound judgment on Apple's Motion.

**WHEREFORE**, Defendant Corellium, LLC respectfully requests the Court enter the proposed Order, attached hereto as **Exhibit 1**, permitting the five enlarged pages for Corellium's Supplemental Brief as requested herein, and grant any further relief this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3)(A), that counsel for the movant conferred via email with counsel for the Plaintiff on April 9, 2020 regarding the relief sought herein. Apple does not oppose Corellium's request. Apple has represented to Apple that it, too, intends to seek a five-page enlargement of pages permitted for its supplemental brief. Corellium does not oppose Apple's request.

Dated: April 9, 2020                                         Respectfully submitted,


                                                                     COLE, SCOTT & KISSANE, P.A.
                                                                     *Counsel for Defendant CORELLIUM, LLC*
                                                                       Esperante Building
                                                                       222 Lakeview Avenue, Suite 120
                                                                       West Palm Beach, Florida 33401
                                                                       Telephone (561) 612-3459
                                                                       Facsimile (561) 683-8977
                                                                       Primary e-mail: justin.levine@csklegal.com
                                                                       Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Lizza C. Constantine*
        JONATHAN VINE
        Florida Bar. No.: 10966
        JUSTIN B. LEVINE
        Florida Bar No.: 106463
        LIZZA C. CONSTANTINE
        Florida Bar No.: 1002945


                                              *and*

                               HECHT PARTNERS LLP
                               *Counsel for Defendant*

         20 West 23rd St. Fifth Floor
         New York, NY 10010
         Telephone (212) 851-6821
         David Hecht, *Pro hac vice*
         E-mail: dhecht@hechtpartnersllp.com
         Maxim Price, *Pro hac vice*
         E-mail: mprice@hechtpartnersllp.com
         Minyao Wang, *Pro hac vice*
         E-mail: mwang@hechtpartnersllp.com

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000 San
Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

CASE NO.: 9:19-CV-81160-RS

Marc R. Lewis (*pro hac vice pending*)
mlewis@lewisllewellyn.com
LEWIS AND LLEWELLYN LLP
601 Montgomery St., Ste. 2000
San Francisco, CA 94111

*Attorneys for Plaintiff, Apple Inc.*