UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE PORTIONS OF CORELLIUM'S SUPPLEMENTAL BRIEFING AND EXHIBITS IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Supplemental Briefing in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 175] ("Supplemental Briefing"), and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On February 18, 2020, Apple Inc. ("Apple") filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law

("MPO") [D.E. 158]. On February 24, 2020, Corellium filed its Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law ("Opposition") [D.E. 175]. On February 26, 2020, Apple filed its Reply in Support of Its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee ("Reply") [D.E. 195].

3. On February 28, 2020, this Court issued an order regarding Apple's MPO [D.E. 208]. The Order stated that the Court was reserving ruling on the MPO and that "[t]he Court will permit the parties to address the issue of whether Mr. Federighi's deposition should be taken, and, if so, the scope and topics of the deposition after Corellium has taken the depositions of other Apple employees." *Id.* at 2.

4. On April 9, 2020, the Parties had a meaningful conferral in good faith to address whether the Parties could resolve the issues raised in Apple's MPO and Corellium's Response without necessitating the Court's intervention. The Parties made proposals to narrow the issues to be addressed by the Court but were unable to resolve the issue of whether Mr. Federighi's deposition should be taken.

5. In light of the Parties' reasonable disagreements as to whether Mr. Federighi's deposition should be taken, the Parties have agreed to file supplemental briefs with the Court, as contemplated by the Court's Order reserving ruling on Apple's Motion for Protective Order Barring Deposition of Apple's Apex Employee [D.E. 208]

6. Corellium's Supplemental Brief details highly-proprietary, confidential, and trade secret information pertaining to conversations, meetings, and other interactions between Corellium and Craig Federighi, Apple's Senior Vice President of Software Engineering. Corellium's

Supplemental Brief also includes deposition testimony that has been designated as Confidential-Attorney's Eyes only by Apple.

7.   Due to the highly confidential, proprietary, and trade secret information contained therein, the Supplemental Brief has been designated "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential."

8.   Additionally, Corellium's Supplemental Brief Exhibits contain deposition testimony and email communications that have been designated as Confidential-Attorney's Eyes Only by Apple.

9.   Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File portions of its Supplemental Brief and Exhibits in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee Under Seal.

10.  Consistent with the Protective Order, Corellium and Apple's confidentiality designations, Corellium moves to file under seal portions of its Supplemental Brief and attached exhibits.

## MEMORANDUM OF LAW

**I.    Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider,

among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II. Good Cause Exists for the Court to Seal Portion of Corellium's Supplemental Brief and to Seal Attached Exhibits

In this instance, good cause exists for this Court to seal Corellium's Supplemental Brief. In particular, the Supplemental Brief details highly-proprietary, confidential, and trade secret information pertaining to conversations, meetings, and other interactions between Corellium and Craig Federighi. To be more specific, the Supplemental Brief contains very specific and highly-proprietary and trade secret information regarding private communications and interactions as well as highly-protected information about Corellium's technology and its value. As such, Corellium has designated portions of the Supplemental Brief "AEO" as well as "Confidential" to ensure its confidentiality is kept. Moreover, the Supplemental Brief and attached Exhibits contain deposition transcripts and email communications that have been designated as Confidential-Attorney's Eyes Only by Apple. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court must seal portions of Corellium's Supplemental Brief and seal the attached exhibits.

CASE NO.: 9:19-CV-81160-RS

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Supplemental Brief in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 175] under seal and to seal the exhibits attached to the Supplemental Brief, and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 9, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: April 10, 2020                    Respectfully submitted,

                                                COLE, SCOTT & KISSANE, P.A.
                                                *Counsel for Defendant CORELLIUM, LLC*
                                                Esperante Building
                                                222 Lakeview Avenue, Suite 120
                                                West Palm Beach, Florida 33401
                                                Telephone (561) 612-3459
                                                Facsimile (561) 683-8977
                                                Primary e-mail: justin.levine@csklegal.com
                                                Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
       JONATHAN VINE
       Florida Bar. No.: 10966
       JUSTIN B. LEVINE
       Florida Bar No.:  106463
       LIZZA C. CONSTANTINE
       Florida Bar No.:  1002945

|  |
|---|
| MICHAEL A. BOEHRINGER |
| Florida Bar No.: 1018486 |

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 10, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

CASE NO.: 9:19-CV-81160-RS

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

7
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX