UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE**

Defendant, Corellium, LLC ("Corellium") by and through the undersigned counsel, serves Corellium's Supplemental Brief in Support of Its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 175] ("Supplemental Brief"), and in support thereof, states as follows:

# FACTUAL BACKGROUND

1.      On February 18, 2020, Apple Inc. ("Apple") filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law ("MPO") [D.E. 158]. Specifically, Apple's MPO sought an Order from this Court barring Corellium from deposing Craig Federighi ("Mr. Federighi"), Apple's Senior Vice President of Software Engineering and material fact witness to this lawsuit. *See generally* MPO.

2.      On February 27, 2020, this Court held a discovery hearing to address, *inter alia*, Apple's MPO relating to the deposition of Craig Federighi and any arguments in support thereof.

3.      The Court reserved ruling on this particular issue and instructed Corellium to depose other lower-ranking Apple employees before deposing Mr. Federighi and that once Corellium deposed these other, lower ranking Apple employees, the Court would revisit the issue. *See* [D.E. 208]. Specifically, the Court would hear Corellium as to what issues should be the subject of Mr. Federighi's deposition based off the information Corellium acquired through its prior depositions. *See,* D.E. 204*,* at 18–20.

4.      Corellium has complied with the Court's instruction to depose of other, lower-ranking Apple employees; specifically, Corellium has deposed the following employees [1]:

| Employee Name | Employee Title | Date of Depo |
|---|---|---|
| Jon Andrews[2] | Vice President of Core OS Software Engineering | April 7, 2020 |
| Sebastien Marineau | Vice President of Core OS | April 3, 2020 |
| Jason Shirk | Former Manager for Security and Privacy Concerns | March 23, 2020 |
| Ivan Krstic[3] | Head of Security Engineering and Architecture | March 19, 2020 |
| Steve Smith | Director | March 17, 2020 |
| Chris Betz | Former Head of Security Engineering and Architecture | April 6, 2020 |

---

[1] *See* D.E. 204, 146:20–24 ("And I think the scope is informed by what you learn from Andrews and Shirk and Krstic and Smith and Marineau and Chris Betz and how far you need to get into his personal knowledge, the declaration or affidavit that he signed and any other issues that might be material to him.")
[2] Designated as Apple's Corporate Representative.
[3] Designated as Apple's Corporate Representative.

5.   Corellium still believes the deposition of Mr. Federighi is essential to its defense and must occur, as Mr. Federighi possess unique, first hand-knowledge not acquired through Corellium's numerous other depositions of other high-ranking Apple employees.[4]

6.   The Court further instructed the Parties to confer and select a date and time within the time period of April 6, 2020 to April 20, 2020 for the possible deposition of Mr. Federighi. *See* Court's Order Reserving Ruling on Apple's Motion for Protective Order ("Order"). [D.E. 208].

7.   The Parties have complied with the Court's instruction to confer and schedule Mr. Federighi's Deposition. Indeed, the Parties, via email as well as telephone conversation, have come to a mutual agreement that Craig Federighi's deposition will take place on Friday, April 17, 2020. A true and correct copy of the email exchange between the Parties is attached hereto as **Exhibit 1**.

8.   On April 9, 2020, the parties had a meet and confer to attempt to resolve or narrow issues relating to Mr. Federighi's deposition. Corellium proposed a narrow time of five hours for Mr. Federighi's deposition that was rejected by Apple. Apple proposed that interrogatories be served to Mr. Federighi in lieu of his deposition. Corellium rejected that proposal because Mr. Federighi is a material fact witness with direct knowledge of relevant information in this case. No further resolution has been reached as it relates to the scope of Mr. Federighi's deposition.

9.   Accordingly, Corellium comes now to this Court with its Supplemental Brief in which it provides support as to the necessity of Mr. Federighi's deposition to Corellium's defense as well as the scope to which the deposition should be limited. *See* D.E. 208.

## LEGAL MEMORANDUM

### I.  Mr. Federighi Possesses Unique as well as Relevant First-Hand Knowledge that Corellium Was Unable to Obtain Through Exhaustion of Other Less Intrusive Discovery Means

Initially, Corellium has complied with the Court's instruction in that prior to deposing Mr. Federighi, Corellium has taken the deposition of several other Apple employees, including Jon Andrews, Sebastien Marineau, Jason Shirk, Ivan Krstic, Steve Smith, and Chris Betz.[5] Despite Corellium's compliance and good faith attempt to gain critical information relevant to its defense through the deposition of these other Apple employees, Corellium still believes Mr. Federighi's deposition is necessary as he possesses unique and relevant first-hand knowledge that is both

---

[4] *See* D.E. 204, 146:20–24; 135:23-25.
[5] *See* D.E. 204, 146:20–24.

essential to Corellium's defense and cannot be obtained from any other source. *Reilly v. Chipotle Mexican Grill, Inc.*, 2016 WL 10644064, at *6 (S.D. Fla. Sept. 26, 2016) ("[t]he purpose of the apex doctrine is to prevent the potential harassment and abuse of high-level corporate executives where he or she has little or no knowledge."). In fact, Mr. Federighi is a fact witness that has relevant and first-hand knowledge about this case not provided by any other Apple employees. Specifically, Corellium believes the deposition of Mr. Federighi is necessary to address the follow issues, including:

a. Mr. Federighi's personal opinions, thoughts, and knowledge as well as involvement with the ▉▉▉▉▉▉▉▉▉▉ of Corellium as well as Virtual.

b. Both meetings between Corellium and Apple in which Mr. Federighi was present.

c. Mr. Federighi's personal opinions, thoughts, and knowledge relating to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ to Mr. Federighi.

d. Mr. Federighi's personal opinions, thoughts, and knowledge relating to the private conversation between Mr. Wade and Mr. Federighi regarding other ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

e. Mr. Federighi's mention of the Apple's ▉▉▉▉▉▉▉▉▉▉ during ▉▉▉▉▉▉▉▉▉▉.

f. The accuracy and validity of all statements contained in Mr. Federighi's Affidavit that was attached as an exhibit to Apple's MPO.

g. The accuracy and validity of all statements learned through other Apple employees and Apple's discovery responses.

Accordingly, as only Mr. Federighi possesses all the relevant above-listed information that Corellium was unable to obtain from any other source at, or associated with, Apple, the deposition of Mr. Federighi is not only relevant, but essential to Corellium's defense. The following sections address specifically why the information contained in the above-listed "issues" are both unique to Mr. Federighi as well as relevant to Corellium's defense.

*a. Mr. Federighi possess unique, relevant first-hand knowledge and non-cumulative information concerning the ▉▉▉▉▉▉▉▉▉▉ of Corellium and Virtual*

Mr. Federighi, despite Apple's contention, is a material fact witness essential to Corellium's defense in this litigation. Indeed, while Mr. Federighi may possess a high-ranking corporate title, Apple cannot shy away from the fact that he also possesses relevant information that cannot be obtained from any other source. *Apple Inc.*, 282 F.R.D. at 262–63 ("[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition."). Included in Mr. Federighi's array of relevant and non-cumulative information is Mr. Federighi's personal opinions, thoughts, and knowledge as well as involvement with the ▮▮▮▮▮ of Corellium as well as Virtual[6].

To be more specific, Mr. Federighi was, and still is, the decision-maker surrounding ▮▮▮▮▮ of both Corellium and Virtual. The following text message conversations as well as deposition excerpts illustrate this very point:

<u>Via text message:</u>

▮▮▮▮▮[7]

<u>Via text message:</u>

▮▮▮▮▮[8]

<u>Via text message:</u>

▮▮▮▮▮[9]

<u>Via text message:</u>

▮▮▮▮▮[10]

<u>Ivan Krstic deposition, 157: 21–24:</u>[11]

▮▮▮▮▮

---

[6] ▮▮▮▮▮. *See* D.E. 175-1, at ¶ 3–5; *see generally* D.E. 175-18.
[7] *See* D.E. 175-7.
[8] *See* D.E. 175-14.
[9] *See* D.E. 175-15.
[10] *See* D.E. 175-11.
[11] Attached hereto as **Exhibit 2**.

Steve Smith deposition, 48: 9–12[12]



Steve Smith deposition, 48: 9–12

Ivan Krstic deposition, 169: 21–24:

As clearly demonstrated by the above text message conversations and deposition excerpts, Mr. Federighi was, and still is, the decision-maker as it relates to the ▮▮▮▮▮▮ of both Corellium as well as Virtual. To be sure, Apple, via email to counsel for Corellium, has suggested that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and as such, Mr. Federighi's deposition is unnecessary and cumulative. *See* **Exhibit 5**. Mr. Andrew's April 7, 2020 testimony, however, is in direct conflict with what Mr. Andrews conveyed to Mr. Wade in August 2018 where he informed Mr. Wade that he, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮ *See* D.E. 175-11. Mr. Andrews' testimony is in further conflict with Mr. Krstic's deposition testimony in which he stated, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Krstic's Trans., 157:21-24. Corellium, as a named defendant in this case, has the right to further investigate these discrepancies, and moreover, has to right to ask these questions directly of Mr. Federighi, as other less intrusive means have clearly proven futile. *Reilly*, 2016 WL 10644064, at *7 (holding that Plaintiff satisfied the first Apex factor because, *inter alia*, the executive Plaintiff sought to depose had "direct involvement with the approval of Chipotle's marketing decisions").

Not only is the information sought from Mr. Federighi concerning the ▮▮▮▮▮▮ ▮▮▮▮▮▮ of Corellium and Virtual unique and non-cumulative to information gained

---

[12] Attached hereto as **Exhibit 3**.
[13] *See also* APL-CORELLIUM-00021348, **Exhibit 4**.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

from other Apple employees, such information is undoubtably relevant to Corellium affirmative defenses, including laches, acquiescence, waiver, and estoppel, as well as Corellium's fair use defense. In particular, while Apple asserts that these affirmative defenses generally do not apply in cases of copyright infringement, the instant matter is not a typical case of alleged infringement. Indeed, Apple has been aware of the technology at issue in this case dating back to acquisition conversations that occurred as early as 2014. *See* D.E. 175-1. While Virtual differs from Corellium in its name and founders, the technology, at least in so far as it relates to Corellium's alleged copyright infringement, is very similar in many aspects. Accordingly, while Apple cites cases that suggest these affirmative defenses may not apply if the statute of limitations has not run, this is not a straightforward calculation—Apple was aware of Corellium long before it formally filed for incorporation. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 687 (2014) (Laches still applies in ordinary circumstances because the court may consider the delay in commencing suit to determine the appropriate injunctive relief if the plaintiff prevails on the merits).

To be sure, the Court has agreed with Corellium's position that questions concerning the topic of ▇▇▇▇▇▇▇▇ are relevant to Mr. Federighi's deposition. When discussing the above-cited text message from Ivan Krstic that reads, ▇▇▇▇▇▇▇▇ the Court inquired to ensure that Corellium would discuss this text message at Mr. Krstic's deposition. Corellium did just this, asking Mr. Krstic about ▇▇▇▇▇▇▇▇  ▇▇▇▇▇▇▇▇ *See* Krstic's Trans., 38:12–13, 81, 12–17, 169:21–25, 171: 5–8. Mr. Krstic, however, ▇▇▇▇▇▇▇▇ *Id.* Therefore, it is clear that Mr. Federighi's knowledge concerning the ▇▇▇▇▇▇▇▇ of Corellium and Virtual is not only relevant, but non-cumulative, as anyone at ▇▇▇▇▇▇▇▇ ▇▇▇▇ between Federighi and Corellium.

Lastly, valuation and acquisition are directly related to Corellium's fair use defense, specifically, its transformative argument. *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1262 (11th Cir. 2014) (stating that a parody is considered transformative due to its inherent transformative value); *see also Geophysical Union v. Texaco Inc.*, 60 F.3d 913, (2d Cir.1994) (stating that the "transformative use concept assesses the value generated by the secondary use and the means by which such value is generated"). If an alleged work has been valued and/or attempted to be acquired for a very high price as compared to the underlying

copyrighted work, this value, by way of common sense, is inherently indicative or suggestive of a revolutionary, or transformative product. Indeed, if the alleged infringing work merely reproduced or copied the copyrighted work, a company of Apple's stature would immediately sue, instead of spending many years and resources investigating and trying to acquire this allegedly infringing work. *See Cambridge Univ. Press*, 769 F.3d at 1262 ("A nontransformative use, on the other hand, is one which serves the same 'overall function' as the original work."). Moreover, Apple would not have considered ███████ it was capable of recreating. *Id.* All of these factors are directly relevant to the necessity to take the deposition of Mr. Federighi as no one else at Apple has been able to provide the information that only Mr. Federighi possesses. Yet, Apple is claiming this is not the case, claiming that Corellium ███████ Corellium, however, is entitled effectuate its defenses and, in this case, that requires the deposition of Mr. Federighi. Accordingly, Mr. Federighi's unique knowledge concerning ███████ or Corellium and Virtual is both relevant and essential to Corellium fair use defense.

   b. ***Mr. Federighi possess unique, relevant first-hand knowledge and non-cumulative information*** ███████

  Mr. Federighi is a material fact witness in this case as he was an active participant in meetings with Corellium during ███████. Specifically, Mr. Federighi's participation in these meetings was critical to ███████ of Corellium because Mr. Federighi was, and still is, ███████ Contrary to Apple's efforts to minimize Mr. Federighi's involvement by claiming that he only had second-hand or minimal knowledge, Mr. Federighi was directly involved, on a first-hand basis, with the ███████ of Corellium as evidenced by the fact that he received ███████ with Corellium and ultimately received a ███████ in preparation for his ███████ in 2018.

  The ███████ of Corellium and its product, as it ███████ and it acknowledge the fact that Corellium's ███████

▇▇▇▇▇▇▇▇▇▇▇▇. *See*, **Exh. 6**. Also rebutting Mr. Federighi's affidavit that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Moreover, Mr. Federighi attended at least two in-person meetings[14] with Corellium, one meeting where other Apple employees were present as well as a ▇▇▇▇▇▇ where several, previously undisclosed items regarding Corellium's product were discussed. Not only does Mr. Federighi has unique, first-hand knowledge of this o▇▇▇▇▇▇▇▇, but he also possesses unique and non-cumulative first-hand knowledge as to the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

While Corellium has followed the direction of this Court to depose other Apple employees and witnesses in an attempt to gather as much relevant information so as to avoid having to depose Mr. Fedrighi[15] , all of Apple's employees that Corellium deposed seem to either ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ To illustrate this point, the following Apple employees responded as follows:[16]

- Steve Smith was asked ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Smith Transc., 87:1-3.
- Ivan Krstic ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Krstic Transc., 171:14-16. Additionally, Ivan Krstic ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*., at 171:5-8.
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Shirk Transc., 65:13-15, **Exh. 7** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Subsequently, the only person with information regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[17] The information that Mr. Federighi will provide is therefore not cumulative as it relates to meetings where other Apple

---

[14] To add context, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.
[15] D.E. 204, 146:20–24 ("And I think the scope is informed by what you learn from Andrews and Shirk and Krstic and Smith and Marineau and Chris Betz and how far you need to get into his personal knowledge.")
[16] The deposition of Sebastien Marineau and Jon Andrews were recently taken and Corellium has not yet received deposition transcripts for their depositions.
[17] Corellium asked multiple questions during depositions as requested by the Court and was ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

employees were in attendance because these other ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Likewise, Mr. Federighi's testimony as it relates to his ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ inherently cannot be cumulative as he was the only one in attendance and the only one with first-hand knowledge about this meeting. Accordingly, the topic of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as he has first-hand knowledge and non-cumulative information of the Corellium Product and his communications and directions regarding the Corellium Product. *See* D.E. 204, 136:20-23. Thus, a deposition of Mr. Federighi is warranted in this matter.

      a. **Mr. Federighi possess unique and relevant first-hand knowledge concerning the accuracy and validity of all the statement contained in Mr. Federighi's affidavit as well as statements learned through other Apple employees**

Mr. Federighi prepared an affidavit in support of Apple's MPO. The affidavit contains information that directly contradicts information provided by Apple's employees and Corellium's own recollection. Most importantly, the information does not align as it relates to Mr. Federighi's involvement in the ▇▇▇▇▇▇▇▇▇▇▇▇ process of the Corellium Product and the subject of Mr. Federighi's communications with Chris Wade. For example, Mr. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* [D.E. 158-1]. This is directly at odds with the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See*, ▇▇▇▇▇▇▇▇▇▇. It is further at odds with Corellium's recollection of a lengthy conversation about Corellium's product, a discussion about companies such as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Similarly, Mr. Federighi in his declaration minimizes his involvement in the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For instance, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

██████████████████████████████████████ *See* D.E. 175-11. (emphasis added). In addition, Mr. Federighi was listed in several, if not all, ██████████ ████████████████████████████████████████████████████ Particularly, Mr. Federighi and Ivan Krstic discussed important ████████████████████ ████████████████████████████████ *See*, APL-CORELLIUM-00003164, **Exh. 8**. Accordingly, the evidence Corellium has gathered concerning Mr. Federighi's involvement in Corellium demonstrates a drastically different and contrary view of the statements he has made in his declaration. Thus, Corellium has the right to question these contrary statements and further investigate the claims made in Mr. Federighi's affidavit. *See* D.E. 204, 146:1-3.

Mr. Federighi has not only provided statements in his declaration that are directly at odds with his communications with Corellium, but those statements are also directly at odds with the testimony from other Apple's employees and other evidence acquired in this case. For example, ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████ Why is it then that he received ████████████████████ ████████████████████████████████████████████████?

Additionally, time and time again Apple's employees including Krstic, Betz, Shirk, Smith and Marineau have stated that the ████████████████████████████████████████ ████████████████████████████████ No one else can rebut or clarify the information provided by Apple's employees (or the lack thereof) other than Mr. Federighi. Moreover, in responding to ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████ Accordingly, Corellium will not be able to properly support its defenses without the deposition of Mr. Federighi, as it will not be able to rebut the statements made by other Apple's employees relating to Mr. Federighi's involvement with Corellium and will nor the information provided by Apple.

For the reasons stated above, the deposition of Mr. Federighi is necessary in this case, as Mr. Federighi possesses unique personal first-hand knowledge of information that is relevant to this case and is not cumulative information.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 10, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

Dated: April 10, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　COLE, SCOTT & KISSANE, P.A.
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant CORELLIUM, LLC*
　　　　　　　　　　　　　　　　　　　　Esperante Building
　　　　　　　　　　　　　　　　　　　　222 Lakeview Avenue, Suite 120
　　　　　　　　　　　　　　　　　　　　West Palm Beach, Florida 33401
　　　　　　　　　　　　　　　　　　　　Telephone (561) 612-3459
　　　　　　　　　　　　　　　　　　　　Facsimile (561) 683-8977
　　　　　　　　　　　　　　　　　　　　Primary e-mail: justin.levine@csklegal.com
　　　　　　　　　　　　　　　　　　　　Secondary e-mail: lizza.constantine@csklegal.com

By:　*s/ Lizza C. Constantine*
　　　JONATHAN VINE
　　　Florida Bar. No.: 10966
　　　JUSTIN B. LEVINE
　　　Florida Bar No.: 106463
　　　LIZZA C. CONSTANTINE
　　　Florida Bar No.: 1002945


　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　HECHT PARTNERS LLP
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　　20 West 23rd St. Fifth Floor
　　　　　　　　　　　　　　　　　　　　New York, NY 10010
　　　　　　　　　　　　　　　　　　　　Telephone (212) 851-6821
　　　　　　　　　　　　　　　　　　　　David Hecht, *Pro hac vice*

CASE NO.: 9:19-CV-81160-RS

E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

### SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000 San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

Marc R. Lewis (*pro hac vice pending*)
mlewis@lewisllewellyn.com
LEWIS AND LLEWELLYN LLP

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

601 Montgomery St., Ste. 2000
San Francisco, CA 94111

*Attorneys for Plaintiff, Apple Inc.*