UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE EXHIBITS 9 AND 10 OF CORELLIUM'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE AS NOTED IN FOOTNOTE 16 UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of exhibits 9 and 10 of Corellium's Supplemental Brief in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 317] as noted in footnote 16 ("Supplemental Brief"), and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.  On February 18, 2020, Apple Inc. ("Apple") filed its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law ("MPO") [D.E. 158]. On February 24, 2020, Corellium filed its Response in Opposition to Plaintiff Apple Inc.'s Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee and Incorporated Memorandum of Law ("Opposition") [D.E. 175]. On February 26, 2020, Apple filed its Reply in Support of Its Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee ("Reply") [D.E. 195].

3.  On February 28, 2020, this Court issued an order regarding Apple's MPO [D.E. 208]. The Order stated that the Court was reserving ruling on the MPO and that "[t]he Court will permit the parties to address the issue of whether Mr. Federighi's deposition should be taken, and, if so, the scope and topics of the deposition after Corellium has taken the depositions of other Apple employees." *Id.* at 2.

4.  On April 9, 2020, the Parties had a meaningful conferral in good faith to address whether the Parties could resolve the issues raised in Apple's MPO and Corellium's Response without necessitating the Court's intervention. The Parties made proposals to narrow the issues to be addressed by the Court but were unable to resolve the issue of whether Mr. Federighi's deposition should be taken.

5.  In light of the Parties' reasonable disagreements as to whether Mr. Federighi's deposition should be taken, the Parties agreed to file supplemental briefs with the Court, as contemplated by the Court's Order reserving ruling on Apple's Motion for Protective Order Barring Deposition of Apple's Apex Employee [D.E. 208].

6. On April 10, 2020, Corellium filed its Supplemental Brief under seal of this Court. In footnote 16 of Corellium's Supplemental Brief, Corellium noted that it had not yet received the deposition transcripts of Sebastien Marineau and Jon Andrews and that upon their reception, Corellium would supplement its Supplemental Brief accordingly.

7. Corellium has since received the deposition transcripts of both Sebastien Marineau and Jon Andrews and has prepared excepts of the transcripts to be attached to Corellium's Supplemental Brief as exhibits 9 and 10.

8. These excerpts, attached as exhibits 9 and 10 of Corellium's Supplemental Brief detail highly-proprietary, confidential, and trade secret information pertaining to the depositions of Sebastien Marineau and Jon Andrews.

9. Due to the highly confidential, proprietary, and trade secret information contained therein, exhibits 9 and 10 of Corellium's Supplemental Brief have been designated "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential" by Apple.

10. Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File Exhibits 9 and 10 of its Supplemental Brief in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee as Noted in Footnote 16 Under Seal.

11. Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal exhibits 9 and 10 of its Supplemental Brief.

CASE NO.: 9:19-CV-81160-RS

## **MEMORANDUM OF LAW**

**I.     Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.    Good Cause Exists for the Court to Seal Exhibits 9 and 10 of Corellium's Supplemental Brief**

In this instance, good cause exists for this Court to seal exhibits 9 and 10 of Corellium's Supplemental Brief. In particular, the exhibits 9 and 10 detail highly-proprietary, confidential, and trade secret information pertaining to the depositions of Sebastien Marineau and Jon Andrews. To be more specific, the exhibits 9 and 10 contains very specific and highly-proprietary and trade secret information regarding private communications and interactions as well as highly-protected information relating to Apple. As such, Apple has designated exhibits 9 and 10 of Corellium's Supplemental Brief "AEO" as well as "Confidential" to ensure its confidentiality is kept.

Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court must seal exhibits 9 and 10 of Corellium's Supplemental Brief.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file exhibits 9 and 10 of Corellium's Supplemental Brief in Support of its Response in Opposition to Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [D.E. 317] as noted in footnote 16 under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 11, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: April 11, 2020   Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

CASE NO.: 9:19-CV-81160-RS

By: *s/ Lizza C. Constantine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

and

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 11, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

### SERVICE LIST

Martin B. Goldberg

mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*