UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-CV-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF APPLE INC.'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S APEX EMPLOYEE [DE 158]**

THIS CAUSE is before the Court upon Plaintiff, Apple Inc.'s ("Apple") Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee ("Motion") [DE 158]. This matter was referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. Defendant, Corellium, LLC ("Corellium") filed a response [DE 175], and Apple filed a reply [DE 196]. The Court held a hearing on the matter on February 27, 2020, and reserved ruling on the Motion. *See* DE 208. On April 10, 2020, the parties each filed both sealed and public versions of Supplemental Briefs in support of their positions. [DEs 317, 318, 320, 321]. Additionally, Notices of Filing were filed by Apple [DEs 324, 326] and Corellium [DEs 328, 330] regarding this dispute.

## I.    BACKGROUND

Corellium seeks to depose Apple's Senior Vice President of Software Engineering, Craig Federighi. In Apple's Motion, which was filed on February 18, 2020, it argued that the "apex

1

doctrine" precluded Corellium from deposing Mr. Federighi because Corellium was trying to depose Mr. Federighi on topics for which both parties had identified at least three other Apple employees with relevant knowledge whose depositions had been scheduled but not yet completed. [DE 158, p. 2]. Thus, according to Apple, Corellium could not establish that it had exhausted all less intrusive means of discovery. *Id.* at pp. 4-5. Apple also asserted that, despite the fact that he admittedly attended a short, one-hour meeting with Chris Wade of Corellium, Mr. Federighi has no unique or direct knowledge of facts relevant to this case and that he has completed a Declaration attesting to his lack of knowledge. *Id.* at pp. 3-4.

In response, Corellium argued that Mr. Federighi was the "Apple executive in charge of negotiating the acquisition of defendant Corellium. He is the sole source of direct first-hand knowledge relevant to Corellium's affirmative defenses, is a witness that Corellium intends to call at trial and must be deposed." [DE 175, p. 2]. According to Corellium, Mr. Federighi "was, and still is, the decision-maker surrounding acquisition negotiations with Corellium." *Id.* at p. 7. Corellium contends that it has exhausted less intrusive discovery means by propounding voluminous discovery requests and that Apple's responses regarding Mr. Federighi have been "misleading and incorrect." *Id.* at pp. 8-9.

The Court heard argument on the Motion at the February 27, 2020 discovery hearing. *See* DE 204. On February 28, 2020, the Court issued an Order regarding the Motion. First, the Court required that the parties confer and agree upon a date between April 6, 2020, and April 20, 2020, as well as a location, for the possible deposition of Craig Federighi. [DE 208, p. 1]. Second, the Court reserved ruling on the Motion until Corellium finished deposing other Apple employees between March 17, 2020, and April 3, 2020. *Id.* at p. 2. Third, the Court explicitly stated that it

2

would permit the parties to address the issue of whether Mr. Federighi's deposition should be taken, and, if so, the scope and topics of the deposition, after Corellium had taken the depositions of the other Apple employees. *Id.*

On April 10, 2020, the parties filed Supplemental Briefs supporting their positions regarding the deposition of Mr. Federighi. [DEs 317, 318, 320, 321]. Additionally, Notices of Filing were filed by Apple [DEs 324, 326] and Corellium [DEs 328, 330].

## II.     ANALYSIS OF APEX EMPLOYEE ISSUE

Apple's Supplemental Brief strenuously argues that Mr. Federighi is an "Apex employee" who has no first-hand, relevant information about the facts of this lawsuit, and, thus, his deposition is unnecessary and should be prohibited. [DE 318]. Corellium argues—equally strenuously—that the deposition of Mr. Federighi is essential to its defense, as Mr. Federighi possesses unique, first-hand knowledge which Corellium could not obtain through other depositions. [DE 320-1, p. 3]. As has been the norm in this case, the parties take diametrically opposed positions and give no quarter, and reality lies somewhere in between.

(A) Corellium's Improper Argument Contained in Its Notice of Filing [DE 328, 330]

Before proceeding further, the Court is compelled to discuss the parties' Notices of Filing related to this dispute. Corellium's Notice of Filing Exhibits 9 and 10 is filed under seal at DE 330 and in a redacted, public version at DE 328. Apple's Notice of Filing Exhibit O is filed under seal at DE 326 and in a redacted, public version at DE 324. When Corellium sought leave to file Exhibits 9 and 10 under seal [DE 327], Corellium did not seek permission to make further argument in the Notice of Filing. Corellium only sought to file Exhibits 9 and 10 under seal. Period. The Court's order [DE 329] allowing Corellium to file Exhibits 9 and 10 under seal did

3

not authorize Corellium to include further argument in its Notice.

Nonetheless, in paragraph 2 of Corellium's Notice of Filing [DEs 328, 330], Corellium chose to make the salacious argument that Apple was engaged in the "coaching" of witnesses, specifically the coaching of Apple employees who testified at depositions, to provide "a view of minimal appearance of knowledge by Mr. Federighi…." There are two primary problems with this argument made by Corellium's counsel in Corellium's Notice.

First, our Local Rules and case law make it clear that notices are not to be used by a party to advance further argument without leave of court. S.D. Fla. L.R 5.1(d) and 7.1(c); *see also Girard v. Aztec RV Resort, Inc.,* Case No. 10-62298-cv, 2011 WL 4345443, at *2 (S.D. Fla. 2011); *Pellegrino v. Koeckritz Dev. Of Boca Raton, LLC.*, 2008 WL 2753726, at *2, n.2 (S.D. Fla. 2008). This type of sharp practice, where a party's attorney uses a notice of filing to advance further unauthorized argument, is unprofessional and is not permitted in federal court. The alleged "coaching" argument was not made in Corellium's Supplemental Brief [DE 320-1] and should not have been made in Corellium's Notice of Filing. Conversely, Apple's Notice of Filing Exhibit O [DEs 324, 326] properly attached the document and made no argument. That is how the process is supposed to work. If Corellium's counsel wanted to advance further argument, the proper course of action was for Corellium to file a motion seeking leave to make further argument—not try to slip its further argument into a Notice of Filing in a transparent effort to unfairly tarnish Apple and its counsel.

The second primary problem with Corellium's Notice of Filing is that its argument of witness coaching is unsupported by the record. The claim of witness coaching made by Corellium's counsel is speculative at best, and wholly unnecessary. The Court has reviewed all

4

the exhibits filed in this case and has seen no signs of witness coaching. This Court takes claims of improper or unethical conduct against a party or attorney, such as a claim of witness coaching, very seriously. Such claims should not be made lightly or asserted without support based upon mere speculation or the wild imagination of counsel, as unfortunately seems to have occurred in this case.

Accordingly, the Court shall not consider Corellium's improvident and unauthorized argument contained in paragraph 2 of its Notice of Filing Exhibits 9 and 10 [DEs 328, 330]. This is the relief sought by Apple in its brief Response [DE 331] to Corellium's Notice of Filing. The Court has considered taking additional action but declines to do so at this time. However, the Court warns Corellium's counsel that any similar conduct in this case shall result in sanctions.

(B) Applicable Apex Doctrine Case Law

In this case, Plaintiff seeks to depose Craig Federighi, who serves as the Senior Vice President of Software Engineering for Apple. The deposition of such a high-ranking corporate officer is commonly referred to as an "Apex Deposition." *See Chick-Fil-A, Inc. v. CFT Development, LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 928226, at *1 (M.D. Fla. Apr. 3, 2009). "Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Brown v. Branch Banking and Trust Co.*, No. 13-81192-CIV, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014) (citations omitted).

Therefore, "a party seeking to depose a high ranking corporate officer must first establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and

5

(2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017); *see also Noveshen v. Bridgewater Assocs., LP*, No. 13-61535-CIV, 2016 WL 536579, at *1 (S.D. Fla. Feb. 3, 2016); *Hickey v. North Broward Hosp. Dist.*, No. 14-CV-60542, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015). Moreover, the party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary. *Id.* However, the party moving for a protective order to prevent the deposition "carries a heavy burden to show why discovery should be denied." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (quoting *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374MMC(JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). "A claimed lack of knowledge, by itself, it is insufficient to preclude a deposition." *Id.* (quoting *WebSideStory, Inc. v. NetRatings, Inc.*, 06CV408 WQH (AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007)).

(C) <u>The Court's Ruling Regarding the Deposition of Mr. Federighi</u>

In appropriate cases, the undersigned has not hesitated in granting a motion for protective order to completely preclude the deposition of a witness under the Apex Doctrine. *See, e.g. Tillman*, 2017 WL 679980*, supra; Noveshen*, 2016 WL 536579*, supra.* In this case, however, the Court finds that the complete preclusion of Mr. Federighi's deposition is not appropriate or justified. Based upon a very careful review of all the relevant filings, including the plethora of exhibits, the Court finds that Corellium has met its burden of establishing that Mr. Federighi may possess some limited, unique, non-repetitive, firsthand knowledge of the facts at issue in this

6

case. Furthermore, Corellium has sufficiently shown that less intrusive means of discovery, such as depositions of other employees, have been exhausted without complete success in obtaining the information it seeks from Mr. Federighi. And, Apple has failed to establish that Mr. Federighi's deposition should be totally precluded under the facts of this case.

The Court has considered Apple's position that allowing Corellium to propound interrogatories on Mr. Federighi would be a sufficient compromise, but, after considering all of the underlying facts and having weighed the requisite factors, the Court finds that Corellium should be permitted to depose Mr. Federighi as to certain issues specified below. In this regard, the Court also notes that the fact discovery cutoff in this case is just one week away—April 20, 2020—so it would arguably be prejudicial to Corellium if Corellium were only permitted to propound interrogatories upon Mr. Federighi, and then Corellium determined upon receipt of the interrogatory responses that it had additional, relevant follow-up questions for Mr. Federighi. This would also likely cause unnecessary delay in this litigation and further motion practice.

Therefore, the Court concludes that Corellium shall be permitted to take the deposition of Mr. Federighi on April 17, 2020, as tentatively scheduled by the parties. The deposition shall be limited to four (4) hours as longer than that would be wasteful and unnecessary. Corellium shall be authorized to depose Mr. Federighi on the following topic areas:

1) His knowledge about the valuation, if any, and his decision making, if any, relating to the alleged attempted acquisition of Corellium by Apple;

2) The two meetings he allegedly attended and his recollection of what was discussed at those two meetings, as well as any non-privileged documents utilized at those two meetings. One meeting was apparently a one-on-one meeting between Mr. Federighi

and Chris Wade on or about July 24, 2018. The other meeting was apparently a meeting with Corellium attended by Mr. Federighi and other Apple employees at some point in 2018; and

3) Mr. Federighi's affidavit submitted to the Court in this case [DE 158-1] and the facts attested to by Mr. Federighi in that affidavit.

### III. ANALYSIS OF RULE 30(a)(2)(A) ISSUE

There is one further issue for the Court to address. Apple argues that Corellium has taken and/or scheduled ten depositions, and that Mr. Federighi's deposition would be the eleventh deposition. Apple has not agreed to this eleventh deposition, and Corellium has not sought leave of court to exceed the ten-deposition limit. [DE 321, pp. 9-10].

Federal Rule of Civil Procedure 30 permits a party to take up to ten depositions without leave of court. If a party wishes to take more than ten depositions, it must seek leave of court. Fed.R.Civ.P. 30(a)(2)(A)(i). If a court grants a party leave to conduct more than ten depositions, it must do so in a manner consistent with Federal Rule of Civil Procedure 26(b)(2). Fed.R.Civ.P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) requires the court to determine whether: (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii).

Additionally, "[c]ourts have construed Rule 30(a)(2)(A) ... to require a party seeking leave of court to exceed the [ten]-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court." *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 16-CV-81180, 2018 WL 1461844, at *1 (S.D. Fla. Mar. 22, 2018) (quoting *AIG Centennial Ins. Co. v. O'Neill,* No. 09-60551, 2010 WL 4116555, *16 (S.D. Fla. Oct. 18, 2010) (emphasis in original)). "The Court has discretion to permit or deny the requested depositions." *Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2015 WL 2090401, at *4 (S.D. Fla. May 5, 2015); *see also Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.,* 297 F.R.D. 532 (S.D. Fla. 2013).

Even though Corellium did not specifically argue this issue in its Supplemental Brief, which was filed simultaneously with Apple's Supplemental Brief, the Court is not persuaded by Apple's argument that the Court should preclude Corellium from deposing Mr. Federighi based on the ten-deposition rule. In Corellium's Supplemental Brief, Corellium establishes that Mr. Federighi appears to possess limited, unique, non-repetitive, firsthand knowledge of the facts at issue. In meeting this standard, Corellium implicitly establishes that Mr. Federighi's deposition is not unreasonably cumulative or duplicative and cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. Additionally, Corellium has arguably not had ample opportunity to obtain the information previously as the Court has not yet permitted Corellium to obtain discovery directly from Mr. Federighi. Finally, the Court cannot find that the burden or expense of the deposition outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. The Court

finds that the extra deposition is reasonable under the facts of this case and exercises its discretion to permit the deposition as limited herein.

## IV. CONCLUSION

Upon careful review all of the parties' filings, the relevant case law, and applicable Rules, it is hereby **ORDERED** as follows:

1. Apple's Motion for Protective Order Barring Deposition of Plaintiff's Apex Employee [DE 158] is **GRANTED IN PART AND DENIED IN PART**, as stated in this Order

2. Corellium is permitted to depose Mr. Federighi on April 17, 2020, the date agreed to by the parties, for a period of four (4) hours and only on the limited topics listed above in this Order. The parties' counsel are expected to professionally and expeditiously conduct the deposition of Mr. Federighi pursuant to the terms and spirit of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of April, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge