UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE PORTIONS OF CORELLIUM'S MOTION TO COMPEL PLAINTIFF APPLE INC. TO PRODUCE ALL RELEVENT INFORMATION PERTAINING TO SPECIFIC APPLE INTERNAL PRODUCTS AND ANY OTHER SIMILAR, PARALLEL, AND/OR COMPETIVE TECHNOLOGY APPLE INC. HAS DEVELOPED OR IS CURRENTLY DEVELOPING AS WELL AS EXHIBITS 1–5 ATTACHED THERETO UNDER SEAL**

    Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Motion to Compel Plaintiff Apple Inc. to Produce all Relevant Information Pertaining to Specific Apple Internal Products and any other Similar, Parallel, and/or Competitive Technology Apple has Developed or is Currently Developing ("Motion to Compel") and Exhibits 1–5 Attached Thereto, and in support thereof, states as follows:

**BACKGROUND**

    1.    On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. Corellium believes Apple is withholding relevant information relating to its internal products as well as relating to other similar, parallel, and/or competitive technology Apple has developed or is currently developing. In response, Corellium has drafted a Motion to Compel, which contains highly-proprietary, confidential, and trade secret information pertaining Apple's internal products. As such, Corellium's Motion to Compel has been deemed designated "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential." Corellium's Motion to Compel will be filed in conjunction with this Motion.

3. Additionally, Corellium's Motion to Compel contains Exhibits 1–5, each of which contains highly-proprietary, confidential, and trade secret information. As such, these Exhibits have been deemed "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential."

  a. Specifically, Exhibit 1 is Apple's Verified Responses and Objections to Corellium LLC's Second Set of Interrogatories.
  b. Exhibit 2 is excerpts from Jon Andrew's Deposition.
  c. Exhibit 3 is a composite exhibit relating to Apple's internal products.
  d. Exhibit 4 is excerpts from Mathew Firlik's Deposition.
  e. Exhibit 5 is a conferral/proposal email between counsel for the Parties.

4. Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File portions of its Motion to Compel as well as Exhibits 1–5 Attached Thereto Under Seal.

5. Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal its portions of its Motion to Compel as well as Exhibits 1–5 Attached Thereto Under Seal.

CASE NO.: 9:19-CV-81160-RS

## MEMORANDUM OF LAW

### I.  Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II.  Good Cause Exists for the Court to Seal Portions of Corellium's Motion to Compel and Exhibits Thereto

In this instance, good cause exists for this Court to seal portions of Corellium's Motion to Compel as well as Exhibits 1–5 attached thereto. In particular, Corellium's Motion to Compel as well as Exhibits 1–5 attached thereto detail highly-proprietary, confidential, and trade secret information pertaining Apple's internal products as well as conversation between counsel for the Parties. As such, Corellium has designated portions of the its Motion to Compel as well as Exhibits 1–5 attached thereto "AEO" as well as "Confidential" to ensure its confidentiality is kept. Accordingly, the same precautions are required of this Court to keep this sensitive information

from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court must seal portions of Corellium's Motion to Compel and attached Exhibits.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Motion to Compel Plaintiff Apple Inc. to Produce all Relevant Information Pertaining to Specific Apple Internal Products and any other Similar, Parallel, and/or Competitive Technology Apple has Developed or is Currently Developing ("Motion to Compel") and Exhibits 1–5 Attached Thereto under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 20, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: April 20, 2020                           Respectfully submitted,

                                              COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Lizza C. Constantine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 20, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg

mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*