UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM LLC'S MOTION TO COMPEL PLAINTIFF APPLE INC. TO PRODUCE ALL RELEVENT INFORMATION PERTAINING TO ███████, ███████ AND ANY OTHER SIMILAR, PARALLEL, AND/OR COMPETIVE TECHNOLOGY APPLE INC. HAS DEVELOPED OR IS CURRENTLY DEVELOPING, OR, IN THE ALTERNATIVE, MOTION TO EXCLUDE INFORMATION AND DOCUMENTS PERTAINING TO ███████ AND ███████**

    Defendant, CORELLIUM, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 26.1(g), respectfully moves this Court for an order compelling Plaintiff APPLE INC. ("Apple") to produce all relevant information pertaining to ███████ and any other similar, parallel, and/or competitive technology Apple has developed or is currently developing, or in the alternative, moves to exclude information and documents relating to ███████. In support, Corellium states as follows:

CASE NO.: 9:19-CV-81160-RS

### I.     Background

Corellium writes this Motion to Compel because it believes Apple is withholding relevant information relating to its ▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮, as well as relating to other similar, parallel, and/or competitive technology Apple has developed or is currently developing. Corellium's belief is derived from several specific instances discussed below.

On January 31, 2020, Corellium served Apple its Second Set of Interrogatories, which included Interrogatory No. 18 (Second Set No. 6). In particular, Interrogatory No. 18 asked Apple to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* **Exh. 1**. Apple both objected and provided limited response. *Id.* at 9–10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Importantly, Apple did not disclose any other technology it believed to be parallel, similar, or competitive with Corellium's product.

This notwithstanding, on Apple's examination of the witness during the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:



Jon Andrews Dep. Transcript, **Exh. 2**, 215:1-17.

████████████████████████████████████████

████████████████████████████████████████

████████ *Id.* ████████████████████████████

████████████████████████████████████████

████████████████████████████████████ *Id.* at 161:14–22. Importantly, however, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ *See* **Exh. 1**. Instead, during the last five minutes of a cross-examination of a witness only days before the close of discovery, ████████████████████████████████████████████████████████████.[4] Apple's actions in withholding this relevant information and waiting right up until the close of discovery to disclose to Corellium, can only be viewed as an attempt to prejudice Corellium's defense and preparation for trial.

Similarly, ████████████████████████████████████████████████████████████████████████████████████████ *See*, **Exh. 2** at 121:17–

---

[1] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* **Exh. 3**.

[3] ████████████████████████████████████████████████████████████████████████████████████████████ which is violation of the thirty-day window to resolve discovery dispute before the close of discovery as contemplated by Local Rule 26.1(d). *See* L.R. 26.1(d); *see also* Young v. Hancock, No. 17-21473-CIV, 2017 WL 3113417, at *2 (S.D. Fla. Apr. 24, 2017). ████████████████████████

[4] *See* **Exh. 4**. Excerpts of deposition transcript of Matthew Firlik where ████████████████████████



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

18. ███████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id.* at 22–25.

Importantly, ███████████████████████████████████████████████████

However, despite this description, ████████████████████████████████

████████████████████████████████████████████████████████████████

Accordingly, █████████████████████████████████████████████████████

████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████ Specifically, Corellium and Apple, via email as well as phone conversation, ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████ *See* **Exh. 4** - ███████████████████████████████ email correspondence. Despite Corellium's proposals to resolve this dispute between the Parties without the intervention of the Court, Apple has adamantly rejected all of Corellium's solutions. *Id.* ██████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ is not only relevant to the instant litigation but also responsive to Corellium's discovery requests, Corellium moves this Court for an Order compelling Apple to produce such information, or, in the alternative, moves this Court to exclude such information.

### II. **Information Pertaining to ███████████████ and any Other Similar, Parallel, and/or Competitive Technology Apple has Developed, or is Currently Developing Is Relevant to this Case**

Initially, information pertaining to ██████████████ and any other similar, parallel, and/or competitive technology Apple has developed or is currently developing is relevant to this litigation. In particular, information as to whether Apple, or the Plaintiff, has competing, parallel, or similar technology to Corellium, is a cornerstone analysis to fair use under both factor one concerning transformativeness as well as factor four concerning market share. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566–67(1985) ("Fair use, when properly applied, is limited to copying by others which does not materially impair the marketability of the work which is copied."). Indeed, factor four of the copyright fair use statute is explicitly directed at this very question, "the effect of the use upon the potential market for or value of the copyrighted

7

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

work," as similarity or competing products relate directly to the question of market share and marketability. 17 U.S.C. § 107; *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566–67(1985) ("Fair use, when properly applied, is limited to copying by others which does not materially impair the marketability of the work which is copied.").

Moreover, as it relates to the first factor of the fair use analysis, transformative "purpose" inherently considers both similarity as well as competition—they go hand in hand with each other. *See Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1267 (11th Cir. 2014). Indeed, this evidenced by the Eleventh's Circuit's statement that "insofar as the first factor [transformativeness] is concerned with uses that supplant demand for the original [competitors], this factor is "closely related" to "[t]he fourth fair use factor, the effect on the potential market for the work." *Cambridge Univ. Press*, 769 F.3d at 1267. The Eleventh Circuit, in its statements, exposes the inherent overlap between the two ideas—if the technologies share a "similar" purpose it strains common sense to take the position that the technologies do not in any way compete. *Id.* Put simply, a similar purpose is indicative of competition. Accordingly, as correctly stated by the Eleventh Circuit, a fair use defense examines both the similarity in purpose as well as the competing nature of the works. *Id.* Information pertaining to ▮▮▮▮▮▮▮▮▮▮ and any other similar, parallel, and/or competitive technology Apple has developed or is currently developing is undoubtably relevant to this lawsuit.

### III. Apple's Refusal to Provide Information and Documents Pertaining to ▮▮▮▮▮, ▮▮▮▮▮ and any Other Similar, Parallel, and/or Competitive Technology Apple has Developed, or is Currently Developing is Prejudicial to Corellium

Corellium is not able to properly prepare and litigate this matter without information and documents pertaining to ▮▮▮▮▮▮▮▮▮▮ and Apple's other similar, parallel, and/or other competitive technology ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Corellium has been diligent in requesting all documents and information from Apple relating to any product that Apple believes competes with the Corellium's Product. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Corellium is prejudiced by the newly disclosed information because it does not know how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Fernandez v.*

*Havana Gardens*, LLC, 562 F. App'x 854, 857 (11th Cir. 2014) (acknowledging the validity of the bankruptcy court's order to exclude evidence of records that were not produced until late in the action).

Moreover, Corellium's ability to prepare for trial relating ▉▉▉▉▉▉▉▉▉▉ is limited to simply ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉ *See Seven Seas Cruises S. DE R.L. v. V.Ships. Leisure SAM*, 2011 WL 13220383, at *10 (S.D. Fla. April 28, 2011) ("a party in a case is entitled to discover documents that support its opponents' position as much as it is entitled to discover documents that are helpful to its own claims."). Corellium is prejudiced by the tardy release of this information, and requests limited follow-up discovery on ▉▉▉▉▉▉▉▉▉▉. Accordingly, the Court must grant Corellium's Motion.

**III.   In the Alternative, Corellium Moves this Court to Exclude any Information Pertaining to ▉▉▉▉▉▉▉▉▉▉ and any Other Similar, Parallel, and/or Competitive Technology Apple has Developed, or is Currently Developing from Evidence in order to Prevent Corellium's Severe Prejudice**

In the alternative, Corellium moves the Court to exclude any such information from evidence to prevent severe prejudice to Corellium's defense. Fed. R. Evid. 403; *see AIM Recycling of Fla., LLC v. Metals USA, Inc.*, No. 18-CV-60292, 2020 WL 236719, at *2 (S.D. Fla. Jan. 15, 2020). As discussed above, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉ and other similar, parallel, and competitive technologies, ▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See Fernandez*, 562 F. App'x at 857. Accordingly, this Court must exclude all such information from evidence so as to avoid the severe, unfair prejudice towards Corellium. For the foregoing reasons, Corellium's Motion should be granted.

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via phone call on April 17, 2020, as well as email with counsel for Plaintiff on April 17, 2020, April 18, 2020 and April 20, 2020 regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: April 20, 2020    Respectfully submitted,

      COLE, SCOTT & KISSANE, P.A.
      *Counsel for Defendant CORELLIUM, LLC*
      Esperante Building
      222 Lakeview Avenue, Suite 120
      West Palm Beach, Florida 33401
      Telephone (561) 612-3459
      Facsimile (561) 683-8977
      Primary e-mail: justin.levine@csklegal.com
      Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945
      MICHAEL A. BOEHRINGER
      Florida Bar No.: 1018486

      *and*

      HECHT PARTNERS LLP
      *Counsel for Defendant*
      20 West 23rd St. Fifth Floor
      New York, NY 10010
      Telephone (212) 851-6821
      David Hecht, *Pro hac vice*
      E-mail: dhecht@hechtpartnersllp.com
      Maxim Price, *Pro hac vice*
      E-mail: mprice@hechtpartnersllp.com
      Minyao Wang, *Pro hac vice*

E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 20, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*