# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160

APPLE INC.,

*Plaintiff*,

v.

CORELLIUM, LLC,

*Defendant*.

### DEFENDANT'S FOURTH AMENDED RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Corellium, LLC ("Corellium"), by and through undersigned counsel, pursuant to

Federal Rules of Civil Procedure 26 and 34, hereby amends its responses to Plaintiff Apple Inc.'s

("Apple") First Set of Request for Production of Documents.

Dated: April 18, 2020

Respectfully submitted,

s/ *Justin Levine*
Jonathan Vine
Florida Bar No. 10966
jonathan.vine@csklegal.com
Justin Levine
justin.levine@csklegal.com
Florida Bar No. 106463
Lizza Constantine
lizza.constantine@csklegal.com
Florida Bar No. 1002945

COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9222
Facsimile: (561) 683-8977

and

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

*Attorneys for Corellium, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2020, a true and correct copy of the

foregoing document has been furnished via email to counsel of record identified below.

/s/ Justin Levine
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**CORELLIUM'S SECOND AMENDED OBJECTIONS AND RESPONSES
TO APPLE'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show the design, structure, and operation of the Corellium Apple Product.

**RESPONSE:**

Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Specifically, "[d]ocuments sufficient to show the design, structure of the Corellium Apple Product" are not relevant to Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in Corellium's Answer.

Furthermore, Corellium objects to this Request to the extent the documents requested are protected by attorney-client privilege, the work-product doctrine, or any other available privilege under applicable law. Specifically, Apple is prohibited from obtaining Corellium's counsel's mental impressions or other representative concerning the design, structure and operation of the Corellium Apple Product.

Corellium will produce all non-privileged documents sufficient to show the design, structure, and operation of the Corellium Apple Product.[1]

**REQUEST FOR PRODUCTION NO. 2:**  Documents sufficient to show how the Corellium Apple Product downloads one or more iOS firmware files and loads it onto a Virtual Device.

**RESPONSE:**  See Corellium's Amended Answers to Interrogatories No. 3 for relevant information relating to the use of firmware in the creation of a new Virtual Device.

Corellium will produce non-privileged documents sufficient to respond to this Request.

**REQUEST FOR PRODUCTION NO. 3:**  Documents sufficient to show how the Corellium Apple Product creates one or more copies of an iOS firmware file and loads it onto a Virtual Device.

**RESPONSE:**  Corellium objects to this Request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.  See Corellium's Amended

---

[1] Corellium will produce documents relative to the Corellium Apple Product as provided by the Court's Omnibus Order.

- 4 -

Answers to Interrogatories No. 3 for relevant information relating to the use of firmware in the creation of a new Virtual Device.

It is Corellium's position that it does not create "copies" of any iOS firmware files. Corellium will produce non-privileged documents relating to the use of firmware in the creation of a new Virtual Device.

**REQUEST FOR PRODUCTION NO. 4:**  Documents sufficient to show any modifications the Corellium Apple Product makes to a copy of iOS in order to create or modify a Virtual Device.

**RESPONSE:** See Corellium's Amended Answers to Interrogatories No. 3 for relevant information relating to the creation of a new Virtual Device.

It is Corellium's position that it does not create "copies" of any iOS firmware files.

Corellium will produce non-privileged documents sufficient to show any modifications the Corellium Apple Product makes to render the iOS.

**REQUEST FOR PRODUCTION NO. 5:**  All Documents referring to, describing, evidencing, or showing any Security Measures in iOS, iOS Devices, or any other Apple products.

**RESPONSE:**  Corellium will produce non-privileged responsive documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**  All Documents describing, evidencing, showing, or referring to the actions performed by Corellium, Corellium's users or customers, or the Corellium Apple Product that bypass, or enable the bypassing of, any Security Measures in iOS and any other Apple product.

**RESPONSE:** Corellium objects to the characterization of bypassing a Security Measure in this request. Specifically, Corellium's product enables the identification of vulnerabilities. See Corellium's Amended Answers to Interrogatories No. 3 for relevant information relating to the creation of a new Virtual Device. The documents requested herein are not relevant or proportional to the claims as framed in Apple's Complaint, Corellium's Answer, Affirmative Defenses or Counterclaim because Corellium does not "bypass" or "enables the bypassing" of any Security Measures in iOS or any other Apple product.

Corellium does not have any documents responsive to this Requests in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to the functionality and design of all hardware used by, or in conjunction with, the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and register-transfer level (e.g., Verilog or VHDL) Source Code.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business and product. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.

Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Specifically, the "functionality of all hardware" are not relevant to Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in Corellium's Answer. Moreover, this request is overbroad and unduly burdensome because its response will encompass a large amount of specifications relating to the functionality and design of hardware used in conjunction with the Corellium Apple Product, including documents relating to the development of the Corellium Apple Product.

Corellium will produce all non-privileged documents relating to the functionality and design of all hardware used by the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to the functionality and design of all software developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.

Moreover, this request is overbroad and not proportional to the needs of this case as it plainly encompasses all of Corellium's software and/or products, which is outside the scope of the allegation alleged in Apple's Complaint.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents relating to the functionality and design of all software used in the Corellium

Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 9:** All Documents relating to the functionality and design of all firmware developed by Corellium or used in the Corellium Apple Product, including engineering specifications, requirements documents, design documents, interface or product specifications, block diagrams, flowcharts, models, installation manuals, user manuals, engineering/technical manuals, engineering or design change notices or requests, schematics, and Source Code.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business and product. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery. See Corellium's Amended Answers to Interrogatories No. 3 for relevant information relating to the use of firmware in the creation of a new Virtual Device.

Moreover, this request is overbroad and not proportional to the needs of this case as it plainly encompasses all of Corellium's software and/or products, which is outside the scope of the allegation alleged in Apple's Complaint.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents relating to the functionality and design of all firmware used in the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 10:** All Documents relating to the design and development of the Corellium Apple Product, including but not limited to notebooks, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

**RESPONSE:** See Corellium's Amended Answers to Interrogatories No. 4 for relevant information relating to the development of the Corellium Apple Product.

Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Further, "documents relating to the design and development of the Corellium Apple Product" are not relevant to the instant case because the "design and development" are not relevant to Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer.

Corellium will produce all non-privilege documents in response to this Request.

- 7 -

**REQUEST FOR PRODUCTION NO. 11:** All Documents relating to the architecture and structure of the Corellium Apple Product, including but not limited to network diagrams, sketches, notes, performance and design specifications, schematics, tests, simulations, analyses, prototypes, manuals, and narrative descriptions.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Documents relating to the architecture and structure of the Corellium Apple Product are proprietary and trade secrets because these documents are part of proprietary and confidential research, development and commercial information of Corellium.

> Corellium will produce all non-privilege documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:** All Documents comprising or relating to any testing or analysis of the Corellium Apple Product or any associated hardware at any stage (including development, production, and post- production).

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Corellium analyses of the Corellium Apple Product are part of proprietary research and development of Corellium.

> Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Documents relating to analysis of the Corellium Apple Product are not relevant to this case because they are not tailored to any of Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer.

> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 13:** All Documents related to any third-party testing, analysis, performance, examination, assessment, and/or evaluation of the Corellium Apple Product or any associated hardware.

> **RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. These documents are business trade secrets and may be subject to confidentiality agreements with such third parties.

> Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Documents "related to any third-party testing, analysis, performance, examination, assessment, and/or evaluation of the Corellium Apple Product or any associated hardware" are not relevant to any of Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer. Any third-party testing or analysis of

the Corellium Apple Product is wildly overbroad as the testing requested herein may have been completed by third-parties without the knowledge of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 14:** All Documents relating to or referring to design or performance specification for the Corellium Apple Product requested or required by Corellium, Corellium's customers, or Corellium's potential customers.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.

Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a request is overbroad and not narrowly tailored to the facts and circumstances allegedly giving rise to Apple's lawsuit against Corellium. Documents relating to requests made by Corellium's customers or potential customers have no relevancy to the claims brought by Apple as framed in the Complaint.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to customers, trial customers and affirmative rejections. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing. Corellium will not produce any documents relating to Corellium's potential customers as ruled by the Court not relevant [D.E. 211].

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show the system architecture of all private installations of the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form.

Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data.

Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Documents related to "the system architecture of all private installations of the Corellium Apple Product" are not relevant to the claims brought by Apple as raised in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer. Particularly, because Apple does not need each and every system architecture of private installations of the Corellium Apple Product to prove any of its claims or damages.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 16:** Documents sufficient to show the system architecture of any cloud-based version of the Corellium Apple Product.

**RESPONSE:** See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data.

Pursuant the Parties' Protective Order, Corellium will produce all non-privilege documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to Identify each Corellium Apple Product, including all internal and external product names used by Corellium or its employees to refer to the Corellium Apple Product, or any components thereof, including as used in communications with Corellium's customers or potential customers.

**RESPONSE:** Corellium will produce non-privileged responsive documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** All user manuals, user guides, instruction manuals, installation manuals, operation manuals, training manuals, frequently asked questions, summaries, or other documentation directed to users or customers of the Corellium Apple Product.

**RESPONSE:**

Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a request is overbroad and not narrowly tailored to the facts and circumstances of this case.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents directed to customers and trial customers. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 19:** All Documents relating to any training or instruction in the use of the Corellium Apple Product, whether internal or external, including but not limited to user guides, user manuals, setup guides, troubleshooting references, frequently asked questions, and sales guides.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Corellium's "training or instruction in the use of the Corellium Apple Product" contain proprietary and trade secret information relating to Corellium's development and use of its technology generally.

Corellium further objects that the Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Documents relating to "training or instruction" that are available internally or externally are not narrowly tailored to the needs of this case. As in these documents are not relevant to the claims brought by Apple as raised in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer. Specifically, because any training or instruction in the use of the Corellium Apple Product has nothing to do with the alleged copyright infringement claim brought by Apple.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and Communications relating to Your obtaining any of Apple's products, including but not limited to Your acquisition of one or more dev-fused iPhones.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, if any, are not relevant or proportional to proving Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1].

Corellium will produce all non-privileged responsive documents relating to obtaining Apple's products that were used for development/testing which include the purchase of iPhones, Mac laptops and a Mac Mini. To be clear, Corellium did not acquire a dev-fused iPhone and does not have any responsive documents to that portion of the request. Additionally, there are no documents responsive to downloads for IPSW.me. Corellium will only produce documents and communications relating to Apple products and copyrights that are at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and Communications relating to Your use, study, evaluation, or analysis of any Apple products, including but not limited to dev-fused iPhones.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case, as it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Corellium's study, evaluation or analysis of Apple's Products have no relevancy to the copyright claims brought by Apple. Instead, Apple is seeking this information for free despite the facts that it has no connected to the lawsuit.
>
> Corellium will produce all non-privileged documents and communications relating to the Corellium Apple Product's use of any Apple products that are at issue in this lawsuit. To be clear, Corellium will not produce documents and communications as it relates to Corellium's use of any Apple product generally or as it relates to Corellium's study, evaluation, or analysis of any Apple products. To be clear, Corellium did not acquire a dev-fused iPhone and does not have any responsive documents to that portion of that Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 22:** All Documents related to Your extracting information from, reverse engineering, deconstructing, or in any way determining, or attempting to extract information from, reverse engineer, deconstruct, or in any way determine, the functionality of any materials or products that originated from or were supplied by Apple, including but not limited to developer's notes and other documents developed in the reverse engineering of iOS Devices.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Including, Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not proportional to the needs of this case. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with iOS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.

Moreover, Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. These documents are not relevant to Apple's claims of direct and contributory infringement as framed in the Complaint, or Corellium's affirmative defenses and counterclaims listed in in Corellium's Answer. Developer's notes relating to the process of reverse engineering are not relevant to Corellium's reverse engineering affirmative defense as other documents can show the functionality and process of reverse engineering. Additionally, the "functionality of any materials or products" that were supplied by Apple are not at issue in this lawsuit. Apple, through the lawsuit, is restraining trade by requesting information that has no connection to copyright infringement, and, instead attempts to broaden the scope to every single Apple product ever supplied to Corellium, which is not the cause of this lawsuit.

Corellium will produce non-privileged responsive documents relating to the functionality and process of reverse engineering.

**REQUEST FOR PRODUCTION NO. 23:** All Documents related to Your altering, modifying, or otherwise creating any derivative works as a result of reverse engineering Apple products.

**RESPONSE:**

It is Corellium's position that it does not create any "derivative works" of any Apple products. Accordingly, there are no responsive documents to this Request in Corellium's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:** All Documents referring to, relating to, or constituting any license, agreement, contract, or covenant (whether written or oral) to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof, or any technology in the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business.

Moreover, Corellium further objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, the documents requested herein, , are not relevant or proportional to this case, as requesting "all documents" that relate to, or constitute any license between Corellium and any other party without any specificity will lead to a large number of licenses between

Corellium and its' customers, or other agreements with third-parties that have no connection to this lawsuit.

Corellium will produce non-privileged responsive documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:** All Documents referring to, relating to, or constituting any compensation (e.g., running royalties, lump sum payments, stock, equity) received or paid under any license, agreement, contract or covenant to which You are a part that covers or otherwise relates to the Corellium Apple Product or any feature, technology, component, or part thereof.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information relating to Corellium's technology or business. Corellium has provided its revenue and net income for the years of 2017-2019. Additionally, Corellium has provided a list of its customers and the prices the customers paid for Corellium's services and technology. See Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant net income and revenue, and prices paid by Corellium's customers.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 26:** All Documents constituting, referring to, or relating to licenses, sale rights, or use rights granted by Corellium to any Person which refer or relate to the Corellium Apple Product.

**RESPONSE:** Corellium will produce non-privileged responsive documents to this Request

**REQUEST FOR PRODUCTION NO. 27:** All Documents constituting, containing, or relating to agreements by or on behalf of any Person, to indemnify or hold harmless for liability arising out of claims or accusations of copyright infringement.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, and not proportional to the needs of the case as it seeks information that is not relevant to any claim in this lawsuit. Specifically, this Request seeks information pertaining to copyright infringement generally, and implicates all copyrights in existence. Moreover, this Request pertains to "any Person," which implicates every person in this world. Accordingly, this Request seeks indemnity information pertaining to any person in the world for any copyright in the world. This is the epitome of overbroad. This lawsuit only involves specific Apple copyrights and the Corellium Apple Product. As such, this request in clearly overbroad

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 28:**  All Documents constituting, containing, or relating to any insurance policies under which an insurance business may be liable to satisfy all or part of any judgment in this Action or to indemnify or reimburse for payments made to satisfy the judgment in this Action, including but not limited to Corellium's agreement with First Community Insurance Company, Business Owners Policy, Policy No. 09 0005813592 6 00.

> **RESPONSE:**  Corellium will produce non-privileged responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 29:**  All Documents referring or relating to any request for, or negotiation of, an indemnification for copyright infringement.

> **RESPONSE:**  Corellium will produce non-privileged responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 30:**  All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing any of Your intellectual property rights.

> **RESPONSE:**  Corellium objects to this request to the extent it is overbroad in scope  and not proportional to the needs of the case as it seeks information that is not relevant to any claim in this lawsuit. Specifically, this Lawsuit only relates to the Corellium Apple Product and its associated intellectual property rights, not Corellium's intellectual property rights generally. Specifically, this request seeks information related to aspects of Corellium's business that are unrelated to Apple's "straightforward case" of copyright infringement. *See* Complaint ¶ 1 [D.E. 1]. Such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case. Corellium's core business practices are confidential and not related to the issues as addressed in the Complaint, further documents relating to "any policies" do not provide any damages that Apple alleges.
>
> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 31:**  All Documents constituting, containing, referring to, or relating to any policies, practices, guidelines, or procedures relating to licensing other parties' intellectual property rights, responding to third party licensing offers, or responding to notices of infringement.

> **RESPONSE:**  Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, and not proportional to the needs of the case.  Specifically, this request seeks information related to aspects of Corellium's business that are unrelated to Apple's "straightforward case" of copyright infringement.  *See* Complaint ¶ 1 [D.E. 1]. Such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.  Additionally, "policies, practices, guidelines, or procedures relating to licensing other parties' intellectual property rights" are not relevant to Apple's claims as framed in the Complaint.

Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. Documents relating to "policies, practices, guidelines, or procedures" are proprietary and trade secrets because they are related to the development, function and business operation of Corellium.

Corellium will produce non-privileged responsive documents relating to responding to notices of infringement.

**REQUEST FOR PRODUCTION NO. 32:** All Documents relating to any intellectual property in which Corellium has rights.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and all of its intellectual property which is entirely unrelated to the allegations in the Complaint by Apple. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case. Here, Corellium's intellectual property are neither necessary to show damages nor whether infringement or a violation of the DMCA has occurred.

Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary and/or trade secret information of Corellium. Documents relating to any intellectual property in which Corellium has rights are proprietary and trade secrets as to the functioning, operation of Corellium, Corellium's business practices, and Corellium's core technology.

Corellium will produce all non-privileged documents relating to the intellectual property rights Corellium maintains in its Corellium Apple Product. To be clear, Corellium will not produce documents relating to any of its other non-Corellium Apple Product intellectual property rights.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to identify all customers of the Corellium Apple Product.

**RESPONSE:** Corellium will produce non-privileged responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 34:** All Communications between Corellium and customers, potential customers, or users of the Corellium Apple Product.

**RESPONSE:**

Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. In particular, this request seeks documents that contain highly-confidential, proprietary information such as data of customers and communications with the customers, which are not within the scope of any claims asserted in this lawsuit. Additionally, Corellium has provided relevant customer date. *See* Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data. Apple's

request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to customers, trial customers, and affirmative rejections pertaining to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 35:** All Communications with customers, potential customers, or third parties regarding private installations of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and communications with third parties which is unrelated to the allegations in the Complaint and Corellium's Answer. Such communications are not necessary to show damages nor whether infringement or a violation of the DMCA has occurred.
>
> Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. In particular, this request seeks documents that contain highly-confidential, proprietary information such as communications with customers, which are not within the scope of any claims asserted in this lawsuit. Corellium has already provided Apple a list of customers that received private installation of the Corellium Apple Product. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data. .
>
> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to customers, trial customers, and affirmative rejections as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 36:** Documents sufficient to show the locations of all private installations of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and communications with third parties which is unrelated to the allegations in the Complaint and Apple. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. In particular, this request seeks documents that contain highly-confidential, proprietary information such as communications with customers, which are not within the scope of any claims asserted in this lawsuit. Corellium has already provided Apple a list of customers that received private installation of the Corellium Apple Product, including their addresses. See Corellium's Amended Answers to Interrogatories

No. 9 for relevant customer data. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 37:** All Communications with customers, potential customers, or third parties regarding any cloud-based version of the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and third-parties, which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement. Accordingly, Corellium's potential customers and third parties have no bearing on this Lawsuit. Moreover, this request seeks documents that contain highly-confidential, proprietary information such as communications with customers, which are not within the scope of any claims asserted in this lawsuit. Corellium has already provided Apple a list of customers regarding any clod-based version of the Corellium Apple Product. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data
>
> Corellium will produce all non-privileged documents as it relates to communications between Corellium and its customers, trial customers and affirmative rejections as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 38:** All Communications between Corellium and any Foreign government entity, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."
>
> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:** All Communications between Corellium and any Foreign Person, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Corellium's communications with a "foreign person" are not relevant to any of the claims raised in the Complaint or in Corellium's Answer or Counterclaim. To add, Corellium has already provided Apple with a list of customers, including, foreign customers data. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data
>
> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:** All Communications between Corellium and Azimuth Security, or any agent thereof, regarding the Corellium Apple Product or iOS virtualization technology.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks "all" information and communications between Corellium and one of its customers, which is overbroad on its face and not proportional to the needs of this case. Communications between Corellium and its' customers are not relevant to Apple's claims as raised in the Complaint or Corellium's Answer or Counterclaim. Additionally, these communications are not necessary to show infringement or damages.
>
> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents relating to its sale agreement with Azimuth Security.

**REQUEST FOR PRODUCTION NO. 41:** All Documents constituting, containing, or relating to agreements between Corellium and Azimuth Security.

> **RESPONSE:** Corellium objects to this request to the extent it is overbroad in scope, harassing and not proportional to the needs of the case. Specifically, this request seeks "all" materials "relating to agreements" between Corellium and one of its customers, which is overbroad and not proportional to the needs of this case. Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. In particular, this request seeks documents that contain highly-confidential, proprietary information such as communications with customers, which are not within the

scope of any claims asserted in this lawsuit. Corellium has already provided Apple a list of customers, including Azimuth Security. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents relating to its sale agreement with Azimuth Security.

**REQUEST FOR PRODUCTION NO. 42:**  Documents sufficient to show the countries to which Corellium has made sales or anticipates making sales of the Corellium Apple Product or licenses thereof.

**RESPONSE:** Corellium objects to this request to the extent it seeks disclosure of proprietary and trade secret information of Corellium. Corellium's business strategy, including where and its projections and forecast of sales it anticipates are quintessential trade secret materials. In particular, this request seeks documents that contain highly-confidential, proprietary information such as communications with customers, which are not within the scope of any claims asserted in this lawsuit. Corellium has already provided Apple a list of customers. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer data.

Corellium also objects to this request to the extent it is overbroad in scope, immaterial, irrelevant, harassing and not proportional to the needs of the case. Specifically, this request seeks information related to Corellium's business and contracts with third parties which is unrelated to the allegations in the Complaint and Apple. Furthermore, identification of where Corellium's has made sales or anticipates making sales to customers does not go to establishing any element of Apple's claims against Corellium. Apple's request is akin to a fishing expedition into Corellium's entire business; such a broad request is not narrowly tailored to the issues in this case and as such is not proportional to the needs of this case.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 43:**  All Documents referring or relating to sales of the Corellium Apple Product to customers.

**RESPONSE:**

Corellium will produce all non-privileged  documents relating to sales of the Corellium Apple Product to customers.

**REQUEST FOR PRODUCTION NO. 44:**  Documents sufficient to identify, for each customer of the Corellium Apple Product, the product or license sold, the date of sale, the amount of sale, and the number of units sold.

**RESPONSE:** Corellium will produce non-privileged responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 45:**  Documents sufficient to show the number of sales of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

>  **RESPONSE:**  Corellium has produced documents sufficient to show the number of sales of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis. Please see Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 46:**  Documents sufficient to show the price of each sale of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

>  **RESPONSE:**  Corellium has produced documents sufficient to show the price of each sale of the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis. Please see Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 47:**  Documents sufficient to show the number of sales of licenses to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

>  **RESPONSE:**  Corellium has produced documents sufficient to show the number of sales of licenses to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis. Please see Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 48:**  Documents sufficient to show the price of each sale for each license to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis.

>  **RESPONSE:**  Corellium has produced documents sufficient to show the price of each sale for each license to the Corellium Apple Product since the formation of Corellium on a quarterly, or more frequent, basis. Please see Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 49:**  Documents sufficient to show Corellium's gross revenues, total licenses or copies sold, average billed sales price, total costs of goods sold, average costs of goods sold, total gross profit margin, total net profit margins, variable and fixed costs, and allocated costs since the formation of Corellium on a quarterly or more frequent basis.

>  **RESPONSE:**  Corellium has produced documents sufficient to show Corellium's gross revenues, total licenses or copies sold, and average billed sales. Please see Corellium's Repsonse to Apple's First Set of Interrogatories, Interrogatory No. 9. Corellium will produce non-privileged, responsive documents sufficient to show Corellium's total costs of goods sold, average costs of goods sold, total gross profit margin, total net profit margins, variable and fixed costs, and allocated costs since the formation of Corellium on a quarterly or more frequent basis.

**REQUEST FOR PRODUCTION NO. 50:**  Documents sufficient to show the amount of money Corellium has spent on research and development of the Corellium Apple Product.

> **RESPONSE:**  Corellium objects to this request as it seeks production of confidential and proprietary information as well as trade secrets beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as research and development of Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not within the scope of any claims asserted in this lawsuit. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with OS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery.

> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 51:**  Documents sufficient to show Corellium's pricing policies, approaches, and/or strategies for the Corellium Apple Product from the formation of Corellium to present.

> **RESPONSE:**  Corellium objects to this request as it is overbroad in both time and scope with respect to any claims asserted in this lawsuit. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial data of customers and Corellium's financial projects, which are not within the scope of any claims asserted in this lawsuit. See Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant financial data as well as customer data.

> Corellium will produce all non-privileged documents pertaining to the pricing-strategies for the Corellium Apple Product.

**REQUEST FOR PRODUCTION NO. 52:**  All documents comprising or relating to Corellium's development and sales plans, and forecasts from the formation of Corellium to present regarding the Corellium Apple Product.

> **RESPONSE:**  Corellium objects to this request as it is overbroad in both time and scope with respect to any claims asserted in this lawsuit. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial data of customers and Corellium's financial projects, which are not within the scope of any claims asserted in this lawsuit. *See* Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant financial data as well as customer data. Moreover, this request seeks documents relating to Corellium's sales plans with no attempt to tailor the request to any particular time period or client. It is improper for Apple to simply seek a wholesale data production relative to such confidential information. The request is not tailored to a particular client (or more) identifying how such information from that particular client is

relevant to this matter. As such, the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad category of Corellium's business and sales plans. For the same reasons, Corellium also objects to this request in that it is intended to annoy or harass Corellium and its officers, employees, agents, representatives, and other persons acting, or purporting to act on behalf of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 53:**  All Documents relating to revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated).

**RESPONSE:**  Corellium objects to this request as it is harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's business strategy meetings, conferences, and determinations are quintessential trade secret and confidential business information. Moreover, Corellium's revenues, market share, market forecasts, sales projections, financial projections, or profit/loss margins (actual or anticipated) are highly sensitive confidential, proprietary, and trade secret information. Furthermore, none of Corellium's business plans, its strategic plans, development and sales plans, and forecasts have anything to do with this lawsuit or Apple's allegation of copyright infringement.

Corellium will produce non-privileged responsive documents relating to the actual revenues of Corellium. Corellium also refers Apple to Corellium's Response to Apple's First Set of Interrogatories, Interrogatory Nos. 9 and 10.

**REQUEST FOR PRODUCTION NO. 54:**  All marketing, sales, and/or promotional Documents and materials relating to the Corellium Apple Product or iOS virtualization technology, including without limitation webpages, promotional videos, press releases, brochures, conference presentations, conference posters, trade show materials, and all drafts thereof.

**RESPONSE:**  Corellium will produce all non-privileged, responsive documents to this request.

**REQUEST FOR PRODUCTION NO. 55:**  All Documents concerning efforts by Corellium or those acting on behalf of Corellium, to sell, license, promote, market, distribute, or otherwise exploit (commercially or otherwise) the Corellium Apple Product or iOS virtualization technology.

Corellium objects to this request to the extent it is vague, overbroad in scope and not proportional to the needs of the case. Specifically, the request is vague as it is unclear what Apple means by the phrase "otherwise exploit (commercially or other)" and as such, Corellium cannot assert further objections. Additionally, "documents concerning efforts by Corellium . . . to sell, license, promote, marker, distribute" are not relevant to Apple's

claims as framed in the Complaint, or Corellium's Answer, Affirmative Defenses or Counterclaim. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial data of customers and Corellium's financial projects, which are not within the scope of any claims asserted in this lawsuit. See Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant financial and customer data.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Corellium will produce documents responsive to this request relating to the sale, licensing, promotion, marketing, and distribution of the product. All Documents relating to or referring to any presentations by Corellium at any conference.

**RESPONSE:** Corellium will produce all non-privileged, responsive documents to this request.

**REQUEST FOR PRODUCTION NO. 57:** All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Tencent Security Conference.

**RESPONSE:** Corellium objects to this request as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request, as it relates to "other activity" at the 2018 Tencent Security Conference, seeks documents that contain highly-confidential, proprietary information such as financial projections, which are not within the scope of any claims asserted in this lawsuit.

Corellium will produce all non-privileged, responsive documents relating to or referring to Corellium's presentation at the 2018 Tencent Security Conference.

**REQUEST FOR PRODUCTION NO. 58:** All Documents relating to or referring to Corellium's presentation or other activity at the 2018 Black Hat USA Conference.

**RESPONSE:** Corellium objects to this request as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request, as it relates to "other activity" at the 2018 Black Hat USA Conference, seeks documents that contain highly-confidential, proprietary information such as financial projections, which are not within the scope of any claims asserted in this lawsuit.

Corellium will produce all non-privileged, responsive documents relating to or referring to Corellium's presentation at the 2018 Black Hat USA Conference.

**REQUEST FOR PRODUCTION NO. 59:** All Documents relating to or referring to Corellium's presentation or other activity at the 2019 Black Hat USA Conference.

**RESPONSE:**  Corellium objects to this request as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request, as it relates to "other activity" at the 2019 Black Hat USA Conference, seeks documents that contain highly-confidential, proprietary information such as financial projections, which are not within the scope of any claims asserted in this lawsuit.

Corellium will produce all non-privileged, responsive documents relating to or referring to Corellium's presentation at the 2019 Black Hat USA Conference.

**REQUEST FOR PRODUCTION NO. 60:**  All disclosures, including without limitation presentations, Corellium has made or given to third parties about its products or technology.

**RESPONSE:**  Corellium objects to this request in that it is overboard in both time and scope with respect to any claims asserted in this lawsuit as well as it as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial and market projections, which are not within the scope of any claims asserted in this lawsuit. Furthermore, the request is not tailored to a particular client, individual, or other third-party, but rather, seeks documents generally. Accordingly, it is improper for Apple to seek blanket document production to such confidential information.

Corellium will produce non-privileged responsive documents of disclosures made to third parties relating to the Corellium Apple Product. In addition, Corellium refers Apple to Corellium's Answers to Apple's First Set of Interrogatories, Interrogatory No. 12.

**REQUEST FOR PRODUCTION NO. 61:**  All analyses of the Corellium Apple Product relative to any other product.

**RESPONSE:**  Corellium objects to this request in that it is overboard in both time and scope with respect to any claims asserted in this lawsuit as well as it as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial projections, which are not within the scope of any claims asserted in this lawsuit. See Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant financial data. Seeking highly proprietary information about Corellium's core technology, when it has no connection to iOS is improper and an abuse of discovery. Furthermore, the request is not tailored to a particular analyses or product, but rather, seeks documents generally. As such, the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad category of "analyses." Accordingly, it is improper for Apple to seek blanket document production to such confidential information.

For the same reasons, Corellium also objects to this response in that it is intended to annoy or harass Corellium and its officers, employees, agents, representatives, and other persons acting, or purporting to act on behalf of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 62:** All Documents prepared for, given to, or provided to customers or potential customers of the Corellium Apple Product.

**RESPONSE:** Corellium objects to this request as it seeks production of confidential and proprietary information as well as trade secrets beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial data of customers and Corellium's financial projects, which are not within the scope of any claims asserted in this lawsuit. See Corellium's Amended Answers to Interrogatories No. 9 for relevant customer and financial data. Furthermore, the request is overbroad as it is not tailored to a particular customer or group of customers, but instead, seeks documents generally. Apples failure to tailor the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad category of "customers" and "potential customers." Accordingly, it is improper for Apple to seek blanket document production of such confidential information.

Corellium will produce all non-privileged, responsive documents relative to customers, trial customers and affirmative rejections as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 63:** All Documents given, provided, or shown to investors or potential investors in Corellium.

**RESPONSE:** Corellium objects to this request in that it is overboard in both time and scope with respect to any claims asserted in this lawsuit as well as it is as it seeks production of confidential and proprietary information as well as trade secrets beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial information of the investors or potential investors as well as Corellium's financial projections and calculations, which are not within the scope of any claims asserted in this lawsuit. See Corellium's Amended Answers to Interrogatories Nos. 9 and 10 for relevant financial data. Furthermore, the request is not tailored to a particular investor or potential investor, but rather, seeks documents generally. As such, the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad category of "investors." Accordingly, it is improper for Apple to seek blanket document production to such confidential information. For the same reasons, Corellium also objects to this response in that it is intended to annoy or harass Corellium and its officers, employees, agents, representatives, and other persons acting, or purporting to act on behalf of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 64:** All Documents comparing or contrasting the Corellium Apple Product with any Apple technology, product, or service, including without limitation any competitive analysis or any comparison of any structure, function, operation, advantage, disadvantage, or capabilities.

> **RESPONSE:** Corellium objects to this request as it seeks production of confidential and proprietary information as well as trade secrets beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as Corellium's core technology, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not within the scope of any claims asserted in this lawsuit. The product is akin to an operating system of a computer, where an application is loaded by the operating system, adjusted to interoperate with OS components, and exposed to the user in this final form. Seeking highly proprietary information about Corellium's core technology, when it has not connection to iOS is improper and an abuse of discovery. Furthermore, the request is overbroad as it is not tailored to any particular "Apple technology," "product," or service," but instead, seeks documents generally. Apple's failure to tailor the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad categories of Apple technology," "product," or service." Accordingly, it is improper for Apple to seek blanket document production of such confidential information..
>
> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 65:** All Documents relating to, describing, or concerning this Action, Apple, Apple's copyrights, or Apple's intellectual property.

> **RESPONSE:** Corellium objects to this request in that it is overboard in scope with respect to any claims asserted in this lawsuit as it seeks irrelevant information. In particular, this request seeks documents that relate to Apple, Apple's copyrights, and Apple's intellectual property, generally. Importantly, this lawsuit does not involve Apple's copyrights and Apple's intellectual property in a general sense, but instead, involves specific Apple copyrights and specific Apple intellectual property. Indeed, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Accordingly, it is improper for Apple to seek blanket document product to irrelevant information that does not relate to any claim in this lawsuit.

Corellium further objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents pertaining to this Action, which is protected by attorney-client privilege. Accordingly, Apples request is improper.

Corellium will produce documents relating to, describing, or concerning Apple, Apple's copyrights, or Apple's intellectual property as they relate to the Corellium Apple Product in this litigation.

**REQUEST FOR PRODUCTION NO. 66:** All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws reported to Apple as a result of use of the Corellium Apple Product.

**RESPONSE:** Corellium refers Apple to Corellium's Answer, Affirmative Defenses, and Counterclaims [ECF Nos. 41, 42]. Corellium will produce all non-privileged, responsive documents to this Request. Corellium has produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67:** All Documents concerning, evidencing, referring to, or relating to any bugs, exploits, vulnerabilities, or other software flaws in iOS of which Corellium or its employees currently are, or have ever been, aware.

**RESPONSE:** Corellium objects to this request in that it is overboard in scope with respect to any claims asserted in this lawsuit as it seeks irrelevant information. In particular, this request seeks documents that relate to bugs, vulnerabilities, and other software flaws in iOS that Corellium or its employees are aware of. Importantly, this lawsuit does not involve software flaws in iOS generally, but instead, involves specific copyright issues relative to the Corellium Apple Product. Indeed, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Accordingly, it is improper for Apple to seek blanket document product to irrelevant information that does not relate to any claim in this lawsuit.

Moreover, Corellium objects to this request as it is seeking information that Corellium could otherwise sell to Apple. Additionally, Apple is seeking this information for free, despite the fact that it has no connection to the lawsuit. Corellium's Counterclaim is only about bugs that have already been submitted to Apple but whereby Corellium has not been compensated for them. Those bugs, by definition, are already in Apple's possession. This request is simply another example of Apple using the legal system to restrain trade or otherwise suppress or harm competitive industry and those working within it.

Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:** All Documents concerning, referring to, or relating to any activities undertaken by Corellium as a result of this Action.

**RESPONSE:** Corellium further objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents pertaining to Corellium's actions in anticipation of any copyright litigation, which is protected by attorney-client privilege. Accordingly, Apples request is improper.

Corellium will produce all non-privilege documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:** All Documents relating to each instance where a customer has asked You to replicate any aspect, functionality, method, or process of an Apple product.

**RESPONSE:** Corellium objects to this request to the extent it is overbroad in time and scope, harassing and not proportional to the needs of the case. Specifically, this request seeks information and communications between Corellium and its customers which is overbroad and not proportional to the needs of this case. Indeed, the allegations in this lawsuit concern copyright infringement not Corellium's communications with its customers regarding every minute inquiry. The request is so extraordinarily overbroad and burdensome it appears designed solely to harass and needlessly increase the cost of this litigation. Given the complete lack of relevance of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 70:** All Documents relating to or comprising Communications between Corellium and any investor, potential investor, customer, potential customer, or third party regarding Apple, iOS, this Action, or the anticipation of any copyright litigation.

**RESPONSE**: Corellium objects to this request in that it is disproportional to the needs of the case as well as it as it seeks production of confidential and proprietary information beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as financial information of the investors or potential investors as well as Corellium's financial projections and calculations, which are not within the scope of any claims asserted in this lawsuit. Furthermore, the request is not tailored to a particular investor, customer, or copyright but rather, seeks documents generally. As such, the request places a tremendous burden on Corellium to identify responsive documents relative to the extremely broad categories of "investors,"

"customers" and "Apple." Accordingly, it is improper for Apple to seek blanket document production to such confidential information.

Corellium further objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents pertaining to Corellium's actions in anticipation of any copyright litigation, which is protected by attorney-client privilege. Accordingly, Apples request is improper.

Corellium additionally objects to this request in that it is overboard in scope with respect to any claims asserted in this lawsuit as it seeks irrelevant information that is disproportional to the needs of the case. In particular, this request seeks documents that relate to investors, customers, Apple, copyright litigation, ect., which are outside the scope of this litigation. For example, Corellium's action in anticipation of any copyright litigation has no bearing or relevancy on the instant litigation. Accordingly, as this request seeks irrelevant information beyond the scope of the litigation, it is improper.

For the same reasons, Corellium also objects to this response in that it is intended to annoy or harass Corellium and its officers, employees, agents, representatives, and other persons acting, or purporting to act on behalf of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to communications between Corelium and its customers, trial customers, affirmative rejections regarding the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 71:** All Documents comprising or relating to any compliments, complaints, expressions of concern, satisfaction, or dissatisfaction by purchasers, users, potential or actual customers, industry associations or organizations, or government agencies concerning the Corellium Apple Product, including but not limited to any comparisons or contrasts with Apple's products or services.

> **RESPONSE**: Corellium objects to this request in that it is overboard in scope with respect to any claims asserted in this lawsuit as it seeks irrelevant information. In particular, this request seeks documents that relate to opinions of investors, customers, government agencies, generally, which are outside the scope of this litigation. For example, the satisfaction of a government agency with respect to the Corellium Apple Product has no bearing on whether Apple's copyright was infringed, or any of the other claims in the lawsuit. Accordingly, as this request seeks irrelevant information beyond the scope of the litigation, it is improper. Furthermore, the request is not tailored to a particular investor, customer, government agency, but rather, seeks documents generally. As such, the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad categories of "investors," "customers" and "government agencies." Accordingly, it is improper for Apple to seek blanket document production to such confidential information

For the same reasons, Corellium also objects to this response in that it is intended to annoy or harass Corellium and its officers, employees, agents, representatives, and other persons acting, or purporting to act on behalf of Corellium.

Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to customers, trial customers, and affirmative rejections relating to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 72:** All Documents relating to Communications, including all Communications, between Corellium and Apple.

> **RESPONSE:** Corellium will produce all non-privileged, responsive communications relating to communications between Corellium and Apple.

**REQUEST FOR PRODUCTION NO. 73:** All Documents relating to any oral and/or written statement that Corellium's users and/or customers were, are, or may or may not be infringing Apple's copyrighted works.

> **RESPONSE:** Corellium objects to this request as it seeks production of confidential and proprietary information as well as trade secrets beyond the scope of this litigation. In particular, this request seeks documents that contain highly-confidential, proprietary information such as the opinions of Corellium users and/or customers, which have no bearing on whether Apple's copyrights were infringed, or any other claims involved in this lawsuit. Furthermore, the request is overbroad as it is not tailored to a particular customer/user or group of customers/users, but instead, seeks documents generally. Apple's failure to tailor the request places a tremendous burden on Corellium to identify potentially responsive documents relative to the extremely broad category of "customers" and "users" Accordingly, it is improper for Apple to seek blanket document production of such confidential information.
>
> Corellium further objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents concerning whether Corellium infringed any copyrights, which would include Corellium's actions in anticipation of any copyright litigation, which are protected by attorney-client privilege. Accordingly, Apples request is improper.
>
> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 74:** Documents sufficient to show the time and circumstances under which Corellium first became aware of Apple's copyrights.

> **RESPONSE**:
>
> Corellium will produce all non-privilege documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 75:** Documents sufficient to Identify any Person involved in developing, producing, selling, installing, testing, or troubleshooting the Corellium Apple Product.

> **RESPONSE:** Corellium objects to this request as it is as it is , irrelevant, not proportional to the needs of this case. In particular, this request seeks documents that contain highly-confidential, proprietary information such as the names of persons involved in troubleshooting the Corellium Apple Product, which have no bearing on whether Apple's copyrights were infringed, or any other claims involved in this lawsuit. Furthermore, the request is overbroad as it is not tailored to a particular group of persons, but instead, seeks documents generally to identify persons, which could encompass every person Corellium has ever interacted with, which is obviously beyond so scope of this lawsuit. Accordingly, it is improper for Apple to seek blanket document production of such confidential and irrelevant information.
>
> Corellium refers Apple to Corellium's Response to Apple's First Set of Interrogatories, Interrogatory Nos. 9 and 10 as well as Corellium's Initial Disclosures. Additionally, Corellium has produced a list of all Corellium's officers and employees. Corellium believes that the information already provided to Apple, coupled with the list of officers and employees satisfies all relevant, non-privileged, responsive information sought by this request.
>
> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request relating to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court's Omnibus Order.

**REQUEST FOR PRODUCTION NO. 76:** Documents sufficient to Identify Corellium's directors and officers.

> **RESPONSE:** Corellium refers Apple to Corellium's Rule 26 Initial Disclosures. Additionally, Corellium  has produced a list of all Corellium's officers and employees. Corellium believes that the information already provided to Apple, coupled with the list of officers and employees satisfies all relevant, non-privileged, responsive information sought by this request.

**REQUEST FOR PRODUCTION NO. 77:** Corellium's personnel rosters and organizational charts.

> **RESPONSE:** Corellium objects to this request to the extent that it seeks production of organizational charts, which are irrelevant and not proportional to the needs of this case. Specifically, organizational charts have no bearing on the alleged copyright infringement or any other claims in this lawsuit. Moreover, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, who Corellium's personnel have not subjected themselves to an interrogation or investigation by Apple by virtue of their employment with Corellium. Accordingly, Corellium will not produce its organizational charts.

Corellium will produce it personnel rosters.

**REQUEST FOR PRODUCTION NO. 78:** Documents sufficient to show the forms of any confidentiality agreements signed by Corellium employees.

> **RESPONSE:** Corellium objects to this request as it is as it is harassing, immaterial, irrelevant, not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, whether Corellium's employees have signed a confidentiality agreement is not relevant to establishing any element of Apple's copyrights infringement claims against Corellium.
>
> Corellium will not produce documents in response to this Request. The Court ruled this document is not relevant. [D.E. 217].

**REQUEST FOR PRODUCTION NO. 79:** All Documents, including reports, minutes, presentations, and/or memoranda generated for, or as a result of, any Corellium business strategy meetings, conferences, or determinations.

> **RESPONSE:** Corellium objects to this request as it is overbroad harassing, immaterial, irrelevant, and not proportional to the needs of this case. Specifically, Apple is not entitled to go a fishing expedition into every aspect of Corellium's business by virtue of its lawsuit. Indeed, documents reflecting Corellium's minutes, presentations, reports and/or memoranda generated for business strategy meetings and conferences are quintessential trade secret and confidential business information which is unrelated to Apple's claims in its Complaint. Moreover, this request goes to no element of Apple's claims against Corellium. Given the complete lack of relevance of the great majority of the documents requested, the attempt to impose any burden on the Corellium to produce these requested documents is not "proportional to the needs of the case considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."
>
> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:** All Documents relating to any offers to acquire Corellium or negotiations regarding any potential acquisition.

> **RESPONSE:** Corellium objects to this request as it is overboard, harassing, and not proportional to the needs of this case. Initially, this request is overboard, irrelevant, and not proportional to the needs of the case as it is unrelated to the claims and issues raised in the Complaint against Corellium. Indeed, if a third-party company offered to acquire Corellium that is entirely irrelevant and goes to no element of Apple's copyright infringement claim.
>
> Corellium refers Apple to Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 17. Corellium will not produce documents in response to this request beyond the information contained in Corellium's Response to Apple's First Set of Interrogatories, Interrogatory No. 17.

**REQUEST FOR PRODUCTION NO. 81:** All Documents relating to grants Corellium has applied for or received.

> **RESPONSE:** Corellium objects to this request as it is overboard  and not proportional to the needs of this case. This request is overbroad, irrelevant, and not proportional to the needs of the case as it is unrelated to the claims and issues raised in the Complaint against Corellium. Indeed, whether Corellium has applied for or received any grants has no bearing on whether Apple's copyright was infringed or any of the claims in this lawsuit.

> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82:** Documents sufficient to show the forms of any confidentiality agreements signed by Corellium customers or users.

> **RESPONSE:** Corellium objects to this request as it is as it is ,  not proportional to the needs of this case as it seeks irrelevant information. Indeed, whether Corellium's customers have signed a confidentiality agreement is not relevant to establishing any element of Apple's copyrights infringement claims against Corellium.

> Corellium will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:** Documents sufficient to show any limits imposed, or attempted to be imposed, by Corellium on access to, or control of, the distribution of its business information.

> **RESPONSE:** Corellium objects to this request as it is overboard, vague, and not proportional to the needs of this case. Initially, this request is overbroad and not proportional to the needs of the case as it is unrelated to the claims and issues raised in the Complaint against Corellium.  Moreover, the request is vague as it is unclear what Apple means by the phrase "distribution of its business information." Moreover, Corellium objects to this request to the extent it seeks disclosure of proprietary, confidential, and/or trade secret information relating to Corellium's technology or business and product. In particular, this request seeks documents that contain highly-confidential, proprietary information such as distribution policies, which has no direct connection with iOS, uses no Apple code, and does not contain any works that Apple is asserting copyrights to in this Action, all of which are not within the scope of any claims asserted in this lawsuit. Accordingly, it is improper for Apple to seek blanket document production of such confidential information.

> Pursuant the Parties' Protective Order, Corellium will produce all non-privileged documents in response to this Request as it relates to the Corellium Apple Product. For clarity, Corellium will only produce documents that relate to the Corellium Apple Product as defined by the Court as the February 27, 2020 hearing.

**REQUEST FOR PRODUCTION NO. 84:** All Documents referring or relating to any Document preservation and/or Document destruction policies or activities.

**RESPONSE:**  Corellium objects to the extent this request seeks documents protected by the attorney-client privilege and work-product protection doctrines. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents relative to document preservation, which would include documents relative to litigation holds, which are undoubtably protected by work-product privilege.

Corellium will produce all non-privileged documents to this Request.

**REQUEST FOR PRODUCTION NO. 85:**  All Documents on which You intend to rely at any hearing or at trial in this Action.

**RESPONSE:** Corellium objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents pertaining to when Corellium first became aware of Apple's copyrights, which would include conversations between Corellium and its Counsel in preparation for this litigation, which are protected by attorney-client privilege.

**RESPONSE:** Corellium will produce all non-privileged documents which Corellium intends to rely at any hearing or at trial in this Action. However, as discovery is ongoing, Corellium expressly reserves the right to amend this response at a later time.

**REQUEST FOR PRODUCTION NO. 86:**  All Documents relating to Corellium's affirmative defenses, if any, asserted in this Action.

**RESPONSE:** Corellium objects to this request on the basis that it seeks information that is subject to the attorney-client privilege and/or work product protection. Specifically, Apple is prohibited from obtaining Corellium's counsel's client communications or mental impressions concerning its strategy in this litigation. For example, this request seeks documents Corellium relative to Corellium's affirmative defenses, which would include documents with attorney's notes, which are undoubtably protected by work-product.

**RESPONSE:** Corellium will produce all non-privileged documents relating to Corellium's affirmative defenses asserted in this Action. However, as discovery is ongoing, Corellium expressly reserves the right to amend this response at a later time.

**REQUEST FOR PRODUCTION NO. 87:**  All Documents produced by any third party in response to any subpoena You serve in this Action.

**RESPONSE:** At this time, there are no documents responsive to this request.  However, as discovery is ongoing, Corellium expressly reserves the right to amend this response at a later time.