UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE UNDER SEAL PORTIONS OF AND EXHIBITS 1-23 TO CORELLIUM'S MOTION TO COMPEL PLAINTIFF APPLE INC. TO PRODUCE PURPORTEDLY PRIVILEGED DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Corellium, LLC ("Defendant" or "Corellium"), pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Motion to Compel Plaintiff Apple Inc. ("Apple" or "Plaintiff") to Produce Purportedly Privileged Documents and Incorporated Memorandum of Law ("Motion to Compel") and Exhibits 1-23 thereto, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. Apple has taken full advantage of the Protective Order and has marked thousands of documents Apple asserts contains highly confidential, highly proprietary, confidential, and/or

trade secret information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY.

3. Apple has also redacted and/or withheld documents pursuant to Apple's asserted attorney-client privilege and/or work-product product protection. Apple has produced three privilege logs listing these documents to-date: (*i*) Apple's initial privilege log, dated February 28, 2020 (Ex.[1] 1); (*ii*) Apple's first amended privilege log, dated March 30, 2020 (Ex. 4); and (*iii*) Apple's second amended privilege log, sated April 17, 2020 (Ex. 10). Deficiencies in these privilege logs are the subject of Corellium's Motion to Compel.

4. In addition to Exhibits 1, 4, and 10, the remainder of the exhibits to Corellium's Motion to Compel discuss Exhibits 1, 4 and 10 in detail, have been deemed by Apple as "Confidential – Attorneys' Eyes Only" ("AEO") and/or "Confidential.", and/or discuss documents designated by Apple under the Protective Order.  Further, Corellium's Memorandum in Support of its Motion to Compel includes discussion of these documents.

5. Counsel for Apple has informed counsel for Corellium that Apple does not oppose the present Motion to File Under Seal Exhibits 1-23 to Corellium's Motion to Compel as well as portions of Corellium's Motion to Compel.

6. Consistent with the Protective Order and Apple's confidentiality and privilege designations, Corellium moves to file under seal Exhibits 1-23 of its Motion to Compel as well as the portions of its Motion to Compel referring to Exhibits 1-23.

## **MEMORANDUM OF LAW**

---

[1] References to "Exhibits" or "Ex." are to the exhibits attached to the Declaration of Hecht in Support of Defendant's Motion to Compel Production of Purportedly Privileged Documents, filed concurrently with this motion and memorandum.

**I.      Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a).  However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted).  In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.     Good Cause Exists for the Court to Seal Portions of and Exhibits 1-23 to Corellium's Motion to Compel**

In this instance, good cause exists for this Court to seal Exhibits 1-23 to Corellium's Motion to Compel as well as portions of Corellium's brief in support of Corellium's Motion to Compel.  Exhibits 1, 4, and 10 details Apple's assertions of attorney-client privilege and work product protection.  Exhibits 11-23 are documents produced by Apple that Apple has designated under the Protective Order as including "Confidential – Attorneys' Eyes Only" ("AEO") as well as "Confidential." Further, Exhibits 2-3, 5-8, and 9 reflect correspondence between counsel for the parties discussing in detail Apple's privilege logs and/or documents produced by Apple designated under the Protective Order.  In addition, portions of Corellium's Memorandum in support of its Motion to Compel discuss Exhibits 1-23 in detail.

Accordingly, the same precautions are required of this Court to keep Apple's purportedly sensitive information from the public's reach. Therefore, due to the asserted confidential, proprietary, and/or trade secret information contained therein, this Court must seal Exhibits 1-23 to Corellium's Motion to Compel as well as the redacted portions of Corellium's Memorandum in Support of its Motion to Compel.

## CONCLUSION

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file Exhibits 1-23 to Corellium's Motion to Compel and portions of Corellium's Memorandum in Support of its Motion to Compel under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on April 20, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: April 20, 2020                Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: s/ Justin B. Levine

JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

and

HECHT PARTNERS LLP
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 20, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street

Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*