UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

### DEFENDANT CORELLIUM, LLC'S MOTION TO COMPEL PLAINTIFF APPLE INC. TO PRODUCE PURPORTEDLY PRIVILEGED DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW

    Defendant Corellium, LLC ("Defendant" or "Corellium"), pursuant to Federal Rule of Civil Procedure 34 and Local Rules 7.1 and 26.1(g), respectfully moves this Court for an order compelling Plaintiff Apple Inc. ("Plaintiff" or "Apple") to produce certain documents over which Plaintiff claims privilege over redacted portions and to produce a subset of documents over which Plaintiff baselessly asserted work product protection for *in camera* review.

## I. BACKGROUND

    On February 28, 2020, Plaintiff provided its Initial Privilege Log, which was facially deficient because, inter alia, it failed to provide a description of the people involved, as required by Local Rule 26.1, and failed to provide titles of the documents, as required by case law interpreting federal and local rules. Ex. 1.[1] After several meet and confers, *see* Ex. 2 and Hecht Decl. ¶ 4, Plaintiff agreed to provide a revised privilege log and provide a list of titles of the people listed in the log.

    On March 25, 2020, Plaintiff provided Defendant with a list of titles of individuals appearing in the privilege log. Ex. 2 at 3; Ex. 3. On March 30, 2020, Plaintiff provided the First Amended Privilege Log. Ex. 2 at 1; Ex. 4. It, too, was deficient because, *inter alia*, ███████ ████████████████████████████████████████████████████████████████████████████████████████,

---

[1] References to "Exhibits" or "Ex." are to the exhibits attached to the Declaration of Hecht in Support of Defendant's Motion to Compel Production of Purportedly Privileged Documents, filed concurrently with this motion and memorandum.

████████████████████████████████████████

████████████████████████████████████████. *E.g., id.*
at 8-9 ████████████████████████████████.

On April 7, 2020, Defendant sent Plaintiff a letter informing Plaintiff of the numerous deficiencies with the First Amended Privilege Log. Ex. 5; Ex. 6. During meet and confers on April 10, 2020 and April 15, 2020, counsel for Plaintiff assured Defendant that it would be providing yet another revised privilege log. Hecht Decl. ¶¶ 8-11.

On April 17, 2020, at 8:46 pm, Plaintiff provided its Second Amended Privilege Log. Ex. 9; Ex. 10. Pertinent to this motion, the Second Amended Privilege Log claims attorney-client privilege over redactions in several documents (the "Challenged Documents") on which no attorney appeared as an author, sender, or receiver, and for which the privilege descriptions and surrounding circumstances still do not establish that the document is privileged as set forth below:

| Bates Number | Basis for Privilege | Basis for Challenge |
|---|---|---|
| Apl-Corellium_ 00017975 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged;<br>• In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |
| Apl-Corellium_ 00017990 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged;<br>• In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |
| Apl-Corellium_ 00018003 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged;<br>• In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |
| Apl-Corellium_ 00018008 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged;<br>• In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |
| Apl-Corellium_ 00018030 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged; |

|  |  | • In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |
|---|---|---|
| Apl-Corellium_00045488 | Attorney-client privilege | • Identity of speakers and general subject matter are not privileged;<br>• In-house counsel providing business rather than legal advice;<br>• Shifting reasons for withholding and improper work product claim are evidence of potential bad faith. |

## II. ARGUMENT

The attorney client privilege applies: "(1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection may be waived." *Keim v. Watches of Switzerland Group USA, Inc.*, 2019 WL 6003529, at *2 (S.D. Fla. Nov. 14, 2019). The "lack of attorneys on either side of an otherwise confidential corporate communication is not fatal to a claim of privilege," but "can still be a factor tending to weight against [the party claiming the privilege] in showing the privileged nature of that communication." *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1236 (S.D. Fla. 2018). Because "modern corporate counsel have become involved in all facets of the enterprises for which they work," "[c]ommunications between corporate client and corporate counsel . . . involve a much different dynamic and require the proponent to satisfy a 'purpose and intent' threshold test." *Id.* "The burden of proof is on the party asserting the privilege to show that the documents in question are privileged." *Watches of Switzerland*, 2019 WL 6003529, at *2.

Where a challenging party makes an "evidentiary showing creating a legitimate issue as to application of the privilege or protection asserted," the party asserting the privilege "must present a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the attorney client privilege." *LeBlanc v. Coastal Mech. Servs., LLC*, 2005 WL 8156077, at *5 n.4 (S.D. Fla. May 25, 2005). The court should determine whether *in camera* review is appropriate "in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the

3

likelihood that the evidence produce through *in camera* review will establish that the attorney client privilege does apply." *Id.*

A. **PLAINTIFF HAS NOT ESTABLISHED THAT ANY OF THE CHALLENGED DOCUMENTS ARE SUBJECT TO ATTORNEY CLIENT PRIVILEGE**

Most of the Challenged Documents are withheld on the basis of advice regarding a "███████████,"[2] strongly suggesting that ████████████████████████ ████████. "Ordinarily, the attorney-client privilege applies only to the content of communications made for the purpose of securing legal advice." *In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 (11th Cir. 1982).

Plaintiffs also ████████████████████████████████████ ████████. *See* Hecht Decl. ¶ 14. A party that provides "shifting bases for asserting privilege concerning communications . . . at least some of which [the party] knew or should have known were untrue," is "clearly a basis to find that [the party] acted in bad faith." *U.S. Home Corp. v. Settlers Crossing, LLC*, 2014 WL 1275995, at *3 (D. Md. Mar. 26, 2014). This conduct deprives the opposing party about "the content of the withheld documents" and makes a determination of whether the privilege assertion is proper "impossible to discern." *Id.*

Additionally, Apl-Corellium_00017975 and Apl-Corellium_00017990 ████████ ████████████████████████████████████████████████████████████████████████. Even where attorneys are involved, "[t]he fact that a client is meeting with an attorney for the purposes of obtaining legal advice, and the general subject matter of such meeting, is not necessarily privileged." *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391 (N.D. Ga. 2017) (citing *In re Grand Jury Proceedings*, 689 F.2d 1351, 1352-53 (11th Cir. 1982) and other cases).

Apl-Corellium_00045488[3] was not produced in any form until after Defendant alerted Plaintiff to the paucity of documents responsive to its Sixth Request for Production. Hecht Decl. ¶ 9.

---

[2] Apl-Corellium_00017990; Apl-Corellium_00018008; Apl-Corellium_00018030; Apl-Corellium_00018003; Apl-Corellium_00045488; Apl-Corellium_00045494; Apl-Corellium_00045491.
[3] And Apl-Corellium_00045494 and Apl-Corellium_00045491.

### B. PLAINTIFF'S BASELESS CLAIM OF WORK PRODUCT PROTECTION FOR OVER 1000 DOCUMENTS PREJUDICED DEFENDANT'S REVIEW OF THE PRIVILEGE LOG

An additional reason to grant this motion is Plaintiff's baseless assertion of work product protection over every withheld document in the first two iterations of the privilege log. Ex. 1; Ex. 4. Now, of the approximately 1160 documents in the Second Amended Privilege Log, only about 140 (or ~12%) are withheld on the basis of work product protection. Ex. 10. This belated correction left Defendant scrambling to determine how to assess over 1000 documents in less than three days, improperly shifting the burden of determining privilege from the party asserting it to the party seeking to challenge it.

Whether these claims, which were not rectified until after Defendant pointed them out and only three days before the close of fact discovery, Ex. 6 at 1, were the result of a mechanical copy and paste method of asserting privilege or evidence of bad faith is unknown. *See, e.g.*, *In re Capital One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 680 (N.D. Ga. 2012) (finding bad faith where "sophisticated attorneys who are very familiar with the attorney-client and work product privileges" asserted "the incorrect privilege as to a fairly large number of documents"). Plaintiff's "sophisticated attorneys" knew, or should have known, that there was no basis for that claim before being prompted by Defendant. Accordingly, Defendant respectfully requests that this Court conduct an *in camera* review of 5% (or 50) of the documents that were previously claimed to be covered by the work product doctrine and are currently claimed to be covered by attorney-client privilege. These documents would be selected by Defendant to comprise a cross-section of the kinds of deficient descriptions that are being challenged. If documents continue to be withheld that should not be, Plaintiff should be compelled to produce all other documents with similar deficiencies in the privilege log.

### III. CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant the relief requested herein, and such further relief as the Court deems appropriate.

### IV. LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone call with counsel for Plaintiff regarding the relief sought herein. Plaintiff opposes the relief sought, thereby necessitating this Motion.

Dated: April 20, 2020

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: s/ Justin B. Levine
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

and

HECHT PARTNERS LLP
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.