**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION TO FILE PORTIONS OF CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF APPLE INC.'S MOTION TO COMPEL DEFENDANT CORELLIUM, LLC TO PRODUCE DOCUMENTS AND TO ALLOWN A 90-MINUTE CONTINUANCE OF THE DEPOSITION OF CHRISTOPHER WADE [D.E. 356] AS WELL AS EXHIBITS 1–7 ATTACHED THERETO UNDER SEAL**

Defendant, Corellium, LLC ("Defendant" or "Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion to Compel Defendant Corellium, LLC to Produce Documents and to Allow a 90-Minute Continuance of the Deposition of Christopher Wade [D.E. 356] ("Response") as well as Exhibits 1-7 Attached Thereto, and in support thereof, states as follows:

**BACKGROUND**

1.      On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.      On Monday, April 20, 2020, Apple Inc. ("Apple") filed its Motion to Compel Defendant Corellium, LLC to Produce Documents and to Allow a 90-Minute Continuance of the Deposition of Christopher Wade [D.E. 356]. Corellium has prepared its Response, which contains highly-proprietary, confidential, and trade secret information pertaining to Chris Wade and his deposition. As such, Corellium's Motion to Compel has been deemed designated "Confidential." Corellium's Response will be filed in conjunction with this Motion.

3.      Additionally, Corellium's Response contains Exhibits 1–7, each of which contains highly-proprietary, confidential, and trade secret information. As such, these Exhibits have been deemed "Confidential."

    a.   Specifically, Exhibit 1 excerpts from Chris Wade's deposition.

    b.   Exhibit 2 is the transcript hearing from February 12, 2020 and February 13, 2020 that contains sealed materials.

    c.   Exhibit 3 is an email exchange between counsel for the Parties regarding conferral which includes confidential material relating to Corellium and Apple.

    d.   Exhibit 4 are documents recently produced by Apple that Apple has deemed confidential.

    e.   Exhibit 5 is an email exchange between counsel for the Parties regarding an unredacted copy of Apple's Motion that contains confidential material from Apple and Corellium.

    f.   Exhibit 6 are Corellium's release notes. The release notes are trade-secret materials.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

     g.  Exhibit 7 is Apple's Response to Corellium's First Request for Production.

Apple has deemed its responses Confidential and AEO.

4.    Counsel for Apple has informed counsel for Corellium that Apple does not oppose Corellium's Motion to File portions of its Response as well as Exhibits 1–7 Attached Thereto Under Seal.

5.    Consistent with the Protective Order and Corellium's confidentiality designations, Corellium moves to file under seal portions of its Response and Exhibits thereto.

## <u>MEMORANDUM OF LAW</u>

## I.   <u>Legal Standard</u>

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

II.     **Good Cause Exists for the Court to Seal Portions of Corellium's Response and Exhibits Thereto**

In this instance, good cause exists for this Court to seal portions of Corellium's Response as well as Exhibits 1–7 attached thereto. In particular, Corellium's Response as well as Exhibits 1–7 attached thereto detail highly-proprietary, confidential, and trade secret information pertaining to Chris Wade, his deposition, and materials Apple has deemed confidential and AEO. As such, Corellium has designated portions of the its Response as well as Exhibits 1–7 attached thereto "Confidential" to ensure its confidentiality is kept. Accordingly, the same precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, highly-sensitive, proprietary, and trade secret information contained therein, this Court must seal portions of Corellium's Response and exhibits thereto.

<u>**CONCLUSION**</u>

Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Response in Opposition to Plaintiff Apple Inc.'s Motion to Compel Defendant Corellium, LLC to Produce Documents and to Allow a 90-Minute Continuance of the Deposition of Christopher Wade [D.E. 356] ("Response") as well as Exhibits 1–7 Attached Thereto under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 22, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: April 23, 2020                          Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Lizza C. Constantine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

5
**COLE, SCOTT & KISSANE, P.A.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 23, 2020, the for-going document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX