**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE
TO DEFENDANT CORELLIUM, LLC'S
MOTION TO COMPEL PLAINTIFF APPLE INC. TO
<u>PRODUCE PURPORTEDLY PRIVILEGED DOCUMENTS</u>**

Plaintiff Apple Inc. ("Apple"), by and through undersigned counsel, hereby submits this brief in opposition to Defendant Corellium, LLC's ("Corellium") Motion to Compel Apple to Produce Purportedly Privileged Documents ("Motion"). ECF No. 344. There is no infirmity in Apple's privilege log, in general, or in the privilege invocations over the eight specific redacted communications challenged in Corellium's Motion. Apple's log complies with both Local Rule 26.1(e)(2)(B)–(C) and this Court's precedents. As Corellium acknowledges, over the last five weeks Apple has engaged in a conferral process where it addressed Corellium's concerns about Apple's privilege log, line-by-line. Corellium's last-minute motion, which questions Apple's good faith because Apple revised and clarified its privilege log at Corellium's request, is meritless.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Apple's privilege log served April 17, 2020 is complete and appropriate. *See* ECF No. 344-1, Ex. 10 (Apple privilege log, filed under seal). This is Apple's second amended privilege log, served following five weeks of dialogue about Corellium's asserted concerns. *See generally* ECF No. 344-1, Exs. 2, 5–9 (sealed meet and confer communications). Apple's April 17, 2020 log contains 1159 entries. *See* ECF No. 344-1, Ex. 10.

Corellium now challenges just eight of those. The basis for its challenge is that, although Apple produced the documents, they each contain brief redactions. The redacted versions of the eight documents are attached to Corellium's motion as Exhibits 11–18 (under seal). They reflect five text messages and three emails, with the three emails consisting of portions of the same thread. An excerpt of Apple's privilege log containing the complete entries for just those eight documents is attached as **Exhibit A**.[1]

Corellium also challenges Apple's decision to remove assertions of the work-product privilege for 1020 documents on Apple's log. Each of those documents was originally withheld, and continues to be withheld, as attorney-client privileged. Apple removed those work product designations—on the basis that the underlying documents, though reflecting legal advice, were not prepared in anticipation of litigation—after scrupulously responding to Corellium's April 7, 2020 request to clarify "which privilege Apple is asserting for each of the entries in the Amended

---

[1] For ease of reference and readability, Apple (a) added a column with Corellium's motion exhibit numbering, (b) deleted blank columns (*e.g.*, there were no bccs on these documents), and (c) added the Bates number for one of the versions of the redacted email thread (APL-CORELLIUM_00045494).

Privilege Log."  ECF No. 344-1, Ex. 6 at 1 (filed under seal).

Corellium filed this motion to compel at 11:58pm on April 20, 2020, the last day of fact discovery.  ECF No. 344.

## II.     ARGUMENT

Apple's amended privilege log "indicates a description of the document, the date it was prepared, the specific privilege asserted, the name and title of the author and recipients of the document, and the subject matter addressed in the document."  *Dykstra v. Fla. Foreclosure Attorneys, PLLC*, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016) (Matthewman, J.).[2]  This is all that is required.  Throughout the last five weeks of meet-and-confer, Apple has made considerable efforts to provide additional detail requested by Corellium.  Those efforts reflect Apple's *good* faith.  Rather than indulge Corellium's now familiar, baseless refrain of bad faith, or prolong this process through *in camera* review of facially privileged documents, the Court should deny Corellium's motion.

### A.    Each of the Eight Documents Corellium Seeks to Compel Contain Proper Attorney-Client Privilege Redactions.

Corellium provides three identical bases for challenging Apple's assertion of attorney-client privilege for each of the eight challenged documents.  ECF No. 344 at 2–3 (referencing ECF No. 344-1, Exs. 11–18 (redacted documents filed under seal)).  Corellium asserts Apple's invocation of privilege is inappropriate because: (1) "Identity of speakers and general subject matter are not privileged"; (2) "In-house counsel providing business rather than legal advice"; and (3) "Shifting reasons for withholding and improper work product claim are evidence of potential bad faith."  *See id.*  Apple will address each rationale in turn.

*First*, it is true that these eight redacted documents reflect communications between non-legal employees and not direct communications with legal counsel.  But that does not vitiate the privilege.  *See, e.g.*, *In re Denture Cream Prods. Liability Litig.*, No. 09-2051-MD, 2012 WL 5057844, at *13 (S.D. Fla. Oct. 18, 2012) (warning against the "somewhat absurd finding that a document generated for purposes of obtaining and/or assisting in the transmission of legal advice would not only lose its privileged character, but would be artificially viewed as primarily a business

---

[2] Apple provided the titles of the participants to the privileged communications in a separate document from the log.  ECF No. 344-1, Ex. 3 (filed under seal).

communication merely because the author and recipient were not attorneys"); *accord Garvey v. Hulu, LLC*, No. 11-CV-03764-LB, 2015 WL 294850, at *2–3 (N.D. Cal. Jan. 21, 2015). To the contrary, portions of non-legal employee communications that "reflect[] legal advice," or "refer[] directly to the advice of counsel," or constitute notes "that are directly derived from the privileged communication of counsel," or "specifically invoke[] legal advice that had been communicated to [the] employees from counsel" shall be deemed privileged and may be redacted. *See generally Barba v. Shire US, Inc.*, No. 13-CV-21158, 2015 WL 2412257, at *1–5 (S.D. Fla. May 20, 2015) (conducting line-by-line privilege redaction review of 20 documents).

These are the bases on which Apple redacted snippets of the eight documents. *See* Ex. A (privilege log excerpt). For example, Apple states that the "redacted text reflect[s] communications between employee and in-house counsel regarding business transaction" and that the "redacted text reflect[s] request for legal advice from counsel regarding business transaction." *Id.* Nothing about these entries calls into question Apple's invocation of the privilege.

***Second***, Corellium takes issue with Apple's redactions on the basis that the relevant legal advice concerns a "business transaction." ECF No. 344 at 4. However, that legal advice is provided in the context of a business transaction does not undermine the existence of the attorney-client privilege. Rather, the attorney-client privilege remains intact provided that "the legal advice . . . was the predominate aspect of the communication." *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 697 (S.D. Fla. 2009).

Each of the redacted portions of the eight documents reflect legal advice that constitutes the "predominate aspect of the communication." *Preferred Care Partners Holding Corp.*, 258 F.R.D. at 697. The three emails from the same "Follow up on Corellium" thread arose in the week before Corellium's on-site visit to Apple for acquisition talks, during a period of legal due diligence. CORELLIUM_00045488 (ECF No. 344-1, Ex. 16); APL-CORELLIUM_00045494 (*id.*, Ex. 17); APL-CORELLIUM_00045491 (*id.*, Ex. 18). Two other documents at issue, APL-CORELLIUM_00018003 (*id.*, Ex. 13) and APL-CORELLIUM_00018008 (*id.*, Ex. 14), likewise concern legal diligence being conducted on Corellium itself in connection with the same unconsummated potential transaction. Of note, Corellium logged and withheld its own communications with counsel related to the Apple acquisition talks during the same time period. *E.g.* **Exhibit B** (excerpt of Corellium's 4/19/2020 privilege log).

The other three documents do not relate to the Corellium acquisition discussions. APL-

3

CORELLIUM_00017975 (*id.*, Ex. 11) redacts a discussion among Apple employees about communications with Apple's in-house legal team about product security. APL-CORELLIUM_00017990 (*id.*, Ex. 12) redacts details about an upcoming 30-minute meeting with the legal department, which notably occurred the month after Apple filed this litigation against Corellium. *See* ECF No. 1. And in APL-CORELLIUM_00018030 (*id.*, Ex. 15), the redacted text deals with legal communications about a separate business transaction unrelated to Corellium. The Corellium-related portion of the communication was produced without redactions.

*Third*, Corellium's assertion that Apple's purportedly "shifting bases for asserting privilege" may demonstrate that Apple acted in bad faith is beyond the pale. If changing privilege log entries were in fact indicative of bad faith, that principle would condemn Corellium's own conduct in this litigation many times over. But the principle is unsound. Here, all that happened is Apple withdrew its work product designations, but retained its attorney-client privilege designations, on these eight documents because they did not directly involve attorneys or anticipate litigation (and as discussed below, the "anticipation of litigation" requirement for a work product invocation is one that does not apply under the law of California, where Apple is based). Apple made those changes to respond to Corellium's request that Apple clarify "which privilege Apple is asserting for each of the entries in the Amended Privilege Log." ECF No. 344-1, Ex. 6 at 1 (filed under seal). During that meet-and-confer process, Corellium's counsel *never* suggested or alluded to any belief that Apple cooperatively refining its privilege log was an act of bad faith. *See generally* ECF No. 344-1, Exs. 2, 5–9 (meet and confer communications).

Apple has met its burden to assert privilege over its limited redactions to eight employee communications, so Corellium's motion with respect to these documents should be denied.

### B. Corellium Has Established No Justification for *In Camera* Review of a Corellium-Selected Sampling of Documents from Apple's Privilege Log.

In two scant paragraphs at the end of its motion, Corellium makes a more ambitious but equally baseless request. Corellium asks the Court to let Corellium select 5% of Apple's privilege log for *in camera* review. ECF No. 344 at 5. Corellium's entire basis for this request is that Apple initially listed, but no longer lists, attorney work product as a reason for withholding 1,020 documents. But Apple has always asserted attorney-client privilege for these same documents and continues to do so. Corellium does not dispute that Apple's attorney-client privilege assertions and descriptions are proper. Corellium's motion to compel should be denied on that basis alone.

4

Rather than directly challenging any particular privilege assertion, however, Corellium cherry-picks language from a single district court case in Georgia to intimate that Apple acted in bad faith. *In re Capital One Bank Credit Card Interest Rate Litigation* concluded that a company had waived the attorney-client privilege as to 48 documents on a 9,000 document privilege log because the company had *only* asserted work-product and not attorney-client privilege protections in the first instance. 286 F.R.D. 676, 679–80 (N.D. Ga. 2012). The Court ordered the company to produce the 48 documents in light of additional acts of discovery misconduct, including refusing to provide relevant discovery until compelled and then dumping 900,000 duplicative pages on the other party. *Id.* at 680. Meanwhile, the Court concluded that the bulk of the company's thousands of entries asserting attorney-client and other privileges were proper, and afforded the company an opportunity to amend its log to clarify the remainder. *Id.* at 680–83.[3]

Here, Apple originally designated its entries as both attorney-client privileged and work product protected because Apple is located in California, along with its in-house counsel and members of its outside counsel team. California state law permits work product designations to apply to legal writings prepared outside of litigation. *See, e.g.*, *Cnty. of L.A. v. Superior Court*, 98 Cal. Rptr. 2d 564, 574 (Cal. Ct. App. 2000) ("The protection afforded by the [attorney work product] privilege is not limited to writings created by a lawyer in anticipation of a lawsuit."). Apple accordingly applied both attorney-client privilege and work product designations to its privilege log by default. Upon receiving Corellium's request for clarification, however, Apple chose to remove the work product designations for all entries not prepared in anticipation of litigation. ECF No. 344-1, Ex. 6 at 1. Apple did not anticipate that its good-faith effort to resolve Corellium's concerns would result in yet another spurious accusation of bad faith by Corellium. *See* ECF No. 336 at 4–5.

Apple followed this Court's typical inclination for resolving privilege log disputes: Apple addressed Corellium's concerns in a timely manner and served an amended privilege log. *E.g.*, *Dykstra*, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016). Apple's privilege log satisfies this Court's requirements, and Apple's cooperative conduct was the opposite of bad faith. Corellium's motion to compel *in camera* review of Corellium-selected entries from Apple's log should be denied.

---

[3] The only other "bad-faith" case Corellium cites, *U.S. Home Corp. v. Settlers Crossing, LLC*, No. 08-cv-1863, 2014 WL 1275995, at *4 (D. Md. Mar. 26, 2014), concerned a party which "shifted" its privilege argument on appeal after a contempt order.

| | |
|---|---|
| Dated: April 23, 2020 | Respectfully Submitted, |
| Michele D. Johnson* | *s/ Emily L. Pincow* |
| *michele.johnson@lw.com* | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | *mgoldberg@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | *rdiaz@lashgoldberg.com* |
| | LASH & GOLDBERG LLP |
| Sarang Vijay Damle* | 100 Southeast Second Street |
| *sy.damle@lw.com* | Miami, FL 33131 |
| Elana Nightingale Dawson* | (305) 347-4040 / (305) 347-4050 Fax |
| *elana.nightingaledawson@lw.com* | |
| LATHAM & WATKINS LLP | Emily L. Pincow |
| 555 Eleventh Street NW, Suite 1000 | Florida Bar No. 1010370 |
| Washington, DC 20004 | *epincow@lashgoldberg.com* |
| (202) 637-2200 / (202) 637-2201 Fax | *gizquierdo@lashgoldberg.com* |
| | LASH & GOLDBERG LLP |
| Andrew M. Gass* | Weston Corporate Center I |
| *andrew.gass@lw.com* | 2500 Weston Road, Suite 220 |
| Joseph R. Wetzel* | Weston, FL 33331 |
| *joe.wetzel@lw.com* | (954) 859-5180 / (954) 384-2510 Fax |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.