UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO
DEFENDANT CORELLIUM LLC'S MOTION TO COMPEL
INFORMATION REGARDING COMPETITIVE TECHNOLOGY OR,
<u>IN THE ALTERNATIVE, TO EXCLUDE SUCH INFORMATION</u>**

Through its Motion to Compel Information Regarding Apple's Competitive Technology, Corellium seeks extraordinary relief: it asks the Court to either order Apple to submit to discovery beyond the discovery cutoff or suffer the sanction of forfeiting all the evidence Apple timely produced relating ███████████████████████████████ Corellium's motion, however, is as baseless as it is untimely.[1] Apple did not "ambush" Corellium with undisclosed evidence. It fully complied with its discovery obligations, and has already produced information of any potential relevance regarding the technologies at issue.

With respect to ██████ the Court squarely ruled at the February 12, 2020 discovery hearing that Apple was not required to produce evidence relating to *internal*, non-competing technology. As the Court explained, such discovery is not relevant to any claim or defense in this action because the technology is not alleged to compete with Corellium, even if some of the technology is itself similar. *See* Ex. A at 297:22–298:23; ECF No. 152 at 2. And, consistent with its objection and this Court's ruling, ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Corellium has not served a *single* discovery request directed at ██ ████████████████████████████████████████████████

████████████████████████ Notwithstanding Corellium's intimations to the contrary, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Corellium's suggestion that it did not know about this technology is equally baseless. Apple produced nearly ██████████████████████████████████████ beginning in January 2020, Ex. B, and Corellium specifically mentioned ██████████████████ ██████████████████████████ Ex. C at 110:23–111:15. But Corellium failed to explore this topic with Mr. Krstić, or with ████████████████████████████ ████████████████████████████████████████████████████████. Instead of questioning Apple witnesses ██ ██ █████ ██████ ████ ████ ██ ████████████████████████████████████

---

[1] Corellium's motion cites only a single interrogatory. ECF No. 341 at 2. Any motion to compel responses to that interrogatory would have been due on April 2, 2020. *See* Local Rule 26.1(g)(1).

███████████████████████████████████████ That is a problem of Corellium's own making.

Corellium has likewise known since this suit was filed that both the Apple Developer Program and Xcode are relevant. Apple's initial and amended complaints both specifically identify the Apple Developer Program and Xcode as Apple products that compete with Corellium. ECF No. 1 ¶¶ 19–21; ECF No. 56 ¶¶ 20–22. And Apple repeatedly stated during the February 12, 2020 hearing that, notwithstanding that its complaint alleged that Apple offered competing products, Corellium had not sought discovery regarding those products. *See* Ex. A at 202:21–203:4, 294:2–298:25. In 279 Requests for Admission, 129 Requests for Production, and 25 Interrogatories, the words "Xcode" and "Apple Developer Program" do not appear once. And despite Apple identifying a witness knowledgeable on the "App[le] Developer Program" and "Xcode" back in September 2019, and identifying a *second* knowledgeable witness on April 1, 2020, Corellium did not seek to depose either until after Apple named the second, Matthew Firlik, as a ***trial witness*** on April 6, 2020. *See* Ex. D at 3; Ex. E at 3; ECF No. 297.

Corellium squandered its many opportunities to serve discovery requests or ask deposition questions about the information it now seeks to compel—information that is not of central relevance to this case in any event. And Corellium offers no authority for its alternate proposal that Apple should be sanctioned by excluding the responsive evidence it timely produced. Accordingly, Apple respectfully asks the Court to deny Corellium's motion.

I. **APPLE DID NOT UNFAIRLY FAIL TO DISCLOSE** ███████████████

The premise of Corellium's motion is that, despite Apple providing dozens of documents and three witnesses knowledgeable about ████████████████, Corellium was somehow sandbagged because Apple did not ████████████████████████████████████ Not so. Apple's response to Interrogatory No. 18 was wholly proper. Corellium waived any motion to compel further response and, in all events, has otherwise obtained ample discovery ████████████████████████ and has suffered no prejudice.

Interrogatory 18 asked Apple to "[d]escribe each technology that Apple has developed, or is currently developing, that is parallel (or similar) to the Corellium Apple Product." Ex. F at 10. Apple objected in part to this request, explaining that it would not provide evidence regarding its internal, non-competitive "simulation" technology, consistent with the Court's prior Orders on the subject. *See id.*; ECF No. 148 ¶ 2; ECF No. 152 ¶ 3. This objection by its terms includes ████

2

███████████████████████████████████████████████████████

██ Corellium did not ask the Court to overrule this objection.[2] In light of Apple's objections, ███████████████████████████████████████████████████████
███████████████████████████████████████

Apple nevertheless endeavored to provide further information to Corellium by explaining that it would describe "the technologies that Apple offers to the public, or has announced it will offer to the public, and which it contends are competitive with the Corellium Apple Product." Ex. F at 10–11. Apple noted, however, that it does not view the technologies it described as "parallel or similar to the Corellium Apple Product." *Id.* at 11. Apple went on to describe both the Apple Developer Program and Xcode. It explained that the Apple Developer Program provides developers "with access to a range of Apple-created software development tools that allow the creation and testing of iOS apps," and that Xcode "makes it possible to test apps on actual physical Apple devices." *Id.*

Notwithstanding Corellium's protestations to the contrary, ████████ is not responsive to Interrogatory 18—or to any other Corellium discovery request. ████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████

In short, █████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████.[3] But even more importantly,

---

[2] Despite that objection, and as explained further below, Apple still produced documents discussing ████████████████ questioned Apple witnesses about them as well.

[3] Corellium appears to recognize as much, since it uses the word "competitive" throughout its motion—a word that is conspicuously absent from Interrogatory 18.

Corellium had every opportunity to pursue the discovery it now seeks.

## II. APPLE HAS FULLY COMPLIED WITH ITS DISCOVERY OBLIGATIONS.

Notwithstanding its failure to serve discovery requests regarding "competitive technology" and its failure to question multiple Apple witnesses identified as having knowledge of this topic, Corellium now moves, after the close of fact discovery, to compel Apple to produce "information" Corellium never sought or face the sanction of being precluded from even referring ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ ECF No. 341.[4] There is no basis for a sanction of any sort. Apple has complied with its obligations and Corellium has suffered no prejudice.

As explained above, Apple raised the issue of its products that may compete with the Corellium Apple Product at the outset of this litigation, and throughout. *See* ECF No. 1 ¶¶ 19–21; ECF No. 56 ¶¶ 20–23. It repeatedly urged Corellium—including on the record at the February 12, 2020 hearing—to conduct discovery regarding the Apple Developer Program and Xcode. *See* Ex. A 202:21–203:4, 294:2–298:25. It produced over 79 documents ▇▇▇▇▇▇▇▇ and another 49 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Ex. J.[5] And it specifically identified two witnesses with knowledge of these topics: it voluntarily designated Rule 30(b)(6) witness Jon Andrews "to testify about the Apple products that the Corellium Apple Product competes with and may impede," even though Corellium did not list that topic, and it offered fact witness Matt Firlik,

---

[4] Corellium's alternative request that the Court essentially grant a motion *in limine* is improper: Corellium has not shown prejudice or unfairness sufficient to grant *in limine* relief, nor would it be fair to order such relief on two days' notice in the absence of any prior order to Apple to produce the requested discovery. *See, e.g., Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1095 (C.D. Cal. 2012) (noting that a motion *in limine* is improper "[a]s a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier"); *W.R. Grace & Co. v. Viskase Corp.*, No. 90-c-5383, 1991 WL 211647, at *4 (N.D. Ill. Oct. 15, 1991) ("Instead of utilizing the proper procedures to compel discovery, [Plaintiff] waited until after discovery closed to file this motion *in limine* . . . This is not acceptable.").

[5] Apple produced most of these documents in January and February 2020. *See* Ex. J. The produced documents include, by way of example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Exs. K, L. In fact, Corellium relied on a number of these documents during depositions—it just failed to focus on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. M (relied on at Ex. I at 160:6–162:6); Ex. N (relied on at Ex. I at 171:3–177:15); Ex. O (relied on at Ex. I at 204:2–209:14); Ex. P (relied on at Ex. H at 78:1–88:2); Ex. Q (relied on at Ex. H at 88:3–91:23).

whom Apple identified as having knowledge relating to Xcode and the Apple Developer Program. Ex. D at 3; Ex. E at 3; Ex. R at 6. Both witnesses ████████████ ████████████ — Mr. Andrews on April 7, 2020 and Mr. Firlik on April 16, 2020. *See generally* Ex. H; Ex. I.[7] Yet, Corellium declined ████████████████████████████████████████, and closed both depositions with time remaining. Ex. I at 216:7–216:23; Ex. T ¶¶ 4, 8.

### III. CORELLIUM'S BELATED REQUESTS ARE NOT PROPORTIONAL.

Finally, and putting aside Corellium's dilatory approach to discovery of the issues raised in its motion, Corellium's motion fails for an even more fundamental reason: it is premised on Corellium asking the wrong question in this litigation. This case is not about whether and to what extent Apple's ████████████████████ compete with Corellium's virtualization technology; it is about whether Corellium infringed Apple's copyrights in *iOS*, and whether it trafficked in tools to circumvent copyright protections in *iOS*. The proprietary and highly sensitive information Corellium seeks in its motion about internal and in-development Apple products has attenuated relevance at best to those issues. Corellium's motion misapprehends the fair-use analysis as one that is pegged to *its* product, rather than to *Apple's* copyrighted works. *See* ECF No. 341 at 4–5. That fundamental confusion about the fair-use analysis leads Corellium to blow out of proportion its need for additional information regarding Apple's internal technology and its ████████████████████████████████████████████████. While the existence or potential for Apple to create or employ technologies that compete with Corellium may be marginally relevant, the question for the jury will be what the effect of Corellium's infringement is on the potential market for *iOS* and its derivatives, and whether *Corellium's* use of *iOS* is somehow transformative. *See Fox News Network, LLC v. Tveyes, Inc.*, 883 F.3d 169, 179–80 (2d Cir. 2018). These inquiries do not require in-depth discovery of Apple's highly proprietary and nonpublic internal products and certainly do not warrant a belated do-over of the fact discovery period for Corellium.

---

[6] Corellium's counsel had already asked another Apple witness, Sebastien Marineau-Mes, ████████████████████████████████████ on April 3, 2020. *See* Ex. S at 147:18–148:22.

[7] Corellium's counsel, for example, ███████████████████████████████████████████████████████████████████████████████████████████. *See* Ex. I at 121:17–122:21, 173:19–174:10. And on redirect, ███████████████████████████████████████████████████████████████████████ *See id.* at 212:1–216:3.

Dated: April 23, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
(954) 859-5180 / (954) 384-2510 Fax

*Attorneys for Plaintiff* APPLE INC.

6