# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

## APPLE INC.'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff Apple Inc. ("Apple") submits the following amended and supplemental initial disclosures. These amended and supplemental initial disclosures are based upon the information reasonably available to Apple at this time. Apple reserves the right to remove from these disclosures any witness or category of documents based upon further investigation. Apple also reserves the right to make additional disclosures, including, but not limited to, the identification of witnesses or documents not identified herein, to reflect information subsequently acquired through its continuing investigation and discovery in this action. No incidental or implied admissions are intended by these disclosures. By making these disclosures, Apple does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this case. Apple's disclosures represent a good-faith effort to identify information it reasonably believes is relevant to the factual allegations in its Amended Complaint (ECF No. 56). Apple reserves the right to supplement or amend these disclosures if required, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

These amended and supplemental initial disclosures are made subject to the reservation of all privileges. Apple's amended and supplemental initial disclosures are made without in any way waiving: (1) the right to object to any discovery requests or to the admissibility of any evidence on the grounds of privilege, work product immunity, relevance, competency, materiality, hearsay, or any other proper ground in this or in any other action; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; or (3) the right to object on any and all grounds to any discovery request or proceeding involving or relating to the subject matter of these disclosures in any proceeding in this action or in any other action.

Apple construes the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure not to require the production of any information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, or that constitute settlement communications regarding this matter. Apple intends to and does assert a privilege with respect to all such information and documents, and inadvertent disclosure thereof shall not constitute a waiver of any such privilege.

## I.  **Individuals Likely to Have Discoverable Information – Rule 26(a)(1)(A)(i)**

Subject to and without waiving the limitations set forth above, Apple is presently aware of the following individuals who may have discoverable information that Apple may use to support its claims or defenses. Apple does not consent to or authorize any communications with Apple's current or former employees or associates. All such communications must be made through Apple's counsel of record.

| Name | Address | Potential Subject(s) of Knowledge |
|---|---|---|
| Ivan Krstić | Contact via counsel for Apple | Security of Apple products; disclosures and representations by Corellium employees |
| Jon Andrews | Contact via counsel for Apple | Engineering and design of iOS security; Apple's copyrighted works; disclosures and representations by Corellium employees |
| Sebastien Marineau-Mes | Contact via counsel for Apple | Security of Apple products; disclosures and representations by Corellium employees |
| Akila Srinivasan | Contact via counsel for Apple | Apple Security Bounty Program |
| Jason Shirk | Contact via counsel for Apple | Security of Apple products; disclosures and representations by Corellium employees; Apple Security Bounty Program |
| Matthew Firlik | Contact via counsel for Apple | App Developer Program; Test Flight; Xcode |
| Lee Peterson | Contact via counsel for Apple | Apple's copyrighted works |
| Dr. Jason Nieh | Contact via counsel for Apple | Expert testimony regarding Apple's software; expert testimony regarding Corellium's software |
| Dr. Michael Siegel | Contact via counsel for Apple | Expert testimony regarding the field of security research |
| David Connelly | Contact via counsel for Apple | Expert testimony regarding damages due to Corellium's infringement of and trafficking in Apple's products |
| Chris Wade | Corellium, LLC 630 George Bush Blvd. Delray Beach, FL 33483 | Corellium's infringement of and trafficking in Apple's products; Corellium's products; Corellium, LLC |
| Amanda Gorton | Corellium, LLC 630 George Bush Blvd. Delray Beach, FL 33483 | Corellium's infringement of and trafficking in Apple's products; Corellium's products; Corellium, LLC |
| David Wang | Corellium, LLC 630 George Bush Blvd. Delray Beach, FL 33483 | Corellium's infringement of and trafficking in Apple's products; Corellium's products; Corellium, LLC; Azimuth Security |
| Stanislaw Skowronek | Corellium, LLC 630 George Bush Blvd. Delray Beach, FL 33483 | Corellium's infringement of and trafficking in Apple's products; Corellium's products; Corellium, LLC |
| Steve Dyer | Corellium, LLC | Corellium's infringement of and |

| Name | Address | Potential Subject(s) of Knowledge |
|---|---|---|
|  | 630 George Bush Blvd. Delray Beach, FL 33483 | trafficking in Apple's products; Corellium's products; Corellium, LLC |
| Mark Templeton | 7 Driftwood Landing Rd Delray Beach, FL 33483 | Corellium's infringement of and trafficking in Apple's products; Corellium's products; Corellium, LLC; Virtual LLC |
| Mark Dowd | Azimuth Security Sydney, Australia | Corellium, LLC; Azimuth Security |

In addition to the individuals listed above, Apple incorporates by reference all other individuals referenced by Corellium in its initial disclosures pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Apple reserves the right to offer testimony from such witnesses at trial or otherwise in this proceeding. Apple emphasizes that these disclosures are made pursuant to the information it has reasonably available to it now. Other individuals may have discoverable information, and the above individuals may have relevant information other than in the areas noted. Apple reserves the right to update these disclosures as new information becomes available through its investigation and through discovery.

## II.     Description of Discoverable Documents – Rule 26(a)(1)(A)(ii)

Subject to and without waiving the limitations set forth above, and based on information reasonably available to Apple, Apple hereby provides the following descriptions, by category, of documents, electronically stored information, and tangible things that Apple has in its possession, custody, or control and may use to support its claims or defenses in this action. A description by category of documents within the scope of Rule 26(a)(1)(A)(ii) includes:

1. Documents relating to Apple's ownership of copyrights in the works identified in Exhibit A of the Amended Complaint (the "Apple Copyrighted Works").

2. Documents relating to Apple's uses and licenses of the Apple Copyrighted Works.

4

3. Copyright registrations owned by Apple that relate to the Apple Copyrighted Works.

4. Documents relating to Corellium's works that infringe Apple's registered copyrights in the Apple Copyrighted Works.

5. Documents relating to Corellium's willfulness in infringing the Apple Copyrighted Works.

6. Documents relating to Apple products, including, but not limited to, TestFlight and XCode, whose market is or may be harmed by Corellium's infringement.

7. Correspondence between Apple and Corellium relating to the issues raised in this action.

8. Correspondence between Apple and Chris Wade relating to the issues raised in this action.

9. Documents relating to the Apple Security Bounty Program.

Subject to the operative protective order (ECF No. 50), and to the extent the foregoing materials are not privileged, these documents, data compilations, and things have been or will be made available during discovery through Apple's undersigned counsel.  Apple makes these disclosures without waiver of any privileges, and production of these documents will not constitute a waiver of any objection or an admission that they are relevant or otherwise admissible in evidence.  Apple reserves the right to supplement these disclosures as discovery continues.

### III.  Damages Computation – Rule 26(a)(1)(A)(iii)

In addition to the nonmonetary relief sought in the Amended Complaint, Apple seeks Corellium's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b) and

Corellium's profits attributable to the trafficking violation pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Apple seeks statutory damages for Corellium's copyright infringement pursuant to 17 U.S.C. § 504(c) and statutory damages for Corellium's trafficking violation pursuant to 17 U.S.C. § 1203(c)(3).  Apple is not seeking to recover "the actual damages suffered by [Apple] as a result of the infringement" as defined by 17 U.S.C. § 504(b), or the "actual damages suffered by [Apple] as a result of the violation" as defined by 17 U.S.C. § 1203(c)(2).

The precise amount of damages that Apple seeks to obtain in this case will depend on discovery, expert analysis, and expert testimony, which are ongoing.  Apple reserves the right to supplement this response as appropriate.

Further, Apple seeks its attorneys' fees and costs for this case.  Apple will not be able to compute its costs and attorneys' fees until after the conclusion of discovery and will supplement its disclosures accordingly.

## IV.     Insurance Agreements – Rule 26(a)(1)(A)(iv)

Apple is not aware, at this time, of any applicable insurance.

Dated: April 1, 2020

Kathryn Ruemmler*
*kathryn.ruemmler@lw.com*
Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

7

## CERTIFICATE OF SERVICE

I, Elana Nightingale Dawson, do hereby certify that on April 1, 2020, I caused a copy of the foregoing Apple Inc.'s Amended And Supplemental Initial Disclosures Pursuant To Fed. R. Civ. P. 26(A)(1) to be served via email upon:

| | |
|---|---|
| S. Jonathan Vine<br>Justin B. Levine<br>Lizza C. Constantine<br>Michael Alexander Boehringer<br>COLE, SCOTT & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, Florida 33401<br>jonathan.vine@csklegal.com<br>justin.levine@csklegal.com<br>lizza.constantine@csklegal.com<br>michael.boehringer@csklegal.com | David L. Hecht<br>Maxim Price<br>Melody L. McGowin<br>Minyao Wang<br>Yi Wen Wu<br>PIERCE BAINBRIDGE BECK PRICE & HECHT LLP<br>277 Park Ave 45th Floor<br>New York, NY 10172<br>dhecht@piercebainbridge.com<br>mprice@piercebainbridge.com<br>mmcgowin@piercebainbridge.com<br>mwang@piercebainbridge.com<br>wwu@piercebainbridge.com<br><br>Gavin Cunningham Gaukroger<br>BERGER SINGERMAN LLP<br>350 East Las Olas Blvd.<br>Suite 1000<br>Fort Lauderdale, FL 33301<br>ggaukroger@bergersingerman.com |

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson