# EXHIBIT R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**APPLE INC.'S RESPONSES AND OBJECTIONS TO CORELLIUM, LLC'S NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF APPLE INC.**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Apple, Inc. ("Apple") hereby provides its responses and objections to Defendant Corellium, LLC's ("Corellium") Notice of Rule 30(b)(6) Deposition of Apple (the "Notice"). The witnesses designated for the topics will provide testimony on those topics during their already-noticed and confirmed depositions.

**TOPIC NO. 1:**

All legal and factual positions, arguments, and averments set forth by Apple in the Amended Complaint [D.E. 56].

**RESPONSE TO TOPIC NO. 1:**

Apple objects to the request for testimony regarding Apple's legal position, arguments, and averments because this request calls for legal conclusions rather than factual information and are therefore inappropriate subject matter for a Rule 30(b)(6) deposition.

Apple designates Jon Andrews to testify on Apple's factual positions unless other witnesses are designated for those factual issues below.

**TOPIC NO. 2:**

Corellium's facts and claims asserted in its Answer to the Amended Complaint, Affirmative Defenses and Counterclaim [D.E. 64].

**RESPONSE TO TOPIC NO. 2:**

Apple objects to the request for testimony regarding the legal claims asserted in Corellium's Answer to the Amended Complaint, Affirmative Defenses and Counterclaims because this request calls for legal conclusions rather than factual information and is therefore inappropriate subject matter for a Rule 30(b)(6) deposition.

Apple objects to the request for testimony regarding the facts "asserted" in Corellium's Answer to the Amended Complaint, Affirmative Defenses and Counterclaim as improper and overly broad as this request assumes that the facts Corellium asserted are true and known to Apple.

Apple designates Jon Andrews to testify as the facts asserted in Corellium's Answer and Affirmative Defenses that are known to Apple.

Apple designates Ivan Krstić to testify as the facts asserted in Corellium's Counterclaims that are known to Apple.

**TOPIC NO. 3:**

Apple's knowledge of Corellium and Corellium's products and services.

**RESPONSE TO TOPIC NO. 3:**

Apple designates Jon Andrews to testify on this topic.

**TOPIC NO. 4:**

Apple's communications with Corellium and Corellium's employees.

**RESPONSE TO TOPIC NO. 4:**

Apple designates Jon Andrews to testify on this topic.

**TOPIC NO. 5:**

Apple's license policies and practices relating to its copyrights.

**RESPONSE TO TOPIC NO. 5:**

Apple objects to this topic because Apple's license policies and practices related to its copyrights include matters that are protected by the attorney-client privilege and the work-product doctrine.  Apple also objects to this topic's request for testimony regarding Apple's license policies and practices related to copyrights that are not at issue in this action, which are irrelevant to the claims, counterclaims, and defenses at issue in this case.

Apple designates Jon Andrews to testify regarding any non-privileged matters relating to Apple's license policies and practices relating to the copyrights at issue in this action.

**TOPIC NO. 6:**

Apple's efforts to protect and/or enforce its copyright against Corellium.

**RESPONSE TO TOPIC NO. 6:**

Apple objects to this topic because it seeks testimony protected by the attorney-client privilege and the work-product doctrine.

Apple designates Jon Andrews to testify regarding any non-privileged information related to this topic.

**TOPIC NO. 7:**

Apple's consideration of acquiring Corellium, including the entering of a non-disclosure agreement, demonstrations and meetings with Corellium, Apple's valuation of Corellium's products and services.

**RESPONSE TO TOPIC NO. 7:**

Apple objects to the request for testimony regarding Apple's valuation of the Corellium's products and services because such information is irrelevant, as the Court has already ruled. ECF No. 148 at 2; ECF No. 152 at 3.  Apple will not provide a witness to testify regarding Apple's internal valuation of Corellium's products and services.

Apple designates Jon Andrews to testify on the remainder of this topic; he will not testify to "Apple's valuation of Corellium's products and services."

**TOPIC NO. 8:**

Apple's communications with Christopher Wade regarding Corellium, Virtual LLC and iEmu.

**RESPONSE TO TOPIC NO. 8:**

Apple designates Jon Andrews and Steve Smith to testify on this topic.

**TOPIC NO. 9:**

Apple's knowledge of Christopher Wade and technologies he has developed including Corellium, Virtual LLC and iEmu.

**RESPONSE TO TOPIC NO. 9:**

Apple designates Jon Andrews and Ivan Krstić to testify on this topic.

**TOPIC NO. 10:**

Apple's knowledge of third-party companies that provide iOS emulation and/or virtualization products and services.

**RESPONSE TO TOPIC NO. 10:**

Apple objects to this topic because it seeks testimony on a topic that is irrelevant to this litigation.  Apple's knowledge about what any third-party companies do or do not do is irrelevant

4

to whether Corellium has infringed Apple's copyrights, whether Corellium has a defense to that infringement, and whether its counterclaims regarding the Apple Security Bounty program have merit. ECF No. 152 at 2.

Apple will not provide a witness on this topic.

**TOPIC NO. 11:**

Apple's knowledge of websites that allow for the downloading of the iOS.

**RESPONSE TO TOPIC NO. 11:**

Apple designates Jon Andrews to testify on this topic.

**TOPIC NO. 12:**

Apple's Bug Bounty Program.

**RESPONSE TO TOPIC NO. 12:**

Apple designates Ivan Krstić to testify on this topic.

**TOPIC NO. 13:**

The use of Dev-Fused iPhones and/or jailbroken iOS Devices to perform security testing and research.

**RESPONSE TO TOPIC NO. 13:**

Apple objects to this topic because the use of Dev-Fused iPhones and/or jailbroken iOS Devices to perform security testing and research is not relevant to the claims, defenses, or counterclaims at issue in this litigation, as the Court has already ruled. *See* ECF No. 152 at 2.

Apple will not provide a witness on this topic.

**TOPIC NO. 14:**

Apple's virtualization or emulation products.

**RESPONSE TO TOPIC NO. 14:**

Apple objects to this topic because Apple's virtualization or emulation products are not relevant to the claims, defenses, or counterclaims at issue in this litigation, as the Court has already ruled, *see* ECF No. 148 at 2; ECF No. 152 at 2.

Apple will not provide a witness on this topic.

**TOPIC NO. 15:**

Apple's damages, whether statutory, actual, or other, and the composition thereof and that pertain sought in this action against Corellium.

**RESPONSE TO TOPIC NO. 15:**

Apple designates Jon Andrews to testify about the Apple products that the Corellium Apple Product competes with and may impede. Apple is not seeking damages for any loss of revenue to Apple because of the Corellium Apple Product and, as such, Mr. Andrews will not testify about such revenue. Apple has not determined whether it will pursue statutory damages or benefit-of-the-infringer damages.

**TOPIC NO. 16:**

All documents and/or materials produced by Apple in this action.

**RESPONSE TO TOPIC NO. 16:**

Apple objects to this topic as overly broad and an improper topic for a Rule 30(b)(6) deponent because it lacks any specificity about what *particular* topic Corellium wants Apple's corporate representative to address. Apple has produced thousands of documents and it is not reasonable to expect an Apple corporate representative to be able to testify to all documents produced by Apple in this matter.

Dated: February 24, 2020                                              Respectfully Submitted,

                                                                      *s/ Martin B. Goldberg*

Kathryn Ruemmler*                                                     Martin B. Goldberg
*kathryn.ruemmler@lw.com*                                             Florida Bar No. 0827029
Sarang Vijay Damle*                                                   *mgoldberg@lashgoldberg.com*
*sy.damle@lw.com*                                                     *rdiaz@lashgoldberg.com*
Elana Nightingale Dawson*                                             LASH & GOLDBERG LLP
*elana.nightingaledawson@lw.com*                                      100 Southeast Second Street
LATHAM & WATKINS LLP                                                  Miami, FL  33131
555 Eleventh Street NW, Suite 1000                                    (305) 347-4040 / (305) 347-4050 Fax
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.

# CERTIFICATE OF SERVICE

       I, Elana Nightingale Dawson, do hereby certify that on February 24, 2020, I caused a copy of the foregoing Apple Inc.'s Responses and Objections to Corellium, LLC's Notice of Rule 30(b)(6) Deposition of Plaintiff Apple Inc. to be served via email upon:

Brett C. Govett
Robert Greeson
Jacqueline G. Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

David L. Hecht
Maxim Price
Melody L. McGowin
Minyao Wang
Yi Wen Wu
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Ave 45th Floor
New York, NY 10172
dhecht@piercebainbridge.com
mprice@piercebainbridge.com
mmcgowin@piercebainbridge.com
mwang@piercebainbridge.com
wwu@piercebainbridge.com

S. Jonathan Vine
Justin B. Levine
Lizza C. Constantine
Michael Alexander Boehringer
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com
michael.boehringer@csklegal.com

Gavin Cunningham Gaukroger
BERGER SINGERMAN LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
ggaukroger@bergersingerman.com

                               *s/ Elana Nightingale Dawson*
                               Elana Nightingale Dawson