UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL PLAINTIFF APPLE INC. TO
<u>PRODUCE PURPORTEDLY PRIVILEGED DOCUMENTS</u>**

    Defendant Corellium, LLC ("Defendant" or "Corellium") respectfully submits this Reply in Support of its Motion to Compel Plaintiff Apple Inc. to Produce Purportedly Privileged Documents (the "Motion," DE 344).[1]

---

[1] For ease of reference, Defendant refers solely to the version of the Motion and supporting documents filed under seal.

## I. INTRODUCTION

In "Plaintiff Apple Inc.'s Response to Defendant Corellium, LLC's Motion to Compel Plaintiff Apple Inc. to Product Purportedly Privileged Documents" (the "Opp," DE 363), Plaintiff Apple Inc. ("Plaintiff" or "Apple") asks the Court to uphold its assertions of privilege in spite of the clear inferences to be drawn from (i) the documents themselves and (ii) Plaintiff's conduct regarding its claims of privilege in this litigation. But a court should consider all of the "facts and circumstances of the particular case" in determining whether *in camera* review is appropriate. *LeBlanc v. Coastal Mech. Servs., LLC*, 2005 WL 8156077, at *5 n.4 (S.D. Fla. May 25, 2005).

Similarly, Apple asks this Court to overlook its baseless designation of 1020 documents as work product privileged until a mere three days before the close of fact discovery. Plaintiff argues that it made an honest mistake in applying, "by default," Opp. at 5, another state's privilege law in the type of case—federal question—in which state privilege law never applies in the first place. That explanation confirms that Defendant continues to have good reason to believe that Plaintiff's privilege review is unreliable.

Tellingly, Plaintiff does not deny that it took weeks of conferral before it finally produced a privilege log that "complies with both Local Rule 26.1(e)(2)(B)-(C) and this Court's precedents," Opp. at 1. Nor does Plaintiff deny that it only served its Second Amended Privilege Log a mere three days before the close of fact discovery. For that and the reasons in the instant Motion and this Reply, the Court should grant the Motion and conduct an *in camera* review of (i) the eight Challenged Documents and (ii) a subset of 5% of the 1020 improperly designated documents to determine whether Plaintiff properly claimed privilege over the documents on the Second Amended Privilege Log.

## II. ARGUMENT

1. **Plaintiff Failed To Provide a Factual Basis That the Court Need Not Conduct an *In Camera* Review of the Eight Challenged Documents**

The Motion demonstrated that there is a "legitimate issue as to application of the privilege or protection asserted" so as to require an *in camera* review. *LeBlanc*, 2005 WL 8156077, at *5 n.4. As explained below, Plaintiff fails to present a factual basis to support a "good faith belief by a reasonable person" that the materials are properly subject to privilege, in consideration of "the

facts and circumstances of the particular case." *Id.* Accordingly, *in camera* review for each of the Challenged Documents is warranted.

As an initial matter, Plaintiff fails to rebut that "'[t]he fact that a client is meeting with an attorney for the purposes of obtaining legal advice, and the general subject matter of such meeting, is not necessarily privileged." Mot. at 4 (quoting *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391 (N.D. Ga. 2017)). Plaintiff claims that Apl-Corellium_00017975 involves "a discussion among Apple employees about communications with Apple's in-house legal team," Opp. at 4, but the redacted documents suggests that what is redacted is who spoke with an Apple employee and general subject matter of that communication. *See* Ex. 11. Similarly, Plaintiff's claim that Apl-Corellium_00017990 involves "details" about an unconsummated meeting "with the legal department," Opp. at 4, is seemingly contradicted by content surrounding the redaction. Ex. 12. In any event, an *in camera* review will determine whether the reasonable inferences that Defendant draws are correct or not.

Next, Plaintiff argues that the lack of counsel on a purportedly privileged communication "does not vitiate the privilege." Opp. at 2. While this may be true in rare circumstances, the lack of attorneys on "an otherwise confidential corporate communication . . . can still be a factor tending to weigh against [the assertion of privilege]." *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1236 (S.D. Fla. 2018) (internal quotation marks and citation omitted). That is especially true where the communication purportedly involves legal advice "between corporate client and corporate counsel," which "requires the proponent to satisfy a 'purpose and intent' threshold test." *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2012 WL 5415108, at *3 (M.D. Fla. Nov. 6, 2012) (internal quotation marks, alterations, and citation omitted). Here, Plaintiff makes only a bare assertion that the "predominant aspect of the communication," Opp. at 3, was legal advice. For example, Plaintiff claims that each of five documents[2] involved "legal due diligence." *Id.* But those documents also reveal that the communications also involved discussions of communication that were not about legal due diligence. *See, e.g.*, Ex. 16 at 1-2. Again, the reasonable inferences at a minimum cast doubt on whether these redactions are appropriate.

---

[2] Apl-Corellium_00045488, Apl-Corellium_00045491, Apl-Corellium_00045494, Apl-Corellium_00018003, Apl-Corellium_00018008.

Beyond these inferences, Plaintiff's conduct suggests that its assertions of privilege are (purposefully or not) improper. For example, Plaintiff believes that the "shifting bases for asserting privilege" only applies to "Apple withdr[awing] its work product designations." Opp. at 4. Plaintiff's removal of a work product claim over these (and over 1000 other) documents plays a part in the "shifting bases" analysis, but the Motion made clear that "Plaintiffs also continuously shifted the narrative o[f] why each of the Challenged Documents were withheld," Mot. at 4, in reference to the *privilege description* given in each of the three privilege logs. *Id.* (citing Hecht Decl. ¶ 14 (showing how the purported reason for redacting each document shifted with each new privilege log)). This can indicate bad faith. *See, e.g., U.S. Home Corp. v. Settlers Crossing, LLC*, 2014 WL 1275995, at *3 (D. Md. Mar. 26, 2014). It may have been done in response to the many notices that the given explanation was insufficient. *See, e.g.*, Ex. 2 at 15 (explaining that the "summary descriptions" were inadequate), 12 (same), 8 (same); Ex. 6 at 3-4 (same). Regardless, these shifting narratives, which often dramatically changed the reason why the communication is purportedly privileged, *see* Hecht Decl. ¶ 14, deprived Defendant about "the content of the withheld documents" and made it "impossible to discern" whether the privilege assertions are proper *U.S. Home Corp.*, 2014 WL 1275995 at *3.

As another example, Plaintiff does not deny that it first presented a privilege log that "complies with both Local Rule 26.1(e)(2)(B)–(C) and this Court's precedents," Opp. at 1, only three days before the close of fact discovery and after the vast majority of the depositions have taken place. Now, Plaintiff asks this Court to grant inferences *in its favor* in the face of its actions that (intended or not) prevented Defendant from assessing these privilege claims. Such a result is inequitable. *Cf. Coleman v. Lennar Corp.*, 2018 WL 3672251, at *7 (S.D. Fla. June 14, 2018) (noting that "a waiver of privilege *may* occur when a privilege log is not timely produced"). Here, Defendant merely asks that this Court conduct an *in camera* review to determine whether these specific invocations of privilege are appropriate "in light of the facts and circumstances of th[is] particular case." *LeBlanc*, 2005 WL 8156077, at *5 n.4.

### 2. Plaintiff's Explanation for Baselessly Designating 1020 Documents as Work Product Reveals Flaws With Its Approach to Privilege Determinations

Plaintiff does not deny that it baselessly designated "1020 documents," Opp. at 4., as subject to work product protection. Rather, Plaintiff explains that it applied California's law

regarding work product protections "by default." *Id.* at 5. This explanation—never offered in any of the numerous meet and confers regarding Plaintiff's privilege logs—makes no claim that the 1020 documents would be subject to work product protection under California law,[3] but merely states that "California state law permits work product designations to apply to legal writings prepared outside of litigation." *Id.* (citing *Cnty. of L.A. v. Superior Court*, 98 Cal. Rptr. 2d 564, 574 (Ct. App. 2000)). Nor does Plaintiff explain how its sophisticated local and national practices reasonably could have reasonably relied on California state rules regarding work product for federal question litigation anywhere, much less in Florida. *See, e.g., Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1336 (11th Cir. 2020) ("Federal evidentiary privileges in federal question litigation arising in federal court are governed by federal law."); *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005) (applying "the federal law of privilege" even "[w]here there are federal question claims and pendent state law claims present"). *Cf. In re Capital One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 680 (N.D. Ga. 2012) (admonishing "sophisticated attorneys who are very familiar with the attorney-client and work product privileges" for baseless claims of work product protection "as to a fairly large number of documents").

More fundamentally, Plaintiff seemingly concedes that, at best, it approached privilege determinations in a haphazard manner. *See* Opp. at 5 (work product was applied "by default"). That sort of "mechanical copy and paste method of asserting privilege," Mot. at 5, is not appropriate for claiming privilege. *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1293 (S.D. Fla. 2012) (explaining that a "party asserting privilege must . . . at a minimum . . . determine what law of privilege governs the communication, and identify the elements of that privilege" and "for each document or communication identify the evidence that establishes that each element of the privilege applies to that communication"). That process was apparently not followed here "by default" application of privilege or otherwise. Plaintiff's failure deprived Defendant of the ability to "determine, at a minimum, that the claimed privilege might apply," *Campero*, 916 F. Supp. 2d at 1293.

---

[3] For example, Plaintiff "offered no evidence that the communications contained attorney impressions, opinions or legal theories," as required for work product, as opposed to attorney-client, protection. *BP Alaska Expl., Inc. v. Superior Court*, 245 Cal. Rptr. 682, 689 (Ct. App. 1988).

Accordingly, Defendant's proposal—that this Court should conduct an *in camera* review of only 5% (or ~ 50) of the 1020 documents at issue, to be selected by Defendant—is an eminently reasonable solution "in light of the facts and circumstances" here. *LeBlanc*, 2005 WL 8156077, at *5 n.4.

### III. CONCLUSION

For the reasons stated above and in the Motion, Defendant respectfully requests that this Court to issue an order compelling Plaintiff to (i) produce, after an *in camera* review, the Challenged Documents and (ii) to submit 5% of the 1020 previously work product documents (to be chosen by Defendant) for *in camera* review to determine whether they are properly withheld.

| | |
|---|---|
| Dated: April 24, 2020 | COLE, SCOTT & KISSANE, P.A. |
| | *Counsel for Defendant CORELLIUM, LLC* |
| | Esperante Building |
| | 222 Lakeview Avenue, Suite 120 |
| | West Palm Beach, Florida 33401 |
| | Telephone (561) 612-3459 |
| | Facsimile (561) 683-8977 |
| | Primary e-mail: justin.levine@csklegal.com |
| | Secondary e-mail: lizza.constantine@csklegal.com |
| | |
| | By: s/ *Justin B. Levine* |
| | JONATHAN VINE |
| | Florida Bar. No.: 10966 |
| | JUSTIN B. LEVINE |
| | Florida Bar No.: 106463 |
| | LIZZA C. CONSTANTINE |
| | Florida Bar No.: 1002945 |
| | MICHAEL A. BOEHRINGER |
| | Florida Bar No.: 1018486 |
| | |
| | and |
| | |
| | HECHT PARTNERS LLP |
| | 20 West 23rd St. Fifth Floor |
| | New York, NY 10010 |
| | Tel: (212) 851-6821 |
| | David L. Hecht *pro hac vice* |
| | Email: dhecht@hechtpartners.com |
| | Minyao Wang *pro hac vice* |
| | Email: mwang@hechtpartners.com |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 24, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*