UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

  v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL DEFENDANT CORELLIUM, LLC TO
PRODUCE DOCUMENTS AND TO ALLOW A 90-MINUTE CONTINUANCE
OF THE DEPOSITION OF CHRISTOPHER WADE**

Ultimately, Apple is seeking one thing and one thing only via the motion it filed on Monday—the truth.  In light of Mr. Wade's ████████████ and Corellium's failure to provide *any* evidence corroborating ████████████ Apple has a hard time seeing how the truth can be determined without documentary proof ████████████ ████████████ the production of all documents responsive to Request for Product No. 20, and a reopening of Mr. Wade's deposition.  And that is why Apple sought the relief it did in its motion.

If, however, the truth can be determined in some other way, such as with a sworn statement offered ████████████ along with a shorter deposition of Mr. Wade (*e.g.*, 45 minutes rather than 90), Apple is open to that alternative—as it explained to Corellium today.  But at present, despite Corellium's promises that it was working to obtain corroborating evidence, and ████████████—possibly as soon as this past Monday, *see* ECF No. 361-3 at 3–4—Apple still has nothing other than Mr. Wade's ████████████ ████████████.

**Mr. Wade's Testimony.**  Corellium's response centers on its claim that Mr. Wade's testimony was "consistent" ████████████ ████████████ ECF No. 361 at 2.  Mr. Wade's actual testimony, however, shows otherwise.  Counsel's questions to Mr. Wade and his responses were ████████ Counsel asked ████████████ ████████████ and Wade responded ████████████ ████████████ ECF No. 346-1 at 148:1–6.  Counsel asked ████████████ and Wade again said ████████████ ████████████ *Id.* at 148:8–15 (emphasis added).  And when counsel asked Mr. Wade whether ████████████ ████████████ ████████████ *Id.* at 164:2–13.

It was only when Mr. ████████████ ████████████ He ████████████ ████████████ ████████████ *Id.* at 274:17–19.  Now, Corellium asserts that Apple

must accept Mr. Wade's testimony as "gospel," and has no right to test or corroborate it. Ex. A at 114:4–8. As this Court has recognized, that is not the way it works. *Id.* at 114:9–14.

I.      **RELEVANCE OF THE REQUESTED EVIDENCE.**

Corellium argues that evidence relating to ███████████████████████ ███████████████████████████████████████████████████████████████ Thus, Corellium argues, ███████████████████████████████████████ ███████████████████ Not so. In fact, the documents Corellium has produced ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ SEP is a separate processor in Apple hardware that manages the encryption keys for user data, and it is "one of the most closely guarded components of the iPhone."[1] It is also a component of an iPhone that would be far easier to understand and emulate ████████████████████████.[2] ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[1] ECF No. 342-4 at 3.

[2] Prior to joining founding Corellium, Corellium co-founder and Chief Technology Officer of Platform and Security, David Wang, reportedly discussed the ability to access the highly confidential SEP ████████████████████ *See* ECF No. 342-4 at 6.

[3] Ex. F at 6–7 (████████████████████

██████████████████████████████████████████████████████████████████████[4]

If, in fact, Mr. Wade ███████████████████████████████████████████████
████████████████████████████████████████████████████████████████████ would directly support Apple's claims of infringement and violations of the DMCA, and would also substantially undercut Corellium's defenses and credibility. Apple is entitled to discover this critically important information.

## II. CORELLIUM'S ARGUMENTS ARE NOT SUPPORTED.

Corellium makes a number of other arguments in support of its claim that Apple should be denied this basic discovery regarding a core aspect of the case, but none are supportable.

**Relevance of Corellium's ██████████████** First, Corellium asserts that Mr. Wade's ████████████████ has no relevance to this case. When the Court first considered this matter, Corellium assured the ████████████████████████████████████████████████████
████████████████████████████████████████████████████ Neither of those statements was true.[5]

While Corellium represented to this Court, and to Apple in its discovery responses, that █
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████

Equally concerning is ████████████████████████████████████ Apple was more

---

████████████████████████████████████████████████████████████████████████.

[4] *See* ECF No. 369-1 at 24–25 (discussing █████████████████████████).

[5] ████████████████████████████ a call Governor DeSantis, a college classmate of Latham partner Andrew Gass, made to Mr. Gass. *See* ECF No. 361 at 7 n.10. █████████████████
████████████████████████████████████████ Governor DeSantis in fact merely noted that he was aware of the lawsuit but of course took no position on it. Moreover, ████████████████████████████████████████████████████ is surprising given that ***it opposed an extension of deadlines to address COVID 19.*** *See* ECF. 244 at 5–6.

3

than willing to ███████████████████████████████████████

████████████████████████████████ But now Corellium is ████████████

██████████████████████████████████████████ At his deposition, ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ Apple, however, has seen no evidence whatsoever ████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ As the Court aptly recognized, ████████

████████████████████████████████████████████████████████████████

████████████████████ The only evidence available to Apple—and the reason this issue is now before the Court—██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████

**Claims Regarding Mr. Wade's Personal Capacity**. ████████████████████

████████████████████████████████████████████████████████████████

seemingly based on its claim that ████████████████████ done in his capacity as Corellium's CTO. But the evidence demonstrates that ██████████████████████████

████████████████████████████████████████████████████████████████

████████ *See, e.g.*, Ex. M; *see also* Ex. N (Corellium general ledger entries showing expenses from Ex. M). For example, ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ *Compare* ECF No. 346-2, *with* Ex. O; *see also* Ex. N. Mr. Wade also used ████████████████████████

████████████████████████████████████ *Compare* ECF No. 64 (Counterclaims) ¶ 27(a), *with* ECF No. 346-5. In short, the documents Corellium has produced ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

4

███████████████████████████████████[6]

***Claims Regarding Supposed Discovery Unfairness***. Corellium also argues, inexplicably, that it was unfairly prejudiced because ██████████████████████████████ ████████████████████ on Friday, April 17, 2020, and not earlier. As a threshold matter, it is not clear what possible unfairness could result from this, given that ████████████████ ██████████████████████████████████████████████████████████████████████ If anyone was prejudiced by a failure of disclosure here, it was Apple: █████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ With respect to why Apple did not produce the documents in February 2020, the answer—as Apple has already explained to Corellium's counsel—is straightforward. Apple did ████████████████ ████████ Apple ██████████████████████████ and produced them in April 2020, during the fact discovery period, after engaging in its forensic collection process to ensure preservation of corresponding metadata and custodian information. Corellium itself produced 1916 documents, totaling 4261 pages—some that appear to have been ██████████████— in the final eleven days of fact discovery. *See, e.g.*, Ex. P. ***Yet Corellium has still never produced any evidence regarding its*** ████████████████████████

***Claims Regarding Need To Share Sealed Documents*** ████████████ Finally, Corellium contends that ██████████████████████████████████████████████████ because "██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████." ECF No. 361 at 4. This is both incorrect and illogical. First, as Corellium's own exhibit reveals, Apple did provide Corellium with a substantially unredacted version of the Motion with just a handful of lines identified as containing Apple's confidential information. *See* Ex. Q (Apple confidential highlighted); ECF No. 361-5 at 2. Second, Corellium fails to identify any reason why it would need to show Apple's motion to anyone to confirm ████████████ the facts of which should be readily known to both Mr. Wade and ████████████████████

For the foregoing reasons, Apple respectfully requests that this Court grant Apple's motion.

---

[6] Corellium, for example, produced 44 documents related to an algae scrubber Mr. Wade purchased, but zero documents ████████████████████████████████ *See, e.g.*, Ex. R.

| | |
|---|---|
| Dated: April 24, 2020 | Respectfully Submitted, |
| | *s/ Martin B. Goldberg* |
| Michele D. Johnson* | Martin B. Goldberg |
| *michele.johnson@lw.com* | Florida Bar No. 0827029 |
| LATHAM & WATKINS LLP | *mgoldberg@lashgoldberg.com* |
| 650 Town Center Drive, 20th Floor | *rdiaz@lashgoldberg.com* |
| Costa Mesa, CA 92626 | Emily L. Pincow |
| (714) 540-1235 / (714) 755-8290 Fax | Florida Bar No. 1010370 |
| | *epincow@lashgoldberg.com* |
| Sarang Vijay Damle* | *gizquierdo@lashgoldberg.com* |
| *sy.damle@lw.com* | LASH & GOLDBERG LLP |
| Elana Nightingale Dawson* | 100 Southeast Second Street |
| *elana.nightingaledawson@lw.com* | Miami, FL 33131 |
| LATHAM & WATKINS LLP | (305) 347-4040 / (305) 347-4050 Fax |
| 555 Eleventh Street NW, Suite 1000 | |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.

6