# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                      WEST PALM BEACH DIVISION
                      CASE NO. 19-81160-CIVIL-SMITH
 3

 4   APPLE, INC.,                          West Palm Beach, Florida

 5             Plaintiff,                  February 12, 2020
                                                 -and-
 6        vs.                              February 13, 2020

 7   CORELLIUM, LLC,

 8             Defendant.                  Pages 1 to 368
     _____
 9

10                            MOTION HEARING
              BEFORE THE HONORABLE WILLIAM MATTHEWMAN,
11                UNITED STATES MAGISTRATE JUDGE
           (TRANSCRIBED FROM THE DIGITAL AUDIO RECORDING)
12
     APPEARANCES:
13

14   FOR THE PLAINTIFF:      JESSICA STEBBINS BINA, ESQ.
                             LATHAM & WATKINS, LLP
15                           10250 Constellation Boulevard
                             Suite 1100
16                           Los Angeles, California 90067

17
                             ELANA NIGHTINGALE DAWSON, ESQ.
18                           LATHAM & WATKINS, LLP
                             555 Eleventh Street, Northwest
19                           Suite 100
                             Washington, DC 20004
20

21                           EMILY PINCOW, ESQ.
                             LASH & GOLDBERG, LLP
22                           100 Southeast Second Street
                             Suite 1200
23                           Miami, Florida 33131

24

25
```

1       MR. LEVINE:  We can probably put that in the affidavit,
2  sir.
3       THE COURT:  I mean, if they're concerned about that.
4       But the problem I'm having is you seem to accept your
5  client's position as gospel and your argument seems to be:
6  This is the way it is.  Therefore, Apple has no right to
7  discover into any other alternative explanation of what
8  Corellium is doing.
9       And that's not the way it works.  Apple has a right to
10 find out this product that they're alleging is infringing on
11 their copyright.  They have a right to understand what
12 Corellium has done by taking their iOS or utilizing their
13 files, their proprietary information and what they've done with
14 this inside Corellium that violated copyright.
15      And I understand you're saying that this is a virtue --
16 a visualization project or a virtualization product.  But they
17 need to get sufficient discovery in order for them to determine
18 if that argument is correct or not.
19      MR. LEVINE:  Right.
20      So I think the point that I've made consistent
21 throughout today's proceedings as well as through our
22 conferrals is that we concede that code, function, design, use
23 as it relates to the virtualization of iOS would be -- would be
24 discoverable.
25      Anything relating to their core product, hypervisor,

1  purported product that Apple puts out that we are -- that's the
2  subject of a copyright DMCA action.
3         So we've already advised them in a response for request
4  for admission, and we will respond that we don't have any
5  contracts, any contracts whatsoever, or any agreements with the
6  Federal Government.
7         They want now if we have discussions with -- and
8  documents regarding discussions with the Federal Government.
9  Well, frankly, I don't know even if it exists.  But that does
10 not go to the very nature of the specific allegations in this
11 case.
12        And we have --
13        THE COURT:  They're asking for discussions.  They're
14 asking for an informal understanding.
15        MR. VINE:  Well, we don't -- so they are -- the
16 Government may be an end user.  We already have our list of
17 clients.  They weren't listed on that list.  They can ask at
18 depositions a similar question.
19        And Judge Reinhart, who I've been before a number of
20 times, says:  Sometimes people should take corporate rep
21 depositions in the beginning; and sometimes the judges allow
22 it, too, because you can find out -- instead of sending
23 hundreds of requests for production, you can find out kind of
24 the gamut of what exists.
25        So to me, if there's any inquiry about, quote,

```
 1            MR. LEVINE:  It's framed by the pleadings.
 2            THE COURT:  So what I'm trying to understand is if --
 3   let's assume that a Federal Government agency or employee has
 4   the Corellium Apple product and you're calling it not a sale
 5   and not commercialization.
 6            Isn't the other side entitled to look at that and see
 7   if it is sale or commercialization?  Or do they just have to
 8   accept your word it isn't?
 9            MR. VINE:  I think we're talking about apples and
10   oranges, because I think, your Honor, the way it was just
11   framed, that would make, you know, a little -- you know, it
12   would make sense.
13            But that's not what's happening.
14            We sell the product to specific people.  And that's all
15   we do.  We don't just give the product out for free in that --
16   in that sense.  We sell the product.
17            And, more importantly, the product at issue is under --
18   the issue that we're dealing with is a copyright infringement.
19   So what are the elements of copyright versus fair use?  None of
20   the issues as it relates to any interactions with the Federal
21   Government --
22            THE COURT:  Are you concerned that you've sold it to
23   somebody who has given it to the US Government?  Is that the
24   concern?
25            MR. VINE:  No.  We have overriding concerns that we
```

1    tried to with the stipulation -- tried to address without --
2    not coming in here.  But there's national security concerns
3    that --
4            THE COURT:  So why doesn't the Federal Government come
5    in here to raise concerns?
6            MR. VINE:  I --
7            Do you want -- you can address that point.
8            MR. LEVINE:  Yeah.
9            So actually, your Honor, we're trying to resolve it
10   here.  If not, then maybe the case.
11           THE COURT:  Well, I mean, usually, when the Federal
12   Government has a national security concern, they're not shy
13   about coming into court and asserting it.
14           MR. VINE:  But I really want to veer away from that
15   issue because, frankly, we don't need to get to that point
16   because, while I understand Rule 26.1 allows obviously some
17   broad discovery, there's also limitations.  And there's case
18   law.  And the Southern District is very clear on these
19   limitations.
20           By us agreeing to the core of what they need for their
21   elements to prove their case or disprove or -- any of our
22   affirmative defenses, by us responding by our proposal, that's
23   exactly what they need.
24           It's not -- it's not me just saying:  Trust me.
25   It's -- no.  It's me saying:  We don't have any contracts or

```
 1   involved on Defendant's side had said something that made it a
 2   very central issue in our view to understand more fully the
 3   nature of this relationship or alleged relationship, because it
 4   would have been potentially impairing all of our requested
 5   relief in the action.
 6           And so we had to seek discovery on it.
 7           THE COURT:  Okay.  So let me just --
 8           MS. STEBBINS BINA:  So that --
 9           THE COURT:  Let me tell you what my position is on
10   this, because I did look at this.
11   ████████████████████████████████████████████████████████████
12   don't think matters in this case.
13           However, the only thing that might matter is whether
14   ██████ uses the allegedly infringed product by giving it to
15   ██████   or selling it to   ██████   or allowing ████ to use
16   it.
17           I think that could be relevant in this case.
18           MR. LEVINE:  I can clarify that.  I'll go on the record
19   right now and say that is not the case and that does not
20   happen.
21           MR. GAUKROGER:  And we agreed to that yesterday.
22           MS. STEBBINS BINA:  And, your Honor, in terms of the
23   sealing motion, obviously, ████████████████████████████████
24   ████████████████████████████████████████████████████████ or
25   anything along those lines.
```

```
 1   soon as we get them all done.
 2           And then just keep in mind we need to be back here --
 3   we need to have all this production done by the 24th and then
 4   we'll be back here on the 27th at 10:00 a.m.  All right?
 5           MR. LEVINE:  Thank you, your Honor.
 6           MS. STEBBINS BINA:  Your Honor, thank you.
 7           THE COURT:  Have a good day.
 8           MS. STEBBINS BINA:  Thank you.
 9           THE COURT:  Court's in recess.
10           (Proceedings concluded.)
11
12
13
                       C E R T I F I C A T E
14
15        I hereby certify that the foregoing is an
16   accurate transcription of the proceedings in the
17   above-entitled matter to the best of my ability.
18
19
     _____          /s/Lisa Edwards
20       DATE              LISA EDWARDS, RDR, CRR
                           (305) 439-7168
21                         Reporterlisaedwards@gmail.com
22
23
24
25
```