UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S REPLY IN SUPPORT TO CORELLIUM'S MOTION TO COMPEL PLAINTIFF APPLE INC. TO PRODUCE ALL RELEVANT INFORMATION PERTAINING TO [REDACTED], [REDACTED] AND ANY OTHER SIMILAR, PARALLEL, AND/OR COMPETIVE TECHNOLOGY APPLE INC. HAS DEVELOPED OR IS CURRENTLY DEVELOPING, OR, IN THE ALTERNATIVE, MOTION TO EXCLUDE INFORMATION AND DOCUMENTS PERTAINING TO [REDACTED] AND [REDACTED][1]**

Defendant, CORELLIUM, LLC ("Corellium"), pursuant to Local Rules 7.1 and 26.1 and by and through undersigned counsel, files this Reply in Support of its Motion to Compel all relevant information pertaining to [REDACTED] and any other similar, parallel, and/or competitive technology Apple has developed or is currently developing, or in the alternative, moves to exclude information and documents relating to [REDACTED] [D.E. 341] ("Motion to Compel"). In support, Corellium states as follows:

---

[1] Apple filed its Response in Opposition to the Motion to Compel at 11:47 p.m. on April 23, 2020.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

I. **Corellium Necessitates Additional Discovery Due to Apple's Misleading and Contradictory Information**

Initially, Corellium's Motion to Compel is brought on the grounds that Apple has provided misleading, confusing, and contradictory discovery responses and testimony as it relates to ▮▮▮▮▮▮▮▮▮ and any other competitive, similar, and/or parallel products. As the result of Apple's discovery practices, Corellium seeks relief from the Court to compel Apple to provide information to alleviate this confusion stemming from Apple's contradictory discovery and allow Corellium to properly investigate relevant information.

In particular, Corellium, early in discovery, propounded discovery requests that related to Apple's competing technology. The Court, however, mindful that Corellium's request may lead into other, less relevant and highly confidential areas of business, instructed Corellium to be more precise with the information it sought and to refine its scope such that Apple was not subject to excessive discovery. *See*, Ex. 1, 275:18-22. The Court applied the same rationale to information concerning Apple's internal technology or testing.

Corellium did exactly as the Court ordered and propounded targeted discovery to learn about Apple's similar and parallel products. Importantly, Corellium specifically sought information pertaining to Apple' similar and parallel products because of Apple's prior representations that Apple did not possess directly competitive products, but rather similar security-based products that compete in the security market.[2]

Later, in response to Interrogatory No. 18, Apple, instead of complying with the Interrogatory, elected to provide a list of "competitive" technologies. *See*, Motion, Ex. 1. The list comprised of three specific products: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Answer"). *Id*. At no point in time, however, did Apple ever changed its Answer, and thus, Corellium reasonably relied upon Apple's Answer that it had disclosed all competing technologies, which led to Corellium to target these named-products in its discovery efforts.

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, 161:5-8. Also adding that, "we name I think two products that we believe compete with Corellium. But not because they're hypervisors; because they're security product research tools that Apple offers to the public." *Id*., 202:21-24.

Fast forward to the deposition of Ivan Krstic, ███████████████ ███████ Corellium broached the topic of competing technologies to ensure ███████ ████████████████████████████ Specifically, Corellium asked ███████ ████████████████████████████████████████ *See*, Ex. 2, 113, 13-15. Mr. Krstic, replied, ████████████████████████████ ████████████████████████ ████████████████████████ thus causing confusion for Corellium.

Next, during the deposition of Jon Andrews, which occurred on April 7, 2020, less than two weeks before the close of discovery, Corellium again broached the topic of competitors. This time, however, ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████ D.E. 341-2, 215:1-17. Importantly, however, ████████[3] is nowhere to be found in Apple's response to Interrogatory No. 18, ███████ ████████████████████████ Furthermore, Corellium also ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ D.E. 365-6, 122:16-21. This only added to Corellium's confusion.

Now, less than two weeks before the close of discovery, Corellium had been provided three different answers as to whether Apple has competing technologies, (1) Apple's Answer, (2) Mr. Krstic's testimony, and (3) Mr. Andrew's testimony. It is notable that the first time █████ was mentioned was past the time that any new written discovery could be issued by Corellium.

To add an additional layer of contradiction, Apple, ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████.[4] Once again, ████████████████████████████████ are nowhere to be found. Mr. Firlik's deposition was taken on April 16, 2020—four days before the close of fact discovery.[5]

---

[3] The documents produced relating to ████████ do not reflect any sort of competitive nature.
[4] Apple's Amended and Supplemental Initial Disclosure. Ex. 3, pg. 3.
[5] Apple in its Response offered a ████████████████████████████████ ████████████████████████████████████████████████████ D.E. 365-20. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

Corellium, in response to all the newly realized contradictory positions of Apple, immediately reached out to counsel for Apple to discuss the inconsistencies regarding the allegedly competing technologies. In particular, Corellium proposed that, as an alternative to motion practice and intervention of the Court, Apple provide Corellium ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [D.E. 341-5]. Corellium explained to Apple that additional discovery or a stipulation by Apple that it will not use ▮▮▮▮▮▮▮▮ as competing products at trial was necessary due to the contradictions that resulted from the testimony of Apple's employees.[6] Corellium had a conferral with Apple, during the conferral ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Following the conferral, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.E. 341-5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. Apple refused to enter into a stipulation. This, however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. Accordingly, Apple's failure to disclose the competing and/or parallel technologies until days before the close of discovery and after the time when new written discovery can be issued, has caused prejudice to Corellium's ability to investigate these technologies.[7]

## II. **Apple's Untimely Argument is Baseless**

Apple claims Corellium has waived its chance to raise a motion to compel on Interrogatory No. 18. This claim is baseless. Corellium promptly brought this issue Apple in its correspondence dated March 8, 2020. Interrogatory No. 18 was one of the issues that were set to be discussed in the hearing dated March 16, 2020 as included in the Joint Notice filed by the Parties on March 12. [D.E. 224]. However, due to time-constraints this item was not addressed at the hearing on March 16, 2020 and the Court ordered Apple to "revise its discovery responses to fully and completely answer the discovery requests propounded by Corellium." *See*, Court's Omnibus Order [D.E. 249].

---

▮▮▮▮ D.E. 341-4, 114:3-7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*., 113:24-25 to 114:1.
[6] Particularly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* D.E. 341-2, 121:22-25.
[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3, pg. 5.

4

CASE NO.: 9:19-CV-81160-RS

On March 31, 2020, Apple provided an Unverified Amended Answer to Interrogatory No. 18 and provided a Verified Answer on April 6, 2020 ("Amended Answer"). [D.E. 365-6]. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id*. Nowhere in its Amended Answer ███████████████████████████████████████████

Moreover, Apple insists that Corellium's Motion to Compel, as well as the relief sought therein, is both untimely and unwarranted. However, as discussed above, Corellium immediately upon discovering the contradictory positions taken by Apple █████████████████████ █████████████████████████████████ Accordingly, any delay alleged by Apple is simply not the case.

### III. The Information Corellium Seeks is Proportional to the Needs of this Case

Apple takes the position that the information Corellium seeks relating to competing, parallel, and/or similar technologies that Apple may possess is disproportional to the lawsuit because Corellium is asking the wrong question in this litigation. *See* Response at 5. Indeed, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* Apple's position, however, dismisses the doctrine of fair use in copyright law, which has been raised by Corellium since the beginning of the lawsuit. *See*, D.E. 64. Corellium has requested discovery in support of its fair use defense and the Court has effectively resolved disputed issues, however, now that Apple has contradicted its own Answer, it has become necessary for the Court to intervene. While copyright infringement generally does not consider internal and yet-to-be-released products, copyright's fair use defense does. 17 U.S.C. 107(4); *see also Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1496 (11th Cir. 1984) ("[t]he fact that [the plaintiff] does not actively market copies of the news programs does not matter, for Section 107 looks to the 'potential market' in analyzing the effects of an alleged infringement"). *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (Under section 107, "potential market" means either an immediate *or a delayed market*, and includes harm to derivative works.) (emphasis added). In fact, competition, both actual and potential, is the *gravamen* of fair use's fourth factor relating to market share, which courts, despite Apple's

assertion of "attenuated relevance at best," have deemed an essential factor to the fair use analysis. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015) ("The fourth fair use factor, . . .focuses on whether the copy brings to the marketplace a competing substitute for the original, or its derivative"). To be sure, Apple, throughout its argument, downplays the importance of both competing, parallel, and/or similar technologies as well as the importance of the fourth factor regarding market share in fair use determinations by attaching phrases like "marginally relevant" and "attenuated relevance at best." However, despite Apple's best attempt minimalize the weight of the fourth fair use factor, the federal courts have been crystal clear about its importance. *Authors Guild*, 804 F.3d at 223 (2d Cir. 2015) ("the fourth factor [of copyright fair use] is of great importance in making a fair use assessment."); *see also Katz v. Chevaldina*, 2014 WL 2815496, at *8 (S.D. Fla. June 17, 2014) ("The Supreme Court has stated that market effect is 'undoubtedly the single most important element of fair use.'").

Additionally, as discussed in greater detail in Corellium's Motion to Compel, competing, parallel, and/or similar technologies are also relevant to whether Corellium's product is transformative, as inherently, if a product lacks competing, parallel, and similar technologies, this is indicative of the fact that it is transformative—there's nothing and no one else that can compete. *See Authors Guild*, 804 F.3d at 223 ("the more the copying is done to achieve a purpose that differs from the purpose of the original, the less likely it is that the copy will serve as a satisfactory substitute for the original."); *Fuentes v. Mega Media Holdings, Inc.*, 2011 WL 2601356, at *17 (S.D. Fla. June 9, 2011) (finding the more transformative a work, the less likely it is to cause market harm). Accordingly, it is clear that not only do both the first and fourth factor of fair use examine competing, parallel, and similar technologies, it is a critical aspect of their analyses.

Moreover, if Apple could assure the Court and Corellium that Apple has no intent on utilizing or presenting these technologies as similar, competitive, or parallel at trial, Corellium would agree that such information is marginally relevant at best. However, Apple will not do this. Accordingly, if Apple plans to use this information against Corellium, it must not only be relevant, but also prejudicial to have hidden it when it was requested and now prevent Corellium to investigate by its own means. Therefore, this Court should either compel Apple's limited production of information relating to competing, parallel, and/or similar technologies that Apple may possess, or alternatively, prevent Apple from using the same, ▓▓▓▓▓▓ ▓▓▓▓ at trial.

CASE NO.: 9:19-CV-81160-RS

Dated: April 24, 2020   Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945
      MICHAEL A. BOEHRINGER
      Florida Bar No.: 1018486

      *and*

      HECHT PARTNERS LLP
      *Counsel for Defendant*
      20 West 23rd St. Fifth Floor
      New York, NY 10010
      Telephone (212) 851-6821
      David Hecht, *Pro hac vice*
      E-mail: dhecht@hechtpartnersllp.com
      Maxim Price, *Pro hac vice*
      E-mail: mprice@hechtpartnersllp.com
      Minyao Wang, *Pro hac vice*
      E-mail: mwang@hechtpartnersllp.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on April 24, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*