```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA
 2                        WEST PALM BEACH DIVISION
                        CASE NO. 19-81160-CIVIL-SMITH
 3

 4   APPLE, INC.,                         West Palm Beach, Florida

 5             Plaintiff,                 February 12, 2020
                                             -and-
 6        vs.                             February 13, 2020

 7   CORELLIUM, LLC,

 8             Defendant.                 Pages 1 to 368
     _____
 9

10                           MOTION HEARING
              BEFORE THE HONORABLE WILLIAM MATTHEWMAN,
11                 UNITED STATES MAGISTRATE JUDGE
            (TRANSCRIBED FROM THE DIGITAL AUDIO RECORDING)
12
     APPEARANCES:
13

14   FOR THE PLAINTIFF:         JESSICA STEBBINS BINA, ESQ.
                                LATHAM & WATKINS, LLP
15                              10250 Constellation Boulevard
                                Suite 1100
16                              Los Angeles, California 90067

17
                                ELANA NIGHTINGALE DAWSON, ESQ.
18                              LATHAM & WATKINS, LLP
                                555 Eleventh Street, Northwest
19                              Suite 100
                                Washington, DC 20004
20

21                              EMILY PINCOW, ESQ.
                                LASH & GOLDBERG, LLP
22                              100 Southeast Second Street
                                Suite 1200
23                              Miami, Florida 33131

24

25
```

1    its devices?
2            There's simply no reason to go into our own internal
3    testing and development to figure out what an end user
4    experiences.
5            I do want to make a point about similar product Apple's
6    offering, because that's not quite accurate.  We say we offer a
7    competing product.  And Apple does offer other security-based
8    products.
9            Apple does not and has chosen not to offer anything
10   akin to what Corellium is doing in terms of allowing people to
11   pause, look at, copy, download the code that they have as part
12   of their project.
13           So I do want to just clarify that point.
14           But to Corellium's point, this is also utterly
15   irrelevant if their process is more efficient than our process.
16   Copying a book takes less effort than writing a book.  Like I
17   think it's a given that in many instances an infringing work
18   will take less effort than the original work to create or to
19   develop.  But that doesn't mean that you can go and get
20   discovery on how the underlying work was developed or on
21   potentially new highly confidential R&D that has nothing to do
22   with this case.
23           So, your Honor, I think it's just straight-up
24   irrelevant under the fair use analysis, which compares the
25   copyrighted work to Corellium's -- to Corellium's work.

```
 1              MS. CONSTANTINE:  I can answer that, your Honor:
 2              During that due diligence portion of Corellium's
 3   potential acquisition by Apple, Corellium provided all of its
 4   technology to Apple.
 5              We just want to make sure that none of that technology
 6   has been -- it's being utilized by Apple.  And that's why the
 7   interrogatory was framed this way.
 8              THE COURT:  All right.  Let me hear from Ms. Bina.
 9              MS. STEBBINS BINA:  So, your Honor, that last point is
10   the first I've heard, but also way beyond the scope of this
11   case.
12              They don't have a claim for infringement of their
13   technology.  And the fact that they showed a demo to Apple
14   doesn't somehow open the field into Apple's own internal
15   development of hypervisor emulation simulation virtualization.
16   If they want to ask a question, "Are you using any of
17   Corellium's technology," we could answer that question.  The
18   answer is no.
19              THE COURT:  Hypervisor is Corellium's?
20              MS. STEBBINS BINA:  Hypervisor is Corellium's.
21              And, your Honor, in our complaint, we name I think two
22   products that we believe compete with Corellium.  But not
23   because they're hypervisors; because they're security product
24   research tools that Apple offers to the public.
25              And Corellium didn't ask us an interrogatory about
```

1    inspection.
2            We need to know what those labs are or what Apple is
3    doing to compete in the same markets as Corellium, as it has
4    claimed before.
5            We believe these documents of any pictures or
6    documentation as to how they're keeping the security,
7    development and research that Corellium is doing -- that they
8    claim that we're competing against them, we believe that those
9    documents are highly relevant to this case to be able to prove
10   our defense, your Honor.
11           THE COURT:  Thank you.
12           Ms. Bina?
13           MS. STEBBINS BINA:  Briefly, your Honor:
14           We discussed this issue extensively yesterday.  We've
15   alleged in our complaint a couple of specific products that we
16   believe are competitive with Corellium's product.  They haven't
17   served discovery about those specific competing products.
18           Instead, just like with their request yesterday,
19   they're looking to Apple's own internal development,
20   confidential things that aren't on market, internal testing,
21   highly confidential, highly proprietary and utterly irrelevant
22   to this action.
23           For the same reasons discussed extensively yesterday,
24   the question is whether the -- their product is transformative
25   of the -- of the copyrighted works.  And the question is:  What