UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

**ORDER DENYING DEFENDANT CORELLIUM'S MOTION TO COMPEL PLAINTIFF APPLE TO PRODUCE PURPORTEDLY PRIVILEGED DOCUMENTS [DEs 344, 349]**

THIS CAUSE is before the Court upon Defendant, Corellium, LLC's ("Corellium") Motion to Compel Plaintiff Apple Inc. to Produce Purportedly Privileged Documents ("Motion") [DEs 344, 349[1]]. This matter was referred to the undersigned by United States District Judge Rodney Smith. *See* DE 32. Plaintiff, Apple Inc. ("Apple") filed a response [DE 363] and separately filed two sealed exhibits [DE 368]. Corellium filed a reply [DE 370]. The Court has carefully reviewed all of the filings and exhibits related to this motion. The Court finds that no hearing is necessary. The matter is therefore now ripe for review.[2]

                **I.**        **MOTION, RESPONSE, AND REPLY**

In its Motion, Corellium asserts that, on April 17, 2020, Apple provided its Second Amended Privilege Log, in which Apple claims attorney-client privilege "over redactions in

---

[1] The public, redacted version of the Motion is at DE 344, and the sealed version of the Motion is at DE 349.
[2] Because the Motion was filed at 11:58 p.m. on the April 20, 2020 fact discovery cutoff date, and because dispositive motions are due by May 11, 2020, the Court has expedited both the briefing and its ruling on this Motion.

1

several documents on which no attorney appeared as an author, sender, or receiver, and for which the privilege descriptions and surrounding circumstances still do not establish that the document is privileged." [DE 349, p. 2]. Corellium contends that Apple has not established that the challenged documents are protected by the attorney-client privilege. *Id.* at p. 4. Corellium also argues that Apple made a baseless claim of work-product protection over more than 1,000 documents in prior iterations of Apple's privilege log, but then determined in the Second Amended Privilege Log that those documents were not actually work-product protected; according to Corellium, Apple's conduct has prejudiced it. *Id.* at p. 5. Corellium requests that the Court

> conduct an *in camera* review of 5% (or 50) of the documents that were previously claimed to be covered by the work product doctrine and are currently claimed to be covered by attorney-client privilege. These documents would be selected by Defendant to comprise a cross-section of the kinds of deficient descriptions that are being challenged. If documents continue to be withheld that should not be, Plaintiff should be compelled to produce all other documents with similar deficiencies in the privilege log.

*Id.*

In response, Apple argues that its Second Amended Privilege Log is in no way deficient and that it is in full compliance with the Local Rules. [DE 363, p. 1]. Apple points out that Corellium has only actually taken issue with eight privilege log entries—all of which are for documents that Apple did produce, but in a redacted format. *Id.* Apple asserts that the eight documents at issue, which are communications between non-legal employees, are attorney-client privileged despite Corellium's arguments to the contrary, and Apple further asserts that it has met its burden of establishing that the documents at issue are privileged. *Id.* at pp. 2-4. Apple argues that its five-week long conferral effort with Corellium over privilege log issues, along

2

with Apple's clarification of its privilege claims in its Second Amended Privilege Log, establishes its good faith. *Id.* Apple requests that the Court reject Corellium's request for *in camera* review. *Id.* at p. 4. Apple maintains that the 1,020 documents that it previously withheld as work-product privileged, and then recently determined are not work-product privileged, are still being withheld on the basis of attorney-client privilege. *Id.* Moreover, Corellium has not objected to those 1,020 documents being withheld on the basis of attorney-client privilege. *Id.*

In reply, Corellium claims that Apple's conduct in this case implies that its privilege review is unreliable, and its assertions of privilege are improper. [DE 370, pp. 2, 4]. Corellium argues that this Court should grant Corellium's Motion and "conduct an *in camera* review of (i) the eight Challenged Documents and then order Apple to produce in full those eight documents, and (ii) conduct an *in camera* review of a subset of 5% (as chosen by Corellium) of the 1020 improperly designated documents to determine whether Plaintiff properly claimed privilege over the documents on the Second Amended Privilege Log." [DE 370, pp. 2, 6]. Corellium asserts that it has established that *in camera* review is proper under the applicable case law. *Id.* at pp. 2-3.

## II.     ANALYSIS

This motion concerns Corellium's suspicions and assertions that Apple has improperly designated non-privileged documents as privileged on Apple's Second Amended Privilege Log. Corellium asks this Court to conduct an *in camera* review of the eight challenged documents, and to also conduct an *in camera* review of 5% of approximately 1,020 documents (as chosen by Corellium) to determine whether Apple's privilege claims as to those documents are proper. Corellium ultimately seeks an order requiring the production of those documents after the Court's *in camera* review.

3

### A. <u>The Eight Challenged Documents</u>

Corellium's first argument is that Apple improperly withheld the full versions of eight documents Apple represents are attorney-client privileged, and further, that Apple only produced redacted copies of those eight documents. Corellium claims that none of the eight challenged documents are covered by the attorney-client privilege. To put the dispute in context, five of those eight documents are text messages and three are emails involving the same email chain. Corellium asks this Court to review the full versions of the eight documents *in camera* and then order the documents to be produced in full.

In deciding this issue, the Court has carefully reviewed Apple's Second Amended Privilege Log [DE 368] and the redacted versions of the eight documents that are at issue in the Motion [DE 349-11, 349-12, 349-13, 349-14, 349-15, 349-16, 349-17, 349-18]. The Court first finds that Apple's Second Amended Privilege Log sufficiently complies with Southern District of Florida Local Rule 26.1(e)(2)(B)(ii)(a) and provides an adequate description of the withheld documents. *See Dykstra v. Fla. Foreclosure Attorneys, PLLC*, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016).

After considering all of the facts and circumstances underlying this dispute, the Court next finds that *in camera* review of the eight challenged documents is unnecessary. *See LeBlanc v. Coastal Mech. Servs., LLC*, No. 04-80611-CIV, 2005 WL 8156077, at *5 (S.D. Fla. May 25, 2005). Apple has established a factual basis to support its contention the attorney-client privilege applies to these eight challenged documents and that *in camera* review is unnecessary. The Court finds that Apple's Second Amended Privilege Log [DE 368] and its Response [DE 363] establish that there is no legitimate issue regarding the application of the attorney-client privilege as to the

4

eight challenged documents. Apple has sufficiently established that the redacted portions of these documents are subject to the attorney-client privilege. The Court therefore sustains and upholds Apple's attorney-client privilege as to the eight challenged documents.

## B. Corellium's Request That It Choose 5% of Over 1000 Documents for This Court to Review *in Camera* to Ascertain Whether Apple's Claim of Attorney-Client Privilege as to Those Documents is Improper

In its Motion, Corellium also requests that the Court require Apple to submit an additional 5% (as chosen by Corellium) of more than 1,000 withheld documents for *in camera* review by the Court. Corellium claims this is necessary because, until Apple recently provided its Second Amended Privilege Log, Apple baselessly asserted work-product protection over those documents, and, therefore, its privilege review process is suspect. However, the Court does not find such a broad *in camera* review to be necessary or appropriate in this case for a number of reasons.

First, it is clear that Apple initially asserted both work-product protection and attorney-client privilege over the more than 1,000 documents it withheld. When Corellium voiced concerns to Apple over certain entries on Apple's privilege log, the parties engaged in five weeks of conferral regarding the privilege log. Because of the complex nature of this case, this conferral process was lengthy, complex and detailed. After that conferral process was completed, Apple served a Second Amended Privilege Log which maintained its attorney-client privilege claims over the 1,020 documents but withdrew its work-production protection claims as to those documents. In effect, Corellium questions Apple's good faith because Apple revised and clarified its privilege log after lengthy conferral. Corellium also claims it was prejudiced by this process.

The Court rejects Corellium's arguments. While Apple's withdrawal of its work-product claim as to the documents at issue just three days prior to the fact discovery cutoff date may seem suspicious to Corellium, it does not appear unusual to the Court based on the litigious history of this case and opposing counsel's demonstrated communication problems with each other. The Court has repeatedly stated that it expects and requires counsel to confer in good faith with one another in an effort to resolve discovery disputes, such as this one over Apple's privilege log.

Rather than being suggestive of Apple's bad faith, as Corellium frames the issue, the Court finds that Apple's correction and revision of its privilege log is evidence of its good faith efforts to ensure that its privilege log is accurate and correct. There is absolutely no prejudice to Corellium in this regard, especially since Apple's attorney-client privilege claim as to the withheld documents is proper. This is not a case where Apple withheld over a thousand documents on bogus privilege grounds and then dumped them on Corellium at the last minute. If that were the case, the Court would view this dispute much differently. Rather, this is a case where Apple claimed both work-product protection and attorney-client privilege over the documents, and then, after lengthy conferral, withdrew its work-product claim and maintained its proper and appropriate attorney-client privilege claim.

Second, Corellium's assertion that Apple's conduct in revising and correcting its privilege log suggests bad faith or the unreliability of Apple's privilege review is especially curious, and quite ironic, in light of Corellium's conduct in this case regarding its own privilege log problems. For example, on February 13, 2020, this Court entered an Order requiring Corellium to review its privilege log and determine if certain documents should be taken off the

log and produced to Apple in light of the Court's rulings. [DE 149, p. 3]. Thereafter, on February 26, 2020, the parties filed a Joint Notice stating that, **after further conferral**, both Corellium and Apple were serving revised privilege logs. [DE 188, p. 3]. Then, on March 11, 2020, the parties filed another Joint Notice, **after further conferral,** in which Corellium stated that it "is still working through its extensive privilege log to gather those materials that were previously deemed privileged but will be produced." [DE 224, p. 14]. And to top it all off, on March 20, 2020, this Court entered an Order which found that Corellium's privilege log "does appear to be over-inclusive and to include improper privileges and descriptions." [DE 249, p. 9]. The Court ordered Corellium to revise its privilege log and produce non-privileged documents to Apple. [DE 249, pp. 9-10].

Yet, now Corellium wants this Court to presume bad faith on the part of Apple for revising its privilege log just as Corellium has repeatedly done in this case. Corellium additionally asks this Court to conduct a lengthy and time consuming *in camera* review of Apple's withheld documents based on its suspicions. The Court declines to go down that rabbit hole.

The Court notes with continued disappointment that opposing counsel in this case have been highly suspicious and critical of each other's professional and ethical conduct throughout this litigation. In fact, this Court has spent hundreds of hours in this case dealing with the parties' plethora of motions and filings over repeated discovery disputes. The Court has previously commented upon the incessant discovery bickering amongst counsel in this case. *See, e.g.* DE 144, pp. 1-2. There have been many direct and implied accusations and suspicions of improper attorney conduct leveled in this case by opposing counsel. Such accusations and suspicions

regarding opposing counsel, and the constant bickering during discovery, is disturbing and disappointing to the Court. In effect, when opposing counsel impliedly or directly blame one another for unethical or unprofessional conduct during discovery, they are calling into question the professional and ethical behavior of the counsel for both sides. This helps neither side. It certainly garners no benefit with this Court.

The Court expects and presumes that members of the Bar who appear before this Court, even in hotly litigated cases with high stakes such as this one, nonetheless still strive and endeavor to fulfill their ethical and professional obligations. Absent probative direct or circumstantial evidence supporting claims that opposing counsel are improperly withholding documents or engaging in other discovery misconduct, the Court will not rely on counsel's suspicions. The instant motion contains suspicions of counsel, but no probative evidence.

A final reason for denying Corellium's request for *in camera* review of Apple's withheld documents is that it would be a waste of scarce judicial resources. This Court, like all of society, is in the midst of dealing with the serious and far-reaching effects of the novel coronavirus pandemic. The Court is daily, often on weekends and evenings, dealing with emergency motions, expedited motions, and other motions, matters, and requests for relief raising serious issues in both criminal and civil cases. The instant Motion, premised primarily upon the distrust and suspicion of the good faith of opposing counsel, is not a motion that warrants *in camera* review or further consideration.

### III. CONCLUSION

Upon careful review of all of the parties' filings, the relevant case law, and applicable Rules, it is hereby **ORDERED** that Corellium's Motion to Compel Plaintiff Apple Inc. to

Produce Purportedly Privileged Documents [DEs 344, 349] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of April, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge