UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-Smith/Matthewman

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

FILED BY KJZ D.C.
Apr 29, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**STIPULATION AND [PROPOSED] COVID-19
ADDENDUM TO PROTECTIVE ORDER**

WHEREAS, Plaintiff Apple Inc. and Defendant Corellium, LLC, hereafter referred to as "the Parties," have worked together to reconcile the needs of this case with the exigencies of the ongoing public health emergency;

WHEREAS, the Court entered a Protective Order on December 13, 2019 (ECF No. 50) (the "Protective Order");

WHEREAS, the Court entered a Stipulation and Order Regarding Corellium's Compliance with Omnibus Order (ECF No. 296);

WHEREAS, since the Parties entered into the Protective Order, the outbreak of the novel coronavirus ("COVID-19") has been declared a global pandemic by the World Health Organization, and the Centers for Disease Control and Prevention has described the outbreak of COVID-19 in the United States as a "rapidly evolving situation" and has recommended social distancing to limit further community spread of COVID-19;

WHEREAS, in response to the COVID-19 pandemic, virtually every state has issued a "shelter-in-place" or "stay-at-home" order to limit the spread of the disease, including those currently in place in Washington, DC, Florida, and California, which vary in scope and duration but generally require businesses not considered "essential" to close their physical offices and continue their operations remotely;

WHEREAS, Apple's normal and necessary security procedures for the treatment of computer source code used as part of litigation are not possible given the public health orders and advisories;

WHEREAS, solely in this period of national—and international—public health emergency, Apple is willing to sacrifice certain important security precautions to allow discovery in this action to continue while the public health restrictions are in place; and

WHEREAS, Corellium acknowledges the exceptional exigencies presented by the international health emergency and will not later argue that Apple's accommodations during this emergency constitute a proper approach in any other circumstances;

NOW THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. This COVID-19 Addendum to the Protective Order shall be effective immediately upon entry and, to the extent possible, will apply retroactively, and shall continue in effect until June 30, 2020, unless extended by agreement of the Parties or further order of the Court.

2. Defined terms in this Addendum have the meaning established in the Protective Order entered in this action (ECF No. 50). In addition, "Authorized Reviewer," in the context of an individual Source Code Computer, shall mean up to two outside counsel of record in this Action for Defendant, and one outside consultant or expert who, at the time of the review, is

authorized under the Protective Order entered in this action (ECF No. 50) to access all types of Confidential Material contained on the Source Code Computer.

3. Notwithstanding anything to the contrary in the Protective Order:

(a) Any Source Code Computer made available by Apple may be used as follows:

(i) The Source Code Computer must be kept, at all times, within a dedicated room within the office or home of the Authorized Reviewer and, when not in active use, must be locked in that room or, if the room does not lock, contained within a locked desk, cabinet, or safe;

(ii) Apple will provide each Authorized Reviewer with a Source Code Computer password sheet, which may be printed out and, if printed, must be locked up and stored separately from the Source Code Computer;

(iii) Except as contemplated in 3(a)(iv), no recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, devices containing unobstructed cameras (*e.g.*, webcams, unless entirely shielded with an opaque material), CDs, DVDs, or drives of any kind, may be in the Source Code Review Room when the Source Code Computer is being used;

(iv) A single device connected to the internet and containing a webcam shall be located near each Source Code Computer and enabled during any review session to allow Apple to visually monitor the activities of Corellium's Authorized Reviewers during any Source Code review, which webcam shall be positioned such that the reviewer and source code review machine are visible but the monitor of the source code review machine is not visible, solely to permit Apple's attorneys to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way—Apple will not record or preserve any visual monitoring of Corellium's Source Code review; during the pendency of the visual monitoring, the visual monitoring device shall be used solely for Apple's visual monitoring of Corellium's Source Code review;

(v) At least one hour before the Source Code Computer is turned on, the Corellium's Authorized Reviewers reviewing the Source Code shall notify Apple via email at elana.nightingaledawson@lw.com that they are beginning a review session and, before commencing review, shall activate the webcam described in the previous paragraph;

(vi) Corellium's Authorized Reviewers may review Apple Source Code between 9:00 a.m. through 9:00 p.m. ET through May 1, 2020; for any review thereafter, Corellium shall provide 24 hours' advance notice to Apple of

its intent to review Apple's source code and such review shall take place between 9:00 a.m. ET and 9:00 p.m. ET;

(vii)   During the review session and at all other times, the Authorized Reviewers shall not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device;

(viii)   The Source Code Computer must be turned off when not in active use;

(ix)   Source Code Reviews will end before the visual monitoring is intentionally terminated by the reviewer or the moment the reviewer becomes aware that the visual monitoring has been severed unintentionally or as the result of a loss of power or internet connection;

(x)   At all times, all network and USB ports and wireless transmitters of each Source Code Computer shall be and remain disabled, and the Source Code Computer shall not be connected to a printer in any way.

(b)   Corellium shall maintain an electronic "Source Code Log," which will track for each Authorized Reviewer, (1) the date of any review; (2) the "sign in" time for the review; and (3) the "sign out" time for the review.  Corellium will provide this electronic Source Code Log within one (1) business day upon Apple's request, no more than once per week.

(c)   Any Source Code Computer made available by Apple may not be removed from the home or office of the Authorized Reviewer to whom it was delivered, except to be returned to the location requested by Apple via hand carry, Federal Express, or other similarly reliable courier, after providing notice to Apple of the intended shipment and receiving confirmation from Apple that such shipment can be securely received.

(d)   If Corellium wishes to print Source Code, it will identify such pages by identifying to Apple the Source Code file name and line numbers that it wishes to have printed.  In light of the schedule in this case, and assuming Corellium has not reached the

– 4 –

page limit for print outs under the Protective Order, within one (1) business day of such written notification, Apple will then print and Bates number the specified sections, and send via Federal Express overnight delivery one (1) copy of such pages to the Corellium Authorized Reviewer who made the request. All printing limitations stated within the Protective Order shall apply.

(e) The Authorized Reviewers may keep paper Source Code printouts, provided pursuant to the foregoing paragraph, in a secured locked area in their offices or homes. At all times when not being actively reviewed, all Source Code printouts must be stored within a dedicated room within the office or home of the Authorized Reviewers that is locked when not in use.

(f) Paper Source Code printouts may only be transported or transmitted at the direction of a person authorized to receive the printouts to another person authorized to receive the printouts on paper via hand carry, Federal Express, or other similarly reliable courier.

4. If and when legal and other practical restrictions arising from the COVID-19 pandemic are lessened or eased over the course of this action, the parties agree to meet and confer for the purpose of exploring whether one or more of the provisions of this addendum Order may be vacated and the relevant terms of the Protective Order reinstated.

5. Nothing in this Order modifies, replaces, or alters any aspect of the Stipulation and Order Regarding Compliance with Omnibus Order (ECF No. 296).

Dated: April 29, 2020                              Respectfully Submitted,


Michele D. Johnson*                                *s/ Martin B. Goldberg*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP                               Martin B. Goldberg
650 Town Center Drive, 20th Floor                  Florida Bar No. 0827029
Costa Mesa, CA 92626                               *mgoldberg@lashgoldberg.com*
(714) 540-1235 / (714) 755-8290 Fax                *rdiaz@lashgoldberg.com*
                                                   Emily L. Pincow
Sarang Vijay Damle*                                Florida Bar No. 1010370
*sy.damle@lw.com*                                  *epincow@lashgoldberg.com*
Elana Nightingale Dawson*                          *gizquierdo@lashgoldberg.com*
*elana.nightingaledawson@lw.com*                   LASH & GOLDBERG LLP
LATHAM & WATKINS LLP                               100 Southeast Second Street
555 Eleventh Street NW, Suite 1000                 Miami, FL  33131
Washington, DC 20004                               (305) 347-4040 / (305) 347-4050 Fax
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.

By:

    s/ *Lizza Constantine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

      *and*

HECHT PARTNERS LLP
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

*Attorneys for Defendant* CORELLIUM, LLC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED** in West Palm Beach, Florida, this 29th day of April, 2020.

_____
**WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**