UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81160-CIV-SMITH/MATTHEWMAN

APPLE INC., )
)
Plaintiff, )
)
v. )
)
CORELLIUM, LLC, )
)
Defendant. )

**EMERGENCY MOTION BY THE UNITED STATES TO STAY THE FURTHER DEPOSITION OF CHRISTOPHER WADE AND FOR ADDITIONAL RELIEF RELATED TO PLAINTIFF'S MOTION TO COMPEL (ECF 342)**

On April 20, 2020, Plaintiff Apple Inc. ("Apple") filed a Motion to Compel Defendant Corellium, LLC ("Corellium") to Produce Documents and Allow a 90-Minute Continuance of the Deposition of Christopher Wade, ECF No. 342 (the "Motion"). Briefing on the Motion was complete on April 25, 2020. *See* ECF No. 347. On April 27, 2020, the Court issued a public order indicating that it had issued a sealed order, ECF No. 380, granting-in-part and denying-in-part the Motion and seeking additional information as to whether the order at ECF No. 380 should remain sealed. *See* ECF No. 383 (collectively, with ECF No. 380, the "Orders"). In the Orders, the Court directed Corellium to produce to Apple certain documentary materials by April 29, 2020, at 5 p.m.,[1] and make Corellium's Chief Executive Officer Christopher Wade available

---

[1] The 5 p.m. deadline was subsequently extended to 10 p.m.  ECF No. 390.

for 40 minutes of additional deposition testimony no later than May 4, 2020, and, if the parties were unable to reach an agreement on scheduling, on Friday May 1, 2020, at 2 p.m.

Pursuant to 28 U.S.C. § 517,[2] the United States respectfully moves the Court for a limited stay of Mr. Wade's deposition until such further time as the Government has had an adequate opportunity to assess its interests in the matter and confer with the parties about protecting those interests. The United States requests the opportunity to report back to the Court on May 8, 2020, and, if necessary, propose a briefing schedule to resolve any further disputes regarding the protection of the Government's interests. The United States also moves that it be granted immediate access to certain materials filed under seal in connection with the Motion that are relevant to assessing its interests in the relief granted by the Court's Orders, and which Apple has thus far objected to producing (referred to here as the "Withheld Exhibits"). The grounds for this motion are set forth below. Pursuant to Local Rule 7.1(a)(3) the Government has conferred with the parties concerning the relief sought in this motion. Counsel for the Defendant advised that the Defendant did not oppose the granting of the relief sought by the Government in this motion. Counsel for the Plaintiff advised that it opposed a stay of Mr. Wade's deposition and opposed releasing the Withheld Exhibits to the Government absent certain detailed conditions. The Government could not agree to those conditions as proposed, which included acceptance of a 30-page protective order received only late this afternoon as well as additional terms that appear to conflict with federal records law.

---

[2] 28 U.S.C. § 517 provides in relevant part that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . or to attend to any other interest of the United States."

## BACKGROUND

On April 28, 2020, the United States Filed a Notice of Potential Participation in this action (ECF 385). That notice explained that the United States is presently considering whether to participate in this litigation, pursuant to 28 U.S.C. § 517, to address issues raised by the Motion that may implicate the interests of the United States. The Notice stated further that the process for deciding whether and how to attend to the interests of the United States in this case requires consultation with interested agencies and the approval of the U.S. Department of Justice through the Assistant Attorney General for the Civil Division. The Notice added that because the Motion to Compel was only recently brought to the attention of the United States, and the Motion and related filings are heavily redacted (if not entirely sealed), the United States has not yet had a sufficient opportunity to consider the matter fully.

The United States then advised the Court that, assuming those sealed materials were made available immediately, the United States expected to be able to advise the Court of how it proposed to proceed by May 6, 2020, either by advising that it had decided not to participate at this stage of the litigation, or filing a submission describing any interest the Government may have with respect to the relief sought by the Motion and, as necessary, any further steps it may need to take to address and protect those interests.

Lastly, the United States respectfully requested that, in light of its potential interest in this matter, the Court extend the deadlines for compliance with its Orders until after the United States has had the opportunity to assess its interest in the matter, if any, and, as appropriate, describe that interest to the Court.

By order dated April 28, 2020, the Court addressed the Government's Notice. The Court's Order stated:

> PAPERLESS ORDER: The Court has carefully reviewed 385 the Notice by the United States of Potential Participation. First, if the United States is seeking some affirmative relief in this case, such as the sealing of any deposition of Christopher Wade; access to sealed orders, motions, or notices; or any other relief, it needs to file a proper motion in compliance with all of the requirements of Southern District of Florida Local Rule 7.1, rather than a notice. The Court cannot rule on a notice. Second, the Notice filed by the United States contained no certificate of conferral; however, Local Rule 7.1(a)(3) requires conferral with all parties before filing a motion for relief, and that Local Rule must be complied with fully. Third, this case has been pending since 2019, and the discovery process has been quite litigious and is now closed, except for a very brief and limited 40-minute continuation of the deposition of Mr. Wade and one other matter not relevant here. The dispositive motion deadline is May 11, 2020, and the Honorable Rodney Smith, United States District Judge, has previously ruled that the May 11, 2020 deadline will not be moved. [DE 159]. The deposition at issue needs to be taken and completed well before the May 11, 2020 deadline to ensure fairness to the parties. Although the Court may entertain an appropriate motion from the United States such as, for example, a request to seal the upcoming continuation of the deposition of Mr. Wade pending further briefing as to whether it should remain sealed; a request by the United States to obtain copies of relevant sealed motions, notices, or orders in which it may have a legitimate interest; or a request to attend the deposition, the Court has no intention of delaying this case or any attendant deadlines.

Later the same day, the undersigned counsel contacted counsel for the parties to obtain their consent to permit the Government to view copies of the unredacted filings to facilitate the Government's review of the issues. The parties provided the Government access to most of the filings submitted in support of and opposition to the Motion. However, Apple withheld such access as to Exhibit E to its Motion and Exhibit 4 to Corellium's Opposition (the Withheld Exhibits). Also the same day, counsel for the Government contacted counsel for Corellium in an effort to understand the information that would otherwise be subject to, or potentially subject to, the relief requested by the Motion and granted in the Court's April 27 Order. Corellium agreed to provide the Government with access to the documents that it believed were responsive to production aspect of the Court's Orders. The Government reviewed those documents on an expedited timeline and directed Corellium to withhold certain portions that may reflect privileged Government information in order to permit the Government the opportunity to

consider further whether to perfect an assertion of any governmental privilege, as applicable and if necessary.

## DISCUSSION

As the Court noted, the United States' Notice of Potential Participation was not a formal motion to this Court, but a notification of the Government's potential interest in this matter and a request for an opportunity to assess the matter further before taking more formal action. The Notice was filed pursuant to 28 U.S.C. § 517, which authorizes any officer of the Department of Justice to attend to the interests of the United States in a suit pending in a court of the United States. The Government utilizes such notices to alert courts of its potential interest in a matter pursuant to Section 517 and to seek additional time to consider the matter before making a more substantive filing, or taking further steps to protect its interests. *See, e.g., Aljarah v. Citigroup Glob. Mkt. Inc.*, No. 16CV812G, 2018 WL 6592103, at *4 (W.D.N.Y. Dec. 14, 2018) (explaining that "the United States Department of Justice . . . filed a Notice of Potential Participation" seeking "several weeks" to permit the Government time to conduct its internal decision-making process); *id.* at *7 ( explaining, in light of the Government's Notice of Potential Participation, that "the Government may need to weigh in on whether this report should be produced to plaintiff without redaction . . . [and has] indicated that its decision to intervene in this case will take weeks because of its internal decision-making processes" and ruling in such a manner as to "allow[] enough time for the Government to act" and ensure that Government counsel received the relevant filings as a courtesy so as to "be aware of the proceedings and [able to] decide whether to intervene based upon a more complete record"); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 265 (D.D.C. 2011) (describing two Notices of Potential Participation filed by the United States that sought "additional time to review plaintiff's

motions before any ruling was issued" and noting that the Government ultimately submitted a statement of interest regarding the matters in the case); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1133 n.1 (S.D. Fla. 2007) (discussing a Notice of Potential Participation filed by the United States "request[ing] that the Court defer any resolution of Defendants' Motion to Dismiss until" the Government had had an opportunity to set forth its position in a formal filing and electing to rule on the motion at issue only after concluding that its ruling would "not offend th[e] United States'] position").[3]

Because the Court has indicated that it would entertain a formal motion for relief, the Government now hereby submits this motion seeking a limited stay in the deposition deadlines required by the Court for compliance with the Plaintiff's Motion to Compel, as well as access to the Withheld Exhibits to facilitate the Government's review of its interests in this matter.

At this stage, the Government seeks a short stay to adequately assess the Government's interests in the information implicated by Apple's Motion and to propose a way forward to protect those interests. The Government recognizes, as this Court noted, that this case has been pending since 2019 and is on schedule for a dispositive motion on May 11, 2020. However, undersigned counsel learned of this case less than a week ago—on April 23, 2020—just two business days before the Court ruled on the Motion. Moreover, the dispute at issue in the Motion to Compel only recently ripened into motion's practice; indeed, as the Court itself observed in its

---

[3] Because the Government's Notice was not a "Motion" under this Court's local rules and because it possesses statutory authority under Section 517 to attend to the interests of the United States in this case, which is not limited or conditioned by whether or not a party consents to the expression of the Government's interest, the Government did not confer with the parties pursuant to Local Rule 7.1(a)(3). However, the Government has now conferred with the parties as described herein.

order setting briefing on the Motion, ECF No. 347, the dispute crystalized on the last day of discovery after documents had been produced and after Mr. Wade's deposition had occurred.

The Government therefore would have had no reason to know that the issue would present itself at this late stage in the discovery process. And when the issue did ripen into motion practice, much if not all of the relevant information that might have alerted the Government to a potential interest was redacted from public filings or sealed entirely (and some sealed information still has not been provided to the Government). In any event, now armed with some of the information at issue, the Government must nonetheless request that the Court consider its potential interests at stake, while recognizing the regrettable disruption to the Court's existing schedule. The Government requests that the Court's order for a further deposition of Mr. Wade be continued until such time as the Court may direct after the United States has had an opportunity to complete its assessment of the matter and report back to the Court on May 8, 2020.

Because the filings in this matter remain largely under seal, the Government will not address them on the public record, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Based on the parties' sealed submissions, however, this dispute concerns ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and Apple's desire to ▓▓▓▓▓▓▓▓▓▓▓▓ through further discovery. At this stage, the Government can represent that it has a potential interest in the matter that requires further examination. In particular, in connection with the Court's Order of April 28, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Further elaboration on the nature of ▬ ▬▬▬▬▬ cannot be set forth in this setting.  The Government needs and, therefore, requests additional time to consider whether to formally assert privilege to protect any information implicated by this dispute, if that remains necessary.  Decisions concerning whether the Government will assert privilege in this case require consultation with interested agencies and the approval of the U.S. Department of Justice through the Assistant Attorney General for the Civil Division and other high-level officials.

These deliberations and final decisions on whether to assert privilege, cannot be completed before the scheduled deposition date of May 1 or May 4.[4]  It is also possible that, with additional time to consider the matter the Government may be able to provide its views to the parties about its concerns in an effort to resolve or limit this dispute -- for example by providing views on topics for deposition questioning.  While this may not resolve the present dispute entirely, it might limit matters that would remain to be presented to the Court.

## CONCLUSION

For the foregoing reasons, the United States moves that the further deposition of Mr. Wade pursuant to the Court's Order be stayed, and requests that it be provided until May 8, 2020, to advise the Court either that it has decided it is not necessary to participate any further at this stage of the litigation, or otherwise file a submission further describing the Government's interests with respect to the Motion to Compel  and, as necessary, any additional steps the Government  may need to take thereafter to address and protect those interests.  Furthermore, to

---

[4] The current COVID-19 pandemic confronting the United States is likely to further complicate the Government's deliberations and response, as many officials are working remotely at least part of the time ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

facilitate the Government's ability to assess its position within this limited time frame, the Government requests that it be granted immediate access to the Withheld Exhibits.

Dated: April 29, 2020            Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division

ARIANA FAJARDO ORSHAN
United States Attorney
Southern District of Florida

ANTHONY J. COPPOLINO
Deputy Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

  */s/ Serena M. Orloff*
SERENA ORLOFF
Special Bar No. A5502652
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, D.C. 20005
Tel: (202) 305-0167
Fax: (202) 616-8470
Email: serena.m.orloff@usdoj.gov

  *Dexter A. Lee*
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9320
Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov

*Attorneys for the United States*