# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160-RS

APPLE INC.,

                       Plaintiff,

     v.

CORELLIUM, LLC,

                   Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO EMERGENCY MOTION BY THE UNITED STATES TO STAY THE FURTHER DEPOSITION OF CHRISTOPHER WADE AND <u>FOR ADDITIONAL RELIEF RELATED TO PLAINTIFF'S MOTION TO COMPEL</u>**

The situation today is materially the same as four days ago, when the Court ordered a continued deposition of Corellium's co-founder Christopher Wade to take place on or before May 4.  ECF No. 383.  Despite being ordered to do so, Corellium has not produced to Apple any information corroborating or refuting ████████████████████████████████████ ████████████████████████████████████████████████████████████  ECF No. 346-1 at 273:9–275:7.  And ███████████████████████████  ECF No. 393 at 7.  Apple and the Court still do not know whether the Government has an *actual* interest in this action.  *See id.* at 7 ("the Government can represent that it has a *potential* interest in the matter" (emphasis added)).  Dispositive motions remain due on May 11, 2020—ten days from now.  As the Court recognizes, Apple must be able to take Mr. Wade's deposition "well before the May 11, 2020 deadline to ensure fairness."  ECF No. 386.  Despite this, the Government seeks an *indefinite* stay of Mr. Wade's deposition.  Apple opposes that motion.

The Government fails to justify its request for a stay that could derail the dispositive motion and trial deadlines in this action, which the Court has said it "has no intention of delaying."  ECF No. 386.  The Government provides no explanation for why Apple should be precluded from timely obtaining discovery the Court ██████████████████████████  ECF No. 380 at 6.  Nor has the Government suggested *when* Mr. Wade's deposition should actually occur; rather, it intends merely to "report back to the Court on May 8, 2020" after "assess[ing] its interests in the matter," and it contemplates *future briefing* over disputes about protecting its (potential) interests. ECF No. 393 at 2, 7.  According to the Government, "[d]ecisions concerning whether the Government will assert privilege in this case require consultation with interested agencies and the approval of the U.S. Department of Justice through the Assistant Attorney General for the Civil Division and other high-level officials"—but it has given no assurances that it will make such decisions even by May 8.  *Id.* at 8.  Even if the Government were to decide on May 8 that it has no interest in this case after all, Apple would be left with virtually no time to take Mr. Wade's deposition before the dispositive motion deadline.  The Government has provided no compelling reason, much less any evidence, to justify the unfair prejudice that would befall Apple as it prepares for dispositive motions and trial.  The Court should deny the Government's motion.

## I.    THE GOVERNMENT'S MOTION IS UNTIMELY.

The Government argues that it could not possibly have requested relief sooner, but it does not explain *when* it first learned of its "potential" interests in this action, just that particular

1

Government attorneys only learned of "this case" a week ago. ECF No. 393 at 6. The record suggests that the Government did, or at least should have, known of this case earlier. Apple sought discovery ███████████████████████████████████████████████████████ ███████████████████████████████ in October 2019.[1] Two months later, on December 20, 2019, Apple served discovery requests specifically related to ████████████████ ████████████████████████████ No. 79-1 at 9; *see also* Ex. A at 137:1–8. And at the very first hearing regarding the parties' discovery disputes in February, the Court specifically asked why the Government had not appeared in this case "to raise" the national security concerns Corellium was asserting. ECF No. 374-1 at 143:4–5. In short, Corellium and Mr. Wade have had every opportunity, for months, ████████████████████████████████████████ ███████████████████████████ If they failed to do so, it is a problem of their own making.

Moreover, the Government appears to have known about these issues longer than it lets on. ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████ when the Government first asserted its "potential" interest in this case. ECF No. 385. And many months earlier, Corellium *itself* was obligated to inform the Government of this lawsuit as a result of Corellium's constitutional challenge to the Digital Millennium Copyright Act. ECF No. 64 at 25 (¶ 17). That is because, in light of Corellium's constitutional challenge to a federal statute, Corellium was required under Federal Rule of Civil Procedure 5.1(a) to "promptly" serve the Government with notice of this action back in January. At bottom, the Government's claims to have acted promptly in asserting its "potential"

---

[1] Apple's October 9, 2019 Requests for Production sought "[a]ll Documents and Communications relating to Your obtaining any of Apple's products, including but not limited to Your acquisition of one or more dev-fused iPhones." *See* ECF No. 342-1 at 12.

interests lack merit given the many opportunities it has had over the past six months to make its positions known to Apple and the Court.

## II.   THE GOVERNMENT FAILS TO JUSTIFY THE UNFAIR PREJUDICE A STAY WOULD CAUSE APPLE.

The Government comes nowhere close to making the showing necessary to justify the stay of discovery it seeks.  To prevail, the Government needed to "demonstrate reasonableness and good cause," and has done neither.  *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 WL 3730868, at *1 (S.D. Fla. Apr. 27, 2018).   Courts evaluating such motions consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* at *2.[2]  The Government does not even acknowledge, much less satisfy, this familiar standard.  Fact discovery has closed, dispositive motions are due imminently, and trial is less than six months away.  The late stage of the litigation weighs heavily against a stay.  Nor has the Government shown that a stay will simplify any issue, streamline the trial, or reduce the burdens on the parties or the Court.  And it does not dispute that Apple will be unfairly prejudiced by a stay.  The Government has failed to demonstrate its entitlement to the relief it seeks.

The prejudice to Apple if a stay were granted, indefinitely depriving it of important evidence at a critical inflection point in the case, is obvious.  There can be no serious dispute about the central relevance of ███████████████████████ Apple's need to obtain fair discovery about it immediately, and before the summary judgment deadline.  As the Court has already found, ████████████████████████████████ ███████████████ and the Court ordered his continued deposition to occur no later than May 4, one week before the summary judgment deadline.  ECF No. 380 at 6, 9.  The Court also has repeatedly noted and honored key deadlines in this case, paying particular heed to the firm May 11, 2020 deadline for dispositive motions, as it resolved discovery disputes and managed this case during a global pandemic.  *See, e.g.*, ECF Nos. 379, 380, 381.  Neither the Government nor Corellium has sought leave to modify these deadlines.  Instead, the Government

---

[2] Although the Government's motion is focused on a stay of the effectiveness of a particular discovery order, after Monday, May 4, Mr. Wade's ordered deposition will be the only fact discovery remaining.  The Government's motion is thus tantamount to a request to indefinitely stay the remaining discovery in this case.

asks the Court to deny Apple important discovery while the Government figures out what it wants to do.  The Government provides no justification for why the Court should inflict such prejudice on Apple.  The Government does not suggest that the deposition is irrelevant or unimportant, and it does not offer any solution to the problem its requested relief would create: forcing Apple to litigate dispositive motions and prepare for trial deprived of this discovery.  In short, the Government simply argues that it needs "additional time to consider whether to formally assert privilege to protect any information implicated by this dispute"—but fails to consider, much less try to mitigate, the prejudice to Apple a stay would create.  ECF No. 393 at 8.

Taking the continued deposition of Mr. Wade promptly is all the more critical in light of ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████  The Court ordered Corellium to produce ██████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ See Exs. I, J.  Apple has no more information today regarding ███████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████  Taking the Court-ordered deposition without delay is essential to ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ developing the technology that Apple alleges was built on infringing its copyrights and violating the DMCA; litigating the upcoming dispositive motions; and preparing for trial.

## III.   THE GOVERNMENT'S REQUEST FOR ACCESS TO EXHIBITS E AND 4 IS PROCEDURALLY IMPROPER AND PREMATURE.

Finally, the Government seeks access to Exhibit E to Apple's motion to compel and Exhibit 4 to Corellium's response to that motion.  This request is procedurally improper and should

(none)

not be before the Court.  Apple was actively conferring with the Government about its request when the Government stopped communicating and filed its motion.  The Government never told Apple that it intended to file a motion regarding the exhibits.  As Apple had explained to the Government, Apple does not object to providing the exhibits; Apple simply needs assurances regarding their confidential treatment because the exhibits—photographs Apple obtained that ████████████████████████████████████████—reveal highly sensitive information about sources and methods related to Apple's internal investigation, and they have therefore been designated Confidential under the Protective Order (ECF No. 50).  The Government asked Apple to detail in writing the assurances Apple would need, which Apple did on Wednesday, April 29, 2020.  Ex. K at 2.  The Government never addressed these conditions or informed Apple of whether they were acceptable.  *See id.*  Apple even asked the Government to inform Apple if it intended to seek any relief beyond a stay.  Again, the Government did not respond.  *See id.*

It is also remains unclear why the Government needs the photographs contained in Exhibit E and Exhibit 4 "to facilitate the Government's review of its interests in this matter" at all.  ECF No. 393 at 6.  ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████

Apple nevertheless remains willing to provide Exhibit E and Exhibit 4 to the Government under reasonable conditions.  While the Government's request for the exhibits in its current form should be denied, Apple does not oppose a Court order permitting the Government to access Exhibit E and Exhibit 4 so long as the Government is required (a) to use the exhibits solely to evaluate its interests in this case; (b) not to use the photographs for any other purpose; (c) to treat them as required by the Protective Order; and (d) to acknowledge that Apple is submitting the photographs with the understanding that they will not be subject to a request under the Freedom of Information Act ("FOIA") and that the Government will inform Apple of any FOIA request that could implicate the photographs.

In light of the foregoing, Apple respectfully requests that the Government's motion be denied and that Mr. Wade's deposition proceed, as scheduled and ordered, at 3:00 p.m. ET on Friday, May 1, 2020.

Dated: May 1, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
(954) 859-5180 / (954) 384-2510 Fax

*Attorneys for Plaintiff* APPLE INC.