UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO EXCLUDE CERTAIN OPINIONS AND CORRESPONDING TESTIMONY OF CORELLIUM'S EXPERT JAMES OLIVIER AND INCORPORATED MEMORANDUM OF LAW**

# TABLE OF CONTENTS

|     |     | **Page** |
| --- | --- | --- |
| I.   | Introduction ................................................................................................................1 |
| II.  | Background .................................................................................................................1 |
|      | A. Dr. Olivier's Reliance on Technical Facts from Mr. Wade ........................1 |
|      | B. Mr. Wade's Lack of Technical Knowledge of Facts ..................................3 |
| III. | Legal Standard ............................................................................................................5 |
| IV.  | Dr. Oliver's Opinions of Corellium's Use of Apple's IPSW Files Should Be Excluded ................................................................................................................6 |
| V.   | Conclusion ..................................................................................................................9 |

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Cordoves v. Miami-Dade Cty.*,
   104 F. Supp. 3d 1350 (S.D. Fla. 2015) ...................................................................6, 8, 9

*Daubert v. Merrell Dow Pharmaceuticals*,
   509 U.S. 579 (1993)..................................................................................................1, 5, 9

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*,
   402 F.3d 1092 (11th Cir. 2005) ........................................................................................9

*Hendrix ex rel. G.P. v. Evenflo Co.*,
   609 F.3d 1183 (11th Cir. 2010) ........................................................................................6

*Gardner v. Aloha Ins. Servs.*,
   566 F. App'x 903 (11th Cir. 2014) ...........................................................................5, 8, 9

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)..........................................................................................................8

*Kilpatrick v. Breg, Inc.*,
   613 F.3d 1329 (11th Cir. 2010) ........................................................................................5

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999).....................................................................................................5, 6

*McCorvey v. Baxter Healthcare Corp.*,
   298 F.3d 1253 (11th Cir. 2002) ........................................................................................6

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ....................................................................................5, 9

*Whelan v. Royal Caribbean Cruises Ltd.*,
   No. 1:12-CV-22481-UU, 2013 WL 5595938 (S.D. Fla. Aug. 12, 2013) ..........................8

**RULES**

Fed. R. Evid.
   702.............................................................................................................................1, 5, 6
   702(b)........................................................................................................................1, 8, 9
   702(c).....................................................................................................................1, 6, 8, 9

Local Rule
   7.1(A)(3) .........................................................................................................................10
   7.1(b)(2) ..........................................................................................................................10

## I. INTRODUCTION

Plaintiff Apple Inc. respectfully moves under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), to exclude certain opinions and corresponding testimony of Defendant Corellium, LLC's expert witness James Olivier. In particular, Dr. Olivier offers opinions on how Corellium's virtualization product, which has come to be known as the "Corellium Apple Product" in this action, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ By his own admission, Dr. Olivier's opinions are based exclusively on facts conveyed to him in his conversations with Corellium's co-founder and Chief Technology Officer Chris Wade. But Mr. Wade has denied under oath knowing the information in question, rendering Dr. Olivier's opinions based on such information wholly unreliable and unsupported.

With no basis in the record to support his reliance on Mr. Wade, Dr. Olivier's testimony is not predicated on sufficient facts or data, as required by Rule 702(b). Similarly, his opinion is not the product of reliable principles and methods as mandated by Rule 702(c). Because Dr. Olivier's opinion regarding the Corellium Apple Product's use of iOS is not sufficiently reliable and would not be useful to assist the trier of fact, the Court should exclude that testimony.

## II. BACKGROUND

Corellium retained Dr. Olivier as an expert witness in this case, which involves Corellium's unauthorized copying and use of iOS. Corellium served his initial expert report on March 3, 2020, and his rebuttal report, which contained his opinions in response to those of Apple's expert witness Dr. Jason Nieh, on April 13, 2020.

In his initial report, Dr. Olivier states, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A (Expert Report of James Olivier (Mar. 3, 2020)) ¶ 22. He ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g., id.* ¶¶ 69 n.42, 84 n.46, 90 nn.48–49. His rebuttal report reflects similar ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g.,* Ex. B (Rebuttal Expert Report of James Olivier (Apr. 13, 2020)) ¶¶ 27 n.2, 36 n.8.

### A. Dr. Olivier's Reliance on Technical Facts from Mr. Wade

At his deposition on April 24, 2020, Dr. Olivier confirmed that 

█████████████████

Ex. C (Transcript of Deposition of James Olivier (Apr. 24, 2020)) at 34:12–16.  Later in his deposition, Dr. Olivier testified repeatedly that ████████████████ ████████████████ *See, e.g., id.* at 82:14–20, 88:12–15, 89:23–90:2, 113:2–15, 134:23–135:5, 142:20–143:21, 193:13–20, 224:1–8, 263:19–264:13, 282:12–17, 294:18–296:5, 297:21–298:1, 299:21–300:2, 300:21–301:19.

In particular, Dr. Olivier testified that he ████████████████ ████████████████ ████████████ *See* Ex. A ¶ 90; Ex. C at 69:2–70:15 194:23–195:12.  An IPSW file is a compressed file that contains Apple's proprietary iOS software, in a form intended for installation on an authorized Apple device, and Corellium uses IPSW files when creating "virtual machines" running iOS.

First, Dr. Olivier noted that ████████████████ ████████████████████████████████ ████████████

████████████████
████████
████████████

*Id.* at 194:2–7 (emphasis added).

████████████████
████
████████████
████████████████
████████████████

2



*Id.* at 194:23–195:12. After confirming that

*Id.* at 263:14–264:13.

### B. Mr. Wade's Lack of Technical Knowledge of Facts

Mr. Wade, who was the source of so much of Dr. Olivier's technical information, testified at his deposition on April 13, 2020, that he simply could not answer many of the technical questions posed to him. On numerous occasions, Mr. Wade would not or could not answer technical questions, testifying that

*See, e.g.*, Ex. D (Transcript of

3

Deposition of Chris Wade (Apr. 13, 2020)) at 198:13–21 ▬▬, 203:2–9 ▬▬ 204:22–23 ▬▬, 230:14–22 (▬▬), 231:14–23 ▬▬ 233:9–20 ▬▬"), 236:8–22 ▬▬ 245:9–20 ▬▬ 255:12–19 ▬▬.

Notably, and in stark contrast to Dr. Olivier's testimony, Mr. Wade testified he was unsure of *any* details ▬▬



*Id.* at 234:24–235:14 (emphasis added). Then, Mr. Wade confirmed that he did not have any knowledge of ▬▬

4



*Id.* at 235:16–236:22 (emphasis added). And Mr. Wade admitted █████████

*Id.* at 244:11–18 (emphasis added).

### III. LEGAL STANDARD

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

In *Daubert*, applying this rule, the Supreme Court noted the trial judge's "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. "The importance of *Daubert*'s gatekeeping requirement cannot be overstated." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Courts must "ensure that speculative, unreliable expert testimony does not reach the jury." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (citation omitted). "The objective of that requirement is to ensure the reliability and relevancy of expert testimony," and "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Courts in this Circuit routinely and consistently find that expert testimony not supported by sufficient facts and data must be excluded. *See, e.g.*, *Gardner v. Aloha Ins. Servs.*, 566 F. App'x 903, 907 (11th Cir. 2014) (affirming exclusion of expert's testimony because "the witness's affidavit and proposed testimony consisted of bare conclusions without any underlying support"); *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1203 (11th Cir. 2010) (affirming exclusion of expert testimony when expert "failed to present scientifically reliable evidence" of causation of an injury); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256–57 (11th Cir. 2002) (affirming that expert's testimony was not sufficiently reliable because he did "not consider or test possibilities" from other sources in his analysis, among other deficiencies). Similarly, expert testimony must be excluded when it is not the "product of reliable principles and methods." Fed. R. Evid. 702(c); *Cordoves v. Miami-Dade Cty.*, 104 F. Supp. 3d 1350, 1364 (S.D. Fla. 2015) (excluding an expert's testimony in its entirety for utilizing a "threadbare methodology").

### IV. DR. OLIVER'S OPINIONS OF CORELLIUM'S USE OF APPLE'S IPSW FILES SHOULD BE EXCLUDED

Dr. Olivier's opinions regarding the Corellium Apple Product, in particular ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ are not based on sufficient facts or data, are not the product of reliable principles and methods, cannot assist the jury, and must be excluded. His opinions on this point are based entirely on unreliable conversations with Mr. Wade, who testified that he does not have knowledge of the information Dr. Olivier claims to have relied upon. Although "rejection of expert testimony is the exception rather than the rule," Fed. R. Evid. 702 advisory committee notes, 2000 amends., the particular testimony at issue here implicates "the importance of *Daubert*'s gatekeeping requirement," is inadmissible, and therefore should be excluded. *Kumho Tire*, 526 U.S. at 152 (1999).

Dr. Olivier's opinions on this topic are not based on sufficient facts or data—in fact they are not based on any verifiable facts or data at all. In his initial report, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ His *only* support for this opinion is his conversations with Mr. Wade. *Id.* ¶ 90, nn.48–49. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

███████████████████████████████████████████████

███████████████████████████████████████████████. ¶ 8.

As he confirmed in his deposition, Dr. Olivier's view of █████████
█████████████████████████████████████████████████
██████████████████████████████████████ Ex. C at 33:18–34:16 ████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████ *Id.* at 194:23–195:12 ██████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████ *Id.* at 263:14–264:13.

Mr. Wade, in turn, disclaimed knowing any details ██████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████ *Id.* at 244:11–18.

Dr. Olivier's opinions on this point are therefore not supported by sufficient facts or data. Corellium is asking the Court to admit expert testimony based on nothing more than a conversation with Mr. Wade, who disclaimed knowledge of the information in question under oath. That conversation cannot constitute "sufficient facts or data," and it falls on the Court as gatekeeper to ensure that such unsupported opinions are not admitted at trial, cloaked in the presumed authority

7

of an expert witness. Fed. R. Evid. 702(b); *Gardner*, 566 F. App'x at 907 (affirming exclusion of expert's testimony because "the witness's affidavit and proposed testimony consisted of bare conclusions without any underlying support"); *Cordoves*, 104 F. Supp. 3d at 1360–62 (finding expert testimony was "not based on sufficient facts or data" when the expert did not include sufficient "relevant record evidence") (citation omitted).

As a second and independent basis for exclusion, Dr. Olivier's opinions are not the "product of reliable principles or methods." Fed. R. Evid. 702(c). His reliance solely on conversations with Mr. Wade, whose testimony reflects his lack of sufficient knowledge on this topic, cannot meet Corellium's burden of proving admissibility. *See Cordoves*, 104 F. Supp. 3d at 1363–64 (finding expert testimony was not the product of reliable principles and methods because it was simply "parroting of lay witness testimony"—even testimony that had not been disclaimed under oath—and was the product of a "threadbare methodology") (citation omitted); *Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481-UU, 2013 WL 5595938, at *5 (S.D. Fla. Aug. 12, 2013) (excluding an expert opinion as not sufficiently reliable when it offered "no methodology"). Nowhere in Dr. Olivier's report, or in his deposition testimony, does he explain any reliable scientific principles or methods he applied to obtain his understanding of how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Absent any specific factual support in the record for his opinions, Dr. Olivier cannot simply rely on his expertise and call it a day. "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (citation omitted). The Court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.* This is precisely such a case. The "analytical gap" between Mr. Wade's *lack* of knowledge on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Dr. Olivier's purported knowledge and opinions about those very subjects, is too great and compels exclusion—especially given Dr. Olivier's total reliance on Mr. Wade as the source of technical information on those topics.

Here, where the only underlying facts and data have been disclaimed in sworn testimony by the person who allegedly provided them, Dr. Olivier also cannot simply rely on his expertise or experience to give an opinion about detailed facts specific to the Corellium Apple Product. *See Frazier*, 387 F.3d at 1261 (noting that, if an expert witness relies solely on his or her opinion, the

witness "must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion."). As Dr. Olivier's testimony confirmed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. C at 263:14–264:13.

In sum, Corellium has offered affirmative and rebuttal expert opinions from Dr. Olivier about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; but the entire basis for Dr. Olivier's opinions on those topics is a series of conversations with Mr. Wade, who testified that he has no technical knowledge about them. In light of that fact, Corellium cannot meet its burden of proving by a preponderance of the evidence that Dr. Olivier's opinion is "based on sufficient facts or data," Fed. R. Evid. 702(b); nor can Corellium show that Dr. Olivier's "testimony is the product of reliable principles and methods." Fed. R. Evid. 702(c); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1111 (11th Cir. 2005) (citation omitted); *Gardner*, 566 F. App'x at 907 (affirming exclusion of testimony consisting of "bare conclusions without any underlying support"); *Cordoves*, 104 F. Supp. 3d at 1364 (excluding opinions based on a "threadbare methodology"). It therefore must be excluded. *See Daubert*, 509 U.S. at 586.

### V.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court exclude the opinions and corresponding testimony of Corellium's expert Dr. Olivier that are based on his conversations with Mr. Wade, and bar him from testifying at trial regarding how and to what extent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including by precluding him from offering the sort of opinion testimony disclosed in his opening report, Ex. A ¶ 90, and in his rebuttal report, Ex. B §§10.1–10.12.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), based on the importance and complexity of the issues presented, Apple respectfully requests a hearing on this motion. Apple estimates that such a hearing will require one hour of the Court's time to address this and Apple's other *Daubert* motions.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred with counsel for Defendant on May 8, 2020, regarding the relief sought herein. Despite these efforts, the parties have been unable to resolve the issues described herein.

| | |
|---|---|
| Dated: May 11, 2020 | Respectfully Submitted, |
| | |
| | s/ Martin B. Goldberg |
| Michele D. Johnson* | |
| michele.johnson@lw.com | Martin B. Goldberg |
| LATHAM & WATKINS LLP | Florida Bar No. 0827029 |
| 650 Town Center Drive, 20th Floor | mgoldberg@lashgoldberg.com |
| Costa Mesa, CA 92626 | rdiaz@lashgoldberg.com |
| (714) 540-1235 / (714) 755-8290 Fax | Emily L. Pincow |
| | Florida Bar No. 1010370 |
| Sarang Vijay Damle* | epincow@lashgoldberg.com |
| sy.damle@lw.com | gizquierdo@lashgoldberg.com |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| elana.nightingaledawson@lw.com | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel*
joe.wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
gabe.gross@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.