# EXHIBIT B

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **Apple Inc.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CA No.  9:19-cv-81160-RS** |
| | § | |
| **Corellium, LLC,** | § | |
| | § | |
| **Defendant and Counterclaimant** | § | |

---

# REBUTTAL EXPERT REPORT OF JAMES OLIVIER Ph.D.

---

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

# TABLE OF CONTENTS

1   **INTRODUCTION**_____**1**

2   **QUALIFICATIONS** _____**2**

3   **OTHER CASES** _____**3**

4   **COMPENSATION** _____**3**

5   **REVIEW AND USE OF DOCUMENTS, DEPOSITIONS, AND OTHER MATERIALS**
_____**3**

6   **SUMMARY OF OPINIONS** _____**4**

7   **LEGAL CONTEXT FOR OPINIONS FORMED**_____**5**

8   **DR. NIEH'S UNDERSTANDING OF THE CORELLIUM APPLE PRODUCT IS UNSUPPORTED**_____**6**

9   **DR. NIEH HAS NOT ESTABLISHED THAT apple's copyrights were Infringed** _____**7**

    **9.1   The Corellium Apple Product Does Not Support iOS Versions Before iOS 10.3.**_**12**

    **9.2   DR. NIEH MISUNDERSTANDS THE SECURE BOOT / TRUST CASE AS DMCA TECHNOLOGICAL PROTECTION MEASURES**_____**14**

    **9.3   Open Source Code in iOS (and the IPSW File)**_____**23**

10  **No infringement of Apple's Copyrighted Works OR ANTI-CIRCUMVENTION IN VIOLATION OF THE DMCA** _____**24**

    **10.1   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-205-229** _____**24**

        **10.1.1   NO DMCA VIOLATION OF IOS 9.0** _____**27**

    **10.2   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-205-204** _____**27**

        **10.2.1   NO DMCA VIOLATION OF IOS 9.1** _____**29**

    **10.3   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-334-158** _____**30**

        **10.3.1   NO DMCA VIOLATION OF IOS 10.0** _____**32**

    **10.4   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-609-048.** _____**33**

        **10.4.1   NO DMCA VIOLATION OF IOS 11** _____**36**

    **10.5   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-584-724.** _____**37**

        **10.5.1   NO DMCA VIOLATION OF IOS 11.0.1** _____**40**

    **10.6   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-634-702** _____**41**

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

**10.6.1  NO DMCA VIOLATION OF IOS 11.2** _____**43**

**10.7  NO VIOLATION OF APPLE'S COPYRIGHT TX 8-647-053.** _____**44**

**10.7.1  NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-647-053**_____**47**

**10.8  NO VIOLATION OF APPLE'S COPYRIGHT TX 8-584-722.** _____**48**

**10.8.1  NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-584-722**_____**51**

**10.9  NO VIOLATION OF APPLE'S COPYRIGHT TX 8-611-420.** _____**52**

**10.9.1  NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-611-420**_____**54**

**10.10        NO VIOLATION OF APPLE'S COPYRIGHT TX 8-651-122.** _____**56**

**10.10.1        NO DMCA VIOLATION OF IOS 12** _____**59**

**10.11        NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-651-122** _____**60**

**10.11.1        NO DMCA VIOLATION OF IOS 12.1.1** _____**62**

**10.12        NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-759-263** _____**63**

**10.12.1        NO DMCA VIOLATION OF IOS 12.2** _____**66**

**10.13        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 2-061-057** _____**67**

**10.14        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 2-100-045** _____**69**

**10.15        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-922-660** _____**71**

**10.16        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-209** _____**72**

**10.17        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-206** _____**73**

**10.18        NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-208** _____**74**

**11  Conclusion** _____**75**

# 1    INTRODUCTION

1. I have been retained by counsel for the Defendant Corellium LLC, (hereinafter referred to as "Corellium" or "Defendant") to review the facts relating to a copyright infringement complaint brought against the Defendant by Apple, Inc., (hereinafter referred to collectively as "Apple" or "Plaintiff"). This rebuttal expert report is submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and in response to the Expert Report of Dr. Jason Nieh dated March 3rd, 2020 (referred to as the "Nieh Report"). I have been asked to consider certain positions taken by Dr. Nieh and to express my expert opinions regarding those positions.

2. Specifically, I have been asked to consider and opine on positions regarding the copyright infringement alleged by Dr. Nieh in the Nieh Report. Dr. Nieh's accuses Corellium of infringement (*i.e.* modification, copying, and/or distribution) of Apple's following Copyrights: iOS 9.0, Registration No. TX 8-205-229 iOS 9.1, Registration No. TX 8-205-204 iOS 10.0, Registration No. TX 8-344-158 iOS 11.0, Registration No. TX 8-609-048. iOS 11.0.1, Registration No. TX 8-584-724 iOS 11.2, Registration No. TX 8-634-702 iOS 11.2.5, Registration No. TX 8-647-053 iOS 11.3, Registration No. TX 8-584-722 iOS 11.4, Registration No. TX 8-611-420 iOS 12.0, Registration No. TX 8-651-122 iOS 12.1.1, Registration No. TX 8-668-993 iOS 12.2, Registration No. TX 8-759-263 iOS 9 icons Registration No. VA 2-061- 057,  iOS 11 icons Registration No. VA 2-100-045,   Bokeh Wallpaper (iOS7) Registration No. VA 1-922-660,  Flower Magenta Wallpaper (iOS8) Registration No. VA 1-967-209, Flower Chrysanthemum Wallpaper (iOS8), Registration No. VA 1-967-206, and  Abstract Ink Wallpaper (iOS8) Registration No. VA 1-967-208. (Nieh Report, Section X.). I disagree with Dr. Nieh's

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

conclusory, unsupported copyright infringement analysis—Corellium's ability to run, or execute, iOS does not mean that Apple's copyrights have been infringed.

3. Dr. Nieh's also accuses Corellium of DMCA violations albeit without specifying the particular copyrights he believes are impacted by such claims. (Nieh Report Section XI.) As such, I will limit my discussion to the general claim and reserve the right to supplement this report should Dr. Nieh opine on any additional claims of alleged copyright infringement or alleged violations of the DMCA act, or provide additional evidence or support for his opinions.

4. I expect to be called to provide expert testimony regarding my opinions and any other matters set forth in this report.  Documents reviewed and considered are identified throughout this Report and also in **Attachment 1**.  I understand that I may be asked to further elaborate on these positions and to provide opinions on other issues (such as any additional opinions offered by Apple), and I reserve the right to form and report such additional opinions as permitted by the Court. I may also be asked to provide a technical tutorial at trial to assist the Court or the jury in understanding the technology and the opinions in my report. Further, I may prepare demonstratives reflecting my opinions for use at the trial, technology tutorial, or other hearings.

## 2     QUALIFICATIONS

5. My qualifications and professional experience are set forth in Section 3 of my Opening Report.  I incorporate that section herein by reference.  My curriculum vitae is attached as Attachment A to my Opening Report.  I also incorporate that by reference.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## 3     OTHER CASES

6.  A list of the cases during at least the last four years in which I have signed a Protective Order, have testified as an expert either at a trial, hearing, or deposition, or have submitted statements/opinions is also included in Attachment A to my Opening Report.

## 4     COMPENSATION

7.  Compensation to Olivier Consulting Inc. ("OCI") for services I provide is at the rate of $550 per hour, plus out-of-pocket expenses. That compensation and reimbursement are not contingent in any way upon my opinions, my performance, the outcome of this case, or any other issues involved in or related to this case. I have no financial interest in the outcome of this case.

## 5     REVIEW AND USE OF DOCUMENTS, DEPOSITIONS, AND OTHER MATERIALS

8.  In addition to the information cited in my Opening Report, I have reviewed and considered the information specifically referenced or cited in this report, including those identified in **Attachment 1**, attached hereto.

9.  I anticipate using some of the above referenced documents and items, or other information and material that may be produced during the course of this proceeding (such as deposition testimony), as well as representative charts, graphs, diagrams, schematics, or models that will be based on those documents, items, information, and material to support, summarize, and explain my testimony in District Court.  I also reserve the right to supplement this report to address any information obtained, or positions taken, based on any new information that comes to light as discovery continues prior to trial.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## 6      SUMMARY OF OPINIONS

10. I am not a lawyer, but in in my opinion, Dr. Nieh has not shown that Corellium infringes any of Apple's Copyright Registrations-in-Suit as described below. Moreover, Apple has failed to demonstrate precisely what constitutes the iOS software governed by its alleged Copyrights. Given that substantial portions of the iOS operating system are open-source, and given that numerous components of iOS are written *scenes a faire[1],* Apple cannot claim copyright across all portions of the iOS operating system (i.e. the entirety of the contents of the IPSW container), and Apple has failed to demonstrate which portions are relevant to its claims. Nonetheless, even if the Court were to find that Corellium's product copied, modified, displayed, or distributed the iOS software in violation of Apple's Copyrights, it is my opinion that Corellium's use of Apple's freely available unencrypted iOS object code constitutes fair use for a number of factors described in my previous report and below.  In addition, because Corellium's product does not bypass any access controls or technical protection measures pursuant to the DMCA, Corellium is therefore not committing any violations of the DMCA.

---

[1] When similar features of a work are
"as a practical matter indispensable, or at leaststandard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright." Apple Computer Corp. v. Microsoft Corp., 33 F.3d 1435, 1444 (9th Cir. 1994) (internal quotation marks and citation omitted).

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## 7    LEGAL CONTEXT FOR OPINIONS FORMED

11. I am not an attorney, but Defendants' attorneys have provided me with the Declaration and Expert Report of Clark Asay Professor of the Law School at Brigham Young University.

12. Additionally, I have been advised by counsel that, while copyright generally seeks to achieve this goal by giving potential creators control over copying their works, thereby providing a financial incentive to create such works, copyright also recognizes that sometimes "giving authors *absolute* control over all copying of their works" tends "to limit, rather than expand, public knowledge." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432 (1984) (emphasis in original); *Authors Guild v. Google Inc.*, 804 F.3d 202, 212 (2d Cir. 2015).

13. Fair is codified in Section 107 of the Copyright Act, which provides:

> [T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.  I understand that courts do not consider these four statutory factors in isolation.  However, I understand that the first and fourth factors are considered more significant than the rest in light of Supreme Court precedent and courts play particular attention to the first and fourth fair-use factors.

14. I understand that Section 101 of the Copyright Act defines a "derivative work" as:

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

> a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work".

17 U.S.C. § 101.

## 8     DR. NIEH'S UNDERSTANDING OF THE CORELLIUM APPLE PRODUCT IS UNSUPPORTED

15.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## 9   DR. NIEH HAS NOT ESTABLISHED THAT APPLE'S COPYRIGHTS WERE INFRINGED

16. As stated in my Opening Report, even if Apple or its expert were to establish infringement, it is my opinion that Corellium's use of any copyright-protected material was fair. But, in my opinion, Dr. Nieh has failed to establish that any of the asserted Apple copyrights (the "Apple Copyrights-in-Suit") have been infringed; most of Dr. Nieh's opinions are conclusory and unsubstantiated by any evidence.

17. At the outset, Dr. Nieh admits that "[f]or versions of the On-Prem Product released between approximately April 2018 and March 2019, users had to perform an additional step of obtaining IPSW files [*i.e.* the iOS files]…" Nieh Report at 195. This means that it was the Corellium *end user* that ultimately obtained the IPSW file which was loaded for possible execution on the Corellium system. Similarly, Dr. Nieh admits that for versions of the On-Prem Product released during or after approximately March 2019, the "user must also perform the step of obtaining IPSW files and placing the files in a specified directory for iOS Virtual Device creation options to appear in the Corellium Apple Product." Nieh Report at 196. In other words, Corellium leaves it up to its users to download and execute the IPSW file(s). Corellium is effectively acting like a Video Cassette Recorder (VCR) in which a video cassette (*i.e.* the iOS IPSW file) may be loaded. *See also* Nieh Report at 204, 209 (also describing that a user can enable a script to retrieve IPSW files).

18. Dr. Nieh's loose and ambiguous language suggests imprecise analysis. For example, in ¶ 13 of his report, Dr. Nieh describes that the Corellium Apple Product runs "actual versions of Apple's mobile operating system, iOS." In the next paragraph, Dr. Nieh contradicts himself by stating that Corellium "makes derivative works" from iOS. Nieh

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Report at 14. As described in my opening report, the Corellium virtualized test environment permits a user to execute the freely available iOS downloaded object code from Apple for the iOS kernel in a virtual machine. The virtualized system is not like any "actual version" of Apple's mobile operating system. As described in my opening report, several key features of iOS are not present in Corellium's product – and many features in Corellium's product are, in turn, not present in iOS or any other Apple product.

19. Dr. Nieh's use of the word "derivative" in the context of copying, distributing, or making derivative works is technical, not legal. In fact, one could substitute the word "transformative" for "derivative" in all instances of Dr. Nieh's conclusory statements and the sentences would still make sense. Notably, Dr. Nieh never once uses the term "transformative" in his report. Dr. Nieh only appears to invoke the "derivative" language of Section 101 of the Copyright Act to advance Apple's arguments, without providing any analysis as to why the work is derivative. Indeed, Section 101 of the Copyright Act which defines a "derivative work," says nothing about software or how software could be "derivative." Dr. Nieh repeatedly concludes that simply because a kernel patch is applied, such a modification is "derivative" of iOS results without any analysis. Nieh Report at ¶ 247, 258, 269, 280, 291, 302, 313, 324, 335, 346, 357, 368. This conclusion matches Apple's allegations in its Amended Complaint: "Corellium has created and is creating and distributing reproductions of, and is creating derivative works based upon, Apple's iOS…" Dkt. 56 at 45.A, 56, 68. I do not agree that applying a patch to the kernel results in a derivative work; rather, as discussed in my opening report, the Corellium modifications to iOS IPSW files is transformative in nature.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

20. Neither Apple nor Dr. Nieh has defined the bounds of iOS, including in Apple's copyright registrations. Dr. Nieh incorrectly assumes that Apple's copyrights cover the "the iOS image," which is frequently mentioned in his report.  Nieh Report ¶¶ 14, 15, 84-86.  This is incorrect. Dr. Nieh defines the term "iOS" as encompassing the "entire OS environment."  (See Nieh Report ¶ 61). But iOS as Dr. Nieh has defined it also contains *open source components* that cannot be protected with Apple's copyright, as shown below. Apple itself acknowledges in iOS licenses that open-source components may be included with the Apple Software.  (See e.g. https://www.apple.com/legal/sla/docs/iOS13_iPadOS13.pdf at 2(d)).

21. Dr. Nieh gives little analysis to the actual copyright registrations-in-suit set forth in Exhibit A of Apple's Amended Complaint.  Dkt. 56-1.  The registrations are:

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

## APPLE U.S. COPYRIGHT REGISTRATIONS

| Title of Work | Registration Date | Registration No. |
|---|---|---|
| iOS 9.0 | June 20, 2016 | TX 8-205-229 |
| iOS 9.1 | June 21, 2016 | TX 8-205-204 |
| iOS 10.0 | November 10, 2016 | TX 8-344-158 |
| iOS 11.0 | December 22, 2017 | TX 8-609-048 |
| iOS 11.0.1 | August 8, 2018 | TX 8-584-724 |
| iOS 11.2 | November 9, 2018 | TX 8-634-702 |
| iOS 11.2.5 | November 9, 2018 | TX 8-647-053 |
| iOS 11.3 | August 8, 2018 | TX 8-584-722 |
| iOS 11.4 | July 23, 2018 | TX 8-611-420 |
| iOS 12.0 | December 4, 2018 | TX 8-651-122 |
| iOS 12.1.1 | January 25, 2019 | TX 8-668-993 |
| iOS 12.2 | June 25, 2019 | TX 8-759-263 |
| iTunes 12.3 | December 14, 2017 | TX 8-507-283 |
| iTunes 12.4 | December 21, 2017 | TX 8-512-431 |
| iTunes 12.5.1 | December 21, 2017 | TX 8-545-238 |
| iTunes 12.6 | December 21, 2017 | TX 8-546-291 |
| Apple icons - iOS 9 compilation - iPhone 6s Built-in Apps | October 19, 2016 | VA 2-061-057 |
| Apple icons - iOS 11 compilation - iPhone 8 Built-in Apps | December 8, 2017 | VA 2-100-045 |
| Apple Bokeh (bubble) Wallpaper iOS 7 | March 27, 2014 | VA 1-922-660 |
| Apple Wallpaper - Flower magenta (iOS 8) | August 19, 2015 | VA 1-967-209 |
| Apple Wallpaper - Flower Chrysanthemum purple (iOS 8) | August 19, 2015 | VA 1-967-206 |
| Apple Wallpaper - Abstract ink spot in blue and green (iOS 8) | August 19, 2015 | VA 1-967-208 |

22. Dr. Nieh doesn't address *any* of the iTunes Registrations (i.e. Registration Numbers TX 8-507-283, TX 8-512-431, TX 8-545-238, TX 8-546-291). Given that Corellium does not virtualize or utilize iTunes as part of its product, it is not clear why Apple asserted the iTunes Registrations in the first place. However, it is not surprising that Dr. Nieh does not even a cursory infringement analysis of any of the iTunes Registrations— because none exists.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

23. Dr. Nieh describes some of the features of versions of iOS in his report, like Siri or Animoji. *See e.g.* Nieh Report at 152. But I understand that functionality of such features are not necessarily the subject of copyright. *See* 17 U.S.C. 102 ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.").

24. Dr. Nieh frequently sets forth general conclusions regarding infringement without detailing *how* the accused product violates the identified copyright registration in any appreciable detail. As background, Dr. Nieh states that each of the asserted iOS copyright registrations ("Apple's Copyright Registrations") "covers all copyrightable aspects of Apple's code for the *entire iOS environment*, including all copyrightable aspects of 'iOS' as [he] defines it in []his report." *See e.g.* Nieh Report, p. 108. However, Dr. Nieh does not provide any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS environment, including all copyrightable aspects of "iOS" as he defines it in his report. Dr. Nieh also does not state how he achieved this understanding nor has provided any detail or evidence regarding iOS to support his understanding. *Id*.

25. There is no particular showing of copyright infringement by Dr. Nieh and Dr. Nieh does not attempt to establish that the accused copies of IPSW files contain any of the copyrighted material described in Apple's Copyright Registrations relating to iOS. Dr. Nieh does not even describe the source code deposit for registrations being asserted by Apple, much less analyze it or demonstrate that it is present in or used by in Corellium's

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

accused product therefore, I do not believe Dr. Nieh has come close to offering any meaningful opinion that infringement of Apple's Copyright Registrations for software has occurred.

26. In addition, Dr. Nieh continually states that in his opinion, after modifications to the iOS kernel, Corellium has created a derivative work of the iOS software. *See e.g.* Nieh Report ¶259. I understand that a derivative work must be different enough to qualify as a new piece of work. Dr. Nieh is therefore asserting that the Corellium Apple Product has transformed iOS enough to qualify as a new piece of work.

**9.1     The Corellium Apple Product Does Not Support iOS Versions Before iOS 10.3.**

27. I understand that the Corellium Apple Product has never supported iOS versions 7, 8, 9, or any version earlier than 10.3.[2]  I confirmed this by reviewing the source code, which has also been provided to Dr. Nieh.  My review of Corellium source code revealed that there is no mention of iOS7, iOS8, or iOS9 in the code.  By comparison, there were 133 uses of "iOS13" in the code. For this reason alone, Dr. Nieh cannot show infringement of several copyright registrations, including TX 8-205-229 (iOS 9.0), TX 8-205-204 (iOS 9.1), TX 8-205-204 (iOS 10.0) VA 2-061-057 (Apple iOS 9 icons), VA 1-922-660 (iOS 7 wallpaper); VA 1-967-209 (iOS 8 wallpaper); VA 1-967-206 (iOS 8 wallpaper); VA 1-967-208 (iOS 8 wallpaper), as described below.  Dr. Nieh's attempt at opining that infringement occurs is incorrect in part because it rests on the assumption that Corellium supports iOS versions which it, in fact, does not.

---

[2] Conversation with Mr. Wade, CTO of Corellium.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

28. In or around 2016, Apple made the decision to unencrypt the IPSW files that it makes freely available for download from its web servers.[3] The reason given by Apple was that "The kernel cache doesn't contain any user info, and by unencrypting it we're able to optimize the operating system's performance without compromising security."[4]

29. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████  █

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

30. Marketing documents cited in Dr. Nieh's report also confirms that iOS versions prior to 10.3 are not supported by Corellium's product:

### SUPPORTED VERSIONS

iOS 10.3 through current

Corellium-017021 at Corellium-017022-23.

31. Dr. Nieh's only evidence that Corellium supported earlier versions of iOS is a single tweet. Given that Dr. Nieh ignores contradictory evidence and has not presented any code that would support iOS versions earlier than 10.3, I find his opinions unfounded and unreliable.

---

[3] https://techcrunch.com/2016/06/22/apple-unencrypted-kernel/
[4] *Id*.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

**9.2     DR. NIEH MISUNDERSTANDS THE SECURE BOOT / TRUST CASE AS DMCA TECHNOLOGICAL PROTECTION MEASURES**

32.  Corellium does not install the IPSW files on Apple devices.  Indeed, the freely available and downloadable IPSW restore files contain no restriction that they be run on Apple hardware.  Dr. Nieh's description of how an Apple device loads iOS is immaterial to how Corellium's system, *i.e.* a non-Apple device, works to load iOS.  Dr. Nieh has not established that the Corellium system does anything to circumvent any protection— because no such protection is implicated in, or relevant to, the manner in which Corellium's product functions. The hardware chain of trust is designed to prevent unapproved code from running on Apple hardware; it is not designed to prevent, and has no relation to or impact on, running components of the iOS software on non-Apple hardware..

33.  Apple's "Secure Boot" process does not provide any protection for Apple's Copyright Registrations, which Dr. Nieh broadly and without foundation groups as "iOS."[5]  The process is not designed to prevent the iOS software from running on non-Apple hardware, nor to prevent access or copying of the iOS software.  Rather, Apple Secure Boot process is designed to prevent non-Apple approved software from running on Apple **hardware devices**.[6]  In suggesting that the secure boot process constitutes a

---

[5] *See* "How iOS Security Really Works - WWDC 2016 - Videos – Apple " https://developer.apple.com/videos/play/wwdc2016/705/ (describing the "Secure Boot" process).

[6] *See* "How iOS Security Really Works - WWDC 2016 - Videos – Apple " https://developer.apple.com/videos/play/wwdc2016/705/" at 6:59 (describing that every piece of software needs to be signed by Apple).

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

technical protection measure, Dr. Nieh misunderstands how the Secure Boot process operates and what its purpose is.

34. The Secure Boot process is a security feature of the iPhone in which each element of the iOS software "boot chain" verifies the next element's integrity, to ensure that only approved Apple code is running. The "boot chain" is a series of hardware and software components responsible for starting the operating system. The iOS "boot chain" comprises: (1) BootROM, (2) LLB, or Low Level Boot, (3) iBoot, (4) the Kernelcache, reflected in the following diagram, which is available online:



http://newosxbook.com/bonus/iBoot.pdf.

35. Apple's Head of Security Engineering & Architecture, Ivan Krstic, used a similar diagram in his talk at the 2016 Apple Worldwide Developer Conference ("WWDC"):

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



https://devstreaming-

cdn.apple.com/videos/wwdc/2016/705s57mrvm8so193i8c/705/705_how_ios_security

_really_works.pdf?dl=1 at p. 46.

36. The Secure Boot process is a **one-way verification**[7] from the Boot ROM to the
Kernelcache.  In other words, each step in the process verifies the next step: *i.e.* the Boot
ROM loads and verifies LLB, LLB loads and verifies iBoot, iBoot loads and verifies
the iOS kernelcache (also known as the kernel).  Notably, I understand that the kernel
is *not* encrypted and the file system in the IPSW file is not encrypted.[8]

37. The secure boot process relies on a hardware root of trust – which is to say, it relies on
the fact that it is being run on Apple hardware, *e.g.* an iPhone.[9]  As Ivan Krstic put it
"because Apple owns all the hardware and software, [it was] in a unique position to

---

[7] *See* "How iOS Security Really Works - WWDC 2016 - Videos – Apple "
https://developer.apple.com/videos/play/wwdc2016/705/" at approx. 6:00.

[8] Conversation with Mr. Wade, CTO of Corellium.

[9] *Id.*

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

address [security] in a unique and innovative way."[10]  And so, Apple was able to build "security directly into the silicon"[11]

38. As a result of this reliance on the hardware root of trust, the Boot ROM, a red only chip inside every device,[12] has no relevance or bearing when the freely available and unencrypted IPSW file is downloaded to a user's computer rather than an iPhone, as Apple without restrictions allows users to do.

39. The Secure Boot process is a sequential process.  As Mr. Krstic described: "when your iOS device starts, we take that public key and the Boot ROM will validate *the next step in the boot chain,* which is the low-level boot loader. And only that validation passes will *we move on to the next step in the chain*, and we'll repeat this until iOS has fully booted."[13]

40. Importantly, the software portion of the Secure Boot process does not verify integrity in reverse – which is to say, while iBoot verifies the integrity of the kernel, the kernel does not verify the integrity of iBoot, or of any other elements of the boot chain. Moreover, the kernel does not verify that it is running on Apple hardware. As a result, the unencrypted kernel may be run on non-Apple hardware, without making any changes or modifications to it.

41. In fact, it has been demonstrated by third-party projects that the iOS kernel can be run outside of the iPhone hardware *without any changes*.   For example, Jonathan Afek of

---

[10] *See* "How iOS Security Really Works - WWDC 2016 - Videos – Apple "
    https://developer.apple.com/videos/play/wwdc2016/705/" at 5:29.

[11] *Id*. at 5:39.

[12] *Id.* at 6:36.

[13] *Id*. at 6:40.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Aleph Research presented the following presentation at Black Hat Europe 2019, confirming the fact that the iOS kernel could be run without any changes (*i.e.* patches):



## Status of our project
- ## Booting Secure Monitor and the kernel (unpatched)

https://i.blackhat.com/eu-19/Wednesday/eu-19-Afek-Booting-The-iOS-Kernel-To-An-Interactive-Bash-Shell-On-QEMU.pdf at 10.

42. ████████████████████████████████████████████████

████████████████████████████████   ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████

43. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

██████████████████████████████████████

██████████████████████████████████████

████████████████████

44. In its own public Platform Security guide, Apple states that the ultimate goal of its security measures, including Secure Boot, is to keep users' personal information safe— not to control access to or prevent copying of its iOS software:

> Every Apple device combines hardware, software, and services designed to work together for maximum security and a transparent user experience in service of the ==ultimate goal of keeping personal information safe.== Custom security hardware powers critical security features. Software protections work to keep the operating system and third-party apps safe. Services provide a mechanism for secure and timely software updates, power a safer app ecosystem, secure communications and payments, and provide a safer experience on the Internet. Apple devices protect not only the device and its data, but the entire ecosystem, including everything users do locally, on networks, and with key Internet services.

*See* APL-CORELLIUM_00039723.

45. As is made clear by Apple's own technical documentation, Apple's Secure Boot process is not designed to prevent Apple software from running on non-Apple hardware, but rather to prevent non-Apple software from running on **Apple hardware**. See APL-CORELLIUM_00039746: "The startup process helps ensure that only Apple-signed code is being installed."

46. Mr. Krstic. Head of Security Engineering and Architecture at Apple, also made it clear that the purpose of Apple's security is to secure the users' data--not to protect iOS from running on non-Apple devices, as Dr. Nieh opines. Mr. Krstic states:

> "Why is security so important to Apple, and why do we believe it is so critical to our users? The answer is because our mobile devices are an unprecedented record of our lives."

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

47. Mr. Krstic goes on to clarify that the goal of Secure Boot is for the device to trust the software running on it–*not* to prevent iOS from running on non-Apple devices, as Dr. Nieh opines, stating:

> "We'll start with Secure Boot. One of the most important ways of being able to trust **a device is to <u>trust the software that runs on it.</u>** And the way we do this is by building trust into the silicon."

48. Dr. Nieh confusingly describes that each step of the startup process contains components that are cryptographically signed by Apple.  First, it is important to note that a cryptographic signature is not itself encryption.  A cryptographic signature just ensures that the sender is the entity that it has represented itself to be. Therefore, a cryptographic signature cannot be a method of access control since anyone can read or copy any cryptographical signed document.

49. However, I understand that there is no callback to Apple's server from iOS to perform cryptographic verification for the APTicket when performing a restore.  I understand this is done by iTunes.  When a user selects the "Restore My Device" option in iTunes, the software goes to Apple's server and downloads an IPSW; iTunes gathers the information about the iPhone/iPad that is being restored, and sends that device-specific information (*e.g.* the ECID) to Apple.  Apple signs the APTicket with the version of iOS that the user is trying to install, and that ticket is attached to the files as they are being restored—e.g. as the kernel and the RAMdisk are booted, iTunes sends the IPSW to the phone in the recovery mode and flashes it to the disk.   *See e.g.* https://www.theiphonewiki.com/wiki/APTicket.   iTunes makes that connection (*i.e.* sending device information to Apple);  iOS itself does not.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

50. Dr. Nieh goes into detail and discusses the way that an Apple device upgrades to a new iOS version (e.g. over the air), but this process has no relevance to the IPSW restore files that form the basis of Apple's allegations of infringement.[14]

51. Dr. Nieh describes that "[w]hen iOS 9.0 is ordinarily installed on an authorized Apple device, that device makes a connection to Apple's authorization server, which checks to make sure that iOS 9.0 is an authorized build and that it is about to be installed on an authorized Apple device compatible with iOS 9.0."  Nieh at ¶ 442. However, the sequence Dr. Nieh describes does not make sense, as the phrase starts with when iOS 9.0 is installed (past tense), yet the remainder of the sentence describes what allegedly happens *before* iOS is installed, i.e. the device performs a check (i.e. with Apple's authorization server).  This sequence only makes sense for an Apple hardware device performing an upgrade (*e.g.* over the air). The accused IPSW files are restore files which make use of iTunes. When preforming a restore using an IPSW restore file, the authentication sequence described is also not done at the iOS-level in the boot chain, but rather with a separate piece of software, *i.e.* iTunes for the Mac or PC.

52. Dr. Nieh also addresses the trust cache as part of the boot chain,  stating that it "controls a user's ability to use and interact with iOS [] by *limiting the applications that are authorized to run*." Nieh at 442 (emphasis added). I understand that the trust cache is like a phonebook for the OS, containing a short number – known as a cryptographic digest – that uniquely identifies contents of files that the OS will load. The file itself is

---

[14] *See* "How iOS Security Really Works - WWDC 2016 - Videos – Apple "
https://developer.apple.com/videos/play/wwdc2016/705/" at 7:40 ("when an iOS device goes to update the version of the software, it has to contact our installation authorization server, and ask for permission to update to a given version.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

thus not-copyrightable, as it merely contains data. I understand that the purpose of this trust cache, as Dr. Nieh states, is to ensure that apps have not been modified since they were installed and to prevent unapproved code from being executed on the iPhone. Again, however, as with Secure Boot, the trust cache cannot rightfully be considered an access or copy control under the DMCA. The trust cache is designed purely to prevent unauthorized code from being executed on the iPhone, not to prevent code from being executed on non-Apple hardware.

53. A technical protection measure under the DMCA must effectively prevent access to a copyrighted work or prevent the copying, modification, distribution, or display of a copyrighted work.  At the outset, the IPSW files that Corellium users load into the Corellium Apple Product are made freely available by Apple, unencrypted, to download from their own servers.  No EULA, copyright notice, or other control is presented to download the file.  Once downloaded, the files can be opened, and the code can be inspected and modified. Clearly, no effective access or copy protection measures can be reasonably said to exist for such files. Moreover, beyond this fundamental lack of access or copy controls, neither the Secure Boot process nor the Trust Cache can be said to function as technical protection measures under the DMCA. These security features were designed to protect the integrity of the software installed on Apple hardware, relying on a hardware root of trust. They cannot now be magically changed into copyright protection measures where they do not effectively control access or prevent the copying, modification, distribution, or display of the alleged copyrighted work.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

### 9.3    Open Source Code in iOS (and the IPSW File)

54. iOS comprises open source code.  For example, by applying the following commands on an IPSW file for iOS 11 for the iPhone 7, results in output that shows that the dyld_shared_cache contains open-source code:

```
curl http://appldnld.apple.com/ios11.0/091-31545-201700919-
35B2511C-9027-11E7-B116-
1F35B64D2808/iPhone_7_11.0_15A372_Restore.ipsw >
iPhone_7_11.0_15A372_Restore.ipsw

unzip iPhone_7_11.0_15A372_Restore.ipsw

curl http://www.newosxbook.com/tools/jtool2.tgz > jtool2.tgz

tar -xjvf jtool2.tgz

hdiutil attach 058-59998-347.dmg

./jtool2 -S

 System/Library/Caches/com.apple.dyld/dyld_shared_cache_arm64:libiconv
```

55. The resulting output is as follows:

```
0000000184ca6c50 t <redacted>
....
0000000184d83f18 S ___iconv_2VersionNumber
0000000184d83ee8 S ___iconv_2VersionString
00000001afcf36f0 D __libiconv_version
0000000184c928dc T _aliases2_lookup
0000000184c92730 T _aliases_lookup
0000000184c93910 T _iconv
0000000184c93d04 T _iconv_canonicalize
0000000184c93934 T _iconv_close
0000000184c92940 T _iconv_open
0000000184c9394c T _iconvctl
0000000184c93a94 T _iconvlist
0000000184ca78f8 T _libiconv_relocate
0000000184ca7828 T _libiconv_set_relocation_prefix
0000000184ca74ac T _locale_charset
```

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

```
0000000184c922a0 T _utf8_decodestr
0000000184c91f38 T _utf8_encodestr
00000001afcf36d0 D _utf_extrabytes
```

56. The above output shows functions that are a part of the open source code in "libiconv"—a version of which is also available at Apple's open source website and acknowledged by Apple as being released under the terms of the GNU Library General Public License, or LGPL License (and thus not subject to copyright by Apple).[15] This conclusively shows that the IPSW files contain open source code.

## 10    NO INFRINGEMENT OF APPLE'S COPYRIGHTED WORKS OR ANTI-CIRCUMVENTION IN VIOLATION OF THE DMCA

### 10.1    NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-205-229

57. Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 9.0 and cites examples where, in his opinion, copies are made of iOS 9.0 are made by either copying an IPSW file for iOS 9.0 or copying portions of files from an IPSW file for iOS 9.0. But as described above, the Corellium Apple Product has never supported iOS 9.0. Since the Corellium Apple Product has never supported iOS 9.0, there can without question be no copyright infringement of Apple's Copyright TX 8-205-229, because no one could create or have ever created an iOS 9.0 virtual device using the Corellium Apple Product.

58. Moreover, Dr. Nieh fails to show that any of the alleged copies utilize any of the material protected by U.S. copyright registration no. TX 8-205-229. Dr. Nieh states that,

---

[15] https://opensource.apple.com/source/libiconv/libiconv-51.50.1/

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

according to his understanding, U.S. copyright registration no. TX 8-205-229 covers "all copyrightable aspects of Apple's code for the entire iOS 9.0 environment, including all copyrightable aspects of "iOS" as [he] define[s] it in []his report".

59. However, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 9.0 environment, including all copyrightable aspects of "iOS" as defined in his report. Dr. Nieh also does not state how he achieved this understanding, nor has he provided any evidence to support his "understanding". *See* Nieh Report Section X.A.1. Moreover, the iOS 9.0 environment contains open source code as described above, which Apple cannot copyright.

60. U.S. copyright registration no. TX 8-205-229 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-205-229 is described as "New and revised computer code and animation". Since TX 8-205-229 states that excluded from this claim is "Previously published Apple material (iOS 8.4 and prior versions of iOS software)", this copyright must also be so limited.

**Limitation of copyright claim**

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 8.4 and prior versions of iOS software) |
| Previous registration and year: | Pending, 2016 |
| | Pending, 2016 |
| New material included in claim: | New and revised computer code and animation |

61. Dr. Nieh has stated that he has "examined the Certificate of Registration, source code deposit, and video deposit for iOS 9.0." However, Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004299 is present in or used by any accused Corellium Apple Product, or even contained within the IPSW file. As for the video deposit, APL-CORELLIUM_00005183, I have reviewed the video and it deals entirely with the use of Siri by way of a microphone. Since the Corellium Apple

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Product does not support a microphone, the accused versions of Corellium cannot be shown to contain this functionality.

62. Dr. Nieh further states: "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 9.0 when it creates a new iOS 9.0 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 9.0 GUI images and elements embodied in Apple's copyrighted iOS 9.0.  To the extent that Dr. Nieh is claiming that TX 8-205-229 also covers the icons in registration no. VA 2-061-057, his analysis that Corellium infringes upon VA 2-061-057 is flawed as described below.

63. Moreover, U.S. copyright registration TX 8-205-229 makes no mention of GUI images and elements, icons for the default applications installed in iOS 9.0, the default background wallpaper images, and other graphical images used by iOS 9.0 and its default applications to communicate to the user. In addition, as stated, U.S. copyright registration no. TX 8-205-229 states that excluded from this claim is "Previously published Apple material (iOS 8.4 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 9.0, the default background wallpaper images, and other graphical images used by iOS 9.0 and its default applications to communicate to the user, which were not part iOS 8.4. Dr. Nieh also does not show that any of the features he describes on pages 37 and 38 are in any way covered by U.S. copyright registration no. TX 8-205-229. To the extent that Dr. Nieh or Apple argue that the Apple icons in copyright registration no. VA 2-061-057 are included in TX 8-205-229, it has not been shown that these icons do not appear in earlier versions of iOS and would therefore be excluded.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

64. Since Dr. Nieh has presented no evidence that the accused 9.0 IPSW file contains any of the code covered by in U.S. copyright registration no. TX 8-205-229, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

### 10.1.1          NO DMCA VIOLATION OF IOS 9.0

65. Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 9.0 and protect iOS 9.0 from acts of copyright infringement." I do not agree.

66. Dr. Nieh fails to consider that the accused the Corellium Apple Product has not and does not support IPSW files for iOS 9.0. As described above, the Corellium Apple Product does not and cannot support iOS 9.0.

### 10.2   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-205-204

67. Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 9.1 and describes examples where, in his opinion, copies of iOS 9.1 are made by either copying an IPSW file for iOS 9.1 or copying portions or files from an IPSW file for iOS 9.1. But as described above, the Corellium Apple Product has never supported iOS 9.1. Since the Corellium Apple Product has never supported iOS 9.1 there can be no copyright infringement of Apple's copyright registration no. TX 8-205-204 because no one could create an iOS 9.1 virtual device using the accused Corellium Apple Product.

68. Moreover, Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-205-204. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-205-204 covers

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

"all copyrightable aspects of Apple's code for the entire iOS 9.1 environment, including all copyrightable aspects of "iOS" as [he] define it in []his report".

69. To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 9.1 environment, including all copyrightable aspects of "iOS" as defined in his report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.2. Moreover, the iOS 9.1 environment contains open source code as described above, which Apple cannot copyright.

70. But U.S. copyright registration no. TX 8-205-204 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-205-204 is described as "New and revised computer code". Since TX 8-205-204 states that excluded from this claim is "Previously published Apple material (iOS 9.0 and prior versions of iOS software)", this copyright must also be so limited.

**Limitation of copyright claim**

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 9.0 and prior versions of iOS software) |
| Previous registration and year: | Pending, 2016 |
| | Pending, 2016 |
| New material included in claim: | New and revised computer program |

71. Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit for iOS 9.1". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004350 is present in any accused Corellium Apple Product or IPSW file.

72. Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 9.1 when it creates a new

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

iOS 9.1 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 9.1 GUI images and elements embodied in Apple's copyrighted iOS 9.1.

73. Moreover, U.S. copyright registration no. TX 8-205-204 makes no mention of GUI images and elements, icons for the default applications installed in iOS 9.1, the default background wallpaper images, and other graphical images used by iOS 9.1 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-205-204 states that excluded from this claim is "Previously published Apple material (iOS 9.0 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 9.1, the default background wallpaper images, and other graphical images used by iOS 9.1 and its default applications to communicate to the user, which were not part iOS 9.0. Dr. Nieh also does not show that any of the features he describes on pages 41 and 42 are in any way covered by U.S. copyright registration no. TX 8-205-204.

74. Since Dr. Nieh has presented no evidence that the accused 9.1 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-205-204, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

## 10.2.1      NO DMCA VIOLATION OF IOS 9.1

75. Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 9.1 and protect iOS 9.1 from acts of copyright infringement." I do not agree.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

76. But Dr. Nieh fails to analyze the fact that the accused the Corellium Apple Product has not and does not support IPSW files for iOS 9.1. As described above, the Corellium Apple Product does not support iOS9.1.

## 10.3   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-334-158

77. Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 10.0 and describes examples where, in his opinion, copies are made of iOS 10.0 are made by either copying an IPSW file for iOS 10.0 or copying portions or files from an IPSW file for iOS 10.0. But as described above, the Corellium Apple Product has never supported iOS 10.0. Since the Corellium Apple Product has never supported iOS 10.0 there can be no copyright infringement of Apple's Copyright TX 8-334-158 because no one could create an iOS 10.0 virtual device using the accused Corellium Apple Product.

78. Moreover, Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-334-158. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-334-158 covers "all copyrightable aspects of Apple's code for the entire iOS 10.0 environment, including all copyrightable aspects of "iOS" as I define it in this report".

79. To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 10.0 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.3. Moreover, the iOS 10.0 environment contains open source code as described above, which Apple cannot copyright.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

80. But U.S. copyright registration no. TX 8-334-158 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-334-158 is described as "New and revised computer program". Since TX 8-334-158 states that excluded from this claim is "Previously published Apple material (iOS 9.1 and prior versions of iOS software)", this copyright must also be so limited.

## Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 9.1 and prior versions of iOS software) |
| Previous registration and year: | TX 8-205-204, 2016 |
| | TX 8-205-229, 2016 |
| New material included in claim: | New and revised computer program |

81. Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit for iOS 10.0". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004412 is present in any accused Corellium Apple Product or IPSW file.

82. Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 10.0 when it creates a new iOS 10.0 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 10.0 GUI images and elements embodied in Apple's copyrighted iOS 10.0.

83. Moreover, U.S. copyright registration no. TX 8-334-158 makes no mention of GUI images and elements, icons for the default applications installed in iOS 10.0, the default background wallpaper images, and other graphical images used by iOS 10.0 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-334-158 states that excluded from this claim is "Previously published Apple material (iOS 9.1 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 10.0, the

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

default background wallpaper images, and other graphical images used by iOS 10.0 and its default applications to communicate to the user, which were not part iOS 9.1. Dr. Nieh also does not show that any of the features he describes on pages 44 and 45 are in any way covered by U.S. copyright registration no. TX 8-334-158.

84. Since Dr. Nieh has presented no evidence that the accused 10.0 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-334-158, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

### 10.3.1 NO DMCA VIOLATION OF IOS 10.0

85. Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 10.0 and protect iOS 10.0 from acts of copyright infringement." I do not agree.

86. Dr. Nieh fails to analyze the fact that the accused the Corellium Apple Product has not and does not support IPSW files for iOS 10.0. As described above, the Corellium Apple Product does not support iOS10.0.

87. Dr. Nieh also fails to consider that the IPSW files for iOS 10.0 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 10.0 environment, including all copyrightable aspects of 'iOS'" is freely available from Apple's public web server and therefore has no access controls associated with it. For example, the Apple web site at

http://appldnld.apple.com/ios10.0/031-76074-20160907-17028284-71FE-11E6-938C-0CB934D2D062/iPhone_4.0_64bit_10.0.1_14A403_Restore.ipsw,

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

freely provides a copy of iOS 10.0 IPSW with no access controls. Since the IPSW file for IOS 10.0 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208].

88. Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 10.0 and protect iOS 10.0 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW files for iOS 10.0 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 10.0 to prevent copyright violations.

89. As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 10.0.

## 10.4    NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-609-048.

90. Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.0 and describes examples where, in his opinion, copies are made of iOS 11.0 are made by either copying an IPSW file for iOS 11.0 or copying portions or files from an IPSW file for iOS 11.0.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

91. But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-609-048. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-609-048 covers "all copyrightable aspects of Apple's code for the entire iOS 11.0 environment, including all copyrightable aspects of "iOS" as I define it in this report".

92. To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.0 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.4. Moreover, the iOS 11.0 environment contains open source code as described above, which Apple cannot copyright.

93. But U.S. copyright registration no. TX 8-609-048 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-609-048 is described as "New and revised computer program; new and revised animation; new and revised audiovisual elements". Since TX 8-609-048 states that excluded from this claim is "Previously published Apple material (iOS 10.3.3 and prior versions of iOS software); third party material that appears as exemplars in video deposit)", this copyright must also be so limited.



**Limitation of copyright claim** _____

| Material excluded from this claim: | Previously published Apple material (iOS 10.3.3 and prior versions of iOS software); third party material that appears as exemplars in video deposit |
|---|---|
| Previous registration and year: | TX 8-205-204, 2016<br>TX 8-344-158, 2016 |

94. Dr. Nieh has stated that he has "examined the Certificate of Registration, source code deposit, and video deposit for iOS 11.0." Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004489 is present in any accused 11.0

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

IPSW file. As for the video deposit, APL-CORELLIUM_0000519, I have reviewed this video and it deals entirely with the use of Siri by way of a microphone. Since the Corellium Apple Product does not have a microphone, the accused Corellium Apple Product cannot be shown to contain this functionality.

95. Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.0 when it creates a new iOS 11.0 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.0 GUI images and elements embodied in Apple's copyrighted iOS 11.0.

96. Moreover, U.S. copyright registration no. TX 8-609-048 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.0, the default background wallpaper images, and other graphical images used by iOS 11.0 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-609-048 states that excluded from this claim is "Previously published Apple material (iOS 10.3.3 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 11.0, the default background wallpaper images, and other graphical images used by iOS 11.0 and its default applications to communicate to the user, which were not part iOS 10.3.3. Dr. Nieh also does not show that any of the features he describes on pages 47 and 48 are in any way covered by U.S. copyright registration no. TX 8-609-048.

97. Since Dr. Nieh has presented no evidence that the accused 11.0 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-609-048, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

**10.4.1**             **NO DMCA VIOLATION OF IOS 11**

98. Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 11.0 and protect iOS 11.0 from acts of copyright infringement."

99. Dr. Nieh fails to analyze the fact that the IPSW files for iOS 11.0 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.0 environment," is freely available from Apple and therefore has no access controls associated with it. For example, the Apple web site,

http://appldnld.apple.com/ios11.0/091-31750-201700919-35B0766C-9027-11E7-

9375-2F35B64D2808/iPhone10,4_11.0_15A372_Restore.ipsw,

freely provides a copy of iOS 11.0 IPSW with no access controls. Since the IPSW file for IOS 11.0 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208.

100.     Dr. Nieh also misunderstands the purpose of Apple's Secure Boot process. It does not control access to iOS 11.0 and protect iOS 11.0 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

available IPSW files for iOS 11.0 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 11.0 to prevent copyright violations.

101.    As described above, the purpose of Apple's Secure Boot process is to secure its own Apple **hardware devices**. The Apple Secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wanted to, it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.0, as it had done with previous versions of iOS.

## 10.5    NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-584-724.

102.    Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.0.1 and describes examples where, in his opinion, copies are made of iOS 11.0.1 are made by either copying an IPSW file for iOS 11.0.1 or copying portions or files from an IPSW file for iOS 11.0.1.

103.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-584-724. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-584-724 covers "all copyrightable aspects of Apple's code for the entire iOS 11.0.1 environment, including all copyrightable aspects of "iOS" as I define it in this report".

104.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.0.1 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.5. Moreover, the iOS 11.0.1

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

environment contains open source code as described above, which Apple cannot copyright.

105.    But U.S. copyright registration no. TX 8-584-724 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-584-724 is described as "New and revised computer program; new and revised artwork; animation". Since TX 8-584-724 states that excluded from this claim is "Previously published Apple material (iOS 11.0 and prior versions of iOS software)", this copyright registration must also be so limited.

**Limitation of copyright claim**

| | |
|---|---|
| **Material excluded from this claim:** | Previously published Apple material (iOS 11.0 and prior versions of iOS software) |
| **Previous registration and year:** | TX 8-344-158, 2016<br>Pending, 2017 |
| **New material included in claim:** | New and revised computer program; new and revised artwork; animation |

106.    Dr. Nieh has stated that he has "examined the Certificate of Registration, source code deposit, and video deposit for iOS 11.0.1." Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004719 is present in any accused 11.0.1 IPSW file. As for the video deposits, APL-CORELLIUM_00005182; APL-CORELLIUM_00005184;  APL-  CORELLIUM_00005185;  APL-CORELLIUM_00005186;  APL-CORELLIUM_00005187;  APL-CORELLIUM_00005188;  APL-CORELLIUM_00005189;  APL-CORELLIUM_00005190;  APL-CORELLIUM_00005191;  APL-CORELLIUM_00005192;  APL-CORELLIUM_00005193;  APL-CORELLIUM_00005194;  APL-CORELLIUM_00005195, I have reviewed these videos and they deal entirely with "Animoji". Since the Corellium Apple Product does not have a camera, the accused Corellium Apple Product cannot be shown to contain this functionality.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

107.    Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.0.1 when it creates a new iOS 11.0.1 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.0.1 GUI images and elements embodied in Apple's copyrighted iOS 11.0.1.

108.    Moreover, U.S. copyright registration no. TX 8-584-724 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.0.1, the default background wallpaper images, and other graphical images used by iOS 11.0.1 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-584-724 states that excluded from this claim is "Previously published Apple material (iOS 11.0 and prior versions of iOS software); third party material that appears as exemplars in video deposit)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 11.0.1, the default background wallpaper images, and other graphical images used by iOS 11.0.1 and its default applications to communicate to the user, which were not part iOS 11.0 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS - contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 11.0.1.1 contains any copyrighted Apple GUI elements.

109.    Since Dr. Nieh has presented no evidence that the accused 11.0.1 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-584-724, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

**10.5.1**            **NO DMCA VIOLATION OF IOS 11.0.1**

110.    Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 11.0.1 and protect iOS 11.0.1 from acts of copyright infringement."

111.    Dr. Nieh fails to analyze the fact that the IPSW files for iOS 11.0.1 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.0.1 environment" is freely available from Apple and therefore has no access controls associated with it. For example, the Apple web site,

http://appldnld.apple.com/ios11.0.1/091-34306-20170926-F9EFB76E-9F4E-11E7-

8B20-65376B179ABE/iPhone10,5_11.0.1_15A403_Restore.ipsw,

freely provides a copy of iOS 11.0.1 IPSW with no access controls. Since the IPSW file for iOS 11.0.1 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." [Nieh Report ¶208].

112.    Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 11.0.1 and protect iOS 11.0.1 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

the freely available IPSW files for iOS 11.0.1 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 11.0.1 to prevent copyright violations.

113.     As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.0.1.

## 10.6     NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-634-702

114.     Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.2 and describes examples where, in his opinion, copies are made of iOS 11.2 are made by either copying an IPSW file for iOS 11.2 or copying portions or files from an IPSW file for iOS 11.2.

115.     But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-634-702. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-634-702 covers "all copyrightable aspects of Apple's code for the entire iOS 11.2 environment, including all copyrightable aspects of "iOS" as I define it in this report".

116.     To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.2 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

"understanding". See Nieh Report Section X.A.6. Moreover, the iOS 11.2 environment contains open source code as described above, which Apple cannot copyright.

117.     But U.S. copyright registration no. TX 8-634-702 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-634-702 is described as "New and revised computer program". Since TX 8-634-702 states that excluded from this claim is "Previously published Apple material (iOS 11.1.2 and prior versions of iOS software)", this copyright registration must also be so limited.

## Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 11.1.2 and prior versions of iOS software) |
| Previous registration and year: | TX 8-609-048, 2017<br>TX 8-584-724, 2018 |
| New material included in claim: | New and revised computer program |

118.     Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit iOS 11.2.". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004858 is present in any accused 11.2 IPSW file.

119.     Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.2 when it creates a new iOS 11.2 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.2 GUI images and elements embodied in Apple's copyrighted iOS 11.2.

120.     Moreover, U.S. copyright registration no. TX 8-634-702 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.2, the default background wallpaper images, and other graphical images used by iOS 11.2 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-634-702 that excluded from this claim is "Previously published Apple material (iOS 11.1.2 and prior versions of iOS software)". Dr. Nieh has not identified any GUI

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

images and elements, icons for the default applications installed in iOS 11.2, the default background wallpaper images, and other graphical images used by iOS 11.2 and its default applications to communicate to the user, which were not part iOS 11.1.2 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 11.2 contains any copyrighted Apple GUI elements.

121. Since Dr. Nieh has presented no evidence that the accused 11.2 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-634-702, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

### 10.6.1 NO DMCA VIOLATION OF IOS 11.2

122. Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 11.2 and protect iOS 11.2 from acts of copyright infringement."

123. Dr. Nieh fails to analyze the fact that the IPSW files for iOS 11.2 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.2 environment" is freely available from Apple and therefore has no access controls associated with it. For example, the Apple web site,

http://appldnld.apple.com/ios11.2/091-51760-20171206-BA09FB16-D5F7-11E7-A344-36B9DC24E03F/iPhone10,6_11.2_15C114_Restore.ipsw,

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

freely provides a copy of iOS 11.2 IPSW with no access controls. Since the IPSW file for iOS 11.2 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." [Nieh Report ¶208].

124.    Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 11.2 and protect iOS 11.2 from acts of copyright infringement as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW files for iOS 11.2 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 11.2 to prevent copyright violations.

125.    As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.2.

## 10.7    NO VIOLATION OF APPLE'S COPYRIGHT TX 8-647-053.

126.    Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.2.5 and describes examples where, in his opinion, copies are made of iOS 11.2.5 are made by

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

either copying an IPSW file for iOS 11.2.5 or copying portions or files from an IPSW file for iOS 11.2.5.

127.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-647-053. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-647-053 covers "all copyrightable aspects of Apple's code for the entire iOS 11.2.5 environment, including all copyrightable aspects of "iOS" as I define it in this report".

128.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.2.5 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.7. Moreover, the iOS 11.2.5 environment contains open source code as described above, which Apple cannot copyright.

129.    But U.S. copyright registration no. TX 8-647-053 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-647-053 is described as "New and revised computer program". Since TX 8-647-053 states that excluded from this claim is "Previously published Apple material (iOS 11.2.2 and prior versions of iOS software)", this copyright registration must also be so limited.

### Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 11.2.2 and prior versions of iOS software) |
| Previous registration and year: | TX 8-584-724, 2018<br>Pending, 2018 |
| New material included in claim: | New and revised computer program |

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

130.    Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit iOS 11.2.5". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004909 is present in any accused 11.2.5 IPSW file.

131.    Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.2.5 when it creates a new iOS 11.2.5 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.2.5 GUI images and elements embodied in Apple's copyrighted iOS 11.2.5.

132.    Moreover, U.S. copyright registration no. TX 8-647-053 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.2.5, the default background wallpaper images, and other graphical images used by iOS 11.2.5 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-647-053 that excluded from this claim is "Previously published Apple material (iOS 11.2.2 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 11.2.5, the default background wallpaper images, and other graphical images used by iOS 11.2.5 and its default applications to communicate to the user, which were not part iOS 11.2.2 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 11.2.5 contains any copyrighted Apple GUI elements.

133.    None of the functionality Dr. Nieh cites on pages 55 - 56 is described in U.S. copyright registration no. TX 8-584-722 nor has he shown that the source code U.S. copyright registration no. TX 8-584-722 in any way relates to this functionality. Indeed,

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

as described above, the accused Corellium Apple Product cannot make use of Siri not can it make use of animojis. Since Dr. Nieh has presented no evidence that the accused 11.3 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-584-722, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review

134.     Since Dr. Nieh has presented no evidence that the accused 11.2.5 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-647-053, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

## 10.7.1          NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-647-053

135.     Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 11.2.5 and protect iOS 11.2.5 from acts of copyright infringement."

136.     Dr. Nieh fails to analyze the fact that the IPSW file for iOS 11.2.5 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.2.5 environment" is freely available from Apple and therefore has no access controls associated with it.  For example, the Apple web site,

http://appldnld.apple.com/ios11.2.5/091-62010-20180122-2A159E5A-FC96-11E7-B269-E6848D2B37FD/iPhone10,6_11.2.5_15D60_Restore.ipsw,

freely provides a copy of iOS 11.2.5 IPSW with no access controls. Since the IPSW file for iOS 11.2.5 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." [Nieh Report ¶208].

137.     Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 11.2.5 and protect iOS 11.2.5 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW file for iOS 11.2.5 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 11.2.5 to prevent copyright violations.

138.     As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.2.5.

## 10.8   NO VIOLATION OF APPLE'S COPYRIGHT TX 8-584-722.

139.     Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.3 and describes examples where, in his opinion, copies are made of iOS 11.3 are made by either copying an IPSW file for iOS 11.3 or copying portions or files from an IPSW file for iOS 11.3.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

140.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-584-722. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-584-722 covers "all copyrightable aspects of Apple's code for the entire iOS 11.3 environment, including all copyrightable aspects of "iOS" as I define it in this report".

141.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.3 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.8. Moreover, the iOS 11.3 environment contains open source code as described above, which Apple cannot copyright.

142.    But U.S. copyright registration no. TX 8-584-722 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-584-722 is described as "New and revised computer program; new and revised artwork; animation". Since TX 8-584-722 states that excluded from this claim is "Previously published Apple material (iOS 11.2 and prior versions of iOS software)", this copyright registration must also be so limited.

### Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 11.2 and prior versions of iOS software) |
| Previous registration and year: | Pending, 2017<br>Pending, 2018 |
| New material included in claim: | New and revised computer program; new and revised artwork; animation |

143.    Dr. Nieh has stated that he has "examined the Certificate of Registration, source code deposit and video deposit for iOS 11.3". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004611 is present in any accused

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

11.3 IPSW file. The video deposit shows animojis which as described above the accused Corellium cannot show as it does not have a camera.

144.     Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.3 when it creates a new iOS 11.3 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.3 GUI images and elements embodied in Apple's copyrighted iOS 11.3.

145.     Moreover, U.S. copyright registration no. TX 8-584-722 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.3, the default background wallpaper images, and other graphical images used by iOS 11.3 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-584-722 that excluded from this claim is "Previously published Apple material (iOS 11.2 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 11.3, the default background wallpaper images, and other graphical images used by iOS 11.3 and its default applications to communicate to the user, which were not part iOS 11.2. and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 11.3 contains any copyrighted Apple GUI elements.

146.     None of the functionality Dr. Nieh cites on pages 57 - 59 is described in U.S. copyright registration no. TX 8-584-722 nor has he shown that the source code cited with U.S. copyright registration no. TX 8-584-722 in any way relates to this functionality. Indeed, as described above, the accused Corellium Apple Product cannot

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

make use of Siri not can it make use of animojis, nor does it contain a battery. Since Dr. Nieh has presented no evidence that the accused 11.3 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-584-722, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

### 10.8.1          NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-584-722

147.    Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 11.3 and protect iOS 11.3 from acts of copyright infringement."

148.    Dr. Nieh fails to analyze the fact that the IPSW file for iOS 11.3 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.3 environment" is freely available from Apple and therefore has no access controls associated with it. For example, the Apple web site,

http://appldnld.apple.com/ios11.3/091-75531-201803029-6A1BF92C-2C61-11E8-8550-4BEB245B8CCE/iPad_7,5_iPad_7,6_11.3_15E218_Restore.ipsw ,

freely provides a copy of iOS 11.3 IPSW with no access controls. Since the IPSW file for iOS 11.3 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208.

149.    Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 11.3 and protect iOS 11.3 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW file for iOS 11.3 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 11.3 to prevent copyright violations.

150.    As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.3.

## 10.9    NO VIOLATION OF APPLE'S COPYRIGHT TX 8-611-420.

151.    Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 11.4 and describes examples where, in his opinion, copies are made of iOS 11.4 are made by either copying an IPSW file for iOS 11.4 or copying portions or files from an IPSW file for iOS 11.4.

152.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-611-420. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-611-420 covers "all copyrightable aspects of Apple's code for the entire iOS 11.4 environment, including all copyrightable aspects of "iOS" as I define it in this report".

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

153.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 11.4 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.9. Moreover, the iOS 11.4 environment contains open source code as described above, which Apple cannot copyright.

154.    But U.S. copyright registration no. TX 8-611-420 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-611-420 is described as "New and revised computer program". Since TX 8-611-420 states that excluded from this claim is "Previously published Apple material (iOS 11.3 and prior versions of iOS software)", this copyright registration must also be so limited.

**Limitation of copyright claim**

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 11.3 and prior versions of iOS software) |
| Previous registration and year: | TX 8-344-158, 2016<br>Pending, 2017 |
| New material included in claim: | New and revised computer program |

155.    Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit for iOS 11.4". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00004668 is present in any accused 11.4 IPSW file.

156.    Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 11.4 when it creates a new iOS 11.4 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 11.4 GUI images and elements embodied in Apple's copyrighted iOS 11.4.

157.    Moreover, U.S. copyright registration no. TX 8-611-420 makes no mention of GUI images and elements, icons for the default applications installed in iOS 11.4, the default

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

background wallpaper images, and other graphical images used by iOS 11.4 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-611-420 that excluded from this claim is "Previously published Apple material (iOS 11.3 and prior versions of iOS software)". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 11.4, the default background wallpaper images, and other graphical images used by iOS 11.4 and its default applications to communicate to the user, which were not part iOS 11.3 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 11.4 contains any copyrighted Apple GUI elements.

158.    None of the functionality Dr. Nieh cites on page 60 is described in U.S. copyright registration no. TX 8-611-420 nor has he shown that the source code U.S. copyright registration no. TX 8-611-420 in any way relates to this functionality. The accused Corellium Apple Product does not store messages, photos, and other attachments in iCloud, as it cannot connect to iCloud. Since Dr. Nieh has presented no evidence that the accused 11.4 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-611-420, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

**10.9.1            NO DMCA VIOLATION OF APPLE'S COPYRIGHT TX 8-611-420**

159.    Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

protection measures that otherwise effectively control access to iOS 11.4 and protect iOS 11.4 from acts of copyright infringement."

160.     Dr. Nieh fails to analyze the fact that the IPSW file for iOS 11.4 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 11.4 environment" is freely available from Apple and therefore has no access controls associated with it. For example, the Apple web site,

http://updates-http.cdn-apple.com/2018/iosseed/091-81979-20180501-D6259B8C-4B15-11E8-A9F3-6490D9D45F13/iPhone10,3,iPhone10,6_11.4_15F5061e_Restore.ipsw,

freely provides a copy of iOS 11.4 IPSW with no access controls. Since the IPSW file for iOS 11.4 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." [Nieh Report ¶208].

161.     Dr. Nieh misunderstands the purpose of Apple's Secure Boot chain process. It does not control access to iOS 11.4 and protect iOS 11.4 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW file for iOS 11.4 constitutes an act of copyright infringement

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

demonstrates that there are no access controls on iOS 11.4 to prevent copyright violations.

162.     As described above, the purpose of Apple's Secure Boot chain process is to secure user data on an Apple device. The Apple secure boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 11.4.

## 10.10   NO VIOLATION OF APPLE'S COPYRIGHT TX 8-651-122.

163.     Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 12.0 and describes examples where, in his opinion, copies are made of iOS 12.0 are made by either copying an IPSW file for iOS 12.0 or copying portions or files from an IPSW file for iOS 12.0.

164.     But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-651-122. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-651-122 covers "all copyrightable aspects of Apple's code for the entire iOS 12.0 environment, including all copyrightable aspects of "iOS" as I define it in this report".

165.     To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 12.0 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.10. Moreover, the iOS 12.0 environment contains open source code as described above, which Apple cannot copyright.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

166.     But U.S. copyright registration no. TX 8-651-122 is not as broad as Dr. Nieh

suggests. U.S. copyright registration no. TX 8-651-122 is described as "New and revised

computer program; new and revised artwork; animation; audiovisual elements". Since

TX 8-651-122 states that excluded from this claim is "Previously published Apple

material (iOS 11.4.1 and prior versions of iOS software); third party material that

appears as exemplars in video deposit", this copyright registration must also be so

limited.

**Limitation of copyright claim**

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 11.4.1 and prior versions of iOS software); third party material that appears as exemplars in video deposit |
| Previous registration and year: | TX 8-611-420, 2018 |
| | TX 8-584-722, 2018 |

167.     Dr. Nieh has stated that he has "examined the Certificate of Registration, source

code deposit, Memoji Assets deposit, and three video deposits for iOS 12.0". Dr. Nieh

has not provided any evidence that the redacted source code APL- APL-

CORELLIUM_00004776 is present in any accused 12.0 IPSW file. One of the video

deposits deals with Siri, and as stated above, since the accused Corellium Apple Product

does not have a microphone, it can make use of Siri. The other videos deal with

Animoji's, with as the accused Corellium Apple Product does not have a camera, it

cannot make use of Animoji.

168.     Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI

images and elements embodied in Apple's copyrighted iOS 12.0 when it creates a new

iOS 12.0 virtual device and displays it to the user." Dr. Nieh has not identified any iOS

12.0 GUI images and elements embodied in Apple's copyrighted iOS 12.0.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

169.    Moreover, U.S. copyright registration no. TX 8-651-122 makes no mention of GUI images and elements, icons for the default applications installed in iOS 12.0, the default background wallpaper images, and other graphical images used by iOS 12.0 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-651-122 that excluded from this claim is "Previously published Apple material (iOS 11.4.1 and prior versions of iOS software); third party material that appears as exemplars in video deposit". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 12.0, the default background wallpaper images, and other graphical images used by iOS 12.0 and its default applications to communicate to the user, which were not part iOS 11.4.1 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 12.0 contains any copyrighted Apple GUI elements.

170.    None of the functionality Dr. Nieh cites on pages 62 - 63 are described in U.S. copyright registration no. TX 8-651-122 nor has he shown that the source code deposit for U.S. copyright registration no. TX 8-651-122 in any way relates to this functionality. The accused Corellium Apple Product does not have a camera so it cannot perform the features Dr. Nieh cites here. Since Dr. Nieh has presented no evidence that the accused 12.0 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-651-122, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

10.10.1  **NO DMCA VIOLATION OF IOS 12**

171.  Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 12.0 and protect iOS 12.0 from acts of copyright infringement." I do not agree.

172.  Dr. Nieh fails to consider that the IPSW file for iOS 12.0 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 12.0 environment" is freely available from Apple and therefore has no access controls. Since the IPSW file for iOS 12.0 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208.

173.  Dr. Nieh also misunderstands the purpose of Apple's Secure Boot process. It does not control access to iOS 12.0 and protect iOS 12.0 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW files for iOS 12.0 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 12.0 to prevent copyright violations.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

174.    As described above, the purpose of Apple's Secure Boot chain process is to secure its own Apple **hardware devices**. The Apple Secure Boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wished to it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 12.0.

## 10.11   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-651-122

175.    Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 12.1.1 and describes examples where, in his opinion, copies are made of iOS 12.1.1 are made by either copying an IPSW file for iOS 12.1.1 or copying portions or files from an IPSW file for iOS 12.1.1.

176.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-668-993. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-668-993 covers "all copyrightable aspects of Apple's code for the entire iOS 12.1.1 environment, including all copyrightable aspects of "iOS" as I define it in this report".

177.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 12.1.1 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.11. Moreover, the iOS 12.1.1 environment contains open source code as described above, which Apple cannot copyright.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

178.    But U.S. copyright registration no. TX 8-668-993 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-668-993 is described as "New and revised computer program". Since TX 8-668-993 states that excluded from this claim is "Previously published Apple material (iOS 12.1 and prior versions of iOS software)", this copyright registration must also be so limited.

## Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Previously published Apple material (iOS 12.1 and prior versions of iOS software) |
| Previous registration and year: | TX 8-651-122, 2018<br>TX 8-611-420, 2018 |
| New material included in claim: | New and revised computer program |

179.    Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit for iOS 12.1.1". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00005026 is present in any accused 12.1.1 IPSW file.

180.    Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 12.1.1 when it creates a new iOS 12.1.1 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 12.1.1 GUI images and elements embodied in Apple's copyrighted iOS 12.1.1.

181.    Moreover, U.S. copyright registration no. TX 8-668-993 makes no mention of GUI images and elements, icons for the default applications installed in iOS 12.1.1, the default background wallpaper images, and other graphical images used by iOS 12.1.1 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-668-993 that excluded from this claim is "Previously published Apple material (iOS 12.1 and prior versions of iOS software); third party material that appears as exemplars in video deposit". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 12.1.1, the default

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

background wallpaper images, and other graphical images used by iOS 12.1.1 and its default applications to communicate to the user, which were not part iOS 12.1 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 12.1.1 contains any copyrighted Apple GUI elements.

182.    None of the functionality Dr. Nieh cites on pages 66 - 67 are described in U.S. copyright registration no. TX 8-668-993 nor has he shown that the source code deposit for U.S. copyright registration no. TX 8-668-993 in any way relates to this functionality. The accused Corellium Apple Product does not have a camera so it cannot perform the features Dr. Nieh cites here. Since Dr. Nieh has presented no evidence that the accused 12.1.1 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-668-993, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

**10.11.1          NO DMCA VIOLATION OF IOS 12.1.1**

183.    Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 12.1.1 and protect iOS 12.1.1 from acts of copyright infringement." I do not agree.

184.    Dr. Nieh fails to consider that the IPSW file for iOS 12.1.1 which he claims contains "all copyrightable aspects of Apple's code for the entire iOS 12.1.1 environment" is freely available from Apple and therefore have no access controls associated with it. Since the IPSW file for iOS 12.1.1 is freely available there is no need to descramble a

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208.

185.    Dr. Nieh also misunderstands the purpose of Apple's Secure Boot process. It does not control access to iOS 12.1.1 and protect iOS 12.1.1 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW file for iOS 12.1.1 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 12.1.1 to prevent copyright violations.

186.    As described above, the purpose of Apple's Secure Boot chain process is to secure its own Apple **hardware devices**. The Apple Secure Boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wanted to, it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 12.1.1, as it had done with previous versions of iOS.

## 10.12   NO INFRINGEMENT OF APPLE'S COPYRIGHT TX 8-759-263

187.    Dr. Nieh opines that Corellium modifies, copies, and distributes iOS 12.2 and describes examples where, in his opinion, copies are made of iOS 12.2 are made by

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

either copying an IPSW file for iOS 12.2 or copying portions or files from an IPSW file for iOS 12.2.

188.    But what Dr. Nieh fails to do is show that any of the alleged copies he is referring to actual pertain to U.S. copyright registration no. TX 8-759-263. Dr. Nieh states that according to his understanding the U.S. copyright registration no. TX 8-759-263 covers "all copyrightable aspects of Apple's code for the entire iOS 12.2 environment, including all copyrightable aspects of "iOS" as I define it in this report".

189.    To start with, Dr. Nieh has not provided any details as to what he means by all copyrightable aspects of Apple's code for the entire iOS 12.2 environment, including all copyrightable aspects of "iOS" as he defines it in this report. Dr. Nieh also does not state how he achieved this understanding nor has provided any evidence to support his "understanding". See Nieh Report Section X.A.12. Moreover, the iOS 12.2 environment contains open source code as described above, which Apple cannot copyright.

190.    But U.S. copyright registration no. TX 8-759-263 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. TX 8-759-263 is described as "New and revised computer program, audiovisual elements". Since TX 8-759-263 states that excluded from this claim is "Previously published Apple material (iOS 12.1.4 and prior versions of iOS software)", this copyright registration must also be so limited.

| Limitation of copyright claim | |
| --- | --- |
| Material excluded from this claim: | Previously published Apple material (iOS 12.1.4 and prior versions of iOS software) |
| Previous registration and year: | TX 8-651-122, 2018<br>TX 8-668-993, 2019 |
| New material included in claim: | New and revised computer program, audiovisual elements |

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

191.    Dr. Nieh has stated that he has "examined the Certificate of Registration and source code deposit for iOS 12.2". Dr. Nieh has not provided any evidence that the redacted source code APL-CORELLIUM_00005081 is present in any accused 12.2 IPSW file.

192.    Dr. Nieh also states "The Corellium Apple Product also publicly displays the GUI images and elements embodied in Apple's copyrighted iOS 12.2 when it creates a new iOS 12.2 virtual device and displays it to the user." Dr. Nieh has not identified any iOS 12.2 GUI images and elements embodied in Apple's copyrighted iOS 12.2.

193.    Moreover, U.S. copyright registration no. TX 8-759-263 makes no mention of GUI images and elements, icons for the default applications installed in iOS 12.2, the default background wallpaper images, and other graphical images used by iOS 12.2 and its default applications to communicate to the user. In addition, U.S. copyright registration no. TX 8-759-263 that excluded from this claim is "Previously published Apple material (iOS 12.1.4 and prior versions of iOS software); third party material that appears as exemplars in video deposit". Dr. Nieh has not identified any GUI images and elements, icons for the default applications installed in iOS 12.2, the default background wallpaper images, and other graphical images used by iOS 12.2 and its default applications to communicate to the user, which were not part iOS 12.1.4 and prior versions of iOS software. Dr. Nieh admits that "each new version of iOS contains only incremental changes, including incremental changes to the GUI Elements" and he makes no showing that the accused IPSW file for iOS 12.2 contains any copyrighted Apple GUI elements. None of the functionality Dr. Nieh cites on pages 68 - 69 are described in U.S. copyright registration no. TX 8-759-263 nor has he shown that the source code deposit for U.S. copyright registration no. TX 8-759-263 in any way relates to this functionality. The

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

accused Corellium Apple Product does not have a camera or microphone so it cannot perform the features Dr. Nieh cites here. Since Dr. Nieh has presented no evidence that the accused 12.2 IPSW file contains any of the functionality described in U.S. copyright registration no. TX 8-759-263, I reserve the right to supplement my opinions expressed in this report if and when additional evidence becomes available for my review.

### 10.12.1           NO DMCA VIOLATION OF IOS 12.2

194.     Dr. Nieh also opines that "Corellium offers a technology, product, or service that circumvents, bypasses, deactivates, avoids, and impairs Apple's technological protection measures that otherwise effectively control access to iOS 12.2 and protect iOS 12.2 from acts of copyright infringement." I do not agree.

195.     Dr. Nieh fails to consider that the IPSW file for iOS 12.2, which he claims contains "all copyrightable aspects of Apple's code for the entire iOS environment," is freely available from Apple's public web server and therefore has no access controls associated with it. For example, the Apple web site, http://updates-http.cdn-apple.com/2019SpringFCS/fullrestores/041-06931/ECF5CC36-499F-11E9-BCDC-E44576CE070F/iPhone_4.0_64bit_12.2_16E227_Restore.ipsw,

makes available a free copy of the iOS 12.2 IPSW with no access controls. Since the IPSW file for iOS 12.2 is freely available there is no need to descramble a scrambled work, to decrypt an encrypted work, or to otherwise avoid, bypass, remove, deactivate, or otherwise impair a technological measure without permission of the copyright owner. In addition, there are no software agreements that must be signed to get this software and it is provided in an unencrypted form. Dr. Nieh admits that the IPSW files come from Apple, stating "I understand that the Cloud Product previously used a script to

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

retrieve available IPSW files from iTunes servers and present numerous versions of iOS to the user as options for creation of pre-configured iOS devices." Nieh Report ¶208.

196.    Dr. Nieh also misunderstands the purpose of Apple's Secure Boot process. It does not control access to iOS 12.2 and protect iOS 12.2 from acts of copyright infringement, as described above. The fact that Dr. Nieh opines that making a copy of the freely available IPSW files for iOS 12.2 constitutes an act of copyright infringement demonstrates that there are no access controls on iOS 12.2 to prevent copyright violations.

197.    As described above, the purpose of Apple's Secure Boot process is to secure its own Apple **hardware devices**. The Apple Secure Boot chain is designed to use Apple hardware to secure the software running on the Apple device. If Apple wanted to, it could easily encrypt the IPSW files it makes publicly available to control access and protect iOS 12.2, as it had done with previous versions of iOS.

## 10.13   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 2-061-057

198.    Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered iOS 9 complication of icons…" VA 2-061-057. Nieh Report at 373.  At the outset, I note that this registration may be duplicative insofar as it may be included within the "iOS 9" copyright registration TX 8-205-229. But as described above, the Corellium Apple Product has never supported iOS 9.0. Since the Corellium Apple Product has never supported iOS 9.0, there can be no copyright infringement of Apple's copyright registration no. VA 2-061-057, because no one could create or have ever created an iOS 9.0 virtual device using the Corellium Apple Product.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Moreover, Dr. Nieh fails to show that Corellium utilizes any of the material protected by U.S. copyright registration no. VA 2-061-057.  Dr. Nieh states that, according to his understanding, U.S. copyright registration no VA 2-061-057 covers "the works of visual art embodied in the iOS 9 icons."  Dr. Nieh also opines that Corellium Apple Product also makes copies of some or all of the iOS 9 icons when it creates new virtual devices running other versions of iOS (at least from iOS 9 up to iOS version 12.0) as well. Dr. Nieh then cites an example of what he believes is Corellium Apple Product displaying at least some of the iOS 9 icons on an iOS 12.0 virtual device. But the registration does not cover "some" of the icons—it covers the compilation.

199.    U.S. copyright registration no. VA 2-061-057 is not as broad as Dr. Nieh suggests. U.S. copyright registration no. VA 2-061-057 specifically excludes "Preexisting 2-d icon artwork" and sets forth that the new material included in the registration is the "compilation" of icons – not the individual icons.

**Limitation of copyright claim**

| Material excluded from this claim: | Preexisting 2-d icon artwork |
| --- | --- |
| New material included in claim: | Compilation |

APL-CORELLIUM_00004856.

200.    Unable to show use of the compilation in the Corellium Apple Product, Dr. Nieh provides the following screen, which does not show the compilation in VA 2-061-057.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION



Nieh Report at p. 185. In fact, the screenshot shows an iPhone X running iOS 12—not iOS 9.0. Thus, Dr. Nieh relies on the wrong version of iOS to show infringement. In fact, the icons in iOS change from version to version. For example, Apple also asserts iOS 11 compilation icons in registration no. VA 2-100-045, which is slightly different from the compilation from iOS 9.

201.    Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. TX VA 2-061-057, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

## 10.14   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 2-100-045

202.    Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered iOS 11 complication of icons…" VA 2-100-045. Nieh Report at 387. At the outset, I note that this registration may be duplicative insofar as it may be included within the "iOS 11" copyright registration no. TX 8-609-048 (or other iOS 11.x related registrations).

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

203.    Dr. Nieh fails to show that Corellium utilizes any of the material protected by U.S. copyright registration no. VA 2-100-045.   Dr. Nieh states that, according to his understanding, U.S. copyright registration no VA 2-100-045 covers "the works of visual art embodied in the iOS 11 icons."  Nieh Report at 387.

204.    U.S. copyright registration no. VA 2-100-045 is not as broad as Dr. Nieh suggests and does not cover individual icons. U.S. copyright registration no. VA 2-100-045 specifically excludes "Preexisting 2-d icon artwork" and suggests that the new material included in the registration is the "compilation" of icons – not the individual icons.  Dr. Nieh does not distinguish which icon artwork is new, and which icon artwork appears in older versions of iOS.

| Limitation of copyright claim | |
|---|---|
| Material excluded from this claim: | Preexisting 2-d icon artwork |
| New material included in claim: | Compilation |

APL-CORELLIUM_00004854.

205.    Unable to show use of the compilation in the Corellium Apple Product, Dr. Nieh provides the following screen (the same screen used above with respect to the iOS 9 compilation of icons), which does not show the compilation in VA 2-100-045.

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



Nieh Report at p. 196. In fact, the screenshot shows an iPhone X running iOS 12—not iOS 9.0. Thus, Dr. Nieh relies on the wrong version of iOS to show infringement. In fact, the icons in iOS change from version to version. For example, Apple's iOS 11 compilation icons in registration no. VA 2-100-045 are slightly different from the compilation from iOS 9.

206.     Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. TX VA 2-100-045, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

**10.15   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-922-660**

207.     Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered wallpaper titled 'Apple Bokeh (bubble) Wallpaper iOS 7' (the 'Bokeh Wallpaper')" in VA 1-922-660. Nieh Report at 401. At the outset, I note that this registration may be duplicative insofar as it may be included within an "iOS 7" copyright registration, which has not been asserted in this litigation,

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

or other "iOS" registrations to the extent that the wallpaper has remained in versions of iOS beyond version 7.

208.     As described above, the Corellium Apple Product has never supported iOS 7.x, as it does not support any iOS version before 10.3. Since the Corellium Apple Product has never supported iOS 7.x, there can without question be no copyright infringement of Apple's copyright registration no. VA 1-922-660, because no one could create or have ever created an iOS 7.x virtual device using the Corellium Apple Product.

209.     Unable to show use of the wallpaper in the Corellium Apple Product, Dr. Nieh repeats the same analysis he used with respect to other of his infringement analyses, concluding that the wallpaper must be used because the Corellium Apple Product supports iOS 7.  As described above, the Corellium Apple Product does not support versions of iOS earlier than 10.3.  Indeed, Dr. Nieh is unable to show any evidence of infringement beyond his conjecture that iOS 7 can run on the Corellium Apple Product.

210.     Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. VA 1-922-660, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

## 10.16   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-209

211.     Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered wallpaper titled 'Apple Wallpaper – Flower magenta (iOS 8)' (the 'Flower Magenta Wallpaper')" in VA 1-967-209.  Nieh Report at 411.  At the outset, I note that this registration may be duplicative insofar as it may be included within an "iOS 8" copyright registration, which has not been asserted in this

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

litigation, or other "iOS" registrations to the extent that the wallpaper has remained in versions of iOS beyond version 8.

212.     As described above, the Corellium Apple Product has never supported iOS 8.x, as it does not support any iOS version before 10.3. Since the Corellium Apple Product has never supported iOS 8.x, there can without question be no copyright infringement of Apple's copyright registration no. VA 1-967-209, because no one could create or have ever created an iOS 8.x virtual device using the Corellium Apple Product.

213.     Unable to show use of the wallpaper in the Corellium Apple Product, Dr. Nieh repeats the same analysis he used with respect to other of his infringement analyses, concluding that the wallpaper must be used because the Corellium Apple Product supports iOS 8.  As described above, the Corellium Apple Product does not support versions of iOS earlier than 10.3.  Indeed, Dr. Nieh is unable to show any evidence of infringement beyond his conjecture that iOS 8 can run on the Corellium Apple Product.

214.     Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. VA 1-967-209, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

## 10.17   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-206

215.     Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered wallpaper titled 'Apple Wallpaper – Flower Chrysanthemum purple (iOS 8)' (the 'Flower Chrysanthemum Wallpaper')" in VA 1-967-206.  Nieh Report at 421.  At the outset, I note that this registration may be duplicative insofar as it may be included within an "iOS 8" copyright registration, which

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

has not been asserted in this litigation, or other "iOS" registrations to the extent that the wallpaper has remained in versions of iOS beyond version 8.

216.     As described above, the Corellium Apple Product has never supported iOS 8.x, as it does not support any iOS version before 10.3. Since the Corellium Apple Product has never supported iOS 8.x, there can without question be no copyright infringement of Apple's copyright registration no. VA 1-967-209, because no one could create or have ever created an iOS 8.x virtual device using the Corellium Apple Product.

217.     Unable to show use of the wallpaper in the Corellium Apple Product, Dr. Nieh repeats the same analysis he used with respect to other of his infringement analyses, concluding that the wallpaper must be used because the Corellium Apple Product supports iOS 8.  As described above, the Corellium Apple Product does not support versions of iOS earlier than 10.3.  Indeed, Dr. Nieh is unable to show any evidence of infringement beyond his conjecture that iOS 8 can run on the Corellium Apple Product.

218.     Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. VA 1-967-206, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

## 10.18   NO INFRINGEMENT OF APPLE'S COPYRIGHT VA 1-967-208

219.     Dr. Nieh opines that Corellium "copies, distributes, and publicly displays the works of visual art embodied in the registered wallpaper titled 'Apple Wallpaper – Abstract ink spot in blue and green (iOS 8)' (the 'Abstract Ink Wallpaper')" in VA 1-967-208. Nieh Report at 431.  At the outset, I note that this registration may be duplicative insofar as it may be included within an "iOS 8" copyright registration, which has not been

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

asserted in this litigation, or other "iOS" registrations to the extent that the wallpaper has remained in versions of iOS beyond version 8.

220.     As described above, the Corellium Apple Product has never supported iOS 8.x, as it does not support any iOS version before 10.3. Since the Corellium Apple Product has never supported iOS 8.x, there can without question be no copyright infringement of Apple's copyright registration no. VA 1-967-209, because no one could create or have ever created an iOS 8.x virtual device using the Corellium Apple Product.

221.     Unable to show use of the wallpaper in the Corellium Apple Product, Dr. Nieh repeats the same analysis he used with respect to other of his infringement analyses, concluding that the wallpaper must be used because the Corellium Apple Product supports iOS 8.  As described above, the Corellium Apple Product does not support versions of iOS earlier than 10.3.  Indeed, Dr. Nieh is unable to show any evidence of infringement beyond his conjecture that iOS 8 can run on the Corellium Apple Product.

222.     Since Dr. Nieh has presented no evidence that Corellium infringes U.S. copyright registration no. VA 1-967-208, I reserve the right to supplement my opinions expressed in this report if additional evidence becomes available for my review.

# 11     CONCLUSION

223.     I may rely on visual aids and demonstrative exhibits to illustrate the basis of my opinions for the Court or the jury.  Examples of these visual aids and demonstrative exhibits may include, for example, excerpts from the documents cited in my report, excerpts from depositions or other testimony, and diagrams or animations describing the Accused Product, including perhaps a live or taped demonstration.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

224.     My opinions are based upon the information that I have considered to date.  I reserve the right to supplement or amend my opinions as permitted in response to opinions expressed by Apples' experts, any new claims that Apple is permitted to add into this litigation, in light of any additional evidence, testimony, or other information that may be provided to me after the date of this report.  In addition, I expect that I may be asked to testify in rebuttal as to issues that may be raised by Apple's fact witnesses and technical experts.

225.     I hereby declare under the penalty of perjury under the laws of the United States of America that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true.

CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Executed on April 13rd 2020 in Dallas, Texas.

Dr. James Olivier

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

# ATTACHMENT 1

## DOCUMENTS REVIEWED

I have reviewed all of the documents cited in my report, including the following:

APL-CORELLIUM_00004291.pdf
APL-CORELLIUM_00004292.pdf
APL-CORELLIUM_00004299.pdf
APL-CORELLIUM_00004350.pdf
APL-CORELLIUM_00004412.pdf
APL-CORELLIUM_00004463.pdf
APL-CORELLIUM_00004489.pdf
APL-CORELLIUM_00004540.pdf
APL-CORELLIUM_00004560.pdf
APL-CORELLIUM_00004580.pdf
APL-CORELLIUM_00004592.pdf
APL-CORELLIUM_00004599.pdf
APL-CORELLIUM_00004611.pdf
APL-CORELLIUM_00004668.pdf
APL-CORELLIUM_00004719.pdf
APL-CORELLIUM_00004776.pdf
APL-CORELLIUM_00004827.pdf
APL-CORELLIUM_00004829.pdf
APL-CORELLIUM_00004844.pdf
APL-CORELLIUM_00004846.pdf
APL-CORELLIUM_00004848.pdf
APL-CORELLIUM_00004850.pdf
APL-CORELLIUM_00004852.pdf
APL-CORELLIUM_00004854.pdf
APL-CORELLIUM_00004856.pdf
APL-CORELLIUM_00004858.pdf
APL-CORELLIUM_00004909.pdf
APL-CORELLIUM_00004960.pdf
APL-CORELLIUM_00004962.pdf
APL-CORELLIUM_00004970.pdf
APL-CORELLIUM_00004984.pdf
APL-CORELLIUM_00004986.pdf
APL-CORELLIUM_00004988.pdf
APL-CORELLIUM_00004990.pdf
APL-CORELLIUM_00004992.pdf
APL-CORELLIUM_00004994.pdf
APL-CORELLIUM_00005020.pdf
APL-CORELLIUM_00005022.pdf
APL-CORELLIUM_00005024.pdf

**CONTAINS HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

APL-CORELLIUM_00005026.pdf
APL-CORELLIUM_00005079.pdf
APL-CORELLIUM_00005081.pdf
APL-CORELLIUM_00005149.pdf

Documents and files Apple submitted to the USPTO for Apple copyrights cited above.