UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

 Plaintiff,
v.

CORELLIUM, LLC,

 Defendant.
_____/

## CORELLIUM, LLC'S MOTION TO FILE PORTIONS OF CORELLIUM'S MOTION FOR SUMMARY JUDGMENT, ACCOMPANYING STATEMENT OF MATERIAL FACTS, DAUBERT MOTIONS TO EXCLUDE OR LIMIT THE REPORTS AND TESTIMONY OF ROBERT CONNELLY AND DR. JAMES NIEH AS WELL AS EXHIBITS ATTACHED THERETO UNDER SEAL

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Motion for Summary Judgment, Statement of Material Facts, Daubert Motion to Exclude Robert Connelly, and Daubert Motion to Exclude Dr. James Nieh, as well as certain Exhibits and deposition transcripts attached thereto, and in support thereof, states as follows:

### BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.     On October 3, 2019, the Court entered the Scheduling Order [D.E. 32] instructing the Parties that all dispositive motions are due on May 11, 2020.

3.     In connection with this deadline, Corellium will be filing a Motion for Summary Judgment and an accompanying Statement of Material Facts as well as two Daubert Motions to Limit or Exclude the Testimony of Plaintiff, Apple Inc.'s ("Apple") Experts, Robert Connelly and Dr. James Nieh.

4.     Each of the aforementioned filings will include applicable exhibits as specifically identified below.

5.     Counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein as it relates to Apple-designated materials and information. As it relates to Corellium-designated materials and information, Apple takes no position..

6.     Consistent with the Protective Order and the Parties' confidentiality designations, Corellium moves to file under seal its Motion for Summary Judgment and an accompanying Statement of Material Facts as well as its Daubert Motions to Limit or Exclude the Testimony of Apple's Experts, Robert Connelly and Dr. James Nieh.

7.     The Parties have agreed to continue to confer post-dispositive motion filings to continue to try and reduce the information being filed under seal.

## MEMORANDUM OF LAW

### I.     Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing

interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.     Good Cause Exists for the Court to Seal Portions of Corellium's Motion for Summary Judgment and Accompanying Statement of Material Facts.**

In this instance, good cause exists for this Court to seal portions of Corellium's Motion for Summary Judgment and accompanying Statement of Material Facts. The Motion for Summary Judgment, within its background fact section and legal argument, includes the identities of certain Corellium customers, confidential acquisition details and information, Corellium Product proprietary and trade secret technical information, and other proprietary trade secret business and operational information. This information has been previously designated by either Corellium or Apple during discovery and should not be shared with the public.

Of course, the Motion for Summary Judgment relies almost entirely upon the Statement of Material Facts which includes a collection of previously designated Confidential and Attorney's Eyes Only ("AEO") material from both sides. Where the Motion for Summary Judgment discusses and applies the confidential and/or proprietary information, the Statement of Material Facts specifically identifies the confidential and/or proprietary facts and attaches the physical evidentiary

support thereto. Thus, similar to the Motion for Summary Judgment, the Statement of Material Facts includes the identities of Corellium customers, confidential acquisition details and information, Corellium Product proprietary and trade secret technical information, and other proprietary trade secret business and operational information. This information has been previously designated by either Corellium or Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Motion for Summary Judgment and Statement of Material Facts.

**III. Good Cause Exists for the Court to Seal Portions of Corellium's Daubert Motions for Apple's Experts Robert Connelly and Dr. James Nieh.**

**a. Corellium's Daubert Motion for Apple's Expert Robert Connelly.**

Good cause exists for this Court to seal portions of Corellium's Daubert Motion for Robert Connelly. Mr. Connelly is Apple's expert for damages and forensic accounting. Accordingly, Mr. Connelly's opinions focus solely on Corellium's business financials. These numbers, projections, market performance, methods, and patterns are all highly confidential and trade secret, and therefore, should not be shared with the public. This information has been designated by Corellium as AEO and is highly confidential.

Corellium's Daubert Motion for Mr. Connelly delves into and challenges Mr. Connelly's methods for calculating Corellium's gross revenues, projected income and other related numbers. The Motion and exhibits thereto refer to Corellium's internal financials and projections, and written discovery that similarly addresses same. For this reason, Corellium asks the Court to permit those

portions of Corellium's Daubert Motion for Mr. Connelly that refer to Corellium's business and financial proprietary and confidential information be filed under seal.

### b. Corellium's Daubert Motion for Apple's Expert Dr. James Nieh.

Good cause exists for this Court to seal portions of Corellium's Daubert Motion for Dr. James Nieh. Dr. Nieh is Apple's technical expert who has been employed in this case to review Corellium's proprietary code of the Product at issue. Accordingly, Dr Nieh's opinions focus on the proprietary and trade secret technical aspects of Corellium's Product. This includes the source code and the technical "ins and outs" of how the product actually functions. This information has been designated by Corellium as AEO, is highly confidential, and should not be shared with the public.

Corellium's Daubert Motion for Dr. Nieh challenges his methods of reaching his opinions, including but not limited to Dr. Nieh's review and "analysis" of Corellium's specific source code and internal functionality of the product. Such discussion by Dr. Nieh and thus, the Daubert Motion directed at his opinions, references highly proprietary and confidential source code and product trade secret. For this reason, Corellium asks the Court to permit those portions of the Daubert Motion for Dr. Nieh that refer to Corellium's highly confidential technical and proprietary product information be filed under seal.

Accordingly, as it relates to Corellium's Daubert Motions for Robert Connelly and Dr. James Nieh, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the highly confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Daubert Motions for Robert Connelly and Dr. James Nieh.

IV. **Good Cause Exists for the Court to Seal Certain Exhibits to Corellium's Motion for Summary Judgment, Accompanying Statement of Material Facts, and Daubert Motions for Apple's Experts Robert Connelly and Dr. James Nieh.**

Finally, good cause exists for this Court to seal portions of certain exhibits to Corellium's Motion for Summary Judgment, Accompanying Statement of Material Facts and Daubert Motions for Apple's Experts Robert Connelly and Dr. James Nieh (hereinafter in this section, collectively the "Filings"). In support of the Filings, Corellium will be filing numerous exhibits or deposition testimony, previously designated by Apple or Corellium as either Confidential or AEO, that discuss, reference, relate to, or include confidential or proprietary financial, business, or technical information or materials relating to Corellium's business or technology. A list of those items follows:

|     | DOCUMENT | BATES NUMBER | DESIGNATION/REDACTED |
| --- | --- | --- | --- |
| 1. | Ivan Krstic Deposition | | Redacted |
| 2. | Jon Andrews Deposition | | Completely sealed AEO |
| 3. | Sebastien Marineau-Mes Deposition | | Completely sealed AEO (designations not complete) |
| 4. | Lee Peterson Deposition | | Completely sealed AEO (designations not complete) |
| 5. | Craig Federighi Deposition | | Completely sealed AEO (designations not complete) |
| 6. | Steve Smith Deposition | | Redacted |
| 7. | Chris Betz Deposition | | Completely sealed AEO (designations not complete) |
| 8. | Jason Shirk Deposition | | Completely sealed AEO (designations not complete) |
| 9. | Robert Connelly Deposition | | Completely sealed AEO (designations not complete) |
| 10. | Dr. Jason Nieh Deposition | | Completely sealed AEO (designations not complete) |
| 11. | David Wang Deposition | | Completely sealed AEO (designations not complete) |
| 12. | Stan Skowronek Deposition | | Completely sealed AEO (designations not complete) |
| 13. | Amanda Gorton Deposition | | Redacted |

| | | | |
|---|---|---|---|
| 14. | Chris Wade Deposition | | Completely sealed AEO (designations not complete) |
| 15. | Steve Dyer Deposition | | Redacted |
| 16. | Alex Stamos Deposition | | Completely sealed AEO (designations not complete) |
| 17. | | Apl-Corellium_00005149 | Apple Confidential |
| 18. | | Apl-Corellium_00018161 | Apple Confidential |
| 19. | | Apl-Corellium_00000850 | Apple Confidential |
| 20. | | Apl-Corellium_00000027 | Apple Confidential |
| 21. | | Apl-Corellium_00017960 | Apple Confidential |
| 22. | | Apl-Corellium_00040652 | Apple Confidential |
| 23. | | Apl-Corellium_00000519 | Apple AEO |
| 24. | | Apl-Corellium_00044386 | Apple AEO |
| 25. | | Apl-Corellium_00008529 | Apple AEO |
| 26. | | Apl-Corellium-00000536 | Apple AEO |
| 27. | | Apl-Corellium-00000604 | Apple AEO |
| 28. | | Apl-Corellium-00000745 | Apple AEO |
| 29. | | Apl-Corellium-00006405 | Apple AEO |
| 30. | Apple's Responses and Objections to Corellium's Fourth Set of Requests for Admission | | Redacted |
| 31. | Apple's Responses and Objections to Corellium's Third Set of Interrogatories, No. 4 | | Apple AEO |
| 32. | Apple's Responses and Objections to Corellium's First Set of Requests for Admissions | | Redacted |
| 33. | Apple's Verified Second Amended Responses & Objections to Corellium's Second Set of Interrogatories | | Redacted |
| 34. | Corellium's Fourth Amended. Answers to Plaintiff's First Set of Interrogatories. | | Redacted |
| 35. | Corellium's Third Amended Answers to Plaintiff, Apple's First Set of Interrogatories | | Redacted |
| 36. | Corellium's Fifth Amended Answers to Plaintiff, Apple's First Set of Interrogatories | | Redacted |
| 37. | | Corellium-004708.000001-004 | |
| 38. | Robert Connelly, Expert Report | | Apple AEO |

| | | | |
|---|---|---|---|
| 39. | Robert Connelly, Supplemental & Rebuttal Expert Report | | Apple AEO |
| 40. | Robert Connelly, Errata Supplemental & Rebuttal Expert Report | | Apple AEO |
| 41. | Robert Connelly, Second Supplemental & Rebuttal Expert Report | | Apple AEO |
| 42. | Dr. Nieh Initial Expert Report (Excerpt) | | Redacted |
| 43. | Dr. Nieh Rebuttal Expert Report (Excerpt) | | Redacted |
| 44. | Dr. Nieh Supplemental Expert Report (Excerpt) | | Redacted |
| 45. | | Apl-Corellium_00003979 | Redacted |

This information has been previously designated by either Corellium or Apple during discovery, contains confidential and/or proprietary trade secret information, and thus, should not be shared with the public.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Motion for Summary Judgment and an accompanying Statement of Material Facts as well as two Daubert Motions to Limit or Exclude the Testimony of Apple's Experts, Robert Connelly and Dr. James Nieh, as well as the exhibits and deposition transcripts in support thereof and that are identified above under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on May 11, 2020, regarding the relief sought herein. Plaintiff does not oppose the relief requested herein as it relates to Apple-designated materials and information. As it relates to Corellium-designated materials and information, Plaintiff takes no position.

Dated: May 11, 2020                      Respectfully submitted,

 

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.:  106463
     LIZZA C. CONSTANTINE
     Florida Bar No.:  1002945
     MICHAEL A. BOEHRINGER
     Florida Bar No.: 1018486

   *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 11, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000

CASE NO.: 9:19-CV-81160-RS

San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*