UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO EXCLUDE LEGAL OPINIONS AND CORRESPONDING TESTIMONY OF CORELLIUM'S EXPERTS CLARK ASAY AND <u>ALEXANDER STAMOS AND INCORPORATED MEMORANDUM OF LAW</u>**

## TABLE OF CONTENTS

                                                                                **Page**

I. Background .......................................................................................................................... 1

      A. Professor Clark Asay ............................................................................................... 1

      B. Professor Alexander Stamos ................................................................................... 2

II. Legal Standard ..................................................................................................................... 3

III. Corellium Experts' Legal Opinions And Conclusions Should Be Excluded ...................... 4

      A. Professor Asay's Testimony Consists Solely of Legal Opinions and Should Be Excluded in Its Entirety ............................................................................. 5

      B. Professor Stamos's Legal Opinions Regarding Fair Use and the DMCA Should Be Excluded ................................................................................................... 7

IV. Conclusion ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bateman v. Mnemonics, Inc.*,
   79 F.3d 1532 (11th Cir. 1996) ...................................................................................................7

*Burkhart v. Wash. Metro. Area Transit Auth.*,
   112 F.3d 1207 (D.C. Cir. 1997)..............................................................................................5, 10

*Cambridge Univ. Press v. Patton*,
   769 F.3d 1232 (11th Cir. 2014) ...................................................................................................9

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994)......................................................................................................................8

*Chamberlain Grp. v. Skylink Techs., Inc.*,
   381 F.3d 1178 (Fed. Cir. 2004)....................................................................................................6

*City of Tuscaloosa v. Harcros Chems., Inc.*,
   158 F.3d 548 (11th Cir. 1998) .....................................................................................................4

*Commodores Entm't Corp. v. McClary*,
   879 F.3d 1114 (11th Cir. 2018) ...............................................................................3, 4, 5, 7, 10

*Cordoves v. Miami-Dade Cty.*,
   104 F. Supp. 3d 1350 (S.D. Fla. 2015) ...................................................................4, 5, 7, 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993).........................................................................................................3, 7, 8, 9

*Disney Enters. Inc. v. VidAngel, Inc.*,
   371 F. Supp. 3d 708 (C.D. Cal. 2019) .....................................................................................10

*Farley v. Oceania Cruises, Inc.*,
   No. 13-20244-CIV, 2015 WL 1131015 (S.D. Fla. Mar. 12, 2015) ...........................................4

*Hendrix ex rel G.P. v. Evenflo, Inc.*,
   609 F.3d 1183 (11th Cir. 2010) ................................................................................................8, 9

*Higgs v. Costa Crociere S.p.A. Co.*,
   No. 15-60280-CIV, 2016 WL 4370012 (S.D. Fla. Jan. 12, 2016)..............................................4

*Jordan v. Celebrity Cruises, Inc.*,
   No. 1:17-20773-CIV, 2018 WL 3584702 (S.D. Fla. July 25, 2018) .........................................4

*Keeling v. Hars*,
    809 F.3d 43 (2d Cir. 2015)...................................................................................................7

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999).......................................................................................................3, 5

*Mamani v. Sanchez Berzain*,
    No. 07-22459-CIV, 2018 WL 1090546 (S.D. Fla. Feb. 28, 2018)............................................4

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
    629 F.3d 928 (9th Cir. 2010) ...............................................................................................6

*Montgomery v. Aetna Cas & Sur. Co.*,
    898 F.2d 1537 (11th Cir. 1990) ........................................................................................4, 5

*Pac. & S. Co. v. Duncan*,
    744 F.2d 1490 (11th Cir. 1984) ...........................................................................................9

*United States ex rel. Phalp v. Lincare Holdings*,
    116 F. Supp. 3d 1326 (S.D. Fla. 2015) .................................................................................4

*Pleasant Valley Biofuels, LLC v. Sanchez-Medina*,
    No. 13-23046-CIV, 2014 WL 2855062 (S.D. Fla. June 23, 2014).........................................4, 7

*Realnetworks, Inc. v. DVD Copy Control Ass'n*,
    641 F. Supp. 2d 913 (N.D. Cal. 2009) ................................................................................10

*Ryken v. Celebrity Cruises, Inc.*,
    No. 18-CV-25152-UU, 2019 WL 5485177 (S.D. Fla. Sept. 10, 2019) .................................4, 10

*Umana-Fowler v. NCL (Bahamas) Ltd.*,
    49 F. Supp. 3d 1120 (S.D. Fla. 2014) ...................................................................................5

*United States v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004) ...................................................................................3, 4, 8

*United States v. Milton*,
    555 F.2d 1198 (5th Cir. 1977) .......................................................................................4, 10

*Universal City Studios, Inc. v. Reimerdes*,
    111 F. Supp. 2d 294 (S.D.N.Y. 2000).................................................................................10

**STATUTES**

17 U.S.C.
    § 1201...............................................................................................................................10
    §§ 1201(a)-(b) ..................................................................................................................10
    §§ 1201 *et seq.* ..................................................................................................................5

Copyright Act..................................................................................................................1, 3, 6

Digital Millenium Copyright Act of 1998 (DMCA)............................................................. *passim*

## RULES

Fed. R. Evid.
   403......................................................................................................................1, 3
   702......................................................................................................................1, 3, 5
   702(a) ........................................................................................................................3

## CONSTITUTIONAL PROVISIONS

U.S. CONST., art. I, § 8, cl. 8 .................................................................................................8

Corellium plans to have its experts proffer a raft of inadmissible legal opinions and conclusions at trial. Those opinions threaten to usurp both the Court's role in interpreting the law and the jury's role in making factual findings consistent with the applicable law. For those reasons, decades of precedent in this Circuit hold that such opinions should be excluded.

Corellium's proffer of law professor Clark Asay, who has provided "expert reports" that read like legal briefs, is the most obvious example of these improper tactics. His reports consist exclusively of legal arguments and conclusions that are not the proper subject of expert testimony. Professor Alexander Stamos—a non-lawyer who read a single copyright case provided to him by counsel—similarly intends to tell the jury his conclusions that Corellium is engaged in fair use under the Copyright Act and does not violate the Digital Millennium Copyright Act's ("DMCA's") anti-circumvention provisions. Neither of these witnesses reviewed or analyzed the factual record in this case. Their legal opinions represent a thinly veiled effort to act as judge and jury.

It is for the Court—not expert witnesses—to instruct the jury on the law. Accordingly, Apple respectfully moves under Rules 702 and 403 for an order excluding (1) the testimony of Professor Asay in its entirety; and (2) the testimony of Professor Stamos on fair use and on the DMCA.[1]

**I.     BACKGROUND**

**A.     Professor Clark Asay**

Clark Asay is a law professor. Ex. A (Transcript of Deposition of Clark Asay (April 22, 2020)) at 38:10–41:16, 45:17–19; Ex. B (Declaration and Expert Report of Clark Asay (March 3, 2020)) ¶¶ 1–3. He has no technical education or security-research background, and so is not qualified to offer any opinion on Corellium's allegedly copyright-infringing and security-measure-circumventing computer technology at issue in the case. Ex. A at 224:1–7; *see also* Ex. B ¶¶ 1–3. His opinions are not based on his own investigation or analysis of the record in this case, but instead on his personal views of the law and how it should be applied. *See* Ex. B ¶¶ 84–88; *see generally* Ex. C (Rebuttal Expert Report of Clark Asay (April 13, 2020)) (providing legal analysis and arguments in rebuttal to expert reports from Dr. Jason Nieh and Dr. Michael Siegel). He reviewed no other discovery materials. Ex. A at 78:5–79:7, 79:14–16, 79:22–80:7 (no review of Corellium's contracts or communications with its customers, the bugs at issue in Corellium's

---

[1] Apple brings a separate motion to exclude another legal opinion from Corellium's damages expert Stewart Appelrouth.

counterclaims, or any of Corellium's marketing materials), 163:7–13 (no review of market research), 171:22–172:15 (no review of copyright registrations in suit), 191:8–21 (no review of Corellium license agreement or communications with Corellium customers), 221:23–222:14 (no review of documents produced by Apple or Azimuth in preparing rebuttal report). He used the Corellium Apple Product a few times, but has no understanding of its technical operation. *Id.* at 185:10–22, 203:4–12, 224:1–15. Indeed, his understanding of the facts is based exclusively on a review of the pleadings, conversations he had with Corellium's attorneys, and a single conversation with Corellium principals Chris Wade and Amanda Gorton that took place only *after* he filed his initial report. *Id.* at 86:18–87:8, 221:13–22.[2] Ultimately, Mr. Asay admits that his only role in this case is as a "copyright law expert." *Id.* at 45:17–19.

Consistent with Mr. Asay's self-described expertise, Mr. Asay's two reports are nothing more than legal briefs in support of Corellium's position. His March 3 opening report spends 20 pages selectively citing legal authorities and opining on various ultimate issues in this case, including fair use, Ex. B ¶¶ 8–40, the DMCA, *id.* ¶¶ 41–71, and copyright misuse, *id.* ¶¶ 72–83. Mr. Asay's April 13 rebuttal report similarly provides legal analysis of a wide range of topics, including the scope of the derivative work, distribution, public display, and reproduction rights, Ex. C ¶¶ 14–33, 38–40, copyrightable subject matter, *id.* ¶¶ 34–37, 41–43, direct versus indirect copyright infringement, *id.* ¶¶ 44–45, the statutory structure of the DMCA, *id.* ¶¶ 46–57, and the regulatory definition of "good-faith security research" under the DMCA, *id.* ¶¶ 58–70.

### B. Professor Alexander Stamos

Alexander Stamos is an expert in the security research industry. He is not a lawyer and does not consider himself an expert in the law. Ex. D (Transcript of Deposition of Alexander Stamos (April 24, 2020)) at 42:24–43:9. Stamos nevertheless offers legal arguments and conclusions regarding Corellium's fair use defense and whether the Corellium Apple Product violates the DMCA anti-circumvention provisions. Ex. E (Expert Report and Declaration of Alexander Stamos (March 3, 2020)) ¶¶ 40–55. His opinions culminate in the conclusions, "[i]t is my opinion that the Corellium product's use is fair," that Apple is "stretching the DMCA" with this lawsuit, and that he sees "no violations" of the DMCA. *Id.* ¶¶ 49, 51, 54–55. Stamos also opines on "the intent behind the DMCA." *Id.* ¶ 52.

---

[2] Mr. Asay also watched a couple of YouTube videos and read a portion of a book that mentioned Apple and Corellium. Ex. A at 148:12–149:24.

At his deposition, Stamos admitted that his opinions on fair use were based on his post-engagement review of the Copyright Act and a single copyright case provided to him by Corellium's counsel. Ex. D at 124:7–13, 184:3–9. He admitted that he had no involvement in the drafting or passage of the DMCA provisions he opines upon, which passed when he was an undergraduate student. *See id.* at 25:13–18, 43:10–19. Stamos did not even study the legislative history of the DMCA provisions at issue in this case before rendering his opinion. *Id.* at 210:13–18. Stamos's legal opinions on fair use and the DMCA do not turn on any technical analysis or review of the record. *See id.* at 60:25–61:18, 61:25–62:17 (confirming that he had not reviewed any produced documents and that doing so would not change his opinions); Ex. E ¶¶ 39–55 (citing no produced documents).

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 permits the admission of expert testimony only where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact *understand the evidence or determine a fact at issue*." Fed. R. Evid. 702(a) (emphasis added). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers in determining whether an expert's testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). The touchstone of that inquiry is whether the expert testimony is "relevant and reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As the Eleventh Circuit has stressed, "[t]he importance of *Daubert*'s gatekeeping requirement cannot be overstated." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Furthermore, Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

These rules, as well as binding circuit precedent, require exclusion of expert testimony that does nothing more than offer a legal conclusion. The Eleventh Circuit has explained that "[t]he court must be the jury's only source of law, and questions of law are not subject to expert testimony." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128–29 (11th Cir. 2018).[3] "[C]ourts must remain vigilant against the admission of legal conclusions, and an expert witness

---

[3] Internal quotations and citations omitted throughout.

3

may not substitute for the court in charging the jury regarding the applicable law." *Id.* at 1129. Thus, a district court "must take adequate steps to protect against the danger that an expert's opinion would be accepted as a legal conclusion." *Id.*; *see also Frazier*, 387 F.3d at 1262–63 ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) (courts "must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law"). "An expert witness may not testify as to the state of the law" because that "is the Court's duty." *Pleasant Valley Biofuels, LLC v. Sanchez-Medina*, No. 13-23046-CIV, 2014 WL 2855062, at *5 (S.D. Fla. June 23, 2014) (citing *Montgomery v. Aetna Cas & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)); *see also Mamani v. Sanchez Berzain*, No. 07-22459-CIV, 2018 WL 1090546, at *6 (S.D. Fla. Feb. 28, 2018) (holding that an expert's "enunciation of legal standards is impermissible"); *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 116 F. Supp. 3d 1326, 1341 (S.D. Fla. 2015) (holding that "the applicable law and expert opinions regarding the legal standards applicable to a case must be excluded") (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565 (11th Cir. 1998)).

Courts in this circuit thus have regularly excluded expert testimony on the ground that it offers a legal opinion. *See, e.g., Ryken v. Celebrity Cruises, Inc.*, No. 18-CV-25152-UU, 2019 WL 5485177, at *6 (S.D. Fla. Sept. 10, 2019); *Jordan v. Celebrity Cruises, Inc.*, No. 1:17-20773-CIV, 2018 WL 3584702, at *9 (S.D. Fla. July 25, 2018); *Higgs v. Costa Crociere S.p.A. Co.*, No. 15-60280-CIV, 2016 WL 4370012, at *7 (S.D. Fla. Jan. 12, 2016) (striking portions of expert's report regarding applicable legal standard but allowing portions on industry standards); *Farley v. Oceania Cruises, Inc.*, No. 13-20244-CIV, 2015 WL 1131015, at *9 (S.D. Fla. Mar. 12, 2015); *Cordoves v. Miami-Dade Cty.*, 104 F. Supp. 3d 1350, 1366 (S.D. Fla. 2015).

### III. CORELLIUM EXPERTS' LEGAL OPINIONS AND CONCLUSIONS SHOULD BE EXCLUDED

The entirety of Clark Asay's reports, and material portions of Alex Stamos's opening report, "do no more than offer expert opinion in the form of legal conclusions, and they risk[] confusing, prejudicing, or misdirecting the jury." *Commodores Entm't*, 879 F.3d at 1129. By doing so, they invade the province of this Court, which is responsible for instructing the jury on what the law says. *Milton*, 555 F.2d at 1203 ("[A]n expert witness may not substitute for the court in charging the jury regarding the applicable law."). The legal arguments in Corellium's expert

4

reports are more appropriately presented by counsel to the Court and should not be presented in expert witness testimony to the jury. *See Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014). Although "rejection of expert testimony is the exception rather than the rule," Fed. R. Evid. 702 advisory committee notes, 2000 amends., the particular testimony at issue here highlights "the importance of *Daubert*'s gatekeeping requirement," and should be excluded. *Kumho Tire*, 526 U.S. at 152.

### A. Professor Asay's Testimony Consists Solely of Legal Opinions and Should Be Excluded in Its Entirety

Corellium should not be allowed to present to the jury purely legal opinions disguised as expert testimony. In *Commodores Entertainment*, the Eleventh Circuit held that the district court properly excluded an attorney expert who had provided opinions on legal issues such as the ownership of a trademark, whether the owner's rights in the marks were waived or divested, and that ownership of the marks vested in a particular group of persons at a particular time. 879 F.3d at 1129. Professor Asay's opinions here are of a piece with those excluded in *Commodores Entertainment* and should meet the same fate.

As an initial matter, Asay admits that his only role in this case is as a "copyright law expert." Ex. A at 45:17–19. That in and of itself is sufficient to exclude his testimony in its entirety under established Eleventh Circuit precedent. Asay lacks qualifications to testify competently on any admissible subjects, and his legal opinion testimony risks confusing the issues, misleading the jury, and altogether usurping the role of the Court in interpreting the law and the jury in applying it to the facts of the case. "Experts are not permitted to explain to the jury what the applicable legal standards are." *Cordoves*, 104 F. Supp. 3d at 1364; *see also Commodores Entm't*, 879 F.3d at 1128–29; *Montgomery*, 898 F.2d at 1541. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

Moreover, one need only briefly peruse Asay's reports to understand the degree to which he is simply offering legal conclusions in the form of expert opinion. His opening report starts his analysis by declaring a legal conclusion: "Corellium's use of Apple's products is a fair use . . . ." Ex. B ¶ 8. He then continues to describe in detail Corellium's fair-use arguments. *Id.* ¶¶ 8–40. That discussion is followed by his legal argument and conclusion that the Corellium Apple Product

5

does not violate the DMCA, 17 U.S.C. §§ 1201 *et seq*. *Id.* ¶¶ 41–71. His opening report closes with his unfounded legal conclusion that Apple has engaged in copyright misuse. *Id.* ¶¶ 72–83.[4]

Professor Asay's rebuttal report continues his legal arguments.[5] For example, it discusses at length the scope and nature of various legal rights under the Copyright Act, and faults Dr. Nieh—a computer science expert—for *not* applying the law as Mr. Asay interprets it. *See* Ex. C at ¶ 6. For instance, Asay discusses the elements of the derivative work right under the Copyright Act at length, and then faults Dr. Nieh for "fail[ing] to address these elements." *Id.* ¶¶ 14–18. Similarly, Asay provides legal opinion as to what constitutes direct versus indirect infringement under the Copyright Act, and then criticizes Dr. Nieh for "show[ing] no familiarity" with those legal concepts. *Id.* ¶¶ 27, 44–45.

The premise of Asay's critique of Dr. Siegel's report, in turn, is that Dr. Siegel had concluded that Corellium "cannot rely on a defense provided under the DMCA for good faith security research." *Id.* ¶ 58. But, again, when asked at his deposition to identify the part of Dr. Siegel's report that expressed such a legal conclusion, Asay admitted that Dr. Siegel was *not* interpreting the statutory term "good faith security research" as defined in the DMCA in his report (he was opining on the industry definition of that term), and then doubled down arguing that Dr. Siegel's failure to interpret the DMCA "was part of the problem." Ex. A at 244:18–22.

Professor Asay's critiques only underscore why *his own* testimony must be excluded. Asay appears to believe that expert testimony is meant to provide legal argument and apply law to facts. This gets matters exactly backwards. Counsel for Corellium can make these legal arguments themselves. It is improper to rely on an expert witness to do that—much less to do so before the

---

[4] Mr. Asay's report also presents a skewed view of the law itself, and should be excluded for that reason as well. For instance, he cites a Federal Circuit decision suggesting that "violations of the DMCA must have a nexus to a protected right under the Copyright Act." Ex. B ¶¶ 68–69 (citing *Chamberlain Grp. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1195 (Fed. Cir. 2004)). But Mr. Asay fails to cite or discuss a significant body of case law that reaches the opposite conclusion. *See, e.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 950 (9th Cir. 2010) ("While we appreciate the policy considerations expressed by the Federal Circuit in *Chamberlain*, we are unable to follow its approach because it is contrary to the plain language of the statute.").

[5] Mr. Asay does this in the guise of responding to opening reports filed by Apple's experts Dr. Jason Nieh and Dr. Michael Siegel. But Drs. Nieh and Siegel do not offer legal opinions; instead they offer technical and industry expertise. *See, e.g.*, Ex. F (Transcript of Deposition of Dr. Jason Nieh (Apr. 22, 2020)) at 40:3–14; Ex. G (Transcript of Deposition of Dr. Michael Siegel (Apr. 16, 2020)) at 62:16–63:2.

jury, sending confounding and contradictory signals over whose role it is to instruct the jury on legal matters. *See, e.g.*, *Cordoves*, 104 F. Supp. 3d at 1365 (finding that expert's critique "reads less like an expert's opinion and more like a lawyer's *Daubert* motion to exclude [rival expert's] testimony. [Expert] argues [rival expert's] opinions rest on 'pseudo, otherwise non-existent, requirements' that run afoul of [Americans with Disabilities Act of 1990] regulations (Decl. 14); that is a legal argument for the lawyers to make, not [expert].").

In short, the relevant precedent is clear: Asay's expert reports are "replete with legal opinion," and for that reason his testimony is inappropriate and unhelpful under the *Daubert* standard, and must be excluded in its entirety. *See Commodores Entm't*, 879 F.3d at 1129.

### B. Professor Stamos's Legal Opinions Regarding Fair Use and the DMCA Should Be Excluded

Professor Stamos's legal opinions regarding fair use and the DMCA should similarly be excluded. Like Professor Asay, Professor Stamos has not performed a technical analysis of the Corellium Apple Product or reviewed any of the factual record in this case. Ex. D at 60:25–61:18, 67:6–15. His conclusory opinions on fair use and liability under the DMCA anti-circumvention provisions are exactly the type of testimony that courts routinely exclude.

*Fair Use.* Stamos's statement that "[i]t is my opinion that the Corellium product's use of iOS is fair" and "[i]t is my firm opinion that the Corellium product represents fair use" clearly invade the role of the Court and the jury and should be excluded. Ex. E ¶¶ 49, 55. But his superficial analysis of fair use also includes numerous conclusory legal opinions that should also not be presented to the jury by a security research expert.

Stamos begins the fair use section of his report by declaring without analysis that "the Corellium product is transformative." *Id.* ¶ 41. But the definition of "transformative" in the fair-use context is a legal concept that the Court must explain to the jury. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1546 (11th Cir. 1996) (finding error when the district court did not instruct the jury on the definition of "compatibility" and legal consequences therefrom as part of a fair use factor); *see also Keeling v. Hars*, 809 F.3d 43, 53 (2d Cir. 2015) (finding no error in jury instructions because they "adequately trace the law of fair use and, more specifically, the underlying concepts of transformative purpose and character"). More specifically, at least one court in this district has held that an expert's opinions were admissible to the extent the expert "expressed his opinions using various legal terms of art." *See Pleasant Valley Biofuels*, 2014 WL

2855062, at *4. Stamos's opinion that the Corellium Apple Product is "transformative" impermissibly does just that.

Stamos's "transformative" proclamation, with zero analysis other than to say that "[i]t allows users to work with iOS in ways that did not exist before the creation of Corellium" and to cite to a Forbes article and two Tweets, bypasses the role of the Court and the jury in this case. Ex. E ¶¶ 41–42. It also fails *Daubert*'s other requirements that expert testimony "rest[] on a reliable foundation" and "assist the trier of fact, through the application of scientific, technical, or specialized expertise." *See Daubert*, 509 U.S. at 597; *Hendrix ex rel G.P. v. Evenflo, Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *Frazier*, 387 F.3d at 1260). The jury is every bit as capable of evaluating press statements as Stamos, and more capable than Stamos—because unlike Stamos, it will have reviewed actual evidence—of determining whether Corellium's product is "transformative," once the **Court** instructs it on the proper legal standard. Stamos's conclusory opinion that Corellium is "transformative" should be excluded.[6]

The next step in Stamos's armchair fair-use analysis is to conclude, based on his reading of a single copyright case, that "[t]he commercial nature of Corellium does not carry much significance as the Supreme Court explained in the *Campbell* decision." Ex. E ¶ 43. This is just a bald (and flatly incorrect) legal conclusion. *Campbell v. Acuff-Rose Music, Inc.*, says nothing of how much weight the commercial nature of the Corellium Apple Product should carry here. 510 U.S. 569, 578–85 (1994) (discussing the first fair use factor, including whether the use is "of a commercial nature," and emphasizing "the need for a 'sensitive balancing of interests'" among all the fair-use factors). And even if it did, to the extent the application of fair use turns on the facts in this case, it is for the Court to instruct the jury on the application of the appropriate factors and for the jury to decide whether the facts support a finding of fair use.

In a paragraph discussing the third fair-use factor—"the amount and substantiality of the portion used in relation to the copyrighted work as a whole"—Stamos surprisingly reaches the conclusion that, because "[f]ull access to iOS is needed" for the Corellium Apple Product to work,

---

[6] In passing, and citing the U.S. Constitution without analysis or reference to the record, Stamos further adds that "it is apparent that Corellium is promoting the progress of science and the useful arts." Ex. E ¶ 43. But this conclusory application of Article I, Section 8, Clause 8 of the Constitution (cited in the one fair-use case he reviewed) to Corellium's product—with no analysis or consideration of this issue in the context of Apple's copyrights—is unhelpful at best and further risks confusing the jury.

8

Corellium's copying of Apple's *entire* copyrighted work somehow "weighs in favor of fair use." Ex. E ¶ 45. This is wrong as a matter of law and common sense. While it is true that the purpose and character of the use can affect the extent of permissible copying in a fair-use analysis, copying the entire work never "weighs in favor of fair use" under the plain language of the third factor.[7] Stamos's gloss on the third factor highlights why Stamos should not be permitted to testify to the jury on the meaning or application of the law.

*DMCA Violations.* Stamos fares no better with his opinions on the DMCA. His opinion that "Apple . . . is stretching the DMCA" is a legal conclusion. *Id.* ¶ 51. Corellium either violates the provisions of the DMCA or it does not. It is the Court's job to instruct the jury on the applicable law and the jury's job to apply that law to the facts in the record. Professor Stamos's opinion undermines both roles.

Stamos also oversteps when he speculates that an outcome in Apple's favor "was never the intent behind the DMCA." *Id.* ¶ 52. Stamos had no role in the drafting or passage of the DMCA. Ex. D at 43:10–19. He did not review or study the legislative history of the DMCA. Ex. D at 210:13–18. He is not an expert in the law or legislative action. *See* Ex. D at 42:24–43:6; Ex. E ¶¶ 3–11 (stating his credentials as a security research expert). And he reviewed virtually none of the facts regarding Corellium's *actual* sale and licensing of the Corellium Apple Product, rendering his opinion unmoored from the facts in this case. Ex. D at 60:16–24. Again, he lacks a "reliable foundation" to testify on whether Corellium violates the DMCA's anti-circumvention provisions, and his opinion is unhelpful as it offers the jury nothing it is not capable of determining for itself. *See Daubert*, 509 U.S. at 597; *Hendrix*, 609 F.3d at 1194. There is no basis for Stamos to testify about Congress's intent behind the DMCA anti-circumvention provisions, and the Court should not allow it.

Finally, Stamos concludes that he "see[s] no violations given [his] first-hand knowledge of Corellium" and suggests that fair use is a defense to Corellium's violations of Section 1201. Ex.

---

[7] To the contrary, every court we are aware of that has addressed the third fair-use factor has logically found that, where the facts show that the entirety of the asserted work has been copied, the "amount and substantiality" factor weighs strongly *against* a finding of fair use. *See, e.g.*, *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1274 (11th Cir. 2014) ("[T]he wholesale reproduction of an entire work will not generally be considered fair unless the use is highly transformative."); *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1497 (11th Cir. 1984) ("Because TV News Clips uses virtually all of a copyrighted work, the fair use defense drifts even further out of its reach.").

9

E ¶¶ 54–55. Both conclusions seek to supplant the jury's determination of ultimate issues subject to the Court's instruction regarding the applicable law.[8] *See Milton*, 555 F.2d at 1203 ("[A]n expert witness may not substitute for the court in charging the jury regarding the applicable law."); *see also Ryken*, 2019 WL 5485177, at *6 (By "telling the jury how he thinks they should rule" on the ultimate issues in this case, an expert "invade[s] the province of the jury."); *Cordoves*, 104 F. Supp. 3d at 1364 ("Experts are not permitted to explain to the jury what the applicable legal standards are."); *Burkhart*, 112 F.3d at 1213 (citation omitted) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.").

\*   \*   \*

Stamos's expert testimony should be limited to testimony in his recognized field of expertise—security research—that will assist the trier of fact in applying the facts of this case to the law as interpreted by the Court. Conclusory legal opinions about fair use and the DMCA, couched in legal terms of art and statutory language without any analysis of the factual record, are inappropriate and unhelpful under the *Daubert* standard, and should be excluded. *See Commodores Entm't*, 879 F.3d at 1129.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court exclude the legal opinions and testimony of Professor Asay in their entirety, and the legal opinions and corresponding testimony of Professor Stamos regarding fair use and the DMCA.

---

[8] The latter opinion regarding fair use is irrelevant to Apple's claims under Section 1201 as a matter of law, and therefore risks confusing the jury and prejudicing Apple if presented to the jury by Stamos as a defense to Corellium's Section 1201 violations. *See Disney Enters. Inc. v. VidAngel, Inc.*, 371 F. Supp. 3d 708, 715 (C.D. Cal. 2019); *see also Realnetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 942 (N.D. Cal. 2009) ("Fair use is not a defense to trafficking in products used to circumvent effective technological measures that prevent unauthorized access to, or unauthorized copying of, a copyrighted work under sections 1201(a) or (b), respectively."); *Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 322 (S.D.N.Y. 2000) ("If Congress had meant the fair use defense to apply to such actions, it would have said so.").

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), based on the importance and complexity of the issues presented, Apple respectfully requests a hearing on this motion. Apple estimates that such a hearing will require one hour of the Court's time to address this and Apple's other *Daubert* motions.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred with counsel for Defendant on May 8, 2020, regarding the relief sought herein. Despite these efforts, the parties have been unable to resolve the issues described herein.

| | |
|---|---|
| Dated: May 11, 2020 | Respectfully Submitted, |
| | |
| | *s/ Martin B. Goldberg* |
| Michele D. Johnson* | |
| *michele.johnson@lw.com* | Martin B. Goldberg |
| LATHAM & WATKINS LLP | Florida Bar No. 0827029 |
| 650 Town Center Drive, 20th Floor | *mgoldberg@lashgoldberg.com* |
| Costa Mesa, CA 92626 | *rdiaz@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | Emily L. Pincow |
| | Florida Bar No. 1010370 |
| Sarang Vijay Damle* | *epincow@lashgoldberg.com* |
| *sy.damle@lw.com* | *gizquierdo@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |
| | |
| Andrew M. Gass* | |
| *andrew.gass@lw.com* | |
| Joseph R. Wetzel* | |
| *joe.wetzel@lw.com* | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |
| | |
| Gabriel S. Gross* | |
| *gabe.gross@lw.com* | |
| LATHAM & WATKINS LLP | |
| 140 Scott Drive | |
| Menlo Park, CA 94025 | |
| (650) 463-2628 / (650) 463-2600 Fax | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.