# EXHIBIT 5

██████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:19-cv-81160-RS

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> CORELLIUM, LLC, <br><br> Defendant. | |

**APPLE INC.'S RESPONSES AND OBJECTIONS TO**
**CORELLIUM, LLC'S THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") hereby provides its responses and objections to Defendant Corellium, LLC's ("Corellium") Third Set of Interrogatories (Nos. 19–25)[1] (the "Interrogatories").

**DEFINITIONS**

**Apple**: Apple objects to the definition of "Apple" to include "any and all agents, representatives, and persons purporting to act on behalf of" Apple as overly broad, unduly burdensome and not proportional to the needs of this case. Apple will respond to the

---

[1] Corellium served its First Set of Interrogatories, containing Interrogatory Nos. 1–12, on November 8, 2019. Corellium's Second Set of Interrogatories, consisting of six additional interrogatories (Nos. 13-18) and served on January 31, 2020, did not acknowledge the existence of Corellium's first 12 Interrogatories, and restarted the numbering scheme at 1. To avoid confusion with respect to Corellium's Interrogatories served in this case, Apple refers to Corellium's Interrogatories in its Third Set of Interrogatories as continuing the original number scheme, starting with 19.

████████████████████████████

Interrogatories on behalf of itself, including its employees in their capacity as such, subject to Apple's knowledge after a reasonable investigation.

**Corellium**: Apple objects to the definition of "Corellium" to include "any agents, officers, directors, shareholders, members or persons purporting to act on behalf of" Corellium as vague and ambiguous. Corellium has not produced any organizational charts or otherwise identified all of its agents, officers, directors, shareholders, or members. As a result, for purposes of responding to these requests, Apple will respond with respect to the Corellium employees that Corellium has identified in its initial disclosures and in communications with counsel for Apple.

**Cloud:** Apple objects to the definition of "Cloud" to mean "to mean the on-demand availability of computer system resources, including but not limited to, data storage and computer power, without direct active management by the user and/or the service provider." Apple will respond to the interrogatory using the following definition: "computing services, including data storage and processing, offered by a provider over the public Internet."

**iOS**: Apple objects to the definition of "iOS" and "iOS operating system" to mean "Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems," as overly broad, unduly burdensome, and not proportional to the needs of this case. Apple will base its responses to these Requests with respect to Apple's iOS mobile operating system only.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 19 (THIRD SET NO. 1):

Describe how Apple provides users access to iOS software in the Cloud.

██████████████████████████████████████████

**Response:** Apple does not currently provide users access to iOS software in the Cloud. ██

██████████████████████████████████████████

████████████████████████

**INTERROGATORY NO. 20 (THIRD SET NO. 2):**

Identify each interaction between Apple (or its server(s)), and the end user (or the end user's servers), which make possible an end user's use of iOS in the Cloud.

**Response:** It is not currently possible for an end user to "use" iOS in the Cloud. ██████████████████████████████████

**INTERROGATORY NO. 21 (THIRD SET NO. 3):**

Identify every component of iOS that Apple alleges to be protected by one of more copyright registrations that was placed at issue by Apple's First Amended Complaint.

**Response:** Apple objects to the definition of "component" to mean "a constituent part or portion thereof" as vague or ambiguous because Corellium does not explain the level of generality versus specificity that the term component, constituent part, or portion thereof is supposed to connote.  Apple nevertheless endeavors to identify, as requested, the components of iOS are protected by the copyright registrations that are identified in Apple's First Amended Complaint. Those components are: (1) the processes managing the execution of applications and utilization of device resources, including the kernel; (2) the firmware acting as an intermediary between the software and underlying hardware; (3) low-level drivers; (4) high-level code tailored to a particular hardware device (e.g., the user interface code for facial recognition in certain devices); (5) the underlying default file system; (6) standard applications that come preinstalled

███████████████████████████████████

in the environment. For the avoidance of doubt, the components listed above include all the visual graphical user interface elements that are contained within each version of iOS.

**INTERROGATORY NO. 22 (THIRD SET NO. 4):**

   Is the Boot ROM included within iOS?

**Response:** No.

**INTERROGATORY NO. 23 (THIRD SET NO. 5):**

   Is iTunes included within iOS?

**Response:** Apple objects to this Interrogatory as ambiguous because the term iTunes can refer either to the iOS iTunes application (now renamed Music) or the iTunes desktop software. Apple responds by saying that the iOS iTunes application (now renamed Music) is a component of or included within iOS, but that the iTunes desktop software is not.

**INTERROGATORY NO. 24 (THIRD SET NO. 6):**

   Are the GUI elements included within iOS?

**Response:** Yes.

**INTERROGATORY NO. 25 (THIRD SET NO. 7):**

   Describe how Apple intended to use the Corellium Apple Product internally, including but not limited to applications for security research and for software testing.

**Response:** ███████████████████████████████
███████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████

5

| | |
|---|---|
| Dated: April 20, 2020 | Respectfully Submitted, |
| | |
| | *s/ Martin B. Goldberg* |
| Michele D. Johnson* | |
| *michele.johnson@lw.com* | Martin B. Goldberg |
| LATHAM & WATKINS LLP | Florida Bar No. 0827029 |
| 650 Town Center Drive, 20th Floor | *mgoldberg@lashgoldberg.com* |
| Costa Mesa, CA 92626 | *rdiaz@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | Emily L. Pincow |
| | Florida Bar No. 1010370 |
| Sarang Vijay Damle* | *epincow@lashgoldberg.com* |
| *sy.damle@lw.com* | *gizquierdo@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL  33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |
| | |
| Andrew M. Gass* | |
| *andrew.gass@lw.com* | |
| Joseph R. Wetzel* | |
| *joe.wetzel@lw.com* | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| *jessica.stebbinsbina@lw.com* | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |
| | |
| Gabriel S. Gross* | |
| *gabe.gross@lw.com* | |
| LATHAM & WATKINS LLP | |
| 140 Scott Drive | |
| Menlo Park, CA 94025 | |
| (650) 463-2628 / (650) 463-2600 | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.

## VERIFICATION

I, Jon Andrews, an employee and authorized representative for Apple Inc., declare under penalty of perjury under the laws of the United States of America that the responses in Apple Inc.'s Responses and Objections to Corellium, LLC's Third Set of Interrogatories dated April 20, 2020, are true and correct to the best of Apple Inc.'s knowledge.

Executed on April 18, 2020 in Los Altos Hills, CA.

_____
Jon Andrews
On behalf of Apple Inc.

## CERTIFICATE OF SERVICE

I, Elana Nightingale Dawson, do hereby certify that on April 20, 2020, I caused a copy of the foregoing Apple Inc.'s Responses and Objections to Corellium, LLC's Third Set of Interrogatories to be served via email upon:

S. Jonathan Vine
Justin B. Levine
Lizza C. Constantine
Michael Alexander Boehringer
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com
michael.boehringer@csklegal.com

David L. Hecht
Maxim Price
Minyao Wang
Conor B. McDonough
HECHT PARTNERS LLP
20 West 23rd St. Fifth Floor
New York, NY 10010
dhecht@hechtparntersllp.com
mprice@hechtpartnersllp.com
mwang@hechtpartnersllp.com
cmcdonough@hechtpartners.com

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson