UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

### CORELLIUM'S MOTION TO FILE UNDER SEAL PORTIONS OF CORELLIUM'S MEMORANDUM DISCUSSING DE 380

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Memorandum discussing why portions of DE 380 should remain sealed pursuant to Court's Order dated April 27, 2020 [D.E. 383] ("Memorandum"), and in support thereof, states as follows:

### BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On April 20, 2020, Apple filed its Motion to Compel Defendant Corellium, LLC to Produce Documents and to Allow a 90-Minute Continuance of the Deposition of Christopher Wade ("Motion").

3. On April 27, 2020, this Court issued a Sealed Order [D.E. 380] ("Order") on Apple's Motion addressing the continuance of deposition of Christopher Wade.

4. On the same day, the Court issued a public order to explain the "Court's decision and its reason for sealing the Order [D.E. 383] ("Public Order"). The Public Order also mandated "further briefing from the parties as to whether the Court's Sealed [O]rder [DE 380] should remain sealed." The Order required counsel for Corellium to file a "memorandum on or before May 18, 2020, discussing why DE 380 should remain sealed or should be unsealed." *Id*.

5. Corellium's Memorandum details confidential and privileged information that discusses in detail the reasons why portions of the Order should remain sealed.

6. Due to the highly-confidential and sensitive nature of the information contained therein, portions of the Memorandum have been designated "Confidential – Attorneys' Eyes Only" ("AEO").

7. Additionally, Corellium's Memorandum includes information discussed during a sealed hearing with the Court on May 7, 2020 as well as information contained in multiple sealed filings by the United States Government.

8. Counsel for the Government has informed counsel for Corellium that the Government does not oppose Corellium's Motion to File portions of its Memorandum Under Seal.

9. Counsel for Apple has informed Corellium's counsel that it does not take a position on Corellium's request to seal certain portions of the Memorandum. However, Apple's counsel has informed that it opposes Corellium's request to seal other portions of the Memorandum.

10. Consistent with the Protective Order, and due to the sensitive nature of the information at issue, Corellium moves to file under seal portions of its Memorandum.

CASE NO.: 9:19-CV-81160-RS

## MEMORANDUM OF LAW

### I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II. Good Cause Exists for the Court to Seal Portion of Corellium's Memorandum

In this instance, good cause exists for this Court to seal portions of Corellium's Memorandum. In particular, the Memorandum details highly-confidential and government-sensitive information that has been placed at issue in discovery in this case. Additionally, the Memorandum discusses issues raised during the sealed hearing conducted on, at least, May 7, 2020, as well as issued discussed in multiple sealed filings by the Government.

In light of the above, Corellium has designated portions of the Memorandum "AEO" to ensure its confidentiality is kept. Accordingly, precautions are required of this Court to keep this

sensitive information from the public's reach. Therefore, due to the confidential and sensitive government information contained therein, this Court should seal portions of Corellium's Memorandum.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Memorandum discussing why portions of the Court's sealed Order, D.E. 380, should remain sealed pursuant to Court's public Order, D.E. 383, and ordering that the information remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff and counsel for the Government on May 18, 2020, regarding the relief sought herein. Counsel for the Government does not oppose Corellium's instant motion to seal portions of its Memorandum. Counsel for Plaintiff does not take a position on Corellium's request to seal certain portions of its Memorandum, however, counsel for Plaintiff opposes Corellium's request to seal other portions of the Memorandum.

Dated: May 18, 2020

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977

Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Lizza C. Constantine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

    and

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on May 18, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

CASE NO.: 9:19-CV-81160-RS

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*


Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

CASE NO.: 9:19-CV-81160-RS

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*