# EXHIBIT 14

```
 1                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
 2
                    CASE NO. 9:19-CV-81160-RS
 3

 4

 5    APPLE INC.,

 6             Plaintiff,

 7    vs.

 8    CORELLIUM, LLC,

 9             Defendant.

10    _____/

11
                                   999 Ponce de Leon Blvd.
12                                 Coral Gables, Florida
                                   April 22, 2020
13                                 10:08 a.m. - 4:51 p.m.

14

15

16       VIDEOTAPED DEPOSITION OF STEWART APPELROUTH
17                     VIA TELECONFERENCE
18

19

20       Taken on behalf of the Plaintiff before
21    Alice J. Teslicko, RMR, Notary Public in and for the
22    State of Florida at Large, pursuant to a Notice of
23    Taking Deposition in the above cause.
24

25
```

Page 1

1               Audit, you know, there's sampling stuff.
2     You're not verifying everything.  In a fraud matter
3     you're delving closer in more detailed stuff, because
4     it's fraud.  So it's an open-ended question.
5          Q    So your answer, if I understand it
6     correctly, is that it's always important to be
7     accurate and not to willfully misstate anything, but
8     be -- the thoroughness of a review will depend on the
9     scope of the engagement and the purpose of the
10    engagement, correct?
11         A    That's correct.
12              MR. LEVINE:  Object to the form.
13         Q    Have you ever had -- can you give me an
14    estimate of the percentage of your clients that are
15    technology companies?
16              Your personal clients, not the firm's
17    clients.
18         A    Technology is broad-based, so two percent?
19    I'm just guessing.  I'm just guessing.
20         Q    Okay.  Other than this case, have you ever
21    calculated a case, given an opinion on the value of
22    things submitted to a security guarantee program?
23         A    No.
24         Q    What is your understanding of Corellium's
25    business at a high level?

1    A    They have a product that they sell.  It's a
2    technology product that they sell, hardware and
3    software, that is over several platforms.  They're to
4    do various items technologically.
5    Q    When you say "over several platforms," what
6    do you mean?
7    A    Well, you have an Android platform, iOS
8    platform, Linux platform.  There's other platforms, so
9    the product that they sell is over several platforms.
10   Q    And do you know whether it's one product
11   that supports multiple platforms or whether they have
12   several customizable products?
13        MR. LEVINE:  Object to the form.
14   A    My understanding is it's one product.
15   Q    And do you know what that product does
16   vis-a-vis Apple's products?
17   A    Are we done with the CV?
18   Q    For the moment.  I might come back to it,
19   but I'm done with it for the moment.
20   A    I'm sorry, ask the question again.
21   Q    I said, do you know what they do with
22   respect to Apple's products?
23        MR. LEVINE:  Object to the form.
24   A    I don't understand what you mean, "what they
25   do."

Page 48

```
 1        A    The answer is no, he did not.
 2        Q    So it's your opinion that under the law,
 3   which counsel has provided to you, he needs to do some
 4   kind of suballocation that attempts to determine how
 5   much of Corellium's one product -- that effectively
 6   splits a single product into multiple component parts?
 7             MR. LEVINE:  Object to the form of the
 8        question, the characterization of the way it's
 9        phrased, as well as calling for a legal
10        conclusion.
11        A    So the wording is not correct.  He's not
12   doing a suballocation.  He's doing an allocation.
13        Q    But Corellium offers one CORSEC product,
14   right?
15        A    Correct.
16        Q    And that's available in the on-premises
17   version and a Cloud version?
18        A    That's my understanding.
19        Q    And that product supports iOS --
20        A    And others.
21        Q    -- to use Corellium's words.
22             But all versions -- and I understand he used
23   the technical version, but what I'm asking is to your
24   understanding of the product, is it your understanding
25   that there's any CORSEC product that does not support
```

Page 193

```
 1   iOS?
 2           MR. LEVINE:  Object to the form of the
 3      question.
 4      A    The answer is, my understanding is no, the
 5   same way as it's not a product that doesn't support
 6   Android.
 7           You know, you're going back and forth.
 8   You've used the same position if you were representing
 9   Android.  Now you say, well, iOS.  So that's the
10   reason for the allocation.
11      Q    Right.  I'd appreciate if you'd just answer
12   the question asked --
13      A    You see, you hit it right on the head, the
14   reason.
15      Q    Which is -- yeah.
16           Going back -- and again, I don't want to
17   have a prolonged argument on the law with you.
18      A    I'm not a lawyer.
19      Q    Right.  So it's your understanding that
20   Section 504 requires the plaintiff to take a single
21   product, one product, and try to break that into
22   component revenues that are and are not attributable
23   to the copyrighted work?
24      A    That's correct.  They have to --
25           MR. LEVINE:  Object to the form, calls for a
```

Page 194

```
 1                    CERTIFICATE OF OATH
 2
 3         I, Alice J. Teslicko, RMR, a Notary Public
 4    for the State of Florida at large, do hereby
 5    certify that the witness, Stewart Appelrouth,
 6    appeared before me via teleconference and was
 7    duly sworn.
 8         Signed and sealed this 24th day of April,
 9    2020.
10
11
12
13                    Alice J. Teslicko, RMR
14
15  Commission No. GG249076
    My Commission Expires:
16  December 14, 2022
17
18
19
20
21
22
23
24
25
```

Page 213

```
 1                       CERTIFICATE
 2    STATE OF FLORIDA        )
                              )   ss.
 3    COUNTY OF MARTIN        )
 4
              I, ALICE TESLICKO, RMR, a Registered
 5    Merit Reporter and Notary Public for the State of
      Florida at Large, do hereby certify that I reported
 6    the deposition of Stewart Appelrouth, a witness called
      by the Plaintiff in the above-styled cause; and that
 7    the foregoing pages constitute a true and correct
      transcription of my shorthand report of the deposition
 8    of said witness.
 9              I further certify that I am not an attorney
      or counsel of any of the parties, nor a relative or
10    employee of counsel connected with the action, nor
      financially interested in the action.
11
              WITNESS my hand and official seal in the
12    City of Stuart, County of Martin, State of Florida,
      this 24th day of April, 2020.
13
14                         [signature]

15                         Alice J. Teslicko, RMR
16    My commission expires:
      December 14, 2022
17    Commission No. GG249076
18
19
20
21
22
23
24
25
```

Page 214