# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CORELLIUM, LLC,<br><br>    Defendant. | Case No. 9:19-cv-81160-RS |

**EXPERT SUPPLEMENTAL REPORT OF MICHAEL D. SIEGEL, PH.D**

**APRIL 20, 2020**

**<u>RED UNDERLINED = CORELLIUM CONFIDENTIAL</u>**
**<u>– ATTORNEYS' EYES ONLY</u>**

**<u>RED UNDERLINED = CORELLIUM CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>**

1. I am a Principal Research Scientist in the Information Technology Group at MIT's Sloan School of Management. I am currently Director of Cybersecurity at MIT Sloan, a research consortium focused on management, strategy and organizational issues related to cybersecurity. I have also been a Senior Lecturer at the Sloan School of Management. Appendix A provides my Curriculum Vitae, which includes my publications.

2. I am being compensated at the rate of $850 per hour for the time I incur on this matter. In preparation of this report, I have been assisted by certain employees of Analysis Group, who provided me support and assistance under my direction. The positions articulated herein are my own. My payment is not contingent on my findings or on the outcome of this case.

3. On March 3, 2020, I submitted an initial report and offered opinions on what constitutes "good-faith" security research and whether Corellium's business practices ensure good-faith security research. The report is attached as Appendix B.[1]

4. A significant volume of additional material was made available to me after I submitted my March 3, 2020, which I understand represents material that Corellium produced after March 3, 2020.

---

[1] Expert Report of Michael D. Siegel, PH.D., *Apple Inc. v. Corellium, LLC*, Case No. 9:19-cv-81160-RS, March 3, 2020.

**RED UNDERLINED = CORELLIUM CONFIDENTIAL – ATTORNEYS' EYES ONLY**

5. On April 13, 2020, I submitted a rebuttal report to evaluate the expert reports of Mr. Alexander Stamos,[2] Dr. James Olivier,[3] and Mr. Asay[4] and to opine on the experts' failure to examine the facts of Corellium's practices and the risk of harm they cause to Apple's users, Apple, and society. That report, which is attached as Appendix C,[5] took account of the additional material made available to me after I submitted my initial report.

6. I incorporate as my affirmative opinion all the opinions put forth in my rebuttal report, and all the bases for those opinions, including the evidence relied upon therein.[6]

7. Additionally, my opinions to date are limited to the materials I have had available to me. I understand from counsel that additional materials may be forthcoming. Thus, I reserve the right to amend or supplement my opinions based on additional documents produced in this matter or to the extent such further materials are otherwise made available for my review.

Michael Siegel
April 20, 2020

---

[2] Expert Report and Declaration of Alexander Stamos, *Apple Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160-RS, March 3, 2020.

[3] Expert Report of James Olivier Ph.D., *Apple Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160-RS, March 3, 2020 ("Olivier Report"); Expert Report/Disclosure of James Olivier Ph.D. RE: Corellium's Bug Submissions to Apple, *Apple Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160-RS, March 2, 2020.

[4] Expert Report of Clark Asay, *Apple Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160 RS, March 3, 2020, Attachment C. With respect to Mr. Asay, I do not address any of his legal framework or analysis, but only the factual basis for his description of the Corellium Apple Product as supporting good-faith security research.

[5] Expert Rebuttal Report of Michael D. Siegel, PH.D., *Apple Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160-RS, April 13, 2020 ("Siegel Rebuttal Report").

[6] Siegel Rebuttal Report.