# EXHIBIT 12

| | |
|---|---|
| **From:** | David Hecht <dhecht@hechtpartners.com> |
| **Sent:** | Saturday, May 16, 2020 3:29 AM |
| **To:** | Nightingale Dawson, Elana (DC) |
| **Cc:** | Jonathan.Vine@csklegal.com; Michael.Boehringer@csklegal.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC); Gross, Gabriel (Bay Area); Gass, Andrew (Bay Area); Damle, Sy (DC); Homer, Carolyn (DC); Egger, Jeremiah (DC); Victorson, Holly (DC); Donna.Scott@csklegal.com; Corellium HP; Justin.Levine@csklegal.com; Conor McDonough; Lizza.Constantine@csklegal.com |
| **Subject:** | Re: Apple Inc. v. Corellium, LLC - Production of Source Code |

Dear Elena,

We continue to disagree, in particular regarding several aspects of your characterization of our motion to preclude Dr. Siegel's testimony, and regarding the nature of the Parties' agreements on deadlines for expert reports. Nonetheless, in the interests of narrowing the issues presented to Judge Matthewman, Corellium agrees to withdraw those portions of its motions regarding Dr. Nieh and Dr. Siegel that are based on timeliness.

Best,
David


**David L. Hecht**
Hecht Partners LLP

125 Park Avenue, 25th Floor
New York, NY 10017
dhecht@hechtpartners.com
P: (212) 851-6821


This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

---

**From:** "Elana.NightingaleDawson@lw.com" <Elana.NightingaleDawson@lw.com>
**Date:** Thursday, May 14, 2020 at 12:17 PM
**To:** Conor McDonough <cmcdonough@hechtpartners.com>, "Lizza.Constantine@csklegal.com" <Lizza.Constantine@csklegal.com>, "Justin.Levine@csklegal.com" <Justin.Levine@csklegal.com>
**Cc:** "Jonathan.Vine@csklegal.com" <Jonathan.Vine@csklegal.com>, "Michael.Boehringer@csklegal.com" <Michael.Boehringer@csklegal.com>, David Hecht <dhecht@hechtpartners.com>, Maxim Price <mprice@hechtpartners.com>, Minyao Wang <mwang@hechtpartners.com>, "mgoldberg@lashgoldberg.com" <mgoldberg@lashgoldberg.com>, "epincow@lashgoldberg.com" <epincow@lashgoldberg.com>, "Jessica.StebbinsBina@lw.com" <Jessica.StebbinsBina@lw.com>, "Gabe.Gross@lw.com" <Gabe.Gross@lw.com>, "Andrew.Gass@lw.com" <Andrew.Gass@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Carolyn.Homer@lw.com" <Carolyn.Homer@lw.com>,

1

"Jeremiah.Egger@lw.com" <Jeremiah.Egger@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Donna.Scott@csklegal.com" <Donna.Scott@csklegal.com>
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

Conor,

Your confusion may be due, in part, to the fact that you and the other attorneys at your firm appeared in this case relatively recently.  But your list of dates as to when Corellium's documents were produced to Apple are incorrect.  On February 11, 2020, Corellium produced a 9,700 entry "privilege" log and no documents.  That log mostly listed "trade secret" and "client privacy" withholdings and was the subject of multiple meet and confer letters, court filings, court hearings, and court orders.  Corellium first produced documents off of that log on March 12, and then made further supplemental productions on March 31, April 7, and April 16.  Eventually, nearly 8,000 of the original 9,700 withheld documents were produced.

Despite this, Exhibit G to your Dr. Nieh Daubert lists nearly 30 documents as produced on 2/11 which Corellium did not produce to Apple until at least a month, and in some cases two months, later.  Your Exhibit C to the Dr. Siegel Daubert makes the same mistake regarding the 2/11 date of production for listed documents.

Your Dr. Siegel Daubert makes two other timeliness mistakes relevant here.  First, the list of documents in your Exhibit C is from Dr. Siegel's 4/13 rebuttal report, not his 4/28 supplemental report.  The 4/28 supplemental report appropriately relied on the Azimuth and Stamos depositions which had occurred during the prior week, and incorporated his prior reports by reference.  Your Dr. Siegel motion also implies that Dr. Siegel's second supplemental report was untimely because it was served after the close of expert discovery, even though that one-day extension was expressly agreed to by Mr. Price in exchange for accommodating Corellium's request to push the Stamos deposition back a day.

Finally, there was never an agreement that supplemental reports from either Dr. Nieh or Dr. Siegel would not address material produced after 4/13 or depositions that occurred after 4/17; your suggestion to the contrary is baseless.

Apple expects that you will file a notice of partial withdrawal as to both Corellium's Daubert motion on Dr. Nieh and Corellium's Daubert motion on Dr. Siegel.  This notice should state that Corellium is no longer asserting any timeliness objections as to either Dr. Nieh or Dr. Siegel.  Corellium should file this notice and *not* a revised motion, as any other substantive modification to Corellium's arguments would be belated and improper.

Thank you.
Elana


**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Fax: 202-637-2201

---

**From:** Conor McDonough <cmcdonough@hechtpartners.com>
**Sent:** Wednesday, May 13, 2020 2:01 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Lizza.Constantine@csklegal.com; Justin.Levine@csklegal.com
**Cc:** Jonathan.Vine@csklegal.com; Michael.Boehringer@csklegal.com; David Hecht <dhecht@hechtpartners.com>; Maxim Price <mprice@hechtpartners.com>; Minyao Wang <mwang@hechtpartners.com>; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>; Egger, Jeremiah (DC) <Jeremiah.Egger@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Donna.Scott@csklegal.com
**Subject:** Re: Apple Inc. v. Corellium, LLC - Production of Source Code

Elana,

We disagree with Apple's characterizations that Corellium's conduct necessitated extensions of expert report deadlines. As you know, Corellium requested the extension for Dr. Olivier because Apple did not provide Corellium the source code laptops until April 20, 2020 – the last day of discovery.  Apple agreed to extend deadlines for Dr. Olivier's supplemental report and supplemental rebuttal report, initially due on 4/20 and 4/27, respectively, as long as such extension was also agreed for Dr. Nieh.

The Parties ultimately agreed to deadline of May 1 (previously April 20) for the exchange of Dr. Nieh's and Dr. Olivier's Supplemental Reports that addressed material produced between 3/3 and 4/13 and fact witnesses depositions that occur through 4/17.  Corellium did not, however, agree that such supplemental reports could offer opinions based on information that Apple had received (or could readily access) prior to March 3.

We will file an amended motion that clarifies the deadline change from April 20 and May 1, and that such report should have only addressed material produced between 3/3 and 4/13 and fact witnesses depositions that occur through 4/17.

Best Regards,

Conor

---

**From:** "Elana.NightingaleDawson@lw.com" <Elana.NightingaleDawson@lw.com>
**Date:** Tuesday, May 12, 2020 at 4:18 PM
**To:** "Lizza.Constantine@csklegal.com" <Lizza.Constantine@csklegal.com>, "Justin.Levine@csklegal.com" <Justin.Levine@csklegal.com>
**Cc:** "Jonathan.Vine@csklegal.com" <Jonathan.Vine@csklegal.com>, "Michael.Boehringer@csklegal.com" <Michael.Boehringer@csklegal.com>, David Hecht <dhecht@hechtpartners.com>, Maxim Price <mprice@hechtpartners.com>, Minyao Wang <mwang@hechtpartners.com>, Conor McDonough <cmcdonough@hechtpartners.com>, "mgoldberg@lashgoldberg.com" <mgoldberg@lashgoldberg.com>, "epincow@lashgoldberg.com" <epincow@lashgoldberg.com>, "Jessica.StebbinsBina@lw.com" <Jessica.StebbinsBina@lw.com>, "Gabe.Gross@lw.com" <Gabe.Gross@lw.com>, "Andrew.Gass@lw.com" <Andrew.Gass@lw.com>, "Sy.Damle@lw.com" <Sy.Damle@lw.com>, "Carolyn.Homer@lw.com" <Carolyn.Homer@lw.com>, "Jeremiah.Egger@lw.com" <Jeremiah.Egger@lw.com>, "Holly.Victorson@lw.com" <Holly.Victorson@lw.com>, "Donna.Scott@csklegal.com" <Donna.Scott@csklegal.com>
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

Counsel,

We are writing to request that Corellium withdraw the portion of its *Daubert* motion regarding Dr. Nieh's supplemental report in light of the factual misstatements contained in that portion of Corellium's motion.  The motion refers repeatedly to "the parties' agreement," and states that "Apple has completely disregarded … the limited agreement for supplemental reports between the parties."  Mot. at 3.  It also affirmatively states, in several places, that Dr. Nieh's supplemental report was due on **April 20, 2020**, and even purports to attach an exhibit confirming that fact.

In fact, Dr. Nieh's supplemental report was due **May 1, 2020** by express agreement of the parties.  On Thursday, April 16, in response to Corellium's request to extend the deadline for Dr. Olivier's report, the parties specifically agreed "to an extension for **all supplemental reports** from Dr. Nieh and Dr. Olivier to May 1, **meaning no reports would be due for Dr. Nieh or Dr. Olivier on Monday, April 20** or Monday, April 27, **and each can serve a combined supplemental**

report/supplemental rebuttal report simultaneously on May 1." (Emphasis added.)  Corellium's counsel confirmed Corellium's agreement to that timeline in writing (see below).

Thus, pursuant to the parties' agreement, there was no April 20 deadline for either Dr. Nieh or Dr. Olivier and all supplemental reports from Dr. Nieh as well as Dr. Olivier were due on May 1.  These extensions were, of course, necessitated in no small part by Corellium's reluctance to comply with Judge Matthewman's omnibus order of March 20, 2020 requiring Corellium to produce the Corellium code and machines necessary for Dr. Nieh to complete his analysis.  Apple fully complied with the parties' agreement and served Dr. Nieh's omnibus supplemental report on Friday, May 1, 2020 (not on May 2 or May 3, as your motion incorrectly states).

It is thus Corellium that has not only disregarded the parties' agreement, but has seriously misrepresented the facts to the Court.

Rather than correctly portray the parties' actual agreement to the Court, you submitted only the earlier email correspondence regarding supplemental reports for Dr. Nieh and omitted the later correspondence below.  You also misrepresented an email exchange regarding Dr. Siegel's rebuttal report, incorrectly telling the Court that the email exchange was somehow relevant to Dr. Nieh's supplemental report.  In paragraph 6 of Mr. Hecht's declaration, he says that Exhibit F "is a true and correct copy of correspondence dated May 9, 2020 from counsel for Plaintiff confirming the Parties' agreement to deadlines for supplemental expert reports."  And then in your Motion you quote Exhibit F as follows: "The parties had agreed to extend this second deadline for supplemental reports for certain experts, but that agreement did not alter the requirement that such reports be limited to 'materials produced after 4/13.'"  Mot. at 9.  But Exhibit F is an email addressing when *Dr. Siegel's* supplemental report was due and is very clear that it is addressing *only* Dr. Siegel's supplemental report.  *See, e.g.*, Ex. F ("The agreement we reached **with regard to Dr. Siegel's reports** was that his supplemental and supplemental rebuttal report that was due on Tuesday, April 28 would cover 'all material produced after 4/13." (emphasis added)).  That exchange says nothing about Dr. Nieh, who by agreement of the parties had a different deadline.

In light of the parties' clear agreement, detailed below but omitted from your motion, and your misrepresentation of that understanding to the Court, we request that Corellium withdraw the portion of its *Daubert* motion addressing Dr. Nieh's supplemental report.

Thank you.
 Elana


**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Fax: 202-637-2201

---

**From:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>
**Sent:** Thursday, April 16, 2020 10:57 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>; Egger, Jeremiah (DC) <Jeremiah.Egger@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>; Donna Scott <Donna.Scott@csklegal.com>
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

Elana,

Corellium agrees to the foregoing. Please see below for addresses of the individuals reviewing Apple's source code:

James Olivier

█████
█████, TX █████

David Hecht

█████████, NJ █████

Maxim Price

█████████, NY █████

Best Regards,



*The Florida Law Firm*

**www.csklegal.com**

**Lizza C. Constantine**
*Associate*
Tel: 561-612-3476 | Fax: 561-683-8977
Lizza.Constantine@csklegal.com

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

---

**From:** Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
**Sent:** Thursday, April 16, 2020 10:22 PM
**To:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Jessica.StebbinsBina@lw.com; Gabe.Gross@lw.com; Sy.Damle@lw.com; Carolyn.Homer@lw.com; Jeremiah.Egger@lw.com; Holly.Victorson@lw.com
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

[CAUTION: EXTERNAL EMAIL]

---

Lizza,

Thank you for your email and confirmation regarding the signing of a declaration.  We disagree with your position regarding prejudice, and do not agree that this production is late.  We nevertheless want to continue to move forward.

We can confirm that the source code is being provided as maintained in the normal course of business on a non-compiling version of Xcode.  The machine will have a version of SlickEdit, which you can convert to a full version by inputting your license key.

With respect to the due dates for supplemental reports, we are willing to agree to an extension for all supplemental reports from Dr. Nieh and Dr. Olivier to May 1, meaning no reports would be due for Dr. Nieh or Dr. Olivier on Monday, April 20 or Monday, April 27, and each can serve a combined supplemental report/supplemental rebuttal report simultaneously on May 1.

Please confirm that you agree to the foregoing and provide us with the addresses for shipment of the computers so that we can ship them tomorrow.

Thank you.
Elana


**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Fax: 202-637-2201

**From:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>
**Sent:** Thursday, April 16, 2020 6:25 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>; Egger, Jeremiah (DC) <Jeremiah.Egger@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

Elana,

Corellium has no objection to signing a declaration stating the computer containing Apple's source code will not be used for anything outside the scope of what is permitted under the Protective Order [D.E. 50]. However, Apple needs to provide confirmation for the following items:

1) The Source code is being produced in the platform that Apple uses in the ordinary course of business. Please provide the name of the platform.
2) The computer will contain tools for viewing, searching, and comparing the source code.
3) The computer will contain the SlickEdit (source code editor). Corellium will provide the license and is ready to provide the license upon Apple's agreement.
4) Supplemental Rebuttal and Supplemental Reports deadline should be extended to May 1.

Apple's late production of its source code is extremely prejudicial to Corellium. We will provide the addresses for shipment shortly. Please confirm Apple's agreement to the items above and provide the information requested.

Best regards,



**Lizza C. Constantine**
*Associate*
Tel: 561-612-3476 | Fax: 561-683-8977
Lizza.Constantine@csklegal.com

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

☐ ☐ ☐ ☐

---

**From:** Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
**Sent:** Thursday, April 16, 2020 1:50 PM
**To:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Jessica.StebbinsBina@lw.com; Gabe.Gross@lw.com; Sy.Damle@lw.com; Carolyn.Homer@lw.com; Jeremiah.Egger@lw.com; Holly.Victorson@lw.com
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

[CAUTION: EXTERNAL EMAIL]

Lizza,

We are working to make arrangements for the shipment of a source code computer to counsel and to the expert you reference below. We will need all recipients of the computer to sign a declaration stating that they will not do anything outside the scope of what is permitted under the Protective Order. Please confirm your agreement to this approach and provide us with the addresses for shipment.

Thank you.
Elana

**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Fax: 202-637-2201

---

**From:** Lizza C. Constantine <Lizza.Constantine@csklegal.com>
**Sent:** Wednesday, April 15, 2020 7:24 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>; Egger, Jeremiah (DC) <Jeremiah.Egger@lw.com>; Victorson, Holly (DC)

7

<Holly.Victorson@lw.com>
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

Elana,

We spoke to our expert and a production of Apple's source code via secure paper will not be sufficient under the protective order [D.E. 50]. Section 11(c)(i) of the Protective Order, requires at the very least, Apple to provide "tools that are sufficient for viewing and searching the code produced." Our expert will not be able to properly "view" or "search" the code via secure paper. We need Apple to provide a remote system where our expert and two of Corellium's attorneys can have access to the code immediately, as any delay is undoubtedly prejudicing Corellium. We are less than a week away from fact discovery deadline and we find Apple's attempt to simply provide its source code via secure paper insufficient and will not be accepted by Corellium. Unlike Apple's expert, Corellium's expert does not have the benefit of Apple's guidance to review Apple's source code via secure paper. Corellium was able to provide its entire on-premises system via remote access and worked diligently to provide Apple with laptops and proper tools for Apple's review of Corellium's source code.

Please provide a remote system with tools for viewing, searching, comparing, and source code editor tools like SlickEdit (Corellium will pay for SlickEdit's license) no later than noon April 17, 2020. We are available to meet and confer further to ensure that remote access is timely provided.

Best Regards,



*The Florida Law Firm*

**www.csklegal.com**

**Lizza C. Constantine**
*Associate*
Tel: 561-612-3476 | Fax: 561-683-8977
**Lizza.Constantine@csklegal.com**

**Cole, Scott & Kissane P.A.**
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

☐ ☐ ☐ ☐

---

**From:** Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
**Sent:** Wednesday, April 15, 2020 5:07 PM
**To:** Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Jessica.StebbinsBina@lw.com; Gabe.Gross@lw.com; Sy.Damle@lw.com; Carolyn.Homer@lw.com; Jeremiah.Egger@lw.com; Holly.Victorson@lw.com
**Subject:** RE: Apple Inc. v. Corellium, LLC - Production of Source Code

[CAUTION: EXTERNAL EMAIL]

Justin,

As you know, you and I spoke on the phone three times last week to discuss Apple's intention to produce Apple source code to Corellium on secure paper and, during those calls, Apple sought your agreement to the same. Although you said you would get back to me, I have not heard back. We also have not received a response to the email below. As I conveyed last week and as detailed below, as contemplated by the protective order in this case, Apple has produced the source code referred to in Dr. Nieh's report on a source code machine in Latham's Washington, DC office. In light of the current situation, our expert only viewed the source code on secure paper. We would like to provide it to Corellium via this method as well, but need Corellium's response and confirmation that it agrees to treat the source code as outlined in my email and as contemplated by the protective order. Once we receive that confirmation, we will ship the source code to you or whomever you designate, via FedEx overnight delivery, so long as that person is permitted to view Apple's source code in this case.

We look forward to your response.

Thank you.
Elana


**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Fax: 202-637-2201

**From:** Nightingale Dawson, Elana (DC)
**Sent:** Wednesday, April 15, 2020 10:32 AM
**To:** Justin B. Levine <Justin.Levine@csklegal.com>
**Cc:** Jonathan Vine <Jonathan.Vine@csklegal.com>; Lizza C. Constantine <Lizza.Constantine@csklegal.com>; Michael Boehringer <Michael.Boehringer@csklegal.com>; dhecht@hechtpartnersllp.com; mprice@hechtpartnersllp.com; mwang@hechtpartnersllp.com; mgoldberg@lashgoldberg.com; epincow@lashgoldberg.com; Stebbins Bina, Jessica (CC) <Jessica.StebbinsBina@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Damle, Sy (DC) <Sy.Damle@lw.com>; Homer, Carolyn (DC) <Carolyn.Homer@lw.com>; Egger, Jeremiah (DC) <Jeremiah.Egger@lw.com>; Victorson, Holly (DC) <Holly.Victorson@lw.com>
**Subject:** Apple Inc. v. Corellium, LLC - Production of Source Code

Justin,

As I explained to you last week, we will be producing the source code Dr. Nieh relied on in his rebuttal report. Although we have a source code computer available in Latham's DC office as contemplated by the protective order, given the current situation, our expert only reviewed print outs of the source code and we are planning to produce the same print outs to you, printed on secure paper and assembled in a binder. Unless you advise otherwise, we will send the printed out source code to your attention at Cole Scott's offices. If you would like it to be sent somewhere else, please let us know by 4pm ET today and we will address it accordingly. Likewise, if you would like it sent to any of your experts who are authorized to review Apple confidential information (or upon such authorization), please let us know and provide the address for shipment. Upon receipt, please return to us the signed declaration confirming the printouts of source code reached you with the tamper-evident seal intact, and return the second declaration upon return of the source code binder. If you do not agree to this arrangement, Apple cannot and does not authorize your or any Corellium representative's review of the source code on secure paper, so please confirm you agree by reply email.

Thank you.

Elana

**Elana Nightingale Dawson** | **LATHAM & WATKINS LLP**
555 Eleventh St., NW Suite 1000 | Washington, DC 20004
Tel: 202-637-2303 | Fax: 202-637-2201 | http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.**