**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

  v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

     Plaintiff Apple Inc., by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15 and S.D. Fla. Local Rule 15.1, respectfully moves this Court for leave to amend Exhibit A to its First Amended Complaint to remove five of the twenty-two registered works subject to Apple's claims for copyright infringement.  Apple does not request leave to amend any other portion of its First Amended Complaint, and is not adding any claims or enlarging any issues in dispute.  Corellium does not oppose this Motion.  Attached as Exhibit 2 is its written consent thereto.

     In support of this request, Apple states as follows:

**Procedural Background**

     1.    Apple filed its initial complaint against Defendant Corellium, LLC on August 15, 2019, asserting two claims for direct federal copyright infringement and one claim for contributory federal copyright infringement with respect to twenty-two of Apple's registered copyrights in its operating system iOS and related programs and graphical user interface elements.  ECF No. 1.  Apple filed its First Amended Complaint on December 20, 2019, adding a fourth claim for violation of 17 U.S.C. §§ 1201(a)(2), (b), and 1203.  ECF Nos. 53, 56.  The First Amended Complaint is the operative complaint in this case.

2. Apple diligently pursued discovery in support of its claims over several months, which has now been completed. As a result of that discovery, Apple was able to identify infringement of seventeen of the twenty-two works contained in Apple's initial Exhibit A, but was not able to identify infringement of the five remaining works: TX 8-507-283 (iTunes 12.3), TX 8-512-431 (iTunes 12.4), TX 8-545-238 (iTunes 12.5.1), TX 8-546-291 (iTunes 12.6), and VA 1-967-208 (Apple Wallpaper – Abstract ink spot in blue and green (iOS 8)).

3. Accordingly, and in the interest of streamlining matters in dispute in this case, Apple hereby moves to amend Exhibit A to its First Amended Complaint to remove those five works from the list of asserted copyrights. A copy of the complete proposed Second Amended Complaint, with the amended Exhibit A, is attached hereto as Exhibit 1.

4. Apple does not seek leave to modify any of its causes of action or otherwise seek leave to amend any other portion of its complaint.

## **MEMORANDUM OF LAW**

Apple's proposed Second Amended Complaint modifies only Exhibit A thereto, removing five of twenty-two originally asserted registered copyrights as to which Apple claims infringement. Apple moves to make this amendment based on the information it obtained in discovery, and to narrow and clarify the issues it intends to pursue at trial. Apple brings this motion now because Apple has only recently been able to confirm the works infringed by the Corellium Apple Product through discovery.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In the absence of a countervailing reason to deny the motion (such as undue delay, bad faith, or dilatory motive),"the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In general, leave to amend should be granted "unless there is substantial countervailing reason." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996); *see Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (internal quotation omitted). In determining whether a substantial countervailing reason exists to deny leave to amend, "a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson*, 79 F.3d at 1110.

While the time to amend claims in this case has passed, ECF No. 32, good cause exists to permit this amendment because it narrows the disputes at issue in this case, rather than enlarging them. Moreover, Apple has acted in good faith and with diligence in confirming the disputed works through the discovery process. "Newly discovered evidence can supply the necessary good cause under . . . Rule [16]." *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-cv, 2019 WL 1954082, at *2 (S.D. Fla. May 2, 2019). Now that discovery has concluded and Apple has completed its analysis of the accused product, Apple seeks to simplify the issues for the Court by removing those registrations for which Apple no longer seeks relief. Apple does not seek to change the underlying four claims asserted in the First Amended Complaint and only seeks to streamline the number of registered works asserted.

Corellium does not oppose this motion, and granting this motion causes no undue prejudice to Corellium. The proposed amendment would not delay the progress of this case or require the Court to reopen discovery—in fact, it narrows the scope of disputed issues, which will conserve judicial resources. *See Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-civ, 2012 WL 1941587, at *2 (S.D. Fla. May 29, 2012) (granting leave for defendant to amend affirmative defenses because "these amendments narrow the defenses at issue in this lawsuit"). Further, the proposed amendment is not futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Such is certainly not the case here, where Apple continues to assert the same four claims in the First Amended Complaint with respect to seventeen separately copyrighted works.

**WHEREFORE,** for the foregoing reasons, Plaintiff Apple Inc. respectfully requests entry of an Order granting Apple leave to file the proposed Second Amended Complaint, together with such other and further relief as this Court deems just and proper.

Pursuant to Local Rule 15.1, Apple attaches its proposed Second Amended Complaint.

A proposed order is submitted herewith.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Apple has conferred with counsel for Corellium in a good faith effort to resolve the issues raised in this Motion prior to filing. Corellium does not oppose this Motion.

Dated: May 26, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.