**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

Plaintiff,

v.

CORELLIUM, LLC,

Defendant.

**PLAINTIFF APPLE INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL PORTIONS OF APPLE'S DISPUTED MOTION TO FILE UNDER SEAL CERTAIN SPECIFIED PORTIONS OF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S MOTION FOR SUMMARY JUDGMENT, CERTAIN SPECIFIED PORTIONS OF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF CORELLIUM'S MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S EXHIBIT 84 ATTACHED THERETO, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Apple Inc., by and through undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of portions of Apple's Disputed Motion to File Under Seal Certain Specified Portions of Apple Inc.'s Opposition to Defendant Corellium's LLC Motion for Summary Judgment, Certain Specified Portions of Apple Inc.'s Response to Defendant Corellium LLC's Statement of Material Facts in Support of Corellium's Motion for Summary Judgment, and Plaintiff's Exhibit 84 attached thereto (the "Disputed Motion to Seal"). In support of this request, Apple states as follows.

**BACKGROUND**

On May 26, 2020, Apple will be filing its Disputed Motion to Seal.[1] Apple drafted the

[1] Apple is filing a separate undisputed motion to seal other portions of its opposition to Corellium's motion, its response to Corellium's Statement of Material Facts, its Index of Exhibits, and a number of other exhibits thereto. This reflects that the parties agree regarding the majority of

Disputed Motion to Seal so as not to reveal any confidential or sensitive information and anticipated that it would be filed publicly. However, out of an abundance of caution, and given their prior requests for sealing related material, on May 26, 2020, Apple shared with Corellium and the United States the specific factual statements made in the Disputed Motion to Seal to determine their position as to whether such material needed to be sealed. Despite Apple's willingness to modify language in response to their concerns, both Corellium and the United States maintain that they cannot consent to the public filing even of the limited facts included in Apple's Disputed Motion to Seal. In light of this disagreement, Apple brings this iterative motion to seal the Disputed Motion to Seal. Apple explained to both Corellium and the United States, however, as it explains below, that Apple does not believe that the statements made in its Disputed Motion to Seal are properly subject to an order to seal; it files this motion as a courtesy despite its disagreement with the substance thereof.

## LEGAL STANDARD

It is well established that there is a common law right of access to public records in civil actions. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). That is why "the Court's general policy is that court filings are matters of public record." *Noveshen v. Bridgewater Assocs., LP*, No. 13-61535-CIV, 2016 WL 1579264, at *1 (S.D. Fla. Apr. 19, 2016) (citing S.D. Fla. L.R. 5.4(a)). In fact, "[t]he right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019)—a presumption that is particularly strong "with regard to dispositive documents that relate to the merits of the case," *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-23749-CIV, 2017 WL 6622648, at *2 (S.D. Fla. Dec. 22, 2017); *see also Mata Chorwadi, Inc. v. City of Boynton Beach*, No. 9:19-CV-81069, 2020 WL 2516979, at *3 n.3 (S.D. Fla. May 18, 2020) ("[A] party that submits documents with a motion for summary judgment, or in a later stage of litigation, puts the information into the public domain and triggers greater public right of access."); *C&M Oil Co. v. CITGO Petroleum Corp.*, No. 04-22901-CIV, 2007 WL 9751800, at *2 (S.D. Fla. June 5, 2007) ("Decisions that are central to merits resolution implicate a greater right to access consideration in the determination of whether good cause exists.").

---

materials to be sealed, but disagree with respect to the materials discussed in the Disputed Motion to Seal.

To justify sealing of the material at issue, Corellium and the United States bear the "burden to illustrate the need for" the material "to remain confidential." *Chiron Recovery Ctr., LLC v. AmeriHealth HMO of New Jersey, Inc.*, No. 9:16-CV-82043, 2018 WL 8582983, at *1 (S.D. Fla. Jan. 5, 2018). To do so, Corellium and the United States must show "good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The existence of "good cause" is "decided by the nature and character of the information in question," including (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing the documents." *Id.*; *see also Chiron Recovery Ctr.*, 2018 WL 8582983, at *1–2 (considering a motion to seal documents related to a summary judgment motion and finding that only patient-related information merited sealing); *Winn-Dixie Stores, Inc. v. Dollar Tree Stores, Inc.*, No. 11-80638-CV, 2011 WL 13123333, at *1–2 (S.D. Fla. Dec. 23, 2011) (denying various motions to seal related to summary judgment motions).

Given the very limited information contained in the Disputed Motion to Seal, Apple believes the Disputed Motion to Seal should be filed publicly, and not under seal. However, it seeks leave to file the Disputed Motion to Seal under seal in the first instance in order for the Court to have the opportunity to evaluate the positions of the United States and Corellium.

## CONCLUSION

**WHEREFORE** Apple respectfully requests that portions of the following documents be filed under seal and remain under seal until the Court has an opportunity to evaluate and either accept or reject Corellium's and the United States' positions:

    a. Portions of Apple's Disputed Motion to File Under Seal Certain Specified Portions of Apple Inc.'s Opposition to Defendant Corellium's LLC Motion for Summary Judgment, Certain Specified Portions of Apple Inc.'s Response to Defendant Corellium LLC's Statement of Material Facts in Support of Corellium's Motion for Summary Judgment, and Plaintiff's Exhibit 84 attached thereto.

A proposed order is submitted herewith.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email with counsel for Defendant and for the United States on May 26, 2020, regarding the relief sought herein. Defendant and the United States have both asked that Apple file this motion.

Dated: May 26, 2020

Respectfully Submitted,

s/ Martin B. Goldberg

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

**Admitted pro hac vice*

*Attorneys for Plaintiff* APPLE INC.