UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                 Plaintiff,

v.

CORELLIUM, LLC,

                 Defendant.

**PLAINTIFF APPLE INC.'S DISPUTED MOTION TO FILE UNDER SEAL CERTAIN SPECIFIED PORTIONS OF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S MOTION FOR SUMMARY JUDGMENT, CERTAIN SPECIFIED PORTIONS OF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF CORELLIUM'S MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S EXHIBIT 84,
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Apple Inc., by and through undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of (1) the last half of the last sentence of the third paragraph on page 1 and the first three and a half sentences of the final paragraph on page 5 of Apple Inc.'s Opposition to Defendant Corellium, LLC's Motion for Summary Judgment (the "Opposition"); (2) paragraphs 41 and 81–83 of Apple Inc.'s Response to Defendant Corellium, LLC's Statement of Material Facts in Support of Corellium's Motion for Summary Judgment ("Response to Corellium's Statement of Material Facts"); and (3) the entirety of Plaintiff's Exhibit 84 attached thereto.[1]  In support of this request, Apple states as follows.

## BACKGROUND

    On May 26, 2020, Apple will file its opposition to Corellium's Motion for Summary

---

[1] The remainder of the material Apple seeks to file under seal in its Opposition and related filings is addressed in a separate, unopposed motion to seal.

Judgment, along with its Response to Corellium's Statement of Material Facts, and Plaintiff's Exhibit 84 attached thereto.  Corellium and the United States maintain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  On Wednesday, May 13, 2020, the parties submitted a joint filing to the Court ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  On Friday, May 22, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple agreed to file this motion to seal.  Apple explained to both Corellium and the United States, however, as it explains below, that Apple does not believe that that the material at issue is properly subject to an order to seal.

## LEGAL STANDARD

It is well established that there is a common law right of access to public records in civil actions.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).  That is why "the Court's general policy is that court filings are matters of public record." *Noveshen v. Bridgewater Assocs., LP*, No. 13-61535-CIV, 2016 WL 1579264, at *1 (S.D. Fla. Apr. 19, 2016) (citing S.D. Fla. L.R. 5.4(a)).  In fact, "[t]he right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019)—a presumption that is particularly strong "with regard to dispositive documents that relate to the merits of the case," *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, No. 17-23749-CIV, 2017 WL 6622648, at *2 (S.D. Fla. Dec. 22, 2017); *see also Mata Chorwadi, Inc. v. City of Boynton Beach*, No. 9:19-CV-81069 2020 WL 251679, at *3 n.3 (S.D. Fla. May 18, 2020) ("[A] party that submits documents with a motion for summary judgment, or

in a later stage of litigation, puts the information into the public domain and triggers greater public right of access."); *C&M Oil Co. v. CITGO Petrol. Corp.*, No. 04-22901-CIV, 2007 WL 95751800, at *2 (S.D. Fla. June 5, 2007) ("Decisions that are central to merits resolution implicate a greater right to access consideration in the determination of whether good cause exists.").

To justify sealing of the material at issue, Corellium and the United States bear the "burden to illustrate the need for" the material "to remain confidential." *Chiron Recovery Ctr., LLC v. AmeriHealth HMO of New Jersey, Inc.*, No. 9:16-CV-82043, 2018 WL 8582983, at *1 (S.D. Fla. Jan. 5, 2018). To do so, Corellium and the United States must show "good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)) (quoting *Chicago Tribune*, 263 F.3d at 1309). The existence of "good cause" is "decided by the nature and character of the information in question," including (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing the documents." *Id.*; *see also Chiron Recovery Ctr., LLC v. AmeriHealth HMO of New Jersey, Inc.*, 2018 WL 8582983, at *1–2 (S.D. Fla. Jan. 5, 2018) (considering a motion to seal documents related to a summary judgment motion and finding that only patient-related information merited sealing); *Winn-Dixie Stores, Inc. v. Dollar Tree Stores, Inc.*, 2011 WL 13123333, at *1–2 (S.D. Fla. Dec. 23, 2011) (denying various motions to seal related to summary judgment motions).

Corellium and the United States cannot carry their burden to show good cause because the factors here favor public, not sealed, filing of the material at issue. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



## CONCLUSION

**WHEREFORE** Apple respectfully requests that the following be filed under seal and remain under seal until the Court has an opportunity to evaluate and either accept or reject Corellium's and the United States' positions:

a. The last half of the last sentence of the third paragraph on page 1 and the first three and a half sentences of the final paragraph on page 5 of Apple Inc.'s Opposition to Defendant Corellium's LLC Motion for Summary Judgment;

b. Paragraphs 41 and 81–83 of Apple Inc.'s Response to Defendant Corellium LLC's Statement of Material Facts in Support of Corellium's Motion for Summary Judgment; and

c. Plaintiff's Exhibit 84 attached thereto.

A proposed order is submitted herewith.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email and telephone with counsel for Defendant and for the United States on May 22, 2020, regarding the relief sought herein. Defendant and the United States have both asked that Apple file this motion.

| | |
|---|---|
| Dated: May 26, 2020 | Respectfully Submitted, |
| Michele D. Johnson* | *s/ Martin B. Goldberg* |
| michele.johnson@lw.com | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | mgoldberg@lashgoldberg.com |
| (714) 540-1235 / (714) 755-8290 Fax | rdiaz@lashgoldberg.com |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| sy.damle@lw.com | epincow@lashgoldberg.com |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| elana.nightingaledawson@lw.com | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |
| | |
| Andrew M. Gass* | |
| andrew.gass@lw.com | |
| Joseph R. Wetzel | |
| joe.wetzel@lw.corm | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 / (415) 395-8095 Fax | |
| | |
| Jessica Stebbins Bina* | |
| jessica.stebbinsbina@lw.com | |
| LATHAM & WATKINS LLP | |
| 10250 Constellation Blvd., Suite 1100 | |
| Los Angeles, CA 90067 | |
| (424) 653-5500 / (424) 653-5501 Fax | |
| | |
| Gabriel S. Gross* | |
| gabe.gross@lw.com | |
| LATHAM & WATKINS LLP | |
| 140 Scott Drive | |
| Menlo Park, CA 94025 | |
| (650) 463-2628 / (650) 463-2600 Fax | |

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.