**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE PORTIONS
OF CORELLIUM'S RESPONSE TO APPLE'S PARTIAL MOTION FOR SUMMARY
JUDGMENT, RESPONSE TO APPLE'S STATEMENT OF MATERIAL FACTS, AND
ADDITIONAL FACTS, AND RESPECTIVE RESPONSES TO APPLE'S DAUBERT
MOTIONS TO EXCLUDE OR LIMIT THE REPORTS AND TESTIMONY OF
STEWART APPELROUTH AND JAMES OLIVIER, AS WELL AS EXHIBITS
ATTACHED THERETO UNDER SEAL**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c),

Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida,

and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures,

respectfully moves this Court for an order authorizing the filing under seal of portions of

Corellium's Response to Apple's Partial Motion for Summary Judgment [D.E. 453], Response to

Apple's Statement of Material Facts [D.E. 455], and Additional Facts, and Respective Responses

to Apple's Daubert Motions to Exclude or Limit the Reports and Testimony of Stewart Appelrouth

[D.E. 448] and James Olivier [D.E. 449] as well as exhibits and deposition transcripts attached

thereto, and in support thereof, states as follows:

CASE NO.: 9:19-CV-81160-RS

## BACKGROUND

1.      On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.      On October 3, 2019, the Court entered the Scheduling Order [D.E. 32] instructing the Parties that all dispositive motions are due on May 11, 2020.

3.      Accordingly, on May 11, 2020, Plaintiff, Apple Inc. ("Apple") filed its:

    a.  Motion in Limine and Daubert Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Expert Stewart Appelrouth and Incorporated Memorandum of Law [D.E. 448];

    b.  Motion in Limine and Daubert Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier and Incorporated Memorandum of Law [D.E. 449];

    c.  Motion for Partial Summary Judgment and Supporting Memorandum of Law [D.E. 453]; and

    d.  Statement of Material Facts in Support of Apple's Motion for Summary Judgment [D.E. 455].

4.      In connection with the same, Corellium will be filing:

    a.  Corellium's Response in Opposition to Apple's Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Expert Stewart Appelrouth and Incorporated Memorandum of Law ("Response to Appelrouth Daubert")

    b.  Corellium's Opposition to Plaintiff's Motion to Exclude Certain Opinions and Testimony of James Olivier ("Response to Olivier Daubert")

    c.  Defendant Corellium, LLC's Memorandum in Opposition to Plaintiff Apple Inc.'s Motion for Partial Summary Judgment ("Response to MSJ")

    d.  Corellium, LLC's Response to Plaintiff Apple Inc.'s Statement of Material Facts in Support of Apple's Motion for Partial Summary Judgment on 17

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

U.S.C. § 1201 and Response Statement of Additional Material Facts in Opposition Thereof ("Response to SOF")

5.     Each of the aforementioned Corellium filings will include applicable exhibits and deposition excerpts as specifically identified below.

6.     Counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein.

7.     Consistent with the Protective Order and the Parties' confidentiality designations, Corellium moves to file under seal its Response to Appelrouth Daubert, Response to Olivier Daubert, and Response to MSJ, and Response to SOF.

8.     The Parties have agreed to continue to confer post-dispositive motion filings to continue to try to reduce the information being filed under seal.

## MEMORANDUM OF LAW

### I.     Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV,

3

2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d

1234, 1245 (11th Cir. 2007)).

II.     **Good Cause Exists for the Court to Seal Portions of Corellium's Response to Apple's Motion for Summary Judgment and Response to Apple's Statement of Material Facts, and Additional Facts.**

In this instance, good cause exists for this Court to seal portions of Corellium's Response

to MSJ and Response to SOF.  The Response to MSJ includes the identities of certain Corellium

customers, confidential acquisition details and information, Corellium Product proprietary and

trade secret technical information, other proprietary trade secret business and operational

information, and other designated deposition  testimony. This information has been previously

designated by either Corellium or Apple during discovery and should not be shared with the public.

Similarly, the Response to SOF includes highly-confidential information, including a

collection of previously designated Confidential and Attorney's Eyes Only ("AEO") material from

both sides. The Response to SOF specifically identifies confidential and/or proprietary facts and

attaches the physical evidentiary support thereto. Thus, similar to the Response to MSJ, the

Response to SOF includes the identities of certain Corellium customers, confidential acquisition

details and information, Corellium Product proprietary and trade secret technical information,

other proprietary trade secret business and operational information, and other designated

deposition  testimony. This information has been previously designated by either Corellium or

Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from

the public's reach. Therefore, due to the confidential, proprietary, and trade secret information

contained therein, this Court should seal portions of Corellium's Response to MSJ and Response to SOF.

**III.** **Good Cause Exists for the Court to Seal Portions of Corellium's Respective Responses to Apple's Daubert Motions to Exclude Corellium's Experts Stewart Appelrouth and James Olivier.**

**a.** **Good Cause Exists for Corellium's Response to Apple's Daubert Motion for Corellium's Expert Stewart Appelrouth.**

Good cause exists for this Court to seal portions of Corellium's Response to Apple's Daubert Motion for Appelrouth. Mr. Appelrouth is Corellium's expert for damages and forensic accounting. Corellium's Response to Apple's Daubert Motion for Appelrouth briefly discusses a portion of Mr. Connelly's expert report which has been initially designated by Apple. For this reason, Corellium asks the Court to permit that portion of Corellium's Response to Apple's Daubert Motion for Appelrouth be filed under seal.

**b.** **Good Cause Exists for Corellium's Response to Apple's Daubert Motion for Corellium's Expert James Olivier.**

Good cause exists for this Court to seal portions of Corellium's Response to Apple Daubert Motion for Olivier.  Dr. Olivier is Corellium's technical expert who has been employed in this case to review Corellium's proprietary code of the Product at issue. Accordingly, Dr. Olivier's opinions focus on the proprietary and trade secret technical aspects of Corellium's Product. This includes the source code and the technical "ins and outs" of how the product actually functions. This information has been designated by Corellium as AEO, is highly confidential, and should not be shared with the public.

Corellium's Response to Apple's Daubert Motion for Olivier includes his confidential and AEO reports, his confidential and AEO deposition transcript, the confidential and AEO deposition

transcript of Mr. Wade, and other specific information about source code and internal functionality of the product. Such discussion by Dr. Olivier and thus, the Response to Apple's Daubert Motion for Olivier discussing his opinions, references highly proprietary and confidential source code and product trade secret. For this reason, Corellium asks the Court to permit those portions of the Response to Apple Daubert Motion for Olivier that refer to Corellium's highly-confidential technical and proprietary product information be filed under seal.

Accordingly, as it relates to Corellium's Responses to Apple's Daubert Motion for Appelrouth and Olivier, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the highly confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Responses to Apple's Daubert Motion for Appelrouth and Olivier.

**IV.**     **Good Cause Exists for the Court to Seal Certain Exhibits to Corellium's Response to Apple's Motion for Summary Judgment and Response to Apple's Statement of Facts as well as Respective Responses to Apple's Daubert Motions for Appelrouth and Olivier.**

Finally, good cause exists for this Court to seal portions of certain exhibits and deposition testimony excerpts to Corellium's Response to MSJ, Response to SOF, Response to Apple's Daubert Motion for Appelrouth, and Response to Apple Daubert Motion for Olivier (hereinafter in this section, collectively the "Filings"). In support of these Filings, Corellium will be filing numerous exhibits and deposition testimony excerpts, previously designated by Apple or Corellium as either Confidential or AEO, that discuss, reference, relate to, or include confidential or proprietary financial, business, or technical information or materials relating to Corellium's business or technology. A list of those items follows:

CASE NO.: 9:19-CV-81160-RS

|     | **DOCUMENT** | **BATES NUMBER** | **DESIGNATION/REDACTED** |
| --- | --- | --- | --- |
| 1. | Ivan Krstic Deposition | | Redacted |
| 2. | Jon Andrews Deposition | | Completely sealed AEO |
| 3. | Sebastien Marineau-Mes Deposition | | Completely sealed AEO (designations not complete) |
| 4. | Lee Peterson Deposition | | Completely sealed AEO (designations not complete) |
| 5. | Craig Federighi Deposition | | Completely sealed AEO (designations not complete) |
| 6. | Steve Smith Deposition | | Redacted |
| 7. | Chris Betz Deposition | | Completely sealed AEO (designations not complete) |
| 8. | Jason Shirk Deposition | | Completely sealed AEO (designations not complete) |
| 9. | Robert Connelly Deposition | | Completely sealed AEO (designations not complete) |
| 10. | Dr. Jason Nieh Deposition | | Completely sealed AEO (designations not complete) |
| 11. | David Wang Deposition | | Completely sealed AEO (designations not complete) |
| 12. | Stan Skowronek Deposition | | Completely sealed AEO (designations not complete) |
| 13. | Amanda Gorton Deposition | | Redacted |
| 14. | Chris Wade Deposition | | Completely sealed AEO (designations not complete) |
| 15. | Steve Dyer Deposition | | Redacted |
| 16. | Alex Stamos Deposition | | Completely sealed AEO (designations not complete) |
| 16. | James Olivier Deposition | | Completely sealed AEO (designations not complete) |
| 17. | | Apl-Corellium_00005149 | Apple Confidential |
| 18. | | Apl-Corellium_00018161 | Apple Confidential |
| 19. | | Apl-Corellium_00000850 | Apple Confidential |
| 20. | | Apl-Corellium_00000027 | Apple Confidential |
| 21. | | Apl-Corellium_00017960 | Apple Confidential |
| 22. | | Apl-Corellium_00040652 | Apple Confidential |
| 23. | | Apl-Corellium_00000519 | Apple AEO |
| 24. | | Apl-Corellium_00044386 | Apple AEO |
| 25. | | Apl-Corellium_00008529 | Apple AEO |
| 26. | | Apl-Corellium-00000536 | Apple AEO |
| 27. | | Apl-Corellium-00000604 | Apple AEO |
| 28. | | Apl-Corellium-00000745 | Apple AEO |
| 29. | | Apl-Corellium-00006405 | Apple AEO |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

| 30. | Apple's Responses and Objections to Corellium's Fourth Set of Requests for Admission | | Redacted |
|---|---|---|---|
| 31. | Apple's Responses and Objections to Corellium's Third Set of Interrogatories, No. 4 | | Apple AEO |
| 32. | Apple's Responses and Objections to Corellium's First Set of Requests for Admissions | | Redacted |
| 33. | Apple's Verified Second Amended Responses & Objections to Corellium's Second Set of Interrogatories | | Redacted |
| 34. | Corellium's Fourth Amended Answers to Plaintiff's First Set of Interrogatories. | | Redacted |
| 35. | Corellium's Third Amended Answers to Plaintiff Apple's First Set of Interrogatories | | Redacted |
| 36. | Corellium's Fifth Amended Answers to Plaintiff Apple's First Set of Interrogatories | | Redacted |
| 37. | | Correllium-004708.000001-004 | |
| 38. | Robert Connelly, Expert Report | | Apple AEO |
| 39. | Robert Connelly, Supplemental & Rebuttal Expert Report | | Apple AEO |
| 40. | Robert Connelly, Errata Supplemental & Rebuttal Expert Report | | Apple AEO |
| 41. | Robert Connelly, Second Supplemental & Rebuttal Expert Report | | Apple AEO |
| 42. | Dr. Nieh Initial Expert Report (Excerpt) | | Redacted |
| 43. | Dr. Nieh Rebuttal Expert Report (Excerpt) | | Redacted |
| 44. | Dr. Nieh Supplemental Expert Report (Excerpt) | | Redacted |
| 45. | | Apl-Corellium_00003979 | Redacted |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

This information has been previously designated by either Corellium and/or Apple during discovery as it contains confidential and/or proprietary trade secret information, and thus, should not be shared with the public.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Response to Apple's Motion for Summary Judgment, Response to Apple's Statement of Facts, and Additional Facts, and Respective Responses to Apple's Daubert Motions to Limit or Exclude the Testimony of Corellium's Experts, Stewart Appelrouth and Dr. James Olivier, as well as the exhibits and deposition transcripts in support thereof and that are identified above under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on May 26, 2020, regarding the relief sought herein. Plaintiff does not oppose the relief requested herein.

Dated: May 26, 2020                    Respectfully submitted,


COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

9

CASE NO.: 9:19-CV-81160-RS

Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.:  106463
LIZZA C. CONSTANTINE
Florida Bar No.:  1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

   *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 26, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

CASE NO.: 9:19-CV-81160-RS

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX