# DEX  9

██████████████████████

██████████████████████

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:19-cv-81160-RS**

APPLE INC.,

                              Plaintiff,

    v.

CORELLIUM, LLC,

                              Defendant.

**APPLE INC.'S VERIFIED RESPONSES AND OBJECTIONS TO**
**CORELLIUM, LLC'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc.

("Apple") hereby provides its verified responses and objections to Defendant Corellium, LLC's

("Corellium") Second Set of Interrogatories (Nos. 13–18)[1] (the "Interrogatories").

**DEFINITIONS**

**Apple**: Apple objects to the definition of "Apple" to include "any and all agents,

representatives, and persons purporting to act on behalf of" Apple as overly broad, unduly

burdensome and not proportional to the needs of this case.  Apple will respond to the

Interrogatories on behalf of itself, including its employees in their capacity as such, subject to

Apple's knowledge after a reasonable investigation.

---

[1] Corellium served its First Set of Interrogatories, containing Interrogatory Nos. 1–12, on
November 8, 2019.  Corellium's Second Set of Interrogatories does not acknowledge the
existence of Corellium's first 12 Interrogatories, and restarts the numbering scheme at 1.  To
avoid confusion with respect to Corellium's Interrogatories served in this case, Apple refers to
Corellium's Interrogatories in its Second Set of Interrogatories as continuing the original number
scheme, starting with 13.

**Corellium**: Apple objects to the definition of "Corellium" to include "any agents, officers, directors, shareholders, members or persons purporting to act on behalf of" Corellium as vague and ambiguous.  Corellium has not produced any organizational charts or otherwise identified all of its agents, officers, directors, shareholders, or members.  As a result, for purposes of responding to these requests, Apple will respond with respect to the Corellium employees that Corellium has identified in its initial disclosures and in communications with counsel for Apple.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 13 (SECOND SET NO. 1):**

List the names of all Corellium's employees that Apple has accessed their iCloud account(s) and include the date(s) Apple accessed such iCloud accounts.

**Response:**

Apple objects to this Interrogatory as written as violating the privacy rights of its users. As a matter of regulation, policy, and practice, Apple may only access the contents of individual user iCloud accounts pursuant to legal process or with the consent of the user.  However, upon conferring with counsel for Corellium, Apple understands that Corellium seeks by this Interrogatory only to confirm that Apple has not accessed Corellium employees' iCloud accounts in connection with this litigation, *i.e.*, to gain an advantage therein.  Apple has not done so.  As noted above, as a matter of regulation, policy, and practice, Apple cannot and does not access the contents of individual user iCloud accounts absent legal process or the consent of its users.

████████████████████████████████████

**INTERROGATORY NO. 14 (SECOND SET NO. 2):**

Identify each Apple employee who has previously "informed Christopher Wade that his Corellium Apple Product violated Apple's exclusive rights and that it could not be made and sold commercially without permission from Apple," as stated by Apple in response to Interrogatory No. 2 of its Amended Answers.

**Response:**

Apple responds that at least Apple employee ███████████████████ informed Christopher Wade that an iOS virtualization service could not be sold commercially without permission from Apple.  At least Apple employee ████████ informed Christopher Wade that an iOS virtualization service, if sold commercially without permission from Apple, would likely run afoul of Apple's legal rights.

Apple expressly reserves all rights to supplement, revise, and/or amend this response. Apple is continuing to investigate the subject matter of this Interrogatory and reserves all rights to supplement this response if it discovers any response, relevant, non-privileged documents or information.

**INTERROGATORY NO. 15 (SECOND SET NO. 3):**

Identify every intended commercial use of iOS.

**Response:**

Apple responds as follows: every Apple-authorized use of iOS is a "commercial use" as defined by Corellium.  iOS is a mobile operating system which powers Apple's mobile devices, including iPhones, iPod Touches, and older generations of iPads.  Apple continuously works to update and to modify iOS in order to improve user experiences, advance the performance of devices, software, and applications, and safeguard privacy and security.  iOS is protected by

3

███████████████████████████████████

copyright, and Apple intends to exploit its copyrighted works in every way that Apple

determines is appropriate for the growth and development of Apple's business.

Apple expressly reserves all rights to supplement, revise, and/or amend this response.

Apple is continuing to investigate the subject matter of this Interrogatory and reserves all rights

to supplement this response if it discovers any response, relevant, non-privileged documents or

information.

**INTERROGATORY NO. 16 (SECOND SET NO. 4):**

List every "technological protection measure" referred to in paragraph 73 of Apple's First

Amended Complaint and Demand for Jury Trial [D.E. 56], when Apple states, "Apple has

implemented technological protection measures that . . ." and for each technological protection

measure listed, explain how each protects the access and copying of the work or works that each

measure is protecting.

**Response:**

Apple designs security into the core of its platforms.  Every Apple device combines

hardware, software, and services designed to work together for maximum security.  ██████

███████████████████████████████████████████

██████████████████████████████████████

█████████████

██████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████





Apple expressly reserves all rights to supplement, revise, and/or amend this response. Apple is continuing to investigate the subject matter of this Interrogatory and reserves all rights to supplement this response if it discovers any response, relevant, non-privileged documents or information.

████████████████████████████████████████

**INTERROGATORY NO. 17 (SECOND SET NO. 5):**

In response to Interrogatory No. 5 in Apple's Amended Answers, Apple states that

Corellium ████████████████████████████████████████

████████████████████████████████████████ Explain in detail

how the "product" would be properly licensed so as to not be allegedly infringing and otherwise

violate Apple's exclusive rights.

**Response:**

Apple specifically objects to this Interrogatory because it seeks, at least in part,

information that is protected by attorney-client privilege and/or the work-product doctrine.

Apple further objects to this Interrogatory because it calls, at least in part, for pure legal

conclusions.  Apple will answer with respect to non-privileged information, and will log any

privileged documents upon which it relies appropriately.

Pursuant to 17 U.S.C. § 106, "the owner of copyright . . . has the exclusive rights to do

and authorize any of" a number of acts, including reproduction of the copyrighted work,

preparation of derivative works based on the copyrighted work, distribution of copies of the

copyrighted work, an in the case of pictorial and graphic works, public display of the

copyrighted work.  Accordingly, prior to commercially marketing and distributing the Corellium

Apple Product, Corellium should have sought a license from Apple to reproduce, prepare

derivative works from, distribute, and/or display iOS, iTunes, and the GUI Elements as described

in Apple's First Amended Complaint (ECF No. 56).

The terms of Apple's software license agreements are available at

www.apple.com/legal/sla.  Apple's Guidelines for Using Apple Trademarks and Copyrights are

available at https://www.apple.com/legal/intellectual-property/guidelinesfor3rdparties.html.

7



Apple's form for questions regarding rights and permissions for further use of Apple's copyrighted materials is available at https://www.apple.com/legal/contact/rights-permissions.html.  Pursuant to Federal Rule of Civil Procedure 33(d), Apple identifies that it has produced these licenses and other documentation bearing on Apple's intellectual property terms. They are contained at:

APL-CORELLIUM_00040672; APL-CORELLIUM_00041082; APL-CORELLIUM_00041500;

APL-CORELLIUM_00041736; APL-CORELLIUM_00042142; APL-CORELLIUM_00042563;

APL-CORELLIUM_00043012; APL-CORELLIUM_00043167; APL-CORELLIUM_00043618;

APL-CORELLIUM_00043763; APL-CORELLIUM_00043778; APL-CORELLIUM_00044014;

APL-CORELLIUM_00044020; APL-CORELLIUM_00044037

To discuss any questions regarding Apple's rights or possible licenses for the Corellium Apple Product, Corellium should have contacted Apple's Copyright Team.

Apple expressly reserves all rights to supplement, revise, and/or amend this response. Apple is continuing to investigate the subject matter of this Interrogatory and reserves all rights to supplement this response if it discovers any response, relevant, non-privileged documents or information

**INTERROGATORY NO. 18 (SECOND SET NO. 6):**

Describe each technology that Apple has developed, or is currently developing, that is parallel (or similar) to the Corellium Apple Product.

**Response:**

Apple objects to this Interrogatory because the Court already denied Corellium discovery regarding "Apple's internal development of hypervisor, emulation, simulation, and virtualization hardware and software, including the names, relevant dates for such development projects" and Apple's "virtualization of the iOS operating system." *See* ECF No. 148 ¶ 2 (denying Corellium's motion to compel Interrogatory No. 12); ECF No. 152 ¶ 3 (denying Corellium's motion to compel Request for Production Nos. 20–23). Other discovery related to the same products is therefore inappropriate.

Apple further objects to this Interrogatory because, as drafted, this Interrogatory is not relevant to Apple's claims of direct and contributory infringement or unlawful trafficking as listed in the Complaint, nor is it relevant to Corellium's affirmative defenses or its counterclaims listed in its Answer. Apple's internal technologies that it "has developed, or is currently developing," is not relevant to this litigation and none of the facts alleged in Apple's complaint or in Corellium's affirmative defenses or counterclaims concern Apple's internal development of its technologies.

Apple also objects to this Interrogatory because it calls, at least in part, for disclosing confidential or proprietary information pertaining to Apple's business, trade secrets, and/or economic relationships. This Interrogatory is a blatant attempt by Corellium to attempt to obtain proprietary business information outside the proper scope of discovery, and is an improper use of the discovery mechanisms allowed by the Federal Rules.

Apple will nevertheless respond to this Interrogatory in part (maintaining its objections as to the remainder), and in particular with respect to the technologies identified in Apple's Complaint that are competitive with the Corellium Apple Product, though, for clarity, it is not Apple's position that these technologies are parallel or similar to the Corellium Apple Product.

Apple responds as follows:

Apple sells a service called the Apple Developer Program for $99 a year.  The Apple Developer Program provides third-party developers with access to a range of Apple-created software development tools that allow the creation and testing of iOS apps.  An example is TestFlight, a development tool which allows app developers to publish "beta" versions of their apps to testers, who can then download and test the app for a limited period of time.

Apple also distributes a software product called Xcode that allows app developers to create and test iOS apps.  Among the features of Xcode is one called "Simulator," which gives an app developer the ability to test the app on a "virtual" iOS device.  In addition, Xcode makes it possible to test apps on actual physical Apple devices.  Although Xcode is provided without charge, use of the software requires agreement to specific and detailed terms and conditions of use, including agreement not to use Xcode to "decompile, reverse engineer, disassemble, attempt to derive the source code of, modify, decrypt, or create derivative works of" Apple-created software.

Apple has also announced the "iOS Security Research Device Program," under which Apple will provide custom versions of the iPhone to legitimate security researchers, to allow them to find and report bugs to Apple.

Apple expressly reserves all rights to supplement, revise, and/or amend this response. Apple is continuing to investigate the subject matter of this Interrogatory and reserves all rights

to supplement this response if it discovers any response, relevant, non-privileged documents or

information.

Dated: March 2, 2020                                          Respectfully Submitted,


                                                             *s/ Martin B. Goldberg*

Kathryn Ruemmler*                                            Martin B. Goldberg
*kathryn.ruemmler@lw.com*                                    Florida Bar No. 0827029
Sarang Vijay Damle*                                          *mgoldberg@lashgoldberg.com*
*sy.damle@lw.com*                                            *rdiaz@lashgoldberg.com*
Elana Nightingale Dawson*                                    LASH & GOLDBERG LLP
*elana.nightingaledawson@lw.com*                             100 Southeast Second Street
LATHAM & WATKINS LLP                                         Miami, FL  33131
555 Eleventh Street NW, Suite 1000                           (305) 347-4040 / (305) 347-4050 Fax
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Admitted pro hac vice*


                            *Attorneys for Plaintiff* APPLE INC.

CONFIDENTIAL PER PROTECTIVE ORDER

## **VERIFICATION**

I, Ivan Krstić, an employee and authorized representative for Apple Inc., declare under penalty of perjury under the laws of the United States of America that the responses in Apple Inc.'s Responses and Objections to Corellium, LLC's Second Set of Interrogatories dated March 2, 2020, are true and correct to the best of Apple Inc.'s knowledge.

Executed on March 2, 2020 in Cupertino, CA.

Ivan Krstić
On behalf of Apple Inc.

## CERTIFICATE OF SERVICE

I, Elana Nightingale Dawson, do hereby certify that on March 3, 2020, I caused a copy of

the foregoing Apple Inc.'s Verified Responses and Objections to Corellium LLC's Second Set of

Interrogatories to be served via email upon:

Brett C. Govett
Robert Greeson
Jacqueline G. Baker
NORTON FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
brett.govett@nortonrosefulbright.com
robert.greeson@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

David L. Hecht
Maxim Price
Melody L. McGowin
Minyao Wang
Yi Wen Wu
PIERCE BAINBRIDGE BECK PRICE &
HECHT LLP
277 Park Ave 45th Floor
New York, NY 10172
dhecht@piercebainbridge.com
mprice@piercebainbridge.com
mmcgowin@piercebainbridge.com
mwang@piercebainbridge.com
wwu@piercebainbridge.com

S. Jonathan Vine
Justin B. Levine
Lizza C. Constantine
Michael Alexander Boehringer
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
jonathan.vine@csklegal.com
justin.levine@csklegal.com
lizza.constantine@csklegal.com
michael.boehringer@csklegal.com

Gavin Cunningham Gaukroger
BERGER SINGERMAN LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
ggaukroger@bergersingerman.com

*s/ Elana Nightingale Dawson*
Elana Nightingale Dawson