# Plaintiff Exhibit 94

ATTORNEYS EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
 2
                   Case No. 9:19-cv-81160-RS
 3
 4   APPLE INC.,                    §
                                    §
 5            Plaintiff,            §
                                    §
 6       v.                         §
                                    §
 7   CORELLIUM, LLC,                §
                                    §
 8            Defendant.            §
     _____
 9
            REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
10
                      JAMES OLIVIER, Ph.D.
11
                         April 24, 2020
12   _____
13
     *********************************************************
14              DESIGNATED ATTORNEYS' EYES ONLY
     *********************************************************
15
16
                REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
17   JAMES OLIVIER, Ph.D., located in Dallas, Texas,
     produced as a witness at the instance of the Plaintiff,
18   and duly sworn, taken in the above-styled and numbered
     cause on April 24, 2020, from 10:10 a.m. to 7:23 p.m.,
19   before Joseph D. Hendrick, Certified Shorthand Reporter
     in and for the State of Texas, reported by machine
20   shorthand, pursuant to Notice and the Federal Rules of
     Civil Procedure and any provisions stated on the record
21   or attached hereto.
22
23   Job No. 4082349
24
25
```

Page 1

ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | in -- I guess I still don't understand your question. | 17:34:57 |
| 2 | I'm sorry. | 17:34:59 |
| 3 | BY MR. GROSS: | 17:35:00 |
| 4 | Q. So do you agree that Corellium's | 17:35:00 |
| 5 | identification of "these bugs and reporting of them to | 17:35:03 |
| 6 | Apple benefits society" as you wrote in the first line | 17:35:08 |
| 7 | of Paragraph 76? | 17:35:11 |
| 8 | A. Yes. | 17:35:13 |
| 9 | MR. HECHT: Objection. Document speaks for | 17:35:13 |
| 10 | itself. | 17:35:15 |
| 11 | A. Yes. | 17:35:20 |
| 12 | BY MR. GROSS: | 17:35:20 |
| 13 | Q. Would using the Corellium Apple Product to | 17:35:22 |
| 14 | find and stockpile vulnerabilities instead of reporting | 17:35:25 |
| 15 | them to Apple, would that, according to you, benefit | 17:35:30 |
| 16 | society? | 17:35:33 |
| 17 | MR. HECHT: Objection. Incomplete | 17:35:34 |
| 18 | hypothetical. Argumentative. | 17:35:35 |
| 19 | A. It could or it couldn't as we discussed at | 17:35:38 |
| 20 | length earlier how research is applied can be sometimes | 17:35:42 |
| 21 | beneficial, sometimes not. | 17:35:49 |
| 22 | BY MR. GROSS: | 17:35:50 |
| 23 | Q. Would using the Corellium Apple Product to | 17:35:51 |
| 24 | find exploits in iOS and sell them to the highest | 17:35:55 |
| 25 | bidder, would that benefit society in your opinion? | 17:35:58 |

```
 1              MR. HECHT:  Object -- objection, lacks      17:36:01
 2   foundation.  Assumes facts.  Incomplete hypothetical.  17:36:03
 3         A.    I think it would probably come down to who 17:36:11
 4   was the highest bidder and what were their intentions  17:36:14
 5   with it.                                               17:36:17
 6   BY MR. GROSS:                                          17:36:18
 7         Q.    It all depends, right?                     17:36:22
 8         A.    It all has to be in context.               17:36:23
 9               MR. HECHT:  Objection to form.             17:36:25
10   BY MR. GROSS:                                          17:36:39
11         Q.    All right.  In Paragraph 80, you elaborate 17:36:39
12   on why in your opinion Corellium's use of iOS code is  17:36:48
13   fair use, right?                                       17:36:52
14         A.    Yes, why it is transformative.             17:36:57
15         Q.    And you say in the second sentence that    17:36:59
16   "The nature of Apple's alleged copyrighted iOS ▮▮▮     17:37:06
17   ▮▮▮▮▮▮▮▮▮▮▮▮▮," right?                                 17:37:14
18         A.    Yes.                                       17:37:16
19         Q.    What is -- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮              17:37:16
20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                       17:37:18
21         A.    So --                                      17:37:25
22               MR. HECHT:  Objection.  Vague.             17:37:27
23         A.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮              17:37:29
24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                       17:37:35
25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                  17:37:39
```

Page 246

| | | |
|---|---|---|
| 1 | ███████████████████████████. | 17:37:43 |
| 2 | BY MR. GROSS: | 17:37:43 |
| 3 | Q.   Any other way in which -- | 17:37:43 |
| 4 | A.   So the nature of the code has changed from | 17:37:52 |
| 5 | being something restricted to a particular piece of | 17:37:54 |
| 6 | hardware to something that's now virtualized and can | 17:37:58 |
| 7 | get all the benefits of virtualization. | 17:38:01 |
| 8 | Q.   And that would be the case in any | 17:38:06 |
| 9 | virtualization platform, the code would be changed to | 17:38:10 |
| 10 | run -- changed from running on hardware to running on | 17:38:13 |
| 11 | software, right? | 17:38:16 |
| 12 | MR. HECHT: Objection, assumes facts. | 17:38:18 |
| 13 | A.   That's one way that the nature of the code | 17:38:20 |
| 14 | has been changed. | 17:38:24 |
| 15 | BY MR. GROSS: | 17:38:26 |
| 16 | Q.   So in your view, is any virtualization that | 17:38:27 |
| 17 | allows software that's previously designed to be run on | 17:38:33 |
| 18 | hardware to instead be run on software a transformative | 17:38:37 |
| 19 | fair use? | 17:38:42 |
| 20 | MR. HECHT: Objection. Incomplete | 17:38:44 |
| 21 | hypothetical. Compound. Calls for speculation. | 17:38:45 |
| 22 | A.   I think it depends on that particular | 17:38:48 |
| 23 | instant and facts that we're talking about. | 17:39:07 |
| 24 | BY MR. GROSS: | 17:39:02 |
| 25 | Q.   How so? | 17:39:02 |

Page 247

```
 1    for, related to, nor employed by any of the parties or
 2    attorneys in the action in which this proceeding was
 3    taken;
 4              Further, I am not a relative or employee of
 5    any attorney of record, nor am I financially or
 6    otherwise interested in the outcome of the action.
 7              Subscribed and sworn to on this date:
 8    April 28, 2020.
 9
10
11
12
13
14
15              [signature: Joseph D. Hendrick]
16
                Joseph D. Hendrick, CSR #947
17              Expiration Date: 04/30/2021
                Notary Comm. Exp. 01/13/23
18              Veritext Legal Solutions
                Firm Registration No. 571
19              300 Throckmorton Street, Ste. 1600
                Fort Worth, TX  76102
20              Telephone (800) 336-4000
21
22
23
24
25
```