**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                    Plaintiff,

    v.

CORELLIUM, LLC,

                 Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO CORELLIUM'S MEMORANDUM TO**
**SEAL PORTIONS OF THE COURT'S ORDER D.E. 380**

## I.      INTRODUCTION

Litigation is a presumptively public process.  The records of the Court are, and must be, open to all.  Yet Corellium asks the Court to disregard this principle and ███████████████ ██████████████████████████████████████████████████████ locked away from public view.  And it does so without good cause, and in an overbroad and indiscriminate way. Apple recognizes that there are instances where the right of public access yields to other concerns. But Corellium seeks far more than that; █████████████████████████████████████ ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████

## II.     BACKGROUND

On May 18, 2020, Corellium filed a memorandum explaining why it believes portions of the Court's sealed Discovery Order of April 27, 2020 ("Discovery Order"), ECF No. 380, should

---

[1] Indeed, over the past month, the issue of sealing has become even more extreme, █████████ ██████████████████████████████████████████████████████

remain under seal. ECF No. 485.[2] Corellium attached the Discovery Order to its memorandum, in which it identified the specific material Corellium believes should remain under seal. ECF No. 485-1. ████████████████████████████████████████ ████████████████

██████████████████████ ECF No. 496 at 3. ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████.

## III. THE PUBLIC HAS A RIGHT TO ACCESS THE INFORMATION CONTAINED IN THE COURT'S DISCOVERY ORDER

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). It is thus well established that there is a common law right of access to public records in civil actions. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). That is why "the Court's general policy is that court filings are matters of public record." *Noveshen v. Bridgewater Assocs., LP*, No. 13-61535-CIV, 2016 WL 1579264, at *1 (S.D. Fla. Apr. 19, 2016) (citing S.D. Fla. L.R. 5.4(a)). In fact, "[t]he right of access creates a rebuttable presumption in favor of openness of court records." *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019). That presumption attaches not only to a litigant's filings, but also to a court's decisions, including the Court's Discovery Order here. *Id.* at 1258 ("A court's decisions are adjudications— direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing."); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Here, the public has a right not only to access this Court's order but also to learn the specific material that Corellium wants to keep shielded. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[2] The citations to Corellium's filings herein are to the redacted/public versions of Corellium's filings. Internal quotations, original alterations, and citations omitted unless otherwise stated.



).

These redactions ███████████████████████████

███████████████████████████████████

████████████████████████████ The public has a

right to this information, particularly in such a high-profile case where Corellium actively courts

the press[3] and its attorneys give comments to the media,[4] ████████████████████████

████████████████

## IV.     THERE IS NO "GOOD CAUSE" FOR KEEPING MOST MATERIAL SEALED

████████████████████████████████████ "burden

to illustrate the need for" the material "to remain confidential."  *Chiron Recovery Ctr., LLC v.*

*AmeriHealth HMO of New Jersey, Inc.*, No. 9:16-CV-82043, 2018 WL 8582983, at *1 (S.D. Fla.

---

[3] *See, e.g.*, Amanda Gorton, *A Statement from Amanda Gorton, CEO of Corellium, Regarding Apple Lawsuit*, Corellium (Nov. 7, 2019), https://corellium.com/statement; Amanda Gorton, *A Statement from Amanda Gorton, CEO of Corellium, Regarding Apple DMCA Filing*, Corellium (Dec. 29, 2019), https://corellium.com/statement-dmca.

[4] Corellium's counsel continues to give statements to the press commenting on the case, including as recently as May 27, 2020.  *See, e.g.*, Jasmin Boyce, *Apple Fights Rival's Early Win Bid In iOS IP Row*, Law360 (May 27, 2020), https://www.law360.com/ip/articles/1277272/apple-fights-rival-s-early-win-bid-in-ios-ip-row.

[5] ███████████████████████████████████

Jan. 5, 2018). ███████████████████████████ "good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The existence of "good cause" is "decided by the nature and character of the information in question," including (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing the documents." *Id.*; *see also Chiron Recovery*, 2018 WL 8582983, at *1–2. Each of these factors weighs in favor of unsealing the majority of the Discovery Order.

██████████████████████████████████ "good cause" for the widespread sealing sought by Corellium's brief. To the contrary, large portions of the requested sealing ████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████ ███████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████ ████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████
█████████████████████████████████████████████
████████████████████████████████████████████████

---

[6] *See* ECF Nos. 401 at 4–5, 405 at 5, 405-3, 405-4, 405-5, 405-6, 404-7, and 405-8.

[7] The authorities Corellium cites are inapposite. For example, *United States Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 763 (1989), involves a Freedom of Information Act request for a criminal rap-sheet; it is irrelevant to the public's right of access to court records. Similarly, *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 694 (S.D. Fla. 2011), says nothing about the public's right to access a court's orders; the cited passage instead addresses an individual's lack of standing to assert the privacy rights of others.

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

████ Accordingly, this factor weighs in favor of access.

The remaining factors likewise weigh in favor of access. ████████████████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████

## V.    CONCLUSION

████████████████████████████████████████ demonstrate good cause to overcome the public's right to access the Discovery Order.  Apple thus respectfully requests that ████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████

Dated: June 1, 2020

Respectfully Submitted,

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.