**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                        Plaintiff,

    v.

CORELLIUM, LLC,

                      Defendant.

**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION**
**TO EXCLUDE CERTAIN OPINIONS AND CORRESPONDING TESTIMONY**
**OF CORELLIUM'S EXPERT JAMES OLIVIER**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT.........................................................................................................1

    A.   Dr. Olivier's Opinion Regarding Corellium's Use of Apple's
        IPSW Files Is Not Based on Sufficient Facts or Data or Any
        Reliable Principles or Methods....................................................................1

    B.   Dr. Olivier's Understanding of Corellium's Use of Apple's IPSW
        Files Is Derived Solely from His Discussions with Mr. Wade....................4

    C.   The Court Should Disregard Corellium's Baseless and Irrelevant
        Allegation Regarding Citations to Dr. Olivier's Testimony........................6

III. CONCLUSION......................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*,
   No. 15-CV-06314-YGR, 2018 WL 3707283 (N.D. Cal. Aug. 3, 2018)....................................5

*Allison v. McGhan Med. Corp.*,
   184 F.3d 1300 (11th Cir. 1999) ...............................................................................................6

*Disler v. Royal Caribbean Cruise Ltd.*,
   No. 17-CV-23874, 2019 WL 5260249 (S.D. Fla. July 10, 2019)..............................................3

*Eldridge v. Pet Supermarket, Inc.*,
   No. 18-22531-CIV, 2020 WL 1076103 (S.D. Fla. Mar. 6, 2020) .............................................5

*Jetport, Inc. v. Landmark Aviation Miami, LLC*,
   No. 1:16-CV-23303-UU, 2017 WL 7734095 (S.D. Fla. July 19, 2017) ...................................4

*Noon v. Carnival Corp.*,
   No. 18-23181-CIV, 2019 WL 5784689 (S.D. Fla. Nov. 6, 2019) ........................................3, 4

*Strauss v. CBE Grp., Inc*,
   No. 15-62026-CIV, 2016 WL 2641965 (S.D. Fla. Mar. 23, 2016) ..........................................5

*Umana-Fowler v. NCL (Bahamas) Ltd.*,
   49 F. Supp. 3d 1120 (S.D. Fla. 2014) ......................................................................................3

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ............................................................................................4, 5

*Wreal, LLC v. Amazon.com, Inc.*,
   No. 14-21385-CIV, 2016 WL 8793317 (S.D. Fla. Jan. 7, 2016).............................................4

### RULES

Fed. R. Evid. 702 ............................................................................................................................4

### OTHER AUTHORITIES

29 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,*
   *Federal Rules of Evidence* § 6268 (2d ed.)..............................................................................3

**INDEX OF CITED DOCKET ENTRIES**

| Document | ECF No. (public) | ECF No. (sealed) |
|---|---|---|
| Order Denying Defendant Corellium's Motion to Compel Plaintiff Apple to Produce Purportedly Privilged Documents [DEs 344, 349] | 381 | N/A |
| Plaintiff Apple Inc.'s Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier | 449 | 465 |
| Exhibit A to Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier | 449-2 | 465-1 |
| Exhibit B to Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier | 449-3 | 465-2 |
| Exhibit C to Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier | 449-4 | 465-3 |
| Exhibit D to Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier | 449-5 | 465-4 |
| Defendant Corellium, LLC's Opposition to Plaintiff's Motion to Exclude Certain Opinions and Corresponding Testimony of James Olivier | 514 | N/A |

## I.     INTRODUCTION

The reason Apple has asked the Court to exclude Dr. Olivier's opinions on the specific topic of ███████████████████████████████████████████████████ ██████████████████████████████████, is simple: there is no factual basis in the record for these opinions, nor are they the product of any reliable principles or methods.  Dr. Olivier admitted at his deposition that he relied *exclusively* on his conversations with Corellium's CTO Chris Wade for the "facts" underlying his opinion on ██████████████████████████████████ ███, but when Mr. Wade was asked about those same facts, he testified unequivocally that he has *no knowledge* of ██████████████████████████████████████████ ██████████████████████████████.  It is squarely within the Court's gatekeeping authority under *Daubert* to prevent Corellium from having its computer scientist expert witness testify at trial about opinions that lack any discernible factual or scientific basis.  Such "expert" testimony, untethered to the facts, would not help the jury and would serve only to confuse or mislead them.

In its opposition, Corellium fails to address this central issue, and instead deflects by attacking arguments Apple did not make.  But in doing so, Corellium effectively concedes the operative facts: (1) Dr. Olivier's understanding of ████████████████████████████ ████████ was informed solely by his conversations with Mr. Wade, *see* ECF No. 465-1 (Olivier Rpt.) ¶ 90; ECF No. 465-3 (Olivier Tr.) at 69:2–70:15, 194:2–7, 194:23–195:12, 263:14–264:13; and (2) Mr. Wade unequivocally testified that he does not know ████████████████████ █████████████████████████████████.  *See* ECF No. 465-4 (Wade Tr.) at 234:24–236:22, 244:11–18.  Dr. Olivier's opinions on these topics are not sufficiently reliable, would not help the trier of fact understand the evidence or determine any disputed fact, and should be excluded.

## II.    ARGUMENT

### A.     Dr. Olivier's Opinion Regarding Corellium's Use of Apple's IPSW Files Is Not Based on Sufficient Facts or Data or Any Reliable Principles or Methods

First, Corellium argues that Dr. Olivier's opinions regarding IPSW files are admissible because "Mr. Wade's testimony is completely consistent" with Dr. Olivier's opinions.  ECF No. 514 (Opp.) at 4.  Corellium misses the point.  The problem is not whether Corellium's witnesses testified consistently, but whether Mr. Wade actually knows the facts Dr. Olivier purported to rely upon in the first place—that is, whether he knows ██████████████████ ██████████████████████████████████████████████████████.  As to that question, Mr. Wade's deposition testimony is clear—he repeatedly professed to have *no*

*knowledge at all* about this topic, meaning there is no factual basis for Dr. Olivier's related opinions. *See* ECF No. 465 (Mot.) at 3–5. Corellium essentially concedes this. In fact, the only testimony from Mr. Wade that Corellium relies on is about an entirely different topic: ███████ ████████████████████████████████████████████████████████. Ex. A at 191:12–193:6 ("████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████"). This has nothing to do with ████████████████████████████████████████████████████████████████████ ███████████████████████████. Mr. Wade repeatedly testified that he has no knowledge of ████ ████████████████████████████████████████████████████████. ECF No. 465 at 3–5 (discussing Mr. Wade's admissions that ████████████████████████████████████████ ███████████████████████████████████, that he did not have any knowledge of ████████████████████████████████████, and that he did not know ██████████ ████████████████████████████████████████████████████████████).

Second, even though Mr. Wade admitted he has no knowledge of ████████████ ███████████████████████, Corellium makes the perplexing argument that Apple should have asked him about the extent to which Corellium uses specific components of the IPSW—namely, encrypted files and the "update disk image." ECF No. 514 at 3–4. But even a cursory examination of Mr. Wade's testimony confirms that Mr. Wade had no knowledge about ████████████████████████████████████████. For example, Mr. Wade was directly asked: ████████████████████████████████████████████████████ ████████████████████████████ ECF No. 465-4 at 244:11–13. Mr. Wade professed ignorance on the topic and deflected: ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████ *Id.* at 244:15–18. While Mr. Wade testified that ███████████ ████████████████████████████, he immediately qualified that he does not know ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████ *Id.* at 234:24–236:22. Mr. Wade could not have been clearer: he does not have the facts to reliably establish ████████████ ████████████████████████████████████████████████████████

█████. Dr. Olivier's exclusive reliance on Mr. Wade for these facts is inherently unreliable and does not pass muster under *Daubert*. *See Disler v. Royal Caribbean Cruise Ltd.*, No. 17-CV-23874, 2019 WL 5260249, at \*10 (S.D. Fla. July 10, 2019) (recommending exclusion of expert opinion based solely on undisclosed "internal data").

Third, Corellium now states that "Dr. Olivier does not intend to offer opinion testimony on the actual amount or substantiality of the portions [of the IPSW file] that Corellium allegedly used in relation to the copyright[ed] work[s]" and "has confirmed this under oath." ECF No. 514 at 5. But these are *exactly* the types of opinions he disclosed in his expert reports, *see, e.g.*, ECF No. 465-1 (Olivier Rpt.) ¶ 90 (addressing the "amount and substantiality of the portion used"); *see also* ECF No. 465-2 (Olivier Rebuttal Rpt.) §§ 10.1–10.12, (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████), and thus he and Corellium presumably have been preparing to have him testify about them at trial. In suddenly retreating from this plan in its opposition, Corellium implicitly concedes that Dr. Olivier's testimony and opinions regarding the "amount and substantiality" of iOS used by Corellium are not helpful and should be excluded. At the very least, Corellium has waived any argument to the contrary. Moreover, Dr. Olivier's opinions and testimony regarding ███████ ████████████████████████████████████ are similarly unhelpful because they are untethered to any facts and the jury is likely to give such "expert" opinion undue weight. *See Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1124 (S.D. Fla. 2014) (expert opinion untethered to the case "is not helpful and the risk is too great that the trier of fact will be confused or place undue weight on such an opinion"); *Noon v. Carnival Corp.*, No. 18-23181-CIV, 2019 WL 5784689, at \*5 (S.D. Fla. Nov. 6, 2019) ("If an expert opinion does not have a valid scientific connection to the pertinent inquiry it should be excluded because there is no fit.") (internal quotations omitted).

In sum, Dr. Olivier's opinions regarding ████████████████████████ ████████████████████████ should be excluded because he has not "considered enough information to make the proffered opinion reliable." 29 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure, Federal Rules of Evidence* § 6268 (2d ed.). Just as a damages expert "must know the actual numbers before her opinions about those numbers are admissible," a technical expert must know how the actual technology works—based on facts—

before his opinions about the same are admissible.  *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2016 WL 8793317, at *10 (S.D. Fla. Jan. 7, 2016) (internal quotation omitted).

      **B.**      **Dr. Olivier's Understanding of Corellium's Use of Apple's IPSW Files Is Derived Solely from His Discussions with Mr. Wade**

Corellium also argues that Dr. Olivier relied on other information besides his conversations with Mr. Wade to form the basis for his opinions about Corellium's use of Apple's IPSW files. This is unpersuasive and unsupported by the record.

First, Corellium argues that Dr. Olivier reviewed Corellium's source code as a basis for his separate opinion that the Corellium Apple Product does not support any version of iOS prior to iOS 10.3.  ECF No. 514 at 6.  Once again, this is irrelevant.  Dr. Olivier's opinion about which *versions of iOS* are not supported by the Corellium Apple Product has nothing to do with the unsupported opinions that are the subject of this *Daubert* motion: Dr. Olivier's opinions about ███ ████████████████████████████████████████████████ ████████████████████████████████.  Dr. Olivier was perfectly clear that he reviewed no source code or any other technical materials on this point, and simply relied on his conversations with Mr. Wade.  *See* ECF No. 465-3 at 194:18–195:12 ("Q. Okay.  You never checked yourself though by looking at the code or other technical materials?  A. No, I did not.").

Second, Corellium argues that Dr. Olivier relies on his own familiarity with virtualization systems in general.  ECF No. 514 at 6–7.  But experience alone is not "a sufficient foundation rendering reliable *any* conceivable opinion the expert may express"—and Dr. Olivier's general experience certainly does not tell him anything about ████████████████████████████ ██████████████████ in this specific case.  *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).  If an expert witness relies "solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."  *Id.* (quoting the Committee Note to the 2000 Amendments of Fed. R. Evid. 702).  Neither Corellium nor Dr. Olivier explains how his experience in the field of software or with virtual machines generally would lead him to his conclusions about the specific Corellium Apple Product at issue here and ████████████████████████████████████████.  *See Noon*, 2019 WL 5784689, at *6 (excluding expert testimony because he "never explains how his experience led him to [his] conclusion" with respect to the facts of the case); *Jetport, Inc. v. Landmark Aviation Miami, LLC*, No. 1:16-CV-23303-UU, 2017 WL 7734095, at *10 (S.D. Fla. July 19, 2017)

("Muhler does not explain why his experience . . . leads him to conclude that Southwest was at fault for the collision. Instead, he asks the Court to simply 'take his word for it,' without setting forth any methodology or, alternatively, showing how his experience leads him to his conclusions, why his experience is enough to serve as the basis for his opinions, and how his experience can reliably be applied to the facts.").

Unlike the cases Corellium cites,[1] Dr. Olivier ███████████████ ████████ as the basis for his understanding about the portions of iOS used by the Corellium Apple Product. *See* ECF No. 465-1 ¶ 90 nn.48–49 (████████████████████████ ████████████████████████); ECF No. 465-3 at 193:13–195:12 (Q. ██████████ was your exclusive source of that information? . . . A. Yes, that's why I cited it here."), ECF No. 465-2 ¶ 8 (incorporating information reviewed from opening report into rebuttal report). There is no other corroborating evidence or explanation in the record to support his opinions. Dr. Olivier's general experience and expertise cannot transform his unsupported opinions into admissible testimony. *See Frazier*, 387 F.3d at 1261 ("If admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong.").

Third, Corellium offers a speculative theory—unsupported by any probative evidence— that other Corellium engineers *might* have been on the calls between Dr. Olivier and Mr. Wade, suggesting that perhaps Dr. Olivier relied on something more than his talks with Mr. Wade for the relevant facts, and simply forgot. ECF No. 514 at 7. Tellingly, Corellium never actually claims there *was* anyone else besides Mr. Wade on the calls who could have provided the facts, *id.*, and when Dr. Olivier was specifically asked "*who else*, if anyone, joined" his "phone calls with Mr. Wade," he identified only the "[a]ttorneys from the two law firms that are involved in this case,"

---

[1] Two of the three cases cited by Corellium discuss additional corroborating evidence relied upon by the expert, and the third is an out-of-circuit case addressing an expert applying the wrong legal standard, not a lack of sufficient facts or data. *Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-CIV, 2020 WL 1076103, at *6 (S.D. Fla. Mar. 6, 2020) ("[T]here is other corroborating evidence in the record that the materials relied upon is how the systems actually operated."); *Strauss v. CBE Grp., Inc*, No. 15-62026-CIV, 2016 WL 2641965, at *3 (S.D. Fla. Mar. 23, 2016) (noting expert reviewed numerous other evidence and had experience with the specific technology at issue in the case); *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-06314-YGR, 2018 WL 3707283, at *8–9 (N.D. Cal. Aug. 3, 2018) (addressing allegation that expert testimony "is premised upon the wrong legal standard").

ECF No. 465-3 at 34:17–20 (emphasis added).  Even if Corellium's unsupported intimation that others were on the calls with Dr. Olivier were true, it is Corellium's burden, not Apple's, to lay a reliable foundation for Dr. Olivier's testimony, and it has failed to do so.  *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999) ("The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence.").  But perhaps more importantly, the record does not support Corellium's theory in the slightest.  In his expert reports and sworn testimony, ███ ███████████████████████████████████████████.  ECF No. 465 at 6–7.  Had Dr. Olivier relied on anyone or anything else for the facts underlying his opinions, the time to disclose the source of those facts was when he served his two expert reports.  He did not do so.  Indeed, Dr. Olivier repeatedly testified that, unless the information he relied on was referred to in his reports, he did not rely on it in preparing his opinions.  *See* ECF No. 465-3 at 195:8–12; Ex. B at 83:24–84:20, 93:6–13, 274:7–16, 276:21–24.  The testimony Corellium points to in its opposition, ECF No. 514 at 7, emphasizes Dr. Olivier's reliance on ███████████ as the source of his information, as Dr. Olivier specifically stated that he could not "recall one way or another" if any other Corellium personnel were on any of his calls with ████████.  ECF No. 465-3 at 33:18–34:16.  After serving two expert reports and presenting Dr. Olivier for deposition in which he made clear that Mr. Wade was his only source for the facts at issue, Corellium should not now be heard to argue that Dr. Olivier's purported *lack* of memory about other possible participants in calls with Mr. Wade somehow establishes some new (but still undisclosed) factual basis for his opinions.

**C.  The Court Should Disregard Corellium's Baseless and Irrelevant Allegation Regarding Citations to Dr. Olivier's Testimony**

Finally, Corellium alleges that "Apple mischaracterizes testimony and intentionally omits critical portions" of Dr. Olivier's testimony regarding the information he relied upon.  ECF No. 514 at 2.  This is wrong, and Dr. Olivier's testimony speaks for itself.  Corellium continues its unfortunate pattern of baselessly attacking the professional conduct of counsel without any evidence.  *See, e.g.*, ECF No. 381 at 7–8 ("Absent probative direct or circumstantial evidence supporting claims that opposing counsel are improperly withholding documents or engaging in other discovery misconduct, the Court will not rely on counsel's suspicions.").  Corellium offers no evidence to support its inflammatory allegation, and a review of the record easily demonstrates no such mischaracterization.

Corellium attacks a straw man by cherry-picking seven of fourteen deposition excerpts

6

Apple cited in the background section of its motion, which support the general proposition that "Dr. Olivier testified repeatedly that ███████████████████████████████ ████████████████████████████." ECF No. 514 at 5; ECF No. 465 at 2. Corellium argues these seven citations are "misleading" because they are somehow not "technical" topics[2] nor "concern topics on which Apple has presented any testimony suggesting that Mr. Wade did not know." ECF No. 514 at 5. As an initial matter, Corellium does not dispute the proposition in the sentence—that Dr. Olivier ███████████████████████████████████. Moreover, Corellium's misguided attack on a general background characterization of Dr. Olivier's testimony utterly fails to engage with Apple's actual argument that Dr. Olivier relied on Mr. Wade as the sole source of his understanding of ██████████████████████████████████████— making this point of no consequence at all. Notably, Corellium does not dispute Apple's characterization of any of the operative testimony from Dr. Olivier in Apple's motion. Nor can it, because the testimony is clear on its face: Dr. Olivier relied solely on Mr. Wade for the basis of his understanding ████████████████████████████. *See* ECF No. 465 at 2–3 (citing ECF No. 465-3 at 194:2–7, 194:23–195:12, 263:14–264:13).

In attacking Apple, Corellium itself mischaracterizes Dr. Olivier's testimony by stating, "Dr. Olivier also relied on his 'understanding how [] iOS [is] encrypted' in determining that the statement in Corellium's marketing material was incorrect." ECF No. 514 at 5–6. But by that point in the deposition, Dr. Olivier had firmly established that ██████████████████████████ ████████████████████████████. ECF No. 465-3 at 193:13–20 ("████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████"), 263:23–264:13 ("Q. And you – ████████████ ████████████████████████████████, right? A. Correct. Q. And you cite your conversations with ████████ for those facts, right? A. Correct. Q. And you didn't look at any source code yourself to confirm those statements, did you? A. I did not. [Objection omitted.] Q. You trusted ████████ was giving you accurate and complete information, right? A. Yes. Q. But you didn't

---

[2] In any case, Corellium is wrong that its selected excerpts are somehow not "technical"—each one reflects the expressed opinions of Corellium's technical expert, Dr. Olivier, and his reliance on Corellium's Chief Technical Officer, Mr. Wade.

independently verify that?  A. Correct.").

### III.    CONCLUSION

For the foregoing reasons and the reasons put forth in its motion, Apple respectfully requests that the Court exclude the opinions and corresponding testimony of Corellium's expert Dr. Olivier that are based solely on his conversations with Mr. Wade, and bar him from testifying at trial regarding ██████████████████████████████████████████████████ ████████, including by precluding him from offering the sort of opinion testimony disclosed in his opening report, ECF No. 465-1 ¶ 90, and in his rebuttal report, ECF No. 465-2 §§ 10.1–10.12.

Dated: June 2, 2020

Respectfully Submitted,

*s/ Martin B. Goldberg*

Michele D. Johnson\*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle\*
*sy.damle@lw.com*
Elana Nightingale Dawson\*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass\*
*andrew.gass@lw.com*
Joseph R. Wetzel\*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina\*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross\*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

\*Admitted pro hac vice

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

9