# EXHIBIT B

ATTORNEYS EYES ONLY

```
1                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
2
                    Case No. 9:19-cv-81160-RS
3
4    APPLE INC.,                   §
                                   §
5              Plaintiff,          §
                                   §
6         v.                       §
                                   §
7    CORELLIUM, LLC,               §
                                   §
8              Defendant.          §
     _____
9
             REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
10
                      JAMES OLIVIER, Ph.D.
11
                         April 24, 2020
12   _____
13
     **********************************************************
14              DESIGNATED ATTORNEYS' EYES ONLY
     **********************************************************
15
16
                REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
17   JAMES OLIVIER, Ph.D., located in Dallas, Texas,
     produced as a witness at the instance of the Plaintiff,
18   and duly sworn, taken in the above-styled and numbered
     cause on April 24, 2020, from 10:10 a.m. to 7:23 p.m.,
19   before Joseph D. Hendrick, Certified Shorthand Reporter
     in and for the State of Texas, reported by machine
20   shorthand, pursuant to Notice and the Federal Rules of
     Civil Procedure and any provisions stated on the record
21   or attached hereto.
22
23   Job No. 4082349
24
25
```

Page 1

ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | A.  No, that was it. | 12:05:33 |
| 2 | Q.  Did you review the original complaint filed | 12:05:37 |
| 3 | in this case? | 12:05:42 |
| 4 | A.  Yeah, I think I did.  Yes, I believe so. | 12:05:47 |
| 5 | Q.  I noticed that on your list of documents | 12:05:57 |
| 6 | reviewed, Attachment B to your report, you mentioned | 12:06:00 |
| 7 | that you had reviewed Apple's first amended complaint. | 12:06:03 |
| 8 | It's the -- it's the second bullet.  Do you see that? | 12:06:05 |
| 9 | A.  Yes, so I reviewed Apple's first amended | 12:06:08 |
| 10 | complaint. | 12:06:10 |
| 11 | Q.  Do you know if you also reviewed the | 12:06:11 |
| 12 | original complaint? | 12:06:12 |
| 13 | A.  I may or may not have.  I -- I may have had | 12:06:17 |
| 14 | it sent to me and just glanced over it. | 12:06:21 |
| 15 | Q.  Can't recall as you sit here today, though? | 12:06:25 |
| 16 | A.  Correct. | 12:06:27 |
| 17 | Q.  And you didn't list it among the things you | 12:06:30 |
| 18 | reviewed, right? | 12:06:33 |
| 19 | A.  Correct. | 12:06:33 |
| 20 | Q.  And you did review, I think you mentioned, | 12:06:38 |
| 21 | Corellium's answer to the first amended complaint, | 12:06:41 |
| 22 | right? | 12:06:44 |
| 23 | A.  Correct. | 12:06:44 |
| 24 | Q.  All right.  And now are there any other | 12:06:46 |
| 25 | documents you reviewed in preparing your first report | 12:06:50 |

Page 83

ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | that are not listed in Attachment B or otherwise | 12:06:53 |
| 2 | mentioned in the text of the report? | 12:06:58 |
| 3 |     A.    I don't believe so. | 12:07:01 |
| 4 |     Q.    So you didn't then review any documents | 12:07:07 |
| 5 | that Apple had produced in discovery in this case, did | 12:07:09 |
| 6 | you? | 12:07:12 |
| 7 |     A.    Not at this time, no. | 12:07:13 |
| 8 |     Q.    And you also didn't review documents that | 12:07:17 |
| 9 | Corellium had produced to Apple in this case in | 12:07:20 |
| 10 | preparing your first report, did you? | 12:07:23 |
| 11 |     A.    Unless they are cited in here. | 12:07:25 |
| 12 |     Q.    And if they're not, then you wouldn't have | 12:07:41 |
| 13 | reviewed them, right? | 12:07:41 |
| 14 |     A.    Correct. | 12:07:42 |
| 15 |     Q.    And let me ask you the same question about | 12:07:43 |
| 16 | documents that were produced in discovery by third | 12:07:45 |
| 17 | parties, not Apple or Corellium, but third parties in | 12:07:47 |
| 18 | connection with this litigation.  You didn't review any | 12:07:50 |
| 19 | such documents in preparing your first report, did you? | 12:07:52 |
| 20 |     A.    No. | 12:07:56 |
| 21 |     MR. HECHT:  Objection, vague. | 12:07:56 |
| 22 | BY MR. GROSS: | 12:08:01 |
| 23 |     Q.    Now, you've read the expert reports that | 12:08:02 |
| 24 | Apple's expert witness, Jason Nieh has prepared, right? | 12:08:04 |
| 25 |     A.    Yes. | 12:08:10 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Q.    All right.  Any other marketing materials | 12:20:35 |
| 2 | that you may have reviewed in preparing Exhibit 1 that | 12:20:37 |
| 3 | are not cited on Attachment B or anywhere in the | 12:20:42 |
| 4 | report? | 12:20:48 |
| 5 | A.    Nothing jumps to mind. | 12:20:54 |
| 6 | Q.    And you didn't review any presentations | 12:21:01 |
| 7 | Corellium people had given at conferences in preparing | 12:21:04 |
| 8 | your report that is Exhibit 1, right? | 12:21:08 |
| 9 | A.    I didn't rely on any of them, I don't | 12:21:11 |
| 10 | think, unless they were cited. | 12:21:14 |
| 11 | Q.    All right.  And if not cited in the report, | 12:21:17 |
| 12 | then you didn't rely on them, right? | 12:21:21 |
| 13 | A.    Correct. | 12:21:23 |
| 14 | Q.    And you didn't review any Corellium | 12:21:24 |
| 15 | invoices in preparing the opinions that are in | 12:21:27 |
| 16 | Exhibit 1, right? | 12:21:31 |
| 17 | A.    Correct. | 12:21:32 |
| 18 | Q.    You didn't review any of Corellium's | 12:21:35 |
| 19 | technical manuals in preparing the opinions that are in | 12:21:38 |
| 20 | Exhibit 1, right? | 12:21:41 |
| 21 | MR. HECHT:  Objection to form. | 12:21:43 |
| 22 | A.    I don't believe so. | 12:21:56 |
| 23 | BY MR. GROSS: | 12:21:56 |
| 24 | Q.    ████████████████████████████████ | 12:21:56 |
| 25 | ████████████████████████████████ | 12:21:59 |

Page 93

| | | |
|---|---|---|
| 1 | Q.    Okay. | 18:29:12 |
| 2 | A.    81.  So, is PDF 81 page 78 you are talking | 18:29:35 |
| 3 | about? | 18:29:43 |
| 4 | Q.    Correct.  Correct.  Do you have that one in | 18:29:43 |
| 5 | front of you? | 18:29:45 |
| 6 | A.    Yeah, I've got it in front of me. | 18:29:46 |
| 7 | Q.    All right.  This is a list you prepared of | 18:29:47 |
| 8 | documents you reviewed in preparing your rebuttal | 18:29:51 |
| 9 | report, right? | 18:29:56 |
| 10 | A.    So yes, this is a list of documents I | 18:29:56 |
| 11 | reviewed in -- not inclusive of the ones that I cite in | 18:29:58 |
| 12 | my report. | 18:30:05 |
| 13 | Q.    Okay.  And this list plus the documents | 18:30:06 |
| 14 | that are cited in the report is the complete list of | 18:30:08 |
| 15 | materials you reviewed in preparing this report? | 18:30:11 |
| 16 | A.    Yes. | 18:30:13 |
| 17 | Q.    On Attachment 1 here it looks like this | 18:30:13 |
| 18 | long list of Bates numbers were all documents produced | 18:30:18 |
| 19 | by Apple in discovery in this litigation; is that your | 18:30:22 |
| 20 | understanding, too? | 18:30:25 |
| 21 | A.    Yes. | 18:30:26 |
| 22 | Q.    And then you wrote beneath that list, | 18:30:29 |
| 23 | "Documents and files Apple submitted to the USPTO for | 18:30:31 |
| 24 | Apple copyrights cited above." | 18:30:35 |
| 25 | Do you see that, sir? | 18:30:41 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | graphics files that they sometimes included, and so -- | 18:31:58 |
| 2 | Q. Okay. | 18:32:03 |
| 3 | A. -- that was also made available to me. | 18:32:04 |
| 4 | Q. Okay. So I think probably USPTO is just a | 18:32:06 |
| 5 | typo and you meant to refer to the copyright office? | 18:32:10 |
| 6 | A. Yes. | 18:32:12 |
| 7 | Q. Okay. All right. So you looked at the | 18:32:13 |
| 8 | copyright registrations, the accompanying source code | 18:32:19 |
| 9 | deposits and in some instances accompanying video | 18:32:22 |
| 10 | deposits when they were there? | 18:32:26 |
| 11 | A. Yes. | 18:32:28 |
| 12 | Q. All right. And you did not use the | 18:32:28 |
| 13 | Corellium Apple products, again, in preparing the | 18:32:42 |
| 14 | opinions in your rebuttal report; is that right? | 18:32:45 |
| 15 | MR. HECHT: Objection. Mischaracterizes | 18:32:48 |
| 16 | testimony. | 18:32:49 |
| 17 | A. I didn't cite to any of it in preparing my | 18:32:55 |
| 18 | report. I don't recall when I started writing the | 18:32:59 |
| 19 | report and when the last time I used the product was. | 18:33:02 |
| 20 | BY MR. GROSS: | 18:33:05 |
| 21 | Q. All right. Well, if you -- if you used the | 18:33:05 |
| 22 | product in a way that you relied on for your rebuttal | 18:33:07 |
| 23 | report, you would have cited that, right? | 18:33:09 |
| 24 | A. Correct. | 18:33:12 |
| 25 | Q. If you would, please, turn to Paragraph 10 | 18:33:14 |

ATTORNEYS EYES ONLY

1  for, related to, nor employed by any of the parties or
2  attorneys in the action in which this proceeding was
3  taken;
4              Further, I am not a relative or employee of
5  any attorney of record, nor am I financially or
6  otherwise interested in the outcome of the action.
7              Subscribed and sworn to on this date:
8  April 28, 2020.

*Joseph D. Hendrick*

Joseph D. Hendrick, CSR #947
Expiration Date: 04/30/2021
Notary Comm. Exp. 01/13/23
Veritext Legal Solutions
Firm Registration No. 571
300 Throckmorton Street, Ste. 1600
Fort Worth, TX  76102
Telephone (800) 336-4000

Page 315