UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                        Plaintiff,

   v.

CORELLIUM, LLC,

                        Defendant.

**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION
TO EXCLUDE LEGAL OPINIONS AND CORRESPONDING TESTIMONY
OF CORELLIUM'S EXPERT STEWART APPELROUTH**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT.........................................................................................................2

    A. Corellium Concedes that Mr. Appelrouth Is Just a Mouthpiece for Counsel's Arguments Regarding Section 504(b) .......................................2

    B. Mr. Appelrouth Provided Impermissible Legal Opinions Regarding the Parties' Burdens Under 17 U.S.C. § 504(b)..........................................2

    C. Mr. Appelrouth's Opinions Based on His Mistaken Understanding of the Law Are Unhelpful, Prejudicial, and Confusing Opinion Should Be Excluded...................................................................................4

III. CONCLUSION......................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Andreas v. Volkswagen of Am., Inc.*,
   336 F.3d 789 (8th Cir. 2003) ...................................................................................................4

*Arlaine & Gina Rockey, Inc. v. Cordis Corp.*,
   No. 02-22555-CIV, 2004 WL 5504978 (S.D. Fla. Jan. 5, 2004)..........................................2, 4

*Bonner v. Dawson*,
   404 F.3d 290 (4th Cir. 2005) ...................................................................................................4

*Burkhart v. Wash. Metro. Area Transit Auth.*,
   112 F.3d 1207 (D.C. Cir. 1997) ...............................................................................................4

*Commodores Entm't Corp. v. McClary*,
   879 F.3d 1114 (11th Cir. 2018) ............................................................................................3, 4

*Cordoves v. Miami-Dade Cty.*,
   104 F. Supp. 3d 1350 (S.D. Fla. 2015) .............................................................................3, 4, 5

*Donnelly Corp. v. Gentex Corp.*,
   918 F. Supp. 1126 (W.D. Mich. 1996) ....................................................................................4

*Mamani v. Sánchez-Berzaín*,
   No. 07-22459-CIV, 2018 WL 1090546 (S.D. Fla. Feb. 28, 2018) ..........................................3

*Martinez v. Porta*,
   601 F. Supp. 2d 865 (N.D. Tex. 2009) .................................................................................5, 6

*Montgomery v. Aetna Cas. & Sur. Co.*,
   898 F.2d 1537 (11th Cir. 1990) ...............................................................................................3

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008) .................................................................................................5

*On Davis v. The Gap, Inc.*,
   247 F.3d 152 (2d Cir. 2001).....................................................................................................4

*Oravec v. Sunny Isles Luxury Ventures L.C.*,
   469 F. Supp. 2d 1148 (S.D. Fla. 2006) ....................................................................................4

*Polar Bear Prods. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) ...................................................................................................4

*Uchytil v. Avanade*,
   No. C12-2091, 2018 WL 4091692 (W.D. Wash. Aug. 21, 2018) .........................................5, 6

*Umana-Fowler v. NCL (Bah.) Ltd.*,
   49 F. Supp. 3d 1120 (S.D. Fla. 2014) ...................................................................................4

**STATUTES**

17 U.S.C.
   § 504..............................................................................................................................1, 2, 4, 6
   § 504(b) ........................................................................................................................ *passim*

**I.      INTRODUCTION**

Corellium does not dispute that Mr. Appelrouth is not an attorney; that he is unqualified to provide a legal opinion on Section 504 of the Copyright Act; and that it is improper for an expert to provide "legal conclusion[s] about any underlying factual issue, interpretation of the law, or application of the law to the underlying facts." *See* ECF No. 515 (Opp.) at 10–11.[1]  That should end the analysis in Apple's favor.

Recognizing that it would be improper for Appelrouth to proffer a legal opinion on the interpretation of Section 504, Corellium tries to relabel his opinions as something else.  It claims that Appelrouth is merely explaining the differences between his and Mr. Connelly's understandings of the term "gross revenue" in Section 504(b) in order to assist the jury in understanding the methods, and the limitations of the methods, utilized by each expert. *See id.* at 9–10.  But that is not what the words in Appelrouth's reports say.  The reports themselves include opinions of the parties' legal burdens under Section 504(b), complete with reference and citation to case law.  Those improper legal opinions should be excluded.

Corellium's remaining arguments are also meritless.  Its attempt to distinguish Apple's cited authorities is unavailing, particularly given Corellium's failure to cite a single authority in support of its own position that Appelrouth is entitled to offer the legal opinions in his reports. *See id.* at 10–11.  Similarly, Corellium musters no authority in support of its position that Appelrouth's opinions regarding and applying his mistaken understanding of Section 504(b) are helpful, not prejudicial, and not confusing.  Indeed, Corellium's admission that "Appelrouth could not make a full determination of the profits," *id.* at 11, seriously calls into question the utility of his testimony in general.

Respectfully, Apple's motion to exclude the limited portion of Appelrouth's anticipated testimony regarding the parties' burdens of proof under Section 504, as well as his corresponding opinion that Apple has not met its burden to demonstrate the "defendant's gross revenues" within the meaning of Section 504(b), should be granted.

---

[1] The citations to Corellium's filings are to the redacted/public versions of Corellium's filings.

## II. ARGUMENT

### A. Corellium Concedes that Mr. Appelrouth Is Just a Mouthpiece for Counsel's Arguments Regarding Section 504(b)

It is undisputed that Appelrouth is neither an attorney nor otherwise qualified to interpret the law. *See* ECF No. 466 (Mot.) at 4–5;[2] ECF No. 515 at 3. Corellium's lawyers provided Appelrouth with selected case law, which he then used to form conclusions about legal issues, citing this legal authority in his reports as the basis for his opinions. *See* ECF No. 466-3 (Fourth Expert Report of Stewart L. Appelrouth (Apr. 27, 2020)) at 4; *see also* ECF No. 466-1 (Second Expert Report of Stewart L. Appelrouth (Apr. 13, 2020)) at 14–15; ECF No. 466-2 (Third Expert Report of Stewart L. Appelrouth (Apr. 20, 2020)) at 15–16. Appelrouth thus became a mouthpiece for Defendant's (incorrect) legal arguments.

Corellium concedes as much when it disavows the only bases Appelrouth gave for his legal opinions, claiming "Mr. Appelrouth never relied on the information contained within these cases nor did the information influence, in any way, the methodology he employed or the way in which he applied it." *See* ECF No. 515 at 8. If Appelrouth did not rely on the cases Corellium's counsel provided to him, he most certainly should not be permitted to testify about them or their meaning.

### B. Mr. Appelrouth Provided Impermissible Legal Opinions Regarding the Parties' Burdens Under 17 U.S.C. § 504(b)

Recognizing that it would be improper for Appelrouth to provide a legal opinion regarding the parties' burdens under Section 504, Corellium claims that Appelrouth did not provide a legal opinion at all, instead merely providing "commentary on the alleged burden shift."[3] *Id.* at 6–7. Corellium tries to liken Appelrouth's testimony to situations where experts only provide background information on their understanding of the law to contextualize their opinions. *Id.* at 7 (citing *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, No. 02-22555-CIV, 2004 WL 5504978, at *24 (S.D. Fla. Jan. 5, 2004)). Alternatively, Corellium characterizes Appelrouth's report and testimony as merely "explain[ing] the differences between Appelrouth's understanding of the term [gross revenue] versus Mr. Connelly's understanding in order to assist the jury in understanding of [sic] the methods, and limitations of the methods, utilized by each expert." *Id.* These are either

---

[2] Apple does not have access to the ECF pagination for the under-seal filings cited herein. As such, pincites for under-seal filings refer to the internal document pagination.

[3] Indeed, Corellium agreed to withdraw similar improper opinions offered by another of its experts, Alexander Stamos. *See* ECF No. 507 at 9.

2

semantic games or positions that cannot be squared with the actual text of Appelrouth's report and testimony. Regardless of how Corellium labels Appelrouth's legal opinions, they should be excluded.

For example, Appelrouth opines in his rebuttal reports that "[i]t is the Plaintiff's burden to determine gross revenues and the proper allocation of gross revenues to [i]OS sales." ECF No. 466 (Mot.) at 2; *see* ECF No. 466-1 at 14; ECF No. 466-2 at 15; ECF No. 466-3 at 4. Any way you look at it, this statement expresses a legal opinion regarding the parties' burdens under Section 504(b) and invades the Court's authority to instruct the jury on the law and what burdens to apply. It should be excluded.

Similarly, in Appelrouth's fourth expert report, he writes that it is his "understanding that 'gross revenue' under the provisions of 17 U.S.C. §504(b), 'refers only to revenue reasonably related to the infringement' where the copyright owner has the burden of demonstrating some causal link between the infringement and the particular profit stream." ECF No. 466-3 at 4.[4] Appelrouth does little to disguise this naked interpretation of the statute and related legal opinion, citing case law that purportedly supports this proposition. *Id.* at 4 nn.1–3. Appelrouth also explains that Corellium's counsel provided him with cases, cited in his reports, to support his understanding of the law that "'a copyright holder must show more than the infringer's total gross revenue from *all* of its profit streams' and only those profits attributable to the infringement are recoverable under the Copyright Act." *Id.* at 4. There is no credible dispute that the quoted text from his report states a legal conclusion.

Each of the foregoing examples reflects legal opinions proffered by Appelrouth, whether his own or those of Corellium's counsel. All of those legal opinions are impermissible as a matter of black-letter law. *See Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128–29 (11th Cir. 2018); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *Mamani v. Sánchez-Berzaín*, No. 07-22459-CIV, 2018 WL 1090546, at *6 (S.D. Fla. Feb. 28, 2018);

---

[4] Corellium suggests that Appelrouth only included this discussion of the legal standard in his fourth expert report in response to "Mr. Connelly's own position of the law." ECF No. 515 at 9. However, Appelrouth's prior reports included substantially similar—and equally impermissible— statements of the legal standard. *See* ECF No. 466-1 at 14; ECF No. 466-2 at 15 ("It is the Plaintiff's burden to determine gross revenues and the proper allocation of gross revenues to [i]OS sales.").

3

*Cordoves v. Miami-Dade Cty.*, 104 F. Supp. 3d 1350, 1364 (S.D. Fla. 2015). Neither the *Arlaine* case, upon which Corellium heavily relies, nor *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1137 (W.D. Mich. 1996), which is also noted in its brief, remotely support Corellium's arguments or permit Appelrouth to testify to the legal opinions cited in his reports.[5] That Appelrouth relied on the cited cases as reference material,[6] or whether they reflect the legal opinions of Corellium's counsel, is irrelevant to the question of their admissibility in the form of expert testimony. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."). Appelrouth's legal opinion testimony is inadmissible, "unhelpful," and "inappropriate." *See Umana-Fowler v. NCL (Bah.) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014); *Commodores Entm't*, 879 F.3d at 1128–29.

    **C.    Mr. Appelrouth's Opinions Based on His Mistaken Understanding of the Law Are Unhelpful, Prejudicial, and Confusing Opinion Should Be Excluded**

Appelrouth's legal opinions are also particularly unhelpful, prejudicial, and confusing because—as Corellium does not meaningfully dispute—they are wrong.[7] In its opening brief, Apple set forth the reasons why Appelrouth's unfounded interpretation of the parties' burdens under 17 U.S.C. § 504(b) is contrary to law. *See* ECF No. 466 at 5–9. In particular, Apple explained that "courts interpreting Section 504 have universally held that where, as here, there is a single alleged infringing product line, it is sufficient to identify revenues from that product line, and the burden then shifts to the *defendant* to attempt to allocate within-product-line revenues." *Id.* at 7; *see also, e.g.*, *On Davis v. The Gap, Inc.*, 247 F.3d 152, 160–61 (2d Cir. 2001); *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003); *Bonner v. Dawson*, 404 F.3d 290,

---

[5] *See Arlaine*, 2004 WL 5504978, at *24 (testimony "shall not include any exposition or opinion as to the legal issues in this case or patent law generally"); *Donnelly Corp.*, 918 F. Supp. at 1137 (experts not permitted to give "opinions as to what the law is").

[6] Corellium misunderstands Apple's objection to Appelrouth's reliance on case law in connection with his expert report. *See* ECF No. 515 at 9–10. Apple has not argued that simply reading a case provided by counsel is impermissible. *See* ECF No. 466 at 4–5. What is impermissible is for an expert to offer an opinion on the meaning of the case law or on the appropriate legal standard. *See Commodores Entm't*, 879 F.3d at 1128–29; *Cordoves*, 104 F. Supp. 3d at 1364.

[7] Corellium asserts that Apple expert David Connelly was wrong in not apportioning within-product-line revenues, ECF No. 515 at 2–3, but offers no law to support this assertion, nor does it challenge Apple's extensive authority demonstrating the correct legal standard, which clearly places the burden of apportionment on Corellium, *see* ECF No. 466 at 5–9.

294 (4th Cir. 2005); *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004); *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1176 (S.D. Fla. 2006). Accordingly, Applerouth's unfounded legal opinion, wrongly placing the burden of Section 504(b) allocation on Apple, is *particularly* likely to cause confusion and prejudice to Apple. ECF No. 466 at 5–9. Yet Corellium makes no attempt to defend Applerouth's misstatements regarding the law in its opposition, nor does it proffer any possible rationale for allowing an expert to not only give a legal opinion, but to give an incorrect one. *See* ECF No. 515 at 6–10. Applerouth's incorrect opinions related to the parties' burdens under Section 504(b) therefore should also be excluded as unhelpful, prejudicial, and confusing. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058–59 (9th Cir. 2008); *Uchytil v. Avanade*, No. C12-2091, 2018 WL 4091692, at *4 (W.D. Wash. Aug. 21, 2018); *Cordoves*, 104 F. Supp. 3d at 1364–65; *Martinez v. Porta*, 601 F. Supp. 2d 865, 866–67 (N.D. Tex. 2009).

Corellium insists that the proffered testimony is "helpful" because it will help the jury understand Applerouth's methodology. *See* ECF No. 515 at 11–12. This is wrong for at least two reasons. First, Applerouth's reports go far beyond explaining his methodology and instead expressly opine (incorrectly) that Apple has not met a specific legal standard. ECF No. 466-3 at 4. Corellium also attempts to distinguish some of Apple's cited authorities as involving expert testimony addressing the conduct of the parties prior to the litigation, rather than the opposing expert's methodology. *See* ECF No. 515 at 10–11. However, this is a distinction without a difference, because the point is that experts cannot offer legal opinions as Applerouth has. Corellium cites no authority holding that it is acceptable for an expert to opine on the law for *any* reason. *See id.* at 10. Moreover, Corellium flatly ignores authority cited by Apple in which expert testimony was properly excluded because, as is the case here, the expert's testimony was either unsupported or contrary to law. *See, e.g.*, *Uchytil*, 2018 WL 4091692, at *4; *Martinez*, 601 F. Supp. 2d at 866–67.

Furthermore, Corellium's assertion that Applerouth's legal opinion is helpful because it will "provide an explanation as to why Applerouth could not make a full determination of the profits" is utter nonsense. ECF No. 515 at 11. Applerouth had access to all of Corellium's financial information and could readily have offered an opinion on the "elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). That he chose not to do so because he misunderstood the law is not a matter of methodology; it was a deliberate choice

5

made by Corellium's counsel.[8] Appelrouth can testify to the methodologies he actually employed, but he should not be permitted to misrepresent the law in doing so. Allowing Appelrouth to testify that he failed to make the required allocation because he believes the law did not require him to do so would not clarify Appelrouth's methodology; it would mislead the jury as to the *actual* legal standard, thereby prejudicing Apple. Appelrouth's opinions regarding the definition of "gross revenue" and the parties' respective burdens under Section 504 are based on an erroneous legal premise, and they should be excluded. *See Uchytil*, 2018 WL 4091692 at \*4; *Martinez*, 601 F. Supp. 2d at 866–67.

## III. CONCLUSION

For the foregoing reasons and the reasons set forth in its motion, Apple respectfully requests that the Court exclude the opinions and corresponding testimony of Corellium's expert Stewart Appelrouth regarding the parties' burdens of proof under 17 U.S.C. § 504, as well as his opinions and corresponding testimony that Apple has not met its burden to demonstrate the "defendant's gross revenues" within the meaning of Section 504(b) merely because Apple's expert did not apportion *within-product-line* revenues attributable to the Corellium Apple Product.

---

[8] This admission by Corellium calls into question the degree to which Appelrouth's testimony is capable of assisting the jury in this case at all.

Dated: June 2, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

7