UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO PRECLUDE CERTAIN TESTIMONY BY DR. MICHAEL SIEGEL**

Defendant Corellium, LLC ("Corellium"), respectfully submits this reply in support of its motion to preclude certain testimony by Dr. Michael Siegel (ECF No. 444, "Motion").

Apple devotes the bulk of its Opposition to the mischaracterization[1] of Dr. Siegel's opinions as broadly addressing "facts bearing on Corellium's good faith," in an improper attempt to expand the issues on which Dr. Siegel may try to testify. *See* ECF 504 at 5-9. Put simply, even though Dr. Siegel's opinions were specifically limited to the issue of security research and the DMCA, Apple now tries to characterize Dr. Siegel's opinions as also addressing the issue of "fair use" as it pertains, for example, to Apple's copyright infringement claims. Apple is, therefore, trying to allow Dr. Siegel to offer new opinions at trial that have not been disclosed or examined during discovery.

---

[1] Apple also makes the incorrect assertion that "Corellium no longer intends to assert one of its Answer's affirmative defenses under the Digital Millennium Copyright Act." ECF No. 504 at 2-3. This is, of course, preposterous, as Corellium has done no such thing. Had Corellium wished to alter or withdraw any of its defenses in this case, it would have done so explicitly (in papers such as a supplement to its contention interrogatory responses, an amended pleading, and/or in pretrial briefing that enumerates explicitly those claims and defenses that it plans to raise at trial). It has not. Corellium's *Daubert* motion revealed that Dr. Siegel failed to address the statutory exemption under Section 1201(j) to Apple's DMCA claims. *See* ECF No. 444 at 5-6. Apple has simply made a self-serving attempt to mischaracterize a critique of Apple's expert's failures as Corellium affirmatively withdrawing a defense. For avoidance of any doubt, Corellium has not abandoned any such defenses. The Court should, therefore, ignore Apple's assertions.

Apple's Opposition to Corellium's Motion (ECF No. 504, "Opposition") thus rests on an incorrect premise: expert witnesses are free to offer opinion testimony at trial about virtually any issue in a case, regardless of whether that expert has disclosed that opinion in expert discovery. Apple is, of course, wrong.

### I. <u>ARGUMENT</u>

The purpose of expert reports is to disclose the complete set of that expert's opinions, and the reasons and basis for them. *See Omega Patents, LLC v. Calamp Corp.,* No. 613CV1950ORL40DAB, 2015 WL 12830496, at *7 (M.D. Fla. Dec. 23, 2015) ("Rule 26 requires an expert to provide a "complete statement of all opinions the witness will express and the basis and reasons for them."). The topics of an expert's opinion are not unbounded, despite Apple's wish for the contrary. *See Jacobson v. R.J. Reynolds Tobacco Co.*, No. 1:12-CV-23781-UU, 2013 WL 12094859, at *1 (S.D. Fla. Sept. 11, 2013) (noting that expert witnesses may not testify to subject matter beyond the scope of their report). An expert who confines their opinions to a particular issue in their report cannot then offer testimony at trial that purports to reach additional issues that are not addressed in their reports. *See Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*, No. 1:18-CV-21733-UU, 2019 WL 5256980, at *5 (S.D. Fla. Mar. 22, 2019) (excluding testimony regarding opinion not presented in expert report, where it was not just an elaboration on existing reports but rather "impermissible new opinion not previously disclosed").

This is particularly true where, as here, an expert testifies at deposition as to the limited scope of his opinions. *Id.* (noting expert's deposition testimony explained limited scope of opinions). Dr. Siegel testified multiple times that his opinions were limited to those defined in this assignment sections of his reports. *See* Ex. A. at 55:4-25; 56:11-21; 58:24-59:11. The assignment section of his opening report specifically limits Dr. Siegel's affirmative opinions to "an overview of the security research industry and opine on what constitutes "good-faith" security research,

referencing industry examples and regulations, [and] a high-level overview of Corellium's business and, in particular, the Corellium Apple Product, with attention to agreements with its customers and any restrictions on use put in place, and opine on whether Corellium is ensuring that the Corellium Apple Product is used specifically for "good-faith" security research." ECF No. 444-1 at ¶¶ 16, 17. Dr. Siegel's affirmative opinions are, therefore, clearly limited to the issue of security research and the DMCA.[2]

Apple further mischaracterizes Corellium's Motion as arguing that Dr. Siegel (or any expert) must offer legal conclusions. *See* ECF No. 504 at 5. Corellium's *actual* argument is that expert testimony is always directed to particular issues in any given case, and the rules of expert discovery entitle an opposing party to know what particular issues an expert is addressing. This is to ensure that such a party can thoroughly evaluate the scope and nature of that expert's opinions during discovery, and prepare their claims and defenses at trial accordingly. *Omega Patents, LLC*, 2015 WL 12830496, at *7 ("[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.") (internal quotations and citations omitted).

Where an expert like Dr. Siegel fails to indicate that his opinions were not simply about security research and the DMCA (although they are so limited), but were also directed to issues of fair use as it pertains to issue of of copyright infringement (although they are not), such new opinions cannot be admitted at trial where they address an additional issue and were not disclosed or addressed in expert discovery. *Salomon Constr. & Roofing Corp.*, 2019 WL 5256980, at *5.

---

[2] This limitation also applies to rebuttal opinions Dr. Siegel purported to adopt as affirmative opinions in his supplemental report, as referenced in Apple's Opposition. *See* ECF No. 504 at 2.

Apple's *post hoc* effort to shoehorn Dr. Siegel's limited set of opinions into a different issue on which he has **_never_** opined — considerations under the fair use defense to copyright infringement — must be halted.

## II. CONCLUSION

For the foregoing reasons, Defendant Corellium requests that the Court GRANT its motion and preclude Dr. Siegel from offering testimony at trial regarding "good faith security research" as that concept relates to Corellium's defenses in this matter.

Dated: June 2, 2020

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*

Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: s/ Justin B. Levine
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

and

HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

Conor McDonough *pro hac vice*
Email: cmcdonough@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: June 2, 2020                                   /s/ Justin B. Levine
                                                                  Justin B. Levine