# Exhibit A

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

                 NO.: 9:10-cv-81160-RS


   APPLE, INC.,

          Plaintiff,

   vs.

   CORELLIUM, LLC.

          Defendants.

   * * * * * * * * * * * * * * * * * * * * * * *



           CONFIDENTIAL - ATTORNEYS' EYES ONLY



   VIDEOCONFERENCE

   DEPOSITION OF:    DR. MICHAEL SIEGEL

   DATE TAKEN:       Thursday, April 16, 2020

   TIME:             10:00 a.m - 4:20 p.m.

   PLACE:            All parties via videoconference

   TAKEN BY:         Defendants


   REPORTED BY:      Janice Aguirre, FPR
                     Court Reporter and
                     Notary Public
```

```
 1            March report, these are my understandings, I
 2            guess 13 is the -- 12 and 13.
 3   BY MR. PRICE:
 4        Q   Have you formed an opinion as to whether or
 5   not Corellium has, in fact, circumvented any
 6   technological measures at Apple?
 7            MR. DAMLE:  Objection, calls for a legal
 8            conclusion.
 9            THE WITNESS:  Specifically in this case,
10            I looked at particular things which are
11            documented both in Section C of the first
12            report, and Section C with regard to the
13            assignments with regard to what I was to look
14            at, and to form my own opinion on.  It's not
15            included in that -- in those sections.
16   BY MR. PRICE:
17        Q   Just to clarify, your opinion does not
18   include an expert opinion with respect to whether or
19   not Corellium circumvented any technological measures
20   that control access to a copyright?
21            MR. DAMLE:  Objection, vague, misstates
22            and mischaracterizes his testimony.
23            THE WITNESS:  I specifically looked at
24            the assignments and how they are worded in
25            Section C of both reports.
```

```
 1   BY MR. PRICE:
 2        Q    And as they are worded here in Section C,
 3   does that include an assignment for you to opine on
 4   whether or not Corellium was circumventing any
 5   technological measures?
 6        A    I don't see that in my assignment, no.
 7        Q    Sitting here today, are you aware of any of
 8   the exemptions created by the Library of Congress to
 9   the prohibitions found in the DMCA?
10        A    I have read information about the exemptions.
11        Q    Are you providing an opinion, in either of
12   these reports, as to whether or not Corellium falls
13   within any of those exemptions?
14              MR. DAMLE:  Objection, vague.
15              THE WITNESS:  I'm merely doing what is
16         in my assignment section of my reports,
17         Section C.  It may not be Section C of both
18         reports, I'd better look.
19              I'm sorry, it is Section C of the March
20         3rd Report and Section A of the April 13th
21         Report.  Sorry for the correction.
22   BY MR. PRICE:
23        Q    And did the assignments in Exhibit 1, Section
24   C, and Exhibit 2, Section A, include a request for you
25   to opine on whether or not Corellium falls within an
```

```
 1    to open that.  Do you have that open?
 2         A    I do have it open, yes.
 3         Q    And this is not a document that was produced
 4    in the case.  I created it.  So, I'll represent that it
 5    is a correct copy of 37C.F.R Section 201.40 from
 6    Westlaw, titled Exemptions to Prohibition Against
 7    Circumvention.
 8              My question to you, Dr. Siegel is, does this
 9    look familiar?
10         A    You just created it.  How would it look -- I
11    guess I don't understand your question.
12         Q    I printed this section of the C.F.R.  And,
13    so, I asked you previously if you had looked at the
14    exemption, and you said that you believe you had.  And,
15    so, I'm asking you whether this looks familiar.
16              MR. DAMLE:  Let me get an objection in
17         that it mischaracterizes his testimony.
18              THE WITNESS:  I don't recall what I have
19         looked at this exact selection of exemptions.
20         There are quite a number of documents.  I
21         don't know whether this one was one of them
22         whether I looked at or not.
23    BY MR. PRICE:
24         Q    Maybe when we go through it you can tell me
25    if something specific that you have already looked at
```

```
 1   and formed an expert opinion about.
 2        A    Excuse me -- well, sorry, I guess I'm
 3   specifically -- again, I was asked to do an analysis
 4   specifically around certain things that are in A and C.
 5   I'm happy to go through this with you, more than happy
 6   to go through it with you, obviously, just so we know,
 7   those are the things that I offered an expert opinion
 8   on.
 9        Q    That's perfectly fair.  I just want to make
10   sure I understand the metes and bounds of that opinion.
11        A    Okay, good, thank you.
12        Q    And you'll see my questions specifically
13   designed for that.  We'll scroll down to the second
14   page that starts at the top with, "For Educational
15   Purposes."
16        A    Uh-huh.
17        Q    Have you read -- have you seen the exemptions
18   for educational purposes before today?
19        A    I have seen an exemption for educational
20   purposes.  I don't know if it was this document in
21   particular.
22        Q    Have you formed an expert opinion with
23   respect whether Corellium Apple product -- strike that,
24   let me ask a preliminary question first.
25             When I say Corellium Apple product, do you
```