UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

   v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Apple Inc. submits the following Reply Statement of Material Facts in support of its Motion for Partial Summary Judgment on Apple's 17 U.S.C. § 1201 claim.

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition | ECF No. (public) | ECF No. (sealed) |
|---|---|---|---|
| SOF | Apple's Statement of Facts in support of Apple's Motion for Partial Summary Judgment on 17 U.S.C. § 1201 | 455 | 470 |
| PEX[1] | Plaintiff's Exhibits (1–83) to Apple's Statement of Material Facts in support of Apple's Motion for Partial Summary Judgment on 17 U.S.C. § 1201 | 455-1 to 455-83 | 470-4 to 470-47 |
| | Plaintiff's Exhibits (84–140) to Apple's Response to Corellium's Statement of Facts and Apple's Statement of Additional Material Facts | 518-1 to 518-57 | |
| CSOF | Corellium's Statement of Facts in support of Corellium's Motion for Summary Judgment | 457 | |
| SOFR | Apple's Response to Corellium's Statement of Facts and Apple's Statement of Additional Material Facts | 517 | |
| CSOFR | Corellium's Response to Apple's Statement of Facts and Corellium's Statement of Additional Material Facts | 513 | |
| DEX[2] | Exhibits (1–34) to Corellium's Response to Apple's Statement of Facts and Statement of Additional Material Facts | 513-1 to 513-34 | |

---

[1] Apple filed Plaintiff's Exhibits ("PEX") 1–83 in support of its Motion for Summary Judgment and continued the numbering scheme in Opposition to Corellium's Motion, ECF No. 518 (PEX 84–140). Pursuant to S.D. Fla. Local Rule 56.1(b)(1)(B), Apple has not refiled the exhibits attached to Apple's Response to Corellium's Statement of Facts and Apple's Statement of Additional Material Facts and instead relies on the existing ECF numbers for those exhibits.

[2] Corellium repeated exhibits and restarted the numbering of its exhibits between the Statement of Facts in support of its affirmative motion for summary judgment (ECF No. 457) and Corellium's Statement of Facts in opposition to Apple's motion (ECF No. 513). Apple uses "DEX" to only refer to Corellium's opposition exhibits.

I.  **STATEMENT REGARDING CORELLIUM'S RESPONSES**

Apple briefly addresses Corellium's Response to Apple's Statement of Material Fact ("CSOFR"), ECF No. 513.[3]  Many of Corellium's responses, while styled as "disputed," do not actually put material facts in dispute.[4]  Although Apple cannot, in this space, address each and every unsupported statement in Corellium's response, Apple briefly addresses the main themes.

**iOS content.**  Corellium purports to dispute that "iOS contains original, creative content developed by Apple," SOF ¶ 5, because "large portions of iOS are open source or functional in nature."  CSOFR ¶ 5.  None of the cited evidence relates to the "functionality" of iOS, which is an affirmative defense regarding the validity of Apple's copyrights that Corellium must prove. *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999).

**Apple's TCMs.**  Corellium purports to dispute facts related to Apple's technical control measures ("TCMs") by asserting that "an Apple IPSW has no TCMs" because they are "hard-coded into physical iOS devices" or otherwise exist in Apple's hardware.  CSOFR ¶¶ 13–17, 19, 28.  The evidence cited does not support this point: Apple's TCMs exist in iOS software too, as Corellium acknowledges by describing the ways its Product has to modify IPSW file code so that iOS can execute, in a non-ordinary operation, on Corellium's non-Apple servers. *See id.* ¶¶ 40–48, 55.  Corellium also purports to dispute whether Apple's TCMs apply in the ordinary course, *see id.* ¶¶ 13–20; however, Corellium's evidence merely discusses what *its Product* does; it says nothing about what an ordinary iOS user experiences and does not actually contradict Apple's facts.  In addition, Corellium's cited evidence does not support its assertions in dispute; rather, it is inapposite or supports Apple.

**Virtual devices.**  Corellium purports to dispute that it offers "virtual iOS Devices" or "virtual iPhones," preferring to describe itself as a seller of "virtual hardware capable of running portions of iOS" or similar.  *Id.* ¶¶ 25, 26, 33, 36, 39, 46, 55, 56.  This is a quibble in wording, not a dispute of fact.  Elsewhere, Corellium acknowledges it creates virtual iOS devices.  *See, e.g.*, *id.* ¶¶ 41, 50.  And ███████████████████████████████

---

[3] The citations to Corellium's filings herein are to the public, redacted versions.

[4] Several Corellium responses merely nitpick Apple's wording or challenge the legal import of a given fact: these are undisputed.  *See* CSOFR ¶¶ 25, 33, 34, 36, 38–48, 60–62, 68, 70.  Others cite no evidence, mischaracterize the evidence, or make assertions without factual support.  *See id.* ¶¶ 9, 13–17, 19–20, 26, 28, 31, 57, 69, 66–67, 77.  These, too, are undisputed.

▅▅▅▅▅▅ PEX 58 at 1; PEX 59 at 1; PEX 60 at 1; PEX 61 at 1; PEX 62 at 1; PEX 64 at 2; PEX 65 at 1 (Sales Brochures); *see also* PEX 66 at 3, 5 (Product Sheet); PEX 69 at 7–13 (User Guide).

**Who creates virtual devices.** Corellium purports to dispute statements that the Corellium Apple Product, rather than its users, is responsible for the creation of virtual iOS devices. CSOFR ¶¶ 34, 50, 55, 62. It is undisputed, however, that Corellium supplies the servers and software that enable the creation of virtualized devices running iOS. *See, e.g., id.* ¶ 25.

▅▅▅▅▅▅ Corellium agrees that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. *Id.* ¶¶ 39, 61.

**"Customers."** Corellium purports to dispute that it provided thumb drives of IPSW files to "customers" because Apple's evidence ▅▅▅▅▅▅▅▅. *Id.* ¶ 54. However, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅: thus, this fact is not actually disputed. PEX 44, Resp. No. 9 at 25–26; ECF No. 518-12 (PEX 95), Azimuth Tr. at 39:15–40:5.

## II. APPLE'S RESPONSES TO CORELLIUM'S ADDITIONAL MATERIAL FACTS

Corellium's Additional Facts in opposition to Apple's Motion for Partial Summary Judgment repeat facts Corellium asserted in its Statement of Material Facts ("CSOF") in support of Corellium's Motion for Summary Judgment. Specifically, CSOFR ¶¶ 79–82, 86–87, 91–115, and 118–120 are either identical to or substantially overlap with CSOF ¶¶ 3–4, 6, 9, 12–14, 16, 18–20, 22–23, 30–32, 34, 36, 41–43, 45, 48, 52–53, 56, 59, 60, 62, 63, 64–65, 71–72.[5] For each such fact, Apple briefly repeats its response and cited evidence. To avoid unnecessary duplication and for the ease of the Court, Apple also cites the applicable portion of its Response to Corellium's Statement of Facts relating to Corellium's Summary Judgment Motion ("SOFR"), ECF No. 517.

79. Disputed in part. Identical to CSOF ¶ 20; *see* SOFR ¶ 20. Undisputed that registrations for new versions of iOS exclude previously published and registered portions of iOS. Apple SOF ("SOF") ¶¶ 5–6. Disputed that iOS registrations only protect "constituent parts or portions of apps"; each protects everything creative and original in that version. PEX 10–11, 13, 19–27 (iOS Registrations); ECF No. 518-2 (PEX 85), Peterson Supp. Decl. ¶¶ 5–7, 9.

80. Disputed in part. Corellium appears to have repeated Additional Fact ¶ 79.

81. Undisputed as written. Identical to CSOF ¶ 22; *see* SOFR ¶ 22. However, the content of the deposits is immaterial to the scope of Apple's copyrights. 37 C.F.R. § 202.20(c)(2)(vii) (permitting submission of "identifying portions of the program").

---

[5] Apple summarizes the repetition in a chart, Exhibit A to this Reply Statement of Material Fact.

82. Disputed in part. Identical to CSOF ¶ 23; *see* SOFR ¶ 23. Undisputed that Apple's asserted iOS copyrights do not cover the Boot ROM or third-party open source code. Disputed that the copyrights do not cover the Low Level Bootloader or kernel cache. *See* ECF No. 518-8 (PEX 91), Nieh Cor. Rebuttal Rpt. ¶¶ 10–17. Peterson's cited testimony relates to deposit copies, not the scope of copyrights. DEX 21, Peterson Tr. at 32:4–25.

83. Undisputed.

84. Undisputed.

85. Disputed. Wade told Apple employee Jason Shirk that his Citrix venture "essentially disintegrated over a lack of licensing with iOS." DEX 20, Shirk Tr. at 123:21–124:4.

86. Disputed in part. Similar to CSOF ¶¶ 9, 56; *see* SOFR ¶¶ 9, 56. Undisputed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Disputed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* ECF No. 518-9 (PEX 92), Nieh Supp. Rpt. at ¶ 124; ECF No. 518-19 (PEX 102) at 1; ECF No. 518-20 (PEX 103) at 4.

87. Disputed. Similar to CSOF ¶ 71; *see* SOFR ¶ 71. Apple objects to the cited testimony as lacking foundation and constituting a legal conclusion. Fed. R. Evid. 602, 701. The cited testimony does not support the existence of an implied license. *See, e.g.*, *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1281–82 (M.D. Fla. 2008). Corellium admits "Apple never affirmatively authorized Corellium's use of iOS." CSOFR ¶ 78.

88. Undisputed. However, the terms of the Apple Enterprise Developer Program are material to rebut Corellium's affirmative defenses.

89. Undisputed. However, the terms of the Apple Developer Program are material to rebut Corellium's affirmative defenses.

90. Disputed. Corellium admitted "Mark Dowd has been a member of Corellium." ECF No. 518-14 (PEX 97), RFA No. 140 at 8. Corellium also admitted "that Mark Dowd has used the email address mark@corellium.com to communicate about the Corellium Apple Product." *Id.*, RFA No. 134. For example, Mark Dowd communicated with ▇▇▇▇▇▇▇▇▇▇▇▇ from the mark@corellium.com account and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. PEX 78, License Email at 1–2.

91. Undisputed. Identical to CSOF ¶ 3; *see* SOFR ¶ 3.

92. Undisputed. Identical to CSOF ¶ 4; *see* SOFR ¶ 4.

3

93. Disputed in part. Identical to CSOF ¶ 6; *see* SOFR ¶ 6. Undisputed that IPSW files are publicly available to download for free. Disputed that these downloads come from third-party websites because IPSW.me does not host the files. *See* DEX 1, Andrews Tr. at 95:16–22.

94. Disputed in part. Identical to CSOF ¶ 12; *see* SOFR ¶ 12. Undisputed that a user can download an IPSW file without being presented with the iOS End User License Agreement ("EULA"), a/k/a Software License Agreement ("SLA"). Immaterial because iOS Device users are presented with and required to agree to the SLA during the iOS installation process. SOF ¶¶ 8–9, 19–20; PEX 28–33 (Apple SLAs).

95. Disputed in part. Identical to CSOF ¶ 13; *see* SOFR ¶ 13. Disputed that the EULA (SLA) presentation "only" occurs during installation and that a user is *not* "required to agree to the iOS EULA" at any other time. *See* PEX 28–33 (Apple SLAs) at 1; Apple's Resp. ¶ 94, above.

96. Undisputed. Identical to CSOF ¶ 14; *see* SOFR ¶ 14. However, Corellium's conduct was unlicensed and thus unauthorized, which is the relevant legal inquiry.

97. Disputed in part. Identical to CSOF ¶ 16; *see* SOFR ¶ 16. Disputed that these are the "only" TCMs Apple identified, and disputed that Apple TCMs are based in "hardware (not Software)." SOF ¶¶ 13–22; ECF No. 518-4 (PEX 87), Apple Resp. No. 16 at 5–8.

98. Undisputed. Similar to CSOF ¶ 18; *see* SOFR ¶ 18.

99. Disputed in part. Identical to CSOF ¶ 19; *see* SOFR ¶ 19. Undisputed that one can download IPSW files and *look* at the unencrypted files' contents without executing the secure boot chain. But users cannot run, execute, or interact with those files as iOS unless and until the files are installed on approved Apple devices and loaded using the secure boot chain. SOF ¶¶ 8–9, 17.

100. Undisputed as written. Identical to CSOF ¶ 31; *see* SOFR ¶ 31.

101. Disputed in part. Identical to CSOF ¶ 32; *see* SOFR ¶ 32. Undisputed that an Apple employee wrote this in September 2017. Disputed that Apple knew if or when Corellium's "intentions" would materialize; ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ DEX 3, Marineau-Mes Tr. at 155:13–157:2; PEX 44, Resp. No. 9 at 25, 29.

102. Undisputed as written. Near-identical to CSOF ¶ 34; *see* SOFR ¶ 34. Apple disputes the characterization of the acquisition discussions contained within the cited Gorton testimony. Corellium admits "Apple never affirmatively authorized Corellium's use of iOS." CSOFR ¶ 78. Gorton's testimony lacks foundation and asserts legal conclusions. Fed. R. Evid. 602, 701.

103. Disputed. Identical to CSOF ¶ 36; *see* SOFR ¶ 36; Apple SOF ¶¶ 26–30, 74–78. The

4

cited Apple documents do not support this claim. DEX 24 at No. 2 and DEX 28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. DEX 2, Krstić Tr. at 67:22–68:20, 165:8–14, 218:17–219:20; DEX 3, Marineau-Mes Tr. 144:15–23, 150:9–24, 151:15–25; *see also* DEX 1, Andrews Tr. at 39:12–40:1. Gorton and Corellium admit Apple never affirmatively authorized Corellium's use of iOS. CSOFR ¶ 78.

104. Undisputed. Identical to CSOF ¶ 43; *see* SOFR ¶ 43.

105. Disputed. Identical to CSOF ¶ 45; *see* SOFR ¶ 45. Corellium does not "transform iOS." The Corellium Apple Product ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SOFR ¶ 43. Apple objects to the use of the word "transform" as a legal conclusion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 518-30 (PEX 113), PR Talking Points at 2.

106. Disputed in part. Similar to CSOF ¶ 53; *see* SOFR ¶ 53. Undisputed that "Corellium dynamically unpacks the IPSW file as it is downloading," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that "[t]hereafter, the original IPSW file is deleted," that Corellium modifies some portions of iOS, and that "some portions of the IPSW file are . . . loaded into memory." Disputed that Corellium's storage of IPSW files is "as transient as possible," as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 524-4, Nieh Supp. Rpt. at ¶¶ 128–37. Disputed that "some portions of the IPSW file are transformed," which is a legal conclusion. FRE 701.

107. Disputed. Identical to CSOF ¶ 59; *see* SOFR ¶ 59. Corellium's own materials have stated: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PEX 59, Sales Strategy at 5.

108. Disputed. Identical to CSOF ¶ 60; *see* SOFR ¶ 60. Traditional physical iPhones are required for security research. DEX 1, Andrews Tr. at 55:13–18.

109. Disputed. Identical to CSOF ¶ 62; *see* SOFR ¶ 62. Corellium's vetting process ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 518-29 (PEX 112); DEX 19, Dyer Tr. at 35:24–44:23 (describing Corellium's vetting process).

110. Disputed. Identical to CSOF ¶ 63; *see* SOFR ¶ 63. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SOF ¶¶ 66–67. The cited testimony lacks foundation, and testimony about customer inquiries is inadmissible hearsay. Fed. R. Evid. 602, 801.

111. Disputed in part. Identical to CSOF ¶ 64; *see* SOFR ¶ 64. Disputed that "the secure

5

boot chain does not factor into" the Corellium Apple Product at all ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SOF ¶¶ 43–44, 49.

112. Disputed in part. Identical to CSOF ¶ 65; *see* SOFR ¶ 65. For real iOS Devices, the unique ECID is used by the Apple authorization server to ensure that the installation "takes place exactly as Apple provided." ECF No. 518-6 (PEX 89), Apple Platform Security at 26. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 518-3 (PEX 86), Nieh Supp. Decl. ¶ 9.

113. Disputed. Identical to CSOF ¶ 72; *see* SOFR ¶ 72. The cited testimony does not support it. To the contrary, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Apple's Resp. ¶ 103, above.

114. Disputed that these features are "useful for security research." Identical to CSOF ¶ 48; *see* SOFR ¶ 48.

115. Disputed as to the characterization of Corellium as a "standalone product" because Corellium ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 518-3 (PEX 86), Nieh Supp. Decl. ¶¶ 11–22.; SOF ¶¶ 33, 37, 40, 50, 51–54. Identical to CSOF ¶ 30; *see* SOFR ¶ 30.

116. Undisputed, although Stamos is quoted incorrectly.

117. Disputed in part. Undisputed that Apple asserts separately registered wallpaper images and compilations of icons as identified in PEX 6, 7, 8, 9, 12, and 14. Disputed that these are the only copyrights bearing on Apple's Graphical User Interface at issue. Apple also asserts 12 copyrights covering versions of iOS, PEX 10–11, 13, 19–27, each of which covers the dynamic aspects of iOS, including the screen display, user interface, and interactive GUI elements. *See, e.g.*, ECF No. 524-4, Nieh Supp. Rpt. at ¶¶ 142–45, 151–52, 156–59, 166–70, 229–32; ECF No. 518-2 (PEX 85), Peterson Supp. Decl. at ¶¶ 9–11.

118. Disputed. Identical to CSOF ¶ 41; *see* SOFR ¶ 41. Corellium's cited evidence from Apple witnesses does not support the claim. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 518-1 (PEX 84), Krstić Decl. ¶ 7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ¶ 10; PEX 139, Wade Tr. at 272:23–273:23.

119. Disputed. Identical to CSOF ¶ 42; *see* SOFR ¶ 42. *See* Apple's Resp. ¶¶ 115, 118.

120. Disputed in part. Identical to CSOF ¶ 52; *see* SOFR ¶ 52. Undisputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; disputed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SOF ¶¶ 40–49, 65; PEX 3, Nieh Decl. at ¶¶ 22–23, 27; SOFR ¶¶ 48, 51, 63.

Dated: June 2, 2020

Michele D. Johnson*
michele.johnson@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
sy.damle@lw.com
Elana Nightingale Dawson*
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel*
joe.wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
gabe.gross@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

s/ Martin B. Goldberg

Martin B. Goldberg
Florida Bar No. 0827029
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Emily L. Pincow
Florida Bar No. 1010370
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
(954) 859-5180 / (954) 384-2510 Fax

*Attorneys for Plaintiff* APPLE INC.