UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE PORTIONS
OF CORELLIUM'S REPLY TO APPLE'S RESPONSE IN OPPOSITION TO
CORELLIUM'S MOTION FOR SUMMARY JUDGMENT, REPLY TO APPLE'S
RESPONSE IN OPPOSITION TO CORELLIUM'S STATEMENT OF MATERIAL
FACTS, AND RESPECTIVE REPLIES TO APPLE'S RESPONSE IN OPPOSITION TO
DAUBERT MOTIONS TO EXCLUDE OR LIMIT THE REPORTS AND TESTIMONY
OF DAVID CONNELLY AND JASON NIEH, AS WELL AS EXHIBITS ATTACHED
THERETO UNDER SEAL**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Reply to Apple's Response to Corellium's Motion for Summary Judgment [D.E. 516], Corellium's Reply to Apple's Response to Corellium's Statement of Material Facts [D.E. 517], and Respective Replies to Apple's Responses to Corellium's Daubert Motions to Exclude or Limit the Reports and Testimony of Jason Nieh [D.E. 505] and David Connelly [D.E. 503] as well as exhibits and deposition transcripts attached thereto, and in support thereof, states as follows:

## BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On October 3, 2019, the Court entered the Scheduling Order [D.E. 32] instructing the Parties that all dispositive motions are due on May 11, 2020.

3. Accordingly, on May 11, 2020, Corellium filed its:

   a. Motion for Summary Judgment and Supporting Memorandum of Law [D.E. 456];

   b. Statement of Material Facts in Support of Corellium's Motion for Summary Judgment [D.E. 457];

   c. Motion in Limine and Daubert Motion to Preclude Certain Testimony by Jason Nieh and Incorporated Memorandum of Law [D.E. 452];

   d. Motion in Limine and Daubert Motion to Preclude Certain Testimony by David Connelly and Incorporated Memorandum of Law [D.E. 454]

4. On May 26, 2020, Plaintiff, Apple Inc. ("Apple") filed its Response to the above motions:

   a. Response in Opposition to Corellium's Motion for Summary Judgment and Supporting Memorandum of Law [D.E. 516];

   b. Response in Opposition to Corellium's Statement of Material Facts [D.E. 517];

   c. Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by Jason Nieh and Incorporated Memorandum of Law [D.E. 505]; and

   d. Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by David Connelly and Incorporated Memorandum of Law [D.E. 503].

5. In connection with the same, Corellium will be filing:

   a. Corellium's Reply to Apple's Response in Opposition to Corellium's Motion for Summary Judgment and Supporting Memorandum of Law ("Reply to Corellium's MSJ");

   b. Corellium's Reply to Apple's Response in Opposition to Corellium's Statement of Material Facts ("Reply to Corellium's SMF");

   c. Corellium's Reply to Apple's Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by Jason Nieh and Incorporated Memorandum of Law ("Nieh Reply"); and

   d. Corellium's Reply to Apple's Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by David Connelly and Incorporated Memorandum of Law ("Connelly Reply").

Collectively "Corellium's Replies."

6. Each of the aforementioned Corellium filings will include applicable exhibits and deposition excerpts as specifically identified below.

7. Counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein.

8. Consistent with the Protective Order and the Parties' confidentiality designations, Corellium moves to file under seal its Reply to Corellium's MSJ, Reply to Corellium's SMF, Nieh Reply, and Connelly Reply.

9. The Parties have agreed to continue to confer post-dispositive motion filings to continue to try to reduce the information being filed under seal.

CASE NO.: 9:19-CV-81160-RS

**MEMORANDUM OF LAW**

**I.     Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.    Good Cause Exists for the Court to Seal Portions of Reply to Corellium's MSJ, Reply to Corellium's SMF and Attached Exhibits.**

In this instance, good cause exists for this Court to seal portions of Reply to Corellium's MSJ and Reply to Corellium's SMF. The Reply to Corellium's MSJ and Reply to Corellium's SMF includes the identities of certain Corellium customers, confidential acquisition details and information, Corellium Product proprietary and trade secret technical information, other proprietary trade secret business, operational information, and other designated deposition testimony. This information has been previously designated as confidential or Attorney's Eyes

Only ("AEO") by either Corellium or Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court should seal portions of the Reply to Corellium's MSJ and Reply to Corellium's SMF.

### III. Good Cause Exists for the Court to Seal Portions of Corellium's Respective Replies to Apple's Response in Opposition to Corellium's Daubert Motions to Exclude Apple's Experts David Connelly and Jason Nieh, and attached exhibits.

#### a. Good Cause Exists for Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert David Connelly.

Good cause exists for this Court to seal portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert David Connelly. Mr. Connelly is Apple's expert for damages. Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert David Connelly discusses portion of Mr. Connelly's expert report which has been initially designated as confidential/AEO by Apple, and it further discusses Corellium's financial information, customers, and deposition testimony that have been designated as AEO by Corellium. For this reason, Corellium asks the Court to permit that portion of Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert David Connelly be filed under seal.

#### b. Good Cause Exists for Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh.

Good cause exists for this Court to seal portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh. Dr. Nieh is Apple's

technical expert who has been employed in this case to review Apple's proprietary code and Corellium's proprietary code of the Product at issue. Accordingly, Dr. Nieh's opinions focus on the proprietary and trade secret technical aspects of Corellium's Product. This includes the source code and the technical "ins and outs" of how the product actually functions. This information has been designated by Corellium as AEO, is highly confidential, and should not be shared with the public.

Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh includes discussions about his confidential and AEO reports, his confidential and AEO deposition transcript, and other specific information about source code and internal functionality of the product. Such discussion by Dr. Nieh and thus, Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh discussing his opinions, references highly proprietary and confidential source code and product trade secret. For this reason, Corellium asks the Court to permit those portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh that refer to Corellium's highly-confidential technical and proprietary product information be filed under seal.

Accordingly, as it relates to Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh and Apple's Expert David Connelly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the highly confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Daubert Motion for Apple's Expert Jason Nieh and Apple's Expert David Connelly.

## IV. Good Cause Exists for the Court to Seal Certain Exhibits to Corellium's Replies

Finally, good cause exists for this Court to seal portions of certain exhibits and deposition testimony excerpts to Corellium's Replies. In support of Corellium's Replies, Corellium will be filing numerous exhibits and deposition testimony excerpts, previously designated by Apple or Corellium as either Confidential or AEO, that discuss, reference, relate to, or include confidential or proprietary financial, business, or technical information or materials relating to Corellium's business or technology. A list of those items follows:

|     | **DOCUMENT** | **BATES NUMBER** | **DESIGNATION/REDACTED** |
|-----|--------------|------------------|--------------------------|
| 1.  |              | APL-Corellium-00000607 | Completely sealed. Designated as AEO by Apple. |
| 2.  |              | APL-Corellium-00000874 | Completely sealed. Designated as AEO by Apple. |
| 3.  |              | APL-Corellium-00000887 | Completely sealed. Designated as AEO by Apple. |
| 4.  |              | APL-Corellium-00000882 | Completely sealed. Designated as AEO by Apple. |
| 5.  |              | APL-Corellium-00044287 | Completely sealed. Designated as AEO by Apple. |
| 6.  | Corellium's Fifth Amended Answers to Plaintiff's First Set of Interrogatories. | | Redacted. Portions designated as confidential and/or AEO by Corellium. |
| 7.  | Jason Nieh's deposition transcript. | | Completely sealed AEO (designations not complete) |
| 8.  | Deposition transcript of Azimuth's Corporate Representative. | | Completely sealed AEO (designations not complete) |
| 9.  | Deposition transcript of Amanda Gorton. | | Redacted. Portions designated as confidential and/or AEO by Corellium and Apple. |
| 10. | David Connelly's Errata Supplemental and Rebuttal Report. | | Completely sealed AEO (designations not complete) |
| 11. | Deposition transcript of David Connelly. | | Completely sealed AEO (designations not complete) |

This information has been previously designated by either Corellium and/or Apple during discovery as it contains confidential and/or proprietary trade secret information, and thus, should not be shared with the public.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Motion for Summary Judgment, Corellium's Reply to Apple's Response in Opposition to Corellium's Statement of Material Facts, Corellium's Reply to Apple's Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by Jason Nieh, and Corellium's Reply to Apple's Response in Opposition to Corellium's Motion in Limine and Daubert Motion to Preclude Certain Testimony by David Connelly, as well as the exhibits and deposition transcripts in support thereof and that are identified above under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on June 2, 2020, regarding the relief sought herein. Plaintiff does not oppose the relief requested herein.

Dated: June 2, 2020                                Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.

*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 2, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*