UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

                                /

**DEFENDANT CORELLIUM, LLC'S REPLY IN SUPPORT OF ITS *DAUBERT*
MOTION TO PRECLUDE CERTAIN TESTIMONY OF DR. JASON NIEH AND
INCORPORATED MEMORANDUM OF LAW**

Defendant Corellium, LLC ("Defendant" or "Corellium"), by and through undersigned counsel, files this Reply In Support of its *Daubert* Motion to Preclude Certain Testimony of Dr. Jason Nieh And Incorporated Memorandum Of Law[1] or "Apple").[2]

**ARGUMENT**

Dr. Nieh's opinions are fundamentally flawed because they are not focused on the copyright registrations in this lawsuit. Rather than, as Apple argues, "go[ing] to the heart of th[e] case," Dr. Nieh's opinions go far afield. Apple chose to assert the copyright registrations listed in

---

[2] Corellium withdrew only those portions of its Motion that were based on timeliness as determined by the Parties' agreement on what dates would govern the submission of supplemental reports. Nothing about that withdrawal affected Corellium's arguments based on case law that it is improper and unduly prejudicial to Corellium that Dr. Nieh's supplemental report relied on information he could have readily obtained from Apple's own employees during discovery. "Rule 26(e) permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was **not available at the time of the initial report**." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016) (emphasis in original) (internal quotations omitted). To be clear, Corellium has not withdrawn its arguments asking the Court to strike those portions of Dr. Nieh's supplemental report that rely for the first time on information he obtained from Apple employees, from whom he could have obtained such information during discovery.

1

Dkt. 56-1, Ex. A; *see also* Dkt. 506-1 (Second Amended Complaint), Ex. A, beginning with iOS 9.0. Its asserted registrations (beginning with iOS 9.0) specifically excluded material from earlier versions of iOS, as Dr. Nieh has recognized. Ex. 1 at 170:9-171:1 (Nieh Dep. Tr.). But Dr. Nieh nonetheless chose to employ a flawed methodology, which did not focus on the specific content covered by the registrations, but broadly focused on iOS generally, which includes non-protectible elements, including those that appeared in versions earlier than 9.0, which Apple has not asserted. "In evaluating the reliability of an expert's method . . . a district court may properly consider whether the expert's methodology has been contrived to reach a particular result." *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1293, n.7 (11th Cir. 2005) (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136 (1997)).

Because the registration of iOS 9 and all later versions claim "new and revised code" and disclaim all previously versions, Dr. Nieh's analysis is also highly misleading to a finder of fact that would assume that all code in each version of iOS analyzed by Dr. Nieh is eligible for copyright protection. Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Just as a duly issued U.S. patent defines the bounds of an owner's intellectual property rights, so too does a copyright registration, which must be made prior to the filing of a civil action for infringement. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, LLC, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019). In a patent litigation, where an expert does not consider the bounds of the patent, for example, with an "incorrect understanding of the claim construction," the Court "**must disregard the testimony**." *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed.

Cir. 2011) (emphasis added). Dr. Nieh's incorrect understanding of the intellectual property rights at issue here is no different, and his testimony relating to copying, distributing, and modifying iOS object code should be disregarded by this Court.

Dr. Nieh's analysis regarding technical protection measures is also flawed for the same reasons set forth above with respect to the copyright registration. As Apple admits in its opposition, it is the copyrighted work that is central to 17 U.S.C. § (a)(2), (b). If Dr. Nieh does not even know the extent of the copyrighted work, he has no basis to opine as to whether it is protected by any technological measures.

Instead of addressing these arguments, Apple simply rehashes its position from its Motion for Partial Summary Judgement. Dkt. 453. For example, Apple misleadingly summarizes Psystar to imply that the court found that Psystar violated the DMCA by replacing the bootloader. See also Dkt. 453 (Mot.) at 10-11. The court did no such thing. *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 940-942 (9th Cir. 2009). The court found a violation of sections 1201(a)(2) and (b)(1) only because Psystar decrypted Apple's encrypted macOS X files. *Id*. at 931, 938-939. Here, no such decryption of the IPSW file takes place, as Dr. Nieh admits. Ex. 1 at 48:5-11. The court does not mention the bootloader once in its DMCA analysis. *Id*. at 938-939.

The same argument relating to Dr. Nieh's lack of understanding of the scope of the copyright registrations in suit also applies with respect to Dr. Nieh's opinions relating to Apple's Software License Agreement ("SLA"), which Apple now misleadingly describes as a "technical measure." There is no basis in the law for Apple's position and Dr. Nieh's opinions relating to the SLA are not at all relevant and highly misleading and prejudicial to Corellium.

## CONCLUSION

For the foregoing reasons, Defendant Corellium requests that the Court GRANT its motion and preclude Dr. Nieh from testifying in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

Dated: June 2, 2020                              Respectfully submitted,

                    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
MICHAEL A. BOEHRINGER
Florida Bar No.: 1018486

    *and*

HECHT PARTNERS LLP
*Counsel for Defendant CORELLIUM, LLC*
20 West 23rd St. Fifth Floor

        New York, NY 10010
        Telephone (212) 851-6821
        David Hecht, *Pro hac vice*
        E-mail: dhecht@hechtpartnersllp.com
        Maxim Price, *Pro hac vice*
        E-mail: mprice@hechtpartnersllp.com
        Minyao Wang, *Pro hac vice*
        E-mail: mwang@hechtpartnersllp.com

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*