UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE UNDER SEAL PORTIONS OF CORELLIUM'S REPLY IN SUPPORT OF ITS MEMORANDUM TO SEAL PORTIONS OF THE COURT'S ORDER D.E. 380**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Reply in Support of its Memorandum to Seal Portions of the Court's Order D.E. 380 should remain sealed pursuant to Court's Order dated April 27, 2020 [D.E. 383] ("Reply"), and in support thereof, states as follows:

## BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.  On April 20, 2020, Apple filed its Motion to Compel Defendant Corellium, LLC to Produce Documents and to Allow a 90-Minute Continuance of the Deposition of Christopher Wade ("Motion").

3.  On April 27, 2020, this Court issued a Sealed Order [D.E. 380] ("Order") on Apple's Motion addressing the continuance of deposition of Christopher Wade.

4.  On the same day, the Court issued a public order to explain the "Court's decision and its reason for sealing the Order [D.E. 383] ("Public Order"). The Public Order also mandated "further briefing from the parties as to whether the Court's Sealed [O]rder [DE 380] should remain sealed." The Order required counsel for Corellium to file a "memorandum on or before May 18, 2020, discussing why DE 380 should remain sealed or should be unsealed." *Id*.

5.  On May 18, 2020, Corellium filed its Memorandum to Seal Portions of the Court's Order D.E. 380 [D.E. 485] ("Memorandum").

6.  On June 1, 2020, Apple filed its Response to Corellium's Memorandum [D.E. 530] ("Response").

7.  Corellium's Reply details confidential and privileged information that discusses in detail the reasons why portions of the Order should remain sealed, and further includes information that has been filed under seal by the Government.

8.  Due to the highly-confidential and sensitive nature of the information contained therein, portions of the Reply have been designated "Confidential – Attorneys' Eyes Only" ("AEO").

9.  Counsel for the Government has informed counsel for Corellium that the Government does not oppose Corellium's Motion to File portions of its Reply Under Seal.

10. Counsel for Apple has informed Corellium's of its position: Apple maintains the position regarding sealing explained in its sealed filing at ECF No. 494. In light of the Court's ruling at ECF No. 497, however, Apple does not oppose the present motion to seal.

11. Consistent with the Protective Order, and due to the sensitive nature of the information at issue, Corellium moves to file under seal portions of its Reply.

## MEMORANDUM OF LAW

### I.     Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II.    Good Cause Exists for the Court to Seal Portion of Corellium's Reply

In this instance, good cause exists for this Court to seal portions of Corellium's Reply. In particular, the Reply details highly-confidential and government-sensitive information that has

been placed at issue in discovery in this case. Additionally, the Reply discusses issues raised in sealed filings by the Government, portions of the Memorandum that were filed under seal, portions of the Response filed under seal, and portions of Mr. Wade's deposition that have been designated as AEO.

In light of the above, Corellium has designated portions of the Reply "AEO" to ensure its confidentiality is kept. Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential and sensitive government information contained therein, this Court should seal portions of Corellium's Reply.

## CONCLUSION

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Reply in Support of its Memorandum to Seal Portions of the Court's Order D.E. 380, should remain sealed pursuant to Court's public Order, D.E. 383, and ordering that the information remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law:

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff and counsel for the Government on June 8, 2020, regarding the relief sought herein. Counsel for the Government does not oppose Corellium's instant motion to seal portions of its Reply. Counsel for Plaintiff maintains its position

regarding sealing explained in its sealed filing at ECF No. 494. In light of the Court's ruling at ECF No. 497, however, Apple does not oppose the present motion to seal.

Dated: June 8, 2020  Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Lizza C. Constantine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.: 106463
     LIZZA C. CONSTANTINE
     Florida Bar No.: 1002945
     MICHAEL A. BOEHRINGER
     Florida Bar No.: 1018486

     *and*

     HECHT PARTNERS LLP
     *Counsel for Defendant*
     125 Park Ave, 25th Floor
     New York, NY 10010
     Telephone (212) 851-6821
     David Hecht, *Pro hac vice*
     E-mail: dhecht@hechtpartnersllp.com
     Maxim Price, *Pro hac vice*
     E-mail: mprice@hechtpartnersllp.com
     Minyao Wang, *Pro hac vice*
     E-mail: mwang@hechtpartnersllp.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 8, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*


Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*