UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S REPLY IN SUPPORT OF ITS MEMORANDUM TO SEAL
PORTIONS OF THE COURT'S ORDER D.E. 380**

Defendant, Corellium, LLC ("Corellium"), pursuant to this Court's Order, D.E. 383, files this Reply in support of its Memorandum, discussing why portions of this Court's prior Order, D.E. 380 ("Reply"), should remain sealed, and in support thereof, states as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

The information surrounding ▮▮▮▮▮▮▮▮▮▮ ("Information at Issue"), sought to be kept under seal here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]

During the deposition of ▮▮▮▮▮, Apple introduced the Information at Issue. At that time, the documents introduced by Apple had not been produced in discovery, but rather were introduced, as exhibits to ▮▮▮▮▮ deposition. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮ More recently, on May 26, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Since then, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Corellium disagrees as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2]

On June 1, 2020, Apple filed its Response to Corellium's Memorandum to Seal Portions of the Court's Order D.E. 380 [D.E. 530] ("Response"). In its Response, Apple asserts that the

---

[1] On May 22, 2020, after Corellium filed its Memorandum to Seal Portions of the Court's Order D.E. 380 [D.E. 485] ("Memorandum"), the Government filed its Third Statement of Interest [D.E. 496] ("Third SOI"), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.E. 360. It is worth noting that Apple ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.E. 360–5.

2

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

information should be unsealed because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3] Apple claims that the Information at Issue has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Response, at 4. Contrary to Apple's statement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] on the Information at Issue because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* D.E. 360–5. Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Third SOI, at 3. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should remain under seal as it relates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Corellium's proposed redactions of sealed order D.E. 380 ("Discovery Order") should remain sealed.

## MEMORANDUM

### I. The Eleventh Circuit Established a Bright-Line Rule Exempting Discovery Materials From the Presumption of Public Access.

In *Chicago Tribune*, the Eleventh Circuit established a bright-line rule exempting discovery materials from the common-law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1312 (11th Cir. 2001). In distinguishing between material filed in discovery motions and material filed in dispositive motions, the *Chicago Tribune* Court explains, "that material filed with discovery motions is not subject to the common-law right

---

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.E. 360.
[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

of access." *Id*. In *Chicago Tribune*, the Court took into account which party was the filer of the materials, which party was championing the public disclosure and the general circumstances of the case. *Id.*, 1311–12. Apple improperly generalizes that "[l]itigation is presumptively public process" and that "there is a common law right of access to public records in civil actions." *See* Response, at 2. Apple fails to explain that the Information at Issue relates to ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ and should not be included under the presumption of public access. While there is a presumption in favor of openness of court records, this presumption is not absolute, particularly as it relates to documents and information that stem from discovery materials. *See F.T.C. v. AbbVie Products LLC*, 713 F. 3d 54, 62–63 (11th Cir. 2013).

Here, the Discovery Order at issue directly stems from, and discusses, discovery materials. The proposed redactions made to the Discovery Order relate to the Information at Issue that was provided through discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ *See generally*, Discovery Order. Particularly, Corellium ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Memorandum, at 2. All of the proposed redactions in the Discovery Order stem directly from discovery materials and should be kept sealed, as "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co.*, 263 F. 3d at 1312. Accordingly, the proposed redactions to the Discovery Order should remain sealed as there is no immediate and absolute right of public access in discovery materials and the materials ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮.

### II.     Corellium Has Demonstrated Good Cause in Keeping the Information Confidential

Contrary to Apple's claim in its Response, Corellium has demonstrated good cause to keep the limited portions in the Discovery Order under seal. "The test for whether a judicial record can be withheld from the public is a balancing test that weighs 'the competing interests of the parties' to determine whether there is good cause to deny the public the right to access the document." *AbbVie Products LLC*, 713 F. 3d at 62. ██████████ Corellium explained in its Memorandum that ██████████ ██████████ The public has no interest, nor will it benefit, from learning that ██████████ Instead, ██████████ The Information at Issue ██████████ *See Broward Bulldog, Inc. v. U.S. Dept. of Justice*, 939 F.3d 1164, 1187 (11th Cir. 2019). ██████████ While disputed, Corellium has explained through its papers that the Information at Issue ██████████ *See* D.E. 360. ██████████ Accordingly, Corellium has demonstrated good cause in maintaining sealed the proposed redacted portions of

the Discovery Order to protect ████████████████████████████████████

████████

Dated: June 8, 2020                               Respectfully submitted,

                                    COLE, SCOTT & KISSANE, P.A.
                                    *Counsel for Defendant CORELLIUM, LLC*
                                    Esperante Building
                                    222 Lakeview Avenue, Suite 120
                                    West Palm Beach, Florida 33401
                                    Telephone (561) 612-3459
                                    Facsimile (561) 683-8977
                                    Primary e-mail: justin.levine@csklegal.com
                                    Secondary e-mail: lizza.constantine@csklegal.com

                       By:   *s/ Lizza C. Constantine*
                                    JONATHAN VINE
                                    Florida Bar. No.: 10966
                                    JUSTIN B. LEVINE
                                    Florida Bar No.:  106463
                                    LIZZA C. CONSTANTINE
                                    Florida Bar No.:  1002945
                                    MICHAEL A. BOEHRINGER
                                    Florida Bar No.: 1018486

                                      *and*

                                  HECHT PARTNERS LLP
                                  *Counsel for Defendant*
                                  125 Park Ave, 25th Floor
                                  New York, NY 10010
                                  Tel: (212) 851-6821
                                  David L. Hecht *pro hac vice*
                                  Email: dhecht@hechtpartners.com
                                  Minyao Wang *pro hac vice*
                                  Email: mwang@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 8, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*


Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*