UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

   v.

CORELLIUM, LLC,

                Defendant.

**JOINT NOTICE REGARDING PENDING DAUBERT MOTIONS**

Plaintiff Apple Inc. and Defendant Corellium, LLC (collectively, the "Parties"), by and through their undersigned counsel, and as instructed in the Court's Order, ECF No. 578, hereby submit this Joint Notice to inform the Court that the Parties have conferred regarding the three issues identified in the Court's Order and advise the Court of their respective positions regarding those issues as they relate to the parties' six *Daubert* motions, ECF Nos. 444, 448, 466-1, 449, 465-1, 451, 452, 469, 454, 468.

## Evidentiary Hearings

**Apple's Position**

Oral argument from counsel will assist the Court and the Parties in resolving these motions, but an evidentiary hearing with live witness testimony is neither necessary nor appropriate given the nature of the issues raised by these motions.

Nevertheless, Corellium today confirmed that it wants to introduce new testimony from its own engineer—Stan Skowronek—to support its *Daubert* Motion to Preclude Certain Testimony of Dr. Jason Nieh, purportedly to show that Dr. Nieh's opinion regarding how the Corellium product works is incorrect. The introduction of such testimony at this juncture is unnecessary and improper. First, none of the issues raised by Corellium's motion require this Court to determine how the Corellium Apple Product works. Although Corellium claims that Mr. Skowronek's testimony should be considered before the Court rules on whether "Dr. Nieh's opinions and methods are grounded upon reliable facts," Corellium's motion does not challenge the reliability of the facts upon which Dr. Nieh relied to reach his opinions.[1] Corellium's motion instead asks this Court to address (1) whether Dr. Nieh's opinions are "tied to the asserted copyright

---

[1] Even if it did, Corellium ignores that the facts Dr. Nieh relied on include Mr. Skowronek's own deposition testimony. *See, e.g.*, ECF No. 469-4 at 5, 8.

1

registrations" at issue, ECF No. 469 at 6; (2) whether Dr. Nieh's "anti-circumvention opinions" and "opinions on the EULA" are relevant, *id.* at 7, and (3) whether Dr. Nieh's testimony is admissible under Federal Rule of Evidence 403. Corellium seemingly recognized that consideration of factual evidence is unnecessary to resolve its motion, which is presumably why it did not submit or rely on any fact witness testimony or declarations in support of its motion or request a hearing on its motion. *See* ECF Nos. 452, 469. Corellium's newfound contrary view appears to be based on its belief that, if Dr. Nieh misunderstands how its product works, his testimony should not be admitted. But as courts regularly recognize, "[t]he general rule [is] that the 'factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility.'" *In In re Trasylol Prod. Liab. Litig.*, No. 08-MD-01928, 2010 WL 1489793, at *6 (S.D. Fla. Feb. 24, 2010). The proposed testimony is thus wholly irrelevant to the Court's consideration of the motion.

Second, Corellium's request to permit Mr. Skowronek to testify reflects an attempt to inject undisclosed technical, expert opinions from Mr. Skowronek into this case.[2] Corellium neither disclosed Mr. Skowronek as an expert nor provided a "summary of the facts and opinions" to which Mr. Skowronek would testify, as required by Federal Rule of Civil Procedure 26(a)(2). If Corellium had wanted to rely on Mr. Skowronek to rebut Dr. Nieh's opinions, the time to disclose Mr. Skowronek as a rebuttal expert was months ago. The Court should reject outright Corellium's

---

[2] In meeting and conferring on the issue, Corellium's counsel advised that they intend to have Mr. Skowronek testify about the operation of Corellium's virtualization product, based on his knowledge from having built the product. This is precisely the sort of testimony based on "scientific, technical, or other specialized knowledge" contemplated by Federal Rules of Evidence 702 and 703, which is reserved for qualified expert witnesses who fully and timely disclose their opinions under Federal Rule of Civil Procedure 26.

request to submit Mr. Skowronek's testimony now.[3]

**Corellium's Position**

Corellium agrees with Apple that oral argument on all pending *Daubert* Motions should be permitted. In addition, as it relates to its Motion to Preclude Certain Testimony of Dr. Jason Nieh, [D.E. 452 (public) & D.E. 469 (sealed)] ("Nieh *Daubert* Motion"), Corellium believes an evidentiary hearing to permit factual testimony will assist the Court in its determination. Specifically, Corellium seeks to present the testimony of its 30(b)(6) corporate representative, Stan Skowronek, in connection with the following areas:

- Nieh's understanding of how the Corellium Product works, including how the Product interacts with certain portions of Apple's IPSW files and how that interaction relates to the copyrights at issue in this case,

- Whether the Corellium Product circumvents any access-control as alleged in Apple's DMCA claims,

- Whether the Corellium Product uses Apple encrypted files.

Corellium believes that factual testimony directly from the 30(b)(6) witness, a Corellium engineer, as to how the product functions will assist the Court in its efforts to review and rule upon the complex issues raised within the Nieh *Daubert* Motion. Apple has asserted that Corellium intends to offer Mr. Skowronek's testimony as expert opinion. This is not true. In light of the Court's request as to whether the Parties believe an evidentiary would assist the Court in ruling upon the "voluminous, complex issues presented," Corellium believes that having Mr. Skowronek's factual understanding of the product available would be of great assistance to the Court. Mr. Skowronek would testify as to the functionality and other factual circumstances

---

[3] If, however, the Court is inclined to grant Corellium's request and permit Mr. Skowronek to testify, then Apple respectfully requests that the Court allow Apple both to cross examine Mr. Skowronek and to present direct testimony from Dr. Nieh in response to any testimony from Mr. Skowronek.

surrounding the product. Neither of these areas of testimony are expert opinions or concern legal issues.

Apple further asserts that Corellium should have raised Mr. Skowronek's testimony in its papers. However, Corellium only offers this testimony upon the Court's invitation in its Notice [D.E. 578]. Corellium acknowledges that the relevant issues here are numerous and complex, and it will be beneficial to the Court to have the ability to clarify the factual accuracy of certain functions and circumstances of the product at issue, before ruling as to whether Dr. Nieh's opinions and methods are grounded upon reliable facts.

## Estimated Length of Evidentiary Hearing and/or Oral Argument

**Apple's Position**

Apple estimates that oral argument for all the pending *Daubert* motions will take two hours, with each side being allocated one hour in which to present their arguments from counsel.

**Corellium's Position**

Corellium estimates that oral argument for all the pending *Daubert* motions, including the presentation of Mr. Skowronek's testimony, will take approximately 4–5 hours.

## Proposed Dates of Availability in July and August 2020

**Apple's Position**

Counsel for Apple is available for hearings on the following dates: July 20, 24, 27, 28, 30, 31, and August 6, 7, 10, 11, 13, 14. July 24 appears to be the only date that counsel for all parties are available for a hearing.

If an evidentiary hearing is held, Dr. Nieh is available on July 20, 24, 27, 28, 30, 31, and August 7 and 10, and has limited availability on July 28, July 30, August 6, and August 11.

**Corellium's Position**

Counsel for Corellium is available for hearings on the following dates: July 24, and August 4, 24, 25, 26, 27 and 28. Mr. Skowronek is available on the same dates as counsel.

Dated: July 10, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL  33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

By:
<u>s/ *Justin Levine*</u>
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

HECHT PARTNERS LLP
20 West 23rd St. Fifth Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

*Attorneys for Defendant* CORELLIUM, LLC.