UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81160-SMITH/MATTHEWMAN

APPLE, INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

FILED BY KJZ D.C.
Jul 15, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER SETTING ORAL ARGUMENT HEARING
## VIA ZOOM VIDEO TELECONFERENCE (VTC)

**THIS CAUSE** is before the Court upon (1) Defendant, Corellium, LLC's ("Corellium") Daubert Motion to Preclude Certain Testimony by Dr. Michael Siegel [DE 444], (2) Plaintiff, Apple Inc.'s ("Apple") Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Expert Stewart Appelrouth [DEs 448, 466-1], (3) Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier [DEs 449, 465-1], (4) Apple's Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Experts Clark Asay and Alexander Stamos [DE 451], (5) Corellium's Daubert Motion to Preclude Certain Testimony of Dr. Jason Nieh [DEs 452, 469], and (6) Corellium's Motion to Preclude Certain Testimony by David B. Connelly [DEs 454, 468]. These matters were referred to the undersigned by the Honorable United States District Judge Rodney Smith. *See* DE 471.

On July 10, 2020, the parties filed a Joint Notice [DE 590], as required by the Court. The parties agree and suggest that oral argument on each of the six motions would be beneficial to the Court. Corellium further suggests, however, that, in regard to its Motion to Preclude Certain Testimony of Dr. Jason Nieh [DEs 452, 469], it would be helpful to the Court for Corellium to

present live testimony of its 30(b)(6) corporate representative, Stan Skowronek. The Court notes that Mr. Skowronek's deposition was previously taken by the parties on April 10, 2020, before Corellium's *Daubert* motion as to Dr. Nieh was filed on May 11, 2020. Further, Corellium acknowledges that it did not raise Mr. Skowronek's testimony in its motion or reply papers relating to Dr. Nieh. Corellium goes on to state that it is offering this testimony "upon the Court's invitation in its Notice" as it would be "beneficial to the Court to have the ability to clarify the factual accuracy of certain functions and circumstances of the product at issue, before ruling as to whether Dr. Nieh's opinions and methods are grounded upon reliable facts." Corellium estimates that, with the testimony of Mr. Skowronek, the hearing would take four to five hours. However, Apple advises that, if Mr. Skowronek is permitted to testify, Apple would want to call Dr. Nieh.

As a point of clarification, the Court's prior Order [DE 578] merely requested, for scheduling purposes, whether the parties requested oral argument and/or an evidentiary hearing, the length of any hearing, and available dates. The Court did not intend to invite new testimony that could have been—and should have been—asserted in the motion papers. Furthermore, the Court did not invite new opinions from previously non-disclosed experts. Although Corellium seeks to categorize Mr. Skowronek's new testimony as factual, in reality, it seems quite clear Mr. Skowronek would be called to offer expert opinions to rebut those of Dr. Nieh. Since Mr. Skowronek was never disclosed as an expert witness in this case, it would be violative of the applicable expert disclosure rules and unfair to Apple to allow him to testify as such under the guise of a fact witness. Moreover, the Court does not find it necessary to hear live testimony from Mr. Skowronek in order to decide Corellium's *Daubert* challenge to Dr. Nieh. The parties have filed their papers and attachments, and the parties had the benefit of Mr. Skowronek's deposition testimony when they did so.

Upon careful review of the Joint Notice, the Court has decided to set a hearing on all six motions. The hearing will be limited to oral argument; no additional testimony of Mr. Skowronek shall be presented. The hearing will be held via Zoom VTC and scheduled for three hours; each side shall have approximately 90 minutes to present its arguments as to all of the pending motions.

Accordingly, after careful review of the motions, responses, and replies, and because the parties are unable to resolve this matter without Court intervention, it is hereby **ORDERED** that a hearing on the parties' motions [DEs 444, 448, 466-1, 449, 465-1, 451, 452, 469, 454, and 468] shall be conducted via Zoom VTC on **Friday, July 24, 2020, at 10:00 a.m**. The undersigned's Courtroom Deputy, Ken Zuniga, will, at a later date, email instructions for accessing the Zoom VTC hearing to counsel.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge