UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

 v.

CORELLIUM, LLC,

      Defendant.

**UNOPPOSED MOTION TO VACATE AND REINSTATE
AND INCORPORATED MEMORANDUM OF LAW**

  Plaintiff Apple Inc., by and through undersigned counsel, hereby submits this unopposed motion to vacate the Court's Order at ECF No. 600, reinstate Apple's motion to dismiss at ECF No. 99, and deem all pending motions applicable to the operative pleadings. In support of this request, Apple states as follows:

  1. On July 9, 2020, the Court granted Apple's unopposed motion for leave to amend its complaint and prohibited Corellium from "inject[ing] any new issues or argument" in its response to the amended complaint. ECF No. 587.

  2. Pursuant to that order, Apple filed its Second Amended Complaint solely to remove 5 of 22 works from its list of alleged infringed works on July 9, 2020. *See* ECF No. 589.

  3. On July 17, 2020, Corellium responded to Apple's Second Amended Complaint by pleading a substantively identical answer and counterclaims, ECF No. 599, as contemplated by the Court's July 9 Order.

  4. On July 17, 2020, this Court dismissed as moot Apple's Motion to Dismiss Corellium's

1

Counterclaims in Corellium's Answer to Apple's First Amended Complaint.  *See* ECF No. 600.

5. When, as here, new pleadings are filed that are substantively identical to prior pleadings, courts will often deem pending substantive motions to be applicable to the new pleadings.  *See, e.g.*, *Borchers v. Amazon.com, Inc.*, Case No. 18-cv-61537, No. 171 (S.D. Fla. Dec. 13, 2018) (deeming motions to dismiss First Amended Complaint as "directed to the allegations of the Second Amended Complaint" where complaints were substantively identical); *Steinberg v. 375 Park Ave, LP*, No. 04-cv-60899, 2006 WL 8431412, at *1 n.1 (S.D. Fla. Sept. 25, 2006) (noting that the Court previously granted defendant's "Agreed Motion For Papers Filed in Connection With [Defendant's] Motion to Dismiss Third Amended Complaint to be Applied to The Fourth Amended Complaint"); *Wakefield v. City of Pembroke Pines*, No. 05-cv-61536, 2005 WL 8154853, at *1 (S.D. Fla. Dec. 15, 2005) (considering motion to dismiss amended complaint "as directed to the (Second) Amended Complaint" where "the (Second) Amended Complaint merely struck case citations in the pleading and did not change the Amended Complaint in any material fashion").

6. Because there are no substantive differences between the parties' prior pleadings and the currently operative pleadings, Apple moves this Court for an order (a) deeming all pending motions that had been applicable to the claims, defenses, and counterclaims in the prior pleadings applicable to the operative pleadings (ECF Nos. 589 and 599); and (b) vacating the Court's Order at ECF No. 600 denying as moot Apple's Motion to Dismiss certain of Corellium's counterclaims pleaded in Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's First Amended Complaint; reinstating Apple's Motion to Dismiss; and deeming that motion, and the opposition and reply thereto (ECF Nos. 99, 135, and 156), as directed to the allegations in Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended

Complaint (ECF No. 599).

7. On July 17, 2020, following this Court's order denying Apple's pending motion to dismiss as moot, Apple reached out to counsel for Corellium regarding the relief sought herein. On Tuesday, July 21, 2020, Corellium informed Apple that it did not oppose the relief requested in this motion.

**WHEREFORE** Apple respectfully requests that the Court (a) deem all pending motions addressing the parties' claims, counterclaims, and defenses as directed to the claims, counterclaims, and defenses in Apple's Second Amended Complaint (ECF No. 589), and Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint (ECF No. 599); and (b) vacate the dismissal order at ECF No. 600, reinstate Apple's Motion to Dismiss (ECF No. 99), and deem Apple's Motion to Dismiss, Corellium's Opposition thereto (ECF No. 135), and Apple's Reply thereto (ECF No. 156), to be directed towards Corellium's Answer, Affirmative Defenses, and Counterclaims to the Second Amended Complaint (ECF No. 599).

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via email with counsel for Defendant via email on July 17, 20, and 21, 2020, regarding the relief sought herein. Defendant does not oppose.

<table>
<tr><td>Dated: July 21, 2020</td><td>Respectfully Submitted,</td></tr>
</table>

| | |
|---|---|
| Michele D. Johnson* | *s/ Martin B. Goldberg* |
| *michele.johnson@lw.com* | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | *mgoldberg@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | *rdiaz@lashgoldberg.com* |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| *sy.damle@lw.com* | *epincow@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.