UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

FILED BY KJZ D.C.
Jul 29, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF APPLE INC.'S MOTION TO EXCLUDE LEGAL OPINIONS AND CORRESPONDING TESTIMONY OF CORELLIUM'S EXPERT STEWART APPELROUTH [DEs 448, 466]

THIS CAUSE is before the Court upon Plaintiff, Apple Inc.'s ("Apple") Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Expert Stewart Appelrouth ("Motion") [DEs 448, 466[1]]. This matter was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 471. Defendant, Corellium, LLC ("Corellium") filed a response [DEs 515, 556[2]], and Apple filed a reply [DE 535]. The Court held a hearing on the Motion by Zoom Video Teleconference on July 24, 2020. The matter is now ripe for review.

### II. MOTION, RESPONSE, AND REPLY

#### Apple's Motion

Apple moves to exclude a limited portion of the opinions of Corellium LLC's damages

---

[1] The public, redacted version of the Motion is at DE 448, and the sealed version of the response is at DE 466.
[2] The public, redacted version of the response is at DE 515, and the sealed version of the response is at DE 556.

1

expert, Stewart Appelrouth, and his corresponding testimony interpreting 17 U.S.C. § 504, as well as his opinions regarding Apple's damages under a profits-of-the-infringer analysis. [DE 448, p. 1]. Apple argues that allowing Mr. Appelrouth to testify to the legal opinions proffered in his Second through Fourth Expert Reports would undermine the Court's role and risk hopelessly confusing the jury. *Id.* More specifically, Apple argues that Mr. Appelrouth is not qualified to provide opinions involving legal interpretation because he is not an attorney. *Id.* at pp. 2-3. According to Apple, the Court should consequently exclude any of his testimony with respect to the Plaintiff's burden of proof under 17 U.S.C §504(b). *Id.* at pp. 3-4. Apple further contends that, even if Mr. Appelrouth was qualified, opining on legal interpretations is not his role in the case; it is the judge's role to instruct the jury on the relevant legal standards. *Id.* at pp. 4-5.

Next, Apple asserts that the Court should exclude Mr. Appelrouth's opinion that Apple has not met its burden of demonstrating "gross revenues" within the meaning of 17 U.S.C §504(b), as it is grounded in an unfounded and misstated interpretation that is unhelpful, prejudicial, and confusing. [DE 448, pp. 5-6]. Apple argues that 17 U.S.C §504(b) demonstrates that the law actually puts the burden on Corellium, not Apple. *Id.*

According to Apple, Mr. Appelrouth relied on three out-of-circuit cases provided by Corellium's counsel for his opinion, all holding that the plaintiff in a copyright case must establish some broad causal link between either infringement or infringing activity and a "particular profit stream" before the burden-shifting provisions of 504(b) apply. However, Apple contends that, even if this requirement of a causal link applies, section 17 U.S.C. §504 still does not shift the burden of allocating an infringer's revenue within a single product line (such as the case here) to copyright plaintiffs. [DE 448, pp. 6-7]. Moreover, courts interpreting 17 U.S.C. §504 have

2

universally held that it is sufficient to identify revenues from that product line, and the burden then shifts to the defendant to attempt to allocate within-product-line revenues. *Id.* at p. 7. Apple therefore concludes that Mr. Appelrouth's opinion is a misstatement of law that does not help the trier of fact and creates a danger of misleading the jury. *Id.* at p. 9.

## **Corellium's Response**

In response, Corellium maintains that, while expert witnesses may not opine as to legal issues in a given case, they may explain their personal understandings of the law and apply it to opinions of scientific experts on issues of fact. [DE 515, pp. 6-7]. Corellium believes that Mr. Appelrouth's report does just this and that his testimony explains the differences between his understanding of the term gross revenue and that of Mr. Connelly's, leaving the Court to provide any necessary jury instructions regarding the weight to be accorded to the testimony. *Id.* at p. 7. According to Corellium, Mr. Appelrouth's testimony serves to assist the jury in understanding both the relevant methods and corresponding limitations utilized by each expert. *Id.*

Corellium next argues that a witness may refer to the law in expressing an opinion without rendering the testimony inadmissible, just as Mr. Appelrouth did. [DE 515, pp. 7-8]. Further, Corellium maintains that, had Mr. Connelly not opined on the alleged burden shift that raised such an issue in the first place, Mr. Appelrouth would not have had a need for such reference material. *Id.* at p. 9. According to Corellium, it follows that, if Mr. Appelrouth had written an improper legal interpretation, then Mr. Connelly's interpretation was improper too, since he did the "exact same thing." *Id.* Corellium asserts that simply reading a case and writing an expert report, as Mr. Appelrouth did, does not inherently imply legal interpretation. *Id.* Corellium further argues that the cases relied on by Apple are distinguishable from the case at bar because, in those cases, the

experts opined on the conduct of the parties prior to the litigation, and not on the corresponding expert's methodology, as is the case here. *Id.* at p. 10. Corellium contends that Mr. Appelrouth's opinions do not contain any legal conclusions that speak to an underlying factual issue, interpretation of the law, or application of the law to the facts, so precluding such testimony that simply references the law would risk the expert proffering incomplete or improper opinions. *Id.* at p. 11. Lastly, Corellium argues that excluding Mr. Appelrouth's understanding of gross revenue under §504(b) would confuse and prejudice the jury, and the testimony and report are helpful in that they will help explain to the jury as to why Mr. Appelrouth could not make a full determination of the profits. *Id.* at pp. 11-12.

### Apple's Reply

In reply, Apple rejects the claim that such opinions are merely commentary and argues that they were impermissible legal opinions speaking to the parties' burdens. [DE 535, pp. 2-3]. Consequently, such opinions are invading the Court's role of instructing the jury on both the law and applicable burdens and are inadmissible, "unhelpful," and "inappropriate." *Id.* at p. 4. Apple further argues that Mr. Appelrouth's mistaken understanding of the law wrongly places the burden on Plaintiff, therefore rendering his opinions prejudicial, misleading and confusing. *Id.* at pp. 4-5. Lastly, Apple claims that Appelrouth allegedly had access to all of Corellium's financial information and could have readily offered an opinion on the "elements of profit attributable to factors other than the copyrighted work." *Id.* at p. 5.

### III. RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper

4

foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2-3 (S.D. Fla. July 1, 2020) (J. Bloom) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).[3]

With regard to the second requirement, "[t]he *Daubert* Court listed four non-inclusive factors courts should consider in determining reliability under Rule 702: (1) whether the theory or technique can be tested; (2) whether it has been subjected to peer review; (3) whether the technique has a high known or potential rate of error; and (4) whether the theory has attained general acceptance within the scientific community." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not

---

[3] The undersigned notes that Judge Beth Bloom's opinion in *Southpoint* discussing the manner in which *Daubert* and Rule 702 are to be applied in federal court, and applicable legal principles, is an excellent and concise recitation of *Daubert* principles and law.

5

intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 3581611, at *3 (quoting *Quiet Tech.*, 326 F.3d at 1341 (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999)).

## IV. <u>ANALYSIS</u>

At the July 24, 2020 hearing, Apple's counsel stated that Apple is not challenging Mr. Appelrouth's qualifications as a damages expert; however, Apple is challenging his legal opinions in light of the fact that he is not a lawyer. Apple's counsel also explained that Apple is not challenging the reliability of Mr. Appelrouth's methodology in calculating Corellium's damages, although, of course, it disagrees with his damage calculations. Thus, Apple's Motion really comes down to two issues—(1) whether Mr. Appelrouth, a non-lawyer, is improperly testifying on legal opinions and (2) whether Mr. Appelrouth's opinions are supported by the law and whether they would be helpful to a jury. Apple takes issue with the fact that, in his Second, Third, and Fourth Expert Reports, Mr. Appelrouth enunciated a legal standard, disputed the plain language of statute, and cited to case law.

Corellium's counsel represented at the hearing on the Motion that Corellium has no plans to seek to introduce Mr. Appelrouth's Expert Reports at trial, but that Corellium may seek to introduce evidentiary and demonstrative exhibits regarding calculations from those Expert Reports. Corellium also intends to call Mr. Appelrouth to testify live at trial. This is important to the Court as there is no risk that the jury will be unfairly prejudiced by improper opinions or statements contained in Mr. Appelrouth's written reports. Rather, his testimony shall have to

6

comply with the Court's directives as explained herein. Further, any improper questions or responses can be dealt with at trial by contemporaneous objections or motions to strike, to be decided by the trial judge.

Corellium's counsel further explained to the Court that Corellium agrees with Apple that the law does not permit expert witnesses to testify about legal conclusions and that Mr. Appelrouth does not intend to testify as to legal opinions. Corellium's counsel cited to Mr. Appelrouth's deposition testimony where he stated under oath on multiple occasions that he was not a lawyer and did not want to discuss the legal side of the damages issue. According to Corellium's counsel, Mr. Applerouth only asked counsel for case law after Apple's damages expert, Mr. Connelly, brought up the burden-shifting issue in his own expert report.

The Court has fully reviewed Mr. Appelrouth's Second Expert Report dated April 13, 2020 [DE 466-2], his Third Expert Report dated April 20, 2020 [DE 466-3], and his Fourth Expert Report dated April 27, 2020 [DE 466-4]. The Expert Reports do contain some improper legal conclusions. *See, e.g.*, DE 466-4, p. 4 of 24 (discussing the burden and burden-shifting under 17 U.S.C. § 504(b) and discussing case law provided by Corellium's counsel). While "[a]n expert may testify as to his opinions on an ultimate issue of fact ... he 'may not testify as to his opinion regarding ultimate legal conclusions.'" *Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019) (quoting *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014)). The Eleventh Circuit has also made clear that "merely telling the jury what result to reach is unhelpful and inappropriate." *Id.* (quoting *Umana-Fowler*, 49 F. Supp. 3d at 1122 (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)).

In light of this case law, noting that Mr. Appelrouth is not an attorney and is not, therefore, qualified to opine on the law interpreting a statute, and noting that Corellium's counsel conceded that Mr. Appelrouth should not opine about the law and only included legal language in his Expert Reports in order to respond to Apple's damages expert, the Court finds that Mr. Appelrouth is not permitted to testify as to his legal opinions regarding the parties' burden under the applicable statute or the shifting of that burden. Further, Mr. Appelrouth is not permitted to comment upon any legal opinions which Corellium's counsel may have provided to him, as this would risk unfair prejudice and confusion of the jury. *See, e.g., Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708370, at *2 (S.D. Fla. June 6, 2014).

An expert such as Mr. Appelrouth is not permitted to usurp the role of the Court in instructing the jury on the applicable law. The Court will inform the jury as to what the burden is under Copyright damages law and whether said burden shifts, and if so, when. Mr. Appelrouth should not be permitted to testify as to the burden-shifting under the law; rather, he should simply provide his damage calculations, and then opposing counsel can test those opinions via cross-examination. Since the Court is excluding all testimony on the issue of the burden imposed by the statute, the Court does not need to rule on the actual underlying legal issue as to what the law on burden-shifting is at this time. That is, the Court will not attempt to resolve the parties' "burden battle" at this juncture. The parties can make their legal arguments to the District Judge, who will then instruct the jury.[4]

The remainder of Mr. Appelrouth's opinions as to damages are, however, proper and

---

[4] The Court additionally finds that it would be improper for Mr. Appelrouth to assert, to the extent he does so, any opinions or statements about Apple's alleged failures during the discovery process or Corellium's conduct during the discovery process. Mr. Appelrouth should not be permitted to accuse Apple of being dilatory or obstructionist during the discovery process. Any such testimony or opinions should be excluded from both Mr. Appelrouth's testimony and Mr. Connelly's testimony. *See Horrillo*, 2014 WL 2708370, at *2.

should be admitted. Mr. Appelrouth is a qualified damages expert and he should be permitted to address the relevant economic factors in calculating damages and the damages that he has calculated based on the facts in this specific case.

## V. CONCLUSION AND RECOMMENDATION

In light of the foregoing, it is the recommendation of this Court that Apple's Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Expert Stewart Appelrouth [DEs 448, 466] be **GRANTED IN PART AND DENIED IN PART**. Mr. Appelrouth should not be permitted to testify as to any legal opinions, particularly regarding the statutory burden and burden-shifting under 17 U.S.C. § 504(b), and he shall not be permitted to discuss or disparage Apple's conduct during the discovery process or discuss Corellium's conduct during the discovery process. He should be permitted to testify as to his damage calculations and related opinions for consideration by the trial judge and jury.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Rodney Smith within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge