UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

FILED BY KJZ D.C.
Jul 29, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON APPLE INC.'S MOTION TO EXCLUDE CERTAIN OPINIONS AND CORRESPONDING TESTIMONY OF CORELLIUM'S EXPERT JAMES OLIVIER [DEs 449, 465]

THIS CAUSE is before the Court upon Plaintiff, Apple, Inc.'s ("Apple") Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier ("Motion") [DEs 449, 465[1]]. This matter was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 471. Defendant, Corellium, LLC ("Corellium") filed a response [DE 514, 555[2]], and Apple filed a reply [DEs 534, 538[3]]. The Court held a hearing on the Motion by Zoom Video Teleconference on July 24, 2020. The matter is now ripe for review.

## II. MOTION, RESPONSE, AND REPLY

### Apple's Motion

In the Motion, Apple is seeking to exclude certain opinions and corresponding testimony

---

[1] The public, redacted version of the Motion is at DE 449, and the sealed version of the Motion is at DE 465.
[2] The public, redacted version of the response is at DE 514, and the sealed version of the response is at DE 555.
[3] The public, redacted version of the reply is at DE 534, and the sealed version of the reply is at DE 538.

of Corellium's Computer Science expert, Dr. James Olivier. [DE 449, p. 1]. According to Apple, Dr. Olivier's opinions are "based exclusively on facts conveyed to him in his conversations with Corellium's co-founder and Chief Technology Officer Chris Wade. But Mr. Wade has denied under oath knowing the information in question, rendering Dr. Olivier's opinions based on such information wholly unreliable and unsupported." *Id.* Apple asserts that Mr. Wade testified at his April 13, 2020 deposition, that he could not answer many of the technical questions posed to him. *Id.* at p. 3. Apple further argues that Dr. Olivier's testimony is not based on sufficient facts or data, as required by Rule 702(b), and his opinion is not the product of reliable principles and methods, as required by Rule 702(c). *Id.* at p. 1. Apple specifically seeks to exclude Dr. Oliver's opinions regarding Corellium's use of Apple's IPSW files. *Id.* at p. 6.

## Corellium's Response

In response, Corellium first argues that "Mr. Wade's testimony and Dr. Olivier's recitation of facts that he understood from Mr. Wade are consistent, particularly with respect to the fact that the Corellium Apple Product does not utilize the 'update disk image' or encrypted portions of Apple's IPSW file containing iOS." [DE 514, p. 2]. Corellium maintains that Apple opted not to depose Christopher Wade on certain technical issues, so this explains the lack of testimony on these issues. *Id.* at p. pp. 4-5. Second, Corellium contends that "Dr. Olivier's testimony did not preclude the possibility that another Corellium engineer was on the calls with Mr. Wade and Dr. Olivier." *Id.* at p. 2. Finally, Corellium asserts that Apple mischaracterizes and intentionally omits critical portions of testimony including statements that establish that Dr. Olivier relied on information, including his review of source code and his use of the Corellium Apple Product, in addition to his conversations with Mr. Wade. *Id.* at pp. 2, 6-7.

2

**Apple's Reply**

In reply, Apple maintains that the Court should use its gatekeeping authority pursuant to *Daubert* to prevent Dr. Olivier from testifying at trial about opinions that lack any discernible factual or scientific basis because such testimony would not help the jury and would serve only to confuse or mislead them. [DE 534, p. 1]. Apple next asserts that further deposing Mr. Wade regarding the extent to which Corellium uses specific components of the IPSW clearly would have been futile. *Id.* at p. 2. According to Apple, "Dr. Olivier's exclusive reliance on Mr. Wade for these facts is inherently unreliable and does not pass muster under *Daubert*." *Id.* at p. 3. Apple argues that, in its response, Corellium "implicitly concedes that Dr. Olivier's testimony and opinions regarding the 'amount and substantiality' of iOS used by Corellium are not helpful and should be excluded. At the very least, Corellium has waived any argument to the contrary." *Id.* Apple argues that Corellium's contention that Dr. Olivier relied on other information besides his conversations with Mr. Wade to form the basis for his opinions about Corellium's use of Apple's IPSW files is unpersuasive and unsupported by the record. *Id.* at pp. 4-5. Finally, Apple contends that it did not mischaracterize Dr. Olivier's testimony. *Id.* at pp. 6-8.

## IV. RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify

competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2-3 (S.D. Fla. July 1, 2020) (J. Bloom) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).[4]

With regard to the second requirement, "[t]he *Daubert* Court listed four non-inclusive factors courts should consider in determining reliability under Rule 702: (1) whether the theory or technique can be tested; (2) whether it has been subjected to peer review; (3) whether the technique has a high known or potential rate of error; and (4) whether the theory has attained general acceptance within the scientific community." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 3581611, at *3 (quoting *Quiet Tech.*, 326 F.3d at 1341 (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–

---

[4] The undersigned notes that Judge Beth Bloom's opinion in *Southpoint* discussing the manner in which *Daubert* and Rule 702 are to be applied in federal court, and applicable legal principles, is an excellent and concise recitation of *Daubert* principles and law.

4

59 (11th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999)).

## V. ANALYSIS

As an initial matter, at the July 24, 2020 hearing, Corellium's counsel represented that Corellium does not intend to attempt to introduce Dr. Olivier's Expert Reports as evidence at trial. Rather, Corellium plans to call Dr. Olivier as a live witness. This is important to the Court as there is no risk that the jury will be unfairly prejudiced by improper opinions or statements contained in Dr. Olivier's written reports. Rather, his testimony shall have to comply with the Court's directives as explained herein and any improper questions or responses can be dealt with at trial by contemporaneous objections or motions to strike to be decided by the trial judge.

In its Motion, Apple generally argues that Dr. Olivier's testimony is not based on sufficient facts or data, as required by Rule 702(b), and his opinion is not the product of reliable principles and methods, as required by Rule 702(c). At the July 24, 2020 hearing, Apple's counsel represented that Apple is not challenging Dr. Olivier's qualifications. Apple's counsel also stated that Apple is not moving to bar all of Dr. Olivier's opinions. Rather, Apple is moving to exclude Dr. Olivier's legal opinions on matters such as the scope of the applicable statute and whether fair use applies in this case. Apple's counsel acknowledged that Dr. Olivier should be permitted to opine as to technology. Apple's counsel additionally argued that no experts should be instructing the jury on the law or reaching legal conclusions.

The Court has fully reviewed Dr. Olivier's Expert Report dated March 3, 2020 [DE 465-2] and his Rebuttal Expert Report dated April 13, 2020 [DE 465-3]. The Expert Reports do contain improper legal conclusions. *See, e.g.*, DE 465-2, pp. 4-5 of 46 (concluding that "Corellium's use of Apple's publicly available unencrypted iOS object code constitutes fair use" and that "Corellium

is free from liability under the DMCA"). While "[a]n expert may testify as to his opinions on an ultimate issue of fact ... he 'may not testify as to his opinion regarding ultimate legal conclusions.'" *Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019) (quoting *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014)). The Eleventh Circuit has also made clear that "merely telling the jury what result to reach is unhelpful and inappropriate." *Id.* (quoting *Umana-Fowler*, 49 F. Supp. 3d at 1122 (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)). Dr. Olivier, a non-lawyer, is not permitted to provide legal opinions or testify as to ultimate legal conclusions. That would be an invasion of the province of the judge and jury.

Next, Apple is only seeking to exclude one additional opinion of Dr. Olivier regarding Corellium's use of Apple's IPSW files. During the July 24, 2020 hearing, the parties initially agreed that Dr. Olivier's opinion as to the amount or substantiality of Corellium's use of iOS code should be excluded. However, the parties later began to dispute semantics and seemingly withdrew their agreement.

In Corellium's response to the Motion, it stated as follows: "As to the amount of IPSW files that Corellium uses: it is undisputed (and Apple agrees) that Dr. Olivier does not intend to offer opinion testimony on the actual amount or substantiality of the portions that Corellium allegedly used in relation to the copyright work. Dr. Olivier has confirmed this under oath." [DE 514, p. 5]. Therefore, in light of this representation by counsel in a response signed by counsel and filed with the Court, the Court will exclude any testimony by Dr. Olivier regarding the actual amount or substantiality of the portions of the IPSW files that Corellium allegedly used in relation to the copyright work.

## VI. CONCLUSION AND RECOMMENDATION

In light of the foregoing, it is the recommendation of this Court that Apple's Motion to Exclude Certain Opinions and Corresponding Testimony of Corellium's Expert James Olivier [DEs 449, 465] be **GRANTED IN PART AND DENIED IN PART**. The Motion should be GRANTED to the extent that Dr. Olivier should not be permitted to testify as to any legal opinions or legal conclusions. Further, he should not be permitted to testify as to the actual amount or substantiality of the portions of the IPSW files that Corellium allegedly used in relation to the copyright work. The Motion should be DENIED in all other respects, and Dr. Olivier should be permitted to provide his computer science expert testimony and opinions at trial.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Rodney Smith within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge