UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

FILED BY KJZ D.C.

Jul 29, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT CORELLIUM, LLC'S DAUBERT MOTION
TO PRECLUDE CERTAIN TESTIMONY OF DR. JASON NIEH [DEs 452, 469]**

THIS CAUSE is before the Court upon Defendant, Corellium, LLC's ("Corellium") *Daubert* Motion to Preclude Certain Testimony of Dr. Jason Nieh ("Motion") [DEs 452, 469[1]]. This matter was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 471. Plaintiff, Apple Inc. ("Apple") filed a response [DE 505,524[2]], and Corellium filed a reply [DEs 544, 558[3]]. Corellium has also filed a Notice of Partial Withdrawal of Timeliness Arguments from Dr. Nieh and Siegel's Daubert Motions [DE 489]. The Court held a hearing on the Motion by Zoom Video Teleconference on July 24, 2020. The matter is now ripe for review.

---

[1] The public, redacted version of the Motion is at DE 452, and the sealed version of the response is at DE 469.
[2] The public, redacted version of the response is at DE 505, and the sealed version of the response is at DE 524.
[3] The public, redacted version of the reply is at DE 544, and the sealed version of the reply is at DE 558.

1

## II. MOTION, RESPONSE, AND REPLY

### Corellium's Motion

In its Motion, Corellium seeks to exclude the entire testimony of Apple's expert, Dr. Jason Nieh, a professor of computer science. [DE 452]. Corellium asserts that Dr. Nieh "admittedly took no steps to determine the extent of the new and revised code for each version of iOS. Without conducting that analysis, Dr. Nieh's opinions are fundamentally flawed as they are not tied to the intellectual property at issue in this litigation." *Id.* at p. 2. Corellium further contends that Dr. Nieh's opinions on copying, distributing, and modifying are not tied to the asserted copyright registrations because he conducted no analysis as to whether or how the specific code covered by the registrations-in-suit were allegedly copied, distributed or used to prepare derivative works. *Id.* at p. 6.

Corellium next contends that Dr. Nieh is focused on technological protection measures that are inapplicable to Apple's Digital Millennium Copyright Act ("DMCA") claim. [DE 452, p. 3]. Corellium additionally maintains that Dr. Nieh's "analysis in this case is irrelevant to the DMCA provisions regarding trafficking asserted by Apple, 17 U.S.C. §§ 1201(a)(2), (b), 1203." *Id.* at pp. 7-8. Corellium also argues that Dr. Nieh's opinions regarding Apple's Software License Agreement (SLA) are irrelevant because Apple has not alleged any breach of contract of the SLA. *Id.* at p. 8. Finally, Corellium asserts that, even if the Court finds the admissibility requirements of Rule 702 are met, the Court should exclude Dr. Nieh under Rule 403 because the jury will assume that because Dr. Nieh is a technical expert. *Id.* at pp. 13-14.

Corellium has withdrawn Section D of the Motion. *See* DE 489.

**Apple's Response**

In Apple's response, it first points out that Corellium has not filed a true *Daubert* motion in that Corellium does not dispute Dr. Nieh's technical expertise, that his expertise will help the jury understand the technical evidence and comprehend and resolve the disputed facts in this case, Dr. Nieh's underlying methodology, the sufficiency, authenticity, or reliability of the underlying data, information, and source code relied on by Dr. Nieh in his analyses, or that Dr. Nieh's opinions are the product of careful and reasoned analysis. [DE 505, p. 1]. Apple summarizes Corellium's arguments as follows: "that Dr. Nieh's opinions should be excluded because: (1) Dr. Nieh, a computer scientist, did not offer a legal opinion on the scope of Apple's copyrights; (2) Apple's interpretation of the Digital Millennium Copyright Act ("DMCA") is purportedly incorrect; (3) Apple has not brought a breach-of-contract claim; and (4) Dr. Nieh's testimony allegedly will be unfairly prejudicial." *Id.*

With regard to the first issue, Apple explains that Corellium has improperly argued that Dr. Nieh's opinions related to Corellium's infringement of Apple's copyrights are unreliable. [DE 505, p. 6]. According to Apple, Corellium fundamentally misunderstands what constitutes a legal question versus a factual one, and the scope of Apple's copyrights is a legal question about which Dr. Nieh properly declined to opine. *Id.* at p. 7. Apple next argues that Corellium is incorrect in claiming that Dr. Nieh did not tie the "specific code" covered by Apple's copyright registrations at issue to Corellium's infringing acts. *Id.* According to Apple, Dr. Nieh was provided with information about the versions of iOS at issue, the source code deposits for each those versions of iOS that accompanied each copyright registration, and duly issued copyright registrations that are accorded a presumption of validity, and then he opined on the "creativity of the source code in

3

those versions of iOS and the Corellium Apple Product's copying, modifying, displaying, and distribution of them." *Id.* at p. 8. Apple maintains that this is a proper procedure. *Id.*

Corellium also seeks to exclude as irrelevant all of Dr. Nieh's opinions related to Corellium's circumvention of measures that protect iOS. [DE 505, p. 9]. In its response, Apple argues that Corellium's whole argument is improperly premised on the theory that the DMCA provisions at issue here—17 U.S.C. § 1201(a)(2) and (b)—do not apply to Corellium's conduct. *Id.* Apple also contends that Corellium's entire argument is based solely on the proper interpretation of a federal statute, but interpretation of the status "has no bearing on whether Dr. Nieh's opinions are admissible." *Id.* Apple further argues that Corellium's interpretation of the status is incorrect in light of the relevant law. *Id.* at pp. 9-10.

Apple responds to Corellium's argument that Dr. Nieh's opinions regarding Apple's Software License Agreement are also irrelevant by asserting that Dr. Nieh "has not offered an opinion on any purported breach of Apple's SLAs or the interpretation of those contracts." [DE 505, p. 10]. According to Apple, Dr. Nieh's opinion regarding the SLA "addresses the technical measure—known as the 'Buddy' program—that in the ordinary course presents users of iOS with the Apple SLA and requires them to agree to it to use iOS." [DE 505, p. 10]. According to Apple, Dr. Nieh's opinion is "directly relevant to Apple's anti-trafficking claim under the DMCA." *Id.* at p. 11.

Finally, with respect to Corellium's Rule 403 argument, Apple argues that Corellium is simply rehashing its more substantive argument and that Corellium has not established unfair prejudice. [DE 505, pp. 11-12].

**Corellium's Reply**

In reply, Corellium again argues that Dr. Nieh used a "flawed methodology, which did not focus on the specific content covered by the registrations, but broadly focused on iOS generally, which includes non-protectible elements, including those that appeared in versions earlier than 9.0, which Apple has not asserted." [DE 544, p. 2]. Corellium further asserts that Dr. Nieh's analysis is "highly misleading to a finder of fact that would assume that all code in each version of iOS analyzed by Dr. Nieh is eligible for copyright protection." *Id.* According to Corellium, Dr. Nieh's analysis regarding technical protection measures is also flawed, in that if he "does not even know the extent of the copyrighted work, he has no basis to opine as to whether it is protected by any technological measures." *Id.* at p. 3. Finally, Corellium maintains that Dr. Nieh's opinions relating to Apple's Software License Agreement are similarly improper and that there is "no basis in the law for Apple's position and Dr. Nieh's opinions relating to the SLA are not at all relevant and highly misleading and prejudicial to Corellium." *Id.*

In their Joint Notice [DE 590], both parties requested oral argument on the motion. The Court granted the joint request for oral argument and held oral argument on July 24, 2020.

## IV. RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify

5

competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2-3 (S.D. Fla. July 1, 2020) (J. Bloom) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).[4]

With regard to the second requirement, "[t]he *Daubert* Court listed four non-inclusive factors courts should consider in determining reliability under Rule 702: (1) whether the theory or technique can be tested; (2) whether it has been subjected to peer review; (3) whether the technique has a high known or potential rate of error; and (4) whether the theory has attained general acceptance within the scientific community." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 3581611, at *3 (quoting *Quiet Tech.*, 326 F.3d at 1341 (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–

---

[4] The undersigned notes that Judge Beth Bloom's opinion in *Southpoint* discussing the manner in which *Daubert* and Rule 702 are to be applied in federal court, and applicable legal principles, is an excellent and concise recitation of *Daubert* principles and law.

59 (11th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999)).

## V. ANALYSIS

As an initial matter, at the July 24, 2020 hearing on the Motion, Apple's counsel represented that Apple did not plan on attempting to introduce Dr. Nieh's Expert Reports as evidence. Corellium's counsel conceded that, if the Expert Reports are not going to be admitted, then Corellium is less concerned about the alleged impropriety of the Expert Reports. This is also important to the Court as there is no risk that the jury will be unfairly prejudiced by improper opinions or statements contained in Dr. Nieh's written reports. Rather, his testimony shall have to comply with the Court's directives as explained herein and any improper questions or responses can be dealt with at trial by contemporaneous objections or motions to strike to be decided by the trial judge.

The Court has fully reviewed Dr. Nieh's Expert Report dated March 3, 2020 [DE 469-2], his Rebuttal Expert Report dated April 13, 2020 [DE 469-3], and his Supplemental Expert Report dated May 1, 2020 [DE 469-4]. The Expert Reports do contain some improper legal conclusions, especially in light of the fact that Dr. Nieh is not an attorney. *See, e.g.*, DE 469-2, Section V (discussing the relevant legal principles). While "[a]n expert may testify as to his opinions on an ultimate issue of fact ... he 'may not testify as to his opinion regarding ultimate legal conclusions.'" *Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019) (quoting *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014)). The Eleventh Circuit has also made clear that "merely telling the jury what result to reach is unhelpful and inappropriate." *Id.* (quoting *Umana-Fowler*, 49 F. Supp. 3d at 1122 (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)). Thus, the

Court will exclude Dr. Nieh's legal opinions or legal conclusions that he provides in his expert reports and finds that Dr. Nieh should not be permitted to testify as to these legal opinions or legal conclusions at trial.

The Court will now consider the remainder of Dr. Nieh's opinions. Corellium's counsel's general argument at the hearing in favor of excluding Dr. Nieh's opinions is that Dr. Nieh is providing highly technical, highly prejudicial, irrelevant opinions in which he conflates different concepts. However, the Court finds that Corellium's *Daubert* challenge, to the extent it is an actual *Daubert* challenge, fails.

First, Dr. Nieh is clearly qualified to render opinions as a "technical expert" as described by Apple (as opposed to an "infringement expert" as described by Corellium). Corellium argues in its papers that Dr. Nieh has never offered testimony in a copyright case, and his technical expertise is limited to patent litigation. However, Dr. Nieh is a Professor of Computer Science and co-Director of the Software Systems Laboratory at Columbia University. His research spans a broad range of software systems, operating systems, virtualization, cloud computing, and mobile computing. Dr. Nieh is not an expert in copyright litigation, but his professional experience qualifies him to testify on technology-related matters in a copyright lawsuit. He is clearly a sound computer science expert and well qualified to testify on technical issues. Moreover, at the July 24, 2020 hearing, Corellium's counsel represented that Corellium is not truly challenging Dr. Nieh's qualifications.

Next, the Court finds that Dr. Nieh's methodology is sufficiently reliable. In this case, Dr. Nieh analyzed the release notes for each version of iOS at issue to identify and opine on the creativity of the new features in each version. He then used this analysis to determine how the Corellium Apple Product allegedly copies, modifies, displays, and distributes iOS code, which is a

8

central issue to this case. Apple argues that Corellium is improperly faulting Dr. Nieh for failing to formulate legal conclusions regarding what is protected under the law in light of Apple's copyright registrations, and the Court agrees with this assessment. The law is clear Dr. Nieh cannot give legal opinions or reach legal conclusions. The real issue here is that Corellium and Apple simply disagree about how to evaluate this case. But that is not a basis for a *Daubert* challenge.

Furthermore, with regard to Dr. Nieh's opinions on DMCA violations, security measures, and Apple SLA, it once again seems to the Court that Dr. Nieh simply disagrees with Corellium regarding statutory interpretation (which Dr. Nieh will not be opining on in this case), the relevant facts in this case, and the application of law to fact (which Dr. Nieh will not be opining on in this case). In other words, Corellium fundamentally disagrees with Dr. Nieh's opinions and Apple's theory of the case. Corellium has failed to successfully argue that Dr. Nieh's opinions and methodologies are actually unreliable, will not be helpful to the jury, or lack a sound methodology, as required under *Daubert*. And, the Court does find that Apple has met its burden of establishing that Dr. Nieh's opinions are sound, his methodology is reliable, his opinions will be helpful to the jury, and he passes muster under *Daubert*.

Finally, the Court also rejects Corellium's argument that Dr. Nieh's opinions should be excluded under Federal Rule of Evidence 403. This is an extremely complicated copyright infringement case involving a novel technology, and Dr. Nieh's technical expertise and computer science related testimony and opinions will assist the trier of fact in understanding the evidence. The technology being utilized by the Corellium Apple Product is beyond the common knowledge of the average lay person; therefore, Dr. Nieh's extensive knowledge will assist the jury in making sense of the complicated evidence. Corellium has also failed to establish that the probative value of

Dr. Nieh's testimony is substantially outweighed by a danger unfair prejudice.

To the extent that Corellium disputes Dr. Nieh's testimony or opinions, this issue can be remedied by vigorous cross-examination and the presentation of opposing, properly disclosed expert opinions and evidence. Also, if Corellium is concerned about Dr. Nieh opining about versions of iOS not at issue in this lawsuit in light of the copyright registrations that Apple is actually claiming have been violated, Corellium can ask for a limiting instruction at trial.

## VI. CONCLUSION AND RECOMMENDATION

In light of the foregoing, it is the recommendation of this Court that Corellium's Daubert Motion to Preclude Certain Testimony of Dr. Jason Nieh [DEs 452, 469] be **GRANTED IN PART AND DENIED IN PART**. The Motion should be GRANTED to the extent that any legal opinions or legal conclusions of Dr. Nieh should be excluded. The Motion should be DENIED in all other respects.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Rodney Smith within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge