UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF APPLE INC.'S MOTION TO EXCLUDE LEGAL OPINIONS AND CORRESPONDING TESTIMONY OF CORELLIUM'S EXPERTS CLARK ASAY AND ALEXANDER STAMOS [DE 451]**

THIS CAUSE is before the Court upon Plaintiff, Apple Inc.'s ("Apple") Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Experts Clark Asay and Alexander Stamos ("Motion") [DE 451]. This matter was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 471. Defendant, Corellium, LLC ("Corellium") filed a response [DE 507], and Apple filed a reply [DE 532]. The Court held a hearing on the Motion by Zoom Video Teleconference on July 24, 2020. The matter is now ripe for review.

The Court initially notes that Apple chose to file one motion to challenge two of Corellium's experts, Professor Asay and Professor Stamos. The Court would have preferred a separate motion by Apple as to each of the two experts, but for some reason that was not done here, even though the parties filed separate motions as to all other challenged experts in this case. However, the Court does not want to delay this matter any further by requiring the re-filing of a

1

separate motion for each expert. Accordingly, the Court has addressed both experts, Professor Asay and Professor Stamos, in one Report and Recommendation. The Court has endeavored to clearly delineate its individualized evaluation of each of these two experts in this Report and Recommendation in an effort to avoid any confusion on the part of the reader.

## II. MOTION, RESPONSE, AND REPLY

### Apple's Motion

**Professor Asay:** Apple first argues that Corellium's expert, law professor Clark Asay, has provided expert reports that "consist exclusively of legal arguments and conclusions that are not the proper subject of expert testimony." [DE 451, p. 1]. It asserts that his understanding of the facts is based "exclusively on a review of the pleadings, conversations he had with Corellium's attorneys, and a single conversation with Corellium principals Chris Wade and Amanda Gorton that took place only after he filed his initial report." *Id.* at p. 2.

**Professor Stamos:** Apple next argues that Corellium's expert, Professor Alexander Stamos, a non-lawyer expert in the security research industry, who read a single copyright case provided to him by Corellium's counsel, also intends to testify regarding his conclusions that Corellium is engaged in fair use under the Copyright Act and did not violate the Digital Millennium Copyright Act. [DE 451, p. 1].

According to Apple, neither witness has reviewed the factual record in the case, and the witnesses are improperly attempting to act as judge and jury. *Id.* Apple specifically moves under Rules 702 and 403 for an order excluding (1) the testimony of Professor Asay in its entirety; and (2) the testimony of Professor Stamos on fair use and on the DMCA. *Id.*

2

**Corellium's Response**

**Professor Asay:** In response, Corellium maintains that experts merely need minimal qualifications, so Apple's argument that Professor Asay is lacking such qualification is without merit as his academic focus is on intellectual property (including copyright law) and his practical experience is as an intellectual property attorney. [DE 507, pp. 3-4]. According to Corellium, Professor Asay "intends to offer opinion testimony at trial about the relationship between Corellium's technology and the public policies underlying certain issues in copyright law (such as the factors underlying the fair use defense, copyright misuse, and the policies at issue when considering the intent of the protections afforded by the DMCA)." *Id.* at p. 4. Further, his use of the Corellium Apple Product and his observation of videos demonstrating people using the product provide him with the "requisite direct experience and context to provide opinion testimony regarding the relationship between the use of the technologies at issue and public policies underlying the relevant copyright principles here." *Id.* Corellium explains that Professor Asay's testimony "will address his understanding of the policies underlying governing legal precedent and will relate those policies to the use of the technology at issue here," rather than legal opinions and conclusions. *Id.* at p. 6.

**Professor Stamos:** Corellium argues that Professor Stamos plans to testify about "factual issues such as the nature of computer security research, Apple's historical and present approach to security research, how Corellium's product is used for such security research, and his conclusions on how Corellium's product relates to his understanding of various elements of the fair use factors, as well as the factors underlying Apple's DMCA claims." [DE 507, p. 7]. Corellium asserts that Professor Stamos "must be prepared to testify as to his understanding of the intent of the DMCA,

as it relates to his conclusions regarding the use of the Corellium Product for security research" pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i) and that the professor does not intend to state what the law is. *Id.* at p. 8. Corellium argues that it will be unduly prejudiced if Apple's expert, Dr. Siegel, is "permitted to offer opinion testimony on the meaning of 'good faith security research' that is unrebutted by Prof. Stamos." *Id.*

Finally, in its response to the Motion, Corellium withdrew the following from Professor Stamos's February 28, 2020 Expert Report: the first sentence of paragraph 39; the last sentence of paragraph 41; the word "transformative" from the first sentence of paragraph 42; paragraph 43; the last two sentences of paragraph 44; the phrase " which weighs in favor of fair use" from the last sentence of paragraph 45; the phrase "find fair use" from the last sentence of paragraph 48; paragraph 49; the last sentence of paragraph 51; and the last sentence of paragraph 55. [DE 507, p. 9].

## Apple's Reply

**Professors Asay and Stamos:** In reply, Apple again argues that permitting Professors Stamos and Asay to testify as to their legal conclusions on the central issues of fair use and liability under the DMCA risks confusing and prejudicing the jury. [DE 532, p. 1]. According to Apple, the parties agree on the following issues: (1) that both Asay and Stamos are qualified within their respective areas of expertise--copyright law and security research; (2) that the portions of Professor Stamos' opinions that focus on security research are the proper subject of expert testimony; (3) that Professor Stamos can respond to Apple's expert Dr. Michael Siegel's industry analysis of what constitutes "good faith security research"; and (4) that a number of Professor Stamos' assertions constitute impermissible legal conclusions. *Id.* at pp. 1-2.

**Professor Asay:** Apple asserts that Professor Asay's testimony should be excluded in its entirety because his reports consist solely of legal analysis and conclusions, and the applicable case law states that expert testimony about copyright law is inadmissible. [DE 532, pp. 2-3]. It argues that Professor Asay really intends to testify about legal conclusions, rather than policy principles. *Id.* at p. 3. Apple further argues that "even policy-focused discussions are the province of lawyers' argument and court rulings." *Id.* at p. 4. Apple maintains that, as Professor Asay is unable to testify to the jury as an expert on copyright law, he "lacks any other relevant expertise that would permit him to testify in this case at all." *Id.* at p. 5. Apple asserts that Professor Asay's testimony also cannot "guide the jury with respect to the application of facts to the law" because he has insufficiently reviewed the record and has little knowledge of the facts in this case. *Id.*

**Professor Stamos:** With regard to Professor Stamos, Apple maintains that he should not be permitted to opine on whether "Corellium is engaged in 'fair use,' whether the Corellium Apple Product is 'transformative,' or the meaning of or intent behind the 'Digital Millennium Copyright Act' or 'DMCA.'" [DE 532, p. 6]. Apple also lists the particular opinions of Professor Stamos which it believes are improper legal conclusions and/or opinions unsupported by any reliable foundation, especially in light of the fact that Corellium has withdrawn certain similar opinions. *Id.* at pp. 6-7. Finally, Apple contends that Corellium's argument that it would be prejudiced if Stamos is unable to rebut Apple's security research expert, Dr. Siegel, on the meaning of "good faith security research" is a red herring. *Id.* at p. 8.

## IV. RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper

5

foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2-3 (S.D. Fla. July 1, 2020) (J. Bloom) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).[1]

With regard to the second requirement, "[t]he *Daubert* Court listed four non-inclusive factors courts should consider in determining reliability under Rule 702: (1) whether the theory or technique can be tested; (2) whether it has been subjected to peer review; (3) whether the technique has a high known or potential rate of error; and (4) whether the theory has attained general acceptance within the scientific community." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not

---

[1] The undersigned notes that Judge Beth Bloom's opinion in *Southpoint* discussing the manner in which *Daubert* and Rule 702 are to be applied in federal court, and applicable legal principles, is an excellent and concise recitation of *Daubert* principles and law.

6

intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 3581611, at *3 (quoting *Quiet Tech.*, 326 F.3d at 1341 (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999)).

## V. ANALYSIS

### A. PROFESSOR STAMOS

At the July 24, 2020 hearing, Apple's counsel represented that Apple is not challenging Professor Stamos' qualifications as an expert in the area of security research and is not seeking to completely exclude his testimony. Apple simply takes issue with him providing legal opinions and asserting legal conclusions. Since Corellium withdrew a number of the improper statements in its response to the Motion [DE 507, p. 9], Apple is only objecting to six remaining problematic statements from Professor Stamos' Expert Report, as laid out in Apple's reply [DE 532, pp. 6-7], plus any opinions that are similar to those six statements.

Corellium's counsel represented at the hearing that Corellium no longer intends to have Professor Stamos testify as to whether something falls within the fair use doctrine, the nature of a DMCA violation, or the intent behind the law. Rather Professor Stamos intends to opine as to industry standards and policies, and facts and issues that relate to fair use and DMCA violations, including the purpose and character of the Corellium Apple Product and who uses it, without providing any legal opinions or conclusions. Additionally, Corellium's counsel represented that Corellium does not plan on attempting to introduce the Expert Report into evidence. This is important to the Court as there is no risk that the jury will be unfairly prejudiced by improper

7

opinions or statements contained in Professor Stamos' written report. Rather, his testimony shall have to comply with the Court's directives as explained herein and any improper questions or responses can be dealt with at trial by contemporaneous objections or motions to strike to be decided by the trial judge.

The Court has carefully reviewed Professor Stamos' Expert Report and Declaration dated February 28, 2020 [DE 451-6]. The Court finds that the six opinions from Professor Stamos' Expert Report which Apple argues in its reply should be excluded[2], as well as any similar or related opinions or testimony, are improper expert opinions and should not be permitted at trial. Professor Stamos is not permitted to give improper legal opinions or legal conclusions, or to testify as to the intent or policy behind a statute, as Corellium has finally conceded. *See Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019) (While "[a]n expert may testify as to his opinions on an ultimate issue of fact ... he 'may not testify as to his opinion regarding ultimate legal conclusions.'").

Professor Stamos can testify and provide his properly disclosed opinions regarding industry standards, facts that are relevant to fair use, and related relevant areas. Professor Stamos is Corellium's Security Research expert, and Dr. Siegel is Apple's Security Research expert. They can both testify and state their properly disclosed opinions as to industry standards, facts relevant

---

[2] These six excluded opinions are: (1) "The Supreme Court explained in Campbell that 'the extent of permissible copying varies with the purpose and character of the use.' With Corellium, the purpose and character of the use is security research, app design and testing. Full access to iOS is needed to do those things, which weighs in favor of fair use." (2) "I fail to see how Apple can make this claim [that Corellium violates the DMCA] in light of my analysis above along with my understanding of the history of the Digital Millennium Copyright Act." (3) "My opinion and understanding is that such an effect was never the intent behind the DMCA . . . These opinions are relevant to Section 1201(a)(2)." (4) "The Corellium product does not fit the criteria set forth in Section 1201(b)(1)(A), (B), or (C) . . . I do not see how Corellium can 'traffic' in any circumventions given the manner in which it operates." (5) "In my opinion as a security researcher reading the DMCA provisions at issue, and understanding their applicability, I see no violations[.]" (6) "Finally, I am aware of 17 U.S.C. § 1201(c)(1) stating that '[n]othing in this section shall affect rights, remedies, limitations, or defenses to copyright infringement, including fair use, under this title.'"

to fair use, and proper areas related thereto, but neither is permitted to provide legal opinions or legal conclusions, or state a legal determination as to whether, for example, one party or the other violated the DMCA. Those are determinations to be made by the judge and jury, not an expert. If Professor Stamos' testimony strays too far afield, Apple can lodge contemporaneous objections or motions to strike, for determination by the trial judge.

### B. PROFESSOR ASAY

At the July 24, 2020 hearing, Apple's counsel argued that Professor Asay should not be permitted to testify in this case as he has no real factual knowledge, his opinions are confusing and read like a legal brief, he solely provides legal commentary on case law and ultimate conclusions, and copyright policy is an inappropriate topic for expert testimony. Apple's counsel also pointed out that Apple does not have a legal expert because Apple is so convinced that Professor Asay's opinions should be wholly excluded that Apple is not even seeking to rebut those opinions. Thus, it seems that Apple is not challenging Professor Asay's qualifications, but rather is challenging the reliability of his methodology, and, more importantly, the relevance and helpfulness of his testimony, as well as its unfair prejudice to Apple

Corellium's counsel acknowledged at the hearing that the Court's decision whether or not to exclude the entirety of Professor Asay's testimony is a "close call." Counsel asserted that, since there is an issue of first impression in the Eleventh Circuit regarding the DMCA in this case, testimony regarding policy considerations is necessary. Corellium's counsel conceded that Professor Asay cannot testify as to what the law actually is or give true legal opinions.

The Court has carefully reviewed Professor Asay's Declaration and Expert Report dated February 24, 2020 [DE 451-3] and his Expert Report dated April 13, 2020 [DE 451-4]. The Expert

9

Reports contain a multitude of improper legal conclusions. In fact, the Expert Reports consist of almost entirely legal opinions and conclusions. To the undersigned, his purported opinions read like legal argument from co-counsel in support of Corellium's positions in this lawsuit, not properly admissible expert testimony. If such testimony were admitted, Corellium would be advancing legal argument in support of its positions in this lawsuit under the guise of an expert witness, and Apple would be severely and unfairly prejudiced. The Court agrees with Apple's argument that Professor Asay is not a proper expert in this case and further notes that Apple did not attempt to go down this rabbit hole by retaining a similar type of legal expert. In our adversary system, the parties' counsel make the legal argument, not the experts, a fact which Corellium seems to fail to fully understand.

In support of its Motion, Corellium has cited several cases that deal with expert testimony regarding "substantial similarity" in copyright cases. However, those cases are clearly distinguishable from the case at hand where substantial similarity is not even an issue. Furthermore, Corellium's counsel argued at the hearing that, since an issue in this case is assertedly one of first impression in the Eleventh Circuit, testimony regarding policy considerations is necessary. The Court rejects this argument as the purported policy considerations are not a proper subject of expert opinions or testimony under the facts of this case.

The trial judge will instruct the jury on all appropriate law, and the jury will decide the case based upon the facts and the law. The parties' counsel will be free to make their arguments to the jury, but they may not employ an expert as a surrogate to make those arguments for them. Simply stated, the Court sees absolutely no relevance to Professor Asay testifying about any policy considerations whatsoever. Corellium seeks to have Professor Asay offer opinion testimony about

public policy underlying certain issues in copyright law such as fair use and copyright misuse, and the policy at issue when considering the intent of the protections of the DMCA. However, in this case, the jury will be instructed on the applicable statutes and law regarding copyright, fair use, the DMCA, and other applicable claims and defenses. The statutes and law say what the statutes and law say, and the jury will be instructed to follow the applicable statutes and law. Under the specific facts of this case, to allow a law professor to testify as to the public policy underlying such statutes and law would be wholly improper and would only serve to confuse the jury.

Moreover, Professor Asay bases his proffered opinions primarily on his review of the pleadings, conversations he had with Corellium's counsel, a conversation he had with two principals of Corellium, his asserted use of the Corellium Apple Product, and watching videos of others using the Corellium Apple Product. The Court fails to see how his proffered testimony based on this type of review would be of any help or assistance to the jury in this case.

In sum, the Court finds that all of Professor Asay's opinions are improper and should not be admitted in this case.

## VI. <u>CONCLUSION AND RECOMMENDATION</u>

In light of the foregoing, it is the recommendation of this Court that Plaintiff's Motion to Exclude Legal Opinions and Corresponding Testimony of Corellium's Experts Clark Asay and Alexander Stamos [DE 451] be **GRANTED IN PART AND DENIED IN PART, as follows:**

The Motion should be GRANTED in its entirety as to Professor Clark Asay, and all of his testimony and opinions should be excluded. Professor Asay should not be permitted to testify at trial. His opinions are improper, unfairly prejudicial under Federal Rule of Evidence 403, and do not pass muster under *Daubert*.

The Motion should be GRANTED IN PART and DENIED IN PART as to Professor Stamos. He should not be permitted to testify as to any legal arguments, legal conclusions, or the intent of the DMCA or other law. He should, however, be permitted to testify as to his properly disclosed opinions regarding security research and industry standards, and he should be permitted to respond to Dr. Michael Siegel's industry analysis of what constitutes "good faith security research."

### NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Rodney Smith within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge