UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO FILE PORTIONS OF ITS OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION UNDER SEAL**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal Corellium's Objection to the Magistrate Judge's Report and Recommendation On Corellium, LLC's *Daubert* Motion To Preclude Certain Testimony By David B. Connelly [D.E. 610], and in support thereof, states as follows:

## BACKGROUND

1.    On May 11, 2020, Corellium filed its *Daubert* Motion to Preclude Certain Testimony by David B. Connelly and Incorporated Memorandum of Law [D.E. 468] ("Motion").

2.    On May 26, 2020, Plaintiff Apple, Inc. ("Apple") filed its Response to Corellium's Motion to Exclude Legal Opinions and Corresponding Testimony of Apple's Expert David Connelly [D.E. 503] ("Response").

3.     On June 2, 2020, Corellium filed its Reply to Plaintiff Apple's Response to Corellium's Motion to Exclude Legal Opinions and Corresponding Testimony of Apple's Expert David Connelly [D.E. 543] ("Reply").

4.     On July 29, 2020, the Court entered its Magistrate Judge's Report and Recommendation on Corellium's Daubert Motion to Preclude Certain Testimony by David B. Connelly [D.E. 610] ("Report and Recommendation").

5.     In the Report and Recommendation, the Court granted Corellium's Motion "to the extent that Mr. Connelly should not be permitted to testify as to any legal opinions, particularly regarding the statutory burden-shifting under 17 U.S.C. § 504(b), and he should not be allowed to disparage Corellium's conduct during the discovery process or assert that it did violate its discovery obligations." [D.E. 610].

6.     The Motion was denied, however, "to the extent that Corellium seeks to exclude all of Mr. Connelly's opinions." *See*, Report and Recommendation, at 12.

7.     Pursuant to the July 29, 2020 Report and Recommendation, Corellium seeks to respectfully submit its Objection to the Magistrate Judge's Report and Recommendation as permitted under 28 U.S.C. § 636(b)(1)(C).

8.     Corellium's Objection contains some highly confidential information, and therefore, justify the filing of those potions under seal.

9.     Upon conferral, Counsel for Apple informed counsel for Corellium that Apple does not take a position on Corellium's request to seal the certain information.

10.    Consistent with the Court's Report and Recommendation and the nature of the material discussed, Corellium moves to file under seal those certain portions of its Objection.

CASE NO.: 9:19-CV-81160-RS

# MEMORANDUM OF LAW

## I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II. Good Cause Exists for the Court to Seal Corellium's Objection to the Court's Report and Recommendation.

In this instance, good cause exists for this Court to seal portions of Corellium's Objection to the Court's Report and Recommendation. The Objection includes discussion about Corellium's finances as well as proprietary, operational, and sensitive customer information that has been designated Attorney's Eyes Only throughout this matter.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the private, confidential, proprietary, and sensitive

information contained therein, this Court should permit the sealing of portions of Corellium's Objection to the Court's Report and Recommendation.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Objection to the Court's Report and Recommendation under seal and ordering that the materials and information therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 12, 2020, regarding the relief sought herein. Apple does not take a position on Corellium's request to seal the requested material.

Dated: August 12, 2020                     Respectfully submitted,

                                         COLE, SCOTT & KISSANE, P.A.
                                         *Counsel for Defendant CORELLIUM, LLC*
                                         Esperante Building
                                         222 Lakeview Avenue, Suite 120
                                         West Palm Beach, Florida 33401
                                         Telephone (561) 612-3459
                                         Facsimile (561) 683-8977
                                         Primary e-mail: justin.levine@csklegal.com
                                         Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463

4

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY 10017
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 12, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*