**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                    Plaintiff,

v.

CORELLIUM, LLC,

                    Defendant.

**PLAINTIFF APPLE INC.'S MOTION TO CLOSE COURTROOM
FOR LIMITED PERIODS DURING TRIAL TO PROTECT AGAINST
PUBLIC DISCLOSURE OF APPLE PROTECTED MATERIAL AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff Apple Inc. moves for an order for a limited closure of the courtroom during brief points of trial to prevent public disclosure of highly confidential, internal Apple information. In support of this motion, Apple states as follows.

## I.     INTRODUCTION

At issue in this suit are copyright and DMCA violations that Apple alleges Corellium, LLC has committed in developing, selling, and marketing the Corellium Apple Product. Corellium has asserted a fair use defense, of which one of the four elements is "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). Information about Apple's unannounced projects and internal tools that ███████████████████████ ███████████████████████ will arise in relation to this particular element of the fair use defense. Such projects and tools are highly sensitive, and Apple has designated all related material as Attorneys' Eyes Only ("AEO"). To prevent dissemination of Apple's highly confidential trade secrets, Apple requests that the Court close the courtroom during the limited periods of time these technologies are discussed at trial.

## II.    LEGAL STANDARD

While there is a presumption in favor of public access at trial, courts have held that public dissemination of trade secrets can warrant closure of the courtroom. *See, e.g.*, *Woven Elecs. Corp. v. Advance Group, Inc.*, 930 F.2d 913, at *6 (4th Cir. 1991) (table decision) (collecting cases); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983); *Entrust Datacard Corp. v. Zeiser GmBH*, No. 3:17-cv-110, ECF No. 360 at 2–3 (M.D. Fla. Oct. 17, 2019) (citation omitted). To overcome the rebuttable presumption of public access, the moving party must show "good cause," which courts then balance against the public's interest in access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). Closure to protect trade secrets is permissible if there is an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (citation omitted); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Huminski v. Corsones*, 396 F.3d 53, 86 (2d Cir. 2005) (citation omitted); *Phoenix Newspapers, Inc. v. United States Dist. Ct. for Dist. of Arizona*, 156 F.3d 940, 949 (9th Cir. 1998); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984).

**III. ARGUMENT**

Apple seeks to protect only a very small amount of highly sensitive, internal Apple technological information, namely: (a) information related to ▮▮▮▮, an unannounced future Apple product; (b) ▮▮▮, an internal Apple project code name, and internal information relating to potential future developments of the ▮▮ project; and (c) information related to ▮▮▮▮, an internal Apple technology.

Each of these is an Apple trade secret—consistently treated as confidential by Apple, of substantial value to Apple, and of great value to Apple's competitors, should they obtain it despite its confidential status. *See In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7 (S.D. Fla. Jan. 18, 2013) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–14 (11th Cir. 2001) (describing standard for trade secrets). Indeed, the ▮▮▮▮▮▮ is so sensitive that Apple has restricted the knowledge of this project to a need-to-know basis even for its own employees. Ex. A ¶¶ 4, 7 (Andrews Decl.). And while aspects of the ▮▮▮▮ have been made public, the code name and potential future uses for the technology are still kept tightly under wrap at Apple. *Id.* ¶ 8. ▮▮▮▮, in turn, is a proprietary, internal tool that Apple has kept confidential from the public. *Id.* ¶¶ 5–6.

Apple's work on ▮▮▮▮▮▮▮▮ represents years of development, testing, and innovation at the leading edge of technology, and is key to Apple's position as a leader in the technology industry. *Id.* ¶ 9. Apple goes to great lengths to protect the secrecy of these trade secrets. *See id.* ¶ 4–9. It restricts information about unannounced products and services on a need-to-know basis. *Id.* ¶ 4. It requires employees to sign confidentiality and intellectual property agreements that specifically prohibit them from disclosing any information about such material. *Id.* And Apple continues to maintain this confidentiality even after a previously unannounced product has been released to the public by restricting the use and dissemination of internal code names and internal development discussions. *Id.*

The foregoing establishes that closure of the courtroom when these highly confidential technologies are discussed is the only way to protect these trade secrets, and thus, such closure is supported by good cause.[1] Furthermore, this request is limited to a narrow set of information that

---

[1] In fact, the Court's existing protective order contemplates such safeguards by limiting the disclosure of AEO information to the Court, the jury, and court personnel. ECF No. 50 at 11. Apple's request is nothing more than a mere extension of these protections.

2

only bears on a single element of a single defense. Because there should be little evidence of any of these ▮▮▮▮ at trial, only a brief closure of the courtroom will be necessary. As such, closing the courtroom will have a minimal impact on the right to public access. Apple's substantial interest in protecting the confidentiality of this information outweighs, in this particular instance, the public's interest in learning about these specific technologies, which are tangential to this dispute. *See Entrust Datacard*, No. 3:17-cv-110, ECF No. 360 at 3 (granting motion to close courtroom to protect trade secrets based on, among other things, the "[p]laintiff's representation that the requested sealing of the courtroom during trial will be 'brief and only of momentary inconvenience'"). Because there is an overriding interest in protecting these trade secrets, and because the proposed closure is narrowly tailored to further that interest, Apple respectfully requests that the Court order the brief closure requested herein.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred telephonically and via email with counsel for Defendant on August 13 and August 17, 2020, regarding the relief sought herein. Defendant opposes the relief sought herein.

Dated: August 17, 2020                                Respectfully Submitted,

Michele D. Johnson*                                   *s/ Martin B. Goldberg*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP                                  Martin B. Goldberg
650 Town Center Drive, 20th Floor                     Florida Bar No. 0827029
Costa Mesa, CA 92626                                  *mgoldberg@lashgoldberg.com*
(714) 540-1235 / (714) 755-8290 Fax                   *rdiaz@lashgoldberg.com*
                                                      Emily L. Pincow
Sarang Vijay Damle*                                   Florida Bar. No. 1010370
*sy.damle@lw.com*                                     *epincow@lashgoldberg.com*
Elana Nightingale Dawson*                             LASH & GOLDBERG LLP
*elana.nightingaledawson@lw.com*                      100 Southeast Second Street
LATHAM & WATKINS LLP                                  Miami, FL 33131
555 Eleventh Street NW, Suite 1000                    (305) 347-4040 / (305) 347-4050 Fax
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.