# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                     WEST PALM BEACH DIVISION
                    CASE NO. 19-81160-CIVIL-SMITH


APPLE, INC.,                          West Palm Beach, Florida

            Plaintiff,                February 12, 2020
                                           -and-
       vs.                            February 13, 2020

CORELLIUM, LLC,

            Defendant.                Pages 1 to 368
_____

                         MOTION HEARING
           BEFORE THE HONORABLE WILLIAM MATTHEWMAN,
                UNITED STATES MAGISTRATE JUDGE
         (TRANSCRIBED FROM THE DIGITAL AUDIO RECORDING)

APPEARANCES:


FOR THE PLAINTIFF:     JESSICA STEBBINS BINA, ESQ.
                       LATHAM & WATKINS, LLP
                       10250 Constellation Boulevard
                       Suite 1100
                       Los Angeles, California 90067


                       ELANA NIGHTINGALE DAWSON, ESQ.
                       LATHAM & WATKINS, LLP
                       555 Eleventh Street, Northwest
                       Suite 100
                       Washington, DC 20004


                       EMILY PINCOW, ESQ.
                       LASH & GOLDBERG, LLP
                       100 Southeast Second Street
                       Suite 1200
                       Miami, Florida 33131
```

```
 1   APPEARANCES, CONT'D:

 2   FOR THE DEFENDANT:        S. JONATHAN VINE, ESQ.
                               JUSTIN B. LEVINE, ESQ.
 3                             LIZZA CAROLA CONSTANTINE, ESQ.
                               COLE, SCOTT & KISSANE
 4                             222 Lakeview Avenue
                               Suite 120
 5                             West Palm Beach, Florida 33401

 6
                               GAVIN GAUKROGER, ESQ.
 7                             BERGER SINGERMAN, LLP
                               350 East Las Olas Boulevard
 8                             Suite 1000
                               Fort Lauderdale, Florida 33301
 9

10   TRANSCRIBED BY:           LISA EDWARDS, RDR, CRR
                               (305) 439-7168
11                             Reporterlisaedwards@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          MR. LEVINE:  2018.  Correct.
2          So right now, as of right now, Corellium's argument as
3   to, Well, they knew the technology, they were hands-on, they
4   had all the ideas about the technology, only -- we can only
5   really establish it other than, you know, some testimony -- we
6   can only establish that they really knew the technology back to
7   2018.
8          If we go back to Virtual, we can show that the
9   technology is the same.  Apple knew about it and they knew
10  about it since 2014.
11         That makes the waiver, the notice, the acquisition
12  affirmative defenses that much stronger.
13         The problem right now with depo testimony is that there
14  was a meeting between Mr. Wade and Mr. Federighi, who is one of
15  the higher-ups at Apple.  Our position is that meeting was very
16  substantive.  There was some very critical and sensitive
17  information that was shared.
18         Mr. Federighi's position is that they were just sharing
19  tea and it was just an informal, "Hey, how are you doing?
20  How's the family?"
21         And our position is:  Why the heck would I have flown
22  out six hours to Cupertino just to shake hands and share a cup
23  of coffee with the guy?  That's not true.
24         So there's going to be some very big distinctions in
25  the depo testimony.  And notwithstanding the burden, Apple is a

| | |
|---|---|
| 1 | highly capable firm with highly capable searching software with |
| 2 | a very capable, you know, a best-in-the-world law firm.  And |
| 3 | I'm sorry about the burden.  But it goes directly to |
| 4 | establishing our affirmative defenses, and some of our stronger |
| 5 | affirmative defenses. |
| 6 | THE COURT:  What document is it that you're hoping to |
| 7 | get?  What would a document that you would think would be |
| 8 | covered by this request for production be that would help your |
| 9 | defense? |
| 10 | MR. LEVINE:  Not only that Apple was aware of the |
| 11 | technology, the way it's used, the way that they used the IPSW |
| 12 | files while at the point in time that they were still |
| 13 | encrypted.  So that's before [inaudible] encrypted them. |
| 14 | So they knew that they were being used during |
| 15 | encryption.  It's even more favorable after encryption for |
| 16 | Corellium.  And that it was encouraged from 2014 or even |
| 17 | earlier all the way up to two thousand -- about eighteen, about |
| 18 | the middle to late end of 2018. |
| 19 | And that's critical. |
| 20 | THE COURT:  2018. |
| 21 | MR. LEVINE:  And as of right now, we can only show it |
| 22 | until about 2018, 2017. |
| 23 | THE COURT:  When are you taking the corporate |
| 24 | representative's deposition or Apple's depositions? |
| 25 | MR. LEVINE:  The date is -- it's currently set for -- |

```
 1   soon as we get them all done.
 2           And then just keep in mind we need to be back here --
 3   we need to have all this production done by the 24th and then
 4   we'll be back here on the 27th at 10:00 a.m.  All right?
 5           MR. LEVINE:  Thank you, your Honor.
 6           MS. STEBBINS BINA:  Your Honor, thank you.
 7           THE COURT:  Have a good day.
 8           MS. STEBBINS BINA:  Thank you.
 9           THE COURT:  Court's in recess.
10           (Proceedings concluded.)
11
12
13
                         C E R T I F I C A T E
14
15           I hereby certify that the foregoing is an
16   accurate transcription of the proceedings in the
17   above-entitled matter to the best of my ability.
18
19
                              /s/Lisa Edwards
20      _____         LISA EDWARDS, RDR, CRR
           DATE              (305) 439-7168
21                           Reporterlisaedwards@gmail.com
22
23
24
25
```