UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S SECOND MOTION IN *LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING** ▮▮▮▮▮▮▮▮▮▮

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

---

[1] Corellium incorporates the argument made in its First Motion in *Limine* to exclude all references, evidence and testimony relating to ▮▮▮▮▮▮▮▮▮▮.

Any evidence, testimony, argument or references relating ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be excluded at trial.[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* D.E. 361-1, at 270:20-25; 272:10-12 and 269:20-21. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, at 269:20-21.

Indeed, any evidence or reference relating to ▮▮▮▮▮▮▮▮▮▮ will be unduly prejudicial to Corellium, as such information will mislead and confuse the jury into assuming that Corellium ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ when that is simply not the case. FED. R. EVID. 403.[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Lastly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ will undoubtedly mislead and confuse the jury, and will certainly result in unfair prejudice to Corellium.

---

[2] A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. See *Begualg Inv. Mgmt. v. Four Seasons Hotel Ltd.*, 2013 WL 750309, at *1 (S.D. Fla. 2013*)*; 20 Am. Jur. *Trials* 441 § 2 (1973). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Holderbaum v. Carnival Corp.*, 2015 WL 12085846, *1 (S.D. Fla. March 4, 2015) (quoting *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007)). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Mowbray v. Carnival Corp.*, 2009 WL 10667070, *2 (S.D. Fla. April 13, 2009). Critically, the "admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995).

[3] The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: *unfair prejudice, confusing the issues, misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence.

CASE NO.: 9:19-CV-81160-RS

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 13, 2020, regarding the relief sought herein. Apple objects to the requested relief sought.

Dated: August 17, 2020                      Respectfully submitted,

                                                COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Primary e-mail: justin.levine@csklegal.com
Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Lizza C. Constantine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.: 106463
     LIZZA C. CONSTANTINE
     Florida Bar No.: 1002945

     *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY 10017
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

...

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Lizza C. Constantine*
Lizza C. Constantine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*