**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**CORELLIUM'S MOTION TO FILE CERTAIN MOTIONS IN LIMINE UNDER SEAL**

      Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal certain of Corellium's Motions in Limine, and in support thereof, states as follows:

**BACKGROUND**

      1.    On August 17, 2020, Corellium filed the following motions (collectively "Motions in Limine"):

      a.    Corellium's First Motion in Limine [D.E. 639] ("First Motion in Limine"),[1]

      b.    Corellium's Second Motion in Limine [D.E. 640] ("Second Motion in Limine"),

---

[1] The full titles of each of the four Motions in Limine are omitted to retain the confidentiality of the subject matter to which they pertain.

    c.  Corellium's Third Motion in Limine [D.E. 641] ("Third Motion in Limine"), and

    d.  Corellium's Fourth Motion in Limine [D.E. 642] ("Fourth Motion in Limine").

2.    The positions and/or material contained within Corellium's Motions in Limine contain highly confidential or proprietary information, and therefore, justify the filing of same under seal.

3.    Regarding Corellium's First Motion in Limine, counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein.

4.    Regarding Corellium's Second Motion in Limine, counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein.

5.    Regarding Corellium's Third Motion in Limine, counsel for Apple has informed counsel for Corellium that Apple does not oppose the relief requested herein.

6.    Regarding Corellium's Fourth Motion in Limine, counsel for Apple has informed counsel for Corellium that Apple does not take a position with regard to the relief sought herein with respect to the location of the entities with whom Corellium's customer works (as identified in the Motion), but Apple does oppose the relief sought herein as it relates to the capacity in which Corellium's customer works with those entities.

7.    Consistent with the sensitive nature of the material discussed, Corellium moves to file under seal its Motions in Limine.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## MEMORANDUM OF LAW

**I.      Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.     Good Cause Exists for the Court to Seal Four of Corellium's Motions in Limine**

**a.  Corellium's First Motion in Limine**

In this instance, good cause exists for this Court to seal Corellium's First Motion in Limine. This Motion includes confidential and highly sensitive information relating to Chris Wade's individual life, work, and interactions that has been designated Attorney's Eyes Only as it relates to the issues stated above. In light of the sensitive nature of the material discussed and the AEO designations, the contents of Corellium's First Motion in Limine should not be shared with the public.

3

CASE NO.: 9:19-CV-81160-RS

### b.  Corellium's Second Motion in Limine

In this instance, good cause exists for this Court to seal Corellium's Second Motion in Limine. This Motion includes highly confidential information, testimony and certain sensitive information relating to an occurrence that has been the subject of significant sealed briefings by multiple entities, including the U.S. Government. Such information has been designated AEO and privilege has been asserted. Accordingly, the contents of Corellium's Second Motion in Limine should not be shared with the public.

### c.  Corellium's Third Motion in Limine

In this instance, good cause exists for this Court to seal Corellium's Third Motion in Limine. This Motion includes confidential and highly sensitive information relating to Chris Wade's individual life, history, and sensitive interactions and occurrences. In light of the above, the contents of Corellium's Third Motion in Limine should not be shared with the public.

### d.  Corellium's Fourth Motion in Limine

In this instance, good cause exists for this Court to seal Corellium's Fourth Motion in Limine. This Motion includes confidential, sensitive information relating to one of Corellium's customers and its actions with the Corellium Product, including other confidential and sensitive entities with whom Corellium's customer works. This information has been designated Attorney's Eyes Only, as well as proprietary trade secret business and operational information. For these reasons, certain content of this Motion should not be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the private, confidential, proprietary, and

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

trade secret information contained therein, this Court should permit the sealing of Corellium's Motions in Limine.

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file each of the above-described Corellium's Motions in Limine under seal and ordering that the materials and information therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## <u>LOCAL RULE 7.1(A)(3) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 17, 2020, regarding the relief sought herein. Further specific discussion as it relates to each Motion is discussed above in paragraphs 3 – 6.

Dated: August 17, 2020                             Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463

5

CASE NO.: 9:19-CV-81160-RS

_____

LIZZA C. CONSTANTINE
Florida Bar No.:  1002945

_____

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX