UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S FIFTH MOTION IN *LIMINE* TO EXCLUDE
ARGUMENT, TESTIMONY OR EVIDENCE RELATED
TO *VICE* ARTICLES AND OTHER PRESS REGARDING THIS CASE**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

CASE NO.: 9:19-CV-81160-RS

Corellium moves in *limine* for the entry of an Order prohibiting the parties from offering any argument, testimony, or evidence related to any and all press or press articles regarding the Corellium Product, Corellium's customers, this case, or the parties thereto.

The Parties should be precluded from presenting inadmissible hearsay evidence related to press and press articles about this case, the Parties thereto, customers, or the Corellium Apple Product, which include but are not limited to summarizing the Parties' pleadings, speculation as to the potential effect of litigation, the opinions and comments of unrelated third parties including journalists, and facetious overstatements by the respective reporter.[1] The press and press articles should be excluded as inadmissible hearsay, given that such press are the unverified statements of the respective reporters and there are no surrounding circumstances that would infer reliability.[2] Such press should also be excluded as irrelevant because it does not have any tendency to make any particular fact at issue in this case more or less probable.[3] Rather, any reference to such documents would merely lead to the confusion of the jury. Introducing such press and articles would be unfairly prejudicial to Corellium because jurors could naturally take each article's interpretations and assertions as credible assessments of the parties' respective litigation positions and theories. The prejudice substantially and significantly outweighs any probative value these articles may possess.[4] Therefore, any evidence, testimony or argument relating to any press such as those articles referenced in Apple's Second Amended Complaint should be excluded.

---

[1] Apple has referenced six press articles published by Vice, Forbes and Wired in its Second Amended Complaint which speculate about or comment upon Corellium or the Corellium product. [D.E. 589].

[2] Hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Absent an exception, hearsay is inadmissible. Fed.R.Evid. 802. *See also United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005) ("[A] newspaper article is hearsay, and in almost all circumstances is inadmissible").

[3] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Irrelevant evidence is inadmissible. Fed.R.Evid. 402.

[4] Furthermore, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed.R.Evid. 403; *see also*, *United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010). Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on August 13, 2020, regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: August 17, 2020                           Respectfully submitted,

                              COLE, SCOTT & KISSANE, P.A.
                              *Counsel for Defendant CORELLIUM, LLC*
                              Esperante Building
                              222 Lakeview Avenue, Suite 120
                              West Palm Beach, Florida 33401
                              Telephone (561) 612-3459
                              Facsimile (561) 683-8977
                              Primary e-mail: justin.levine@csklegal.com
                              Secondary e-mail: lizza.constantine@csklegal.com

           By:   */s/ Justin Levine*
                  JONATHAN VINE
                  Florida Bar. No.: 10966
                  JUSTIN B. LEVINE
                  Florida Bar No.: 106463
                  LIZZA C. CONSTANTINE
                  Florida Bar No.: 1002945

                  *and*

                  HECHT PARTNERS LLP
                  *Counsel for Defendant*
                  125 Park Ave, 25th Floor
                  New York, NY 10017
                  Tel: (212) 851-6821
                  David L. Hecht *pro hac vice*
                  Email: dhecht@hechtpartners.com
                  Maxim Price *pro hac vice*
                  Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*