UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

                                       /

**CORELLIUM'S SIXTH MOTION IN *LIMINE* TO EXCLUDE ALL LEGAL CONCLUSIONS AND STATEMENTS OF LAW BY WITNESSES**

    Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

CASE NO.: 9:19-CV-81160-RS

Corellium moves in *limine* for the entry of an Order prohibiting the Parties' expert or fact witnesses from offering statements on the law or legal conclusions.

The Parties should be precluded from commenting on or discussing any legal opinions or legal conclusions under the same reasoning expressed by the Magistrate Judge in his multiple recent Reports and Recomendation.[1] Lay witness testimony is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." F.R.E. 701. In that regard, Corellium does not seek to limit fact witnesses from opining on what their understanding of what the law may have been to the extent that understanding is relevant to an issue in this case, such as causing that witness to act or not act, however, other conslusory statements of law should be precluded. *Blanco v. Capform, Inc.*, No. 2013 WL 118171, at *1 (S.D. Fla. 2013) ("Statements by lay witnesses that include legal conclusions … are improper and inadmissible at trial").Introducing any discussion of a legal opinion or conclusion is irrelevant because such testimony would not assist the jury in determining any issue presented in this case.[2] Additionally, the introduction of any conclusory legal opinions would be unfairly prejudicial to Corellium since jurors could naturally attribute weight to those impermissible legal conclusions. The prejudice substantially outweighs any probative value.[3] Therefore, any discussion of any legal opinions by any witness or party should be excluded.

---

[1] Notably, the Report and Recommendation specifically excluded any evidence regarding the legal opinions of expert witnesses. [D.E.'s 609, 610, 611, 612, and 613].

[2] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[3] Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on August 17, 2020, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: August 17, 2020              Respectfully submitted,

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant CORELLIUM, LLC*
                Esperante Building
                222 Lakeview Avenue, Suite 120
                West Palm Beach, Florida 33401
                Telephone (561) 612-3459
                Facsimile (561) 683-8977
                Primary e-mail: justin.levine@csklegal.com
                Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

        *and*

      HECHT PARTNERS LLP
     *Counsel for Defendant*
     125 Park Ave, 25th Floor
     New York, NY 10017
     Tel: (212) 851-6821
     David L. Hecht *pro hac vice*
     Email: dhecht@hechtpartners.com
     Maxim Price *pro hac vice*
     Email: mprice@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*