UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

### CORELLIUM'S EIGHTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT OR TESTIMONY THAT ATTRIBUTES CHRIS WADE'S PERSONAL TWEETS TO CORELLIUM

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

Corellium moves in *limine* for the entry of an Order prohibiting the parties from offering any argument, testimony, or evidence related to Christopher Wade's ("Wade") Twitter posts being attributable to Corellium, the entity.[1]

Argument or testimony related to or that suggests that Twitter posts published by Wade's personal Twitter account should be attributed to speaking on behalf of Corellium, the entity, should be excluded.[2] Wade's tweets are not authored by Corellium nor do they speak for Corellium.[3] Corellium maintains its own Twitter account ("@CorelliumHQ"). Wade maintains his own personal Twitter account ("@cmwdotme"). The Twitter accounts are separate. Wade, individually, does not speak for Corellium and postings by Wade do not necessarily reflect the position of Corellium. Even if a Wade tweet was retweeted by Corellium, it is clear now that "RTs [retweets] do not equal endorsements."[4] As Wade is not a party to this lawsuit, any posts from his personal Twitter account are not necessarily attributable to Corellium's intent or positions. Introducing these posts as being made by Corellium, versus Chris Wade, would be unfairly prejudicial to Corellium since jurors may attribute the tweets to Corellium. The prejudice substantially outweighs any probative value.[5] Therefore, any argument or testimony that suggests or attributes Wade's tweets to the positions of Corellium should be excluded.

---

[1] To be clear, Corellium is not seeking to exclude Chris Wade's Twitter Posts, or testimony about them, only any argument or reference that such posts speak on behalf of the entity, Corellium, LLC.

[2] Apple has referenced Twitter posts by Wade in its Second Amended Complaint [DE 589].

[3] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[4] Thomas P. Campbell, *Full Transparency: A Case Against the Collection of Internet Information in Trump-Era American Immigration*, 13 FIU L. Rev. 513, 537 (2019).

[5] Furthermore, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403; *see also*, *United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010). Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on August 13, 2020, regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: August 17, 2020                                        Respectfully submitted,

                      COLE, SCOTT & KISSANE, P.A.
                      *Counsel for Defendant CORELLIUM, LLC*
                      Esperante Building
                      222 Lakeview Avenue, Suite 120
                      West Palm Beach, Florida 33401
                      Telephone (561) 612-3459
                      Facsimile (561) 683-8977
                      Primary e-mail: justin.levine@csklegal.com
                      Secondary e-mail: lizza.constantine@csklegal.com

By:  */s/ Justin Levine*
       JONATHAN VINE
       Florida Bar. No.: 10966
       JUSTIN B. LEVINE
       Florida Bar No.: 106463
       LIZZA C. CONSTANTINE
       Florida Bar No.: 1002945

        *and*

       HECHT PARTNERS LLP
      *Counsel for Defendant*
       125 Park Ave, 25th Floor
       New York, NY 10017
       Tel: (212) 851-6821
       David L. Hecht *pro hac vice*
       Email: dhecht@hechtpartners.com
       Maxim Price *pro hac vice*
       Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP

CASE NO.: 9:19-CV-81160-RS

505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*