UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S NINTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT, TESTIMONY, OR EVIDENCE RELATED TO THE NOTION THAT THE CORELLIUM APPLE PRODUCT IS USED FOR ANY PURPOSES OTHER THAN FOR SECURITY RESEARCH**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

Corellium, by and through its undersigned counsel, moves in *limine* for the entry of an Order prohibiting the parties from offering any argument, testimony, or evidence that the Corellium Product is used for anything other than security research. The Parties should be precluded from presenting evidence that the Corellium Product is capable of and can be used for purposes other than security research.[1] No evidence has been produced that, beyond mere speculation, establishes that the product in question is used for any other purpose. To the contrary, Amanda Gorton, Corellium CEO and 30(b)(6) witness, testified that the Corellium product was specifically designed for security research. *See* Deposition of Amanda Gorton [D.E. 472-25], at 118:12-20,[2] 133:10- 134:5.[3] Any discussion that the Corellium product can be used for purposes other than security research are irrelevant because there is no evidence that establishes that notion.[4] Introducing any evidence related to the speculative capabilities of the Corellium product would be unfairly prejudicial to Corellium since jurors could naturally attribute merit to the speculative nature of such evidence where none has been presented to the contrary. Such evidence may also mislead the jury to conclude there must be some evidence to support Apple's speculation, but there is none. The prejudice substantially outweighs any probative value.[5] Therefore, any evidence regarding the Corellium Product's uses outside of security research should be excluded.

---

[1] Apple has consistently framed Corellium's product's purpose is to "find and exploit flaws in iOS." "Corellium is selling a product for profit, …, *that it avowedly intends to be used for any purpose, without limitation*, including for the sale of software exploits on the open market. Second Amended Complaint, ℙ 28 and 42 [D.E. 589] (emphasis added).

[2] "We generally don't advertise our product for application development. The CORSEC product is designed for security testing and research particularly." *See* Exhibit 1, at 118:14-17.

[3] "However, it was, at this time, our understanding and intent for this particular type of end user. Now, as we discussed in a previous question, this type of end user is no longer a target and, indeed, never properly became a target. The reason for this is simple. At the time, we had envisioned a more cost-effective version of the CORSEC product, which would be feature-limited and developed at scale such that we could enable a low price option for the app developer. We encountered some difficulties in developing this product, not the least of which was the hiccups that we encountered in the ARM server market. The ARM server market has had trouble getting off the ground. It has been plagued with—beyond the mere aspect." *See* Exhibit 1, at 133:10- 134:5.

[4] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[5] Rule 403 permits a district court to exclude otherwise relevant evidence when the 'probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Johnson v. Jennings*, 772 F. App'x 822, 824–25 (11th Cir. 2019) (quoting Fed. R. Evid. 403).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on August 13, 2020, regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: August 17, 2020          Respectfully submitted,

                 COLE, SCOTT & KISSANE, P.A.
                 *Counsel for Defendant CORELLIUM, LLC*
                 Esperante Building
                 222 Lakeview Avenue, Suite 120
                 West Palm Beach, Florida 33401
                 Telephone (561) 612-3459
                 Facsimile (561) 683-8977
                 Primary e-mail: justin.levine@csklegal.com
                 Secondary e-mail: lizza.constantine@csklegal.com

By: */s/ Justin Levine*
       JONATHAN VINE
       Florida Bar. No.: 10966
       JUSTIN B. LEVINE
       Florida Bar No.: 106463
       LIZZA C. CONSTANTINE
       Florida Bar No.: 1002945

         *and*

       HECHT PARTNERS LLP
      *Counsel for Defendant*
       125 Park Ave, 25th Floor
       New York, NY 10017
       Tel: (212) 851-6821
       David L. Hecht *pro hac vice*
       Email: dhecht@hechtpartners.com
       Maxim Price *pro hac vice*
       Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP

CASE NO.: 9:19-CV-81160-RS

505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*