UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S TENTH MOTION IN *LIMINE* TO EXCLUDE
ARGUMENT, TESTIMONY, OR EVIDENCE OF EXPERT OPINIONS
REGARDING CORELLIUM'S ADVERTISING MATERIALS**

    Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

CASE NO.: 9:19-CV-81160-RS

The experts for Apple, Dr. Jason Nieh and David Connelly, have offered comments regarding the interpretation and meaning of advertising materials by Corellium. Neither is an advertising expert. Therefore, Corellium moves in *limine* for the entry of an Order prohibiting Apple from offering any argument, testimony, or evidence by its experts related to the interpretation of a supposed meaning or impact of the content of Corellium's advertising materials due to the prejudice it would cause Corellium.[1]

Dr. Nieh has a degree in electrical engineering, is a professor of computer science, and was retained to formulate opinions regarding the Corellium Apple Product. *See*, Nieh Report [D.E. 472-9], at 3-5. Yet, throughout his report, Dr. Nieh interprets the intent and meaning of Corellium's marketing materials. *Id.*, *see e.g.* at 233 ("The Corellium Apple Product . . . is *marketed* for use in circumventing Apple's technological protection measures."). Similarly, Mr. Connelly is an accountant who was retained to perform an investigation and analysis concerning any alleged financial damages. In his report and deposition, Mr. Connelly interprets the supposed meaning and impact behind the content of Corellium's marketing brochures to formulate his own opinions on the use of Corellium's technology. *See*, Connelly Errata Supplemental & Rebuttal Report [D.E. 468-1], at 26; *see also*, Connelly Deposition Transcript, D.E. 468-2, at 98:12-18.

Neither expert attested that they are experts in the interpretation or impact of marketing and advertisement materials. Thus, rather than expert opinions on the advertising materials, they will be providing inadmissible lay witness opinions (with no personal knowledge) regarding Corellium's intentions and business practices as well as the alleged use of the Corellium Product, extrapolated from Corellium's advertising materials.[2] Introducing such testimony to the jury by experts regarding a subject outside of their expertise and personal knowledge will unfairly prejudice Corellium because the jury would give undue deference to Dr. Nieh and Mr. Connelly based on their status as experts, even if they are not marketing experts.[3]

---

[1] To be clear, Corellium is not seeking to exclude testimony by factual witnesses regarding advertising materials, nor exclude the admission of the advertising materials themselves.

[2] *See, In re Trasylol,* 709 F. Supp. 2d at 1337-38, 2010 WL 2541892 (S.D. Fla. June 22, 2010) ("[T]he question of (corporate) intent or motive is a classic jury question and not one for experts.").

[3] The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403; *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on August 13, 2020, regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: August 17, 2020　　　　　　　　　Respectfully submitted,

                                     COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: */s/ Justin Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

   *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY 10017
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

/s/ *Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*