UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM' ELEVENTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT, TESTIMONY, OR EVIDENCE RELATED TO APPLE EXPERT MICHAEL SIEGAL'S CONCLUSORY LEGAL OPINIONS**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

Corellium moves in *limine* for the entry of an Order prohibiting the parties from offering any argument, testimony, or evidence related to Apple Expert Michael Siegal's conclusory legal opinions regarding the definition of good faith security research.

Mr. Siegel should be precluded from presenting evidence related to the definition of "good faith security research" which, in his opinion, purportedly requires disclosure of vulnerabilities found by security researchers to the manufacturer of the software. Mr. Siegal opines that "good faith security research" requires the disclosure of security research to the vendor of the flawed product. *See* Deposition of Michael Siegal, attached hereto as **Exhibit 1**, 64:17-25; 68:18-72:8. However, any reference to such disclosure is irrelevant[1] because it is simply absent from any legal requirement under any area of the law where this issue is addressed.[2, 3] Mr. Siegal's definition would confuse the jury by presenting a definition that requires "responsible disclosure."[4] Introducing this definition would be unfairly prejudicial to Corellium since jurors could become concerned whether Corellium's customers have "responsibly disclosed" their findings when there is no legal requirement to do so under the DMCA. The prejudice substantially outweighs any probative value.[5]

---

[1] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[2] 37 C.F.R. § 201.40(b)(11) instructs "For purposes of this paragraph (b)(11), 'good-faith security research' means accessing a computer program solely for purposes of good-faith testing, investigation, and/or correction of a security flaw or vulnerability, where such activity is carried out in an environment designed to avoid any harm to individuals or the public, and where the information derived from the activity is used primarily to promote the security or safety of the class of devices or machines on which the computer program operates, or those who use such devices or machines, and is not used or maintained in a manner that facilitates copyright infringement."

[3] The DMCA defines "security testing" as "accessing a computer, computer system, or computer network, solely for the purpose of good faith testing, investigating, or correcting, a security flaw or vulnerability, with the authorization of the owner or operator of such computer, computer system or computer network." 17 U.S.C. § 1201(j)(1).

[4] "And it is my informed belief that a combination of security researchers and industry believe that ultimately there *should* be disclosure, there *should* be." *See*, Deposition of Michael Siegal, at 85:19-86:3 (emphasis added).

[5] Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403; *United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010); *Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 13, 2020, regarding the relief sought herein. Apple objects to the requested relief sought.

Dated: August 17, 2020    Respectfully submitted,

          COLE, SCOTT & KISSANE, P.A.
          *Counsel for Defendant CORELLIUM, LLC*
          Esperante Building
          222 Lakeview Avenue, Suite 120
          West Palm Beach, Florida 33401
          Telephone (561) 612-3459
          Facsimile (561) 683-8977
          Primary e-mail: jonathan.vine@csklegal.com
          Primary e-mail: justin.levine@csklegal.com
          Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945

      *and*

     HECHT PARTNERS LLP
     *Counsel for Defendant*
     125 Park Ave, 25th Floor
     New York, NY 10017
     Tel: (212) 851-6821
     David L. Hecht *pro hac vice*
     Email: dhecht@hechtpartners.com
     Maxim Price *pro hac vice*
     Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*