UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S TWELFTH MOTION IN *LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING TO THE APPLE DEVELOPER PROGRAM ALLEGED USES FOR SECURITY RESEARCH**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

The Apple Developer Program ("ADP") is not used for security research and this Court should exclude any argument, reference, evidence or testimony alleging that the ADP can be used for the same.[1] In Apple's Second Amended Complaint [D.E. 589] ("Complaint"), Apple alleges that it provides ADP as a service to "third-party developers" that allows for "creation and testing of iOS apps." Complaint, ¶ 21. While Apple provides a very broad definition of what ADP's services are, the testimony of Apple's employees and corporate representative explain that ADP is not used for security research. *See*, D.E. 472-3 Jon Andrews Deposition, at 214:1-2 ("as far as [products for security] researcher goes, I don't think [Apple has] anything today"); *see also* Matthew Firlik's, Director of Development Technologies at Apple Inc., Deposition, **Ex. 1**, at 58:22-24 ("I am not aware of any specific reasons the Apple developer program was developed that relates to security."). Mr. Firlik is the Director of Development Technologies at Apple Inc. D.E. 365-7. Corellium believes that Apple may make reference or present testimony that one of the uses for ADP is for security research. Such reference or presentation of testimony at trial will be unduly prejudicial to Corellium because it will confuse and mislead the jury to believe that ADP is used for security research purposes. FED. R. EVID. 403.[2] Such confusion could make the jury *assume* that the Corellium product competes with ADP in the security research market, when in fact Apple's corporate representative, Jon Andrews, stated that Apple has *no product* in the security market arena. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015) ("The fourth fair use factor, . . .focuses on whether the copy brings to the marketplace a competing substitute for the original, or its derivative"). Thus, such evidence or testimony must be excluded.

---

[1] A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. See *Begualg Inv. Mgmt. v. Four Seasons Hotel Ltd.*, 2013 WL 750309, at *1 (S.D. Fla. 2013*)*; 20 Am. Jur. *Trials* 441 § 2 (1973). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Holderbaum v. Carnival Corp.,* 2015 WL 12085846, *1 (S.D. Fla. March 4, 2015) (quoting *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007)). Critically, the "admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995).

[2] The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: *unfair prejudice, confusing the issues, misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence.

CASE NO.: 9:19-CV-81160-RS

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 13, 2020, regarding the relief sought herein. Apple objects to the requested relief sought.

Dated: August 17, 2020                            Respectfully submitted,

                                         COLE, SCOTT & KISSANE, P.A.
                                         *Counsel for Defendant CORELLIUM, LLC*
                                         Esperante Building
                                         222 Lakeview Avenue, Suite 120
                                         West Palm Beach, Florida 33401
                                         Telephone (561) 612-3459
                                         Facsimile (561) 683-8977
                                         Primary e-mail: jonathan.vine@csklegal.com
                                         Primary e-mail: justin.levine@csklegal.com
                                         Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

            *and*

      HECHT PARTNERS LLP
     *Counsel for Defendant*
      125 Park Ave, 25th Floor
      New York, NY 10017
      Tel: (212) 851-6821
      David L. Hecht *pro hac vice*
      Email: dhecht@hechtpartners.com
      Maxim Price *pro hac vice*
      Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*