**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

    _____/

**CORELLIUM'S FOURTEENTH MOTION IN *LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING TO APPLE'S IOS SERVICE LICENSING AGREEMENTS (SLAs)**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

In its Second Amended Complaint [D.E. 589] ("Complaint"), Apple did not allege that Corellium breached any agreement—including any iOS Service Licensing Agreements (SLAs). *See*, Complaint. Indeed, Corellium and its users never agreed to those SLAs when loading iOS, which is freely available on the Internet and distributed in the form of an "IPSW" file. Nor is there any case law to support Apple's new, erroneous notion that SLAs can be a technological measure relevant to the Digital Millennium Copyright Act ("DMCA")—there is nothing "technological" about an agreement or contract. Therefore, Apple, including its expert(s), should not be permitted to present evidence of user-level agreements that are not at issue in this case.

Apple's Motion for Partial Summary Judgment correctly describes that its SLAs "reinforce" Apple's restriction that users may only run iOS on Apple hardware, *i.e.* "limiting use of iOS to 'a single Apple-branded iOS Device.'" *See* D.E. 453, at 10. But Apple attempts to go further and argues its "Buddy setup process," which is responsible for presenting a user with an SLA agreement, is somehow a technological control measure ("TCM") and therefore relevant to its DMCA claims. The Buddy setup process has no relevancy to its DMCA claims. Notably, a "TCM" is not a term defined in the DMCA, which uses a different term—technological measure.

According to 17 USC 1201(a)(3), "a technological measure 'effectively controls **access** to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or treatment, with the authority of the copyright owner, **to gain access to the work**." Neither the Buddy process nor any SLA controls *access* to Apple's iOS, which is freely available on Apple's public servers, without any encryption or protection. Apple has attempted to stretch the term "access" to include everything that one can do with a computer program, including running it and interacting with it. But the meaning of access is much narrower in the DMCA. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 546–47.

Apple conflates the hardware restrictions in its own SLA with the copyrights protected under Title 17. Apple cannot use the DMCA to secure extra property rights that the Copyright Act does not convey. It is undisputed that Apple's Buddy setup is not a TCM that prevents access to the IPSW file, that Apple distributes for free, online, without any protection.

Without any breach of contract claim and given Apple's attempt to stretch the DMCA to include *agreements* as technological measures, Corellium requests that the Court preclude Apple from presenting testimony or argument relating to its "Buddy" program and its SLAs.

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 13, 2020, regarding the relief sought herein. Apple objects to the requested relief sought.

Dated: August 17, 2020　　　　　　　　　Respectfully submitted,

                                            COLE, SCOTT & KISSANE, P.A.
                                            *Counsel for Defendant CORELLIUM, LLC*
                                            Esperante Building
                                            222 Lakeview Avenue, Suite 120
                                            West Palm Beach, Florida 33401
                                            Telephone (561) 612-3459
                                            Facsimile (561) 683-8977
                                            Primary e-mail: jonathan.vine@csklegal.com
                                            Primary e-mail: justin.levine@csklegal.com
                                            Primary e-mail: lizza.constantine@csklegal.com

                                   By:  *s/ Justin Levine*
                                            JONATHAN VINE
                                            Florida Bar. No.: 10966
                                            JUSTIN B. LEVINE
                                            Florida Bar No.:  106463
                                            LIZZA C. CONSTANTINE
                                            Florida Bar No.:  1002945

                                            *and*

                                            HECHT PARTNERS LLP
                                            *Counsel for Defendant*
                                            125 Park Ave, 25th Floor
                                            New York, NY 10017
                                            Tel: (212) 851-6821
                                            David L. Hecht *pro hac vice*
                                              Email: dhecht@hechtpartners.com
                                            Maxim Price *pro hac vice*
                                            Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*