UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S FIFTEENTH MOTION IN *LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING TO EVIDENCE OF APPLE'S SECURE BOOT CHAIN**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

Apple did not mention the "secure boot chain" in its Second Amended Complaint ("Complaint"). *See* D.E. 589. Yet in Apple's Motion for Partial Summary Judgment, Apple lists the "secure boot chain" as a technological control measure ("TCM") "that, in the ordinary course of operation, ensures that iOS runs only on Apple devices, and that Apple devices run only authentic, unmodified versions of iOS." *See*, D.E. 453 at 3. The "secure boot chain" does not prevent access to iOS, which Apple distributes online, for free, and without any protection whatsoever. Apple should not be permitted to present argument or evidence regarding the secure boot chain being a TCM as it is not relevant to any of its claims or defenses and will be highly confusing for a jury.

Notably, the term "technical control measure" does not exist in the Digital Millennium Copyright Act ("DMCA"). Nor does the DMCA set forth any right for copyright owners like Apple to restrict an operating system (or any software) to a specific hardware system.

According to 17 USC 1201(a)(3), "a technological measure 'effectively controls **access** to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or treatment, with the authority of the copyright owner, **to gain access to the work**." The secure boot chain does *not* control access to Apple's iOS, which is freely available on Apple's public servers as an "IPSW" file, without any encryption or protection. Apple has attempted to stretch the term "access" to include everything that one can do with a computer program, including running it. But the meaning of access is much narrower in the DMCA. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 546–47. This will be a highly confusing distinction for the jury, for which Corellium will likely be highly prejudiced by having to explain it at trial.

Smartly, Apple also conflates the hardware restrictions that may be implemented by its secure boot chain with the copyrights protected under Title 17. Apple cannot use the DMCA to secure for itself extra property rights that the Copyright Act does not convey.

Apple's attempt to stretch the DMCA to include rights allowing Apple to restrict *how* iOS is executed, versus whether it is accessed, is improper and not based in the law. Corellium therefore requests that the Court preclude Apple from presenting testimony or argument relating to the secure boot chain.

CASE NO.: 9:19-CV-81160-RS

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff August 13, 2020, regarding the relief sought herein. Apple objects to the requested relief sought.

Dated: August 17, 2020   Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: jonathan.vine@csklegal.com
        Primary e-mail: justin.levine@csklegal.com
        Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

      *and*

      HECHT PARTNERS LLP
      *Counsel for Defendant*
      125 Park Ave, 25th Floor
      New York, NY 10017
      Tel: (212) 851-6821
      David L. Hecht *pro hac vice*
      Email: dhecht@hechtpartners.com
      Maxim Price *pro hac vice*
      Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 17, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Justin B. Levine*
Justin B. Levine

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*