UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S CORRECTED[1] SEVENTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT, TESTIMONY, OR EVIDENCE RELATED TO THE <u>PARTIES' SETTLEMENT EFFORTS</u>**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, moves this Court for entry of an Order in *limine* against Plaintiff, APPLE INC. ("Apple"), and in support states as follows:

---

[1] Corrected only as to Local Rule 7.1(a)(3) Certification to accurately reflect Apple's position regarding the relief sought in this motion.

Corellium moves in *limine* for the entry of an Order prohibiting the parties from offering any argument, testimony, or evidence related to the settlement discussions, proposed agreements, offers, and other efforts including those of outside non-parties who assisted the parties in attempting to settle this instant lawsuit.

The Parties should be precluded from presenting evidence related to settlement efforts that occurred in this lawsuit, including the involvement of non-parties who assisted in attempting to settle this action.[2] First, any and all evidence of the parties attempts to reach settlement should be excluded under Rule 408.[3] Rule 408 exists to encourage the parties to settle; this understanding should extend to the related actions of non-parties.[4] Second, to the extent that Rule 408 does not exclude settlement efforts of the parties and any non-parties involved in such efforts, such evidence should be excluded as irrelevant and unduly prejudicial. The additional efforts of outside non-parties are irrelevant because they have no bearing on any issue or fact being litigated.[5] Further, introducing the efforts of third-party actors would be unfairly prejudicial to Corellium since jurors could naturally give weight to the settlement efforts of any party or non-party on behalf of a particular party and there is the risk that the jury may mischaracterize these efforts. The prejudice substantially outweighs any probative value.[6] Therefore, any evidence relating to the settlement efforts of both the parties and non-party individuals should be excluded.

---

[2] Apple has already referenced a call made by Florida Governor Ron DeSantis in its Reply in Support of Apple's Motion to Compel Corellium to Produce Documents and to Allow a Continuance of the Deposition of Chris Wade, p. 3, ¶ 5 [D.E. 374].

[3] "Rule 408 bars the introduction of evidence of a compromise and offers to comprise when offered to prove liability for, invalidity of, or amount of a claim that was in dispute. For Rule 408 to apply, there must be an actual dispute between or at a minimum a difference of opinion between the parties, as to the validity of the claim." *Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2020 WL 4501735, at *1 (S.D. Fla. May 4, 2020) (discussing FRE 408).

[4] *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1487 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources").

[5] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[6] Furthermore, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403; *see also*, *United States v. O'Sullivan*, 361 F. App'x 993, 998 (11th Cir. 2010). Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

CASE NO.: 9:19-CV-81160-RS

# **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on August 13, 2020, regarding the relief sought herein. Plaintiff opposes the relief requested herein.

Dated: August 18, 2020                    Respectfully submitted,

                                               COLE, SCOTT & KISSANE, P.A.
                                               *Counsel for Defendant CORELLIUM, LLC*
                                               Esperante Building
                                               222 Lakeview Avenue, Suite 120
                                               West Palm Beach, Florida 33401
                                               Telephone (561) 612-3459
                                               Facsimile (561) 683-8977
                                               Primary e-mail: justin.levine@csklegal.com
                                               Secondary e-mail: lizza.constantine@csklegal.com

                           By:  */s/ Lizza Constantine*
                                    JONATHAN VINE
                                    Florida Bar. No.: 10966
                                    JUSTIN B. LEVINE
                                    Florida Bar No.:  106463
                                    LIZZA C. CONSTANTINE
                                    Florida Bar No.:  1002945

                                     *and*

                                    HECHT PARTNERS LLP
                                    *Counsel for Defendant*
                                    125 Park Ave, 25th Floor
                                    New York, NY 10017
                                    Tel: (212) 851-6821
                                    David L. Hecht *pro hac vice*
                                    Email: dhecht@hechtpartners.com
                                    Maxim Price *pro hac vice*
                                    Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 18, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

*/s/ Lizza C. Constantine*
Lizza C. Constantine

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)

CASE NO.: 9:19-CV-81160-RS

jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*