UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S FIFTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT, TESTIMONY, OR EVIDENCE RELATED TO *VICE* ARTICLES AND OTHER PRESS REGARDING THIS CASE**

Corellium's Fifth Motion *in Limine* to exclude evidence related to "any and all" press articles, ECF No. 644 at 2, should be denied because it is overbroad and premature: Corellium has not identified any specific articles (or portions thereof) or the purposes for which they may be introduced, and its blanket request to enforce the hearsay rules—without identifying any actual hearsay evidence—is not a proper request for a motion *in limine*.

Courts exclude evidence *in limine* "only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010); *see id.* (movant has the burden of demonstrating the evidence is "inadmissible on any relevant ground"). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevance, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769; 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). A court "cannot exclude evidence without examining the specific material, the context in which the parties seek[] to introduce it, and the evidentiary foundation for the material." *Zaki Kulaibee Estab. v. McFliker*, No. 08-cv-60296, 2011 WL 1327145, at *5 (S.D. Fla. Apr. 5, 2011); *see id.* (explaining that a court "cannot exclude unidentified evidence in a vacuum"). Requests that the Court "enforce the rules governing trial . . . [are] not properly the subject of a motion *in limine*." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020); *see id.* (denying motion *in limine* that did not identify evidence to be excluded or purpose for which it was to be used); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-cv-61490, 2011 WL 2295269, at *9 (S.D. Fla. June 8, 2011) (same).

Corellium claims that "any and all" articles regarding "the Corellium Product, Corellium's customers, this case, or the parties thereto" would constitute inadmissible hearsay. ECF No. 644 at 2. But Corellium does not identify any specific material sought to be introduced or excluded or any purpose for which it may be used. Without such specificity, the Court cannot possibly determine whether any such articles would be offered "to prove the truth of the matter asserted," Fed. R. Evid. 801(c), nor can it determine whether any exception to the hearsay rule applies, *see* Fed. R. Evid. 803–807. Rather than issuing a blanket ruling on "all" articles generically, the Court should defer making evidentiary rulings on any articles *actually introduced by the parties*—if any—until trial. *See In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *6 (hearsay evidence is "clearly a category of evidence best left to the discretion of the trial judge to decide if and when such evidence is introduced"). The Court should deny the motion.

Dated: August 31, 2020      Respectfully Submitted,

| | |
|---|---|
| Michele D. Johnson* <br> *michele.johnson@lw.com* <br> LATHAM & WATKINS LLP <br> 650 Town Center Drive, 20th Floor <br> Costa Mesa, CA 92626 <br> (714) 540-1235 / (714) 755-8290 Fax | *s/ Martin B. Goldberg* <br><br> Martin B. Goldberg <br> Florida Bar No. 0827029 <br> *mgoldberg@lashgoldberg.com* <br> *rdiaz@lashgoldberg.com* <br> Emily L. Pincow |
| Sarang Vijay Damle* <br> *sy.damle@lw.com* <br> Elana Nightingale Dawson* <br> *elana.nightingaledawson@lw.com* <br> LATHAM & WATKINS LLP <br> 555 Eleventh Street NW, Suite 1000 <br> Washington, DC 20004 <br> (202) 637-2200 / (202) 637-2201 Fax | Florida Bar. No. 1010370 <br> *epincow@lashgoldberg.com* <br> LASH & GOLDBERG LLP <br> 100 Southeast Second Street <br> Miami, FL 33131 <br> (305) 347-4040 / (305) 347-4050 Fax |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.