# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160-RS

APPLE INC.,

Plaintiff,

v.

CORELLIUM, LLC,

Defendant.

## PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S CORRECTED SIXTH MOTION *IN LIMINE* TO EXCLUDE ALL LEGAL CONCLUSIONS AND STATEMENTS OF LAW BY WITNESSES

Corellium's Corrected Sixth Motion *in Limine* to Exclude All Legal Conclusions and Statements of Law By Witnesses, ECF No. 657 (original at ECF No. 645), should be denied as vague and overbroad.  Apple agrees that "[s]tatements by lay witnesses that include legal conclusions . . . are improper and inadmissible at trial." *Blanco v. Capform, Inc.*, No. 11-cv-023508, 2013 WL 118171, at *1 (S.D. Fla. Jan. 9, 2013).  But Corellium's motion wholly fails to provide the specificity required of a motion *in limine*, and thus amounts to no more than a generic request that the Court enforce the law, which should be rejected for its vagueness.  *Centre Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020).  Corellium's motion also contains an indirect and hopelessly broad request for permission to let its own witnesses testify without restriction on "their understanding of what the law may have been" at the time they took some action.  ECF No. 657 at 2.  Yet as even Corellium admits, a lay witness's interpretation or understanding of the law is inadmissible.  *Id.* (citing *Blanco*, 2013 WL 118171, at *1).

It was Corellium's burden to identify "specific pieces of evidence" that it requests be excluded through its motion *in limine*.  *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-cv-61365, 2020 WL 3547028, at *4, *6 (S.D. Fla. June 30, 2020) (internal quotation and citation omitted); *see id.* ("The Court cannot categorically exclude evidence at this point, without presentation of specific evidence before it.").  But Corellium's motion lacks a *single* example of any potentially inadmissible evidence that Apple would try to introduce during trial.  Motions *in limine* should "not serve as reinforcement regarding the various rules governing trial." *Palmetto 241 LLC v. Scottsdale Ins. Co.*, No. 19-cv-22195, 2020 WL 2736646, at *3 (S.D. Fla. May 26, 2020); *see also Centre Hill Cts.*, 2020 WL 496065, at *2–3.  Moreover, the "Court cannot exclude unidentified evidence in a vacuum" because the Court "cannot exclude evidence without examining the specific material, the context in which the parties seek[] to introduce it, and the evidentiary foundation for the material." *Zaki Kulaibee Estab. v. McFliker*, No. 08-cv-60296, 2011 WL 1327145, at *5 (S.D. Fla. Apr. 5, 2011).  The vagueness and imprecision of Corellium's request make it impossible for the Court to grant the motion.

To be clear, Apple has no intention of introducing legal conclusions from its trial witnesses.  To the extent *either* side attempts to introduce such objectionable testimony, the Court can and should resolve appropriate objections at that time.  *See Palmetto 241*, 2020 WL 2736646, at *3.  In the meantime, Corellium's motion should be denied as vague and overbroad.

1

Dated: August 31, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.