**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S
CORRECTED SEVENTH MOTION *IN LIMINE* TO EXCLUDE THE
ARGUMENT, TESTIMONY, OR EVIDENCE
<u>RELATED TO THE PARTIES' SETTLEMENT EFFORTS</u>**

Corellium's Corrected Seventh Motion *in Limine* to exclude evidence of settlement efforts between the parties, ECF No. 656 (original at ECF No. 646), should be denied because it lacks the requisite specificity, makes no showing of undue prejudice, and is premature. While Rule 408 bars parties from introducing settlement communications for certain purposes, such as to prove liability, it permits the admission of such evidence "for another purpose." Fed. R. Evid. 408(b). Corellium, however, asks the Court to go beyond Rule 408 and bar all unidentified settlement-related evidence offered for *any* purpose. The Court should reject that request.

First, Corellium's motion fails because "it lacks the necessary specificity with respect to the evidence to be excluded." *Centre Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020).[1] Corellium fails to identify *any* specific evidence and instead seeks a blanket exclusion of information it contends relates to settlement, for any purpose. This is unworkable: "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Id.* Rule 408 already makes inadmissible most settlement-related evidence; Corellium fails to explain why normal application of the rule will not suffice.[2]

Second, Corellium offers no support whatsoever for its contention that the evidence it seeks to exclude would be unduly prejudicial pursuant to Rule 403. If any of the unspecified evidence that Corellium is concerned about comes up at trial, and is not barred under Rule 408, then the time to balance its probative value against its prejudicial effect under Rule 403 will be at trial. The Court can make an informed ruling with the benefit of full and proper context then.

Third, the generalized relief Corellium seeks is overbroad and premature, and courts routinely deny similar requests. *See, e.g.*, *Sec. & Exch. v. Melvin*, No. 1:12-cv-2984, 2014 WL 11829332, at *3 (N.D. Ga. Nov. 21, 2014) ("Until the court is informed of the purpose for introducing such evidence, the court is not in a position to determine whether the evidence is barred by Rule 408."). Respectfully, the Court should deny Corellium's motion.

---

[1] Internal quotations and citations omitted throughout.

[2] In a footnote, Corellium references "a call made by Florida Governor Ron DeSantis." ECF 656 at 2 n.2. However, that call *did not relate* to settlement efforts (the Governor specifically told Apple he "took no position" on the lawsuit), and Apple referenced it only in response to argument *introduced by Corellium*. *See* ECF No. 378-1 at 4 n.5 (referring to ECF No. 361 at 7 n.10). Apple does not intend to introduce such evidence. Indeed, Apple filed a motion *in limine* seeking to exclude Corellium's references to Governor DeSantis. ECF No. 631.

Dated: August 31, 2020                    Respectfully Submitted,

Michele D. Johnson*                       *s/ Martin B. Goldberg*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP                      Martin B. Goldberg
650 Town Center Drive, 20th Floor         Florida Bar No. 0827029
Costa Mesa, CA 92626                      *mgoldberg@lashgoldberg.com*
(714) 540-1235 / (714) 755-8290 Fax       *rdiaz@lashgoldberg.com*
                                          Emily L. Pincow
Sarang Vijay Damle*                       Florida Bar. No. 1010370
*sy.damle@lw.com*                         *epincow@lashgoldberg.com*
Elana Nightingale Dawson*                 LASH & GOLDBERG LLP
*elana.nightingaledawson@lw.com*          100 Southeast Second Street
LATHAM & WATKINS LLP                      Miami, FL 33131
555 Eleventh Street NW, Suite 1000        (305) 347-4040 / (305) 347-4050 Fax
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.