**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S THIRTEENTH MOTION *IN LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING TO ANY OF APPLE'S COPYRIGHTS BEYOND THOSE IDENTIFIED IN EXHIBIT "A" TO <u>SECOND AMENDED COMPLAINT (COMPLAINT) [DE 589]</u>**

Corellium's Thirteenth Motion *in Limine* to exclude evidence of versions of iOS beyond those listed in Exhibit A to the Second Amended Complaint, ECF No. 652, should be denied.

First, Corellium does not identify *any* specific evidence it wants excluded. Rather, Corellium refers generically to all evidence of, and references to, any of the many versions of iOS prior to 9.0. Corellium's failure to identify specific evidence it seeks to exclude makes it impossible for the Court to make a ruling and requires denial. *Centre Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 WL 496065, at *2–3 (S.D. Fla. Jan. 30, 2020) (denying motion *in limine* because such motions "should be limited to specific pieces of evidence") (internal quotations and citation omitted).

Second, Corellium's own motion demonstrates that its request is unworkably overbroad. Each Copyright Registration Certificate at issue in Apple's copyright infringement claims, on its face, expressly describes the prior versions of iOS that Corellium argues cannot be mentioned at trial. *See, e.g.*, ECF No. 652 at 2 (excerpting registration that identifies "Previously published Apple material (iOS 8.4 and prior versions of iOS software)"). Granting Corellium's motion would therefore require excluding indisputably relevant and highly probative evidence described on the face of the Copyright Registration Certificates themselves—which are plainly admissible.

Third, there is no basis to exclude evidence of the history and creation of iOS, which would be barred if Corellium's motion were granted. Such evidence is plainly relevant to Apple's claim that Corellium has illegally profited off of Apple's years of investment and creativity embodied by iOS and should be held accountable for that illegal activity. Corellium has not identified any basis for the wholesale exclusion of an entire category of plainly relevant evidence.

Fourth, Corellium ignores Apple's claim under the DMCA. Whereas Apple's infringement claims are based on Corellium's infringement of iOS versions 9.0 and higher, Apple's DMCA claim is based on different conduct altogether: Corellium's illegal trafficking in a product that circumvents technical measures that protect iOS. ECF No. 589 ¶¶ 71–77. The DMCA claim is *not* limited to any particular registered copyrights, but rather encompasses "each individual version of iOS." *Id.* ¶ 72. DMCA claims, unlike copyright infringement claims, do not require that the copyrighted works be registered. *See Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 4:18-CV-902-A, 2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019); *see also Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018). Evidence regarding versions of iOS prior to 9.0 is thus indisputably relevant to Apple's DMCA claim. Corellium's motion should be denied.

1

| | |
|---|---|
| Dated: August 31, 2020 | Respectfully Submitted, |

| | |
|---|---|
| Michele D. Johnson* | *s/ Martin B. Goldberg* |
| *michele.johnson@lw.com* | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | *mgoldberg@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | *rdiaz@lashgoldberg.com* |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| *sy.damle@lw.com* | *epincow@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.