# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160-RS

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S FOURTEENTH MOTION *IN LIMINE* TO EXCLUDE ALL REFERENCES, EVIDENCE AND TESTIMONY RELATING TO APPLE'S <u>IOS [SOFTWARE] LICENS[E] AGREEMENTS (SLAS)</u>**

Corellium's Fourteenth Motion *in Limine* to Exclude All References, Evidence and Testimony Relating to Apple's iOS [Software] Licens[e] Agreements (SLAs), ECF No. 653, should be denied because the evidence it seeks to exclude is plainly relevant and admissible.

Apple alleges that Corellium violates the DMCA by making and selling a product that circumvents technical measures that prevent access to and protect Apple's rights in iOS. A technical measure under the DMCA is one that prevents "ordinary consumers" from accessing or infringing a copyrighted work. *JCW Software, LLC v. Embroidme.com, Inc.*, No. 10-cv-80472, 2012 WL 13015051, at *10 (S.D. Fla. May 29, 2012). One such technical measure in this case is Apple's "Buddy" program, which technologically stops ordinary consumers from accessing iOS by presenting a binding contract (Apple's SLA) on the displays of their devices, which they must digitally accept or they will *not* be given access to iOS. ECF No. 470-1 at 8–9. Corellium disputes these facts and their legal significance. That disagreement, however, is no basis to exclude relevant, probative evidence. *See Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-cv-80172, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008) (motion *in limine* "inappropriate for resolving substantive issues" and "testing issues of law"). Barring all evidence relating to the SLAs would take away from the jury their responsibility to weigh the evidence and determine whether Corellium's circumvention of the Buddy program violates the DMCA. Indeed, "it would be hard to hypothesize a request that could be more inappropriate for a motion *in limine*" than a request to exclude evidence relevant to "a necessary element" of a claim. *XTEC, Inc. v. Cardsmart Techs., Inc.*, No. 11-22866-CIV, 2014 WL 10250973, at *5 (S.D. Fla. Dec. 2, 2014).

Corellium ignores that Magistrate Judge Matthewman already ruled on this issue in denying Corellium's motion to exclude the testimony of Apple's expert witness Dr. Jason Nieh (a ruling to which Corellium *did not* object). *See* ECF No. 612 at 9. There, as here, Corellium argued that Apple should not be permitted to address Apple's SLAs. *Compare* ECF Nos. 452 at 8–9, *and* 544 at 3, *with* 653 at 2. But as the Court noted, Corellium really disagrees with Apple "regarding statutory interpretation, . . . the relevant facts . . . , and the application of law to fact." ECF No. 612 at 9. The way to resolve these disagreements is through "vigorous cross-examination and the presentation of opposing . . . evidence"—not by excluding evidence. *Id.* at 10. The Court correctly rejected Corellium's arguments before, and should do the same here.

Finally, Apple's SLAs are relevant to Corellium's implied license defense, as they show Apple expressly, not impliedly, licenses iOS. The motion should be denied.

Dated: August 31, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.