UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

            Plaintiff,

v.

CORELLIUM, LLC,

            Defendant.

**PLAINTIFF APPLE INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL PORTIONS OR THE ENTIRETY OF CERTAIN OF APPLE INC.'S RESPONSES TO CORELLIUM, LLC'S MOTIONS *IN LIMINE* AND EXHIBITS THERETO AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Apple Inc., by and through undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4, respectfully moves this Court for an order authorizing the filing under seal of portions or the entirety of certain of Apple Inc.'s responses to Corellium, LLC's motions *in limine* and exhibits thereto. In support of this request, Apple states as follows:

1. On December 13, 2019, the Court entered a Stipulated Confidentiality and Protective Order, ECF No. 50 (the "Protective Order"). The Protective Order permits the parties to designate Protected Material pursuant to Protective Order ¶ 7, and further provides that "[a]ny Party is authorized under Rule 5.4 of the Southern District of Florida Local Rules to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order." Protective Order ¶ 15(b).

2. Corellium has requested that Apple seek to file under seal all material designated

by Corellium as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") under the Protective Order. Apple thus seeks to file under seal information Corellium has so designated.

3. Apple is filing a Response to Corellium's Fourth Motion in *Limine*, ECF No. 642. The Response references material Corellium designated AEO pursuant to the Protective Order. Exhibit A to this response is an excerpt of the transcript of the April 21, 2020 deposition of Azimuth Security LLC, which contains material Corellium designated AEO pursuant to the Protective Order. Exhibit B to this response is an excerpt of Corellium's Fifth Amended Answers to Apple's First Set of Interrogatories, served April 18, 2020, which contains material Corellium designated AEO pursuant to the Protective Order. Exhibit C to this response is an excerpt of the transcript of the March 25, 2020 deposition of Amanda Gorton, which contains material Corellium designated AEO pursuant to the Protective Order.

4. Apple is filing a Response to Corellium's Eighth Motion in *Limine* to Exclude Argument or Testimony That Attributes Chris Wade's Personal Tweets to Corellium, ECF No. 647. Exhibit A to this response is an excerpt of the transcript of the April 13, 2020 deposition of Chris Wade, which contains material Corellium designated Confidential and AEO pursuant to the Protective Order.

5. Apple is filing a Response to Corellium's Ninth Motion in *Limine* to Exclude Argument, Testimony or Evidence Related to the Notion That the Corellium Apple Product is Used for Any Purposes Other Than for Security Research, ECF No. 648. The Response references material Corellium designated AEO pursuant to the Protective Order. Exhibit A to this response is an excerpt of the transcript of the March 25, 2020 deposition of Amanda Gorton, which contains material Corellium designated AEO pursuant to the Protective Order. Exhibit C to this response

is an excerpt of the March 27, 2020 deposition of Stephen Dyer, which contains material Corellium designated AEO pursuant to the Protective Order.

6. Apple is filing a Response to Corellium's Tenth Motion in *Limine* to Exclude Argument, Testimony or Evidence of Expert Opinions Regarding Corellium's Advertising Materials, ECF No. 649. The Response references material Corellium designated AEO pursuant to the Protective Order.

7. Apple is filing a Response to Corellium's Twelfth Motion in *Limine* to Exclude All References, Evidence and Testimony Relating to the Apple Developer Program Alleged Uses for Security Research, ECF No. 651. The Response references material Corellium designated AEO pursuant to the Protective Order.

8. Apple is filing a Response to Corellium's Fifteenth Motion in *Limine* to Exclude All References, Evidence and Testimony Relating to Evidence of Apple's Secure Boot Chain, ECF No. 654. The Response references material Corellium designated AEO pursuant to the Protective Order.

**WHEREFORE** Apple respectfully requests that, unless and until Corellium's designations are changed or rejected, the following documents remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above-referenced Protective Order, as ordered by this Court, or required by law:

  a. Portions of Apple's Response to Corellium's Fourth Motion *in Limine*, and Exhibits B and C thereto, and the entirety of Exhibit A thereto;

  b. Portions of Exhibit A to Apple's Response to Corellium's Eighth Motion *in Limine* to Exclude Argument or Testimony That Attributes Chris Wade's Personal Tweets

      to Corellium;

c. Portions of Apple's Response to Corellium's Ninth Motion *in Limine* to Exclude Argument, Testimony or Evidence Related to the Notion That the Corellium Apple Product is Used for Any Purposes Other Than for Security Research, as well as portions of Exhibits A and C thereto;

d. Portions of Apple's Response to Corellium's Tenth Motion *in Limine* to Exclude Argument, Testimony or Evidence of Expert Opinions Regarding Corellium's Advertising Materials;

e. Portions of Apple's Response to Corellium's Twelfth Motion *in Limine* to Exclude All References, Evidence and Testimony Relating to the Apple Developer Program Alleged Uses for Security Research; and

f. Portions of Apple's Response to Corellium's Fifteenth Motion *in Limine* to Exclude All References, Evidence and Testimony Relating to Evidence of Apple's Secure Boot Chain.

A proposed order is submitted herewith.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred via telephone with counsel for Defendant on August 31, 2020, regarding the relief sought herein. Defendant does not oppose.

Dated: August 31, 2020

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.