**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                     Plaintiff,

v.

CORELLIUM, LLC,

                     Defendant.

**PLAINTIFF APPLE INC.'S RESPONSE TO DEFENDANT CORELLIUM, LLC'S FOURTH MOTION IN *LIMINE* TO EXCLUDE ARGUMENT, TESTIMONY, OR EVIDENCE OF THE IDENTITIES OF AZIMUTH SECURITY LLC'S OR <u>L3HARRIS TECHNOLOGY, INC.'S CLIENTS</u>**

Corellium's Fourth Motion in *Limine* to Exclude Argument, Testimony, or Evidence of the Identities of Azimuth Security LLC's or L3Harris Technology Inc.'s Clients, ECF No. 642, should be denied, as there is no evidence of customer identities to exclude, and no basis to exclude other evidence simply because it is "related to" the identities of those customers.

To the extent Corellium seeks to exclude evidence of the actual identities of Azimuth's and L3Harris's customers, this motion is unnecessary. Apple is unaware of the actual identities of Azimuth's customers, as the Court only allowed discovery into their location (by country) and industry. *See* ECF No. 247 at 4–7. Accordingly, there is no evidence to exclude. However, to the extent Corellium seeks to exclude evidence that merely *relates t*o these customers' identities, that request should be denied because such an exclusion is not justified by the Court's prior discovery order and would impermissibly encompass relevant, admissible evidence.

The Court's prior discovery order permitted L3Harris to redact customer names from discovery produced to Apple; it did not permit L3Harris to withhold all information that relates to or reflects its or Azimuth's customers' identities, and it *required* L3Harris to identify the countries where their customers are located and to produce agreements and communications with those customers. *Id.* That evidence, produced in discovery, is relevant and admissible, and Corellium—relying solely on the Court's discovery order to support its motion—offers no basis to exclude it. A court should exclude evidence *in limine* "only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Evidentiary rulings should otherwise occur at trial so "questions of foundation, relevance, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Information related to Corellium's customers, including those who purchased its product through Azimuth, is relevant to numerous disputed issues. For instance, it is relevant to Apple's contributory infringement claim: such evidence demonstrates that Corellium willfully assisted Azimuth customers ▮▮▮▮▮▮▮▮. Ex. A at 44:2–7, 175:4–19, 184:22–185:2. It is relevant to Corellium's fair use defense: Corellium asserts that its customers use its product for security research, which it contends is a fair use, ECF No. 456 at 10; its lack of knowledge of Azimuth's customers' identities materially rebuts this contention, *see* ECF No. 247 at 4–5; ▮▮▮▮▮▮▮▮. And it is relevant to Apple's damages: Azimuth and its customers collectively generate ▮▮▮▮ of Corellium's income. Ex. B at 24–34. Corellium's motion offers no basis to exclude this relevant evidence, and should be denied.

1

Dated: August 31, 2020            Respectfully Submitted,

| | |
|---|---|
| Michele D. Johnson* | *s/ Martin B. Goldberg* |
| *michele.johnson@lw.com* | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | *mgoldberg@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | *rdiaz@lashgoldberg.com* |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| *sy.damle@lw.com* | *epincow@lashgoldberg.com* |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| *elana.nightingaledawson@lw.com* | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.