UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO FILE CERTAIN RESPONSES TO
APPLE'S MOTIONS IN LIMINE AND EXHIBITS THERETO UNDER SEAL**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Responses to Apple's Motions in Limine and certain exhibits attached thereto, and in support thereof, states as follows:

**BACKGROUND**

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On August 17, 2020 Apple filed the following motions (collectively "Motions in Limine"):

    a. Motion in Limine to Preclude Evidence and Argument Challenging the Validity of Apple Inc.'s Registered Copyrights [D.E. 628],

       b. Motion in Limine to Preclude Testimony Regarding Activities of Apple Security Bounty Program Members [D.E. 634],

       c. Motion in Limine to Preclude Reference to Certain Alleged Uses of the Corellium Apple Product [D.E. 635], and

       d. Sealed Motion in Limine [D.E. 636].

3. Accordingly, Corellium's responses to the Motions in Limine are due on August 31, 2020.

4. In connection with the same, Corellium will be filing:

       a. Corelliums Response to Apple's Motion in Limine to Preclude Evidence and Argument Challenging the Validity of Apple Inc.'s Registered Copyrights;

       b. Corellium's Response to Apple's Motion in Limine to Preclude Testimony Regarding Activities of Apple Security Bounty Program Members;

       c. Corellium's Response to Apple's Motion in Limine to Preclude Reference to Certain Alleged Uses of the Corellium Apple Product;

       d. Corellium's Response to Sealed Motion in Limine.

Collectively "Corellium's Responses."

5. Each of the aforementioned Corellium filings will include applicable exhibits and deposition excerpts as specifically identified below.

6. Moreover, Apple filed its Sealed Motion in Limine [D.E. 636] completely under seal; similarly, Corellium will file its response and pertinent exhibits to this motion entirely under seal.

7. Counsel for Apple has informed counsel for Corellium that Apple does not oppose this Motion to the extend it seeks to seal Apple confidential and/or AEO information. Apple does

not take a position on Corellium's request to seal information Corellium has designated AEO or confidential.

8.      Consistent with the Protective Order and the Parties' confidentiality designations, Corellium moves to file under seal Corellium's Responses.

## MEMORANDUM OF LAW

### I.      Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II.     Good Cause Exists for the Court to Seal Portions of Corellium's Responses and Attached Exhibits.

In this instance, good cause exists for this Court to seal portions of Corellium's Responses and certain attached exhibits. Corellium's Responses include information this Court has sealed under Sealed Order [D.E. 680], Apple's confidential and AEO information relating to its experts

Michael Siegel's Report and Dr. Nieh's deposition testimony, and the identities of certain Corellium customers, Corellium Product proprietary and trade secret technical information, other proprietary trade secret business, operational information, and other designated deposition testimony. This information has been previously designated as confidential or Attorney's Eyes Only ("AEO") by either Corellium or Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Responses and respective exhibits, and seal Corellium's Response to Apple's Sealed Order in its entirety.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Response to Apple's Motion in Limine to Preclude Evidence and Argument Challenging the Validity of Apple Inc.'s Registered Copyrights, Corellium's Response to Apple's Motion in Limine to Preclude Testimony Regarding Activities of Apple Security Bounty Program Members, Corellium's Response to Apple's Motion in Limine to Preclude Reference to Certain Alleged Uses of the Corellium Apple Product, and to file under seal Corellium's Response to Apple's Sealed Motion in Limine [D.E. 636], as well as the exhibits and deposition transcripts in support thereof and that are identified above under seal and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in

the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on August 31, 2020, regarding the relief sought herein. Apple does not oppose this Motion to the extend it seeks to seal Apple confidential and/or AEO information. Apple does not take a position on Corellium's request to seal information Corellium has designated AEO or confidential.

Dated: August 31, 2020          Respectfully submitted,

            COLE, SCOTT & KISSANE, P.A.
            *Counsel for Defendant CORELLIUM, LLC*
            Esperante Building
            222 Lakeview Avenue, Suite 120
            West Palm Beach, Florida 33401
            Telephone (561) 612-3459
            Facsimile (561) 683-8977
            Primary e-mail: justin.levine@csklegal.com
            Primary e-mail: lizza.constantine@csklegal.com

By:    *s/ Justin B. Levine*
       JONATHAN VINE
       Florida Bar. No.: 10966
       JUSTIN B. LEVINE
       Florida Bar No.: 106463
       LIZZA C. CONSTANTINE
       Florida Bar No.: 1002945

            *and*

            HECHT PARTNERS LLP
            *Counsel for Defendant*
            125 Park Ave, 25th Floor
            New York, NY 10010
            Tel: (212) 851-6821

CASE NO.: 9:19-CV-81160-RS

David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on August 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*