UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE AND ARGUMENT CHALLENGING
THE VALIDITY OF APPLE INC.'S REGISTERED COPYRIGHTS**

Defendant Corellium, LLC ("Corellium"), by and through undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude evidence and argument challenging the validity of Apple Inc.'s registered copyrights [D.E. 628] (the "Motion"), and states as follows:

CASE NO.: 9:19-CV-81160-RS

Apple's motion *in limine* seeking to preclude Corellium from introducing evidence or argument challenging the validity of Apple's copyrights is overbroad and would result in undue prejudice to Corellium. Apple argues that Corellium "utterly failed to provide any support for its conclusory defense" that Apple's copyright is invalid—but then goes on to recognize that Corellium had responded in its interrogatory responses that "Apple's protected work, or portions of it, are *functional, not expressive works*." D.E. 628-1, at 42, 48.

In this litigation, Apple may only present evidence on infringement of <u>asserted</u> copyrights. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87 (2019). In other words, Apple cannot rely on portions of iOS that predate iOS 9.0. To the extent that Apple does, Corellium must be able to raise the defense that those portions have not been asserted. *See* e.g. *Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 106–07 (1st Cir. 2011) (affirming finding that unregistered versions of software could not be used to prove infringement or content of registered code).

Apple has not asserted any registration prior to iOS 9.0; in fact, it has *disclaimed* prior published Apple material, and cannot refer to, rely on, or assert infringement of any portions of iOS that existed before iOS 9.0. *See* Dkt. 652. Each of the registrations-in-suit includes a "source code deposit" which is required by the U.S. Copyright Office, which consists of a limited, and sometimes heavily redacted, example of the alleged ████████████████████. *See e.g*. Ex. 1. Apple had not identified what code, which was covered by a registration, is allegedly infringed here. Nor did Apple's own expert attempt this, instead, Dr. Nieh testified that ████ ████████████████████████████████████████████████ Ex. 2 at 217:24-218:8.

Apple is conflating validity with scope. Because of Apple's shotgun approach to alleging infringement of iOS, Corellium has never been able to identify what code, if any, is covered by the copyright registrations-in-suit listed in Exhibit A to the Complaint. Dkt. 1, 56, 589. Corellium must be able to challenge whether the portions of source code that Apple presents at trial are within the asserted registrations. Otherwise, Apple may artificially expand the scope of the copyrights asserted here.

Dated: August 31, 2020            Respectfully submitted,

CASE NO.: 9:19-CV-81160-RS

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

    *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com
Conor McDonough pro hac vice
Email: cmcdonough@hechtpartners.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: August 31, 2020                 /s/ Justin B. Levine
                                                            Justin B. Levine