UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION *IN LIMINE* TO PRECLUDE CORELLIUM'S WITNESSES FROM PROVIDING LEGAL OPINION TESTIMONY**

Defendant Corellium, LLC ("Corellium"), by and through its undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude only Corellium's witnesses from testifying to legal conclusions. Corellium, on the other hand, seeks to preclude *all* witnesses from testifying as to legal conclusions. *See* Corellium Motion in Limine [D.E. 645]. Corellium believes both parties should be precluded from commenting or discussing any legal conclusions in connection with this action in accordance with applicable law. *See*, *Pacinelli v. Carnival Corp.*, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019). Lay witness testimony is limited to opinions or inferences that are rationally based on the witness's perception and are helpful to determining the fact at issue and are not based on scientific or specialized knowledge.[1] *See* F.R.E. 701. Introducing *any* legal conclusion by a fact or expert witness is irrelevant because such testimony would not assist the jury in determining any issue presented in this case.[2] Corellium agrees that all legal conclusions should be excluded.[3]

---

[1] In that regard, Corellium does not seek to limit fact witnesses from opining on what their understanding of what the law may have been at a certain material time to the extent that such an understanding is relevant to causing that witness to act or not act, however, conclusory statements of law should be precluded.

[2] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

[3] *See Huddleston v. United States*, 2019 WL 6879741, at *1 (S.D. Fla. Dec. 17, 2019) ("A lay witness may only testify to opinions or inferences that are rationally based on the witness's perception, helpful to a clear understanding of the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702").

Dated: August 31, 2020                     Respectfully submitted,

                                                         COLE, SCOTT & KISSANE, P.A.
                                                         *Counsel for Defendant CORELLIUM, LLC*
                                                         Esperante Building
                                                         222 Lakeview Avenue, Suite 120
                                                         West Palm Beach, Florida 33401
                                                         Telephone (561) 612-3459
                                                         Facsimile (561) 683-8977
                                                         Primary e-mail: justin.levine@csklegal.com
                                                         Secondary e-mail: lizza.constantine@csklegal.com

                                         By:   *s/ Justin Levine*
                                                         JONATHAN VINE
                                                         Florida Bar. No.: 10966
                                                         JUSTIN B. LEVINE
                                                         Florida Bar No.:  106463
                                                         LIZZA C. CONSTANTINE
                                                         Florida Bar No.:  1002945

                                                        *and*

                                                         HECHT PARTNERS LLP
                                                         *Counsel for Defendant*
                                                         20 West 23rd St. Fifth Floor
                                                         New York, NY 10010
                                                         Tel: (212) 851-6821
                                                         David L. Hecht *pro hac vice*
                                                         Email: dhecht@hechtpartners.com
                                                         Minyao Wang *pro hac vice*
                                                         Email: mwang@hechtpartners.com
                                                         Conor McDonough pro hac vice
                                                         Email: cmcdonough@hechtpartners.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: August 31, 2020 /s/ Justin B. Levine
Justin B. Levine