UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION
*IN LIMINE* TO PRECLUDE CORELLIUM FROM OFFERING EXPERT TESTIMONY
FROM FACT WITNESSES NEVER DISCLOSED AS EXPERTS**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, files this Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion *in Limine* to Preclude Corellium from Offering Expert Testimony from Fact Witnesses Never Disclosed as Experts and Incorporated Memorandum of Law [D.E. 630] (the "Motion"), and in support thereof, states as follows:

Apple's motion *in limine* is a concerted effort to narrow the critical testimony of Corellium's *fact* witnesses. Apple's motion *in limine* seeking to preclude Corellium from soliciting certain testimony from fact witnesses would, if granted, unfairly muzzle any *facts* that might undermine Apple's expert opinions. D.E. 630. Corellium's employees are the best source of knowledge regarding how the accused product, the Corellium Product, works because they were the ones who designed, programmed and otherwise made it. Further, Apple's motion seeks a wholly vague scope of exclusion that risks precluding testimony that Apple <u>unilaterally</u> deems "expert" testimony (not merely *opinion* testimony), merely because it may encompass facts that tend to rebut Apple's own expert witnesses. Indeed, the witness Apple identifies in its motion was designated as a fact witness as to 30(b)(6) topics Apple set forth, and Apple has also had every opportunity to take deposition testimony of such witnesses. It would be extraordinarily prejudicial to Corellium to preclude those witnesses from offering such testimony.

Further, Corellium's employees are permitted to testify as to certain opinions that are "rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." For example, the Federal Rules Advisory Committee Notes on the 2000 Amendment to Rule 701 state that "[m]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."

Courts in this district have repeatedly held that technical opinions may be rendered by non-expert witnesses under Rule 701 when based on the personal knowledge and experience of the witness. *See e.g. Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd*., 320 F.3d 1213, 1223 (11th Cir. 2003) (allowing opinion testimony pursuant to Rule 701 by corporate witnesses about the reasonableness of charges and timing of ship repairs). In fact, the *Mann* case cited by Apple references 11th Circuit decisions that explicitly recognizes a Rule 701 exception. *Mann v. Carnival Corp.,* 385 F. Supp. 3d 1278, 1286 n.2 (S.D. Fla. 2019), citing *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 n. 23 (11th Cir. 2014) ("A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff." (citing *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).

Apple's motion *in limine* seeking to preclude lay opinion testimony should be denied.

CASE NO.: 9:19-CV-81160-RS

Dated: August 31, 2020                  Respectfully submitted,

                                       COLE, SCOTT & KISSANE, P.A.
                                       *Counsel for Defendant CORELLIUM, LLC*
                                       Esperante Building
                                       222 Lakeview Avenue, Suite 120
                                       West Palm Beach, Florida 33401
                                       Telephone (561) 612-3459
                                       Facsimile (561) 683-8977
                                       Primary e-mail: jonathan.vine@csklegal.com
                                       Primary e-mail: justin.levine@csklegal.com
                                       Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
                 JONATHAN VINE
                 Florida Bar. No.: 10966
                 JUSTIN B. LEVINE
                 Florida Bar No.: 106463
                 LIZZA C. CONSTANTINE
                 Florida Bar No.: 1002945

                         *and*

                         HECHT PARTNERS LLP
                         *Counsel for Defendant*
                         125 Park Ave, 25th Floor
                         New York, NY 10010
                         Telephone (212) 851-6821
                         David Hecht, *Pro hac vice*
                         E-mail: dhecht@hechtpartnersllp.com
                         Maxim Price, *Pro hac vice*
                         E-mail: mprice@hechtpartnersllp.com
                         Minyao Wang, *Pro hac vice*
                         E-mail: mwang@hechtpartnersllp.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)

CASE NO.: 9:19-CV-81160-RS

jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*