UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO CORELLIUM, LLC'S OR <u>CORELLIUM, LLC'S EMPLOYEES PURPORTED GOOD DEEDS</u>**

Defendant Corellium, LLC ("Corellium"), by and through its undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude any evidence or reference to purported charitable acts performed by Corellium principal Chris Wade, Corellium or Corellium's employees, or their purported patriotism or good deeds as irrelevant and inadmissible [D.E. 631].

As a threshold matter, in light of the Court's recent sealed Order at D.E. 658, Corellium does not dispute the admissibility as to whether Corellium's employees are patriots.  Next, to the extent that Apple seeks to exclude testimony that Corellium is respectful to this this country's intellectual property laws is not character evidence, but instead, a fact about Corellium's efforts to comply with same, but more significantly, is directly relevant to Corellium's defense against Apple's intellectual property claims it has brought.[1]  To be clear, it goes directly to the Affirmative Defenses of Fair Use (the good faith portion of same), No Willful Infringment, Innocent Intent, and Good Faith Security Research. *See*, D.E. 64, at pgs. 21, 24, 25 and 27, respectively. Next, Apple seeks to exclude charitable acts that are directly relevant to this case. Specifically, the very payout by Apple for the outstanding bugs that are the subject of the Counterclaim, is due and owing to the non-profit Electronic Frontier Foundation ("EFF"), not to Corellium. When a bug is submitted to the Apple Security Bounty Program, Apple offers to pay the submitter a certain value, or if that submitter opts to donate the funds, Apple will match the donation, thereby doubling the amount paid out. In this case, Apple was instructed to donate the proceeds to the EFF. *See*, Shirk Deposition [D.E. 472-44], 152:1-18.  Thus, discussion of the very amounts owed in connection to the Counterclaim depend on a discussion as to where the payouts are supposed to go and why.  Finally, to the extent that Apple seeks to attack Corellium's intent and actions to show that Corellium does *not* engage in good faith security research[2] or in good faith in general, the actions by Corellium or its members should be permissible to rebut such attacks.

---

[1] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

[2] The heart of the fair use inquiry is the first statutory factor, "the purpose and character of the use. . . ." 17 U.S.C. § 107(1); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576 (1994). "Research" is one of the examples of fair use explicitly enumerated in section 107. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 576. Thus, the purpose for which Corellium makes its tool available is inherently fair use.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Dated: August 31, 2020                              Respectfully submitted,

                              COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.:  106463
     LIZZA C. CONSTANTINE
     Florida Bar No.:  1002945

     *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com
Conor McDonough pro hac vice
Email: cmcdonough@hechtpartners.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: August 31, 2020        /s/ Justin B. Levine
　　　　　　　　　　　　　　Justin B. Levine