UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION *IN LIMINE* TO PRECLUDE IRRELEVANT COMMENTARY ON APPLE'S, AND ITS COUNSEL'S, REPUTATION, FINANCIAL STATUS, AND LOCATION**

Defendant Corellium, LLC ("Corellium"), by and through undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude Corellium from referencing the size, reputation, financial condition, or geographic location of Apple or its outside counsel, as irrelevant and unduly prejudicial [D.E. 633].

To the extent any such commentary is directed to Apple's Counsel, Corellium does not oppose Apple's Motion. However, to the extent it is necessary to comment on some descriptive characteristics to establish Apple had, for example, the ability and means to purchase and acquire Corellium, the technological capacity to integrate the Corellium Product ("CP") into their testing facilities, or that Apple's testing facilities are comparatively large to show the benefits of a virtual testing platform versus a physical-device-based platform; such evidence and argument are critically relevant to demonstrating vital arguments in the case. Such arguments include Apple's valuation of the CP, acquisition of same, and that the CP permits the convenient use of a virtual platform where Apple would otherwise require thousands, if not more, physical devices.[1] Given the genuine dispute as to Apple's valuation of the CP, it is necessary to present the full context of events and established facts of the case. Whether some of these facts also include descriptive aspects of Apple, does not preclude their admissibility. Apple's fear that Corellium will introduce evidence to create a "David and Goliath scenario" is unfounded, as such a scenario occurs where plaintiff tries to paint a large, defending entity as one with superior resources.[2] Nevertheless, facts such as Apple's size, ability to purchase novel technologies, and vast testing facilities, for example, are relevant to establishing certain arguments of this case.[3] To preclude relevant facts merely because they are also descriptive of Apple's capabilities, for example, disregards the purpose for exclusion. Apple's motion should be denied to the extent that Corellium seeks to establish Apple had the ability and capacity to integrate and use the CP.

---

[1] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Irrelevant evidence is inadmissible. Fed.R.Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed.R.Evid. 403.

[2] *See Button v. Royal Caribbean Cruises, Ltd.*, 2013 WL 12064491, at *1 (S.D. Fla. July 23, 2013) (order merely granting corporate defendant's unopposed motion *in limine* to exclude corporate value); *Balu v. Costa Crociere S.p.A., Co.*, 2011 WL 13217270, at *1 (S.D. Fla. Nov. 2011) (order merely granting defendant's motion).

[3] For example, Corellium expert Alexander Stamos explained that Apple's iOS system is so complex and used by so many that Apple does not have the capacity to protect all of them on their own, without additional assistance. *See* Deposition of Alex Stamos, p. 131:8-15. To that end, Corellium contends that Apple's inability to protect all of their customers due to sheer size results in a secondary market to develop tools to assist these third-party researchers.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Dated: August 31, 2020                    Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.:  106463
LIZZA C. CONSTANTINE
Florida Bar No.:  1002945

     *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com
Conor McDonough pro hac vice
Email: cmcdonough@hechtpartners.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has

been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send

notice of electronic filing to all counsel of record.

Dated: August 31, 2020                    /s/ Justin B. Levine
                                          Justin B. Levine