UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,
    Defendant.

                                 /

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO CERTAIN ALLEGED USES OF THE CORELLIUM PRODUCT**

Defendant Corellium, LLC ("Corellium"), by and through its undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude reference to certain alleged uses of the Corellium Product [D.E. 635] seeks to preclude Corellium from representing that ███████████████████████████████████ or that the Corellium Product serves a national security purpose. Apple bases this on the allegation that Corellium failed to disclose any such evidence during discovery. In reality, the deposition testimony of Azimuth reveals that although the ███████████████████████████████, Corellium is simply not in contractual privity with the U.S. government.[1] However, this does not absolve the fact that ███████ ███████████████████████ nor make that fact any less relevant. Corellium appropriately denied that it was a government contractor. To be clear, Amanda Gorton correctly explained that Corellium was aware that some of ████████████████████████████████ but Corellium did not not know the exact identities of those customers.[2] Apple confuses the fact that the Corellium Product ████████████████████ through a relationship with Azimuth, not directly through Corellium. Corellium has correctly represented that Corellium employees do not know the identities of Azimuth's customers. In other words, Corellium appropriately denied that it specifically performs any work for ████████████. As stated, however, this does not negate the fact that ████████████ do use the Product.

Furthermore, any discussion of how the Corellium Product could assist in national security is a fact about the Product's use, and thus is absolutely relevant to, *inter alia*, Apple's claim for infringement, Corellium's defense of fair use, and otherwise the discussion of "good faith security research."[3,4] These potential uses of the Corellium Product, while potentially unfavorable to Apple, are not unfairly prejudicial to the extent that their probabtive value is outweighed. Accordingly, the alleged used of the Corellium Apple Product should not be excluded.

---

[1] *See* Deposition Transcript of Azimuth [D.E. 599], p. 64:6-23; 226:3-12; 227:2-10; 228:11-229:11.

[2] *See* Deposition Transcript of Amanda Gorton [D.E. 472-25], p. 107:21-108:3.

[3] "Fair use is a defense that can excuse what would otherwise be an infringing use of copyrighted material." *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1238 (11th Cir. 2014). The heart of the fair use inquiry is the first statutory factor, "the purpose and character of the use. . . ." 17 U.S.C. § 107(1); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576 (1994). "Research" is one of the examples of fair use explicitly enumerated in section 107. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 576. Thus, the purpose for which Corellium makes its tool available is inherently fair use.

[4] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Irrelevant evidence is inadmissible. Fed.R.Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed.R.Evid. 403.

Dated: August 31, 2020                              Respectfully submitted,

                           COLE, SCOTT & KISSANE, P.A.
                           *Counsel for Defendant CORELLIUM, LLC*
                           Esperante Building
                           222 Lakeview Avenue, Suite 120
                           West Palm Beach, Florida 33401
                           Telephone (561) 612-3459
                           Facsimile (561) 683-8977
                           Primary e-mail: justin.levine@csklegal.com
                           Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945

      *and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com
Conor McDonough pro hac vice
Email: cmcdonough@hechtpartners.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: August 31, 2020         /s/ Justin B. Levine
                               Justin B. Levine