**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY REGARDING ACTIVITIES OF
APPLE SECURITY BOUNTY PROGRAM MEMBERS**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, files this Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion *in Limine* to Preclude Testimony Regarding Activities of Apple Security Program Members and Incorporated Memorandum of Law [D.E. 634] (the "Motion"), and in support thereof, states as follows:

This Court should deny Apple's Motion because Apple has made the activities of Apple Security Bounty Program's ("ASBP") participants directly relevant to this litigation 1) when it alleged that security research *must* meet its definition of "good faith security research," and 2) in doing so when it alleged that a determination must be made as to good vs. bad security researcher.

As an industry participant, Apple's conduct helps define the Standard of Conduct ("SOC") and what good faith means to the industry and how it is implemented. Apple provides conflicting definitions of "good faith security research;" one of which hinges on intent[1], the other allegedly hinging on the return of a vulnerability to the vendor. Ex. 1, at 8. Corellium must be able to show that Apple is an industry participant and that its own actions either support or violate its own definitions of good faith security research. *First*, the ASPB allows *security researchers* to submit security vulnerabilities to Apple for a payout. D.E. 608-2. Notably, the ASPB guidelines are devoid of a requirement that *security researchers* not engage in "bad faith" conduct.[2] Despite this, Apple claims that Corellium does "not ensure good-faith security research"[3] because Corellium "do[es] nothing to stop [the alleged] bad-faith uses of the [CAP]." Ex. 1, at 8. Yet, Corellium must be able to establish that Apple, as an industry participant, does not follow its own now alleged "SOC requirement" of "good faith security research", and instead Apple allows continuous participation in ASPB for known bad faith security researchers, and worse, continues to reward them with big payouts despite this knowledge.[4] Indeed, both sides have argued that it is the conduct of industry participants that defines "good faith security research." D.E. 472-1, at 19:11-12; D.E. 472-44, at 77:17-22. Yet, Apple is now seeking to exclude its own conduct and let it's proffered definitions go without challenge. D.E. 472-44, Shirk's Dep., at 84:25 – 89:3. Such a notion is highly prejudicial to Corellium.

---

[1] D.E. 472-1, at 19:11-12; D.E. 472-44, at 77:17-22.
[2] *See*, Krstic's Dep. [D.E. 472-1], at 185:11 – 186:7.
[3] Apple's Expert, Michael Siegel provides a definition of "good faith security research that includes, "for security research to be considered "good-faith security research," [] *it must be carried out in an environment designed to avoid any harm to individuals or the public*; the information derived from the research *must not be used or maintained in a manner that facilitates illegal activity*; . . ." Ex. 1, Siegel Report, at 8 and 31. Further, discussing the ASPB as a program that "promote[s] good faith security research." *Id.*, at 25–27.
[4] [redacted]

CASE NO.: 9:19-CV-81160-RS

Dated: August 31, 2020                    Respectfully submitted,

                              COLE, SCOTT & KISSANE, P.A.
                              *Counsel for Defendant CORELLIUM, LLC*
                              Esperante Building
                              222 Lakeview Avenue, Suite 120
                              West Palm Beach, Florida 33401
                              Telephone (561) 612-3459
                              Facsimile (561) 683-8977
                              Primary e-mail: jonathan.vine@csklegal.com
                              Primary e-mail: justin.levine@csklegal.com
                              Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
        JONATHAN VINE
        Florida Bar. No.: 10966
        JUSTIN B. LEVINE
        Florida Bar No.:  106463
        LIZZA C. CONSTANTINE
        Florida Bar No.:  1002945

          *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

CASE NO.: 9:19-CV-81160-RS

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*