**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CLOSE COURTROOM FOR LIMITED PERIODS DURING TRIAL TO PROTECT AGAINST PUBLIC DISCLOSURE OF APPLE PROTECTED MATERIAL**

Defendant, Corellium, LLC ("Corellium"), by and through the undersigned counsel, files this Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion to Close Courtroom for Limited Periods During Trial to Protect Against Public Disclosure of Apple Protected Material and Incorporated Memorandum of Law [D.E. 627] (the "Motion"), and in support thereof, states as follows:

I. **Legal Standard**

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (*citing to Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74, 100 S. Ct. 2814, 2821-26 ("providing panegyric on the value of openness."). "[W]hen applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Id*. Whenever examining the public's right to access public trials, the Eleventh Circuit has "found that 'the starting point in such a discussion is the proposition that, absent some exceptional circumstances, trials are public proceedings.' " *U.S. v. Hernandez*, 124 F.Supp.2d 698, 701 (S.D. Fla. 2000) (citing to *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1015 (11th Cir. 1992). The information at issue here has been made public and there is no reason for this Court to maintain public information sealed from the public. *Gubared v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1260 (S.D. Fla. 2019) (granting public access where reports are "publicly-available government reports or press releases; it makes no sense for this Court to seal something that other government actor have made public.").

II. **Apple Has Not Demonstrated Good Cause in Closing the Proceedings to the Public**

The information Apple seeks to close the courtroom for has been made public. ▇ ▇ are public information.

*First*, ▇ refers to the upcoming released of the new ▇ that contains an ▇ Jon Andrews, 128:20-21. ▇ allows the ▇



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ivan Krstic 148:18-20. Apple has made the information about ▮▮▮ public during Apple's Worldwide Developer Conference on June 22, 2020 ("WWDC 2020"). Apple's CEO, Tim Cook, announced that "Apple's Macs are switching to its own internally-developed ARM silicon, and the transition will begin before the end of the year."[1] In fact, Apple acknowledges that "aspects" of ▮▮▮ have been made public, however, it claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Motion, at 2. Apple seeks to preclude the public from the common-law right of access to judicial proceedings to information that it is publicly available, simply because the ▮▮▮▮▮ is not publicly available. This is not good cause to seek to close a historically open process where public access plays a significant role. *Press Enterprise Co. v. Superior Court of California for Riverside County*, 464 U.S. 501, 509, 104 S. Ct. 819, 823-24 (1984) (recognizing that "closed proceedings, although not absolutely precluded, *must be rare and only for cause shown* that outweighs the value of openness").

*Second*, Jon Andrews, Vice President of Software Engineering at Apple, explained that ▮▮▮▮▮▮▮ information is expected to be released to the public as ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ D.E. 627-1, ¶ 7. Moreover, Matthew Firlik testified that ▮▮▮▮▮▮▮ is ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Firlik, 117:13-17. Corellium has raised the defense of fair use, which under its fourth factor considers internal and yet-to-be released products. 17 U.S.C. 107(4); *see also Pac. & S. Co. v. Duncan*, 744 F.2d

---

[1] Apple Drops Intel: Transition to ARM processors in Macs will start later in 2020, Mark Hachman, June 22, 2020, https://www.pcworld.com/article/3563772/apple-will-transition-from-intel-to-arm-processors-in-2020.html

1490, 1496 (11th Cir. 1984) ("[t]he fact that [the plaintiff] does not actively market copies of the news programs does not matter, for Section 107 looks to the ▆▆▆▆▆▆ in analyzing the effects of an alleged infringement"). It is believed that Apple will present ▆▆▆▆ as a ▆▆▆▆▆▆▆▆▆▆ in a ▆▆▆▆▆▆▆▆ during trial. *See*, 17 U.S.C. 107(4). As part of its defense, Corellium must present to the jury how Corellium does not compete with ▆▆▆▆. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015) ("The fourth fair use factor, . . . .focuses on whether the copy brings to the marketplace a competing substitute for the original, or its derivative"). As part of Corellium's presentation of this defense, Apple's request to close the courtroom while Corellium is presenting a critical defense about a competitive product does not seem "narrowly tailored" or "limited" as Apple describes it. It is worth noting, that Apple brought this lawsuit against Corellium. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, *but also the public's case*." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (emphasis added). The public has the right to have access to this trial because the decision made in this trial will affect the public's access to a more secure operating system in relation to their mobile devices. *Id.*, ("in order to inhibit the disclosure of sensitive information, it *must be shown that the denial* is necessitated by a compelling governmental interest, and is narrowly tailored to […] that interest.").

*Third*, ▆▆▆▆ is public information. A simple google search returns an "iphone wiki" page describing ▆▆▆▆ as "[a] variant of ▆▆▆▆▆▆▆▆, which is likely derived from ▆▆▆▆▆▆▆▆▆.[2] The short page, also describes the ▆▆▆▆ as ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

---

2 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

While ▮▮▮▮ may be Apple's internal technology, information regarding the same is not confidential as Apple contends; instead, this information is public and available in a simple google search.

### III.     Conclusion

Corellium respectfully requests that this Honorable Court deny Apple's Motion, and grant any other relief this Court deems just and proper.

Dated: August 31, 2020                              Respectfully submitted,

                                COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Primary e-mail: justin.levine@csklegal.com
Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.:  106463
     LIZZA C. CONSTANTINE
     Florida Bar No.:  1002945

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY 10010
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com

CASE NO.: 9:19-CV-81160-RS

Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP

555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*