UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S RESPONSE TO APPLE'S MOTION
*IN LIMINE* TO PRECLUDE OF AMOUNTS OFFERED FOR OR PAID
BY APPLE TO ACQUIRE COMPANIES NOT INVOLVED IN THIS ACTION**

Defendant Corellium, LLC ("Corellium"), by and through its undersigned counsel, responds to Plaintiff Apple, Inc.'s ("Apple") motion *in limine* to preclude Corellium from referencing the the amounts offered or paid by Apple to acquire companies not involved in this action [D.E. 632] as irrelevant and unduly prejudicial.

Virtual, Inc. is a company created by Chris Wade and Apple offered to purchase Virtual in 2016. This undisputed evidence, for example, is directly related to understanding how Apple valued and evaluated the worth of the Corellium Product's technology. It further goes to expressly show that Apple was aware of the technology at issue and how it worked back as far back as 2016. Such evidence goes to establish Corellium's Affirmative Defenses of Acquiescense and Laches. Therefore, the amounts offered for or paid by Apple to other entities like Virtual, are directly relevant to establishing, for example, the value of the Corellium Product's technology.[1] Further, as there is a genuine dispute as to Apple's valuation of the Corellium Product, it is absolutely necessary to present the full context of the events and established facts of the case.[2] The amounts offered to or paid by Apple to acquire other companies provides the appropriate context for the jury to evaluate Apple's valuation of the Corellium Product.

Dated: August 31, 2020

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120

---

[1] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

[2] Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Unfair prejudice occurs when the evidence has the capacity of luring the fact finder into reaching a decision on a ground different from the proof specific to the claim asserted. *See, e.g., Walker v. NationsBank, N.A.*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin Levine*
    JONATHAN VINE
    Florida Bar. No.: 10966
    JUSTIN B. LEVINE
    Florida Bar No.: 106463
    LIZZA C. CONSTANTINE
    Florida Bar No.: 1002945

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com
Conor McDonough pro hac vice
Email: cmcdonough@hechtpartners.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Dated: August 31, 2020         /s/ Justin B. Levine
                                              Justin B. Levine