# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO: 9:19-cv-81160-RS

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____ /

### CORELLIUM'S *UNOPPOSED* MOTION TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS RESPONSE TO PLAINTIFF'S MOTION TO CLOSE COURTROOM FOR LIMITED PERIODS DURING TRIAL TO PROTECT AGAINST PUBLIC DISCLOSURE OF APPLE PROTECTED MATERIAL

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Response to Plaintiff Apple Inc.'s Motion to Close Courtroom for Limited Periods During Trial to Protect Against Public Disclosure of Apple Protected Material and Incorporated Memorandum of Law [D.E. 627] (the "Motion"), and in support thereof, states as follows:

### BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2.      On August 17, 2020 Apple filed its Motion to Close Courtroom for Limited Periods During Trial to Protect Against Public Disclosure of Apple Protected Material and Incorporated Memorandum of Law [D.E. 627].

3.      Accordingly, Corellium's response to the Motion is due on August 31, 2020 ("Corellium's Response").

4.      Counsel for Apple has informed counsel for Corellium that Apple does not oppose this Motion to the extent it *only* seeks to seal Apple confidential and/or AEO information.

5.      Consistent with the Protective Order and the Parties' confidentiality designations, Corellium moves to file under seal portions of Corellium's Responses.

## MEMORANDUM OF LAW

### I.      Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV,

2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.     Good Cause Exists for the Court to Seal Portions of Corellium's Response.

In this instance, good cause exists for this Court to seal portions of Corellium's Response. Corellium's Response includes information relating to Apple's protected material relating to unannounced projects and internal tools, and testimony of Apple's employees. This information has been previously designated as confidential or Attorney's Eyes Only ("AEO") by Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, proprietary, and trade secret information contained therein, this Court should seal portions of Corellium's Response.

## CONCLUSION

WHEREFORE, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file portions of Corellium's Response to Apple's Motion to Close Courtroom for Limited Periods During Trial to Protect Against Public Disclosure of Apple Protected Material, and exhibits attached thereto, and ordering that the materials remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 9:19-CV-81160-RS

## <u>LOCAL RULE 7.1(A)(3) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on August 31, 2020, regarding the relief sought herein. Apple does not oppose this Motion to the extend it only seeks to seal Apple confidential and/or AEO information.

Dated: August 31, 2020               Respectfully submitted,

                                COLE, SCOTT & KISSANE, P.A.
                                *Counsel for Defendant CORELLIUM, LLC*
                                Esperante Building
                                222 Lakeview Avenue, Suite 120
                                West Palm Beach, Florida 33401
                                Telephone (561) 612-3459
                                Facsimile (561) 683-8977
                                Primary e-mail: justin.levine@csklegal.com
                                Primary e-mail: lizza.constantine@csklegal.com

By:   *s/ Lizza C. Constantine*
                                  JONATHAN VINE
                                  Florida Bar. No.: 10966
                                  JUSTIN B. LEVINE
                                  Florida Bar No.:  106463
                                  LIZZA C. CONSTANTINE
                                  Florida Bar No.:  1002945

                                  *and*

                                HECHT PARTNERS LLP
                                *Counsel for Defendant*
                                125 Park Ave, 25th Floor
                                New York, NY 10010
                                Tel: (212) 851-6821
                                David L. Hecht *pro hac vice*
                                Email: dhecht@hechtpartners.com
                                Minyao Wang *pro hac vice*
                                Email: mwang@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 31, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

5

CASE NO.: 9:19-CV-81160-RS

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX