UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                     Plaintiff,

v.

CORELLIUM, LLC,

                     Defendant.

**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO CLOSE COURTROOM FOR LIMITED PERIODS DURING TRIAL TO PROTECT AGAINST <u>PUBLIC DISCLOSURE OF APPLE PROTECTED MATERIAL</u>**

Apple's motion seeks to briefly close the courtroom to prevent dissemination of its trade secrets, including highly confidential, internal, and in-development products whose commercial value is derived from their secrecy, and which were produced under the highest designation under the Protective Order in this case. *See* ECF No. 627 at 1–3[1]; ECF No. 50 ¶ 9(a). The parties agree on the legal framework: there is a presumption of public access to judicial proceedings, but such proceedings may be closed to the public upon a showing of good cause, such as the need to protect a trade secret, which the Court then balances against the public's interest in access to the particular information. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1310–11 (11th Cir. 2001). Closure must be narrowly tailored to protect a party's interest in keeping the information secret, and is permitted when such interest overrides the public's interest in access. *Id.* Preventing the dissemination of trade secrets has frequently been held to meet this standard, so long as the closure is narrowly tailored and the trade secret is genuine. *See, e.g.*, *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913, at *6 (4th Cir. 1991) (table decision) (collecting cases); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983); *Entrust Datacard Corp. v. Atl. Zeiser GmBH et al.*, No. 3:17-cv-00110, ECF No. 360 at 2–3 (M.D. Fla. Oct. 17, 2019); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *2–3, *7 (W.D. Wash. Nov. 12, 2012) (closing courtroom for proprietary technical information related to computer design); *Paradigm All., Inc. v Celeritas Techs., LLC,* No. 07-1121-EFM, 2009 WL 10690040, at *1–2 (D. Kan. 2009) (granting motion to close courtroom for limited period while trade secrets were discussed); *New York v. Microsoft Corp.*, No. CIV A. 98-1233 (CKK), 2002 WL 650132, at *1–2 (D.D.C. Apr. 16, 2002) (hereafter "*Microsoft Corp. I*") (closing courtroom for testimony regarding unreleased future product); *see also* Fla. Stat. § 688.006 (requiring Court to take reasonable measures to protect trade secrets in cases brought under Uniform Trade Secrets Act).

Corellium opposes Apple's motion solely on the ground that the information Apple seeks to keep secret is not a trade secret because it is already public. *See* ECF No. 715 at 2–5. Corellium does not dispute the evidence that Apple keeps its highly confidential information confidential and takes substantial action to protect its trade secrets, *see* ECF No. 627-1 ¶¶ 4–9, and with respect to

---

[1] Apple's motion to seal portions of its motion to briefly close the courtroom remains pending. As such, citations to that motion and its supporting exhibit are to the public versions.

the evidence at issue, Corellium is simply wrong. Apple's narrowly tailored motion should be granted.

███ With respect to ███ Corellium misstates Apple's position. Apple is not seeking to keep confidential any information that has been made public with respect to the ███ project. Rather, it seeks to keep confidential—and close the courtroom during discussion of—evidence related to two things: (1) the nonpublic code name itself, and (2) highly confidential, in-development potential *future* uses of the technology. ECF No. 627 at 3. The public has minimal interest in the code name, which is both wholly irrelevant to this action and maintained as a trade secret within Apple. ECF No. 627-1 ¶¶ 4, 8. And while the ███ of the product do have relevance to a single element of one of Corellium's 25 affirmative defenses, they are one of Apple's most closely guarded trade secrets, *id.* ¶ 4,[2] and the limited closure Apple requests is narrowly tailored to protect Apple's overriding interest in protecting its trade secrets.

███ While Corellium states that ███ is public, it wholly fails to support that assertion, which is false. Instead, Corellium cites evidence that Apple ███████████████████████████████████████████████████████████. ECF No. 715 at 3. Information about ███—an unreleased future product—is highly confidential, and a class of information routinely recognized as a trade secret. *See, e.g.*, *Bryant v. Mattel, Inc.*, Nos. CV-04-09049 SGL (RNBx), CV-04-09059, CV-05-2727, 2007 WL 5430888, at *5–6 (C.D. Cal. May 18, 2007); *Microsoft Corp.*, 2012 WL 5476846, at *2–3; *Microsoft Corp. I*, 2002 WL 650132, at *1–2.

And again, Apple's requested relief is narrowly tailored to protect only the details of that trade secret: as Corellium concedes, the information is relevant to only one of four factors for one of Corellium's 25 affirmative defenses. *See* ECF No. 715 at 3–4. Furthermore, the authority Corellium cites, *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992), is inapposite: *Brown* addresses the sealing of an *entire* record; *Chicago Tribune Co.* is the controlling law for protection of particular pieces of evidence. *See* 263 F.3d at 1311–12 & n.8 (11th Cir. 2001)

---

[2] Corellium briefly argues that Apple somehow put these unreleased products "at issue" by bringing suit against Corellium, but that is not the case. None of this information is necessary for Apple's affirmative case against Corellium; rather, it is relevant to (a small portion of) one of *Corellium*'s many affirmative defenses. It is Corellium, not Apple, who is attempting to put this information at issue.

(finding *Brown* "inapplicable" with respect to sealing "particular documents" as opposed to the entire record). *Brown* is also inapposite because it addressed the sealing of records that (a) had previously been public; and (b) were critically important to the resolution of a question of law. 960 F.2d at 1015–16. Neither of those circumstances exists here; the information has never been public, and the requested closure is narrow: the public would be excused for a few minutes while the secret, technical details of this single product are discussed. Moreover, unlike in *Brown*, this limited closure will not meaningfully impair the public's ability to access the trial. The public will learn the legally important point—that Apple has a potential competing product in development—but not the irrelevant and secret technical information about the product that could undermine its launch. Moreover, in the event Apple does ultimately release technology within the ▆▆▆ project, the information that is made available to the public could then be unsealed.

▆▆▆ Corellium is also incorrect about ▆▆▆ it is not public, and Corellium cites no competent evidence otherwise. Instead, Corellium cites to a "stub" wiki page that speculates ▆▆▆ The page provides no details whatsoever about ▆▆▆ and states that references even to the ▆▆▆ *name* are "scarce."[3] Moreover, ▆▆▆ is of limited relevance to this case: unlike potential future uses of ▆▆▆ and ▆▆▆ Apple does *not* contend that ▆▆▆ competes with the Corellium Apple Product and has no intention of claiming otherwise. *See* ECF Nos. 369-1 at 2, 369-5 at ¶¶ 5–6. Rather, as it relates to this litigation, ▆▆▆

▆▆▆ *See* ECF Nos. 472-25 at 2; 472-26 at 2–3; 472-27 at 2–4, 6–7, 9–11. The incidental mention of ▆▆▆ in these documents has little to no probative value in the case, and its protection from public disclosure will not materially harm the public's right of access nor will it significantly inconvenience the Court. *See Entrust Datacard*, ECF No. 360 at 3 (granting motion to close courtroom to protect trade secrets based on, among other things, the "[p]laintiff's representation that the requested sealing of the courtroom during trial will be 'brief and only of momentary inconvenience'").

The Court should grant Apple's motion and close the courtroom for the limited discussion of Apple's trade secrets.

---

[3] *iFPGA*, The iPhone Wiki (Apr. 18, 2020), https://www.theiphonewiki.com/wiki/IFPGA.

3

| | |
|---|---|
| Dated: September 8, 2020 | Respectfully Submitted, |

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.