**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

Plaintiff,

v.

CORELLIUM, LLC,

Defendant.

**PLAINTIFF APPLE INC.'S OMNIBUS REPLY**
**IN SUPPORT OF ITS MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

**Page**

Reply Regarding Motion in Limine Re: Validity of Apple's Registered Copyrights (ECF No. 628) ..... 1

Reply Regarding Motion in Limine Re: Expert Testimony From Fact Witnesses (ECF No. 630) ..... 2

Reply Regarding Motion in Limine Re: Amounts Paid by Apple to Acquire Companies (ECF No. 632) ..... 3

Reply Regarding Motion in Limine Re: Commentary on Apple's Size, Finances, and Location (ECF No. 633) ..... 4

Reply Regarding Motion in Limine Re: Motion at ECF No. 575 (ECF No. 636) ..... 5

Reply Regarding Motion in Limine Re: Nonparties Who Participate In ASB Program (ECF No. 701) ..... 6

Reply Regarding Motion in Limine Re: Certain Alleged Uses of Corellium's Product (ECF No. 702) ..... 7

Reply Regarding Motion in Limine Re: Improper Character Evidence (ECF No. 703) ..... 8

Reply Regarding Motion in Limine Re: Legal Opinion Testimony (ECF No. 706) ..... 9

**<u>Motion *in Limine* Re: Validity of Apple's Registered Copyrights (ECF No. 628)</u>**

Corellium's response does not actually address Apple's motion *in limine*, which seeks to exclude argument or evidence addressing the *validity* of Apple's asserted copyrights. *See generally* ECF Nos. 628, 718. In failing to address this point, Corellium concedes that it has adduced no evidence rebutting the presumption of validity. The motion should be granted.

"[O]nce [the plaintiff] produces a copyright certificate he establishes a prima facie case of validity of his copyright and the burden of production shifts to the defendant to introduce evidence of invalidity." *Original Appalachian Artworks, Inc. v. Toy Loft*, Inc., 684 F.2d 821, 826 (11th Cir. 1982) (citing 17 U.S.C. § 410(c)). Because Corellium has offered only conclusions—and not any evidence—regarding the validity of Apple's asserted copyrights, the presumption of validity in 17 U.S.C. § 410(c) applies, and Corellium should not now be allowed to ambush Apple at trial with new arguments calling the validity of the copyrights into question. *See* ECF No. 628 at 2; *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20924, 2019 WL 2709810, at *8–9 (S.D. Fla. June 28, 2019), *report & recomm. adopted*, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019) (precluding affirmative defense evidence where defendant "fail[ed] to explain **how** this defense applies" and "fail[ed] to provide evidence of the defense in discovery").

Rather than disputing the above, Corellium makes two inapposite arguments: (1) that Apple should be limited to litigating its asserted copyright registrations and not introducing new ones;[1] and (2) that Corellium should be permitted to argue that certain code is outside the scope of Apple's asserted copyrights, either because its copyright was registered separately or because it is in the public domain. ECF No. 718 at 2. These arguments go to the scope of Apple's copyrights, which (notwithstanding Corellium's claim to the contrary) Apple has *not* conflated with validity. Apple does not seek to exclude arguments or evidence related to the scope of Apple's copyrights. Rather, Apple's motion is targeted *solely* at the issue of validity, which Corellium's opposition does not address. As Corellium did not produce any evidence in discovery to rebut the presumptive validity of Apple's copyrights, the Court should grant Apple's motion, ECF No. 628.

[1] Apple does not dispute its claims of infringement are limited to the registered copyrights it has asserted in this action; for its DMCA claim, however, proof of copyright registration is not required. *See Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 4:18-cv-902-A, 2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019); *see also Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018).

**Motion *in Limine* Re: Expert Testimony From Fact Witnesses (ECF No. 630)**

If a party wants a percipient witness to offer opinion testimony based on "scientific, technical, or other specialized knowledge," Fed. R. of Evid. 701, the party must disclose that witness as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2). Corellium did not disclose any of its percipient witnesses as experts under Rule 26. *See* ECF No. 684 at 2. Yet, testimony from Corellium's percipient witnesses about the technology at issue here, which includes computers and software, is plainly based on scientific, technical, or other specialized knowledge. *Id.*; *see also Loughlin v. Amerisave Mortg. Corp.*, No. 1:14-cv-3497, 2018 WL 1896409, at *17 (N.D. Ga. Feb. 7, 2018), *report & recomm. adopted*, No. 1:14-cv-03497, 2018 WL 1887292 (N.D. Ga. Mar. 19, 2018) (collecting cases); *Cohorst v. BRE Props., Inc.*, No. 3:10-cv-2666, 2011 WL 7061923, at *11 (S.D. Cal. Nov. 14, 2011), *report & recomm. adopted as mod. on other grounds*, No. 10-cv-2666, 2012 WL 153754 (S.D. Cal. Jan. 18, 2012) ("Computer . . . programming and/or engineering are areas clearly reserved for expert testimony.").[2]

Corellium tries to avoid the requirements of Rule 26 by claiming that Rule 701 has an exception that allows fact witnesses to offer "technical opinions." ECF No. 684 at 2. It does not. As every case Corellium cites makes clear, opinions "based on scientific, technical, or other specialized knowledge" cannot be offered by lay witnesses. *Chapman v. Procter & Gamble Distrib., LLC*, 766 F. 3d 1296, 1316 & n.23 (11th Cir. 2014) ("[A] treating doctor is providing expert testimony if [it] consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation."); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) ("[T]he testimony offered by Tampa Bay's employees . . . was not based on specialized knowledge subject to Rule 702."); *Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1286 (S.D. Fla. 2019), *report & recomm. adopted*, No. 18-cv-21364, 2019 WL 2254963 (S.D. Fla. May 8, 2019) (treating physician "precluded from offering an opinion about the cause of [the plaintiff's] injuries"); *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (prohibition on opinions based on "scientific, technical, or other specialized knowledge" intended "to rein in the admission of expert testimony under the guise of lay opinion").

In light of Corellium's failure to disclose any of its percipient fact witnesses as experts, Apple respectfully requests that the Court prohibit those witnesses from offering expert testimony.

---

[2] Internal citations and quotations omitted throughout unless otherwise noted or reflected.

**<u>Motion *in Limine* Re: Amounts Paid by Apple to Acquire Companies (ECF No. 632)</u>**

Apple seeks only to preclude Corellium from referencing the amounts Apple has offered or paid to acquire companies *unrelated to this litigation*. Such evidence is irrelevant, highly confidential, and—given its focus on Apple's resources—unduly prejudicial: it thus has no place before the jury. *See* ECF No. 632 at 2; *see also Balu v. Costa Crociere S.p.A., Co.*, No. 11-cv-60031, 2011 WL 13217270, at *1 (S.D. Fla. Nov. 3, 2011) (prohibiting "evidence regarding the size, value, or assets of" a party); *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, No. 08-cv-61456, 2010 WL 11505841, at *1 (S.D. Fla. Feb. 5, 2010) (excluding references to proposed acquisition terms and negotiations between plaintiff and non-party).

Corellium does not address Apple's actual requested relief, let alone dispute the grounds on which Apple's motion is based. Instead, Corellium devotes its entire opposition to discussing Virtual, a defunct company founded many years ago by Corellium principals Chris Wade and Stan Skowronek. *See* ECF No. 691 at 2. Apple offered to acquire Virtual in 2014; Virtual declined and sold itself to Citrix instead.[3] Corellium asserts that the Virtual acquisition negotiations may have some relevance to the instant dispute between Corellium and Apple. *See id.* Apple reserves the right to argue the admissibility of any particular evidence related to Virtual at trial. But that is beside the point here, because evidence related to Virtual is not the subject of Apple's motion. Apple only seeks to exclude evidence of amounts offered or paid for companies *unrelated* to this action; Apple expressly informed Corellium that its motion *in limine* was not intended to encompass Virtual, a company whose principals substantially overlapped with Corellium's principals.

Corellium's sole argument with respect to companies *other* than Virtual is that it should be permitted to offer evidence related to "other entities like Virtual." *See* ECF No. 691 at 2. But Corellium does not identify a single such company, because no other such company (*i.e.*, a former company operated by Corellium's principals and subject to an acquisition offer from Apple) actually exists. And Corellium does not address, and thus does not dispute, that evidence relating to companies not associated with Corellium's principals is wholly irrelevant. Rather, such evidence serves only to highlight Apple's financial resources and unfairly prejudice Apple. The Court should grant Apple's motion and exclude evidence of the amounts paid or offered to acquire unrelated nonparty companies.

[3] Corellium's motion states "2016," but those negotiations occurred in 2014, ECF No. 557-2 ¶ 77.

**Motion *in Limine* Re: Commentary on Apple's Size, Finances, and Location (ECF No. 633)**

Corellium agrees it cannot comment on the size, reputation, financial condition, or geographic location of Apple's counsel at trial. ECF No. 686 at 2. And Corellium acknowledges "[t]he general rule" that "no reference should be made to the wealth or poverty of a party," *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002). *See* ECF No. 686 at 2. But Corellium still insists it must be allowed to reference Apple's size and financial condition because they purportedly relate to (1) Apple's ability to purchase Corellium; (2) Apple's ability to integrate Corellium's product into its testing facilities; and (3) the Corellium product's ability to replace "thousands, if not more, physical devices" in those facilities—evidence Corellium says is "critically relevant." ECF No. 686 at 2. Corellium is wrong.

Corellium does not identify a *single* element of a *single* claim or defense in this copyright infringement and DMCA action to which evidence of Apple's size or financial condition is relevant. Corellium's stated rationale—its purported need to establish that Apple had the means to purchase and integrate Corellium's product and that Apple's testing facilities would have benefited from it—are tangential facts far outside the core of this dispute. These facts have nothing to do with whether Corellium infringes Apple's copyrights or violates the DMCA.[4] Nor does this evidence have anything to do with Corellium's defenses, as Corellium implicitly concedes by failing to even mention those defenses. Furthermore, it is undisputed that Apple was financially capable of acquiring and integrating Corellium's product, and that Corellium's product supplants, in part, the need for physical iPhones.[5] ECF Nos. 472 ¶¶ 37, 38; 557-2 ¶¶ 37, 38. Thus, to the extent these facts have tangential relevance, Corellium need not rely on commentary about Apple's size or financial status to establish them.

Courts routinely preclude "'David and Goliath' evidence" as irrelevant and unduly prejudicial, and the Court should do so here. *See, e.g.*, *Borders v. Arch Aluminum & Glass Co., Inc.*, No. 07-2188, 2008 WL 5427711, at *2–3 (D. Kan. Dec. 30, 2008); *Roeder v. DIRECTV, Inc.*, No. C14-4091, 2017 WL 11458456, at *3 (N.D. Iowa May 31, 2017). Corellium should therefore be barred from offering such provocative commentary and evidence at trial.

---

[4] In fact, the Court already ruled that evidence about Apple's testing facilities "is neither relevant nor proportionate to the claims and defenses in this case." ECF No. 147 at 2.

[5] Although Corellium previously argued that its product cannot be used "as a replacement for an iPhone," ECF No. 561 at 10, Corellium now contends that its product can replace not just a single physical iPhone, but "thousands, if not more, physical devices," ECF No. 686 at 2.

**Motion *in Limine* Re: Motion at ECF No. 575 (ECF No. 636)**

[redacted]

[redacted]

[redacted]

**Motion *in Limine* Re: Nonparties Who Participate In ASB Program (ECF No. 701)**

Corellium seeks to introduce inflammatory and highly prejudicial testimony [redacted] Apple Security Bounty ("ASB") Program, a program through which Apple offers rewards to users who identify security flaws in iOS. Corellium wants to argue that this participant—[redacted]. *See e.g.*, ECF Nos. 701-1 at 87:24–89:3; 701-2 at 184:22–186:10. Corellium asserts this evidence is relevant to this copyright infringement action because, according to Corellium, (1) Apple did not ban the non-party from participating in the ASB Program, which means (2) Apple considers this non-party ASB participant a "good faith security researcher," and (3) Corellium's wholesale theft of Apple's intellectual property therefore constitutes "good faith security research." ECF No. 717 at 2. Corellium is wrong at every turn.

First, the ASB Program is open to the public. Ex. A at 28:12–23. A person is not required to be a "security researcher," let alone a "good faith security researcher" to participate; thus, a person's participation has no bearing on what qualifies as good-faith security research. Second, *Apple*'s good faith is not at issue in this action; Apple is a copyright owner bringing an infringement claim. ECF No. 589 at 21–26. It is *Corellium*'s good faith that is at issue in Corellium's fair use defense, which is premised on Corellium's claim that it facilitates "good faith security research." *See* ECF No. 599 at 21, 27–28. Apple did not put the ASB program on trial by suing to enforce its copyrights in iOS.[6]

Furthermore, even were Apple's criteria for excluding someone from the ASB Program somehow relevant to any claim or defense in the case (and they are not), there is no need for Corellium to introduce this specific inflammatory evidence, the relevance of which is overwhelmingly outweighed by its potential for undue prejudice. There is ample evidence in the record to the effect that the ASB Program is open to all persons by design, not just a particular set of security researchers, and that Apple does not ban participants from the Program merely because they are alleged to have engaged in bad-faith security research. *See, e.g.*, Ex. A at 28:12–23; Ex. B at 111:5–11. There is no incremental benefit—only severe prejudice and confusion—in [redacted]. Fed. R. Evid. 401, 402, 403. Apple's motion should be granted.

[6] Nor is the evidence relevant to Corellium's counterclaims relating to the ASB Program, which all stem from Apple's alleged failure to pay Corellium thereunder. *See* ECF No. 599 at 37–57.

**<u>Motion *in Limine* Re: Certain Alleged Uses of Corellium's Product (ECF No. 702)</u>**

Corellium's response ignores two critical facts that compel precluding it from making any argument at trial that its product is used by [REDACTED] or serves a national security purpose: (1) [REDACTED], ECF No. 722 at 2–3; and (2) there is ***no*** record evidence that [REDACTED] use Corellium's product or that it is used for national security purposes.

On August 24, 2020, the Court issued [REDACTED].” ECF No. 658 at 16. [REDACTED].” ECF No. 722 at 2–3. Just as [REDACTED], it cannot make such assertions at trial.

Corellium resists this result, claiming that “the deposition testimony of [third party] Azimuth reveals that . . . [REDACTED].” ECF No. 716 at 2 (citing ECF No. 562-7 at 64:6–23; 226:3–12; 227:2–10; 228:11–229:11). Not so. The Azimuth deposition testimony says nothing about [REDACTED]. *See* ECF No. 562-7 at 64:6–23 [REDACTED], 226:3–12 (same), 227:2–10 [REDACTED], 228:11–229:11 (same). Nor does it say anything about what Azimuth's customers [REDACTED]. *See, e.g.*, *id.* at 87:9–23 [REDACTED]. In fact, Azimuth [REDACTED]. *Id.* at 64:19–20 [REDACTED]. There is thus no evidence to support Corellium's claim that “the Corellium Product [REDACTED] through a relationship with Azimuth.” ECF No. 716 at 2. Corellium does not cite any evidence to the contrary, acknowledging that no such evidence exists in the record. *See id.* The Court should grant Apple's motion.

**<u>Motion *in Limine* Re: Improper Character Evidence (ECF No. 703)</u>**

Corellium agrees that it cannot claim that it or its employees are patriots. ECF No. 685 at 2. And it does not argue it should be able to rely on purportedly charitable acts Chris Wade did for the State of Florida or for Governor DeSantis. *See id.* Corellium does, however, continue to claim that it should be permitted to assert that it is "respectful to this country's intellectual property laws." *Id.* [redacted].

Corellium [redacted]." *Id.* Yet Corellium insists it should be able to make the blanket assertion that it is respectful of this country's intellectual property laws. To be respectful of this country's intellectual property laws, however, one must not [redacted]. As a result, Corellium's claim that it *is* respectful of this country's intellectual property laws [redacted]. [redacted]. Corellium balks at this result, claiming it must be able to assert that it is respectful of this country's intellectual property laws to support to its defenses. ECF No. 685 at 2. Not so. Corellium remains free to make specific arguments and offer related evidence in support of its affirmative defenses, such as fair use, or present evidence to try to prove it has not copied Apple's copyrighted works. What Corellium cannot do before the jury is make the sort of blanket, bald assertions about Corellium's purported respect for this country's intellectual property laws that its counsel already made to the press. *See* ECF No. 703 at 2 n.1.

Corellium's final argument is that evidence of Corellium's donation request for its bug bounty payment and regarding whether Corellium engages in "good faith security research" is relevant and admissible. ECF No. 685 at 2. Apple's motion does not address such evidence, the admissibility of which should be addressed at trial. All Apple asks now is that Corellium not be allowed to offer argument or evidence regarding Corellium's purported good acts "for the purpose of showing the party acted in accordance with such good acts." ECF No. 703 at 2.

**Motion *in Limine* Re: Legal Opinion Testimony (ECF No. 706)**

Corellium agrees with Apple's motion—witnesses should not be permitted to offer legal opinion testimony, as such testimony invades the province of the Court and is improper as a matter of black-letter law. *See* ECF Nos. 657, 667, 683, 706. Thus, the motion should be granted.[7]

This reply is necessary, however, because, in a footnote, Corellium asks this Court to make an exception to this universal rule and allow Corellium's witnesses to opine "on what their understanding of what the law may have been at a certain material time." ECF No. 683 at 2 n.1. Corellium provides no support for its bald claim that witnesses should be permitted to opine about their understanding of the law—which will likely contradict the Court's instruction as to what the law actually is—nor does it offer any specific examples of the testimony it seeks to introduce. "Statements by lay witnesses that include legal conclusions . . . are improper and inadmissible at trial." *Blanco v. Capform, Inc.*, No. 11-cv-23508, 2013 WL 118171, at *1 (S.D. Fla. Jan. 9, 2013); *see also El-Ad Residences at Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 09-cv-60723, 2011 WL 13174642, at *2 (S.D. Fla. Feb. 23, 2011) (excluding lay witness testimony pertaining to a legal conclusion). Allowing a witness to testify that he or she "understood" the law to be different than that instructed by the Court risks permitting Corellium's witnesses to "testify to the legal implications of conduct." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *see also Dunn v. Stewart*, 791 F. App'x 879, 882 (11th Cir. 2019) (affirming exclusion of testimony regarding legal implications of conduct). Such testimony cannot be permitted as "the court must be the jury's only source of law." *Montgomery*, 898 F.2d at 1541. The Court should grant Apple's motion *in limine* in full.

---

[7] Corellium makes much of the fact that Apple's motion focuses on Corellium's witnesses, and not on Apple's own witnesses. *See* ECF No. 683 at 2. But—unlike Corellium—Apple does not intend to offer testimony providing legal conclusions. And Apple's witnesses thus did not offer such opinions at their depositions. Corellium's witnesses, in contrast, have done so repeatedly, and Apple's motion specifically targets those opinions. *See, e.g.*, ECF Nos. 706-1 at 176:2–10, 177:1–178:8; 706-2 at 245:3–8; 706-3 at 144:5–11; 706-4 at 126:1–9.

Dated: September 16, 2020

Respectfully Submitted,

s/ Martin B. Goldberg

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

**Admitted pro hac vice*

*Attorneys for Plaintiff* APPLE INC.