**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE UNDER SEAL CORELLIUM'S
RESPONSE IN OPPOSITION TO APPLE'S MOTION RELATED
TO THE COURT'S SEALED ORDER, ECF NO. 658 AND EXHIBITS**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of Corellium's Response in Opposition to Plaintiff Apple. Inc.'s ("Apple") Motion Related to the Court's Sealed Order, ECF No. 658, and exhibits attached thereto, and in support thereof, states as follows:

## BACKGROUND

1. On December 13, 2019, this Court entered a Stipulated Confidentiality and Protective Order [D.E. 50] (the "Protective Order"). The Protective Order exists to allow the parties to designate Protected Material pursuant to Protective Order ¶ 7.

2. On August 24, 2020, the Court issued a sealed order at ECF No. 658 (the "Sealed Order").

3. On September 8, 2020, Apple filed its Motion Relating to the Sealed Order ("Apple's Motion").

4. Corellium's response to Apple's Motion ("Corellium's Response") is due September 22, 2020.

5. Corellium's Response relates to and quotes the Sealed Order.

6. Corellium's Response quotes material Corellium has designated as "Confidential" or "Confidential – Attorney's Eyes Only" ("AEO") pursuant to the Protective Order.

7. Corellium's Response quotes material Apple has designated as "Confidential" or AEO pursuant to the Protective Order.

8. Counsel for Apple and the Government have informed counsel for Corellium that Apple and the Government do not oppose the relief sought in this Motion.

9. Consistent with the Protective Order and the parties' standing designations, and in light of the foregoing, Corellium moves to file under seal its Response and exhibits attached thereto.

## MEMORANDUM OF LAW

### I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate

privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp*., No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II. Good Cause Exists for the Court to Seal Portions of Corellium's Response and Attached Exhibits.

In this instance, good cause exists for this Court to seal portions of Corellium's Response and exhibits attached thereto. Corellium's Response includes quotes from the Sealed Order and quotes to material that both Corellium and Apple have designated as "Confidential" or AEO. Moreover, the exhibits attached thereto also contain information that Corellium and Apple have designated as "Confidential" or AEO. This information has been previously designated as confidential or AEO by Corellium and Apple during discovery and should not be shared with the public.

Accordingly, precautions are required of this Court to keep this sensitive information from the public's reach. Therefore, due to the confidential, AEO and previously sealed information contained in Corellium's Response, this Court should seal Corellium's Response and exhibits attached thereto.

## CONCLUSION

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file Corellium's Response to Apple's Motion and exhibits attached thereto, under seal and ordering that the materials remain under seal through the final resolution

of this matter, including during any period of appeal taken by any party to this case except as otherwise stated in the above referenced Protective Order, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff and counsel for the United States on September 22, 2020, regarding the relief sought herein. Plaintiff and the United States do not oppose the relief sought herein.

Dated: September 22, 2020  Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945

      *and*

      HECHT PARTNERS LLP
      *Counsel for Defendant*
      125 Park Ave, 25th Floor
      New York, NY 10010
      Tel: (212) 851-6821

David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on September 22, 2020, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

CASE NO.: 9:19-CV-81160-RS

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*


Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*