# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-cv-81160-RS

APPLE INC.,

                 Plaintiff,

    v.

CORELLIUM, LLC,

                 Defendant.

## PLAINTIFF APPLE INC.'S ANSWER TO
## DEFENDANT CORELLIUM, LLC'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure Rule 8(b)(3), Plaintiff Apple Inc. denies generally and specifically each and every allegation contained in Defendant Corellium, LLC's Answer and Counterclaims except as stated, qualified, or admitted below.  Apple further denies that Corellium was injured or damaged in the manner specified, or otherwise, and Apple denies that Corellium is entitled to the relief claimed, or any relief, on the grounds alleged, or otherwise. Numbered paragraphs below correspond to the like-numbered paragraphs in Corellium's Counterclaims contained at ECF No. 599.

## THE PARTIES

1.      Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations that Corellium is a Delaware limited liability company incorporated under the laws of the State of Delaware with its principal place of business at 1301 N. Congress Ave, Suite 410, Boynton Beach, Florida 33426, and on that basis, denies the same.

2.      Apple admits the allegations in this paragraph.

**JURISDICTION & VENUE**

3.     This paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Apple admits it is a citizen of California.  Apple otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

4.     This paragraph includes legal conclusions to which no response is required.  To the extent a response is required, Apple admits it filed a Complaint and Demand for Jury Trial in this Court.  Apple otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**NATURE OF THE COUNTERCLAIMS**

5.     Apple denies the allegations in this paragraph.

6.     Apple admits that it announced its Security Bounty Program in August 2016 and that the announcement was well received by the security research community.  Apple denies the remaining allegations in this paragraph.

7.     Apple denies the allegations in this paragraph.

8.     Apple denies the allegations in this paragraph.

9.     Apple denies the allegations in this paragraph.

10.     Apple admits that its Security Bounty Program is governed by the Apple Security Bounty Program Policy (which is incorporated by reference into the Apple Developer Agreement).  Apple denies the remaining allegations in this paragraph.

11.     Apple admits that that it made the quoted statement in this paragraph.  Apple denies the remaining allegations in this paragraph.

12.     Apple admits the allegations in this paragraph.

13.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and

provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

14.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

15.     Apple admits that, pursuant to the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, payments under the Program are at Apple's discretion.  Apple denies the remaining allegations in this paragraph.

16.     Apple admits that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple also admits that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the referenced disclosure requirements, together with additional language that provides context to these requirements.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

17.     Apple admits that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims "ask[ed]" participants to "share [their] public comments about [a resolved issue] with [Apple] before publishing."  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as

3

presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

18.     Apple admits the allegations in this paragraph.

19.     Apple admits that, pursuant to the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, each of the requirements listed in this paragraph was a prerequisite for a security researcher to receive payment for a submitted bug, but denies any allegations, express or implied, that this is a complete list of such requirements. Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

20.     Apple admits that this paragraph accurately summarizes the published maximum rewards for various kinds of bug submissions under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims. Apple denies any remaining allegations, express or implied, in this paragraph and denies that the allegations in this paragraph accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

21.     Apple admits the allegations in this paragraph.

22.     Apple admits that, under the earliest incarnation of the Apple Security Bounty Program, researchers had to be invited to participate, but denies that the Program operated in this manner at all times prior to August 8, 2019. Apple denies the remaining allegations in this paragraph.

23.     Apple admits that it provided information regarding a new iOS Security Researcher Device program, "open to everyone with a track record of high-quality systems security research on any platform," on August 8, 2019. Apple admits that the referenced Apple presentation—

"Behind the Scenes of iOS and Mac Security"—contains the quoted text in this paragraph. Apple denies the remaining allegations in this paragraph.

24.     Paragraph 24, which purports to characterize the opinions of how "some" persons view the Apple Security Bounty Program or Apple's lawsuit against Corellium, does not contain any alleged facts which Apple can admit or deny. To the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies the same.

25.     Apple admits that it invited Chris Wade to submit bugs to the Apple Security Bounty Program in or around April 2017. Apple admits that Mr. Wade has submitted bugs to Apple, some of which were eligible for rewards, both before and after he was invited to begin submitting bugs to the Program. Apple denies the remaining allegations in this paragraph.

26.     Apple admits that Mr. Wade told Apple that he intended to use money received from Apple to fund his company, and that Mr. Shirk told Mr. Wade that Apple could pay Corellium directly for qualifying submissions to the Apple Security Bounty Program. Apple denies that Mr. Wade notified Mr. Shirk that Mr. Wade "was submitting new bugs to Apple on behalf of his new startup, Corellium," and denies the remaining allegations in this paragraph.

27.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug. Apple denies that Apple has not made payments in connection with the submission of these two bugs by Corellium. Apple determined the two bugs were together entitled to a reward of $60,000. Corellium requested that, instead of receiving the reward itself, the reward be donated to the Electronic Frontier Foundation. In light of that request, Apple matched the award and therefore paid a total of $120,000 to the Electronic Frontier Foundation for these two bugs. Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple. Apple admits that it did not pay Corellium for the following bugs: (a) persona race condition; (b) posix_spawn issue; (c) nfssvc issue; (d) BPF race condition; and (e) backboardd bug, which did not meet the requirements for

payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph.

28.     Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 28.  Apple admits the allegations in the remainder of this paragraph.

29.     Apple admits that it did not pay Corellium for the persona race condition, the posix_spawn issue, the nfssvc issue, the BPF race condition, or the backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph.

30.     Apple denies any allegation or implication that it is using or has used discovery in this lawsuit for any improper purpose whatsoever, and notes that the parties have at all times operated under a protective order permitting Corellium to shield confidential information from Apple and disclose that information only to attorneys in the case.  Apple admits only that its First Set of Requests for Production contained the selected, quoted text.  Apple denies the remaining allegations in this paragraph.

31.     Apple denies the allegations in this paragraph.

32.     Apple denies the allegation that the Apple Security Bounty Program is invite-only. Apple admits that it has not paid persons whose submissions did not meet the requirements of the Apple Security Bounty Program Policy.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the same.

33.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies the same.

34.     Apple denies the allegations in this paragraph.

35.     Apple denies the allegations in this paragraph.

36.     Apple denies the allegations in this paragraph.

37.     Apple denies the allegations in this paragraph.

## COUNT I: DECLARATORY JUDGMENT
### 28 U.S.C. § 2201[1]

38.     Apple realleges its responses in paragraphs 1–37 above as though fully set forth in this paragraph.

39.     Apple admits that the Apple Security Bounty Program is governed by a policy entitled the "Apple Security Bounty Program Policy" (which is incorporated by reference into the Apple Developer Agreement).

40.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims stated that payments under the program are "at Apple's sole discretion." To the extent any further response is required, the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims speaks for itself.

41.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims stated that "[t]he terms, program scope, and payments are all subject to change at Apple's sole discretion" and that the "program may be terminated at any time," together with additional language that provides context to this text. Apple denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

42.     To the extent this paragraph contains any allegations of fact directed to Apple, they are denied. To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required. To the extent a response is required, Apple denies the same.

---

[1] Corellium's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Tenth causes of action were dismissed by the Court on February 25, 2021. *See* ECF 802. However, Corellium incorporated the factual allegations underlying these causes of action in its Eighth, Ninth, Eleventh, and Twelfth causes of action, when remain in the case, and accordingly, Apple responds to the factual allegations herein.

43.     The Court has dismissed this claim, but to the extent this paragraph contains any allegations of fact directed to Apple, they are denied.  To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

44.     This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  As such, no response is required.

## COUNT II: DECLARATORY JUDGMENT
### 28 U.S.C. § 2201

45.     Apple realleges its responses in paragraphs 1–44 above as though fully set forth in this paragraph.

46.     Apple denies the allegations in this paragraph.

47.     This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  As such, no response is required.

## COUNT III: CONSTRUCTIVE FRAUD
### Cal. Civ. Code § 1573

48.     Apple realleges its responses in paragraphs 1–47 above as though fully set forth in this paragraph.

49.     Corellium's constructive fraud claims have been dismissed by the Court.  *See* ECF No. 802.

50.     Apple denies the allegations in this paragraph.

51.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple lacks knowledge or information sufficient to form a belief as to Corellium's understanding of the Apple Security Bounty Program Policy, and, on that basis, denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in

8

Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

52.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims "ask[ed]" that participants "keep [their] involvement with the program confidential" and "share [their] public comments about it with [Apple] before publishing," together with additional language that provides context to this text.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

53.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Corellium's purported basis for submitting bugs, and accordingly denies the same, as well as all other remaining allegations in this paragraph.

54.     Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 54.  Apple admits the allegations in the remainder of this paragraph.

55.     Paragraph 55 relates to a legal conclusion the Court has rejected; namely, that Apple owed Corellium duties of care arising from a confidential relationship.  *See* ECF No. 802. To the extent a response to this paragraph is required, Apple admits that it did not pay Corellium for the persona race condition, the posix_spawn issue, the nfssvc issue, the BPF race condition, or the backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph and specifically denies that it has breached any duties owed to Corellium.

56.     Apple admits that it used information contained in Corellium's submissions to the Apple Security Bounty Program to correct and update its software.  Apple denies the remaining allegations in this paragraph.

57.     Apple denies the allegations in this paragraph.

58.     The Court has dismissed this claim, but to the extent this paragraph contains any allegations of fact directed to Apple, they are denied.  To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

59.     This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  Accordingly, no response is required.

## COUNT IV: CONSTRUCTIVE FRAUD
### Florida Common Law

60.     Apple realleges its responses in paragraphs 1–59 above as though fully set forth in this paragraph.

61.     Corellium's constructive fraud claims have been dismissed by the Court.  *See* ECF No. 802.

62.     Apple denies the allegations in this paragraph.

63.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple lacks knowledge or information sufficient to form a belief as to Corellium's understanding of the Apple Security Bounty Program Policy, and, on that basis, denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy, which speaks for itself.

64.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims "ask[ed]" that participants "keep [their] involvement

10

with the program confidential" and "share [their] public comments about it with [Apple] before publishing," together with additional language that provides context to this text.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

65.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Corellium's basis for submitting bugs, and accordingly denies the same, as well as all other remaining allegations in this paragraph.

66.     Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 66.  Apple admits the allegations in the remainder of this paragraph.

67.     Paragraph 67 relates to a legal conclusion the Court has rejected; namely, that Apple owed Corellium duties of care arising from a confidential relationship.  *See* ECF No. 802.  To the extent a response to this paragraph is required, Apple admits that it did not pay Corellium for the persona race condition, the posix_spawn issue, the nfssvc issue, the BPF race condition, or the backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph and specifically denies that it has breached any duties owed to Corellium.

68.     Apple denies the allegations in this paragraph.

69.     Apple denies the allegations in this paragraph.

70.     The Court has dismissed this claim, but to the extent this paragraph contains any allegations of fact directed to Apple, they are denied.  To the extent this paragraph contains

conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

71.     This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  Accordingly, no response is required.

## COUNT V: UNLAWFUL BUSINESS PRACTICE: CONSTRUCTIVE FRAUD
### Cal. Bus. & Prof. Code § 17200, *et seq.*

72.     Apple realleges its responses in paragraphs 1–71 above as though fully set forth in this paragraph.

73.     Corellium's claims pursuant to Cal. Bus. & Prof. Code § 17200 have been dismissed by the Court.  *See* ECF No. 802.

74.     Apple denies the allegations in this paragraph.

75.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple lacks knowledge or information sufficient to form a belief as to Corellium's understanding of the Apple Security Bounty Program Policy, and, on that basis, denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

76.     Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims "ask[ed]" that participants "keep [their] involvement with the program confidential" and "share [their] public comments about it with [Apple] before publishing," together with additional language that provides context to this text.  Apple denies that these provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

77.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug. Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Corellium's basis for submitting bugs, and accordingly denies the same, as well as all other remaining allegations in this paragraph.

78.     Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 78. Apple admits the allegations in the remainder of this paragraph.

79.     Paragraph 79 relates to a legal conclusion the Court has rejected; namely, that Apple owed Corellium duties of care arising from a confidential relationship. *See* ECF No. 802. To the extent a response to this paragraph is required, Apple admits that it did not pay Corellium for the persona race condition, the posix_spawn issue, the nfssvc issue, the BPF race condition, or the backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims. Apple denies the remaining allegations in this paragraph and specifically denies that it has breached any duties owed to Corellium.

80.     Apple admits that it used information contained in Corellium's submissions to the Apple Security Bounty Program to correct and update its software. Apple denies the remaining allegations in this paragraph.

81.     Apple admits it is a resident of California. The Court has dismissed this claim, but to the extent a denial of the allegation that Apple has engaged in unlawful conduct is necessary, Apple denies that it has engaged in any unlawful conduct.

82.     The Court has dismissed this claim, but to the extent a denial of the allegations in this paragraph are necessary, Apple denies the allegations in this paragraph.

83.     The Court has dismissed this claim, but to the extent this paragraph contains any allegations of fact directed to Apple, they are denied. To the extent this paragraph contains

conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

84.  This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  Accordingly, no response is required.

**COUNT VI: UNFAIR BUSINESS PRACTICES**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

85.  Apple realleges its responses in paragraphs 1–84 above as though fully set forth in this paragraph.

86.  Corellium's claims pursuant to Cal. Bus. & Prof. Code § 17200 have been dismissed by the Court.  *See* ECF No. 802.

87.  The Court has dismissed this claim, but to the extent a denial of the allegations in this paragraph are necessary, Apple denies the allegations in this paragraph.

88.  Apple admits that, beginning in 2016, it extended invitations to security researchers to participate in its Security Bounty Program, initially to individual security researchers but eventually to all researchers who chose to submit bugs to Apple.

89.  Apple admits the allegations in this paragraph.

90.  Apple admits the allegations in this paragraph.

91.  Apple denies the allegations in this paragraph.

92.  Apple admits the allegations in this paragraph.

93.  Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple lacks knowledge or information sufficient to form a belief as to Corellium's understanding of the Apple Security Bounty Program Policy, and, on that basis, denies the remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy, which speaks for itself.

94.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Corellium's basis for submitting bugs, and accordingly denies the same, as well as all other remaining allegations in this paragraph.

95.     Apple admits that it used information contained in Corellium's submissions to the Apple Security Bounty Program to correct and update its software.  Apple admits that it did not pay Corellium for the following bugs: (a) persona race condition; (b) posix_spawn issue; (c) nfssvc issue; (d) BPF race condition; and (e) backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph.

96.     Apple denies the allegations in this paragraph.

97.     Apple denies the allegations in this paragraph.

98.     Apple denies the allegations in this paragraph.

99.     Apple denies the allegations in this paragraph.

100.    Apple denies the allegations in this paragraph.

101.    Apple admits it is a resident of California.  The Court has dismissed this claim, but to the extent a denial of the allegation that Apple has engaged in unlawful conduct is necessary, Apple denies that it has engaged in any unlawful conduct.

102.    The Court has dismissed this claim, but to the extent a denial of the allegations in this paragraph is necessary, Apple denies the allegations in this paragraph.

103.    This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  Accordingly, no response is required.

## COUNT VII: DECEPTIVE AND UNFAIR TRADE PRACTICES
### Fla. Stat. § 501.201, *et seq.*

104.    Apple realleges its responses in paragraphs 1–103 above as though fully set forth in this paragraph.

105.    Corellium's deceptive trade practices claim has been dismissed by the Court.  *See* ECF No. 802.

106.    To the extent this paragraph contains any allegations of fact directed to Apple, they are denied.  To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

107.    Apple admits that, beginning in 2016, it extended invitations to security researchers to participate in its Security Bounty Program, initially to individual security researchers but eventually to all researchers who chose to submit bugs to Apple.

108.    Apple admits the allegations in this paragraph.

109.    Apple admits it offers cash rewards for qualifying submissions from eligible researchers, and denies the remaining allegations in this paragraph.

110.    Apple denies the allegations in this paragraph.

111.    Apple admits the allegations in this paragraph.

112.    Apple admits only that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the selected, quoted text in this paragraph, together with additional language that provides context to this text.  Apple lacks knowledge or information sufficient to form a belief as to Corellium's understanding of the Apple Security Bounty Program Policy, and, on that basis, denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

113.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies

that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Corellium's basis for submitting bugs, and accordingly denies the same, as well as all other remaining allegations in this paragraph.

114.    Apple admits that it used information contained in Corellium's submissions to the Apple Security Bounty Program to correct and update its software.  Apple admits that it did not pay Corellium for the following bugs: (a) persona race condition; (b) posix_spawn issue; (c) nfssvc issue; (d) BPF race condition; and (e) backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph.

115.    Apple denies the allegations in this paragraph.

116.    Apple denies the allegations in this paragraph.

117.    Apple denies the allegations in this paragraph.

118.    Apple admits that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the quoted text in this paragraph, together with additional language that provides context to this text.  Apple also admits that the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims contained the referenced disclosure requirements, together with additional language that provides context to these requirements.  Apple denies any remaining allegations, express or implied, in this paragraph and denies that the selectively quoted text and provisions as presented in Corellium's Counterclaims accurately or completely describe the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims, which speaks for itself.

119.    Apple denies the allegations in this paragraph.

120.    The Court has dismissed this claim, but to the extent a denial of the allegations that Apple caused or continues to cause injury to Corellium is necessary, Apple denies the allegations in this paragraph.

17

121.     The Court has dismissed this claim, but to the extent a denial of the allegations that Apple caused or continues to cause injury to Corellium is necessary, Apple denies the allegations in this paragraph.

122.     This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  As such, no response is required.

## COUNT VIII: UNJUST ENRICHMENT/QUANTUM MERUIT
### California Common Law

123.     Apple realleges its responses in paragraphs 1–122 above as though fully set forth in this paragraph.

124.     This paragraph sets out the cause of action pursued by Corellium.  To the extent a response is required, Apple admits that Corellium asserts a counterclaim for unjust enrichment/quantum meruit, but denies any liability for the reasons stated herein.

125.     Apple admits that the Apple Security Bounty Program is described in the document "Apple Security Bounty Program Policy" (which is incorporated by reference into the Apple Developer Agreement).  Apple denies the remaining allegations in this paragraph.

126.     Apple denies the allegations in this paragraph.

127.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: the kernel execution bug and the memory leak bug.  Apple denies the remaining allegations of this paragraph.

128.     Apple admits the allegations in this paragraph.

129.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.

130.     Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 130.  Apple admits the allegations in the remainder of this paragraph.

131.     Apple denies the allegations in this paragraph.

132.    Apple denies the allegations in this paragraph.

133.    To the extent that this paragraph contains conclusions of law as opposed to allegations of fact, no answer is required.  To the extent an answer is required, Apple denies the allegations in this paragraph.

134.    This paragraph consists of Corellium's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Corellium is entitled to the relief sought in its Counterclaims or to any relief whatsoever.

## COUNT IX: UNJUST ENRICHMENT/QUANTUM MERUIT
### Florida Common Law

135.    Apple realleges its responses in paragraphs 1–134 above as though fully set forth in this paragraph.

136.    This paragraph sets out the cause of action pursued by Corellium.  To the extent a response is required, Apple admits that Corellium asserts a counterclaim for unjust enrichment/quantum meruit, but denies any liability for the reasons stated herein.

137.    Apple denies the allegations in this paragraph.

138.    Apple denies the allegations in this paragraph.

139.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: the kernel execution bug and the memory leak bug.  Apple denies the remaining allegations of this paragraph.

140.    Apple admits the allegations in this paragraph.

141.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies the remaining allegations in this paragraph.

142.    Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 142.  Apple admits the allegations in the remainder of this paragraph.

143.    To the extent paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple admits that Corellium's voluntary provision of bugs assisted Apple in correcting and updating its software.

144.    Apple denies the allegations in this paragraph.

145.    Apple denies the allegations in this paragraph.

146.    To the extent that this paragraph contains conclusions of law as opposed to allegations of fact, no answer is required.  To the extent an answer is required, Apple denies the allegations in this paragraph.

147.    This paragraph consists of Corellium's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Corellium is entitled to the relief sought in its Counterclaims or to any relief whatsoever.

## COUNT X: UNLAWFUL BUSINESS PRACTICE:
## UNJUST ENRICHMENT/QUANTUM MERUIT
### Cal. Bus. & Prof. Code § 17200, *et seq.*

148.    Apple realleges its responses in paragraphs 1–37 above as though fully set forth in this paragraph.

149.    Corellium's Counterclaims claims pursuant to Cal. Bus. & Prof. Code § 17200 have been dismissed by the Court.  *See* ECF No. 802.

150.    Apple admits that its Security Bounty Program is described in the Apple Security Bounty Program Policy (which is incorporated by reference into the Apple Developer Agreement). Apple denies the remaining allegations in this paragraph.

151.    Apple denies the allegations in this paragraph.

152.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: the kernel execution bug and the memory leak bug.  Apple denies that Corellium submitted any additional bugs to Apple.

153.    Apple admits the allegations in this paragraph.

154.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Apple has not made payments in connection with the submission of these two bugs by Corellium.  Apple determined the two bugs were together entitled to a reward of $60,000. Corellium requested that, instead of receiving the reward itself, the reward be donated to the Electronic Frontier Foundation.  In light of that request, Apple matched the award and therefore paid a total of $120,000 to the Electronic Frontier Foundation for these two bugs.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple admits that it did not pay Corellium for the following bugs: (a) persona race condition; (b) posix_spawn issue; (c) nfssvc issue; (d) BPF race condition; and (e) backboardd bug, which did not meet the requirements for payment under the Apple Security Bounty Program Policy in effect during the time period relevant to the Counterclaims.  Apple denies the remaining allegations in this paragraph.

155.    Apple denies that Corellium submitted the posix_spawn issue, the nfssvc issue, or the persona race condition issue, and accordingly denies the first sentence of paragraph 155.  Apple admits the allegations in the remainder of this paragraph.

156.    To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

157.    Apple admits it is a resident of California.  The Court has dismissed this claim, ECF No. 802, but to the extent a denial of the allegation that Apple has engaged in unlawful conduct is necessary, Apple denies that it has engaged in any unlawful conduct

158.    The Court has dismissed this claim, but to the extent this paragraph contains any allegations of fact directed to Apple, they are denied.  To the extent this paragraph contains conclusions of law as opposed to allegations of fact, no response is required.  To the extent a response is required, Apple denies the same.

159.    This paragraph contains Corellium's request for relief for a claim the Court has dismissed.  *See* ECF No. 802.  Accordingly, no response is required.

## COUNT XII: IN THE ALTERNATIVE, BREACH OF CONTRACT
### California Common Law

160.     Apple realleges its responses in paragraphs 1–159 above as though fully set forth in this paragraph.

161.     Apple admits there was a binding and enforceable agreement between the parties, but denies the remaining allegations in this paragraph.

162.     Apple admits that an agreement existed between Corellium and Apple pursuant to the Apple Security Bounty Program Policy and the Apple Developer Agreement.

163.     Apple admits the allegations in this paragraph.

164.     Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple denies the remaining allegations in this paragraph.

165.     Apple denies the allegations in this paragraph.

166.     Apple denies the allegations in this paragraph.

167.     This paragraph consists of Corellium's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Corellium is entitled to the relief sought in its Counterclaims or to any relief whatsoever.

## COUNT XIII: IN THE ALTERNATIVE, BREACH OF CONTRACT
### Florida Common Law

168.     Apple realleges its responses in paragraphs 1–167 above as though fully set forth in this paragraph.

169.     Apple admits there was a binding and enforceable agreement between the parties, but denies the remaining allegations in this paragraph.

170.     Apple admits that a binding enforceable agreement existed between Apple and Corellium pursuant to the Apple Security Bounty Program Policy and the Apple Developer Agreement.

171.     Apple admits the allegations in this paragraph.

172.    Apple admits that Corellium submitted two bugs through the Apple Security Bounty Program in 2019: (f) the kernel execution bug and (g) the memory leak bug.  Apple denies that Corellium submitted the remaining bugs listed in this paragraph to Apple.  Apple denies the remaining allegations in this paragraph.

173.    Apple denies the allegations in this paragraph.

174.    Apple denies the allegations in this paragraph.

175.    This paragraph consists of Corellium's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Corellium is entitled to the relief sought in its Counterclaims or to any relief whatsoever.

## PRAYER FOR RELIEF

The remainder of Corellium's Answer and Counterclaims consists of Corellium's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Corellium is entitled to the relief sought or to any relief whatsoever.

## DEFENSES

Apple, without waiver, limitation, or prejudice, and while expressly reserving the right to allege additional defenses as they become known through the course of discovery, hereby asserts the following defenses, undertaking the burden of proof only on those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE: ESTOPPEL

As a result of its own actions and omissions, Corellium is estopped in whole or in part from obtaining the relief it seeks in its Counterclaims.

## SECOND DEFENSE: WAIVER

Corellium's claims are barred, in whole or in part, by the doctrine of waiver.  Specifically, Corellium submitted its bugs to Apple on a voluntary basis, expressly acknowledging and agreeing that payment for the bugs was subject to Apple's discretion.

## THIRD DEFENSE: FULL PERFORMANCE

Corellium's contract claims fail because Apple fully performed its obligations pursuant to the Apple Security Bounty Program Policy, as incorporated into the Apple Developer Agreement.

## FOURTH DEFENSE: FAILURE OF CONDITION PRECEDENT

Corellium's contract claims fail because a condition required for Apple's performance, namely, submission by Corellium of bugs in conformity with the Apple Security Bounty Program Policy, did not occur.

## FIFTH DEFENSE: EXPRESS CONTRACT

To the extent that Corellium asserts claims rooted in unjust enrichment/quantum meruit, Corellium is barred from doing so because the parties entered into a valid contract governing the submission of bugs.

## SIXTH DEFENSE: PAYMENT

To the extent that Corellium asserts claims rooted in unjust enrichment/quantum meruit, Corellium is barred from doing so because Apple made payments to a beneficiary designated by Corellium for any benefit Corellium conferred to Apple.  Similarly, to the extent Corellium asserts claims based on Apple's failure to pay for the kernel execution bug or the memory leak bug, such claims fail because Apple paid a beneficiary designated by Corellium for those bugs.

Dated: March 11, 2021

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
sy.damle@lw.com
Elana Nightingale Dawson*
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
(954) 859-5180 / (954) 384-2510 Fax

*Attorneys for Plaintiff* APPLE INC.