UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE UNDER SEAL ITS RESPONSE TO APPLE'S MOTION IN LIMINE TO CONFIRM LIMITATIONS IN LIGHT OF SEALED ORDER AT ECF NO. 658**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of Corellium's Response to Apple's Motion in Limine to Confirm Limitations in Light of Sealed Order at ECF No. 658 (the "Response"), and in support thereof, states as follows:

**BACKGROUND**

1. On February 26, 2021, this Court entered its Sealed Order Affirming and Adopting Report of Magistrate Judge [D.E. 793] ("Order").

2. Because the entire Order is sealed, Corellium refrains from incorporating any language cited therein, here in this Motion.

3. On March 5, 2021, Apple filed its Motion in Limine to Confirm Limitations in Light of Sealed Order at ECF No. 658 under seal [D.E. 806] ("Apple's Motion in Limine"), in relation to the Order.

4. Corellium's Response to Apple's Motion in Limine is due March 19, 2021 ("Response").

5. The Response contains certain sensitive language that has been designated and treated as sealed throughout the pendency of the case.

6. Consistent with the sensitive nature of the material discussed, Corellium moves to file its Response under seal.

**MEMORANDUM OF LAW**

**I.     Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV,

2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.     Good Cause Exists for the Court to Seal Corellium's Response**

In this instance, good cause exists for this Court to seal Corellium's Response. The Response includes confidential, sensitive information relating to a highly sensitive matter in the lawsuit. This information has been designated Privileged by the designating entity, the Privilege of which, has been consistently upheld by this Court and information relating to the same, being permitted to be filed under seal. For these reasons, the Response cannot be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the confidential and sensitive information contained therein, this Court should permit the sealing of Corellium's Response.

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file under seal Corellium's Response to Apple's Motion in Limine to Confirm Limitations in Light of Sealed Order at ECF No. 658, and ordering that the information contained therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

<u>**LOCAL RULE 7.1(A)(3) CERTIFICATION**</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff and counsel for the Government on March 19, 2021, regarding the relief sought herein. Plaintiff and the United States do not oppose the relief sought herein.

CASE NO.: 9:19-CV-81160-RS

Dated: March 19, 2021 Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
    JONATHAN VINE
    Florida Bar. No.: 10966
    JUSTIN B. LEVINE
    Florida Bar No.:  106463
    LIZZA C. CONSTANTINE
    Florida Bar No.:  1002945

        *and*

    HECHT PARTNERS LLP
    *Counsel for defendant*
    20 West 23rd St. Fifth Floor
    New York, NY 10010
    Tel: (212) 851-6821
    David L. Hecht *pro hac vice*
    Email: dhecht@hechtpartners.com
    Maxim Price *pro hac vice*
    Email: mprice@hechtpartners.com

**<u>CERTIFICATE OF SERVICE</u>**

IT IS HEREBY CERTIFIED that on March 19, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

by some other authorized manner, or a combination thereof, so as to comply with the requirements

of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512

CASE NO.: 9:19-CV-81160-RS

Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*