UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S *UNOPPOSED* MOTION TO FILE UNDER SEAL CORELLIUM'S *UNOPPOSED* MOTION FOR CLARIFICATION REGARDING CERTAIN INFORMATION IN RELATION TO SEALED ORDER AT ECF NO. 658**

Defendant, Corellium, LLC ("Corellium"), pursuant Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of its *Unopposed* Motion for Clarification Regarding Certain Information in Relation to Sealed Order, ECF No. 658 ("Motion for Clarification"), and in support thereof, states as follows:

**BACKGROUND**

1. On August 24, 2020, this Court entered a Sealed Order [D.E. 658] ("Sealed Order").

2. Because the entire order is sealed, Corellium refrains from incorporating any language cited therein, here in this Motion.

3. Corellium seeks to clarify certain information in relation to the Sealed Order.

4. Consistent with the sensitive nature of the material discussed, Corellium moves to file its Motion for Clarification under seal.

CASE NO.: 9:19-CV-81160-RS

## MEMORANDUM OF LAW

### I.  Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

### II.  Good Cause Exists for the Court to Seal Corellium's *Unopposed* Motion for Clarification

In this instance, good cause exists for this Court to seal Corellium's *Unopposed* Motion for Clarification. The Motion for Clarification includes confidential, sensitive information relating to a highly sensitive matter in the lawsuit. This information has been designated Privileged by the designating entity, the Privilege of which, has been consistently upheld by this Court and information relating to the same, being permitted to be filed under seal. For these reasons, the Motion for Clarification cannot not be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the confidential and sensitive information contained therein, this Court should permit the sealing of Corellium's *Unopposed* Motion for Clarification.

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file under seal its *Unopposed* Motion for Clarification Regarding Certain Information In Relation to Sealed Order, ECF No. 658, and ordering that the information contained therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff and counsel for the Government on March 19, 2021, regarding the relief sought herein. Plaintiff and the United States do not oppose the relief sought herein.

Dated: March 19, 2021                Respectfully submitted,

                                     COLE, SCOTT & KISSANE, P.A.
                                     *Counsel for Defendant CORELLIUM, LLC*
                                     Esperante Building
                                     222 Lakeview Avenue, Suite 120
                                     West Palm Beach, Florida 33401
                                     Telephone (561) 612-3459
                                     Facsimile (561) 683-8977
                                     Primary e-mail: justin.levine@csklegal.com
                                     Secondary e-mail: lizza.constantine@csklegal.com

CASE NO.: 9:19-CV-81160-RS

By: *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on March 19, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

### SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com

gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

Serena M. Orloff
Serena.m.orloff@usdoj.gov
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, DC 20005

Dexter A. Lee
Dexter.lee@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132

*Attorneys for the United States*