UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA
Case No: 9:19-CV-81160-rs

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S [PROPOSED] VERDICT FORM**

    Defendant, Corellium, LLC, by and through undersigned counsel, pursuant to the Court's Orders at ECF Nos. 32, 618, 661, 744, 801 setting the pretrial requirements and deadlines, respectfully submits its proposed verdict form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA
Case No: 9:19-CV-81160-rs

APPLE INC.,

    Plaintiff, v.

CORELLIUM, LLC.,

    Defendant.

_____/

### CORELLIUM'S PROPOSED VERDICT FORM

We, the jury, return the following verdict:

**I.   DMCA Claim under 17 U.S.C. § 1201(a)(2)**

1. Do you find that Apple has proved by a preponderance of the evidence:

a. That any of Apple's alleged technological measure(s) "controls access to a work," as defined in 17 U.S.C. § 1201(a)(3)(B), whereby in the ordinary course of its operation, it controls access to the iOS copyrighted work(s) and not instead to other works or technologies?

    YES _____    NO _____

b. That any of Apple's alleged technological measure(s) meet the definition of "effectively controls access to a work," as defined in 17 U.S.C. § 1201(a)(3)(B), whereby in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work protected?

    YES _____    NO _____

**If your answer to either question is "NO," you must find for Corellium on Apple's claim under 17 U.S.C. § 1201(a)(2) by answering "NO" to question I.3.  If your answer to this question is "YES," please move to the next question.**

2. Do you find that Apple has proved by a preponderance of the evidence that Corellium has manufactured, imported, offered to the public, provided, or otherwise trafficked in any technology, product, service, device, component, or part thereof, that:

2

    a. Is primarily designed or produced for the purpose of circumventing Apple's technological measure(s) that effectively controls access to a work protected under Title 17, U.S.C.?

        YES _____        NO _____

    b. Has only limited commercially significant purpose or use other than to circumvent Apple's technological measure(s) that effectively controls access to a work protected under Title 17, U.S.C.?

        YES _____        NO _____

    c. Is marketed by Corellium or another acting in concert with Corellium with Corellium's knowledge for use in circumventing Apple's technological measure(s) that effectively controls access to a work protected Title 17, U.S.C.?

        YES _____        NO _____

**If your answers to subparts a-c are "NO" you must find for Corellium on Apple's claim under 17 U.S.C. § 1201(a)(2) located at question I.3. If your answer to any of the subparts a-c is "YES," you must answer "YES" to Question I.3, then move next to question II.1, and you also must answer the questions under AFFIRMATIVE DEFENSES.**

3. Do you find from the preponderance of the evidence that Corellium violated 17 U.S.C. § 1201(a)(2), without consideration of Corellium's Affirmative Defenses?
        YES _____        NO _____

II. **DMCA Claim under 17 U.S.C. § 1201(b)**

Do you find that Apple has proved by a preponderance of the evidence:

1. That any of Apple's alleged technological measure(s) "protects a right of a copyright owner under this title," as defined in 17 U.S.C. § 1201(b)(2)(B), whereby it protects a right provided to Apple under copyright law, and not only rights that Apple might have under other laws?

        YES _____        NO _____

2. That any of Apple's alleged technological measure(s) "protects a right of a copyright owner under this title," as defined in 17 U.S.C. § 1201(b)(2)(B), whereby it protects a right provided to Apple under copyright law with respect to the iOS software, and not only rights that Apple might have with respect to non-copyrightable data or technologies?

        YES _____        NO _____

3. That any of Apple's alleged technological measure(s) meet the definition of "effectively protects a right of a copyright owner under this title," as defined in 17 U.S.C. § 1201(b)(2)(B), whereby the measure, in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of any of Apple's exclusive rights in the iOS software as listed in 17 U.S.C. §106?

   YES  _____  NO  _____

**If your answer to any of these question is "NO," you must find for Corellium on Apple's claim under 17 U.S.C. § 1201(b), located at question II.4. If your answer to either of the preceding questions is "YES," please move to the next question.**

4. That Corellium has manufactured, imported, offered to the public, provided, or otherwise trafficked in any technology, product, service, device, component, or part thereof, that:

   a. Is primarily designed or produced for the purpose of circumventing Apple's technological measure(s) that effectively protects a right of a copyright owner under this title in a work under Title 17, U.S.C. or a portion thereof?

      YES  _____  NO  _____

   b. Has only limited commercially significant purpose or use other than to circumvent Apple's technological measure(s) that effectively protects a right of a copyright owner under this title in a work under Title 17, U.S.C. or a portion thereof?

      YES  _____  NO  _____

   c. Is marketed by Corellium for use in circumventing Apple's technological measure(s) that that effectively protects a right of a copyright owner under this title in a work under Title 17, U.S.C. or a portion thereof?

      YES  _____  NO  _____

**If your answers to subparts a-c are "NO" you must find for Corellium on Apple's claim under 17 U.S.C. § 1201(b), by answering "NO" to question II.4. If your answer to any of the subparts a-c is "YES" you must answer "YES" to the following question and proceed to the questions under AFFIRMATIVE DEFENSES.**

5. Do you find from the preponderance of the evidence that Corellium violated 17 U.S.C. § 1201(b), without consideration of Corellium's Affirmative Defenses?

   YES  _____  NO_____

## CORELLIUM'S AFFIRMATIVE DEFENSES

1. **17 U.S.C § 1201(f) – Reverse Engineering**

Do you find from the preponderance of the evidence:

That Corellium has developed and employed technological means to circumvent Apple's alleged technological measures, or to circumvent protection afforded to Apple by an alleged technological measure:

a. In order to enable interoperability of an independently created computer program with other programs?

      YES  _____      NO  _____

b. And that Corellium's efforts or means were necessary to achieve such interoperability?

      YES  _____      NO  _____

**If you answered "YES," to either questions a. and c., or b. and c., you must find that Corellium is exempted from Apple's claims under 17 U.S.C. §§1201(a)(2) and (b), by answering "YES" to the next question (before Question 3). If your answer to question c. is "NO," then you must find that Corellium is not exempted from Apple's claims under 17 U.S.C. §§1201(a)(2) and (b) by way of Corellium's Reverse Engineering affirmative defense by answering "NO."**

Do you find that Corellium is exempted from Apple's claims under 17 U.S.C. §§1201(a)(2) and (b) based on Corellium's reverse engineering affirmative defense?

      YES  _____      NO  _____

2. **17 U.S.C § 1201(j) – Security Testing - (applies only to Apple's claim under 17 U.S.C. § 1201(a)(2))**

Do you find by a preponderance of the evidence:

a. That Corellium developed, produced, distributed or employed technology for the sole purpose of performing acts of security testing?

      YES  _____      NO  _____

3. **17 U.S.C § 1201(e) – Law Enforcement**

Do you find by a preponderance of the evidence:

   a. That Corellium that any of Corellium's conduct occurred pursuant to a contract with the United States, a State, or a political subdivision of a State?

        YES _____  NO _____

   b. That Corellium provided its Product to an officer, agent, or employee of the United States, a State, or a political subdivision of a State?

        YES _____  NO _____

**If your answer to either of the preceding questions is "YES," please move to the next question.**

Do you find by a preponderance of the evidence that the use of Corellium's product specifically associated with either activity above was for the purpose of lawfully authorized investigative, protective, information security, or intelligence activity?

        YES _____  NO _____

**If your answer to this question is "YES," you must find that Corellium's conduct forming the basis of your answers to questions a. and b. above is exempted from Apple's claims under 17 U.S.C. §§1201(a)(2) and (b) by answering "YES" to the next question (before Question 4). If your answer to this question is "NO," then you must find that Corellium is not exempted from Apple's claims under 17 U.S.C. §§1201(a)(2) and (b) by way of Corellium's Law Enforcement affirmative defense by answering "NO."**

        YES _____  NO _____

   **4. Fair Use - (applies only to Apple's claim under 17 U.S.C. § 1201(b))**

Do you find by a preponderance of the evidence:

   a. That Apple's exclusive rights under copyright law, as identified by 17 U.S.C § 106, have not been violated because Corellium's circumvention of Apple's technological protection measures is for purposes deemed to be fair use.

        YES _____  NO _____

**If you answer to this question is "YES," you must find that Corellium has proved Fair Use by answering "YES" to the next question below (before Question 5). If your answer to this question is "NO," you must find that Corellium has not proved Fair Use by answering "NO."**

Do you find from the preponderance of the evidence that Corellium has proved its affirmative defense of Fair Use?

YES _____       NO _____

   **5. Estoppel**

Do you find from the preponderance of the evidence:

   a. That Apple knew the facts of Corellium's alleged violative conduct?

YES _____       NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 4 and should proceed to Question 5.

   b. That Apple's statements or conduct (either action or inaction) caused Corellium to believe that Apple would not pursue a claim for copyright infringement against it?

YES _____       NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 4 and should proceed to Question 5.

   c. That Apple intended for Corellium to act on its statement or conduct, **or** that Corellium had a right to believe Apple so intended?

YES _____       NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 4 and should proceed to Question 5.

   d. That Corellium did not reasonably believe that Apple would pursue a claim against it?

YES _____       NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 4 and should proceed to Question 5.

   e. That Corellium was injured as a result of its reliance on Apple's statement or conduct?

YES _____       NO _____

**If you answer to subparts a-e are "YES," you must find that Corellium has proved its Affirmative Defense of estoppel by answering "YES" to the next question. If your answer to any of the subparts a-e is "NO," you must find that Corellium has not proved estoppel by answering "NO."**

Do you find from the preponderance of the evidence that Corellium meets the elements for estoppel?

      YES  _____   NO _____

  **6. Acquiescence**

Do you find from the preponderance of the evidence:

  a. That Apple actively represented that it would not assert a right or a claim against Corellium?

      YES  _____   NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 5 and should proceed to Question 6.

  b. That Apple delayed asserting a right or claim against Corellium and the delay between the active representation and assertion of the right or claim was not excusable?

      YES  _____   NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 5 and should proceed to Question 6.

  c. That the delay caused Corellium undue prejudice?

      YES  _____   NO _____

**If you answer to subparts a-c are "YES," you must find that Corellium has proved acquiescence by answering "YES" to the next question. If your answer to any of the subparts a-c is "NO," you must find that Corellium has not proved its Affirmative Defenses of acquiescence by answering "NO."**

Do you find from the preponderance of the evidence that Corellium meets the elements for acquiescence?

      YES  _____   NO _____

  **7. Laches**

Do you find from the preponderance of the evidence:

  a. That there was a delay in Apple's assertion of a right or claim?

      YES  _____   NO _____

8

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 6 and should proceed to Question 7.

    b. That the delay was not excusable?

        YES _____        NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 6 and should proceed to Question 7.

    c. That the delay caused Corellium undue prejudice?

        YES _____        NO _____

**If your answer to subparts a-c are "YES," you must find that Corellium has established laches. If your answer to any of the subparts a-c is "NO," you must find that Corellium has not proved its Affirmative Defense of laches.**

Do you find from the preponderance of the evidence that Corellium proved the elements for laches?

        YES _____        NO _____

**8. Waiver**

    Do you find from the preponderance of the evidence:

    a. That Apple had a right, privilege, advantage, or benefit which could have been waived?

        YES _____        NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 7 and should proceed to Question 8.

    b. Do you find that Apple knew or should have known it had the right?

        YES _____        NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 7 and should proceed to Question 8.

    c. Do you find that Apple intended to freely relinquish the right?

        YES _____        NO _____

**If your answer to subparts a-c are "YES," you must find that Corellium has proved waiver on the part of Apple by answering "YES" to the next question. If your answer to any of subparts a-c is "NO," you must find that Corellium has not proved its Affirmative Defenses of waiver by answering "NO."**

Do you find that Corellium has proved waiver on the part of Apple?

    YES  _____  NO  _____

 **9. Unclean Hands**

Do you find from the preponderance of the evidence:

 a. That Apple is guilty of conduct involving unfairness, bad faith, fraud, deceit, or unconscionability in connection to the matter at issue and that such conduct injured Corellium, and gave Apple an unfair advantage?

    YES  _____  NO  _____

 **10. Restraint of Trade**

Do you find from the preponderance of the evidence:

 a. That Apple possessed monopoly power, which is the power to control prices in or to exclude competition from a relevant market within which Corellium participates?

    YES  _____  NO  _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 9 and should proceed to Question 10.

 b. That Apple engaged in the willful acquisition or maintenance of power through predatory or exclusionary acts?

    YES  _____  NO  _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 9 and should proceed to Question 10.

 c. That such practices had the effect of preventing or excluding competition within the same relevant market?

    YES  _____  NO  _____

**If your answer to subparts a-c are "YES," you must find that Corellium has proved its defense of restraint of trade on the part of Apple by answering "YES: to the next question.**

**If your answer to any of subparts a-c is "NO," you must find that Corellium has not proved its Affirmative Defense of restraint of trade by answering "NO."**

Do you find that Corellium has proved restraint of trade on the part of Apple?

    YES  _____   NO _____

### 11. Authorized Use, Implied Consent

Do you find from the preponderance of the evidence:

 a. That Apple's oral statements and/or conduct, including any action or inaction, imply that Apple intentionally provided Corellium with implied consent or authorization for use of iOS?

    YES  _____   NO _____

### 12. Implied License

Do you find from the preponderance of the evidence:

 a. That Apple created the copyrighted work at issue?

    YES  _____   NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 11 and should proceed to Question 12.

 b. That Apple delivered the copyrighted work at issue, or caused it to be delivered, to Corellium or someone acting on Corellium's behalf?

    YES  _____   NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 11 and should proceed to Question 12.

 c. That, based on the circumstances surrounding the copyrighted work's creation, Apple intended that Corellium was permitted to access, copy, distribute, publicly display, and/or create derivative works based upon its copyrighted work?

    YES  _____   NO _____

If your answer to this question is "NO," you do not need to answer the remaining questions in this Question 11 and should proceed to Question 12.

    d. In the alternative to questions a.-c., do you find from the preponderance of the evidence of the totality of the Apple's statements, actions, or inaction, that Apple intentionally granted permission to Corellium to access and use iOS.

        YES _____        NO _____

**If your answer to subparts a.-c. are "YES," or if you answer to subpart d. is "YES," you must find that Corellium has proved its Affirmative Defense of implied license by answering "YES" to the next question. If your answer to subpart d. is "NO," or you answered "NO" for any of subparts a.-c., you must find that Corellium has not proved that Apple granted an implied license to Corellium to access and use iOS by answering "NO."**

Do you find that Corellium had an implied license to access and use Apple's alleged copyrighted work?

        YES _____        NO _____

**13. Misuse**

Do you find from the preponderance of the evidence:

    a. That Apple is using one or more of its alleged copyrights to secure a right or limited monopoly that is not granted by the U.S. Copyright Act through that copyright registration(s) and which is contrary to public policy?

        YES _____        NO _____

**14. 17 U.S.C §§ 1201(c)(4) – Free Speech**

Do you find from the preponderance of the evidence:

    a. That the claims asserted by Apple under the Digital Millennium Copyright Act infringe on Corellium's right to free speech?

        YES _____        NO _____

**<u>Apple's Damages</u>**

    **If you did not find for Apple on either of its DMCA claims, or if you found in favor of Corellium on its Affirmative Defenses to both of the DMCA claims, you should not answer these questions and proceed instead to the questions under COUNTERCLAIMS. If you found for Apple on only one of its DMCA claims, then answer the questions below only as to the damages caused by that conduct by Corellium. If you found for Apple on both of its DMCA claims, then answer the questions below.**

### *Actual Damages*

1. What amount of Corellium's profits are attributable to its development, sale, and provision to others of its product?

$ _____

### *Statutory Damages*

2. How many copies of Corellium's product have been distributed by Corellium, in violation of 17 U.S.C. § 1201(a)(2) or (b)?

_____
(Number)

3. Do you find that Corellium was not aware and had no reason to believe that its acts constituted a violation of the DMCA?

YES _____    NO _____

**If your answer to this question is "YES," please move to the next question. If your answer to this question is "NO," please move to question 5.**

4. What amount of statutory damages, between $0.00 and $2,500, should Corellium pay for each copy of its product distributed by Corellium?

$ _____

5. What amount of statutory damages, between $200 and $2,500, should Corellium pay for each copy of its product distributed by Corellium?

$ _____

### **CORELLIUM'S COUNTERCLAIMS**

**I.    Breach of Contract (Florida Law)**

Do you find from the preponderance of the evidence:

1. That Corellium and Apple entered into a contract?

YES _____    NO _____

13

**If your answer to this question is "YES," please move to question I.2. If your answer to this question is "NO," you must find for Apple on Corellium's breach of contract claim, located at question I.6.**

2. That Corellium did all, or substantially all, of the essential things which the contract required it to do?

YES  _____       NO  _____

**If your answer to this question is "YES," please move to the question I.3. If your answer to this question is "NO," you must find for Apple on Corellium's breach of contract claim, located at question I.6.**

3. That all conditions required by the contract for Apple's performance had occurred?

YES  _____       NO  _____

**If your answer to this question is "YES," please move to the question I.4. If your answer to this question is "NO," you must find for Apple on Corellium's breach of contract claim, located at question I.6.**

4. That Apple failed to pay Corellium for the reasonable amount of Corellium's submission of bug reports?

YES  _____       NO  _____

**If your answer to this question is "YES," please move to the question I.5. If your answer to this question is "NO," you must find for Apple on Corellium's breach of contract claim, located at question I.6.**

5. That Corellium was damaged by that failure?

YES  _____       NO  _____

**If your answers to subparts 1-5 are "YES" you must find for Corellium on its breach of contract claim located at question I.6. If your answer to any of the subparts 1-5 is "NO," you must find for Apple, located at question I.6 and then move to question II.1.**

6. Do you find from the preponderance of the evidence that Apple breached its contract with Corellium?

YES  _____       NO_____

**II.     Unjust Enrichment (Florida Law)**

Do you find that Corellium has proved by a preponderance of the evidence:

1. That Corellium's submission of bug reports conferred a benefit on Apple?

    YES  _____    NO _____

**If your answer to this question is "YES," please move to question II.2. If your answer to this question is "NO," you must find for Apple on Corellium's unjust enrichment claim, located at question II.5.**

2. That Apple knew of that benefit?

    YES  _____    NO _____

**If your answer to this question is "YES," please move to question II.3. If your answer to this question is "NO," you must find for Apple on Corellium's unjust enrichment claim, located at question II.5.**

3. That Apple accepted and retained the benefit?

    YES  _____    NO _____

**If your answer to this question is "YES," please move to question II.4. If your answer to this question is "NO," you must find for Apple on Corellium's unjust enrichment claim, located at question II.5.**

4. That the circumstances are such that Apple should, in all fairness, be required to pay for the benefit?

    YES  _____    NO _____

**If your answers to subparts 1-4 are "YES" you must find for Corellium on its unjust enrichment claim by answering "YES" to question II.5. If your answer to any of the subparts 1-4 is "NO," you must find for Apple, by answering "NO" to question II.5.**

5. Do you find from the preponderance of the evidence that Apple has been unjustly enriched?

    YES  _____    NO_____

**APPLE'S AFFIRMATIVE DEFENSES TO CORELLIUM'S COUNTERCLAIMS**

**1. Waiver**

Do you find that Apple has proved by clear and convincing evidence:

    a. That Corellium had a right to receive payment for bugs it submitted to Apple as part of Apple's bug bounty program?

        YES _____    NO _____

**If your answer to this question is "NO," you do not need to answer the remaining questions in this Section. If your answer to this question is "YES," please move to the next question.**

    b. That Corellium knew or should have known Apple was required to pay for bugs submitted in accordance with Apple's bug bounty program?

        YES _____    NO _____

**If your answer to this question is "NO," you do not need to answer the remaining questions in this Section. If your answer to this question is "YES," please move to the next question.**

    c. That Corellium freely and intentionally gave up its right to have Apple perform this obligation?

        YES _____    NO _____

**If your answer to subparts a-c are "YES," you must find that Corellium waived its right to be paid by Apple for bug submissions by answering "YES" to the next question. If your answer to any of subparts a-c is "NO," you must find that Apple has not proved its Affirmative Defense of waiver and by answering "NO" to the next question.**

Do you find that Apple did not have to pay Corellium for bug submissions because Corellium gave up its right to have Apple perform this obligation?

        YES _____    NO _____

    **2. Estoppel**

Do you find that Apple has proved by the preponderance of the evidence:

    a. That Corellium knew that payment for bugs submitted through the Apple Security Bounty Program is subject to and within Apple's discretion?

        YES _____    NO _____

**If your answer to this question is "NO," you do not need to answer the remaining questions in this Section. If your answer to this question is "YES," please move to the next question.**

    b. That Apple did not know that Corellium submitted the seven bugs with an expectation of payment?

    YES _____   NO _____

**If your answer to this question is "NO," you do not need to answer the remaining questions in this Section. If your answer to this question is "YES," please move to the next question.**

    c. That Apple was injured as a result of its acceptance of Corellium's submissions without knowing that Corellium would demand payment for the submissions regardless of whether Apple considered the submissions eligible for payment?

    YES _____   NO _____

**If your answer to subparts a-c are "YES," you must find that Corellium is estopped from asserting its right to be paid by Apple for bug submissions by answering "YES" to the next question. If your answer to any of subparts a-c is "NO," you must find that Apple has not proved its Affirmative Defense of estoppel by answering "NO" to the next question.**

Do you find from the preponderance of the evidence that Apple meets the elements for estoppel?

    YES _____   NO _____

**Corellium's Damages**

What are Corellium's damages, meaning the amount Apple should have paid, but did not pay, Corellium?

    $ _____

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 2, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

By: s/ *Lizza C. Constantine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.: 106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120 West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

and

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave, 25th Floor
New York, NY

18

10017 Tel: (212) 851-6821

David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price, *pro hac vice*
Email: mprice@hechtpartners.com
Conor McDonough, *pro hac vice*
Email: cmcdonough@hechtpartners.com
Minyao Wang *pro hac vice*
Email: mwang@hechtpartners.com

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*) sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*) andrew.gass@lw.com
LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000 San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100 Los Angeles, CA 90067

*Attorneys for Plaintiff, Apple Inc.*