**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160**

APPLE INC.,

              Plaintiff,

    v.

CORELLIUM, LLC,

              Defendant.

**PARTIES' JOINTLY SUBMITTED PROPOSED JURY INSTRUCTIONS**

**CONTENTS**

I.      TABLE OF PARTIES' RESPECTIVE OBJECTIONS .......................................................6

II.     PRELIMINARY INSTRUCTIONS ..............................................................................23

        JOINT PROPOSED JURY INSTRUCTION NO. 1...............................................23
                General Preliminary Instruction...............................................................23
        JOINT PROPOSED JURY INSTRUCTION NO. 2...............................................30
                Jury Questions ..........................................................................................30
        JOINT PROPOSED JURY INSTRUCTION NO. 3...............................................32
                Interim Statements ...................................................................................32
        DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4.................33
                Copyright – Preliminary Instruction .......................................................33
        DISPUTED –PROPOSED JURY INSTRUCTION NO. 5 ......................................35
                Plaintiff's Proposal: DMCA – Preliminary Instruction ..........................35
                Defendant's Proposal: DMCA – Preliminary Instruction.........................37

III.    TRIAL INSTRUCTIONS .............................................................................................39

        JOINT PROPOSED JURY INSTRUCTION NO. 6...............................................39
                Stipulations ..............................................................................................39
        JOINT PROPOSED JURY INSTRUCTION NO. 7...............................................40
                Use of Depositions ...................................................................................40
        JOINT PROPOSED JURY INSTRUCTION NO. 8...............................................41
                Use of Interrogatories ..............................................................................41
        JOINT PROPOSED JURY INSTRUCTION NO. 9...............................................42
                In-Trial Instructions on News Coverage...................................................42

IV.     BASIC INSTRUCTIONS .............................................................................................43

        JOINT PROPOSED JURY INSTRUCTION NO. 10..............................................43
                Introduction...............................................................................................43
        JOINT PROPOSED JURY INSTRUCTION NO. 11..............................................44
                The Duty to Follow Instructions – Entity Party Involved.......................44
        JOINT PROPOSED JURY INSTRUCTION NO. 12..............................................45
                Consideration of Direct and Circumstantial Evidence; Argument of
                        Counsel; Comments by the Court ...............................................45
        JOINT PROPOSED JURY INSTRUCTION NO. 13..............................................47
                Credibility of Witnesses............................................................................47
        JOINT PROPOSED JURY INSTRUCTION NO. 14..............................................48
                Impeachment of Witnesses Because of Inconsistent Statements............48
        DISPUTED – JOINT PROPOSED JURY INSTRUCTION NO. 15 ...............................49
                Expert Witness ..........................................................................................49
        JOINT PROPOSED JURY INSTRUCTION NO. 16..............................................50
                Responsibility for Proof – Plaintiff's Claims, Defendant's Counterclaims –
                        Preponderance of the Evidence...................................................50

DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17....................51
    Responsibility for Proof – Affirmative Defense ....................................51
JOINT PROPOSED JURY INSTRUCTION NO. 18.........................................................52
    Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or
    When Damages are not an Issue ....................................52
JOINT PROPOSED JURY INSTRUCTION NO. 19.........................................................53
    Election of Foreperson Explanation of Verdict Form[s] ....................................53
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20................54
    Copyright Act – Validity – Ideas And Expression ....................................54
DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21 ...............56
    Copyright – Ownership – General Charge....................................56
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22................57
    Copyright – Ownership – Individual Authorship ....................................57

V.    APPLE'S CLAIMS.........................................................................................................58

DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23....................58
    Introductory Instructions on Claims and Defenses....................................58
DISPUTED – PROPOSED JURY INSTRUCTION NO. 24 ...........................................60
    Plaintiff's Proposal: Apple's Anti-Trafficking Claims – Access Controls –
    17 U.S.C. § 1201(a)(2)....................................60
    Defendant's Proposal: Apple's DMCA Claim – Trafficking In
    Circumvention Of Access Control Technology [17 U.S.C. §
    1201(a)(2)] ....................................62
DISPUTED – PROPOSED JURY INSTRUCTION NO. 25 ...........................................64
    Plaintiff's Proposal: Apple's Anti-Trafficking Claims – Right Controls –
    17 U.S.C. § 1201(b) ....................................64
    Defendant's Proposal: DMCA – Trafficking In Circumvention Of
    Copyright Protection Technology [17 U.S.C. § 1201(b)]....................................66
DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26....................68
    Copyright – Introduction....................................68
DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27....................69
    Copyright Protection and Copyright Registration ....................................69
DISPUTED – PROPOSED JURY INSTRUCTION NO. 28 ...........................................71
    Plaintiff's Proposal: Anti-Trafficking Claims – Works at Issue....................................71
    Defendant's Proposal: DMCA Claims – Works at Issue....................................71
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29...............72
    Responsibility For Proof – Affirmative Defense Preponderance Of The
    Evidence....................................72
DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30....................73
    Corellium's Defense of Copyright Invalidity ....................................73
DISPUTED – PROPOSED JURY INSTRUCTION NO. 31 ...........................................74
    Plaintiff's Proposal: Corellium's Statutory Affirmative Defenses ....................................74
    Defendant's Proposal: Exemptions To DMCA - Generally ....................................75
DISPUTED – PROPOSED JURY INSTRUCTION NO. 32 ...........................................76
    Plaintiff's Proposal: Affirmative Defense – Reverse Engineering (17
    U.S.C. § 1201(f)) ....................................76

Defendant's Proposal: Corellium's Affirmative Defense – Reverse
Engineering ................................................................................78
DISPUTED – PROPOSED JURY INSTRUCTION NO. 33 ...........................................79
Plaintiff's Proposal: Affirmative Defense – Security Testing (17 U.S.C.
§ 1201(j)) ...................................................................................79
Defendant's Proposal: Corellium's Affirmative Defense – Security
Testing .........................................................................................81
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34 ................83
Law Enforcement Defense ..........................................................................83
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35 ................84
Affirmative Defense – Fair Use ...................................................................84
Affirmative Defense – Acquiescence ..........................................................85
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37 ................86
Affirmative Defense – Consent/Authorized Use ........................................86
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38 ................87
Affirmative Defense – Waiver .....................................................................87
DISPUTED – PROPOSED JURY INSTRUCTION NO. 39 ...........................................88
Plaintiff's Proposal: Affirmative Defense – Estoppel (Advisory Jury) ................88
Defendant's Proposal: Affirmative Defense - Estoppel ...............................89
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40 ................90
Affirmative Defense – Laches ....................................................................90
DISPUTED – PROPOSED JURY INSTRUCTION NO. 41 ...........................................91
Plaintiff's Proposal: Affirmative Defense – Implied License ...............................91
Defendant's Proposal: Affirmative Defense – Implied License ...................92
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42 ................93
Affirmative Defense – Unclean Hands ........................................................93
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43 ................94
Affirmative Defense – Restraint Of Trade ..................................................94
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44 ................95
Affirmative Defense – Doctrine Of Copyright Misuse ................................95
DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45 ................96
Affirmative Defense – Free Speech .............................................................96
DISPUTED – PROPOSED JURY INSTRUCTION NO. 46 ...........................................97
Plaintiff's Proposal: Anti-Trafficking Damages – General Charge/Election
of Damages ..................................................................................97
Defendant's Proposal: Damages – General Charge ....................................98
DISPUTED – PROPOSED JURY INSTRUCTION NO. 47 ...........................................99
Plaintiff's Proposal: DMCA Anti-Trafficking Claims - Statutory Damages .........99
Defendant's Proposal: Apple's Claim – Statutory Damages .............................100
DISPUTED – PROPOSED JURY INSTRUCTION NO. 48 .........................................101
Plaintiff's Proposal: Anti-Trafficking Claims – Actual Damages .....................101
Defendant's Proposal: Apple Damages – Disgorgement of Corellium
Profits .......................................................................................102

VI.   CORELLIUM'S COUNTERCLAIMS ....................................................................103

DISPUTED – PROPOSED JURY INSTRUCTION NO. 49 .........................................103

Plaintiff's Proposal: Overview of Counterclaims ................................................103
Defendant's Proposal: Overview of Counterclaims ............................................104
DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50..................105
Breach of Contract – Introduction (Common Law)............................................105
DISPUTED – PROPOSED INSTRUCTION NO. 51 ...............................................106
Plaintiff's Proposal: Breach of Contract – Oral or Written Contract Terms
(California Common Law)....................................................................106
Defendant's Proposal: Breach of Contract – Oral or Written Contract
Terms ..................................................................................................106
DISPUTED – PROPOSED INSTRUCTION NO. 52 ...............................................107
Plaintiff's Proposal: Breach of Contract – Elements (California Common
Law) ....................................................................................................107
Defendant's Proposal: Breach Of Contract (Florida Law) .................................108
DISPUTED – PROPOSED INSTRUCTION NO. 53 ...............................................109
Plaintiff's Proposal: Breach of Contract – Existence of Condition
Precedent Disputed (California Common Law) ...................................109
Defendant's Proposal: Contract Defense – Disputed Condition Precedent.........111
DISPUTED – PROPOSED INSTRUCTION NO. 54 ...............................................113
Plaintiff's Proposal: Contract Defense – Waiver Of Disputed Condition
Precedent.............................................................................................113
Defendant's Proposal: Contract Defense – Waiver Of Disputed Condition
Precedent.............................................................................................114
DISPUTED – PROPOSED INSTRUCTION NO. 55 ...............................................115
Plaintiff's Proposal: Quantum Meruit (California Common Law).....................115
Defendant's Proposal: Unjust Enrichment/Quantum Meruit (Florida Law) .......116
DISPUTED – PROPOSED INSTRUCTION NO. 56 ...............................................117
Plaintiff's Proposal: Affirmative Defense – Estoppel (Advisory Jury).............117
Defendant's Proposal: Affirmative Defense – Estoppel (Advisory Verdict) ......118
DISPUTED – PROPOSED INSTRUCTION NO. 57 ...............................................119
Plaintiff's Proposal: Affirmative Defense – Waiver (California).......................119
Defendant's Proposal: Defense – Waiver ..........................................................120
DISPUTED – PROPOSED INSTRUCTION NO. 58 ...............................................121
Plaintiff's Proposal: Damages – Corellium's Claim – Overview ......................121
Defendant's Proposal: Corellium's Damages ....................................................122
DISPUTED – PLAINTIFF'S PROPOSED INSTRUCTION NO. 59............................123
Damages – Corellium's Claim – Obligation to Pay Money Only ................................123
DISPUTED – DEFENDANT'S PROPOSED INSTRUCTION NO. 60........................124
Closing Instructions .........................................................................................124
JOINT PROPOSED INSTRUCTION NO. 61.......................................................127
Civil Allen Charge ...........................................................................................127

I.      **TABLE OF PARTIES' RESPECTIVE OBJECTIONS**

The parties have presented joint instructions for the following instruction numbers: 1, 2,

3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 61.  With respect to the remaining instructions, the

parties have either proposed parallel instructions or one party has proposed an instruction that the

other party does not agree to.  For the Court's convenience, the below table briefly summarizes

each parties' position on these disputed instructions.

| **DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4** |
| --- |
| *Apple's Objection:*  This instruction is designed for an infringement claim, not a trafficking claim brought under the DMCA.  The Court has dismissed Apple's infringement claims and the instruction is thus unnecessary.  If an instruction like this is given at all, it should be done after introducing the DMCA claims the jury will actually decide.  Apple's proposed instructions 26 and 27 address this issue at the point where Apple believes it is helpful to address the relevant features of copyright law. |
| *Corellium's Response:* Corellium believes that before a jury can understand the premises and requirements of the DMCA, a basic understanding of copyright law is necessary. Further, Apple's claim, at least under 1201(b) implicates protections of Apple's rights as a copyright holder as do certain of Corellium's affirmative defenses. The jury should, therefore, be instructed as to the nature of these protections to meaningfully deliberate on the claims and defenses. |

| **DISPUTED –PROPOSED JURY INSTRUCTION NO. 5** |
| --- |
| *Corellium's Objection to Apple's Proposal:* Corellium objects to the inclusion of the term "Anti-Trafficking" and also the deletion of the sentence regarding the Court's finding of Corellium's fair use. |
| *Apple's Response:* The word "trafficking" is in the statute, and Corellium improperly changes it to "selling," which removes other methods of trafficking, such as marketing and giving away for free.  With respect to the fair use finding, neither party should be discussing with the jury claims the Court has removed from the jury's consideration, either those that were dismissed in response to Apple's motion to dismiss or Corellium's motion for summary judgment. |
| *Apple's Objection to Corellium's proposal:*  The instruction improperly changes the federal DMCA standard "trafficking" to "selling," which limits the other forms of trafficking authorized by the statute.  The sentence "The Court has already determined that none of Apple's rights under the Copyright Act have been infringed because Corellium's product makes fair use of Apple's iOS software" is irrelevant and misleading given the Court's parallel finding that fair use is not a defense to the alleged violations of the DMCA, [ECF No. 783 at 36–37] and should be removed.  In addition, neither party should be discussing with the jury claims the Court has removed from the jury's consideration, either those that were dismissed in response to Apple's motion to dismiss or Corellium's motion for summary judgment. |

*Corellium's Response*:  17 U.S.C. 1201(b) directly relies upon the exclusive copyright rights listed in 17 U.S.C. 106, which are directly tied to infringement. Further, Corellium's affirmative defenses under 17 U.S.C. 1201(f) for Reverse Engineering, specifically asks whether Corellium's alleged conduct "does not constitute infringement under this title." 17 U.S.C.1201(f)(3) also permits distribution.

### DISPUTED – JOINT PROPOSED JURY INSTRUCTION NO. 15

(disputed only as to final sentence only)

*Apple's Objection:*  The pattern instruction misstates the law and improperly directs the jury to distrust evidence.  See Burkhart v. R.J. Reynolds Tobacco Co., No. 309CV10727WGYHTS, 2014 WL 12617550, at *11 (M.D. Fla. Apr. 30, 2014).  The sentence should be stricken or, if the Court believes it should be included, it should modify the phrase "should view with caution" to "may view with caution," as in Burkhart.  See id.

*Corellium's Response*:  Corellium proposes the Eleventh Circuit pattern language.  Corellium also argues that the Burkhart case does not stand for what Apple proposes it stands for, nor does the opinion impose the change to the pattern instruction as a matter of law.

### DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

*Corellium's Objection*:  Corellium objects to use of the phrases "trafficking" and "anti-trafficking" other than to instruct the jury on the precise language of the statutory elements, because those phrases otherwise are inflammatory and unduly prejudicial as they tend to align with conduct  such as drug or human trafficking.  Corellium further objects that this instruction should appear later in the Jury Instruction set as a transition to the discussion to Affirmative Defenses, instead of preceding the instructions about Apple's claims.

*Apple's Response:* The word "trafficking" is in the statute and is an important method of distinguishing between so-called anti-trafficking claims and anti-circumvention claims.  The burden of proof instructions should go together, as the pattern instructions contemplate.

### DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

*Apple's Objection*: This instruction improperly places the burden on Apple to prove the validity of its copyrights, when such copyrights are presumptively valid under 17 U.S.C. § 410(c) due to their timely registration.  The burden is thus on Corellium to prove invalidity, and Apple's proposed instruction 30 is a proper reflection of the law.  In addition, this instruction is not designed to address originality in the context of software and is confusing to the jury.

The Court should instead give Plaintiff's Proposed Instruction No. 30.

*Corellium's Response*: Corellium believes that before a jury can understand the premises and requirements of the DMCA, a basic understanding of copyright law is necessary. The validity/scope of protection of Apple's copyrighted works are at issue, and therefore, a background instruction on this issue will assist the jury in meaningful deliberation. At its core, this instruction is a pattern instruction.

### DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

*Apple's Objection*: This instruction improperly places the burden on Apple to prove ownership of its copyrights, when such ownership is presumed under 17 U.S.C. § 410(c) due to their timely registration.  The burden is thus on Corellium to prove that Apple does not own its

registered copyrights, and Apple's proposed instruction 30 is a proper reflection of the law. While a pattern instruction, Corellium's use is not consistent with the uses provided under the pattern.  The Court should instead give Plaintiff's Proposed Instruction No. 30.

*Corellium's Response:* Corellium believes that before a jury can understand the premises and requirements of the DMCA, a basic understanding of copyright law is necessary. The scope of Apple's ownership in iOS is at issue, and therefore, a background instruction on this issue will assist the jury in meaningful deliberation. At its core, this instruction is a pattern instruction.

### DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

*Apple's Objection*: This instruction improperly places the burden on Apple to prove ownership of its copyrights, when such ownership is presumed under 17 U.S.C. § 410(c) due to their timely registration.  The burden is thus on Corellium to prove Apple does not own its registered copyrights, and Apple's proposed instruction 30 is a proper reflection of the law. While a pattern instruction, Corellium's use is not consistent with the uses provided under the pattern.  The Court should instead give Plaintiff's Proposed Instruction No. 30.

*Corellium's Response:* Corellium believes that before a jury can understand the premises and requirements of the DMCA, a basic understanding of copyright law is necessary. The scope of Apple's ownership in iOS is at issue, and therefore, a background instruction on this issue will assist the jury in meaningful deliberation. At its core, this instruction is a pattern instruction.

### DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

*Corellium's Objection*:  Corellium objects that this instruction is duplicative of the preliminary instructions raised prior based on the same ABA model instruction. Corellium also objects to Apple's use of the phrase "two laws" to describe the current claim, because there is not two separate laws, instead, there are two subsections of the same statutory section.

*Apple's Response:*  This is a concluding instruction, not a preliminary instruction, and will be given at least ten days after the preliminary instruction and after the introduction of evidence. It is appropriate to provide an overview of the DMCA anti-trafficking claims against prior to submitting them for decision.

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 24

*Corellium's Objection to Apple's Proposal:*  Apple's proposed instruction includes terms and concepts that should be provided to the jury in the appropriate instruction when those terms or concepts are being discussed or considered in their respective instructions.  Corellium further argues that Apple's proposed instruction is argumentative and unduly prejudicial in its phrasing. One example is the use of the phrase "anti-trafficking," for reasons previously stated. Further, Corellium disagrees with the last sentence of the "As a reminder" paragraph, as overbroad, and inapposite use of *MDY v. Blizzard* – which involved a video game (an audiovisual work), whereas Apple's iOS is a literary work.  Corellium proposes:  "When the copyrighted work is a computer program, like iOS, access to the copyrighted work includes access to the written program code and access to run the program."

Corellium further objects that the phrase "get around" is not included in the statute. Corellium finally objects to Apple's use of "some degree of control" – "Rather, it must provide some degree of control over *all* access to a copyrighted work.  For example, a technological measure might *effectively* control access by requiring the use of encryption or an authentication key

8

provided by the copyright owner to prevent *all* access to the program code or use of the program."

***Apple's Response***: Apple's proposed instruction accurately states the law, and is supported by the authorities cited therein. It expresses statutory terms like "circumvent" in ways the jury can readily understand. And it maintains the distinction between the DMCA's anti-trafficking provisions and anti-circumvention provisions. Moreover, the case law, including MDY v. Blizzard, squarely supports the critical proposition that the statute proscribes the unlawful trafficking of tools circumventing technological measures that prevent unpermitted access to the working version of computer software, irrespective of whether the measures prevent access to the literal code. Corellium's proposed distinction between audiovisual works and literary works has no basis in the law and contravenes the critical proposition that software copyrights extend to a program's functioning graphical user interface. The phrase "some degree of control" is directly supported by its cited case, *MDY v. Blizzard*, 629. F.3d 928, 954 n. 17 (9th Cir. 2010), as amended on denial of reh'g (Feb. 17, 2011), opinion amended and superseded on denial of reh'g, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011).

***Apple's Objection to Corellium's Proposal***: Corellium's version (1) does not include a definition of "access control"; (2) does not include useful constructions of the statutory language as reflected in Apple's version; and (3) blurs the distinction between trafficking and circumvention by Corellium itself. The last sentence of Corellium's version is a misstatement of law as demonstrated in *MDY Indus., LLC v. Blizzard Ent., Inc*., 629 F.3d 928, 943 (9th Cir. 2010) and *Adobe Sys. Inc. v. Feather*, 895 F. Supp. 2d 297, 302 (D. Conn. 2012), both involving DMCA claims based on measures that prevent use, activation, and/or validation of computer programs.

***Corellium's Response:*** Corellium defines access control. Corellium otherwise disagrees with Apple's contentions.

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 25

***Corellium's Objection to Apple's Proposal***: Apple's proposed instruction does not accurately and fairly track the statute. Corellium's proposed instruction is a clear and succinct expression of the elements of the claim. The last sentence of Apple's instruction "A technological measure limits … in some but not all circumstances," should be removed as incorrect and misleading.

***Apple's Response***: Apple's proposed instruction is directly supported by its cited authorities and is an accurate statement of the law.

***Apple's Objection to Corellium's Proposal:*** Corellium's version (1) does not include a definition of "rights control"; (2) does not include useful constructions of the statutory language reflected in Apple's version; and (3) creates confusion because it describes copyright rights not at issue in this case (such as sound recordings). In addition, the final sentence is contrary to the Court's fair use ruling; the Court held that fair use was *not* a defense to Apple's DMCA claims, even as it upheld the defense with respect to Corellium's infringement claims.

***Corellium's Response:*** Corellium disagrees with Apple's contentions.

## DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

***Corellium's Objection to Apple's Proposal:*** Corellium believes that the instructions outlining the fundamental bases of copyright law should be asserted prior to those instructions explaining

the DMCA because to understand the DMCA, one must first have a fundamental understanding of copyright law.

***Apple's Response:*** Apple's remaining claims are DMCA claims, not infringement claims. Apple's proposed instruction properly places in context the relevant legal framework. Corellium's instructions are confusing as the jury is not being asked about literary works or to evaluate infringement, and giving infringement instructions is not helpful. Apple's placement of the copyright framework is clearer and more helpful.

### DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

***Corellium's Objection to Apple's Proposal:*** Corellium believes that the instructions outlining the fundamental bases of copyright law should be asserted prior to those instructions explaining the DMCA because to understand the DMCA, one must first have a fundamental understanding of copyright law. Corellium is also disputing the scope of Apple's copyright rights in iOS, notwithstanding the existence of a registration, because Apple is not the original author of all parts of iOS, and therefore, has no rights in those portions.  Apple includes repetitive language in instruction 30 regarding "registering a copyright."  Corellium also believes that the first sentence of Apple's proposed instruction should read "Copyright automatically attaches to a work the moment the work is created by the original author."

***Apple's Response:*** Apple's instruction is based on 11th Circuit Pattern Instructions and Corellium does not dispute its accuracy, only its placement.  Apple's placement is better for the reasons outlined above in its response to Instruction No. 26.  Whatever Corellium's challenges to the *scope* of Apple's copyrights, that does not affect the presumption of validity, which is indisputably in effect for the registered works at issue.

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 28

***Corellium's Objection to Apple's Proposal:*** Corellium objects to the inclusion of iOS versions 12.3, 12.4, 13.0, 13.2, 13.4, and 13.6 on the basis that these versions were neither pled, opined upon through experts, nor included in any written or oral discovery responses, and therefore, are beyond the issues in this case. Further, Apple submitted multiple amended complaints, as late as July 9, 2020 and none of the above six versions of iOS were included. Further, discovery was never supplemented as these new versions became available.

***Apple's Response:*** Apple's complaint alleged ongoing actions and asserted that the DMCA was violated with respect to all versions of iOS.  Corellium added support for new versions of iOS during the pendency of this lawsuit.  For some of these versions, Corellium did not timely supplement its discovery responses as required by the Rules of Civil Procedure.  Corellium produced supplemental discovery related to these new versions in December 2020 and March 2021, and Apple timely produced its own supplements regarding the same works.  Apple has not changed its legal theories and the complaint on its face applies to the new versions of iOS Corellium now supports.  To the extent amendment is required, Apple should be permitted to amend to conform to proof.

***Apple's Objection to Corellium's Proposal:*** Corellium's proposed instruction misstates Apple's claim.  Apple asserts copyrights in multiple versions of iOS, not "portions of iOS versions."  In addition, Corellium's instruction does not include multiple new versions of iOS that Corellium added to its product during the pendency of this case.

| |
|---|
| ***Corellium's Response:*** Corellium objects to the inclusion of iOS versions 12.3, 12.4, 13.0, 13.2, 13.4, and 13.6 on the basis that these versions were neither pled, opined upon through experts, nor included in any written or oral discovery responses, and therefore, are beyond the issues in this case. Further, Apple submitted multiple amended complaints, as late as July 9, 2020 and none of the above six versions of iOS were included. Further, discovery was never supplemented as these new versions became available. |

### DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29

| |
|---|
| ***Apple's Objection:*** The instruction on burden of proof for defenses should come earlier, with the general burden instructions.  The instruction lists numerous defenses that are not properly triable to the jury and/or are inapplicable to Apple's DMCA claim, including acquiescence, waiver, laches, implied license, unclean hands, restraint of trade, no willful violation, copyright misuse, and free speech.  The instruction also suggests that it is unlikely that Apple will prove its claims with the phrase "even if" Apple proves its claims.  The instruction misstates the burden of proof as to waiver. |

| |
|---|
| ***Corellium's Response:*** Corellium believes this is an appropriate transition instruction and assists with orienting the jury in the transition from claims-instructions to defense-instructions. As to Apple's objection related to the individual defenses, those defenses will be addressed on a case by case basis below. |

### DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30

| |
|---|
| **Corellium's Objection to Apple's Proposal:** Corellium believes the jury should be instructed on the premises of copyright law before the premises of DMCA law. Further, the issue of the validity of Apple's copyright is properly presented in line with the instructions on the copyright issues here, and the same applies to the issue of burden shifting that Apple raises.  Corellium also objects to the versions of iOS listed as objected to above in #28. Apple also includes repetitive language in instruction 27 regarding "registering a copyright." |

| |
|---|
| ***Apple's Response****:* Apple's instruction is based on 11th Circuit Pattern Instructions and Corellium does not dispute its accuracy, only its placement.  Apple's placement is better for the reasons outlined above in its response to Instruction No. 26.  Whatever Corellium's challenges to the *scope* of Apple's copyrights, that does not affect the presumption of validity, which is indisputably in effect for the registered works at issue. |

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 31

| |
|---|
| ***Corellium's Objection to Apple's Proposal:*** Corellium objects on the basis that its proposed instruction is more succinct, accurate (as some defenses may apply only to access controls and not to rights controls, and vice versa), and does not include inflammatory language, such as anti-trafficking. Apple's proposal does not provide sufficient explanation that proving one exemption may be sufficient as to both subsections (a)(2) and (b).  Moreover, the DMCA provides "exemptions" not "exceptions."  The instruction does not explain that an exemption means that the copyright owner has no right to prevent that exempted conduct. Additionally, the "However" sentence, should end:  "then that exemption does not provide a defense to that provision." |

***Apple's Response:***  Apple disagrees that its instruction is inflammatory or otherwise problematic.  Apple's proposal is more specific and better reflects the statute's language in a way that is intelligible to the jury.

***Apple's Objection to Corellium's Proposal:*** Apple's proposed instruction is more specific and better reflects the statute's language.

***Corellium's Response:*** Apple's proposed instruction is more specific and better reflects the statute's language.

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 32

***Corellium's Objection to Apple's Proposal:*** Apple's proposed instruction is vague and prejudicially stated. Moreover, it includes extraneous material.  For example, the phrase "lawfully obtained computer program" is not a correct statement of the (f)(1) requirement ("lawfully obtained the right to use a computer program"), and the phrase "as it was designed to be used by a consumer of the product" does not reflect either the text of the statute or any right of a copyright owner.

Finally, the numbered statements are inaccurate statements of the law.  1 is not an element of the exemption.  2-4 are inaccurate inasmuch as the exemption to "achieve" interoperability also permits circumvention to develop an interoperable program; the statements in the instruction incorrectly suggest that the interoperable program must already exist.

***Apple's Response:*** Apple's instruction accurately tracks the statute; Corellium seeks to remove elements that are an important part of its burden of proof.

***Apple's Objection to Corellium's Proposal:*** Corellium's proposal does not include definitions that are important to understanding terms like "interoperability" and "independently created computer program."  In addition, the second to last sentence misstates the Court's ruling on fair use; the Court held that fair use is not a defense to the DMCA.

***Corellium's Response:*** Corellium disputes Apple's objection that its instruction does not define the necessary terms, specifically that "interoperability" is defined in both the statute and Corellium's instruction, whereas "independently created computer program" is not and is simply plain English.

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 33

***Corellium's Objection to Apple's Proposal:*** Apple's proposed instruction is prejudicially stated.  E.g. "that allows otherwise unlawful trafficking"; and it does not contain the text of subsection (j)(4).  Further, the last sentence on 77 inaccurately suggests that Apple's authorization was needed.

***Apple's Response****:* Apple's proposal accurately reflects the law.  The security testing exemption *does* require that the testing on f a computer, computer system, or computer network be done with the owner's permission—something that Corellium fails to acknowledge.  *See* 17 U.S.C. § 1201(j)(1).

***Apple's Objection to Corellium's Proposal****:* Corellium's proposal is unclear as to the burden of proof.

*Corellium's Response:* Corellium disagrees with Apple's contention and believes that the burden of proof is clearly stated.

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34

*Apple's Objection to Corellium's Proposal:* Corellium has not pleaded a defense under section 1201(e). If Corellium seeks and is given leave to add this defense, the instruction should be modified to (a) make clearer that Corellium seeks to apply this defense to a single sale to a single customer; and (b) make clearer the elements that Corellium is required to prove. Corellium's cited case authority does not support the instruction. The final sentence of the proposed instruction is improper argument.

*Corellium's Response:* The parties have conferred about Corellium's forthcoming Motion for Leave to Amend to add this defense. Corellium is simply awaiting Apple's conferral position on one other item to be included in that Motion, before it is filed. The circumstances that justify the defense arose long-after discovery closed in this case.

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

*Apple's Objection to Corellium's Proposal:* The Court has already held that fair use is not a defense to Apple's DMCA claims. See ECF No. 783 at 36–37. It is improper to instruct the jury on a defense the Court has rejected. Further, the Court's ruling that Corellium's use is fair under an infringement analysis does not mean that the technological control measures identified by Apple do not protect Apple's copyrights, as Corellium asserts, or that Corellium's product cannot circumvent those technological control measures. Those are entirely different issues, both factually and legally. Corellium's cited authority, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 935 (9th Cir. 2010), does not support it and instead supports Apple's position.

*Corellium's Response:* Corellium asserts that Fair Use is an authorized defense to 17 U.S.C. 1201(b) as authorized by the Copyright Act. The Court's prior ruling in this case made clear that the Fair Use Defense is not available to 17 U.S.C. 1201(a)(2), but not to 1201(b). *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 441 (2d Cir. 2001) clarifies that 17 U.S.C. 1201(b) is designed to prevent copying of a work or some other act that infringes a copyright, to which fair use is an established defense. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d, fn. 12 (9th Cir. 2010), clarifies that this issue has not yet been resolved.

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36

*Apple's Objection to Corellium's Proposal:* Acquiescence is not a defense to a DMCA violation; it is an equitable, statutory defense to trademark infringement. While some courts appear to have assumed without deciding that it applies to copyright claims, no authority supports extending its application to the DMCA. Furthermore, Corellium did not plead this defense as to the DMCA claims, but rather pleaded it as to the infringement claims only. Moreover, were the defense properly brought against a DMCA claim, it would be an equitable defense for which at most an advisory verdict would be appropriate (unless both parties agreed otherwise). *See* Fed. R. Civ. P. 39(c).

*Corellium's Response:* Corellium has pled this defense as Affirmative Defense No. 8. To the extent that Affirmative Defense No. 8 can be clarified, Corellium is simply awaiting Apple's position on the conferral before Corellium files its forthcoming Motion for Leave to Amend

this Affirmative Defense. Apple, however, has been on notice for the entire case from the pleadings and all discovery about the facts that support this defense. The authorities cited by Corellium support the notion that this Defense can be asserted. Apple has cited no case law that states that Acquiesce cannot bar a DMCA claim. Indeed, the facts of this case are a clear example of Acquiesce

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37

*Apple's Objection to Corellium's Proposal*: Apple objects to the portion of the instruction based on implied consent, as implied consent is inconsistent with the statutory 1201 defenses, which require various forms of express consent. Corellium cannot bypass these statutory requirements by relying on implied consent. In addition, this instruction is both duplicative of and inconsistent with Corellium's instruction on implied license. *See, e.g.*, *Interscope Recs. v. Time Warner, Inc.*, No. CV101662SVWPJWX, 2010 WL 11505708, at *10 (C.D. Cal. June 28, 2010) ("As Defendants implicitly concede, however, the defense of consent in the copyright context is the direct equivalent of the implied license defense"). Finally, Corellium did not plead consent as a defense to Apple's DMCA claims.

*Corellium's Response*: Corellium has pled this defense as Affirmative Defense No. 8. To the extent that Affirmative Defense No. 8 can be clarified, Corellium is simply awaiting Apple's position on the conferral before Corellium files its forthcoming Motion for Leave to Amend this Affirmative Defense. Apple, however, has been on notice for the entire case from the pleadings and all discovery about the facts that support this defense. The authorities cited by Corellium support the notion that this Defense can be asserted. Apple has cited no case law that states that Consent/Authorized Use cannot bar a DMCA claim. Indeed, the facts of this case are a clear example of Consent/Authorized Use. The purpose of the DMCA, or parts thereof, are to provide copyright owners with a new right to prevent access to their works. Thus, through its own express or implied statements, actions, or inaction, a copyright owner may consent to such access by another.

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38

*Apple's Objection to Corellium's Proposal*: Corellium provides no authority that "waiver" is a defense to Corellium's violation of the DMCA anti-trafficking provisions. Instead, it attempts to import a Florida contract defense jury instruction to defend against a federal statutory violation, and its cited cases address the independent—and irrelevant—doctrine of copyright abandonment, which applies only where there is an "intent by the copyright proprietor to surrender rights in his work," which is not at issue in this case. *Thornton v. J Jargon Co.*, 580 F.Supp.2d 1261, 1282 (M.D.Fla.2008) (citing *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F.Supp.2d 1148, 1177 (S.D.Fla.2006)). Corellium's "waiver" theory is more appropriately addressed under the doctrines of express consent and/or estoppel, both of which Corellium has also pleaded, and this instruction should be rejected.

*Corellium's Response*: Corellium has pled this defense as Affirmative Defense No. 8. To the extent that Affirmative Defense No. 8 can be clarified, Corellium is simply awaiting Apple's position on the conferral before Corellium files its forthcoming Motion for Leave to Amend this Affirmative Defense. Apple, however, has been on notice for the entire case from the pleadings and all discovery about the facts that support this defense. The authorities cited by Corellium support the notion that this Defense can be asserted. Apple has cited no case law that states that Waiver cannot bar a DMCA claim. Indeed, the facts of this case are a clear example

of Waiver.  The purpose of the DMCA, or parts thereof, are to provide copyright owners with a new right to prevent access to their works.  Thus, through its own express or implied statements, actions, or inaction, a copyright owner may waive its right(s).

---

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39**

---

***Corellium's Objection to Apple's Proposal****: Petrella* is not applicable as it only addressed whether laches could bar copyright infringement claims within the statute of limitations period. *Petrella* did not, however, reach the issue of whether inaction could suffice to meet one of the several elements of estoppel where estoppel is raised against a DMCA claim. Based upon Rule 39(c), the question of estoppel can go to the jury on an advisory basis.

---

***Apple's Response:*** Apple's interpretation of *Petrella* is supported by the cases cited in its proposed instruction.  The U.S. Supreme Court made clear that merely failing to immediately take action against a copyright violation was not a bar to subsequent suit; affirmative conduct was required.

---

***Apple's Objection to Corellium's Proposal:*** Corellium's proposal is inconsistent with *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682–83 (2014), which holds that inaction alone does not create estoppel.  Apple's more specific instruction is clearer for the jury.  Also, estoppel is an equitable defense for which the jury's verdict is advisory (unless both parties—and the court—agree otherwise).  *See* Fed. R. Civ. P. 39(c)(2); *Fair Hous. Ctr. of Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, 164 F. Supp. 3d 1375, 1390 (S.D. Fla. 2016), *aff'd sub nom. Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, 682 F. App'x 768 (11th Cir. 2017) ("[T]he jury's verdict on equitable issues is advisory.").  Corellium's proposal does not recognize this.

---

***Corellium's Response:*** *Petrella* is not applicable as it only addressed whether laches could bar copyright infringement claims within the statute of limitations period. *Petrella* did not, however, reach the issue of whether inaction could suffice to meet one of the several elements of estoppel where estoppel is raised against a DMCA claim. Based upon Rule 39(c), the question of estoppel can go to the jury on an advisory basis.

---

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40**

---

***Apple's Objection to Corellium's Proposal:*** Laches is not a defense to Apple's damages claim. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014).  And laches is not a defense to Apple's injunctive relief claim against future violations.  *See Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enterprises*, 533 F.3d 1287, 1321–22 (11th Cir. 2008) (holding that laches "does not preclude [a copyright holder] from seeking prospective relief" and explaining that "[p]ermitting laches to operate as a bar on post-filing . . . injunctive relief would encourage copyright owners to initiate much needless litigation in order to prevent others from obtaining effective immunity from suit with respect to future infringements").  Accordingly, this instruction is inappropriate.  Indeed, Corellium cites  the pattern instruction for *statute of limitations* defenses, not laches, demonstrating this defense is not viable as Apple's claim was indisputably brought within the limitations period.  Even were the defense viable (it is not), laches is an equitable defense for which the jury's opinion is advisory (unless the parties—and the court—agree otherwise).  *See* Fed. R. Civ. P. 39(c)(2); *Fair Hous. Ctr. of Greater Palm Beaches*, 164 F. Supp. 3d at 1390.

| |
|---|
| ***Corellium's Response:*** *Petrella is* not applicable as it only addressed whether laches could bar copyright infringement claims within the statute of limitations period. *Petrella* did not address whether laches was applicable to 17 U.S.C. 1201(a)(2) or (b), or both. DMCA and infringement-based claims are distinct claims. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 41** |
| ***Corellium's Objection to Apple's Proposal:*** Corellium's proposed instruction more clearly explains the elements of proof, and Corellium believes that the jury should be instructed on this defense as to the DMCA. |
| ***Apple's Response:*** Apple disagrees; implied license is not consistent with the express requirements of the DCMA. Even were the defense viable, Apple's proposed instruction matches the Eleventh Circuit Pattern, while Corellium's does not. |
| ***Apple's Objection to Corellium's Proposal***: Apple objects to this instruction, as implied license is a copyright infringement doctrine that is inconsistent with the statutory 1201 defenses, which require various forms of express consent. Corellium cannot bypass these statutory requirements by relying on implied license. Finally, Corellium did not plead consent as a defense to Apple's DMCA claims. If the Court is inclined to include an instruction on implied consent, it should include the pattern 11th Circuit instruction, not Corellium's version. |
| ***Corellium's Response:*** Corellium has pled this defense as Affirmative Defense No. 8. To the extent that Affirmative Defense No. 8 can be clarified, Corellium is simply awaiting Apple's position on the conferral before Corellium files its forthcoming Motion for Leave to Amend this Affirmative Defense. Apple, however, has been on notice for the entire case from the pleadings and all discovery about the facts that support this defense. The authorities cited by Corellium support the notion that this Defense can be asserted. Apple has cited no case law that states that Implied License cannot bar a DMCA claim. Indeed, the facts of this case are a clear example of Implied License. The purpose of the DMCA, or parts thereof, are to provide copyright owners with a new right to prevent access to their works. Thus, through its own express or implied statements, actions, or inaction, a copyright owner may issue or grant an implied license to such access by another. |
| **DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42** |
| ***Apple's Objection to Corellium's Proposal***: Corellium's description of Apple's alleged conduct does not meet the legal definition of "unclean hands" as it does not rise to the level of trickery, deception, fraud or injustice. Rather, Corellium describes, essentially, its estoppel defense, which it has pleaded and will be permitted to try. There is no basis for a further instruction on unclean hands. *See, e.g.*, *Coleman v. ESPN*, Inc., 764 F. Supp. 290, 295 (S.D.N.Y. 1991) ("In a copyright case, the defense of unclean hands requires that the plaintiff either participated in the acts of infringement or that plaintiff committed some transgression such as fraud upon the Copyright Office resulting in harm or prejudice to the defendant"). |
| ***Corellium's Response:*** Corellium argues that Apple's ongoing and continuous misleading statements, action, or inaction rose to the level necessary to cause injustice and encourage Corellium to continue to develop its CORSEC product. This is a question of fact that should be presented to the jury**.** |
| **DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43** |

***Apple's Objection to Corellium's Proposal:*** As Corellium's own authorities indicate, "restraint of trade" is not a freestanding affirmative defense, but rather, is simply a means of describing the specific defense of copyright misuse. Corellium's stated elements are partial statements of very complex doctrines governed by the federal antitrust laws; Corellium has not pleaded an antitrust claim in this case; and it has not provided any competent evidence from which such a claim could be pleaded.

***Corellium's Response:*** Corellium's *High Sierra Sport Co*. case clearly categorized "monopoly and Restraint of Trade" as an affirmative defense, after that defense was specifically considered by that Court on that plaintiff's motion to strike. Corellium is not aware of any case that expressly limits the Affirmative Defense of Restraint of Trade to antitrust matters. To hold otherwise, would be to permit litigants to attempt to restrain trade through lawsuits other than antitrust claims. Corellium believes that its instruction accurately reflects what it needs to prove to establish this defense.

### DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44

***Apple's Objection to Corellium's Proposal***: Copyright misuse is a defense to copyright infringement claims only. It does not apply to the DMCA. *See MDY Indus., LLC v. Blizzard Entm't, Inc*., 629 F.3d 928, 951 n.13 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011) (finding that misuse is an equitable defense only for copyright infringement because "1201(a) creates a right distinct from copyright infringement"); *321 Studios v. Metro Goldwyn Mayer Studios, Inc*., 307 F. Supp. 2d 1085, 1107 (N.D. Cal. 2004) (concluding that misuse is a defense "only to copyright infringement claims"). Moreover, even as to copyright infringement claims, it remains an open question in the Eleventh Circuit as to whether copyright misuse is a defense. *See Big Cat Rescue Corp. v. Big Cat Rescue Entm't Grp., Inc*., No. 811-cv-02014JDWTBM, 2013 WL 12158980 at *10 (M.D. Fla. Jan. 15, 2013) (recognizing that "[t]he Eleventh Circuit has neither recognized nor rejected misuse as a defense for copyright infringement suits") (internal citations omitted); *see also Lorador v. Vasquez*, No. 8:14-cv-433, 2015 WL 300433, at *1 (M.D. Fla. Jan. 22, 2015) ("Unrecognized by the Eleventh Circuit as a defense, copyright misuse offers no basis for a claim for [declaratory] relief."). In addition, because this is an equitable defense, it is not for the jury's determination (unless both parties consent or the court seeks an advisory verdict). *See* Fed. R. Civ. P. 39(c); *Fair Hous. Ctr. of Greater Palm Beaches*, 164 F. Supp. 3d at 1390; *see also MDY Indus.*, 2011 WL 538748 (stating "[c]opyright misuse is an equitable defense to copyright infringement, the contours of which are still being defined.").

***Corellium's Response:*** The *MDY* court did not, in fact, reach the issue of whether copyright misuse was an available defense to all claims brought under the DMCA. *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 951 (9th Cir. 2010), as amended on denial of reh'g (Feb. 17, 2011), opinion amended and superseded on denial of reh'g, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011) ("Since we have held that § 1201(a) creates a right distinct from copyright infringement, we conclude that we need not address copyright misuse in this case."). And the *321 Studios* court did not provide its reasoning, analysis or cite any other authority underlying its treatment of copyright misuse as a defense to DMCA claims. While the *PK Studios* court did not have DMCA claims before it, the court did allow the copyright misuse defense to proceed against the copyright claims at issue, which indicates that the defense is at least available in the Eleventh Circuit.

| **DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45** |
|---|
| ***Apple's Objection to Corellium's Proposal:*** This amounts to a facial challenge to the constitutionality of the DMCA, which is not a question for the jury.  In addition, Corellium has not provided the United States with the requisite notice of its constitutional challenge to the DMCA as required by Federal Rule of Civil Procedure 5.1.  Finally, this defense is unsupported as Apple's claims challenge Corellium's conduct in trafficking in tools of circumvention, not Corellium's speech.  *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 371 F. Supp. 3d 708, 715–16 (C.D. Cal. 2019) (concluding that "[s]ection 1201(a) regulates conduct—the circumvention of TPMs—and not expression—the use to which a person puts TPM-protected works"); *accord Green v. U.S. Dep't of Just.,* 392 F. Supp. 3d 68, 93 (D.D.C. 2019) ("The code's functional capability—the target of the DMCA provisions—is not speech within the meaning of the First Amendment.") (internal citations and quotations omitted). |
| ***Corellium's Response:*** Corellium's assertion of Free Speech is not a constitutional challenge to the DMCA. To the contrary, Corellium's defense states that the DMCA does not apply because of free speech.  In fact, the DMCA clearly states that "[n]othing in this section shall enlarge or diminish any rights of free speech or the press for activities using consumer electronics, telecommunications, or computing products." The authorities cited by Corellium establish "that the First Amendment protects computer source code." *Junger v. Daley*, 209 F.3d 481, 484–485 (6th Cir. 2000). Whether this defense applies to the code at issue in this case is a question of fact that should be presented to the jury. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 46** |
| ***Corellium's Objection to Apple's Proposal***: Like the rest of Apple's use of the phrases "trafficking" or "anti-trafficking," Corellium objects to the use of the phrase "Anti-Trafficking" in the title of Apple's proposed instruction, but otherwise, can agree to this instruction. Corellium also objects to the first sentence as, "proved a defense or defenses," which suggests that Corellium needs to prove more than one defense.  It should be, "and Corellium has not proved at least one defense that applies to Apple's Access Controls and Rights Controls claims."  Finally, in the last full paragraph, the instruction should not say "both as to Corellium's profits attributable to its violation" as it is unnecessarily prejudicial.  It should be "both as to whether Apple has proved its actual damages as well as to statutory damages." |
| ***Apple's Response:*** Apple's proposal accurately reflects the statute's language, which refers to "profits of the violator that are attributable to the violation."  The language "proved a defense or defenses" simply reflects that Corellium has multiple defenses.  Corellium's response below also reflects that it does not actually disagree with Apple's instruction. |
| ***Apple's Objection to Corellium's Proposal***: Corellium's proposal does not reflect Apple's decision to elect remedies after decision. |
| ***Corellium's Response:*** To the extent that Apple removes the phrase "Anti-Trafficking" from the title of its proposed instruction number 46, Corellium agrees to use that instruction. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 47** |
| ***Corellium's Objection to Apple's Proposal:*** Corellium restates its objection to the use of the term "Anti-Trafficking." Corellium further objects that Apple has improperly based the damages calculation on acts of circumvention, which misreads and misapplies the statute. 17 |

U.S.C. 1203 provides for an award of statutory damages for each violation of section 1201. In this case, Apple's claims are only based in 1201(a)(2) or (b), both of which only concern distribution, not acts of circumvention.  The amount of statutory damages for selling products under 1201(a)(2) and 1201(b) is per product distributed.  The references to other measures, such as per act or performance of service, relates to the particular section violated.  Just as damages for providing a service would not impose damages per device, damages for selling products do not accrue per act of circumvention, or per component or service.

The purpose of statutory damages is compensatory, not "to penalize violators"  Neither the House nor Senate Reports regarding the DMCA identify a purpose to penalize or deter.  Section 1203(c)(4) provides for enhanced damages only for repeat violations after a prior judicial finding.  Moreover, (c)(5) allows for reduction of damages, not just full remission – it is not an all or nothing provision.

---

***Apple's Response:*** Apple's proposal is consistent with the statute.  Corellium seeks to unfairly limit the statute's language: damages are not "per product distributed"; they are "per act of circumvention, device, product, component, offer, or performance of service, as the court considers just."  The jury is entitled to compare the parties' competing theories of statutory damages and award damages per component, per offer, per circumvention, per product, or per virtual device created.

---

***Apple's Objection to Corellium's Proposal:*** Corellium's proposal misstates the statute with respect to innocent violations and is unclear as to who has the burden of proof.  Corellium's proposal also misstates the statute.  Damages are not "per product distributed"; they are "per act of circumvention, device, product, component, offer, or performance of service, as the court considers just."  The jury is entitled to compare the parties' competing theories of statutory damages and award damages per component, per offer, per circumvention, per product, or per virtual device created.

---

***Corellium's Response:*** Corellium restates its objection to the use of the term "Anti-Trafficking." Corellium further objects that Apple has improperly based the damages calculation on acts of circumvention, which misreads and misapplies the statute. 17 U.S.C. 1203 provides for an award of statutory damages for each violation of section 1201. In this case, Apple's claims are only based on 1201(a)(2) or (b), both of which only concern distribution, not acts of circumvention.

---

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 48

***Corellium's Objection to Apple's Proposal***: Corellium objects to Apple's use of the phrases "Anti-Trafficking" and "illegal." Corellium also asserts that its proposed instruction tracks the pattern instruction and Apple's proposed instruction does not. In addition, Apple's proposal is not consistent with 1203(c)(2), is factually inaccurate in referring to a "service,"  and is prejudicially stated.

---

***Apple's Response***: Apple's instruction tracks the statute and refers to the product and services Corellium provides.  There is no 11th Circuit Pattern for DMCA damages; Corellium cites (and modifies) the instruction for infringement claims, which is inapposite.  Corellium attempts to artificially narrow Apple's claims and damages theories, which is not appropriate.

---

***Apple's Objection to Corellium's Proposal***: Corellium's proposal is inconsistent with 17 U.S.C. 1203(c)(2); Apple's proposal better reflects the statute.

| |
|---|
| ***Corellium's Response:*** Corellium asserts that its proposed instruction tracks the pattern instruction and Apple's proposed instruction does not. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 49** |
| ***Corellium's Objection to Apple's Proposal****:* Corellium's instruction clearly informs the jury as to what the causes of action are. Corellium's instruction is clearly neutral as evidenced by Apple's mirroring of the same, only to exclude the mere name of Corellium's second cause of action. The name of a cause of action is not prejudicial. |
| ***Apple's Response:*** None of the pattern instructions refer to "unjust enrichment." In using this phrase, Corellium is attempting to prejudice Apple. |
| ***Apple's Objection to Corellium's Proposal:*** Apple's proposal is neutrally written, while Corellium's refers to "unjust enrichment," which is prejudicial. |
| ***Corellium's Response:*** Corellium's instruction clearly informs the jury as to what the causes of action are. Corellium's instruction is clearly neutral as evidenced by Apple's mirroring of the same, only to exclude the mere name of Corellium's second cause of action. The name of a cause of action is not prejudicial |
| **DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50** |
| ***Corellium's Objection to Apple's Proposal****:* The instruction should include a statement to the jury that informs that "For Corellium to establish this claim for breach of contract, it must meet the following three elements:" Further, Apple includes an entire paragraph of argument at the end of the instruction that is improper. Finally, Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response****:* Apple's instruction is a California pattern contract instruction and is appropriately given. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 51** |
| ***Corellium's Objection to Apple's Proposal****:* Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal****:* No objection to the language (it's identical to Apple's), but object because the contract claim is governed by California law, not Florida law. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 52** |
| ***Corellium's Objection to Apple's Proposal****:* Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal:*** The contract claim is governed by California law, not Florida law. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies. |

| DISPUTED – PROPOSED JURY INSTRUCTION NO. 53 |
|---|
| ***Corellium's Objection to Apple's Proposal****:* Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal****:* The contract claim is governed by California law, not Florida law.  In addition, Corellium's instruction inappropriately incorporates Corellium's waiver defense into an affirmative description of the elements; waiver is Corellium's burden to prove, and should be instructed separately. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies.  As to Apple's objection to the use of the term waiver, this is included merely as a transitionary sentence, which clearly states that the jury will be soon instructed on the burden and that defense in a separate subsequent instruction. |
| DISPUTED – PROPOSED JURY INSTRUCTION NO. 54 |
| ***Corellium's Objection to Apple's Proposal****:* Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal:*** The contract claim is governed by California law, not Florida law. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies. |
| DISPUTED – PROPOSED JURY INSTRUCTION NO. 55 |
| ***Corellium's Objection to Apple's Proposal:*** Corellium argues that Florida law, not California law, applies, and therefore the proper cause of action is unjust enrichment. |
| ***Apple's Response****:* Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal:*** The quantum meruit/unjust enrichment claim is governed by California law, not Florida law.  Corellium's instruction also uses charged language—"[e]ven if" the jury were to find in Apple's favor—which is not appropriate. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies, and therefore the proper cause of action is unjust enrichment. As to the use of the phrase "even if," Corellium believes this is simply proper use of the English language to reflect the process by which the jury must follow—i.e., that even if the jury finds that no contract existed, the jury still must conduct further analysis. |
| DISPUTED – PROPOSED JURY INSTRUCTION NO. 56 |
| ***Corellium's Objection to Apple's Proposal****:* Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal****:* Corellium's instruction improperly leaves out a portion of the pattern estoppel defense, and is less specific and helpful to the jury than Apple's. |

| |
|---|
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies. Corellium also contends that its instruction, based on Florida law, includes all necessary elements. Corellium further contends that its instruction fairly sets out the elements that establish estoppel. |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 57** |
| ***Corellium's Objection to Apple's Proposal****: Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal****: Corellium's counterclaims are governed by California law, not Florida law. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies**.** |
| **DISPUTED – PROPOSED JURY INSTRUCTION NO. 58** |
| ***Corellium's Objection to Apple's Proposal****: Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| ***Apple's Objection to Corellium's Proposal****: Corellium's counterclaims are governed by California law, not Florida law. In addition, Corellium's proposed instruction is inconsistent with the Florida pattern instruction, and improperly instructs the jury that it "should" award damages to Corellium. |
| ***Corellium's Response:*** Corellium argues that Florida law, not California law, applies. Corellium also contends that its proposed instruction tracks the proper Eleventh Circuit pattern instruction. |
| **DISPUTED – PLAINTIFF'S PROPOSED INSTRUCTION NO. 59** |
| ***Corellium's Objection to Apple's Proposal****: Corellium argues that Florida law, not California law, applies. |
| ***Apple's Response:*** Apple argues that California law, not Florida law, applies. |
| **DISPUTED – DEFENDANT'S PROPOSED INSTRUCTION NO. 60** |
| ***Apple's Objection to Corellium's Proposal****: This is a state court pattern instruction that is inappropriate and inaccurate for a federal jury trial. |
| ***Corellium's Response:*** Corellium believes that the jury will need some form of closing transitional instruction. Corellium's instruction here is taken directly from the Florida Standard Pattern Instructions and achieves that goal. Otherwise, the last thing the jury will hear is a damages instruction and they will not have a clear understanding of what they must then do to reach a verdict.  The Allen Charge is not a proper mechanism to achieve this transition to deliberation, because the Allen Charge is only given if the jury returns without having reached a verdict or is otherwise struggling to deliberate and is phrased accordingly. |

## II.      PRELIMINARY INSTRUCTIONS

### JOINT PROPOSED JURY INSTRUCTION NO. 1

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors.  These are preliminary instructions.  I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts.  It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom.  Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain.  Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or circumstantial.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.  Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

## Description of the Case

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Apple, claims the Defendant, Corellium, developed and sells technology that violates two provisions in a federal law called the Digital Millennium Copyright Act, which I'll refer to as the "DMCA." Corellium denies that it violates any portion of the DMCA. Corellium also raises several defenses to Apple's claims that I will discuss later on.

In addition, Corellium asserts counterclaims against Apple. Corellium claims that Apple wrongfully withheld certain payments to Corellium for reports of software bugs that Corellium

provided to Apple.  Apple denies that it wrongly withheld payment from Corellium.  Apple also asserts several defenses that I will discuss later on.

Burden of proof:

Apple has the burden of proving its claims by what the law calls a "preponderance of the evidence."  That means Apple must prove that, in light of all the evidence, it is more likely true than not that Corellium violated an asserted provision of the DMCA.  If you could put the evidence favoring Apple and the evidence favoring Corellium on opposite sides of balancing scales, Apple needs to make the scales tip to its side just a little bit.  If Apple fails to meet this burden with respect to either of the provisions of the DMCA at issue, you must find in favor of Corellium on that specific claim.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.  After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Corellium has the burden of proving the elements of the defenses by a preponderance of the evidence.  I'll instruct you on the facts Corellium must prove for any affirmative defense.  After considering all the evidence, if you decide that Corellium has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

On Corellium's counterclaims, Corellium has the same burden of proof that Apple has for its claim.  That means Corellium must prove that, in light of all the evidence, what it claims is more likely true than not.  So, in considering Corellium's counterclaims, if you could put the

evidence favoring Corellium and the evidence favoring Apple on opposite sides of balancing scales, Corellium needs to make the scales tip to its side.  If Corellium fails to meet this burden on any of its counterclaims, you must find in favor Apple for each such counterclaim.

Apple has asserted "affirmative defenses" to Corellium's counterclaims.  Apple has the burden of proving the elements of its affirmative defenses by a preponderance of the evidence.  I'll instruct you on the facts Apple must prove for any affirmative defense.  After considering all the evidence, if you decide that Apple has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means either.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology or social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids you from talking with anyone else about the case and forbids anyone else from talking to you about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you can decide a verdict in this case.  The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony.  Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Apple will present its witnesses and ask them questions.  After Apple questions the witness, Corellium may ask the witness questions – this is called "cross-examining" the witness.  Then Corellium will present its witnesses, and Apple may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 1.1 (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning.  Here is how the procedure works:  After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions.  If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence.  Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case.  If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules.  Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question.  If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing.  Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions.  If you have a question for a particular witness, you must submit it when I ask.

30

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness.  You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Pattern Instruction 1.4.

## JOINT PROPOSED JURY INSTRUCTION NO. 3

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 1.5.

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**Copyright – Preliminary Instruction**

## Overview of Copyrights

(Read Before Opening at Court's Discretion)

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the

similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Civil Pattern Jury Instruction 1.6.1 (modified).

## DISPUTED –PROPOSED JURY INSTRUCTION NO. 5

**Plaintiff's Proposal: DMCA – Preliminary Instruction**

<u>**Overview of the DMCA**</u>

In this case, Apple claims that Corellium has violated portions of a law called the Digital Millennium Copyright Act, known as the DMCA.  The DMCA deals with protecting copyrighted works with technological measures.  This law makes it illegal to "circumvent," or get around, avoid, bypass, remove, deactivate, or impair, certain technological protections.  The DMCA prohibits, in some cases, the creation, sale, or distribution—in other words, the "trafficking"—of technology that circumvents technological measures that control access to copyrighted works or protect rights in copyrighted works.

Here, Apple claims that Corellium violated the DMCA by:

1. Trafficking in a product that is primarily designed or produced to, or has limited commercially significant purpose other than, to circumvent technological measures that effectively

    a. Control access to copyrighted works; and/or

    b. Protect the right of a copyright owner; and

2. Trafficking in a product that is marketed by Corellium, or with Corellium's knowledge, as circumventing such technological measures.

I will refer to technological measures that control access to a copyrighted work as "Access Controls."  An Access Control "effectively controls access to a work" if the measure, in its ordinary use, requires the application of information, or a process, or a treatment, with the authority of the copyright owner, to gain access to a copyrighted work.  When the copyrighted work is a computer program, like iOS, access to the copyrighted work includes access to the working, interactive audiovisual display the program creates when used as intended.

I will refer to technological measures that protect the rights of a copyright owner as "Rights Controls."  A Rights Control "effectively protects a right of a copyright owner in a copyrighted work" if the measure, in its ordinary use, prevents, restricts, or otherwise limits the exercise of one of the rights of a copyright owner.  There are several exclusive rights that a copyright owner has, such as the right to copy his or her copyrighted work, and I will explain those rights in more detail shortly.

Corellium denies that its product circumvents any of Apple's technological Access Controls or technological Rights Controls.  Corellium also denies that any technological measures exist in iOS that effectively control access to a copyrighted work or that effectively protect the right of a copyright owner in a copyrighted work.  Corellium further asserts that, even if its product circumvented any technological measures, certain exemptions and defenses permit Corellium's conduct such that no violation of the DMCA occurs.

As I have explained earlier, Apple has the burden to prove by a preponderance of the evidence that Corellium has violated the DMCA, and Corellium has the burden to prove that any exemption or other defense applies.

**SOURCE / AUTHORITY**: ABA Model Civil Jury Instruction 1.8.1 (modified); 17 U.S.C. §§ 1201 *et seq.*

**Defendant's Proposal: DMCA – Preliminary Instruction**

**Overview of the DMCA**

In this case, Apple claims that Corellium has violated portions of the Digital Millennium Copyright Act, known as the DMCA. The DMCA deals with protecting copyrighted works via technological means. It prohibits, in some cases, the sale or distribution of technology that enables the avoidance or circumvention of technological measures that control access to copyrighted works and protect rights in copyrighted works. Here, Apple claims that Corellium violated the DMCA by:

3. Selling a product that is primarily designed or produced to, or has limited commercially significant purpose other than to circumvent technological measures that effectively

   a. control access to copyrighted works; and/or

   b. protect the right of a copyright owner in all or part of copyrighted work; and

4. Selling a product that is marketed by Corellium, or with Corellium's knowledge, as circumventing such technological measures.

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process, or a treatment, with the authority of the copyright owner, to gain access to a copyrighted work. When the copyrighted work is a computer program, like iOS, access to the copyrighted work includes access to the working, interactive audiovisual display the program creates when used as intended. I will refer to such measures as "access controls."

A technological measure "effectively protects a right of a copyright owner in a copyrighted work" if the measure, in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of one of the specific rights of a copyright owner granted in the Copyright Act. I will refer to such measures as "effective rights controls."

Corellium denies that any technological measures exist in iOS that effectively control access to a copyrighted work or that effectively protect the right of a copyright owner in a copyrighted work.  Corellium also denies that its product circumvents any alleged technological access controls or technological rights controls.  This court has already determined that none of Apple's rights under the Copyright Act have been infringed because Corellium's product makes fair use of Apple's iOS software.  Corellium further asserts that even if its product circumvented any technological measures, certain exemptions and defenses permit Corellium's conduct such that no violation of the DMCA occurs.

As I have explained earlier, Apple has the burden to prove by a preponderance of the evidence that Corellium has violated the DMCA.

## III.     TRIAL INSTRUCTIONS

### JOINT PROPOSED JURY INSTRUCTION NO. 6

#### Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 2.1.

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial.  During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  Because the depositions in this case were taken during the COVID-19 pandemic, they were conducted using Zoom or other similar videoconferencing technology.

The deposition of [WITNESS NAME taken on date, 2020], is about to be presented to you by video.  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 2.2 (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### Use of Interrogatories

[*Use for Corellium's responses*]

You'll now hear answers that Corellium gave in response to written questions Apple submitted.  The questions are called "interrogatories."  Before the trial, Corellium gave the answers in writing while under oath.

You must consider Corellium's answers to the interrogatories as though Corellium gave the answers on the witness stand.

[*Use for Apple's responses*]

You'll now hear answers that Apple gave in response to written questions Corellium submitted.  The questions are called "interrogatories."  Before the trial, Apple gave the answers in writing while under oath.

You must consider Apple's answers to the interrogatories as though Apple gave the answers on the witness stand.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 2.6.

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 9</u>

### **In-Trial Instructions on News Coverage**

Reports about this trial may appear in the media.  The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial.  It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense.  You must decide this case exclusively on the evidence you receive here in court.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Pattern Instruction 2.7.

## COURT'S FINAL INSTRUCTIONS TO THE JURY

**IV.    BASIC INSTRUCTIONS**

### JOINT PROPOSED JURY INSTRUCTION NO. 10

#### Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.1.

### JOINT PROPOSED JURY INSTRUCTION NO. 11

### The Duty to Follow Instructions – Entity Party Involved

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that companies are involved as parties must not affect your decision in any way.  A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a company is involved, of course, it may act only through people as its employees; and, in general, a company is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Pattern Instruction 3.2.2.

## JOINT PROPOSED JURY INSTRUCTION NO. 12

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Pattern Instruction 3.3 (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 13

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.4 (modified as to bullets as opposed to numbers; not modified in substance).

**JOINT PROPOSED JURY INSTRUCTION NO. 14**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.5.1.

## DISPUTED – JOINT PROPOSED JURY INSTRUCTION NO. 15

### Expert Witness

(*Disputed only as to final sentence.*)

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**DISPUTED PASSAGE:**

**[Proposed by Corellium]:** [When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.]

**[Apple alternative]:** [strike language] or [When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and may view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.]

<u>**SOURCE / AUTHORITY**</u>: Eleventh Circuit Pattern Instruction 3.6.1.

<u>**APPLE SOURCE / AUTHORITY**</u>: *Burkhart v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-10727, 2014 WL 12617550, at *11 (M.D. Fla. Apr. 30, 2014).

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

**Responsibility for Proof – Plaintiff's Claims, Defendant's Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the other party as to that claim.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.7.1 (title of instruction modified).

50

**DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**

**Responsibility for Proof – Affirmative Defense**

In this case, Corellium has asserted affirmative defenses to Apple's anti-trafficking claims under the DMCA, and Apple has asserted affirmative defenses to Corellium's claims related to the Apple Security Bounty Program. I will identify these affirmative defenses for you shortly. Even if the party bringing a claim proves its claim by a preponderance of the evidence, the party against which the claim is brought may be able to prevail if it proves an affirmative defense by the appropriate burden of proof.

When more than one affirmative defense is involved, you should consider each one separately. This is important because, as I will explain in more detail, not every affirmative defense in this case applies to every claim.

I caution you that a party does not have to disprove a claim against it, but if a party against which a claim is brought raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by the appropriate burden of proof.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.7.2 (modified).

## JOINT PROPOSED JURY INSTRUCTION NO. 18

### Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**SOURCE / AUTHORITY**: Eleventh Circuit Pattern Instruction 3.8.2.

## JOINT PROPOSED JURY INSTRUCTION NO. 19

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.  The verdict form contains questions that you must answer, and instructions on what to do after you have answered a particular question.  You must answer the questions on each claim and each defense in order.  Depending on your answers, you may or may not answer all questions on the verdict form.  In each case, you must follow the instructions on the verdict form.

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Pattern Instruction 3.9 (modified).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20**

**Copyright Act – Validity – Ideas And Expression**

(*Apple proposes validity be addressed as an affirmative defense – see Plaintiff's Proposed Jury Instruction No. 30*)

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

- a portion of the work that isn't original to the author;
- a portion of the work that's in the public domain; and
- an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work.

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book Moby-Dick.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

If you find that Apple is seeking copyright protection in:

a portion of a work that isn't original to the author;

a portion of the work that's in the public domain; or

an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work,

you should exclude that material from the protected matter Apple's copyright claim can be based on.

**<u>SOURCE / AUTHORITY</u>**:   Eleventh Circuit Civil Pattern Jury Instruction 9.10 (modified).

**DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21**

**Copyright – Ownership – General Charge**

(*Apple proposes ownership be addressed as an affirmative defense – see Plaintiff's Proposed Jury Instruction No. 30*)

Apple must prove ownership of a copyright in iOS by a preponderance of the evidence. Apple can prove ownership by evidence showing that it:

1. is an author (or creator) of the work, or

2. acquired legal ownership by transfer of the copyright in the exclusive rights that Corellium is alleged to have violated.

**SOURCE / AUTHORITY**:   Eleventh Circuit Civil Pattern Jury Instruction 9.12 (modified); *Sims v. Viacom, Inc.*, No. 2:11-CV-0675, 2012 WL 280609, at *4 (W.D. Pa. Jan. 31, 2012); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**

**Copyright – Ownership – Individual Authorship**

(*Apple proposes ownership be addressed as an affirmative defense – see Plaintiff's Proposed Jury Instruction No. 30*)

Apple claims ownership of iOS as an author of iOS – the creator of the original expression in iOS that is entitled to copyright protection. As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection.").

Apple is only the owner of the portions of iOS that it wrote or, if has been assigned ownership rights from the original author.

**SOURCE / AUTHORITY**:   Eleventh Circuit Civil Pattern Jury Instruction 9.13 (modified); 17 U.S.C. § 201(a); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S. Ct. 2166, 104 L.Ed.2d, 811 (1989).

## V.    APPLE'S CLAIMS

### DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

#### Introductory Instructions on Claims and Defenses

Apple has brought claims against Corellium for violating two portions of the DMCA known as "anti-trafficking" provisions.  These laws address technological measures—basically, digital locks—that protect copyrighted works.  The first law addresses technological measures that "effectively control access to" a copyrighted work.  This law makes it illegal to manufacture or provide to others a product that circumvents such technological measures.  The second law addresses technological measures that "effectively protect a right of a copyright owner" in part or all of a copyrighted work.  This law makes it illegal to manufacture or provide to others a product that circumvents those technological measures.  Apple contends that Corellium violated both of these laws by creating, selling, and providing to others a tool that circumvents the technological measures that ordinarily limit access to iOS, Apple's copyrighted operating system, and that protect Apple's copyright rights in iOS.

Apple has the burden to prove that Corellium violated each of the federal anti-trafficking laws at issue by a preponderance of the evidence as I have explained that term to you.  In evaluating Apple's anti-trafficking claims, you should consider whether Corellium violated either law with respect to all or part of any of its products, technology, services, devices, or product's components.

Corellium denies that its conduct violates the federal anti-trafficking laws at issue and also contends that its conduct is exempt under the anti-trafficking statute for reasons I will discuss in a moment.  If you find that Apple has proved its claims, then you should consider whether Corellium has proved any of its affirmative defenses.  Corellium has the burden to prove its affirmative defenses by a preponderance of the evidence, unless I instruct you that a different burden of proof applies with respect to a particular affirmative defense.

**<u>SOURCE / AUTHORITY</u>**: ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.1 (modified).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 24

**Plaintiff's Proposal: Apple's Anti-Trafficking Claims – Access Controls – 17 U.S.C. § 1201(a)(2)**

As a reminder, an "Access Control" is a technological measure that "effectively controls access to a work," which means that the technological measure, in its ordinary use, requires the application of information, or a process, or a treatment, with the authority of the copyright owner, to gain access to a copyrighted work.  When the copyrighted work is a computer program, like iOS, access to the copyrighted work includes access to the working, interactive audiovisual display the program creates when used as intended.

Apple claims that Corellium violated and continues to violate the law by trafficking, without Apple's consent, in a product, service, and technology that is used to circumvent the Access Controls that protect Apple's copyrighted operating system, iOS.

You must make a finding as to whether or not Corellium did, in fact, engage in such illegal trafficking and, if so, by what means.

Corellium engaged in trafficking if it:

1.  Manufactured, offered to the public, or provided any technology, product, service, device, component, or part;

2.  And that technology, product, service, device, component, or part:

    - Is primarily designed or produced for the purpose of circumventing an Access Control; or

    - Has only limited commercially significant purpose or use other than to circumvent an Access Control; or

    - Is marketed by Corellium, or by another acting in concert with Corellium and with Corellium's knowledge, for use in circumventing an Access Control.

To circumvent "a technological measure" means to get around, avoid, bypass, remove, deactivate, or impair the technological measure without the authority of the copyright owner. A technological measure that controls access to a work does not need to be strong or impossible to circumvent to "effectively control access" to the work. Rather, it must provide some degree of control over access to a copyrighted work. For example, a technological measure might control access to a computer program by requiring the use of a password provided by the copyright owner to install, see, and use the computer program. That password may still "effectively control access" to the work, even if someone might somehow be capable of getting around it.

If Apple proves by a preponderance of the evidence that Corellium engaged in the conduct I have just described to you, then you should find that Corellium violated the anti-trafficking law that addresses Access Controls.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1201(a)(2); ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.3 (modified); 17 U.S.C. § 1201; H.R. Rep. No. 105-551 at 39; *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011); *JCW Software, LLC v. Embroidme.com, Inc.*, No. 10-cv-80472, 2012 WL 13015051 (S.D. Fla. May 29, 2012); *321 Studios v. MGM Studio, Inc.*, 307 F. Supp. 2d 1085 (N.D. Cal. 2004).

**<u>Defendant's Proposal</u>: Apple's DMCA Claim – Trafficking In Circumvention Of Access Control Technology [17 U.S.C. § 1201(a)(2)]**

Apple claims that Corellium has developed and sold a product, service, and technology that is primarily designed and used to circumvent technological measures that effectively controls access to a copyrighted work owned by Apple.  Corellium denies that Apple applies technological protection measures to protect against access to its copyrighted work, (2) denies that its product circumvents any such technological measures and (3) asserts that that even if its product did circumvent, that such circumvention is permissible under certain exceptions that I will discuss shortly.

A violation of the DMCA occurs if a defendant manufactures, imports, offers to the public, provides, or otherwise traffics in any technology, product, service, device, component, or part thereof, that falls into at least one of the following categories:

1.  Is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work;

2.  Has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a copyrighted work, or

3.  is marketed by the defendant for use in circumventing a technological measure that effectively controls access to a copyrighted work

A "technological measure" "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.  Because this section of the DMCA concerns only controls against access to a copyrighted work, a technological measure does not "effectively control access" if the work is otherwise accessible without encountering the technological measure.  And because this section concerns access to the work itself, this section is

62

not violated if a technological measure prevents use of iOS, but does not effectively prevent access to and review of iOS's program code.

To "circumvent a technological measure" means to avoid, bypass, remove, deactivate, or impair an effective technological measure, without the authority of the copyright owner.

To prevail on this claim, Apple must prove by a preponderance of evidence that Corellium's conduct falls within at least one of the above categories. If you find that Apple uses its asserted technological measure to control access but not to a copyrighted work, then you should find that Apple has not prevailed on this claim.

**SOURCE / AUTHORITY**: 17 U.S.C. §§ 1201(a)(2); 1201(a)(3)(A); 1201(a)(3)(B); *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 943 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 546-547 (6th Cir. 2004).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 25

**Plaintiff's Proposal: Apple's Anti-Trafficking Claims – Right Controls – 17 U.S.C. § 1201(b)**

Apple also claims that Corellium violated and continues to violate the federal anti-trafficking laws by trafficking, without Apple's consent, in a product, service, and technology that is used to circumvent the Rights Controls that protect Apple's copyrighted operating system, iOS. As a reminder, a Rights Control is a technological measure that "effectively protects a right of a copyright owner" if the measure, in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of one of the exclusive copyright rights of a copyright owner with respect to the whole or a part of a copyrighted work.

When I refer to the "right of a copyright owner" in a copyrighted work, I am referring to any one of the exclusive rights a copyright grants to a copyright owner. Those exclusive rights include the rights to copy, distribute, modify, and display a copyrighted work. In this case, Apple is the copyright owner, and the copyrighted works at issue are different versions of Apple's operating system for the iPhone, iOS. A technological measure limits the exercise of one of the exclusive rights if it prevents the exercise of the right in some but not all circumstances. For example, a technological measure may limit one's ability to copy a copyrighted software program if it prevents one's ability to run that software program on more than one machine.

You must make a finding as to whether or not Corellium did in fact engage in such illegal trafficking and, if so, by what means.

Corellium engaged in trafficking if it:

1.    Manufactured, offered to the public, or provided any technology, product, service, device, component, or part thereof;

2.    And that technology, product, service, device, component, or part:

- Is primarily designed or produced for the purpose of circumventing protection afforded by a Rights Control;

- Has only limited commercially significant purpose or use other than to circumvent protection afforded by a Rights Control;

- Is marketed by Corellium, or by another acting in concert with Corellium and with Corellium's knowledge, for use in circumventing protection afforded by a Rights Control;

To circumvent "protection afforded by a technological measure" means to get around, avoid, bypass, remove, deactivate, or impair the technological measure without the authority of the copyright owner.  A technological measure that protects a copyright right in a copyrighted work does not need to be strong or impossible to circumvent to "effectively protect[] a right of a copyright owner."  Rather, it must provide some degree of protection of the copyright rights in a copyrighted work.  For example, a technological measure might protect a copyright right in a computer program by preventing a user from displaying or modifying the program.

If Apple proves by a preponderance of the evidence that Corellium engaged in the conduct I have just described to you, then you should find that the Corellium violated the anti-trafficking law that addresses Rights Controls.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1201(b); ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.4 (modified); *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011); *JCW Software, LLC v. Embroidme.com, Inc.*, No. 10-cv-80472, 2012 WL 13015051 (S.D. Fla. May 29, 2012); *321 Studios v. MGM Studio, Inc.*, 307 F. Supp. 2d 1085 (N.D. Cal. 2004).

**Defendant's Proposal**: **DMCA – Trafficking In Circumvention Of Copyright Protection Technology [17 U.S.C. § 1201(b)]**

Separately, Apple claims that Corellium has developed and sold a product, service, and technology that is used to circumvent technological measures that effectively protect the exercise of Apple's rights as a copyright owner.  Corellium denies that (1) Apple applies technological protection measures to protect rights granted to Apple under copyright law, (2) denies that its product circumvents any such technological measures, and (3) asserts that even if its product did circumvent, that such circumvention is permissible under certain exceptions that I will discuss shortly.

The exclusive rights of a copyright owner include the rights:

(1) to reproduce the copyrighted work in copies;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) publicly display or perform audio/visual copyrighted works

A violation of the DMCA occurs if a defendant manufactures, imports, offers to the public, provides, or otherwise traffics in any technology, product, service, device, component, or part thereof, that falls into at least one of the following categories:

1. is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner in a copyrighted work;

2. has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner in a copyrighted work; or

3.  is marketed by the defendant for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner in a copyrighted work.

To prevail on this claim, Apple must prove by a preponderance of evidence that Corellium's conduct falls within at least one of the above three categories.

A technological measure "effectively protects" a right of a copyright owner if the measure, in the ordinary course of its operation, prevents, restricts, or otherwise limits the exercise of one of the rights of a copyright owner.  If you find that Apple's uses its asserted technological measure to protect rights that are not within the exclusive rights of a copyright owner, then you should find that Apple has not prevailed on this claim.

A technological measure does not "effectively protect" the rights of a copyright owner in a software program if the copyrighted work is otherwise available for copying and distribution without encountering the technological measure.

To "circumvent a technological measure" means to avoid, bypass, remove, deactivate, or impair a technological measure.

It is further not a violation of a copyright owner's exclusive rights if Corellium's use of iOS is deemed fair use.  This Court has already determined that Corellium's product makes fair use of Apple's iOS code.

**SOURCE / AUTHORITY**: 17 U.S.C. §§ 1201(b); 1201(b)(2)(A); 1201(b)(2)(B). *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 547 (6th Cir. 2004).

**DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**

**Copyright – Introduction**

Both of the DMCA anti-trafficking laws I just mentioned involve "copyrighted works."  I will now instruct you on the copyrighted works at issue and the law regarding copyright as it relates to Apple's claims.

## DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

### Copyright Protection and Copyright Registration

Copyright automatically attaches to a work the moment the work is created.  The owner may register the copyright by completing a registration form and depositing a copy of the copyrighted work with a government agency called the United States Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the United States Copyright Office registers the work and issues a certificate of registration to the copyright owner.

Registering a copyright is not a requirement to obtaining copyright protection over a work that meets the conditions of copyrightability.  But registering a copyright does provide certain advantages to the copyright owner.  For example, a certificate of registration made within five years after the first publication of a work is evidence of the copyright's validity and the facts stated in the certificate.  Specifically, the copyright registration creates a rebuttable presumption of validity.  This means that a timely registered copyright is presumed valid, and with such copyrights, it is the defendant's burden to prove that the claimed copyrights are invalid.

Copyright registration is not a condition for bringing a claim against someone for violating the DMCA anti-trafficking laws.

**SOURCE / AUTHORITY**: 11th Circuit Pattern Instructions 9.4, 9.7 (modified); 17 U.S.C. §§ 102, 410, 1201; *see Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 4:18-cv-902-A, 2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-cv-726 CBA, 2013 WL 4409434, at *17 (E.D.N.Y. Aug. 2, 2013), *report and recommendation adopted as modified*, No. 11-cv-00726 CBA RLM, 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013), and *report and recommendation adopted*, No. 11CV00726CBARLM, 2014 WL 12769275 (E.D.N.Y. Sept. 17, 2014) ("One notable difference between the Copyright Act, however, and the DMCA, is that the former requires a party to register a work with the U.S. Copyright Office before filing an infringement claim, whereas the DMCA has no such prerequisite for a party asserting a DMCA violation."); *Med. Broad. Co. v. Flaiz*, No. Civ.A. 02-8554, 2003 WL 22838094, at *3 (E.D. Pa. Nov. 25, 2003) ("While a copyright registration is a prerequisite under 17 U.S.C. § 411(a) for an action for copyright infringement, claims under the DMCA,

however, are simply not copyright infringement claims and are separate and distinct from the latter").

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 28

**Plaintiff's Proposal: Anti-Trafficking Claims – Works at Issue**

Apple contends that Corellium violated the anti-trafficking portions of the DMCA with respect to its operating system, iOS.  Apple asserts that it has multiple copyrighted versions of iOS including iOS 9.0, iOS 9.1, iOS 10.0, iOS 11.0, iOS 11.0.1, iOS 11.2, iOS 11.2.5, iOS 11.3, iOS 11.4, iOS 12.0, iOS 12.1.1, iOS 12.2, iOS 12.3, iOS 12.4, iOS 13.0, iOS 13.2, iOS 13.4, iOS 13.6, and iOS 14.0.


**Defendant's Proposal: DMCA Claims – Works at Issue**

Apple contends that Corellium violated provisions of the DMCA with respect to its operating system, iOS.  Apple asserts that it has multiple copyrights in portions of iOS versions including iOS 9.0, iOS 9.1, iOS 10.0, iOS 11.0, iOS 11.0.1, iOS 11.2, iOS 11.2.5, iOS 11.3, iOS 11.4, iOS 12.0, iOS 12.1.1, iOS 12.2.

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29**

**Responsibility For Proof – Affirmative Defense Preponderance Of The Evidence**

(*Plaintiff's version of this instruction comes earlier, at Proposed Instruction No. 17.*)

In this case, Corellium asserts the following affirmative defenses:

- 17 U.S.C. § 1201(j) – Security Testing
- 17 U.S.C. § 1201(f) – Reverse Engineering
- 17 U.S.C. § 1201(f) – Law Enforcement
- Acquiescence
- Authorized Use
- Consent
- Waiver
- Estoppel
- Laches
- Implied License
- Unclean Hands
- Restraint of Trade
- No Willful Violation
- Copyright Misuse
- 17 U.S.C. § 1201(c)(4) – Free Speech

Even if Apple proves its claims by a preponderance of the evidence, Corellium can prevail in this case if it proves any affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Corellium does not have to disprove Apple's claims, but if Corellium raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Civil Pattern Jury Instruction 3.7.2 (modified).

**DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**

**Corellium's Defense of Copyright Invalidity**

Corellium challenges the validity of Apple's copyrights in iOS on the ground that allegedly none of the versions of iOS at issue are original and that the copyrights were not authored by Apple.

As I explained earlier, a copyright that is registered within five years of its publication is presumed to be valid.  If you find that Apple has valid copyright registrations in iOS 9.0, iOS 9.1, iOS 10.0, iOS 11.0, iOS 11.0.1, iOS 11.2, iOS 11.2.5, iOS 11.3, iOS 11.4, iOS 12.0, iOS 12.1.1, iOS 12.2, iOS 12.3, iOS 12.4, iOS 13.0, iOS 13.2, iOS 13.4, iOS 13.6, and iOS 14.0 made before or within five years after first publication of each version of iOS, you may only find that Apple's copyrights are invalid if you find that Corellium has shown by a preponderance of the evidence either that each of those versions of iOS is not original to Apple, or does not possess at least a minimum degree of creativity.

**SOURCE / AUTHORITY**:   Eleventh Circuit Civil Pattern Jury Instructions 9.4 (modified).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 31

**Plaintiff's Proposal: Corellium's Statutory Affirmative Defenses**

If you find that Apple has proved a violation of either or both of the DMCA's anti-trafficking provisions, then you must consider Corellium's affirmative defenses that its conduct falls into an exception allowed by those laws. Corellium has the burden of proving that its conduct falls within the claimed exceptions by a preponderance of the evidence. If you find that Corellium's conduct falls within one of the exceptions that I am about to describe to you, then Corellium has not violated the DMCA anti-trafficking provision to which the exception applies. However, if Corellium is not able to meet all the requirements of an exception, then that exception does not provide a defense for Corellium's conduct.

Some exceptions apply only to violations involving Access Controls, and not to violations involving Rights Controls. I will explain to you what conduct each exception permits. The only defenses that you may consider are the specific defenses I explain to you.

**SOURCE / AUTHORITY**: ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.5 (modified); 17 U.S.C. § 1201.

**Defendant's Proposal: Exemptions To DMCA - Generally**

If Apple meets its burden to prove either or both claims under the DMCA, then you must consider Corellium's affirmative defenses.  Several of Corellium's affirmative defenses assert that its conduct falls within one or more of the following exemptions to liability under the DMCA.  In a moment I will explain the exemptions that Corellium raises and to which of Apple's claims those apply, and some of the exemptions apply to only one of Apple's claims. Corellium has the burden to prove by a preponderance of the evidence that its conduct falls within one or more of these exemptions. If you find that Corellium's conduct is within any of the exemptions Corellium raises, then it has not violated the relevant claim under the DMCA.

**SOURCE / AUTHORITY**: 17 U.S.C. §1201(f), (j); *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 93, 128 S.Ct. 2395, 171 L.Ed.2d 283 (2008).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 32

**Plaintiff's Proposal: Affirmative Defense – Reverse Engineering (17 U.S.C. § 1201(f))**

Corellium contends that its conduct does not violate the DMCA because its conduct is permitted under a provision of that law that allows otherwise unlawful trafficking for the sole purposes of identifying and analyzing those elements of a lawfully obtained computer program that are necessary to achieve "interoperability" of an independently created computer program with other programs, or for enabling "interoperability" of an independently created computer program with other programs, if such means are necessary to enable the "interoperability."

To lawfully obtain a computer program, it must be acquired from a legitimate source, along with any necessary serial codes, passwords, or other such means as may be necessary to be able to use the program as it was designed to be used by a consumer of the product.

"Interoperability" means the ability of computer programs to exchange information, including computer instructions, and to mutually use the information that has been exchanged: for example, ensuring that a new independently created videogame will work on an older videogame console, or that the software on a new replacement ink cartridge will work with your existing printer.

"Independently created computer program" means a computer program other than the one protected by the technical measures at issue, and other than the circumvention technology at issue.

If Corellium is able to prove the elements of this defense, it will apply to both Apple's claim relating to Access Controls as well as Apple's claim relating to Rights Controls.

To find that this exception applies, Corellium must prove the following by a preponderance of the evidence:

1. Corellium developed and used technological means to circumvent an Access or Rights Control protecting iOS; and

2.      Corellium developed and used these technological means for no other purpose than enabling interoperability of an independently created computer program with other programs; and

3.      The technological means Corellium developed and used as part of its product are necessary to achieve interoperability between an independently created computer program and other programs; and

4.      Corellium's sole purpose for making the technological means in its product available to others was to enable the interoperability of an independently created computer program with other programs.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1201(f); S. REP. 105-190, 32, 1998 WL 239623 (May 11, 1998); *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992); ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.7 (modified).

**<u>Defendant's Proposal</u>: Corellium's Affirmative Defense – Reverse Engineering**

Corellium asserts the affirmative defense of the DMCA's reverse engineering exemption..

To prevail on its defense of the "reverse engineering" exemption, Corellium must prove the following by a preponderance of the evidence:

    1.    Corellium developed  and employed technological means to circumvent a technological measure that

        a.    controls access to Apple's copyrighted portions of iOS, or

        b.    protects one of Apple's exclusive rights as a copyright holder in iOS,

        c.    for the purpose of enabling interoperability of an independently created computer program with other programs, and such means were/are necessary to achieve such interoperability; and

    2.    That Corellium made such technological means available to others solely for the purpose of enabling interoperability of an independently created computer program with other programs.

The term "interoperability" means the ability of computer programs to exchange information, and of such programs mutually to use the information which has been exchanged.

Under 17 U.S.C. § 107, the fair use of a copyright work is not an infringement of copyright. This Court has already determined that Corellium's product makes fair use of Apple's iOS code

If you find that Corellium has met its burden of proof on this defense, then Corellium is not liable under either of Apple's claims.

**<u>SOURCE / AUTHORITY</u>**: 17 U.S.C. §1201(f); *Davidson & Assocs. v. Jung*, 422 F.3d 630, 641–42 (8th Cir. 2005); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 546 (6th Cir. 2004).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 33

**Plaintiff's Proposal: Affirmative Defense – Security Testing (17 U.S.C. § 1201(j))**

Corellium contends its conduct does not violate the DMCA's Access Control provisions because its conduct is permitted by a provision of that law that allows otherwise unlawful trafficking in connection with certain types of lawful security testing.

The defense for security testing only applies to a claim based on Corellium's trafficking of a product, device, service, or part that circumvents an Access Control, and does not apply to a claim based on protection afforded by a Rights Control.

To find that this exception applies, Corellium must prove by a preponderance of the evidence that:

1.    Corellium's development, production, distribution, and/or use of technological means to circumvent an Access Control was done for the sole purpose of security testing, as I will define that term for you, and for no other purpose, and

2.    Corellium's conduct did not violate the DMCA in any way that extends beyond security testing.

"Security testing" means accessing a computer, computer system, or computer network, solely for the purpose of good faith testing, investigating, or correcting, a security flaw or vulnerability.

"Security testing" can only be done with the authorization of the owner or operator of such computer, computer system, or computer network.  If it is done without permission from the owner or operator, it is not permissible security testing in this context.

To determine whether conduct qualifies as "security testing," you should consider the following factors:

1.     Whether the information derived from the security testing was used solely to promote the security of the owner or operator of such computer, computer system or computer network, or shared directly with the developer of such computer, computer system, or computer network; and

2.     Whether the information derived from the security testing was used or maintained in a manner that does not facilitate copyright infringement or a violation of law, including a violation of privacy or breach of security.

**<u>SOURCE / AUTHORITY</u>**: 17 U.S.C. § 1201(j); ABA Model Jury Instructions for Copyright, Trademark, Trade Dress – Model Instruction 1.8.11 (modified).

**Defendant's Proposal**: **Corellium's Affirmative Defense – Security Testing**

(*Applies to 17 U.S.C. § 1201(a)(2) only*)

One of Apple's claims is that Corellium has distributed, sold, or marketed a product that is used to circumvent technological measures that effectively protect access to a copyrighted work. Corellium argues that it is not liable under this claim, because its product falls within an exemption for "security testing" under the DMCA.

"Security testing" means to access a computer, computer system, or computer network, solely for the purpose of good faith testing, investigating, or correcting, a security flaw or vulnerability, with the authorization of the owner or operator of such computer, computer system, or computer network.

Corellium does not violate the "access control" provision of the DMCA that prohibits trafficking in a product that is used to circumvent technological measures that effectively protect access to a copyrighted work, if its product is developed or distributed for the sole purpose of performing security testing, provided that such technological means does not otherwise violate section (a)(2).

Factors to be considered in whether Corellium's product is used for permissible security testing include:

1. whether the information derived from the security testing was used solely to promote the security of the owner or operator of such computer, computer system or computer network, or shared directly with the developer of such computer, computer system, or computer network; and

2. whether the information derived from the security testing was used or maintained in a manner that does not facilitate infringement under this title or a violation of applicable law other than this section, including a violation of privacy or breach of security.

      If you find that Corellium has proven by a preponderance of the evidence that its product falls within this exemption, then Corellium is not liable for trafficking in a product that is used to circumvent technological measures that effectively control access to a copyrighted work.

**<u>SOURCE / AUTHORITY</u>**: 17 U.S.C. §1201(a)(2), 17 U.S.C §1201(j)(2); 1201(j)(4).

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34

### Law Enforcement Defense

Corellium asserts the defense that its conduct falls within the exemption for law enforcement under the DMCA, and that it is not liable under either of Apple's DMCA claims.

The DMCA does not prohibit any lawfully authorized investigative, protective, information security, or intelligence activity of an officer, agent, or employee of the United States, a State, or a political subdivision of a State, or a person acting pursuant to a contract with the United States, a State, or a political subdivision of a State.

Under the "law enforcement" exemption, Corellium may act pursuant to a contract with the United States, or may provide its product to an officer, agent, or employee of the United States, and such a person may use the Corellium product, provided that the person uses the product for a lawfully authorized investigative, protective, information security, or intelligence activity.

The term "information security" means activities carried out in order to identify and address the vulnerabilities of a government computer, computer system, or computer network.

The Law Enforcement exemption applies only to those accounts whereby Corellium is acting pursuant to a contract with the United States, a State, or a political subdivision of a State.

If you find that Corellium has proven by a preponderance of the evidence that its product falls within this exemption, then Corellium is not liable for trafficking in a product that is used to circumvent technological measures that effectively control access to a copyrighted work or that effectively protect one of the six exclusive rights of a copyright owner.

**SOURCE / AUTHORITY**: 17 U.S.C. §1201(e); *Blueport Co., LLP v. United States*, 71 Fed. Cl. 768, 773 (2006).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35**

**Affirmative Defense – Fair Use**

**(*Applies To 17 U.S.C. § 1201(b) Only*)**

The focus of § 1201(b)(1) is selling and/or distributing in tools whose primary purpose is circumvention of technologies designed to protect one or more of the exclusive rights given to copyright owners in 17 U.S.C. § 106. Section 1201(b)(1)'s prohibition is aimed at circumventions of measures that protect the copyright itself: it entitles copyright owners to protect their existing exclusive rights under the Copyright Act. Those exclusive rights, as listed in 17 U.S.C. § 106 and also listed above in Jury Instruction No. 25, include reproduction, distribution, public performance, public display, and creation of derivative works.

Further, under 17 U.S.C. § 107, the fair use of a copyright work is not an infringement of copyright. This Court has already determined that Corellium's product makes fair use of Apple's iOS code.

**SOURCE / AUTHORITY**: 17 U.S.C. §106; 17 U.S.C. §107; 17 U.S.C. §1201; *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 935 (9th Cir. 2010); *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 441 (2d Cir. 2001).

DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36
**Affirmative Defense – Acquiescence**

Corellium asserts the affirmative defense of acquiescence.  To prevail on this defense Corellium, Corellium must prove by a preponderance of the evidence that

1.       Apple actively represented that [it] would not assert a right or a claim;

2.       the delay between the active representation and assertion of the right or claim was not excusable; and

3.       the delay caused Corellium undue prejudice."

"Active representation" does not necessarily mean an explicit promise not to sue. It only requires conduct on Apple's part that amounted to an assurance to Corellium, express or implied, that Apple would not assert its rights against Corellium.

**SOURCE / AUTHORITY**:  *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *3 (M.D. Fla. June 17, 2014); *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.,* 683 F.3d 1266, 1282 (11th Cir. 2012); *Virtual Studios, Inc. v. Stanton Carpet Corp.*, No. 4:15-CV-0070-HLM, 2016 WL 5339360, at *12 (N.D. Ga. Aug. 1, 2016); *SunAmerica Corp. v. Sun Life Assur. Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996); *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-CV-81606, 2019 WL 7376779, at *6 (S.D. Fla. Sept. 19, 2019).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37**

**Affirmative Defense – Consent/Authorized Use**

Corellium asserts the affirmative defense that its conduct with respect to iOS was authorized by Apple.  To establish this affirmative defense, Corellium must prove by a preponderance of evidence that Apple consented to or authorized Corellium's manufacture, sale, distribution, or other trafficking of its product.  Consent or authorization can be given expressly or implied from conduct. "Implied consent" is defined as "consent inferred from one's conduct rather than from one's direct expression," or "consent imputed as a result of circumstances that arise."

<u>**SOURCE / AUTHORITY**</u>: *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996); *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990); *M.L.E. Music Sony/ATV Tunes, LLC. v. Julie Ann's, Inc.*, 2008 WL 2358979, at *4 (M.D. Fla. June 9, 2008); *Karlson v. Red Door Homes, LLC*, 611 F. App'x 566, 569 (11th Cir. 2015); *Peter Letterese And Assocs., Inc. v. World Inst. Of Scientology Enterprises*, 533 F.3d 1287, 1309 (11th Cir. 2008); *Malibu Media, LLC v. Weaver*, 2016 WL 1394331, at *8 (M.D. Fla. Apr. 8, 2016); *Lusskin v. Seminole Comedy, Inc.*, 2013 WL 3147339, at *3 (S.D. Fla. June 19, 2013); <u>*Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 831 (8th Cir. 1992)</u>; <u>*Powers v. Caroline's Treasures Inc.,* 382 F. Supp. 3d 898, 906–07 (D. Ariz. 2019)</u>; *Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1053 (S.D. Cal. 2016), <u>aff'd</u>, 893 F.3d 648 (9th Cir. 2018); <u>*Field v. Google Inc.*</u>, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006).

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38

### Affirmative Defense – Waiver

Corellium claims that it did not have to receive specific permission to use or sell its Product because Apple was aware of such use and intent to sell and voluntarily gave up its right to have Corellium seek permission. This is called a "waiver."

To establish this defense, Corellium must prove all of the following:

1. Apple's right to have Corellium seek permission to develop, sell, and/or distribute its product that accesses and/or exercises Apple's rights as a copyright holder in portions of iOS actually existed;

2. Apple knew or should have known it had the right to have Corellium cease development, sales, and/or distribution of such a product; and

3. Apple freely and intentionally gave up its right to have Corellium not develop, sell, and/or distribute such a product.

A waiver may be oral, written, or may be implied from conduct, inaction, or other acts that demonstrate that Apple gave up that right or lead Corellium to believe the right had been waived.

If Corellium proves that Apple's conduct or inaction gave up its right to have Corellium not use portions of iOS, then Corellium was not required to seek permission to develop its product that accesses and/or exercises Apple's rights as a copyright holder in portions of iOS.

**SOURCE / AUTHORITY:** Florida Standard Jury Instruction 416.30 (modified); *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, 942 F. Supp. 2d 1290, 1298 (S.D. Fla. 2013); *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *2 (M.D. Fla. June 17, 2014);); *United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1317 (S.D. Fla. 2012); *Searcy v. R.J. Reynolds Tobacco Co.,* 902 F.3d 1342, 1359 (11th Cir. 2018); *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005); *LeNeve v. Via S. Fla., L.L.C.*, 908 So.2d 530, 535 (Fla. 4th DCA 2005).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 39

**Plaintiff's Proposal: Affirmative Defense – Estoppel (Advisory Jury)**

If you find that Apple has proved either of its claims that Corellium violated the federal anti-trafficking laws, you must consider Corellium's affirmative defense of estoppel. To establish estoppel, Corellium must prove each of the following elements by a preponderance of the evidence:

1. Apple knew the facts of Corellium's violation;

2. Apple intentionally mislead Corellium by making a statement or engaging in conduct that caused Corellium to believe that Apple would not take legal action against Corellium for its violation. While you may consider any inaction on the part of Apple in response to Corellium's violation of the federal anti-trafficking laws, inaction alone is not enough to satisfy this element;

3. Apple intended for Corellium to act on its statement or conduct, or Corellium had a right to believe Apple so intended;

4. Corellium reasonably believed that Apple would not take legal action against it; and

5. Corellium was injured as a result of its reliance on Apple's statement or conduct.

If you find that Corellium has proved these elements by a preponderance of the evidence, your verdict must indicate that Corellium has established the elements of this defense.

**SOURCE / AUTHORITY**: *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 684 (2014) ("[W]hen a copyright owner engages in intentionally misleading representations concerning his abstention from suit, and the alleged infringer detrimentally relies on the copyright owner's deception, the doctrine of estoppel may bar the copyright owner's claims completely, eliminating all potential remedies."); *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 875–76 (11th Cir. 2005); Eleventh Circuit Pattern Instruction 9.28 (modified).

**Defendant's Proposal: Affirmative Defense - Estoppel**

Corellium asserts that Apple is barred from asserting its DMCA violation claim against Corellium by the doctrine of estoppel. Estoppel is an equitable doctrine intended to ensure fairness between the parties.  To establish estoppel, Corellium must prove each of the following elements by a preponderance of the evidence:

1. That Apple knew the facts of Corellium's development, sale, and/or distribution of its product.

2. That Apple's statement or conduct caused Corellium to believe that Apple would not pursue a claim against it.

3. That Apple intended for Corellium to act on its statement or conduct, or Corellium had a right to believe Apple so intended.

4. That Corellium reasonably believed that Apple would not pursue a claim against it.

5. That Corellium was injured as a result of its reliance on Apple's statement or conduct.

If you find that Corellium has proved these elements by a preponderance of the evidence, then your verdict must be for Corellium on Apple's claims for violation of the DMCA.

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40**

**Affirmative Defense – Laches**

Corellium asserts that Apple's claim for violation of the DMCA is barred by the doctrine of laches.  The doctrine of laches is a delay in Apple bringing its claims such that caused undue prejudice to Corellium.

To establish that the doctrine of laches bars Apple's DMCA claim, Corellium must prove by a preponderance of the evidence:

- That there was a delay in Apple's assertion of a right or claim;

- That the delay was not excusable; and

- That the delay caused undue prejudice.

Application of this doctrine is flexible and entails an examination of the amount of delay and the prejudice caused by the delay.

<u>**SOURCE / AUTHORITY**</u>:  Eleventh Circuit Civil Pattern Jury Instruction 9.29 (modified); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 703 F. Supp. 2d 1307, 1315 (S.D. Fla. 2010); <u>*Thompson v. Looney's Tavern Prods.*, Inc.</u>, 204 F. App'x 844, 850 (11th Cir. 2006); <u>*Danjaq LLC v. Sony Corp.*</u>, 263 F.3d 942, 950 (9th Cir. 2001), *Kling v. Hallmark Cards Inc.*<u>, 225 F.3d 1030 (9th Cir. 2000); *Interscope Recs. v. Time Warner, Inc.*, No. CV101662SVWPJWX, 2010 WL 11505708 (C.D. Cal. 2010).</u>

**DISPUTED – PROPOSED JURY INSTRUCTION NO. 41**

**Plaintiff's Proposal: Affirmative Defense – Implied License**

*(Plaintiff proposes this instruction not be given, as Plaintiff contends it is not applicable to DMCA claims; however, if it is given, Plaintiff proposes the following.)*

Corellium claims that Apple granted it an implied license to access and use Apple's copyrighted work.  A license is a contract giving someone permission to use the work.  A license doesn't have to be in writing.  Rather, as alleged here by Corellium, a license can be implied from conduct.  To establish this defense, Corellium must prove each of the following by a preponderance of the evidence:

- That Apple delivered the copyrighted works, or caused them to be delivered, to Corellium or someone acting on Corellium's behalf; and

- That Apple intended that Corellium create and give to others a tool that circumvents iOS's Access Controls and Rights Controls.

If you find that Corellium has proved these elements by a preponderance of the evidence, your verdict must be for Corellium on the claim of violation of the DMCA if Corellium's use doesn't exceed the scope of the license.  Corellium can still violate the DMCA if it exceeded the scope of the license.

**SOURCE / AUTHORITY**: Eleventh Circuit Civil Pattern Jury Instruction 9.27 (modified).

**Defendant's Proposal: Affirmative Defense – Implied License**

Corellium claims that Apple granted it an implied license to access and use Apple's copyrighted work. A license is a contract giving someone permission to use the work. A license doesn't have to be in writing. Rather, as alleged here by Corellium, a license can be implied from conduct. To establish this defense, Corellium must prove each of the following by a preponderance of the evidence:

- That Apple created the work.

- That Apple delivered the work, or caused it to be delivered, to Corellium or someone acting on Corellium's behalf.

- That Apple intended that Corellium was permitted to access, copy, distribute, publicly display, and/or create derivative works based upon its copyrighted work. Apple's intent may be inferred from the work's nature or the circumstances surrounding the work's creation.

However, there is no strict three-part test for an implied license that requires proof of request, delivery, and intent. Instead, courts have emphasized that the touchstone for finding an implied license is intent and have framed the implied license inquiry as whether the totality of the parties' conduct indicates an intent to grant permission.

If you find that the totality of the parties' conduct indicates Apple had intent to grant permission, your verdict must be for Corellium on the claim of violation of the DMCA if Corellium's use doesn't exceed the scope of the implied license.

**SOURCE / AUTHORITY**: Eleventh Circuit Civil Pattern Jury Instruction 9.27 (modified); 17 U.S.C. 204; 17 U.S.C. § 101; *Photographic Illustrators Corp. v. Orgill, Inc.*, 370 F. Supp. 3d 232, 245 (D. Mass. 2019), aff'd, 953 F.3d 56 (1st Cir. 2020); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1236 (11th Cir. 2010); *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 501 (5th Cir. 2012); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006); *Interscope Recs. v. Time Warner, Inc.*, No. CV101662SVWPJWX, 2010 WL 11505708 (C.D. Cal. 2010); *Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1053–54 (S.D. Cal. 2016), aff'd, 893 F.3d 648 (9th Cir. 2018).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42**

**Affirmative Defense – Unclean Hands**

Under the doctrine of unclean hands, one who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice, or unfairness will fail to succeed on his claims, even though in his wrongdoing he may have kept himself strictly within the law. Unclean hands apply not only to fraudulent and illegal transactions, but also to unscrupulous practices, oppressive conduct, or unconscientious conduct.  The conduct constituting the unclean hands must generally be connected with the matter in litigation and must affect the adverse party.

Here, Corellium raises the Affirmative Defense of unclean hands. Corellium asserts that Apple's prior knowledge of the Corellium Product and its functionality, coupled with Apple's failure to timely object or act, bars Apple's DMCA claim. Corellium contends that by providing Apple with demonstrations and allowing Apple to examine the source code of the Corellium Product as early as 2014 and then again in 2018, and by Apple participating in negotiations to purchase Corellium, it establishes that Apple had sufficient knowledge of the Corellium Product and its functionality.  Corellium contends that Apple chose to not object or act to stop Corellium's development of the Product, and therefore, Apple's inaction was unfair and caused prejudice to Corellium, and therefore is barred by the doctrine of unclean hands.

**SOURCE / AUTHORITY**: *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, 2012 WL 5398625, at *17 (S.D. Fla. Nov. 2, 2012), *aff'd sub nom. Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC, Risk Retention Grp.*, 522 F. App'x 696 (11th Cir. 2013); *Romero v. Allstate Ins. Co.*, 158 F. Supp. 3d 369, 377 (E.D. Pa. 2016); *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400 (9th Cir. 1986); *Interscope Recs. v. Time Warner, Inc.*, No. CV101662SVWPJWX, 2010 WL 11505708 (C.D. Cal. 2010); *Metro Pub., Ltd. v. San Jose Mercury News*, Inc., 861 F. Supp. 870, 880 (N.D. Cal. 1994).

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43

### Affirmative Defense – Restraint Of Trade

Corellium asserts the affirmative defense of restraint of trade.  An entity may not monopolize, attempt to monopolize, combine, or conspire with any person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations.

To demonstrate a violation, Corellium must establish:

- That Apple had monopoly power, which is the power to control prices in or to exclude competition from a relevant market; and

- That Apple engaged in the willful acquisition or maintenance of power through predatory or exclusionary acts or practices that have the effect of preventing or excluding competition within the same relevant market.

There must be harm to competition, not only to Corellium.

**SOURCE / AUTHORITY**: 15 U.S.C. § 2; *GolTV, Inc., et al. v. Fox Sports Latin America, LT*, 2018 WL 1393790, at *16 (S.D. Fla. Jan. 26, 2018); *Coleman v. ESPN, Inc.*, 764 F. Supp. 290, 295 (S.D.N.Y. 1991); *High Sierra Sport Co. v. Travelers Club Luggage, Inc.*, No. 10 C 3419, 2010 WL 5174390, at *2 (N.D. Ill. Dec. 15, 2010).

## DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44

### Affirmative Defense – Doctrine Of Copyright Misuse

Corellium asserts the defense of copyright misuse.  Apple has asserted 15 registered copyrights in this lawsuit.  The doctrine of Copyright Misuse forbids a copyright holder from using a copyright to secure an exclusive right or limited monopoly that is not granted by the Copyright Act and that is contrary to public policy to grant. The doctrine bars recovery for a copyright owner who attempts to extend its limited copyright rights to property not covered by the copyright.  The doctrine of copyright misuse asks whether the copyright is being used in a manner consistent with public policy embodied in the grant of a copyright.

To prevail on this defense Corellium must prove by a preponderance of evidence that:

1. Apple has improperly expanded its limited copyrights to works and technologies not covered by its copyrights, and to functional aspects of its products and technologies that have no copyright protection; and

2. Apple's expansion of is limited copyrights is not consistent with the public policy embodied in the grant of a copyright. Corellium

**SOURCE / AUTHORITY**: *Pk Studios, Inc. v. R.L.R. Investments, LLC*, 2016 WL 4529323, at \*5 (M.D. Fla. Aug. 30, 2016); *Home Design Servs., Inc. v. Park Square Enterprises, Inc.*, 2005 WL 1027370, at \*11-12 (M.D. Fla. May 2, 2005); *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990); § 17:128, Misuse, 5 Patry on Copyright*; Prac. Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997), amended, 133 F.3d 1140 (9th Cir. 1998); *Coleman v. ESPN, Inc.*, 764 F. Supp. 290, 295 (S.D.N.Y. 1991).

**DISPUTED – DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45**

**Affirmative Defense – Free Speech**

Apple brings claims under the DMCA for Corellium's alleged circumvention of Apple's technological protective measures. The DMCA is governed by federal statute section 17 U.S.C. §1201.

17 U.S.C. §1201(c)(4) states that "[n]othing in this section shall enlarge or diminish any rights of free speech or the press for activities using consumer electronics, telecommunications, or computing products." Computer source code is an expressive means for the exchange of information and ideas about computer programming [and therefore] it is protected by the First Amendment.

Corellium contends that section 1201(c)(4) permits Corellium to develop and sell to its customers its Product, which is comprised of Corellium's computer source code because Corellium's source code is protected by the right to free speech and therefore, not in violation of 17 U.S.C. §1201, the DMCA.

**SOURCE / AUTHORITY**: 17 U.S.C. §1201(c)(4). *Junger v. Daley*, 209 F.3d 481, 484–485 (6th Cir. 2000); *Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001); *Bernstein v. U.S. Dep't of State*, 922 F. Supp. 1426 (N.D. Cal. 1996).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 46

**Plaintiff's Proposal**: **Anti-Trafficking Damages – General Charge/Election of Damages**

If you find that Apple has proved by a preponderance of evidence that Corellium has violated one or both provisions of the DMCA, and Corellium has not proved a defense or defenses that apply to the entirety of Apple's claims, then you must determine whether Apple has proved damages. Apple may recover either actual damages, which in this case would be Corellium's profits attributable to Corellium's violation or, at Apple's option, statutory damages. Apple, as the plaintiff, may choose between the two forms of damages after you the jury have made findings as to each, or may elect between the two forms of damages before you make any findings.

Apple has chosen to elect between the two forms of damages after you make findings on both. Therefore, you the jury must make findings both as to Corellium's profits attributable to its violation of the DMCA, as well as to statutory damages so that Apple may choose between these options after you have rendered your verdict. Apple will have to elect between statutory damages and actual damages. Apple cannot recover both statutory damages and actual damages.

I'll define these terms in the following instructions.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1203.

**Defendant's Proposal**: Damages – General Charge

If you find that Apple has proved by a preponderance of evidence that Corellium has violated the DMCA, and that Corellium has not proved any of its defenses, then you must determine whether Apple has proved damages. Apple may recover Corellium's net profits attributable to Corellium's violation of the DMCA or, at Apple's option, statutory damages. Apple may choose between the two forms of damages after you the jury have made findings as to each or Apple may elect between the two forms of damages before the jury makes any findings.

[*Read one of the alternatives below, depending on Apple's election of remedies. See Annotation.*] [*Alternative 1.* Apple has elected to seek [Corellium's net profits attributable to Corellium's violation of the DMCA] [statutory damages]: In the next instruction, I'll define how you must determine the amount of damages, if any, to award to Apple.]

[*Alternative 2.* Apple has chosen to elect between the two forms of damages *after* the jury makes findings on both. Therefore, you the jury must make findings as to Corellium's net profits attributable to the DMCA violation, as well as to statutory damages, so that Apple may choose between these options after you have rendered your verdict. I'll define these terms in the following instructions.]

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 47

**Plaintiff's Proposal**: DMCA Anti-Trafficking Claims - Statutory Damages

If you find for Apple on either of its DMCA anti-trafficking claims, you must determine the amount of Apple's statutory damages.

Apple seeks an award of statutory damages, as established by Congress, for Corellium's violation of the federal anti-trafficking laws.  The purpose of statutory damages is not only to compensate plaintiffs for their losses, which may be hard to prove, but also to penalize violators and deter future violations of the federal anti-trafficking laws.

If you find that Apple has proved its entitlement to statutory damages, you may choose to award between $200 and $2,500 per act of circumvention, device, product, component, offer, or performance of service that you find Corellium has authorized, sold, offered, or performed.  You may also choose not to award statutory damages if Corellium proves that it was not aware of, and had no reason to believe, that its acts violated the anti-trafficking laws.

The verdict form will ask you to identify the number of acts of circumvention, devices, products, components, offers, or performances of service you have found, if any, as well as the amount you choose to award, if any, for each such act of circumvention, device, product, component, offer, or performance of service.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1203(c)(3); (c)(5)(A).

**<u>Defendant's Proposal</u>: Apple's Claim – Statutory Damages**

Apple seeks a statutory damage award. "Statutory damages" are damages that are established by Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the violator, and deter future copyright law violations. The amount awarded must be between $200 and $2,500 for each product distributed or sold by Corellium, unless an exception applies, as I'll explain later.

To determine the appropriate amount to award, you can consider the following factors:

•     the profits Corellium earned because of the violation;

•     the circumstances of the violation;

•     whether Corellium intentionally violated the DMCA; and

•     deterrence of future violations.

There is an exception to the $200 minimum statutory damages you must award if you find the violation by Corellium was "innocent."  If Corellium proves that it innocently violated the DMCA, you may – but are not required to – reduce the statutory damage award to a sum as low as $0.00 for each product distributed or sold by Corellium. A violation is "innocent" if Corellium.

**<u>SOURCE / AUTHORITY</u>**: Eleventh Circuit Civil Pattern Jury Instruction 9.32 (modified); 17 U.S.C. §1203(c)(3)(A).

## DISPUTED – PROPOSED JURY INSTRUCTION NO. 48

**Plaintiff's Proposal**: **Anti-Trafficking Claims – Actual Damages**

If you find for Apple on either of its DMCA anti-trafficking claims, you must determine Apple's actual damages. In this case, this means any profits that Corellium made from the technology, product, or service the trafficking of which violated the DMCA. To calculate Corellium's profits, you should determine the gross amount Corellium received because of its violation of the DMCA, including but not limited to the sale of its illegal products or services. You should then subtract from that amount the expenses Corellium incurred—such as labor and materials—that are directly attributable to the technology, product, or service you found to violate the DMCA.

**SOURCE / AUTHORITY**: 17 U.S.C. § 1203(c)(2).

**Defendant's Proposal**: Apple Damages – Disgorgement of Corellium Profits

If Apple chooses to not pursue statutory damages, and if liability is found, then Apple is entitled to Corellium's net profits that are attributable to the violation of the DMCA that you found.

In calculating Corellium's net profits, you should determine the gross revenues received by Corellium that were attributable to the DMCA violation that you found, and then subtract the deductible expenses incurred by Corellium and any portions of the gross revenues attributable to factors other than the DMCA violation. Apple has the burden of proving, by a preponderance of the evidence, Corellium's gross revenue attributable to the DMCA violation you found, and a causal relationship between that violation and Corellium's profits. Corellium has the burden of proving, by a preponderance of the evidence, any deductible expenses incurred and any portions of the revenue that are attributable to factors other than the DMCA violation.

**SOURCE / AUTHORITY**:  Eleventh Circuit Civil Pattern Jury Instruction 9.33 (modified); 17 U.S.C. §1203(c)(2); Stipulation of Apple to not seek any damages incurred by it relative to this case.

## VI.     CORELLIUM'S COUNTERCLAIMS

### DISPUTED – PROPOSED JURY INSTRUCTION NO. 49

**Plaintiff's Proposal: Overview of Counterclaims**

Corellium contends that Apple breached duties owed to Corellium in connection with the Apple Security Bounty Program.  Corellium seeks damages and other relief from Apple based on two legal theories.  I will instruct you regarding the elements of both theories.  However, the theories are alternatives to one another.  If you find the parties had a valid and binding contract governing their interactions, then you must consider only the breach of contract claim.  If you find the parties did not have a valid and binding contract governing their interactions, then you must consider whether Apple was nonetheless obligated to pay money to Corellium under the facts and circumstances and the law upon which I will instruct you.

If you determine that Apple is liable to Corellium, you will then determine how much Apple owes to Corellium.

I will now instruct you regarding Corellium's counterclaims.

**Defendant's Proposal**: Overview of Counterclaims

Corellium contends that Apple breached duties owed to Corellium in connection with the Apple Security Bounty Program.  Corellium seeks damages and other relief from Apple based on two legal theories, breach of contract and unjust enrichment.  You will first decide whether Apple is liable to Corellium under either of these theories.  I will instruct you regarding the elements of both theories.  However, the theories are alternatives to one another.  If you find the parties had a valid and binding contract governing their interactions, then you must consider only the breach of contract claim.  If you find the parties did not have a valid and binding contract governing their interactions, then you must consider the unjust enrichment claim.

If you determine that Apple is liable to Corellium under one or the other claim, you will then determine how much Apple owes to Corellium.

I will now instruct you regarding Corellium's counterclaims

## DISPUTED – PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50

### Breach of Contract – Introduction (Common Law)

Corellium claims that it and Apple entered into a contract by which Apple would pay for submission of certain security bugs under the Apple Security Bounty Program.

Corellium claims that Apple breached this contract by failing to pay certain money owed to it under the terms of the Apple Security Bounty Program.

Corellium also claims that Apple's breach of this contract caused harm to Corellium for which Apple should pay.

Apple denies breaching the terms of the Apple Security Bounty Program.  Specifically, Apple contends that it performed fully under the parties' agreement by paying Corellium's designee all amounts due and that any further payments were not required because the conditions that had to occur before Apple owed any further payment to Corellium did not occur.  Apple also asserts the affirmative defenses of estoppel and waiver.

**SOURCE / AUTHORITY**: California Civil Jury Instruction ("CACI") No. 300.

## DISPUTED – PROPOSED INSTRUCTION NO. 51

*(Note: the instructions are identical, but the parties dispute whether California or Florida law governs the contract claim.)*

**Plaintiff's Proposal: Breach of Contract – Oral or Written Contract Terms (California Common Law)**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

**SOURCE / AUTHORITY**: CACI No. 304.

**Defendant's Proposal: Breach of Contract – Oral or Written Contract Terms**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

**SOURCE / AUTHORITY**: Florida Standard Jury Instruction 416.5

## DISPUTED – PROPOSED INSTRUCTION NO. 52

*(Note: the parties dispute whether California or Florida law governs the contract claim.)*

**Plaintiff's Proposal: Breach of Contract – Elements (California Common Law)**

To recover damages from Apple for breach of contract, Corellium must prove all of the following:

1. That Corellium and Apple entered into a contract;

2. That Corellium did all, or substantially all, of the significant things that the contract required it to do;

3. That Corellium met all of the requirements under the Apple Security Bounty Program Policy in order to receive a payment for each of its submissions to the Apple Security Bounty Program;

4. That Apple failed to do something that the contract required it to do with respect to Corellium's submissions to the Apple Security Bounty Program;

5. That Corellium was harmed; and

6. That Apple's breach of contract was a substantial factor in causing Corellium's harm.

**SOURCE / AUTHORITY**: CACI No. 303 (modified).

**Defendant's Proposal**: Breach Of Contract (Florida Law)

Corellium claims that Apple has breached the terms of the contract between Apple and Corellium to pay Corellium for the reasonable value of the bugs submitted through Apple's Security Bounty program.  Apple disputes that it has breached the terms of this agreement.

To recover damages from Apple for breach of contract, Corellium must prove all of the following:

1.    Corellium and Apple entered into a contract;

2.    Corellium did all, or substantially all, of the essential things which the contract required it to do;

3.    All conditions required by the contract for Apple's performance had occurred;

4.    Apple failed to pay Corellium for the reasonable amount of Corellium's submission of bug reports; and

5.    Corellium was damaged by that failure.

Substantial performance is performance nearly equivalent to what was bargained for.

**SOURCE / AUTHORITY**: Florida Standard Jury Instruction 416.4 – Contracts and Business; *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971); *Strategic Resources Grp., Inc. v. Knight-Ridder, Inc.*, 870 So. 2d 846, 848 (Fla. 3d DCA 2003).

## DISPUTED – PROPOSED INSTRUCTION NO. 53

*(Note: the parties dispute whether California or Florida law governs the contract claim.)*

**<u>Plaintiff's Proposal</u>: Breach of Contract – Existence of Condition Precedent Disputed (California Common Law)**

Apple claims that the contract with Corellium contains two conditions.  First, Apple contends the contract does not require it to evaluate bug submissions from Corellium for a possible a monetary reward unless Corellium complied with the requirements for submission as stated in the Apple Security Bounty Program Policy.

Apple contends that the Apple Security Bounty Program Policy contains the following requirements for the submission of bugs:

- Submitted to Apple through the product-security@apple.com email address;

- Present in iOS (and not only in another Apple system such as macOS, watchOS, or tvOS);

- Present in the most recent version shipping version of iOS, and on the latest shipping devices;

- Accompanied by a proof of concept;

- Not related to vulnerabilities that require phishing, social engineering, or similar techniques;

- The first external report of the bug;

- From a researcher who has agreed to the Apple Security Bounty Program Policy;

- From a researcher who provides additional information about the vulnerability if requested by Apple; and

- From a researcher who has agreed to and follows Apple's Responsible Disclosure guidelines.

Second, Apple contends that the contract does not require Apple to pay a reward unless the submitted bugs met all of the criteria listed above and are also a critical threat to the security of iOS.

Apple must prove that the parties agreed that these requirements had to be met in order for bugs to be considered for a reward or to earn a reward.  If Apple proves this, then Corellium must prove that it complied with each of these requirements, as I just described, with respect to each of the bugs it contends should have resulted in a reward.

If Corellium does not prove that it complied with the requirements for the submission of bugs as stated the Apple Security Bounty Program Policy, then Apple was not required to evaluate the bug submissions from Corellium for a possible monetary reward.

If Corellium does not prove that its submitted bugs met all of the requirements for submission and identified critical threats to iOS, Apple was not required to pay a reward.

In assessing whether Corellium complied with the requirements for submission of bugs as stated in the Apple Security Bounty Program Policy, and whether Apple was required to pay a reward, you should consider each bug submitted by Corellium independently.

**<u>SOURCE / AUTHORITY</u>**: CACI No. 321 (modified).

**Defendant's Proposal**: Contract Defense – Disputed Condition Precedent

Apple claims that the contract with Corellium contains two conditions.  First, Apple contends that it is not required to review Corellium's bug submissions unless Corellium complied with the requirements for submission as stated in the Apple Security Bounty Program Policy. Second, Apple contends the contract does not require Apple to pay a reward unless the submitted bugs met all of the criteria listed below and are also a critical threat to the security of iOS. Corellium disputes that these conditions are required under the contract.  Corellium further contends that Apple has waived at least one or more of these conditions, an issue on which I will instruct you on shortly.

Apple contends that its Apple Security Bounty Program Policy governs submissions of bugs, and that under the following requirements set forth in that Policy, bug submissions must be:

- Submitted to Apple through the product-security@apple.com email address;

- Present in iOS (and not only in another Apple system such as macOS, watchOS, or tvOS);

- Present in the most recent version shipping version of iOS, and on the latest shipping devices;

- Accompanied by a proof of concept;

- Not related to vulnerabilities that require phishing, social engineering, or similar techniques;

- The first external report of the bug;

- From a researcher who has agreed to the Apple Security Bounty Program Policy;

- From a researcher who provides additional information about the vulnerability if requested by Apple; and

- From a researcher who has agreed to and follows Apple's Responsible Disclosure guidelines.

Apple must prove that the parties agreed that these requirements had to be met in order for bugs to be considered for a reward or to earn a reward.  If Apple proves this, then Corellium must prove that either it complied with each of these requirements, or that the requirements were waived (an issue on which I will instruct you shortly), with respect to each of the bugs it contends should have resulted in a reward.

If Corellium does not prove that either it complied with the requirements, or that the requirements were waived, for the submission of bugs as stated the Apple Security Bounty Program Policy, then Apple was not required to evaluate the bug submissions from Corellium for a possible monetary reward.

If Corellium does not prove that its submitted bugs met all of the requirements for submission and identified critical threats to iOS, Apple was not required to pay a reward.

In assessing whether Corellium complied with the requirements for submission of bugs as stated in the Apple Security Bounty Program Policy, and whether Apple was required to pay a reward, you should consider each bug submitted by Corellium independently.

**SOURCE / AUTHORITY**: Florida Standard Jury Instruction 416.21 – Contracts and Business

## DISPUTED – PROPOSED INSTRUCTION NO. 54

*(Note: the parties dispute whether California or Florida law governs the contract claim.)*

**<u>Plaintiff's Proposal</u>: Contract Defense – Waiver Of Disputed Condition Precedent**

Corellium claims that it did not have to comply with the conditions precedent of the bug bounty program because Apple gave up its right to have Corellium comply with these conditions. This is called a "waiver."

To succeed, Corellium must prove both of the following by clear and convincing evidence:

1. That Apple knew Corellium was required to comply with each of the conditions precedent of the bug bounty program; and

2. That Apple freely and knowingly gave up its  right to have Corellium perform these obligations.

A waiver may be oral or written or may arise from conduct that shows that Apple gave up that right.  If Corellium proves that Apple gave up its right to Corellium's compliance with the bug bounty program conditions, then Corellium was not required to comply with these conditions.

Clear and convincing evidence is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true.

**<u>SOURCE / AUTHORITY</u>**:  CACI Nos. 201 (modified), 336 (modified).

**<u>Defendant's Proposal</u>: Contract Defense – Waiver Of Disputed Condition Precedent**

Corellium claims that even if the contract governing bug submissions between it and Apple

contained conditions precedent, Apple waived those requirements.

To establish this, Corellium must prove all of the following by clear and convincing

evidence:

1.  Apple's right to have Corellium satisfy conditions precedent in the governing contract
    actually existed;

2.  Apple knew or should have known it had the right to have Corellium meet these conditions
    precedent before Apple had to perform any of its obligations under the contract; and

3.  Apple freely and intentionally gave up its right to require that Corellium meet these
    conditions precedent before Apple had to perform any of its obligations under the
    contract.

A waiver may be oral, written, or may be implied from conduct, inaction, or other acts that

demonstrate that Apple gave up that right or lead Corellium to believe the right had been waived.

"Clear and convincing evidence" is a more demanding standard of proof than the

"preponderance of the evidence," and means that Corellium must prove that that it is highly

probable that the fact is true.

If Corellium proves the elements above by clear and convincing evidence, then Corellium

was not required to satisfy the conditions precedent for Apple to perform its obligations under the

governing contract.

**<u>SOURCE / AUTHORITY</u>**: Florida Standard Jury Instruction 416.30 (modified); *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, 942 F. Supp. 2d 1290, 1298 (S.D. Fla. 2013); *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *2 (M.D. Fla. June 17, 2014);); *United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1317 (S.D. Fla. 2012); *Searcy v. R.J. Reynolds Tobacco Co.,* 902 F.3d 1342, 1359 (11th Cir. 2018); *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005); *LeNeve v. Via S. Fla., L.L.C.*, 908 So.2d 530, 535 (Fla. 4th DCA 2005).

## DISPUTED – PROPOSED INSTRUCTION NO. 55

*(Note: the parties dispute whether California or Florida law governs the quantum meruit/unjust enrichment claim.)*

**Plaintiff's Proposal**: **Quantum Meruit (California Common Law)**

Corellium claims that Apple owes it money for submissions to Apple for the Apple Security Bounty Program. To establish this claim, Corellium must prove all of the following:

1. That Apple requested, by words or conduct, that Corellium submit the seven bugs at issue through the Apple Security Bounty Program for the benefit of Apple;

2. That the circumstances of Apple's request were such that both Apple and Corellium reasonably understood that Apple would pay Corellium for the seven bugs at issue so long as they met the terms and conditions required by the Apple Security Bounty Program Policy;

3. That Corellium submitted the seven bugs at issue in accordance with the terms and conditions required by the Apple Security Bounty Program Policy, as requested by Apple;

4. That Apple has not paid Corellium for, or has not paid appropriately for, Corellium's submission of the seven bugs; and

5. The reasonable value of the seven bugs Corellium submitted to Apple.

**SOURCE / AUTHORITY**: CACI No. 371 (modified).

**<u>Defendant's Proposal</u>: Unjust Enrichment/Quantum Meruit (Florida Law)**

Even if you find that no enforceable contract existed between Apple and Corellium, you must also consider Corellium's counterclaim for unjust enrichment.

Under this claim, Corellium asserts that it submitted software bug reports to Apple in connection with Apple's Security Bounty program, and despite benefiting from those bug reports, Apple has not paid Corellium the reasonable value for that benefit.  Apple denies this and argues that Apple's Security Bounty program allowed Apple the discretion to assign a value to any bug submission.

Under Florida law, to prevail on its claim of unjust enrichment, Corellium must prove by a preponderance of the evidence that:

1. Corellium's submission of bug reports conferred a benefit on Apple;

2. Apple knew of that benefit;

3. Apple accepted and retained the benefit; and

4. The circumstances are such that Apple should, in all fairness, be required to pay for the benefit.

**<u>SOURCE / AUTHORITY</u>**: Florida Standard Jury Instruction 416.7 – Contracts and Business; *Merle Wood & Assocs., Inc. v. Trinity Yachts*, LLC, 714 F.3d 1234, 1237 (11th Cir. 2013); *Hillman Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994).

## DISPUTED – PROPOSED INSTRUCTION NO. 56

**Plaintiff's Proposal: Affirmative Defense – Estoppel (Advisory Jury)**

If you find that Corellium has proved either of its counterclaims, you must consider Apple's affirmative defense of estoppel.  To establish estoppel, Apple must prove each of the following elements by a preponderance of the evidence:

First, that Corellium knew that payment for bugs submitted through the Apple Security Bounty Program is subject to and within Apple's discretion;

Second, that Corellium submitted the seven bugs intending for Apple to accept its bug submissions and correct any problems identified in the submissions, or that Apple had a right to believe Corellium so intended;

Third, that Apple did not know that Corellium submitted the seven bugs with an expectation of, and believing it was entitled to, payment regardless of whether Apple, exercising its discretion, chose to pay Corellium; and

Fourth, Apple was injured as a result of its acceptance of Corellium's submissions without knowing that Corellium would demand payment for the submissions regardless of whether Apple considered the submissions eligible for payment.

**SOURCE / AUTHORITY**: *Ashou v. Liberty Mutual Fire Ins. Co.*, 138 Cal. App. 4th 748, 766–767 (2006).

**<u>Defendant's Proposal</u>: Affirmative Defense – Estoppel (Advisory Verdict)**

If you find that Corellium has proved either its breach of contract claim or its claim for unjust enrichment, you must consider Apple's affirmative defense of estoppel.  To establish estoppel, Apple must prove each of the following elements by a preponderance of the evidence:

1. Corellium knew that payment for bugs submitted through the Apple Security Bounty Program is subject to and within Apple's discretion;

2. Apple did not know that Corellium submitted the seven bugs with an expectation of payment;

3. Apple was injured as a result of its acceptance of Corellium's submissions without knowing that Corellium would demand payment for the submissions regardless of whether Apple considered the submissions eligible for payment.

**DISPUTED – PROPOSED INSTRUCTION NO. 57**

*(Note: the parties dispute whether California or Florida law governs the counterclaims.)*

<u>**Plaintiff's Proposal**</u>**: Affirmative Defense – Waiver (California)**

Apple claims that it did not have to pay Corellium because Corellium gave up its right to have Apple pay, even for bugs that otherwise met the requirements for payment under the Apple Security Bounty Program Policy.  This is called a "waiver."

To succeed, Apple must prove both of the following by clear and convincing evidence:

1.  That Corellium knew that Apple was required to pay for bugs submitted in accordance with the terms and conditions of the Apple Security Bounty Program and meeting the criteria for payment thereunder; and

2.  That Corellium freely and knowingly gave up its right to be eligible for payment by agreeing that Apple, in its sole discretion, could decide not to pay Corellium for an otherwise eligible bug submission.

"Clear and convincing evidence" means that Apple must persuade you that it is highly probable that the fact is true.

A waiver may be oral or written or may arise from conduct that shows that Corellium gave up that right.

If Apple proves that Corellium gave up its right to be paid for submissions under the Apple Security Bounty Program, then Apple was not required to pay Corellium for any submissions by Corellium to Apple.

<u>**SOURCE / AUTHORITY**</u>: CACI No. 336 (modified).

**Defendant's Proposal**: Defense – Waiver

After consideration of whether Corellium has met its burden of proof on any of its counterclaims, you must then assess Apple's asserted defense of waiver.  Apple is not liable to Corellium if you find that Apple has met its burden of proof on this defense.  I will now explain to you this defense and Apple's burden.

Apple claims that it did not have to pay Corellium for bug submissions because Corellium gave up its right to have Apple perform this obligation.  This is called a "waiver."  To succeed, Apple must prove the following by clear and convincing evidence:

1. That Corellium had a right to receive payment for bugs it submitted to Apple as part of Apple's bug bounty program;
2. That Corellium knew Apple was required to pay for bugs submitted in accordance with Apple's bug bounty program; and
3. That Corellium freely and knowingly gave up its right to have Apple perform this obligation.

A waiver may be oral or written or may arise from conduct that shows that Corellium gave up that right.

"Clear and convincing evidence" is a more demanding standard of proof than the "preponderance of the evidence," and means that Apple must prove that that it is highly probable that the fact is true.

If Apple proves that Corellium gave up its right to Apple's performance of payment for bug submissions, then Apple was not required to perform this obligation.

**SOURCE / AUTHORITY**: Florida Standard Jury Instruction 416.30 – Contracts and Business; *Slomowitz v. Walker*, 429 So. 2d 797, 799 (Fla. 4th DCA 1983

## DISPUTED – PROPOSED INSTRUCTION NO. 58

*(Note: the parties dispute whether California or Florida law governs the counterclaims.)*

**Plaintiff's Proposal: Damages – Corellium's Claim – Overview**

Corellium seeks damages based on bug submissions it made to Apple.  If you found that Apple is liable for, or satisfied the elements of, either of Corellium's counterclaims, you then need to determine how much money will reasonably compensate Corellium for the harm caused by Apple.  This compensation is called "damages."  The purpose of damages is to put Corellium in as good a position as it would have been if Apple had performed as promised.

To recover damages for any harm, Corellium must prove that, when the parties agreed on the terms of the contract (if you found for Corellium on its breach of contract claim), or when Apple requested that Corellium submit bugs to Apple (if you found for Corellium on its alternative claim), both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of Apple's conduct.

Corellium also must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages.  You must not speculate or guess in awarding damages.

Corellium claims damages for the asserted value of the bugs it believes that it submitted but for which Apple did not pay.  For each of the seven bugs Corellium alleges it submitted to Apple that you conclude Apple did not pay all or part of what it was required to pay, you will need to determine how much Apple should have paid Corellium and then calculate the difference, if any, between that amount and the amount Apple did pay to Corellium or its designated beneficiary.

**SOURCE / AUTHORITY**: CACI No. 350 (modified).

**<u>Defendant's Proposal</u>: Corellium's Damages**

If you find that Corellium has met its burden of proof on any of its claims, and that Apple has not proved any defense to Corellium's claims, then you should award Corellium an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Corellium for its damages.

Compensatory damages is that amount of money which will put Corellium in as good a position as it would have been if Apple had not breached the contract and which naturally result from Apple's conduct, or if Apple had not been unjustly enriched.

**<u>SOURCE / AUTHORITY</u>**: Florida Standard Jury Instructions 504.1, 504.2 – Contract & Business

**DISPUTED – PLAINTIFF'S PROPOSED INSTRUCTION NO. 59**

**Damages – Corellium's Claim – Obligation to Pay Money Only**

To recover damages for the breach of a contract to pay money, Corellium must prove the amount due under the contract.

**<u>SOURCE / AUTHORITY</u>**: CACI No. 355.

**DISPUTED – DEFENDANT'S PROPOSED INSTRUCTION NO. 60**

**Closing Instructions**

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.

If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own

memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced

that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

       I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)

       [If you find for Apple, your verdict will be in the following form: (read form of verdict)]

       [If you find for Corellium, your verdict will be in the following form: (read form of verdict)]

       Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you have agreed on your verdict, [finished filling out the form], your foreperson must write the date and sign it at the bottom and return the verdict to the bailiff.

       If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

       You may now retire to decide your verdict.

**<u>SOURCE / AUTHORITY</u>**: Florida Standard Jury Instruction 700.

## JOINT PROPOSED INSTRUCTION NO. 61

(*To be used only if needed*)

### Civil Allen Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict.  Please consider the following comments.  This is an important case.  The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant.  If you fail to agree on a verdict, the case remains open and may have to be tried again.  A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you.  There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement –if you can do it without violating your individual judgment.  You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict.  You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong.  To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable.  It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law.  You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole.  You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**SOURCE / AUTHORITY**: Eleventh Circuit Civil Pattern Jury Instruction 2.8

Dated: April 2, 2021

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
sy.damle@lw.com
Elana Nightingale Dawson*
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

Emily L. Pincow
Florida Bar No. 1010370
*epincow@lashgoldberg.com*
*gizquierdo@lashgoldberg.com*
LASH & GOLDBERG LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
(954) 859-5180 / (954) 384-2510 Fax

*Attorneys for Plaintiff* APPLE INC.

*/s/ Justin Levine*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN LEVINE
Florida Bar No.:  106463
LIZZA CONSTANTINE
Florida Bar No.: 1002945

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave. 25th Floor
New York, NY 10017
Telephone (212) 851-6821
David L. Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartners.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartners.com
Conor B. McDonough, *Pro hac vice*
E-mail: cmcdonough@hechtpartners.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartners.com

*Attorneys for Defendant Corellium, LLC*

130