UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:19-cv-81160-RS

APPLE, INC.,

   Plaintiff,

vs.

CORELLIUM, LLC,

   Defendant.

_____/

**CORELLIUM'S MOTION TO FILE UNDER SEAL PORTIONS OF APPLE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AS WELL AS THE PARTIES' RESPECTIVE EXHIBIT LISTS AS THEY CONTAIN CERTAIN PRIVILEGED, CONFIDENTIAL AND ATTORNEY'S EYES-ONLY INFORMATION**

Defendant, Corellium, LLC ("Corellium"), pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Apple's Proposed Findings of Fact and Conclusions of Law, Corellium's Exhibit List and Apple's Exhibit List pursuant to the Initial Scheduling Order [D.E. 32], and the Fifth Amended Trial Order [D.E. 801], and in support thereof, states as follows:

**BACKGROUND**

1.    On October 3, 2019, the Court issued its initial Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge. D.E No. 32 ("Initial Scheduling Order").

2.    The Court thereafter issued four subsequent scheduling orders modifying certain deadlines in the Scheduling Order. *See* D.E. 66, 618, 661, 744.

3. On February 11, 2021, the Parties filed a Joint Motion for a Fifth Amended Trial Order and Incorporated Memorandum of Law. D.E. 800 ("Joint Motion").

4. On February 12, 2021, the Court granted the Joint Motion and entered a Fifth Amended Trial Order. D.E. 801 ("Fifth Amended Trial Order").

5. Pursuant to the Fifth Amended Trial Order, the Parties are required to file their respective Proposed Findings of Fact and Conclusions of Law as well as their respective Exhibit Lists no less than 30 days before Calendar Call, which is currently set for May 4th, 2021. *See* Fifth Amended Trial Order. Therefore, the Parties' respective Proposed Findings of Fact and Conclusions of Law and respective Exhibit Lists must be filed on or before Sunday, April 4, 2021.

6. Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective Exhibit Lists were filed on April 2, 2021.

7. Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective exhibit lists reflect sensitive language and certain information that has been designated and treated as privileged, confidential, or attorneys eyes-only. Examples include names of Corellium customers, invoice amounts, the names of Corellium investors, trade secret information relating to the development of the Corellium CORSEC Product, and other privileged information that has been designated and treated as sealed throughout the pendency of the case.

8. Consistent with the sensitive nature of the material discussed, Corellium moves to file portions of Apple's Proposed Findings of Fact and Conclusions of Law and respective Exhibit Lists under seal.

## **MEMORANDUM OF LAW**

**I.      Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.     Good Cause Exists for the Court to Seal Portions of Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' Respective Exhibit Lists.**

In this instance, good cause exists for this Court to seal portions of Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective Exhibit Lists. Specifically, each of those documents contain on their face confidential, attorney's eyes-only, and sensitive information, including names of Corellium customers, invoice amounts, the names of Corellium investors, trade secret information relating to the development of the Corellium CORSEC Product, and other privileged information. This information has been designated Confidential or Attorney's Eyes Only and has been treated as such throughout this litigation. For these reasons, those portions

of Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective Exhibit Lists cannot be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the confidential and sensitive information contained therein, this Court should permit the sealing of Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective Exhibit Lists.

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file under seal Apple's Proposed Findings of Fact and Conclusions of Law and the Parties' respective Exhibit Lists, pursuant to the Initial Scheduling Order and Fifth Amended Trial Order, and ordering that the information contained therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 2, 2021. Plaintiff's counsel responded: "With respect to Corellium's exhibit list as well as Apple's Findings of Fact and Conclusions of Law, Apple is not taking a position on whether the material Corellium seeks should or should not be sealed." Counsel for Defendant also conferred with counsel for the Government on April 2, 2021, regarding the relief sought herein. Plaintiff and the United States do not oppose the relief sought herein.

Dated: April 2, 2021                                      Respectfully submitted,

                                                          COLE, SCOTT & KISSANE, P.A.

*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on April 2, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

**SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*