UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO FILE UNDER SEAL PORTIONS OF CORELLIUM'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES**

Defendant, Corellium, LLC ("Corellium"), pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal of portions of Corellium's Motion for Leave to Amend its Affirmative Defenses and Incorporated Memorandum of Law and in support thereof, states as follows:

**BACKGROUND**

1. On July 9, 2020, Apple filed its Second Amended Complaint against Corellium alleging three claims for copyright infringement and one claim for violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1201(a)(2), (b), and 1203. ECF No. 589.

2. In response, on July 17, 2020, Corellium filed its Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint ("Answer"), raising, *inter alia*, Affirmative Defense No. 8 for Authorized Use, License, Consent, and Acquiescence, as well as

multiple statutory safe harbor defenses to Apple's DMCA claim, including those codified in the DMCA at 17 U.S.C. §§ 1201(c)(1) ("Fair Use"), (f) ("Reverse Engineering"), (g) ("Encryption Research"), and (j) ("Security Testing"). *See* ECF No. 599. At that time, Corellium did not plead in its Affirmative Defenses the Law Enforcement safe harbor exception (17 U.S.C. § 1201(e)) because the circumstances that give rise to the exception had not yet occurred.

3. On August 24, 2020, the Court issued its sealed Order at ECF No. 658 ("Sealed Order"). Because the entire Order is sealed, Corellium refrains from incorporating any language cited therein, here in this Motion.

4. On March 19, 2021, Corellium filed its *Unopposed* Motion for Clarification Regarding Certain Information in Relation to Sealed Order, ECF No. 658. ECF No. 851.

5. On April 5, 2021, the Court granted Corellium's *Unopposed* Motion for Clarification. ECF No. 893.

6. As such, Corellium will file its Motion for Leave to Amend its Affirmative Defenses and Incorporated Memorandum of Law to include in its Affirmative Defenses the Law Enforcement safe harbor exception (17 U.S.C. § 1201(e)) and to clarify the scope and application, to the extent necessary, of Affirmative Defense No. 8 ("Motion for Leave to Amend").

7. Corellium's respective Motion for Leave to Amend contains certain sensitive language that has been designated and treated as sealed throughout the pendency of the case.

8. Consistent with the sensitive nature of the material discussed, Corellium moves to file portions of its Motion for Leave to Amend under seal.

## **MEMORANDUM OF LAW**

**I.     Legal Standard**

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

**II.    Good Cause Exists for the Court to Seal Portions of Corellium's Motion for Leave to Amend.**

In this instance, good cause exists for this Court to seal portions of Corellium's Motion for Leave to Amend.  The Motion for Leave contains confidential and Attorney's Eyes-Only information in relation to Corellium's customers. This information has been designated Confidential or Attorney's Eyes-Only by Corellium and has been treated as such throughout this litigation. For this reasons, portions of Corellium's Motion for Leave cannot be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the confidential and sensitive information

contained therein, this Court should permit the sealing of portions of Corellium's Motion for Leave to Amend.

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file under seal the portions of Corellium's Motion for Leave to Amend its Affirmative Defenses and Incorporated Memorandum of Law, and ordering that the information contained therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on April 19, 2021, regarding the relief sought herein. Plaintiff does not take a position on the instant motion.

Dated: April 19, 2021                Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:   *s/ Justin B. Levine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.:  106463
LIZZA C. CONSTANTINE
Florida Bar No.:  1002945

*and*

HECHT PARTNERS LLP
*Counsel for defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Price *pro hac vice*
Email: mprice@hechtpartners.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on April 19, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*