UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
Case No. 9:19-cv-81160

APPLE INC.,

    Plaintiff,

    v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, Corellium, LLC ("Corellium"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 15, and Local Rules 7.1(a) and 15.1 of the United States District Court for the Southern District of Florida, hereby submits this Motion for Leave to Amend its Affirmative Defenses, and Incorporated Memorandum of Law ("Motion")[1] and in support states as follows:

**SUMMARY OF THE ISSUES**

    Corellium files this motion to 1) add the DMCA exemption 17 U.S.C. § 1201(e) ("Law Enforcement") as a defense to Apple Inc.'s ("Apple") claim under the Digital Millennium Copyright Act ("DMCA"), and 2) to clarify, to the extent the Court deems necessary, that Affirmative Defense No. 8[2] applies to Apple's DMCA claims and not only to the now-resolved infringement claims, as Apple has recently argued.

    Initially, as it relates to amending Corellium's Affirmative Defenses to add the Law Enforcement exemption, such amendment is warranted for several reasons. *First*, Corellium timely moves to amend its Affirmative Defenses because there are over two months before trial and the

---

[1] Corellium's proposed Answer and Amended Affirmative Defenses to Apple's Second Amended Complaint is attached hereto as **Exhibit 1**.

[2] Corellium's Affirmative Defense No. 8 raises the related but distinct defenses of Authorized Use, License, Consent, Acquiescence. *See*, Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint [ECF No. 599], at pg. 23.

Court has not yet issued its Final Pretrial Order, including the defenses to be raised at trial.

*Second*, Apple is not prejudiced by Corellium's request to add the Law Enforcement exemption as a defense. Initially, the relationship with the ▮▮▮▮▮▮ began long after the close of discovery in this case and Corellium produced all applicable documents to Apple in December 2020. Further, Apple has already received notice of Corellium's intent to raise the Law Enforcement exemption at trial because Corellium has produced and conferred about its proposed jury instructions to Apple, which contain the Law Enforcement exemption as a statutory defense. Corellium has also filed its *Unopposed* Motion for Clarification Regarding Certain Information In Relation to Sealed Order, ECF No. 658, where Corellium seeks to clarify that the ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ That Motion has also been granted by this Court. ECF No. 893. As such, Apple is well aware of Corellium's intent to raise the ▮▮▮▮▮▮ as a customer of Corellium, *inter alia*, in support of the Law Enforcement exemption.

*Third*, Corellium's amendment is not futile. The DMCA provides a safe harbor against Apple's DMCA claims asserted in its Second Amended Complaint. Under the DMCA, claims under subsections 1201(a)(2) and 1201(b) are excused by the Law Enforcement exemption. 17 U.S.C. § 1201(e)

Next, as it relates to Corellium seeking leave to amend Affirmative Defense No. 8, during the pre-trial conferral process on jury instructions, Apple raised for the first time an argument that Corellium's Affirmative Defense No. 8 did not apply to its DMCA claims, but instead, only to the now-resolved infringement claims. While Corellium disagrees, to the extent the Court determines Apple's argument has merit, Corellium seeks leave to amend Affirmative Defense No. 8 to clarify that Affirmative Defense No. 8 was raised in defense of all claims in this case, including the DMCA claims.

For these reasons, Corellium respectfully requests that this Court grant leave to amend its affirmative defenses to add the Law Enforcement exemption and, to the extent the Court deems necessary, to clarify Affirmative Defense No. 8.

**PROCEDURAL BACKGROUND**

1. On October 3, 2019, the Court issued its initial Order Setting Civil Trial Date and Pretrial Deadlines. ECF No. 32 ("Scheduling Order"). According to the Scheduling Order, fact

discovery was set to close on April 13, 2020, dispositive motions, including summary judgment, were to be filed by May 11, 2020, with all pretrial motions filed by August 17, 2020. *Id.* at 1-2.

2.  Moreover, the Scheduling Order initially set this matter for trial beginning on October 13, 2020. *Id*. The Court has since issued six subsequent scheduling orders modifying certain deadlines in the Scheduling Order. *See* ECF Nos. 66, 618, 661, 744, 801, 898. The Court issued the most recent Order after granting the Parties' Joint Motion for a Sixth Amended Trial Order, ECF No. 898, issued on April 13, 2021—whereby the Court reset the trial date to July 6, 2021, and set the Calendar Call for June 29, 2021. ECF No. 898 at 1.

3.  On July 9, 2020, Apple filed its Second Amended Complaint against Corellium alleging three claims for copyright infringement and one claim for violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1201(a)(2), (b), and 1203. ECF No. 589. In response, on July 17, 2020, Corellium filed its Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint ("Answer"), raising, *inter alia*, Affirmative Defense No. 8 for Authorized Use, License, Consent, and Acquiescence, as well as multiple statutory safe harbor defenses to Apple's DMCA claim, including those codified in the DMCA at 17 U.S.C. §§ 1201(c)(1) ("Fair Use"), (f) ("Reverse Engineering"), (g) ("Encryption Research"), and (j) ("Security Testing"). *See* ECF No. 599. At that time, Corellium did not plead in its Affirmative Defenses the Law Enforcement safe harbor exception (17 U.S.C. § 1201(e)) because the circumstances that give rise to the exception had not yet occurred.

4.  After the closing of fact discovery, on May 11, 2020, both parties filed Motions for Summary Judgment. *See* ECF Nos. 453, 456.

5.  On September 17, 2020, Corellium signed the ▇▇▇▇▇▇▇▇▇▇ as a customer for the purchase of a one-year license to its product at issue in this case. Thereafter, on December 8, 2020, Corellium produced to Apple a copy of the ▇▇▇▇▇▇▇▇ order, evidencing the ▇▇▇▇▇▇▇▇ as a newly acquired customer of Corellium. Also, on December 10, 2020, Corellium amended its responses to Apple's First Set of Interrogatories, Number 9, by including the ▇▇▇▇▇▇▇▇ as a customer of Corellium.

6.  Shortly thereafter, on December 29, 2020, this Court issued its Order on the Parties' Motions for Summary Judgment. ECF No. 784. The Court granted Corellium's Motion for summary judgment against Apple's three claims for copyright infringement and denied the

3

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Parties' Motions as to Apple's DMCA claim. ECF No. 783 at 38.

7. With now more than three months before trial, on March 18, 2021, Corellium e-mailed its proposed jury instructions to Apple, which included the Law Enforcement exemption under 17 U.S.C. § 1201(e) because Corellium is now acting pursuant to a contract with the ███ ███ During conferral on the jury instructions, Apple also raised for the first time its position that Corellium's Affirmative Defense No. 8 does not apply to Apple's DMCA claims.

8. On March 19, 2021, Corellium filed its *Unopposed* Motion for Clarification Regarding Certain Information In Relation to Sealed Order, ECF No. 658. ECF No. 851. Specifically, after Corellium conferred with Apple's counsel on same, Corellium moved to clarify ███████████████████████████████ On April 5, 2021, the Court granted Corellium's *Unopposed* Motion. ECF No. 893.

9. To date, the Court has not issued its Final Pretrial Order.

10. Although Corellium's proposed jury instructions have provided notice to Apple of its intent to raise the Law Enforcement exemption, and while Corellium has produced to Apple the documents relevant to the exemption, Corellium now moves to formally amend its Affirmative Defenses to add 17 U.S.C. § 1201(e)—as well as to clarify, to the extent necessary, the scope of Affirmative Defense No. 8. A copy of Corellium's proposed Amended Answer and Affirmative Defenses to Apple's Second Amended Complaint is attached hereto as **Exhibit 1**.

## LEGAL ARGUMENT

### I.   The Law Enforcement Exemption is a Defense to a 17 U.S.C. § 1201 Claim.

In defense to Apple's DMCA claims under 17 U.S.C. §§ 1201(a)(2) and (b), Corellium seeks leave to add the statutory exemption for "Law Enforcement, Intelligence, and Other Government Activities" as provided under 17 U.S.C. § 1201(e):

> This section does not prohibit any lawfully authorized investigative, protective, information security, or intelligence activity of an officer, agent, or employee of the United States, a State, or a political subdivision of a State, **or a person acting pursuant to a contract with the United States**, a State, or a political subdivision of a State. For purposes of this subsection, the term "information security" means activities carried out in order to identify and address the vulnerabilities of a government computer, computer system, or computer network.

17 U.S.C. § 1201(e) (emphasis added).

In this case, the Law Enforcement exemption squarely applies to exempt Corellium from the DMCA claim raised by Apple. Corellium has contracted with the ▮▮▮▮▮▮▮▮▮ and is a person acting pursuant to a contract with the ▮▮▮▮▮▮▮▮▮. Thus, to the extent Apple is able to prove a claim for violation of the DMCA (which Corellium categorically denies), the statutory defense applies.

## II.  Corellium's Amendment Is Timely, Does Not Prejudice Apple, and Is Not Futile.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely given when justice so requires." The Federal Rules of Civil Procedure encourage courts liberally to grant leave for the amendment of pleadings. *See U.S. v. 5800 S.W. 74th Ave.*, 182 Fed. Appx. 921, 924-25 (11th Cir. 2006) ("We have accepted a policy of liberal amendments and supplements to the pleadings under Rule 15."). The Eleventh Circuit has explained that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

In assessing whether to permit amendment, a district court considers whether there is: 1) repeated failure to cure deficiencies by previously allowed amendments, undue delay, bad faith, or dilatory motive on the movant's part; 2) undue prejudice to the opposing party; and 3) futility of the amendment. *Langlois v. Travelers Ins. Co.*, 401 Fed.Appx. 425, 426 (11th Cir. 2010); *Fresco v. R.L. Polk & Co.*, 2007 WL 9705970, at 2 (granting a motion for leave to amend where "[t]here [was] no evidence that the proposed amendment would cause undue prejudice to the opposing parties," dilatory motive, or futility of the amendment). Here, all factors weigh in favor of granting the amendment.

### A.  Apple Will Not Be Prejudiced Because It Has Already Received Notice of Corellium's Intent to Raise the Law Enforcement Exemption at Trial.

First, Apple is not prejudiced by Corellium's request to add the Law Enforcement exception defense. As the Eleventh Circuit Court of Appeals has explained, the purpose of pleading affirmative defenses in the answer is to facilitate trial preparation, as opposed to "hypertechnicalit[ies]." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* This is why affirmative

5

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

defenses can be raised in a motion for summary judgment, even when previously unpled in an answer, *see, e.g.*, *Grant v. Preferred Research, Inc.*, 885 F. 2d 795, 797 (11th Cir. 1989), and why unpled affirmative defenses may be raised at trial so long as they are included within the Court's Final Pretrial Order. *See, e.g.*, *Thomas v. Home Depot U.S.A., Inc.*, 792 F. App'x 722, 726 (11th Cir. 2019) ("We have said that an affirmative defense is not waived -- even if a defendant fails to raise it in its answer -- if the pretrial order includes the defense and, thus, gives fair notice to the plaintiff and to the court of the issues to be tried."); *Edwards v. Fulton Cty., Ga.*, 509 F. App'x 882, 887 (11th Cir. 2013) ("[A] defendant does not waive an affirmative defense if the earlier omission from responsive pleadings does not prejudice the plaintiff.") (compilation of cases discussing a defendant's non-waiver of an unpled affirmative defense); *Pulliam v. Tallapoosa Cty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) ("That Defendant failed to plead the defense affirmatively in its answer is not contested. But, Defendant argues that it gave sufficient notice to Plaintiff in the pretrial order. And omission of an affirmative defense is not fatal as long as it is included in the pretrial order."); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 (11th Cir.1995) (stating that failure to assert affirmative defense in answer curable by insertion of defense in pretrial order).

The Eleventh Circuit's standard set forth in *Grant* is instructive on finding no prejudice against the plaintiff when the plaintiff received notice of an affirmative defense by some means other than the pleadings. In *Grant*, the defendant raised an affirmative defense at trial, which was not pled in the answer. However, the defendant put the plaintiff on notice of raising the affirmative defense through a motion for summary judgment, approximately one month before trial. 885 F. 2d at 797. The Eleventh Circuit upheld the district court's ruling permitting the affirmative defense to be raised at trial, reasoning that if the plaintiff receives notice of an affirmative defense, the plaintiff is not prejudiced; and the plaintiff would need to substantiate prejudice from the defendant's failure to plead the defense. *Id.* at 798.

Similarly, in *Pensacola Motor Sales Inc. v. Eastern Shore Toyota, LLC*, a plaintiff-car dealership appealed to the Eleventh Circuit arguing that the trial court erred by allowing the defendant to submit jury instructions on an unpled statutory safe harbor defense. 684 F.3d 1211, 1222 (11th Cir. 2012). Applying the standard set forth in *Grant*, the Eleventh Circuit concluded the district court did not abuse its discretion by allowing the defendant to raise the safe harbor

defense at trial, despite it not being previously pled, because the plaintiff received notice of the defense about a month and a half before trial, when the defendant responded to the plaintiff's motion for summary judgment. *Id.* Because the defendant gave notice to the plaintiff, the Court would not presume prejudice, and the plaintiff could also not show that it suffered any prejudice from the delay in asserting the defense. *Id.*

In this case, there is also no prejudice to Apple by Corellium seeking to add 17 U.S.C. § 1201(e) as an affirmative defense because Apple already received notice that the Law Enforcement Exception will be raised at trial. Indeed, in the abundance of caution so as to preemptively avoid any future argument, *see Pensacola Motor Sales Inc.*, 684 F.3d at 1222, Corellium is again providing notice to Apple of the Law Enforcement exemption, by way of this Motion seeking leave to amend, now, before trial has commenced.

However, even before this Motion to Amend, Apple was already sufficiently notified that Corellium intends to assert the Law Enforcement defense at trial. On December 8, 2020, Apple received notice of Corellium's contract with the ▓▓▓▓▓▓▓▓ when Corellium produced supplemental documentation and amended its interrogatory responses to identify the ▓▓▓▓▓▓▓▓ as a customer of Corellium.

Similarly, Apple received additional notice when Corellium's counsel conferred with Apple's counsel on March 1, 2021 in anticipation of Corellium filing its *Unopposed* Motion for Clarification relative to the ▓▓▓▓▓▓▓▓ contract with Corellium. Apple further received notice when Corellium exchanged proposed Jury Instructions on March 18, 2021, which included the Law Enforcement Exception under 17 U.S.C. § 1201(e). Apple again received notice of Corellium's intent to introduce evidence of its contract with the ▓▓▓▓▓▓▓▓ when it filed its *Unopposed* Motion for Clarification on March 19, 2021. ECF No. 851. The Court has since granted that Motion. ECF No. 893.

Finally, this Court has not yet issued its Final Pretrial Order, which would further provide Apple with notice of Corellium's intent to raise the Law Enforcement Exception at trial. Accordingly, Apple cannot claim that it is unaware of Corellium's intent to assert 17 U.S.C. §1201(e) as a defense to Apple's DMCA claim. Thus, Apple will not be prejudiced by this Court allowing Corellium to amend its affirmative defenses.

**B.     There is No Undue Delay, Bad Faith, or Dilatory Motive.**

The second factor also weighs in favor of granting Corellium leave to amend its affirmative defenses. The U.S. Supreme Court states:

> In the absence of any apparent or declared reason-such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, *be freely given*.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there has been no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed. *First*, there is no repeated failure to cure deficiencies because this is Corellium's first request to amend its affirmative defenses. *Second*, there is no undue delay as Corellium is now moving upon the Court's granting of the *Unopposed* Motion for Clarification. Most notably, Corellium could not have raised the Law Enforcement exception at the time it filed its Answer or moved for summary judgment on Apple's DMCA claim because, at that time, the [REDACTED] was not yet a customer of Corellium. *Third*, there is no bad faith or dilatory motive on the part of Corellium as Corellium has not withheld such relevant evidence from Apple and, instead, has amended its discovery responses to produce evidence supporting Corellium's Law Enforcement defense to Apple. For these reasons, this factor further weighs in favor of granting Corellium's leave to amend its Affirmative Defenses.

**C.     The Law Enforcement Exemption is Not a Futile Defense.**

Lastly, asserting the Law Enforcement exemption as an affirmative defense to Apple's DMCA claims is not futile because the defense is not frivolous or clearly insufficient on its face to support denial on the grounds of futility. *Child. First Found., Inc. v. Martinez*, 631 F. Supp. 2d 159, 168–69 (N.D.N.Y. 2007) ("When amending an answer to add defenses, however, futility should be raised in the context of a motion to strike.") (citation omitted).

Apple's DMCA claim is subject to an exception for law enforcement and government activities pursuant to 17 U.S.C. § 1201(e). At the close of fact discovery and the date to file pre-trial motions, the circumstances that warranted this defense had not yet arisen. Moreover, while the time to amend claims in this case has passed, ECF No. 32, good cause nonetheless exists

because "[n]ewly discovered evidence can supply the necessary good cause under . . . Rule [16]". *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-CV, 2019 WL 1954082, at *2 (S.D. Fla. May 2, 2019). Moreover, the proposed Law Enforcement exemption is consistent with Corellium's previously pled safe harbor defenses in that Corellium's products are exempt from liability under the DMCA. Thus, leave to amend should be freely granted.

### III. Corellium Should be Granted Leave to Amend Affirmative Defense No. 8.

During the conferral process for the exchange of jury instructions, Apple first raised its position that Corellium's Affirmative Defense No. 8 was not pled for Apple's DMCA claims, but instead, only to the now-resolved infringement related claims. Corellium disagrees, but our of an abundance of caution Corellium seeks leave to clarify Affirmative Defense No. 8. Affirmative Defense No. 8 currently reads:

**EIGHTH AFFIRMATIVE DEFENSE**
**(Authorized Use, License, Consent, Acquiescence)**

> For its eighth affirmative defense, Corellium states that Apple is not entitled to its requested relief under the doctrine of acquiescence. Apple's claims are barred, in whole or in part, by license or the doctrine of implied license because Apple impliedly, directly, or indirectly, authorized, licensed, consented to, or acquiesced to Corellium's allegedly infringing use of Apple's works.

*See*, Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint [ECF No. 599], at pg. 23.

As stated in this Defense, "Apple's claims are barred, in whole or in part, by . . . ." (Emphasis added). Such phrasing does not exclude the DMCA claims. Nevertheless, while Corellium acknowledges what may be perceived as inartful language when it states that Apple "acquiesced to Corellium's allegedly infringing use," this Affirmative Defense has no language restricting it to infringement-related claims. Instead, it is clear that Corellium alleges that "Apple's claims are barred" and that "Apple is not entitled to its requested relief."

Indeed, the facts that give rise to the Eighth Affirmative Defense applying to Apple's DMCA claims, are exactly the same as to those that apply to Apple's infringement-related claims—specifically that Apple has been long-aware of Corellium's product and how it works, and that Corellium had access to and used iOS and its code. These facts stem, primarily, from the product demonstrations given by Corellium to Apple employees, the due diligence conducted by

Apple into the Corellium company during Apple's acquisition efforts, and the many conversations between Corellium and Apple employees about these topics. These facts have been thoroughly explored throughout discovery in this case and all support Apple's knowledge of Corellium's access and use to the iOS code long-before this lawsuit was filed. Accordingly, this court should permit the amendment to clarify Affirmative Defense No. 8 such that it applies to Apple's pending DMCA claims. *See*, FRCP 15(a); *see also*, *U.S. v. 5800 S.W. 74th Ave.*, 182 Fed. Appx. 921, 924-25 (11th Cir.2006); *see also*, *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *see also*, *Foman v. Davis*, 371 U.S. at 182.

## CONCLUSION

**WHEREFORE**, Corellium respectfully requests the Court enter the proposed Order, attached hereto, permitting it to amend its Affirmative Defenses as reflected in **Exhibit 2**, specifically, adding the Law Enforcement exemption pursuant to 17 U.S.C. § 1201(e) as well as amending Affirmative Defense No. 8 to clarify that it applies to Apple's DMCA claims, and any other relief this Court deems just and proper.

## MEET AND CONFER CERTIFICATE PURSUANT TO S.D. FLA. L. R. 7.1(A)(3)

I hereby certify that counsel for Corellium has conferred with counsel for Apple via both email and telephone on the above relief, in a good faith effort to resolve the issues raised in this instant motion. Counsel has advised that Apple opposes the relief sought herein.

Dated: April 19, 2021              Respectfully submitted,

                    COLE, SCOTT & KISSANE, P.A.
                    *Counsel for Defendant CORELLIUM, LLC*
                    Esperante Building
                    222 Lakeview Avenue, Suite 120
                    West Palm Beach, Florida 33401
                    Telephone (561) 612-3459
                    Facsimile (561) 683-8977
                    Primary e-mail: justin.levine@csklegal.com
                    Primary e-mail: lizza.constantine@csklegal.com

            By:   *s/ Justin B. Levine*
                    JONATHAN VINE
                    Florida Bar. No.: 10966
                    JUSTIN B. LEVINE

Case No. 9:19-cv-81160

    Florida Bar No.: 106463
    LIZZA C. CONSTANTINE
    Florida Bar No.: 1002945
    JUSTIN S. MAYA
    Florida Bar No.: 126087

    *and*

    HECHT PARTNERS LLP
    *Counsel for Defendant*
    125 Park Ave., 25th Floor
    New York, NY 10017
    Telephone (212) 851-6821
    David Hecht, *Pro hac vice*
    E-mail: dhecht@hechtpartnersllp.com
    Maxim Price, *Pro hac vice*
    E-mail: mprice@hechtpartnersllp.com
    Minyao Wang, *Pro hac vice*
    E-mail: mwang@hechtpartnersllp.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on April 19, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP

100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*