# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:19-cv-81160**

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 6 |
| II. | ARGUMENT | | 6 |
| | A. | Corellium's Motion To Add A Brand-New Law Enforcement Defense Should Be Denied. | 6 |
| | | 1. Corellium's Proposed Amendment Is Untimely and Prejudicial. | 7 |
| | | 2. Corellium's Proposed Amendment Is Futile. | 12 |
| | B. | Corellium's Proposal To Plead Four New Defenses To Apple's DMCA Claims Should Likewise Be Denied. | 13 |
| | | 1. Corellium's Proposed Amendment Is Untimely. | 13 |
| | | 2. The Proposed Amendment Is Also Futile. | 14 |
| III. | CONCLUSION | | 16 |

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Britt Green Trucking, Inc. v. FedEx Nat'l, LTL, Inc.*,
   No. 8:09-cv-445, 2014 WL 3417569 (M.D. Fla. July 14, 2014)..............................................8

*Collins v. Marriot Int'l Inc.*,
   No. 09-cv-22423, 2012 WL 12950013 (S.D. Fla. Mar. 14, 2012) ...........................................6

*CSX Transportation, Inc. v. Gen. Mills, Inc.*,
   846 F.3d 1333 (11th Cir. 2017) ..............................................................................................9

*Donnelly v. Wal-Mart Stores E., LP*,
   __ Fed. App'x __, No. 20-11070, 2021 WL 371464 (11th Cir. Feb. 3, 2021)....................6, 12

*Edwards v. Fulton Cty., Ga.*,
   509 F. App'x 882 (11th Cir. 2013) ........................................................................................10

*Grant v. Preferred Research, Inc.*,
   885 F.2d 795 (11th Cir. 1989) ...............................................................................................10

*Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*,
   No. 12-cv-61670, 2013 WL 4496510 (S.D. Fla. Aug. 22, 2013) ...........................................12

*Hargett v. Valley Fed. Sav. Bank*,
   60 F.3d 754 (11th Cir. 1995) .................................................................................................11

*Hassan v. U.S. Postal Serv.*,
   842 F.2d 260 (11th Cir. 1988) ...............................................................................................10

*Haynes v. McCalla Raymer, LLC*,
   793 F.3d 1246 (11th Cir. 2015) ...............................................................................................8

*Jacob Maxwell, Inc. v. Veeck*,
   110 F.3d 749 (11th Cir. 1997) ...............................................................................................15

*Keybank Nat'l Ass'n v. Hamrick*,
   576 F. App'x 884 (11th Cir. 2014) ..........................................................................................8

*Latimer v. Roaring Toyz, Inc.*,
   601 F.3d 1224 (11th Cir. 2010) .......................................................................................13, 15

*Mahoney v. Owens*,
   818 F. App'x 894 (11th Cir. 2020) ..........................................................................................8

|  | Page(s) |
|---|---|

*Malibu Media, LLC v. Zumbo*,
   No. 2:13-cv-729, 2014 WL 2742830 (M.D. Fla. June 17, 2014) ...........................................14

*MidlevelU, Inc. v. ACI Info. Grp.*,
   989 F.3d 1205 (11th Cir. 2021) ...............................................................................................15

*Pensacola Motor Sales Inc. v. Eastern Shore Toyota, LLC*,
   684 F.3d 1211 (11th Cir. 2012) ...............................................................................................10

*Philips N. Am., LLC v. 626 Holdings, Inc.*,
   No. 19-cv-81263, 2020 WL 6599592 (S.D. Fla. Nov. 3, 2020) .................................................8

*Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*,
   No. 18-cv-81606, 2019 WL 7376779 (S.D. Fla. Sept. 19, 2019)............................................15

*Pulliam v. Tallapoosa Cty. Jail*,
   185 F.3d 1182 (11th Cir. 1999) ...............................................................................................10

*Quinones v. United States*,
   No. 8:14-cv-164, 2015 WL 3948420 (M.D. Fla. June 29, 2015) .................................9, 10, 11

*Realnetworks, Inc. v. DVD Copy Control Ass'n*,
   641 F. Supp. 2d 913 (N.D. Cal. 2009) ....................................................................................14

*Reeder v. Chitwood*,
   595 F. App'x 890 (11th Cir. 2014) ....................................................................................9, 11

*S. Grouts & Mortars, Inc. v. 3M Co.*,
   575 F.3d 1235 (11th Cir. 2009) .................................................................................................6

*Sream, Inc. v. Munjal Corp.*,
   No. 18-cv-80743, 2019 WL 9048996 (S.D. Fla. Mar. 26, 2019) ..........................................6, 8

*SunAmerica Corp. v. Sun Life Assur. Co. of Canada*,
   77 F.3d 1325 (11th Cir. 1996) ..........................................................................................14, 15

*Tampa Bay Water v. HDR Eng'g, Inc.*,
   731 F.3d 1171 (11th Cir. 2013) .................................................................................................9

*Tasini v. New York Times Co.*,
   206 F.3d 161 (2d Cir. 2000)....................................................................................................14

*Thomas v. Home Depot U.S.A., Inc.*,
   792 F. App'x 722 (11th Cir. 2019) .........................................................................................11

*Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*,
   683 F.3d 1266 (11th Cir. 2012) ........................................................................................14, 15

**Page(s)**

*Virtual Studios, Inc. v. Stanton Carpet Corp.*,
   No. 4:15-cv-0070, 2016 WL 5339360 (N.D. Ga. Aug. 1, 2016) ............................................. 15

## STATUTES

15 U.S.C. § 1115(b)(9) .................................................................................................................. 14

17 U.S.C.
   § 101 ........................................................................................................................................ 15
   § 1201(d)–(j) ..................................................................................................................... 14, 15
   § 1201(e) ................................................................................................................... 6, 7, 9, 12
   § 1201(g) ................................................................................................................................. 15

## RULES

Fed. R. Civ. P. 6(a) ........................................................................................................................ 7

Fed. R. Civ. P. 12(f) .................................................................................................................... 12

Fed. R. Civ. P. 26(a) .................................................................................................................... 11

## TREATISES

3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15[2] ................................................. 9

## REGULATIONS

65 Fed. Reg. 64556-01 ................................................................................................................. 14

███████████ ............................................................................................................................. 10

37 C.F.R. § 201.40 ....................................................................................................................... 14

## OTHER AUTHORITIES

S. Rep. 105-190 (1998) ................................................................................................................ 12

████████████████████████████████████████
████████████████████████████████████ .......................................................... 12

## I. INTRODUCTION

Two months before trial, in a case that has been pending for almost two years, Corellium seeks both to add a completely new "law enforcement" defense (about which Apple has had no discovery) and to amend its eighth affirmative defense (to assert defenses that are either legally baseless or wholly duplicative of Corellium's already-pleaded defenses). Both requests should be denied. Corellium's new statutory defense is based on a contract it negotiated last summer and entered last September—more than half a year ago. To allow Corellium to add it now, after discovery has closed and shortly before trial, would greatly prejudice Apple. And as for Corellium's proposed amended defense, allowing Corellium to add duplicative defenses and defenses that fail as a matter of law serves no purpose but to clutter up the issues and complicate the case, at the very time it should be streamlined for trial. The Court should deny Corellium's motion.

## II. ARGUMENT

The deadline to amend pleadings in this case passed over a year ago. ECF Nos. 32, 45; *see also* ECF No. 904 at 8–9. A motion to amend "after the deadline designated in a scheduling order must demonstrate 'good cause' under [Federal Rule of Civil Procedure] 16(b)." *Sream, Inc. v. Munjal Corp.*, No. 18-cv-80743, 2019 WL 9048996, at *1 (S.D. Fla. Mar. 26, 2019) (quoting *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)). Moreover, a motion to amend can be denied when it is the result of undue delay, would cause undue prejudice, or would be futile. *See, e.g.*, *Donnelly v. Wal-Mart Stores E., LP*, __ Fed. App'x __, No. 20-11070, 2021 WL 371464, at *5 (11th Cir. Feb. 3, 2021); *Collins v. Marriot Int'l Inc.*, No. 09-cv-22423, 2012 WL 12950013, at *1 (S.D. Fla. Mar. 14, 2012). Corellium wholly fails to demonstrate "good cause" for its untimely motion, and its proposed amendments are untimely, prejudicial, and futile. Corellium's motion should be denied.

### A. Corellium's Motion To Add A Brand-New Law Enforcement Defense Should Be Denied.

Corellium first seeks leave to add a statutory defense, known as the "law enforcement" defense, to Apple's DMCA claims. *See* 17 U.S.C. § 1201(e). The law enforcement defense provides, in pertinent part, that a "person" who acts "pursuant to a contract with the United States,"

6

*and* pursuant to a "lawfully authorized investigative, protective, information security,[1] or intelligence activity" is not liable under the DMCA for those lawfully authorized actions. *Id*. Corellium asserts that, because the  Apple Product in September 2020, *see* Ex. A at 2, "the Law Enforcement exemption squarely applies to exempt Corellium from the DMCA claim raised by Apple." ECF No. 904 at 5.

Corellium's motion should be denied for at least three reasons. First, it is untimely. The ▅▅▅▅▅▅ became a customer of Corellium in September 2020—nearly eight months ago. ECF No. 904 at 3. To the extent Corellium had any new defenses it intended to raise based on its sale to the ▅▅▅▅▅▅, it should have filed this motion then—not now, two months from trial. Second, it is prejudicial. Apple has not had the opportunity to take *any* discovery on this new defense, and—contrary to Corellium's claims—the mere fact that the ▅▅▅▅▅▅ has a ▅▅▅▅▅▅ to Corellium's product does not, in itself, establish Corellium's defense. To the contrary, amendment is futile because the law enforcement defense does not apply to these facts. Corellium does not contend that *it* has engaged in "any lawfully authorized investigative, protective, information security, or intelligence activity," or that it has done so on behalf of the ▅▅▅▅▅▅. 17 U.S.C. § 1201(e). Rather, it contends only that it sold a product ▅▅▅▅▅▅ to the ▅▅▅▅▅▅. By its plain terms, the law enforcement defense does not apply.

**1.     Corellium's Proposed Amendment Is Untimely and Prejudicial.**

Corellium entered into its contract with the ▅▅▅▅▅▅ on September 17, 2020. ECF No. 904 at 3. Yet Corellium offers no excuse for waiting more than ***seven months***, with trial swiftly approaching, to bring its motion for leave to amend. Indeed, the first time Corellium disclosed its intent to bring this defense was in late March 2021, when Corellium added the defense to its proposed jury instructions, for a trial that was then-scheduled for May 10, 2021.[2] While trial

---

[1] "Information security" is defined by statute as "activities carried out in order to identify and address the vulnerabilities of a government computer, computer system, or computer network." *See* 17 U.S.C. § 1201(e).

[2] Both parties' pretrial filings, which were due "no later than 30 days before Calendar Call," ECF No. 801, were submitted April 2, 2021, with the exception of Corellium's Proposed Findings of Fact and Conclusions of Law, ECF No. 892, which it submitted late, on Sunday, April 4, 2021. *See* Fed. R. Civ. P. 6(a).

is now set to begin July 6, 2021—two months from now—Corellium's motion is untimely by any measure.

Courts find undue delay "when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (internal citations omitted); *Philips N. Am., LLC v. 626 Holdings, Inc.*, No. 19-cv-81263, 2020 WL 6599592, at *2 (S.D. Fla. Nov. 3, 2020). That is the case here. Corellium knew of the facts underlying its proposed new defense more than seven months ago, yet seeks leave to amend only now. The Court can—and should—find this delay unreasonable and Corellium's motion untimely. *See Mahoney v. Owens*, 818 F. App'x 894, 898 (11th Cir. 2020) (finding undue delay where litigants "had several opportunities to request to leave to amend but failed to do so"); *Sream, Inc.*, 2019 WL 9048996, at *1 (finding undue delay where the defendant did not have a reason for waiting "more than six weeks" after "the purported basis of the proposed new affirmative defense arose" and moved to amend "within two months of the beginning of the scheduled trial period"); *Britt Green Trucking, Inc. v. FedEx Nat'l, LTL, Inc.*, No. 8:09-cv-445, 2014 WL 3417569, at *12–13 (M.D. Fla. July 14, 2014) (holding that defendant waived the affirmative defense of preemption because "[defendant] could have raised this affirmative defense at any time prior to summary judgment," but instead "waited until the eleventh hour" and "[a]llowing [defendant] to amend its answer, and the delay that would result, would prejudice [p]laintiffs and their ability to litigate this case in a timely manner"); *cf. Keybank Nat'l Ass'n v. Hamrick*, 576 F. App'x 884, 888–89, 888 n.7 (11th Cir. 2014) (finding that a party has waived an affirmative defense when there were previous opportunities to raise it prior to motion for summary judgment).

Corellium offers no reason for its delay. Instead, it asserts that Apple should have somehow anticipated this motion based on Corellium's disclosure in December 2020 of the ▬ ▬ license (four months after it began), and based on its March 1, 2021 motion to clarify that the Court's prior rulings on ▬ did not affect evidence related to the ▬ customer status. ECF No. 904 at 7; *see also* ECF No. 851. But this is nonsensical. Corellium has added over ▬ new customers and ▬ of trial accounts during the pendency of this case, *see generally* Ex. B; *see* Ex. C at 6 (referencing

8

"████████████████████████████████████"),[3] and has given ████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████. The mere fact that ████████████ bought a ██████████ to Corellium did not put Apple on notice that Corellium intended to bring a brand new defense.

In addition to being untimely, Corellium's proposed amendment prejudices Apple. Courts have "leeway to deny a motion to amend" when amendment would "unduly prejudice" the other party. *See Reeder v. Chitwood*, 595 F. App'x 890, 896 (11th Cir. 2014); *cf. Quinones v. United States*, No. 8:14-cv-164, 2015 WL 3948420, at *6 (M.D. Fla. June 29, 2015) (finding that "belatedly-asserted affirmative defense" should not proceed if plaintiff would be "prejudiced by the untimely assertion of the defense"). Corellium argues that any delay is not prejudicial because Apple has received notice of the new defense now, and still has time to prepare for trial. ECF No. 904 at 5–7. But as the authorities recognize, where *"amendment involves new theories of recovery or would require additional discovery,"* "prejudice is especially likely." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) (quoting 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15[2]), *abrogated on other grounds by CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017) (internal quotations and citation omitted).

Indeed, Corellium's law enforcement defense is an entirely new theory and—if allowed to proceed—would require substantial additional discovery that Apple does not have time to undertake. To establish the law enforcement defense, Corellium would need to prove that *it* is carrying out "lawfully authorized investigative, protective, information security, or intelligence activity . . . pursuant to a contract with" ████████████████████████████████
████████████. 17 U.S.C. § 1201(e). Corellium has produced *no* evidence of *any* activities it is carrying out pursuant to its contract with the ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

[3] Although Corellium's counsel has represented to Apple's counsel that the ████████████████
████████████████████████████████████████████████, Corellium has not produced any discovery confirming counsel's representations.

███████. Rather, its ███████ contract is a ███████████████ ███████████████ a one-year ████████████████████████████████. *See generally* Ex. A. Were Corellium to plead this defense, Apple would need discovery from both Corellium and the ███████ regarding the "lawfully authorized investigative, protective, information security, or intelligence activity" necessary to meet the section 1201(e) exemption, as well as discovery regarding whether a heretofore-undisclosed contract obligating *Corellium* to undertake these activities on the ███████ behalf exists. This would likely include document discovery from both Corellium and the ███████ (and potentially other ██████████████ on what that initial discovery revealed), as well as a deposition of the ███████ and further depositions of Corellium employees. There is no meaningful way for Apple to conduct such discovery, particularly from a ████████████ ███████—which typically takes months to authorize third-party discovery, if it grants permission at all, *see* ███████—in the two months remaining prior to trial.

Corellium cites to a series of inapposite cases in support of its argument that the Court should simply ignore its untimeliness and the attendant prejudice to Apple. ECF No. 904 at 5–7. None of these cases supports its position. To the contrary, as the court found in *Quinones*, two of the main cases upon which Corellium relies—*Grant v. Preferred Research, Inc.*, 885 F.2d 795 (11th Cir. 1989), and *Hassan v. U.S. Postal Serv.*, 842 F.2d 260 (11th Cir. 1988)—only "dealt with situations where the plaintiff was not prejudiced by the untimely assertion of the defense." *Quinones*, 2015 WL 3948420, at *6. Moreover, Corellium grossly mischaracterizes the cases themselves. *Grant*, for example, did not "find[] no prejudice against the plaintiff," as Corellium claims. *See* ECF No. 904 at 6. Rather, the court merely noted that the "*plaintiff does not assert any prejudice from the lateness of the pleading.*" *Grant*, 885 F.2d at 798 (emphasis added). Likewise, in *Hassan*, the Court found that the plaintiff had sufficient notice of a defense where there was an "extensive[]" discussion regarding the defense "long before the trial" in addition to an interrogatory regarding the defense at issue, and the court "[c]onsequently" could not "say that the government's argument unfairly surprised or prejudiced the plaintiff." 842 F.2d at 263–64.[4]

---

[4] Corellium also cites *Pensacola Motor Sales Inc. v. Eastern Shore Toyota, LLC*, 684 F.3d 1211 (11th Cir. 2012), but again, this case is inapposite because the Court held there was no showing of prejudice to the plaintiff from the addition of a new defense. *Id.* at 1222. The same is true of three of the other cases Corellium cited. *See Edwards v. Fulton Cty., Ga.*, 509 F. App'x 882, 888 (11th Cir. 2013) (finding no prejudice to plaintiff where discovery "largely focused" on "the subject

These cases do not remotely support Corellium's claim that it should be permitted to sit on an entirely new defense for over seven months and then spring it upon Apple with trial imminently approaching.[5]

Rather, this situation is more analogous to *Quinones*. There, the Court held that neither a document production, nor "vague and conclusory statements of law," provided notice of defendant's new affirmative defense, nor did defendant identify witnesses relevant to the defense in its Rule 26 disclosures. 2015 WL 3948420, at *4. Instead, the Court denied amendment because "[i]t would be manifestly unfair to remedy the prejudice created by the [defendant]'s own doing, for example, by delaying trial, reopening discovery . . . , and requiring [p]laintiffs to incur additional (and very likely, significant) costs to depose (or re-depose) any number of witnesses who the [defendant] previously failed to identify as having knowledge relevant to its belatedly-asserted affirmative defense." *Id*. at *6. The same is true here. Corellium's mere mention that one of its ▮ new customers was the ▮ did not put Apple on notice of its new defense, and Apple has had *no* opportunity to take necessary discovery related to this defense. *Id*.; *see also Reeder*, 595 F. at 896 (affirming district court decision refusing to allow amendment when it "would prejudice . . . ability to preserve evidence related to the new claims; require additional discovery from the victim, [plaintiff], and potentially other persons; and would delay the disposition of [plaintiff]'s case."). Just as in *Quinones*, Corellium failed to provide any sufficient

---

matter of the defense"); *Pulliam v. Tallapoosa Cty. Jail*, 185 F.3d 1182, 1187 (11th Cir. 1999) (allowing affirmative defense because plaintiff did not "point[] to . . . additional evidence he would have developed" if he had be given notice and "unfair surprise to [p]laintiff in these circumstances [was] not apparent"); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 (11th Cir. 1995) (allowing amendment where "no prejudice or delay resulted to" plaintiff in "allowing [defendant's] amendment"). And in the final case Corellium cites, *Thomas v. Home Depot U.S.A., Inc*., 792 F. App'x 722 (11th Cir. 2019), the plaintiff did not even argue that the defendant belatedly added an affirmative defense, let alone that he was prejudiced as a result. *See id*. at 725–26. *Thomas* thus says nothing about what should be done where, as here, a defendant tries to belatedly add an affirmative defense despite the prejudice that would result to the plaintiff.

[5] Indeed, while Corellium has apparently planned for months to assert this defense at trial, Corellium did not update its response to Apple's Interrogatory Request No. 18 seeking "all factual and legal bases for each affirmative asserted, if any, in Your answer to the Complaint." Further, Corellium did not update its Rule 26(a) disclosures to identify any individual at the ▮ ▮ who may have information "critical to establishing the applicability" of the law enforcement exemption defense. *Quinones*, 2015 WL 3948420, at *4. Even now, after Corellium has filed this motion, Corellium has not updated either its 26(a) disclosures or its response to Apple's Interrogatory No. 18.

notice of its intent to assert the law enforcement defense and also "failed to make adequate disclosure, preventing [Apple] from fully and fairly litigating [Corellium's] now-asserted affirmative defense." 2015 WL 3948420, at *5. The prejudice in allowing amendment here would be enormous, and Corellium's motion should be denied.

### 2. Corellium's Proposed Amendment Is Futile.

In addition to being untimely and prejudicial, Corellium's proposed amendment is futile. This Court "may deny leave on 'numerous grounds' such as 'undue delay, undue prejudice [], and futility of the amendment.'" *Donnelly*, 2021 WL 371464, at *5 (11th Cir. Feb. 3, 2021) (internal citation omitted). Amendments to defenses are "futile if they would 'necessarily fail.'" *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-cv-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013) (internal citation omitted). Further, "the futility standard necessarily merges with the standard for striking defenses under Rule 12(f)" because affirmative defenses are not dismissed but rather stricken. *Id.* "Ultimately, affirmative defenses should be stricken where they fail to give the plaintiff fair notice of the nature of the defense or where they are clearly insufficient as a matter of law. A defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* at *4 (internal citations and quotations omitted).

Corellium's proposed law enforcement defense fails as a matter of law. The sole basis for Corellium's assertion of the defense is that the ████████████ bought a license to use Corellium's product. *See* ECF. No. 904 at 8–9. But that the ████████████ bought a license to Corellium's product does not remotely establish that the law enforcement defense of section 1201(e) applies. Section 1201(e) exempts "routine law enforcement and intelligence" work and is intended to be "narrowly construed." S. Rep. 105-190 at 19 (1998); *see also id.* at 32. Further, the exemption "only applies to individuals . . . when they are performing investigative, protective, or intelligence activities . . . in furtherance of lawfully authorized activities." *Id.* at 32, 36.

████████████████████ is a customer of many different entities and acquires licenses to technology for many different purposes. But the law enforcement exemption applies only to "lawfully authorized investigative, protective, information security, or intelligence activity." 17 U.S.C. § 1201(e). Corellium has offered no evidence demonstrating that the ███ ████████ is using its product for "lawfully authorized investigative, protective, information security, or intelligence activity"; to the contrary, Corellium has repeatedly stated that it does not

███████ track its customers' use of the product. ████████████████████████████████████████████████████████████████████████████████████████████.

Nor can Corellium demonstrate that *it* is conducting such activities "pursuant to" such a purpose at the ██████████ direction. It is certainly possible that the ██████████ activities could fall within the exemption.[6] But *Corellium*'s activities—in just selling its product—do not. Nor do the activities of any company that merely sells technology to the ████████ Having the ████████ as a customer does not equate to a law enforcement exemption. And even if Corellium could establish that its sale to the ████████ fell within the parameters of the law enforcement defense, that would not provide a defense with respect to Corellium's provision of its product to its other customers and trial users. Corellium's proposed amendment is futile and should be denied for this reason as well.

### B. Corellium's Proposal To Plead Four New Defenses To Apple's DMCA Claims Should Likewise Be Denied.

The second part of Corellium's motion seeks leave to amend its answer to make its "Eighth Affirmative Defense" (which is somewhere between two and four separate defenses)[7] applicable to Apple's DMCA claims instead of Apple's copyright infringement claims only. This, too, should be denied because Corellium offers *no* justification for its failure to timely plead these defenses. Moreover, with respect to acquiescence and implied license, these defenses are not properly brought under the DMCA, and any remaining defenses are duplicative of Corellium's already-pleaded estoppel defense or of the DMCA itself.

#### 1. Corellium's Proposed Amendment Is Untimely.

"Failure to plead an affirmative defense generally is a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1339 (11th Cir. 2010). Apple pleaded its DMCA claims in December 2019. Despite answering twice since then, on January 10, 2020, and again on July 17, 2020, Corellium pleaded its Eighth Affirmative Defense *only* as to copyright infringement. *See*

---

[6] It is equally possible, of course, that they might not. The ██████████ purview is broad, and includes ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[7] The defense is captioned "Authorized Use, License, Consent, Acquiescence"; however, its supporting paragraph raises only "license or the doctrine of implied license" and "the doctrine of acquiescence." ECF No. 902-1 at 23.

ECF No. 599 at 23 ("Apple's claims are barred, in whole, or in part, by license or the doctrine of implied license because Apple . . . authorized, licensed, consented to, or acquiesced to Corellium's *allegedly infringing use of Apple's works.*") (emphasis added). Corellium offers *no* new facts supporting its untimely introduction of these defenses to Apple's DMCA claims now. *See* ECF No. 904 at 9–10. On this basis alone, the Court should deny Corellium's request.

### 2. The Proposed Amendment Is Also Futile.

Corellium's proposed amendment is also futile. Neither the doctrine of acquiescence nor the doctrine of implied license applies to statutory claims brought under the DMCA. Acquiescence is a statutory defense to trademark infringement. Lanham Act, 15 U.S.C. § 1115(b)(9). It is *not*, however, a statutory defense to a DMCA claim. That absence is telling given Congress's inclusion of numerous other statutory defenses in the DMCA, *see, e.g.*, 17 U.S.C. § 1201(d)–(j), and its grant of authority for the creation of additional regulatory defenses, *see* 37 C.F.R. § 201.40(b)(1)–(14), (c). Despite including numerous specific, carefully crafted defenses, Congress chose *not* to include acquiescence, and there is no evidence of any intent by Congress to import a statutory trademark defense into this distinct and self-contained statutory scheme. Nor has Corellium identified any basis for this Court to do so. Rather, just as the "general rule of statutory construction [is] that exemptions must be construed narrowly in order to preserve the purpose of a statutory provision," 65 Fed. Reg. 64556-01, 64558 (citing *Tasini v. New York Times Co.*, 206 F.3d 161, 168 (2d Cir. 2000)), so too should the absence of a specific defense in one statute (the DMCA) that Congress has included in another (the Lanham Act) be treated as conclusive of Congress's intent. *Cf. Realnetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 943–44 (N.D. Cal. 2009) (rejecting "fair use" defense to DMCA claim, explaining that, "[t]o find otherwise would ignore Congress' clear directive, as embodied in the statutory text of the DMCA"). Congress did not include acquiescence as a statutory defense in the DMCA because it is not a defense to the DMCA.

That absence is presumably why Corellium has not cited a single case where a court recognized acquiescence as a defense to a DMCA claim. Instead, Corellium relied in its proposed jury instructions on two Eleventh Circuit cases that address trademark claims. *See* ECF No. 889 at 85; *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1281–82 (11th Cir. 2012); *SunAmerica Corp. v. Sun Life Assur. Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996).[8] The

---

[8] Corellium also cites three district court cases, two of which appear to have assumed without deciding that the defense applies to copyright infringement claims, but both of those cases, in turn,

14

problem with Corellium's reliance on these cases is that they are inapposite because none addresses the DMCA. The Eleventh Circuit has *never* held that the acquiescence defense is applicable in the context of an anti-trafficking claim brought under the DMCA. The Court should not permit a new affirmative defense, never before brought against a DMCA anti-trafficking claim, for the first time here.

The same is true of implied license. When Congress wanted the copyright owner's consent to be a defense to a DMCA claim, it said so. That is why various DMCA statutory defenses require that an alleged violator be acting with the *express* permission of the owner of a copyrighted work. *See* 17 U.S.C. § 1201(g) (requiring that a work be "lawfully obtained" and including as a factor for whether the defense applies whether the results of research are provided to "the copyright owner"); *id.* § 1201(j) (requiring that work be undertaken "with the authorization of the owner or operator of" a "computer, computer system, or computer network"). In other words, Congress chose to address expressly when and how a copyright owner's consent should be considered with respect to a DMCA claim and made clear that what matters is express consent. Implied consent, in contrast, is a limited doctrine that applies when a copyright owner *implicitly* grants permission for the use of a copyrighted work but does *not* do so *expressly*. *See, e.g.*, *MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1215–18 (11th Cir. 2021) (dissemination of content through RSS feed does not give rise to implied license to copy disseminated content).[9] And unlike in the DMCA, 17 U.S.C. §§ 1201–1203, Congress specifically allowed for non-written licenses in the Copyright Act, *cf.* 17 U.S.C. § 101, which the Eleventh Circuit has held "may be granted orally, or may even be implied from conduct." *Latimer*, 601 F.3d at 1235 (quoting *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 752 (11th Cir. 1997)). The unique, equitable doctrine of implied license does not have

---

cited *trademark* cases and the Lanham Act statutory defense. *See Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729, 2014 WL 2742830, at *3 (M.D. Fla. June 17, 2014) (citing *SunAmerica Corp.*, 77 F.3d at 1334; *Univ. of Ala. Bd. of Trs.*, 683 F.3d at 1282); *Virtual Studios, Inc. v. Stanton Carpet Corp.*, No. 4:15-cv-0070, 2016 WL 5339360, at *12 (N.D. Ga. Aug. 1, 2016) (citing *Univ. of Ala. Bd. of Trs*, 683 F.3d at 1281). And the third case, *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-cv-81606, 2019 WL 7376779, at *6 (S.D. Fla. Sept. 19, 2019), is a trademark case that also relies on *SunAmerica Corp.*, and *Univ. of Ala. Bd. of Trs.*, and is thus equally inapt.

[9] The traditional iteration of the defense applies when a copyright owner solicits a derivative work from the other party, and then tries to claim infringement based on the use of the original work in the derivative work. *See, e.g.*, 11th Cir. Pattern Civil Jury Instruction No. 9.27 (describing elements of implied license defense to copyright infringement).

any application to a DMCA anti-trafficking claim, which does not turn on whether the defendant *used* a copyrighted work but rather on what the defendant's product does *to* a copyrighted work. *See* ECF No. 783 at 34–37 (concluding that the fair use defense is inapplicable to Corellium product's circumvention of iOS's protection measures given the unique attributes and history of the DMCA). And Corellium recognizes as much as its own jury instructions for implied license address a copyright infringement claim, not a DMCA anti-trafficking claim. *See* ECF No. 889 at 92 (implied license defense based on permission to "access, copy, distribute, publicly display, and/or create derivative works," not permission to traffic a circumvention product).

Furthermore, amendment is unnecessary because Corellium has already pleaded, and intends to try, its defense of equitable estoppel, which overlaps in substantial part with both the doctrines of acquiescence and implied license. *Compare* ECF No. 892 at 9–10 (addressing estoppel defense by alleging Apple made "express statements lauding . . . CORSEC technology" and "encouraged . . . costly development of [Corellium's] product"), *with id.* at 10–11 (addressing acquiescence defense with by alleging that "Apple's employees expressed positive and encouraging feedback about CORSEC" and "encourage[d] Corellium to virtualize newer versions of iOS"). This is thus not a situation where, absent amendment, Corellium will be unable to present the factual basis that it believes excuses its conduct. Instead, for reasons that are not apparent, Corellium wants this Court to recognize two *new* defenses to the DMCA—defenses Congress not only chose not to include in the statute but also are contrary to what Congress did include. Amendment would serve only to confuse the issues, as a review of Corellium's proposed jury instructions demonstrates. *See* ECF No. 889 at 85, 86, 89, and 92 (showing that Corellium seeks to repeatedly instruct the jury on substantially identical evidence in an improper attempt to obtain more "bites at the Apple" for what is, and has always been, its estoppel defense). Allowing Corellium's untimely amendment now would create confusion, compound the issues, and permit Corellium to present legally infirm defenses to the jury. For these reasons, too, amendment should be denied.

### III.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Corellium's Motion for Leave to Amend Its Affirmative Defenses in its entirety.

| | |
|---|---|
| Dated: May 3, 2021 | Respectfully Submitted, |
| Michele D. Johnson* | s/ Martin B. Goldberg |
| michele.johnson@lw.com | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | mgoldberg@lashgoldberg.com |
| (714) 540-1235 / (714) 755-8290 Fax | rdiaz@lashgoldberg.com |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| sy.damle@lw.com | epincow@lashgoldberg.com |
| Elana Nightingale Dawson* | LASH & GOLDBERG LLP |
| elana.nightingaledawson@lw.com | 100 Southeast Second Street |
| LATHAM & WATKINS LLP | Miami, FL 33131 |
| 555 Eleventh Street NW, Suite 1000 | (305) 347-4040 / (305) 347-4050 Fax |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel*
joe.wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
gabe.gross@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.