UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM, LLC'S *EXPEDITED MOTION* FOR LEAVE TO FILE
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, Corellium, LLC ("Corellium"), by and through undersigned counsel, hereby moves on an expedited basis under Local Rules 7.1(c)(2) and (d)(2) for leave to move for partial summary judgment against the claim for violation of 17 U.S.C. § 1201(b) as set forth in the Fourth Claim for Relief in the First Amended Complaint of Plaintiff, Apple Inc. The proposed Motion for Partial Summary Judgment and Incorporated Memorandum of Law and Statement of Material Facts is submitted herewith as Exhibit A ("Proposed Motion"). As further set forth in paragraph 1 below, Corellium requests that the Court set an expedited schedule for a response to this Motion for Leave to File, so that the Court may have sufficient time to consider the Motion for Partial Summary Judgment.

The reasons supporting this Expedited Motion for Leave are as follows:

1. Pursuant to Local Rule 7.1(d)(2), Corellium requests this Court's expedited consideration of this instant Motion for Leave, specifically, by May 14, 2021. The Proposed Motion may significantly streamline the issues for trial. The Court's expedited consideration of

this Motion for Leave thus is necessary, in advance of the approaching July 6, 2021 trial date, to afford the Parties an opportunity to fully brief Corellium's Proposed Motion, and thereafter for the Court to weigh the issues raised.

2. Substantively, Local Rule 7.1(c)(2) requires a litigant to seek leave of court before filing a second summary judgment motion: "Filing and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court. This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case."

3. On May 11, 2020, Corellium filed a Motion for Summary Judgment against all claims in the First Amended Complaint. [D.E. 456].

4. On December 29, 2020, the Court issued its Order on the Parties' Motions for Summary Judgment [D.E. 784], denying Apple's motion in its entirety, granting Corellium summary judgment against Apple's First, Second, and Third Claims for Relief (alleging copyright infringement), and denying Corellium's motion with respect to Apple's Fourth Claim for Relief under the Digital Millennium Copyright Act ("DMCA"). *See generally*, Order.

5. The Court granted Corellium summary judgment against Apple's copyright claims based upon its holding that "Corellium has met its burden of establishing fair use. Thus, its use of iOS in connection with the Corellium Product is permissible." Order, at 33.

6. As explained in Corellium's Proposed Motion, fair use is an express exception from and limitation of the rights of a copyright owner. Apple thus has no right of a copyright owner to protect against Corellium's fair use. Accordingly, Apple cannot satisfy an essential element of a claim under Section 1201(b)(1)(A)-(C) of the DMCA – which proscribes distribution of tools to

the public only with respect to the circumvention of a technological measure "that effectively protects a right of a copyright owner under this title…."

7. The argument presented in Corellium's Proposed Motion has not been previously presented to the Court. To counsel's knowledge, no other court has ever been presented with the precise question that Corellium's Proposed Motion poses to the Court.

8. Corellium's Proposed Motion can be decided as a pure question of statutory interpretation based on the Court's finding that use of the Corellium Program constitutes fair use. No additional findings of fact are necessary.

9. Although Corellium's Proposed Motion comes after the initial round of dispositive motions, we respectfully submit it remains timely and appropriate. First, Corellium seeks through its Proposed Motion to narrow and simplify the issues to be presented to the jury at trial. If the Court grants Corellium's Proposed Motion, then the jury will only be required to address Apple's claim under Section 1201(a)(2). Such streamlining of issues before trial is consistent with the purpose of pretrial procedures, such as those specified in Fed. R. Civ. P. 16(c)(2). Second, the issue presented to the Court in the Proposed Motion arises from this Court's determination of fair use. In that respect, it is only natural that the Court consider the further impact of its prior rulings upon the remainder of the case.

10. Finally, consideration of the Proposed Motion will not delay trial in this matter. The Proposed Motion presents a straightforward issue of law that can be addressed prior to trial.

WHEREFORE, Defendant Corellium, LLC respectfully requests that the Court grant this *Expedited* Motion for Leave to file, and instruct the Clerk of the Court to accept the filing of the attached Motion for Partial Summary Judgment.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone with counsel for Plaintiff on May 6, 2021, as well as on May 7, 2021 via email regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Date:  May 7, 2021               Respectfully submitted,

*/s/ Seth Greenstein*
CONSTANTINE CANNON LLP
1001 Pennsylvania Avenue, NW
Suite 1300N
Washington, D.C. 20004
202-204-3500
Seth D. Greenstein *Pro hac vice*
sgreenstein@constantinecannon.com

and

*/s/ Justin B. Levine*
COLE, SCOTT & KISSANE, P.A
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
S. Jonathan Vine
Florida Bar. No.: 10966
Jonathan.vine@csklegal.com
Justin B. Levine
Florida Bar No.:  106463
Justin.levine@csklegal.com
Lizza C. Constantine
Florida Bar No.:  100294
Lizza.constantine@csklegal.com

and

*/s/ David Hecht*
HECHT PARTNERS LLP
125 Park Ave., 25th Floor
New York, NY 10017
Telephone (212) 851-6821

David Hecht, *Pro hac vice*
dhecht@hechtpartners.com
Maxim Price, *Pro hac vice*
mprice@hechtpartners.com
Conor McDonough, *Pro hac vice*
cmcdonough@hechtpartners.com

*Attorneys for Defendant, Corellium, LLC*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 7, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000

Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*