UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO FILE UNDER SEAL PORTIONS OF CORELLIUM'S REPLY TO APPLE'S RESPONSE IN OPPOSITION TO CORELLIUM'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES**

Defendant, Corellium, LLC ("Corellium"), pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 5.4 and 7.1 of the United States District Court for the Southern District of Florida, and Section 9 of the Southern District of Florida's CM/ECF Administrative Procedures, respectfully moves this Court for an order authorizing the filing under seal portions of Corellium's Reply to Apple's Response in Opposition to Corellium's Motion for Leave to Amend its Affirmative Defenses and incorporated Memorandum of Law, and in support thereof, states as follows:

**BACKGROUND**

1. On July 9, 2020, Apple filed its Second Amended Complaint against Corellium alleging three claims for copyright infringement and one claim for violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1201(a)(2), (b), and 1203. ECF No. 589.

2. In response, on July 17, 2020, Corellium filed its Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint ("Answer"), raising, *inter alia*,

Affirmative Defense No. 8 for Authorized Use, License, Consent, and Acquiescence, as well as multiple statutory safe harbor defenses to Apple's DMCA claim, including those codified in the DMCA at 17 U.S.C. §§ 1201(c)(1) ("Fair Use"), (f) ("Reverse Engineering"), (g) ("Encryption Research"), and (j) ("Security Testing"). See ECF No. 599. At that time, Corellium did not plead in its Affirmative Defenses the Law Enforcement safe harbor exception (17 U.S.C. § 1201(e)) because the circumstances that give rise to the exception had not yet occurred.

3. On August 24, 2020, the Court issued its sealed Order at ECF No. 658 ("Sealed Order"). Because the entire Order is sealed, Corellium refrains from incorporating any language cited therein, here in this Motion.

4. On March 19, 2021, Corellium filed its Unopposed Motion for Clarification Regarding Certain Information in Relation to Sealed Order, ECF No. 658. ECF No. 851.

5. On April 5, 2021, the Court granted Corellium's *Unopposed* Motion for Clarification. ECF No. 893.

6. Accordingly, on April 19, 2021, Corellium filed its Motion for Leave to Amend its Affirmative Defenses and Incorporated Memorandum of Law to include in its Affirmative Defenses the Law Enforcement safe harbor exception (17 U.S.C. § 1201(e)) and to clarify the scope and application, to the extent necessary, of Affirmative Defense No. 8 ("Motion for Leave to Amend"). ECF. No. 902.

7. Simultaneously, on that same day, Corellium filed its Motion to Seal portions of Corellium's Motion for Leave to Amend its Affirmative Defenses ("Motion for Leave to Amend") as it contains certain sensitive language that has been designated confidential and treated as sealed throughout the pendency of the case. ECF. No. 901.

8. On April 20, 2021, the Court issued its Order at ECF No. 903 granting the Motion to Seal portions of the Motion for Leave to Amend.

9. On May 3, 2021, Apple filed its Response in Opposition to Defendant's Motion for Leave to Amend its Affirmative Defenses ("Opposition") and simultaneously filed a Motion to Seal their Opposition. ECF No. 911 and 912.

10. Accordingly, on May 5, 2021, the court issued its sealed order granting Apple's Motion to Seal their Opposition. ECF. No. 915

11. Corellium now files its Reply to Apple's Opposition to Corellium's Motion for Leave to Amend ("Reply"), discussing the same confidential and sealed information as raised in the Motion for Leave to Amend and Opposition.

12. Corellium's Reply contains certain sensitive language that has been designated and treated as sealed throughout the pendency of the case.

13. Consistent with the sensitive nature of the material discussed, Corellium moves to file portions of its Reply under seal.

## MEMORANDUM OF LAW

### I.     Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). However, this right of access is not absolute and "requires a balancing of competing interests." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted). In determining whether to seal a document, "courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate

privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.*, No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

## II.   Good Cause Exists for the Court to Seal Corellium's Response

In this instance, good cause exists for this Court to seal the confidentially-designated portions of Corellium's Reply. The Reply contains confidential and Attorney's Eyes-Only information in relation to Corellium's customers. This information has been designated Confidential or Attorney's Eyes-Only by Corellium and has been treated as such throughout this litigation. For this reasons, and the confidential and sensitive nature of the information, Corellium's Reply should not be shared with the public.

Accordingly, precautions are required of this Court to keep the above-noted sensitive information from the public's reach. Therefore, due to the confidential and sensitive information contained therein, this Court should permit the sealing of Corellium's Reply.

**WHEREFORE**, Corellium, LLC respectfully requests the Court enter the proposed Order, attached hereto, permitting it to file under seal portions of Corellium's Reply in support of its Motion to Amend its Affirmative Defenses, and ordering that the information contained therein remain under seal through the final resolution of this matter, including during any period of appeal taken by any party to this case, as ordered by this Court, or required by law, and any other relief this Court deems just and proper.

CASE NO.: 9:19-CV-81160-RS

# LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on May 10, 2021, regarding the relief sought herein. Plaintiff does not take a position on the instant motion.

Dated: May 10, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　COLE, SCOTT & KISSANE, P.A.
　　　　　　　　　　　　　*Counsel for Defendant CORELLIUM, LLC*
　　　　　　　　　　　　　Esperante Building
　　　　　　　　　　　　　222 Lakeview Avenue, Suite 120
　　　　　　　　　　　　　West Palm Beach, Florida 33401
　　　　　　　　　　　　　Telephone (561) 612-3459
　　　　　　　　　　　　　Facsimile (561) 683-8977
　　　　　　　　　　　　　Primary e-mail: justin.levine@csklegal.com
　　　　　　　　　　　　　Secondary e-mail: lizza.constantine@csklegal.com

　　　　　　　　　　By:　*s/ Justin B. Levine*
　　　　　　　　　　　　　JONATHAN VINE
　　　　　　　　　　　　　Florida Bar. No.: 10966
　　　　　　　　　　　　　JUSTIN B. LEVINE
　　　　　　　　　　　　　Florida Bar No.: 106463
　　　　　　　　　　　　　LIZZA C. CONSTANTINE
　　　　　　　　　　　　　Florida Bar No.: 1002945


　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　HECHT PARTNERS LLP
　　　　　　　　　　　　　*Counsel for defendant*
　　　　　　　　　　　　　20 West 23rd St. Fifth Floor
　　　　　　　　　　　　　New York, NY 10010
　　　　　　　　　　　　　Tel: (212) 851-6821
　　　　　　　　　　　　　David L. Hecht *pro hac vice*
　　　　　　　　　　　　　Email: dhecht@hechtpartners.com
　　　　　　　　　　　　　Maxim Price *pro hac vice*
　　　　　　　　　　　　　Email: mprice@hechtpartners.com

CASE NO.: 9:19-CV-81160-RS

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 10, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100

CASE NO.: 9:19-CV-81160-RS

Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*