UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
TO AMEND AFFIRMATIVE DEFENSES AND INCORPORATED
MEMORANDUM OF LAW**

Defendant Corellium LLC, pursuant Federal Rule of Civil Procedure 15(a), respectfully submits this Reply to Apple's Response in Opposition to Motion for Leave to Amend [ECF No. 911].

    **A. Corellium's Motion to Add the Law Enforcement Defense Should Be Granted**

As explained in Corellium's Motion for Leave to Amend, 17 U.S.C. § 1201(e) (the "Law Enforcement Exemption") is a statutory exemption to the DMCA that exempts violations of both 17 U.S.C. §§1201(a)(2) and (b). *See* ECF No. 904 at 2. As Corellium's amendment is timely, unprejudicial, and meritorious, this Court should grant Corellium's motion.

    **1. Corellium's Proposed Amendment Is Timely And Not Prejudicial**

"Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be 'freely given when justice so requires.'" ECF No. 904 at 5. "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.*

at 5 (citing *Shipner v. E. Air Lines, Inc.*, 868 F. 2d 401, 407 (11th Cir. 1989)). In its response, Plaintiff relies heavily on inapposite case law to argue that permitting amendment would be prejudicial and constitute undue delay. *See* ECF No. 911 at 8-12. For example, Plaintiff cites the unpublished Middle District decision of *Quinones v. U.S.*, No. 8:14-cv-164-T-36MAP, 2015 WL 3948420 (M.D. Fla. June 29, 2015) in support of its position. ECF No. 911 at 11. But the facts of *Quinones* are nothing like the current litigation.

*Quinones* involved acts of medical negligence by the Veteran's Affairs Medical Center of San Juan, Puerto Rico that resulted in the death of Julio Quinones. *Quinones*, 2015 WL 3948420 at *1. In her complaint, plaintiff's representative asserted that the United States was vicariously liable for Julio's death under the Federal Tort Claims Act. *Id*. In response, the United States argued that it was entitled to assert Puerto Rico's statutory damages cap under the doctrine of sovereign immunity. *Id*. at *2. In holding that the United States waived its statutory damages defense, "the Court question[ed] whether the United States' discovery tactics were <u>designed to thwart Plaintiffs' efforts</u> to flesh out the nature of its affirmative defenses, including the now-asserted damages cap…" *Quinones*, 2015 WL 3948420 at *4 (emphasis added). Noting that "[n]o [documents supporting the damage cap] [were] ever produced in discovery," the Court concluded the United States' waived the defense.[1] *Id*. at *4.

In distinct contrast to the circumstances in *Quinones*, Corellium could not have engaged in discovery tactics to thwart Plaintiff's efforts because the events giving rise to the law enforcement

---

[1] To assert the statutory damage cap, the United States needed to prove their facility was analogous to a private entity operating in Puerto Rico. 2015 WL 3948420 at *2. Holding that the United States did not meet this burden, the court explained "[n]o affiliation agreement between the [Veteran Affair's Medical Center] and a [similar private entity] was ever produced in discovery." *Id*. at 5.

exemption *had not yet occurred.*[2] Corellium disclosed the license pertaining to its ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—the order itself—shortly after the relationship began. *See* ECF No. 904 at 3. As these facts are not anything like those in *Quinones*, the Court would be well-served to withhold reliance on such unbinding *dicta*.

Plaintiff also cites *Philips N. Am., LLC v. 626 Holdings, Inc.*, No. 19-81263-CIV-SMITH/MATTHEWMAN, 2020 WL 6599592 (S.D. Fla. Nov. 3, 2020) to support its allegations of undue delay by Corellium in moving to amend. *See* ECF No. 911 at 8. Again, the facts of *Philips* are simply inapposite to the current litigation. In *Philips*, defendant waited until just eight days before the fact discovery deadline to file a motion seeking leave to amend their affirmative defenses. *Id*. at *1. However, by then, the circumstances that had given rise to the necessity for amendment had occurred. In that case, in denying the motion for leave to amend in *Philips*, the Court explained that:

> First, Defendants knew, or could have known through diligence, many of the facts that form the basis for their proposed amended affirmative defenses….<u>Some of the information was even available through a Google search</u>. *Id.* at 2 (emphasis added)

In contrast to *Philips*, there is simply no allegation that Corellium knew or could have known of the relevant facts as they had simply not occurred until well-after the close of discovery. No Google search or similar effort could have brought the existence of the ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ to the attention of Corellium. Rather than addressing this undeniable truth, by citing *Philips*, Plaintiff relies upon indifference and willful ignorance of these facts.

Indeed, Apple fails to address the point that it *never even asked* to take any depositions or conduct any other discovery in connection with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Instead,

---

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ well after the deadline for fact discovery and dispositive motions. *See* ECF No. 904 at 3.

Case No. 9:19-cv-81160

Apple attempts to dilute this fact by misleadingly asserting in its response that "Corellium's mere mention that one of its ▬▬▬▬▬▬▬▬▬▬ did not put Apple on notice . . . ." Response, at 11. However, the production that occurred in December 8, 2020 consisted on only 10 documents, ▬▬▬▬▬▬▬▬▬▬. Corellium's "many new customers" did not happen until, *at the very least*, over a month later, on January 25, 2021, as that is the date when the Corellium Product was *first* made available for individuals. Accordingly, Corellium's "many new customers" came weeks after Corellium ▬▬▬▬▬▬▬▬▬▬.

Not a single case cited by Plaintiff even remotely parallels the facts of the current litigation. In *Keybank Nat'l Ass'n v. Hamrick*, 576 F. App'x 884 (11th Cir. 2014), the Eleventh Circuit held that Defendants waived their notice defense to an auction of their houseboat because they "[missed] opportunities to raise this affirmative defense *in their answer as well as their first and second amended answers*" and only asserted it "[to] respond[] to [Plaintiff's] motion for partial summary judgment." *Id*. at 888 (emphasis added). In *Haynes v. McCalla Raymer, LLC*, 793 F. 3d 1246 (11th Cir. 2015), the Eleventh Circuit denied plaintiff's motion for leave to file a third amended complaint where "the information necessary to assert the new claims [was] available to [p]laintiff's at the inception of their lawsuit." *Id*. at 1250. *See also Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F. 3d 1171, 1186 (11th Cir. 2013)(affirming dismissal of a motion to amend where "[t]he district court concluded that [plaintiff] knew many of the facts supporting its two new claims...before [it] filed either its initial complaint, in December 2008, or its first amended complaint, in November 2009"); *Reeder v. Chitwood*, 595 F. App'x 890, 896 (11th Cir. 2014)(affirming dismissal of a motion to amend where "delay would prejudice [defendants] ability to preserve evidence"); *Britt Green Trucking, Inc. v. FedEx Nat'l, LTL, Inc.*, No. 8:09-cv-445-T-

33TBM, 2014 WL 3417569 (M.D. Fla. July 14, 2014)(finding waiver of pre-emption affirmative defense where "[defendant] could have raised this affirmative defense at any time prior to summary judgment").  As Corellium did not establish its law enforcement exemption defense until well after the deadlines to amend the complaint, the close of discovery, and the deadline for dispositive motions, and as Plaintiff has never claimed that amendment would result in spoliation of evidence (as reflected in the case law cited by it), Plaintiff's cited cases do not support its opposition and the Court should grant Defendant's motion for leave to amend its affirmative defenses.

2. **Corellium's Proposed Amendment Is Not Futile**

Apple fails to cite a single authority in support of its assertion of futility, relying instead on its own opinions and interpretation of the language of 17 U.S.C. §1201(e).  *See* ECF No. 911 at 12-13.  Apple further alleges that "even if Corellium could establish ███████████ ████████████████████████████████████████████, that would not provide a defense with respect to Corellium's provision of its product to its other customers and trial users."  *See* ECF No. 911 at 13.  Corellium simply notes that this comment has absolutely no relevance on the alleged futility of the defense as regarding its ███████████████████████████ ██████.  As Apple has cited no authority in support of its interpretation of the exemption, and as the applicability of the defense to other customers has no bearing on its alleged futility regarding ████████████████, the Court should disregard Apple's self-serving arguments and permit the issue to be examined at trial.

B. **Corellium Correctly Pled Affirmative Defense No. 8**

As explained in Corellium's Motion for Leave to Amend, during the conferral process with Apple regarding the exchange of jury instructions, Plaintiff raised for the first time its position that Affirmative Defense No. 8 did not address Apple's DMCA claims.  *See* ECF No. 904 at 9.

5

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Corellium again states for the record that it fundamentally denies Plaintiff's erroneous conclusion regarding the applicability of Affirmative Defense No. 8 to claims brought under 17 U.S.C. §§1201(a)(2) – (b).  The Defense specifically refers to *claims* and was intended to apply to all allegations set forth within Apple's second amended complaint.  Importantly, the facts that give rise to the Eighth Affirmative Defense as applied to the Apple's DMCA claims are exactly the same as those that apply to Apple's infringement-related claims.  *See* ECF No. 904 at 9-10.  However, should the Court find merit in Apple's argument, Corellium respectfully requests leave to amend Affirmative Defense No. 8 to simply clarify, and satisfy Apple's alleged doubt, that Affirmative Defense No. 8 includes and applies to all claims asserted under Apple's operative Complaint.

**C. Amendment of Affirmative Defense No. 8 Is Not Futile**

In its response, Plaintiff correctly notes that acquiescence is a defense to trademark infringement under the Lanham Act, and that the DMCA does not include a similar *statutory* carve-out.  *See* ECF No. 911 at 14.  What Plaintiff misunderstands (and as a consequence, completely fails to address in its Response) is that the Eleventh Circuit Court of Appeals has recognized that general equitable defenses can apply to federal statutes.  Indeed, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).  *See also Holland v. Florida,* 560 U.S. 631, 650 (2010)(noting that "[t]he 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary….'" (internal citations omitted).

In *Banco Industrial de Venezuela, C.A. v. Credit Suisse*, 99 F. 3d 1045 (11th Cir. 1996), the Eleventh Circuit confirmed the Southern District's decision to permit equitable defenses to claims

6

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*, noting that "[t]he[] equitable issues…were brief and argued at great length and detail prior to…trial" and that "public policy would not be served [by denying equitable defenses]." *Banco Industrial de Venezuela, C.A.*, 99 F. 3d at 1051-52. Similarly, in *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards,* 437 F. 3d 1145 (11th Cir. 2006), the Eleventh Circuit also confirmed that the equitable defense of *in pari delicto* can apply to bar a plaintiff from recovering under federal racketeering statutes. *See also* T. Leigh Anenson, *Equitable Defenses in the Age of Statutes*, Robert H. Smith School Research Paper No. RHS 2877457, Review of Litigation, Vol. 37, 2017 (noting that "[t]he Supreme Court has (almost) universally determined that equitable defenses are available in federal statutes for two centuries")(emphasis added); Mary V. Laitos, Danielle V. Smith, and Amy E. Mang, *Equitable Defenses against the Government in the Natural Resources and Environmental Law Context*, 17 Pace Envt'l L. Rev. 273 (2000)("Note that Congress has the authority to preempt a court's equitable discretion through legislative action. Congress has exercised that authority by restricting the court's equitable jurisdiction in some...regulations it has promulgated. For example, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") mandates liability 'notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section.' 42 U.S.C. § 9607(a) (1994)."

As explained in Corellium's Motion for Leave to Amend, the facts that give rise to Affirmative Defense No. 8 applying to Apple's DMCA claims, are exactly the same as to those that apply to Apple's infringement-related claims—specifically that Apple has been long-aware of Corellium's product and how it works, and that Corellium and its founders have always had access to the iOS code, as it is made available by Apple. Indeed, the facts of this instant case perfectly

Case No. 9:19-cv-81160

support the defenses asserted in Affirmative Defense No. 8, whereby Apple has been on notice since, at least, 2014 of the functionality of the virtualization software and Chris Wade's access to the iOS code. ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ and was reminded of its notice of Corellium's access to the code and the Product's functionality.

These facts have been thoroughly explored throughout discovery in this case and all support Apple's knowledge of Corellium's access to and use of iOS code long-before this lawsuit was filed. As the United States Supreme Court has routinely recognized that equitable defenses apply to federal statutes, and as Apple has been able to fully discover the pertinent facts supporting Corellium's assertion of these equitable defenses, this Court should recognize the doctrines of acquiescence, implied license, authorized use, and consent to claims brought under the DMCA.

**WHEREFORE**, Corellium, LLC respectfully requests that this Court grant the instant Motion and any further relief the Court deems proper and necessary.

Dated: May 10, 2021                    Respectfully submitted,

                                        COLE, SCOTT & KISSANE, P.A.
                                        *Counsel for Defendant CORELLIUM, LLC*
                                        Esperante Building
                                        222 Lakeview Avenue, Suite 120
                                        West Palm Beach, Florida 33401
                                        Telephone (561) 612-3459
                                        Facsimile (561) 683-8977
                                        Primary e-mail: justin.levine@csklegal.com
                                        Secondary e-mail: lizza.constantine@csklegal.com

                                    By: *s/ Justin B. Levine*

Case No. 9:19-cv-81160

    JONATHAN VINE
    Florida Bar. No.: 10966
    JUSTIN B. LEVINE
    Florida Bar No.: 106463
    LIZZA C. CONSTANTINE
    Florida Bar No.: 1002945

    *and*

    HECHT PARTNERS LLP
    *Counsel for defendant*
    20 West 23rd St. Fifth Floor
    New York, NY 10010
    Tel: (212) 851-6821
    David L. Hecht *pro hac vice*
    Email: dhecht@hechtpartners.com
    Maxim Price *pro hac vice*
    Email: mprice@hechtpartners.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on May 10, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street

Case No. 9:19-cv-81160

Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*