UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant Corellium LLC, hereby submits this Reply in Support of its Motion for Protective Order [ECF No. 909].

Discovery in this case ended more than one year ago.[1] Nonetheless, Corellium has continued to provide Apple access to Corellium's code and On-Premises Product on a near daily basis, at Apple's request. Accordingly, Apple has had significant time to review all source code. But Apple's continued access has become extremely burdensome (and costly) for Corellium, which must provide on-demand troubleshooting services to Apple and tie up a valuable server.[2]

Apple mischaracterizes events to suggest that Corellium has not been compliant with this Court's Omnibus Order. In fact, Corellium has taken extensive measures to provide Apple access to Corellium's code, where such access has extended long past the close of discovery. Corellium cannot, however, continue to assume such an undue burden. Further, Apple has not (and cannot) demonstrate that it is still entitled to this extraordinary post-discovery access to Corellium's source code and On-Premises Product. Along with providing this access, Corellium went beyond its obligations under Rule 26(f), supplementing its source code to Apple on March 12, 2021. Despite the fact that there had been *no material changes* to the functionality of the Product, Corellium provided the additional source code, upon Apple's request, to avoid any doubt that no material changes had been implemented and, consequently, obviate any need for the Court's intervention. Additionally, Apple also complains about the alleged 10,000 lines of source code provided to Apple on March 26, 2021. Notably, it is not 10,000 lines of code—it is 197.[3] This code, as was previously represented to Apple, is only to be used as a demonstrative aid at trial, and in no way, was part of any formal production—nor did Corellium have any obligation to produce demonstrative aides this soon.

Apple's continuous review of Corellium's source code and remote access to Corellium's on-premises dedicated server has become highly burdensome (and expensive) for

---

[1] Corellium does not agree that its motion falls within the purview of a discovery motion because it is seeking protection from a burden more than a year after the discovery has closed. Moreover, this Reply is timely as the docket provided for replies to be filed by 5/11/2021. ECF No. 913.

[2] In addition to Apple's disingenuous allegations, it contends that Corellium is inherently "styl[ing] as a motion for protective order" what is actually "a motion for reconsideration of the Court's Omnibus Order." ECF No. 913 at 4. This is not a motion for reconsideration but simply a motion for protective order to protect Corellium from the continuous and ongoing review by Apple after discovery has ended and the burden has become significant. ECF 290 (the Stipulation and Proposed Order Regarding Corellium's compliance with Omnibus Order "[was made] without prejudice to Corellium's right to seek further relief, including to seek a protective order").

[3] The demonstrative aid code only represents a change of 197 lines of code.

Case No. 9:19-cv-81160

Corellium as further discussed in Corellium's Motion.[4]

## I. FACTUAL BACKGROUND

Apple has had access to Corellium's source code and On-Premises Product during *and after* discovery pursuant to the Court's Omnibus Order and the Discovery Stipulation. *See* ECF Nos. 249 and 290. The Discovery Stipulation was entered to aid Apple in discovery and to alleviate the restrictions created by COVID-19 and other logistical troubles. *See* ECF No. 249. The Discovery Stipulation was entered "without prejudice to Corellium's right to seek further relief, including to seek a protective order." *Id*. at 10.

In its Omnibus Order, ordered the production of the On-Premises Product to Apple for *discovery purposes*. *See* ECF No. 249, 7-8. After further logistical consideration, Corellium explained to Apple that shipping the on-premises server would be extremely challenging. *See* ECF No. 255, n.1 ("logistical impossibility" due to "parts, labor, loss of a server"). Moreover, Corellium explained that its cloud product and on-premises version function identically. See *id*. at 11. Corellium complied with the Omnibus Order and Discovery Stipulation by facilitating remote access through an expensive dedicated server during and after discovery. *See* ECF No. 909, at 7-8. Apple's complaint that, in early 2020, its expert Dr. Nieh did not have meaningful access prior to the production of the On-Premises product (a claim Corellium disputes) is now moot. Corellium has provided Apple with ongoing access to the On-Premises Product server for more than a year after discovery ended.

Apple's complaint about its access to Corellium's source code prior to production is similarly moot. ECF. No. 913, 2-3. Apple's contention regarding Corellium's source code seems to be directly solely at Corellium's demonstrative aid presentation and *not* Corellium's source code implemented in Corellium's actual product. *Id*., 3. The only additional production of Corellium's source code occurred on March 12, 2021, which contained *no* material changes to the functionality of the Product—only standard and typical software updates. *Id*., *see* Declaration of Chris Wade, **Ex. 1**, ¶ 3. Apple does not (and cannot) argue otherwise. ECF. No. 913, 2-3.

Finally, Apple asserts in its Response that "Corellium *disingenuously* suggests that Apple is harassing Corellium [when] . . . Corellium is well-aware that Apple was often prevented from

---

[4] Contrary to Apple's contentions that Corellium did not confer in good faith, Corellium meaningfully conferred with Apple and filed its Motion because the Parties could not resolve the issues raised in Corellium's Motion.

3

conducting source code review due to connection errors that typically took Corellium days to fix." Response, at 6. Apple conspicuously fails to mention the other nine times that Corellium has acted promptly and diligently (generally within 24 hours), to troubleshoot and resolve issues with the two computers that are hosting the source code and On-Premises versions, to ensure Apple's access remains constant. *See* **Composite Exhibit 2**.

## II. RESPONSE TO APPLE'S ALLEGATION OF RECONSIDERATION

### A. Corellium Has Shown Good Cause For Its Requested Remedy

Corellium seeks a protective order to alleviate the current burden that has resulted from the Court's Omnibus Order and the Discovery Stipulation. ECF Nos. 249 at 10.  To show good cause, the party seeking a protective order must demonstrate a "sound basis or legitimate need to take judicial action." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008).  This requires "a specific demonstration of facts in support of the request." *Id*.

In its Response, Apple argues that Corellium "offers no new law or new facts" in its motion. *See* ECF No. 916 at 4. This is incorrect. Corellium explained in its motion that the circumstances surrounding the Parties' Protective Order have fundamentally changed since its issuance. *See* ECF No. 909 at 3 (noting that "the entire country was forced to adapt to the new COVID-19 travel restrictions" after the issuance of the Protective Order); *see also* ECF No. 909 at 12-13 (explaining that "[d]ue to the pandemic, the trial schedule has been continued six times" and that "Apple no longer has the same need for access [to the on-premises Product] as it did . . . inasmuch as the Court has granted summary judgment against Apple's claim of copyright infringement").  Indeed, when the Court issued its initial Protective Order on December 13, 2019, the parties could not have contemplated unfettered source code access for over a year past the close of discovery.

### B. The Balancing Of Interests Favors A Protective Order

Apple claims that due to "the voluminous nature of Corellium's code changes," granting a protective order "would severely prejudice Apple's ability to fully and fairly prepare for trial." ECF No. 916 at 5.  This claim is incorrect.  The "code changes" consists of only 1) immaterial and typical version updates to the Product and, 2) the other 197 lines of a demonstrative trial aid, both of which Apple has had over a month to view and study (the former for nearly two months). **Ex. 1**, ¶ 3.  Apple has offered no good basis to conclude it is entitled to continued access to these materials.  Corellium, however, has explained in its motion why good cause exists to end such access.

Case No. 9:19-cv-81160

### III.  CONCLUSION

For the reasons stated herein and Corellium's Motion, the Court should grant said Motion.

Dated: May 11, 2021                             Respectfully submitted,

                              COLE, SCOTT & KISSANE, P.A.
                              *Counsel for Defendant CORELLIUM, LLC*
                              Esperante Building
                              222 Lakeview Avenue, Suite 120
                              West Palm Beach, Florida 33401
                              Telephone (561) 612-3459
                              Facsimile (561) 683-8977
                              Primary e-mail: justin.levine@csklegal.com
                              Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.:  106463
      LIZZA C. CONSTANTINE
      Florida Bar No.:  1002945

          *and*

      HECHT PARTNERS LLP
      *Counsel for defendant*
      20 West 23rd St. Fifth Floor
      New York, NY 10010
      Tel: (212) 851-6821
      David L. Hecht *pro hac vice*
      Email: dhecht@hechtpartners.com
      Maxim Price *pro hac vice*
      Email: mprice@hechtpartners.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 11, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing

Case No. 9:19-cv-81160

document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*