**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-RS**

APPLE INC.,

                Plaintiff,

    v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION FOR LEAVE**
**TO FILE A MOTION *IN LIMINE* TO PRECLUDE CORELLIUM'S**
**"DEMONSTRATIVE" THAT DOES NOT REPRESENT ITS ACTUAL PRODUCT**
**<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Apple seeks leave to file a motion *in limine*, attached as Exhibit A, to bar Corellium from using at trial a purported demonstrative exhibit—which is not demonstrative at all, but is instead a made-for-litigation version of its software product that no customer has ever seen—that Corellium just recently disclosed to Apple more than a year after the close of discovery.

On March 26, 2021, Corellium provided Apple with a new set of source code for its iOS-virtualizing software product, CORSEC iOS, saying it intended to use the source code as a "demonstrative aid" at trial. The code contains over 10,000 lines of new code that Corellium never produced in discovery, and ████████████████████████████ does not exist on any versions of the product at issue in this case. And while Corellium apparently intends to run this newly minted software program that executes made-for-trial computer code before the jury, Apple's counsel and experts have had no opportunity to do the same, as they can only review this purported demonstrative code and cannot run it, which requires access to Corellium's internal systems.

When Apple attempted to confer with Corellium about the new source code, Corellium evaded. Corellium's counsel initially declined to provide any further details, claiming they were not obligated to do so. It was not until April 30, 2021, after Apple followed up on multiple occasions, that Corellium revealed that the source code is for a "demonstrative" version of its product that Corellium plans to show to the jury. The problem with Corellium's plan is that the modified version of its product Corellium intends to show the jury is *not* the version of its product at issue in this case—and so it will be confusing and misleading to jurors, who will have difficulty distinguishing it from the real thing. Equally concerning is the fact that Corellium is attempting to prevent Apple from learning anything about this "demonstrative" edition of CORSEC iOS, and has filed a motion seeking to prevent Apple from having any further access to the altered source code, ECF No. 909, which the Court has set for a hearing on Friday, May 28, 2021, ECF No. 926.

Because Corellium did not tell Apple about its made-for-trial version of its product until over seven months *after* the deadline for motions *in limine*, Corellium prevented Apple from knowing about or addressing this issue when motions *in limine* were due. Corellium's creation of a new, trial-specific version of its product long after the deadline for motions *in limine* passed constitutes good cause to modify the Court's scheduling order to permit Apple to file the attached motion in *limine*.

1

## I.      BACKGROUND

In discovery, Apple sought from Corellium all source code related to the product at issue in this case.  *See* Ex. D (RFP Nos. 7–9) at 3.  Corellium first produced its source code in April 2020 in a folder called "████████."  Ex. B (Nightingale Dawson Decl.) ¶ 3.  That source code reflected ████████████████████████—CORSEC iOS[1]—that Corellium sold to customers at that time.  *Id.*  In early 2021, after Apple reminded Corellium of its duty to supplement its productions, including its source code production, Corellium agreed to—and did—supplement its discovery with new source code for the product it makes available to customers.  *Id.* ¶ 4.  This source code, which Corellium produced on March 12, 2021, in a folder called "████████," ████████████████████████████████████████████████████████████ ████████████████████████████████.  *Id.*

Two weeks later, on March 26, 2021, unprompted by Apple, Corellium provided Apple with a third folder of source code, which it dubbed "████████," telling Apple cryptically that it had made a "new, small update" to its code that it intended to use as a "demonstrative aid" at trial.  Ex. E at 2.  Apple's own preliminary inspection of the source code, however, indicates the update is not small, and that it materially differs from Corellium's prior source code productions. The source code Corellium provided on March 26 for its purported demonstrative aid contains over 10,000 lines of code that differ from the source code of the version sold to consumers, which Corellium had produced on March 12.  Ex. C (Nieh Decl.) ¶ 4; Ex. B ¶¶ 4–5.  Notably, these changes ████████████████████████████████████████████████████████. Ex. C ¶¶ 4–5.  ████████ does not exist in any of the versions of CORSEC iOS Corellium has provided for Apple's inspection.  *Id.* ¶ 5.  It is not listed in any of Corellium's release notes, which detail for customers the features and functions of the newest versions of CORSEC iOS.  Ex. B ¶ 5. It is not mentioned in a single document Corellium has produced in this litigation.  *Id.*  And it is not mentioned in any of Corellium's responses to Apple's interrogatory request regarding the versions of Corellium's product and their functionality.  *Id.*; Ex. F at 5–13.  And because Apple cannot use the source code Corellium recently provided to run Corellium's product—that is something only Corellium can do using internal systems that are not available to Apple or its

---

[1] For much of this litigation, the parties and Court have referred to the Corellium product at issue as the Corellium Apple Product.  ████████████████████████████████ ████████████████  Apple now refers to it as CORSEC iOS.

experts—Apple is precluded from knowing how ███████████████████ works in practice. Ex. C ¶ 6.

Apple therefore asked Corellium about its intentions with respect to the source code it provided on March 26. Corellium repeatedly evaded Apple's attempts to meaningfully confer regarding the March 26 source code. Apple emailed Corellium on March 31 and April 1. Ex. B ¶ 6. When Corellium failed to respond to Apple's request to confer, Apple followed up again on April 6, with the parties finally scheduling a time to first discuss the source code on April 9, 2021. *Id.* Even then Corellium refused to provide any further information about its intentions, maintaining that it planned to use the source code as a demonstrative and was not obligated to provide further details. *Id.* Apple continued to examine the source code to determine how best to address Corellium's demonstrative plans, Ex. C ¶¶ 4–5, and followed up with Corellium on April 22, 2021 to better understand Corellium's position, Ex. B ¶ 7. When Corellium again did not respond, Apple followed up on April 26, 2021, and then again on April 28, 2021. Ex. B ¶ 7. Corellium finally agreed to confer with Apple on April 29, 2021, but then was not prepared to address the source code during the parties' call. *Id.* The parties finally conferred again regarding the purported demonstrative on Friday, April 30, 2021. *Id.*

On April 30, Corellium disclosed for the first time that it planned to show the jury a version of CORSEC iOS running "█████████," but refused to provide any further detail on how this altered product would actually be presented to the jury. *Id.* When Apple noted that substantial changes had been made to the code, Corellium admitted that the product was not identical to the product it sold to customers. *Id.* And while Corellium contended the changes were immaterial, it provided no support for this bald assertion and no explanation for why the jury should see a version of Corellium's product that is not at issue in this case. *Id.*

Corellium has also filed a Motion for a Protective Order seeking to prohibit Apple from having any further access to the March 26 source code in the "█████████" folder. ECF No. 909. In its reply in support of that motion, Corellium confirmed that this source code contains new code (though it disputes, without any evidence, the volume of changes related to the demonstrative aid), and reiterated its intention to use the code "as a demonstrative aid at trial." ECF No. 924 at 2. Corellium also admitted that the source code it plans to show the jury as a demonstrative aid is "*not* Corellium's source code implemented in Corellium's actual product." ECF No. 924 at 3 (emphasis in original).

## II.    ARGUMENT

A motion for leave to file a motion *in limine* after the Court's scheduling deadline is effectively a motion seeking to modify that deadline, and thus must be supported by good cause. *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703, 2009 WL 3790415, at *3 (M.D. Fla. Nov. 9, 2009); Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Aceituno v. Carnival Corp.*, No. 20-cv-23935, 2021 WL 1647890, at *2 (S.D. Fla. Apr. 27, 2021) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Here, good cause exists to permit Apple to file a motion *in limine* regarding Corellium's so-called demonstrative aid.  In its first scheduling order, the Court set the deadline for motions *in limine* on August 17, 2020.  ECF No. 32 at 2.  At that time, Apple had no idea—and could not have known with any amount of diligence—that Corellium would later create and attempt to show the jury an altered version of its product that is not offered or sold to customers, and runs on made-for-litigation computer code.  *See* ECF No. 924 at 2–3.  It was not until March 26, 2021 that Apple even learned that Corellium had created new source code that it intended to use as a "demonstrative aid."    Ex. E.    Over the next month, Apple diligently sought clarification on what this "demonstrative aid" was and how it would be used trial.  But Corellium refused to answer.  Ex. B ¶¶ 6–7.  Finally, on April 30, 2021, Corellium clarified that this "demonstrative aid" was not actually the presentation of new source code to the jury, but a new version of its product, running that code, that had been altered solely for the purposes of trial.  Ex. B ¶ 7; *see also* ECF No. 924 at 2–3.  And though Corellium admitted that this made-for-trial version was not identical to the product it sells to customers, it insisted that no further explanation was necessary because any changes it made to the product were purportedly not material—a claim for which Corellium provided no support.  Ex. B ¶ 7.

Apple should not be forced to simply take Corellium's word that the admitted changes it has made to the made-for-trial software are not material, especially when Apple has had no opportunity to test the veracity of Corellium's claim, let alone see what Corellium actually intends to show the jury.  The ▮▮▮▮▮▮▮▮ does not appear in any product to which Apple has been given access, Ex. C ¶ 5, and is not mentioned anywhere in Corellium's technical documents, discovery responses, product release notes, or even its expert reports, Ex. B ¶ 5.  Corellium has refused to provide any clarity on what it seeks to do with this new version of its

product a trial, and since it appears Corellium simply intends to show the jury a litigation-inspired version of its product that is not actually at issue in this case, Apple has no choice but to seek leave to file a motion *in limine* to preclude any use of Corellium's "demonstrative aid." The risk of the jury being confused and misled by Corellium's "demonstrative" and the unfair prejudice to Apple if Corellium is permitted to proceed with its plan, are manifest. And given that none of these facts were or could have been known to Apple at the time motions *in limine* were due, Apple has good cause for seeking leave to file its motion *in limine* after the Court's deadline. *See Long v. Baker*, No. 8:12-cv-1943T35, 2014 WL 12839778, at *2 (M.D. Fla. Sept. 2, 2014) (granting motion for leave to file a supplemental motion *in limine* out of time).

## III.    CONCLUSION

Apple respectfully requests that the Court grant Apple leave to file its motion *in limine* to preclude Corellium from showing or describing to the jury a made-for-trial version of its product that appears to be materially different from the actual product Corellium sells to customers.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred telephonically with counsel for Defendant on May 18, 2021, regarding the relief sought herein.  Defendant opposes the relief sought herein.

Dated: May 19, 2021

Respectfully Submitted,

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice*

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

7