UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                        Plaintiff,

v.

CORELLIUM, LLC,

                        Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANT CORELLIUM, LLC'S
<u>MOTION FOR PROTECTIVE ORDER OBJECTING TO GABE ZELDIN</u>**

A year and a half ago, the parties agreed upon a Protective Order to govern the disclosure of confidential material in this case, which the Court then entered. ECF No. 50. Under that Order, up to three officers or employees of the party receiving discovery can view material the producing party has designated confidential absent "an objectively reasonable concern" from the producing party that the officer or employee will, "advertently or inadvertently, use or disclose Discovery Materials" in a manner contrary to the Protective Order. *Id.* ¶¶ 8(b)(ii), 12(b)–(c). Until April 2021, Apple had only disclosed one employee—an in-house counsel—to review confidential material, and Corellium did not object. Ex. A (E. Nightingale Dawson Decl.) ¶ 5. In the lead-up to trial, Apple disclosed a second in-house attorney—Gabe Zeldin—to whom it wanted to disclose confidential material. *Id.* ¶ 7. Corellium initially did not object, but then—weeks later—suddenly asserted that it did not believe Mr. Zeldin should be given such access. *Id.* ¶¶ 7, 8. Corellium did not, however, identify any specific concern about Mr. Zeldin, in particular, let alone "an objectively reasonable concern" that Mr. Zeldin will "advertently or inadvertently, use or disclose Discovery Materials" in a manner contrary to the Protective Order. *Id.* ¶ 8. Corellium's motion does not identify such a concern either, and must accordingly be denied.

**I.      BACKGROUND**

On December 13, 2019, the Court entered the Parties' agreed-upon Protective Order. ECF No. 50. The Protective Order states that the parties may choose to designate confidential material as "confidential," "confidential – attorneys' eyes only," or "confidential – outside attorneys' eyes only – source code." ECF No. 50 at ¶¶ 2(e), 7. The latter two categories may be reviewed only by outside counsel and certain other authorized persons working with outside counsel. *Id.* ¶¶ 9(b), 10(c). Discovery material designated "confidential," however, may be disclosed to "[n]ot more than three (3) representatives of the Receiving Party . . . who may be, but need not be, in-house counsel for the Receiving Party." *Id.* ¶ 8(b)(ii). Prior to disclosing confidential material to a Receiving Party representative, the Receiving Party must give written notice of the intent to disclose confidential materials along with the representative's: (i) name; (ii) curriculum vitae; (iii) employer name and title; (iv) consulting relationships; (v) patent applications; and (vi) a list of cases in which the recipient has testified. *Id.* ¶ 12(a)(i)–(vi). Corellium has designated almost its entire document production—including 99% of the Corellium-produced trial exhibits—either "confidential" or "highly-confidential, attorney's eyes only." Ex. A ¶¶ 3–4.

Early in the case, Apple designated one in-house attorney, Jesse Koehler, to receive access

1

to Corellium's confidential information. *Id.* ¶ 5. Corellium raised no objection to Mr. Koehler. *Id.* Corellium, in turn, designated two employees, CEO Amanda Gorton and Chief Architect Stanislaw Skowronek, to receive access to Apple's confidential information. *Id.* ¶ 6. Corellium attempted to designate a third employee, Chief Technology Officer Chris Wade, but Mr. Wade refused to comply with the procedures required by the Protective Order, *see generally* ECF No. 185 (Apple Mot. to Sustain Obj.), and the Court subsequently sustained Apple's objection to Mr. Wade's access to confidential information due to his failure to comply with the Order, ECF No. 209 (granting without prejudice ECF No. 185). *See* Feb. 27, 2020 Hr'g Tr. at 168–71.

Trial in this matter is scheduled for July 6, 2021. ECF No. 898. On April 6, 2021, Apple provided Corellium with written notice that it intended to disclose Corellium's confidential discovery materials to Gabe Zeldin, an in-house attorney at Apple, in connection with Apple's preparation for trial. Ex. B at 2. Under the Protective Order, Apple's notice started a 7-day clock during which Corellium could object to disclosure to Mr. Zeldin *only* "for good cause," defined as "an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with . . . this Order." ECF No. 50 ¶ 12(b)–(c). Corellium made no objection within seven days, and, accordingly, by the terms of the Protective Order, Mr. Zeldin was "deemed approved." *Id.* Thereafter, as contemplated by the Protective Order, Mr. Zeldin executed Exhibit A thereto, which Apple returned to Corellium, and began reviewing confidential discovery material. *See* Ex. B at 1; Ex. C; *see also* ECF No. 50 ¶¶ 8(b)(ii), 12(d).

On May 3, 2021, approximately a month after Apple initially designated Mr. Zeldin, and three weeks after he was deemed approved, Corellium suddenly and for the first time objected to the disclosure of confidential information to Mr. Zeldin. Ex. D at 2. While the Protective Order does permit a Producing Party to raise an objection to a designated person's "continued access," it again permits such an objection only for "good cause." ECF No. 50 ¶ 12(e). Corellium, however, gave *no* reason for why its position changed, Ex. D at 2, and even when the parties conferred, Corellium offered no specific concerns about Mr. Zeldin, Ex. A ¶ 8. Instead, the entire basis of Corellium's objection—as confirmed in its motion—is Corellium's belief that Apple's one in-house attorney, together with its outside counsel, constitute "enough" lawyers to advise Apple regarding its trial strategy. *See* ECF No. 927 at 2, 8; *see also* Ex. A ¶ 8; Ex. D at 2.

## II. CORELLIUM HAS FAILED TO DEMONSTRATE "GOOD CAUSE" TO DENY ACCESS

Corellium has not come close to demonstrating "good cause" to deny Apple's in-house attorney access to confidential materials under the Protective Order. Corellium provides *no* "objectively reasonable concern" that Mr. Zeldin will "advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with . . . this Order." ECF No. 50 ¶ 12(c). Corellium has not identified any reason to believe Mr. Zeldin will not comply with the Protective Order. Nor has it identified any reason to believe Mr. Zeldin will violate his legal oaths by using or disclosing confidential Corellium information in an impermissible way. Instead, Corellium seeks to arbitrarily reduce the Protective Order's contemplated *three* party representatives with access to confidential information to *one*. This inappropriate, tactical misuse of the Protective Order should not be countenanced.

Corellium's arguments regarding Apple's counsel's supposed lack of need for access are wholly misguided. Apple, like many companies, is advised by in-house counsel as well as outside counsel. Outside counsel cannot make every litigation decision—some decisions are exclusively within the client's purview. *See, e.g.*, ABA Model Rules of Professional Responsibility 1.2, Client-Lawyer Relationship. Given that Corellium has designated a very large portion of its production "confidential," it is difficult for in-house counsel to meaningfully understand the case, let alone advise their in-house clients, without access to confidential information. As Apple prepares for trial, it is utterly reasonable for two in-house attorneys to share this role. Preventing Mr. Zeldin from reviewing the majority of trial evidence would prejudice Apple by putting improper procedural restrictions on its access to evidence. Moreover, Corellium retains full protection for its most highly confidential information, including its technical operations and source code, as those remain subject to review by outside counsel only. ECF No. 50 ¶¶ 9, 10.

Corellium argues that, notwithstanding the Protective Order's express contemplation that Apple could designate *three* in-house attorneys to access confidential materials, Mr. Zeldin should be denied such access because his role as in-house counsel renders him unable to "compartmentalize the confidential information of a competitor." ECF No. 927 at 7. Courts have long rejected this sort of blanket objection, recognizing rightly that denying in-house attorneys access to confidential material due to "their status as in-house counsel is error." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984); *see also In re Deutsche Bank Tr. Co. Am.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Instead, "[w]hether an unacceptable opportunity for

3

inadvertent disclosure exists . . . must be determined . . . by the facts on a counsel-by-counsel basis." *U.S. Steel Corp.*, 730 F.2d at 1468. Corellium, however, provides *no* facts with respect to Mr. Zeldin, making such a counsel-by-counsel analysis impossible.

Nor is Mr. Zeldin rendered ineligible by the fact that, three years ago, Apple considered acquiring Corellium. Corellium was well aware of its prior negotiations with Apple when it voluntarily agreed to a Protective Order allowing the disclosure of confidential information to up to "three (3) representatives of the Receiving Party," including "in-house counsel for the Receiving Party." ECF No. 50 ¶ 8(b)(ii). If Corellium was actually concerned that allowing access to confidential information to *two* in-house attorneys was materially different than allowing such access to *one* in-house attorney, Corellium could have sought different terms in December 2019. As it stands, however, Corellium's motion is nothing more than an attempt to unilaterally narrow the scope of the agreed-upon Protective Order on the eve of trial to make litigation more difficult for Apple.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests the Court deny Corellium's Motion for Protective Order.[1]

---

[1] In addition to the substantive merits, Corellium's 8-page motion exceeds this Court's 5-page limit. *See* ECF No. 34 (Order Setting Discovery Procedure) ¶ 2. Failure to comply with the Court's discovery procedures constitutes an independent ground for denying the motion. *Id.*

Dated: May 21, 2021

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel
*joe.wetzel@lw.corm*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.

5