**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:19-cv-81160-RS**

APPLE INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF**
**APPLE INC.'S MOTION FOR LEAVE TO FILE A MOTION *IN LIMINE* TO**
**PRECLUDE CORELLIUM'S "DEMONSTRATIVE" THAT DOES**
**NOT REPRESENT ITS ACTUAL PRODUCT**

      Defendant, Corellium, LLC ("Corellium"), by and through undersigned counsel, files this

Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion for Leave to File a Motion *in*

*Limine* to Preclude Corellium's "Demonstrative" that does not Represent its Actual Product [ECF

No. 931] (the "Motion"), and in support states as follows:

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## I.    Introduction

Plaintiff's Motion should be denied because it proposes an improper motion *in limine* and has failed to show good cause to extend the Court's deadline to file a motion *in limine*. The source code in question is intended solely as a demonstrative aid to facilitate the jury's understanding of complex high-tech concepts at issue that will be the subject of testimony.  It is not to be submitted as evidence or to the jury during deliberations. A motion *in limine* is an improper procedural vehicle to object to demonstrative aids. Moreover, the source code to be used to elucidate testimony has been disclosed to Plaintiff well in advance of trial; in fact, Plaintiff has had access to Corellium's source code since April 2020 which contained the same source code as the demonstrative aid. Plaintiff has ample opportunity to prepare its cross-examination or other challenge to the aid within the context of trial as the testimony unfolds, during which time the Court can better assess its usefulness as an aid for the jury.

Plaintiff's proposed Motion is not only premature outside the context of trial testimony, it lacks merit on its face.  Plaintiff has not and cannot make any showing that the only code that will not confuse the jury is the alleged product at issue. In fact, additional code could help the jury understand Corellium's position that Apple does not have effective technological protection measures ("TPMs") in place as iOS is able to run on non-Apple hardware without any patches or modifications. Further, the jury has every right to evaluate other code that may have been considered in the development of the product and/or contrasted or compared to the product in order to assist its understanding of a highly technical and specialized issue of computer science.

Accordingly, the Plaintiff's Motion should be denied.

## II.    Factual Background

On April 2020, Corellium produced its source code to Apple for review and inspection. ECF No. 909, at 4. In addition, on March 12, 2021, Corellium produced to Apple updates to its source code. *Id*., at 12. Importantly, on March 26, 2021, Corellium produced to Apple the source code to a "patchless" demonstrative aid it intends to use at trial ("demonstrative aid"). Wade Decl. ¶ 3. Corellium was under no duty to produce this demonstrative aid and did so as a courtesy to Apple. To be clear, the demonstrative aid is Corellium's source code without any patches. *Id*., ¶¶

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

3, 6 This "patchless" change constitutes 138 lines of code that have been changed.[1] *Id*., ¶ 6. The code was produced in a manner that makes it easy to identify which code has changed. *Id*., ¶¶ 4, 5. This demonstrative aid containing Corellium's code was created to accompany testimony explaining that the patches CORSEC includes are merely to provide its customers with a user-friendly security research environment for iOS, and have no effect relevant to the circumvention of Apple's alleged TPMs. *Id*., ¶ 7. This testimony is at the heart of Corellium's defense to the DMCA claims. Notably, Apple's lack of effective TPMs is evidenced by this "patchless" demonstrative aid that allows iOS to run on non-Apple hardware without the alleged modifications. Wade Decl. ¶¶ 7, 8.

Plaintiff admits that it has reviewed the demonstrative aid source code and even had its expert, Jason Nieh, inspect and scrutinize the demonstrative aid's source code. Motion, at 2 and Ex. C. Corellium's demonstrative aid contains the same source code that Apple has reviewed since at least April 2020, with the minor removal of patches. Wade Decl. ¶¶ 6-8. This demonstrative aid is highly relevant to the only issue in this case—Plaintiff's DMCA claim—where Apple claims Corellium uses patches or modifications to circumvent Apple's TPMs.

## III.    Legal Argument

Even if Plaintiff's proposed motion were a proper motion in limine (it is not), "[a] motion for leave to file a motion in limine beyond [Court's] deadline is effectively a motion seeking to modify [the Court's] deadline." *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703, 2009 WL 3790415, at *3 (M.D. Fla. Nov. 9, 2009). A Court's "deadline will not be extended absent a showing of good cause and with the judge's consent." *Id*. (emphasis added). Plaintiff cannot make this showing with respect to the anticipated demonstrative aid.

### a.    Plaintiff Cannot Show Good Cause to Extend the Court's Deadline

A motion *in limine* is not the vehicle to object to a demonstrative aid. Instead, this District reviews objected demonstrative aids prior to trial to make a determination of its use at trial.[2]

---

[1] Contrary to Plaintiff's contention that the demonstrative aid contains "substantial changes" (Motion, at 3), the demonstrative aid contains only 138 lines of changed code. Wade Decl. ¶ 6.
[2] *Summit Towers Condo. Ass'n.*, 2012 WL 12838460, at *1 ("If opposing counsel objects to the demonstrative aid, counsel shall bring the demonstrative aid to calendar call and the Court will rule on its use at trial."); *see also Exime v. E.W. Ventures, Inc.*, No. 08-60099-CIV, 2009 WL 454278, at *4 (S.D. Fla. Feb. 11, 2009) ("In the event a party objects to the use of a particular demonstrative aid, then the Court shall examine each such item prior to trial.").

Specifically, this Court has explained that demonstrative aids should be "[d]iscuss[ed] in advance with opposing counsel in effort to reach agreement."[3] Thus, a motion *in limine* is not the vehicle used to object to demonstrative aids.

Plaintiff disingenuously claims that Corellium prevented it from learning about the demonstrative aid. *First*, Corellium was under no duty to provide its demonstrative aid so far in advance. *See Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60601-CIV-SEITZ/SIMONTON, 2012 WL 12838460, at *1 (S.D. Fla. May 7, 2012) (finding that "[i]f the parties seek to use demonstrative aids they shall show them to opposing counsel at least 24 hours before [] calendar call."). *Second*, Corellium not only disclosed to Plaintiff what it intended to use as a demonstrative aid at trial, but has given Apple unfettered access to review the few differences in the code for the demonstrative aid for the past two months. *Third*, the demonstrative aid has not been prepared by an expert because it does not constitute an expert opinion, it illustrates the knowledge of the creators of Corellium which will be the subject of extensive testimony. *Cf. Hughes v. GEICO Gen. Ins. Co.*, 2018 WL 490506, at n. 2 (M.D. Fla. Jan. 19, 2018) (prohibiting expert from testifying on "demonstrative exhibits" because it constituted an "an analysis and methodology" of the expert and was not "timely provided by the expert.").

Accordingly, Apple has not shown good cause to extend the Court's deadlines to file a motion *in limine* to preclude Corellium's demonstrative aid.

b. Corellium's Demonstrative Aid is Highly Relevant

Apple's proposed motion lacks merit. Rule 611(a) of the Federal Rules of Evidence declares that the "court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and the presentation effective for the ascertainment of the truth." "Demonstrative aids are regularly used to clarify or illustrate testimony." *U.S. v. Salerno*, 108 F.3d 730, 744 (7th Cir. 1997). Black's Law Dictionary defines

---

[3] William Donald Matthewman, Judicial Practice Survey, at https://www.floridabar.org/directories/courts/fed-corner/fcpc-guide/fcpc-survey/?doc=a2k1R000003awYzQAI, last visited May 25, 2021.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

demonstrative evidence as "[p]hysical evidence that one can see and inspect."[4] "Many [demonstratives] are not supposed to be actual evidence, but 'aids' to understanding."[5]

Here, the code for this "patchless" demonstrative aid provides a technical demonstration that no patches are required to run Apple's copyrighted work, iOS, on non-Apple hardware and that Corellium knew the same to be true. Wade Decl. ¶ 7. This demonstrative aid is relevant because Plaintiff brings a DMCA claim in which it contends to have implemented effective TPMs prevent iOS to run on non-Apple hardware. ECF No. 589, ¶¶ 18-19. Further, Apple asserts that Corellium "enabl[es] its users to circumvent the technological protection measures that are designed to limit where and how Apple's copyrighted works can be used." *Id.*, ¶ 28. What the demonstrative aid intends to show is at the crux of the DMCA issue in this case. Specifically, the demonstrative aid shows that Corellium knows that it is able to run iOS on non-Apple hardware without a single patch (alleged circumventions), and without changing a single byte of iOS code. Wade Decl. ¶ 7. Further, the demonstrative aid goes to show that the patches generated by Corellium are merely to make CORSEC user-friendly and not made to bypass any TPMs, because iOS can be run without any changes or bypasses. *Id.*

A district court "may exclude relevant evidence *only* when unfair prejudice substantially outweighs probative value." *Williams*, 2018 WL 3412858, at *2. Notably, there is no unfair prejudice to Plaintiff, which has had access to the demonstrative aid since March 26, 2021, and its expert has reviewed the demonstrative aid source code and to prepare its cross examination. ECF No. 931-3, Ex. C to Motion, ¶¶ 3-7. More importantly, Plaintiff has had access to Corellium's source code since April 2020 (Motion, at 2) as well as the removal of patches to the source code, essentially this is the same source code that Apple has had access to since April 2020. Wade Decl. ¶¶ 6-8; 0.01% has changed.

Plaintiff complains that the demonstrative aid "will be confusing and misleading to jurors" because it is "not the version of its product at issue in this case." Motion, at 1. Plaintiff gives no explanation for why a juror could not distinguish between the product at issue under the DMCA and all other source code, or why the jury could not be further instructed by the Court on the

---

[4] *Demonstrative Evidence*, BLACK'S LAW DICTIONARY (10th ed. 2014).
[5]       *Demonstrative          Evidence*,          LAW.COM          DICTIONARY,
https://dictionary.law.com/Default.aspx?selected=486, last visited May 25, 2021.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING · 222 LAKEVIEW AVENUE, SUITE 120 · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

purpose of demonstratives, as opposed to admissible evidence.  Whether the source code represents any actual product is irrelevant. The code helps illustrate the knowledge of the Corellium programmers that such patches are not necessary. It is not a "made-for-trial" version of the Corellium product as Plaintiff contends, but even if it were, it is proper to prepare demonstrative aids for trial that facilitate the jury's understanding of complex technical issues.[6] Motion, at 1.

Plaintiff's proposed motion *in limine* would also be improper because it can show no prejudice, even if it were a proper and timely motion *in limine*. "Motions in limine are most appropriate when filed to prevent a party from attempting to introduce such highly prejudicial evidence that mere mentioning of the evidence could not be remedied by an instruction to disregard." *Horowitch*, 2009 WL 3790415, at *5. "Motions in limine are generally disfavored." *Williams v. Ross Dress for Less, Inc.*, No. 0:17-CV-61673-KMM, 2018 WL 3412858, at *2 (S.D. Fla. July 6, 2018). Despite the fact that Plaintiff is seeking protected attorney trial strategies and mental impressions, Corellium produced the demonstrative aid source code for Apple to review and for its expert to inspect. In contrast, Plaintiff has not disclosed any of the demonstrative aids it intends to use at trial. Contrary to Plaintiff's allegations, Corellium has provided more information than required for a demonstrative aid and does not need to disclose its trial strategy, specifically, *how* the demonstrative aid "would actually be presented to the jury." Motion, at 3.

Similar to this case, in *Tritek Technologies*, the Court found "that the probative value of the demonstrative exhibit is not substantially outweighed by its prejudicial effect" when "Defendants were able to view [] modifications in advance of preparing their response, and therefore have had an adequate opportunity to address these changes in configuration in preparing their responding brief." *Tritek Technologies, Inc. v. U.S.*, 67 Fed.Cl. 727, 733 (2005). Therefore, because Plaintiff has been given access to Corellium's "patchless" demonstrative aid for the past two months, like in *Tritek Technologies*, the value of Corellium's "patchless" demonstrative aid is not substantially outweighed by any alleged prejudicial effect.

Accordingly, the motion Plaintiff requests leave to file cannot be made *in limine*, lacks good cause to be filed in an untimely manner, and lacks all merit even if it was otherwise proper.

---

[6] *Am. Technical Ceramics Corp. v. Presidio Components, Inc.*, 490 F.Supp.3d 593, 642 (E.D. NY 2020) (finding that "visual aids are indispensable to a lay juror's comprehension of the advanced, often technical subjects that arise in patent cases.").

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion should be denied.

Dated: May 26, 2021                              Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: lizza.constantine@csklegal.com

By:    *s/ Lizza C. Constantine*
JONATHAN VINE
Florida Bar. No.: 10966
JUSTIN B. LEVINE
Florida Bar No.:  106463
LIZZA C. CONSTANTINE
Florida Bar No.:  1002945

   *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave., 25th Floor
New York, NY 10017
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 26, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing

document is being served on all counsel of record identified on the attached Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

by some other authorized manner, or a combination thereof, so as to comply with the requirements

of Local Rule 5.4 and other applicable rules and procedures.

## **SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*