UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81160-CIV-SMITH

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant CORELLIUM, LLC ("Corellium") by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 36(b), hereby moves for leave to amend its Responses to Plaintiff's, APPLE INC. ("Apple"), First Set of Requests for Admission, and in support thereof, states as follows:

Case No.: 19-CIV-81160

## PROCEDURAL BACKGROUND

1. On August 15, 2019, Apple filed its Complaint and Demand For Jury Trial [D.E. 1] ("Complaint"), asserting claims for copyright infringement under 17 U.S.C. § 501 against Corellium.

2. On October 9, 2019, Plaintiff served Corellium with its First Set of Requests for Admission ("Requests") seeking information pertaining to the claims in its Complaint.

3. In response, on November 18, 2019, Corellium served its Responses to Plaintiff's First Set of Request For Admission ("Responses"), admitting or denying Plaintiff's Requests to the best of its knowledge based on its understanding of the claims and issues in dispute up to that time.

4. On December 27, 2019, Plaintiff filed its First Amended Complaint and Demand For Jury Trial [D.E. 56] ("Amended Complaint") asserting new claims under 17 U.S.C. § 1201.

5. On January 10, 2020, Corellium filed its Answer, Affirmative Defenses, and Counterclaims to Apple's First Amended Complaint [D.E. 64], denying in whole any violation of 17 U.S.C. § 1201.

6. In preparing for trial, Corellium engaged in a detailed review of its responses to Apple's discovery. Specifically, it reviewed each of the 150 requests for admission Apple served on Corellium and became aware of materially incorrect admissions in its Amended Responses in relation to four admissions requests, namely Nos. 51, 55, 56 and 57.

7. Specifically, Corellium seeks to amend its responses to request numbers 51, 55, 56, and 57, which read as follows:

> 51. Admit that the Corellium Apple Product displays the selected versions of iOS to the user when installed on a Virtual Device;
>
> 55. Admit that the Corellium Apple Product makes modifications to iOS that allow it to be installed on, and run from, Corellium-developed or Corellium-operated hardware;
>
> 56. Admit that the Corellium Product allows users to "jailbreak" or otherwise bypass one or more Security Measures;
>
> 57. Admit that Corellium gave one or more Persons access to the Corellium Apple Product for the purpose of allowing such Person or Persons to develop software that can be used to "jailbreak" or otherwise bypass one or more Security Measures.

8. On March 5, 2021, Corellium Amended some of its Responses to Apple's First Request for Admissions ("Amended Responses") to reflect the changes it made to the four requests.

9. As the requested relief would subserve the presentation of the merits of the case and would not prejudice Plaintiff, Corellium respectfully requests this Court to enter an Order granting its Motion.

## MEMORANDUM OF LAW

### I. Legal Standard

A district court is "entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade County,* 297 F.3d 1255, 1263 (11th Cir. 2002). The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F. 3d 1255, 1264 (11th Cir. 2002)(citing *Pickens v. Equitable Life Assurance Soc'y*, 413 F. 2d 1390, 1393 (5th Cir. 1969)). "When a party uses [Rule 36] to establish uncontested facts and to narrow the issues for trial, then the [R]ule functions properly." *Perez*, 297 F. 3d at 1268. "While Rule 36 is designed to be a 'time-saver,' it should not be used as a weapon…in hope that [one side]…will admit essential elements [] that the party has already denied in its answer.'" *Pallis v. Samouilidis*, No. 18-80989-CIV-DIMITROULEAS, 2019 WL 4730739, at *2 (S.D. Fla. July 18, 2019). Rule 36(b), governing the withdrawal or amendment of admissions, reads as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Based on the language of this Rule, "[The Eleventh Circuit] [has] held that district courts should apply a 'two-part' test in deciding whether to grant or deny a motion to withdraw or amend admissions." *Perez*, 297 F. 3d at 1264. *See also, e.g., In re Fancher*, 802 Fed. Appx. 538, 543 (11th Cir. 2020)(holding that "[The Eleventh Circuit] [has] established that courts in our Circuit must apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions"); *Reid v. Neal*, 688 Fed. Appx. 613, 615 (11th Cir. 2017)(noting that "as the record shows, the [district] court applied the appropriate legal standard [by applying a two-part test]");

Case No.: 19-CIV-81160

*Smith v. First Nat. Bank of Atlanta*, 837 F. 2d 1575, 1577 (11th Cir. 1988)(noting that "Rule 36(b) [] establishes a two-part test in considering the withdrawal of admissions…").

"First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admission in its presentation of the case." *Perez*, 297 F. 3d at 1264; *see also Fancher*, 802 Fed. Appx. at 543; *Reid*, 688 Fed. Appx. at 615; *Smith*, 837 F. 2d at 1577.

## II. Promotion of Presentation on the Merits

A withdrawal or amendment will subserve the presentation of the merits if it "would [] aid[] in the 'ascertainment of the truth and the development of the merits.'" *Perez*, 297 F. 3d at 1266 (citing *Smith*, 837 F. 2d at 1577). In *Smith*, defendant First National Bank of Atlanta admitted all matters in the plaintiff's requests for admission as a matter of law when it failed to timely respond. Holding that "[i]t would be manifestly unfair and grossly unjust to permit the plaintiff to obtain a judgment of the magnitude she is seeking due to the inadvertence of the defendant which is at most excusable neglect," (emphasis added) the district court permitted amendment. The Eleventh Circuit affirmed the court's decision, noting that "Rule 36(b) 'emphasizes the importance of having the action resolved on the merits,'" and that permitting amendment would further that goal. *See* 837 F. 2d at 1577-78 (emphasis added). Similarly, in *Bouzaglou v. Synchrony Financial*, No. 19-CV-60118-BLOOM/VALLE, 2019 WL 3852295 (S.D. Fla. Aug. 15, 2019), this Court permitted a defendant to amend its responses to a plaintiff's request for admission where "[s]everal of the [r]equests bear directly on the…claims at issue and deeming them admitted would materially affect the presentation of the case." (emphasis added).

Much like the defendant in *Smith*, it would be manifestly unfair and grossly unjust to permit Apple to obtain a judgment of the magnitude it is seeking due to the inadvertence of the Defendant. Importantly, Apple's first set of discovery included: 65 requests for admissions, 18 interrogatories, and 87 requests for production. Corellium prepared responses to all of these discovery requests when it responded to the admissions requests at issue. In addition, Corellium reviewed a large amount of documents in response to Apple's initial 87 requests for production. In preparation for trial, Corellium scrutinized each of its responses to discovery and discovered its inadvertent admissions to Requests for Admissions Nos. 51, 55, 56 and 57. Consequently, and upon its review, Corellium seeks leave to amend its responses to Apple's Requests for Admissions Nos. 51, 55, 56 and 57 due

Case No.: 19-CIV-81160

to its inadvertent admissions. *See Am. Heat Industries, Inc. v. Niagara Industries, Inc.*, 2009 WL 10668939, at *2 (S.D. Fla. Jan. 23, 2009) ("permitting the withdrawal of these admissions" reasoning that "upholding the admissions would practically eliminate any presentation of the merits of the case.").

As all of the requests bear directly on the DMCA claim at issue, the alleged trafficking and circumvention of security measures, the Court should permit Corellium to amend its Reponses so that these admissions can be examined at trial. *See also Pallis,* 2019 WL 4730739, at *2 (S.D. Fla. July 18, 2019)(noting "[i]ssues obviously subject to dispute should be resolved at trial, not in a discovery motion" and that "here, where [d]efendant has denied in his [a]nswer all the allegations of the [c]omplaint and has proceeded to attempt to defend [the claim] on the merits, [the court will permit amendment]"); *see also Harty v. YDB Three Lakes, L.C.*, Case No.: 09-61386-CIV, 2010 WL 2634443, at *2 (S.D. Fla. June 30, 2010) (granting amendment of admissions responses finding that "[r]efusal to allow Defendant to file its Answers to Requests for Admissions would essentially eliminate any presentation of the merits of this case.").

### III.    Prejudice to Plaintiff

Importantly, "[t]he prejudice contemplated by [] Rule [36] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admissions." *Smith*, 837 F. 2d at 1578; *Perez*, 297 F. 3d at 1266, *Fancher*, 802 Fed. Appx. at 544; *Bouzaglou*, 2019 WL 3852295, at *4. "For this reason a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Perez*, 297 F. 3d at 1266-67; *Fancher*, 802 Fed. Appx. at 544; *Marsh v. Celebrity Cruises, Inc.*, No. 1:17-cv-21097-UU, 2017 WL 11537383, at *4 (S.D. Fla. Dec. 13, 2017)(emphasis added).

In *Perez*, the Eleventh Circuit vacated and remanded this Court's decision denying a defendants motion to withdraw its admissions because the defendant "'ha[d] not provided an adequate excuse' to justify withdrawing an admission." 297 F. 3d at 1266. In that case, District Court Judge James Lawrence King held that defendants' "utter neglect of [the] case and flagrant disregard for the Federal Rules of Civil Procedure for over seven months" did not justify withdrawal of admissions. *Id.* at 1262. Evaluating Judge King's holding under a highly-deferential abuse of

5
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No.: 19-CIV-81160

discretion standard, the Eleventh Circuit held that "withdrawal was not only appropriate but necessary," as the Plaintiff "knew from the very beginning—and continued to be made aware—that he would have to prove many of the elements of his case now deemed admitted" and that "[t]he only prejudice [Plaintiff] would have likely suffered would have been the inconvenience of having to gather evidence, and this '[does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion.'" *Id.* at 1266, 1267-68. Noting that Rule 36 "is a time-saver [] designed to 'expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*" (emphasis original), the Court expressly found "no prejudice because [Plaintiff] deposed [a now deceased defendant] before the trial [and had an opportunity to] cross-examine[] him at the trial." (emphasis added). *Id*. at 1267, n. 26.

Much like the Eleventh Circuit held in *Perez*, amendment of Corellium's admissions is not only appropriate but necessary because Apple knew from the very beginning of this case that Corellium fundamentally denies all of its claims, Apple will suffer no prejudice as a result of amendment, and that Apple both had the opportunity to depose Corellium's officers extensively relative to the DMCA before trial and *will have* the opportunity to cross-examine them at trial. *See also Marsh*, 2017 WL 11537383, at *4 (granting defendant's motion for relief from deemed admissions where "[Defendant] maintained from the very beginning that [it] would contest [Plaintiff's] core allegations" and that "cases finding prejudice to support a denial generally show a...high[] level of reliance on the admissions")(citing *Hadley v. United States*, 45 F. 3d 1345, 1449 (9th Cir. 1995), where "the district court denied the defendant's motion for withdrawal of its admissions in part *because the motion was not made until the middle of trial when the plaintiff had nearly rested its case…and had even shown the admissions to the jury*")(emphasis added).

As granting Corellium's request for leave would subserve the presentation of the merits, and as granting said request would not materially prejudice Apple as that term is defined by the Eleventh Circuit, the Court should grant this Motion.

## IV.    Conclusion

**WHEREFORE**, Defendant, Corellium, LLC, respectfully requests this Court to enter an Order permitting it leave to serve amended responses to Requests for Admissions Nos. 51, 55, 56 and 57 contained in Plaintiff's First Set of Requests for Admission, and any other relief this Court deems necessary and proper.

Case No.: 19-CIV-81160

# LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via telephone and email with counsel for Plaintiff on April 9, 2021, and April 13, 2021, regarding the relief sought herein. Plaintiff opposes the Motion and the relief requested herein.

Dated: June 2, 2021               Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
        JONATHAN VINE
        Florida Bar. No.: 10966
        JUSTIN B. LEVINE
        Florida Bar No.:  106463
        LIZZA C. CONSTANTINE
        Florida Bar No.:  1002945

        *and*

        HECHT PARTNERS LLP
        *Counsel for defendant*
        20 West 23rd St. Fifth Floor
        New York, NY 10010
        Tel: (212) 851-6821
        David L. Hecht *pro hac vice*
        Email: dhecht@hechtpartners.com
        Maxim Price *pro hac vice*
        Email: mprice@hechtpartners.com

Case No.: 19-CIV-81160

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 2, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

Case No.: 19-CIV-81160

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*