UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

FILED BY KJZ D.C.
Jun 8, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING CORELLIUM'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES [DEs 902, 904]

THIS CAUSE is before the Court upon Defendant Corellium, LLC's ("Corellium") Motion for Leave to Amend its Affirmative Defenses ("Motion") [DEs 902, 904]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Plaintiff Apple Inc. ("Apple") has filed a response to the Motion [DEs 911, 917], and Corellium has filed a reply [DEs 921, 923]. The Court held a hearing on the Motion via Zoom video teleconference (VTC) on May 28, 2021. This matter is now ripe for review.

Corellium moves (1) to add Digital Millennium Copyright Act (DMCA) exemption 17 U.S.C. §1201(e) ("Law Enforcement") as an affirmative defense to Apple's claims under the DMCA and (2) to clarify that Affirmative Defense No. 8 applies to Plaintiff's DMCA claim, and not only to its infringement claim. Apple argues that the Motion is untimely, the proposed amendment would be prejudicial to Apple, and amendment would be futile.

When a motion to amend a pleading is filed after the deadline set forth in the Scheduling Order, the party seeking to amend must demonstrate good cause under Federal Rule of Civil

1

Procedure 16(b). *Sream, Inc. v. Munjal Corp.*, No. 18-cv-80743, 2019 WL 9048996, at *1 (S.D. Fla. Mar. 26, 2019) (quoting *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)). A motion to amend can be denied when it is the result of undue delay, would cause undue prejudice, or would be futile. *See, e.g.*, *Donnelly v. Wal-Mart Stores E., LP*, No. 20-11070, 2021 WL 371464, at *5 (11th Cir. Feb. 3, 2021); *Collins v. Marriot Int'l Inc.*, No. 09-cv-22423, 2012 WL 12950013, at *1 (S.D. Fla. Mar. 14, 2012).

The Court finds that Corellium's Motion is due to be denied on several bases. First, the Motion is clearly untimely. Pursuant to Docket Entry 45, Apple was required to amend its complaint by December 22, 2019. Apple filed its First Amended Complaint, and Corellium filed its Answer, Affirmative Defenses, and Counterclaims on January 10, 2020.[1] [DE 64]. Corellium asserts that it was not aware of the facts underlying the new Law Enforcement affirmative defense over a year ago when it filed its affirmative defenses. However, at the very least, Corellium could have moved to add the new Law Enforcement affirmative defense and to clarify Affirmative Defense No. 8 several months ago, rather than only two months before trial.[2] This is because the law enforcement entity at issue signed a contract with and became a customer of Defendant approximately eight months ago, and the clarification of Affirmative Defense No. 8 could have been requested much earlier. Not only is the Motion untimely, but Corellium has also failed to establish good cause for the delay. The Court rejects Corellium's argument that it was not at all dilatory.[3]

---

[1] Apple did later file a Second Amended Complaint, but it simply attached an additional exhibit and did not create an opportunity for Corellium to assert new affirmative defenses. Corellium filed its Answer to the Second Amended Complaint, Affirmative Defenses, and Counterclaims on July 17, 2020. [DE 599].
[2] Trial is currently set for July 6, 2021. [DE 898].
[3] Additionally, if the Court permitted Corellium to assert the Law Enforcement affirmative defense at this late date, it could set a precedent that might lead to unintended consequences in other DMCA cases. For example, a defendant in

2

Second, granting the relief sought would prejudice Apple because the scheduled trial date is July 6, 2021, and Apple would not be able to conduct discovery on the newly disclosed affirmative defense. Moreover, the Court finds that it would be improper to reopen discovery when it has been closed for over a year. Corellium's argument that Apple should have surmised Corellium's potential assertion of the Law Enforcement affirmative defense in light of the discovery produced to Apple is disingenuous. On one hand, Corellium is inconsistently arguing that Apple knew about the possible applicability of the Law Enforcement exception and should have conducted discovery on that issue. On the other hand, however, Corellium argues that it could not file this Motion until just recently. There is an issue of basic fairness here. The parties must be able to rely on the dates in the Scheduling Order, and it is simply unfair for a party to wait until the eve of trial to raise a new affirmative defense. Moreover, the parties have been extremely litigious throughout this case, especially during the discovery process, and reopening discovery on a new affirmative defense would inevitably lead to more disputes, motion practice over the scope and nature of discovery, and a delay of the trial date.

Third, with respect to the new Law Enforcement affirmative defense, Corellium's counsel represented at the hearing that the issue of whether the Law Enforcement exception to a DMCA claim must be raised as an affirmative defense is an issue of first impression. Corellium's counsel also stated that Corellium is seeking to add the affirmative defense in an abundance of caution. To the extent that Corellium is arguing that the Law Enforcement exception might not actually need to be pled as an affirmative defense and might merely constitute a denial of Apple's DMCA claim,

---

a DMCA case could belatedly offer a "sweetheart deal" to a government agency in order to enable the defendant to raise the Law Enforcement affirmative defense on the eve of trial. While the Court is in no way alleging that Corellium has engaged in any such misconduct, the Court does have misgivings about allowing the untimely addition of such an affirmative defense and setting such a precedent in a DMCA case.

3

Corellium can attempt to make this argument at trial. It would then be up to the District Judge within the crucible of trial to determine the validity of Corellium's argument.

Finally, to the extent that Corellium seeks to "clarify" Affirmative Defense No. 8, the express language of the affirmative defense is ambiguous as to whether or not it applies to the DMCA claim, and it seems that the parties are in disagreement as to whether an affirmative defense of authorized use, license, consent, and/or acquiescence can ever be asserted as a defense to a DMCA claim. This is a legal issue that the parties can address during trial. However, Corellium has not established good cause to "clarify" its Affirmative Defense No. 8 and has not adequately explained why it could not have included the necessary clarity over a year ago when it filed its affirmative defenses. Allowing the "clarification" that Corellium seeks would clearly lead to additional motion practice and disputes between the parties. Parties have an obligation to clearly state their affirmative defenses in a timely manner under the Court's Scheduling Order. Corellium can still attempt to make an argument at trial and in future written papers that Affirmative Defense No. 8 also applies to the DMCA claim, and that matter can be decided by the presiding Judge at trial.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Corellium's Motion for Leave to Amend Its Affirmative Defenses [DEs 902, 904] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge