UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

**ORDER GRANTING APPLE'S MOTION
FOR LEAVE TO FILE MOTION IN LIMINE [DEs 931, 933]**

THIS CAUSE is before the Court upon Plaintiff Apple Inc.'s ("Apple") Motion for Leave to File Motion in Limine to Preclude Corellium's "Demonstrative" that Does Not Represent Its Actual Product ("Motion") [DE 931, 933]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Defendant Corellium, LLC ("Corellium") has filed a response to the Motion [DE 936].

The Court held a hearing on the Motion via Zoom video teleconference (VTC) on May 28, 2021. The Court then required the parties to further confer on this matter, and directed that Corellium show the demonstrative aid at issue to Apple and Apple's expert in such a manner that would permit Apple to understand how the demonstrative aid would work in real time in front of the jury at trial. [DE 939]. The parties were further required to confer and file a joint notice. *Id.* The Joint Notice [DE 942] was filed on June 7, 2021. This matter is now ripe for review.

Apple seeks leave to file a motion in limine to bar Corellium from using at trial a purported demonstrative exhibit that Corellium just recently disclosed to Apple. In response, Corellium

1

asserts that the motion is an improper motion in limine, Apple has failed to show good cause to extend the Court's deadline to file a motion in limine, the proposed motion in limine is premature outside the context of trial testimony and lacks merit on its face, and the demonstrative aid is highly relevant and unfair prejudice would not substantially outweigh probative value.

The Court has carefully considered the parties' arguments in their papers and at the hearing. Apple has met the good cause standard under Federal Rule of Civil Procedure 6(b) to obtain leave to file its motion in limine. Apple undisputedly did not know about the demonstrative aid until approximately seven months after the deadline to file motions in limine. Additionally, Apple did not find out additional information about the actual functionality of the demonstrative aid until the week of June 1, 2021. It is the professional and ethical practice in this district for opposing counsel to cooperate and show their demonstrative aids to one another sufficiently prior to the start of trial to allow the Court to resolve any disputes in advance without wasting jury trial time.

Finally, a motion in limine is a proper vehicle for a party to seek to exclude a demonstrative aid prior to trial. *See Drake v. R.J. Reynolds Tobacco Co.*, No. 15-80021-CIV, 2015 WL 12746105, at *2 (S.D. Fla. Jan. 29, 2015). The relevant law is that "[a] demonstrative exhibit, like any evidence, should be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *U.S. v. Calderon-Fuentes*, 788 F. App'x 630, 636 (11th Cir. 2019) (quoting Fed. R. Evid. 403)). A party's "right to present a defense is tempered by Rule 403 and subject to the restrictions in Rule 401." *Id.* (citing *U.S. v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989)); *see also* Fed. R. Evid. 401.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Apple's Motion for Leave to File Motion in Limine to Preclude Corellium's "Demonstrative" that Does Not

2

Represent Its Actual Product [DE 931, 933] is **GRANTED.** Apple shall file the motion or before **June 9, 2021**. Corellium shall file a response on or before **June 11, 2021**, and Apple shall file its reply on or before **June 14, 2021**. The Court will consider Corellium's arguments as to the merits of the motion in limine and will decide whether to set a further hearing on the motion once it is fully briefed.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge