UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.
_____/

FILED BY KJZ D.C.
Jun 9, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART CORELLIUM'S MOTION FOR PROTECTIVE ORDER [DE 909]

THIS CAUSE is before the Court upon Defendant Corellium, LLC's ("Corellium") Motion for Protective Order ("Motion") [DE 909]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Plaintiff Apple Inc. ("Apple") has filed a response to the Motion [DEs 913, 916], and Corellium has filed a reply [DE 924]. The Court held a hearing on the Motion via Zoom video teleconference (VTC) on May 28, 2021. The Court then required the parties to further confer and file a joint notice. [DE 939]. The Joint Notice [DE 942] was filed on June 7, 2021. This matter is now ripe for review.

Corellium seeks a protective order regarding Apple's ongoing access to and review of 1) Corellium's source code computer and 2) Corellium's On-Premises Product. Apple responds that Corellium failed to confer before filing the motion, recently produced supplemental source code, is actually seeking reconsideration of the Court's omnibus Order [DE 249] as well as the parties' prior Stipulation [DE 290], and has not come close to meeting the legal requirements for reconsideration or for a protective order.

1

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown… may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

In the Parties' Joint Notice [DE 942], they assert their post-conferral positions on Corellium's Motion. With regard to the remote access to the On-Premises Product, Apple proposes that it limit the frequency with which Corellium must fix connection problems. *Id.* at p. 3. According to Apple, this would alleviate the burden to Corellium. *Id.* Apple specifically proposes that its access to the On-Premises Product would be re-enabled one month prior to trial and maintained throughout trial. *Id.* Until 10 days before trial, Corellium would be required to fix connection problems within three business days. From 10 calendar days before trial until the trial, Corellium would have to fix connection problems within 24 hours of notice. *Id.* During trial,

Corellium would have to fix connection problems within two hours on business days and within six hours on weekends. *Id.* Corellium's proposal is that Apple have access to the On-Premises Product available only through June 11, 2021. *Id.* at p. 4. Corellium further proposes that, should an issue arise at trial, whereby Apple believes remote access to the On-Premises Product needs to be re-enabled, the parties can work together at that time to coordinate a resolution or to re-enable access to the On-Premises Product, if necessary. *Id.*

With regard to the source code remote access, Apple only wants access to Corellium's "demonstrative," produced as source_code_3, and the March 12, 2021 source code from Corellium's actual product, produced as source_code_2. [DE 942, p. 5]. Apple proposes that it be permitted to conduct its review of the two sets of source code for a total of 10 business days, with access between 10 a.m. and 6 p.m. EST each day. Apple additionally asserts that, if the Court permits Corellium's "demonstrative" and if Corellium maintains the position that it intends to show the jury the actual source code, Apple would need to be able to access the same code during trial, as well. *Id.* at p. 6. Corellium, on the other hand, proposes that Apple's access to the source code computer, including the demonstrative aid, be turned off after June 11, 2021. *Id.*

As the Court explained at the May 28, 2021 hearing, this issue is more one of limiting the burden to Corellium than removing all of Apple's remote access to the On-Premises Product and source code. This is because Apple received two new sets of source code in March 2021 and should be given the opportunity to fully review that source code. Additionally, Apple's remote access to the On-Premises Product and the source code was initially agreed to by Corellium after litigation on the issue. Yet, after further conferral between the parties, Corellium proposes in the Joint Notice that the Court remove Apple's access after a very short period of time. On the other hand, Apple

3

has willingly made certain concessions and agrees that its access should be further limited. The Court has conducted the requisite good cause analysis and has balanced the interests of the parties. The Court now rules as follows.

For the remote access to the On-Premises Product, Apple's access will be re-enabled two weeks prior to trial and maintained throughout trial. During this two-week period prior to trial, Corellium is required to fix any connection problems within 24 hours of Apple providing notice. During trial, Corellium is required to fix connection problems within three hours on business days and within six hours on weekends.

For the source code remote access, Apple shall be able to remotely access Corellium's source_code_3 and source_code_2 for a total of seven business days, with access between 10 a.m. and 6 p.m. EST on each of those days. The parties shall agree on the dates. If they cannot agree, they shall file a motion, and the Court will randomly select the dates. Apple is also requesting remote access to Corellium's source_code_3 and source_code_2 during trial. If the Court denies Apple's motion in limine and permits Corellium to utilize its demonstrative aid at trial, the Court will address this issue in its Order on the motion in limine. Additionally, if Corellium seeks to and is permitted to present source code at trial, Apple shall have remote access to that source code during trial.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Corellium's Motion for Protective Order [DE 909] is **GRANTED IN PART AND DENIED IN PART** consistent with the rulings in this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge