# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:19-cv-81160**

APPLE INC.,

        Plaintiff,

  v.

CORELLIUM, LLC,

        Defendant.

**PLAINTIFF APPLE INC.'S OPPOSITION TO
DEFENDANT CORELLIUM, LLC'S MOTION FOR LEAVE TO AMEND
ITS RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

I. **INTRODUCTION**

Five hundred and sixty nine days ago, on November 18, 2019, Corellium responded to Apple's First Set of Requests for Admission and affirmatively admitted several critical facts—facts then solely within Corellium's knowledge—regarding how its product works and what the product does. These admissions led Apple to file its DMCA claims a month later, in December 2020, and served as part of the basis for Apple's motion for summary judgment. Corellium maintained these admissions throughout discovery, and through the preparation of pretrial motions and trial materials. Now, on the eve of trial, Corellium asks the Court to cast them aside. Not because Corellium made these admissions inadvertently or unfairly. Not because Corellium has presented evidence that the admissions were wrong when made. No, Corellium simply wants to take back its sworn statements at the last minute so it does not have to face the consequences at trial. Rule 36(b) does not countenance such conduct, and Corellium's motion must be denied.

II. **FACTUAL BACKGROUND**

Apple filed this lawsuit, initially bringing claims for copyright infringement only, on August 15, 2019. ECF No 1. On October 9, 2019, Apple served its first set of requests for admission to Corellium. Ex. A at 12. On November 18, 2019, Corellium answered those requests through its counsel of record. Ex. B at 1. Corellium's response admitted the following:

> **REQUEST FOR ADMISSION NO. 51**: Admit that the Corellium Apple Product displays the selected version of iOS to the user when installed on a Virtual Device.
>
> **RESPONSE**: Admit.
>
> **REQUEST FOR ADMISSION NO. 55:** Admit that the Corellium Apple Product makes modifications to iOS that allow it to be installed on, and run from, Corellium-developed or Corellium-operated hardware.
>
> **RESPONSE**: Admit.
>
> **REQUEST FOR ADMISSION NO. 56**: Admit that the Corellium Product allows users to "jailbreak" or otherwise bypass one or more Security Measures.
>
> **RESPONSE**: Admit.
>
> **REQUEST FOR ADMISSION NO. 57**: Admit that Corellium gave one or more Persons access to the Corellium Apple Product for the purpose of allowing such Person or Persons to develop software that can be used to "jailbreak" or otherwise bypass one or more Security Measures.
>
> **RESPONSE**: Admit.

Relying on these responses, as well as other discovery, Apple promptly amended its Complaint, on December 20, 2019, to plead that Corellium's conduct violates the Digital

Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.* ECF No. 56. In its amended complaint, Apple specifically cited each of Corellium's admissions as part of its factual basis for believing Corellium violates the DMCA. *Id.* ¶ 50(C). Discovery then commenced in earnest on each of Apple's claims, as well as Corellium's counterclaims. Through the spring of 2020, the parties produced tens of thousands of documents, conducted approximately two dozen depositions, served expert reports for seven expert witnesses, and engaged in extensive motion practice. Apple's technical expert relied on these facts in his report. ECF No. 524-3 ¶ 50, Appx. A at 1. And Apple cited these facts in its motion for partial summary judgment. ECF No. 455 ¶¶ 37, 40.

Discovery closed in April 2020. Throughout the entire discovery period, Corellium treated these four facts as admitted. In fact, during discovery, Corellium amended its initial responses to Apple's first set of requests for production four times (on January 17, 2020, February 21, 2021, March 9, 2020, and April 18, 2020), and amended its initial responses to Apple's first set of interrogatories five times (on January 16, 2020, February 24, 2020, February 27, 2020, March 9, 2020, and April 18, 2020).[1] ***At no point, however, did Corellium ever seek to amend its responses to the requests for admission, or withdraw the above admissions***. Instead, Corellium raises this issue for the first time now, on the eve of trial, only after Apple has reasonably relied on the admissions for nearly two years and prepared for trial based upon them.

### III. ARGUMENT

Rule 36 permits parties to streamline their disputes by admitting facts relevant to their respective claims and defenses. "The purpose of the rule is to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002).[2] Once a party admits a particular fact, that fact is "conclusively established unless the court, on motion, permits the withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

Consistent with Rule 36's purpose in streamlining litigation but also preserving trial on the merits, a motion to withdraw a request for admission is subject to a two-part test. First, the moving party must show that "withdrawal will subserve the presentation of the merits." *Perez*, 297 F.3d at 1164. Next, the Court must consider whether withdrawal will prejudice the non-moving party.

---

[1] Corellium also served supplemental amendments to its interrogatories, reflecting changes to its product and business after discovery closed, on December 8, 2020, and March 5, 2021.

[2] Internal citations and quotations omitted throughout.

2

*Id.* Corellium's motion fails this two-part test. Withdrawal will not subserve the presentation on the merits because both parties have treated these four facts as established for the entirety of this litigation, and have built their merits arguments around them. Injecting four new issues now would create needless confusion that does not serve the presentation of a case on the merits. Second, withdrawal would create overwhelming prejudice to Apple. Apple has spent the entirety of this case justifiably relying on Corellium's admissions. Requiring Apple to suddenly have to prove new facts, in a trial set for next month—without fact or expert discovery into those facts and with key Corellium witnesses no longer available—would prejudice Apple's ability to prove its case at trial. The Court should deny Corellium's motion.

### A. Corellium Has Not Shown That Withdrawal Will Subserve The Presentation Of The Merits.

Corellium has not, and cannot, show that "the presentation of the merits will be subserved by allowing a withdrawal" of these four admissions, for at least two reasons. *Perez*, 297 F.3d at 1266. First, Corellium has presented no evidence that its admissions are in fact erroneous. Thus, it has not—and cannot—show that withdrawal will "aid in the ascertainment of the truth and development of the merits." *Id.* To the contrary, Corellium's attempted about-face on important facts that were conclusively established long ago would only obfuscate the truth. Second, unlike in every case upon which Corellium relies, this is a case where Rule 36 has functioned ***properly***; one party, Apple, obtained admissions of discrete facts from the other party, Corellium. And Corellium knowingly made the admissions at issue, and it left them intact for nearly two years. Corellium's newly discovered "need" to withdraw these admissions constitutes gamesmanship, not good faith compliance with Rule 36.

Corellium's motion fails because it has not established that its deliberate, written admissions were mistaken or wrong. Corellium submits no evidence to support its claim and barely even argues that the admitted facts are not, in fact, accurate.[3] Yet as courts have recognized, "[t]he merits would only be subserved if, in fact, there was any evidence to support the denial of the Request for Admission." *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-cv-21289, 2020 WL 774295, at *2 (S.D. Fla. Feb. 5, 2020); *see also Cleaver v.*

---

[3] Corellium's brief states tersely that it "became aware of materially incorrect admissions," but fails to explain what is incorrect or why it did not become aware of their supposed inaccuracy at any point during the past two years, given that the admitted facts relate to Corellium's own product. (It would, of course, be inappropriate for Corellium to attempt this showing upon reply.)

3

*Union Pac. R.R. Co.*, No. 18-cv-512, 2019 WL 5067230, at *4 (D. Neb. Oct. 9, 2019) ("Where the moving party fails to show the deemed admissions are untrue, courts have denied the motion to withdraw those admissions for failure to show the admissions will prejudice the right to a ruling on the merits.") (collecting cases). As Corellium has offered no evidence the admissions were or are untrue, Corellium has entirely failed to show that the merits would be subserved through their withdrawal. *See Tamiami Condo.*, 2020 WL 774295, at *2 (denying motion to withdraw); *see also SEC v. Collector's Coffee Inc.*, No. 19-cv-1783490, 2021 WL 1783490, at *4 (S.D.N.Y. May 5, 2021) (denying motion where there was "literally no evidence that any of the admissions are counterfactual").

Corellium's motion further fails because it cannot establish that Rule 36's purpose is advanced by its motion. "[W]hen a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly." *Perez*, 297 F.3d at 1268. That is the case here. In every case upon which Corellium relies,[4] justice was served by withdrawal because the admissions at issue were *inadvertent* and made *by default*. In most instances, a party's entire case had been "deemed admitted." Fed. R. Civ. P. 36(a). That is not the case here. Corellium has not, via these admissions, conceded Apple's DMCA claims—as this Court recognized in denying Apple's motion for partial summary judgment. ECF No. 455 ¶¶ 37, 40. Rather, Corellium admitted specific, discrete—but critically important—facts.

Moreover, Corellium does not—and cannot—claim that it was unaware of its admissions or their role in this litigation. And that is reason enough to deny Corellium's motion, because it does not subserve the merits to permit one party to lie in wait, sandbagging the other party by completely changing its case on the eve of trial. In the analogous case of *Fraser Yachts Florida, Incorporated v. Milne*, the court considered an admission that, like those at issue here, was not "deemed admitted through inadvertence or noncompliance," but rather was "a clear and unequivocal admission to a very specific fact." No. 05-cv-21168, 2007 WL 9701646, at *1 (S.D. Fla. Mar. 7, 2007). In that case, the defendant admitted that a particular conversation had taken

---

[4] *See In re Fancher*, 802 F. App'x 538, 540 (11th Cir. 2020); *Perez*, 297 F.3d at 1258; *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1576 (11th Cir. 1988); *Bouzaglou v. Synchrony Fin.*, No. 19-cv-60118, 2019 WL 3852295, at *3 (S.D. Fla. Aug. 15, 2019); *Pallis v. Samouilidis*, No. 18-cv-80989, 2019 WL 4730739, at *2 (S.D. Fla. July 18, 2019); *Marsh v. Celebrity Cruises, Inc.*, No. 17-cv-21097, 2017 WL 11537383, at *1–2 (S.D. Fla. Dec. 13, 2017); *Harty v. YDB Three Lakes, L.C.*, No. 09-cv-61386, 2010 WL 2634443, at *1–2 (S.D. Fla. June 30, 2010); *Am. Heat Indus. v. Niagara Indus.*, No. 08-cv-21889, 2009 WL 10668939, at *2 (S.D. Fla. Jan. 23, 2009).

place and, one month before trial, sought to withdraw that admission because he claimed to no longer recall the admission. *Id.* The court held that the defendant was, effectively, "changing his testimony" and rejected the requested withdrawal. *Id.* The same is true here. Corellium has failed to carry its burden on Rule 36(b)'s first prong, and its motion should be denied.

### B. Withdrawal Would Severely Prejudice Apple.

The motion should also be denied because, as the Court recently recognized, allowing Corellium to materially change the case on the eve of trial would severely prejudice Apple. *See* ECF No. 943 at 3. Where, as here, a party seeks to withdraw an admission after fact discovery has closed, courts routinely reject such requests. *See, e.g.*, *Fraser Yachts*, 2007 WL 9701646, at *1–2; *see also, e.g.*, *Capsmith, Inc. v. Wysopal*, No. 6:07-cv-1572, 2009 WL 10671214, at *5 (M.D. Fla. Apr. 1, 2009) (denying motion to withdraw based, in part, based on moving party's pattern of attempting to modify evidence after realizing it was damaging); Rule 36 Advisory Note (two-pronged test "assure[s] each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."). In limiting late withdrawals, courts recognize that "[t]he danger of prejudice resulting from the withdrawal of admissions is a special matter for concern where discovery has already run its course based on the premise that the admissions are valid." *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254, 269 (D. Mass. 2008). This is especially so here: Apple has conducted the entirety of its case in reliance upon these four admissions. Moreover, this is not a situation where cross-examination could possibly cure the issue; to the contrary, Corellium represented to the Court just two days ago that one of its key fact witnesses—likely the one who provided the original answer to these requests—is no longer with the company. ECF No. 942 at 8. Permitting Corellium's *other* witnesses to simply "redo" the evidence at trial, starting from a clean slate, is fundamentally unfair. *See Fraser Yachts*, 2007 WL 9701646, at *2 ("the strongest showing of prejudice on this record is the fact that Defendant did not move to withdraw his admission until two months *after* the close of discovery"); *Wylie v. TransUnion, LLC*, No. 16-cv-102, 2017 WL 4357981, at *4 (W.D. Pa. Sept. 29, 2017) (prejudice where motion to withdraw admissions was made one month after close of discovery); *Kingman Holdings, LLC v. Bank of Am., N.A.*, No. 15-cv-056, 2015 WL 11661768, at *2 (W.D. Tex. Sept. 21, 2015) (same).

### IV. CONCLUSION

Apple respectfully requests the Court deny Corellium's motion.

Dated: June 9, 2021

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.