# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160

APPLE INC.,

        Plaintiff,

v.

CORELLIUM, LLC,

        Defendant.

## APPLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT CORELLIUM, LLC

Pursuant to Federal Rule of Civil Procedure 26 and 36, Plaintiff, Apple Inc. ("Apple") submits its First Set of Requests for Admission to Defendant Corellium, LLC ("Corellium"). Defendant Corellium shall respond to these Requests for Admission (the "Requests" or , individually, each "Request") in writing, in accordance with the Definitions and Instructions contained herein, within thirty (30) days of service, or such other time as the parties may agree, pursuant to the Federal Rules of Civil Procedure. Corellium shall timely supplement all responses to the Requests as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules. Additionally, as used herein, the terms set forth below shall have the following meanings:

1. "Corellium," "Defendant," "You," and "Your" means Corellium, LLC and any of its predecessors, successors, divisions, direct or indirect subsidiaries, parent entities, or other affiliated corporate entities, including any agents or Persons acting on their behalf or under their control.

2. "Plaintiff" means Apple.

3. This "Action" means the present lawsuit, *Apple Inc. v. Corellium, LLC,* No. 9:19-cv-81160-RS, pending in the United States District Court for the Southern District of Florida.

4. "Complaint" means the Complaint and Demand for Jury Trial that Plaintiff filed on August 15, 2019 (ECF No. 1).

5. The term "iOS" or "iOS operating system" means Apple's iOS mobile operating system and other Apple operating systems, including iPadOS™, macOS®, watchOS®, and tvOS® operating systems. Unless otherwise specified, this term includes any and all versions of iOS, separately or inclusively.

6. The term "iOS Device" means any Apple device or hardware that runs any version of iOS, including but not limited to the iPhone®, Mac®, iPad®, Apple Watch®, AirPods®, AppleTV®, HomePod™, and iPod Touch®.

7. The term "iTunes" refers to the iTunes application that Apple pre-installs on its iOS devices.

8. "Virtual Device" means software that mimics the physical hardware, functionality, and/or look and feel of an iOS Device.

9. "Corellium Apple Product" means all products developed, produced, or sold by Corellium that can enable creation of at least one Virtual Device. Unless otherwise specified, this term includes any and all versions of such products, separately or inclusively.

10. "GUI Elements" means the visual design elements, or graphical user interface elements, displayed in iOS Devices, including background wallpaper images, icons, and other visual features, and all other visual design elements that appear substantially similar to those displayed in iOS Devices.

11. "Security Measures" means all features of iOS and iOS Devices designed to prevent access to the software or other material stored on the iOS device, including any measures used to protect, encrypt, or otherwise secure applications used by the iOS operating system.

12. "dev-fused iPhones" means one or more iOS Devices not sold to the public that have one or more Security Measures disabled.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "Foreign" means any country except the United States of America.

15. The use of the singular term of any word includes the plural and vice versa.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope.

17. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

18. "Including" shall be construed to mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the request in any way.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 26(e), Your obligation to respond to these Requests is continuing in nature, such that if after answering or responding You subsequently obtain information that changes the nature of Your response, You shall promptly update Your response.

2. Each Request shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

3. In answering the following Requests, You shall furnish all available information, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents, subsidiaries, and Persons otherwise under Your control, who have the best knowledge, not merely information known to one individual based on his or her personal knowledge. If You cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.

4. If any objection is made to any Request herein, the objection shall state with particularity the basis therefore, and the Request shall be answered to the extent not objected to.

5. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the

substance of the matter; a qualified answer or partial denial of a matter must specify the part admitted and qualify or deny the rest.

      6. If You withhold information on the grounds of privilege (including work product immunity), You are directed to furnish the following information with respect to the information as to which the claim of privilege is asserted: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of information, document, or thing withheld, (3) the general subject matter of any documents or information, (4) the date of any documents, and (5) such other information as is sufficient to identify any withheld material, information, or communication, including, where applicable, the author(s) or source(s) of any document, information, or communication, the addressee(s) and recipient(s) of any document, information, or communication, and where not apparent, the relationship of the author(s) or source(s) and addressee(s) or recipient(s) to each other.

      7. If in response to a Request You do not know all of the facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the Request as You can, and provide such facts as are known to You and any estimates, approximations, or beliefs that You consider reliable.  Any such estimates, approximations, or beliefs should be clearly denoted as such, and the basis for Your belief in their reliability should be explained.

      8. If in answering any of these Requests You encounter any ambiguity in construing the Request or any definitions or instruction relevant to the Request, set forth the matter deemed ambiguous and the construction selected or used in answering the Request.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that Apple has a registration for iOS 9.0, with registration number TX 8-205-229 and registration date June 20, 2016.

**REQUEST NO. 2:** Admit that Apple has a registration for iOS 9.1, with registration number TX 8-205-204 and registration date June 21, 2016.

**REQUEST NO. 3:** Admit that Apple has a registration for iOS 10.0, with registration number TX 8-344-158 and registration date November 10, 2016.

**REQUEST NO. 4:** Admit that Apple has a registration for iOS 11.0, with registration number TX 8-609-048 and registration date December 22, 2017.

**REQUEST NO. 5:** Admit that Apple has a registration for iOS 11.0.1, with registration number TX 8-584-724 and registration date August 8, 2018.

**REQUEST NO. 6:** Admit that Apple has a registration for iOS 11.2, with registration number TX 8-634-702 and registration date November 9, 2018.

**REQUEST NO. 7:** Admit that Apple has a registration for iOS 11.2.5, with registration number TX 8-647-053 and registration date November 9, 2018.

**REQUEST NO. 8:** Admit that Apple has a registration for iOS 11.3, with registration number TX 8-584-722 and registration date August 8, 2018.

**REQUEST NO. 9:** Admit that Apple has a registration for iOS 11.4, with registration number TX 8-611-420 and registration date July 23, 2018.

**REQUEST NO. 10:** Admit that Apple has a registration for iOS 12.0, with registration number TX 8-651-122 and registration date December 4, 2018.

**REQUEST NO. 11:** Admit that Apple has a registration for iOS 12.1.1, with registration number TX 8-668-993 and registration date January 25, 2019.

**REQUEST NO. 12:**  Admit that Apple has a registration for iOS 12.2, with registration number TX 8-759-263 and registration date June 25, 2019.

**REQUEST NO. 13:**  Admit that Apple has a registration for iTunes 12.3, with registration number TX 8-507-283 and registration date December 14, 2017.

**REQUEST NO. 14:**  Admit that Apple has a registration for iTunes 12.4, with registration number TX 8-512-431 and registration date December 21, 2017.

**REQUEST NO. 15:**  Admit that Apple has a registration for iTunes 12.5.1, with registration number TX 8-545-238 and registration date December 21, 2017.

**REQUEST NO. 16:**  Admit that Apple has a registration for iTunes 12.6, with registration number TX 8-546-291 and registration date December 21, 2017.

**REQUEST NO. 17:**  Admit that Apple has a registration for Apple icons – iOS 9 compilation – iPhone 6s Built-in Apps, with registration number VA 2-061-057 and registration date October 19, 2016.

**REQUEST NO. 18:**  Admit that Apple has a registration for Apple icons – iOS 11 compilation – iPhone 8 Built-in Apps, with registration number VA 2-100-045 and registration date December 8, 2017.

**REQUEST NO. 19:**  Admit that Apple has a registration for Apple Bokeh (bubble) Wallpaper iOS 7, with registration number VA 1-922-660 and registration date March 27, 2014.

**REQUEST NO. 20:**  Admit that Apple has a registration for Apple Wallpaper – Flower magenta (iOS 8), with registration number VA 1-967-209 and registration date August 19, 2015.

**REQUEST NO. 21:**  Admit that Apple has a registration for Apple Wallpaper – Flower Chrysanthemum purple (iOS 8), with registration number VA 1-967-206 and registration date August 19, 2015.

**REQUEST NO. 22:**   Admit that Apple has a registration for Apple Wallpaper – Abstract ink spot in blue and green (iOS 8), with registration number VA 1-967-208 and registration date August 19, 2015.

**REQUEST NO. 23:**   Admit that the Corellium Apple Product downloads at least one file containing iOS, iTunes, and GUI Elements from Apple-operated servers when a user creates a new Virtual Device running a selected version of iOS.

**REQUEST NO. 24:**   Admit that the Corellium Apple Product creates at least one copy of the iOS firmware file when a user creates a new Virtual Device running a selected version of iOS.

**REQUEST NO. 25:**   Admit that the Corellium Apple Product enables users to run iOS and iTunes on Virtual Devices.

**REQUEST NO. 26:**   Admit that the Corellium Apple Product makes copies of iOS on Virtual Devices.

**REQUEST NO. 27:**   Admit that the Corellium Apple Product makes copies of iTunes on Virtual Devices.

**REQUEST NO. 28:**   Admit that the Corellium Apple Product distributes iOS and iTunes to its users by installing such software on Virtual Devices.

**REQUEST NO. 29:**   Admit that the Corellium Apple Product creates, or enables the creation of, derivative works from iOS when installing, or after installing, such software on Virtual Devices.

**REQUEST NO. 30:**   Admit that the Corellium Apple Product creates, or enables the creation of, derivative works from iTunes when installing, or after installing, such software on Virtual Devices.

**REQUEST NO. 31:**   Admit that the Corellium Apple Product reproduces one or more copies of the GUI Elements on Virtual Devices.

**REQUEST NO. 32:**   Admit that the Corellium Apple Product distributes one or more GUI Elements to its users by installing iOS on Virtual Devices.

**REQUEST NO. 33:**   Admit that the Corellium Apple Product publicly displays one or more GUI Elements on its Virtual Devices.

**REQUEST NO. 34:**   Admit that Corellium does not have a license from Apple to reproduce, distribute, or create derivative works from any version of iOS.

**REQUEST NO. 35:**   Admit that Corellium does not have authorization or permission from Apple to reproduce, distribute, or create derivative works from any version of iOS.

**REQUEST NO. 36:**   Admit that Corellium does not inquire or determine whether its users have authorization, license, or permission from Apple to reproduce, distribute, or create derivative works from any version of iOS.

**REQUEST NO. 37:**   Admit that Corellium does not have a license from Apple to reproduce, distribute, or create derivative works from any version of iTunes.

**REQUEST NO. 38:**   Admit that Corellium does not have authorization or permission from Apple to reproduce, distribute, or create derivative works from any version of iTunes.

**REQUEST NO. 39:**   Admit that Corellium does not inquire or determine whether its users have authorization, license, or permission from Apple to reproduce, distribute, or create derivative works from any version of iTunes.

**REQUEST NO. 40:**   Admit that Corellium does not have a license from Apple to reproduce, distribute, or publicly display Apple's GUI Elements.

**REQUEST NO. 41:** Admit that Corellium does not have authorization or permission from Apple to reproduce, distribute, or publicly display Apple's GUI Elements.

**REQUEST NO. 42:** Admit that Corellium does not inquire or determine whether its users have authorization, license, or permission from Apple to reproduce, distribute, or publicly display Apple's GUI Elements.

**REQUEST NO. 43:** Admit that Corellium was aware that Apple owned at least one copyright for iOS prior to the filing of the Complaint.

**REQUEST NO. 44:** Admit that Corellium was aware that Apple owned at least one copyright for iOS prior to the development of the Corellium Apple Product.

**REQUEST NO. 45:** Admit that the Corellium Apple Product allows users to make modifications to the copy of iOS installed on a Virtual Device.

**REQUEST NO. 46:** Admit that a user can direct the Corellium Apple Product to save a Virtual Device containing a copy of iOS, iTunes, and GUI Elements.

**REQUEST NO. 47:** Admit that the cloud-based Corellium Apple Product saves a copy of a user's Virtual Device, including a copy of iOS, iTunes, and GUI Elements, on Corellium hardware.

**REQUEST NO. 48:** Admit that Corellium has sold private installations of the Apple Corellium Product.

**REQUEST NO. 49:** Admit that Corellium has offered private installations of the Apple Corellium Product.

**REQUEST NO. 50:** Admit that a privately installed version of the Corellium Apple Product saves a copy of a user's Virtual Device on user-owned hardware.

**REQUEST NO. 51:**  Admit that the Corellium Apple Product displays the selected version of iOS to the user when installed on a Virtual Device.

**REQUEST NO. 52:**  Admit that when a user creates a new Virtual Device from a downloaded copy of iOS, the Corellium Apple Product installs the user-selected version of iOS without any modifications to iOS.

**REQUEST NO. 53:**  Admit that when a user creates a new Virtual Device from an existing Virtual Device, the Corellium Apple Product makes a copy of iOS, iTunes, and the GUI Elements.

**REQUEST NO. 54:**  Admit that the Corellium Apple Product bypasses one or more Security Measures when installing, or after installing, such software on one or more Virtual Devices.

**REQUEST NO. 55:**  Admit that the Corellium Apple Product makes modifications to iOS that allow it to be installed on, and run from, Corellium-developed or Corellium-operated hardware.

**REQUEST NO. 56:**  Admit that the Corellium Product allows users to "jailbreak" or otherwise bypass one or more Security Measures.

**REQUEST NO. 57:**  Admit that Corellium gave one or more Persons access to the Corellium Apple Product for the purpose of allowing such Person or Persons to develop software that can be used to "jailbreak" or otherwise bypass one or more Security Measures.

**REQUEST NO. 58:**  Admit that Corellium has collected revenue stemming from sales of the Corellium Apple Product.

**REQUEST NO. 59:**  Admit that Corellium has collected revenue stemming from the sales of licenses to the Corellium Apple Product.

**REQUEST NO. 60:**  Admit that Corellium has collected revenue stemming from the sales of private installations of the Corellium Apple Product.

**REQUEST NO. 61:**  Admit that Corellium has sold, or sold licenses to, the Corellium Apple Product to at least one Foreign government agency or entity, or agents thereof.

**REQUEST NO. 62:**  Admit that Corellium has sold, or sold licenses to, the Corellium Apple Product to at least one Foreign Person, or agents thereof.

**REQUEST NO. 63:**  Admit that Corellium is willing to sell, or sell licenses to, the Corellium Apple Product to any Person who is able to pay.

**REQUEST NO. 64:**  Admit that Corellium has never denied a sale or license of the Corellium Apple Product to a customer or potential customer for any reason other than failure to pay.

**REQUEST NO. 65:**  Admit that Corellium used at least one dev-fused iPhone in developing the Corellium Apple Product or its underlying technology.

Dated:  October 9, 2019              Respectfully submitted,

By:   */s/ Martin B. Goldberg*
      Martin B. Goldberg
      Florida Bar No. 0827029
      *mgoldberg@lashgoldberg.com*
      *rdiaz@lashgoldberg.com*
      LASH & GOLDBERG LLP
      100 Southeast Second Street
      Miami, FL  33131
      (305) 347-4040 / (305) 347-4050 Fax

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

*Attorneys for Plaintiff*
APPLE INC.