UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF APPLE INC.'S MOTION *IN LIMINE* TO PRECLUDE CORELLIUM'S "DEMONSTRATIVE" THAT DOES NOT REPRESENT ITS ACTUAL PRODUCT**

Defendant, Corellium, LLC ("Corellium"), by and through undersigned counsel, files this Response in Opposition to Plaintiff Apple Inc.'s ("Apple") Motion *in Limine* to Preclude Corellium's "Demonstrative" that does not Represent its Actual Product [ECF No. 948] (the "Motion"), and in support states as follows:

Apple alleges that Corellium applies patches in its product that circumvent its alleged technical protection measures (TPMs). This demonstrative aid shows that the iOS code can still be accessed [§1202(a)(2)] and used [§1201(b)] without any patches being applied.[1] This goes to the central allegations of the claim. ECF. No. 589, 19-21, 25-26. Corellium's demonstrative aid is highly relevant, and its value is not substantially outweighed by any alleged prejudicial effect. ECF No. 936, Section b.

In response to Apple's arguments, *first*, the demonstrative is not misleading because it <u>is the Corellium product</u> with a new option added that turns off patching. *See*, Wade Decl., ¶4. The original patch code is still present; it is simply "turned off" to show the iOS code is still accessible without any alleged circumvention. *Id.*, ¶¶4, 6, 8, 23, 25. Further, Apple's expert fails to show the demonstrative to be flawed or misleading, but instead provides inconsistent testimony, the proper remedy for which is cross-examination.[2] *Id.*, ¶¶23-27. **Second**, there is no requirement that this one demonstrative aid must address every issue or alleged TPM in this case. **Third**, Apple calls for the demonstrative to be shown for different devices; however, hardware is distinct from software, and copyright only extends to software. Apple only allegedly possesses a copyright to iOS 12–not one to iOS 12 on iPhone 6 and another to iOS 12 on iPhone X, for example.[3] **Finally**, as CTO of Corellium and a contributor to the product code, Mr. Wade is uniquely qualified to testify as to the demonstrative—no requirement exists for expert testimony.

---

[1] *Am. Technical Ceramics Corp. v. Presidio Components, Inc.*, 490 F.Supp.3d 593, 642 (E.D. NY 2020) (finding that "visual aids are indispensable to a lay juror's comprehension of the advanced, often technical subjects that arise in patent cases.").

[2] *See*, Sealed Order on Corellium's Motion to Compel Apple to Produce All Relevant Information, D.E. 379, at pg. 5 of 11 (regarding cross examination being the remedy for alleged inconsistencies); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 353 F.Supp.2d 580, 585 (E.D. Va. 2008) (". . . a district judge['s discretion] . . . will only rarely be found in error, and this is particularly true if the potentially misleading features of the demonstrative aid have been [] exposed upon cross-examination."); *see also*, *Thermo King Corp. v. White's Trucking Serv., Inc.*, 292 F.2d 668, 676 (5th Cir. 1961) ("[C]ross-examination in a technical area frequently requires the availability of material or at least effective demonstrative aids.").

[3] Corellium's demonstrative shows the latest version of iOS at issue in this case – i.e. iOS 12. Because iOS is an iterative work, with each new version building on the prior versions, it is reasonable that iOS 12 represents the most advanced and secure version of iOS.

Dated: June 11, 2021          Respectfully submitted,

         COLE, SCOTT & KISSANE, P.A.
         *Counsel for Defendant CORELLIUM, LLC*
         Esperante Building
         222 Lakeview Avenue, Suite 120
         West Palm Beach, Florida 33401
         Telephone (561) 612-3459
         Facsimile (561) 683-8977
         Primary e-mail: justin.levine@csklegal.com
         Secondary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin B. Levine*
     JONATHAN VINE
     Florida Bar. No.: 10966
     JUSTIN B. LEVINE
     Florida Bar No.:  106463
     LIZZA C. CONSTANTINE
     Florida Bar No.:  1002945

     *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave., 25th Floor
New York, NY 10017
Telephone (212) 851-6821
David Hecht, *Pro hac vice*
E-mail: dhecht@hechtpartnersllp.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartnersllp.com
Minyao Wang, *Pro hac vice*
E-mail: mwang@hechtpartnersllp.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 11, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or

by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*