## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-RS

APPLE INC.,

                      Plaintiff,

    v.

CORELLIUM, LLC,

                      Defendant.

**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF
ITS MOTION *IN LIMINE* TO PRECLUDE CORELLIUM'S
"DEMONSTRATIVE AID" THAT DOES NOT REPRESENT ITS ACTUAL PRODUCT**

It is Corellium's burden to demonstrate that its demonstrative aid "fairly depicts the events at issue." *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1336, 1338 (11th Cir. 2011) (citation omitted). Such an inquiry is critical given the "highly persuasive" nature of demonstratives. *Id.*

Corellium tells the Court that it wants to use the demonstrative aid to show that iOS can run "without any changes or bypasses." ECF No. 936 at 5; ECF No. 951-1 ¶ 3. Corellium argues that the demonstrative aid is "the Corellium product" with an option to "turn[ ] off patching." ECF No. 951 at 2. But Corellium effectively concedes that the demonstrative aid both "changes" iOS and "bypasses" at least two of Apple's security measures: the Authorization Server and Secure Boot Chain. *Id.*; *see also* ECF No. 950 at 4; ECF No. 950-1 ¶¶ 29–31; Ex. A ¶¶ 5–6. The limited "patch[es]" the demonstrative aid turns off are just a small portion of its acts of circumvention, a fact Corellium does not dispute. *See* ECF No. 950-1 ¶¶ 22–34; Ex. A ¶¶ 5–6. A demonstrative aid that removes a few—*but not all*—of the acts of circumvention and patches at issue, but is held out as "patchless" or "without" such changes, is misleading and highly prejudicial.

Furthermore, although designed to look like Corellium's product, the demonstrative aid is ***not*** Corellium's actual product, as it does not—and cannot—work with all the versions of iOS tailored to each Apple device that Corellium's actual product does. And Corellium only plans to show one version of iOS made for one type of iPhone. ECF No. 950-1 ¶¶ 13, 21, 35–39; Ex. A ¶¶ 7–9. Corellium suggests Apple can simply cross-examine Mr. Wade about the demonstrative aid. But "[t]he ability to cross-examine is not a substitute for the offering party's burden of showing that a proffered demonstration or experiment offers a fair comparison" to the matter at issue. *U.S. v. Gaskell*, 985 F.2d 1056, 1062 (11th Cir. 1993). Forcing the parties to hold a mini-trial over the differences between Corellium's fake product and its actual product will consume undue time, confuse the issues, and distract from the case's real disputes. Fed. R. Evid. 403.

Nor can Mr. Wade, a fact witness, offer testimony about a hypothetical product he created for the purpose of rebutting Apple's expert Dr. Nieh. As this Court has recognized in a different context, it would be unfair for a fact witness "to offer expert opinions to rebut those of Dr. Nieh," where the fact witness "was never disclosed as an expert witness in this case." ECF No. 594. Mr. Wade is a percipient fact witness and was never disclosed as an expert; he cannot testify about a hypothetical product, created long after discovery closed. *See U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005); Fed. R. Evid. 701 advisory comm. note to 2000 amendment (a party should not evade expert requirements by "proffering an expert in lay witness clothing").

Dated: June 14, 2021

Michele D. Johnson*
michele.johnson@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
sy.damle@lw.com
Elana Nightingale Dawson*
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
andrew.gass@lw.com
Joseph R. Wetzel
joe.wetzel@lw.corm
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
gabe.gross@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
Florida Bar. No. 1010370
epincow@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.