UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81160-CIV-SMITH

APPLE INC.,

    Plaintiff,
v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant CORELLIUM, LLC ("Corellium") by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 36(b), hereby files its Reply in support of its Motion for Leave to Amend Its Responses to Plaintiff's First Set of Requests for Admission [D.E. 940] ("Motion"), and in support thereof, states as follows:

Case No.: 19-81160-CIV-SMITH

### A. Corellium Has Shown That Withdrawal Will Subserve The Presentation Of The Merits

In its Opposition to Defendant Corellium, LLC's Motion For Leave To Amend Its Responses To Plaintiff's First Set of Requests For Admission [D.E. 946] ("*Response*"), Plaintiff cites a diverse assortment of non-binding case authorities from courts with no connection to the Southern District.[1] Indeed, other than citing *Perez v. Miami-Dade Cnty.,* 297 F. 3d 1255 (11th Cir. 2002) for the general proposition that the two-part test should govern this Court's analysis, Plaintiff fails to include a single binding authority in its *Response*.

In its *Response*, Plaintiff alleges that "Corellium has presented no evidence that its admissions are in fact erroneous," and that, as a result, Corellium cannot show that withdrawal will subserve the presentation of the merits. *Response*, at 3. As an initial matter, no case authority binding on this Court has ever held that a party moving to amend a request for admission must proffer evidence that the admissions were erroneous.[2] As a consequence, Corellium did not include such an analysis in its initial *Motion*.

As explained in detail in Corellium's *Motion*, in order for a moving party to withdraw its response to a request for admission, the Eleventh Circuit requires that "the withdrawal will subserve

---

[1] In its *Response*, Plaintiff cites case law from the following five U.S. District Courts:

  i. United States District Court for the District of Nebraska,
  ii. United States District Court for the Southern District of New York,
  iii. United States District Court for the District of Massachusetts,
  iv. United States District Court for the Western District of Pennsylvania, and
  v. United States District Court for the Western District of Texas.

[2] Plaintiff erroneously cites to *Perez*, 297 F. 3d at 1266 in support of its proposition. *Response,* at 3. However, after reviewing that specific pin-cite, it shows no connection to the alleged necessity of proffering evidence of the truth of an admission when moving for leave to amend.

Case No.: 19-81160-CIV-SMITH

the presentation of the merits." *Perez*, 297 F. 3d at 1264.  Also as explained in *Perez*, withdrawal will subserve the presentation of the merits if it "would [] aid[] in the 'ascertainment of the truth and the development of the merits.'"  *Id.* at 1266 (citing *Smith v. First Nat. Bank of Atlanta*, 837 F. 2d 1575, 1577 (11th Cir. 1988)).  Indeed, "Rule 36(b) 'emphasizes the importance of having the action resolved on the merits'" *Smith,* 837 F. 2d at 1577-78.  Since the inception of Plaintiff's DMCA claims against Corellium on December 27, 2019, Corellium has fundamentally denied that it traffics in a product used to circumvent security measures and that it bypasses any alleged technological measures.  *See* Corellium's Answer, Affirmative Defenses, and Counterclaims to Apple's First Amended Complaint [D.E. 64], at 19-20; *see also* ECF No. 472-20, Skowronek Dep. 241:12-13, 242: 5-8.  As a matter of fact, it is precisely because of Corellium's repeated and consistent denials of Plaintiff's DMCA allegations that a trial is even necessary.  Plaintiff itself recognizes in its *Response* that the information inadvertently and erroneously admitted by Corellium is "critically important." *Response*, at 4.  Also not inconsequentially, Corellium served its answers to the First Requests for Admission before Plaintiff even pled its DMCA claims and before Corellium had a fair opportunity to consider the context of the admissions at issue.[3]

As Corellium has consistently denied that CORSEC bypasses any of Plaintiff's alleged TPMs, and as the alleged bypassing of TPMs is the central issue in the parties' upcoming trial, permitting withdrawal of the erroneous admissions will subserve the presentation of the merits of the case.  *See Pallis v. Samouilidis*, No. 18-80989-CIV-DIMITROULEAS, 2019 WL 4730739, at

---

[3] In its *Response*, Plaintiff alleges that Corellium's response to Request No.'s 51, 55, 56, and 57 "led Apple to file its DMCA claims…." *Response*, at 1.  Plaintiff likely asserts this position to foreshadow its "severe prejudice" argument, but the notion that this entire lawsuit could have simply been avoided had Corellium responded differently to four discovery requests is highly improbable and likely disingenuous.

Case No.: 19-81160-CIV-SMITH

*2 (S.D. Fla. July 18, 2019)(noting "[i]ssues obviously subject to dispute should be resolved at trial, not in a discovery motion" and that "here, where [d]efendant has denied in his [a]nswer all the allegations of the [c]omplaint and has proceeded to attempt to defend [the claim] on the merits, [the court will permit amendment]"); *Bouzaglou v. Synchrony Financial*, No. 19-CV-60118-BLOOM/VALLE, 2019 WL 3852295, at *3 (S.D. Fla. Aug. 15, 2019)(permitting defendant to amend its responses to a plaintiff's request for admission where "[s]everal of the [r]equests bear directly on the…claims at issue and deeming them admitted would materially affect the presentation of the case").

### B. Withdrawal Would Not Severely Prejudice Apple

As explained in Corellium's *Motion*, "[t]he prejudice contemplated by [] Rule [36] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admissions." *Smith*, 837 F. 2d at 1578; *Perez*, 297 F. 3d at 1266, *In re Fancher*, 802 Fed. Appx. 538, 544 (11th Cir. 2020).

It is difficult to see what prejudice Plaintiff would allegedly suffer should Corellium be allowed to amend its admissions. In its *Response*, Plaintiff does not devote even one sentence to explaining the alleged harm to the Court or to Corellium.[4] Indeed, the requests relate to the central issues of the case—issues that the parties have been fully litigating and discovering since December

---

[4] In its *Response*, Plaintiff does note that it "cited [the admissions at issue] in its motion for partial summary judgment." *Response*, at 2. However, case law cited by Plaintiff in its *Response* explicitly held that "the fact that a party has prepared a summary judgment motion based upon erroneous admissions is not sufficient prejudice [to justify denying a motion for leave to amend]." *Capsmith, Inc. v. Wysopal*, No. 6:07-cv-1572-Orl-22KRS, 2009 WL 10671214, at *6, n. 6 (M.D. Fla. April 1, 2009).

Case No.: 19-81160-CIV-SMITH

2019. As previously noted, since the addition of DMCA claims in Plaintiff's First Amended Complaint, Plaintiff has been on notice that Corellium vehemently denies any acts of circumvention of Plaintiff's alleged technological protective measures. Full discovery including expert analyses and Plaintiff's extensive and comprehensive review of Corellium's source code has all been completed. Furthermore, Plaintiff has failed to cite a single binding case holding that the fact discovery deadline is the appropriate cutoff for assessing prejudice when evaluating a motion for leave to amend admissions. *Response*, at 5.[5] In contrast, Corellium has proffered two Eleventh Circuit binding authorities holding that a court is more likely to find prejudice when a party seeks to withdraw its admissions **once trial has already begun**. *See Motion*, at 5. Indeed, the Parties have recently filed a Motion for Special Setting of the trial for September 20, 2021. [D.E. 956].

Finally, Plaintiff alleges that it will not be able to rely on cross-examination at trial because "the [Corellium employee] who provided the original answer to these requests…is [likely] no longer with the company." *Response*, at 5. Plaintiff's allegation is misleading. The Requests for Admission here were directed to, and responded to by, Corellium—no specific individual. Further, Mr. David Wang was fully deposed, the transcript of which is fully available to Plaintiff at trial. Moreover, Christopher Wade, Corellium's Chief Technology Officer, has stepped into the role previously held by Mr. Wang, and Mr. Wade will be at trial.

As granting Corellium's *Motion* would subserve the presentation of the merits, and as granting said request would not prejudice Plaintiff, the Court should grant Corellium's *Motion*.

---

[5] In its *Response*, Plaintiff cites cases from the United States District Court for the District of Massachusetts, the United States District Court for the Western District of Pennsylvania, and the United States District Court for the Western District of Texas. Plaintiff's alleged citation to Rule 36's advisory note is actually a citation to *Moosman v. Joseph P. Blitz, Inc.*, 358 F. 2d 686 (2d Cir. 1966). *See* Fed. R. Civ. P. 36, *Notes of Advisory Committee on Rules—1970 Amendment*.

Case No.: 19-81160-CIV-SMITH

WHEREFORE, Defendant, Corellium, LLC, respectfully requests this Court to enter an Order permitting it leave to serve amended responses to Plaintiff's First Set of Requests for Admission, and any other relief this Court deems necessary and proper.

Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant CORELLIUM, LLC*
        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Primary e-mail: lizza.constantine@csklegal.com

By: *s/ Justin Levine*
      JONATHAN VINE
      Florida Bar. No.: 10966
      JUSTIN B. LEVINE
      Florida Bar No.: 106463
      LIZZA C. CONSTANTINE
      Florida Bar No.: 1002945
      JEREMY F. GOLDSTEIN
      Florida Bar No.: 1022687

      *and*

      HECHT PARTNERS LLP
      *Counsel for defendant*
      20 West 23rd St. Fifth Floor
      New York, NY 10010
      Tel: (212) 851-6821
      David L. Hecht *pro hac vice*
      Email: dhecht@hechtpartners.com
      Maxim Price *pro hac vice*
      Email: mprice@hechtpartners.com

## **CERTIFICATE OF SERVICE**

Case No.: 19-81160-CIV-SMITH

IT IS HEREBY CERTIFIED that on June 16, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com

Case No.: 19-81160-CIV-SMITH

LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*