UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-cv-81160-RS

APPLE, INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**CORELLIUM'S MOTION TO STRIKE APPLE'S UNTIMELY JUNE 4, 2021, SUPPLEMENTAL EXPERT REPORTS AND PRECLUDE FROM TESTIFYING ABOUT NEW OPINIONS**

Defendant, Corellium, LLC ("Corellium"), respectfully submits its motion pursuant to Federal Rules of Civil Procedure 12(f) and 37(c) to strike Plaintiff's second and third supplemental expert reports for Dr. Jason Nieh, Dr. Michael D. Siegel, and Mr. David Connelly:

## I. INTRODUCTION

Corellium respectfully requests that the Court strike the untimely supplemental expert reports Apple submitted on June 4, 2021,[1] on the eve of trial. The reports include information outside of the scope of the pleadings in the Second Amended Complaint ("SAC") or discussed in each expert's respective deposition or prior reports. More importantly these reports are procedurally untimely and fail to abide by the requirements to submit all expert reports prior to the

---

[1] Dr. Jason Nieh's Second Supplemental Report; Mr. David Connelly's Third Supplemental Report; and Dr. Michael Siegel's Third Supplemental Report.

expert report and supplemental reports deadline pursuant to the Scheduling Order entered on January 19, 2020 [ECF No. 66] and revised by ECF No. 252. The reports were served by Apple under the guise of Federal Rule of Civil Procedure 26(e)(2), which references Rule 26(a)(3)—a rule that explicitly recognizes the Court's ability to set a schedule for disclosures, as the Court has ordered here.

These untimely supplemental reports are full of new facts never before addressed in the pleadings, reports or depositions, or otherwise at issue in this case—including references to interviews with Apple personnel and press articles. In the case of Dr. Nieh, the untimely report is a bald and improper attempt to broaden his opinions to cover the latest seven versions of iOS that were never before included in this lawsuit. This is an end run around Rule 15, to amend Apple's complaint to include these new versions of iOS, which was never even attempted. Despite the existence of these newer iOS versions at the time the experts submitted their prior supplemental reports, Dr. Nieh could have, but did not mention, much less analyze, these versions. With only weeks before trial, Apple should not be permitted to present new evidence and expert opinions that are not within the scope of the initial supplemental reports and depositions and further beyond the scope of the issues raised in this case.

If admitted, the expert witnesses and their testimony will cause significant and unfair prejudice to Corellium as it has no ability to take discovery as to these new issues and opinions, and Corellium's experts do not have a chance to properly prepare and offer rebuttal opinions. Further, based upon the same premise of fairness and timeliness that this Court recently denied Corellium's requests for summary judgment and to amend its affirmative defenses, this Court should reject Plaintiff's supplemental reports.

Accordingly, Corellium respectfully requests this Court to enter an Order Striking Plaintiff's untimely Second and Third Supplemental Expert Reports for Dr. Jason Nieh, Michael D. Siegel, and Mr. David Connelly and preclude any testimony and new opinions contained therein.

## II. BACKGROUND AND PROCEDURAL HISTORY

1. On January 19, 2020, this Court filed its Order revising discovery deadlines, including expert reports to be due no later than March 3, 2020, and *supplemental reports* as well as expert discovery to be due no later than April 20, 2020. Moreover, the Order stated that all dispositive and *Duabert* motions were due by May 11, 2020. [ECF No. 66].

2. On March 25, 2020, the Court granted the Joint Motion for Extension of Time providing that exchange of expert rebuttal summaries and reports shall be completed by April 13, 2020 and expert discovery shall be completed by April 27, 2020. All other case deadlines remained the same. [ECF No. 252].

3. Pursuant to ECF No. 252, Apple served Mr. Connelly's second supplemental report on April 27, 2020; Dr. Siegel's second supplement report was served a day after the deadline on April 28, 2020; while Dr. Nieh's supplemental report was served on May 1, 2020.

4. On July 9, 2020, Apple filed its SAC against Corellium to *remove* certain copyright registrations not at issue in the Complaint, effectively alleging three claims for copyright infringement and one claim for violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1201(a)(2), (b), and 1203. [ECF No. 589]. The SAC did not include allegations concerning the seven "newer" iterations of iOS or the third-party FRIDA app. *Id.*

5. In response, on July 17, 2020, Corellium filed its Answer, Affirmative Defenses, and Counterclaims to Apple's Second Amended Complaint ("Answer"). [See ECF No. 599].

6. On April 13, 2021, the Court issued an Order Continuing Trial to begin on July 6, 2021 for a two-week trial period and stated that "[a]ll other deadlines remain the same." [ECF No. 989].

7. On June 4, 2021, more than a year after discovery closed, Plaintiff filed three supplemental reports, for Mr. David Connelly, Dr. Michael D. Siegel, and Dr. Jason Nieh. These second and third supplemental reports respectively contain new opinions including, but not limited to supposed copyrights and new operating systems such as iOS 12.3, 12.4, 13.0, 13.2, 13.4, 13.6, and 14.0, as well as the FRIDA third-party app, that were never before asserted in this case, and as to which Corellium has had no opportunity to take either fact or expert discovery and depositions. Such untimely supplemental reports thwart the very purpose of this Court's deadlines. [ECF No. 66 & 252].

8. While these are not the only new opinions provided in the respective reports, Apple has long been aware of these iOS versions and applications. According to Wikipedia, Apple released iOS 13 in September 2019 (prior to the filing of the lawsuit), and released iOS 14 in September 2020;[2] FRIDA has been available for four years or more. There is no reason why Apple's expert could not have offered opinions concerning at least iOS versions 12.3, 12.4, and 13.0 (and FRIDA) in his initial reports, or why Apple could not have sought leave to submit these reports far sooner.

---

[2] *See* "iOS version history, https://en.wikipedia.org/wiki/IOS_version_history

9.      On June 8, 2021, this Court denied Corellium's Motion for Leave to Amend its Affirmative Defenses, holding that because Corellium was aware of the relevant facts approximately eight months ago, the motion is untimely, therefore denied for undue prejudice. [ECF No. 943].

10.     Plaintiff's untimely second and third supplemental reports cause extreme prejudice to Corellium by having to present its case against expert reports without offering any of its own rebuttal, not being able to test the opinions on *Daubert*, and not having the opportunity to engage in discovery, while at the same time having to face broadened expert opinion at trial.

11.     Indeed, further examples of new opinions include, in the case of Dr. Nieh, opinions on the security mechanisms in the "Newer iOS Versions," citing to Apple's publicly available Platform Security Guide dated February 2021 and conversations with Ronnie Misra, Apple employee who was never before mentioned by Dr. Nieh and never deposed.  See Nieh Second Supp. Report at fn. 10, ¶¶ 6, 24, 60-61.  Dr. Nieh further opines on the alleged creativity of the newest versions of iOS, referencing source code deposits submitted to the Copyright Office for iOS 12.3, 12.4, 13.0, 13.2, 13.4, 13.6, and 14.0—none of which were included in Apple's claims against Corellium in this case.  *Id*. ¶¶ 27-36 (section titled "Apple's Copyrighted Works").  Dr. Nieh's "creativity" analysis includes references to iOS features and other products outside the scope of this case, including "the new implementation of Apple Card" (citing to an Apple press release dated August 20, 2019) and new "gestures" in iOS 13 (citing to a TechRepublic blog article dated April 3, 2020).  *Id*.  Dr. Nieh goes on to offer opinions that alleged technical measures in the newer iOS versions (the same measures allegedly included in earlier versions of iOS) are circumvented by Corellium.

12. Accordingly, Corellium requests this Honorable Court to strike the Second Supplemental Expert Report of Dr. Jason Nieh and the Third Supplemental Reports of Dr. Michael D. Siegel and Mr. David Connelly, all dated June 4, 2021, due to Plaintiff's failure to comply with this Court's Revised Scheduling Order [ECF No. 252] or even abide by FRCP 26(a)(2)(d), and 26(e) for submitting timely supplemental reports.

## MEMORANDUM OF LAW

### III. Legal Standard

Federal Rule of Civil Procedure 26 requires that "[a] party must make [expert witness] disclosures at the times and in the sequence the court orders." *Guevara v. NCL (Bahamas) Ltd.,* 920 F.3d 710, 717 (11th Cir. 2019); see also Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) imposes a duty on an expert to supplement their report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.;* Fed. R. Civ. P. 26(e)(1)(A). But "[a]ny additions or changes to" the expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id;* Fed. R. Civ. P. 26(e)(2) (emphasis added). Rule 26(a)(3) further expressly states that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." The Court's Scheduling Order controls expert disclosures, and it is "[o]nly after determining that the Court's Order does not cover the matter or is otherwise ambiguous" that the "Court [then] fall[s] back on the Rule 26 timeline." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 1515769, at *3 (S.D. Fla. Mar. 30, 2020); citing *Buonamano v. United States*, No. 13-CIV-80221, 2014 WL 12580527, at *1 (S.D. Fla. Aug. 5, 2014). The Court has expressly

stated in its Order that the date for supplemental Expert Reports is April 20, 2020. ECF No. 66 & 252.

If a party violates Rule 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." *Id*; Fed. R. Civ. P. 37(c)(1); see also *S.O.S. Res. Servs., Inc. v. Bowers*, 2015 WL 6735540, at *2 (S.D. Fla. 2015); quoting, *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010); *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26 unless the failure is substantially justified or harmless."). Courts have broad discretion to exclude untimely expert testimony—even when they are designated as "supplemental" reports. See *Corwin v. Walt Disney Co.,* 475 F.3d 1239, 1252 (11th Cir. 2007) ("[A] supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed.").

Moreover, Rule 37 states that [i]f a party fails to provide the information as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose was substantially justified or harmless, courts consider (1) the importance of the testimony, (2) the reasons for the failure to disclose earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify. *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005).

Nonetheless, *Daubert*'s general holding sets forth the trial judge's general 'gatekeeping' obligation as it pertains to Expert Witness and the admissibility of their testimony as evidence.

Case 9:19-cv-81160-RS   Document 963   Entered on FLSD Docket 06/29/2021   Page 8 of 20

CASE NO.: 9:19-CV-81160-RS

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 595, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993). Consequently, the admissibility of all expert testimony is governed by the principles of Rule 104(a) of the Federal Rules of Evidence, which state that in general, the court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.

  IV.  <u>**LEGAL MEMORANDUM**</u>

   A.  <u>**Apple's Supplemental Reports Should be Stricken as Untimely.**</u>

Applying these principles, courts have stricken expert witness and supplemental reports that, in situations similar to this case, were not timely disclosed, prevent the opportunity for the opposing party to provide rebuttal expert witness, or challenge the opinions or methods on a *Daubert* motion in response, and/or that include material outside the scope of the issues at hand, therefore causing prejudice to the other party. See *Guevara v. NCL (Bahamas) Ltd*., 920 F.3d 710 (11th Cir. 2019) (striking supplemental expert report as untimely and as prejudicially offering opinions on new arguments not alleged in the complaint that could have been presented sooner); see also *Reese v. Herber*t, 527 F.3d 1253 (11th Cir. 2008)(striking the supplemental expert report for filing report nearly seven weeks after the close of discovery, therefore harming defendants because it "foreclosed the defendants opportunity to depose the expert.").

In *Reese*, the court stated that at a minimum the plaintiff could have filed a motion to extend discovery, however, failed to do so. *Reese,* 527 F.3d at 1266. Moreover, the court in *Reese* reasoned that "because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Id.* Accordingly, the court in Reese held the district court

8
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

did not abuse its discretion in striking the expert reports in its entirety. *Id.* see also *O'Brien v. NCL (Bahamas) Ltd.*, 16-23284-CIV, 2017 WL 6949261, at *6-7 (S.D. Fla. 2017), (excluding a supplementary expert report and testimony that was served after the deadline for expert disclosures and depositions, for among other reasons, providing an entirely new theory that was available at the time of the in the initial report, yet not disclosed; reasoning that re-deposing the expert at this late juncture was unfeasible.).

Similarly, in *Guevara*, the district court excluded portions of the first supplemental report and the entirety of the second supplemental report because Guevara failed to show that their late disclosure was justified or harmless. *Guevara*, 920 F.3d, at 716. The court affirmed and struck portions of the first supplemental report addressing industry standards that were not included in the initial or rebuttal expert reports and were not produced ahead of deposition. *Id.* The court held that allowing reports to address issues not previously pled or covered in the initial report would unduly prejudice the defendant in that case. *Id.* at 719.

Moreover, the court in *Guevara* also affirmed and struck the entirety of the second supplemental report, acknowledging that Guevara unreasonably delayed in filing that supplement. *Id.* at 718. Specifically stating, the court found no justification to supplement expert opinions <u>over a month after the close of discovery</u>, and <u>three days after the district court's dispositive and *Daubert* motions deadline</u>. *Id.* at 719. Notably, the Court further stated that Guevara did not even seek leave of the district court prior to disclosing the Second Supplemental Report, nor did he move to extend discovery. *Id*.

Here, the Court ordered that rebuttal summaries and reports were to be completed by April 13, 2020. [ECF No. 252]. Indeed, the court specifically provided for the submission of

supplemental reports by setting a deadline of April 20, 2020 and ordered all expert discovery to be completed by April 27, 2020. *Id.* All other case deadlines remained the same, including dispositive motions and *Daubert* motions to be completed by May 11, 2020 and depositions by August 17, 2020. *Id.*

Therefore, Plaintiff in this case was aware of the already modified deadlines—indeed, it had already served initial expert reports and then first and second supplemental reports. Nonetheless, on June 4, 2021, more than a year after discovery closed and on the eve of trial, Plaintiff seeks to introduce *three* new supplemental expert reports.

Apple claims these supplemental reports were issued in light of Corellium's provision of supplemental discovery and related information. *See* Dr. Nieh June 6, Second Supplemental Report ¶ 7; Dr. Siegel's June 6, Third Supplemental Report ¶ 14. However, Dr. Nieh's untimely supplemental report in fact addresses *new* topics that had not been discussed in any prior report, deposition or even pled in the operative Complaint, and in fact, includes significant new information that *was* available to Apple yet still not pled, made subject to discovery, or included in any of the prior reports or depositions.

Moreover, Mr. Connelly's report could have been supplemented long before the eve of trial, as he claims to have obtained the "new information" in March. *See* Mr. Connelly June 6, Third Supplemental Report pg. 1. Mr. Connelly may claim to have simply "updated" his numbers. However, Corellium has not had a chance to challenge what numbers Mr. Connelly included or excluded, and whether his methods were appropriate or sound. Indeed, this happens in most cases, whereby theoretically, a party could "update" its damages analysis daily, right up through deliberations. The court, however, took this into account by setting a hard deadline for

supplemental reports. ECF No. 252. *See also Friebel v. Paradise Shores of Bay Cnty., LLC,* 2011 WL 2420230 (N.D. Fla., June 13, 2011), (supplemental disclosures prohibited "whenever a party wants to bolster or submit additional expert opinions [because it] would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation"). Moreover, Apple did not seek prior leave from the court to re-open discovery or be given an extension to supplement its reports. *See Guevara* 920 F.3d 710 (striking untimely supplemental reports which also include new information, without seeking leave of court post discovery deadline.); *See also Reese,* 527 F.3d 1253(striking the supplemental expert report for filing report nearly seven weeks after the close of discovery).

Additionally, as noted above, Apple could have included at least iOS 12.3 to 13.0 in the SAC and discovery, and could have sought to amend its pleadings and expert reports as to iOS 14.0 long ago. In fact, the very purpose of the SAC was to update exactly which iOS versions were at issue in this case. Apple thus had the opportunity to include at least substantive allegations of iOS 13.0 (and iOS 12.3, 12.4) in its SAC, enough to put Corellium on notice, but chose only to remove certain iOS copyright registrations, not add any. Moreover, the reports contain discussions that Apple's experts have recently had with Apple employees that also could have happened prior to discovery cutoff. Nieh Second Supp. Report at 17, 19, 23-26 (describing conversations with Apple employees about the continued use of the alleged technical measures in newer iOS versions). Therefore, just as this Court denied Corellium's Motion for Leave to Amend its Affirmative Defenses [ECF No. 943] as untimely, the Court should similarly strike these reports which seek to introduce new information and new opinions, all of which have long been available to Apple.

Corellium will be significantly prejudiced by the untimely Second and Third Supplemental Reports. Corellium will not have any opportunity to seek discovery, provide rebuttal reports, investigate or challenge the opinions on *Daubert*, or depose the experts on the three newly supplemented reports. Therefore, for the same reasons as the court held prejudicial in *Reese, Guevara*, and *O'Brien* these untimely supplemental reports filed by Dr. Nieh, Dr. Siegel and Mr. Connelly on June 6, 2021 should be stricken.

Moreover, Plaintiff cannot procedurally meet the 30-day deadline under 26(a)(3) pursuant to 26(e)(1) and (2). iOS 13 and 14 have been available—in part, since before this case was initially filed—long enough to have placed these iOS versions at issue so that they were at least subjected to discovery. For example, Apple certainly had access to its own source code deposits to the Copyright Office that Dr. Nieh now opines reflect the requisite "creativity" and Dr. Nieh could have asked Apple employees whether the alleged technical protective measures were contained within the newer versions of iOS. Additionally, with respect to financials, the numbers will constantly change up until the day of trial, which is the same with every case involving profit damages. But the Court set a hard deadline for supplemental reports, taking into account that the endless supplemental discovery on financials can continue to lead to untimely supplemental reports at great prejudice.

Accordingly, with weeks before trial, allowing lengthy supplemental expert reports is highly prejudicial and at odds with the Rules and this Court's scheduling orders. Corellium would have no opportunity to provide rebuttal reports or investigate or challenge the opinions on *Daubert*, or depose the experts on the newly supplemented report. See *O'Brien*, 2017 WL 6949261.

  B.  **<u>Apple Should be Precluded from Introducing New Arguments and Opinions.</u>**

Moreover, the supplemental reports should be stricken for raising new potential arguments and opinions. Such new opinions involve *seven* copyrighted works, iOS 12.3, 12.4, 13.0, 13.2, 13.4, 13.6, and 14.0, including opinions on the creativity of the source code deposits submitted to the Copyright Office and whether alleged technical protective measures in these versions were circumvented. But *none* of these newer iOS versions were pleaded in any of the complaints. Because of this, these works were not the subject of discovery, depositions, or addressed in any prior expert report. In fact, the SAC was filed to *remove* certain copyrighted works not at issue. Apple thus was clearly considering at that time which iOS versions were relevant to this case, yet Apple then opted not to include the seven newer iOS versions in the SAC and, therefore, not to include them in this litigation. Had Apple timely pled the seven newer iOS versions part of this case, long before now, Corellium and its experts could have conducted discovery and prepared its case on these versions.

Moreover, Apple further seeks to supplement Nieh's report based on updates such as supporting a third-party app called FRIDA. *See* Dr. Nieh's Second Supplemental Report ¶ 8. This case is about circumvention of Apple's TPMs to get access to iOS. A third-party app, such as FIRDA, or any other app, has nothing to do with Apple's claims that Corellium circumvents certain protective measures. Yet at the eleventh-hour, despite vigorous discovery efforts by both sides, Apple now raises the new issues and opinions for the first time.[3]

As such, the supplemental reports should be stricken as untimely and prejudicial. Apple has not established, and cannot show, that these late-injected issues and dilatory disclosures are

---

[3] Dr. Nieh June 6, second supplemental report ¶¶ 8, 23, 26, 36, 52, 59-67, 85, 86, and ¶¶ 101-111; see also Dr. Siegel June 6, 2021, third supplemental report ¶ 14, footnotes addressing iOS 13.

harmless. In *Companhia Energetica Potiguar v. Caterpillar Inc*., No. 14-CV-24277, 2016 WL 3102225, at *4 (S.D. Fla. June 2, 2016), the court refused to allow a supplemental report containing new information following the filing of summary judgment and *Daubert* motions. That court agreed that allowing Haaland's supplemental declaration would create undue prejudice because it already completed Haaland's depositions and the report contained new information not previously addressed and was untimely pursuant to the discovery deadline. *Id.* Indeed, Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Companhia Energetica Potigua*r, 2016 WL 3102225, citing *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (emphasis added) (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998) (rejecting as "disingenuous" the argument that second expert disclosure was a "supplement" to the initial disclosure)). *See also O'Brien*, 2017 WL 6949261, at *6-7 (S.D. Fla. 2017).

In this case, much if not all of the information Apple claims to not be available before the untimely June 6, 2021 supplemental report of Dr. Nieh, was in fact available at the least nine months ago; much of it was available for well over a year. Furthermore, as addressed above, Mr. Connelly's recent updates on financials are also prejudicial. This Court has taken into account the fact that there should be a hard deadline for supplemental reports, and Corellium has no opportunity to test Mr. Connelly's new opinions or information.

### i. Dr. Siegel is a Rebuttal Witness on an Issue on Which Corellium Has the Burden of Proof, and His Untimely Supplemental Report Does Not Rebut any newly offered opinion from Corellium's Expert witness

Similar to Mr. Connelly's untimely report, Dr. Siegel claims to supplement his report based on new customers and the vetting process. But Dr. Siegel is an expert witness opining only on the

issue of security research, which is a defense pursuant to 1201(j) on which Corellium has the burden of proof. To wit, if Corellium no longer asserted its security research defense, Dr. Siegel would have no basis to testify at all, given that his opinions are limited to that particular defense. He is therefore a rebuttal witness. And where Corellium's expert witness on this issue has not submitted a supplemental report, Dr. Siegel cannot be said to be rebutting any new opinions set forth by Mr. Stamos; the supplemental report is thus improper. Dr. Siegel has, for example, offered wholesale speculation that a feature unrelated to the issues in this litigation (an "app streaming" capability that Corellium provides for *Android* products, not, as Siegel admits, for *iOS*) (see Siegel supp. report at 33). That opinion does not relate to any issue in this case, nor is it a rebuttal to any opinion offered by Mr. Stamos. Similarly, Dr. Siegel's opinions on Corellium "app testing" features address subject matter that was discussed at Amanda Gorton's deposition in 2020, and is not in rebuttal to any new opinions submitted by Mr. Stamos.

And even if it were proper for Dr. Siegel to submit supplemental rebuttal opinions in the absence of any corresponding supplement from Mr. Stamos, the three-month delay in submitting his report following the early March disclosures from Corellium is not excusable. Ultimately, Dr. Siegel's "vetting" information is not new. Moreover, Corellium, like any business, must continue to operate regardless of the fact that litigation is ongoing. This means that the exact identities of customers will almost certainly change until the last day of trial as it develops as a business. At some point, there must be a cut off, and there is no cause for Apple to extend the cut-off date previously set by the Court. Accordingly, the untimely submission of the June 6, 2021 supplemental reports after the close of discovery alone already provides grounds to strike. See, *Reese,* 527 F.3d 1253; *Guevara*, 920 F.3d 710*; Companiha,* 2016 WL 3102225. And given that

Apple has long known this information yet refused to allege that information in the SAC or in prior expert reports, it would be highly prejudicial to Corellium to allow that information into the case at this late date.

Such supplementation may not be used, to "include[ ] a new theory or opinion," *Brincku v. Nat'l Gypsum Co.*, 2012 WL 1712620, at *2 (M.D. Fla. May 15, 2012) (collecting cases), or to remedy "an inadequate or incomplete preparation,'" *Martin v. Omni Hotels Mgmt. Corp.*, 2017 WL 2928154, at *2 (M.D. Fla. Apr. 19, 2017) (quoting *Companhia*, 2016 WL 3102225, at *6 (S.D. Fla. 2016)). Moreover, Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *All-Tag Corp. v. Checkpoint Sys., Inc.*, 2019 WL 5073499, at *5 (S.D. Fla. Oct. 9, 2019) (precluding supplemental report offering, after the court-established deadline, new affirmative and rebuttal opinions), citing *Cochran v. Brinkmann Corp.*, 381 F. App'x 968 (11th Cir. 2010); *see also Potish v. R.J. Reynolds Tobacco Company*, 2017 WL 5952892, at *3 (S.D. Fla. 2017) (striking supplemental reports where plaintiff failed to meet its burden of establishing that the untimely supplemental report <u>containing new opinions</u> was substantially justified or harmless); *O'Brien*, 2017 WL 6949261, at *6-7 (S.D. Fla. 2017), (striking supplementary expert report providing an entirely new theory that was known to the party at the time of the in the initial report, yet not addressed.).

Thus, Apple's late-filed reports should be stricken as untimely, for the reasons set forth in *Reese*, *Guevara*, and *Companhia*.  Moreover, pursuant to *Companhia*, *All-Tag*, *O'Brien* and *Potish,* this court should strike the entirety of the supplemental reports for injecting into the case, on the eve of trial, new issues, information, and opinions long available to and known by Apple.

*See also Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009) (excluding expert's untimely second report because it contained opinions regarding claims that went unaddressed in the initial report); *see also Tech Data Corp. v. Au Optronics Corp.*, No. 8:11-CV-2454-T-33JSS, 2015 WL 12843886, at *7 (M.D. Fla. Oct. 22, 2015) (striking supplemental expert report containing new disclosures, served after the expert discovery deadline, in violation of Rule 26.).

Just as the court reasoned in *Tech Data*, Corellium has "already been unfairly surprised and prejudiced by the untimely disclosure." *Id.* at 7. The material Apple is now trying to introduce on the eve of trial will cause substantial prejudice that outweighs any probative value. *See Friebel*, 2011 WL 2420230 at 2 (N.D. Fla. 2011) (supplemental disclosures prohibited "whenever a party wants to bolster or submit additional expert opinions [because it] would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation")).

Nonetheless, in determining whether a failure to disclose was substantially justified or harmless, courts consider (1) the importance of the testimony, (2) the reasons for the failure to disclose earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify. *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005). As previously stated, the testimony regarding any new information not previously pled, placed on notice, or subjected to discovery are simply not at issue in this case. Thus, the issues and opinions now raised are immaterial as they go beyond the scope of the allegations pled in the SAC or any of the timely expert reports and respective depositions. As such, the testimony could not be of importance.

Therefore, for the reasons stated in *Guevara, Reese, Companhia, All-Tag, O'Brien, Potish,* and this Court's ruling on ECF No. 943, the significant prejudice to Corellium would outweigh

any probative value to Plaintiff as the supplemental reports are untimely and address new allegations outside of its "narrow purpose." And, as noted, Corellium has had no opportunity to depose these experts, rebut, or file *Daubert* motions as to these new opinions, as all these deadlines have passed.

Accordingly, Corellium cannot cure the unfair surprise of the untimely supplemental reports and their new information and opinions. Therefore, these supplemental reports should be stricken as prejudicial. After all, "[t]he purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise." *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016); quoting K*endall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co*., No. 10–24310–CIV, 2011 WL 6372198, at *3 (S.D.Fla. Dec. 20, 2011) (citing *Thibeault v. Square D Co*., 960 F.2d 239, 244 (1st Cir.1992) (rule designed to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent")). And Corellium is mindful that the Court has rejected its recent motion for partial summary judgment and its motion to amend its pleadings, as untimely. It would be the height of unfairness to apply one standard of timeliness to Corellium, and another, far more permissive standard, to Apple.

**Conclusion**

In light of the above, the failure to comply with Rule 26 and the Court's revised discovery deadlines and Scheduling Order [ECF No. 252], Apple has caused undue prejudice to Corellium. Thus, Apple's supplemental expert reports filed on June 6, 2021 should be stricken from this lawsuit and Apple's experts should be precluded from testifying about any opinions contained therein.

**WHEREFORE**, Defendant, Corellium, LLC, respectfully requests the Court to strike the Plaintiff's expert witness supplemental reports dated June 4, 2021 for Dr. Nieh, Dr. Siegel, and Mr. Connelly, preclude any testimony about the information and opinions contained therein, and grant any other relief this Court deems just and proper.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via both email and telephone multiple times with counsel for Plaintiff with the final conferral being on June 28, 2021, whereby the neither could agree on the positions of the opposing side nor the relief sought herein.

Dated: June 29, 2021                    Respectfully submitted,

                                            COLE, SCOTT & KISSANE, P.A.
                                            *Counsel for Defendant CORELLIUM, LLC*
                                            Esperante Building
                                            222 Lakeview Avenue, Suite 120
                                            West Palm Beach, Florida 33401
                                            Telephone (561) 612-3459
                                            Facsimile (561) 683-8977
                                            Primary e-mail: justin.levine@csklegal.com
                                            Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Justin B. Levine*
        JONATHAN VINE
        Florida Bar. No.: 10966
        JUSTIN B. LEVINE
        Florida Bar No.:  106463
        LIZZA C. CONSTANTINE
        Florida Bar No.:  1002945

        *and*

        HECHT PARTNERS LLP
        *Counsel for defendant*
        20 West 23rd St. Fifth Floor

CASE NO.: 9:19-CV-81160-RS

New York, NY 10010<br>
Tel: (212) 851-6821<br>
David L. Hecht *pro hac vice*<br>
Email: dhecht@hechtpartners.com<br>
Maxim Price *pro hac vice*<br>
Email: mprice@hechtpartners.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on June 29, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

**SERVICE LIST**

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff, Apple Inc.*