UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

FILED BY KJZ D.C.
Jun 30, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# ORDER DENYING PLAINTIFF APPLE INC.'S MOTION IN LIMINE TO PRECLUDE CORELLIUM'S "DEMONSTRATIVE AID" THAT DOES NOT REPRESENT ITS ACTUAL PRODUCT [DEs 948, 950]
# AND
# ADDRESSING CORELLIUM'S DEMONSTRATIVE AID

THIS CAUSE is before the Court upon Plaintiff Apple Inc.'s ("Apple") Motion in Limine to Preclude Corellium's "Demonstrative Aid" that Does Not Represent Its Actual Product ("Motion") [DEs 948, 950]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Defendant, Corellium, LLC ("Corellium") has filed a response to the Motion [DE 951], and Apple has filed a reply [DE 953]. This matter is now ripe for review.

The Court has carefully reviewed the Motion, response, reply, the attached declarations, the entire docket in this case, and the applicable case law.

Corellium proposes using a demonstrative aid during the testimony of its Chief Technology Officer, Chris Wade. The demonstrative aid, which Corellium is not seeking to admit into evidence, is intended to show the jury that the modifications Corellium makes to Apple's iOS

1

computer code are not made to bypass any technological protection measures since iOS can allegedly be run without any changes or bypasses. Apple objects to the demonstrative aid on several grounds including that it is inaccurate, misleading, will confuse the jury and waste the court's time, and will create a mini-trial within the trial as to the accuracy of the demonstrative aid.

The Court first notes that, although there is some confusion among various courts, a "demonstrative exhibit" is one that is admitted into evidence at trial while a "demonstrative aid" is only used to assist the witness' testimony and is not admitted into evidence at trial. In this case we are dealing with the latter—a demonstrative aid to be used during the testimony of Mr. Wade, which demonstrative aid Corellium is not seeking to admit into evidence. Federal Rule of Evidence 611(a) controls when a demonstrative aid is at issue. *United States v. Kaley*, 760 F. App'x 667, 681–82 (11th Cir. 2019), *cert. denied,* 139 S. Ct. 2038 (2019). Rule 611(a) provides, among other things, that a court may exercise "reasonable control over the mode of ... presenting evidence" so as to make the procedures "effective for determining the truth" and to "avoid wasting time." Fed. R. Evid. 611(a). For purposes of this ruling, it is important that we are dealing with a proposed **demonstrative aid** to be used during Mr. Wade's live testimony in court, and which demonstrative aid Corellium is not seeking to introduce into evidence and send back to the jury.

Next, motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *Contreras v. Aventura Limousine & Transportation*

*Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Courts ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."). The Court agrees with this case law and is entering its Order in accordance with these principles.

In this case, it is important to note that Corellium's proposed demonstrative aid was not disclosed during discovery, and Corellium only recently advised Apple that it intends to use the demonstrative aid during the testimony of Chris Wade, who is not a listed expert witness. Since Mr. Wade was not disclosed as an expert witness per Federal Rules of Evidence 703 and 705 and this Court's Scheduling Order, he may not issue any opinions as an expert witness under Federal Rule of Evidence 702. This prohibition includes his testimony regarding the demonstrative aid which Corellium intends to use during his testimony. To the extent Corellium intends to seek to obtain Mr. Wade's opinion testimony as a lay witness pursuant to FRE 701, the foundation must be laid at trial, and Mr. Wade cannot stray into expert opinions covered by FRE 702. *See Stewart v. Carnival Corp.*, No. 18-21898-CIV, 2019 WL 1440902, at *1 (S.D. Fla. Feb. 19, 2019) (denying a motion in limine with respect to testimony from the plaintiff's medical illustrator and ruling that the medical illustrator could testify as a fact witness, but not as an expert witness, and could only use her medical illustrations as demonstratives at trial). The scope of any opinion testimony by a lay witness such as Mr. Wade under FRE 701 is quite limited, and Mr. Wade must stay within the confines of that rule as to any opinion testimony Corellium may attempt to elicit from him as to the demonstrative aid or any other matter. However, any objections to his testimony or the demonstrative aid are best handled during trial.

The Court finds that the issues raised in Apple's Motion can only be dealt with during the

crucible of trial on a proper objection and cannot be ruled upon in advance on a motion in limine. *See Cont. Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *2 (E.D. Tenn. June 29, 2012) (finding that excluding a trial exhibit which was solely being proposed as a demonstrative aid prior to trial would be inappropriate and premature). Here, the Court cannot rule at this point that Corellium's demonstrative aid, subject to its information being established as accurate and relevant and *not* being evidence intended for admission at trial, is inadmissible at trial. The Court's ruling denying Apple's Motion does not preclude the Court from later finding or ruling during trial, upon timely and proper objection, that the demonstrative aid should be limited or excluded on the basis that it is wasteful, confusing, misleading, not relevant, or on any other legitimate ground under FRE 403, FRE 401, FRE 611(a), or any other applicable rule or law. Such rulings, however, can only be made at trial if a proper objection is timely lodged.

In light of the foregoing, the Court will deny Apple's motion in limine to exclude the demonstrative aid on a pretrial motion in limine, without prejudice to Apple's ability to renew its objections at trial to the demonstrative aid or to Mr. Wade's testimony related to the demonstrative aid.

Finally, in the event that Corellium does decide to use the demonstrative aid during the testimony of Mr. Wade, the following two State of Florida jury instructions, or variations thereof, may be appropriate:

1. This witness will be using (identify demonstrative or visual aid(s)) to assist in explaining or illustrating [his] [her] testimony. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is] [are] not

to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.[1]

2. This witness will be using (identify demonstrative aid(s)) to assist in explaining or illustrating [his] [her] testimony. [This] [These] item[s] [has] [have] been prepared to assist this witness in explaining [his] [her] testimony. [It] [They] may be based on assumptions which you are free to accept or reject. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is] [are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.[2]

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Corellium's Motion in Limine to Preclude Corellium's "Demonstrative Aid" that Does Not Represent Its Actual Product [DEs 948, 950] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] Fla. Standard Jury Instructions in Civil Cases 301.4
[2] Fla. Standard Jury Instructions in Civil Cases 301.4