UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

### ORDER DENYING CORELLIUM'S MOTION FOR LEAVE TO AMEND ITS RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION [DE 940]

THIS CAUSE is before the Court upon Defendant Corellium, LLC's ("Corellium") Motion for Leave to Amend its Responses to Plaintiff's First Set of Requests for Admission ("Motion") [DE 940]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Plaintiff Apple Inc. ("Apple") has filed a response to the Motion [DE 946], and Corellium has filed a reply [DE 958]. This matter is now ripe for review.

### MOTION, RESPONSE AND REPLY

Corellium moves for leave to amend its responses to Nos. 51, 55, 56 and 57[1] of Plaintiff's

---

[1] The Requests, all four of which Corellium responded to with the single word "Admit", state the following:
    51. Admit that the Corellium Apple Product displays the selected versions of iOS to the user when installed on a Virtual Device;
    55. Admit that the Corellium Apple Product makes modifications to iOS that allow it to be installed on, and run from, Corellium-developed or Corellium-operated hardware;
    56. Admit that the Corellium Product allows users to "jailbreak" or otherwise bypass one or more Security Measures;
    57. Admit that Corellium gave one or more Persons access to the Corellium Apple Product for the purpose of allowing such Person or Persons to develop software that can be used to "jailbreak" or otherwise bypass one or more Security Measures.
[DE 940, p. 2].

First Set of Requests for Admission, dated November 18, 2019. [DE 940, p. 2]. Corellium argues that granting the relief sought would ensure this action is resolved on the merits and would not prejudice Apple. *Id.* at pp. 4-6. Corellium argues, *inter alia*, that the Eleventh Circuit's two-part test regarding the withdrawal of admissions under Rule 36 has been met in this case.

In response, Apple agrees that, in the Eleventh Circuit, a motion to withdraw a request for admission is subject to a two-part test but argues that Corellium's Motion fails both parts of the test. [DE 946, p. 3]. It argues that withdrawal "will not subserve the presentation on the merits because both parties have treated these four facts as established for the entirety of this litigation, and have built their merits arguments around them." *Id.* Finally, Apple maintains that withdrawal would greatly prejudice it because Apple would have "to prove new facts, in a trial set for next month—without fact or expert discovery into those facts and with key Corellium witnesses no longer available." *Id.*

In reply, Corellium argues that, since it "has consistently denied that CORSEC [also referred to as the Corellium Apple Product] bypasses any of Plaintiff's alleged TPMs, and as the alleged bypassing of TPMs is the central issue in the parties' upcoming trial, permitting withdrawal of the erroneous admissions will subserve the presentation of the merits of the case." [DE 958, p. 3]. Corellium additionally asserts that Apple has not established that it would suffer any actual prejudice if the Motion is granted. *Id.* at pp. 4-5.

## **APPLICABLE LAW**

Once a matter is admitted in response to a request for admission, Federal Rule of Civil Procedure 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b). A court "may permit withdrawal

or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.* The Eleventh Circuit has held that district courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw or amend admissions. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank,* 837 F.2d 1575, 1577 (11th Cir. 1988)). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* The Court will carefully follow the Eleventh Circuit's two-part test in resolving this Motion.

## **ANALYSIS**

As an initial matter, this case is currently set for a jury trial in less than 3 weeks–on July 19, 2021. [DE 961]. Discovery closed over one year ago, on April 20, 2020 [DE 66], and all dispositive motions have been filed and disposed of by the Court. Corellium filed its pending Motion on June 2, 2021 and this Court has set aside other pressing matters to deal expeditiously with this Motion in light of the impending trial date. It is with this procedural posture in mind that the Court addresses Corellium's Motion.

The timing of Corellium's Motion is quite important to the Court's analysis. Corellium has waited to file its Motion until June 2, 2021 [DE 940], approximately 18 months after it served its responses to Apple's First Set of Requests for Admission on November 18, 2019. Further, Corellium's Motion seeking to amend its responses to Requests for Admission Nos. 51, 55, 56,

and 57, was filed on the eve of trial.[2] As justification for this excessive and inordinate period of delay, Corellium claims that it only recently, while preparing for trial, engaged in a "detailed review" of its discovery responses. [DE 940, p.4]. That is a somewhat startling statement, as the time to engage in a detailed review of discovery responses, including responses to requests for admissions, is when the requests for admission are responded to, not on the eve of trial. It would be unfair and inefficient, and would turn the discovery process on its head, if parties could respond to discovery in such a cavalier manner without carefully scrutinizing their discovery responses when served, and then change the responses on the eve of trial when they finally decide to carefully scrutinize them. Such conduct simply cannot be tolerated, especially in a case such as this one where discovery has been very contentious and voluminous, and where Corellium has had a large team of attorneys from various law firms working on its behalf throughout this case.

The facts admitted by Corellium in Requests for Admissions Nos. 51, 55, 56, and 57 were solely within Corellium's knowledge as to how its Corellium Apple Product works and operates. The requests for admission themselves were not tricky or complex, but rather were straightforward requests for admission as to discrete facts which were directly and succinctly admitted by Corellium with one word—"Admit." Defendant Corellium has maintained these admissions during the long, contentious, and laborious discovery process, as well as during the substantive motion and *Daubert* motion process. Corellium has not presented a sufficient explanation for its dilatory conduct in waiting until the eve of trial to seek to withdraw its four admissions and has not established sufficient justification to be permitted to amend or withdraw its four admissions.

---

[2] Corellium's Motion [DE 940] seeks generically to amend its four admissions but fails to specifically state how it wants to amend its four admissions. However, based on the parties' briefing, the Court presumes that Corellium wants to withdraw "admit" and interpose "deny" as to these four requests for admissions.

Moreover, Corellium has presented no evidence, such as an affidavit or declaration, that its four admissions were issued due to inadvertence or neglect. *Fraser Yachts Fla., Inc. v. Milne*, No. 05-21168-CIV, 2007 WL 9701646, at *1 (S.D. Fla. Mar. 7, 2007) (distinguishing a situation where an admission is deemed admitted through inadvertence or noncompliance from a situation where there is a "clear and unequivocal admission to a very specific fact"). The record establishes that the four admissions were not, in fact, inadvertently admitted by Corellium.

In this regard, the Court has reviewed all the requests for admission in Apple's First Set of Requests for Admission [DE 946-1], and responses thereto by Corellium [DE 946-2], and notes that Requests for Admission Nos. 50 through 57 all pertained to how the Corellium Apple Product operates and functions. A careful reading of Corellium's responses to those requests shows that Corellium carefully considered them and denied specific facts when it intended to do so and admitted certain facts when it intended to do so. For example, in Corellium's response to Request for Admission No. 54 [946-2, p. 11], which request states, "[a]dmit that the Corellium Apple Product bypasses one or more Security Measures when installing, or after installing, such software on one or more Virtual Devices," Corellium did, in fact, deny that request, while concomitantly admitting Nos. 51, 55, 56, 57, which go to other specific facts. This shows that Corellium made a conscious and intentional decision to admit the four requests for admission at issue, and there simply was no inadvertence or neglect. Corellium claims "inadvertence" in its motion [DE 940, p. 4], but provides no proof at all to back that claim up. The Court rejects this argument.

Moreover, Corellium's argument in support of withdrawal of its four admissions is inconsistent and confusing. For example, Corellium argues in its reply that one of the reasons this Court should allow it to withdraw its admissions to Requests for Admission Nos. 51, 55, 56, and

57 is because, from the beginning, it has fundamentally denied "that it bypasses any alleged technological measures." [DE 958, p. 3]. But that flawed argument misses the point, since Corellium did, in fact, deny Request for Admission No. 54 which asked Corellium to admit that its Corellium Apple Product bypasses security measures. [DE 946-2, p. 11]. The requests for admissions at issue in paragraphs 51, 55, 56 and 57 asked Corellium to admit other discrete facts, and Corellium knowingly and voluntarily did so.

Corellium also seems to argue that, because the four requests for admission were answered before Apple asserted its DMCA claim, Corellium should now be allowed to withdraw its four admissions. [DE 940, p. 5]. However, the truth of admissions or denials to requests for admission does not depend on the pending claims; rather, admissions depend on whether the facts are true or not. While causes of actions or claims may change or be amended or broadened, facts remain constant. Corellium knowingly and voluntarily admitted the specific, discrete facts in Requests for Admission Nos. 51, 55, 56, and 57 and must live with those admissions.

Furthermore, this is not a situation where Corellium by mistake or inadvertence failed to respond to a request for admission, and Apple is now playing "gotcha." All of the cases cited by and relied on by Corellium are based on situations where the responding party failed to answer the request for admission, and the matter was therefore deemed admitted by default operation of Federal Rule of Civil Procedure 36. *See Smith*, 837 F.2d at 1577; *Bouzaglou v. Synchrony Fin.*, No. 19-CV-60118, 2019 WL 3852295, at *3 (S.D. Fla. Aug. 15, 2019); *Am. Heat Indus., Inc. v. Niagara Indus., Inc.*, No. 08-21889-CIV, 2009 WL 10668939, at *2 (S.D. Fla. Jan. 23, 2009); *Pallis v. Samouilidis*, No. 18-80989-CIV, 2019 WL 4730739, at *2 (S.D. Fla. July 18, 2019); *Harty v. YDB Three Lakes, L.C.*, No. 09-61386-CIV, 2010 WL 2634443, at *1 (S.D. Fla. June 30, 2010).

That is not what happened here. There was no failure or forgetting to respond to the requests by Corellium; rather, there was a knowing and voluntary admission to the four requests for admission by Corellium as to certain discrete facts while it denied other requests for admission as to other discrete facts. The answers to the requests for admission by Corellium were part of a calculated decision on its part, and any effort to portray its four admissions as "inadvertent" or "mistaken" is unsupported and misleading.

Moreover, Corellium seems to argue that, since it has denied Apple's DMCA claim, it must be permitted to withdraw its four admissions. But this argument makes little sense and would render Rule 36 toothless. Simply stated, a party can admit discrete facts under Rule 36 and yet still deny the cause of action or claim pending against that party. One simple example would be a negligence case based on a car accident. The defendant in such a case could admit specific facts under Rule 36, such as that he was driving the car, that he was going 50 miles per hour, that he was driving north on A1A, and that the car radio was on, and yet still deny the negligence claim. So too in the instant case, Corellium can admit specific facts as it did with the four admissions at issue and still deny the DMCA claim pending against it.

A careful review of this matter leads this Court to find that neither of the two prongs of *Perez* are met here. The Court finds that the presentation of the merits of this action will not be subserved by allowing the amendment and withdrawal of the four admissions made by Corellium. As to this first step, this part of the test "emphasizes the importance of having the action resolved on the merits," *Smith*, 837 F.2d at 1577, and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (quoting *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir.1995). Corellium claims that it would not be in the

7

interest of justice to allow Apple to obtain such a large judgment simply due to Corellium's negligence. But Corellium has not sufficiently established, and the Court cannot see, how these four discrete factual admissions by themselves will result in "such a large judgment." *See, e.g.*, *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 774295, at *2 (S.D. Fla. Feb. 5, 2020) (finding that the plaintiff had not shown that the presentation of the merits of the action would be subserved if plaintiff's motion for leave to modify admissions was granted because the plaintiff had presented no evidence which would support its denial of the request for admission at issue); *Capsmith, Inc. v. Wysopal*, No. 6:07-CV-1572-ORL-22-KRS, 2009 WL 10671214, at *5 (M.D. Fla. Apr. 1, 2009) ("In the instant case, the item Judge Spaulding deemed admitted limited potential liability relating the '284 Patent to Capsmith's sales after October 23, 2007. Defendants have not made a sufficient showing to persuade the Court that upholding the admission will practically eliminate any presentation of the merits of the case."). Likewise, in this case, the Court finds that upholding Corellium's four discrete admissions will not "practically eliminate any presentation of the merits of the case."[3] *Perez, supra*, 297 F.3d at 1266 (quoting *Hadley*, 45 F.3d at 1348).

As noted in *SEC v. Collectors Coffee, Inc.*, 19-civ-4355, 2021 WL 1783490 (S.D.N.Y. May 5, 2021), the purpose of Rule 36 is to expedite the trial by removing uncontested issues. Granting Corellium's request would not expedite the trial but instead would unnecessarily prolong and extend the trial. Granting Corellium the relief it requests would not, as Corellium argues, serve the

---

[3] Moreover, as in *Capsmith, Inc.*, *supra*, 2009 WL 10671214, at *5, Corellium's request to amend and withdraw its four admissions cannot be viewed in isolation. Corellium also recently sought to belatedly amend its affirmative defenses, which request this Court denied. [DE 943]. There seems to be a troubling pattern developing here where Corellium seeks to change or alter the landscape of this hotly litigated case on the eve of trial. This is not fair to the Court or to the opposing party in this action.

interests of justice. Corellium has not shown and cannot show that withdrawal of the four admissions will aid in the ascertainment of the truth and development of the merits. It would likely have just the opposite effect.

As to the second prong, the non-moving party must demonstrate prejudice. "However, '[t]he prejudice contemplated by the Rule [36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case ....'" *In re Garcia*, 627 B.R. 923, 928 (Bankr. S.D. Fla. 2020) (quoting *Perez*, 297 F.3d at 1266). Corellium claims that there cannot possibly be prejudice because Apple knew from the very beginning that Corellium fundamentally denies all of its claims and, therefore, "had the opportunity to depose Corellium's officers extensively relative to the DMCA [claim] before trial and will have the opportunity to cross-examine them at trial." [DE 940, p. 6]. However, Corellium is making an unfounded leap here. Corellium made specific admissions, and Apple should not have just been expected to assume the admissions were mistaken or unreliable. Having presided over the very extensive, contentious and extended discovery process in this case, the Court finds that Apple most certainly would have undertaken additional discovery regarding the four admitted facts in Requests for Admission Nos. 51, 55, 56 and 57 had Corellium not made those admissions, or had Corellium attempted to withdraw them in a timely manner during the discovery process. As in *SEC v. Collectors Coffee, Inc., supra*, the Court finds that withdrawal of the four admissions at this late date will harm Apple's ability to present its case and will present Apple with special difficulties caused by the sudden need to obtain evidence on the four admissions sought to be withdrawn by Corellium.

The Court finds that Apple has established that it would be quite prejudiced if amendment

and withdrawal of the four admissions was allowed. Apple justifiably relied on the four admissions, and Corellium cannot withdraw them at this very late date when discovery closed in April of 2020 and trial is set for July 19, 2021. Apple obtained Corellium's admission of discrete, specific facts which Corellium admitted and left intact for over 1 ½ years. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (finding withdrawal two-and-a-half months before trial to be prejudicial.). The Court finds clear prejudice to Apple if Corellium is permitted to amend and withdraw its four admissions at this late date.

The case of *Fraser Yachts Fla., Inc. v. Milne*, No. 05-21168-CIV, 2007 WL 9701646, at *2 (S.D. Fla. Mar. 7, 2007) is factually similar to the instant case. In *Fraser Yachts,* the defendant admitted a specific fact in response to a request for admission and then sought to withdraw it over two months after the close of discovery and approximately one month prior to the scheduled trial date. 2007 WL 9701646, at *1. The court rejected the defendant's request to withdraw the admission and found that the "strongest showing of prejudice on this record is the fact that Defendant did not move to withdraw his admission until two months after the close of discovery." *Id.* In the instant case, the facts are even more egregious since Corellium seeks to withdraw the four admissions more than a year after discovery closed and on the eve of trial. This establishes a strong showing of prejudice. As in *Fraser Yachts*, Corellium's effort fails as neither prong of *Perez* has been satisfied.

In this case, Rule 36 functioned as it is designed and allowing withdrawal of the four admissions would be contrary to how the Rule is supposed to operate. *Capsmith, Inc.*, 2009 WL 10671214, at *5 (citing Fed. R. Civ. P. 36 advisory committee's note) (Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each

party that justified reliance on an admission in preparation for trial will not operate to his prejudice."). Apple justifiably relied on these four admissions, and withdrawal of the four admission by Corellium at this late date will operate to Apple's prejudice. It appears to the Court that Corellium is engaged in some level of gamesmanship where it allowed its opponent to proceed on the basis of the four admissions until approximately one year after discovery was closed, and after dispositive and *Daubert* motions were filed and ruled upon, and then belatedly sought to withdraw its admissions when it was getting ready to face a jury at trial. While the Court understands that Corellium would like to withdraw unpleasant facts it has duly and knowingly admitted, the law does not permit such withdrawal under the specific facts of this case. This is simply not how the discovery process and Rule 36 are designed to work.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Corellium's Motion for Leave to Amend its Responses to Plaintiff's First Set of Requests for Admission [DE 940] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge