UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, LLC,

    Defendant.

_____/

**DEFENDANT CORELLIUM, LLC'S *UNOPPOSED* MOTION FOR CLARIFICATION REGARDING SUBMITTAL OF ELECTRONIC VERSIONS OF <u>DOCUMENTARY EXHIBITS</u>**

Defendant, Corellium, LLC ("Corellium"), by and through undersigned counsel, files this *Unopposed* Motion for Clarification Regarding Submittal of Electronic Versions of Documentary Exhibits, ECF No. 801 ("Motion"), and in support states as follows:

1.    On February 12, 2021, the Court issued its Fifth Amended Trial Order ("Fifth Trial Order") resetting trial to the two-week trial calendar beginning on May 10, 2021, and providing for Calendar Call to be held on May 4, 2021. ECF. No. 801. The Fifth Trial Order further included the following instruction regarding electronic trial exhibits:

> Electronic versions of documentary exhibits and Certificates of Compliance shall be filed no later than five days before Calendar Call.

*Id*.

2.    The Court subsequently issued two more orders continuing trial, ECF No. 898 and ECF No. 961, with the current order continuing trial to July 19, 2021 and providing for Calendar Call on July 13, 2021. ECF No. 961. The last two orders continuing trial, ECF No. 898 and ECF

No. 961, did not provide any instruction relating to the submittal of electronic exhibits, thus the Fifth Trial Order is still valid as it relates to instructions to submit electronic versions of exhibits. ECF No. 801.

3. However, there exists confusion as to how to properly submit the electronic exhibits to the Court. In particular, the Local Rules of the Southern District of Florida ("Local Rules") provide for all exhibits to be "delivered to the Clerk of the Court" and the Fifth Trial Order provides for exhibits to "be filed." *See* S.D. Local Rule 5.3(b)(1); ECF No. 801.

4. As it relates to exhibits the Local Rules provide as follows:

> **(b) Exhibits**.
>
> (1) **Delivery to and Retention by Clerk**. Except as provided by Section 5H of the CM/ECF Administrative Procedures, each exhibit offered or introduced in evidence at any hearing or trial <u>shall be delivered</u> to the Clerk of the Court, who shall keep the exhibit in the Clerk of the Court's custody, until the exhibit is electronically filed and served with the Court in accordance with subsection (b)(2) of this rule. However, when a party offers or introduces into evidence an exhibit that consists of narcotics, cash, counterfeit notes, weapons, precious stones or other items which, because of size or nature, require special handling, that party shall contemporaneously deliver to the Clerk of the Court a photograph of that physical exhibit, which shall later be electronically filed and served with the Court in accordance with subsection (b)(2) of this rule, and that party shall retain that exhibit (or a representative sample in the case of narcotics and other contraband substances) during the pendency of the proceeding and any appeal, and, in a criminal case, shall retain the exhibit for an additional period of one year after the date on which the pertinent defendant's judgment of conviction becomes final. Nothing contained in this Local Rule shall prevent the Court from entering an order with respect to the handling, custody or storage of any exhibit. The Clerk of the Court shall permit United States Magistrate Judges and official court reporters to have custody of exhibits as may be necessary.
>
> (2) **Mandatory Electronic Filing**. Unless otherwise ordered by the Court, within ten (10) days of the conclusion of a hearing or trial, a

party must file and serve in the CM/ECF system (a) an electronic version of each documentary exhibit that the party offered or introduced into evidence and (b) a digital photograph of each non-documentary physical exhibit that the party offered or introduced into evidence. Before the electronic filing and service of such exhibits, the filer must review each exhibit and redact any sensitive, confidential, or private information in accordance with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials, or seek an order from the Court either to seal the exhibit or to exempt the exhibit from electronic filing and service under subsection (b)(3)(C) of this rule. Copies of any items filed under this rule shall also be served pursuant to Fed. R. Civ. P. 5(b)(2) on any pro se parties.

S.D. Local Rule 5.3(b)(1) and (2).

5. In accordance with the Local Rules, exhibits to be used at trial are to be delivered to the Clerk of the Court and only filed in the CM/ECF system after trial has been completed. *Id*.

6. In light of the foregoing, Corellium seeks clarification whether the exhibits to be used at trial are to be filed in the CM/ECF system or delivered to the Clerk of the Court.

7. A proposed order granting this motion is attached.

**WHEREFORE**, Defendant, Corellium, LLC respectfully requests the Court enter an order clarifying the submittal of electronic versions of documentary exhibits prior to trial.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Defendant conferred via email with counsel for Plaintiff on July 7, 2021, regarding the relief sought herein. Plaintiff does not oppose the Motion and the relief requested herein.

Dated: July 7, 2021                        Respectfully submitted,

                                           COLE, SCOTT & KISSANE, P.A.
                                           *Counsel for Defendant CORELLIUM, LLC*

CASE NO.: 9:19-CV-81160-RS

        Esperante Building
        222 Lakeview Avenue, Suite 120
        West Palm Beach, Florida 33401
        Telephone (561) 612-3459
        Facsimile (561) 683-8977
        Primary e-mail: justin.levine@csklegal.com
        Secondary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza C. Constantine*
        JONATHAN VINE
        Florida Bar. No.: 10966
        JUSTIN B. LEVINE
        Florida Bar No.: 106463
        LIZZA C. CONSTANTINE
        Florida Bar No.: 1002945

        *and*

        HECHT PARTNERS LLP
        *Counsel for Defendant*
        125 Park Ave., 25th Floor
        New York, NY 10017
        Telephone (212) 851-6821
        David Hecht, *Pro hac vice*
        E-mail: dhecht@hechtpartnersllp.com
        Maxim Price, *Pro hac vice*
        E-mail: mprice@hechtpartnersllp.com
        Minyao Wang, *Pro hac vice*
        E-mail: mwang@hechtpartnersllp.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on July 7, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

CASE NO.: 9:19-CV-81160-RS

# SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*