UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No: 9:19-cv-81160-RS

APPLE, INC.,

      Plaintiff,

v.

CORELLIUM, LLC,

      Defendant.

_____/

**CORELLIUM, LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE APPLE,
INC.'S UNTIMELY JUNE 4, 2021 SUPPLEMENTAL EXPERT REPORTS AND
<u>PRECLUDE FROM TESTIFYING ABOUT NEW OPINIONS</u>**

      Defendant, Corellium, LLC ("Corellium"), hereby files this Reply in support of its Motion

to Strike Apple, Inc.'s ("Apple") Untimely June 4, 2021 Supplemental Expert Reports [ECF No.

963] ("Motion"), and in support thereof, states as follows:

## I.     <u>INTRODUCTION</u>

Apple's reliance on the "30 day before trial" provision of Rule 26(a)(3)(B) is mistaken and also ignores this Court's scheduling orders which clearly governed the timeline for submission of all supplemental expert reports.  Further, Apple is disingenuously relying on this Court's February 20, 2020 Order [D.E. 159] as a "gotcha" means of injecting new issues and opinions into this case, on the eve of trial.  As discussed in detail below, Apple's assertion of the February 20, 2020 Order cuts against Apple's own argument that the supplemental reports were timely served.

Instead, this Court's February 20, 2020 Order underscores the very principles of equity that *if* the parties conferred and agreed to provide supplemental expert reports with each other, such exchanges must be done in a fair manner.  But the parties never had any such agreement and Apple never moved for leave to seek a limited schedule to accomplish such supplemental reporting. Put simply, Apple's supplemental reports failed to comply with this Court's scheduling order and are thus untimely.

Finally, Apple's alternative relief to strike Corellium's evidence is yet another attempt to avoid a fair trial – expert witnesses are held to an entirely different standard than fact witnesses. Fact witness provide facts from their personal knowledge. Experts provide scientific opinions that are supposed to be subject to scrutiny and discovery.  Preclusion of one does not mean preclusion of the other. Moreover, Apple has improperly moved this Court for its "alternative" relief. Thus, this Court should strike the three untimely reports and wholly deny Apple's improper relief requested.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## II.     MEMORANDUM OF LAW

### A.     Apple's Reliance on the "30 Day Before Trial" Provision of Rule 26(a) is a Red Herring.

Apple's Response boils down to the "30 day before trial" provision of Rule 26(a)(3)(B). But by invoking this clear inapplicable provision, Apple is grasping at straws to squeeze its reports into trial.  Apple's reports are clearly untimely because the supplemental expert reports were not served in accordance with expert report timeline set forth in this Court's Scheduling Order, which governs, not Rule 26(a)(3)(B).

As a threshold point, Apple acted throughout this litigation as if this Court's Scheduling Order governed expert deadlines. For instance, the Court need only look to Apple's own Response, which shows Apple's belief that the deadlines for supplemental expert reporting were governed by Court Order. Specifically, Apple's Response cites to this Court's February 20, 2020 Order [ECF No. 159] ("February 20, 2020 Order") regarding the exchange of supplemental expert reports for purposes of justifying why Apple served its June 4th supplemental reports. To be clear, the February 20, 2020 Order states:

> The parties may exchange supplemental expert reports and shall confer and agree on the appropriate dates by which they will do so. Except as provided below, the parties' exchange of supplemental expert reports SHALL NOT affect any date in the Court's Scheduling Order, including the deadline for summary judgment and Daubert motions. The parties may, however, exchange supplemental expert reports after the expert discovery deadline, keeping in mind that the dispositive motions deadline will not be moved, and the Court will not permit untimely Daubert challenges in any form.

[ECF No. 159] (emphasis added).[1]

---

[1] It is notable that Apple's Response is the first time Apple is raising the February 20, 2020 Order as supposed authority for serving untimely supplemental reports. This Order was never mentioned or raised by Apple's counsel on any of the numerous conferral conversations prior to the filing of Corellium's Motion.

Indeed, this Order still contemplates that any supplemental expert reports would still be filed prior to *Daubert* and dispositive motions—hence why the Court was reiterating that the Parties would be cutting into their own time to file *Daubert* and dispositive motions if they chose to serve expert reports after the expert discovery cutoff.  Further, believing that the scheduling order deadlines governed, Apple's Response notes its purported "attempt[] to mutually agree on a supplementation schedule with Corellium. . . ." [ECF 970, p. 11].  In other words, if Apple believed Rule 26(a)(3)(B) governed, and not the Court's Orders, it is confusing why Apple would seek to mutually agree on new deadlines for producing supplementation reports.  Indeed, this issue was only raised one brief time with the undersigned, and never raised again. If Apple believed that Corellium refused to confer, as Apple so claims, then Apple could have raised this issue months ago, if not over a year ago, after the February 20, 2020 Order, and moved to seek leave for a supplemental scheduling order with the Court. Apple never did so. Nevertheless, no agreement was ever reached nor any meaningful conferral ever had as required by the Court's February 20, 2020 Order, and as such, Apple cannot now save its clearly untimely reports by cherry-picking from Rule 26 to creatively argue that its reports complied with the "30 day before trial" rule.

Moreover, the February 20, 2020 Order actually supports Corellium's Motion to Strike. This Order was issued in February 2020. If Apple's attorneys wanted to conduct supplemental discovery over this past year, to include supplemental expert reports, Apple's counsel was able to not prejudice the parties, and Apple could have timely moved to seek a limited schedule to handle any supplemental evidence and reports. *See* ECF 970, at p. 18 citing *Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 419 (D. Minn. 2021) ("Seasoned litigation counsel know and expect this to be the case, often agreeing in advance to a regular schedule of supplementation on a periodic

basis."). But Apple did not do this. Instead, it waited until mere weeks before trial before injecting prejudicial opinions into the case through surprise supplemental expert reports.

Third, the February 20, 2020 Order underscores Corellium's argument regarding equity. This February 20, 2020 Order reinforces *if* the parties are going to exchange after the expert discovery deadline, any such exchange must be done equitably. However, Apple's last-minute surprise supplementation is hardly equitable.  To be sure, the February 20, 2020 Order made clear that no deadlines would change, including *Daubert* motions. As such, Corellium would never agree to supplemental reports after the *Daubert* deadline, let alone doing so without mutual assurances that Corellium would be able to conduct additional discovery on any supplemental expert reports or provide its own reciprocal supplemental or rebuttal reports.

Importantly, if litigants could merely invoke the 30-day window of Rule 26 to sneak new opinions and issues on the eve of trial – such as Apple raising the new iOS versions and the FRIDA third-party app [ECF 963, at ¶¶ 7-8] – this ostensibly moots a trial court's scheduling order governing the timing of producing expert discovery and further moots the very purpose of *Daubert*. [ECF Nos. 66, 252]. Indeed, this very principle was recognized by the *Noffsinger* case, which Apple raises in its Response. *Noffsinger v. Valspar Corp.*, No. 09 C 916, 2012 WL 5948929, at *3 (N.D. Ill. Nov. 27, 2012) ("The *Beller* decision demonstrates a principle previously discussed in this case: a party may not abuse Rule 26(e) to subvert discovery deadlines by supplementing its expert reports with entirely new theories or with information that it should have included in the initial reports."). In fact, Apple's reliance on *Noffsinger* is misplaced, [ECF No. 970, at pp 11-12], because in that case the "newly" disclosed information was highly material from prior testimony provided, unlike in this case. Here, not only is the information not material (there is no claim that

the TPMs vary from iOS version to version of iOS[2]), but the "Newer iOS Versions" appearing in the supplemental reports, such as in Dr. Nieh's report, have been in Apple's possession since at least September 2020 (iOS 14), but as far back as September 2019 (iOS 13). Further, as confirmed by counsel's own affidavit attached as Exhibit A to Apple's Response, the overwhelming majority of the records produced after the discovery cutoff by Corellium relate only to new clients signing up with Corellium. Such records go to simply updating the damages amounts under the 17 U.S.C. 1203(c)(3) statutory damages analysis, which can be done by counsel. The methods of calculating damages, however, should not change, and nor do the new clients impact any other opinions of Apple's experts. As stated in the Motion, Apple has been aware of iOS 13 and 14 since September 2019 and September 2020, respectively. Neither of these versions were the subject of the pleadings or discovery and Corellium should not be ambushed by them now.

Moreover, Apple's reliance on *United States v. Louisiana* similarly does not apply here, nor is *Louisiana* binding on this Court. Naturally, in cases where a business is operating for profit, profit numbers and numbers of clients will always be changing, even up to the point of jury deliberations. However, mere changes in those numbers from Corellium does not grant Apple a license to ignore this Court's expert reporting deadlines. To that end, Apple relies on *Fair Isaac Corp.* for the proposition that Apple was entitled to supplement its expert reports, but *Fair Isaac* states no such thing. *See generally Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 419 (D. Minn. 2021). Instead of gotcha tactics, Apple could have sought leave for a supplemental schedule for supplementing expert reports. Apple also could have sought to bifurcate this trial with liability followed by damages, thereby permitting the damages to be addressed at a later stage thereby

---

[2] The one exception to this is PAC, which was implemented in iOS 12, which is already a part of this case.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

enabling further potential discovery and opinions on damages. Apple also could have sought preliminary injunctive relief to prevent any change in Corellium's profit or client numbers. Apple did none of these things, but instead, relied on simply serving surprise reports.

For these reasons, this Court should reject Apple's attempt to use the 30-day window of Rule 26(a)(3)(B) as its basis for timeliness. Instead, as contemplated by the Rule, this Court should find that the Court's Orders governed the deadlines for supplemental disclosures, and that Apple failed to timely comply with such deadlines. Consequently, this Court should strike Apple's June 4, 2021 Supplemental Expert Reports as Untimely.

**B.    Apple's Explanation of Each Untimely Report Attempts to Distract From the Obvious that All Three Reports are Prejudicial to Corellium.**

The three reports are untimely and prejudicial. The Court should not follow Apple's invitation to examine numerous components of the reports on an issue-by-issue basis as discussed in Apple's Response, [ECF 970, at pp 7-12].  Apple's approach does not change the fact that Corellium was not able to examine, test, and rebut these new opinions before trial. Further, despite Apple's brazenly false claim that Corellium "created the need" for the challenged supplemental reports, [ECF 970, at p. 1], it is without a doubt that the reports unfairly inject, at the eleventh-hour, new untested opinions into this litigation. This Court has repeatedly made very clear in this case that a party's inability to test theories and evidence is grounds for exclusion of the same.  *See* ECF Nos. 925, 943, 944, 965.

Further, Apple's claim that Corellium can "readily cross-examine" at trial does not remedy the prejudice that is caused by the untimely reports—indeed, that *is* the prejudice.  Again, such a notion moots the very existence of *Daubert*.  With trial just a week away, Corellium's experts do not have time to do review, research and prepare rebuttal reports and opinions. Further, at trial, Corellium's experts' scope of testimony is limited to their prior depositions and reports, whereby

Apple's experts would enjoy an expanded scope because they circumvented the Court's scheduling order. Apple's rebuttal to this is that Corellium can cross its experts on these new issues at trial. This *is* the prejudice.  As such, this Court should wholly reject an issue-by-issue examination into each of Apple's reports on the grounds that Corellium is unable to test these new opinions. Thus, this Court should conclude that the materials are prejudicial to Corellium and should be stricken.

### C.  Apple's Alternative Argument is Unavailing.

Apple's alternative request to exclude post-discovery facts is improper. First, Apple conflates the standards for expert witnesses and fact witnesses and excluding an expert does not mean also excluding the underlying facts of a case. Experts witnesses are held to different standards. *See* FRE 701; *see also* FRE 702. Unlike fact witnesses, experts and their methodologies must be qualified and subject to *Dalbert. See Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 852 (11th Cir. 2021) ("noting that *Daubert* inherently requires the trial court to conduct an exacting analysis' of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702") (internal citation omitted).

Second, the scope of Corellium's motion is simple: Corellium seeks to exclude Apple's untimely expert reports as prejudicial. Nothing in Corellium's motion should serve to give rise to the relief requested by Apple, and Apple has not properly moved for such relief. Indeed, this Court has previously found improper a litigant's "alternative" argument which seeks relief. *See e.g.*, *Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV, 2019 WL 1904589, at *4 (S.D. Fla. 2018) (denying plaintiff's "alternative" argument as being improper absent a motion requesting such relief) (citing *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.")). As such, Corellium has

properly raised a motion to strike untimely expert reports, and such a motion should not equate to any punitive recourse against Corellium.

I.    **CONCLUSION**

For the foregoing reasons, Corellium respectfully requests this Court Strike Apple's expert witness supplemental reports dated June 4, 2021 for Dr. Nieh, Dr. Siegel, and Mr. Connelly, preclude any testimony about the information and opinions contained therein, and grant any other relief this Court deems just and proper.

Dated: July 12, 2021                         Respectfully Submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Corellium, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
E-mail: justin.levine@csklegal.com
E-mail: lizza.constantine@csklegal.com


By:   *s/ Justin B. Levine*
JUSTIN B. LEVINE
Florida Bar No.: 106463
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945

*and*

HECHT PARTNERS LLP
*Counsel for Defendant*
20 West 23rd St. Fifth Floor
New York, NY 10010
Tel: (212) 851-6821
David L. Hecht *pro hac vice*
Email: dhecht@hechtpartners.com
Maxim Prince *pro hac vice*
Email: mprice@hechtpartners.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on July 12, 2021, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

### SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX