UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-81160-cv-Smith/Matthewman

APPLE INC.,

    Plaintiff,

vs.

CORELLIUM, LLC,

    Defendant.

_____/

## ORDER DENYING CORELLIUM'S MOTION TO STRIKE [DE 963]

THIS CAUSE is before the Court upon Defendant Corellium, LLC's ("Corellium") Motion to Strike Apple's Untimely June 4, 2021, Supplemental Expert Reports and Preclude [ ] from Testifying about New Opinions ("Motion") [DE 963]. The Motion was referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 30. Plaintiff Apple Inc. ("Apple") has filed a response to the Motion [DE 970, 972], and Corellium has filed a reply [DE 983]. This matter is now ripe for review.

## MOTION, RESPONSE AND REPLY

Corellium moves, pursuant to Federal Rules of Civil Procedure 12(f) and 37(c), to strike Apple's second and third supplemental expert reports for Dr. Jason Nieh, Dr. Michael D. Siegel, and Mr. David Connell which Apple submitted on June 4, 2021. [DE 963]. According to Corellium, the second and third supplemental reports "contain new opinions including, but not limited to supposed copyrights and new operating systems such as iOS 12.3, 12.4, 13.0, 13.2, 13.4, 13.6, and 14.0, as well as the FRIDA third-party app, that were never before asserted in this case,

1

and as to which Corellium has had no opportunity to take either fact or expert discovery and depositions." *Id.* at p. 4. Corellium asserts that the supplemental reports are untimely, that Apple should not be permitted to introduce new arguments and opinions, and that Apple is causing undue prejudice to Corellium. *Id.* at pp. 8-18.

In response, Apple asserts that, "[b]y supplementing its own production with unquestionably relevant documents and information in this case over the last six months (and long after the April 20, 2020 cut-off for the close of discovery), Corellium itself created the need for expert witnesses to address newly produced evidence now." [DE 970, p. 1]. The evidence at issue "relates to Corellium's constantly changing iOS virtualization product and business model," and Apple claims that its supplemental expert reports, timely served on June 4, 2021, "address ***only*** the supplemental discovery produced by Corellium over the preceding six months." *Id.* Apple maintains that "[t]he best, and fairest, approach is to permit both sides to rely upon the supplemental evidence Corellium produced in spring 2021, including Apple's expert witnesses who have timely disclosed their reliance on the evidence in supplemental expert reports. But if Apple is precluded from relying on the evidence, Corellium must likewise be barred." *Id.* at p. 2.

In reply, Corellium first argues that the "30 day before trial" provision of Rule 26(a)(3)(B). is inapplicable, and the supplemental expert reports are clearly untimely because they were not served in accordance with expert report timeline set forth in this Court's Scheduling Order. [DE 983, p. 3]. Corellium next argues that the three reports are prejudicial because Corellium was not able to examine, test, or rebut these new opinions before trial. *Id.* at p. 7. Finally, according to Corellium, Apple's alternative request to exclude post-discovery facts is improper. *Id.* at p. 8.

## APPLICABLE LAW

Rule 26(a) requires experts to disclose a written report containing "a complete statement of all opinions [they] will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B)(i). Under Fed. R. Civ. P. 26(e), parties must supplement an expert's report "in a timely manner if the party learns that in some material aspect the disclosure or response is incomplete or incorrect" and the additional or corrective information must "not otherwise been made known to the other parties during the discovery process or in writing[.]" This does not mean, however, that parties can belatedly add new opinions or untimely rebuttal opinions under the guise of supplemental reports.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise ... compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ... unless the failure was substantially justified or harmless." *See, e.g.*, *Potish v. R.J. Reynolds Tobacco Co.*, 9:15-cv-81171, 2017 WL 5952892, at *2-4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010). Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of evidence. *Companhia Energetic Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016).

Courts have broad discretion to exclude untimely-disclosed expert reports, even ones designated as "supplemental" reports. *Id.*; *see also, e.g.*, *Cook v. Royal Caribbean Cruises*, No. 11-cv-20732, 2012 WL 2319089 (S.D. Fla. June 15, 2012); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 7-cv-0947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009). Parties thus cannot abuse Rule 26(e) and use a supplemental report to "merely bolster a defective or problematic expert witness report." *Caterpillar Inc.*, 2016 WL 3102225, at *6. Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. The Brinkmann Corp.*, No. 8-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), *aff'd by*, 381 Fed. Appx. 968 (11th Cir. 2020). The only purpose of Rule 26(e) supplementation is "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Potish*, 2017 WL 5952892, at *3; *All-Tag Corp. v. Checkpoint Sys., Inc.*, No. 9:17-CV-81261, 2019 WL 5073499, at *2–3 (S.D. Fla. Oct. 9, 2019). The purpose of the rules governing expert disclosure is to safeguard against surprise. *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016).

## ANALYSIS

The first issue is whether the supplemental expert reports were timely. The parties both discuss the Paperless Order entered on February 20, 2020, as supportive of their positions as to the timeliness issue. That Paperless Order stated,

> The parties may exchange supplemental expert reports and shall confer and agree on the appropriate dates by which they will do so. Except as provided below, the parties' exchange of supplemental expert reports SHALL NOT affect any date in the Court's Scheduling Order, including the deadline for summary judgment and Daubert motions. The parties may, however, exchange supplemental expert reports after the expert discovery deadline, keeping in mind that the dispositive motions deadline will not be moved, and the Court will not permit untimely Daubert challenges in any form.

[DE 159]. The undersigned does not read this Paperless Order as barring Apple from supplementing its expert reports on June 4, 2021. In fact, it appears that, if Corellium had properly conferred and agreed, the entire timeliness issue would be moot. *See* DE 970-1, ¶¶ 17-22 (evidencing that Apple tried to confer on a deadline, and Corellium refused).

Next, as there was no court-imposed deadline for supplemental expert reports, the Court turns to the Federal Rules of Civil Procedure. Under Rule 26(e)(2), "[a]ny additions or changes to th[e] information [included in the report and to information given during the expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2); *see also* Fed. R. Civ. P. 26(a)(3)(B) (stating "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial"). Apple served the supplemental expert reports on June 4, 2021, which was, at the time they were served, more than 30 days before trial. The Court finds that the supplemental reports are timely and were drafted and produced within a reasonable time after Corellium provided Apple with supplemental discovery.

Further, the Court has reviewed the Third Supplemental Report of David B. Connelly [DE 972-2], the Third Supplemental Report of Michael D. Siegel, Ph.D. [DE 972-3], and the Second Supplemental Expert Report of Dr. Jason Nieh [DE 972-4]. It does appear to the Court that the supplementation was made for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial reports. Here, Corellium produced code and other discovery over the last seven months. Specifically, Corellium made four separate supplemental productions on December 10, 2020, March 5, 2021, March 15, 2021, and April 2, 2021. [DE 970-1, ¶ 8]. It also supplemented its interrogatory responses on December 10, 2021 and March 5, 2021. *Id.* ¶ 9. Corellium produced updated source code for its iOS-virtualizing product

5

on March 12, 2021. *Id.* And Corellium also produced source code related to a new technical demonstrative aid on March 26, 2021, and provided declarations related to that new source code on May 26 and June 11, 2021. *Id.* ¶ 10; DEs 951-1, 936-1.

Three of Apple's experts supplemented their reports after all of this additional production and after Apple received supplemented discovery responses from Corellium. Now, Corellium moves to strike the supplemental expert reports. Had Corellium not recently produced additional, relevant discovery after the discovery cut-off date and after Apple's experts had already issued their reports, the result here would be different. But the newly produced discovery by Corellium is the sole cause of the supplementation of the reports of Apple's experts. The supplementation of the experts' reports was both substantially justified and harmless.

The Court wants to be fair to both sides and has three options. It could grant the Motion, but this would give Corellium an unfair advantage as Corellium could still introduce the recently disclosed discovery through its fact witnesses at trial (which it clearly intends to do in light of its arguments in its reply). The Court could grant the motion, preclude supplementation by Apple, and preclude Corellium from relying on the newly disclosed discovery, but this would not assist in the search for truth. Clearly, the best option here, and the only option which would be fair to both sides, is to deny the Motion, permit Apple's experts to testify as to the information in their supplemental reports, and also allow Corellium's fact and expert witnesses to address the belatedly produced discovery to the extent permitted under the Rules.

Finally, the Court must again note that the ongoing, underlying problem in this case is that the parties are unable or unwilling to properly communicate, confer, and act collaboratively. As stated above, there would seemingly not be a timeliness issue if Corellium had just agreed to a

supplemental expert report deadline. The Court also emphasizes that Corellium's statement in its reply that it "properly raised a motion to strike untimely expert reports, and such a motion should not equate to any punitive recourse against Corellium" [DE 983, pp. 8-9] is just one example of when the parties have engaged in a game of "gotcha" and demonstrated their disregard for fairness to all parties in this litigation.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Corellium's Motion to Strike Apple's Untimely June 4, 2021, Supplemental Expert Reports and Preclude [ ] from Testifying about New Opinions [DE 963] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of July, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge