**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81160-SMITH**

APPLE INC.,

                Plaintiff,

   v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE ELEVENTH CIRCUIT'S DECISION AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff Apple Inc. moves *in limine* for an order precluding Corellium, LLC from referencing and/or entering into evidence the Eleventh Circuit's opinion in this case, *Apple Inc. v. Corellium, Inc.*, No. 21-12835, 2023 WL 3295671 (11th Cir. May 8, 2023), during trial, pursuant to Federal Rules of Evidence 401, 402, and 403.

Foremost, the Eleventh Circuit's opinion is irrelevant and does not bear on Apple's remaining claims for direct infringement of its icons and GUI, and for contributory infringement. The remaining claims concern different works and/or different actors, from the claim the Eleventh Circuit considered. Corellium should not be permitted to argue—as its pretrial filings show it apparently intends to do—that the Court's finding that Corellium's own copying of iOS software constituted fair use impacts Apple's remaining claims. Such would be misleading and prejudicial. For example, the Supreme Court has made clear that the fair use defense "must be evaluated in the context of the specific use at issue." *Andy Warhol Found. for the Visual Arts v. Goldsmith*, 143 S. Ct. 1258, 1284 (2023). Similarly, a finding that Corellium's own use of the iOS software was fair does not inexorably mean that infringement by Corellium's users is permissible. *In re Aimster Copyright Litig.*, 334 F.3d 643, 653 (7th Cir. 2003) (Posner, J.) ("It is not enough . . . that a product or service be physically capable, as it were, of a noninfringing use."); *see also Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) (for secondary copyright infringement claim, fair use defense required the defendant to prove that the "customers' copying was a 'fair use'").

The risk of prejudice from such (irrelevant) evidence and argument is also high. And courts regularly exclude references to appellate rulings as irrelevant and prejudicial. *See Mlsna v. Union Pac. R.R.*, No. 18-CV-37, 2021 WL 2461733, at *8–9 (W.D. Wis. June 16, 2021) (excluding "references to pretrial motions and orders, including the [7th Cir.] opinion" as having "no probative value to the jury"); *Black Card v. Visa USA*, No. 15-CV-27, 2020 WL 9887624, at *6 (D. Wyo. Oct. 16, 2020) ("allowing the jury to consider evidence of or reference to the [10th Cir.] appeal may confuse or mislead the jury regarding the claims and damages that remain at issue"); *Hemispherx Biopharma v. Mid-South Cap.*, No. 1:09-CV-3110, 2013 WL 12338469, at *4 (N.D. Ga. Oct. 24, 2013) (finding "limited relevance" of 11th Cir. appeal "outweighed by the potential prejudicial effect"); *cf. Lewis v. Cnty. of San Diego*, No. 3:13-CV-2818, 2017 WL 11420279, at *2 (S.D. Cal. Mar. 10, 2017) ("[j]uries are likely to give undue weight to facts found by a judge").

Accordingly, Corellium should be precluded from referencing or making argument regarding the Eleventh Circuit's opinion before the jury.

**LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel verifies that counsel for Plaintiff conferred telephonically with counsel for Defendant on October 25, 2023, regarding the relief sought herein. Defendant opposes the relief sought herein.

| | |
|---|---|
| Dated: October 25, 2023 | Respectfully Submitted, |
| Michele D. Johnson* | /s/ Martin B. Goldberg |
| *michele.johnson@lw.com* | |
| LATHAM & WATKINS LLP | Martin B. Goldberg |
| 650 Town Center Drive, 20th Floor | Florida Bar No. 0827029 |
| Costa Mesa, CA 92626 | *mgoldberg@lashgoldberg.com* |
| (714) 540-1235 / (714) 755-8290 Fax | *rdiaz@lashgoldberg.com* |
| | Emily L. Pincow |
| Sarang Vijay Damle* | Florida Bar. No. 1010370 |
| *sy.damle@lw.com* | *epincow@lashgoldberg.com* |
| Rachel L. Weiner Cohen* | LASH & GOLDBERG LLP |
| *rachel.cohen@lw.com* | 100 Southeast Second Street |
| Elana Nightingale Dawson* | Miami, FL 33131 |
| *elana.nightingaledawson@lw.com* | (305) 347-4040 / (305) 347-4050 Fax |
| LATHAM & WATKINS LLP | |
| 555 Eleventh Street NW, Suite 1000 | |
| Washington, DC 20004 | |
| (202) 637-2200 / (202) 637-2201 Fax | |

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

*Attorneys for Plaintiff* APPLE INC.