UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81160-SMITH

APPLE INC.,

                Plaintiff,

v.

CORELLIUM, LLC,

                Defendant.

**PLAINTIFF APPLE INC.'S TRIAL BRIEF REGARDING**
**IMPACT OF THE ELEVENTH CIRCUIT'S OPINION**

Pursuant to this Court's November 6, 2023 order (ECF No. 1069), Plaintiff Apple Inc. ("Apple") submits this trial brief concerning the impact of the Eleventh Circuit's opinion on Apple's claims remaining for trial.

## I.   INTRODUCTION

This Court should reject Corellium's efforts to have this Court prejudge issues that must be addressed after a full trial.  The Eleventh Circuit expressly remanded Apple's direct infringement claims for its works of visual art and its claims for contributory infringement for "independent[] consider[ation]" and "further proceedings" before this Court.  *See Apple, Inc. v. Corellium*, No. 21-12835, 2023 WL 3295671, at *1, *14 (11th Cir. May 8, 2023).  With good reason:  Apple's remaining claims concern different actors (Corellium's users rather than Corellium itself) and/or different copyrighted works (Apple's separately registered graphical user interface elements).  Notwithstanding those differences, Corellium continues to press for a reading of the Eleventh Circuit's opinion that ignores its actual holding, based on an unfounded application of the law of the case doctrine.  Trial should move forward on Apple's remaining claims in full, to provide the Court a full record to "independently consider."

## II.   LEGAL STANDARD

"The doctrine of the law of the case 'preclude[s] courts from revisiting issues that were [already] decided.'"  *Maxwell v. Commissioner of Social Security*, 778 F. App'x 800, 802 (11th Cir. 2019) (citation omitted).  Of course, that doctrine reaches only "issues that were [previously] 'decided explicitly or by necessary implication.'"  *Id.*; *see, e.g.*, *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005).  The "mandate rule," in turn, "is nothing more than a specific application of the 'law of the case' doctrine." *Maxwell*, 778 F. App'x at 802.  And that "rule" remains subject to important exceptions:  A district court may reconsider matters previously decided when "(1) new and substantially different evidence is presented in a subsequent trial; (2) there is an intervening change of controlling authority on the issue in question; or (3) the prior decision was clearly erroneous and would work manifest injustice." *Rhiner v. Wexford Health Sources, Inc.*, No. 15-CIV-14332, 2018 WL 10076759, at *2 (S.D. Fla. Apr. 23, 2018).

1

### III. ARGUMENT

#### A. *The Eleventh Circuit's Opinion Considered Only Whether Corellium Directly Infringed Apple's iOS Software.*

In May 2023, the Eleventh Circuit affirmed this Court's decision granting summary judgment for Corellium as to *one* of Apple's claims, *i.e.*, count one for "direct infringement of iOS," based on Corellium's fair use defense. 2023 WL 3295671, at *1. The Eleventh Circuit's analysis of Corellium's fair use defense as to that claim necessarily focused on Corellium (the alleged direct infringer) and its own use of Apple's iOS software (the copyrighted work at issue). For example, the Eleventh Circuit weighed things like whether *Corellium's* use of *iOS* was transformative, whether *iOS* was functional, whether *Corellium* "overhelp[ed] itself to iOS," and whether *Corellium* "substantially harm[ed] the iOS market or any iOS derivative market." *Id.* at *5–14. Ultimately, the Eleventh Circuit opined: "Without foreclosing a future claim based on different facts, we conclude that Corellium—on this record—made fair use of iOS." *Id* at *13.

Corellium urged the Eleventh Circuit to conclude that the direct infringement holding with respect to iOS necessarily dictated the outcome of the remaining two claims. Br. of Def.-Appellee, *Apple, Inc. v. Corellium Inc.*, No. 21-12835, 2022 WL 783032, at *61 (11th Cir., dated Feb. 10, 2022) (urging affirmance of the claim with respect to Apple's graphical user interface elements); *id.* at *67 (urging that "the district court had no reason to separately address the fair use defense's application to Apple's contributory infringement claims"). The Eleventh Circuit rejected Corellium's arguments, remanding Apple's other counts, *i.e.*, count two for direct infringement of Apple's wallpapers and icons (the "GUI Elements") and count three for contributory infringement, so that Court could "independently consider those claims in the first instance." 2023 WL 3295671, at *1. Rather than seeking further summary judgment briefing on the merits of those claims, this Court set the case for trial, without objection from Corellium. Corellium cannot now use the

pretrial process to obtain what it failed to obtain from the Eleventh Circuit, which is a ruling that there is nothing else left to decide.

Indeed, it makes good sense that the Eleventh Circuit remanded Apple's remaining counts for independent consideration by this Court: Apple's remaining claims concern different copyrighted works and/or different alleged direct infringers.

Count two concerns Corellium's direct infringement of the GUI Elements. Even if Corellium intends to also raise a fair use defense as to that claim, analysis of the four fair use factors specific to those *visual* works will necessarily differ from those applicable to the iOS software. *See* 17 U.S.C. § 107.[1] As one example, under the first fair use factor, the "purpose" of the use is different. The Eleventh Circuit reasoned that "[s]ecurity research requires the use of the entire work because flaws may be found anywhere *in the code*." 2023 WL 3295671, at *10 (emphasis added). It nowhere held that use of icons or wallpapers was needed to find such flaws. In addition, "the nature of the copyrighted work" (the second fair use factor) necessarily differs between those visual works and a piece of software. *MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1222 (11th Cir. 2021) ("Creative works that contain the most originality and inventiveness are afforded maximal protection[.]" (internal quotation marks and citations omitted)).

Count three concerns Corellium's liability for contributory infringement of Apple's iOS software and GUI elements. "Contributory copyright infringement refers to the intentional inducement, causation or material contribution *to another's infringing conduct*." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) (emphasis added). Thus, to prove a fair use defense as to that claim, Corellium must show that each of its *users'* uses was in

---

[1] Apple moved *in limine* to preclude Corellium from asserting its previously undisclosed fair use defense as to the GUI Elements. ECF No. 1055. That motion remains pending.

3

fact fair. *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) (for secondary copyright infringement claim, fair use defense required the defendant to prove that the "customers' copying was a 'fair use'"). At trial, Apple will introduce evidence outside the record previously available to the Eleventh Circuit demonstrating that Corellium contributes to and induces uses of Apple's works that are in no way fair.

### B. *Corellium's Attempts to Broaden the Scope and Impact of the Eleventh Circuit's Ruling Are Legally Unsound.*

Corellium in effect urges this Court ***not*** "to independently consider" Apple's second and third counts. Rather, Corellium maintains that the Eleventh Circuit effectively decided Apple's remaining claims. *See, e.g.*, ECF No. 1061 at 7 ("Both counts can be disposed of by following the mandate of the Court of Appeals"). Corellium invites legal error in multiple ways.

***First***, Corellium invokes an overbroad reading of the mandate rule and law of the case doctrine. "The law of the case doctrine . . . bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding." *Jackson*, 405 F.3d at 1283. And the Eleventh Circuit went out of its way to make clear that it was *not* deciding the outcome of Apple's second and third counts. *See* 2023 WL 3295671, at *1, *14. Thus, the mandate rule cannot be contorted to bar Apple's remaining claims. Quite the contrary, reading the Eleventh Circuit opinion as deciding Apple's remaining claims would itself contravene the Eleventh Circuit's directions for remand. *See id.*

***Second***, the Eleventh Circuit has long recognized that an appeal of a summary judgment opinion only establishes law as to the "set of facts" at the time the decision was made. *Jackson*, 405 F.3d at 1283. It does not establish law "on different facts," like those presented at trial. *Id.* And a subsequent trial routinely produces a "different record," to which law of the case does not

apply.[2]  Apropos of those principles, this Court should reject Corellium's attempts to expand the scope of the Eleventh Circuit's ruling to a trial record that has yet to even be forged.  *See* 2023 WL 3295671, at *14 (noting decision was based on "this record" and "[w]ithout foreclosing a future claim based on different facts").

***Third***, Corellium consistently overstates what the Eleventh Circuit held.  For example, Corellium repeatedly asserts the Eleventh Circuit held "that CORSEC is capable of substantial non-infringing uses," such that it cannot be liable for contributory infringement (at least absent an inducement theory).  *E.g.*, ECF No. 1061 at 8; ECF No. 1058.  As explained further in Apple's response to Corellium's related motion *in limine* (ECF No. 1088), that assertion fails at least because (1) the "substantial non-infringing use" defense is inapplicable to all the theories of contributory infringement that Apple is asserting; (2) even assuming that defense were relevant, the Eleventh Circuit did not consider application of that defense, nor did it have the record necessary to do so;[3] and (3) the Eleventh Circuit did not consider Corellium's (or its users') use of the GUI Elements at all, which also underpins Apple's contributory infringement claim.  Corellium's effort to short circuit trial should be rejected.

---

[2] *See, e.g.*, *id.* at 1284 (noting that the record changed following trial and so, law of the case did not apply); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1237 n.1 (11th Cir. 2001) (holding that law of the case did not apply to a post-trial ruling "on a different record than" when the court had addressed summary judgment), overruled on other grounds as recognized by *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008); *United States v. Robinson*, 690 F.2d 869, 872–73 (11th Cir. 1982); *see also Silva v. Baptist Health S. Fla.*, 838 F. App'x 376, 383 (11th Cir. 2020) ("Law of the case does not apply in this situation because the district court based its . . . decision on a different record than did this Court when addressing the propriety of summary judgment.").

[3] Corellium can only invoke that defense if it can show that a substantial number of the *actual* uses of its product were fair, as "[i]t is not enough . . . that a product or service be physically capable . . . of a noninfringing use."  *In re Aimster Copyright Litig.*, 334 F.3d 643, 653 (7th Cir. 2003) (Posner, J.); *see also Andy Warhol Found. for the Visual Arts v. Goldsmith*, 143 S. Ct. 1258, 1284 (2023).

5

Dated: November 20, 2023

Michele D. Johnson*
*michele.johnson@lw.com*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235 / (714) 755-8290 Fax

Sarang Vijay Damle*
*sy.damle@lw.com*
Rachel L. Weiner Cohen*
*rachel.cohen@lw.com*
Elana Nightingale Dawson*
*elana.nightingaledawson@lw.com*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200 / (202) 637-2201 Fax

Andrew M. Gass*
*andrew.gass@lw.com*
Joseph R. Wetzel*
*joe.wetzel@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600 / (415) 395-8095 Fax

Jessica Stebbins Bina*
*jessica.stebbinsbina@lw.com*
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500 / (424) 653-5501 Fax

Gabriel S. Gross*
*gabe.gross@lw.com*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628 / (650) 463-2600 Fax

*Admitted pro hac vice

Respectfully Submitted,

*/s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 0827029
*mgoldberg@lashgoldberg.com*
*rdiaz@lashgoldberg.com*
Emily L. Pincow
Florida Bar. No. 1010370
*epincow@lashgoldberg.com*
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131
(305) 347-4040 / (305) 347-4050 Fax

*Attorneys for Plaintiff* APPLE INC.