UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:19-cv-81160-RS

APPLE INC.,

    Plaintiff,

v.

CORELLIUM, INC.,

    Defendant.

_____/

**DEFENDANT CORELLIUM, INC.'S MOTION TO RECUSE HONORABLE MAGISTRATE JUDGE MATTHEWMAN FROM HANDLING ALL SUBSTANTIVE MATTERS IN THIS CASE**

Defendant, Corellium, Inc. ("Corellium"), by and through undersigned counsel, and pursuant to the Court's November 29, 2023 Order [ECF No. 1168], hereby files its Motion to Recuse Honorable Magistrate Judge Matthewman ("Judge Matthewman") from Handling Any Further Substantive Motions or Matters in This Case (the "Motion"), and in support thereof, states as follows:

## SUMMARY OF THE ARGUMENT

Corellium seeks a limited recusal of Judge Matthewman in this case from handling any substantive motions or matters in this case to facilitate the candor necessary at the upcoming settlement conference and to ensure a productive settlement process. Judge Matthewman has previously solicited and reviewed confidential information from the Parties in advance and in support of prior successful settlement talks between the Parties including a detailed list of all prior settlement discussions. The Court has requested that Judge Matthewman once again facilitate an in-person settlement conference between the Parties, in advance of which the Parties will again submit confidential assessments of their cases. Plaintiff Apple, Inc. ("Apple") has improperly lodged motions with Judge Matthewman that create a substantial risk that the settlement conference, the motions, or both will be tainted by the overlap between the substance of the case and the motions. Trial is currently scheduled for January 2, 2024. Given the extremely limited number of substantive issues that may remain before the Court other than the trial itself and the presentation of evidence at trial, the weight of factors favors recusal. For these reasons as provided in more detail below, Defendant Corellium respectfully request the recusal of Judge Matthewman from from handling all substantive matters in this case going forward.

## PROCEDURAL BACKGROUND

1.  On July 12, 2021, Plaintiff Apple Inc. ("Apple") filed a Motion for Referral to Settlement Conference in light of the trial that was set to begin on July 19, 2021 [ECF No. 982] ("Motion for Referral"). In that Motion, Apple explained that "[g]iven Magistrate Judge Matthewman's familiarity with this action and the parties' respective positions, Apple believes he is best positioned to facilitate a settlement conference." *Id.*, ¶ 4.

2. On July 13, 2021, Honorable District Judge Smith ("Judge Smith") granted Apple's Motion for Referral and "[r]eferred to Judge Matthewman for a settlement conference." ECF No. 986.

3. On July 14, 2021, Judge Matthewman entered an order scheduling a settlement conference for August 9, 2021 [ECF No. 987] ("July 14, 2021 Order"). In this order, Judge Matthewman also requested confidential settlement memoranda to be submitted to him prior to the settlement conference. *Id.*, ¶ 4. Specifically, the order requested as follows:

> Confidential Settlement Memoranda: Each party's counsel shall email to chambers (matthewman@flsd.uscourts.gov), but not file, a candid memorandum of five pages or less with its respective views in the light most favorable to its client, as well as any proposed settlement amount(s), citation to legal authority, or additional information that will be helpful to the Court in preparing for the settlement conference. Each memorandum shall include a specific recitation of relevant facts, a discussion of case strengths and weaknesses, and a report on the parties' pre-conference settlement efforts outlined above. If not already part of the record, copies of any critical agreements, business records, photographs, or other documents shall be attached to the memorandum. The memoranda shall be emailed by August 2, 2021

*Id.*

4. Further, the Parties' jointly requested the settlement conference to be held in-person instead of by video conference. ECF No. 991. Judge Matthewman granted the Parties' request for an in-person settlement conference. ECF No. 994.

5. Both Parties complied with the July 14, 2021 Order and submitted confidential settlement memoranda and supporting documents to Judge Matthewman in advance of the scheduled settlement conference.

6. Corellium provided Judge Matthewman with confidential information relative to prior settlement negotiations between the Parties that go beyond the normal judicial process.

Specifically, Corellium provided a detailed description of a long history of prior attempts at settlement discussions and offers between the parties as well as potential concessions that Corellium was willing to make and the reasons for them. Likewise, for purposes of settlement, Corellium disclosed the existence of certain clients that may form a defense for Corellium but which have been excluded from evidence in the underlying matter. Furthermore, Corellium is unaware at this time what other confidential information Apple may have shared with Judge Matthewman pursuant to the same confidential submissions and discussions.

7. The Parties attended an in-person settlement conference in front of Judge Matthewman on August 9, 2021 ("August 9, 2021 Settlement Conference").

8. Due in large part to the openness and candor that the settlement conference required, the Parties reached a partial settlement at the August 9, 2021 Settlement Conference. The parties had been unable to do so until that point despite repeated attempts.

9. On August 16, 2021, the Parties filed a Joint Stipulation to Dismiss with Prejudice DMCA Claim and Counterclaims, and Strike with Prejudice Request for Monetary Relief. ECF No. 1010. Pursuant to the Joint Stipulation, "once the stipulation is effective, the only claims that will remain in this Action are Apple's copyright claims as to injunctive relief only, as to which the Parties agreed Apple shall have the right to appeal the Court's order granting summary judgment to Corellium as to injunctive relief only." *Id.*

10. Shortly thereafter, Apple appealed the Court's order granting summary judgment in favor of Corellium [ECF No. 783, 784] as to counts (1) Direct Federal Copyright Infringement (Computer Programs), 17 U.S.C. § 501, (2) Direct Federal Copyright Infringement (Graphical User Interface Elements), 17 U.S.C. § 501, and (3) Contributory Federal Copyright Infringement. ECF No. 1014.

11. The Eleventh Circuit Court of Appeals ("Eleventh Circuit") issued an opinion affirming the Court's order granting summary judgment as to count one and remanding back to the District Court as to counts two and three. *See* ECF No. 1023. Specifically, the Eleventh Circuit held:

> As to count one, we agree that Corellium is shielded by the fair use doctrine. First, Corellium's virtualization software is transformative—it furthers scientific progress by allowing security research into important operating systems. Second, iOS is functional operating software that falls outside copyright's core. Third, Corellium didn't overhelp itself to Apple's software. And fourth, Corellium's product does not substantially harm the market for iOS or iOS derivatives—so Apple's own incentive to innovate remains strong. As to counts two and three, we remand for the district court to independently consider those claims in the first instance.

*Id.* at 6. This case is now back on for trial after that remand based on the limited number of remaining issues and subject to the mandate of the Eleventh Circuit.

12. On October 2, 2023, this Court entered an order setting trial and pretrial deadlines, thereby setting a trial for December 4, 2023 for the two remaining causes of action. ECF No. 1024.

13. On November 16, 2023, Judge Smith again referred the case to Judge Matthewman for a settlement conference relative to the pending issues set for trial. ECF No. 1111.

14. On November 22, 2023, Apple filed its Expedited Motion to Enforce Order at Docket Entry No. 945 (the "Motion to Enforce"). ECF No. 1135.

15. On November 29, 2023, Judge Matthewman issued an order setting an in-person settlement conference on December 11, 2023 ("December 11, 2023 Settlement Conference") and further requesting confidential settlement memoranda and supporting documents to be submitted to him prior to the settlement conference. ECF No. 1167.

16.     The parties have discussed having additional settlement conference sessions before Judge Matthewman and have already requested that Judge Matthewman keep other dates open.

## ARGUMENT

### I. *Judge Matthewman's Limited Recusal is Necessary for the Parties to Openly and Candidly Discuss Matters at the Upcoming Settlement Conference to Ensure a Productive Settlement Process*

The limited recusal of Judge Matthewman would facilitate the candor necessary to a successful settlement outcome. Indeed, Judge Matthewman specifically requested that the Parties submit, *inter alia*, "a specific recitation of relevant facts, a discussion of case strengths and weaknesses, and a report on the parties' pre-conference settlement efforts." ECF No. 1167 at 2. This is in addition to Judge Matthewman's earlier receipt of similar knowledge in advance of the August 9, 2021 Settlement Conference. These candid assessments of each parties' strengths and weaknesses are not ordinarily received by a judge in the normal process of a case; attorneys filing candid assessments of the weaknesses of their case on the docket could run afoul of their ethical obligations to zealously represent their clients. While these candid assessments are generally requested in advance of a settlement conference to facilitate increased prospects of settlement, by the time a settlement conference is had generally a magistrate judge is no longer addressing substantive motions or matters in the case. This case is anomalous.[1]

Granting the Motion will facilitate and encourage the Parties' candid assessment of their cases at the upcoming Settlement Conference. *See Lopez v. Devito*, No. 21–12273, 2022 WL 1214888, at * 3 (11th Cir. April 25, 2022) ("In determining whether recusal is necessary, we ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds

---

[1] Corellium filed a Notice of Apple's Improper Lodging of two motions, including this one. *See* ECF No. 1161.

on which recusal was sought would entertain a significant doubt about the judge's impartiality.") (internal quotation marks omitted). Indeed, the very prospect of Judge Matthewman continuing to handle substantive matters in this case, as Apple is seeking that he do, will likely lead the Parties to be less candid in their assessments or might skew their arguments and positions to try to influence the outcome of those substantive decisions (or vice-versa). Neither outcome is conducive to an open and hopefully productive settlement process. No substantive motions, or any motions at all, were pending before Judge Matthewman when he previously facilitated a successful settlement between the Parties.

Further, Corellium agrees with Apple in that "[g]iven Magistrate Judge Matthewman's familiarity with this action [] he is best positioned to facilitate a settlement conference." ECF No. 982 ¶ 4. Judge Matthewman's familiarity with the case will greatly assist the Parties during the upcoming settlement conference (as it did in 2021).

The substantive issues left to be decided are extremely limited and would relate to the evidence to be presented at the upcoming trial. For instance, the motion to enforce [ECF No. 1135] is substantially related to the merits of the case. The Motion to Enforce Order concerns attempts to obtain self-help discovery into CORSEC to get around Judge Smith, who has taken up Apple's motion to reopen discovery. The discovery sought is directly relevant to whether and how Apple will attempt to prove its case in light of Eleventh Circuit's opinion and the mandate rule. Thus, Apple has asked Judge Matthewman to rule on substantive matters while at the same time receiving confidential information and candid assessments of the case from counsel. Because there are very few issues remaining to be heard other than the presentation of evidence at trial, the balance of factors favors the limited recusal being requested due to the settlement discussion that have already been disclosed and in order to facilitate future settlement conferences.

**WHEREFORE**, Corellium, Inc. respectfully requests that Honorable Judge Matthewman recuse himself from hearing substantive matters in this case going forward, and any other relief that this Court deems just and proper.

Dated: December 1, 2023         Respectfully submitted,

                          COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CORELLIUM, LLC*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Primary e-mail: justin.levine@csklegal.com
Primary e-mail: lizza.constantine@csklegal.com

By:  *s/ Lizza Constantine*
    JUSTIN B. LEVINE
    Florida Bar No.: 106463
    LIZZA C. CONSTANTINE
    Florida Bar No.: 1002945

    *and*

HECHT PARTNERS LLP
*Counsel for Defendant*
125 Park Ave. 25th Floor
New York, NY 10017
Telephone (212) 851-6821
David L. Hecht, Pro hac vice
E-mail: dhecht@hechtpartners.com
Maxim Price, *Pro hac vice*
E-mail: mprice@hechtpartners.com
Lee Boyd, *Pro hac vice*
E-mail: lboyd@hechtpartners.com

and

CONSTANTINE CANNON LLP
*Counsel for Defendant*
1001 Pennsylvania Ave, NW, Suite 1300
Washington, DC 20004

Tel: (202) 204-3514
Seth D. Greenstein *pro hac vice*
Email: sgreenstein@constantinecannon.com

*Attorneys for Defendant Corellium, LLC*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on December 1, 2023, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

## SERVICE LIST

Martin B. Goldberg
mgoldberg@lashgoldberg.com
rdiaz@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
gizquierdo@lashgoldberg.com
LASH & GOLDBERG LLP
100 Southeast Second Street
Miami, FL 33131

Kathryn Ruemmler (*pro hac vice*)
kathryn.ruemmler@lw.com
Sarang Vijay Damle (*pro hac vice*)
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Andrew M. Gass (*pro hac vice*)

andrew.gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

*Attorneys for Plaintiff,*
*Apple Inc.*